**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 3:02 CR 264 (AWT) |
| | : | |
| v. | : | |
| | : | |
| WALTER A. FORBES, and | : | November 3, 2004 |
| E. KIRK SHELTON. | : | |
| | : | |
| | : | |

# DEFENDANT E. KIRK SHELTON'S OBJECTIONS
## TO THE COURT'S JURY CHARGE

    MILBANK, TWEED, HADLEY & McCLOY, LLP
Scott A. Edelman (CT 25268)
Thomas A. Arena (CT 25269)
1 Chase Manhattan Plaza
New York, NY  10005-1413
Tel.: (212) 530-5000
Fax: (212) 530-5219

LAW OFFICES OF THOMAS P. PUCCIO
Thomas P. Puccio (CT 22983)
230 Park Avenue, Suite 301
New York, NY  10172
Tel.: (212) 883-6383
Fax: (212) 883-6388

DAY, BERRY & HOWARD LLP
Stanley A. Twardy, Jr. (CT 05096)
Gary H. Collins (CT 22119)
City Place 1, 185 Asylum Street
Hartford, CT  06103
Tel.: (860) 275-0314
Fax: (860) 275-0343

Attorneys for Defendant E. Kirk Shelton

Defendant E. Kirk Shelton respectfully submits his objections to the Court's jury charge, dated November 3, 2004. Mr. Shelton also hereby adopts the objections of Defendant Walter A. Forbes to the Court's jury charge. Mr. Shelton preserves and does not waive any of his previously filed objections to the Court's draft jury charges, dated October 12, 2004, October 17, 2004, or October 29, 2004. Mr. Shelton also adopts each of Mr. Forbes' objections to those draft jury charges.

1. Section I(D). <u>Failure to Name a Defendant</u>. Mr. Shelton objects to the first paragraph of this instruction which states that the jurors may not draw any inference, favorable or unfavorable, towards the government from the fact that "certain persons were named as co-conspirators but not indicted" and that "the circumstances that these persons were not indicted must play no part in your deliberations." Mr. Shelton submits that this instruction is inconsistent and confusing in light of the Court's later instruction that the jury properly may consider the government's promises to and treatment of an alleged co-conspirator in assessing the credibility of that witness. This instruction also is not warranted because Mr. Shelton did not argue in his summation that the jury should draw a negative inference against the government as a result of its failure to have indicted Stuart Bell, Kevin Kearney or Steven Speaks.

2. Section II(A). <u>Overview</u>. Mr. Shelton objects to the inclusion of an aiding and abetting instruction in this section and elsewhere throughout the charge because the Indictment alleges, and the government proceeded on a theory, that Mr. Shelton acted as a principal.

3. Section II(C)(2)(a). <u>Conspiracy: First Element – Existence of Unlawful Agreement</u>. Mr. Shelton objects to the statement in the fourth paragraph that "conspiracy is, by its very nature, characterized by secrecy". Mr. Shelton also objects to the statement in the fifth

paragraph that "actions often speak louder than words." Mr. Shelton submits that these sentences are not factually accurate and are not balanced.

    4.    Section II(C)(2)(b)(i). <u>Conspiracy: Second Element – Membership in the Conspiracy. Knowingly and Willfully</u>. Mr. Shelton objects to the statement in the second sentence in the fourth paragraph that "while proof of a financial interest in the outcome of a scheme is not essential, if you find that a defendant had such an interest, that is a factor which you may properly consider". Mr. Shelton submits that this language improperly focuses on and emphasizes one type of evidence to the exclusion of other types of evidence that are or may be relevant.

    5.    Section II(C)(2)(b)(ii). <u>Conspiracy: Second Element – Membership in the Conspiracy. Conscious Avoidance</u>. Mr. Shelton objects to the inclusion in the charge of an instruction on conscious avoidance. The Indictment charges that Mr. Shelton directed the alleged co-conspirators to increase CUC's and Cendant's earnings in furtherance of the fraud. Indictment, ¶¶ 24, 27. The government has relied on testimony from Cosmo Corigliano and Anne Pember that Mr. Shelton had actual knowledge of the alleged fraud. In its opening statement and its opening summation, the government contended that Mr. Shelton had actual knowledge of the fraud. The government has not argued that Mr. Shelton should be deemed to have had knowledge of the fraud based on a conscious avoidance theory – <u>i.e.</u>, that Mr. Shelton was aware of a high probability of the allegedly fraudulent conduct and took steps to consciously avoid confirming that fact. Mr. Shelton objects to the inclusion of a conscious avoidance instruction for each of the counts of the Indictment.

    6.    Section II(C)(2)(b)(iii). <u>Conspiracy: Second Element – Membership in the Conspiracy. Requisite Intent</u>. Mr. Shelton objects to the definition of "intent to defraud" in

connection with securities fraud as encompassing an act done with the "intent to deceive or defraud." Mr. Shelton submits that the act must be done with an "intent to defraud" and that the government must prove that the defendant intended to obtain money from the alleged victim. Mr. Shelton objects to the definition of "specific intent to defraud" in connection with mail and wire fraud as an act done "for the purpose of causing some financial loss to another." Mr. Shelton submits that the act must be done with the intent of obtaining money from the alleged victim. Mr. Shelton objects to the definition of "intent to deceive" in connection with the charge of the making of false statements in SEC filings. Mr. Shelton submits that the intent element should be "intent to defraud", not intent to deceive, and that the purpose must be to obtain money from the alleged victim. Mr. Shelton also objects, on similar grounds, to the instructions on the intent element for each of the substantive counts charged in the Indictment.

