> evidence that the defendant had actual knowledge and
> where there was no evidence that the defendant
> deliberately avoided learning the truth

Id. at 157. Here, there was no evidence of conscious avoidance by Mr. Forbes and

the "evidence" of knowledge and direction by Mr. Forbes was—except for Mr.

Corigliano's false and misleading testimony—non-existent. When there is only

"equivocal evidence" of actual knowledge and "no evidence" of conscious avoidance, a

conscious avoidance instruction could improperly lead a jury to convict merely

because the defendant "had not tried hard enough to learn the truth." Id. For this

reason as well, a conscious avoidance charge is unwarranted in this case.

     5.     The Court will give an instruction on actual knowledge, and the

government contends that there is sufficient evidence to support a finding of actual

knowledge. Generally, "when the evidence supports a finding that the defendant

had either actual knowledge or no knowledge, it is error to give a conscious

avoidance instruction." 1 Sand, Modern Federal Jury Instructions, 3A-15 (emphasis

added); see also Ferrarini, 219 F.3d at 157 ("We conclude that the evidence does not

establish the requisite factual predicate for the charge. The evidence shows that

Vieira actually knew of the frauds; it is not sufficient to permit a finding that he

consciously avoided confirming them.").

     6.     The placement of the initial conscious avoidance instruction in

the conspiracy instruction is confusing and misstates the law. See Charge II.C.2.b.

Conscious avoidance cannot be considered with respect to whether the defendant

knowingly intended to participate in the alleged conspiracy. See Ferrarini, 219 F.3d

at 154-55. Nowhere does the instruction clarify that there "are two aspects of

- 22 -

knowledge involved in a conspiracy: 1) knowing participation or membership in the scheme charged and 2) some knowledge of the unlawful aims and objectives of the scheme," and that "[c]onscious avoidance may not be used to support a finding as to the former." Id. (quotation omitted).

7.    The placement of the incorporating conscious avoidance instructions adjacent to the incorporating instructions on good faith is confusing and improper. See Charge II.E.2.d., II.F.2.d, II.H.2.d.  Good faith is relevant to all applicable mental states because it negates knowledge, willfulness, and intent.  In contrast, conscious avoidance is relevant only to some components of knowledge insofar as it serves as a proxy for knowledge.  Conscious avoidance is not relevant to, and is not a proxy for, willfulness or intent.

8.    Mr. Forbes objects to incorporating the conscious avoidance instruction into the instructions on the required mental states for each of the charged offenses.  The government agreed that the charge could be given once and need not be repeated or incorporated by reference each time instructions on mental states are given. See, e.g., Tr. (10/15/04) at 14675-76.

9.    Mr. Forbes objects to the sentence: "However, if that defendant actually believed that CUC's and Cendant's publicly reported financial results were not materially false or fraudulently inflated, he should be acquitted" because it impermissibly dilutes and appears to shift the burden of proof.  It also makes permissive what should be mandatory.  Mr. Forbes objects to the failure to use the following language in place of this sentence: "If you have a reasonable doubt as to

whether that defendant actually believed that CUC's and Cendant's publicly reported financial results were not materially false or fraudulently inflated, you must vote to acquit him."

10.     Mr. Forbes objects to the phrase in the first paragraph that "in determining whether the defendant you are considering acted knowingly, you may consider whether that defendant deliberately closed his eyes to what otherwise would have been obvious to him." This phrase omits a critical prerequisite of conscious avoidance—awareness of a high probability of falsity—and suggests improperly that conscious avoidance can be established simply by not looking hard enough.

## OBJECTIONS TO REPEATED CHARGE ON PROOF OF INTENT

Mr. Forbes objects to the Court's instructions regarding proof of intent and to the incorporation of these instructions into each of the instructions on the mental states required for the various offenses. <u>See</u> Charge II.D.2.b., II.E.2.d., II.F.2.d., II.H.2.d.

1.      The instructions on matters of proof and evidence should not be intermingled with instructions defining the elements of the offense. There is a separate charge on direct and circumstantial evidence and on inferences. <u>See</u> Charge IV.A. This language is therefore redundant. At most, the paragraph which begins "The question of whether a person . . . ," should be given. It fully sets forth any <u>legal</u> issue with respect to proof of intent.

