**OBJECTIONS TO CHARGE II.D.2.b**
(Second Element – Participation in Scheme Knowingly, Willfully and with Specific Intent to Defraud)

      1.     Mr. Forbes objects to this instruction because the definitions of "knowingly," and "willfully" should be separated by headings because they are separate concepts, and should be distinctly and clearly explained to the jury. This is particularly problematic because conscious avoidance is not a proxy for willfulness, but it is separately highlighted <u>after</u> willfulness is defined.

      2.     Mr. Forbes objects to paragraphs four through seven of this instruction, which deal with issues of proof and evidence, not with the elements of mail and wire fraud. First, the instructions on matters of proof and evidence should not be intermingled with instructions defining the elements of the offense. There is a separate charge on direct and circumstantial evidence and on inferences. <u>See</u> Charge IV.A. This language is therefore redundant. At most, paragraph four, which begins "The question of whether a person . . . ," should be given. It fully sets forth any <u>legal</u> issue with respect to proof of intent. Second, this language on matters of proof and evidence is only repeated with respect to the intent elements of the various charges and thereby dilutes the intent elements, which are the most hotly contested issues in the case. It also renders the intent elements confusing and unbalanced, and it marshals certain types of evidence and instructs the jury that it should consider them as more important than other types of evidence. Third, the Court tells the jury that this is the <u>law</u> that <u>must</u> be followed and thereby <u>invades</u> the jury's fact-finding function. These are areas for <u>argument</u> about the evidence or

lack of evidence, not for the Court's legal instructions. They are also improper for the further reasons set forth below.

        3.     Mr. Forbes objects to paragraph five of this instruction because it is an incorrect statement of the law, is inconsistent with the government's case, and puts the imprimatur of the Court behind the government's case. Direct proof of knowledge and fraudulent intent is often available, particularly in the new electronic age with e-mail, tape recordings, and other electronic devices. While this statement may have been accurate decades ago, it is not true today. Indeed, there was evidence at trial, for example, of e-mails being collected by the audit committee, and computers and "metadata" being analyzed. Moreover, the government has put on testimony of Cosmo Corigliano, which Mr. Forbes contends is false, purporting to provide direct proof of knowledge and fraudulent intent. This paragraph is essentially a statement by the Court that this is a rare case, and that the government's case is particularly convincing because it has "direct proof of knowledge and fraudulent intent."

        4.     Mr. Forbes objects to the first sentence of paragraph six because it is unbalanced. Intent may also be <u>refuted</u> by circumstantial evidence. The last sentence of paragraph six should be a separate instruction.

        5.     Mr. Forbes objects to the instruction on conscious avoidance for the reasons set forth in his Objection to Repeated Charge on Conscious Avoidance. Mr. Forbes further objects to the conscious avoidance instruction because the last sentence should state that "you <u>must</u> vote to acquit him" as opposed to "he <u>should</u>

be acquitted." Mr. Forbes further objects to the conscious avoidance instruction because it talks about "any of the publicly reported financial results," but conscious avoidance must be tied to knowledge of a high probability that specific statements at issue in the count under consideration were false. Mr. Forbes objects to the last sentence because it fails to indicate who has the burden with respect to what the defendant "actually believed," and what that burden is. The balancing language should state that "However, if you have a reasonable doubt as to whether the defendant actually believed . . . ."

    6. Mr. Forbes objects to the definition of "specific intent to defraud" because it fails to state that the government must prove that Mr. Forbes acted with the purpose of obtaining money from the alleged victim. See Forbes Pretrial Mot. No. 27. Mr. Forbes objects to the words "causing some financial loss to another" for the same reason.

    7. Mr. Forbes objects to an incorporated instruction on good faith. The instruction on good faith (subject to Mr. Forbes' objections to that instruction) should be repeated in full.

