## OBJECTIONS TO CHARGE II.F.2.a
(First Element – Fraudulent Act)

1.      Mr. Forbes objects to the instruction because it erroneously lists falsity and materiality as a single element of the offense.  These are separate elements.  <u>See</u> Forbes No. 74.

2.      Mr. Forbes objects to the instruction because it defines the fraud more broadly than the indictment, which alleges only false statements.  Counts 7-12 of the indictment do not identify the substance of the alleged fraud, but state that the "substance" of the alleged fraud is set forth in paragraphs 18 through 63 of Count 1.  <u>See</u> Indict., Counts 7-12 ¶ 3.  Paragraphs 18 through 63 of Count 1 allege that the defendants were responsible for various purported accounting irregularities that resulted in the alleged fraudulent overstatement of CUC's and Cendant's financial results.  Those paragraphs further allege that the defendants caused these allegedly overstated financial results to be reported to the SEC and to the investing public in periodic filings with the SEC and in press releases.  These paragraphs of the indictment identify the following specific SEC filings and press releases, which allegedly contained false statements—(1) a March 19, 1996 CUC press release; (2) an April 25, 1996 CUC Form 10-K; (3) a March 11, 1997 CUC press release; (4) a May 1, 1997 CUC Form 10-K; (5) a December 15, 1997 CUC Form 10-Q; (6) a February 4, 1998 Cendant press release; (7) a March 31, 1998 Cendant Annual Report; and (8) a March 31, 1998 Cendant Form 10-K.  Indict., Count 1 ¶¶ 63(a)-(e) & (m)-(o).  Thus, the indictment charges only false statements, not some other device, scheme, or artifice to defraud; not omissions; and not some other

- 81 -

transaction, practice, or course of business that would operate as a fraud.  The

government effectively concedes that the substance of the alleged securities fraud

consisted of the purported making of materially false statements in the particular

SEC filings and press releases identified in the indictment.  See United States

Opp'n Forbes Mot. Mistrial Due to Constructive Amendment (filed July 30, 2004) at

33 ("Forbes was entitled to disclosure of the particular public filings or press

releases by CUC or Cendant that were materially false or misleading, but not to

each and every non-public statement or omission which made those public filings

and statements false or misleading.  No bill of particulars was needed for that

purpose, since the indictment identified in exacting detail the particular public

filings and press releases of CUC and Cendant which contain false and misleading

information.").  Inclusion of this instruction constitutes an unconstitutional

amendment of the indictment and/or a prejudicial variance.  See, e.g., Stirone v.

United States, 361 U.S. 212 (1960); United States v. Wozniak, 126 F.3d 105, 109 (2d

Cir. 1997) ("A constructive amendment of an indictment is a per se violation of the

Grand Jury Clause of the Fifth Amendment that requires reversal even without a

showing of prejudice to the defendant." (quotation & brackets omitted)); United

States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) ("In light of the current broad

range of conduct covered by the federal fraud statutes, it is critical that courts

vigilantly enforce the Fifth Amendment requirement that a person be tried only on

the charges contained in the indictment returned by the grand jury." (quotation

omitted)).  The multiple definitions exacerbate the problems of vagueness and
duplicity.

      3.    Mr. Forbes objects to this instruction because it does not identify
the alleged false statements at issue, and there are no alleged false statements at
issue with respect to some of the charged purchases.  <u>See</u> Forbes Instr. No. 76.

      4.    Mr. Forbes objects to the second paragraph beginning "It is not
necessary" because it exacerbates the failure to identify the alleged false
statements, which is the fraud alleged in the indictment.  Moreover, it expressly
tells the jury that it can convict based on unspecified types of fraudulent conduct
<u>other than</u> the making of materially false statements.  This is particularly
problematic because of the government's improper closing argument (which urged
the jury to convict based on matters not charged in the indictment, <u>see</u> Objections to
Defining the Alleged Fraud More Broadly Than the Indictment), the improper
introduction of evidence (for example, the alleged manipulation of board minutes
and the alleged failure to disclose an intention to sell stock during the March 1998
road show), and the Court's failure to give curative instructions.

