**OBJECTIONS TO CHARGE V**
(Procedures You Must Follow)

1.  Mr. Forbes objects to the second paragraph of Charge V.B because there are procedures for correcting a transcript that the government has not chosen to follow. There is no law of which the defendant is aware -- and the government has not cited any -- that says that the recollection of a juror trumps an official transcript. The transcript is the official record of the evidence presented at trial. The law concerning juror recollection deals with arguments of counsel, which are not evidence.

2.  Mr. Forbes objects to having alternate jurors remain at the courthouse during deliberations. This will impose an unreasonable and unnecessary hardship on them. They are likely to be upset in any event that they have devoted more than six months of their lives to this case, but are being excluded from deliberations. The requirement that they remain at the courthouse will likely exacerbate these concerns, particularly if deliberations are protracted, and they may not have an appropriate mind-set if they <u>are</u> ultimately called upon to replace a deliberating juror. The jurors went about their lives away from the courthouse (including several weeks after the conclusion of the evidence) while presumably following the Court's instructions. Having them remain at the courthouse should not be necessary to secure compliance with the Court's instructions now.

- 121 -

## ADDITIONAL OBJECTIONS

Mr. Forbes objects to the Court's failure to include the following instructions proposed by Mr. Forbes in the Court's charge:

1.  Forbes Instr. No. 11.1 (Missing Witness Stuart Bell)—for the reasons set forth above in the Objections to Failure to Give Missing Witness Instruction;

2.  Forbes Instr. No. 15.1 (Accounting Matters Not To Be Considered—Pre-1995 Time Period)—because the testimony about these matters constituted a constructive amendment and/or a prejudicial variance, and the instructions can help protect against a constructive amendment and/or a prejudicial variance, see Forbes Mot. Mistrial Due to Constructive Amendment (filed July 21, 2004); Gov't Opp'n (filed July 30, 2004) at 22, 36-39 (arguing that the Court's instructions can cure any misunderstanding or prejudice on this issue);

3.  Forbes Instr. No. 15.2 (Accounting Matters Not To Be Considered—General Reserves, Profit Sharing Receivables)—because the testimony about these matters constituted a constructive amendment and/or a prejudicial variance, and the instructions can help protect against a constructive amendment and/or a prejudicial variance, see Forbes Mot. Mistrial Due to Constructive Amendment (filed July 21, 2004);

4.  Forbes Instr. No. 15.3 (Accounting Matters Not To Be Considered—Getko Merger Reserves)—because the testimony about these matters constituted a constructive amendment and/or a prejudicial variance, and the instructions can help protect against a constructive amendment and/or a prejudicial

variance, see Forbes Mot. Mistrial Due to Constructive Amendment (filed July 21, 2004);

    5.  Forbes Instr. No. 15.4 (Matters Not To Be Considered—Disclosure of Intent to Trade)—because the testimony about these matters constituted a constructive amendment and/or a prejudicial variance, and the instructions can help protect against a constructive amendment and/or a prejudicial variance, and contrary to the improper impression that the government created through its cross-examination of Mr. Forbes, Mr. Forbes had no obligation to disclose any intent to sell Cendant stock during the 1998 road show, see 17 C.F.R. § 230.144(h);

    6.  Forbes Instr. No. 15.8 (Matters Not to Be Considered—CUC Board Minutes)—because the testimony about these matters constituted a violation of Rule 404(b), a constructive amendment and/or a prejudicial variance, because the government created the improper impression that there was misconduct with respect to these minutes, and the government never connected the alleged manipulation of the board minutes up with the defendants;

    7.  Forbes Instr. No. 19 (Guilty Plea of Government Witness)—because Charge IV.S erroneously states the manner in which guilty pleas of government witnesses may be considered and this charge, which is supported by the law, is necessary to correct that charge;

8. Forbes Instr. No. 20.1 (Retainer Funds)—because the instruction is supported by the law and is necessary to assist the jury in evaluating the bias and credibility of the key government witness;

9. Forbes Instr. No. 20.2 (SEC Quarterly Asset Schedules)—because the interpretation of the agreement is a question of law, the instruction is supported by the law, and is necessary to assist the jury in evaluating the bias and credibility of the key government witness;

10. Forbes Instr. No. 20.3 (Town of Old Saybrook Appraisal and Assessment of Corigliano Property)—because the instruction is supported by the law and is necessary to assist the jury in evaluating the bias and credibility of the key government witness;

11. Forbes Instr. No. 20.4 (SEC Settlement Agreement)—because the interpretation of the agreement is a question of law, the instruction is supported by the law, and is necessary to assist the jury in evaluating the bias and credibility of the key government witness;

12. Forbes Instr. No. 30 (Forms 10-Q and 10-K)—because the instruction is supported by the law, and is necessary to assist the jury in evaluating whether the Forms 10-Q and 10-K contained materially false statements as alleged in the indictment;

