**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------
UNITED STATES OF AMERICA       )
                               )
v.                             )       Criminal No. 3:02CR00264(AWT)
                               )
WALTER A. FORBES and           )
E. KIRK SHELTON                )
-------------------------------
```

**RULING ON MOTION FOR LEAVE**
**OF COURT TO CONDUCT JUROR INTERVIEWS**

Non-Party Ernst & Young LLP's Motion for Leave of Court to Conduct Juror Interviews (Doc. No. 1300) is hereby DENIED.

Paragraph 1 of Local Civil Rule 83.5, which applies to criminal cases pursuant to Local Criminal Rule 1(c), provides as follows:

Rule 83.5

Secrecy of Jury Deliberations

> 1. No party, and no attorney, employee, representative or agent of any party or attorney, shall contact, communicate with or interview any grand or petit juror, or any relative, friend or associate of any grand or petit juror concerning the deliberations or verdict of the jury or of any individual juror in any action before, during or after trial, except upon leave of Court, which shall be granted only upon the showing of good cause. No juror shall respond to any inquiry as to the deliberations or vote of the jury or of any other individual juror, except on leave of Court which shall be granted only upon the showing of good cause. No person may make repeated requests for interviews of a juror after the juror has expressed a desire not to be interviewed. This rule contemplates that the Court shall have continuing supervision over communications with jurors, even after a trial has been completed. A violation of this rule may be treated as a contempt of Court, and may be punished accordingly.

E&Y requests that, after the jury returns its verdicts, the court inquire of the jurors whether they would be willing to be contacted by E&Y for debriefing interviews, and that the court then permit E&Y to interview, in strict compliance with any procedures ordered by the court to safeguard the privacy of the jurors and the integrity of the jury's verdicts, only those jurors who are amenable to being interviewed.  E&Y believes that the information obtained from the jurors would assist it in a related civil case in the District of New Jersey (the "Related Case").  E&Y states that

> [j]uror interviews will assist E&Y in understanding how well jurors understand many of the business and accounting questions at issue, and how those questions and that complex evidence resonate with a lay jury. This should help E&Y in planning the presentation of evidence in a manner that simply and efficiently addresses those questions, and should lead to a shorter civil trial with an enhanced presentation of the issues at stake.

(Ernst & Young's Mem. Supp. Mot. for Leave of Ct. to Conduct Juror Interviews (Doc. No. 1301) at 2.)

The court recognizes that E&Y has carefully crafted its request so as to be as sensitive as possible to the language and spirit of Local Rule 83.5, but the court nonetheless concludes that under the circumstances of this particular case it should not give permission to E&Y to interview any juror.  There are principally four reasons for the court's conclusion.

First, the requested interviews are not necessary to the

proper resolution of this case, only an accommodation to an interested non-party.

Second, there are about 13 other parties (including the defendants in this case) in the Related Case, who are currently represented by five additional sets of counsel.  Each of those other parties can make an equally valid request for permission to interview any consenting jurors.  Already, Cendant Corporation and the HFS Parties have stated in response to E&Y's motion that, if E&Y is given permission to interview jurors, they also want to be permitted to interview jurors.  (See Cendant Corp. Resp. Mem. (Doc. No. 1316) at 1, 3; HFS Parties Opp. Mem. (Doc. No. 1315) at 2.)  Also, as E&Y notes, the defendants in this case have not indicated that they would want to interview the jurors.  When the court noted that E&Y's motion had been received and set a deadline for responses by the parties, the defendant's said nothing and have not filed any response.  However, this is an instance where the defendants' silence speaks volumes.

If the court were to grant permission to E&Y to interview consenting jurors, it would feel compelled as a matter of fairness to permit any other party in the Related Case to also participate, on an equal basis, in the interviews. Moreover, counsel for the parties in this case could undoubtedly have an interest in the process and/or in participating in the interviews, and there is a good chance they would be able to make

persuasive arguments as to why the court should not exclude them. There may be other interested persons as well.  Thus, the situation would most likely quickly escalate into a burdensome one for jurors who commenced a very intrusive and lengthy jury selection process in this case in April and who, by the time this case reached the stage for the jury charge, were weary to the extent that they sat for no more than approximately an hour at a time; the court notes also that when they commenced deliberating, the jurors shortened their hours so as to leave half an hour earlier.  Under these circumstances, the court would do these dedicated jurors a disservice by putting its stamp of approval on any process for juror interviews, thereby (i) conveying at least a subtle suggestion that there is something more these jurors should do to be of service to the court, and (ii) given the history of this case, exposing any consenting (and unsuspecting) juror to the likelihood of being inundated by lawyers with requests for interviews.

 Third, not all persons who would, as a matter of fairness, be allowed to participate with E&Y in any interviews would necessarily share the court's degree of commitment and sensitivity to preserving the integrity of the jury's verdict. While the court is confident that the jurors will remember the limitations on what they are permitted to discuss, it would be all too easy for a proper question to lead to direct or indirect

comments or observations with respect to a prohibited area. Thus, no matter which way the verdicts in this case come out, the court would feel that this case is one where it would have to carefully design the procedures for interviews and then closely supervise the interviews.  That would not be feasible.  For more than the past year this protracted and intensely litigated case has taken virtually all of the court's time, and there are numerous matters related to the case that the court is in the process of completing.  In addition, the court has numerous other matters on its docket that have been put aside for this case and require attention.  All of these matters must take precedence over the court spending time on designing and overseeing a process for interviewing jurors in this case based on E&Y's motion.

Fourth, were the court to devote the required time for designing an interview process appropriate to this case and closely supervising the interviews, the court cannot foresee permitting, under the circumstances of this particular case, answers to questions that would be of any greater benefit to E&Y than feedback that E&Y could obtain from a carefully constructed focus group.

Accordingly, the court concludes that E&Y's motion should be denied.

It is so ordered.

Dated this 15th day of November, 2004 at Hartford, Connecticut.

```
             _____/s/_____
             Alvin W. Thompson
             United States District Judge
```