## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 3:02CR264 (AWT) |
| v. ) | |
| ) | December 20, 2004 |
| WALTER A. FORBES and ) | |
| E. KIRK SHELTON. ) | |

## OBJECTIONS OF DEFENDANT WALTER A. FORBES TO THE COURT'S DENIAL OF MR. FORBES' REQUEST TO READ BACK TESTIMONY RESPONSIVE TO THE JURY'S DECEMBER 16, 2004 NOTE

Defendant Walter A. Forbes, through undersigned counsel, respectfully objects to the Court's denial of Mr. Forbes' request to read back the following testimony in response to the jury's December 16, 2004 note:  Trial Tr. 1729:12-1743:15 (Monaco cross, 5/20/04); Trial Tr. 1767:25-1770:23 (Monaco cross, 5/24/04); Trial Tr. 1788:16-1799:5 (Monaco cross, 5/24/04); Trial Tr. 1806:15-1815:13 (Monaco cross, 5/24/04); and Trial Tr. 13,829:16-13,831:13 (Walter Forbes direct, 9/28/04). The grounds for Mr. Forbes' objections are as follows:

1.      The transcript citations identified by Mr. Forbes should be read back to the jury in order to fully and fairly respond to the jury's request for Mr. Monaco's direct examination on May 20 on the "[k]ey terms" of "1/16/98 executive committee," "1/25/98 audit committee meeting," and "split audit function," and for cross-examination of Mr. Monaco on the January 16 and January 25, 1998 meetings, which obviously focuses on whether Mr. Forbes requested at one or both or those meetings that the audit function be split between Ernst & Young ("E&Y")

and Deloitte & Touche ("D&T").  Cf. United States v. McCarthy, 473 F.2d 300, 308 (2d Cir. 1972)  (trial court has discretion as to "how much of a witness' testimony should be read back to the jury in the interest of fairness and completeness").[1]

Mr. Monaco testified, inter alia, on direct examination that Mr. Forbes made statements at both the January 16 and January 25 meetings in support of retaining E&Y to audit at least the CMS portion of Cendant.  See Trial Tr. 1621-35 (5/20/04).  In the pages of cross examination designated by Mr. Forbes, Mr. Forbes' counsel (i) placed Mr. Forbes' alleged statements at the January 16, 1998 meeting into context by establishing the respective roles of E&Y and D&T at the time and their relationships with CUC and HFS; (ii) established that E&Y was actively lobbying to become Cendant's outside auditing firm in January 1998 and was fully capable of serving in that capacity; (iii) impeached Mr. Monaco's testimony concerning Mr. Forbes' alleged statements at the January 25, 1998 Cendant Audit Committee meeting by establishing the chronology of events between January 16 and 25, 1998; (iv) established that D&T was formally retained as Cendant's outside audit firm on January 20, 1998 and that it would not make any sense for Mr. Forbes to re-raise the issue at the January 25, 1998 meeting (as Mr. Monaco asserted on direct examination); (v) established that Cendant filed a Form 8-K with the SEC on January 22, 1998 in which Cendant publicly stated that E&Y had been dismissed and that D&T had been selected as Cendant's outside auditing firm, and

---

[1]    Mr. Forbes would not object if the Court omitted the following portions of Mr. Monaco's cross-examination from its read-back:  Trial Tr. 1810:9-1812:23.

2

that it would make no sense for Mr. Forbes to advocate on E&Y's behalf at the January 25, 1998 meeting (as Mr. Monaco claimed); (vi) established that E&Y wrote a letter to Cendant on January 22, 1998 acknowledging that its auditing relationship with Cendant had ceased, so that it would not make any sense for Mr. Forbes to raise the issue of E&Y at the January 25, 1998 meeting (as Mr. Monaco testified on direct examination); and (vii) established that, at the February 3, 1998 Cendant Audit Committee meeting, the Audit Committee ratified the minutes of the January 25, 1998 meeting (and that the January 25, 1998 minutes contain no mention of any purported statement by Mr. Forbes in support of retaining E&Y as an audit firm).

The Court omits such explicit testimony as Mr. Monaco's admission that Mr. Forbes agreed to the selection of D&T as the company's auditors, the Audit Committee's ratification of the recommendation of the Executive Committee, and the Audit Committee's ratification of the minutes of the January 25, 1998 Audit Committee meeting, all of which are inextricably linked to the cross-examination of Mr. Monaco on the chronology of events concerning the selection of D&T as the company's auditors and the determination that E&Y would only handle certain non-audit projects.  The transcript citations identified by Mr. Forbes are critical cross-examination and impeachment of Mr. Monaco on Mr. Forbes' alleged statements concerning E&Y on both January 16, 1998 and January 25, 1998 -- the very topics identified by the jury in its note.

