UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>WALTER A. FORBES and )<br>E. KIRK SHELTON. )<br>) | No. 3:02CR264 (AWT)<br><br>December 31, 2004 |

### RESPONSE OF DEFENDANT WALTER A. FORBES TO THE JURY'S DECEMBER 29, 2004 NOTE

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits his response to the jury's December 29, 2004 note on the subject of aiding and abetting. Mr. Forbes also joins the memorandum filed by Mr. Shelton in response to the December 29, 2004 note.

1. The jury should be instructed that aiding and abetting is <u>not</u> an alternative standard of liability with respect to counts 2-12. The jury also should be instructed to disregard the Court's earlier instructions on the subject of aiding and abetting on the ground that the concept of aiding and abetting has no application to this case.

Mr. Forbes respectfully submits that it was error to give the jury an instruction on aiding and abetting in the Court's concluding charge to the jury because the allegations in the indictment and the government's theory of the case are fundamentally inconsistent with the theory that defendants were mere aiders and abettors. See, e.g., Indict., Count 1 ¶ 24 ("defendants FORBES and SHELTON

directed other conspirators to increase the earnings figure so that it met or exceeded that target" (emphasis added)); Count 1, ¶ 27 ("defendants WALTER A. FORBES and E. KIRK SHELTON . . . directed other conspirators to increase the consolidated earnings figures for the quarter and the fiscal year by the amounts necessary to meet or exceed their respective earnings targets for that quarter and fiscal year" (emphasis added)).[1] The government's allegation that the defendants directed the purported scheme, as evidenced by the government's repeated assertions in closing argument,[2] cannot be reconciled with an aiding and abetting theory. Similarly, the government's contentions that Mr. Forbes spearheaded an alleged scheme to fraudulently inflate CUC's financial results for the better part of a decade, e.g.,

---

[1] The Court has already addressed the concept of § 2 causation in its charge with respect to the substantive counts of the indictment.

[2] See, e.g., Tr. 14827 ("I'm going to focus my time with you talking about two main things: One, proof of the existence of this fraud; and two, proof of the knowledge, involvement and direction of the two defendants in the fraud."); Tr. 14835 ("Walter Forbes knew all about this fraud and directed this fraud."); Tr. 14843 ("Walter Forbes, the man running this fraud"); Tr. 14848 ("What you have is no Cosmo Corigliano running the show. You have Walter Forbes, Stu Bell talking to the analysts, issuing the press release and asking to get paid."); Tr. 14844 ("Mr. Forbes paid attention because he ran this fraud with Mr. Shelton and was at the top of this fraudulent conspiracy."); Tr. 14895 ("All at the direction of Mr. Forbes, all at the direction of Mr. Shelton."); Tr. 14950 ("The men running the fraud signed the agreement to keep Anne Pember"); Tr. 14961 ("he [Mr. Shelton] was running the fraud along with Mr. Forbes and Mr. Corigliano"); Tr. 14982 ("what was done here was expressly directed by the defendants down the chain of the conspiracy"); Tr. 15010 ("Mr. Shelton and Mr. Forbes directed this fraud, were in on this fraud, pushed this fraud along"); Tr. 15013 ("Mr. Forbes knew about the fraud, directed the fraud, was involved in every way in this fraud"); Tr. 15015 ("the knowledge, involvement and direction of these two men in this fraud"); Tr. 15027 ("Mr. Shelton[] was in on the fraud, directed the fraud"); Tr. 15118 (assertion that Mr. Forbes and Mr. Shelton "ran a fraud").

2

count 1, ¶¶ 20, 30 -- a period that spanned two CFO's -- and that Mr. Forbes was "involved in every way in this fraud," Tr. 15013, make clear that Mr. Forbes has been charged as a principal and not an aider and abetter.[3] The evidence presented by the government at trial also does not support an aiding and abetting charge.[4]

2. In the event that the Court, over Mr. Forbes' objection, instructs the jury on the subject of aiding and abetting, the jury should be instructed that it may not consider aiding and abetting with respect to counts 5 and 6. Those counts do not refer to 18 U.S.C. § 2(a), as opposed to § 2(b).

3. In the event that the Court, over Mr. Forbes' objection, instructs the jury on the subject of aiding and abetting, Mr. Forbes objects to providing any examples of aiding and abetting to the jury. As discussed in paragraph 1, supra, there is no example that could be given under the facts of this case or the government's theory of the case that would support a conviction based on an aiding and abetting principle.

In the event the Court gives any examples to the jury over Mr. Forbes' objection, Mr. Forbes objects to any example based on the facts of this case on the grounds that it would be prejudicial, misleading, confusing, and inappropriate. See

---

[3] The jury's confusion with respect to aiding and abetting, as demonstrated by the December 29 note, underscores the error in the Court's decision to give an aiding and abetting instruction.

[4] Mr. Forbes incorporates herein by reference the entirety of his previously-filed objections to the Court's aiding and abetting instruction. See Objections of Walter A. Forbes to Final Charge (Objections to Charge II.g).

3

United States v. Lara, 47 F.3d 60, 65 (2d Cir. 1995) ("we have cautioned against the use in jury charges of hypotheticals that closely resemble the facts of a case . . . . The principal risk of such hypotheticals is that they will make an unbalanced presentation that illustrates circumstances sufficient for conviction but not circumstances warranting an acquittal.") (collecting cases). Mr. Forbes also objects to giving the jury any guilt-assuming or unbalanced examples of aiding and abetting on the grounds that such examples would be confusing, unhelpful, prejudicial, and misleading. See United States v. Dove, 916 F.2d 41, 46 (2d Cir. 1990) (reversing conviction and stating that "the use in a criminal case of a hypothetical that assumes guilt where defendant asserts his innocence is disfavored. Certainly the use of such an example was more prejudicial than helpful and would tend to skew the jury away from the truth rather than toward it."). Furthermore, Mr. Forbes requests that the jury be instructed that the examples have nothing to do with the facts of this case and are not intended to suggest any particular interpretation of the evidence in this case.

