UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|   |   |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 3:02CR264 (AWT) |
| v. ) | |
| ) | January 2, 2005 |
| WALTER A. FORBES and ) | |
| E. KIRK SHELTON. ) | |

**REPLY OF DEFENDANT WALTER A. FORBES TO THE
GOVERNMENT'S RESPONSE TO THE JURY'S DECEMBER 29, 2004 NOTE**

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits his reply to the government's response to the jury's December 29, 2004 note on the subject of aiding and abetting ("Government Response").

1. Mr. Forbes objects to the government's proposal that the jury be given the answer "yes" in response to its note, see Government Response at 1, for several reasons.

First, for the reasons set forth in Mr. Forbes' Response to the Jury's December 29, 2004 Note (submitted December 31, 2004), the jury should not be told that aiding and abetting is an alternative theory of liability. Instead, the jury should be instructed that the concept of aiding and abetting has no application to this case, and that the jury should disregard the Court's prior instructions on this subject.[1]

---

[1] While the government points out that the Court previously rejected Mr. Forbes' contention that no aiding and abetting instruction should be given in this case, Government Response at 2 n.1, the jury's note presents the Court with an

Second, the question posed by the jury is whether it may "use aiding and abetting as an alternative standard in <u>reaching a verdict</u> with respect to counts 2 through 12." Court Ex. 58 (emphasis added). The Court should not invade the province of the jury with a response of "yes," which directs the jury in the manner in which it is to reach a verdict.[2] An answer of "yes" has the coercive effect of an <u>Allen</u> charge without the balancing language contained in the standard <u>Allen</u> charge.

---

opportunity to remedy its earlier error by instructing the jury to disregard the concept of aiding and abetting and strike all previous instructions on the subject. The government's reliance on <u>United States v. Sirois</u>, 87 F.3d 34 (2d Cir. 1996) (Government Response at 3), is misplaced. There, unlike here, the government "put forward both varieties of the aiding-and-abetting theory (Booth as principal and Sirois as accessory, and vice versa) at various stages of the case."). <u>Id.</u> at 43. Here, the government never presented any aiding and abetting theory to the jury, arguing consistently from the beginning to the end of the trial that Mr. Forbes directed the alleged scheme and was intimately involved in it. <u>E.g.</u>, Forbes Response to December 31, 2004 note at 2 n.2. The issue of causation is fully addressed in the instructions on the substantive counts.

[2]   None of the cases cited by the government involved a simple "yes" response to a jury inquiry analogous to this one. In <u>United States v. Pellegrino</u>, 470 F.2d 1205 (2d Cir. 1972) (Government Response at 3), the jury asked whether the phrase "cause to be transported" could be substituted for the phrase "did transport" in the indictment. <u>Id.</u> at 1208-09. The jury did not ask any question about the standard to apply in reaching a verdict. In <u>United States v. Clark</u>, 613 F.2d 391 (2d Cir. 1979) (Government Response at 3), the court did not give a simple "yes" or "no" answer to the jury's question. <u>Id.</u> at 35-36; <u>see also</u> <u>United States v. Myers</u>, 692 F.2d 823, 851-52 (2d Cir. 1982) (Government Response at 4) (trial court did not give simple yes or no answer in response to jury note); <u>United States v. Vargas</u>, 615 F.2d 952, 955-56 (2d Cir. 1980) (Government Response at 4) (same); <u>United States v. Martin</u>, 525 F.2d 703, 707 (2d Cir. 1975) (Government Response at 4) (same); <u>cf.</u> <u>United States v. Willis</u>, 88 F.3d 704, 718 (9th Cir. 1996) (Government Response at 4) (no plain error where jury note stated that it had found the requirements of aiding and abetting satisfied and asked whether that meant defendant was guilty; court responded "yes" and defendant failed to object adequately).

Third, the government's proposed response is erroneous. The standard the jury must apply in reaching a verdict is whether the government has satisfied its burden of proof beyond a reasonable doubt. There is no "alternative" standard of liability in a criminal case. Moreover, the criminal intent required for aiding and abetting liability is identical to the criminal intent required for liability as a principal,[3] with the <u>additional</u> requirement that the aider and abetter have knowledge of the specific underlying offense committed by another. A response of "yes" to the jury's question would mislead the jury concerning the standard for aiding and abetting liability and create the erroneous impression that the intent standard for aiding and abetting liability is less than that required for liability as a principal.

Fourth, a "yes" response to the jury's inquiry would be erroneous because the Court has already incorporated the concept of willful causation into its instructions on the substantive counts. For example, the Court instructed the jury on counts 7-12 that it is enough for the government to show that the defendant caused the use of an instrumentality of interstate commerce. Tr. 16357; Tr. 16363-64; <u>see also</u> Tr. 16309, 16317, 16325-26 (mail and wire fraud instructions); Tr. 16332-33, 16338 (instructions regarding counts 5 and 6). Aiding and abetting liability cannot be used to establish willful causation. To the contrary, sections 2(a)

---

[3] See <u>United States v. Hernandez</u>, 290 F.2d 86, 89 (2d Cir 1961) ("an aider and abettor must have the same knowledge and intent required of the principal").

and 2(b) of the aiding and abetting statute are alternative theories of liability that cannot be combined to create criminal liability. A "yes" response to the jury's note would erroneously suggest that aiding and abetting may be used as a theory to establish willful causation. For this reason as well, Mr. Forbes objects to a "yes" response to the jury's note.

    2.    Mr. Forbes objects to the government's proposal that the Court repeat its previous instructions on the subject of aiding and abetting in response to the jury's note.

The jury's question regarding aiding and abetting arrived at the end of the twenty-ninth day of deliberations, a critical juncture in this trial. The note evidences confusion by one or more jurors with respect to a significant issue. It appears from the note that one or more jurors has rejected the government's contention that Mr. Forbes is liable as a principal. The Court's response to the jury's note is, accordingly, of great significance to the jury's deliberations at this pivotal point in the trial.

In the event that the Court, over Mr. Forbes' objection, instructs the jury on the subject of aiding and abetting, the Court should not repeat its earlier instructions on this issue. It is evident from the jury's note that the prior instructions were not sufficiently clear, and that one or more jurors do not understand the concept of aiding and abetting as set forth in the Court's instructions. A repetition of instructions that have not proved helpful to the jury will do nothing to ameliorate the jury's confusion on this subject.

3.  Mr. Forbes further objects to the government's suggestion that the Court repeat its earlier instructions on aiding and abetting because the prior instructions were erroneous and omitted critical intent requirements for aiding and abetting liability.

Throughout this trial, the critical issue has been the alleged knowledge and intent of the defendants with respect to the alleged scheme. The central issue for the jury, and the critical point of dispute between Mr. Forbes and the government, is whether Mr. Forbes had knowledge of the alleged accounting scheme and intended to release materially false financial information to the SEC and the investing public. The Court's aiding and abetting instruction omitted the critical requirements that the defendant act willfully, with the same level of intent required of the underlying count the jury is considering,[4] and with the specific intent of advancing the commission of the underlying crime.[5] The Court's instruction also omitted the requirement that "the aider and abetter must have knowledge of each element of the crime for which the principal must have knowledge." Sand, Comment to Instruction 11-2 (2004) (collecting cases). In addition, the Court's instruction failed to define the required intent elements of knowledge, willfulness, and specific intent for the jury. In the event that the Court, over Mr. Forbes' objection, instructs the jury on aiding and abetting, Mr. Forbes requests that the

---

[4]  Hernandez, 290 F.2d at 89.

[5]  United States v. Pipola, 83 F.3d 556, 562 (2d Cir. 1996).

5

Court give his proposed instruction, which contains critical information concerning the intent requirements for aiding and abetting liability that is not contained in the Court's instruction. See United States v. Hastings, 918 F.2d 369, 371-73 (2d Cir. 1990) (reversing where supplemental instruction was "inadequate to inform the jury that defendant's possession must be knowing," even were original charge was adequate); United States v. Velez, 652 F.2d 258, 261-63 (2d Cir. 1981) (reversing where court failed to repeat charge on willful membership in conspiracy in supplemental instruction; court's "refusal to give a supplemental instruction on this essential element prejudiced the defense").[6]

4.  Mr. Forbes objects to the repetition of the Court's prior instruction on aiding and abetting because it permits the jury to find that Mr. Forbes caused the operative events (e.g., a false SEC filing or a mailing) in counts 2-12 under an aiding and abetting theory. As discussed above, aiding and abetting is a mutually exclusive alternative theory to willful causation and cannot be used to establish willful causation.

5.  Mr. Forbes objects to the government's suggestion that the Court repeat its earlier instruction on aiding and abetting for the additional reason that

---

[6] The government concedes that the Court should give an expanded definition of "knowingly" in any supplemental instruction on aiding and abetting. See Government Response at 10 n.2. The Court should do the same with respect to the elements of willfulness and specific intent, both of which are required for aiding and abetting liability. In addition, the Court should explain that the defendant must know the specific nature of the underlying crime, see Forbes Response at 5 & n.6, and share the principal's criminal intent.

6

the Court's aiding and abetting instruction does not itself explicitly state that the doctrine of conscious avoidance may <u>not</u> be used to establish any aspect of aiding and abetting. As set forth in Mr. Forbes' submission (see id. at 8 & n.8), the Court's prior instruction on this subject was a brief reference contained in the Court's conspiracy instruction. See Tr. 16301. Because of the significance of the aiding and abetting issue at this juncture, and the jury's focus on that instruction, as well as the significance of the intent issues at the heart of this case, it is important to instruct the jury in any supplemental charge that conscious avoidance may not be used to establish any aspect of aiding and abetting.[7]

6. Mr. Forbes objects to the government's proposal because it does not include any re-instruction by the Court with respect to the presumption of innocence and the government's burden of proof beyond a reasonable doubt. The jury has not been instructed on these important points for two months. Because the jury's note raises the question of the standard to apply in reaching a verdict, it is critical to instruct the jury on the beyond a reasonable doubt standard, as well as the presumption of innocence, in any response to the jury's note.

7. Mr. Forbes objects to the government's proposal because it does not include any re-instruction of the jury that it should not single out any instruction as

---

[7] Mr. Forbes previously objected to any conscious avoidance charge and renews that objection here. Because the Court overruled Mr. Forbes' objection, and instructed the jury on conscious avoidance, in the event the Court re-instructs the jury on aiding and abetting it is necessary to instruct the jury that conscious avoidance cannot be used to establish any aspect of aiding and abetting.

alone stating the law and should consider all of the Court's instructions as a whole during the course of its deliberations. Because the Court's response to the jury's note will highlight selected issues, it is important to remind the jury to consider all of the Court's instructions as a whole.[8]

  8. Mr. Forbes objects to the government's alternative proposal that the Court read an excerpt from Sand Instruction 11-1.

  First, as discussed above, Mr. Forbes objects to any supplemental instruction on aiding and abetting, and requests that the jury be instructed to disregard the Court's prior instructions on the subject.

  Second, the Sand excerpt is misleading and insufficient.[9] Neither the Sand excerpt nor the Court's prior instruction (which the government seeks to pair with the excerpt) contains the critical intent requirements of aiding and abetting liability, as discussed in Paragraph 3, supra, nor any definition of the required intent elements of knowledge, willfulness, and specific intent.

---

  [8] The government concedes that the jury should be told that any supplemental instruction is "an adjunct to, and not a substitute for, the original charge." Government Response at 7 (quoting United States v. Velez, 652 F.2d 258, 261-63 (2d Cir. 1981)). Although the jurors should be directed to consider all of the Court's instructions, Mr. Forbes preserves and renews all of his objections to the Court's final jury instructions, which were erroneous for the reasons set forth in Mr. Forbes' objections (filed Nov. 4, 2004).

  [9] The mere fact that the Sand excerpt is derived from a standard instruction does not mean that it is a clear and correct statement of the law. Indeed, during the charge conference, the government agreed to strike language from standard instructions. E.g., Tr. 14717, 14737.

9.   Mr. Forbes objects to the government's suggestion that the Court question the jury in order to clarify its note. See Government Response at 11. The jury's note is not unclear or ambiguous, and there is no reason to inquire of the jury concerning the meaning of its note. Compare United States v. Viserto, 596 F.2d 531, 539 (2d Cir. 1979) (Government Response at 11) (jury polled amid confusion concerning jury note).

10.   Mr. Forbes objects to the hypothetical example proposed by the government.

First, the example is too closely related to the present case. The example involves the liability of a person in a managerial, white-collar position (such as Messrs. Forbes and Shelton) for the act of a lower-level employee (such as Mr. Corigliano). It is closely analogous to the employer/employee relationship involved in this case and highly prejudicial. It violates the principle enumerated by the Second Circuit -- and acknowledged by the government -- that an example must not be "too close or analogous to the facts of the case on trial." Girden v. Sandals International, 262 F.3d 195, 206 (2d Cir. 2001) (Government Response at 12).[10] In the event that the Court gives a hypothetical example to the jury (over Mr. Forbes' objection), the example should not involve a white-collar offense, and should be far removed from the facts of this case (such as an example involving a bank robbery).

---

[10]   Notably, the government fails to cite any support for its contention that "the example should be sufficiently analogous to the facts of the instant case so as to be 'relevant' and provide appropriate and coherent guidance." Government Response at 13.

Second, the government's proposed hypothetical is confusing and misleading because it involves a white collar offense that appears similar to the offenses charged in this case, but which has elements that differ from the offenses charged here. The jury has not been instructed on the elements of embezzlement and does not know the intent requirements or other elements for liability under the various embezzlement statutes. Any instruction on embezzlement or other white collar offenses about which the jury has not been instructed will invite the jury to speculate about the intent elements of those offenses and to make comparisons between those offenses and the offenses charged here which may be entirely erroneous. This would be highly prejudicial because the intent requirement for aiding and abetting must be the same as the intent requirement for the underlying offense in question. See United States v. Hernandez, 290 F.2d 86, 89 (2d Cir 1961) ("an aider and abettor must have the same knowledge and intent required of the principal"). For this reason as well, the Court should not give the jury any examples based on white collar offenses.

Third, the hypothetical example proposed by the government is erroneous and misleading. It omits the critical requirements of willfulness, knowledge of the specific underlying offense, and specific intent to advance the commission of the underlying crime. It also omits the requirement that all of the elements of the underlying offense must be established, as well as the requirement that the defendant knowingly and willfully associate himself with the crime as something he wished to bring about.

Fourth, the hypothetical example proposed by the government omits a number of factual scenarios under which the defendant would not be guilty as an aider and abetter, even under the proposed hypothetical. For example, the defendant could believe that the loan officer was committing a crime other than embezzlement. If so, he would not be guilty of aiding and abetting because aiding and abetting requires knowledge of the specific underlying offense. The defendant also could be not guilty of aiding and abetting if he did not act willfully and with the specific intent to facilitate the underlying offense, but that possibility is not acknowledged by the government's example. The government's proposed example is overly simplistic and fails to address critical aspects of aiding and abetting liability.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

        James T. Cowdery (Bar No. ct05103)
        Thomas J. Murphy (Bar No. ct07959)
        Cowdery, Ecker & Murphy, L.L.C.
        750 Main Street
        Hartford, CT 06103-2703
        (860) 278-5555 (phone)
        (860) 249-0012 (fax)
        tmurphy@cemlaw.com (e-mail)

        Attorneys for Walter A. Forbes