UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


UNITED STATES OF AMERICA     :     No. 3:02CR00264 (AWT)
                             :
                             :
           v.                :     December 31, 2004
                             :
                             :
WALTER A. FORBES and         :
E. KIRK SHELTON              :



GOVERNMENT'S RESPONSE TO DECEMBER 29, 2004
NOTE FROM THE JURY, COURT'S EXHIBIT NO. 58



                         CHRISTOPHER J. CHRISTIE
                         JOHN J. CARNEY
                         NORMAN GROSS
                         JAMES MCMAHON
                         RICHARD J. SCHECHTER
                         Special Attorney
                         U.S. Department of Justice
                         450 Main Street, Room 617
                         Hartford, CT 06103
                         Tel:  (860) 240-2675
                         Fax:  (860) 240-3021

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| | : | |
| v. | : | December 31, 2004 |
| | : | |
| | : | |
| WALTER A. FORBES and | : | |
| E. KIRK SHELTON | : | |

GOVERNMENT'S RESPONSE TO DECEMBER 29, 2004
NOTE FROM THE JURY, COURT'S EXHIBIT NO. 58

INTRODUCTION

On the afternoon of December 29, 2004, the jury submitted to the Court a note which asked a question about aiding and abetting liability and further asked for an example or examples of aiding and aiding.  The Government submits this memorandum in response to the Court's request to the parties for proposed responses to the note.

I.   Government's Proposed Response to
     The First Part of the Jury's Note

The first part of the note asks the following question:

Are we to use aiding and abetting as an alternative standard in reaching a verdict with respect to counts 2 through 12?

The correct response to that question is "yes," coupled with a recitation of the Court's previously given instructions regarding aiding and abetting.  The indictment charges both defendants in Counts 2 through 12 with various substantive crimes (mail fraud

in Counts 2-3, wire fraud in Count 4, making false statements in a report required to be filed with the SEC in Counts 5-6, and securities fraud in Counts 7-12).  The indictment further charges both defendants in each of those counts with aiding and abetting other persons in the commission of those crimes.  After rejecting the defendants' objections to providing any instruction on aiding and abetting liability,[1] this Court fashioned an instruction that was modeled on § 18.01 of O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions, Criminal* (5th ed. 2000), and said in part as follows:

> Each of Counts 2 through 12 of the indictment also charge
> Mr. Forbes and Mr. Shelton with what is called aiding and
> abetting.  A person may violate the law even though he or
> she does not personally do each and every act constituting
> the offense if that person aided and abetted the commission
> of the offense.

Tr. 16366-67.

This portion of the Court's charge would appear to be responsive to jury's question in the first part of the December 29 note.  Assuming that the jury, during its eight weeks of deliberations to date, has carefully read the Court's instructions, that portion of the instruction apparently has not

---

[1] See Objections of Walter Forbes to Final Charge, November 4, 2004, Objections to Charge II.G (Aiding and Abetting), pp. 93-95.  Any argument by the defendants which attempts to resurrect their claim that the jury should not be given any instructions regarding aiding and abetting liability should be rejected, as this Court has already resolved that contention against the defendants when it charged the jury on aiding and abetting.

provided sufficient guidance to the jury with respect to whether aiding and abetting liability is an "alternate standard" of liability with respect to Counts 2 through 12.  Accordingly, the simplest, clearest, and most correct answer to the jury's question would be: "yes, aiding and abetting is an alternate basis for reaching a verdict with respect to Counts 2 through 12."  Cf. United States v. Sirois, 87 F.3d 34, 43 (2d Cir. 1996) (in addressing a claim that the Government's position at trial had shifted as to whether the defendant was an aider and abettor or a principal, the court explained that "a jury may consider alternate theories of criminal liability").

Such a direct and responsive answer to a jury question is the proper course.  United States v. Pellegrino, 470 F.2d 1205, 1208-09 (2d Cir. 1972)(the district court properly responded in the affirmative, without further inquiry, to the jury's question of whether the phrase "cause to be transported" could be substituted for the phrase "did transport," thus permitting the jury to convict the defendant as an aider and abettor, even though he was not charged under the aiding and abetting statute); see United States v. Clark, 613 F.2d 391, 404 (2d Cir. 1979)(in response to a jury question: "If a person went somewhere with the intention of participation is that aiding and abetting," the court properly "responded to the jury's . . . inquiry with a straightforward answer," stating that "the mere

going of a person somewhere with the intention of participation would not in and of itself be aiding and abetting"); see also United States v. Myers, 692 F.2d 823, 852 (2d Cir. 1982) (rejecting a challenge to the court's supplemental instruction in response to a jury question, where the court interpreted the question to inquire whether a defendant's alleged conduct on a particular date, if it had occurred, would be sufficient to satisfy an element of the charged offense, and the court properly replied, "yes," with an explanation); United States v. Vargas, 615 F.2d 952, 955-56 (2d Cir. 1980)(although the court did not give a Pinkerton instruction in its charge, it properly gave such an instruction in response to the jury's question, "if one or more members of the conspiracy is guilty of a crime committed during the period set forth in the indictment, is each member of the conspiracy, though not present physically, equally guilty?"); United States v. Martin, 525 F.2d 703, 707 (2d Cir. 1975)(where the jury inquired if the Government had to prove that the defendant made personal use of embezzled funds in order to secure a conviction for failing to report taxable income, the court properly and directly responded that, although the Government had to prove unreported taxable income to the defendant, it did not have to show what he did with that income after receiving it); cf. United States v. Wills, 88 F.3d 704, 718 (9th Cir. 1996) (where the jury asked the court if the defendant was guilty of certain counts if he was found to have been involved in the

commission of the crime, and the jury had found that those "counts . . . took place under the rules of aiding and abetting" the court properly replied, "The answer to that question is clearly yes.").

As the Supreme Court has explained, "When a jury makes explicit its difficulties, a trial judge should clear them away with concrete accuracy." Bollenbach v. United States, 326 U.S. 607, 612-12 (1946). So long as "a supplemental charge is legally correct, the district court enjoys broad discretion in determining how, and under what circumstances, the charge will be given." United States v. Civelli, 883 F.2d 191, 195 (2d Cir. 1989); see United States v. Viserto, 596 F.2d 531, 539 (2d Cir. 1979)(the supplemental instruction was proper where it was responsive to the jury's question, correctly set forth the law, and was balanced when considered as a whole); United States v. Horton, 921 F.2d 540, 546 (4th Cir. 1990)(the court's supplemental instruction regarding aiding and abetting liability was a proper exercise of the its broad discretion to fashion an appropriate response to an inquiry by the jury).

In order to provide a "balanced" answer to the jury's question, the Government requests that the Court also read again its entire previous instructions regarding aiding and abetting, beginning on Tr. 11/4/04, 16366, line 22 and ending on page 16368, line 18. The Second Circuit and other Courts of Appeals consistently acknowledge that providing the entire previous

5

instruction on the subject of jury's question is the favored practice, as it ensures balance.   United States v. Bitterman, 320 F.3d 723, 728 (7th Cir. 2003)(where the jury asked for a clarifying instruction on aiding and abetting a bank robbery, the court properly responded that "a person indicted for bank robbery can be found guilty of bank robbery if that person knowingly aids, counsels, commands, or induces the commission of that offense," then re-read its previous instructions regarding aiding and abetting); see United States v. Yousef, 327 F.3d 56, 158 (2d Cir. 2003)(in responding to the jury's question about whether the Government had to prove that the defendant knew that what he was doing was illegal, the court properly re-read "all of the portions of the main charge concerning knowledge" in addition to directly answering the jury's question); United States v. Tillem, 906 F.2d 814, 826-27 (2d Cir. 1990)(rejecting a challenge to the court's "off-hand" response to the jury's oral question about the difference between bribery and extortion, where the court re-read the full charge previously provided, which accurately stated the law); superseded on other grounds as stated in United States v. Castano, 999 F.2d 615, 617 (2d Cir. 1993); United States v. Roland, 748 F.2d 1321, 1327 (2d Cir. 1984)(in responding to a jury question, the court properly re-read standard language concerning the elements of entrapment as well as addressing specifically the jury's inquiries about inducement and

6

predisposition); accord United States v. Williams, 705 F.2d 603, 618-19 (2d Cir. 1983).

Providing the jury again with the Court's full instruction on aiding and abetting will reinforce the jury's awareness of the Government's burden with respect to the various requirements of aiding and abetting liability. See United States v. Osorio Estrada, 751 F.2d 128, 132-33 (2d Cir. 1984) (a supplemental instruction erroneously suggested that the jury could convict the defendant as an aider and abettor even if it found only by a preponderance of the evidence, rather than beyond a reasonable doubt, that someone else committed the charged crime); modified on rehearing, 757 F.2d 27, 28 (2d Cir. 1985) (reinstating the conviction because the erroneous instruction "could not have affected [the verdict]"), abrogated on other grounds as stated in United States v. Miller, 116 F.3d 641, 678 (2d Cir. 1997). For good measure, the Court should also tell the jury that any supplemental instruction is "an adjunct to, and not a substitute for, the original charge." United States v. Velez, 652 F.2d 258, 261-63 (2d Cir. 1981).

The Government's proposed response to the question in the first part of the December 29 note would not materially modify the Court's previous instructions regarding aiding and abetting liability. Accordingly, the defendants cannot plausibly complain that they would have significantly altered their trial

7

strategy had the Government's proposal been included in the
Court's charge before the jury began its deliberations.  See
United States v. James, 998 F.2d 74, 76-80 (2d Cir. 1993)
(affirming the court's supplemental instruction regarding aiding
and abetting liability in response to a jury question; although
the instruction informed the jury for the first time that the
defendant getaway driver could be convicted as an aider and
abettor even if he became aware of the bank robbery only after
his co-defendant exited the bank, the instruction did not
"fundamentally change the Government's theory of liability" and
the defense would not have altered its strategy had the
supplemental instruction been given during the charge that
preceded the deliberations); United States v. Guzman, 754 F.2d
482, 48-89 (2d Cir. 1985)(a supplemental instruction, in response
to a jury question, which provided for the first time a
"conscious avoidance" basis for finding criminal knowledge, was
proper, because the trial evidence supported a finding of
conscious avoidance), overruled on other grounds as recognized in
United States v. Watkins, 811 F.2d 1408, 1411 n.4 (11th Cir.
1987); cf. United States v. Blackmon, 839 F.2d 900, 910 (2d Cir.
1988)(giving a discretionary Pinkerton instruction before
deliberations commenced, on which defense counsel had relied in
making their summations, and then reversing course and giving a
mandatory Pinkerton instruction in response to a jury question,

was reversible error).

If this Court elects not to give a straightforward affirmative answer to the question in the first part of the December 29 note, the Government proposes that the Court provide a portion of the model instruction regarding aiding and abetting liability set forth in ¶ 11.01 of Sand, Siffert, Loughlin & Batterman, *Modern Federal Jury Instructions*, (2002 ed.)("*Sand and Siffert*"), which provides as follows:

> Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof.  A person aids and abets another to commit an offense is just as guilty of that offense as if he committed it himself.

This portion of the *Sand and Siffert* model instruction makes the point that a defendant may be guilty as aider and abettor as an "alternate standard" of criminal liability more forcefully than the corresponding portion of the Court's instruction in this case, quoted above, and drawn from the *O'Malley* model instruction.  At the very least, it provides a different formulation of the principle that one charged as both a principal and as an aider and abettor may be convicted under either alternate theory of liability, and that aiding and abetting is an alternative basis for resolving Counts 2 through 12.  As such, it may provide the jury with sufficient guidance to resolve their question in the first part of the December 29 note.  Because it

is drawn from the *Sand and Siffert* model instruction, it is a

presumptively proper statement of the law.  See Sams v. Walker,

18 F.3d 167, 171 (2d Cir. 1994)(rejecting a habeas challenge to a

supplemental instruction provided in response to a jury question,

where the instruction was "proper in all respects" where it

"tracked the language of [the] pattern criminal jury

instruction").

    The Government proposes that, if the Court elects to

provide this portion of ¶ 11.01 of the *Sand and Siffert* model

instruction, the Court also read again to the jury in their

entirety the instructions which the Court previously gave

regarding aiding and abetting liability.[2]

---

[2] Because the Court's previous instructions regarding
aiding and abetting require that the Government prove beyond a
reasonable doubt that the defendant acted "knowingly," Tr. 16367,
the Government requests that, in responding to the December 29
note, the Court also provide a modified version of its previous
definition of "knowingly," given in conjunction with the
instructions regarding mail fraud, Tr. 16321, as follows:

> As to "knowingly," a person acts knowingly when he acts
> voluntarily and purposefully and not because of
> ignorance, mistake, accident or carelessness.  The
> offenses charged in Counts 2-12 all involve providing
> materially false financial information to the holders
> of CUC, Cendant and HFS stock.
>
> To establish that the defendant you are considering
> acted knowingly, the government must prove beyond a
> reasonable doubt that the particular defendant knew
> that the financial information was materially false.

See United States v. Hastings, 918 F.2d 369, 371-73 (2d Cir.
1990)(reversing the convictions in a prosecution for, *inter alia,*
(continued...)

10

## II.  Government's Proposed Response to
   ### The Second Part of the Jury's Note

The second part of the note seeks additional guidance,
by way of an example or examples, regarding aiding and abetting
liability, and states:

> We would like to have a general example or
> examples of how to apply the concepts of aiding
> and abetting.

The Government interprets this as a request for the Court to
provide the jury with examples of factual scenarios in which a
person aided and abetted the commission of an offense, rather
than examples of how to apply the law to the facts of this case.
Any uncertainty on that score can be resolved by simply having
the Court question the jury to clarify its request.  See United
States v. Viserto, 596 F.2d 531, 539 (2d Cir. 1979)(the district
court properly "polled" the jury to clarify their request for
additional instructions).

The Court may appropriately supply the jury with
hypothetical examples of conduct which satisfy a particular legal

---

[2](...continued)
unlawfully transporting a firearm, because the supplemental
instruction, in response to a jury request to distinguish
"possession" and "known possession," did not sufficiently
establish that "knowledge" was an element of the offense, even
though the court's previous instructions were sufficient for that
purpose); United States v. Velez, 652 F.2d 258, 262 (2d Cir.
1981) (reversing the conviction because the supplemental
instructions failed to recharge on the willfulness element of
conspiracy, where the issue of willfulness was crucial to the
defense).

standard when expressly requested by the jury, as has occurred here. For instance, in United States v. Hayes, 553 F.2d 824 (2d Cir. 1977), the jury asked the court for clarification of the right of self-defense "in layman's language." Id. at 829. The Court responded by providing a pair of hypothetical examples, and distinguished the "layman's language" from the "language that the law lays down." Id. at 830. The Second Circuit rejected a defense challenge to the instruction, because the district court had properly explained that the hypothetical examples were illustrative only. Id.

Here, the jury has not merely asked for "layman's language" to illustrate the concept of aiding and abetting, but has expressly requested "a general example or examples" of aiding and abetting. A responsive answer to that request must of necessity provide such an example or examples.

When providing an illustrative example of conduct that amounts to one of the charged offenses, the trial court should generally avoid providing an example that draws too closely from the facts of the case at bar. Girden v. Sandals International, 262 F.3d 195, 206 (2d Cir. 2001)("the choice of an example too close or analogous to the facts of the case on trial is likely to be more prejudicial than 'helpful' and is quite unnecessary when other clearly non-prejudicial examples are available"), quoting United States Gleason, 616 F.2d 2, 14 (2d Cir. 1979); see United

12

States v. Salameh, 152 F.3d 88, 142-43 (2d Cir. 1998).  On the
other hand, the example should be sufficiently analogous to the
facts of the instant case so as to be "relevant" and provide
appropriate and coherent guidance, rather than further confusing
the jury about the legal principle at issue.

Because the instant indictment charges, in the broadest
terms, a non-violent, financial crime, allegedly committed by
persons against the shareholders of the company by which the
defendants were employed, the Government proposes that any
illustrative example provided by the Court in response to the
second part of the December 29 note should incorporate those
broad features of the case.  On the other hand, the illustrative
example should not involve the public dissemination of
fraudulently inflated financial results of a publicly-traded
company by use of the kinds of improper accounting practices at
issue in this case.  Balancing these two considerations, the
Government proposes the following supplemental instruction in
response to the second part of the December 29 note:

By way of illustration only, an example of aiding and
abetting could involve the following scenario:

A loan officer at a bank fills out a loan
application in the name of a fictitious person, with
the intent of embezzling the loan proceeds.  He needs
the bank manager's approval for a loan of that size.
The bank manager approves the application and the loan
officer embezzles the money from the loan.

Assuming those facts to be true, is the bank
manager guilty of aiding and abetting the loan

13

officer's embezzlement?  Yes, if the Government proves
beyond a reasonable doubt that the bank manager knew
when he approved the application that the loan officer
was going to embezzle the proceeds, and that the bank
manager intended that the loan officer would do so.

On the other hand, if the Government failed to
prove that the bank manager knew when he approved the
application that the loan officer was going to embezzle
the proceeds, or that the bank manager intended that
the loan officer would do so, then the jury must find
that the defendant is not guilty as an aider and
abettor.

I remind you that I have provided this example of
aiding and abetting liability merely as a response to
your inquiry, and that it has nothing to do with the
facts of this case.  I further remind you that the you
are the exclusive finder of facts in this case, and
your findings must be based solely on the properly
admitted evidence in this case.  You are to apply the
law as I have given it to you in these supplemental
instructions, as well as in all of the previous
instructions I have given you throughout this trial.

Such an example, which identifies facts that are

relevant to a finding of aiding and abetting liability, but

reminds the jury of the Government's burden of proof beyond a

reasonable doubt, and does not stress or suggest a verdict of

guilty as opposed to a verdict of not guilty, is a properly

balanced illustration that is responsive to the jury's request

without improperly suggesting a particular outcome.  See United

States v. Lara, 47 F.3d 60, 65 (2d Cir. 1995)("The principal risk

of [hypothetical examples that closely resemble the facts of a

case"] is that they will make an unbalanced presentation that

illustrates circumstances sufficient for conviction but not

circumstances warranting an acquittal.")

14

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that this Court respond to the Jury's December 29, 2004 note in the manner stated above.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice


By:  JOHN J. CARNEY
Special Attorney
U.S. Department of Justice
Federal Bar No. 24063


By:  NORMAN GROSS
Special Attorney
U.S. Department of Justice
Federal Bar No. 24933


By:  JAMES MCMAHON
Special Attorney
U.S. Department of Justice
Federal Bar No. 24062


By:  RICHARD J. SCHECHTER
Special Attorney
U.S. Department of Justice
Federal Bar No. 24238

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via email:

Barry S. Simon, Esq.

Scott Edelman, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

_____
NORMAN GROSS
U.S. Department of Justice

Dated:   December 31, 2004
         Camden, New Jersey