UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| | : | |
| v. | : | January 2, 2005 |
| | : | |
| | : | |
| WALTER A. FORBES and | : | |
| E. KIRK SHELTON | : | |


GOVERNMENT'S REPLY TO DEFENDANTS' PROPOSED RESPONSES TO THE
DECEMBER 29, 2004 NOTE FROM THE JURY, COURT'S EXHIBIT NO. 58

CHRISTOPHER J. CHRISTIE
JOHN J. CARNEY
NORMAN GROSS
JAMES MCMAHON
RICHARD J. SCHECHTER
Special Attorney
U.S. Department of Justice
450 Main Street, Room 617
Hartford, CT 06103
Tel:  (860) 240-2675
Fax:  (860) 240-3021

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| | : | |
| v. | : | January 2, 2005 |
| | : | |
| | : | |
| WALTER A. FORBES and | : | |
| E. KIRK SHELTON | : | |

**GOVERNMENT'S REPLY TO THE DEFENDANTS' PROPOSED RESPONSES TO THE
DECEMBER 29, 2004 NOTE FROM THE JURY, COURT'S EXHIBIT NO. 58**

The Supreme Court has directed that, "when a jury makes explicit its difficulties, a trial judge should clear them away with concrete accuracy." <u>Bollenbach v. United States</u>, 326 U.S. 607, 612-13 (1946).  The defendants, however, have insisted that, although the jury has made explicit its difficulties [regarding aiding and abetting], this Court should pile additional obstacles in the jury's path with muddy obfuscation.  There is a simple difference between the December 29, 2004 submissions of the Government ("Government's Response") and the defendants ("Forbes' Response," "Shelton's Response").  The defendants would prefer that the Court not answer the jury's questions at all.  Their proposed responses to the note appear to be driven, at least in part, by a desire to manipulate the jury's thought process and verdict by confusing the jury.  The United States proposes that the Court directly answer the jury's note in a straightforward

and balanced manner so that the jury can continue its deliberations with a full and clear understanding of the law.

Both defendants suggest that the Court reverse its earlier decision to instruct the jury on the concept of aiding and abetting and tell the jury to disregard completely the Court's earlier instruction on this legal concept. Forbes' Response at 1, Shelton's Response at 2. In doing so, the defendants are doing nothing more than taking advantage of the jury's note to try to have the Court reconsider its decision. Neither defendant, however, has made any real effort to meet the standard for what is essentially a motion for reconsideration.

There is no reason for the Court to reverse course on its decision now because its decision to instruct the jury on aiding and abetting was proper. Moreover, the defendants' proposal that the Court now tell the jury to disregard the Court's original instruction on aiding and abetting after approximately thirty days of deliberations would only serve to undermine the jury's confidence in the Court's carefully constructed charge. Instead, the Court should re-read its previous instructions on the concept of aiding and abetting to the jury at the same time that it explains to the jury that aiding and abetting is an alternative theory of liability. In this manner, the Court will provide balance to the jury without

2

changing the meaning of its original charge.  <u>See</u> Government's Response at 5—7.

Forbes' suggestion that aiding and abetting is not an alternative standard of liability (Forbes' Response at 1) is an incorrect statement of the law and contrary to the charges returned by the grand jury and the evidence presented in this case.  <u>See</u> Government's Response at 1-5.  Thus, the jury's question whether aiding and abetting can be an alternative standard to reach a verdict should be directly answered in the affirmative.[1]

The defendants also fail to offer the Court any example to address the jury's explicit request for "a general example or examples of how to apply the concepts of aiding and abetting." Instead, they would have the Court frustrate the jury by ducking the question and offering no example at all.  The jury is asking for help to understand the Court's charge.  This type of explicit request should not be ignored.  It surely does not warrant the evasive response proposed by each of the defendants.

The proposed example submitted by the United States is

---

[1]  While Forbes offers a lengthy proposed response to the jury's first question (Forbes' Response at 5-9), his proposal completely fails to answer the jury's straightforward question whether aiding and abetting is an alternative theory to consider in reaching a verdict.  Given the amount of hard work and time the jury has put into hearing the evidence, closing arguments, the Court's charge and its thirty days of deliberations, the jury is entitled to a direct response to its direct question.

balanced and clear and gives the jury what it asks for.  <u>See</u>
Government's Response at pp. 13-14.  In addition, the example:
(a) carefully reminds the jury of the appropriate burden of
proof; (b) steers clear of commenting on the facts of this case;
and (c) does not suggest any particular conclusion in the
hypothetical and illustrative example that would lead the jury to
a particular outcome in this case.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court respond to the Jury's December 29, 2004 note in the manner stated in the Government's Response dated December 31, 2004 and as noted above.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice


By:  JOHN J. CARNEY
Special Attorney
U.S. Department of Justice
Federal Bar No. 24063


By:  NORMAN GROSS
Special Attorney
U.S. Department of Justice
Federal Bar No. 24933


By:  JAMES MCMAHON
Special Attorney
U.S. Department of Justice
Federal Bar No. 24062


By:  RICHARD J. SCHECHTER
Special Attorney
U.S. Department of Justice
Federal Bar No. 24238

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via email:

    Barry S. Simon, Esq. (also by fax)

    Scott Edelman, Esq.
    Thomas A. Arena, Esq.

      I declare under penalty of perjury that the foregoing is true and correct.

_____
NORMAN GROSS
U.S. Department of Justice


Dated:    January 2, 2005
         Camden, New Jersey