UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>WALTER A. FORBES and )<br>E. KIRK SHELTON. )<br>) | No. 3:02CR264 (AWT)<br><br>January 4, 2005 |

OBJECTIONS OF DEFENDANT WALTER A. FORBES TO
THE COURT'S SUPPLEMENTAL CHARGE
IN RESPONSE TO THE JURY'S DECEMBER 29, 2004 NOTE

Defendant Walter A. Forbes, through undersigned counsel, respectfully objects to the Court's Supplemental Charge in response to the jury's December 29, 2004 note for the following reasons:

1.  Mr. Forbes objects to the Supplemental Charge in its entirety. As set forth in Mr. Forbes' proposed response to the jury's December 29, 2004 note, the jury should be instructed that aiding and abetting is not an alternative standard of liability with respect to counts 2-12. The jury also should be instructed to disregard the Court's earlier instructions on the subject of aiding and abetting on the ground that the concept of aiding and abetting has no application to this case. See Response of Defendant Walter A. Forbes to the Jury's December 29, 2004 Note (filed January 3, 2005), Paragraph 1 (incorporated herein in full by reference). The Court should not provide any supplemental charge on aiding and abetting to the jury.

2.      In addition to objecting to the entirety of the Supplemental Charge, Mr. Forbes objects to the Court's general cross-references to Sections II.D, II.E, and II.F in the Court's original charge, as well as to the Court's cross-references to the definitions of "knowingly" at pages 36, 50, and 62-63 of the Court's original charge. Sections II.D, II.E, and II.F of the Court's original charge, and the Court's discussion of the knowledge element of counts 2-12 in its original charge, refer to the concept of conscious avoidance and state that conscious avoidance may be used to establish knowledge with respect to counts 2-12.  Conscious avoidance cannot be used to establish any aspect of aiding and abetting.  The Court's cross-references to its prior instructions are erroneous, create confusion on this point, and suggest that conscious avoidance may be used to establish knowledge for purposes of aiding and abetting liability.  Mr. Forbes requests that the Court define "knowingly" in its supplemental charge rather than cross-referencing prior instructions that discuss or mention conscious avoidance.[1]

3.      In addition to objecting to the entirety of the Supplemental Charge, Mr. Forbes objects to the paragraph starting at the bottom of page 2 of the Supplemental Charge (beginning with the words "Each of counts 2 through 12 of the indictment") on the grounds that it is unnecessary, unbalanced, and prejudicial to Mr. Forbes.

---

[1]     With respect to the Court's cross-references to the Court's prior instructions, including those on counts 2-12, Mr. Forbes incorporates herein by reference all of his previously-filed objections to those instructions.

4.      In addition to objecting to the entirety of the Supplemental Charge, Mr. Forbes objects to the paragraph starting at the bottom of page 3 of the Supplemental Charge (beginning with the words "Thus, pursuant to the aiding and abetting statute, it is not necessary") on that grounds that it is extremely prejudicial and unbalanced.

First, the paragraph emphasizes to the jury -- before the jury has heard any of the required elements that the government must prove in order to establish aiding and abetting liability -- what the government does not have to show to prove aiding and abetting.

Second, this paragraph is misleading and erroneous, because it confuses liability as a principal with "physically committ[ing]" the crime. Counts 2-12 of the indictment charge the defendants with willfully causing the commission of the offenses charged, not with physically committing them.

Third, this paragraph contains the highly prejudicial and unbalanced sentence that "[a] person who aids and abets another to commit an offense is just as guilty of that offense as if he committed it himself." This sentence assumes the defendants' guilt and will convey to the jury that the Court believes that the defendants are guilty. The sentence is not necessary to explain the concept of aiding and abetting to the jury and serves only to prejudice the defendants in the eyes of the jurors.

5. In addition to objecting to the entirety of the Supplemental Charge, Mr. Forbes objects to the Court's refusal to define the intent requirements for aiding and abetting liability in its Supplemental Charge. The Court has merely cross-referenced its earlier instructions on willfulness, and intent, without defining any of these concepts with respect to aiding and abetting. Moreover, as discussed above, the Court's cross-references with respect to knowledge in the Supplemental Charge are erroneous because they refer to sections of the Court's prior instructions where conscious avoidance is permitted to establish knowledge.

 The government previously conceded that the Court should give an expanded definition of "knowingly" in any supplemental instruction on aiding and abetting. See Government Response to Jury Note (filed January 3, 2005) at 10 n.2. The Court should do the same with respect to the elements of willfulness and specific intent, both of which are required for aiding and abetting liability.

6. In addition to objecting to the entirety of the Supplemental Charge, Mr. Forbes objects the Court's refusal to re-instruct the jury with respect to the presumption of innocence, the government's burden of proof beyond a reasonable doubt, and good faith. The jury has not been instructed on these important points for two months. It is not sufficient for the Court to merely cross reference its earlier instructions because the Court's supplemental instruction is unbalanced in favor of the government and includes the guilt-assuming sentence that "[a] person who aids and abets another to commit an offense is just as guilty of that offense as if he committed it himself." Re-instruction on the presumption of innocence, the burden

of proof, and good faith is necessary to ameliorate the highly prejudicial effect of that sentence. In addition, because the jury's note raises the question of the standard to apply in reaching a verdict, it is critical to instruct the jury on the beyond a reasonable doubt standard, as well as the presumption of innocence, in any response to the jury's note.

7.      In addition to objecting to the entirety of the Supplemental Charge, Mr. Forbes objects to the Court's refusal to include the word "specific intent" in its discussion of the fourth element of aiding and abetting liability. The specific intent requirement is set forth in the Second Circuit's decision in United States v. Pipola, 83 F.3d 556 (2d Cir. 1996), and is necessary to accurately set forth the level of intent the government must prove in order to establish aiding and abetting liability. See id. at 562 ("The government must therefore prove the underlying crime was committed by someone other than the defendant and that the defendant himself either acted or failed to act with the specific intent of advancing the commission of the underlying crime."); see also United States v. Zambrano, 776 F.2d 1091, 1097 (2d Cir. 1985) (element of aiding and abetting is "the specific intent that [the defendant's] act or omission bring about the underlying crime").

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Objections of Defendant Walter A. Forbes to the Court's Supplemental Charge in Response to the Jury's December 29, 2004 Note to be delivered on January 4, 2005 to the following:

Via Hand Delivery

John J. Carney, Esq.
Special Attorney
U.S. Department of Justice
450 Main Street, Room 617
Hartford, CT 06103

Stanley A. Twardy, Jr., Esq.
Gary H. Collins, Esq.
Day, Berry & Howard LLP
City Place I
Hartford, CT 06103

Thomas P. Puccio, Esq.
Law Office of Thomas P. Puccio
230 Park Ave.
Suite 301
New York, NY 10169

Scott A. Edelman, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

Barry S. Simon