UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 3:02CR264 (AWT) |
| v. | ) |
| | ) |
| WALTER A. FORBES and | ) January 26, 2005 |
| E. KIRK SHELTON. | ) |

**MEMORANDUM OF DEFENDANT WALTER A. FORBES
IN OPPOSITION TO MOTION OF THE UNITED STATES
TO TRANSFER ANY RETRIAL TO THE DISTRICT OF NEW JERSEY**

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits this memorandum in opposition to the government's motion to transfer any retrial of Mr. Forbes to the District of New Jersey.[1]

**ARGUMENT**

**I.   THE GOVERNMENT'S MOTION IS FRIVOLOUS BECAUSE THE GOVERNMENT CANNOT FILE A MOTION TO TRANSFER OR RETRANSFER A CRIMINAL CASE.**

The government's motion is baseless and should be denied because the government has no authority to move for a transfer (or retransfer) under Fed. R. Crim. P. 21, and a district court has no authority to grant such a motion. The plain

---

[1] In the interest of expediting Mr. Forbes' response to the government's motion, this memorandum is limited to threshold issues concerning the government's lack of authority to move for a transfer in a criminal case and the Court's lack of authority to grant a transfer except upon motion of a defendant. In the event the Court concludes, over Mr. Forbes' objection, that it has authority to grant a transfer requested by the government, Mr. Forbes will supplement his opposition memorandum to address the merits of the government's request.

language of Rule 21 provides that a court may order a transfer only "[u]pon the defendant's motion." Fed. R. Crim. P. 21(b) (emphasis added). As the Advisory Committee Note to Rule 21 explains, "[t]he rule provides for a change of venue only on defendant's motion and does not extend the same right to the prosecution." Fed. R. Crim. P. 21, Advisory Committee Note (emphasis added); accord In re Briscoe, 976 F.2d 1425, 1428 (D.C. Cir. 1992) (per curiam) (under Rule 21(b), district court lacks power to transfer criminal action "in the absence of a motion from the defendant to transfer the case to another district"); United States v. DiJames, 731 F.2d 758, 762 (11th Cir. 1984) (court cannot order change of venue under Rule 21 absent a request by the defendant; "A defendant cannot be forced to accept a change of venue against his will."); United States v. Abbott Laboratories, 505 F.2d 565, 572 (4th Cir. 1974) (same; "a change of venue under Rule 21 cannot be imposed on a defendant against his will"); In re Application, 102 F.R.D. 521, 523 (E.D.N.Y. 1984) ("The government may not request a change of venue in criminal cases").

Put simply, the government cannot move to transfer a criminal case, and the Court cannot transfer a criminal case absent a motion by the defendant. Indeed, three federal courts of appeals have granted petitions for mandamus where a trial court attempted to retransfer a case to its original district over the defendant's objection. See Briscoe, 976 F.2d at 1428 (granting defendant's mandamus petition to preclude trial court from re-transferring case to original district pursuant to government motion); In re Hampers, No. 90-1890, 1990 U.S. App. LEXIS 23162, at *5-6 (1st Cir. Oct. 5, 1990) (granting defendant's petition for

2

mandamus to preclude retransfer of case to original district following mistrial); United States v. Craig, 875 F. Supp. 816, 818-19 (S.D. Fla. 1994) (in unpublished decision, Eleventh Circuit granted defendant's petition for mandamus to preclude trial court from re-transferring case to original district on its own motion).

The government's motion erroneously relies on the civil transfer statute, 28 U.S.C. § 1404(a), which permits any party to file a motion to transfer. See Government Mem. at 7-8. This reliance is misplaced, because the governing criminal rule, Fed. R. Crim. P. 21(b), does not permit a transfer upon motion of the government. As the District of Columbia Circuit explained in Briscoe, "Rule 21(b) of the Federal Rules of Criminal Procedure differs from its civil counterpart (28 U.S.C. § 1404(a)) in one critical respect: Rule 21(b) authorizes the transfer of a criminal case only on the defendant's motion." 976 F.2d at 1428 (emphasis added) (collecting cases). Thus, "'[t]he United States cannot move for transfer nor can the court order transfer to another district on its own motion.'" Id. (quoting 2 C. Wright, Federal Practice and Procedure § 341, at 245 (1982)).[2]

Because the government has no authority to move for a transfer or retransfer under Fed. R. Crim. P. 21(b), and the Court cannot grant a Rule 21(b) transfer unless the defendant moves for one, the government's motion is meritless and should be denied.

---

[2] The government's reliance on civil cases applying 28 U.S.C. § 1404(a) is equally misplaced. See, e.g., Government Mem. at 8 (citing SongByrd, Inc. v. Estate of Grossman, 206 F.3d 172 (2d Cir. 2000) (applying 28 U.S.C. §1404(a)) and Russell v. IU International Corp., 685 F. Supp. 172 (N.D. Ill. 1988) (same)).

3

## II. THE GOVERNMENT'S MOTION IS AN IMPROPER ATTEMPT TO CIRCUMVENT RULE 21 AND TO SEEK RECONSIDERATION OF THE DISTRICT OF NEW JERSEY'S TRANSFER ORDER.

The government's alternative argument, that the Court has "inherent authority" to retransfer this action, Government Mem. at 8, should be rejected as well.

First, the government's contention contravenes the plain language of Rule 21, which limits a district court's authority to grant a transfer to instances in which the defendant files a motion to transfer. Fed. R. Crim. P. 21(b). If the government's contention were accepted, Rule 21, which limits a court's authority to transfer a criminal action to situations in which a transfer is requested by the defendant, would be rendered a nullity.

Second, the only support for the government's claim is dicta from a footnote in a Fourth Circuit opinion in which the court held that it lacked jurisdiction to consider the transfer issue on the merits. See United States v. Blackwell, 946 F.2d 1049, 1052 n.1 (4th Cir. 1991).[3] As the D.C. Circuit explained in Briscoe, the Fourth Circuit's statement in Blackwell "was unnecessary to the decision" and constitutes only "the barest support" for the proposition. 976 F.2d at 1428-1429. Neither the Second Circuit nor any other Circuit has held that a district

---

[3] In Blackwell, the Fourth Circuit held that it lacked jurisdiction to review the defendants' claim that the case was improperly re-transferred from Kentucky to North Carolina because North Carolina was the transferee district. 946 F.2d at 1052. In addition, the defendants failed to request a retransfer to Kentucky; as a result, the court was unable to review "whether the proceedings properly should have gone forward there." Id.

4

court has the inherent authority to re-transfer a criminal case following a transfer made at the request of the defendant. To the contrary, the First Circuit has observed that "important countervailing considerations -- most notably the conflict between district courts and the creation of 'orphan' cases unwanted by either transferor or transferee -- might favor a rule barring retransfer even under . . . extraordinary circumstances." In re Hampers, 1990 U.S. App. LEXIS 23162, at *3-4.

        Third, the government's motion is an improper attempt to seek reconsideration of the District of New Jersey's transfer order. The government devotes the majority of its memorandum to re-argument of the original transfer order and the various factors weighed by the New Jersey court in granting the transfer in the first instance. See Government Mem. at 1-4, 6-7, 10-11. The government's motion "violates the fundamental principle that the propriety of the transferor court's exercise of discretion under Rule 21(b) is not subject to review by the district court to which the case is transferred." Briscoe, 976 F.2d at 1428. "[I]t was in the [New Jersey] district court, and the [New Jersey] district court alone, that Rule 21(b) reposed the discretion to decide whether the convenience of the parties and witnesses, and the interest of justice, warranted a transfer." Id.

5

The transfer issue was vigorously litigated before the New Jersey District Court, and transfer was properly granted after that court considered all of the relevant factors. The New Jersey court's transfer decision has been subjected to, and has withstood, extensive challenge by the government. The government sought reconsideration of the transfer decision by the New Jersey District Court and obtained appellate review of that decision via a petition for mandamus in the Third Circuit. The government's attempt to revisit the issue of transfer yet again at this juncture should be rejected.

### III. THE GOVERNMENT'S ALTERNATIVE REQUEST TO DELAY A RETRIAL UNTIL SEPTEMBER SHOULD BE DENIED.

The Court should deny the government's alternative request to delay any retrial of Mr. Forbes until September 6, 2005. See Government Mem. at 12. Mr. Forbes is entitled to a speedy retrial, and he does not waive that right. Moreover, the government's asserted reasons for the lengthy delay it seeks do not withstand scrutiny. Any motions in limine concerning evidentiary issues raised by Mr. Shelton's absence may be addressed by the Court in due course and do not require an eight-month delay. The government should not need eight months to prepare for a retrial, since it just completed the trial and is intimately familiar with the issues in this case.

Nor should the government's motion stop the speedy trial clock. The government's alternative request that any retrial be delayed until September 2005 demonstrates that the motion is merely a pretext for generating delay. The

6

government cannot circumvent the Speedy Trial Act through the filing of frivolous motions. Cf. United States v. Zayas, 876 F.2d 1057, 1058 (1st Cir. 1989) (government conceded that even the empanelment of a jury could not toll the Act if it was pretextual). In the event that the government should choose to retry the case, the retrial should proceed expeditiously in accordance with the Act.

## CONCLUSION

For the foregoing reasons, the government's transfer motion should be denied.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _/s/_____

Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

7

>James T. Cowdery (Bar No. ct05103)
>Thomas J. Murphy (Bar No. ct07959)
>Cowdery, Ecker & Murphy, L.L.C.
>750 Main Street
>Hartford, CT 06103-2703
>(860) 278-5555 (phone)
>(860) 249-0012 (fax)
>tmurphy@cemlaw.com (e-mail)
>
>Attorneys for Walter A. Forbes

## **CERTIFICATE OF SERVICE**

       I hereby certify that I caused the Memorandum of Defendant Walter A. Forbes in Opposition to Motion of the United States to Transfer Any Retrial to The District of New Jersey to be served on January 26, 2005 on the following:

<u>Via Federal Express</u>

John J. Carney, Esq.
Assistant U.S. Attorney
United States Attorneys Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102

Stanley A. Twardy, Jr., Esq.
Gary H. Collins, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103

Thomas P. Puccio, Esq.
Law Offices
2300 Park Avenue
Suite 301
New York, NY 10169

Scott A. Edelman, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

                                                                 Barry S. Simon