UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | February 4, 2005 |
| | : | |
| **WALTER A. FORBES and** | : | |
| **E. KIRK SHELTON** | : | |

**MOTION OF THE UNITED STATES TO CONTINUE THE**
**COMMENCEMENT OF THE RETRIAL OF WALTER FORBES**

The United States, by its undersigned counsel, moves this Court for an order continuing the commencement of the retrial of Walter Forbes to September 6, 2005. The legal basis for this motion is set forth in the accompanying memorandum of law.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice

John J. Carney/s

JOHN J. CARNEY
JAMES MCMAHON
RICHARD J. SCHECHTER
NORMAN GROSS
Special Attorneys
970 Broad Street
Newark, NJ 07102-2535
(973) 645-6112

Dated: February 4, 2005
       Newark, New Jersey

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | February 4, 2005 |
| | : | |
| **WALTER A. FORBES and** | : | |
| **E. KIRK SHELTON** | : | |

**MEMORANDUM IN SUPPORT OF THE MOTION OF THE UNITED STATES TO
CONTINUE THE COMMENCEMENT OF THE RETRIAL OF WALTER FORBES**

Following a roughly eight month trial, and after deliberating for approximately two months, the jury in the initial trial in this case was unable to reach a verdict on any of the sixteen counts which named Walter Forbes as a defendant. With Forbes' consent, this Court declared a mistrial on all counts.

Consistent with 18 U.S.C. § 3161(e), which requires a retrial to begin within seventy days following the declaration of a mistrial, this Court has initially identified March 11, 2005 as the date for the commencement of the retrial. The Government seeks an adjournment of the commencement of the retrial for approximately six months, and moves for this Court to exclude that period from the time during which the retrial must commence under the Speedy Trial Act, because "the ends of justice served by [such a continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

A continuance of the commencement of the retrial would

be in the "interests of justice" for the following reasons:

First, the Government has recently determined that, none of the three Assistant United States Attorneys who tried the case last year will be retrying the case, due to their changing employment status. The Government will therefore be required to appoint an entirely new prosecution team, who will need substantial time (measured in terms of months, not weeks) to learn this complex case. In the event that this Court denies the Government's pending motion to retransfer this case to the District of New Jersey, those prosecutors will need to make plans to live in Connecticut for an extended period of time. Additionally, the new trial team will have to meet with and determine the availability of witnesses for the retrial, and determine which counts, if any, that were presented to the jury during the initial trial, will not be presented during the retrial.

A continuance in the "interests of justice" is appropriate when

> the case is so unusual or so complex, due to the . . . nature of the prosecution, or the existence of novel questions of fact and law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(8)(B)(ii). As this Court is well aware, this is a paradigmatic example of a complex case in which newly assigned prosecutors will require substantial preparation.

Retrial of this case will take several months, involve dozens of witnesses, and the admission of hundreds of exhibits.[1] Substitution of new prosecutors in such a significant and extensive case is a sufficient reason for a continuance that tolls the running of the Speedy Trial Act clock pursuant to the "ends of justice" exception under 18 U.S.C. § 3161(h)(8)(A). See United States v. DiTommaso, 817 F.2d 201, 210 (2d Cir. 1987) (affirming the district court's grant of a seven week suspension of the running of the speedy trial clock due to the ill health of the chief prosecutor, in order to enable other prosecutors to prepare for trial, which would have been proper under either § 3161(h)(8)(A) to satisfy the "ends of justice," or under the Second Circuit's Speedy Trial Guidelines); United States v. Thai, 100 F.3d 966, 1996 WL 623053, *1 (9th Cir. 1996) (unpublished decision)(where the principal reason for a continuance was to give a newly-assigned Assistant U.S. Attorney time to prepare for

---

[1] A continuance would also be appropriate pursuant to § 3161(h)(8)(B)(iv), which provides that an "ends of justice" continuance is appropriate when:

> the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii), . . . would unreasonably deny . . . the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(iv). Given the enormous volume of documents and other evidence that the new trial team must digest from scratch, seven months would be a reasonable time for effective preparation for the retrial.

trial, the "ends of justice" were served by the grant of the continuance).[2]

Second, as the Government has previously argued, the retrial of Forbes should not commence until this Court has ruled on co-defendant's Shelton's post-trial motions and determined whether or not he will have to be retried.  While there does not appear to be any reason to believe that Shelton is entitled to a new trial, the Government does not know what claims Shelton will raise and cannot know how this Court will rule on those motions.

In the event that this Court were to grant Shelton a new trial, a joint retrial of the charges against both Shelton

---

[2]  The Speedy Trial Act requires that an "ends-of-justice" exclusion may not be granted "unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A); see generally United States v. Breen, 243 F.3d 591, 595 (2d Cir. 2001); United States v. Paul, 326 F.Supp.2d 382, 388 (E.D.N.Y. 2004)(district court need not recite any "magic words" in support of an "ends of justice" continuance, but must merely establish on the record that "the proper concerns were taken into account and the proper balancing of interests occurred").

A district court's grant of an "ends of justice" continuance must occur before the time for trial has expired, and the reasons for the continuance should be set forth on the record at that time.  United States v. Kelly, 45 F.3d 45, 47 (2d Cir. 1995).  Such an on-the-record contemporaneous finding "ensures that the required balancing was done at the outset, puts defense counsel on notice that the speedy trial clock has been stopped, and facilitates appellate review."  Id., citing United States v. Tunnessen, 763 F.2d 74, 78 (2d Cir. 1985); United States v. Oberoi, 295 F.Supp.2d 286, 290 (W.D.N.Y. 2003)("The court may not grant an ends-of-justice continuance under § 3161(h)(8)(A) *nunc pro tunc*.").

and Forbes would result in a far more efficient use of this Court's and the Government's resources than separate trials for each defendant. The Speedy Trial Act authorizes an exclusion of a "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run." 18 U.S.C. § 3161(h)(7); see generally United States v. Vasquez, 918 F.2d 329, 332-37 (2d Cir. 1990); United States v. Pena, 793 F.2d 486, 489 (2d Cir. 1986); United States v. Borrelli, 765 F.Supp. 791, 792 (D.Conn. 1991).

Included in this period of excludable time is any delay attributable to the disposition of the pre-trial motions of a co-defendant. United States v. Cruz, 907 F.Supp. 87, 90 (S.D.N.Y. 1995). The same exclusion should apply to the disposition of a co-defendant's post-trial motions that are filed during the period when the defendant's retrial is pending, where the grant of such motions would result in a second joint trial, so long as the delay in disposing of those motions meets the "reasonableness" requirement of § 3161(h)(7). See United States v. Salerno, 108 F.3d 730, 737 (7th Cir. 1997) (a seventeen-month delay in retrying the defendant after the first jury failed to reach verdict on some charges against him, during which the district court disposed of the defendant's and a co-defendant's voluminous post-trial motions and sentencing objections, was reasonable under Speedy Trial Act, given the magnitude and complexity of the issues); see generally United States v. Piteo,

5

726 F.2d 50, 52 (2d Cir. 1983).

Given the length and complexity of any trial of the charges in this case, the Government would vigorously oppose any request for separate trials of the defendants.  Many aspects of the Government's presentation during the retrial of Forbes will be strongly affected by whether Shelton will also be a defendant in that trial.  In order to effectively prepare for the Forbes retrial, the Government should know before the commencement of that trial whether it will involve one defendant or two.

By virtue of the schedule recently set by the Court, Shelton's initial brief in support of his post-trial motions is due on April 4, 2005; the Government's responsive brief is due forty-five days later, on May 19, and Shelton's reply brief is due twenty days after that, on June 8, 2005.  The Government has requested that, if this Court denies those motions, the Court proceed immediately thereafter to sentencing.  Accordingly, briefing on any objections of the parties to the pre-sentence investigation report will consume additional time and resources of the Court, the Government, and Shelton's lawyers.  Given this schedule, the Government anticipates that a resolution of Shelton's post-verdict motions and sentencing will not be completed until sometime in the mid- summer of 2005, at the earliest, and certainly not in time for the currently scheduled commencement of the Forbes re-trial.

Third, before the date for the retrial of Forbes is fixed, this Court should set a schedule for the filing and briefing of any pretrial motions. The Government anticipates that Forbes will file motions *in limine* seeking to preclude at retrial some of the Government's evidence that was admitted during the first trial.[3] Forbes' own response to the Government's Motion to Retransfer this Case to the District of New Jersey provides further support for the need for such a briefing schedule for pre-trial motions. Forbes effectively acknowledges that, instead of filing before retrial any in limine motions seeking to limit the Government's evidence, he intends to bring such motions "in due course," (Forbe's Opposition to Government's Transfer Motion at 6), i.e., during the course of trial. Forbes employed this practice during the initial trial, seeking to gain a tactical advantage by delaying the filing of such motions until shortly before a particular witness or piece of evidence was to be presented, thereby forcing the Government to respond to such motions on short notice. See e.g., Forbes' Motion in Limine No. 14 to Preclude Certain Testimony by Jan and

---

[3] For instance, during the initial trial, the Court ruled that some of the Government's evidence was admissible only against Shelton. The Government anticipates that Forbes will move to exclude some or all of that evidence entirely from the retrial. Additionally, the Government may seek the admission at the retrial of portions of Forbes's trial testimony during the initial trial, and anticipates that Forbes may seek to exclude or limit the admissibility of his prior testimony during the retrial.

Robert Davidson Regarding the April 9, 1997 CUC Board Meeting, Docket No. 847, filed on June 15, 2004. Now that Forbes has received full disclosure of the Government's evidence during the initial trial, there is no good reason why he should withhold his *in limine* motions until the trial is under way.

Nor would such a continuance cause any actual prejudice to Forbes. He remains on bail, and in control of his substantial assets.[4] Any defense testimony elicited at the first trial will be available for presentation at the retrial in the event that those witnesses become unavailable. Fed. R. Evid. 804(b)(1); United States v. Avants, 367 F.3d 433, 444-45 (5th Cir. 2004); United States v. Geiger, 263 F.3d 1034, 1039 (9th Cir. 2001). Finally, any trial delay generally inures to the detriment of the Government, which bears the burden of proof. United States v. Loud Hawk, 474 U.S. 302, 315 (1986); Barker v. Wingo, 407 U.S. 514, 521 (1972); United States v. Avalos, 541 F.2d 1100, 1110 (5th Cir. 1976).[5]

---

[4] Forbes' ability to travel, even overseas, has not been severely restricted as a result of the pending criminal charges. The Government recently learned from the Pre-Trial Services Division of this Court that Forbes will be traveling to London within the coming month.

[5] Although Forbes now professes to want a "speedy trial," he repeatedly sought a continuance of the initial trial based on claims that he needed more time for preparation.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court continue the commencement of the retrial of Walter Forbes until September 6, 2005, and rule that the period between now and September 6, 2005 is excludable for purposes of calculating the time when the retrial must commence under the Speedy Trial Act.

    Respectfully submitted,

    CHRISTOPHER J. CHRISTIE
    Special Attorney
    U.S. Department of Justice

    John J. Carney/s

    By:  JOHN J. CARNEY
    Special Attorney
    U.S. Department of Justice
    Federal Bar No. 24063

    Norman Gross/s

    By:  NORMAN GROSS
    Special Attorney
    U.S. Department of Justice
    Federal Bar No. 24933

    James McMahon/s

    By:  JAMES MCMAHON
    Special Attorney
    U.S. Department of Justice
    Federal Bar No. 24062

    Richard J. Schechter/s

    By:  RICHARD J. SCHECHTER
    Special Attorney
    U.S. Department of Justice
    Federal Bar No. 24238

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via fax and email delivery:

  Barry S. Simon, Esq.

  Scott Edelman, Esq.

      I declare under penalty of perjury that the foregoing is true and correct.

                              Norman Gross/s
                              Norman Gross
                              U.S. Department of Justice


Dated: February 4, 2005
       Camden, New Jersey