UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | February 4, 2005 |
| | : | |
| WALTER A. FORBES and | : | |
| E. KIRK SHELTON | : | |

REPLY MEMORANDUM IN SUPPORT OF THE MOTION OF
THE UNITED STATES TO TRANSFER THE RETRIAL OF
WALTER FORBES TO THE DISTRICT OF NEW JERSEY

**A. Forbes Has Failed to Demonstrate That This Court is Without Power to Retransfer This Case to the District of New Jersey.**

Effectively conceding that this Court has inherent authority to retransfer a civil case to the judicial district of origin if the circumstances that justified the initial transfer had substantially changed, and that the factors which inform a court's decision to transfer (or retransfer) a civil and criminal case based on *forum non conveniens* are identical, Forbes nonetheless contends that this Court is without inherent authority to retransfer this case to the District of New Jersey, from which the case originates, regardless of any compelling reason for such retransfer.[1]

_____

[1]  In Forbes' Memorandum in Opposition to the Government's Motion to Retransfer ("FM"), he declines to address the merits of the Government's argument that a retransfer is justified under

(continued...)

Forbes does not identify a single case which so holds, however. Rather, he cites cases in which a motion to transfer a criminal case (much less a motion to retransfer) was not even filed. United States v. James, 731 F.2d 758 (11th Cir. 1984) (reversing conviction where the forum court lacked venue; no motion for transfer of venue was ever filed); United States v. Abbott Laboratories, 505 F.2d 565 (4th Cir. 1974)(reversing the dismissal of an indictment based on prejudicial pretrial

_____

(...continued)
the changed circumstances at issue here, and has elected to rest on his argument that a retransfer is *per se* impermissible in a federal criminal prosecution. FM 1, n.1. Although the Government has no quarrel with Forbes' decision to simply ignore the Government's arguments, the Government objects to Forbes' purported reservation of a right to file yet another response to this motion in the event that this Court concludes that it has the authority to retransfer the case.

Forbes should not be given two self-appointed bites at the apple when he has every opportunity to respond to all of the Government's arguments in a singe submission. Allowance of the two-step procedure that Forbes has bestowed on himself will only delay disposition of this motion in the event that this Court concludes that it has the power to retransfer this case. Such delay is inconsistent with Forbes' announcement that he will not waive his right to a speedy trial. FM 6. Apparently, it is not a speedy trial that Forbes desires, but rather another legal claim to raise in the event of his conviction.

Accordingly, the Government has filed, contemporaneously with this reply memorandum, a Motion to Continue the Commencement of the Retrial of Walter Forbes until September 6, 2005, and to exclude the time from now until September 6 from the period during which the retrial must be commenced under the Speedy Trial Act.

publicity and prejudicial information placed before the grand

jury; no motion for transfer of venue was ever filed);

Application to Take Testimony in Criminal Case Outside District,

102 F.R.D. 521 (E.D.N.Y. 1984)(holding that the court's

permission was not required for lawyers to take the testimony of

an ill witness in the Southern District of New York in a case

pending in the Eastern District, so long as the defendant waived

his right to have testimony given in a specific district).

Although each of those cases stated in *dicta* that the initial

transfer of a criminal case may be brought only by the defendant,

not the prosecution, none involved, as this case does, the

Government's request to retransfer a criminal case based on

significant changes in the circumstances that justified the

initial transfer.

        In re Briscoe, 976 F.2d 1425 (D.C. Cir. 1992), on which

Forbes principally relies, likewise involved a case in which

retransfer was not sought because of changed circumstances.  976

F.2d at 1429 ("there is nothing in this record to indicate that

matters have changed since the Florida court issued its order [to

transfer the case to the District Court for the District of

Columbia].")  Rather, in Briscoe, the Court of Appeals issued a

writ of mandamus requiring the return of a criminal case to the

District of Columbia from the Southern District of Florida, where

the case had been indicted, after the District Court for the District of Columbia had retransferred the case based on its conclusion that the initial transfer was "ill considered."  976 F.2d at 1428.  The Court of Appeals in <u>Briscoe</u> held that the retransfer order violated "the fundamental principle that the propriety of the transferor court's exercise of discretion under Rule 21(b) is not subject to review by the district court to which the case is transferred."  <u>Id.</u>

Forbes erroneously argues that the Government's retransfer motion improperly asks this Court to re-weigh the <u>Platt</u> factors that were considered by the New Jersey judge, in what would amount to an improper review of that judge's decision by this Court.  FM 5-6.  The retransfer motion does no such thing, but asks this Court to exercise its inherent authority to retransfer this case based on factors that were never considered by the District of New Jersey judge, because they did not arise until after the initial transfer was granted.  When the New Jersey judge decided to transfer this case to this Court, he assumed that the trial would take place in New Haven, which would have been a significantly more convenient forum for Shelton and his wife than Newark.  The retransfer motion seeks a determination from this Court that a retrial in Newark would be substantially more convenient to the Government than a retrial in

4

Hartford, and no less convenient to Forbes, with concerns about Shelton and his wife no longer relevant.

Although Forbes dismisses as *dicta* the Fourth Circuit's conclusion in <u>United States v. Blackwell</u>, 946 F.2d 1049 (4th Cir. 1991) that a district court judge has inherent authority to retransfer a case based on changed circumstances, he points to no authority whatsoever, *dicta*, or otherwise, to support his contention that such authority does not exist.  Certainly <u>Briscoe</u>, on which Forbes principally relies, offers him no comfort, as the Court there found "no need to decide whether the government is correct that, despite Rule 21(b), a district court has 'inherent authority' to retransfer a criminal case . . . on the government's motion."  976 F.2d at 1428.[2]

---

[2]  To the same effect is another case cited by Forbes, <u>In re: Hampers</u>, 1990 Lexis 23162 (1st Cir., October 5, 1990).  There the Court of Appeals granted mandamus after the judge in the District of New Hampshire retransferred a criminal case to the district of origin, the District of Nevada, following a mistrial in the New Hampshire court.  Rather than relying on any change in the circumstances that justified the initial transfer, the New Hampshire judge concluded that "the facts established at trial showed that the case should not have been sent to New Hampshire in the first place."  <u>Id.</u> at *2.  Here, the Government has not argued in its motion for retransfer that the case should not have been transferred in the first instance, but that events which the New Jersey judge did not and could not consider now justify retransfer of this case to the district of origin.  Like the Court in <u>Briscoe</u>, the Court of Appeals in <u>Hampers</u> expressly declined to decide whether an "unanticipated post-transfer event" would justify retransfer.  <u>Id.</u> at *4.

(continued...)

Although caselaw on this issue is admittedly scarce, at
least two courts which have considered the issue have concluded
that such authority exists.  <u>Blackwell</u>, 946 F.2d at 1052 n. 1,
<u>citing</u> <u>United States v. Mohney</u>, 476 F.Supp. 421, 427-28 (D.Haw.
1979)(concluding that the district court had authority to
retransfer the case to the district of origin based on changed
circumstances, but declining to exercise that authority and
dismissing the indictment).

Those decisions make eminent sense based on the
policies that are served by Rule 21(b).  The purpose of that rule
is to provide a remedy to the defendant when the Government
abuses its discretion in selecting a particular district in which
to bring charges, which district is inconvenient to the defendant
or creates a heightened chance of conviction.  Wright, Federal
Practice and Procedure: Criminal 3d § 343 (2000 ed.); <u>see</u> <u>also</u>
<u>United States v. U.S. Steel Corp.</u>, 226 F.Supp. 152, 156 (S.D.N.Y.
1064)("One of the purposes of Rule 21(b) was to protect a

---

(...continued)
      Forbes also cites <u>United States v. Craig</u>, 875 F.
Supp. 816 (S.D.Fla. 1994).  Like <u>Briscoe</u>, that case involved the
issuance of a writ of mandamus by the Court of Appeals,
overturning the retransfer of a case to the district of origin.
There is no mention in <u>Craig</u> that the retransfer was undertaken
in response to any change in circumstances; indeed, the district
court's opinion recites that the case was retransferred "once the
file reached" the judge to whom it was initially transferred.
875 F. Supp. at 819.

defendant against abuses arising from indictment by the Government in a jurisdiction far removed from his home when the logical place for trial would be at the place where he resides and carries on his normal activities.")  As demonstrated in the Government's opening brief, retrial in Hartford is no more convenient to Forbes or his attorneys than retrial in Newark, and Forbes has never claimed, much less shown, that he would be more likely to be convicted in New Jersey than in Connecticut. Accordingly, the purpose of Rule 21(b) will not be undercut by retransfer.

The factors affecting convenience to the parties may be subject to substantial change, as this case well illustrates. Forbes' proposed rule, that a district court may never retransfer a case no matter how compelling the reasons to do so, would mean that the Government and this Court would be required to conduct the retrial in Hartford even if Forbes, his lawyers, and all of the witnesses decided to relocate to Newark, leaving Hartford a less convenient forum for everyone.  Such an absurd result is not required by either the language or the policies underlying Rule 21(b).

Because the Government is seeking a retransfer pursuant to this Court's inherent powers rather than pursuant to Rule 21(b) alone, Forbes' argument (FM 1-3) that Rule 21(b) alone

7

confers no authority on the Court to retransfer the case is of no

moment.  Rule 21(b), which does not address the authority of a

court to retransfer a previously transferred case based on

changed circumstances, should not be read to preclude such a

retransfer, as the <u>Blackwell</u> Court concluded.[3]

---

[3] Forbes reads the language of Rule 21(b) to permit any
transfer of a criminal case <u>only</u> upon motion of the defendant (FM
1-2), but the word "only" is notably absent from the text of the
Rule.

Forbes also seizes on a portion of a sentence from the
Advisory Committee Note to Rule 21(b), which states in full:

> The rule provides for a change in venue only on
> defendant's motion and does not extend the same right
> to the prosecution, since the defendant has
> constitutional right to a trial in the district where
> the offense is committed.

Here, the Government does not contend that it has "the
same right" to a transfer of the case as the defendant, because
the Government obviously has no Constitutional venue rights.  Nor
does the Government need a vehicle to allow for a transfer of the
case from the district of origin, since it is the Government
which chooses the district in which the prosecution is brought.

As explained above, the Government is not seeking a
transfer pursuant to Rule 21(b), but a retransfer to the district
of origin based on changed circumstances.  The Government's
motion does not present the question of whether the Government
has the "same right" as a defendant to transfer a case from the
district of origin under Rule 21(b).

Additionally, "Advisory Committee notes are analogous
to legislative history which we use to clarify legislative intent
[but] are not binding on the court." <u>United States v. Hayes</u>, 983
F.2d 78, 82 (7th Cir. 1992); <u>accord</u> <u>United States v. Abdul-Hamid</u>,

(continued...)

**B.   The Government's Motion to Retransfer Tolls the Time for Commencement of the Retrial Under the Speedy Trial Act.**

This Court should reject Forbes' baseless speculation that the Government's motion was brought merely to delay the retrial, and that the motion should therefore not toll the running of the Speedy Trial Act clock.  FM 6-7.  As set forth in the Government's initial brief in support of this motion, retransfer of this case will spare the United States Attorney's Office and the Executive Office of the United States substantial funds, and will substantially ease the personal burdens on the Government's trial lawyers caused by having to try this case outside of their home district.  Because there is both a good-faith basis and legal support for the Government's motion, any time required by this Court to rule on the Government's motion should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(G) (excluding from the time within which a trial must commence any "delay resulting from any proceeding relating to the transfer of a case . . . from another district under the Federal Rules of

------

(...continued)

966 F.2d 1228, 1231 (7th Cir. 1992); <u>see also</u> <u>In re Habeas Corpus Cases</u>, 216 F.R.D. 52, 53-54 (E.D.N.Y. 2003)("An Advisory Committee Note, while helpful, cannot replace the plain language of a rule or statute.").  Although the plain language of Rule 21(b) authorizes a defendant to seek a transfer, it does not forbid the Government from seeking a retransfer based on changed circumstances.

Criminal Procedure"); <u>see</u> <u>United States v. Duque</u>, 62 F.3d 1146, 1150 (9th Cir. 1995) (tolling the period between the entry of an order transferring venue until the defendant's first appearance in the transferee court, pursuant to § 3161(h)(1)(G)).  That time should also be excluded by operation of § 3161(h)(1)(F)(excluding any "delay resulting from any pretrial motion"), <u>see</u> <u>United States v. Douglas</u>, 81 F.3d 324, 326 (2d Cir. 1996).  Forbes' self-serving claims of Government bad faith should not distract this Court from the legal issues presented by this motion.   <u>See</u> <u>United States v. Zayas</u>, 876 F.2d 1057, 1058-59 (1st Cir. 1989)(rejecting the defense claim that the impanelment of the jury was a pretextual effort to satisfy the Speedy Trial Act, even though the trial was delayed for six weeks after the jury was impaneled).

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court transfer this case back to the United States District Court for the District of New Jersey for the re-trial of all of the indictment counts charging Walter Forbes.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice

John J. Carney/s

By:  JOHN J. CARNEY
Special Attorney
U.S. Department of Justice
Federal Bar No. 24063

Norman Gross/s

By:  NORMAN GROSS
Special Attorney
U.S. Department of Justice
Federal Bar No. 24933

James McMahon/s

By:  JAMES MCMAHON
Special Attorney
U.S. Department of Justice
Federal Bar No. 24062

Richard J. Schechter/s

By:  RICHARD J. SCHECHTER
Special Attorney
U.S. Department of Justice
Federal Bar No. 24238

### CERTIFICATE OF SERVICE

The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via fax and email delivery:

Barry S. Simon, Esq.

Scott Edelman, Esq.


I declare under penalty of perjury that the foregoing is true and correct.


Norman Gross/s
Norman Gross
U.S. Department of Justice


Dated: February 4, 2005
       Camden, New Jersey