**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

```
-----------------------------
UNITED STATES OF AMERICA      )
                              )
v.                            )        Criminal No. 3:02CR00264(AWT)
                              )
WALTER A. FORBES              )
-----------------------------
```

**ORDER RE DEFENDANT FORBES' MEMORANDUM IN OPPOSITION
TO MOTION OF THE UNITED STATES TO TRANSFER THE
RETRIAL OF WALTER FORBES TO THE DISTRICT OF NEW JERSEY**

Defendant Forbes noted in his Memorandum of Defendant Walter
A. Forbes in Opposition to Motion of the United States to
Transfer Any Retrial to the District of New Jersey (Doc. No.
1440) that in the interest of expediting his response to the
government's motion, the memorandum was being limited to
threshold issues.  The government quite properly notes that
"Forbes should not be given two self-appointed bites at the apple
when he has every opportunity to respond to all of the
Government's arguments in a [single] submission." (Reply Mem.
(Doc. No. 1445) at 2, n.1)  The court agrees.

Leave of court was required for the approach that defendant
Forbes seeks to follow.  Leave of court has not been given, and
it will not be.  The court prefers that all the issues be briefed
in a single round.  Then, if the court desires supplemental
briefing, it will request it.

1

Accordingly, defendant Forbes shall by February 15, 2005 supplement his opposition memorandum to address the merits of the government's request.  The government shall thereafter have the standard period of time in which to file a supplemental reply memorandum.

The court notes that, to date, neither party has addressed whether the fact that a superseding indictment was returned by a Grand Jury in the District of Connecticut is material to the court's analysis.  The supplemental submissions should address this point.  As to the incremental costs to the government of trying the case in Hartford, the court would like (i) a general breakdown (e.g., renting office space, equipment rental, housing, meal stipends, mileage, etc.) of the incremental costs to the United States Attorney's Office, and (ii) the incremental costs to the Federal Bureau of Investigation and the United States Postal Service, with a similar breakdown.

It is so ordered.

Dated this   8th   day of February 2005, at Hartford, Connecticut.


_____/s/_____
Alvin W. Thompson
United States District Judge