UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.             ) | No. 3:02CR264 (AWT) |
| ) | |
| WALTER A. FORBES and ) | February 22, 2005 |
| E. KIRK SHELTON.  ) | |

**OPPOSITION OF WALTER A. FORBES TO MOTION OF
THE UNITED STATES TO CONTINUE THE RETRIAL**

Walter A. Forbes, through undersigned counsel, respectfully submits this opposition to the motion of the United States for a six month continuance of the March 11, 2005 trial date and to exclude that time under the Speedy Trial Act (the "Act").

## INTRODUCTION

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend VI. The Act, which helps to implement this constitutional guarantee, requires district courts "at the earliest practicable time" to "set the case for trial on a day certain . . . so as to assure a speedy trial." 18 U.S.C. § 3161(a). Under the Act, "if the defendant is to be tried again following the declaration by the trial judge of a mistrial . . . , the trial <u>shall commence within seventy days</u> from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e) (emphasis added). The Act enumerates periods of delay that may be excluded in computing this seventy-day period. See 18 U.S.C. § 3161(h). If the defendant is not brought to trial within seventy days, as extended by the amount of

time properly excludable under § 3161(h), the indictment must be dismissed on motion of the defendant. See 18 U.S.C. §§ 3161(e), 3162(a)(2).

The delay resulting from a continuance is excludable time under the Act only if the district court makes findings that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). The government seeks a six-month "ends of justice" continuance on the grounds that three of the five prosecutors who participated in the first trial prefer to seek new jobs rather than participate in the retrial. The government's motion, however, fails to disclose that those three prosecutors are still employed by the government and should be available to try the case. The "ends of justice" do not support the requested continuance and would not toll the running of the Speedy Trial clock.

The government alternatively argues that time should be excluded during Mr. Shelton's post-trial proceedings under § 3161(h)(7) of the Act, which provides for the exclusion of "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Id. (emphasis added). This provision, on its face, does not toll the running of the Speedy Trial clock here. Because the jury reached a verdict on all counts against Mr. Shelton, he is not scheduled for retrial. Therefore, Mr. Forbes is not "joined for trial" with Mr. Shelton.

The government's motion for a continuance should be denied and the retrial of this matter should commence prior to the expiration of the seventy-day

period mandated by the Act. If the government intends to retry this case, Mr. Forbes is entitled to clear his name, put this matter behind him, and proceed to retrial when the first trial is fresh in the minds of his attorneys.[1]

Although not a basis for a continuance, the government requests a briefing schedule requiring Mr. Forbes to raise all evidentiary objections in the form of pretrial motions in limine. This request should be denied as well because evidentiary objections are not required to be made before trial and Mr. Forbes could risk waiving evidentiary objections that he does not make contemporaneously at trial.

## ARGUMENT

**I. The Desire of Three Prosecutors To Seek Other Professional Opportunities Does Not Support an "Ends of Justice" Continuance that Would Toll the Running of the Speedy Trial Clock.**

The government's primary basis for the requested continuance is its intentionally vague assertion that it "has recently determined that, none of the three Assistant United States Attorneys who tried the case last year will be retrying the case, due to their changing employment status." Mot. at 2. When defense counsel inquired into the nature and timing of the alleged "changing employment status" of these attorneys, the government refused to respond to the

---

[1] The government cannot retry this case without violating the rule of Napue v. Illinois, 360 U.S. 264 (1959); United States v. Wallach, 935 F.2d 445 (2d Cir. 1991), and their progeny. The case against Mr. Forbes is predicated on the testimony of one witness, Cosmo Corigliano, a proven perjurer. The three prosecutors who are most familiar with Mr. Corigliano's false testimony and who do not want to retry the case against Mr. Forbes cannot solve this ethical/due process problem by abandoning the case in favor of a new set of prosecutors.

inquiry. See Ex. 1 (E-mail from Gross to Simon, Feb. 7, 2005). A response would have demonstrated the bankruptcy of the government's position.

On information and belief, James McMahon, Esq. is available to participate in the retrial because he has accepted a position with the Fraud Section of the United States Department of Justice. This case fits squarely within the Fraud Section's jurisdiction and Fraud Section attorneys are regularly assigned to try cases in districts throughout the country. Thus, Mr. McMahon's "changing employment status" provides no support for the requested continuance.

On information and belief, as of the date of the government's motion and continuing thereafter, John Carney, Esq. and Richard Schechter, Esq. were seeking, but had not yet obtained, employment in the private sector. Indeed, they have not withdrawn from the case and they signed the original Motion for a Continuance on February 4, 2005, the Supplemental Reply in Support of the Motion to Transfer filed on February 22, 2005, as well as recent pleadings relating to Mr. Shelton. The desire to find new private sector jobs in the future does not render Messrs. Carney and Schechter unavailable for trial. It is quite possible that they will not find, accept, and commence new private sector jobs until after the completion of the March 11 retrial. Moreover, the commencement of any new jobs could be postponed to allow them to participate in the retrial. Because they have

not already departed, they, too, remain available to participate in the retrial of this case.[2]

Furthermore, Assistant United States Attorneys Kevin Walsh and Norman Gross, who participated in the first trial, as well as the case agents and paralegals involved in the investigation and prosecution of this case, also remain available to participate in the retrial. Accordingly, the entire prosecution team—five lawyers deep and backed by case agents and paralegals—remains intact, although two of the prosecutors would prefer to leave the government if they find suitable employment. Their new career aspirations, however, simply do not support an "ends of justice" continuance.[3]

---

[2] Defense lawyers in similar circumstances would not be permitted to abandon their client and refuse to stay on for a limited period of time in order to complete the retrial because of their duties of loyalty and zealous representation. See United States v. Phifer, 511 F.2d 960, 962 (4th Cir. 1975) ("[N]or does the Code of Professional Responsibility permit an attorney to abandon his client and refuse to continue when the court has ruled adversely to his [continuance] motion." (footnote omitted)); Conn. R. Prof. Conduct 1.7 Commentary ("The lawyer's own interests should not be permitted to have adverse effect on representation of a client."); see also United States v. O'Neil, 118 F.3d 65, 71 (2d Cir. 1997) ("[W]e presume that counsel will continue to execute his professional and ethical duty to zealously represent his client, notwithstanding the fee dispute."); id. ("[T]he presumption [is] that the lawyer will subordinate his pecuniary interests and honor his primary professional responsibility to his client[] in the matter at hand." (quotation omitted)); Local R. 83.2(a) (Connecticut Rules of Professional Conduct express the "standards of professional conduct expected of lawyers practicing in the District of Connecticut"); Conn. R. Prof. Conduct, Preamble (zealous advocacy), 1.3 (diligence), 1.7 (conflicts), 1.11 & Commentary (ethical rules apply to government lawyers).

[3] The cases cited by the government, in which a few weeks were excluded to allow new prosecutors to prepare for trial, bear no resemblance to the present case, in which the entire prosecution team is still available, the case was already tried once, and the government demands a six month continuance. See United States v. DiTommaso, 817 F.2d 201, 210 (2d Cir. 1987) (seven week continuance to enable new prosecutors to prepare for trial because former prosecutor unavailable due to ill

The "ends of justice" would not support the requested continuance even if Messrs. Carney and Schechter had, in fact, departed for new private sector jobs. These prosecutors knew about their career aspirations when the mistrial was declared on January 4, 2005. If the government truly believed that it needed replacement lawyers, it could have and should have assigned new prosecutors to the case immediately. If the government did so, the newly assigned prosecutors will have had more than two months to prepare for a March 11 trial, and can continue to prepare during the jury selection process and throughout the trial. See, e.g., United States v. Taylor, 562 F.2d 1345, 1363-64 (2d Cir. 1977) (affirming denial of continuance and noting that newly retained defense attorney could have continued to prepare during jury selection). This is more than adequate time given the collective experience of Messrs. McMahon, Walsh, Gross, the case agents and paralegals, and given the fact that this is a retrial with prepackaged exhibits, witnesses, testimony, jury instructions, and motions.[4]

---

health); United States v. Thai, No. 94-10524, 1996 WL 623053, at *1 (9th Cir. Sept. 12, 1995) (five weeks excluded to enable new prosecutor to prepare for trial).

[4] When defendants seek continuances to allow new counsel to prepare for trial, such requests are routinely denied. This is true even where there is no holdover defense team, the requested continuance is short, and the new attorney has only days to prepare. See, e.g., Avery v. Alabama, 308 U.S. 444 (1940) (denial of continuance when new counsel appointed three days before capital trial did not violate right to counsel); United States v. Pascarella, 84 F.3d 61, 68 (2d Cir. 1996) (affirming denial of one week continuance when defendant wanted to retain new counsel four days before trial); United States v. Burgos, 579 F.2d 747, 750 (2d Cir. 1978) (affirming denial of continuance when new counsel retained two weeks before trial); Taylor, 562 F.2d at 1363-64 (affirming denial of five day continuance when new counsel retained nine days before start of jury selection); United States v. Carroll, 510 F.2d 507, 510 (2d Cir. 1975) (affirming denial of continuance when new counsel retained six days before trial).

If the government did not assign new prosecutors to the case in early January or if any new prosecutors have not been busy preparing for the retrial, such a lack of diligence would provide no basis for a continuance. The Act is explicit in this regard—an "ends of justice" continuance may not be granted because of "lack of diligent preparation." 18 U.S.C. § 3161(h)(8)(C).

In sum, the government has provided no facts upon which the Court can base explicit findings required to support an "ends of justice" continuance. See 18 U.S.C. § 3161(h)(8)(A); Mot. at 4 n.2.[5]

## II. Because Mr. Forbes Is Not "Joined for Trial" with Mr. Shelton, Mr. Shelton's Post-Trial Proceedings Do Not Toll the Running of the Speedy Trial Clock.

The government's second argument in support of an exclusion of time under the Act is equally unavailing. The government claims that although "there does not appear to be any reason to believe that Shelton is entitled to a new trial," Mot. at 4, the Court should grant a continuance pending a resolution of Mr. Shelton's post-trial proceedings and exclude that time under § 3161(h)(7) of the Act.[6] Section 3161(h)(7) provides for the exclusion of "[a] reasonable period of delay when the defendant is <u>joined for trial with a codefendant</u> as to whom the time for

---

[5] If the Court considers granting an "ends of justice" continuance, Mr. Forbes requests an evidentiary hearing to determine the facts and circumstances surrounding the "changing employment status" of the prosecutors and the assignment and preparation of new prosecutors.

[6] It could take more than a year (or years) to determine the status of Mr. Shelton's retrial. It is certainly possible that the question of his retrial will be finally resolved only after an appellate court has considered the numerous violations of Mr. Shelton's rights during the first trial, not after the resolution of his post-trial motions.

trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7) (emphasis added). That section, on its face, does not apply in this case. The jury reached a verdict on all counts against Mr. Shelton. Therefore, Mr. Forbes is not "joined for trial" with Mr. Shelton.

The one retrial case cited by the government demonstrates that § 3161(h)(7) is inapplicable. See Mot. at 5 (citing United States v. Salerno, 108 F.3d 730 (7th Cir. 1997)). In Salerno, the jury could not reach a verdict on Counts 8 or 9 as to Salerno and three of his codefendants. See 108 F.3d at 734. The trial court vacated a fourth codefendant's conviction on count 8 and declared a mistrial. See id. at 734 n.2. Therefore, "Salerno and his four codefendants were all subject to retrial on Counts 8 or 9." Id. at 735 (emphasis added). Only because Salerno was joined with his codefendants for a retrial did § 3161(h)(7) apply and, therefore, "any reasonable period of time that could be excluded as to [his codefendants] could similarly be excluded as to Salerno." Id.

The same cannot be said here. Messrs. Forbes and Shelton are not joined together for retrial. Accordingly, § 3161(h)(7) does not apply and, therefore, Mr. Shelton's post-trial proceedings do not toll the running of the Speedy Trial clock.[7]

---

[7] Furthermore, the entire premise of the government's argument—that it would "vigorously oppose" separate retrials of Messrs. Shelton and Forbes, Mot. at 6—is false. Two weeks before the government filed its motion for a continuance, it moved to transfer the retrial of Mr. Forbes to the District of New Jersey while at the same time representing that "it does not seek the retransfer of any future proceedings involving defendant E. Kirk Shelton." Mem. Supp. Mot. Transfer at 5 (emphasis added). Thus, the government is explicitly seeking relief that would

### III. Mr. Forbes Is Entitled (and May Be Required) To Raise Evidentiary Objections at Trial.

The government's request to require Mr. Forbes to raise evidentiary objections before trial, see Mot. at 7—which provides no basis for a continuance, much less a <u>six month</u> continuance—should likewise be denied. Simply put, Rule 12(b)(3) of the Federal Rules of Criminal Procedure, which specifically enumerates the categories of motions that must be raised before trial, does not require that evidentiary motions be raised pretrial. The government cites no contrary authority in support of its proposal.

Moreover, under some circumstances, Mr. Forbes would be required to raise contemporaneous evidentiary objections at trial in order to preserve those objections. Rule 103(a) of the Federal Rules of Evidence provides that pretrial motions <u>in limine</u> preserve objections only if the Court makes a definitive ruling. Even if the Court makes a definitive pretrial ruling on an evidentiary matter, "nothing . . . prohibits the court from revisiting its decision when the evidence is to be offered. If the court changes its initial ruling, or if the opposing party violates the terms of the initial ruling, <u>objection must be made when the evidence is offered to preserve the claim of error for appeal</u>." Fed. R. Evid. 103 advisory committee's note (emphasis added). In addition, "a definitive advance ruling is reviewed in light

---

result in separate retrials of Messrs. Shelton and Forbes should Mr. Shelton be granted a retrial. The government's facially inconsistent positions reveal that its primary concern is improperly delaying the retrial of Mr. Forbes. Cf. Pascarella, 84 F.3d at 69 ("Judges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay." (quotation omitted)).

of the facts and circumstances before the trial court at the time of the ruling. If the relevant facts and circumstances change materially after the advance ruling has been made, those facts and circumstances cannot be relied upon on appeal <u>unless they have been brought to the attention of the trial court by way of a renewed, and timely, objection, offer of proof, or motion to strike</u>." <u>Id.</u> (emphasis added).

The government's accusation that the filing of motions raising evidentiary objections during trial constitutes an improper tactic, <u>see</u> Mot. at 7, is baseless. Such motions are routine and, as set forth above, are often required to preserve objections. Furthermore, Mr. Forbes filed many evidentiary motions in advance of the first trial and during the trial <u>before</u> particular government witnesses testified as opposed to raising objections for the first time during witness testimony. Whether a particular witness will testify, whether a particular exhibit will be offered, and the facts and circumstances surrounding such evidence are often too uncertain to justify filing a motion in advance of trial.

## CONCLUSION

For the reasons set forth above, Mr. Forbes respectfully requests that the Court deny the government's motion for a six-month continuance and to exclude that time under the Act.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: February 22, 2005

# EXHIBIT 1

**Simon, Barry**
---

**From:** Norman.Gross@usdoj.gov
**Sent:** Monday, February 07, 2005 11:58 AM
**To:** Simon, Barry
**Subject:** U.S. v. Walter Forbes

Dear Barry:

    I write in response to your inquiry last Friday about the Government's motion for a continuance. Rather than argue with you about the merits of the Government's motion, we think it would be beneficial for the Court's resolution of our continuance motion for you to file a responsive brief to our motion. After reviewing your responsive brief, we will file a reply brief with the Court. We think this procedure will best enable the Court to rule on the Government's pending continuance and retransfer motions.

Sincerely,

Norman Gross
Assistant United States Attorney

1

## CERTIFICATE OF SERVICE

I hereby certify that I caused the Opposition of Walter A. Forbes to Motion of the United States to Continue the Retrial to be served on February 23, 2005 on the following:

<u>Via Federal Express</u>

John J. Carney, Esq.
Assistant U.S. Attorney
United States Attorneys Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102

Stanley A. Twardy, Jr., Esq.
Gary H. Collins, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103

Thomas P. Puccio, Esq.
Law Offices
2300 Park Avenue
Suite 301
New York, NY 10169

Scott A. Edelman, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

_____
Barry S. Simon