UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------
UNITED STATES OF AMERICA       )
                               )
v.                             )    Criminal No. 3:02CR00264(AWT)
                               )
WALTER A. FORBES               )
-------------------------------
```

### RULING ON MOTION OF THE UNITED STATES TO CONTINUE THE COMMENCEMENT OF THE RETRIAL OF WALTER FORBES

The Motion of the United States to Continue the Commencement of the Retrial of Walter Forbes (Doc. No. 1443) is hereby GRANTED. For the reasons set forth below, the court finds, after a review of, inter alia, the factors set forth in 18 U.S.C. § 3161(h)(8)(B), that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

Although two other attorneys assisted on behalf of the government at various points during the first trial, the most accurate characterization of the situation for purposes of the instant motion is that the government's trial team was Assistant United States Attorneys Carney, McMahon, and Schechter; anyone but these three individuals will have an enormous amount of work to do to get up to speed on the details of the government's analysis of all of the issues that arose during the initial trial. The court has concluded that none of these three is available to the United States Attorney for the District of New

Jersey to serve as a member of the government's trial team for the retrial of defendant Forbes.  It is reasonable for AUSA McMahon to commence on March 7, 2005 a new position he accepted in September 2004, in the midst of the first trial.  As to AUSA Carney and AUSA Schechter, the court notes that it was comfortable accepting their representations as officers of the court and the representations in the government's reply memorandum (see Gov't Reply Mem. (Doc. No. 1474) at 5) as to their unavailability for the retrial.  However, to obviate the need to deal with any speculative arguments by the defense, the court interviewed those two individuals separately (see Notice of In Camera Proceedings (Doc. No. 1479)), and the court continues to be satisfied that they are unavailable for the retrial.  The court concludes that the United States Attorney appropriately decided to replace the trial team.

A six-month continuance from the current jury selection date is appropriate in view of the complex nature of this case.  As an initial point, the court concludes that because of the uncertainty that has existed about where the retrial will be held, it was inappropriate to require the government to have finalized the composition of its new trial team immediately after the conclusion of the initial trial.

The record in this case makes it clear to the court that it would be unreasonable to require the government's new trial team

to be ready to proceed to trial in less than six months. The government's list of exhibits (version dated 5/7/04) was 94 pages long. The defense was provided millions of pages in documents in discovery and in response to defense subpoenas (see Memorandum of the United States in Opposition to Defendants' Motions for Bills of Particulars (Doc. No. 253)), and defendant Forbes' list of "Potential Defense Case in Chief Exhibits" was 293 pages long. There were 775 exhibits admitted during the trial, 367 of which were offered by the government and 408 of which were offered by the defendants. In addition, there were 245 demonstrative exhibits, 185 of which were government exhibits and 62 of which were defense exhibits.

It will take a substantial effort for the government's new trial team to become knowledgeable about the trial record. Prior to the jury charge being delivered on November 3 and 4, 2004, the 84 volumes of the trial transcripts covered 16,225 pages. Defendant Forbes filed approximately 15 motions in limine and 52 trial motions, and the court expects that there will be a comparable number of motions that will have to be dealt with by counsel for the government during the retrial. (In addition, the court would expect the government's new trial team to be knowledgeable, prior to commencement of the retrial, about all the pretrial motions, motions in limine and trial motions filed by defendant Forbes in connection with the first trial.)

Prior to commencement of the retrial, the government's new trial team must have also mastered the complexities of the subject matter of this case. Even if they are already generally familiar with accounting and corporate financial reporting, the members of the government's new trial team will have to become knowledgeable about the specific types of issues involved, and the details of the areas of dispute, in this case. If any of these attorneys are not already generally familiar with accounting and corporate financial reporting, they will have a greater challenge. The court notes that the government called, as expert witnesses in the first trial, Prof. Robert Sack and Brian Heckler, C.P.A., and that the <u>Daubert</u> hearings for these government witnesses lasted approximately 4 days in the case of Sack and approximately 11 days in the case of Heckler. While defendant Forbes did not call any such expert witness during the first trial, defendant Shelton called Prof. Roman L. Weil as an expert witness at trial, and defendant Forbes did call Daniel L. Jackson, C.P.A. and Larry S. Murphy, C.P.A. as expert witnesses during the <u>Daubert</u> hearing as to Heckler's testimony. In order to be properly prepared for the retrial, the government's new trial team must be knowledgeable about the points raised during the <u>Daubert</u> hearings.

Finally, based on the way defendant Forbes' defense was conducted during the first trial, it is unrealistic to expect

that the government's trial team could continue its preparation for trial during the jury selection process and throughout the trial, as the defense has suggested.  (See Def.'s Opp. Mem. (Doc. No. 1472) at 6.)

Based on the foregoing, the court concludes (i) that this case is so unusual and so complex due to the nature of the prosecution that it is unreasonable to expect adequate preparation by the government's new trial team for the trial within the time limits established under 18 U.S.C. § 3161, and (ii) that failure to grant the continuance requested by the government would unreasonably deny the attorneys for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Accordingly, the speedy trial time from today, March 7, 2005, to the court's September jury selection date, September 15, 2005, is hereby excluded pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii) and (iv).[1]

---

[1] The court notes that the filing of the Motion of the United States to Transfer the Retrial of Walter Forbes to the District of New Jersey (Doc. No. 1433) has already resulted in the speedy trial time being excluded from January 24, 2005 to the present date pursuant to 18 U.S.C. § 3161(h)(1)(G).

It is so ordered.

    Dated this 7th day of March 2005, at Hartford, Connecticut.

                                            /s/
                                  Alvin W. Thompson
                        United States District Judge