UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>) No. 3:02CR264 (AWT)<br>WALTER A. FORBES and )<br>E. KIRK SHELTON. ) March 29, 2005<br>) | |

**MOTION OF WALTER A. FORBES FOR AN ORDER
GOVERNING SUBPOENAS FOR THE RETRIAL**

Defendant Walter A. Forbes, through undersigned counsel, respectfully moves for an Order (1) making any trial subpoenas issued by Mr. Forbes for testimony in the retrial returnable upon 48 hours notice from his counsel absent application by the witness for more time upon a showing of undue hardship, as was done in the first trial, and (2) permitting any fees or mileage expenses paid to witnesses who were not called to testify (and who were not required to appear in Hartford) to be applied toward the fees and mileage expenses that are required to be delivered with the subpoenas for the retrial pursuant to Federal Rule of Criminal Procedure 17.

I.   **RETURN DATE FOR SUBPOENAS ISSUED FOR TESTIMONY IN THE RETRIAL.**

Mr. Forbes intends to issue subpoenas for witnesses to appear in the retrial that have a return date of September 15, 2005.[1] However, as discussed in

---

[1] Mr. Forbes may issue additional subpoenas for testimony after September 15, 2005.

connection with the subpoenas for the prior trial of Mr. Forbes, Mr. Forbes cannot predict the precise timing of when he will need to call particular witnesses to testify. Mr. Forbes has no control over the timing of the government's case, or the length of the government's cross-examinations. Nor can he anticipate every issue that may crop up and interfere with his planned timing for the presentation of witnesses. Thus it is impossible for Mr. Forbes to issue trial subpoenas in advance with a return date that will prove certain.

In the first trial, the 48 hour notice requirement imposed by the Court resolved this dilemma in a fair and workable fashion, permitting witnesses sufficient time to make travel and scheduling arrangements while at the same time avoiding any delays or inefficiencies in the presentation of testimony. Thus Mr. Forbes requests that the Court again issue an Order making any subpoena that Mr. Forbes may issue for trial testimony returnable upon 48 hours notice from Mr. Forbes' counsel. Any witness who believes that the 48 hour notice requirement imposes an undue burden on them may seek an agreement for more time from counsel for Mr. Forbes, or apply to the Court for additional time within a specified number of days after receiving the subpoena, just as was done in the first trial.[2]

Mr. Forbes will of course endeavor to give witnesses as much notice as possible, and when he can, will alert witnesses further in advance that the time for their testimony is approaching, just as he did in the first trial.

---

[2] Attached for the Court's convenience is a copy of the Order entered in the first trial. See Exhibit A.

2

## II. WITNESS FEES AND MILEAGE EXPENSES

Mr. Forbes issued a number of subpoenas on behalf of himself and co-defendant E. Kirk Shelton. Each of these subpoenas was accompanied by a check for the required witness fee and mileage expenses. See Fed. R. Crim. Proc. 17 (requiring that every subpoena for testimony be accompanied by "one day's witness-attendance fee and the legal mileage allowance.") As the Court is aware, only a small number of these witnesses were ultimately called to testify. However, a number of witnesses who were not called to testify – and who were not asked to travel to Hartford – cashed the checks provided for purposes of covering their witness fees and travel expenses. Mr. Forbes has requested reimbursement from these individuals, but several witnesses have failed to comply with his request. We attach a list of these witnesses, along with the total amount paid to them, in the schedule attached as Exhibit B.[3]

Given the fact that these witnesses neither testified at the trial, nor traveled to Hartford, Mr. Forbes respectfully requests that the Court issue an Order permitting Mr. Forbes to apply these fees and mileage expenses toward the fees and expenses that must accompany these witnesses' subpoenas for the retrial.

## CONCLUSION

For the foregoing reasons, Mr. Forbes respectfully requests (1) that the Court order that Mr. Forbes' subpoenas for testimony in the retrial be made returnable upon 48 hours notice from Mr. Forbes' counsel, absent application from

---

[3] Counsel for each witness is identified in Exhibit B, and is being served with a copy of this motion.

the witness for more time upon a showing of undue hardship; and (2) that the Court order that Mr. Forbes can credit the fees and expenses paid to the witnesses listed in Exhibit A toward the witness fees and mileage expenses that are to accompany the retrial subpoenas issued to these witnesses.

          Respectfully submitted,

          WILLIAMS & CONNOLLY LLP

By: _____
     Brendan V. Sullivan, Jr. (Bar No. ct17115)
     Barry S. Simon (Bar No. ct24159)

     725 Twelfth Street, N.W.
     Washington, D.C. 20005
     (202) 434-5000 (phone)
     (202) 434-5029 (fax)
     bsimon@wc.com (e-mail)

     - and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: March 29, 2005

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
----------------------------------
UNITED STATES OF AMERICA,         )
                                  )
v.                                )    Criminal No. 3:02CR00264(AWT)
                                  )
WALTER A. FORBES and              )
E. KIRK SHELTON                   )
----------------------------------
```

### ORDER AND NOTICE TO CERTAIN RECIPIENTS
### OF DEFENSE TRIAL SUBPOENAS

Several months ago, counsel for the defendants in this case caused you to be served with a Subpoena in a Criminal Case ("Trial Subpoena"), which required you to appear in this court as a trial witness on April 26, 2004. However, defense counsel offered you, as an alternative to appearing on April 26, 2004, the option of entering into a written agreement to appear on 48 hours notice from defense counsel. Some recipients of Trial Subpoenas entered into an agreement with defense counsel. You and other recipients of Trial Subpoenas ("Objecting Witnesses") did not enter into an agreement with defense counsel[1] and thus were obligated to appear in this court on April 26, 2004. On April 23, 2004, the court ordered defense counsel to notify all Objecting Witnesses not to appear in court until they received further notice from this court. The trial in this case has now

---

[1] In addition, a motion to quash was filed by Ernst & Young, LLP on behalf of one group of recipients of Trial Subpoenas (the "E&Y Witnesses"), and the E&Y Witnesses are excluded from the definition of the term "Objecting Witnesses."

progressed to the point where the commencement of the defendants' cases-in-chief is approaching, and the defendants have requested that the court order that each Trial Subpoena served on an Objecting Witness be returnable upon at least 48 hours notice to the Objecting Witness. In order to avoid disruption of the lengthy trial in this case, any Objecting Witness who believes he or she requires more than at least 48 hours notice of the date he or she will be required to appear should promptly file a motion requesting more notice.

ACCORDINGLY, it is hereby ORDERED that:

1. Any Objecting Witness who still objects to the subpoena heretofore served upon that witness being returnable upon at least 48 hours notice to the Objecting Witness shall file with this court a motion to modify the subpoena.

A copy of the motion to modify the Trial Subpoena shall be faxed to the chambers of the undersigned at 860-240-3465 no later than four business days after actual receipt by the Objecting Witness (or by counsel for the Objecting Witness) of this order and notice. The original of the motion shall be filed in the Clerk's Office immediately thereafter. The Clerk's address is:

> Office of the Clerk
> United States District Court
> 450 Main Street
> Hartford, CT 06103

Simultaneously with the fax to the court, additional copies of the motion to modify the Trial Subpoena shall be faxed and

2

sent by an overnight delivery service to defense counsel at the following addresses and fax numbers:

| | |
|---|---|
| Barry S. Simon, Esq.<br>Williams & Connolly<br>725 12th St., N.W.<br>Washington, DC 20005-5901<br>Fax: (860) 293-1651 | Scott A. Edelman<br>Milbank, Tweed, Hadley & McCloy<br>One Chase Manhattan Plaza<br>New York, NY 10005<br>Fax: (212) 822-5149 |

The motion must include the name and docket number of this case and set forth in detail reasons why at least 48 hours notice is not sufficient for the Objecting Witness. The motion shall also state whether the Objecting Witness desires oral argument on the motion or is satisfied to simply have the court rule based on the papers. The motion to modify the Trial Subpoena shall also include a mailing or e-mail address, or fax number, where notice of the court's ruling should be sent, as well as a telephone number where the Objecting Witness or counsel for the Objecting Witness can be reached.

For any Objecting Witness who files a motion to modify a Trial Subpoena, the court will issue a ruling stating the minimum amount of notice to which the Objecting Witness shall be entitled.

2. With respect to any Objecting Witness who does not timely file a motion (or an extension of time in which to file a motion), the Trial Subpoena served on that Objecting Witness

3

shall be returnable upon at least 48 hours notice by defense counsel to the Objecting Witness or to counsel for the Objecting Witness.

It is so ordered.

Dated this 22nd day of July 2004, at Hartford, Connecticut.

/s/ A.W. Thompson<br>
Alvin W. Thompson<br>
United States District Judge

# EXHIBIT B

Case 3:02-cr-00264-AHN    Document 1505    Filed 03/30/2005    Page 10 of 12

| Witness | Counsel | Amount Paid |
|---|---|---:|
| A. James Citro | Richard Lawler | $ 112.40 |
| Alan S. Bittker | Richard Lawler | $ 547.27 |
| Andrew Klaus | Richard Lawler | $ 457.00 |
| Brian Foster | Richard Lawler | $ 2,252.50 |
| Bruce Tolle | Richard Lawler | $ 85.75 |
| Colleen Chaney | Richard Lawler | $ 396.25 |
| Doug Haslinger | Steve Abramson | $ 453.25 |
| Elisa M. Lanthier | Richard Lawler | $ 176.50 |
| Eva Viniczay | Richard Lawler | $ 76.00 |
| Jan Davidson | Gary David | $ 1,084.00 |
| Jeffrey A. Smith | Richard Lawler | $ 51.42 |
| Jeffrey Gershowitz | Richard Lawler | $ 88.75 |
| John J. Fullmer | Richard Lawler | $ 2,247.99 |
| Kate Pope | Richard Lawler | $ 1,018.00 |
| Kenneth Keith | Richard Lawler | $ 831.25 |
| Kevin T. Kearney | Robert Fettweis | $ 91.00 |
| Margaret M. Houren | Richard Lawler | $ 114.67 |
| Mark Metcalf | Richard Lawler | $ 2,307.25 |
| Mary Peterson | Richard Lawler | $ 2,140.00 |
| Robert Davidson | Gary David | $ 1,084.00 |
| Robert Dufour | Richard Lawler | $ 205.60 |
| Ron Guggenheimer | Richard Lawler | $ 125.50 |
| Sandy Berry | Richard Lawler | $ 546.25 |
| Steven P. Speaks | James Plaistead | $ 81.25 |
| Terry Johnson | Richard Lawler | $ 833.50 |
| Angela Hoke | Terri Mazur | $ 790.74 |
| Bruce Botti | Terri Mazur | $ 73.78 |
| Gary J. Purpura | Terri Mazur | $ 98.50 |
| Glen M. Hecht | Terri Mazur | $ 149.49 |
| Greg Hollingsworth | Terri Mazur | $ 2,239.74 |
| Jason Lebeck | Terri Mazur | $ 2,319.98 |
| Jennifer Carrieri | Terri Mazur | $ 126.25 |
| Joseph Capparelli | Terri Mazur | $ 112.74 |
| Joseph S. Cascio | Terri Mazur | $ 120.99 |
| Kenneth Walker | Terri Mazur | $ 126.99 |
| Kevin Chambers | Terri Mazur | $ 68.50 |
| Kimberly Kearney Wells | Terri Mazur | $ 780.24 |
| Kyle D. MacLeod | Terri Mazur | $ 2,294.48 |
| Louis J. Scerra | Terri Mazur | $ 103.74 |
| M. Bob Heller | Terri Mazur | $ 126.99 |
| Martin Day | Terri Mazur | $ 2,300.50 |
| Michael A. Webb | Terri Mazur | $ 833.50 |
| Michael Bardorf | Terri Mazur | $ 79.60 |
| Michael R. Hecht | Terri Mazur | $ 88.74 |
| Noel Kehr-Zanvettor | Terri Mazur | $ 84.98 |
| Paul J. Biehl | Terri Mazur | $ 94.74 |
| Paula A. Morabito | Terri Mazur | $ 1,102.75 |
| Richard P. Miller | Terri Mazur | $ 126.99 |
| Robert A. Gilchrist | Terri Mazur | $ 90.24 |
| Stephania Miller-Capovilla | Terri Mazur | $ 87.29 |
| Stephen Menna | Terri Mazur | $ 126.99 |
| Steven F. Sheckell | Terri Mazur | $ 552.25 |
| William J. Smithfield | Terri Mazur | $ 843.98 |
| William T. Kennedy | Terri Mazur | $ 157.73 |

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Motion of Defendant Walter A. Forbes for an Order Governing Subpoenas for the Retrial to be served on March 29, 2005 to the following via FedEx:

Norman Gross, Esq.
U.S. Attorney's Office
  District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102

James J. Plaisted, Esq.
Walder, Hayden & Brogar, P.A.
5 Becker Farm Road
Roseland, NJ 07068-1727

Robert J. Fettweis, Esq.
Tressler, Soderstrom, Maloney &
  Priess
744 Broad Street
Newark, NJ 07102

Richard F. Lawler, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, NY 10168-4193

Terri A. Mazur, Esq.
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street
Chicago, IL 60603-3441

Gary David, Esq.
20 North Raymond Avenue
Suite 200
Pasadena, CA 91103

Steve Abramson
Silver, Freedman & Taff, L.L.P.
1700 Wisconsin Avenue, N.W.
Washington, D.C. 20007

_____
Barry S. Simon