UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | August 12, 2005 |
| | : | |
| WALTER A. FORBES | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT WALTER A. FORBES' MOTION TO OBTAIN A TRANSCRIPT OF THE COURT'S *EX PARTE* COMMUNICATION WITH GOVERNMENT COUNSEL**

(Forbes Retrial Motion No. 4)

CHRISTOPHER J. CHRISTIE
NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
Special Attorneys
U. S. Department of Justice
970 Broad Street, Room 700
Newark, New Jersey 07101
Tel: (973) 645-2700
Fax: (973) 645-2857

**INTRODUCTION**

On January 24, 2005, the Government moved to retransfer this case to the United States District Court for the District of New Jersey.  Docket No. 1433.  On February 4, 2005, the Government moved for a continuance of the trial until September 15, 2005, in the event that the Court denied the Government's retransfer motion.  Docket No. 1443.  In support of its continuance motion, the Government argued that retrial of the charges against Forbes should not commence until after this Court ruled on the post-trial motions of co-defendant Shelton, so as to avoid the need for two additional trials in this case in the event that the Court granted a new trial to Shelton. Government's Memorandum in Support of Motion for Continuance, 4-6.[1]  The Government also explained that the United States Attorney's Office for the District of New Jersey had to appoint a new trial team in this case, since none of the three DOJ Special Attorneys who prosecuted the initial trial would be available to prosecute the retrial.  Id. 1-4.

In opposition to the continuance motion, Forbes challenged the Government's representation that the three DOJ Special Attorneys from the initial trial team (John Carney, Richard Schechter, and James McMahon) would be unavailable to

---

[1] Following extensive briefing by the parties which did not conclude until June 24, 2005, this Court denied Shelton's motions for a new trial on July 21, 2005.

reprosecute the retrial owing to their plans for future employment. Forbes' Opposition to Government's Continuance Motion, 3-7. In order to protect the legitimate privacy interests of the three prosecutors against intrusive inquiries by Forbes' lawyers, the Government offered to provide any information regarding their employment situations or plans to the Court *ex parte* and *in camera*. The Court thereafter contacted DOJ Special Attorneys Carney and Schechter, and spoke to them *ex parte* and *in camera* about their employment plans. Thereafter, during a conference call with the parties on March 8, 2005, the Court announced its rulings, denying the Government's retransfer motion, but granting the motion for a continuance.

In its March 7, 2005 written ruling in support of its order granting the continuance, the Court explained that:

> [T]he government's trial team was Assistant United States Attorneys Carney, McMahon, and Schechter . . . . The court has concluded that none of these three is available to the United States Attorney for the District of New Jersey to serve as a member of the government's trial team for the retrial of defendant Forbes. It is reasonable for AUSA McMahon to commence on March 7, 2005 a new position he accepted in September 2004, in the midst of the first trial. As to AUSA Carney and AUSA Schechter, the court notes that it was comfortable accepting their representations as officers of the court and representations in the government's reply memorandum . . . as to their unavailability for the retrial. However, to obviate the need to deal with the speculative arguments by the defense, the court interviewed those two individuals separately . . . and the court continues to be satisfied that they are unavailable for the retrial. The court concludes that the United States Attorney appropriately decided to replace the trial team.

2

During the March 8, 2005 conference call, Forbes objected to the Court's decision to interview DOJ Special Attorneys Carney and Schechter *ex parte*.  The Court explained that it had undertaken that step only because Forbes' counsel had engaged in, what in the Court's experience was an unusual practice in this District, of contesting the representations of counsel regarding matters as to which counsel had personal knowledge, and which were made in a filing with the Court as officers of the court.  Tr. 3/8/05, 9-10.  In other words, the Court was inclined to accept the Government's representations, set forth in its written submissions in support of the continuance motion, regarding the employment status of DOJ Special Attorneys Carney and Schechter.  The Court took the additional step of speaking personally to those persons only because Forbes had sought to challenge those representations.

Forbes now asks this Court to overturn its previous decision to speak to DOJ Special Attorneys Carney and Schechter *ex parte* to confirm the Government's written representations regarding the unavailability of those persons for the retrial, and to disclose the transcript of the Court's *ex parte* conversations with those persons.  This Court should reject that request.

**ARGUMENT**

According to Forbes, "there was no justification for conducting the interviews *ex parte*." FM 1. To the contrary, as the Government explained in its reply memorandum in support of its continuance motion, disclosure of the employment plans of DOJ Special Attorneys Schechter and Carney to Forbes' lawyers would work an unnecessary invasion of their personal privacy. Indeed, Forbes was not content merely to glean additional information from the Government regarding those employment plans, but sought a full-blown evidentiary hearing on that matter. Forbes Opposition to Continuance Motion at 7, n.5.

The Government opposed both disclosure of any details regarding the employment plans of DOJ Special Attorney Schechter and DOJ Special Attorney Carney and an evidentiary hearing regarding those plans as a wholly unwarranted waste of this Court's and the Government's resources.[2] This Court agreed, and

---

[2] In its reply memorandum in support of its continuance motion, the Government pointed out:

> Without citation to any authority, Forbes requests an evidentiary hearing to "determine the facts and circumstances" surrounding the employment status of the initial trial team. The Court should reject this request as yet another unwarranted attempt by Forbes to invade the inner workings of the United States Attorney's Office, as well as the private lives of its employees. The Government believes that its initial memorandum in support of this motion and this reply memorandum describe sufficient facts regarding the employment status of the three members of the initial
> (continued...)

elected to discuss with DOJ Special Attorneys Carney and Schechter their employment plans *ex parte*. When Forbes objected during the March 8, 2005 conference to the Court's *ex parte* communications, and asked for a copy of the transcript of the communications, the Court denied the request, and explained as follows:

> And my intention is that -- the reason I had the calls was because I think I alluded to the fact that there is sometimes speculation about things and I don't like to have to deal with it. And if there is ever an issue on appeal, I'd like to have a clear record.
>
> To be frank, in our district people are in the habit of operating on the representations of officers of the court. That has not been what's happened here in this case. And for that reason, I took what I thought was an unusual step of interviewing those counsel and prying into their personal affairs. I did that to have a good record. I thought it was unfortunate that I felt I had to do it to have a good record. And if the Court of Appeals wants to see it, the Court of Appeals can see it if it ever comes to that, **but nobody else will see it.** It's just not the way we practice law in the District of Connecticut.

Tr. 3/8/05, 9-10 (emphasis added).

Simply put, this Court decided that it would accept as truthful the representations of DOJ Special Attorneys Carney and

---

[2](...continued)
team to enable this Court to informatively rule on the pending continuance motion. If the Court desires additional information regarding any of these matters, the Government will promptly provide it, but would request that any such information be submitted to the Court *ex parte*, *in camera* and under seal.

Schechter regarding their employment plans, because those representations were made as "officers of the Court." Having occasion for close observation of the conduct of DOJ Special Attorneys Schechter and Carney as they prosecuted this case for over two years before this Court, the Court apparently had no reason to suspect that they would provide false information to the Court during an informal, on-the-record conversation about their employment plans. Forbes' rampant suspicions that the DOJ Special Attorneys Schechter and Carney misled the Court, and that he should be able to challenge their representations in order to further delay these proceedings, should be rejected.[3]

---

[3] None of the cases cited by Forbes remotely supports his contention that he is entitled to disclosure of personal information that an attorney conveyed to the Court in support of on-the-record representations that the attorney will be unavailable to reprosecute a lengthy retrial. In United States v. Abuhamra, 389 F.3d 309 (2d Cir. 2004), the district court denied the defendant's request for bail pending appeal based on the Government's *ex parte* submission of information regarding the defendant's dangerousness. Id. at 316. The Government and the Court gave the defendant no indication whatsoever of the nature of that information. Id. at 325 ("the government declines to disclose publicly or to the defense anything about the *ex parte* hearsay evidence it supplied to the district court"). Thus, the defendant knew only that the district court had denied his bail request based on wholly unknown evidence of his dangerousness.

The Second Circuit reversed, finding that the district court's reliance on *ex parte* information to deny bail violated due process, because the defendant's liberty was at stake. Id. at 322-28. Here, by contrast, the Government explained in its written submissions in support of its continuance motion that it sought a continuance because the three original trial prosecutors would be unavailable to conduct the retrial, owing to completed or anticipated changes in their employment. The *ex parte*
(continued...)

6

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that Forbes' motion to obtain a transcript of the Court's *ex parte* communications be denied.

                Respectfully submitted,

                CHRISTOPHER J. CHRISTIE
                Special Attorney
                U.S. Department of Justice

                /s/ Norman Gross

---

[3](...continued) conversations merely elaborated on that representation, and did not prevent Forbes from raising a host of arguments why the employment situation of the three initial prosecutors did not justify a continuance. See Forbes Opposition to Continuance Motion 3-7. Additionally, as the Government pointed out in its reply memorandum in support of its continuance motion, a continuance of the trial did not impair Forbes' liberty interest, since he is still (unlike Abuhamra) free on bail.

In Robinson v. Cattaraugus County, 147 F.3d 153 (2d Cir. 1998), the Court of Appeals affirmed the judgment of the district court over an objection that the district court had improperly permitted defense counsel to make an *ex parte* submission to the court regarding material that counsel planned to use during cross-examination. The Court of Appeals found "no indication that this incident denied plaintiffs a fair trial," even though there was "no suggestion in the record that the cross-examination material was confidential." Id. at 165. Here, by contrast, the Government represented that the employment plans of DOJ Special Attorneys Schechter and Carney were appropriately kept confidential from Forbes' defense attorneys. Likewise, in Penthouse International, Ltd. v. Dominion Fed. Sav. & Loan Ass'n., 855 F.2d 963, 987 (2d Cir. 1988), the Court of Appeals found it "unnecessary to pass on" a complaint regarding *ex parte* communications between the district court and one of the litigants. In neither Robinson nor Penthouse were the *ex parte* conversations undertaken, as here, merely to corroborate fully disclosed representations made by a party regarding personal and private activities of its attorneys.

                                      NORMAN GROSS  
                                      MICHAEL MARTINEZ  
                                      CRAIG CARPENITO  
                                      Special Attorneys  
                                      U.S. Department of Justice

Dated: August 12, 2005  
Newark, New Jersey

CERTIFICATE OF SERVICE

      The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via email and United States Mail:

Barry S. Simon, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005-5901
(202) 434-5005

                                        /s/ Lynda Powers
                                        LYNDA POWERS
                                        U.S. Department of Justice

Dated: August 12, 2005
       Camden, New Jersey