UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | No. 3:02CR264 (AWT) |
| v. | ) ) | |
| WALTER A. FORBES | ) ) ) ) | August 26, 2005 |

**REPLY MEMORANDUM IN SUPPORT OF MOTION
OF DEFENDANT WALTER A. FORBES
(1) FOR A BILL OF PARTICULARS AND (2) TO LIMIT THE EVIDENCE
PRESENTED AT TRIAL TO THE CHARGES IN THE INDICTMENT
(Forbes Retrial Motion No. 2)**

Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Oral Argument Requested

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits this reply memorandum in support of his renewed motion (i) for a bill of particulars pursuant to Fed. R. Crim. P. 7(f) and (ii) to limit the evidence presented by the government at trial to the charges in the indictment.

## ARGUMENT

### I. MR. FORBES REQUIRES PARTICULARS CONCERNING THE ALLEGED FRAUD DURING THE PERIOD BETWEEN THE LATE 1980'S AND FEBRUARY 1995.

Mr. Forbes has a constitutional right to notice of the charges against him. As one of the cases cited by the government makes clear, a bill of particulars should be required "where the charges of the indictment are so general that they do not advise the defendant of the specific acts for which he is accused." United States v. Butler, 351 F. Supp. 2d 121, 134 (S.D.N.Y. 2004) (quotation omitted) (Opp. at 4). Where, as here, the indictment does not supply any such notice with respect to pre-1995 accounting issues, the government should be required to supply that notice in a bill of particulars. Without it, Mr. Forbes' ability to prepare for the retrial or present a defense will be severely compromised.

The government asserts that the purpose of a bill of particulars is "to give the defendant only that minimum amount of information necessary to permit him to conduct his own investigation." Opp. at 4-5. But this is not an ordinary case. As Mr. Forbes pointed out in his opening memorandum (and the government does not dispute), the documentary record concerning pre-1995 accounting at CUC is sparse at best and electronic data from that period has been destroyed. See Forbes

Mem. at 7-8 n.3. Thus, Mr. Forbes cannot conduct his own investigation concerning pre-1995 accounting. The paucity of accounting records from the pre-1995 era makes it essential that the government provide notice to Mr. Forbes in a bill of particulars of any claims it intends to make at trial concerning pre-1995 accounting that were not made at the 2004 trial.[1]

On August 12, 2005, the government represented that it "is not aware of any documents regarding the pre-1995 [allegedly] fraudulent activities that were not introduced into evidence during the initial trial and that the Government intends to present during the retrial. The Government will promptly supplement its exhibit list if it intends to offer any documents that were not presented during the first trial." Opp. at 8 n.4. On August 15, 2005, the government represented that it had no supplement to its exhibit list. Accordingly, the government has represented that it will not present any pre-1995 documentary evidence in its case-in-chief at the retrial that it did not introduce at the 2004 trial. In order to prevent unfair surprise to Mr. Forbes and to enable him to prepare his defense, the Court should require the government to disclose, in advance of trial, any argument or testimony concerning

---

[1]   While the government asserts that it is not responsible for the lack of documentary evidence relating to the pre-1995 period, Opp. at 13-14, the government is responsible for depriving Mr. Forbes of the exculpatory testimony of Stuart Bell by its continuing refusal to immunize Mr. Bell. Mr. Bell's testimony would demonstrate that Mr. Corigliano and Mr. Kearney are lying about the pre-1995 period and that the pre-1995 documents they claim show a fraud are not fraudulent.

2

purportedly improper pre-1995 accounting at CUC that it did not present at the 2004 trial.

The government's contention that it should not be required to supply particulars at this juncture because of the disclosures it made during the 2004 trial (Opp. at 3) is unavailing. Mr. Forbes seeks notice of any testimony or argument the government intends to present at the retrial concerning pre-1995 accounting that was <u>not presented at the prior trial</u>. Although the government contends that "any additional evidence that the government might present during the retrial would merely be icing on a cake that Forbes has already had ample opportunity to digest," Opp. at 5, Mr. Forbes is entitled to know whether the government will contend at the retrial that CUC engaged in <u>additional</u> improper accounting prior to 1995 with respect to matters not mentioned in the 2004 trial.

It is critical to avoid unfair surprise to Mr. Forbes in the retrial. Prior to the 2004 trial, the government represented to defendants and the Court that its pre-1995 evidence would be limited to defendants' purported involvement "in the general fraudulent accounting practices that are identified in the indictment." Opp. at 12 n.5 (Tr. 10/13/03 at 148). The government further represented that its pre-1995 case would not consist of "specific fraudulent accounting entries" and that it would not "present evidence of specific fraudulent accounting entries." <u>Id.</u> All of those representations were false. At the 2004 trial, the government presented evidence concerning allegedly improper pre-1995 accounting that is <u>not</u> identified

3

anywhere in the indictment, including the purported misuse of the general reserve and the purported abuse of the FISI and BCI receivables. See Section II, infra. In addition, the government presented testimony and documents through Mr. Corigliano and Mr. Kearney concerning specific allegedly fraudulent accounting entries prior to 1995, including allegedly improper quarterly topside adjustments in fiscal year 1993 and allegedly improper accounting entries that purportedly were included in CUC's fiscal year 1991 reported earnings. E.g., Tr. 6288-6318; Tr. 9700-07; GX 665; GX 670; GX 9322. Because the government's representations to the Court and defense counsel prior to the 2004 trial concerning its pre-1995 evidence were, at best, erroneous, and at worse, deliberately false, the government should be required to identify in a formal bill of particulars any allegedly false pre-1995 accounting about which it intends to present evidence at the retrial.

In the alternative, the Court should enter an Order precluding the government from presenting any evidence or argument about pre-1995 accounting that was not presented at the 2004 trial. The government's assertion that Mr. Forbes is not limited to the evidence and argument he presented at the prior trial (Opp. at 7-8) misses the mark. While the government is certainly free to modify its trial strategy at the retrial, it is not at liberty to unconstitutionally broaden the charges in the indictment by presenting evidence of uncharged pre-1995 conduct or to present entirely new allegations concerning pre-1995 conduct with no notice to Mr. Forbes. Mr. Forbes has a constitutional right to be tried only on charges returned by

4

a grand jury and to notice of the charges against him; the government does not have any corresponding rights.[2/] Accordingly, the fact that Mr. Forbes may present new evidence at the retrial does not authorize the government either to constructively amend the indictment or to present evidence in support of new allegations of improper pre-1995 accounting without notice to the defense.[3/]

The government's contention that Mr. Forbes is not entitled to an Order limiting the government to the evidence and argument presented at the 2004 trial as an alternative to a bill of particulars (Opp. at 6-7) is similarly flawed. The Court has the authority to enter an Order binding the government to its prior representations in lieu of a bill of particulars. See United States v. Laughlin, 768 F. Supp. 957, 967 (N.D.N.Y. 1991).[4/] While the government asserts that such an Order will mire the

---

[2/]   Mr. Forbes also has a Sixth Amendment right to confront the witnesses against him, which incorporates the element of surprise on cross-examination. See United States v. Cerro, 775 F.2d 908, 915 (7th Cir. 1985). The government has no corresponding constitutional right.

[3/]   Moore v. Garraghty, 739 F. Supp. 285 (E.D. Va. 1990) (Opp. at 7), is readily distinguishable. There, the defendant agreed that "the evidence at Petitioner's first trial was substantially the same as that at his retrial." Id. at 288. Here, Mr. Forbes seeks notice of any evidence the government seeks to present at the retrial concerning pre-1995 accounting that was not presented at the 2004 trial.

[4/]   While the government asserts that a bill of particulars does not "limit the Government's trial proofs and arguments," Opp. at 6, it is a significant disclosure by the government. In United States v. GAF Corp., 928 F.2d 1253 (2d Cir. 1991), the Second Circuit held that a bill of particulars is admissible as an admission of a party opponent where the government subsequently changes its theory of the case. In United States v. Purdy, 144 F.3d 241 (2d Cir. 1998), the Court described a bill of particulars as a "binding legal admission by the Government." Id. at 245.

5

Court in disputes about "slight" changes in testimony or argument, Opp. at 7, the government's purported concern in this regard is highly exaggerated. Mr. Forbes' motion is limited to the government's evidence and argument concerning the pre-1995 period, not the entire government case. There is a clear record of the testimony presented by the government on this subject and the evidence of allegedly improper pre-1995 accounting offered at the prior trial. Any disputes on this subject could easily be resolved by reference to the 2004 trial transcript. Accordingly, the Court should either (i) order the government to supply Mr. Forbes with a bill of particulars concerning any previously undisclosed pre-1995 accounting issues as to which it intends to present evidence at the retrial or (ii) require the government to make a binding representation that it will not present any argument, testimony or documentary evidence concerning alleged pre-1995 accounting irregularities that it did not present at the 2004 trial.

## II. THE COURT SHOULD LIMIT THE GOVERNMENT'S EVIDENCE TO THE ACCOUNTING IRREGULARITIES CHARGED IN THE INDICTMENT.

The Court also should preclude the government from presenting any evidence or argument concerning pre-1995 accounting issues that falls outside the scope of the indictment. The government does not dispute that the indictment makes no reference to either (i) misuse of the "general reserve" at CUC or (ii) improprieties concerning the BCI or FISI profit sharing receivables. The government's assertion that the indictment refers to <u>merger</u> reserves, Opp. at 8, does

6

not address the absence of any allegation in the indictment concerning the entirely separate and unrelated issues of <u>general</u> reserves and <u>profit sharing receivables</u>. Accordingly, any evidence or argument concerning these matters would constitute a constructive amendment of the indictment, and the Court should preclude the government from presenting any such evidence or argument at the retrial.

While the government asserts that the indictment refers generally to the misuse of merger reserves, the only merger reserves referenced in the indictment are the Ideon reserve (including Ideon, Sierra, and Davidson) and the Cendant reserve. <u>See</u> Count 1, ¶¶ 34-40. The indictment alleges that Mr. Forbes "fraudulently charged expenses <u>not relating to the mergers described above against the excess funds in the Ideon and Cendant reserves</u> so that those expenses would not reduce operating income below target levels," <u>id.</u>, ¶ 41 (emphasis added), and that Mr. Forbes "fraudulently credited a portion of the excess funds in the <u>Ideon and Cendant reserves</u> directly to revenue." <u>Id.</u> (emphasis added).

The only merger reserves identified in the indictment as having been fraudulently utilized to increase revenues or operating income are the Ideon and Cendant reserves. The indictment makes no reference to the Getko reserve, the Essex reserve, or any other merger reserve, and there is no reason to believe that the grand jury that returned the December 11, 2002 indictment ever considered any

reserve other than the Ideon and Cendant reserves.[5] Accordingly, the Court should preclude the government from presenting any evidence or argument concerning the alleged misuse of any merger reserve other than the Ideon and Cendant reserves on the ground that such evidence or argument constitutes a constructive amendment of the indictment.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Mr. Forbes' opening memorandum, Mr. Forbes respectfully requests that the Court enter an Order (i) requiring the government to provide the particulars requested herein with respect to the pre-1995 period and (ii) limiting the government's pre-1995 evidence to the allegedly improper accounting charged in the indictment.

---

[5] It is noteworthy that the witnesses other than Cosmo Corigliano who testified about the establishment of merger reserves when Stu Bell was CFO testified that the merger reserves created under Mr. Bell were proper. While the government contends that Mr. Albright testified that there was no legitimate reason for the merger reserves established under Mr. Bell, Opp. at 14 n.7, Mr. Albright testified that all of the Essex reserves set up under Mr. Bell were approved by Coopers & Lybrand. Tr. 3961-62. Similarly, Joel Zychick contradicted Corigliano's testimony concerning the Getko reserve. See Tr. 11,163-11,180.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

9

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Reply Memorandum in Support of Motion of Defendant Walter A. Forbes (1) for a Bill of Particulars and (2) To Limit the Evidence Presented at Trial to the Charges in The Indictment (<u>Forbes Retrial Motion No. 2</u>), to be served on August 26, 2005 to the following via e-mail and FedEx:

Norman Gross, Esq.
U.S. Attorney's Office
District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ 08101

Michael Martinez, Esq.
Craig Carpenito, Esq.
U.S. Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102

_____
Barry S. Simon