UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | August 29, 2005 |
| | : | |
| WALTER A. FORBES | : | |

**MEMORANDUM OF THE UNITED STATES IN OPPOSITION TO FORBES' MOTION TO MODIFY THE JURY QUESTIONNAIRE**

(<u>Opposition to Forbes' Retrial Motion No. 6</u>)

```
                    CHRISTOPHER J. CHRISTIE
                    NORMAN GROSS
                    MICHAEL MARTINEZ
                    CRAIG CARPENITO
                    Special Attorneys
                    U.S. Department of Justice
                    970 Broad Street
                    Newark, NJ  07102
                    Tel: (973) 645-2700
                    Fax: (973) 645-2857
```

**INTRODUCTION**

The Government respectfully submits this memorandum of law in opposition to Forbes' motion to modify the confidential juror questionnaire. For the reasons set forth below, the Government respectfully requests that the Court deny Forbes' Retrial Motion No. 6.

The parties exhaustively litigated the issues surrounding voir dire questions during the first trial in this matter. Before jury selection in the first trial, the Court entertained lengthy debate concerning the scope of voir dire and all parties received a full and complete opportunity to make their wishes known to the Court. Ultimately, the Court ruled on the parties' objections and finalized the voir dire for the first trial.

With that process as a backdrop and with a September 15 retrial date approaching, the Government and Forbes' counsel met via telephone on August 11, 2005, to discuss the voir dire questions from the first trial, reach agreement on which existing questions needed modification (considering that Shelton is not involved in the retrial), and confer regarding which additional questions would be appropriate to pose to potential jurors for the retrial. Defense counsel correctly explains in its legal memorandum in support of the instant motion that (1) Exhibit A to Forbes Retrial Motion No. 6 reflects modifications that the

1

Government and Forbes agree should be made and (2) the Government does not consent to most of the additional and revised questions proposed by Forbes in his motion.

**I. FORBES OFFERS NO CONVINCING REASONS WHY REPETITIVE, IRRELEVANT, AND OVERLY INTRUSIVE QUESTIONS SHOULD BE POSED TO POTENTIAL JURORS.**

Each of Forbes' proposed additional questions is addressed below.

A. <u>Proposed Additional Question No. 16A</u>

Forbes fails to explain (and the Government does not see) how a question concerning a potential juror's hiring or firing authority assists the Court or counsel in determining his or her qualifications to sit in judgment during the retrial. <u>See Dennis v. United States</u>, 339 U.S. 162, 168 (1950) (purpose of voir dire is, at bottom, to determine if the potential juror is biased for or against a party to the litigation); <u>Rosales-Lopez v. United States</u>, 451 U.S. 182, 188 (1981) ("<u>Voir dire</u> plays a critical function in assuring the criminal defendant that his Sixth Amendment right to an impartial jury will be honored."). Obviously, most people will answer "no" to this proposed question, but even if the answer is "yes," that reveals little about the potential juror's ability to be fair and impartial when evaluating the evidence during the retrial.

B. <u>Proposed Additional Question No. 16B</u>

Forbes' proposed question regarding the potential

jurors' financial standing is vague, confusing, and invasive. Several courts have determined that such questions are offensive and inappropriate. See e.g., United States v. Serafini, 57 F. Supp. 2d 108, 113 (M.D. Pa. 1999) (labeling as "offensively intrusive" a proposed voir dire question seeking to ascertain whether the jurors' incomes fell within certain enumerated ranges). Forbes' phalanx of defense lawyers are not entitled to know intimate, private information concerning each potential juror. As explained by one district court:

> [Jurors'] privacy rights--'to be let alone'--are not, of course, absolute. Their jury service does expose them to some searching inquiry as to such matters as their ability to be fair, their absence of preconceived, fixed opinions. But there must be some balance, some drawing the line, and when hard-charging counsel are in hot pursuit of **every little empirical nugget** they get their eyes on, it is the trial judge who must, sua sponte, reign them in and give the jurors some protection.

United States v. McDade, 929 F. Supp. 815, 817-818 (E.D. Pa. 1996) (emphasis added). Moreover, it is unclear what Forbes means by "personal financial situation," which could refer to salary, or it could apply to overall net worth, or it could refer to the appreciated value of one's home. For all these reasons, the proposed question is improper and confusing. The Court should decline to include it in the voir dire questions.

    C.   Proposed Additional Question 30A

This proposed additional question regarding the commonness of business conspiracies is repetitive. The

3

information Forbes seeks is adequately provided by Question Nos. 28, 29, and the related questions surrounding these two existing inquiries.  Moreover, Question No. 29 asks the juror to indicate if he or she possesses "strong feelings concerning these corporations [that have been reported in the news] and any financial problems they may have had."  If so, the potential juror is then asked to "describe [the] strong feelings."  Therefore, Forbes' proposed question 30A is repetitive and will accomplish nothing but wasting more time in advance of trial testimony.

    D.    <u>Proposed Additional Question No. 31A</u>

This is another not-so-discreet attempt by Forbes to ascertain whether the potential juror is wealthy, hoping perhaps, that he or she will identify with Forbes and his phalanx of defense lawyers.  Question 31 is more appropriate, probes for bias or prejudice, and asks for much of the same information, albeit in a less intrusive fashion than the additional question proposed by Forbes.

    E.    <u>Proposed Additional Question No. 31B</u>

This proposed question regarding private aircraft is absurdly irrelevant and the Government can conceive of no likely circumstance in which it would lead to relevant information about a potential juror's biases, prejudices, or ability to be fair and impartial.  <u>See</u> <u>United States v. Hirschberg</u>, 988 F.2d 1509, 1514

(7th Cir. 1993) (court need not permit inquiry "about speculated bias against the wealthy.").

    F.    <u>Proposed Additional Question No. 31C</u>

Question 30 already asks the potential juror if he, she, a relative, or anyone close to him or her has "been negatively impacted by any corporate financial problems or fraud." Therefore, Question 30 will elicit the same information sought by the proposed, additional (and repetitive) Question No. 31C. Again, Forbes' proposed question will simply waste time.

    G.    <u>Proposed Additional Question No. 31D</u>

Forbes' proposed Question No. 31D seeks to telegraph to the jury his core defense argument, i.e., there was no way the visionary CEO at CUC could possibly have known about every, little detail concerning "every significant thing going on in the company." As such, it is more appropriate for opening or closing argument by the defense. The question prejudices the Government and should not be included in voir dire. <u>See</u> <u>Serafini</u>, 57 F. Supp. 2d at 112 (voir dire not intended to permit defense counsel to mold a panel of citizens uniquely receptive to defendant's theory of the case).

    H.    <u>Proposed Additional Question No. 33A</u>

Question No. 33 already asks the potential juror whether he or she, a relative, or anyone close to him or her is employed by law enforcement, and Question No. 36 inquires whether

5

the potential juror would fairly and impartially evaluate the testimony of a law enforcement officer.  Therefore, speculative inquiries regarding a potential juror's <u>considering</u> to work in law enforcement is repetitive and, once again, a waste of time.  Furthermore, Forbes knows that the Government's case does not rely upon critical testimony by law enforcement officers.  Rather, the witnesses who will testify concerning Forbes' actions are his coconspirators -- the former CUC officers and employees with whom he worked for the time frame referenced in the Superseding Indictment.  <u>Cf.</u> <u>United States v. Victoria-Pequero</u>, 920 F.2d 77, 84 (1st Cir.1990) ("Where government agents are apt to be key witnesses, the trial court, particularly if seasonably requested, should ordinarily make inquiry into whether prospective jurors are inclined to have greater faith in the agents' testimony merely by virtue of their official positions.").  Therefore, any past ambitions a potential juror might have entertained concerning a career in law enforcement is not largely relevant to his or her qualifications to sit as a juror in a accounting fraud trial.  Indeed, whether or not a potential juror ever <u>considered</u> entering law enforcement (as almost every young child has, at one time or another, while playing "cops and robbers," for instance) will not bear on his or her evaluation of testimony from individuals such as Cosmo Corigliano, Anne Pember, Casper Sabatino, and Kevin Kearney, none

of whom are law enforcement officers.  See Butler v. City of Camden, 352 F.3d 811, 817 (3d Cir. 2003) (counseling inquiry into law enforcement biases where the "case essentially boiled down to a swearing contest between Appellant and the responding police officers.").

    I.    Proposed Additional Question No. 40A

Question No. 40(j) already asks for the very information that Forbes seeks through proposed additional Question No. 40A.  Forbes' proposed question is repetitive and unnecessary.

    J.    Proposed Additional Question No. 41A

By this proposed question concerning whether the potential juror uses a personal accountant, Forbes is again trying to telegraph to the jury another core tenet of his defense, i.e., he only did what CUC's accountants told him to do.  For this reason alone, the question is improper.  See Section I(G) supra.

In addition, Forbes should not be permitted to empanel a jury comprised exclusively of affluent Connecticut residents who have their personal finances managed by accounting professionals.  Indeed, this case has absolutely nothing to do with personal financial accounting.  The potential jurors are not corporations, they are individuals.  The accounting rules that apply to individual tax returns prepared each April by local,

7

Main Street accountants have little to do with the charges of complex commercial fraud stated in the Superseding Indictment.

    K.    <u>Proposed Additional Question No. 46A</u>

This proposed question concerning whether the potential juror utilizes the services of a stock broker is repetitive and a waste of time. Forbes offers no convincing reasons why existing Question Nos. 45-48 and their various subparts, many of which require detailed explanations, will not suffice to educate counsel about the jurors' experience with investing in the stock market. The Court should reject this additional question.

    L.    <u>Proposed Additional Question No. 46B</u>

Again, this question is vague, repetitive, and will not elicit useful information. To the extent Forbes is correct in noting that individuals who have been victims of crimes similar to the charges in an indictment may be dismissed for cause, then an appropriate portion of Question Nos. 45 through 48 ought simply to ask if he or she ever owned CUC, HFS, or Cendant stock at any time during the past 15 years.

    M.    <u>Proposed Additional Question No. 53A</u>

Although the Government believes Forbes' proposed question will unnecessarily add time to the voir dire question-and-answer process, the Government does not object to its inclusion if the Court believes it is a proper question.

N.   Proposed Additional Question No. 73A

This question will not lead to any useful information regarding the potential jurors' qualifications. Forbes' motive in seeking to include this question, perhaps, is that it may provide a basis for seeking to disqualify *any* juror against whom, in the absence of this question, Forbes would otherwise have to exercise a peremptory challenge. For example, if the potential juror answers "no," he or she might be excused for cause based on a prospective lack of interest or inattention. On the other hand, a "yes" answer might lead to a for-cause strike because, in Forbes' view, he or she may seem too eager to sit on the jury, and this specific inquiry would be a way for Forbes to call into question the potential juror's motives.

This proposed question is loaded with the potential for abuse by defense counsel, and the Court should not sanction this area of inquiry.

## II.   FORBES' SUGGESTED REVISIONS TO EXISTING QUESTIONS ARE UNNECESSARY.

A.   Proposed Revision to Question No. 24

Forbes claims existing Question No. 24 is "suggestive" and not sufficiently "open-ended," claiming that "[f]ew jurors will volunteer that they would not be 'fair' and 'impartial.'" Indeed, many prospective jurors do answer this question in the affirmative. Many times this is because the juror is related to or close with a federal or state prosecutor or law enforcement

officer. Moreover, the Government again stresses that testimony by law enforcement officers is not critical to the core factual dispute between the Government and Forbes, namely, whether he knowingly joined the charged conspiracy to inflate earnings at CUC during the time frame set forth in the Superseding Indictment. For this reason, it makes little practical difference how Question No. 24 is worded, and Forbes' suggested revision is unnecessary.

    B.   <u>Proposed Revisions to Question Nos. 36 and 60</u>

Forbes' objections to these questions seem to be a desperate attempt to create future appellate issues that have no foundation in common sense or the proper use of the English language. Inclusion of the word "simply" in these questions appears intended to give context to the potential juror who reads this questionnaire, in order that he or she understands what information is being sought. If anything, removing "simply" from these questions makes it <u>more difficult</u> to understand what the Court and counsel are seeking to elicit by asking these questions. The Court should reject Forbes' proposed revisions.

### III. FORBES' OBJECTION TO QUESTION NO. 61 CONFLATES TWO DIFFERENT ISSUES AND, MOREOVER, RELIES ON A MISSTATEMENT OF THE LAW THAT CURRENTLY GOVERNS FEDERAL SENTENCING PROCEEDINGS.

Forbes' objection to Question No. 61[1] incorrectly melds the separate issues of Forbes' future punishment and the jury's considering the credibility of Corigliano's trial testimony. It would be prejudicial to the Government if the Court charged the jury that they might permissibly consider the issue of Forbes' punishment. See United States v. Heslop, 2000 WL 1340371 at *3 (2d Cir. 2000) (expressly holding that it "is prohibited" for the jury to consider "the possible punishment of the defendant, should he be convicted"). Also, Forbes is patently wrong when he asserts that "it is not correct to suggest that the presiding judge has the exclusive power to determine punishment." After Booker, it is precisely the state of federal sentencing law that the District Judge has, within certain boundaries, discretion to impose a "reasonable" sentence. See, e.g., United States v. Brady, 2005 WL 1706509 at *5 (2d Cir. July 22, 2005) ("Of course, the district court need not impose a Guidelines sentence, and may, if doing so would be reasonable, lower the sentence below the Guidelines range even when a downward departure is unavailable."). Separately, of course, the Court should (and did previously) instruct the jury about how to consider trial

---

[1] The Government assumes that Forbes' Point Heading III contains a typographical error and that his intent was to object to Question No. 61, not Question No. 60.

11

testimony by cooperating witnesses, such as Corigliano, who have entered into a plea agreement with the Government.

There is nothing incorrect about Question No. 60 and it should be included in the jury questionnaire.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny Forbes' application to include additional questions, modify existing questions, and strike Question No. 60.

        Respectfully submitted,

        CHRISTOPHER J. CHRISTIE
        Special Attorney
        U.S. Department of Justice

        /s/ Michael Martinez

        /s/ Craig Carpenito

        NORMAN GROSS
        MICHAEL MARTINEZ (phv0423)
        CRAIG CARPENITO (phv0424)
        Special Attorneys
        U.S. Department of Justice

Dated:   August 29, 2005
        Newark, New Jersey

**CERTIFICATE OF SERVICE**

       The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via e-mail and United States mail:

    Barry S. Simon, Esq.
    Williams & Connolly, LLP
    725 12th Street, N.W.
    Washington, DC  20005-5901

                                        /s/ Debra M. Elliott
                                        DEBRA M. ELLIOTT
                                        U.S. Department of Justice

Dated:    August 29, 2005
            Newark, New Jersey