## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:02CR264 (AWT) |
| | ) | |
| WALTER A. FORBES | ) | September 2, 2005 |
| | ) | |

### MEMORANDUM IN SUPPORT OF
### MOTION OF DEFENDANT WALTER A. FORBES
### TO PRECLUDE THE GOVERNMENT FROM PRESENTING
### IMPROPER LAY OPINION TESTIMONY AT TRIAL
### (Forbes Retrial Motion *In Limine* No. 3)

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits this memorandum in support of his motion to preclude the government from presenting improper lay opinion testimony at trial.

### INTRODUCTION

During the first trial, the government offered extensive expert testimony about various accounting issues from Cosmo Corigliano and Anne Pember under the guise of "lay opinion" testimony. Under Fed. R. Evid. 701, as amended in 2000, a lay witness cannot present opinion testimony based, in whole or in part, on "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Because the accounting testimony from lay witnesses was based on technical and specialized knowledge within the scope of Rule 702, the Court should preclude the government from presenting any such testimony at the re-trial under Rule 701.

Oral Argument Requested

The Court also should enter an Order barring the government from presenting speculative lay opinion testimony concerning Mr. Forbes. The vast majority of the government's witnesses acknowledge that they have no personal knowledge of whether Mr. Forbes was involved in the alleged fraud. Indeed, only one government witness—Cosmo Corigliano—claims to have personal knowledge with respect to Mr. Forbes' purported involvement in the alleged accounting fraud. The Court should bar all testimony from government witnesses concerning their speculative beliefs, conclusions, or opinions with respect to Mr. Forbes. Prior to the first trial, the government conceded that such testimony would be improper. See Opp'n Forbes Mot. In Limine Nos. 1 & 2 (filed April 22, 2004) at 2 ("None of these witnesses will speculate that either of the defendants 'must have known' about the conspiracy.").

Finally, the Court should preclude opinion testimony with respect to matters relating to Mr. Forbes' knowledge, intent, or state of mind from witnesses such as Cosmo Corigliano, who claim to have personal knowledge. The Second Circuit has repeatedly held that such opinion testimony is not helpful to the jury, and fails to satisfy the requirements of Fed. R. Evid. 701(b), because the jury is fully capable of drawing its own conclusions on the critical issue of intent based on the evidence presented at trial. Accordingly, witnesses such as Mr. Corigliano should be limited to testimony concerning their purported interactions with Mr. Forbes, and should be barred from presenting their conclusions or opinions about Mr. Forbes to the jury.

- 2 -

## ARGUMENT

### I.  THE STANDARD FOR THE ADMISSIBILITY OF LAY OPINION TESTIMONY.

A lay witness may present opinion testimony only if it meets all three of the following criteria: (a) the testimony is "rationally based on the perception of the witness"; (b) the testimony is "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue"; and (c) the testimony is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The government, as the proponent of the testimony, must establish all three foundation requirements. See United States v. Garcia, 413 F.3d 201, 211 (2d Cir. 2005); United States v. Grinage, 390 F.3d 746, 749 (2d Cir. 2004).

### A.  The Requirement of Personal Knowledge.

The first requirement for the admissibility of lay opinion testimony "is the familiar requirement of first-hand knowledge or observation." United States v. Garcia, 291 F.3d 127, 140 (2d Cir. 2002) (quoting United States v. Rea, 958 F.2d 1206, 1215 (2d Cir. 1992)).[1] "[A] witness offering a lay opinion must base his opinion on his own personal knowledge, which must be established to the court and jury." Garcia, 291 F.3d at 140; see also KW Plastics v. U.S. Can Co., 131 F. Supp.

---

[1]     A fundamental requirement of any fact witness testimony is that the witness has personal knowledge of the matters about which he or she testifies. Federal Rule of Evidence 602 provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

2d 1265, 1272 (M.D. Ala. 2001) ("[N]ew Rule 701 incorporates the requirements of Rule 602, thus mandating that the witness satisfy the elements of proper sensory perception, comprehension, present recollection, and ability to testify as to the matter perceived.").

### B.     The Helpfulness Requirement.

The helpfulness requirement limits the admission of lay opinion testimony to that which will "'aid[] or clarif[y] an issue that the jury would not otherwise be as competent to understand.'" McNulty v. Citadel Broad. Co., No. 01-3902, 2003 WL 500171, at *6 (3d Cir. Feb. 26, 2003) (quoting Lauria v. Nat'l R.R. Passenger Corp., 145 F.3d 593, 600 (3d Cir. 1998)).  The issue of helpfulness is a threshold legal matter "that must be determined by the court before it may allow the opinion to be heard by the jury." Rea, 958 F.2d at 1217.

The helpfulness requirement is "designed to provide assurances against the admission of opinions which would merely tell the jury what result to reach." Hester v. BIC Corp., 225 F.3d 178, 181 (2d Cir. 2000) (internal quotation marks omitted); see also Garcia, 413 F.3d at 214; Grinage, 390 F.3d at 749 (vacating conviction because lay opinion testimony interpreting conversations not helpful); Rea, 958 F.2d at 1216 (Rule 701 precludes testimony that "does not help the jury but only tells it in conclusory fashion what it should find").  A lay opinion is not helpful to the jury, and therefore not admissible, "when the jury can readily draw the necessary inferences and conclusions without the aid of the opinion." Lynch v. City of Boston, 180 F.3d 1, 17 (1st Cir. 1999) (citing 7 John Henry

Wigmore, Wigmore on Evidence §§ 1917-18)); see also United States Aviation
Underwriters, Inc. v. Yellow Freight Sys., Inc., 296 F. Supp. 2d 1322, 1333 (S.D.
Ala. 2003) (lay opinion testimony inadmissible where "[a] jury can look at the same
evidence considered by [the witness] and reach its own conclusions").

"[T]he likely benefits of lay opinion testimony must outweigh its costs,"
Hester, 225 F.3d at 182 (internal quotation marks omitted), for such testimony to
satisfy the helpfulness requirement of Rule 701.  The Second Circuit has observed
that "the costs of lay opinion increase[] and the benefits diminish the closer the
opinion approaches the crucial issues in the case." Id. (quotation marks omitted).
"This is because, even where . . . the opinion is accompanied by supporting facts, the
risk remains that the opinion may distract jurors from their task of drawing an
independent conclusion as to an ultimate issue in the case." Id. (internal quotation
marks omitted); accord Mitroff v. Xomox Corp., 797 F.2d 271, 276 (6th Cir. 1986)
("seldom will be the case when a lay opinion on an ultimate issue will meet the test
of being helpful to the trier of fact since the jury's opinion is as good as the
witness"") (cited with approval in Hester, 225 F.3d at 184).

### C. The Requirement that Testimony Not Be Based on Specialized Knowledge, Education, or Training.

In 2000, "Rule 701 was amended to provide that testimony cannot be
received as lay opinion if it is based on scientific, technical, or other specialized
knowledge" within the scope of Rule 702.  United States v. Garcia, 413 F.3d 201,
215 (2d Cir. 2005).  Under amended Rule 701, "[w]hat is essentially expert

- 5 -

testimony . . . may not be admitted under the guise of lay opinions. Such a substitution subverts the disclosure and discovery requirements of Federal Rules of Criminal Procedure 26 and 16 and the reliability requirements for expert testimony." United States v. Peoples, 250 F.3d 630, 641 (8th Cir. 2001) (citations omitted); see also Garcia, 413 F.3d at 215 ("The purpose of this final foundation requirement is to prevent a party from conflating expert and lay opinion testimony thereby conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony set forth in Rule 702 and the pre-trial disclosure requirements set forth in Fed. R. Crim. P. 16 and Fed. R. Civ. P. 26."); Fed. R. Evid. 701 advisory committee's note to 2000 amendment (amendment intended "to eliminate the risk that the reliability requirements set forth in Rule 702 [concerning expert testimony] will be evaded through the simple expedient of proffering an expert in lay witness clothing").[2]

In determining whether the government has satisfied its burden on "the third prerequisite for lay opinion testimony, a court must focus on the reasoning process by which a witness reached his proffered opinion." Garcia, 413 F.3d at 215 "If the opinion rests in any way upon scientific, technical, or other specialized knowledge, its admissibility must be determined by reference to Rule

---

[2]    With respect to witnesses such as Corgiliano and Pember, the government has not complied with the expert testimony disclosure requirements of Rule 16(a)(1)(G), which requires the government to provide "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G).

702, not Rule 701." Id. (emphasis added & quotation omitted); accord Fed. R. Evid.
701 advisory committee's note to 2000 amendment ("The amendment makes clear
that any part of a witness' testimony that is based upon scientific, technical, or
other specialized knowledge within the scope of Rule 702 is governed by the
standards of Rule 702 and the corresponding disclosure requirements of the Civil
and Criminal Rules."); United States v. Saelee, 162 F. Supp. 2d 1097, 1099 (D.
Alaska 2001) ("In 2000, Rule 701 was amended to expressly limit lay opinion
testimony to that which is *not* based on scientific, technical, or other specialized
knowledge within the scope of Rule 702.").

      Lay opinion testimony "must be the product of reasoning processes
familiar to the average person in everyday life." Garcia, 413 F.3d at 215. Such
"testimony is admissible only to help the jury or the court to understand the facts
about which the witness is testifying and not to provide specialized explanations or
interpretations that an untrained layman could not make if perceiving the same
acts or events." Peoples, 250 F.3d at 641 (collecting cases). Thus, "[t]he distinction
between an expert and a non-expert witness is that a non-expert witness's
testimony results from a process of reasoning familiar in everyday life and an
expert's testimony results from a process of reasoning which can be mastered only
by specialists in the field." State v. Brown, 836 S.W.2d 530, 549 (Tenn. 1992).[3] For

---

[3]    The Advisory Committee Note to the 2000 Amendment of Rule 701 explains
that the amended rule "incorporates the distinctions set forth in State v. Brown,
836 S.W.2d 530, 549 (Tenn. 1992)." Fed. R. Evid. 701 advisory committee's note to
2000 amendment.

example, the Advisory Committee Note to the 2000 Amendment explains that Rule 701 would permit lay opinion testimony on subjects such as "the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, [and] distance." Id. (quotation marks omitted).  Any person with relevant personal experience (such as an eyewitness to an event) could testify about these subjects.   The amended rule would not, however, permit lay opinion testimony on subjects such as "how a narcotic was manufactured," id., or whether "bruising around the eyes is indicative of skull trauma," id., because such testimony would be based on knowledge, training, or experience that an average person does not have.

## II.     THE COURT SHOULD PRECLUDE THE GOVERNMENT FROM PRESENTING IMPROPER LAY OPINION TESTIMONY.

### A.     The Court Should Preclude Lay Opinion Testimony Concerning Accounting Issues.

During the first trial, the government elicited testimony from alleged co-conspirators opining on the legitimacy of accounting practices employed at CUC and the accuracy of CUC's financial statements.  See, e.g., Tr. 6308-18, 6344-47, 6377, 6403-06, 6474-75, 6479-80, 6536-41, 6616, 6664-66, 6752, 6830-34, 6942, 7115, 7307-11, 7325-26, 7395, 7405, 7495-96, 7538-39, 7553-61, 7566-67 (examples of improper expert testimony by Corigliano); Tr. 2332-33, 2435-37, 2815-16, 2819 (examples of improper expert testimony by Pember).[4]  The government did so

---

[4]     The prejudice arising from the improper expert testimony concerning the accounting in the pre-1995 time period, including the alleged improper use of

without demonstrating, as it must under the third foundation requirement, that

these opinions were the product of reasoning processes familiar to the average

person in everyday life.  See Garcia, 413 F.3d at 216 ("In this case, the government

made no attempt to demonstrate that Klemick's challenged opinion was informed

by reasoning processes familiar to the average person in everyday life rather than

by scientific, technical, or other specialized knowledge.").  This is a burden that the

government cannot meet because such testimony is clearly based on specialized

knowledge, training, and education in accounting and should be excluded under

Rule 701(c).  See Wechsler v. Hunt Health Sys., Ltd., 198 F. Supp. 2d 508, 529

(S.D.N.Y. 2002) (CPA with personal knowledge of events could not provide lay

opinion concerning whether it was proper for company to employ a certain

accounting practice; opinion was "clearly an opinion based upon his expert

knowledge" as a CPA).[5]

---

general reserves and profit sharing receivables, is exacerbated because records from
that time period are incomplete and the government refuses to make Stuart Bell,
who could provide legitimate explanations for the accounting in that time period,
available as a witness.

[5]      See also Garcia, 413 F.3d at 217 ("[H]is reasoning process was not that of an
average person in everyday life; rather, it was that of a law enforcement officer with
considerable specialized training and experience in narcotics trafficking."); United
States v. Glenn, 312 F.3d 58, 67 (2d Cir. 2002) (error to admit lay opinion testimony
about manner in which drug dealers carry handguns; testimony was admissible, if
at all, only under Rule 702); Black v. Consol. Freightways Corp., 219 F. Supp. 2d
243, 249-50 (E.D.N.Y. 2002) (opinion testimony by fact witness inadmissible under
Rule 701; testimony was based on specialized knowledge and was expert testimony
under Rule 702); Faryniarz v. Nike, Inc., No. 00 Civ. 2623(NRB), 2002 WL 1968351,
at *3 (S.D.N.Y. Aug. 23, 2002) ("Rule 701 testimony does not extend to technical
conclusions"; witness who examined shoes could testify about what he observed, but

It is self-evident that "[l]ay witnesses are unfamiliar with," Williams v. Roberts, 202 F.R.D. 294, 295 (M.D. Ala. 2001), the legitimacy of accounting practices and the accuracy of financial statements.  Accountants must undergo extensive training and testing before they are licensed to practice precisely because accounting principles are exceedingly complex and require specialized knowledge.[6] Indeed, the government has acknowledged that "[t]he existence and operation of GAAP is not known by most laypersons," Opp'n to Forbes Pretrial Motion No. 49 (filed Aug. 15, 2003) at 3, and that "[v]iolations of GAAP . . . standards are

---

not any conclusions); Williams v. Roberts, 202 F.R.D. 294, 295-96 (M.D. Ala. 2001) (toxicologist could not present lay opinion testimony under Rule 701 because testimony would be based on specialized knowledge not available to the general public); United States v. Saelee, 162 F. Supp. 2d at 1099-1100 (government witness's proffered testimony inadmissible under Rule 701 because it would be based on specialized knowledge rather than everyday experience).

[6]    The government cannot offer testimony on these subjects from its cooperating witnesses based on the premise that the witnesses were employed as accountants or that some of their accounting knowledge is based upon on-the-job training and experience.  Under amended Rule 701, any testimony based on specialized knowledge, education, or training is expert testimony, even if the source of that specialized knowledge, education, or training is experience on the job.  See, e.g., Garcia, 413 F.3d at 216 ("We hold that the foundation requirements of Rule 701 do not permit a law enforcement agent to testify to an opinion so based and formed if the agent's reasoning process depended, in whole or in part, on his specialized training and experience."); Black, 219 F. Supp. 2d at 249 & n.6.  Furthermore, a witness "is providing expert testimony if the testimony consists of opinions based on 'scientific, technical, or other specialized knowledge,'" Musser v. Gentiva Health Servs., 356 F.3d 751, 757 n.2 (7th Cir. 2004), regardless of when those opinions were formed, id.  Thus, for example, a treating physician's views about a patient's prognosis are expert opinions under amended Rule 701, irrespective of the fact that the physician's views were formed during the ordinary course of his or her work. See Brandon v. Vill. of Maywood, 179 F. Supp. 2d 847, 860 (N.D. Ill. 2001).

- 10 -

established through expert testimony," id. (citation omitted) (ellipses in original)
(emphasis added).

       Moreover, the government has identified at least one expert witness to
testify about alleged GAAP violations, including CUC's and Cendant's "accounting
treatment of such items as merger reserves, revenue recognition, membership
cancellation reserves, and other matters." Id.; see also id. at 3-4 ("the [g]overnment
has retained two expert witnesses with impeccable credentials to help the jury
understand the rules of GAAP, [and] how and why certain of the Company's
accounting practices did not comply with GAAP"); Opp'n to Forbes Retrial Mot. In
Limine No. 1, at 5 (government expert "could reliably opine that certain accounting
practices undertaken at CUC violated GAAP").  Accordingly, the Court should
preclude any government fact witness from presenting testimony concerning his or
her understanding of GAAP, or his or her opinions or beliefs about whether CUC's
or Cendant's accounting practices or financial statements were legitimate or
accurate, because such testimony is expert opinion inadmissible under Rule 701.
See Wechsler, 198 F. Supp. 2d at 529; In re Campbell Soup Co. Sec. Litig., 145 F.
Supp. 2d 574, 593 (D.N.J. 2001) ("it is well-settled in this circuit that what
accounting practices comprise GAAP is a question of fact best addressed through
expert testimony") (collecting cases); Danis v. USN Commc'ns, Inc., 121 F. Supp. 2d

1183, 1192 (N.D. Ill. 2000) ("Violations of GAAP and GAAS standards are established through expert testimony.") (collecting cases).[7]

### B. The Court Should Preclude Speculative and Unhelpful Lay Opinion Testimony Concerning Mr. Forbes.

The Court also should preclude the government from presenting lay opinion testimony by government witnesses concerning their speculation, beliefs, or opinions about whether Mr. Forbes had knowledge of, or was involved in, the alleged fraud, or whether Mr. Forbes had knowledge of accounting or other concepts. Any such testimony is inadmissible on the ground that: (i) it is not based on the witness's personal knowledge and/or (ii) it is not helpful to the jury.

The Second Circuit has determined that "in most instances" lay opinion testimony concerning a party's knowledge "will not meet the requirements of Rule 701." United States v. Rea, 958 F.2d 1206, 1216 (2d Cir. 1992). Where a witness does not identify any factual basis for opinion testimony concerning a

---

[7]    In the alternative, this testimony should be excluded on the ground that it is not helpful. The government has identified an expert to testify about the legitimacy of CUC's and Cendant's accounting practices. A lay witness's personal opinion on the legitimacy of the accounting adds nothing to the jury's consideration of that issue. Fact witnesses such as Mr. Corigliano may testify to what they did, but their interpretation of those events is not helpful to the jury, which is fully capable of drawing its own conclusions based on the evidence presented at trial. See Section I (B), supra; Nichols v. Johnson, No. 00C7785, 2002 WL 826482, at *5 (N.D. Ill. May 1, 2002) ("To allow someone offered as a lay witness to express an opinion based on the same evidence that the jury has before it would not assist the jury.") (collecting cases). To the extent the government claims that the cooperators' understanding would be helpful to the jury because their "training and skill place [them] in a superior position to an ordinary lay person with respect to assessing the . . . evidence, that only underscores that this opinion by [the cooperators] would be a Rule 702 opinion -- not lay opinion under Rule 701." Id. at *5.

defendant's knowledge, "the proffered opinion obviously fails completely to meet the requirements of Rule 701, first because there is no way for the court to assess whether it is rationally based on the witness's perceptions, and second because the opinion does not help the jury but only tells it in conclusory fashion what it should find." Id. Conversely, "when a witness has fully described what a defendant was in a position to observe, what the defendant was told, and what the defendant said or did, the witness's opinion as to the defendant's knowledge will often not be 'helpful' within the meaning of Rule 701 because the jury will be in as good a position as the witness to draw the inference as to whether or not the defendant knew." Id.[8] Thus, even where a lay witness has a foundation for his or her opinion as to a party's alleged knowledge, the testimony should be excluded on the ground that it is not helpful to the jury under Rule 701(b).

### 1.    Speculative Testimony.

The vast majority of the witnesses the government intends to call at trial have no personal knowledge about whether Mr. Forbes purportedly had any involvement in the alleged fraud.  Indeed, Cosmo Corigliano is the only witness who claims to have had direct conversations with Mr. Forbes concerning the alleged fraud.  Prior to the first trial, the government conceded that witnesses lacking personal knowledge concerning Mr. Forbes should not be invited to speculate about

---

[8]    See also Krueger v. State Farm Mutual Auto. Ins. Co., 707 F.2d 312, 316-17 (8th Cir. 1983) (cited with approval in Rea) (opinion testimony as to whether motorist could have avoided accident properly excluded as not helpful to jury where witness testified to facts concerning distances, speed, and driving conditions).

what he "must have known" or "had to know." <u>See</u> Opp'n to Forbes Mot. In Limine

Nos. 1 & 2 (filed April 22, 2004) at 2 ("None of these witnesses will speculate that

either of the defendants 'must have known' about the conspiracy.").

      Lay opinion testimony that consists of speculation by witnesses who

lack personal knowledge is inadmissible under Fed. R. Evid. 701. <u>See</u>, <u>e.g.</u>, <u>Hester</u>

<u>v. BIC Corp.</u>, 225 F.3d 178, 184 (2d Cir. 2000) (reversible error to allow lay opinion

testimony that "was not focused on objective facts, but instead consisted of the

witnesses' subjective impressions that [the supervisor's] condescension to [the

plaintiff] was attributable to [her] race") (internal quotation marks omitted); <u>United</u>

<u>States v. Whitworth</u>, 856 F.2d 1268, 1284-85 (9th Cir. 1988) (abuse of discretion for

trial court to allow alleged co-conspirator to testify about whether he had

"suspicions or apprehensions" that the defendant knew that classified material was

sold to Soviet Union; question clearly called for speculation concerning defendant's

state of mind). Accordingly, the Court should preclude the government from

eliciting any lay opinion testimony concerning a government witness's speculation

about whether or not Mr. Forbes knew about the alleged fraud.

      Similarly, the Court should preclude speculative testimony by

government witnesses concerning their beliefs or opinions about whether Mr.

Forbes was involved in the alleged fraud. Such testimony would not be based on

the witness's personal knowledge and is barred by Fed. R. Evid. 701(a).

<u>E.g.</u>, <u>United States v. Glenn</u>, 312 F.3d 58, 66-67 (2d Cir. 2002) (reversible error to

admit lay opinion testimony that was not based on witness's first-hand knowledge

or observation); <u>United States v. Marshall</u>, 173 F.3d 1312, 1315 (11th Cir. 1999)

(abuse of discretion to admit lay opinion testimony from witness without personal

knowledge as to whether defendant was source of drugs); <u>Rea</u>, 958 F.2d at 1216 (lay

opinion testimony that is not based on witness's personal observations inadmissible

under Rule 701).

### 2.    Testimony that Is Not Helpful to the Jury.

In addition, the Court should exclude any lay opinion testimony

concerning Mr. Forbes' purported knowledge, intent, or state of mind by Cosmo

Corigliano or any other witness now claiming to have personal knowledge with

respect to Mr. Forbes' alleged involvement in the alleged fraud or Mr. Forbes'

alleged understanding of accounting or other concepts. While government

witnesses may testify to claimed interactions with Mr. Forbes, they cannot testify to

the conclusions or beliefs they formed as a result of those purported interactions

because any such testimony would not be helpful to the jury.

"An opinion is only helpful to the jury 'if it aids or clarifies an issue

that the jury would not otherwise be as competent to understand.'" <u>McNulty v.</u>

<u>Citadel Broad. Co.</u>, No. 01-3902, 2003 WL 500171, at *6 (3d Cir. Feb. 26, 2003)

(quoting <u>Lauria</u>, 145 F.3d at 600). Because lay opinion testimony on the subject of

a defendant's knowledge and state of mind will do "no more than instruct the jury

as to what result it should reach," <u>Rea</u>, 958 F.2d at 1219, on the critical issue of

intent, and will not be helpful to the jury, it should be excluded under Rule 701.

<u>See also</u> <u>United States v. Grinage</u>, 390 F.3d 746, 751 (2d Cir. 2004) ("[T]he agent's

testimony as to his interpretations of the calls went beyond permissible lay opinion testimony under Rule 701(b) because, rather than being helpful to the jury, it usurped the jury's function."); Lynch v. City of Boston, 180 F.3d 1, 17 (1st Cir. 1999) ("Lay opinions are not helpful when the jury can readily draw the necessary inferences and conclusions without the aid of the opinion."); United States Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc., 296 F. Supp. 2d 1322, 1333 (S.D. Ala. 2003) (lay opinion testimony inadmissible where "[a] jury can look at the same evidence considered by [the witness] and reach its own conclusions").

The Second Circuit has repeatedly held that lay opinion testimony concerning a defendant's knowledge or intent is inadmissible under Rule 701 because it is not helpful to a jury. In Rea, for example, the Court held that it was error to permit testimony by an accountant testifying as a fact witness that the defendant "had to" know that federal excise taxes would not be paid on certain transactions. 958 F.2d at 1217. The Court concluded that the district court abused its discretion in allowing the testimony because it was not helpful to the jury; the jury was in a better position than the witness to decide "whether or not Rea knew he was participating in a tax evasion scheme," id. at 1219, and the testimony "did no more than instruct the jury as to what result it should reach on the issue of knowledge." Id.[9]

---

[9]     The Court determined that the error was harmless because there was extensive evidence of guilt and the government did not rely on the improper testimony in summation. 958 F.2d at 1220-21. In this case, the admission of such testimony would be highly prejudicial because the government's case against Mr.

Similarly, in <u>Hester</u>, the Second Circuit held that it was reversible error to allow lay opinion testimony from company employees as to whether a supervisor acted with racial animus toward the plaintiff. 225 F.3d at 185. The Court observed that a "witness's opinion as to the defendant's ultimate motivations will often not be helpful within the meaning of Rule 701 because the jury will be in as good a position as the witness to draw the inference as to whether or not the defendant was motivated by an impermissible animus." <u>Id.</u> (quotation marks & brackets omitted).

Other courts also have held that lay opinion testimony concerning a defendant's knowledge or state of mind cannot satisfy the "helpfulness" requirement of Rule 701. In <u>United States v. Anderskow</u>, 88 F.3d 245 (3d Cir. 1996), the court held that the trial court erred when it permitted an alleged co-conspirator to testify about his belief that the defendant knew about alleged criminal conduct. <u>Id.</u> at 251. The court explained, following the Second Circuit's decision in <u>Rea</u>, that the testimony was not helpful to the jury and improperly turned the witness into "a thirteenth juror." <u>Id.</u> at 250. Because the jury was aware of "the very circumstantial evidence" upon which the witness based his opinion, and was capable of making its own determination as to the defendant's knowledge based on that evidence, it was not helpful for the jury to hear the witness's subjective belief concerning the defendant's knowledge. <u>Id.</u> at 251; <u>see also</u> <u>United States v. Henke</u>,

Forbes is extremely weak, as evidenced by the length of deliberations and the jury's inability to reach a verdict against Mr. Forbes in the first trial.

222 F.3d 633, 641-42 (9th Cir. 2000) (reversing conviction based on improper admission of lay opinion testimony concerning defendant's knowledge on the ground it was not helpful to the jury); United States v. Hauert, 40 F.3d 197, 201-02 (7th Cir. 1994) (affirming exclusion of lay opinion testimony concerning defendant's knowledge of tax laws and state of mind on the ground that it was not helpful to the jury).

Here, as in Rea, Hester, Anderskow, Henke, and Hauert, testimony by government witnesses concerning their conclusions and beliefs about Mr. Forbes's knowledge or state of mind would not be helpful to the jury.  The jury will have available to it, and will be fully capable of assessing, the purported facts upon which such witnesses base their conclusions.

Finally, the Court should preclude witnesses such as Cosmo Corigliano from placing their own "spin" or interpretation on alleged interactions or conversations with Mr. Forbes.  Testimony by a lay witness concerning his or her interpretation of events or conversations is not helpful to the jury where the jury is fully capable of drawing its own conclusions.  See United States v. Dicker, 853 F.2d 1103, 1108-10 (3d Cir. 1988) (collecting cases).  Even where a conversation purportedly involves coded language, "[w]hen a conversation has a legitimate purpose understandable to a lay person, testimony about a code without some evidence of prearrangement or some other foundation is inappropriate." United

- 18 -

States v. Garcia, 291 F.3d 127, 141 (2d Cir. 2002).[10]  Accordingly, the Court should preclude testimony from government witnesses purporting to construe events or conversations that the jury is fully capable of understanding, as well as testimony that attempts to transform ordinary business interactions or conversations into evidence of purported wrongdoing by Mr. Forbes through the witness's interpretation on the event.

## CONCLUSION

For the foregoing reasons, the Court should grant Mr. Forbes' motion *in limine* and preclude the government from presenting improper lay opinion testimony at trial.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon  (Bar No. ct24159)
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)

---

[10]     "Unless courts require the proponents of such testimony to lay a proper foundation concerning personal knowledge, every conversation could be interpreted as coded." Id.

Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Memorandum in Support of

Motion of Defendant Walter A. Forbes to Preclude the Government From

Presenting Improper Lay Opinion Testimony at Trial (Forbes Retrial Motion *In

Limine* No. 3) to be sent on September 2, 2005 to the following via e-mail and

FedEx:

> Norman Gross, Esq.
> U.S. Attorney's Office
> District of New Jersey
> 401 Market Street
> Fourth Floor
> Camden, NJ 08101
>
> Michael Martinez, Esq.
> Craig Carpenito, Esq.
> U.S. Attorney's Office
> District of New Jersey
> 970 Broad Street, Suite 700
> Newark, NJ  07102

Barry S. Simon