UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 3:02CR264 (AWT) |
| ) | |
| WALTER A. FORBES ) | September 2, 2005 |
| ) | |

**MEMORANDUM IN SUPPORT OF MOTION OF WALTER
A. FORBES TO PRECLUDE REFERENCES TO HIM AS
THE CAPTAIN OF THE SHIP OR OTHER SIMILAR
POSITIONS
(Forbes Retrial Motion *In Limine* No. 10)**

Walter A. Forbes, through undersigned counsel, respectfully submits this memorandum in support of his motion for an order precluding references to him as the "Captain of the Ship," or other positions suggesting a standard of strict liability or negligence.

### ARGUMENT

During the first trial, the government asked Mr. Forbes whether he was the "captain of the ship" and asked whether despite "[l]ines of authority, different delegations here and there, . . . somebody has to be at the wheel of the ship, right?" Tr. at 13867. This line of questioning was improper because it suggested that the standard for liability in this case is strict liability or possibly negligence. Indeed, it is a cliché that the "Captain goes down with the ship."

As the Court instructed the jury, however, that is not the standard of liability in this case:

Oral Argument Requested

> There is one point I want to address before I review the elements of the charged offenses. In some other areas of the law, there is a doctrine we call respondeat superior. Under that doctrine, employers can be held liable for an employee's wrongful acts committed within the scope of the employee's employment based solely upon the employer's status as the employer. That doctrine has no applicability in this case. You have heard testimony that the defendants were senior executives at CUC and Cendant. I instruct you that you may not vote to convict a defendant based solely on the position or positions that he held at CUC and/or Cendant. A defendant who is an officer, director, or employee of a corporation is not criminally responsible for the alleged acts of his subordinates merely because the defendant held a senior position with the corporation. Therefore, it is not enough for the government to prove that alleged accounting irregularities occurred at CUC and Cendant and that the defendants held senior positions, nor is it enough for the government to prove that one or more alleged wrongdoers reported to a defendant. In addition, you may not infer that the defendants, based solely on their positions at CUC and Cendant, had any knowledge of the alleged accounting irregularities. Furthermore, it is not enough for the government to prove that the defendants should have known about the alleged accounting irregularities at CUC and Cendant. In each instance, the law requires more. The government must prove beyond a reasonable doubt that each defendant acted knowingly, willfully and with the particular unlawful intent required for that offense.

Tr. at 16250-51.

The Court should preclude the government from making analogies to the "Captain of the Ship" or any other similarly inappropriate analogies. This case involves a Chief Executive Officer and the issue is what

Mr. Forbes actually knew and intended. Analogies pose a grave danger of misleading the jury about the factual issues and the relevant legal standards.

## CONCLUSION

Accordingly, Mr. Forbes respectfully requests that the Court enter an order precluding references to him as the "Captain of the Ship," or other positions suggesting a standard of strict liability or negligence.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (ct17115)
Barry S. Simon (ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (ct05103)
Thomas J. Murphy (ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Memorandum in Support of Motion of Walter A. Forbes to Preclude References to Him as the Captain of the Ship or Other Similar Positions (Forbes Retrial Motion *In Limine* No. 10) to be sent on September 2, 2005 to the following via e-mail and FedEx:

Norman Gross, Esq.
U.S. Attorney's Office
District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ 08101

Michael Martinez, Esq.
Craig Carpenito, Esq.
U.S. Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102

_____
Barry S. Simon