UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>)<br>WALTER A. FORBES )<br>)<br>) | No. 3:02CR264 (AWT)<br><br>September 2, 2005 |

**MEMORANDUM IN SUPPORT OF
MOTION OF DEFENDANT WALTER A. FORBES TO PRECLUDE
THE GOVERNMENT FROM PRESENTING ANY EVIDENCE, CROSS-
EXAMINATION OR ARGUMENT CONCERNING MR. SHELTON'S
PURPORTED STATEMENT TO MR. CORIGLIANO CONCERNING HIS
COMPUTER OR MR. CORIGLIANO'S DELETION OF ELECTRONIC FILES**
(<u>Forbes Retrial Motion *In Limine* No. 11</u>)

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits this memorandum in support of his motion *in limine*, pursuant to Fed. R. Evid. 401, 403, and 801, to preclude the government from presenting any evidence, cross-examination, or argument concerning either (i) Mr. Shelton's purported statement to Mr. Corigliano on or about April 15, 1998 that Mr. Corigliano might have to turn over his laptop computer or (ii) Mr. Corigliano's deletion of electronic files from his computer, purportedly at Mr. Shelton's direction, on or after April 15, 1998.

## ARGUMENT

Mr. Shelton's purported conversation with Mr. Corigliano concerning his laptop computer allegedly took place on April 15, 1998. See Tr. 7553

(Corigliano). Mr. Corigliano's deletion of electronic files from his computer took place, according to Mr. Corigliano, after his purported conversation with Mr. Shelton on April 15, 1998. See Tr. 7553, 9245-46.

Neither Mr. Shelton's alleged April 15, 1998 statement to Mr. Corigliano, nor Mr. Corigliano's alleged April 15, 1998 conduct, is admissible with respect to Mr. Forbes. It is well settled that hearsay statements made after an alleged conspiracy has terminated are not admissible against an alleged co-conspirator. Grunewald v. United States, 353 U.S. 391, 401-2 (1957); accord Lutwak v. United States, 344 U.S. 604, 617-18 (1953) ("the declarations of a conspirator do not bind the co-conspirator if made after the conspiracy has ended"); Krulewitch v. United States, 336 U.S. 440, 442-43 (1949).

It is equally well-established that statements made after a conspiracy has terminated in an effort to prevent detection are not made in furtherance of the main conspiracy and are inadmissible. As the Supreme Court has explained,

> The crucial teaching of Krulewitch and Lutwak is that after the central criminal purposes of a conspiracy have been obtained, <u>a subsidiary conspiracy to conceal may not be implied from circumstantial evidence showing that the conspiracy was kept a secret and that the conspirators took cause to cover up their crime in order to escape detection and punishment.</u> As was there stated, allowing such a conspiracy to conceal to be inferred or implied from mere overt acts of concealment would result in a great widening of the scope of conspiracy prosecutions, since it would extend the life of a conspiracy indefinitely. <u>Acts of covering up, even though done in the context of a mutually understood need for secrecy, cannot themselves constitute proof that concealment of the crime after its commission was part of the initial agreement among the conspirators. For every conspiracy is by its nature secret; a case can</u>

2

> hardly be supposed where men concert together for crime and advertise their purpose to the world. And again, every conspiracy will inevitably be followed by actions taken to cover the conspirators' traces. Sanctioning the Government theory would for all practical purposes wipe out the statute of limitations in conspiracy cases, as well as extend indefinitely the time within which hearsay declarations will bind co-conspirators.

Grunewald, 353 U.S. at 401-2 (emphasis added). Thus, out-of-court statements which were made by Mr. Forbes' alleged co-conspirators after the termination of the alleged conspiracy -- even if allegedly made to conceal or cover up the underlying alleged conspiracy -- are not admissible as to Mr. Forbes.

A conspiracy is deemed to have ended when its objectives either are achieved or are rendered unattainable or impossible. See, e.g., United States v. Gibbs, 739 F.2d 838, 845 n.18 (3d Cir. 1984) (conspiracy terminates when "its ends ha[ve] been so frustrated or its means so impaired that its continuation was no longer plausible") (citation omitted); United States v. Grammatikos, 633 F.2d 1013, 1023 (2d Cir. 1980) (conspiracy terminates when its objectives "have either been accomplished or abandoned"). Here, the alleged conspiracy terminated on April 9, 1998, when Messrs. Speaks and Sabatino disclosed improper accounting at the former CUC to Scott Forbes and Michael Monaco. See Tr. 4792-93, 4796-97. At the very latest, it had terminated by April 14, 1998, when the Cendant Board learned of accounting irregularities at the former CUC. See Ex. 1 (Minutes of April 14, 1998 special meeting of Audit Committee of Cendant Board).

Mr. Corigliano's purported conversation with Mr. Shelton concerning his computer took place <u>after</u> the termination of the alleged conspiracy. Accordingly, Mr. Shelton's purported statement to Mr. Corigliano on April 15, 1998 concerning Mr. Corigliano's computer is inadmissible hearsay with respect to Mr. Forbes. Similarly, Mr. Corigliano's deletion of computer files, purportedly at Mr. Shelton's instruction, on or after April 15, 1998, is not an act in furtherance of the alleged conspiracy and has no probative value with respect to Mr. Forbes. The admission of this evidence would be extremely prejudicial and misleading, because it involves the destruction of evidence and the obstruction of justice to conceal a conspiracy that purportedly included Mr. Forbes. The Court should preclude the government from presenting any evidence, cross-examination, or argument on these subjects pursuant to Fed. R. 401, 403, and 801.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
    Brendan V. Sullivan, Jr. (Bar No. ct17115)
    Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

# EXHIBIT 1

MINUTES

OF A

SPECIAL MEETING

OF THE

AUDIT COMMITTEE

OF

CENDANT CORPORATION

**Held on April 14, 1998**

A Special Meeting of the Audit Committee (the "Committee") of Cendant Corporation, a Delaware corporation (the "Company"), was held on Tuesday, April 14, 1998, beginning at 4:00 p.m. at the offices of the Company, 712 Fifth Avenue, New York, New York. Present at the meeting were Frederick D. Green, Robert P. Rittereiser and E. John Rosenwald, Jr. Also present at the request of the Committee were Jack H. Nusbaum and Stephen W. Greiner of Willkie Farr & Gallagher ("WF&G"), counsel to the Committee, and David L. Stulb of Arthur Andersen LLP ("Arthur Andersen"). Present for portions of the meeting were Henry R. Silverman, President and Chief Executive Officer of the Company, Walter A. Forbes, Chairman of the Board of the Company, Michael P. Monaco, Vice Chairman and Chief Financial Officer of the Company and James E. Buckman, Senior Executive Vice President and General Counsel of the Company.

Messrs. Silverman and Monaco began by stating that in the course of transferring responsibility for the Company's accounting functions from former CUC International Inc. ("CUC") personnel to former HFS Incorporated accounting personnel and preparing for the reporting of first quarter 1998 results, the Company had discovered potential accounting irregularities in certain former CUC business units. Mr. Monaco summarized the information that had been discovered. Mr. Monaco indicated that the Company's investigation was on-going.

It was then requested that Mr. Nusbaum address the Committee. Mr. Nusbaum stated that it was appropriate for the Committee to consider the retention of counsel and that WF&G, if retained as counsel to the Committee, expected to retain Arthur Andersen to assist it in conducting an investigation into the possible accounting irregularities. After further discussion, the Committee unanimously adopted the following resolutions:

**RESOLVED**, that the Committee approves the retention of WF&G as counsel to the Committee in connection with the inquiry into the possible accounting irregularities at CUC; and be it further



EXHIBIT
Loughman
Exhibit
44
SC V-25-04

Confidential       WFG    0063441

0430605.02

      RESOLVED, that the Committee approves WF&G's retention of Arthur Andersen to assist it in conducting an independent investigation into the possible accounting irregularities at CUC.

      Mr. Nusbaum then discussed the role and responsibilities of the Committee in connection with the investigation.

      There being no further business, the meeting was adjourned.

*[signature]*
Jack H. Nusbaum
Acting Secretary

-2-

Confidential    WFG    0063442

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Memorandum in Support of Motion of Defendant Walter A. Forbes to Preclude the Government from Presenting any Evidence, Cross-Examination or Argument Concerning Mr. Shelton's Purported Statement to Mr. Corigliano Concerning his Computer or Mr. Corigliano's Deletion of Electronic Files (Forbes Retrial Motion *In Limine* No. 11), to be served on September 2, 2005 to the following via e-mail and FedEx:

>Norman Gross, Esq.
>U.S. Attorney's Office
>District of New Jersey
>401 Market Street
>Fourth Floor
>Camden, NJ 08101
>
>Michael Martinez, Esq.
>Craig Carpenito, Esq.
>U.S. Attorney's Office
>District of New Jersey
>970 Broad Street, Suite 700
>Newark, NJ 07102

_____
Barry S. Simon