## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:02CR264 (AWT) |
| | ) | |
| WALTER A. FORBES | ) | September 2, 2005 |
| | ) | |

### MEMORANDUM IN SUPPORT OF MOTION OF WALTER A. FORBES TO EXCLUDE GX 1527
### (Forbes Retrial Motion *In Limine* No. 12)

Walter A. Forbes, through undersigned counsel, respectfully submits this memorandum in support of his motion for an order excluding GX 1527, the "full trough" t-shirt, and all testimony pertaining to it. The t-shirt is not relevant under Fed. R. Evid. 401 and is inadmissible under Fed. R. Evid. 402 & 403.

### ARGUMENT

In the first trial, Mr. Corigliano testified that Walter Forbes provided him a t-shirt bearing the inscription, "A full trough is good for shareholder value" and "12/31/99 or bust," which was admitted as GX 1527. Tr. at 7221, 7234. The government wanted the jury to interpret the t-shirt as referring to a "full trough" of excess merger reserves resulting from the CUC-HFS merger.

The government, however, introduced no evidence that "full trough" meant excess merger reserves. Mr. Corigliano did not testify that either Mr. Forbes or Mr. Shelton explained that the t-shirt had anything to

Oral Argument Requested

do with excess merger reserves.[1] And all evidence concerning the meaning of the t-shirt was that it had nothing to do with excess merger reserves. <u>See, e.g.</u>, Tr. at 12289-91 (testifying that t-shirt referred to "full trough" of stock options that Henry Silverman received as a result of the CUC-HFS merger); <u>id.</u> at 13769-72 (same). Indeed, in light of this unrefuted testimony, the government did not even mention the t-shirt in summation.

The t-shirt is relevant only if it refers to excess merger reserves, but there is not a shred of evidence that it does. Therefore, the t-shirt is not relevant and any marginal relevance is far outweighed by the danger of unfair prejudice and confusion of the issues.

### CONCLUSION

Accordingly, Mr. Forbes respectfully requests that the Court enter an order excluding GX 1527 and all testimony pertaining to it.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (ct17115)
Barry S. Simon (ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)

---

[1]    The government invited Mr. Corigliano to speculate what the t-shirt meant, but his lay opinion was properly excluded under Rule 701 because it was not helpful to the jury. <u>See</u> Tr. at 7223, 7233, 7365-66; <u>see also</u> <u>United States v. Rea</u>, 958 F.2d 1206 (2d Cir. 1992).

(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (ct05103)
Thomas J. Murphy (ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing Memorandum in Support of

Motion of Walter A. Forbes to Exclude GX 1527 (Forbes Retrial Motion *In Limine*

No. 12) to be sent on September 2, 2005 to the following via e-mail and FedEx:

>Norman Gross, Esq.
>U.S. Attorney's Office
>District of New Jersey
>401 Market Street
>Fourth Floor
>Camden, NJ 08101
>
>Michael Martinez, Esq.
>Craig Carpenito, Esq.
>U.S. Attorney's Office
>District of New Jersey
>970 Broad Street, Suite 700
>Newark, NJ  07102

Barry S. Simon