UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | No. 3:02CR264 (AWT) |
| ) | |
| WALTER A. FORBES ) | September 2, 2005 |
| ) | |

**MEMORANDUM IN SUPPORT OF MOTION OF WALTER
A. FORBES TO PRECLUDE REFERENCES TO THE
TRUTH-TELLING PROVISIONS IN COSMO
CORIGLIANO'S PLEA AGREEMENT
(Forbes Retrial Motion *In Limine* No. 13)**

Walter A. Forbes, through undersigned counsel, respectfully submits this memorandum in support of his motion for an order precluding references to the truth-telling provisions in Cosmo Corigliano's plea agreement.

**ARGUMENT**

Mr. Corigliano's plea agreement provides that he "shall truthfully disclose all information he possesses concerning any matters about which" the government "may inquire of him" and "shall truthfully testify in all proceedings, including grand jury and trial proceedings, as to any subject about which he is questioned." DX 300 at 2 (Plea Agreement). The agreement further provides that "should it be established that he has intentionally given materially false, incomplete, or misleading testimony or information . . . the non-prosecution provisions of this agreement shall be null and void." Id.

Oral Argument Requested

During the first trial, the government relied on the truth-telling provisions of Mr. Corigliano's plea agreement to bolster his credibility. See, e.g., 9447-49.[1] In improper summation, the government argued that if Mr. Corigliano (or any of the other cooperating witnesses) lied or testified falsely, his agreement would get "thrown out the window." Tr. at 14860.

Mr. Corigliano breached his plea agreement by providing materially false testimony on numerous topics during the first trial. See, e.g., Mot. Mistrial Due to Corigliano's False and Misleading Testimony (filed Aug. 20, 2004). For example, Mr. Corigliano put Mr. Forbes in the middle of an alleged conspiratorial meeting in Mr. Shelton's office in Stamford. Mr. Corigliano provided great detail about the alleged meeting, including the time, location, participants, where the participants were in the office, whether they were standing or sitting, and what Mr. Forbes supposedly said. See Tr. at 9634 ("I could remember being in Kirk's office and Walter comes in and he said, Henry - - even though it's only a penny or two off, he's not doing anything, but he says he has management issues and wants to meet with me."); id. at 9636 ("Walter said that Henry told him that after Mike and Scott looked at it, they concluded that it was only one or two cents off, meaning earnings per share, one or two pennies off. So they weren't going to do

---

[1] At one point, the government suggested, improperly, that the Court stood behind Mr. Corigliano's testimony as truthful because his plea agreement had not been revoked. See, e.g., Tr. at 9457 ("Q. And the last question: If the government or the Court would believe that you lied, how does that affect your plea? A. It makes it null and void."). The Court struck this testimony and provided a limiting instruction. See Tr. at 9499.

anything. They were going to let it go."); id. at 9640 ("I'm by Kirk's couch. Kirk is standing to the left of me. Walter's standing to the right, and he's inside Kirk's doorway."); id. at 9650 (testifying that meeting was within "[t]wo, three, four, five" days of March 11 or 12).[2] Mr. Corigliano testified that he remembered this specific conversation well, see id. at 9640 ("Q. I take it this is a conversation, since you attribute the words to Walter Forbes, you have a pretty good memory of; am I correct? A. I can remember being right by the doorway, yes."), and testified generally that in the few instances where he claimed to be able to recall specific conversations, his recollection was clear. See, e.g., id. at 8063 ("The specific conversations that I stated here, very clear in my mind, very easy to remember because they were very memorable to me."). Travel records, however, establish that, in fact, Mr. Forbes was thousands of miles away from Stamford, Connecticut between March 9 and March 22 when this supposed meeting took place. See id. at 9641-51. When confronted with documentary evidence that he had fabricated this meeting, Mr. Corigliano stood by his lie because, he testified, "I remember the meeting. I remember it being in Kirk's office. I remember it

---

[2] On redirect examination, Mr. Corigliano described this alleged conversation somewhat differently, claiming that they also discussed Mr. Silverman being upset about the budget shortfall and that they were not going to use the $165 million, see id. at 9573, and that Mr. Shelton said that Mr. Forbes should not meet with Mr. Silverman until after he signed the Form 10-K, see id. at 9574. See id. at 9637-40 (acknowledging that he described the conversation differently on re-direct examination).

being after Walter told me that [Henry] wasn't going to do anything. And that's what I remember." Id. at 9651.

Despite this and other demonstrably false testimony, Mr. Corigliano's plea agreement was not "thrown out the window." To the contrary, the government has recently confirmed that it "has not sought to revoke Corigliano's plea agreement." Opp'n Mot. Compel at 9 (filed Aug. 12, 2005).

Under these circumstances, the government should not be permitted to argue or introduce evidence that Mr. Corigliano has an obligation to testify truthfully under his plea agreement or that the non-prosecution provisions of his plea agreement are contingent upon his truthful cooperation. Although that is what the plea agreement says, the government has not enforced those provisions of the agreement against Mr. Corigliano. Indeed, the evidence demonstrates that Mr. Corigliano can lie and get away with it.

Due process prohibits the government from introducing false or misleading evidence. See Napue v. Illinois, 360 U.S. 264 (1959); United States v. Wallach, 935 F.2d 445 (2d Cir. 1991).[3] Introduction of the truth-telling provisions of Mr. Corigliano's plea agreement would run afoul of this

---

[3]  See also Giglio v. United States, 405 U.S. 150, 153 (1972); Miller v. Pate, 386 U.S. 1, 7 (1967); Alcorta v. Texas, 355 U.S. 28, 31 (1957) (per curiam); White v. Ragen, 324 U.S. 760, 764 (1945) (per curiam); Pyle v. Kansas, 317 U.S. 213, 216 (1942); Mooney v. Holohan, 294 U.S. 103, 112 (1935) (per curiam).

well-established constitutional prohibition. See, e.g., Napue, 360 U.S. at 269-70 (due process violated when government witness provided false testimony about government's promises of leniency); Hayes v. Brown, 399 F.3d 972 (9th Cir. 2005) (en banc) (due process violated when cooperating witness testified falsely about oral agreement between witness's counsel and government even though witness did not know about agreement); Shih Wei Su v. Filion, 335 F.3d 119, 129 (2d Cir. 2003) (due process violated when government witness provided false testimony about deal with government and sentencing judge); Jenkins v. Artuz, 294 F.3d 284, 289, 294 (2d Cir. 2002) (due process violated when witness offered "at-best-ambiguous testimony about the existence of a plea agreement" on cross-examination, and prosecutor "re[i]nforced the impression that no agreement existed" on re-direct examination; "That a statement standing alone is factually correct obviously does not mean that it cannot mislead based on the natural and reasonable inferences it invites."); United States v. Vozzella, 124 F.3d 389, 393 (2d Cir. 1997) (reversing convictions when government "should have known that introduction of the records with Stirling's unqualified testimony concerning their significance conveyed a message so misleading as to amount to falsity"); DeMarco v. United States, 928 F.2d 1074, 1077 (11th Cir. 1991) (due process violated when government witness misrepresented cooperation agreement); Du Bose v. Lefevre, 619 F.2d 973, 979 (2d Cir. 1980) (due process violated when government witness provided false testimony about deal with government);

United States v. Sanfilippo, 564 F.2d 176, 178 (5th Cir. 1977) (due process violated when government witness misrepresented cooperation agreement); Dupart v. United States, 541 F.2d 1148, 1150 (5th Cir. 1976) (per curiam) (reversing denial of motion for post-conviction relief when government witness offered testimony concerning cooperation and benefits that "even though technically not perjurious, would surely be highly misleading to the jury").

Because the government has not enforced the truth-telling provisions of Mr. Corigliano's plea agreement, it cannot rely on those provisions to bolster his credibility. Doing so would mislead the jury and violate Mr. Forbes' Due Process rights.

## CONCLUSION

For the reasons set forth above, Mr. Forbes respectfully requests that the Court enter an order precluding references to the truth-telling provisions in Mr. Corigliano's plea agreement.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (ct17115)
Barry S. Simon (ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (ct05103)
Thomas J. Murphy (ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Memorandum in Support of Motion of Walter A. Forbes to Preclude References to the Truth-Telling Provisions in Cosmo Corigliano's Plea Agreement (Forbes Retrial Motion *In Limine* No. 13) to be sent on September 2, 2005 to the following via e-mail and FedEx:

Norman Gross, Esq.
U.S. Attorney's Office
District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ 08101

Michael Martinez, Esq.
Craig Carpenito, Esq.
U.S. Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102

_____
Barry S. Simon