UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                       )<br>)<br>)<br>WALTER A. FORBES        )<br>)<br>) | No. 3:02CR264 (AWT)<br><br>September 2, 2005 |

MEMORANDUM IN SUPPORT OF
MOTION OF DEFENDANT WALTER A. FORBES TO
(1) PRECLUDE THE GOVERNMENT FROM REFERRING TO
ROBERT TUCKER'S HANDWRITTEN NOTES AS BOARD "MINUTES"
AND (2) PRECLUDE THE GOVERNMENT FROM PRESENTING ANY
EVIDENCE, CROSS-EXAMINATION OR ARGUMENT CONCERNING
THE DIFFERENCES BETWEEN GX 5, GX 453, & GX 77
(Forbes Retrial Motion *In Limine* No. 18)

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits this memorandum in support of his motion *in limine* (i) to preclude the government from referring to Robert Tucker's handwritten notes of CUC Board meetings as "minutes" and (ii) to preclude the government from presenting any evidence, cross-examination, or argument concerning the differences between GX 5, GX 453, and/or GX 77.

## ARGUMENT

I. ROBERT TUCKER'S HANDWRITTEN NOTES ARE NOT BOARD MINUTES AND SHOULD NOT BE REFERRED TO AS MINUTES.

During the April 9, 1997 CUC Board meeting, Robert Tucker, the Secretary of the Board, took notes. He later prepared typed minutes based on those

notes. As Mr. Tucker testified, the notes themselves are neither Board minutes nor draft Board minutes. Tr. 12654. They are simply handwritten notes. Id.

Despite that fact, the government repeatedly referred to Mr. Tucker's handwritten notes of the April 9, 1997 Board meeting as minutes during the 2004 trial. See, e.g., Tr. 7012 (calling notes "handwritten minutes"); Tr. 5358 (asking whether Ms. Davidson received minutes of Board meeting and making reference to GX 5); Tr. 5371 (referring to GX 5 as "draft" of minutes; defense objection sustained and motion to strike granted); Tr. 9582 (referring to GX 5 as "handwritten version" of minutes). The Court should preclude the government from referring to GX5 as either minutes or draft minutes of the April 9, 1997 Board meeting. There is no good faith basis for referring to Mr. Tucker's handwritten notes as minutes. They are handwritten notes, and should be referenced as such.

II. **THE GOVERNMENT SHOULD BE PRECLUDED FROM PRESENTING ANY EVIDENCE, CROSS-EXAMINATION, OR ARGUMENT CONCERNING THE DIFFERENCES BETWEEN GX 5, GX 453, AND GX 77.**

At the retrial, the government may attempt to argue or present evidence concerning differences between the final Board minutes (GX 77) of the April 9, 1997 Board meeting, Mr. Tucker's handwritten notes of the April 9, 1997 CUC Board meeting (GX 5), and/or the draft Board minutes prepared by Mr. Tucker (GX 453). The Court should preclude any such evidence or argument pursuant to Fed. R. Evid. 401, 403, and 404(b).

2

First, the Court should exclude this evidence because it has no probative value with respect to the charged offenses. The government seeks to elicit testimony that certain information in Mr. Tucker's notes and in the typed draft minutes was omitted from the final minutes. Specifically, the government seeks to present evidence that the notes stated that "Mr. Davidson asked certain questions concerning the company's reserve policy which were answered by Cos and Kirk." GX 5, page 1. The draft minutes reflect this information, GX 453,[1] but it was omitted from the final minutes (GX 77).

The government's theory concerning the purported relevance of this omission does not withstand scrutiny. While the government contends that the deletion of this information was done for a nefarious purpose, to hide that certain questions were asked about CUC's reserve policy, the omitted information is hardly a red flag that would alert someone to a fraud. The omitted sentence simply reflects that certain questions were asked about reserves, and the questions were answered. It would not place anyone on notice of a fraud at CUC.

Moreover, the minutes were provided to the Board members who attended the April 9, 1997 meeting -- all of whom were present for whatever questions Mr. Davidson asked and whatever responses he received -- and were

---

[1] The draft minutes in GX 453 state that "Mr. Davidson asked certain questions concerning the reserves shown on the Company's financial statements and the Company's policies regarding reserves. Mr. Corigliano and Mr. Shelton responded to those inquiries."

3

approved, without objection, at the next Board meeting. See DX 5181; 12670-71. The omission of this information certainly was not an attempt to conceal from Board members that certain questions had been asked and answered at the April 9 meeting, because the Board members were present at the meeting and heard the questions and answers themselves.

In addition, it is undisputed that Mr. Tucker sent a copy of the draft minutes, which contained the information about Mr. Davidson's questions, to Ernst & Young ("E&Y"). Tr. 12656-57. If the final minutes were edited in an effort to conceal a purported red flag about the use of reserves, Mr. Tucker certainly would not have sent the draft minutes to the company's auditors at E&Y. Finally, the individuals involved in the editing of the Board minutes -- Mr. Tucker and former CUC General Counsel Amy Lipton -- are not alleged to be co-conspirators. Mr. Tucker, who was directly involved in the preparation of the minutes, gave unrefuted testimony that the minutes were not edited for any improper reason. Tr. 12669. Accordingly, the editing of the Board minutes was not in furtherance of the alleged conspiracy, and is not probative of the offenses charged in the indictment.

Put simply, the information deleted from the final minutes was not a red flag, and would not have placed anyone on notice of a fraud at CUC. The fact that CUC had reserves was not a secret, and was disclosed in public SEC filings. The fact that questions were asked and answered at a Board meeting about the company's reserve policy would not alert anyone to a fraud at CUC. Accordingly, the

4

government's theory that this information was deleted from the final minutes for conspiratorial reasons simply makes no sense. The fact that the draft minutes containing this information were provided to E&Y further establishes that the minutes were not edited for nefarious reasons. Accordingly, the fact that the final Board minutes did not contain certain information in Mr. Tucker's notes is not probative of any of the charges in the indictment, and the Court should preclude the government from presenting any evidence, cross-examination, or argument on this subject.

The Court also should exclude this evidence under Rule 403 because its nonexistent probative value is substantially outweighed by its prejudicial effect. Lay jurors are not familiar with the manner in which Board minutes are prepared or the standards governing the preparation of Board minutes. While there is nothing improper about the editing of draft Board minutes, the government seeks to place a conspiratorial spin on this conduct -- without any factual basis -- which will prejudice Mr. Forbes and confuse and mislead the jury. Finally, the evidence should be excluded under Rule 404(b) because it is not evidence of the offenses charged in the indictment and does not satisfy the requirements for admission as an other act.

## CONCLUSION

For the foregoing reasons, the Court should (i) preclude the government from referring to Robert Tucker's handwritten notes of CUC Board meetings as "minutes" and (ii) preclude the government from presenting any evidence, cross-

examination, or argument concerning the differences between GX 5, GX 453, and/or GX 77.

        Respectfully submitted,

        WILLIAMS & CONNOLLY LLP

By: _____
        Brendan V. Sullivan, Jr. (Bar No. ct17115)
        Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

    - and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Memorandum in Support of Motion of Defendant Walter A. Forbes to (1) Preclude the Government from Referring to Robert Tucker's Handwritten Notes as Board "Minutes" and (2) Preclude the Government from Presenting any Evidence, Cross-Examination or Argument Concerning the Differences Between GX 5, GX 453, & GX 77 (Forbes Retrial Motion *In Limine* No. 18), to be served on September 2, 2005 to the following via e-mail and FedEx:

Norman Gross, Esq.
U.S. Attorney's Office
District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ 08101

Michael Martinez, Esq.
Craig Carpenito, Esq.
U.S. Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102

Barry S. Simon