UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                    )<br>)<br>WALTER A. FORBES                        )<br>) | No. 3:02CR264 (AWT)<br><br>September 2, 2005 |

MOTION OF DEFENDANT WALTER A. FORBES
TO PRECLUDE THE ADMISSION OF
GOVERNMENT EXHIBITS 577 AND 578
(Forbes Retrial Motion *In Limine* No. 20)

Defendant Walter A. Forbes, through undersigned counsel, respectfully moves *in limine* to preclude the admission of government exhibits 577 and 578 pursuant to Fed. R. Evid. 401, 402, and 403.

Mr. Forbes' business school transcript, GX 577, and grades, GX 578, have no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; see also United States v. Harvey, 991 F.2d 981, 995 (2d Cir. 1993) ("Once a defendant is charged in an indictment, the government generally may only present evidence relevant to the conduct for which the defendant is being prosecuted.").

Oral Argument Requested

Mr. Forbes did not take any courses in accounting during his two years at Harvard Business School, and any attempt by the government to point to Mr. Forbes' course of study as evidence of his accounting knowledge would be extremely misleading. The government's attempt to point to Mr. Forbes' business courses as evidence of his accounting knowledge is also misleading because the accounting issues raised by the indictment are governed by Generally Accepted Accounting Principles ("GAAP"), which are standards that have evolved over time. The GAAP principles applicable during the period charged in the indictment were not in existence in 1968, when Mr. Forbes graduated from Harvard Business School. Even if Mr. Forbes' course of study had provided him with some minimal accounting training, his 1968 training would have been completely outdated in the 1980s and 1990s, the time frame relevant to the accounting issues involved in the present case. Indeed, the government's expert witness, Professor Robert Sack, testified that the GAAP standards regarding the establishment of restructuring reserves were not even written until 1994. Tr. 500.

For the foregoing reasons, the Court should preclude the admission of GX 577 and 578 under Fed. R. Evid. 401, 402, and 403.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
    Brendan V. Sullivan, Jr. (Bar No. ct17115)
    Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Motion of Defendant Walter A. Forbes to Preclude the Admission of Government Exhibits 577 and 578 (Forbes Retrial Motion in Limine No. 20) to be served on September 2, 2005 to the following via e-mail and FedEx:

Norman Gross, Esq.
U.S. Attorney's Office
District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ 08101

Michael Martinez, Esq.
Craig Carpenito, Esq.
U.S. Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102

Barry S. Simon