1

## Declaration of Barry S. Simon

Barry S. Simon, counsel for Walter A. Forbes, hereby declares as follows:

1. Counsel for Mr. Stuart Bell has informed me that absent a grant of immunity by the government, Mr. Stuart Bell will invoke the privilege not to testify under the Fifth Amendment if called to testify in the matter of <u>United States v. Forbes</u>, No. 3:02CR264 (AWT) (D. Conn.).

2. Counsel for Mr. Stuart Bell further informed me that should Mr. Bell testify pursuant to a grant of immunity, Mr. Bell would deny committing any fraud at CUC.

3. In earlier discussions, counsel for Mr. Bell informed me, among other things, that Mr. Bell did not engage in financial wrongdoing at CUC, that Mr. Corigliano's testimony about Mr. Bell's alleged involvement in unlawful conduct at CUC is wrong, and that there are legitimate explanations for the accounting done at CUC during Mr. Bell's tenure as CFO.

I declare under penalty of perjury that the foregoing is true and correct.

*Barry S. Simon / Rm e*

Barry S. Simon
September 25, 2004

2

## Declaration of Robert M. Cary

Robert M. Cary, counsel for Walter A. Forbes, hereby declares as follows:

1. Counsel for Mr. Stuart Bell has informed me that absent a grant of immunity by the government, Mr. Stuart Bell will invoke the privilege not to testify under the Fifth Amendment if called to testify in the matter of <u>United States v. Forbes</u>, No. 3:02CR264 (AWT) (D. Conn.).

2. Counsel for Mr. Stuart Bell further informed me that should Mr. Bell testify pursuant to a grant of immunity, Mr. Bell would deny committing any fraud at CUC.

I declare under penalty of perjury that the foregoing is true and correct.

Robert M. Cary
September 25, 2004

3

## DECLARATION OF BARRY S. SIMON

Barry S. Simon, counsel for Walter A. Forbes, hereby declares as follows:

1. On August 31, 2005, counsel for Mr. Stuart Bell informed me that absent a grant of immunity by the government, Mr. Bell will invoke his privilege not to testify under the Fifth Amendment if called to testify in the matter of <u>United States v. Forbes</u>, No. 3:02 CR 264 (AWT) (D. Conn.)

2. I reaffirm the statements in my declaration dated September 25, 2004, which is attached as an exhibit to Forbes Trial Motion No. 36, and Forbes Retrial Motion No. 7.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 2, 2005.

Barry S. Simon

4



U.S. Departm    of Justice

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street*
*Newark, New Jersey  07102*

*(201) 645-2700*

October 7, 1998

James Plaisted, Esq.
Walder, Sondak, Berkeley & Brogan
5 Becker Farm Road
Roseland, NJ  07068

Re:  <u>Cooperation Agreement with Steven Speaks</u>

Dear Mr. Plaisted:

This letter sets forth the full and complete agreement between your client, Steven Speaks, and the United States Attorney's Office for the District of New Jersey.  This agreement is based on this Office's investigation into allegations of accounting irregularities at CUC International, Inc. ("CUC") and Cendant Corporation ("Cendant") and on information which Mr. Speaks has voluntarily provided to this Office in that investigation concerning his activities as an employee of CUC and Cendant during the period from in or about August 1996 through April 1998.

Mr. Speaks shall truthfully disclose to this Office and other government agencies designated by this Office, including the Securities and Exchange Commission, all information known to him concerning any activities by himself and others about which this Office or those other government agencies may inquire.  Mr. Speaks shall make himself available at all reasonable times requested by representatives of the Government and shall truthfully testify in all criminal, civil, and administrative proceedings, including grand jury and trial proceedings, as to any subject about which he is questioned.  Mr. Speaks shall also, upon request, provide representatives of the Government with any documents, records or other materials which are in his possession, custody, or control, other than materials that are the sole property of CUC or Cendant.

It is understood that Mr. Speaks must at all times give complete, truthful, and accurate information and testimony.  This requirement applies not only to any interviews or debriefings in which Mr. Speaks provides information to this Office or other Government agencies and to any grand jury or criminal trial testimony he may give, but also to any sworn testimony he may give in the context of a civil or administrative proceeding.

SPS 342

- 2 -

Should it be established that Mr. Speaks has intentionally given materially false, incomplete or misleading testimony or information; or should Mr. Speaks participate or attempt to participate in any criminal act subsequent to the date of this agreement; or should Mr. Speaks otherwise withdraw from or violate any provision of this agreement, the non-prosecution provisions of this agreement shall be null and void, and Mr. Speaks shall thereafter be subject to prosecution for any federal criminal violation of which this Office has knowledge, including, but not limited to, perjury and obstruction of justice. Any such prosecution may be premised upon any testimony or information provided by Mr. Speaks, and all such testimony or information may be used against him.

It is therefore agreed between the United States Attorney's Office for the District of New Jersey and Mr. Speaks that, if he fully complies with the terms of this agreement, no criminal charges arising from any acts or conduct of Mr. Speaks within the scope of his authority as an employee of CUC or Cendant during the period from in or about August 1996 through April 1998 will be brought against him by the United States Attorney for the District of New Jersey.

This agreement is made solely by the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local prosecuting authorities, although this Office will bring this agreement to the attention of other such offices and authorities, if requested to do so. In addition, this agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving Mr. Speaks, including, but not limited to, proceedings by the Securities and Exchange Commission and proceedings by the Internal Revenue Service relating to potential civil tax liability.

This written agreement constitutes the full and complete agreement between Mr. Speaks and the United States Attorney's Office for the District of New Jersey and supersedes any previous agreement between them. No additional promises, agreements, or conditions have been entered into with respect to Mr. Speaks's criminal liability other than those set forth in this

- 3 -

letter, and none will be entered into unless in writing and
signed by both parties.

Very truly yours,

FAITH S. HOCHBERG
United States Attorney

By: PAUL A. WEISSMAN
Deputy Chief, Fraud and Public
Protection Division

By: MARK R. WINSTON
Assistant U.S. Attorney

APPROVED:

MICHAEL A. GUADAGNO
Chief, Fraud and Public
Protection Division

SPS 344

- 4 -

I have received the foregoing letter from my attorney, James Plaisted, Esq., I have read it, and I understand it fully. I hereby acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the District of New Jersey. I state that there have been no additional promises or representations made to me by any officials or employees of the United States Government or by my attorney in connection with this matter.

STEVEN SPEAKS

WITNESSED:

JAMES PLAISTED, Esq.
Counsel for Steven Speaks

Date: _____

SPS 345

5

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700
Newark, NJ 07102
April 29, 1999

(973)645-2700

Robert J. Fettweis, Esq.
Roth & Fettweis
744 Broad Street
Newark, NJ  07102

Re: <u>Proffer Agreement with Kevin Kearney</u>

Dear Mr. Fettweis:

With respect to the interview of your client Kevin Kearney ("your client") by representatives of the United States Attorney's Office for the District of New Jersey, the Federal Bureau of Investigation, and the U.S. Postal Inspection Service to be held on April 29, 1999 (the "interview"), the following terms and conditions apply:

1.  Should your client be prosecuted, no statements made by your client during the interview will be used against your client in the government's case-in-chief at trial or for purposes of sentencing, except as provided below.

2.  The government may use any statement made or information provided by your client, directly or indirectly, in a prosecution for false statements, perjury, or obstruction of justice, made or committed during or subsequent to the interview.

3.  The government may make derivative use of and may pursue any investigative leads suggested by any statements made or other information provided by your client, and may use the evidence obtained therefrom against your client in any manner.

4.  The government may use your client's statements and any information provided by your client to cross-examine your client and to rebut any evidence offered on your client's behalf.

5.  Neither this letter nor the interview constitutes a plea discussion.  In the event this letter or the interview is later construed to constitute a plea discussion, your client knowingly and voluntarily waives any right your client might have under Fed. R. Evid. 410, Fed. R. Crim. P. 11(e)(6), or otherwise, to prohibit the use against your client of statements made or information provided during the interview.

6.  Neither this letter nor the interview requires the government to enter into any plea discussions with your client or to file any motion regarding cooperation provided by your client. Furthermore, neither this letter nor the interview constitutes the timely provision of complete information to the government concerning your client's involvement in an offense within the meaning of Section 3E1.1(b)(1) of the Sentencing Guidelines.

7.  Pursuant to and subject to the exceptions set forth in Section 1B1.8 of the Sentencing Guidelines, no statements made by your client during the interview shall be used directly to determine the applicable guideline range.  However, the government may use such statements and any other information provided by your client to pursue investigative leads suggested thereby and may use any evidence generated by its investigation directly against your client to determine the applicable guideline range.  In addition, the Government may disclose any statements made and any information provided by your client to the Probation Office and the Court.

Very truly yours,

ROBERT J. CLEARY
Acting United States Attorney

By:  PAUL A. WEISSMAN
Assistant U.S. Attorney

I have received this letter from my attorney, Robert J. Fettweis, I have read it, and I understand it fully.  I hereby accept the terms and conditions set forth in the letter.  This constitutes the full agreement between the parties regarding the government's use of my statements in the above interview.

AGREED AND ACCEPTED:

KEVIN KEARNEY

ROBERT J. FETTWEIS, Esq.

Dated: _____

- 2 -

326