UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 3:02CR264 (AWT) |
| ) | |
| WALTER A. FORBES ) | September 2, 2005 |
| ) | (UNDER SEAL) |

**MEMORANDUM IN SUPPORT OF MOTION OF WALTER
A. FORBES TO PRECLUDE REFERENCES TO STUART
BELL AS HIS FRIEND OR BUSINESS PARTNER
(Forbes Retrial Motion *In Limine* No. 9) (FILED UNDER SEAL)**

Walter A. Forbes, through undersigned counsel, respectfully submits this memorandum in support of his motion for an order precluding references to Stuart Bell as his friend or business partner outside of CUC.

**ARGUMENT**

As set forth in Forbes Retrial Motion No. 7, the Court should order the government to confer immunity on Mr. Bell or face the sanction of dismissal, or the sanction of precluding all evidence relating to alleged unlawful conduct by Mr. Bell. If the Court refuses to grant that motion, it should, at the very least, preclude the government from introducing evidence that Mr. Forbes and Mr. Bell were friends or business partners for the reasons set forth in Forbes Retrial Motion No. 7.[1] Indeed, such evidence exacerbates the problems identified in Forbes Retrial Motion No. 7 and

---

[1] During the first trial, for example, the government elicited testimony that Mr. Forbes and Mr. Bell had invested together. See Tr. at 14403-04.

Oral Argument Requested

underscores the need for a missing witness instruction. If jurors hear evidence that Mr. Forbes and Mr. Bell are friends or business associates, they will likely assume that Mr. Forbes has the ability to call Mr. Bell as a witness when, in fact, he does not. Jurors may draw an improper negative inference against Mr. Forbes for "failing" to call Mr. Bell, when they should be drawing a negative inference against the government.

The Court should also exclude such evidence under Fed. R. Evid. 402 and 403 as irrelevant and unduly prejudicial "guilt by association" evidence. See, e.g., United States v. Polasek, 162 F.3d 878, 883 (5th Cir. 1998) (reversing conviction and stating that "guilt by association evidence . . . is prohibited because that one is married to, associated with, or in the company of [an alleged] criminal does not support the inference that that person is a criminal or shares the criminal's guilty knowledge" (quotation & brackets omitted)); United States v. Wassner, 141 F.R.D. 399, 405 (S.D.N.Y. 1992) ("Guilt by association is just what Fed. R. Evid. 403 was intended to exclude.").

## CONCLUSION

Accordingly, Mr. Forbes respectfully requests that the Court enter an order precluding references to Stuart Bell as his friend or business partner outside of CUC.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (ct17115)
Barry S. Simon (ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (ct05103)
Thomas J. Murphy (ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Memorandum in Support of Motion of Walter A. Forbes to Preclude References to Stuart Bell as His Friend or Business Partner (Forbes Retrial Motion *In Limine* No. 9) (FILED UNDER SEAL) to be sent on September 2, 2005 to the following via e-mail and FedEx:

Norman Gross, Esq.
U.S. Attorney's Office
District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ 08101

Michael Martinez, Esq.
Craig Carpenito, Esq.
U.S. Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102

_____
Barry S. Simon