02cr264 ruling kidney

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 SEP 24 P 4 28

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:02CR00264(AWT) |
| ) | |
| WALTER A. FORBES and ) | |
| E. KIRK SHELTON ) | |

**RULING ON
MOTION OF THE SECURITIES AND EXCHANGE COMMISSION
TO QUASH SUBPOENA SEEKING TESTIMONY AND DOCUMENTS
FROM SEC ENFORCEMENT ATTORNEY JAMES KIDNEY**

The Securities and Exchange Commission ("SEC") moved to quash the subpoena issued to SEC enforcement attorney James Kidney on behalf of defendant Forbes. For the reasons set forth below, the motion to quash was granted in part and denied in part.

This motion is one of a series of motions to quash filed by or on behalf of persons who were served with a subpoena <u>duces tecum</u> and/or subpoena <u>ad testificandum</u> on behalf of defendant Forbes in connection with his case-in-chief.[1] On September 22,

---

[1] See Motion of the Securities and Exchange Commission to Limit Testimony from SEC Enforcement Attorney David Frohlich (Doc. No. 1010), Motion of the Securities and Exchange Commission to Quash Subpoena Seeking Testimony and Documents From Its Records Custodian (Doc. No. 1053), Motion of Non-Party Cosmo Corigliano to Quash Subpoena to Richard Thibodeau (Doc. No. 1156), Motion of Non-Parties Kramer Levin Naftalis & Frankel LLP and Peter Gonedes to Quash Defendant Forbes' Subpoenas Dated August 19, 2004 (Doc. No. 1105), Motion of Non-Parties Gary P. Naftalis and Alan R. Friedman to Quash Subpoenas for Trial

-1-

Exhibit 1

2004, the court informed the parties that there were three important considerations in its analysis of these motions to quash.

The first consideration is that this is a case where the jury will be asked to decide whether certain key conversations actually occurred or were made up by Cosmo Corigliano. As to some of the conversations, Corigliano testified that the only persons present were himself and one or both of the defendants. Thus, it is especially important that the defendants be given every _appropriate_ opportunity to put before the jury evidence on the issue of whether Corigliano has a bias in favor of the government. The aspect of that issue which is presented by these motions is the extent to which Corigliano has received (or will receive) benefits from the government. "[B]ias of a witness is not a collateral issue and extrinsic evidence is admissible to prove that a witness has a motive to testify falsely." United States v. Harvey, 547 F.2d 720, 722 (2d Cir. 1976)(internal citations omitted).

The second consideration is that when counsel for defendant Forbes cross-examined Corigliano, there was a thorough exploration of the various benefits that Corigliano had received or could receive in the future from the government, including

---

Testimony (Doc. No. 1058), and Motion of Non-Parties Audrey Strauss and Fried, Frank, Harris Shriver & Jacobson LLP to Quash Subpoenas Seeking Trial Testimony and Documents (Doc. No. 1113).

benefits relating to Corigliano's settlement with the SEC. Intertwined with questions that went to benefits received or that could be received by Corigliano from the government were a series of questions, premised on defendant Forbes' interpretations of the SEC's practices and procedures and of the agreements between the SEC and Corigliano, that sought to establish, among other things, that Corigliano had been dishonest in his dealings with the SEC. Defendant Forbes' interpretations are disputed by Corigliano and his counsel and by the government.

It is obvious to the court that, at least at the time the subpoenas were served, it was defendant Forbes' intention to use the issue of benefits received by Corigliano as a wedge to get into areas where the focus would <u>not</u> be on what benefits have been or may be received by Corigliano from the government. For example, Williams & Connolly's August 13, 2004 letter to the Securities and Exchange Commission (which is attached to the instant motion) lists a number of areas in which testimony would be sought. The only purpose served by questions in most of these areas would be to elicit testimony that could then be compared to Corigliano's answers on cross-examination and, thus, attack Corigliano's credibility. Such a back-door attack on credibility would be particularly inappropriate in view of the latitude the defendants were given in conducting their lengthy cross-examinations of Corigliano, and it should not be permitted by the

court.

The only relevance of certain other points raised in the August 13, 2004 letter would be to attack the credibility of the government by putting before the jury defendant Forbes' interpretation of agreements between the SEC and Corigliano and then arguing that there were "side agreements" that the SEC staff kept from the members of the Commission and the District Court in New Jersey. A mini-trial on these collateral issues would have no probative value in terms of what benefits Corigliano received because the issue would be how Corigliano came to receive the benefits. Any incidental probative value of such a mini-trial in terms of the relevant issue, i.e., of what benefits were received by Corigliano, would be substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.

The third consideration is that, even in areas where defendant Forbes is properly seeking to introduce evidence that goes to what benefits were or may be received by Corigliano, it is appropriate for the court, pursuant to Rule 403, to limit the defendants' ability to present cumulative evidence, and it is also appropriate for the court to exclude relevant evidence on the grounds of unfair prejudice, confusion of the issues, or misleading the jury.

The recipients of the subpoenas have accurately perceived

-4-

what defendant Forbes' strategy is, and in moving to quash these subpoenas, they emphasize all of the inappropriate aspects of what it appears defendant Forbes would attempt to do. However, this appears to be a situation where the question is whether the proverbial baby should be thrown out with the bath water. It appears that in some instances there are questions that properly could be put to witnesses and can be limited by counsel, and will be limited by the court, solely to what benefits were or could be received by Corigliano in connection with his settlement with the SEC. The court concludes that the appropriate approach in these situations is to allow those questions but rigorously enforce limitations on the questioning. This requires an analysis subpoena by subpoena, and where defendant Forbes will be allowed to call a witness, will require the court to make a determination on a question-by-question basis as to whether the sole purpose of the question is to attack credibility.

Turning to the instant motion, it appears from the SEC's motion that Kidney has knowledge about benefits received by Corigliano in connection with his settlement with the SEC, but that Kidney's knowledge is limited. Also, it is clear that, with two exceptions,[2] the areas identified by defendant Forbes as ones

---

[2] The motion notes that defendant Forbes seeks to inquire as to the terms of the SEC's settlement with Corigliano and also as to what expenses, if any, Corigliano was permitted to pay out of the assets in which he had a direct or indirect beneficial interest on March 31, 2004.

into which he wishes to inquire are ones where the questions are calculated solely to bolster the defendants' attack on Corigliano's credibility during their cross-examinations of him, as opposed to identifying particular benefits received by Corigliano as a result of his settlement with the SEC.

Accordingly, defendant Forbes should be permitted to inquire as to the terms of the SEC settlement with Corigliano and also as to what expenses, if any, Corigliano was permitted to pay out of the assets of which he had a direct or indirect beneficial interest on March 31, 2004, but solely for the purpose of identifying what benefits were received by Corigliano. He will not be permitted to inquire as to the other areas, nor will he be permitted to inquire in the two permissible areas in order to support his attack on Corigliano's credibility or to attack the credibility of the government.

The court notes that the areas in which defendant Forbes is being permitted to question Kidney do not relate to Kidney's role as opposing counsel in the SEC's case against Forbes. Thus, the SEC's argument that the subpoena should be quashed on this ground is not persuasive.

Finally, to the extent the subpoena calls for Kidney to produce documents, it is being denied for the reasons set forth in the court's ruling on the Motion of the Securities and Exchange Commission to Quash Subpoena Seeking Testimony and

Documents from its Records Custodian (Doc. No. 1053).

For the reasons set forth above, the Motion of the Securities and Exchange Commission to Quash Subpoena Seeking Testimony and Documents from SEC Enforcement Attorney James Kidney (Doc. No. 1094) was GRANTED in part and DENIED in part.

It is so ordered.

Dated this 24th day of September 2004, at Hartford, Connecticut.

                                              Alvin W. Thompson
                                      United States District Judge