UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 SEP 24 P 9:28
U.S. DISTRICT COURT

---

UNITED STATES OF AMERICA )
)
v. )  Criminal No. 3:02CR00264(AWT)
)
WALTER A. FORBES and )
E. KIRK SHELTON )

---

### RULING ON
### MOTION OF THE SECURITIES AND EXCHANGE COMMISSION
### TO LIMIT TESTIMONY FROM SEC ENFORCEMENT ATTORNEY DAVID FROHLICH

The Securities and Exchange Commission ("SEC") moved to quash the subpoena issued to SEC enforcement attorney David Frohlich on behalf of defendant Forbes. For the reasons set forth below, the motion to quash was granted in part and denied in part on September 13, 2004.

This motion is one of a series of motions to quash filed by or on behalf of persons who were served with a subpoena duces tecum and/or subpoena ad testificandum on behalf of defendant Forbes in connection with his case-in-chief. The court set out in its Ruling on the Motion of the Securities and Exchange Commission to Quash Subpoena Seeking Testimony and Documents from SEC Enforcement Attorney James Kidney, dated September 24, 2004, certain considerations that are important in its analysis of all of these motions to quash, and the discussion from that Ruling is hereby incorporated by reference.

-1-

Exhibit 2

As to the instant motion, defendant Forbes identifies in his opposition seven areas in which he seeks to question Frohlich. (See Opp. Mem. (Doc. No. 1054) at 1-2.) As to the first area, the dates on which Corigliano met with Frohlich and other government representatives, Forbes should be permitted to question Frohlich consistent with the analysis in his opposition.

As to the second area, Frohlich's recollection of prior statements by Corigliano, Forbes should be allowed to question Frohlich consistent with Fed. R. Evid. 613(b).

As to the third, fourth, sixth and seventh areas, which relate to communications between various persons and any time pressures to settle the SEC matter, the motion to quash is being granted because the lines of inquiry indicated are ones calculated solely to bolster the defendants' attack on Corigliano's credibility during their cross-examinations of him.

As to the fifth area, the terms of settlement or other agreements, defendant Forbes should be permitted to ask questions solely for the purpose of identifying what benefits were or could be received by Corigliano as a result of his settlement with the SEC. Defendant Forbes will not be permitted to inquire in this area in order to support the defendants' attack on Corigliano's credibility.

For the reasons set forth above, the Motion of the Securities and Exchange Commission to Limit Testimony from SEC

Enforcement Attorney David Frohlich (Doc. No. 1010) was GRANTED in part and DENIED in part.

It is so ordered.

Dated this 24th day of September 2004, at Hartford, Connecticut.

                                                        /s/ Alvin W. Thompson
                                                       Alvin W. Thompson
                                               United States District Judge