UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


UNITED STATES OF AMERICA    :   No. 3:02CR00264 (AWT)
                            :
                            :
                            :
        v.                  :   September 20, 2005
                            :
                            :
                            :
WALTER A. FORBES            :



MEMORANDUM OF THE UNITED STATES IN OPPOSITION TO
FORBES' MOTION TO EXCLUDE EVIDENCE REGARDING
FORBES' SEVERANCE PACKAGE AND RELATED EVENTS IN JULY 1998

(Opposition to Forbes' Retrial Motion In Limine No. 4)



                        CHRISTOPHER J. CHRISTIE
                        NORMAN GROSS
                        MICHAEL MARTINEZ
                        CRAIG CARPENITO
                        KEVIN G. WALSH
                        Special Attorneys
                        U.S. Department of Justice
                        970 Broad Street
                        Newark, NJ  07102
                        Tel:  (973) 645-2700
                        Fax:  (973) 645-2857

## INTRODUCTION

The Government respectfully submits this memorandum of law in opposition to Forbes' motion to exclude evidence regarding Forbes' severance package and related events in July 1998.  For the reasons set forth below, the Government respectfully requests that the Court deny Forbes' Retrial Motion In Limine No. 4.

## LEGAL ARGUMENT

Forbes posits that all testimony having anything whatsoever to do with his July 1998 severance agreement is irrelevant and prejudicial, and seeks to exclude this evidence in toto.  Contrary to Forbes' assertions, however, the Government intends to use this relevant evidence for proper purposes and consistent with the Rules of Evidence.  This evidence will assist the jury in evaluating Forbes' credibility and his strong financial motive to fabricate his testimony.

## I.    RELEVANCE

The Government has never suggested that Forbes' wealth was evidence that he committed any of the charged crimes, much less sought to incite any possible prejudice against defendant on the grounds of his wealth.  Rather, since Forbes' chances of success in Cendant's civil action against him may be materially affected by a criminal conviction in this case, his severance package, the attendant circumstances, and the terms of his $47 million deal are surely relevant to the jury's evaluating what

1

weight should be accorded to his prior self-serving testimony.
See Marcic v. Reinauer Transp. Co., 397 F.3d 120, 125 (2d Cir.
2005) ("A claim for money damages does create a financial
incentive to be untruthful, and it was not improper for [defense]
counsel to invoke this incentive in an attempt to impeach
plaintiff."); United States v. Caldwell, 88 F.3d 522, 525 (8th
Cir. 1996) ("The bias of a witness is always relevant."); Wheeler
v. United States, 351 F.2d 946, 948 (1st Cir. 1965) (reversing
conviction where trial court limited cross-examination concerning
Government witness's financial motive for testifying).  See also
Davis v. Alaska, 415 U.S. 308, 316 (1974) ("A more particular
attack on the witness' credibility is effected by means of cross-
examination directed toward revealing possible biases,
prejudices, or ulterior motives of the witness as they may relate
directly to issues or personalities in the case at hand.  The
partiality of a witness is subject to exploration at trial, and
is 'always relevant as discrediting the witness and affecting the
weight of his testimony.'" (quoting 3A J. Wigmore, Evidence §
940, p. 775 (Chadbourne rev. 1970)).

        Evidence regarding Forbes' severance will be admissible
in the Government's case-in-chief if the Court grants the
Government's motion *in limine* to admit portions of Forbes' prior
testimony.   In that event, the Government should be permitted to
introduce details regarding Forbes' severance package -- which

includes the clause granting Cendant a civil right of action if
he pleads guilty to, or is found guilty of, committing or knowing
about CUC's accounting fraud -- in order to expose his motives to
falsely exonerate himself in this case.[1]

Since Cendant has already sued Forbes, he argues that
his severance agreement is a "non-issue," insofar as the
agreement confers on Cendant the right to sue Forbes if he is
convicted of participating in the accounting fraud at CUC.  <u>See</u>
Forbes Br. at 7.  Forbes ignores that if he were convicted of
criminal conduct in this case, his likelihood of ultimately
<u>prevailing</u> in his civil lawsuit against Cendant will be
drastically reduced, because Cendant may be able to show that the
issue of Forbes' involvement in the fraud is <i>res judicata</i>.  <u>See</u>
<u>United States v. Frank</u>, 494 F.2d 145, 159-60 (2d Cir. 1974)
(convictions of the defendant in prosecution on charges of
conspiracy and underlying substantive counts would operate as
collateral estoppel in favor of the prosecuting witness in her
civil suit against same defendants).  In any event, the jury in
this case will likely never learn about that lawsuit, unless
Forbes opens the door.  Because Forbes' severance package bears
significantly upon whether the jury should believe his prior

---

[1]  Forbe also seeks to exclude evidence regarding the 1998
board meeting and the circumstances under which the Cendant Board
of Directors agreed to his severance package.  The Government
does not presently intend to elicit evidence about these matters.

testimony, evidence about it should be admitted.

## II. **UNFAIR PREJUDICE**

Similarly, Fed. R. Evid. 403 does not bar the
Government's inquiry into Forbes' severance package.  Relevant
evidence may not be excluded under Rule 403 unless, <u>inter alia</u>,
its "probative value is <u>substantially outweighed</u> by the danger of
<u>unfair prejudice</u>."  Fed. R. Evid. 403 (emphases added).
Consistent with Rule 403, "unfair prejudice 'means an undue
tendency to suggest decision on an improper basis, commonly,
though not necessarily, an emotional one.'"  <u>United States v.
Brady</u>, 26 F.3d 282, 287 (2d Cir. 1994) (quoting the Advisory
Committee Notes to Rule 403).  Any potentially prejudicial effect
can be minimized by an instruction that limits the jury's
consideration of the evidence to the purposes for which it is
admitted.  <u>See</u> <u>United States v. Pitre</u>, 960 F.2d 1112, 1120 (2d
Cir. 1992).

The mere fact that the jury will hear evidence
concerning Forbes' sizable severance does not, without more,
render such evidence inadmissible under Rule 403.  Indeed, trial
courts have declined to exclude such evidence where a litigant's
wealth is inextricably bound up with important, disputed facts.
<u>See</u> <u>United States v. Ballesteros Gutierrez</u>, 181 F. Supp. 2d 350,
354 (S.D.N.Y. 2002) (insider trading allegations involving
purchases of more than $5.7 million worth of stock, resulting in

4

profits of $3.4 million, were "probative" because, "[w]hile there is a risk of unfair prejudice based on jealousy or antipathy to the [defendants'] wealth, that risk does not substantially outweigh the probative value of the evidence."); Kunzman v. Enron Corp., 941 F. Supp. 853, 867 (N.D. Iowa 1996) (in age discrimination case, admitting evidence concerning defendant-corporation's (seemingly) robust financial health because such evidence impacted defendant's purportedly legitimate, non-discriminatory reason for discharging plaintiff).

Additionally, the Government agreed during the first trial to an instruction that the jurors should not permit their deliberations to be affected by any bias based on "wealth, compensation, or lifestyle." The Court will presumably give a similar instruction during the retrial. Such an instruction will be sufficient to ensure Forbes is not unfairly prejudiced by his wealth.

<u>CONCLUSION</u>

For the foregoing reasons, the Government respectfully requests that the Court deny Forbes' Retrial In Limine Motion No. 4.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice

/s/ Michael Martinez

5

```
                                    NORMAN GROSS
                                    MICHAEL MARTINEZ
                                    CRAIG CARPENITO
                                    KEVIN G. WALSH
                                    Special Attorneys
                                    U.S. Department of Justice


Dated:     September 20, 2005
           Newark, New Jersey
```

### CERTIFICATE OF SERVICE

The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via e-mail and United States mail:

Barry S. Simon, Esq.
Williams & Connolly, LLP
Residence Inn
942 Main Street
Hartford, CT 06103
(860) 293-1546


/s/ Debra Elliott
DEBRA ELLIOT
Paralegal Specialist
U.S. Department of Justice


Dated:      September 20, 2005
            Hartford, Connecticut