UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | September 20, 2005 |
| | : | |
| WALTER A. FORBES | : | |


MEMORANDUM OF THE UNITED STATES IN OPPOSITION TO
FORBES' MOTION TO PRECLUDE REFERENCES TO WHO
WILL IMPOSE SENTENCE ON COOPERATING WITNESSES

(<u>Opposition to Forbes' Retrial Motion *In Limine* No. 8</u>)

CHRISTOPHER J. CHRISTIE
NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
KEVIN G. WALSH
Special Attorneys
U.S. Department of Justice
970 Broad Street
Newark, NJ  07102
Tel: (973) 645-2700
Fax: (973) 645-2857

**INTRODUCTION**

The Government respectfully submits this memorandum of law in opposition to Forbes' motion to preclude mention of which judge will impose sentence on the cooperating witnesses in this case. For the reasons set forth below, the Government respectfully requests that the Court revisit its prior ruling from the first trial and deny Forbes' Retrial Motion *In Limine* No. 8.

**LEGAL ARGUMENT**

Forbes asks this Court to depart from Second Circuit law holding that the Government may permissibly inform the jury during summation, following an attack on the credibility of a witness who is testifying pursuant to a cooperation agreement, that pursuant to the terms of the agreement, the witness will be sentenced by the same judge before whom the witness testified. In United States v. Miller, 116 F.3d 641, 682-83 (2d Cir. 1997), the Second Circuit expressly approved a prosecutor's statement that the trial judge will impose the appropriate sentence on a cooperating witness at some time after the witness's testimony is concluded. Obviously, vouching for the witness is prohibited, and the Government cannot imply that the trial judge believes the witness's testimony. 116 F.3d at 683. In this case, however, the Government seeks merely to prevent Forbes from confusing the

jury about whether a cooperating witness who commits perjury during the trial can do so with impunity so long as the Government does not complain. During the initial trial in this case, defense counsel made precisely that "impunity" claim during summation. Trial Tr. at 16043.

This Court has already ruled in the prior trial that Forbes' previous objection in this regard lacked legal support. Trial Tr. 16041-16046. This Court also denied Forbes' motion for a mistrial based on the Government's remarks during its opening statement that the cooperating witnesses would be sentenced by this Court following their testimony in this case. Trial Tr. at 71-74, 79. This Court nonetheless expressed a preference to preclude mention of "Judge Thompson" as the United States District Court judge who will impose sentence. Trial Tr. at 16032. The Government respectfully seeks reconsideration of the Court's previous inclination to preclude mention of exactly who will impose sentence on the cooperating witnesses. See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) (reconsideration appropriate where new information or data "might reasonably be expected to alter the conclusion reached by the court.").

Attorney Schechter's oral argument to the Court in October 2004 neatly summarizes the Government's current position:

> Mr. Sullivan has told this jury that a
> [cooperating witness] can get on the stand

> without fear that anyone will ever do
> anything about it, has told the jury that
> they have no power.  The word "power" comes
> <u>from Mr. Sullivan's closing remarks</u>, Your
> Honor.  And if Mr. Sullivan didn't want me to
> say the Court has power, why did he tell the
> jury they have no power?

<u>See</u> Trial Tr. at 16043 (emphasis added).  The jury should not be left with the erroneous impression created by defense counsel that the Government alone will determine the sentence that the cooperating witnesses will receive, or that Corigliano's testimony at this trial will have no impact on that sentence because the sentence will be imposed by a judge who is unfamiliar with that testimony.

As the Second Circuit recognized in <u>Miller</u>, evidence that a cooperating witness knows that his sentence will be determined by the same judge who actually hears his testimony live and in person is relevant and admissible to establish a motive for the witness to testify truthfully.  The Court's instructions that the jurors are the sole judges of the credibility of witnesses, and that the Court has no role in that assessment for purposes of determining the proper verdict, is sufficient to dispel any possible notion of the jurors that this Court has somehow made any credibility findings that are somehow relevant to the verdict.  What is at issue is what the witness understands about the sentencing process, not what the judge decides about a witness's credibility.

**CONCLUSION**

  For the foregoing reasons, the Government respectfully requests that the Court revisit its prior ruling and deny Forbes' Retrial In Limine Motion No. 8.

          Respectfully submitted,

          CHRISTOPHER J. CHRISTIE
          Special Attorney
          U.S. Department of Justice

          /s/ Michael Martinez

          NORMAN GROSS
          MICHAEL MARTINEZ
          CRAIG CARPENITO
          KEVIN G. WALSH
          Special Attorneys
          U.S. Department of Justice

Dated: September 20, 2005
     Newark, New Jersey

**CERTIFICATE OF SERVICE**

       The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via e-mail and United States mail:

    Barry S. Simon, Esq.
    Williams & Connolly, LLP
    Residence Inn
    942 Main Street
    Hartford, CT 06103
    (860) 293-1546

                                                /s/ Debra Elliott
                                                DEBRA ELLIOT
                                                Paralegal Specialist
                                                U.S. Department of Justice

Dated:    September 20, 2005
             Hartford, Connecticut