UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | September 20, 2005 |
| | : | |
| WALTER A. FORBES | : | |

**MEMORANDUM OF THE UNITED STATES IN OPPOSITION TO FORBES' MOTION TO PRECLUDE REFERENCE TO THE CENDANT AUDIT COMMITTEE REPORT**

(<u>Opposition to Forbes' Retrial Motion In Limine No. 17</u>)

CHRISTOPHER J. CHRISTIE
NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
KEVIN G. WALSH
Special Attorneys
U.S. Department of Justice
970 Broad Street
Newark, NJ  07102
Tel:  (973) 645-2700
Fax:  (973) 645-2857

**INTRODUCTION**

The Government respectfully submits this memorandum of law in opposition to Forbes' motion to preclude any mention of Cendant's Audit Committee Report during trial. For the reasons set forth below, the Government respectfully requests that the Court deny Forbes' Retrial Motion In Limine No. 17.

**LEGAL ARGUMENT**

Forbes once again erroneously argues that the mere mention of the Audit Committee investigation or report will impair his right to a fair trial. To the contrary, certain aspects of that investigation are plainly relevant to the charges in this case and are hardly prejudicial. For instance, Forbes' statements to the Audit Committee investigators are admissible against him pursuant to Federal Rule of Evidence 801(d)(2)(A). Evidence that expert witness Brian Heckler considered certain aspects of the Audit Committee report is likewise admissible. Other permissible uses for the Audit Committee Report, the underlying investigation, and the thousands of pages of information contained within the work papers of the investigators will only become clear after witnesses are cross-examined by Forbes or he presents evidence in his own case. Consequently, the Court should deny Forbes' motion.

**I.   A CRIMINAL DEFENDANT'S OWN STATEMENT IS NEVER HEARSAY.**

The Government is entitled to inform the jury that Forbes spoke to internal investigators and made certain statements. Federal Rule of Evidence 801(d)(2)(A) is unequivocal:

> A statement is not hearsay if . . . [t]he statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity.

A criminal defendant's statements are never hearsay and should be accepted into evidence when introduced by the Government in a criminal trial. See United States v. Saneaux, 365 F.Supp.2d 493, 504 n.12 (S.D.N.Y. 2005); United States v. Meskini, 319 F.3d 88, 93 (2d Cir. 2003); United States v. Inserra, 34 F.3d 83, 90-91 (2d Cir. 1994); United States v. Aboumoussallem, 726 F.2d 906, 910 (2d Cir. 1984); see also United States v. Green, 258 F.3d 683, 690 (7th Cir. 2001) (defendant's statement in another person's report is a "classic admission"); United States v. Veltmann, 6 F.3d 1483, 1499-1500 (11th Cir. 1993) ("Statements made in a civil deposition arising out of the same facts as a criminal prosecution are admissible as admissions when offered against the declarant."). The Government is entitled to explain to the jury why Forbes and his coconspirators were speaking to the Audit Committee investigators, as well as why Forbes had various motives to lie in those interviews.

2

**II.  THE AUDIT COMMITTEE REPORT AND THE UNDERLYING INVESTIGATION MAY BECOME RELEVANT AFTER FORBES CROSS-EXAMINES WITNESSES.**

The Government will present witnesses who participated in the CUC fraud.  If Forbes attacks certain of these witnesses during cross-examination, the Government should be permitted to inform the jury that, on an earlier occasion before that witness met with the Government and had any motive to lie, s/he may have made statements to an internal investigator hired by Cendant that were consistent with the witness's trial testimony.  In this regard, Fed. R. Evid. 801(d)(1)(B) provides:

> A statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive . . . .

See Zubulake v. UBS Warburg LLC, --- F. Supp. 2d ---, 2005 WL 627638 at *5 n.3 (S.D.N.Y. 2005); United States v. Wilkerson, 361 F.3d 717, 725 n.3 (2d Cir. 2004); United States v. Khan, 821 F.2d 90, 94 (2d Cir. 1987); see also Tome v. United States, 513 U.S. 150, 157-61 (1995) (explaining required temporal juxtaposition between prior consistent statement and motive to lie); United States v. Brennan, 798 F.2d 581, 587 (2d Cir. 1986) (to be admissible under Rule 801(d)(1)(B), the prior consistent statement must be made before the motive to lie arose); United States v. Quinto, 582 F.2d 224, 232 (2d Cir. 1978) (same).  After the Government's witnesses are expressly or impliedly impeached,

the Government is entitled to rehabilitate the witnesses with evidence that they gave to the retrial jury in 2005 the same accounts they offered to Audit Committee investigators in 1998.

Also, evidence that the new management at Cendant acted responsibly in 1998 by conducting an investigation into the accounting irregularities at CUC may become relevant based on Forbes' defense strategy at the retrial.

### III. THE AUDIT COMMITTEE REPORT IS ONE OF THE BASES FOR THE OPINIONS EXPRESSED BY THE GOVERNMENT'S EXPERT WITNESS.

Fed. R. Evid. 703 expressly states that "the facts or data" relied upon by an expert witness "need not be admissible in evidence in order for the opinion or inference to be admitted." See, e.g., United States v. Mulder, 273 F.3d 91, 103 (2d Cir. 2001); Katt v. City of New York, 151 F.Supp.2d 313, 356 n.36 (S.D.N.Y. 2001) ("Traditionally, experts have been permitted to rely upon hearsay evidence in forming their opinions, and may present such information to the jury to the extent necessary for the jury to understand the basis of their opinions." (emphasis added)). As the court is well aware, the work of the Audit Committee investigation was considered by Mr. Heckler in rendering his expert opinion. Should Forbes cross-examine Mr. Heckler seeking to discredit the expert's work or to probe the bases for his opinions about the case, the witness might make mention of the existence of the Audit Committee report. Such a scenario will not prejudice Forbes because the jury will not

4

learn about the content of or conclusions in the report, as the Government will not be offering the document in evidence at trial. Moreover, if this were to occur in response to defense questioning or otherwise, Forbes could always seek an explanatory or limiting instruction concerning the permissible uses of the Audit Committee Report by the expert witness. For this additional reason, Forbes' motion should be denied.

**CONCLUSION**

  For the foregoing reasons, the Government respectfully requests that the Court deny Forbes' Retrial In Limine Motion No. 17.

          Respectfully submitted,

          CHRISTOPHER J. CHRISTIE
          Special Attorney
          U.S. Department of Justice

          /s/ Michael Martinez

          NORMAN GROSS
          MICHAEL MARTINEZ
          CRAIG CARPENITO
          KEVIN G. WALSH
          Special Attorneys
          U.S. Department of Justice

Dated: September 20, 2005
     Newark, New Jersey

The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via e-mail and United States mail:

Barry S. Simon, Esq.
Williams & Connolly, LLP
Residence Inn
942 Main Street
Hartford, CT 06103
(860) 293-1546

/s/ Debra Elliott
DEBRA ELLIOT
Paralegal Specialist
U.S. Department of Justice

Dated:   September 20, 2005
         Hartford, Connecticut