AO 89 (Rev. 7/95) Subpoena in a Criminal Case

# United States District Court

_____ DISTRICT OF ____New Jersey____

United States of America

V.

Walter A. Forbes and E. Kirk Shelton

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER:

CR 01-140-40 (WHW)

TO: Anne Pember
c/o Helen Gredd, Esquire
Lankler, Siffert & Wohl, LLP
500 Fifth Avenue
New York, New York 10110

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07101 | 4D |
| | DATE AND TIME January 15, 2002<br>9:30 a.m. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See Attached Schedule.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT<br>**WILLIAM T. WALSH**<br>(BY) DEPUTY CLERK<br>*[signature]* | DATE<br>November 21, 2001 |
|---|---|

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER

Peter Vigeland
Wilmer, Cutler & Pickering, LLP
520 Madison Avenue, 42nd Floor
New York, NY 10022 (202) 230-8800

Barry S. Simon
Williams & Connolly, LLP
725 12th Street, N.W.
Washington, D.C. 20005 (202) 434-5000

# SCHEDULE OF DOCUMENTS TO BE PRODUCED BY ANNE PEMBER

## DEFINITIONS AND INSTRUCTIONS

a.  This subpoena calls for documents generated on or after January 1, 1983.

b.  If any document or other item requested is not produced but is withheld on a claim of privilege, identify the document by providing the date of its preparation, the name of the person(s) preparing and receiving it, the subject matter of the document, and the identity of each person to whom a copy of the document or item has been delivered, or to whom disclosure of the document or item was made, either orally or in writing.

c.  The term "AA" means the firm of Arthur Andersen and any predecessor or successor of Arthur Anderson as well as any director, member, partner, employee or other agent of the foregoing firms.

d.  The term "Accounting" shall mean the recording and providing of financial or quantitative information for decision-making, planning, controlling resources and operations, evaluating performance and financial reporting to directors, officers, employees, investors, potential investors, creditors, potential creditors, regulatory authorities and the public.

e.  The term "all" shall mean any and all.

f.  The term "and" shall mean "or" as well as "and" to bring within the scope of the description all documents that otherwise might be construed to be outside the description of documents to be produced.

g.  The term "any" shall mean any and all.

h.  The term "Auditing" shall mean the review of, examination of or commenting upon Accounting information and reports in order to determine the accuracy, validity, fairness, or appropriateness of Accounting information and reports or the conformity of procedures with policies.

i.  The term "benefit" shall mean anything of value or use, whether directly to You or indirectly to your attorney, friends, family, employer or business associates. It includes, but is not limited to, immunity grants, whether formal or informal, witness fees, transportation assistance, money or assurance, promises or suggestions of favorable treatment with respect to any criminal, civil, or administrative matter.

j.  The term "Cendant Litigation" shall mean any proceeding concerning, in whole or in part, Accounting or Auditing at any Cendant Entity, including but not limited to, grand jury proceedings, criminal litigation, civil litigation, regulatory proceedings, administrative proceedings, *In re Cendant*, Master File No. 98-1664 (WHW), pending in the U.S. District Court for the District of New Jersey, *George M. Kevlin v. Cendant Corp.*, Civil No. 00-09267, pending in Texas, *Securities and Exchange Commission v. Walter A. Forbes and E. Kirk Shelton* Civil No. 01-987 (AJL), pending in the U.S. District Court for the District of New Jersey, *Securities and Exchange Commission v. Corigliano, et al.*, Civ. No. 00-2873 (AJL), pending in the U.S. District Court for the District of New Jersey, and *United States v. Walter A. Forbes and E. Kirk Shelton*, Crim. No. 01-140, pending in the U.S. District Court for the District of New Jersey.

k.  The term "Cendant Entity" shall mean Cendant Corporation, all parents and predecessors of Cendant Corporation, CUC International, Inc., all parents and predecessors of CUC International, Inc., HFS, Inc., all parents and predecessors of HFS, Inc., all entities in which Cendant Corporation or a parent or predecessor of Cendant Corporation owns or owned, directly or indirectly, more than 50 percent of the shares or other interests in the entity, all entities in which CUC International, Inc., or a parent or predecessor of CUC International, Inc., owns or owned, directly or indirectly, more than 50 percent of the shares or other interests in the entity, any entity in which HFS, Inc., or a parent or predecessor of HFS, Inc., owns or owned, directly or indirectly, more than 50 percent of the shares or other interests in the entity, any director of any of the foregoing entities, the board of directors of any of the foregoing entities, any committee or subcommittee of the board of directors of any of the foregoing entities, any officer of any of the foregoing entities, any employee of any of the foregoing entities, any attorney or law firm representing any of the foregoing entities with respect to the subject matter of this subpoena, any accounting firm retained by any of the foregoing entities with respect to the subject matter of this subpoena, any public relations firm retained by any of the foregoing entities with respect to the subject matter of this subpoena, any communications firm retained by any of the foregoing entities with respect to the subject matter of this subpoena, and any other agent of any of the foregoing entities.

l.  The term "communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including but not limited to, face-to-face conversations, meetings, presentations, telephone conversations, letters, memos, notes and other correspondence, agreements, reports, filings and the transmittal of information by way of computer such as e-mails.

m.  The term "concerning" shall mean relating to, referring to, describing, reflecting, regarding, evidencing, memorializing or constituting.

n.  The term "D&T" shall mean the firm of Deloitte & Touche, LLP, and any predecessor or successor of Deloitte & Touche, LLP, including, but not limited to the firms of Deloitte Haskins & Sells and Touche Ross, as well as any director, member, partner, employee or other agent of the foregoing firms.

o.  The term "document" shall mean any and all books, papers, letters, correspondence, reports, memoranda, studies, calendars, appointment books, diaries, notes, messages, computer facilitated or transmitted materials, images, photographs, polaroids, information in any computer database, audio and video tapes, recordings, transcripts, ledgers, printouts, contracts, checks, receipts and all copies or portions thereof, and any other written, recorded, or memorialized material of any nature whatsoever.

p.  The term "E&Y," shall mean the firm of Ernst & Young, LLP, and any predecessor or successor of Ernst & Young, LLP, including, but not limited to, the firms of Ernst & Whinney and Arthur Young, as well as any director, member, partner, employee, or other agent of the foregoing firms.

q.  The term "Government" shall mean any federal, state or local governmental agency, any federal, state or local governmental entity, any federal, state or local government official, any federal, state or local government employee, and any other federal, state or local government agent. The term "Government" shall include, but not be limited to, the U.S. Department of Justice, the U.S. Attorney for the District of New Jersey, the U.S. Attorney's Office for the District of New Jersey, the Federal Bureau of Investigation, the U.S. Securities and Exchange Commission, the U.S. Postal Service, the U.S. Congress, any state or municipal law enforcement agency, any U.S. Attorney, any Acting U.S. Attorney, any Assistant U.S. Attorney (including but not limited to Paul A. Weissman and John J. Carney), any agent or special agent of the Federal Bureau of Investigation (including but not limited to Special Agent Mark J. Gerber), any postal inspector of the U.S. Postal Service (including but not limited to Patricia A. Mathews), any attorney or accountant affiliated with the Securities and Exchange Commission (including but not limited to Thomas C. Newkirk, James A. Kidney, James T. Coffman and David Frolich), and any state or local law enforcement official or officer.

r.  The term "KPMG" shall mean the firm of KPMG and any predecessors or successors of KPMG, as well as any director, member, partner, employee or other agent of the foregoing firms.

3

s.  The term "Media" shall mean any newspaper, magazine, journal, book, publication, television network, television station, radio station, radio network or internet site, or any representative of any of the foregoing.

t.  The term "or" shall mean "and" as well as "or" to bring within the scope of the description all documents that might otherwise be construed to be outside the description of documents to be produced.

u.  The past tense shall include the present tense and *vice versa* so as to bring within the scope of the description all documents that might otherwise be construed to be outside the scope of the description of documents to be produced.

v.  The plural shall include the singular and *vice versa* so as to bring within the scope of the description all documents construed to be outside the scope of the description of documents to be produced.

w.  The term "Potential Witness" shall mean any and all of the following:

   1. Tom Albright
   2. Chris Annese
   3. Stuart L. Bell
   4. Sandy Berry
   5. James E. Buckman
   6. Colleen Chaney
   7. Cosmo Corigliano
   8. Vincent D'Agostino
   9. Robert Davidson
   10. T. Barnes Donnelley
   11. Martin L. Edleman
   12. Richard Fernandes
   13. Scott Forbes
   14. Beth Freimour
   15. John H. Fullmer
   16. Jeffrey Gershowitz
   17. Frederick Green
   18. Steven Greyser
   19. Laura P. Hamilton
   20. Robert Higgins
   21. Greg Hilinski
   22. Paul J. Hiznay
   23. Stephen P. Holmes
   24. Tobia Ippolito
   25. Sam Katz

26. Kevin T. Kearney
27. Robert D. Kunisch
28. Amy Lipton
29. Christopher K. McLeod
30. Anthony L. Menchaca
31. Mark Metcalf
32. Michael Monaco
33. Steve Pedersen
34. Anne Pember
35. Burton C. Perfit
36. Mary Peterson
37. Mary (Sattler) Polverari
38. Kathleen Pranger-Mills
39. Marc Rabinowitz
40. Robert Ritterreiser
41. Casper Sabatino
42. Robert Sarkie
43. Henry Silverman
44. Steven P. Speaks
45. Bruce Tolle
46. Eva Viniczay
47. Michael Wargotz
48. Kenneth J. Wilchfort
49. Starin Woodward

x. The term "PwC" shall mean the firm of PricewaterhouseCoopers, LLP, and any predecessor or successor of PricewaterhouseCoopers, LLP, including, but not limited to the firms of Price Waterhouse and Coopers & Lybrand as well as any director, member, partner, employee or other agent of the foregoing firms.

y. The term "You" shall mean the recipient of this subpoena and any agent of the recipient of this subpoena, including, but not limited to, any attorney or law firm representing the recipient of this subpoena.

## DESCRIPTIONS OF DOCUMENTS TO BE PRODUCED

1. All documents concerning any agreements between You and the Government. This includes, but is not limited to, any plea agreements, settlement agreements, cooperation agreements, consent decrees, immunity agreements, agreements concerning testimony or potential testimony, proffer agreements, and agreements concerning any interview or potential interview by the Government.

2. All documents concerning any benefits You have received or may receive as a result of providing information to the Government, cooperating with the Government or testifying.

3. All documents concerning any negotiations between You and the Government concerning any agreement or potential agreement between You and the Government. This includes, but is not limited to, all offers, counteroffers, proposals, counterproposals and drafts concerning any agreement or potential agreement between You and the Government.

4. All documents that You provided to or received from the Government concerning Cendant Entities.

5. All documents concerning any communications between You and the Government concerning Cendant Entities. This request includes, but is not limited to, any and all notes concerning such communications and any and all correspondence between You and the Government concerning Cendant Entities.

6. All documents concerning any prior statements You have made that concern Accounting or Auditing at any Cendant Entity. This includes statements under oath and statements not under oath. This includes, but is not limited to, affidavits, deposition transcripts, interrogatory answers, correspondence, and videotapes, and notes concerning such statements.

7. All documents concerning the application or non-application of Generally Accepted Accounting Principles at any Cendant Entity.

8. All documents concerning Accounting or Auditing policies or potential Accounting or Auditing policies or draft Accounting or Auditing policies for any Cendant Entity.

9. All documents concerning any alleged or actual Accounting or Auditing mistakes, errors, irregularities, improprieties, or change in accounting policy at any Cendant Entity.

10. All documents concerning the consolidation of financial reporting, information or data at any Cendant Entity.

11. All documents concerning any adjustments to the Accounting records of any Cendant Entity made in connection with the consolidation process.

12. All documents concerning any inflated earnings, including any so-called "cheat sheets."

13. All documents concerning any post-consolidation Accounting adjustments at any Cendant Entity.

14. All documents concerning merger reserves, acquisition reserves or restructuring reserves at any Cendant Entity.

15. All documents concerning cancellation reserves at any Cendant Entity.

16. All documents concerning the Accounting or Auditing treatment of solicitation costs at any Cendant Entity.

17. All documents concerning the Accounting or Auditing treatment of commissions at any Cendant Entity.

18. All documents concerning the Accounting or Auditing treatment of any tax asset obtained by Sierra On-Line, Inc.

19. All documents concerning the Accounting or Auditing treatment of any receivables concerning Benefit Consultants, Inc.

20. All documents concerning the Accounting or Auditing treatment of marketing costs at any Cendant Entity.

21. All documents concerning the recognition of revenue and expenses at any Cendant Entity.

22. All documents concerning the allocation of revenues and expenses at any Cendant Entity.

23. All documents concerning any negotiations, renegotiations, termination, modification or amendment in or about December 1997, concerning any contract, policy or other agreement between Continental Casualty Company or CNA, on the one hand, and any Cendant Entity, on the other hand.

24. All documents You provided to or received from any audit committee of any board of directors of any Cendant Entity

25. All documents concerning any communications between You and any audit committee of any board of directors of any Cendant Entity. This request includes, but is not limited to, all correspondence between You and any audit committee affiliated with any Cendant Entity.

26. All documents You provided to or received from any Cendant Entity.

27. All documents concerning any communication between You and any Cendant Entity. This includes, but is not limited to, all correspondence between You and any Cendant Entity.

28. All documents provided to or received from any accounting firm that audited any Cendant Entity or provided any service, advice or information to any Cendant Entity concerning Accounting or Auditing. This includes, but is not limited to, all documents provided to or received from E&Y, PwC, D&T, AA, and KPMG.

29. All documents concerning communications, including but not limited to correspondence, with any accounting firm which audited any Cendant Entity or provided any service, advice or information to any Cendant Entity concerning Accounting or Auditing. This includes, but is not limited to, documents concerning communications with E&Y, PwC, D&T, AA and KPMG.

30. All documents concerning any restated financial statements or amended filings with the U.S. Securities and Exchange Commission by any Cendant Entity.

31. All documents concerning questions raised, issues raised, differences, disagreements or discussions concerning any positions taken in any restated financial statements or amended filings with the U.S. Securities and Exchange Commission by any Cendant Entity.

32. All documents provided to or received from any investment bank, merchant bank or commercial bank concerning any Cendant Entity. This includes, but is not limited to, all documents provided to or received from Bear Stearns, Goldman Sachs, and Merrill Lynch.

33. All documents concerning any communication, including correspondence, with any investment bank, merchant bank or commercial bank concerning any Cendant Entity. Again, this includes, but is not limited to, Bear Stearns, Goldman Sachs and Merrill Lynch.

34. All documents concerning any actual or potential merger, acquisition, business combination, corporate restructuring, financing, purchase of assets, sale of assets or issuance of securities of or by any Cendant Entity. This includes, but is not limited to, all documents concerning the consideration or selection of entities for potential merger, acquisition or business combination of or by any Cendant Entity. This also includes, but is not limited to, pitch books, industry analyses and pro forma combinations.

35. All documents provided to or received from the Media or any representative of the Media concerning Accounting or Auditing at any Cendant Entity. This includes, but is not limited to, any press releases concerning Accounting or Auditing at any Cendant Entity provided to the Media.

36. All documents concerning any communication with the Media or any representative of the Media concerning Accounting or Auditing at any Cendant Entity. This includes, but is not limited to, any transcripts of any interviews

with the Media, any videotapes of any interviews with the Media and any drafts of any articles that appeared or were intended to appear in the Media.

37. All documents provided to or received from any public relations or communications firm concerning Accounting or Auditing at any Cendant Entity. This includes, but is not limited to, all documents concerning Accounting or Auditing at any Cendant Entity provided to Kekst & Company.

38. All documents concerning any communications with any public relations or communications firm concerning Accounting or Auditing at any Cendant Entity. This includes, but is not limited to, any correspondence with any public relations or communications firm concerning Accounting or Auditing at any Cendant Entity. Furthermore, this includes, but is not limited to, all documents concerning communications with Kekst & Company concerning Accounting or Auditing at any Cendant Entity.

39. All agreements between You and any Cendant Entity. This includes, but is not limited to, any employment agreement between You and any Cendant Entity, any severance agreement between You and any Cendant Entity, any golden parachute agreement between You and any Cendant Entity, any change of control agreement between You and any Cendant Entity and any indemnity agreement between You and any Cendant Entity.

40. All documents concerning negotiations over any agreements or potential agreements between You and any Cendant Entity. This includes, but is not limited to, all offers, counteroffers, proposals, counterproposals, and drafts concerning any such agreement or potential agreement.

41. All documents concerning any compensation You have received from any Cendant Entity, any compensation You may receive from any Cendant Entity in the future, and any potential compensation from any Cendant Entity for which You were potentially eligible, even if You did not in fact receive such compensation. This includes, but is not limited to, all Forms W2, all Forms 1099, all paycheck stubs, all statements reflecting any bonus and all other statements reflecting compensation or potential compensation of any kind from any Cendant Entity.

42. All documents concerning any stock options You were granted by any Cendant Entity, any stock options that any Cendant Entity may grant You in the future, or any stock options from any Cendant Entity for which You were potentially eligible, even if You did not in fact receive such stock options. This request includes, but is not limited to, any summary of stock options granted to You by any Cendant Entity.

43. All documents concerning any retirement plan or retirement benefits provided to You by any Cendant Entity, any retirement benefits that any Cendant

Entity may provide to You in the future or any retirement benefits from any Cendant Entity for which You were potentially eligible, even if You did not in fact receive them.

44. All documents concerning any stock granted to You by any Cendant Entity, any stock that may be granted to You by any Cendant Entity in the future or any stock from any Cendant Entity for which You were potentially eligible, even if You did not in fact receive such stock.

45. All documents concerning any benefits You have received from any Cendant Entity, any benefits You may receive from any Cendant Entity in the future or any benefits from any Cendant Entity for which You were potentially eligible, even if You did not in fact receive such benefits.

46. All documents concerning any evaluations or performance reviews of You arising from or concerning your employment with any Cendant Entity.

47. All documents concerning your personnel file at any Cendant Entity. This includes, but is not limited to, all of the contents of your personnel file at any Cendant Entity.

48. All documents concerning any disciplinary actions arising from your employment with any Cendant Entity.

49. All documents concerning your membership in any professional organization, such as the American Institute of Certified Public Accountants. This includes, but is not limited, documents concerning any continuing professional education requirements and documents concerning any disciplinary action taken against You or threatened to be taken against You by any professional organization.

50. All documents concerning any action taken against You or threatened to be taken against You by the Government.

51. All documents concerning Accounting or Auditing at any Cendant Entity provided to or received from any law firm or lawyer representing any Cendant Entity or audit committee of any board of directors of any Cendant Entity. This includes, but is not limited to, documents provided to or received from Weil Gotshal & Manges, LLP, Skadden Arps Slate Meagher & Flom, LLP, and Willkie Farr & Gallagher.

52. All documents concerning Accounting or Auditing at any Cendant Entity concerning any communication with any law firm or lawyer representing any Cendant Entity or audit committee of any board of directors of any Cendant Entity. This includes, but is not limited to, correspondence with Weil Gotshal & Manges, LLP, Skadden Arps Slate Meagher & Flom, LLP, and Willkie Farr & Gallagher.

53. All documents provided to or received from any securities analysts concerning any Cendant Entity.

54. All documents concerning any communications with any securities analysts concerning any Cendant Entity. This includes, but is not limited to, correspondence with any securities analysts concerning any Cendant Entity. Furthermore, this includes, but is not limited to, transcripts and audiotapes of telephone calls with any securities analysts concerning any Cendant Entity.

55. All financial statements for any Cendant Entity or any division or business segment of any Cendant Entity, including but not limited to drafts or other versions of such financial statements prepared prior to the final version.

56. All documents concerning the financial performance of any Cendant Entity or any division or business segment of any Cendant Entity.

57. All documents concerning any meetings of any board of directors of any Cendant Entity, any meetings of any audit committee of any board of directors of any Cendant Entity, and any meetings of any other committee or subcommittee of any board of directors of any Cendant Entity. This includes, but is not limited to, any minutes, draft minutes, notes, board packets, handouts and presentations concerning such meetings.

58. All documents concerning any budget, projection or forecast for any Cendant Entity. This includes, but is not limited to, all drafts or other versions of such budget, projection or forecast prepared prior to the final version.

59. All documents provided by any Cendant Entity to any member of the board of directors of any Cendant Entity. This includes, but is not limited to, all board packages.

60. All documents concerning communications, including but not limited to any filing or reporting, with the U.S. Securities and Exchange Commission concerning any Cendant Entity. This includes, but is not limited to, all drafts of communications, including filings, ultimately submitted or considered for submission to the U.S. Securities and Exchange Commission concerning any Cendant Entity. This also includes, but is not limited to, all agreements between any Cendant Entity and the U.S. Securities Exchange Commission and all documents concerning any negotiations concerning any such agreements or potential agreements between any Cendant Entity and the U.S. Securities and Exchange Commission.

61. All documents concerning any communications, including but not limited to, filings with the U.S. Securities and Exchange Commission, concerning You. This includes, but is not limited to, Forms 3, Forms 4 and Forms 5 concerning You and drafts thereof. This also includes, but is not limited to, any so-called

11

"Wells Submission" to the U.S. Securities and Exchange Commission and correspondence with the U.S. Securities and Exchange Commission that concern You. This also includes, but is not limited to, all agreements between You and the U.S. Securities and Exchange Commission and all documents concerning any negotiations concerning any such agreement or potential agreement between You and the U.S. Securities and Exchange Commission.

62. All documents concerning any account maintained by You or on your behalf in which You or someone on your behalf held or traded in securities issued by any Cendant Entity.

63. All documents concerning any trading by You or on your behalf in securities issued by any Cendant Entity.

64. All account statements for any account maintained for You by any financial institution. This includes, but is not limited to, any checking account statements, savings account statements and money market account statements maintained for You by any financial institution.

65. All documents reflecting your assets, liabilities or net worth. This includes, but is not limited to, all personal financial statements, loan applications, mortgage applications, credit applications and insurance applications reflecting assets, liabilities or net worth.

66. All documents reflecting the assets, liabilities and net worth of any trust or beneficial accounts of which You are a beneficiary.

67. All documents concerning any trust or beneficial account established or funded by You, regardless of whether You are a beneficiary of such trust or beneficial account.

68. All documents concerning statements made by You under oath, including trial transcripts, hearing transcripts, deposition transcripts, interrogatory answers, correspondence and deposition videotapes, regardless of subject matter.

69. All documents concerning Cendant Litigation.

70. All documents produced, provided, demanded or requested in the course of Cendant Litigation.

71. All documents concerning the basis for redactions and claims of privilege made in connection with documents produced, provided, demanded or requested in the course of Cendant Litigation.

72. All calendars, diaries, daytimers, appointment books or similar documents maintained by You or for You through July 30, 1998.

73. All documents concerning travel by You through July 30, 1998.

74. All documents concerning use of credit cards by You through July 30, 1998.

75. All documents concerning your business expenses through July 30, 1998. This includes, but is not limited to, all requests for reimbursement for the designated time period submitted by You or on your behalf to any Cendant Entity.

76. All documents concerning telecommunications services provided to You. This includes, but is not limited to, all telephone service billing statements for mobile and regular telephones used by You.

77. All devices on which documents responsive to this subpoena are stored, have been stored, or were stored. This includes, but is not limited to, all such network storage devices, personal computers, portable computers, laptop computers, computer hard drives, floppy disks, compact disks, zip disks, zip files, zip drives, computer files, backup tapes, personal data organizers or personal digital assistants.

78. All documents concerning Walter A. Forbes. This includes, but is not limited to, all documents concerning communications with Walter A. Forbes, such as e-mails and correspondence with Walter A. Forbes.

79. All documents concerning E. Kirk Shelton. This includes, but is not limited to, all documents concerning communications with E. Kirk Shelton, such as e-mails and correspondence with E. Kirk Shelton.

80. All documents concerning Cosmo Corigliano. This includes, but is not limited to, all documents concerning communications with Cosmo Corigliano, such as e-mails and correspondence with Cosmo Corigliano.

81. All documents concerning Casper Sabatino. This includes, but is not limited to, all documents concerning communications with Casper Sabatino, such as e-mails and correspondence with Casper Sabatino.

82. All documents concerning Stuart Bell. This includes, but is not limited to, all documents concerning communications with Stuart Bell, such as e-mails and correspondence with Stuart Bell.

83. All documents concerning Kevin Kearney. This includes, but is not limited to, all documents concerning communications with Kevin Kearney, such as e-mails and correspondence with Kevin Kearney.

84. All documents concerning Steven Speaks. This includes, but is not limited to, all documents concerning communications with Steven Speaks, such as e-mails and correspondence with Steven Speaks.

85. All documents concerning Mary Sattler or Mary Sattler Polverari. This includes, but is not limited to, all documents concerning communications with Mary Sattler or Mary Sattler Polverari, such as e-mails and correspondence with Mary Sattler or Mary Sattler Polverari.

86. All documents concerning Paul Hiznay. This includes, but is not limited to, all documents concerning communications with Paul Hiznay, such as e-mails and correspondence with Paul Hiznay.

87. All documents concerning Henry Silverman. This includes, but is not limited to, all documents concerning communications with Henry Silverman, such as e-mails and correspondence with Henry Silverman.

88. All documents concerning any Potential Witness. This includes, but is not limited to, all documents concerning communications with any Potential Witness, such as e-mails and correspondence with any Potential Witness.