UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>WALTER A. FORBES,<br><br>Defendant. | CASE NO.: 3:02 CR 264 (AWT)<br><br>SEPTEMBER 26, 2005 |

**CASPER SABATINO'S MOTION TO QUASH THE RULE 17(C) SUBPOENAS OF DEFENDANT WALTER A. FORBES DATED AUGUST 17, 2005 AND SEPTEMBER 14, 2005**

Casper Sabatino [the Defendant in Case No: 3:02 CR 378 (AWT)] respectfully moves this Court pursuant to Fed. R. Crim. P. 17(c) to quash the Rule 17(c) subpoenas *duces tecum* dated August 17, 2005 (the "August 17 Subpoena") and September 14, 2005 (the "September 14 Subpoena") which were served upon him by defendant Walter A. Forbes (copies of the August 17 Subpoena and the September 14 Subpoena are attached hereto as Exhibits A and B, respectively). In moving to quash the August 17 and September 14 Subpoenas, Casper Sabatino also respectfully moves this Court pursuant to Rule 47 of the *Local Rules of Criminal Procedure*, United States District Court, District of Connecticut to incorporate by reference Anne M. Pember's Motion to Quash the Sixth and Seventh Rule 17(c) Subpoenas of Defendant Walter A. Forbes and Memorandum of Law in support of said Motion dated September 22, 2005 and filed on September 23, 2005 (Document #s 1732 and 1733) (hereinafter referred to as "Pember's Motion").

A.    **The September 14 Subpoena**

The calls in the September 14 Subpoena directed to Mr. Sabatino are similar to the calls in Ms. Pember's Seventh Subpoena addressed in Pember's Motion.[1]  In addition, similar to Ms. Pember's Seventh Subpoena, Mr. Forbes acknowledged in his cover letter to the September 14 Subpoena that the subpoena calls for requests that were previously quashed by the Court. Accordingly, Mr. Sabatino incorporates by reference all of his previously made motions to adopt Ms. Pember's arguments related to the quashed subpoenas and incorporates by reference in this motion the arguments made in Pember's Motion.

B.    **The August 17 Subpoena**

The calls in the August 17 Subpoena directed to Mr. Sabatino are similar to the calls in Ms. Pember's Sixth Subpoena addressed in Pember's Motion which Mr. Sabatino incorporates by reference.[2]  Without waiving any objections and incorporating by reference the arguments made in Pember's Motion, the documents requested in Paragraphs One, Two and Eight of the August 17 Subpoena directed to Mr. Sabatino do not exist.  With respect to Paragraphs Three, Four, Five, Six, and Seven of the August 17 Subpoena, Mr. Sabatino incorporates by reference the arguments made in Pember's Motion.

**Conclusion**

For the reasons stated above, for the reasons stated in Pember's Motion which Mr. Sabatino

---

[1]  For the Court's convenience, Mr. Sabatino has prepared a comparison of Ms. Pember's Seventh Subpoena to Mr. Sabatino's September 14 Subpoena which is attached hereto as Exhibit C.

[2]  For the Court's convenience, Mr. Sabatino has prepared a comparison of Ms. Pember's Sixth Subpoena to Mr. Sabatino's August 17 Subpoena which is attached hereto as Exhibit D.

incorporates by reference, and for the reasons offered in support by Ms. Pember in her previous motions to quash which Mr. Sabatino previously adopted, Mr. Sabatino's motion to quash the August 17 and September 15 Subpoenas should be granted.

Dated: September 26, 2005

Respectfully submitted,

CASPER SABATINO

By: _____
    Edward J. Dauber (ct24588)
    GREENBERG DAUBER EPSTEIN & TUCKER
    A Professional Corporation
    One Gateway Center, Suite 600
    Newark, NJ 07102-5311
    (973) 643-3700

    and

    John F. Droney (ct10906)
    David A. DeBassio (ct24365)
    Jeffrey A. Mirman (ct05433)
    LEVY & DRONEY, P.C.
    74 Batterson Park Road
    Farmington, CT 06032
    (860) 676-3000

    Attorneys for Casper Sabatino

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Motion to **Quash** the Rule 17(c) Subpoenas of Defendant Walter A. Forbes Dated August 17, 2005 and September 14, 2005 was sent via Federal Express on this 26th day of September, 2005 to the counsel of **record** indicated below.

_Noreen Flaherty_
Noreen **Flaherty**

Barry S. Simon
Residence Inn
942 Main Street
Hartford, CT 06103

Barry S. Simon
Williams & Connolly
725 12th St., N.W.
Washington, DC 20005-5901

Michael Martinez
Craig Carpenito
US Attorney's Office
970 Broad St. Suite 700
Newark, NJ 07102

**EXHIBIT A**

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

MARGARET A. KEELEY
(202) 434-5137
mkeeley@wc.com

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 23, 2005

**By FedEx**
Edward Dauber, Esq.
Greenberg, Dauber, Epstein  & Tucker
One Gateway Center
Newark, NJ  07102

Re:    United States v. Walter A. Forbes, **No.** 3:02CR264 (AWT)

Dear Mr. Dauber:

Pursuant to your agreement to accept **service** on behalf of your client Casper Sabatino, enclosed is a subpoena requiring **the production** of documents in the case of *United States v. Walter A. Forbes*.  Also **enclosed** is a check for the statutory witness fee and for mileage (calculated **according** to the statutory rate).

Sincerely,

Margaret A. Keeley

Enclosure

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

# United States District Court

_____ **DISTRICT OF** _Connecticut_____

United States of America

**v.**

Walter A. Forbes

# SUBPOENA IN A
# CRIMINAL CASE

CASE NUMBER:   3:02CR00264 (AWT)

TO:
Casper Sabatino
12 Highview Lane
Sherman, CT  06784

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| U.S. Courthouse<br>450 Main Street<br>Hartford, Connecticut 06103 | South Courtroom |
| | DATE AND TIME<br>September 19, 2005<br>9:30 a.m. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See Schedule A – attached.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| KEVIN F. ROWE | August 17, 2005 |
| (By) Deputy Clerk | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Barry S. Simon, Williams & Connolly LLP,
725 Twelfth Street, N.W., Washington, DC 20005
(202) 434-5000, Attorneys for Defendant Walter A. Forbes

# SCHEDULE OF DOCUMENTS
# TO BE PRODUCED BY CASPER SABATINO

## DEFINITIONS AND INSTRUCTIONS

a.  The term "document" shall include material existing in both electronic and non-electronic form. When a document is stored electronically only, the electronic format shall be produced.

b.  The term "Government" shall mean the U.S. Department of Justice, the U.S. Attorney for the District of New Jersey, the U.S. Attorney's Office for the District of New Jersey, the Federal Bureau of Investigation, the U.S. Securities and Exchange Commission, the U.S. Postal Service, and the Internal Revenue Service.

c.  The term "You" shall mean the recipient of this subpoena, as well as the recipient's counsel, or anyone acting on recipient's behalf.

d.  This subpoena does not require the re-production of documents previously produced to Mr. Forbes.

## DESCRIPTIONS OF DOCUMENTS TO BE PRODUCED

1.  Documents sufficient to identify all meetings or conversations between You and the government since June 21, 2004, including but not limited to calendars, billing records, invoices or receipts.

2.  All communications between You and the Connecticut State Board of Accountancy, Office of the Secretary of State ("the Board"), from 4/15/1998 to the present, concerning the potential revocation of your Connecticut Certified Public Accountant Certificate, the Board's investigation of your conduct at CUC and Cendant, or any negotiation or settlement with the Board.

3.  All documents describing or memorializing any benefits You have received or may receive as a result of providing information to the Government, cooperating with the Government, or testifying.

4.  All documents that You provided to or received from the Government concerning CUC International, Cendant or Walter A. Forbes.

5.  All documents describing or memorializing any communications between You and the Government concerning CUC International, Cendant or Walter A. Forbes.

6.  Documents sufficient to identify any legal fees **paid** on your behalf by Cendant Corporation for services rendered in connection **with** the 2004 trial of Walter A. Forbes and E. Kirk Shelton.

7.  Documents sufficient to identify any legal fees **paid** on your behalf by Cendant Corporation for services rendered since April 15, **1998**.

8.  Documents describing or memorializing any communications with the government since June 21, 2004 concerning your plea agreement, including but not limited to your potential sentence under the **agre**ement, and the timing of your sentencing date.

**EXHIBIT B**

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

MARGARET A. KEELEY
(202) 434-5137
mkeeley@wc.com

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

September 14, 2005

Edward J. Dauber, Esq.
Greenberg, Dauber, Epstein   & Tucker
One Gateway Center
Newark, NJ  07102

Re:    *United States v. Walter A. Forbes, No. 3:0-2CR264 (AWT)*

Dear Mr. Dauber:

Pursuant to your agreement to accept service on behalf of your client, Casper Sabatino, enclosed please find a subpoena and a check for the appropriate witness and mileage fees.

Please note that this subpoena calls for information sought through either a pre-trial subpoena, or a trial subpoena returnable during the first trial of Mr. Forbes.  We understand that the Court previously quashed the subpoenas which included these (or similar) requests.  We are serving new subpoenas because we wish to ensure that each of these subpoena demands is preserved with respect to the current trial.

Should you have any questions or concerns regarding these subpoenas, please call me at (202) 997-0746.

Williams & Connolly LLP

By: *Margaret A Keeley*
Margaret A. Keeley
*Counsel for Walter A. Forbes*

Enclosures

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

# 𝔘nited 𝔖tates 𝔇istrict 𝔠ourt

Connecticut

_____ **DISTRICT OF** _____

United States of America

**v.**

Walter A. Forbes

**TO:**  Casper Sabatino
12 Highview Lane
Sherman, CT  06784

## SUBPOENA IN A CRIMINAL CASE

3:02CR00264 (AWT)

**CASE NUMBER:**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| U.S. Courthouse<br>450 Main Street<br>Hartford, Connecticut 06103 | South Courtroom |
| | DATE AND TIME |
| | September 23, 2005<br>9:30 a.m. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See attached "Schedule A"

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| KEVIN F. ROWE | |
| (By) Deputy Clerk | September 14, 2005 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Barry S. Simon, Williams & Connolly LLP,
725 Twelfth Street, N.W., Washington, DC 20005
(202) 434-5000, Attorneys for Defendant Walter A. Forbes

# SCHEDULE OF DOCUMENTS
# TO BE PRODUCED BY CASPER SABATINO

## DEFINITIONS AND INSTRUCTIONS

a.    The term "document" shall include material existing in both electronic and non-electronic form. When a document is stored electronically only, the electronic format shall be produced.

b.    The term "Government" shall mean the U.S. Department of Justice, the U.S. Attorney for the District of New Jersey, the U.S. Attorney's Office for the District of New Jersey, the Federal Bureau of Investigation, the U.S. Securities and Exchange Commission, the U.S. Postal Service, and the Internal Revenue Service.

c.    The term "Cendant" shall include Cendant Corporation, as well as any parent companies, subsidiaries, affiliates, divisions, successors, predecessors, officers, directors, employees, attorneys, agents, and other representatives acting on its behalf.

d.    The term "You" shall mean the recipient of this subpoena, as well as the recipient's counsel, or anyone acting on recipient's behalf.

e.    This subpoena calls only for documents created on or after April 15, 1998.

f.    This subpoena does not require the re-production of documents previously produced to Mr. Forbes.

## DESCRIPTIONS OF DOCUMENTS TO BE PRODUCED

1.    Documents sufficient to identify all meetings or conversations between you and Cendant since April 15, 1998.

2.    All documents relating to any request for assistance from Cendant to you.

3.    All documents describing or memorializing any request for assistance from Cendant to you.

4.    All documents relating to any assistance provided by you to Cendant.

5.    All documents describing or memorializing any assistance provided by you to Cendant.

6. All documents relating to any request for factual information from Cendant to you.

7. All documents describing or memorializing any request for factual information from Cendant to you.

8. All documents relating to any factual information provided by you to Cendant.

9. All documents describing or memorializing factual information provided by you to Cendant.

10. All documents relating to any written agreements between you and the government.

11. All documents describing or memorializing any written agreements between you and the government.

12. All documents relating to any drafts of agreements between you and the government.

13. All documents describing or memorializing any drafts of agreements between you and the government.

14. All documents relating to the negotiation of any agreement between you and the government.

15. All documents describing or memorializing the negotiation of any agreement between you and the government.

16. All documents relating to the negotiation of any potential agreement between you and the government.

17. All documents describing or memorializing the negotiation of any potential agreement between you and the government.

18. All documents relating to any oral communications between you and the government regarding a plea or other agreement.

19. All documents describing or memorializing any oral communications between you and the government regarding a plea or other agreement.

20. All billing records concerning work performed on your behalf that were provided to Cendant Corporation.

**EXHIBIT C**

**COMPARISON OF PEMBER'S SEVENTH SUBPOENA TO SABATINO'S SUBPOENA
DATED SEPTEMBER 14, 2005**

| Calls in Pember's Seventh Subpoena | Corresponding Calls in Sabatino's Subpoena dated September 14, 2005 |
|---|---|
| 1-3 | None |
| 4 | 1 |
| 5 | 2 |
| 6 | 3 |
| 7 | 4 |
| 8 | 5 |
| 9 | 6 |
| 10 | 7 |
| 11 | 8 |
| 12 | 9 |
| 13 | 10 (identical except for the word "government") |
| 14 | 11 (identical except for the word "government") |
| 15 | 12 (identical except for the word "government") |
| 16 | 13 (identical except for the word "government") |
| 17 | 14 (identical except for the word "government") |
| 18 | 15 (identical except for the word "government") |
| 19 | 16 (identical except for the word "government") |
| 20 | 17 (identical except for the word "government") |

| 21 | 18 (identical except for the word "government") |
|---|---|
| 22 | 19 (identical except that it does not contain the word "United States Attorney's Office") |
| 23 | 20 |
| 24-26 | None |

**EXHIBIT D**

**COMPARISON OF PEMBER'S SIXTH SUBPOENA TO SABATINO'S SUBPOENA**
**DATED AUGUST 17, 2005**

| Calls in Pember's Sixth Subpoena | Corresponding Calls in Sabatino's Subpoena dated August 17, 2005 |
|:---:|:---:|
| 1 | None |
| 2 | None |
| 3 | 1 (identical except for the date of June 21, 2004) |
| 4 | 2 |
| 5 | 3 |
| 6 | 4 |
| 7 | 5 |
| 8 | 6 |
| 9 | 7 |
| 10 | 8 (identical except for the date of June 21, 2004) |