UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :   No. 3:02CR00264 (AWT)
                                  :
                                  :
          v.                      :   September 27, 2005
                                  :
                                  :
                                  :
WALTER A. FORBES                  :


GOVERNMENT'S OPPOSITION TO DEFENDANT WALTER A. FORBES' TO
PRECLUDE THE GOVERNMENT FROM PRESENTING TESTIMONY REGARDING JAMES
ROWAN'S EXPERIENCES WITH MERGER RESERVES AT THE HARTFORD STEAM
BOILER COMPANY

(Forbes Retrial Motion *In Limine* No. 7)


CHRISTOPHER J. CHRISTIE
NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
Special Attorneys
U. S. Department of Justice
Room 320
450 Main Street
Hartford, Connecticut 06103
Tel: (860) 240-3387
Fax: (860) 240-3391

## ARGUMENT

Forbes seeks the exclusion from the retrial of
testimony of Hartford Steam Boiler Chief Investment Officer James
Rowan regarding the operation of merger reserves.  Forbes claims
that, because Rowan was not qualified as expert on merger
reserves or their use, he should not be permitted to testify
"regarding what types of costs can appropriately be charged to a
merger reserve, or what level of documentation is required under
GAAP."  FM 3.

Although Rowan, unlike Professor Robert Sack and Brian
Heckler, CPA, is not qualified to testify about the proper use of
merger reserves under GAAP, evidence of his subjective
understanding of how merger reserves should be used is relevant
to explain his testimony about why he decided to purchase 32,500
shares of Cendant stock in January and February 1998.  Tr. 10258-
63; GX 700, 800, 900, 1000, 1100, and 1200.  Rowan's testimony
about the basis for his decision to buy that stock, and
particularly his reliance on CUC's historic operating income
figures, as reported in CUC's SEC filings, is highly relevant to
demonstrate that the filings contained materially false and/or
misleading information, an element of the two counts charging
Forbes with making false statements to the SEC and with the count
of securities fraud.  See United States v. Pope, 189 F.Supp. 12,
19 (S.D.N.Y. 1960); Tr. 16333 (materiality is an element of the
offense of false statements to the SEC, 15 U.S.C. § 78ff(a)); In

re Corning, Inc. Securities Litigation, 349 F.Supp.2d 698, 717
(S.D.N.Y.,2004); Tr. 16360-61 ("materiality is an essential
element in the application of Rule 10b-5.")

    Indeed, in one of the excerpts from Rowan's testimony
from the initial trial to which Forbes now objects, Rowan
explained in no uncertain terms that, had he known that CUC had
charged nonmerger-related expenses to the merger reserves, "that
would have been a factor in [his] decision" to purchase the
Cendant stock.  Tr. 10271.  Basic Inc. v. Levinson, 485 U.S. 224,
231-32 (1988)(materiality standard under Rule 10b-5 is that
"there must be a substantial likelihood that the disclosure of
the omitted fact would have been viewed by the reasonable
investor as having significantly altered the total mix of
information made available"); accord Caiola v. Citibank, N.A.,
New York, 295 F.3d 312, 329 (2d Cir. 2002).  Testimony by a
witness which explains his own thinking, as opposed to the
thought processes of another person, is a matter of the witness's
personal knowledge.  Rowan's testimony about his own thinking
cannot violate the "personal knowledge" requirement of Rule 701.

    Although Rowan's prior testimony about his
understanding of the proper use of merger reserves was admitted
without limitation at the initial trial, the Government would not
oppose a limiting instruction during the retrial that Rowan's
testimony about his understanding of how merger reserves should

2

operate is admitted only to explain Rowan's decision to purchase the Cendant stock in January and February 1998, and is relevant only to the issue of materiality, and that it is not admitted as evidence of how merger reserves should be used or how their use should be documented, which evidence will come from the Government's expert witnesses.  During the retrial, moreover, the Government will question Rowan to carefully elicit testimony about what he believes and understands about the proper use of merger reserves.

### CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court deny Forbes' Pre-Retrial Motion *In Limine* No. 7.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice

/s/ Norman Gross

NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
Special Attorneys
U.S. Department of Justice

Dated: September 27, 2005
Hartford, Connecticut

3

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following by hand delivery:

Barry S. Simon, Esq.
Williams & Connolly LLP
Residence Inn
942 Main Street
Hartford, CT 06103

/s/ Debra Elliott
DEBRA ELLIOTT
U.S. Department of Justice

Dated: September 27, 2005
       Hartford, Connecticut