UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | September 27, 2005 |
| | : | |
| WALTER A. FORBES | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT WALTER A. FORBES' MOTION TO PRECLUDE REFERENCES TO HIM AS THE "CAPTAIN OF THE SHIP" OR OTHER SIMILAR POSITIONS**

(Forbes Retrial Motion *In Limine* No. 10)

CHRISTOPHER J. CHRISTIE
NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
Special Attorneys
U. S. Department of Justice
Room 320
450 Main Street
Hartford, Connecticut 06103
Tel: (860) 240-3387
Fax: (860) 240-3391

**ARGUMENT**

As Chief Executive Officer of CUC, Forbes held the most powerful executive position at CUC, with ultimate supervisory authority over all other employees of that corporation.  Tr. 355, 564-65, 1706, 11671-72, 13571.  As the Chairman of the Board of CUC, Forbes oversaw the body that had ultimate governing authority over the corporation.  Tr. 8317.  Given his two-fold role as CEO and Chairman of the Board, Forbes was undoubtedly the single most influential person at CUC.

Forbes moves to prevent the Government from employing such metaphors as "Captain of the ship" during examination of witnesses or summation in order to convey to the jury the nature of Forbes' dual position as CEO and Chairman of the Board.  According to Forbes, such metaphors improperly suggest that he was vicariously liable for the conduct of his co-conspirators who were employed at CUC in positions that were subordinate to Forbes.  Although the Government has not decided to employ that or similar metaphors during the retrial, there was nothing improper about the Government's use of that metaphor during the initial trial, and this Court should therefore not preclude the Government from doing so during the retrial.

Evidence that Forbes occupied the ultimate position of authority at CUC and was metaphorically the "Captain of the Ship" is relevant to prove his guilty knowledge for at least two reasons having nothing to do with vicarious liability.  First,

the fraudulent scheme in this case was designed to falsely inform the investment public that CUC's financial performance, measured in terms of operating income, was better than it actually was. As the ultimate boss of CUC, Forbes had the most to gain, in terms of compensation and prestige, from the company's financial success.  Evidence that Forbes would derive greater benefits from the success of the fraud than any other person made it more likely that he participated in the fraud than if his "take" from the fraud was smaller.  See United States v. MacPherson, __ F.3d __, 2005 WL 2212043, *2, n.2 (2nd Cir., September 13, 2005) ("evidence of motive, or the lack thereof, is a factor that a jury may weigh in considering whether the totality of the circumstances permits it to infer guilty knowledge and intent beyond a reasonable doubt") citing United States v. Simon, 425 F.2d 796, 808 (2d Cir. 1969) and 1 Leonard B. Sand et al., Modern Federal Jury Instructions: Criminal, Instruction 6-18 (2004); United States v. Saada, 212 F.3d 210, 223-24 (3d Cir. 2000) (affirming admission of evidence of the defendant's prior uncharged crimes under Fed. R. Evid. 404(b), which was relevant to show, *inter alia*, his financial motive to commit the charged crimes).

        Second, as the ultimate boss of CUC, every other person in the company involved in the fraud, including the second tier most powerful bosses, Kirk Shelton and Stu Bell, had a strong

motive to satisfy themselves that Forbes had approved of their improper conduct. After all, if Forbes was wholly ignorant of the fraud, as he claimed, all of his subordinates who participated in the fraud ran the risk that someone else would expose the fraud to Forbes, who would then report the malefactors to the authorities. This, of course, is precisely what occurred when Speaks and Sabatino disclosed the fraud to Cendant officials in New Jersey.

Contrary to Forbes' claim, there is nothing prejudicial about the term, "Captain of the Ship," which generally connotes someone who is the ultimate authority of a particular group of people. It is a convenient metaphor, easily understood by a lay jury, for the role of a CEO/Chairman of the Board, who, like a ship's captain, has ultimate authority over all other officers and crew members.

Additionally, during the initial trial, this Court instructed the jury, without objection by the Government, that Forbes could not be convicted of any of the charges merely because he was the CEO and Chairman of CUC and other persons under his ultimate supervision engaged in the fraud. Tr. 16250-51. Thus, Forbes' purported concern that use of the "Captain of the Ship" metaphor will cause the jurors to mistakenly believe that they can convict Forbes on a *respondeat superior* theory of vicarious liability will be dispelled when the Court gives those

3

instructions during the retrial.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court deny Forbes' Pre-Retrial Motion *In Limine* No. 10.

                                      Respectfully submitted,

                                      CHRISTOPHER J. CHRISTIE
                                      Special Attorney
                                      U.S. Department of Justice

                                      /s/ Norman Gross

                                      NORMAN GROSS
                                      MICHAEL MARTINEZ
                                      CRAIG CARPENITO
                                      Special Attorneys
                                      U.S. Department of Justice

Dated: September 27, 2005
Hartford, Connecticut

CERTIFICATE OF SERVICE

       The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following by hand delivery:

Barry S. Simon, Esq.
Williams & Connolly LLP
Residence Inn
942 Main Street
Hartford, CT 06103


                                      /s/ Debra Elliott
                                      DEBRA ELLIOTT
                                      U.S. Department of Justice

Dated: September 27, 2005
       Hartford, Connecticut