UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | September 27, 2005 |
| | : | |
| WALTER A. FORBES | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT WALTER A. FORBES' MOTION TO PRECLUDE GX 1527**

(Forbes Retrial Motion *In Limine* No. 12)

CHRISTOPHER J. CHRISTIE
NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
Special Attorneys
U. S. Department of Justice
Room 320
450 Main Street
Hartford, Connecticut 06103
Tel: (860) 240-3387
Fax: (860) 240-3391

**ARGUMENT**

Forbes asks this Court to exclude evidence regarding GX 1527, one of the t-shirts that Forbes had printed with the words, "A full trough is good for shareholder value," which was purportedly signed by "Piglet," and "12/31/99 or bust," and then distributed to various members of his senior staff.  Tr. 7220-22. During trial, Forbes admitted that he had those t-shirts printed and that he handed them out, and also admitted that the references to a "full trough" and "piglet" were meant to convey its rather obvious message about how corporate executives can justify their very high compensation, even if it is excessive ("piggy") by claiming that it benefits the shareholders as well as the managers.  According to Forbes, however, the person whom the t-shirt was lampooning was Henry Silverman, who had received the lion's share of stock options as a result of the HFS-CUC merger.  Tr. 12289-91.

Forbes contends that, because his own testimony that the target of the t-shirt was Henry Silverman and his "trough" of stock options, was "unrefuted," FM 2, the Government should not be permitted to argue that the t-shirt referred to the "trough" of merger reserves that the conspirators were creating as part of the CUC-HFS merger.  Forbes further argues that, because the t-shirt did not refer to the merger reserves, it is irrelevant and prejudicial.

At present, the Government has not determined whether

or not to elicit any evidence regarding the t-shirt during the retrial. This Court should nevertheless either deny Forbes' effort to exclude such evidence, or withhold a ruling, because Forbes' argument is unsound. Given Forbes' admission that the t-shirt was a tongue-in-cheek reference to excessive compensation of corporate officials, the t-shirt is relevant to support the Government's contention that Forbes' had a powerful motive to carry out the fraud: the fact that he received substantial compensation precisely because CUC met or exceeded the Wall Street earnings targets for quarter after quarter.

The indictment alleges that one of the reasons that Forbes engaged in the fraud was to personally enrich himself through increased compensation from CUC. Indictment, Count 1, ¶ 18. Moreover, Forbes repeatedly asked the CUC Board of Directors to increase his compensation precisely because CUC's reported financial results had been so strong. Tr. 14021-54, 14064-68; GX 435, 438, 1500.

Forbes has argued that it would have been irrational for him to turn over control of CUC to the non-conspirators at HFS if Forbes had participated in the conspiracy, because losing control created a risk that the fraud would be discovered. Evidence that Forbes was strongly motivated to commit the fraud because it paved the way for continuously increasing his compensation and amassing a $200 million fortune by 1998 is

2

highly relevant to show why Forbes was willing to take that risk.

The jury is certainly free to reject Forbes' self-serving testimony that he was lampooning Henry Silverman with the t-shirt rather than making an "inside joke" with his closest corporate advisors about Forbes' own greed.  See United States v. MacPherson, __ F.3d __, 2005 WL 2212043, *6  (2d Cir., Sept. 13, 2005)("it is the task of the jury, not the court, to chose among competing inferences).  Thus, the Government can reasonably argue that GX 1527 constitutes a tacit and humorous admission by Forbes that he was determined to obtain a "full trough" of compensation.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court deny Forbes' Pre-Retrial Motion *In Limine* No 12.

                                     Respectfully submitted,

                                     CHRISTOPHER J. CHRISTIE
                                     Special Attorney
                                     U.S. Department of Justice

                                     /s/ Norman Gross

                                     NORMAN GROSS
                                     MICHAEL MARTINEZ
                                     CRAIG CARPENITO
                                     Special Attorneys
                                     U.S. Department of Justice

Dated: September 27, 2005
Hartford, Connecticut

CERTIFICATE OF SERVICE

       The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following by hand delivery:

Barry S. Simon, Esq.
Williams & Connolly LLP
Residence Inn
942 Main Street
Hartford, CT 06103

   /s/ Debra Elliott
   DEBRA ELLIOTT
   U.S. Department of Justice

Dated: September 27, 2005
       Hartford, Connecticut