UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | September 27, 2005 |
| | : | |
| WALTER A. FORBES | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT WALTER A. FORBES' MOTION TO PRECLUDE REFERENCES TO THE TRUTH-TELLING PROVISIONS IN COSMO CORIGLIANO'S PLEA AGREEMENT

(Forbes Retrial Motion *In Limine* No. 13)

CHRISTOPHER J. CHRISTIE
NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
Special Attorneys
U. S. Department of Justice
Room 320
450 Main Street
Hartford, Connecticut 06103
Tel: (860) 240-3387
Fax: (860) 240-3391

**ARGUMENT**

Forbes seeks to preclude the Government from presenting any evidence regarding the "truth-telling provisions" of Corigliano's guilty plea/cooperation agreement. The provisions at issue: (1) compel Corigliano to provide truthful information about any matters about which the Government might inquire of him, and to give truthful testimony in all proceedings, including trials; and (2) eliminate any restrictions created by the agreement on the Government's authority to prosecute Corigliano for any crimes other than those for which he pleaded guilty in the event that Corigliano intentionally gives false or misleading testimony. DX 300.

Forbes does not dispute that he will vigorously attack Corigliano's credibility during the retrial, as he did during the first trial. Nor does Forbes dispute that his attack will include, as it did during the first trial, arguments that Corigliano has both a motive and the intention to falsely implicate Forbes in the charged fraud because Corigliano believes that he will receive a reduced prison sentence as a reward for such supposedly false testimony. E.g., Tr. 97-99 (Forbes' opening).

When a defendant lodges such an attack against a cooperating witness, as Forbes apparently intends to do during the retrial, the Government is entitled to elicit evidence of the truth-telling provisions of the cooperation agreement. United

States v. U.S. v. Carr, __ F.3d __, 2005 WL 2222271, *10 (2d Cir., September 14, 2005)("Considering the defense counsel's persistent attacks on the witnesses' credibility, the district court rightly permitted the government to introduce into evidence the various cooperation agreements and to elicit testimony about each cooperating witness's understanding of what his agreement required-- specifically, to tell the truth."); United States v. Smith, 778 F.2d 925, 928 (2d Cir.1985) (noting that the "truth-telling portions" of cooperation agreements can properly be elicited on direct examination if a witness's credibility has been attacked); see United States v. Cosentino, 844 F.2d 30, 34 (2d Cir. 1988) (holding "that the written text of a cooperation agreement may be admitted during a witness' direct testimony whenever a defense attack on credibility in opening has made evidence of the whole agreement admissible").

Forbes contends that this Court should nevertheless ignore this well-settled law (which Forbes declines to cite) because Corigliano supposedly violated his cooperation agreement when he supposedly committed perjury during the first trial. Forbes identifies a single example of Corigliano's supposed perjury during the first trial: his testimony regarding a meeting in Shelton's office in March 1998, FM 2-4.

Forbes' contention that Corigliano committed perjury at the first trial regarding his testimony about the March 1998

2

meeting was one of the grounds for Forbes' prior motion for a mistrial based on Corigliano's supposed perjury. Forbes' Trial Motion No. 28, p. 7, n.5, Docket No. 1084, filed August 20, 2004. This Court denied that motion, apparently rejecting Forbes' claim that the Government knowingly elicited perjured testimony on this and other matters identified in Forbes' mistrial motion.

As the Government previously explained at p. 19, n.16 of its "Memorandum in Opposition to Forbes' Motion for a Mistrial Based on the Testimony of Cosmo Corigliano," Docket No. 1147, filed September 8, 2004, any discrepancy between Corigliano's testimony regarding the timing of the March 1998 meeting and the evidence that Forbes was not in Stamford when Corigliano supposedly said he was cannot demonstrate that Corigliano committed perjury. As the Second Circuit has observed, a witness's mistaken testimony about the timing of the defendant's criminal acts is not sufficiently misleading to establish a due process violation, even if documentary evidence shows that the culpable acts could not have occurred when the witness testified that they did. United States v. Glover, 588 F.2d 876, 879 (2d Cir. 1978)(rejecting due process claim where the witness's testimony may have been "mistaken by a few months with regard to specific dates").

The Government incorporates by reference herein the arguments set forth in its opposition to Forbes' mistrial motion

3

based on Corigliano's supposed perjury, including its arguments about why the cases cited and summarized in Forbes' present motion to preclude evidence regarding the truth-telling provisions of Corigliano's plea/cooperation agreement, FM 4-6, are inapposite.  See pp. 19-22 and nn. 17-20, "Memorandum of the United States in Opposition to Forbes' Trial Motion No. 28," incorporating by reference pp. 14-15 and n.7, "Memorandum of the United States in Opposition to Forbes' Motion for a Mistrial Based on the Testimony of Kevin Kearney," Docket No. 1122, filed August 30, 2004.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court deny Forbes' Pre-Retrial Motion *In Limine* No. 13.

>Respectfully submitted,
>
>CHRISTOPHER J. CHRISTIE
>Special Attorney
>U.S. Department of Justice
>
>/s/ Norman Gross
>
>NORMAN GROSS
>MICHAEL MARTINEZ
>CRAIG CARPENITO
>Special Attorneys
>U.S. Department of Justice

Dated: September 27, 2005
Hartford, Connecticut

CERTIFICATE OF SERVICE

       The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following by hand delivery:

Barry S. Simon, Esq.
Williams & Connolly LLP
Residence Inn
942 Main Street
Hartford, CT 06103

   /s/ Debra Elliott
   DEBRA ELLIOTT
   U.S. Department of Justice

Dated: September 27, 2005
       Hartford, Connecticut