7.  Section II(D)(2)(b)(i). <u>Mail Fraud and Wire Fraud. Knowingly and Willfully</u>. Mr. Shelton objects to the fourth, fifth and sixth paragraphs of this instruction relating to direct and circumstantial evidence. The statement that "[d]irect proof of knowledge and fraudulent intent is almost never available" and the statement that "[i]t would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent" are not accurate as a matter of fact. The fifth and sixth paragraphs, when considered in conjunction with the fourth paragraph, are not balanced. In addition, the Court later gives a specific instruction on direct and circumstantial evidence.

8.  Section IV(G). <u>Mr. Corigliano's Testimony Regarding a Certain Statement by Mr. Silverman</u>. Mr. Shelton objects to this instruction on the ground that it is limited to testimony by Mr. Corigliano relating to statements made by Henry Silverman at or around the time of a meeting on the morning of March 9, 1998. Mr. Shelton submits that this

instruction should also apply to testimony by Michael Monaco, Scott Forbes and John Oller relating to statements allegedly made by Henry Silverman on or about the morning of March 9, 1998. Mr. Shelton requests that the Court give the following instruction on this issue:

> During the summation, counsel for the government read testimony from Michael Monaco, Scott Forbes, Cosmo Corigliano and John Oller regarding statements concerning the 1998 Cendant budget allegedly made by Henry Silverman at or around the time of a meeting on the morning of March 9, 1998.
>
> I instruct you that the testimony of these witnesses on this issue was not admitted for the purpose of establishing the truth of any statement allegedly made by Mr. Silverman concerning the propriety or impropriety of any accounting practices of CUC or Cendant. The testimony from these witnesses concerning statements allegedly made by Mr. Silverman at or around the time of a meeting on the morning of March 9, 1998, was admitted for the limited purpose of establishing the effect of any such statements on one or both of the defendants. In admitting evidence for a limited purpose only, the court does not determine what weight should be given to the evidence in question, or pass on the credibility of the evidence.
>
> I also instruct you that the testimony of John Oller on this issue is not admissible with respect to Mr. Shelton, and you are not to consider such evidence in any way in your deliberations concerning the charges against Mr. Shelton.

9. Section IV(I). <u>Opinion of Mr. Shelton's Character</u>. Mr. Shelton objects to the last sentence of the second paragraph of this instruction because it improperly suggests that character evidence is entitled to lesser weight than other evidence with respect to the charges against Mr. Shelton.

10. Section IV(K). <u>Mr. Sarkie Not Called As A Witness</u>. Mr. Shelton objects to this instruction because the Court has not included a statement that the government bears the burden of proving each of the elements of each offense beyond a reasonable doubt. Mr. Shelton also objects to the omission of a missing witness instruction with respect to Mr. Bell.

11. Section IV(L). <u>Use of Particular Investigative Techniques or Witnesses</u>. Mr. Shelton objects to the inclusion of the second paragraph because it is inconsistent with the

instruction that the jury may consider the lack of evidence in determining whether the government has proven the elements of each offense beyond a reasonable doubt.  Mr. Shelton also objects on the ground that this instruction is not balanced and suggests that the government has made a prima facie case that the defendants are guilty of the charges against them.

    12. Section IV(M).  <u>Credibility of the Witnesses</u>.  Mr. Shelton objects to the third sentence in the second paragraph that "[a]n innocent misrecollection, like failure of recollection, is not an uncommon experience."  Mr. Shelton submits that this sentence is not balanced and suggests that any inconsistencies in witnesses' testimony are not intentional, but the result of innocent failures to recall.

DATED: November 3, 2004

        Respectfully submitted,

        MILBANK, TWEED, HADLEY & McCLOY, LLP


By: _____
 Scott A. Edelman (CT 25268)
 Thomas A. Arena (CT 25269)
 1 Chase Manhattan Plaza
 New York, NY 10005-1413
 Tel.: (212) 530-5000
 Fax: (212) 530-5219

DAY, BERRY & HOWARD LLP
Stanley A. Twardy, Jr. (CT 05096)
Gary H. Collins (CT 22119)
City Place 1, 185 Asylum Street
Hartford, CT 06103
Tel.: (860) 275-0314
Fax: (860) 275-0343

LAW OFFICES OF THOMAS P. PUCCIO
Thomas P. Puccio (CT 22983)
230 Park Avenue, Suite 301
New York, NY 10172
Tel.: (212) 883-6383
Fax: (212) 883-6388

Attorneys for Defendant E. Kirk Shelton

**CERTIFICATION**

      I hereby certify that on November 1, 2004, a copy of the foregoing was served on the following parties via hand-delivery:

>John J. Carney, Esq.
>Norman Gross, Esq.
>Special Attorneys
>U.S. Department of Justice
>450 Main Street, Room 617
>Hartford, CT 06103
>
>Barry S. Simon, Esq.
>Williams & Connolly LLP
>c/o Marriott Residence Hotel
>942 Main Street
>Hartford, CT 06103

>_____
>
>Thomas A. Arena