2.      This language on matters of proof and evidence is only repeated with respect to the intent elements of the various charges and thereby dilutes the intent elements, which are the most hotly contested issues in the case. It also renders the intent elements confusing, and it marshals certain types of evidence and instructs the jury that it should consider them as more important than other types of evidence, thereby effectively invading the province of the jury.

3.      The language concerning the availability of direct evidence of knowledge and fraudulent intent is an incorrect statement of the law, is inconsistent with the government's case, and puts the imprimatur of the Court behind the government's proof and closing arguments. Direct proof of knowledge and fraudulent intent is often (indeed, almost always) available, particularly in the

new electronic age with e-mail, tape recordings, and other electronic devices.  While this statement may have been accurate decades ago, it is not true today.  Moreover, the government has put on testimony of Cosmo Corigliano, which Mr. Forbes contends is false, purporting to provide direct proof of knowledge and fraudulent intent.  The government has also argued that documentary evidence in this case provides direct proof of knowledge and fraudulent intent.  See, e.g., Tr. (10/19/04) at 15027 ("This e-mail doesn't have to cooperate.  This e-mail just has to exist and speak to you and it speaks to you now here today in this courtroom like it spoke to Kirk Shelton six and a half years ago."); Tr. (11/01/02) at 16023-24 (arguing that e-mails and other documents demonstrating fraud were maintained at the company).  This instruction is essentially a statement by the Court that this is a rare case, and that the government's case is particularly convincing because it has "direct proof of knowledge and fraudulent intent."

4.    Mr. Forbes objects to incorporating the proof of intent instruction into the instructions on the required mental states for each of the charged offenses.  The government agreed that the charge could be given once and need not be repeated or incorporated by reference each time instructions on mental states are given.  See, e.g., Tr. (10/15/04) at 14728, 14745.

5.    Mr. Forbes objects to the proof of intent instruction because it is not contained in O'Malley.

## OBJECTIONS TO CHARGE I.A
(Introduction)

1.      Mr. Forbes objects to the submission of the indictment to the jury because it addresses many evidentiary matters and includes numerous unnecessary allegations.  <u>See</u> Forbes Trial Mot. No. 15.  The relevant portions defining the alleged offenses should be integrated into the Court's instructions. Moreover, the language of the indictment is unconstitutionally vague.  This is particularly problematic given the government's improper closing argument, which urged the jury to convict based on matters not charged in the indictment, and the failure to spell out the requirement of proof of specific alleged false statements.  <u>See</u> Objections to Defining the Alleged Fraud More Broadly Than the Indictment.  There is a serious danger that the jury will convict the defendants on facts or theories not found by the grand jury.  <u>See, e.g.</u>, <u>Russell v. United States</u>, 369 U.S. 749 (1962).

## OBJECTIONS TO CHARGE I.D
(Failure to Name a Defendant)

1.      Mr. Forbes objects to this instruction because the fact that certain persons are not alleged to have engaged in wrongdoing is relevant, and should play a part in the jury's deliberations.  For example, it is appropriate to make comparisons between the defendants and Scott Forbes, Mike Monaco, and Henry Silverman, who had knowledge similar to (or greater than) that of the defendants but who are not alleged to have done anything wrong.  See Tr. (11/01/04) at 16048-49 ("THE COURT:  I agree with Mr. Puccio.  I believe the thrust of his argument was that they did this, they did this, they did this, compare that to what the defendants did.  They didn't do anything wrong, so therefore the inference is the defendants didn't do anything wrong either.").

2.      Mr. Forbes objects to this instruction because it suggests that the jury may not consider in any way charging decisions concerning witnesses who entered into a plea agreement.  This is an incorrect statement of the law.  Evidence of favorable treatment received by the cooperating witnesses from the government is relevant to the credibility of those witnesses.  See, e.g., United States v. Prawl, 168 F.3d 622, 628 (2d Cir. 1999) (defendant entitled to instruction that identifies circumstances that make cooperating government witnesses particularly vulnerable to government's power and influence); United States v. Blackwood, 456 F.2d 526, 530 (2d Cir. 1972) ("The rule is that in attempting to establish the motives or bias of a witness against him, a defendant may . . . elicit evidence showing that the

government made explicit promises of leniency in return for cooperation." (quotation & brackets omitted)).

        3.     Mr. Forbes further objects to this instruction because it is unclear what "certain" persons this charge is referring to. If it is Pember, Corigliano, Sabatino, Kearney or Speaks, the government's charging decision is clearly relevant and is addressed separately in the Court's instructions. If it is Sattler and Bell, there is no evidence either way in the record, and the instruction invites improper speculation by the jury. If it is anyone else (for example, Messrs. Silverman, Monaco, or Scott Forbes), it improperly suggests that there could be a basis for charging them, and/or that it is improper to compare their knowledge and actions with the knowledge and actions of the defendants, contrary to paragraph 1 above. In short, the instruction is confusing, misleading, and undermines proper arguments made by defense counsel.

## OBJECTIONS TO CHARGE I.G.1
(Presumption of Innocence and Burden of Proof)

1.    Mr. Forbes objects to this instruction to the extent that, with respect to the issue of presumption of innocence, the Court is using language different than the language on presumption of innocence that it used in a curative instruction during the government's summation. <u>See</u> Tr. (10/19/04) at 15062-63. Particularly given the possibility that jurors took notes of that curative instruction, the Court should not be giving inconsistent messages about such a core issue, and should use the same language that it previously used.

## OBJECTIONS TO CHARGE I.L
(Possible Punishment)

1.    Mr. Forbes objects to this instruction because the government put punishment in issue by its cross-examination of the defendants.

2.    Mr. Forbes objects to this instruction because the fact that under the Sentencing Guidelines there is supposed to be incarceration is important for the jury in considering the importance of other instructions such as proof beyond a reasonable doubt, the presumption of innocence, and unanimity, even if the precise sentence may not be relevant.  The very reason for these bedrock constitutional principles is because of the risk of deprivation of liberty upon a conviction.  See, e.g., In re Winship, 397 U.S. 358, 362 (1970) ("These rules are historically grounded rights of our system, developed to safeguard men from dubious and unjust convictions, with resulting forfeitures of life, liberty and property." (quotation omission)).  It is an appropriate consideration during deliberations that the Court's instructions on these issues must be scrupulously followed because of the punishment that can result from a conviction.  The Court's instruction therefore improperly undermines proper jury arguments made by defense counsel.

3.    Mr. Forbes objects to this instruction because the concept is covered by the instruction not to consider bias or sympathy.

4.    Mr. Forbes objects to this instruction because it is not an accurate description of the law.  Sentencing is not exclusively for the Court because of the Sentencing Guidelines.  The particular sentence within the applicable

guidelines range may be for the Court to decide, but Congress has restricted the Court's discretion through binding sentencing guidelines.  This distinction is important because of the plea/cooperation agreements of certain witnesses, and the fact that certain sentences can be imposed <u>only</u> if the government submits a 5K.1 letter.

      5.    Mr. Forbes objects to the second paragraph because it is unnecessarily repetitive of the first.

## OBJECTIONS TO CHARGE II.A
(Overview)

1.      Mr. Forbes objects to the sentence that: "Each count charges a separate crime." As set forth in Forbes Pretrial Motion Nos. 26, 27, 29, 34, 35, incorporated by reference, several of the counts fail to state an offense, are unconstitutionally vague, are multiplicitous, or are duplicitous. If this sentence is included, over objection, the word "alleged" should be included before the word "crime."

2.      Mr. Forbes objects to the reference to "aiding and abetting" in this charge for the reasons set forth in the objections to the aiding and abetting charge.   See Charge II.G.

3.      Mr. Forbes objects to reading the statutes because doing so may be confusing and may invite jurors to give their own interpretations of the statutory language.  The instructions should focus only on the elements that the government must prove beyond a reasonable doubt, as instructed by the Court.

## OBJECTIONS TO CHARGE II.C.1
(The Indictment and the Statute)

1.      Mr. Forbes objects to the reading of the indictment because it addresses many evidentiary matters and includes numerous unnecessary allegations.  See also Renewed Objection of Walter A. Forbes to Reading Superseding Indictment During Jury Charge (filed Nov. 3, 2004).  The relevant portions actually defining the alleged offenses should be integrated into the Court's instructions.  Moreover, the language of the indictment is unconstitutionally vague.  This is particularly problematic given the government's improper closing argument, which urged the jury to convict based on matters not charged in the indictment, and the failure to spell out the requirement of proof of specific alleged false statements.  See Objections to Defining the Alleged Fraud More Broadly Than the Indictment.  There is a serious danger that the jury will convict the defendants on facts or theories not found by the grand jury.  See, e.g., Russell v. United States, 369 U.S. 749 (1962).

2.      Mr. Forbes objects to the quotation of the statutory language because doing so may be confusing and may invite jurors to give their own interpretations of the statute.  The instructions should focus only on the elements that the government must prove beyond a reasonable doubt, as instructed by the Court.

3.      Mr. Forbes objects to the conspiracy instructions in general because they are misleading and confusing.  Mr. Forbes objects to this particular

instruction because the conspiracy instructions should first define the elements of
the offense and <u>then</u>, in defining the element of agreement to commit an unlawful
objective, explain that the government must prove to the jury's unanimous
satisfaction that the defendants knowingly and willfully agreed to accomplish at
least one identified unlawful objective with the requisite intent.

      4.    Mr. Forbes objects to instructions on the mail and wire fraud
objectives because they are legally deficient, <u>see</u> Forbes Pretrial Mot. Nos. 27, 29,
and this proposed instruction, therefore, permits a conviction that is legally
unsupported. Mr. Forbes thus also objects in general to any suggestions that proof
of any object is sufficient to convict, because the mail and wire fraud objects are
legally unsupported.

      5.    Mr. Forbes objects to the last paragraph of this instruction
because the assertion that a conspiracy is a separate offense is addressed by
instructing the jury on the elements of each separate alleged offense, and the
instruction that the conspiracy need not be successful, which is stated elsewhere.
<u>See</u> Charge I.C.2.b. Mr. Forbes particularly objects to the last sentence because it
has no application to this case, in which certain witnesses have testified that they
did commit underlying substantive offenses. Moreover, this instruction is not
balanced, contains no reference to proof beyond a reasonable doubt, and says
nothing about the intent element or other elements, which have not yet been
defined.

6.     Mr. Forbes objects to the identification of Mr. Bell as an alleged co-conspirator for reasons previously argued to the Court.  <u>See, e.g.</u>, Forbes Trial Motion No. 36 (filed Sept. 27, 2004); Forbes Trial Motion No. 44 (filed Oct. 4, 2004).

## OBJECTIONS TO CHARGE II.C.2
### (Elements of the Offense)

1.      Mr. Forbes objects to the caption "Elements of the Offense" as opposed to "Elements of Conspiracy."

2.      Mr. Forbes objects to the instruction on the first elements because it does not indicate that the coconspirators must "knowingly and willfully" enter into an unlawful agreement, and it does not indicate that it must be the "specific" unlawful agreement alleged in the indictment. See Forbes Instr. No. 32. The words "knowingly and willfully" must be included because there can be no conspiracy between two persons unless they are acting with the requisite intent. The failure to include the word "specific" invites a constructive amendment and/or a prejudicial variance. The defendants cannot be convicted for a conspiracy not charged in the indictment. The inclusion of the word "specific" is particularly important given the Court's refusal to give a multiple conspiracies charge.

3.      Mr. Forbes objects to the instruction on the second element because the phrase "requisite intent" should be replaced with the phrase "intent to defraud." A conspiracy to commit an offense requires at least the same mens rea as the underlying substantive offense. See Ingram v. United States, 360 U.S. 672, 678 (1959). At a minimum, the instruction should specifically refer to the fact that it must be the intent to commit the substantive offenses alleged.

4.      Mr. Forbes objects to the omission of the word "alleged" before the word "conspiracy" in the second and third elements.

5.      Mr. Forbes objects to the instruction on the fourth element because the phrase "which you find to have been committed" suggests that the jury should find the third element.  Mr. Forbes proposes the alternative language in Forbes Instr. No. 32.

6.      Mr. Forbes objects to the phrase "to further some objective of conspiracy" as opposed to the phrase "for the purpose of advancing or helping the conspiracy" proposed in Forbes Instr. No. 32.

## OBJECTIONS TO CHARGE II.C.2.a
### (First Element – Existence of Unlawful Agreement)

1.      Mr. Forbes objects to this instruction on the ground that it is confusing and unbalanced.  The second paragraph begins by stating what the jury does <u>not</u> have to find, as opposed to what it <u>does</u> have to find.  It also discusses methods of proof in an improper and imbalanced manner.

2.      Mr. Forbes objects to this instruction on the ground that it does not clearly and succinctly set forth the requirements for this element of the offense. It should state that the government must prove beyond a reasonable doubt that two or more persons knowingly and willfully entered into the specific unlawful agreement charged in count 1; it should then identify the specific objects of the alleged conspiracy; and it should explain that count 1 charges that the alleged co-conspirators agreed to commit these alleged offenses by causing CUC, and later Cendant, to report materially false financial information to the SEC and the investing public. Mr. Forbes objects to the failure to give Forbes Instr. No. 33 in lieu of this instruction.

3.      Mr. Forbes objects to this instruction on the ground that it omits the intent requirements for conspiracy.  In order for a conspiracy to exist, two or more people must knowingly and willfully agree to enter into the specific unlawful agreement charged in count 1.  The intent requirements also should be set forth in paragraphs six through seven, which discuss the objects of the alleged conspiracy and unanimity.

4.    Mr. Forbes objects to any reference to the mail and wire fraud objects of the conspiracy on the ground that they are legally insufficient.

5.    Mr. Forbes objects to the words "an unlawful act" in the second paragraph of the instruction, and "an unlawful purpose" in the fifth paragraph of the instruction, on the ground that this language constitutes an unconstitutional constructive amendment and/or prejudicial variance.  The government is required to prove an agreement to enter into the specific unlawful agreement charged in Count 1, not any unlawful act or purpose.  This is particularly problematic given the government's improper closing argument (which urged the jury to convict based on matters not charged in the indictment, see Objections to Defining the Alleged Fraud More Broadly Than the Indictment), the improper introduction of evidence (for example, the alleged manipulation of board minutes, and the alleged failure to disclose an intention to sell stock during the March 1998 road show), and the Court's failure to give curative instructions.

6.    Mr. Forbes objects to the failure to separate the third paragraph from the rest of the instruction by the sub-heading "Alleged Coconspirators."  See Forbes Instr. No. 33.1.

7.    Mr. Forbes objects to the fourth paragraph beginning "You may find."  This paragraph contains a prejudicial and unbalanced comment on the evidence and is unnecessary because the issues of direct and circumstantial evidence are addressed elsewhere in the charge.  See Charge IV.A.  It suggests that Mr. Corigliano's direct proof, for example, is sufficient to find a conspiracy, and that

the conspiracy <u>can</u> be found based on the "circumstances of this case." Mr. Forbes also objects to the statement that the jury may "infer" the "existence" of the conspiracy "from the circumstances of this case and the conduct of the people involved," because it dilutes the government's burden of proof beyond a reasonable doubt.

      8.    Mr. Forbes objects to the fifth paragraph beginning, "In the context of conspiracy cases." This paragraph also contains a prejudicial and unbalanced comment on the evidence.

      9.    Mr. Forbes objects to the first sentence of paragraph six, which identifies the objects of the alleged conspiracy. Mr. Forbes objects to references to the generic crimes of "securities fraud," "mail fraud," "wire fraud" and "false statements" on the ground that they constitute a constructive amendment and/or prejudicial variance. The objects should be linked to the specific alleged offenses charged in Count 1 of the indictment. The instruction should explain that Count 1 charges that the alleged co-conspirators agreed to commit these alleged offenses by causing CUC, and later Cendant, to report materially false financial information to the SEC and the investing public.

      10.    Mr. Forbes objects to the failure to separate the unanimity instruction, beginning in the second sentence of paragraphs six and continuing through paragraph seven of this instruction from the rest of the instruction by the sub-heading "Alleged Unlawful Objectives Charged in Count 1—Need for Unanimity." <u>See</u> Forbes Instr. No. 34.

11.    Mr. Forbes objects to the failure to give his proposed instruction concerning multiple agreements, which is supported by the case law. <u>See</u> Forbes Instr. No. 35.

12.    Mr. Forbes objects to the omission of the word "alleged" before the word "conspiracy" in the first sentence of the second paragraph and the first sentence of the sixth paragraph.

13.    Mr. Forbes objects to the identification of Stuart Bell as an alleged co-conspirator for reasons that the Court has previously rejected.