## OBJECTIONS TO CHARGE II.D.2.c
(Mail Fraud Third Element – Use of the Mails)

1.  Mr. Forbes objects to the statement in the third paragraph that it is not necessary for the defendant to be "personally" involved. The instruction should state what the government must prove, not what the government need not prove. The instruction also is not accurate. It should state that the government must prove that defendant mailed or caused the mailing and then define what it means to cause a mailing.

2.  Mr. Forbes objects to the phrase "supports you finding" in the fourth paragraph on the ground that it is confusing.

3.  Mr. Forbes objects to the "sufficient to establish" and "satisfy this element" language of paragraphs four and five because they focus only on certain aspects of the mailing in furtherance element and dilute the government's burden of proof beyond a reasonable doubt.

4.  Mr. Forbes objects to the portion of paragraph five beginning with and following the phrase: "However, the government does not have to prove that the mailing was made on the exact date charged in the indictment." The charge already includes a specific "on or about" instruction.

## OBJECTIONS TO CHARGE II.D.2.c
(Wire Fraud Third Element – Use of the Wires)

1. Mr. Forbes objects to this instruction because it fails to identify the specific wiring at issue.

2. Mr. Forbes objects to the statement in the fourth paragraph that it is not necessary for the defendant to be "personally" involved. The instruction should state what the government must prove, not what the government need not prove. The instruction is not accurate. It should state that the government must prove that defendant wired or caused the wiring and then define what it means to cause a wiring.

3. Mr. Forbes objects to the "sufficient to establish" and "satisfy this element" language of paragraphs five and six because they focus only on certain aspects of the mailing in furtherance element and dilute the government's burden of proof beyond a reasonable doubt.

4. Mr. Forbes objects to the portion of the paragraph six beginning with and following the phrase: "However, the government does not have to prove that the wires were used on the exact date charged in the indictment." The charge already includes a specific "on or about" instruction.

## OBJECTIONS TO CHARGE II.E.1
(The Indictment and the Statute)

1.  Mr. Forbes objects to the reading of the indictment because it addresses many evidentiary matters and includes numerous unnecessary allegations.  <u>See also</u> Renewed Objection of Walter A. Forbes to Reading Superseding Indictment During Jury Charge (filed Nov. 3, 2004).  The relevant portions actually defining the alleged offenses should be integrated into the Court's instructions.  Moreover, the language of the indictment is unconstitutionally vague.  This is particularly problematic given the government's improper closing argument, which urged the jury to convict based on matters not charged in the indictment, and the failure to spell out the requirement of proof of specific alleged false statements.  <u>See</u> Objections to Defining the Alleged Fraud More Broadly Than the Indictment.  There is a serious danger that the jury will convict the defendants on facts or theories not found by the grand jury.  <u>See, e.g.</u>, <u>Russell v. United States</u>, 369 U.S. 749 (1962).

2.  Mr. Forbes objects to the quotation of the statutory language because doing so may be confusing and may invite jurors to give their own interpretations of the statute.  The instructions should focus only on the elements that the government must prove beyond a reasonable doubt, as instructed by the Court.

        3.     Mr. Forbes objects to the failure to give a separate instruction on Form 10-K and Form 10-Q, specifically the instruction set forth in Forbes Instr. No. 30.

## OBJECTIONS TO CHARGE II.E.2
(Elements of the Offense)

1. Mr. Forbes objects to the caption "Elements of the Offense" as opposed to "Elements of False Statement in SEC Report."

2. Mr. Forbes objects to the fourth element because it omits the words "intent to defraud." See United States v. Dixon, 536 F.3d 1388, 1396 (2d Cir. 1976) (second clause of § 78ff(a) requires knowing and willful conduct which is grounded in "fraudulent intent").  Mr. Forbes also objects to the subsequent failure to instruct on this element and to give Forbes Instr. No. 70.

**OBJECTIONS TO CHARGE II.E.2.a**
(First Element – False Statement of Fact in SEC Report)

1.      Mr. Forbes objects to the omission of language stating the manner in which the statements are alleged to be false.  See Forbes Instr. Nos. 58, 60.  For example, the paragraph on the first alleged false statement in Count 5 should include the following language, which was in the Court's prior draft of the charge: "In order to establish the statement was false, the government must prove beyond a reasonable doubt that total revenue was overstated by approximately $44 million."  The indictment alleges that the first statement was allegedly false because total revenue was overstated by approximately $44 million.  The jury could convict based on a finding that total revenue was <u>understated</u> by $44 million or was <u>overstated</u> by <u>$5 million</u>.  Such a finding might amount to a finding that the statements were false, but they would be different false statements than those charged in the indictment.  Inclusion of this instruction as worded constitutes an unconstitutional amendment of the indictment and/or a prejudicial variance.  See, e.g., Stirone v. United States, 361 U.S. 212 (1960); United States v. Wozniak, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an indictment is a per se violation of the Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) ("In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the

grand jury." (quotation omitted)); <u>United States v. Crocker</u>, 568 F.2d 1049, 1060 (3d Cir. 1977) ("[W]hen a grand jury has specifically charged the manner in which testimony [or another false statement] is untruthful, permitting the government to prove that it is untruthful in an entirely different manner amounts to a constructive amendment of the indictment rather than a mere variance.").

## OBJECTIONS TO CHARGE II.E.2.b
(Second Element – Materiality)

1.  Mr. Forbes objects to the definition of materiality that there is a "substantial likelihood" that a reasonable investor would have considered the fact important because it dilutes the standard of proof beyond a reasonable doubt to a civil standard. Mr. Forbes objects to the omission of language similar to Forbes No. 63:

> In order for you to find a material fact, the government must prove beyond a reasonable doubt that a reasonable investor would have considered the fact important in deciding whether to buy or sell stock. The statute under which Counts 5 and 6 of the indictment are brought is concerned only with such material misstatements and does not cover minor, meaningless, or unimportant ones. A fact is material only if a reasonable investor <u>would</u> have viewed the fact as having significantly altered the total mix of information available.

Forbes No. 63 (emphasis added).[10]

2.  Mr. Forbes objects to the failure to provide Forbes No. 63 instead of Charge II.F.2.b.

3.  Mr. Forbes objects to the third paragraph because it deals with matters of proof, does not help define the element of materiality, is unbalanced, and is an improper comment on the evidence. Mr. Forbes objects to the language regarding the disclosure of information because the indictment charges only false statements, not omissions. See Indict., Counts 5-6. Moreover, the issue in Counts 5

---

[10] Mr. Forbes is not requesting that the word "would" be underlined if the requested charge is given.

and 6 is whether the difference between the "true" financial information that should have been in a given filing and the reported financial information is material, not whether information that there was improper accounting at CUC was material, which was the information "disclosed" before the stock price changed sharply. Inclusion of this instruction constitutes an unconstitutional amendment of the indictment and/or a prejudicial variance. See, e.g., Stirone v. United States, 361 U.S. 212 (1960); United States v. Wozniak, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an indictment is a per se violation of the Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) ("In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the grand jury." (quotation omitted)). Mr. Forbes also objects to this instruction because materiality must be assessed at the time of the statement. See Forbes Instr. No. 64. Evidence of a drop in the price of Cendant stock on April 15, 1998 cannot be tied to specific alleged false statements made at a previous date.

## OBJECTIONS TO CHARGE II.E.2.c
(Third Element – Made or Caused to Be Made)

1. Mr. Forbes objects to the failure to provide Forbes Instr. No. 65 instead of Charge II.E.2.c.

## OBJECTIONS TO CHARGE II.E.2.d
(Fourth Element – Knowingly, Willfully and With Intent to Deceive)

1.      Mr. Forbes objects to this instruction because it instructs on "intent to deceive" instead of "intent to defraud." See United States v. Dixon, 536 F.3d 1388, 1396 (2d Cir. 1976) (second clause of § 78ff(a) requires knowing and willful conduct which is grounded in "fraudulent intent"). Mr. Forbes also objects to the subsequent failure to instruct on this element and to give Forbes No. 70. Mr. Forbes objects to the definition of intent to deceive as expressly stating that a purpose of causing financial loss is not required.

2.      Mr. Forbes objects to this instruction because the definitions of "knowingly," "willfully" and "intent to defraud" (or "intent to deceive" if that is what the Court determines is required) should be separated by headings because they are separate concepts, and should be distinctly and clearly explained to the jury.

3.      Mr. Forbes objects to the fifth paragraph of this instruction for the reasons stated in the objections to Charge II.D.2.b. Mr. Forbes also objects to incorporating the instructions that deal with issues of proof and evidence instead of the elements of false statements. The government agreed that this portion of the charge could be given once and need not be repeated or incorporated by reference each time instructions on mental states are given. See, e.g., Tr. (10/15/04) at 14728, 14745. The Court actually highlights the improper nature of the objectionable paragraphs by saying that the Court instructs the jury "about how proof of one's state of mind can be established." (Emphasis added). The only proper instruction

on these issues is that state of mind can be established (or can be negated or <u>failed</u> to be established) by direct or circumstantial evidence, which is addressed in the sentence that ends with "one's state of mind."

        4.      Mr. Forbes objects to an incorporated instruction on good faith. The instruction on good faith should be repeated in full. If the Court does incorporate the good faith instruction, it should use the incorporating language from Charge II.D.2.b. ("As I previously instructed you, the good faith of a defendant is a complete defense. The defendant does not have the burden of establishing good faith. The burden is on the government to prove lack of good faith beyond a reasonable doubt. I refer you to the instruction on 'good faith' set forth in Section II.C.2.b.(iv). That instruction is equally applicable here."). Moreover, Mr. Forbes objects to the fact that the cross reference is to another section that itself cross-references another section that the jury must find to locate the complete good faith instruction.

        5.      Mr. Forbes objects to the instruction on conscious avoidance for the reasons set forth in his Objection to Repeated Charge on Conscious Avoidance.

        6.      Mr. Forbes also objects to the "pairing" of cross-references on good faith and conscious avoidance because conscious avoidance <u>only</u> relates to knowledge, whereas "good faith" is a broader concept. The pairing suggests that conscious avoidance can be used to prove lack of good faith.

## OBJECTIONS TO CHARGE II.F.1
(The Indictment and the Statute)

1.  Mr. Forbes objects to the reading of the indictment because it addresses many evidentiary matters and includes numerous unnecessary allegations. See also Renewed Objection of Walter A. Forbes to Reading Superseding Indictment During Jury Charge (filed Nov. 3, 2004). The relevant portions actually defining the alleged offenses should be integrated into the Court's instructions. Moreover, the language of the indictment is unconstitutionally vague. This is particularly problematic given the government's improper closing argument, which urged the jury to convict based on matters not charged in the indictment, and the failure to spell out the requirement of proof of specific alleged false statements. See Objections to Defining the Alleged Fraud More Broadly Than the Indictment. There is a serious danger that the jury will convict the defendants on facts or theories not found by the grand jury. See, e.g., Russell v. United States, 369 U.S. 749 (1962).

2.  Mr. Forbes objects to the quotation of the statutory and regulatory language because doing so may be confusing and may invite jurors to give their own interpretations. The instructions should focus only on the elements that the government must prove beyond a reasonable doubt, as instructed by the Court. Mr. Forbes further objects to reading the portion of Rule 10b-5 that references omissions because the indictment does not charge omissions.

3.      Mr. Forbes objects to this instruction (and all instructions on securities fraud) because these counts are unconstitutionally vague and duplicitous, alleging multiple alleged securities frauds in each count, and the instructions do not cure the duplicity or vagueness. The instructions as a whole actually exacerbate these problems by failing to make clear that the government must prove material false statements in SEC filings, annual reports and public releases, and instead stating that the government can establish any artifice, any device, any false statement, or any transaction, practice or course of business. These problems are also compounded by the government's improper closing argument (which urged the jury to convict based on matters not charged in the indictment, see Objections to Defining the Alleged Fraud More Broadly Than the Indictment, including the argument concerning the alleged failure to disclose appropriate use of merger reserves in the MD&A, and the alleged failure to disclose the existence of non-operating income in SEC reports), the improper introduction of evidence (for example, the alleged manipulation of board minutes and the alleged failure to disclose an intention to sell stock during the March 1998 road show), and the Court's failure to give curative instructions.

## OBJECTIONS TO CHARGE II.F.2
(Elements of the Offense)

1. Mr. Forbes objects to the caption "Elements of the Offense" as opposed to "Elements of Securities Fraud."

2. Mr. Forbes objects to the instruction on the first element because it erroneously lists falsity and materiality as a single element of the offense. These are separate elements. See Forbes No. 74.

3. Mr. Forbes objects to the instruction on the first element because it defines the fraud more broadly than the indictment, which alleges only false statements. Counts 7-12 of the indictment do not identify the substance of the alleged fraud, but state that the "substance" of the alleged fraud is set forth in paragraphs 18 through 63 of Count 1. See Indict., Counts 7-12 ¶ 3. Paragraphs 18 through 63 of Count 1 allege that the defendants were responsible for various purported accounting irregularities that resulted in the alleged fraudulent overstatement of CUC's and Cendant's financial results. Those paragraphs further allege that the defendants caused these allegedly overstated financial results to be reported to the SEC and to the investing public in periodic filings with the SEC and in press releases. These paragraphs of the indictment identify the following specific SEC filings and press releases, which allegedly contained false statements—(1) a March 19, 1996 CUC press release; (2) an April 25, 1996 CUC Form 10-K; (3) a March 11, 1997 CUC press release; (4) a May 1, 1997 CUC Form 10-K; (5) a December 15, 1997 CUC Form 10-Q; (6) a February 4, 1998 Cendant press release;

(7) a March 31, 1998 Cendant Annual Report; and (8) a March 31, 1998 Cendant Form 10-K. Indict., Count 1 ¶¶ 63(a)-(e) & (m)-(o). Thus, the indictment charges only false statements, not some other device, scheme, or artifice to defraud; not omissions; and not some other transaction, practice, or course of business that would operate as a fraud. The government effectively concedes that the substance of the alleged securities fraud consisted of the purported making of materially false statements in the particular SEC filings and press releases identified in the indictment. See United States Opp'n Forbes Mot. Mistrial Due to Constructive Amendment (filed July 30, 2004) at 33 ("Forbes was entitled to disclosure of the particular public filings or press releases by CUC or Cendant that were materially false or misleading, but not to each and every non-public statement or omission which made those public filings and statements false or misleading. No bill of particulars was needed for that purpose, since the indictment identified in exacting detail the particular public filings and press releases of CUC and Cendant which contain false and misleading information."). Inclusion of this instruction constitutes an unconstitutional amendment of the indictment and/or a prejudicial variance. See, e.g., Stirone v. United States, 361 U.S. 212 (1960); United States v. Wozniak, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an indictment is a per se violation of the Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) ("In light of the current broad range of conduct covered by the federal fraud statutes, it

is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the grand jury." (quotation omitted)).

    4.  Mr. Forbes objects to the omission of an instruction on the element that the defendant caused the alleged false statement.  <u>See</u> Forbes No. 74. Mr. Forbes also objects to the subsequent failure to instruct on this element and to give Forbes No. 81.

    5.  Mr. Forbes objects to the fourth element because it omits the words "buyers or sellers of Cendant stock" after "intent to defraud."