      5.    Mr. Forbes objects to the reference to "three types of fraudulent
conduct" and to "omission[s]" in the second paragraph beginning "It is not
necessary" because the indictment charges false statements, not omissions or other
types of fraudulent conduct.

      6.    Mr. Forbes objects to the various definitions in paragraphs three
through six and paragraph ten of the instruction because they define the fraud more

broadly than the indictment, and are confusing and misleading. Instead of overwhelming the jury with confusing instructions on words that are not relevant to their determination of whether the elements have been satisfied, the instructions should succinctly and clearly state that the scheme to defraud alleged in the indictment is the purported making of materially false statements in the particular SEC filings and press releases identified in the indictment, and that that is what the government must prove. For example, paragraphs three and four define a number of words only to conclude that the statute requires either "a deliberate affirmative misstatement of a material fact or a deliberate omission of a material fact." The Court should only instruct the jury on this conclusion, and then only on the portion of the conclusion that is charged in this case—false statements of material fact, not omissions. As another example, paragraph five defines a number of "plain English" words and says that they are "neutral" and do not imply anything fraudulent. The defendants are not charged with anything neutral or non-fraudulent. Paragraph six concludes that these words have a special meaning in these instructions. Again, the Court should only instruct the jury on such a conclusion—the meaning of "device, scheme, or artifice to defraud"—but paragraph six misstates the law on that issue.

7.    Mr. Forbes objects to the words "in the securities industry" as opposed to "in securities law" in the third paragraph.

8.    Mr. Forbes objects to the reference in paragraphs seven and eight to "omissions" because the indictment charges false statements, not omissions.

9.      Mr. Forbes objects to the definition of materiality in the eighth paragraph that there is a "substantial likelihood" that a reasonable investor would have considered the fact important because it dilutes the standard of proof beyond a reasonable doubt to a civil standard.  Mr. Forbes objects to the omission of language similar to Forbes No. 79:

> In order for you to find a material fact, the government must prove beyond a reasonable doubt that a reasonable shareholder would have considered the fact important in deciding whether to purchase Cendant stock on the dates alleged in the indictment.  Count 10 of the indictment alleges that the Hartford Steam Boiler Company purchased 5,000 shares of Cendant stock on February 6, 1998.  Count 11 of the indictment alleges that the Hartford Steam Boiler Company purchased 5,000 shares of Cendant stock on February 10, 1998.  Count 12 of the indictment alleges that the Hartford Steam Boiler Company purchased 5,000 shares of Cendant stock on February 18, 1998.
>
> The statute under which Counts 10-12 of the indictment are brought is concerned only with material misstatements and does not cover minor, meaningless, or unimportant ones.  A fact is material only if a reasonable investor <u>would</u> have viewed the fact as having significantly altered the total mix of information available.

Forbes No. 79 (emphasis added).[11]  Mr. Forbes objects to the Court's failure to provide Forbes No. 79 instead of the paragraphs in Charge II.F.2.a on materiality.  Moreover, Mr. Forbes objects to the omission of a statement to the effect that materiality cannot be judged by hindsight.  <u>See</u> Charge II.F.2.b (last paragraph); Forbes No. 80.

---

[11]    Mr. Forbes is not requesting that the word "would" be underlined if the requested charge is given.

10.    Mr. Forbes objects to the ninth paragraph because it deals with matters of proof, does not help define the element of materiality, is unbalanced, and is an improper comment on the evidence. Mr. Forbes objects to the language regarding the disclosure of information because the indictment charges only false statements, not omissions. Inclusion of this instruction would constitute an unconstitutional amendment of the indictment and/or a prejudicial variance. See, e.g., Stirone v. United States, 361 U.S. 212 (1960); United States v. Wozniak, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an indictment is a per se violation of the Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) ("In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the grand jury." (quotation omitted)). Mr. Forbes also objects to this instruction because materiality must be assessed at the time of the statement. See Forbes Instr. No. 80. Evidence of a drop in the price of Cendant stock on April 15, 1998 cannot be tied to specific alleged false statements made at a previous date.

11.    Mr. Forbes objects to the paragraph beginning "Rule 10b-5 uses" because it states that the fraud could be upon any person. The indictment alleges that there was a specific alleged victim of the alleged fraud, the Hartford Steam Boiler Company. See Indict., Counts 7-12 ¶ 3. Inclusion of this instruction

constitutes an unconstitutional amendment of the indictment and/or a prejudicial

variance. See, e.g., Stirone v. United States, 361 U.S. 212 (1960); United States v.

Wozniak, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an

indictment is a per se violation of the Grand Jury Clause of the Fifth Amendment

that requires reversal even without a showing of prejudice to the defendant."

(quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir.

1988) ("In light of the current broad range of conduct covered by the federal fraud

statutes, it is critical that courts vigilantly enforce the Fifth Amendment

requirement that a person be tried only on the charges contained in the indictment

returned by the grand jury." (quotation omitted)).

      12.    Mr. Forbes objects to paragraphs eleven and twelve because

they suggest that the victim need not have purchased stock.  Because the

indictment alleges only one specific victim of the alleged fraud and specific

purchases by that alleged victim, inclusion of this instruction is confusing and

constitutes an unconstitutional amendment of the indictment and/or a prejudicial

variance. See, e.g., Stirone, 361 U.S. 212; Wozniak, 126 F.3d at 109 ("A constructive

amendment of an indictment is a per se violation of the Grand Jury Clause of the

Fifth Amendment that requires reversal even without a showing of prejudice to the

defendant." (quotation & brackets omitted)); Mollica, 849 F.2d at 729 ("In light of

the current broad range of conduct covered by the federal fraud statutes, it is

critical that courts vigilantly enforce the Fifth Amendment requirement that a

person be tried only on the charges contained in the indictment returned by the grand jury." (quotation omitted)).

## OBJECTIONS TO CHARGE II.F.2.b
(Second Element – In Connection With)

1.     Mr. Forbes objects to this charge because it suggests that the government must prove that there were purchases or sales of securities generally and that the alleged fraud was connected to these unidentified transactions.  The indictment alleges that there were specific purchases, on specific dates, by a specific alleged victim of the alleged fraud, the Hartford Steam Boiler Company.  See Indict., Counts 7-12 ¶ 3.  Inclusion of this instruction constitutes an unconstitutional amendment of the indictment and/or a prejudicial variance.  See, e.g., Stirone v. United States, 361 U.S. 212 (1960); United States v. Wozniak, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an indictment is a per se violation of the Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) ("In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the grand jury." (quotation omitted)).  Mr. Forbes proposes an instruction similar to Forbes No. 90.

2.     Mr. Forbes objects to the last paragraph of this charge because it is unbalanced and focuses on what the government need not prove.

## OBJECTIONS TO CHARGE II.F.2.c
(Third Element – Use of a Means or Instrumentality of Interstate Commerce)

1.    Mr. Forbes objects to the omission of the word "alleged" before the word "scheme" in paragraphs five, six and seven (in which the word "scheme" appears twice).

2.    Mr. Forbes objects to the examples of instrumentalities of interstate commerce provided in paragraphs three and four.

3.    Mr. Forbes objects to paragraphs five through seven because they are unbalanced, stating what the government need not prove.

## OBJECTIONS TO CHARGE II.F.2.d
(Fourth Element – Knowingly, Willfully and with the Intent to Defraud)

1.    Mr. Forbes objects to this instruction because the definitions of "knowingly," "willfully" and "intent to defraud" should be separated by headings because they are separate concepts, and should be distinctly and clearly explained to the jury.

2.    Mr. Forbes objects to the definition of intent to defraud because it fails to state that the government must prove that Mr. Forbes acted with the purpose of deceiving or defrauding <u>purchasers of Cendant stock</u>.  Mr. Forbes objects to the failure to provide Forbes No. 86.

3.    Mr. Forbes objects to the fifth and sixth paragraphs of this instruction for the reasons stated in the objections to Charge II.D.2.b.  Mr. Forbes also objects to incorporating the instructions which deal with issues of proof and evidence rather than with the elements of securities fraud.  The government agreed that the charge could be given once and need not be repeated or incorporated by reference each time instructions on mental states are given.  <u>See, e.g.</u>, Tr. (10/15/04) at 14728, 14745.

4.    Mr. Forbes objects to an incorporated instruction on good faith. The instruction on good faith should be repeated in full.  If the Court does incorporate the good faith instruction, it should use the incorporating language from Charge II.D.2.b.  ("As I previously instructed you, the good faith of a defendant is a complete defense.  The defendant does not have the burden of establishing good

faith.  The burden is on the government to prove lack of good faith beyond a

reasonable doubt.  I refer you to the instruction on 'good faith' set forth in Section

II.C.2.b.(iv).  That instruction is equally applicable here.").

       5.     Mr. Forbes objects to the instruction on conscious avoidance for

the reasons set forth in his Objection to Repeated Charge on Conscious Avoidance.

## OBJECTIONS TO CHARGE II.G
(Aiding and Abetting)

1.      Mr. Forbes objects to this instruction because it is confusing, misleading, and unnecessary under the government's theory of the case. The government's allegation that the defendants directed the purported conspiracy is inconsistent with the theory that they were mere aiders and abettors. See, e.g., . Indict., Count 1 ¶ 24 ("defendants FORBES and SHELTON directed other conspirators to increase the earnings figure so that it met or exceeded that target" (emphasis added)), ¶ 27 ("defendants WALTER A. FORBES and E. KIRK SHELTON . . . directed other conspirators to increase the consolidated earnings figures for the quarter and the fiscal year by the amounts necessary to meet or exceed their respective earnings targets for that quarter and fiscal year" (emphasis added)). If the government contends that they were mere aiders and abettors, it must identify the alleged principal whom they purportedly aided and abetted and the manner in which they purportedly aided and abetted. Otherwise, the instruction is extremely vague and misleading. Mr. Forbes further objects to this instruction because the government did not previously provide particulars on this issue.

2.      Mr. Forbes objects to this instruction because the Court has now raised this issue in connection with the false statement counts, which do not expressly refer to section 2(a), as opposed to section 2(b). See Tr. (11/01/04) at 16126. This same issue relates to all substantive counts where the Court is giving an aiding and abetting instruction over defendant's objection. The government's

- 93 -

theory of the case and the indictment are all predicated on the defendants' alleged acts as principals or directing others to take certain actions. Those theories do not justify an aiding and abetting instruction.

      3.    Mr. Forbes objects to this instruction because the government has not presented sufficient evidence to support an aiding and abetting theory.

      4.    Mr. Forbes objects to this instruction because the government did not argue aiding and abetting in closing argument.

      5.    Mr. Forbes objects to reading the statute because doing so may be confusing and may invite jurors to give their own interpretations of the statutory language. The instructions should focus only on the elements that the government must prove beyond a reasonable doubt, as instructed by the Court.

      6.    Mr. Forbes objects to the following language in the third and seventh paragraphs and the second element: "in some way" and "some act," because it is too vague.

      7.    Mr. Forbes objects to the instruction because it omits elements of aiding and abetting. It does not state that the government must prove that the defendant acted willfully, and does not define the terms knowingly or willfully. <u>See United States v. Pipola</u>, 83 F.3d 556, 562 (2d Cir. 1996) (trial court instructed jury that the "defendant must have knowingly and willfully facilitated or encouraged the commission of the crime"). It does not clearly state that the government must prove that the defendant knowingly and willfully participated in the crime charged as something he wished to bring about, knowing it was a crime. <u>See United States v.</u>

<u>Wiley</u>, 846 F.2d 150, 154 (2d Cir. 1988) (stating that "the evidence must
demonstrate that the person charged joined in the venture, shared in it, and that
his efforts contributed to its success . . . . [a] general suspicion or knowledge of
illegality is . . . not enough" (brackets & quotation omitted)).  It does not clearly
state that the government must prove that "the underlying crime was committed by
someone other than the defendant."  <u>Pipola</u>, 83 F.3d at 562.

## OBJECTIONS TO CHARGE II.H.1
(The Indictment and the Statutes and Regulations)

1.      Mr. Forbes objects to the reading of the indictment because it addresses many evidentiary matters and includes numerous unnecessary allegations.  See also Renewed Objection of Walter A. Forbes to Reading Superseding Indictment During Jury Charge (filed Nov. 3, 2004).  The relevant portions actually defining the alleged offenses should be integrated into the Court's instructions.  Moreover, the language of the indictment is unconstitutionally vague. This is particularly problematic given the government's improper closing argument, which urged the jury to convict based on matters not charged in the indictment, and the failure to spell out the requirement of proof of specific alleged false statements. See Objections to Defining the Alleged Fraud More Broadly Than the Indictment. There is a serious danger that the jury will convict the defendants on facts or theories not found by the grand jury.  See, e.g., Russell v. United States, 369 U.S. 749 (1962).

2.      Mr. Forbes objects to any quotation of the statutory and regulatory language because doing so may be confusing and may invite jurors to give their own interpretations.  The instructions should focus only on the elements that the government must prove beyond a reasonable doubt, as instructed by the Court.

3.    Mr. Forbes objects to this instruction because it fails to identify the charged scheme to defraud. The scheme to defraud charged in Counts 13-16 is insider trading. <u>See</u> Indict., Counts 13-16.

## OBJECTIONS TO CHARGE II.H.2
(Elements of the Offense)

1.     Mr. Forbes objects to the caption "Elements of the Offense" as opposed to "Elements of Insider Trading."

2.     Mr. Forbes objects to this instruction because it omits the requirement that the trading be on the basis of material non-public information. Knowing possession is not enough. See United States v. Smith, 155 F.3d 1051, 1066 (9th Cir. 1998); SEC v. Adler, 137 F.3d 1325, 1337-39 (11th Cir. 1998); see also United States v. O'Hagan, 521 U.S. 642, 656 (1997) (stating that fraud is consummated "not when the fiduciary gains the confidential information, but when, without disclosure to his principal, he uses the information to purchase or sell securities" (emphasis added)). But see United States v. Teicher, 987 F.2d 112, 120-21 (2d Cir. 1993) (suggesting that court would apply knowing possession standard, but declining to reach issue). Mr. Forbes also objects to the subsequent failure to instruct on this element and proposes that the Court give Forbes No. 95.

3.     Mr. Forbes objects to this instruction because it omits the element that the alleged fraud was "in connection with" the purchase or sale of Cendant stock. See Forbes No. 92; Gov't Revised No. 61. Mr. Forbes also objects to the subsequent failure to instruct on this element and proposes that the Court give Forbes No. 104.

4.     Mr. Forbes objects to the failure to provide Forbes No. 92 instead of Charge II.H.2.

5.      Mr. Forbes renews his multiplicity, duplicity and vagueness objections, see Forbes Pretrial Motion No. 35, and objects to all instructions concerning insider trading on these grounds.  Mr. Forbes objects to the submission of four insider trading counts to the jury, because the proof and the unit of prosecution for insider trading do not support four separate counts.  The government should be required to elect which count, if any, is submitted to the jury.

## OBJECTIONS TO CHARGE II.H.2.b
(Second Element – Trading While in Possession of Material Nonpublic Information)

1.      Mr. Forbes objects to the definition of non-public in the second

paragraph.  That language should be replaced with the language of the Second

Circuit in United States v. Libera, 989 F.2d 596, 601 (2d Cir. 1993).

> We agree that information may be considered public for
> Section 10(b) purposes even though there has been no
> public announcement and only a small number of people
> know of it.  The issue is not the number of people who
> possess it but whether their trading has caused the
> information to be fully impounded into the price of the
> particular stock.  Once the information is fully impounded
> in price, such information can no longer be misused by
> trading because no further profit can be made.

Id. (emphasis added).  Mr. Forbes has proposed the following modified language:

> [The government] must also prove beyond a reasonable
> doubt that the information was nonpublic.  Information
> may be considered public for insider trading purposes
> even though there has been no public announcement and
> only a small number of people know of it.  The issue is not
> the number of people who possess it but whether their
> trading has caused the information to be fully reflected in
> the price of the particular stock.  Once the information is
> reflected in the price of the stock, such information can no
> longer be misused by trading because no further profit
> can be made.

Forbes Instr. No. 93.

2.      Mr. Forbes objects to the definition of materiality, that there is a

"substantial likelihood" that a reasonable investor would have considered the fact

important because it dilutes the burden of proof beyond a reasonable doubt to a civil

standard.  Mr. Forbes objects to the omission of language similar to Forbes No. 93:

In addition, the government must establish that such information was "material." To do so, the government must prove beyond a reasonable doubt that a reasonable shareholder would have considered the information important in deciding whether to purchase Cendant stock on the dates alleged in the indictment. Count 13 of the indictment alleges that Mr. Forbes sold 100,000 shares of Cendant stock on March 5, 1998. Count 14 of the indictment alleges that Mr. Forbes sold 50,000 shares of Cendant stock on March 5, 1998. Count 15 of the indictment alleges that Mr. Forbes sold 50,000 shares of Cendant stock on March 6, 1998. Count 16 of the indictment alleges that Mr. Forbes sold 100,000 shares of Cendant stock on March 6, 1998.

The statute under which Counts 13-16 of the indictment are brought is concerned only with material information and does not cover minor, meaningless, or unimportant information. Information is material only if a reasonable investor <u>would</u> have viewed the information as having significantly altered the total mix of information available.

Forbes Instr. No. 93 (emphasis added).

3. Mr. Forbes objects to the fourth paragraph because it deals with matters of proof, does not help define the element of materiality, is unbalanced, and is an improper comment on the evidence. Mr. Forbes objects to the language regarding the disclosure of information because the indictment charges only false statements, not omissions. Inclusion of this instruction constitutes an unconstitutional amendment of the indictment and/or a prejudicial variance. <u>See, e.g.</u>, <u>Stirone v. United States</u>, 361 U.S. 212 (1960); <u>United States v. Wozniak</u>, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an indictment is a <u>per se</u> violation of the Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (quotation &

brackets omitted)); <u>United States v. Mollica</u>, 849 F.2d 723, 729 (2d Cir. 1988) ("In

light of the current broad range of conduct covered by the federal fraud statutes, it

is critical that courts vigilantly enforce the Fifth Amendment requirement that a

person be tried only on the charges contained in the indictment returned by the

grand jury." (quotation omitted)).  Mr. Forbes also objects to this instruction

because materiality must be assessed at the time of the statement.  <u>See</u> Forbes

Instr. No. 64.  Evidence of a drop in the price of Cendant stock on April 15, 1998

cannot be tied to specific alleged false statements made at a previous date.

     4.    Mr. Forbes objects to the failure to provide Forbes No. 93

instead of Charge II.H.2.b.