13. Forbes Instr. No. 31 (Generally Accepted Accounting Principles)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

14.     Forbes Instr. No. 31.1 (Board of Director Minutes)—because the testimony about these matters constituted a violation of Rule 404(b), a constructive amendment and/or a prejudicial variance, because the government created the improper impression that there was misconduct with respect to these minutes, the government never connected the alleged manipulation of the board minutes up with the defendants, and the instruction is supported by the law;

15.     Forbes Instr. No. 32 (Elements of Conspiracy)—because the instruction is supported by the law and more accurately sets forth the elements than Charge II.C.2;

16.     Forbes Instr. No. 33 (First Element of Conspiracy—Existence of Agreement)—because the instruction is supported by the law and more accurately sets forth the elements than Charge II.C.2.a;

17.     Forbes Instr. No. 34 (Alleged Unlawful Objectives Charged in Count 1—Need for Unanimity)—because the instruction is supported by the law, more accurately identifies the objects of the alleged conspiracy and more accurately sets forth the requirement of unanimity than Charge II.C.2.a;

18.     Forbes Instr. No. 36 (Second Element of Conspiracy—Membership in the Alleged Conspiracy)—because the instruction is supported by the law and more accurately sets forth the elements than Charge II.C.2.b;

19.     Forbes Instr. No. 37 (Second Element of Conspiracy—"Knowingly" Defined)—because the instruction is supported by the law and more accurately sets forth the knowledge requirement;

20. Forbes Instr. No. 38 (Second Element of Conspiracy—"Knowingly" GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

21. Forbes Instr. No. 39 (Second Element of Conspiracy—"Willfully" Defined)—because the instruction is supported by the law and more accurately sets forth the definition than Charge II.C.2.b;

22. Forbes Instr. No. 40 (Second Element of Conspiracy—"Specific Intent to Defraud" Defined)—because the instruction is supported by the law and more accurately sets forth the definition than Charge II.C.2.b;

23. Forbes Instr. No. 42 (Good Faith)—because the instruction is supported by the law and should be repeated in and tailored to the mental states required of each charge;

24. Forbes Instr. No. 43 (Knowingly, Willfully, and Specific Intent to Defraud—Standards Unclear)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

25. Forbes Instr. No. 46 (Elements of Mail and Wire Fraud)—because the instruction is supported by the law and more accurately sets forth the elements than Charge II.D.2;

26. Forbes Instr. No. 47 (First Element of Mail and Wire Fraud—Scheme to Defraud by Means of Materially False and Fraudulent Representations)—because the instruction is supported by the law and more accurately sets forth the elements than Charge II.D.2.a, which defines the fraud too

broadly as further set forth in the Objections to Defining the Alleged Fraud More Broadly than the Indictment;

  27. Forbes Instr. No. 48 (Materiality Judged at Time of Statement)—because the instruction is supported by the law and is not conveyed by Charge II.D.2.a;

  28. Forbes Instr. No. 49 (Mail and Wire Fraud—Scheme to Defraud—Need for Unanimity)—because the instruction is supported by the law, identifies the alleged representations and more accurately sets forth the requirement of unanimity than Charge II.D.2.a;

  29. Forbes Instr. No. 50 (False Statement—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

  30. Forbes Instr. No. 51 (Second Element of Mail and Wire Fraud—Knowingly, Willfully, and Specific Intent to Defraud)—because the instruction is supported by the law, more accurately sets forth the elements than Charge II.D.2.b;

  31. Forbes Instr. No. 52 (Knowingly—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

  32. Forbes Instr. No. 53 (Good Faith)—because the instruction is supported by the law and should be repeated in and tailored to the mental states required of each charge;

33. Forbes Instr. No. 54 (Knowingly, Willfully, and Specific Intent to Defraud—Standards Unclear)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

34. Forbes Instr. No. 56 (Elements of False Statement in SEC Report)—because the instruction is supported by the law and more accurately sets forth the elements than Charge II.E.2;

35. Forbes Instr. No. 62 (False Statement of Fact—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

36. Forbes Instr. No. 63 (Second Element of False Statement in SEC Report—Materiality)—because the instruction is supported by the law and more accurately sets forth the elements than Charge II.E.2.b;

37. Forbes Instr. No. 64 (Materiality Judged at Time of Statement)— because the instruction is supported by the law and is not fully conveyed by Charge II.E.2.b;

38. Forbes Instr. No. 65 (Third Element of False Statement in SEC Report—Made or Caused)—because the instruction is supported by the law and more accurately sets forth the elements than Charge II.E.2.c;

39. Forbes Instr. No. 67 (Fourth Element of False Statement in SEC Report—Knowingly)—because the instruction is supported by the law and more accurately sets forth the knowledge requirement;

40.     Forbes Instr. No. 68 (Knowingly—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

41.     Forbes Instr. No. 69 (Fourth Element of False Statement in SEC Report—Willfully)—because the instruction is supported by the law and more accurately sets forth the definition than Charge II.E.2.d;

42.     Forbes Instr. No. 70 (Fourth Element of False Statement in SEC Report—Specific Intent to Defraud)—because the instruction is supported by the law and more accurately sets forth the definition than Charge II.E.2.d.

43.     Forbes Instr. No. 72 (Good Faith)—because the instruction is supported by the law and should be repeated in and tailored to the mental states required of each charge;

44.     Forbes Instr. No. 73 (Knowingly, Willfully, and Specific Intent to Defraud—Standards Unclear)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

45.     Forbes Instr. No. 74 (Elements of Securities Fraud)—because the instruction is supported by the law and more accurately sets forth the elements than Charge II.F.2;

46.     Forbes Instr. No. 75 (First Element of Securities Fraud—Untrue Statement of Fact)—because the instruction is supported by the law and more accurately sets forth the elements than Charge II.F.2.a, which defines the fraud too

broadly as further set forth in the Objections to Defining the Alleged Fraud More Broadly than the Indictment;

      47.    Forbes Instr. No. 76 (Alleged Untrue Statements of Fact Charged in Counts 10-12)—because the instruction is supported by the law, identifies the alleged false statements, and more accurately sets forth the elements than Charge II.F.2.a, which defines the fraud too broadly as further set forth in the Objections to Defining the Alleged Fraud More Broadly than the Indictment;

      48.    Forbes Instr. No. 77 (Alleged Untrue Statements of Fact)—because the instruction is supported by the law and more accurately sets forth the requirement of unanimity than Charge II.F.2.a;

      49.    Forbes Instr. No. 78 (Untrue Statement of Fact—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

      50.    Forbes Instr. No. 79 (Second Element of Securities Fraud—Materiality)—because the instruction is supported by the law and more accurately sets forth the elements than Charge II.F.2.a;

      51.    Forbes Instr. No. 80 (Materiality Judged at Time of Statement)—because the instruction is supported by the law and is not conveyed by Charge II.F.2.a;

      52.    Forbes Instr. No. 83 (Fourth Element of Securities Fraud—Knowingly)—because the instruction is supported by the law and more accurately sets forth the knowledge requirement;

53.    Forbes Instr. No. 84 (Knowingly—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

54.    Forbes Instr. No. 85 (Fourth Element of Securities Fraud—Willfully)—because the instruction is supported by the law and more accurately sets forth the definition than Charge II.F.2.d;

55.    Forbes Instr. No. 86 (Fourth Element of Securities Fraud—Specific Intent to Defraud)—because the instruction is supported by the law and more accurately sets forth the definition than Charge II.F.2.d;

56.    Forbes Instr. No. 88 (Good Faith)—because the instruction is supported by the law and should be repeated in and tailored to the mental states required of each charge;

57.    Forbes Instr. No. 89 (Knowingly, Willfully, and Specific Intent to Defraud—Standards Unclear)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

58.    Forbes Instr. No. 92 (Elements of Insider Trading)—because the instruction is supported by the law and more accurately sets forth the elements than Charge II.H.2;

59.    Forbes Instr. No. 93 (First Element of Insider Trading—Possession of Material Nonpublic Information)— because the instruction is supported by the law and more accurately sets forth the elements than Charge II.H.2;

60. Forbes Instr. No. 94 (Possession of Material Nonpublic Information—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

61. Forbes Instr. No. 95 (Second Element of Insider Trading—Trading on the Basis of Material Nonpublic Information)—because the instruction is supported by the law and more accurately sets forth the elements than Charge II.H.2;

62. Forbes Instr. No. 98 (Fourth Element of Insider Trading—Knowingly)—because the instruction is supported by the law and more accurately sets forth the knowledge requirement;

63. Forbes Instr. No. 99 (Knowingly—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

64. Forbes Instr. No. 100 (Fourth Element of Insider Trading—Willfully)—because the instruction is supported by the law and more accurately sets forth the definition than Charge II.H.2.d;

65. Forbes Instr. No. 101 (Fourth Element of Insider Trading—Specific Intent to Defraud)—because the instruction is supported by the law and more accurately sets forth the definition than Charge II.H.2.d;

66. Forbes Instr. No. 102 (Good Faith)—because the instruction is supported by the law and should be repeated in and tailored to the mental states required of each charge;

67. Forbes Instr. No. 103 (Knowingly, Willfully, and Specific Intent to Defraud—Standards Unclear)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

68. Forbes Instr. No. 104 (Fifth Element of Insider Trading—In Connection with the Purchase of Sale of Any Security)—because the instruction is supported by the law and more accurately sets forth the elements than Charge II.H.2.

## CONCLUSION

For the foregoing reasons, Mr. Forbes respectfully objects to the final charge.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: November 4, 2004

## CERTIFICATE OF SERVICE

I hereby certify that I caused the Objections of Walter Forbes to Final Charge to be served on November 4, 2004 to the following:

Hand Delivery

John J. Carney, Esq.
Special Attorney
U.S. Department of Justice
450 Main Street, Room 617
Hartford, CT 06103

Stanley A. Twardy, Jr., Esq.
Gary H. Collins, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103

Via Federal Express

Thomas P. Puccio, Esq.
230 Park Ave.
Suite 301
New York, NY 10169

Scott A. Edelman, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

_____
Barry S. Simon