2.     Based on the December 16, 2004 jury note and a prior jury note, it appears that one or more jurors place heavy reliance on Mr. Monaco's testimony. The cross-examination identified by Mr. Forbes impeaches Mr. Monaco's testimony that Mr. Forbes advocated on behalf of E&Y at the January 25, 1998 Audit Committee meeting. It also places Mr. Monaco's testimony concerning the January 16, 1998 meeting into context. The cross-examination is a direct response to the testimony concerning the January 16 and January 25 meetings elicited by the government on Mr. Monaco's direct examination.[2] It is clearly relevant and critical to the jury's assessment of Mr. Monaco's testimony concerning Mr. Forbes' purported statements concerning E&Y at those meetings.

By omitting the cross-examination identified by Mr. Forbes from its read-back, the Court will unduly emphasize Mr. Monaco's direct examination concerning Mr. Forbes' alleged advocacy for E&Y and present a misleading picture of Mr. Monaco's testimony. The Court also will suggest to the jury, erroneously, that Mr. Monaco's cross-examination concerning the events between January 16 and 25, 1998, and the surrounding context with respect to E&Y, is not relevant to its assessment of Mr. Monaco's testimony concerning the events of January 16 and

---

[2]     It is important to note that the direct testimony of Mr. Monaco included in the Court's read-back (and agreed to by the parties as responsive to the jury's note) encompasses more than just the January 16 and 25 meetings. It includes Mr. Monaco's role in selecting auditors (e.g., Trial Tr. at 1621), as well as the respective roles of E&Y and D&T at the time of the January 16 and 25 meetings (e.g., Trial Tr. at 1625). Accordingly, it is critical to present Mr. Monaco's cross examination with respect to the role of E&Y at the time of the meetings and the role it was expected to play after the meetings.

4

25, 1998. In so doing, the Court will unfairly emphasize the government's theory of the case at the expense of Mr. Forbes'. Cf. United States v. Arboleda, 20 F.3d 58, 62 (2d Cir. 1994) ("When the deliberative process is interrupted by the jury's re-exposure to one party's view of the evidence and how it should be applied, its function is in some sense inevitably skewed, resulting in prejudice to the other party."); see also United States v. Rivera-Santiago, 107 F.3d 960, 965-67 (1st Cir. 1997) (per curiam) (vacating and remanding based on court's reading of selected testimony in response to jury inquiry, where jury was "directed to only part of the evidence" on a subject "instead of being instructed to consider and weigh all of the evidence relating to that issue adduced at trial"; court's response was prejudicial because "[t]he defendants were entitled to have their theory of the case, as developed through their evidence, presented to the jury on an equal footing with the government's theory of the case. This did not occur because the trial judge's response tipped the scales in favor of the government's theory.").

3.      To date, the jury has deliberated for 22 days. This is the first time in the jury's lengthy deliberations that it has requested a read-back with respect to Mr. Forbes. The jury's request relates to a direct conflict between Mr. Monaco's and Mr. Forbes' testimony with respect to Mr. Forbes' alleged statements concerning E&Y at the January 16 and 25, 1998 meetings. Given the importance of this issue, and its potential impact on the jury's assessment of Mr. Forbes' credibility, it is fundamentally unfair to deny the jury a read-back of important cross-examination that impeaches Mr. Monaco's testimony on the discussions at

5

those meetings and supports Mr. Forbes' testimony.  See United States v. Van Dyke, 14 F.3d 415, 424 (8th Cir. 1994) (failure to read back exculpatory portion of cross examination "certainly tended to give the jury a version of events singularly favorable to the prosecution").

        4.    Mr. Monaco's testimony took place almost seven months ago. The jury's recollection of that testimony likely has dimmed significantly.  The transcript citations identified by Mr. Forbes constitute a unified cross-examination of Mr. Monaco concerning the January 16 and 25, 1998 meetings, the chronology between January 16 and 25, 1998, and the surrounding context with respect to E&Y and D&T and their respective roles during that time frame.  Given the lengthy period of time that has passed since Mr. Monaco's testimony, it is important for the jury to hear Mr. Forbes' full cross-examination and impeachment of Mr. Monaco on these subjects.

        5.    The direct testimony of Mr. Forbes that the Court has declined to read back (Trial Tr. 13,829:16-13,831:13) also relates to the issues raised by the jury's note.  It refers, inter alia, to a Cendant Board of Directors meeting on January 26, 1998 at which the Cendant Audit Committee reported to the Board with respect to the January 25, 1998 Audit Committee meeting that is a subject of the jury's note.

6

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____

     Brendan V. Sullivan, Jr. (Bar No. ct17115)
     Barry S. Simon  (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

     - and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

7