    4.    In the event that the Court, over Mr. Forbes' objections, instructs the jury on the subject of aiding and abetting with respect to counts 2-12, Mr. Forbes proposes the following response (over objection):[5]

---

[5] See Sand, Instruction 11-2 & Comment (collecting cases); First Circuit Pattern Instruction on Aiding and Abetting; Third Circuit Pattern Instruction on Aiding and Abetting; United States v. Pipola, 83 F.3d 556, 562 (2d Cir. 1996); United States v. Wiley, 846 F.2d 150, 154 (2d Cir. 1988); United States v. Cardella, 776 F.2d 1091, 1097 (2d Cir. 1985); United States v. Stanchich, 550 F.2d 1294, 1300 (2d Cir. 1977).

4

Ladies and gentlemen of the jury:

Your December 29, 2004 note asked questions regarding aiding and abetting.

I instruct you that, in order to prove aiding and abetting with respect to any of counts 2-12, the government must prove all of the following elements beyond a reasonable doubt with respect to the defendant you are considering:

1.  All of the elements of the underlying offense in the count you are considering were committed by a person other than the defendant;

2.  The defendant knew that the crime charged was being committed;[6]

3.  The defendant knowingly and willfully associated himself with the crime as something he wished to bring about;

---

[6] Aiding and abetting requires the Government to prove, beyond a reasonable doubt, that the defendant knew the specific nature of the underlying crime. "Proof that the defendant knew that *some* crime would be committed is not enough." United States v. Friedman, 300 F.3d 111, 124 (2d Cir. 2002) (italics in original); see also Pipola, 83 F.3d at 562; United States v. Labat, 905 F.2d 18, 23 (2d Cir.1990).

5

4. The defendant acted with the willfulness, knowledge, and intent of the underlying offense in the count you are considering; and

5. The defendant knowingly and willfully engaged in a voluntary act with the specific intent of advancing the commission of the underlying crime.[7]

With respect to element 1, I refer you to the instructions on the elements of the underlying offenses rather than repeating them here.

With respect to element 2, it is not enough for the government to prove that the defendant knew that some crime was being committed. The government must prove beyond a reasonable doubt that the defendant knew that the specific crime charged was being committed.

With respect to elements 3, 4, and 5, the government must prove beyond a reasonable doubt that the defendant you are considering knowingly, willfully, and intentionally joined and shared in the criminal venture with the specific intent that his efforts contribute to its success. It is not sufficient for the government to

---

[7] See Pipola, 83 F.3d at 562.

establish beyond a reasonable doubt that the defendant you are considering was present at the scene of a crime or that he suspected or knew that a crime was being committed. It also is not enough for the government to prove beyond a reasonable doubt that the defendant acquiesced in the criminal conduct of others, even with guilty knowledge. More is required. The government must prove beyond a reasonable doubt that the defendant knowingly and willfully associated himself with the criminal venture with the specific intent of advancing the commission of the crime and knowingly and willfully engaged in an act with the specific intent to help make the crime succeed.

A person acts knowingly when he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. To establish that the defendant whom you are considering acted knowingly, the government must prove beyond a reasonable doubt that the defendant knew that the financial information publicly disclosed by CUC and Cendant was materially false.

7

> An act is done willfully if it is done voluntarily and intentionally, with knowledge that one's conduct is unlawful, and with the intent to do something the law forbids, that is to say with a bad purpose either to disobey or disregard the law. In other words, the government must prove beyond a reasonable doubt that the defendant you are considering knew he was breaking the law. Conduct is not willful if it results from negligence, inadvertence, mistake, or a good faith misunderstanding of the requirements of the law. I remind you that a defendant who acted in good faith cannot be found to have acted knowingly, willfully, and with a specific intent to violate the law. Good faith on the part of the defendant is simply inconsistent with this unlawful intent.
>
> I remind you that the doctrine of conscious avoidance may <u>not</u> be used to establish any aspect of aiding and abetting.[8]

---

[8] Mr. Forbes previously objected to any conscious avoidance instruction by the Court, as well as to the language of the instruction given by the Court, <u>see</u> Objections of Walter A. Forbes to Final Jury Charge, and he renews those objections here. In light of the fact that the Court overruled Mr. Forbes' objections, and instructed the jury on conscience avoidance, it is necessary to clarify for the jury that conscious avoidance does not apply to aiding and abetting. Because the Court's initial charge made only a brief reference to this point, in the context of instructions concerning conspiracy, <u>See</u> Tr. 16301, the Court should re-instruct the jury on this

I also remind you that the law presumes each defendant to be innocent of all the charges against him.[9] I therefore instruct you that each defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are unanimously satisfied that the government has proven that defendant guilty beyond a reasonable doubt.

I remind you that proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If, after careful and impartial consideration of all the evidence in this case, you have a reasonable doubt that a defendant is guilty, you must acquit that defendant.

Finally, I remind you that you should not single out any instruction as alone stating the law. You should consider all of my instructions as a whole during the course of your deliberations.

---

important point, given the jury's current focus on aiding and abetting.

[9] See United States v. Meadows, 598 F.2d 984, 990 (5th Cir. 1979); Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, Instruction No. 10.01 & Committee Comments (2000).

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon  (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes