UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | September 27, 2005 |
| | : | |
| WALTER A. FORBES | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT WALTER A. FORBES' MOTION TO PRECLUDE THE ADMISSION OF ANY EVIDENCE REGARDING CENDANT'S RESTATEMENT

(Forbes Retrial Motion *In Limine* No. 19)

CHRISTOPHER J. CHRISTIE
NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
Special Attorneys
U. S. Department of Justice
Room 320
450 Main Street
Hartford, Connecticut 06103
Tel: (860) 240-3387
Fax: (860) 240-3391

**ARGUMENT**

Forbes again moves, as he did before the initial trial, to preclude all evidence regarding the fact that Cendant restated its financial results for the years 1995-97 after discovering that the manipulative accounting at CUC had fraudulently inflated that company's results for those years. This Court previously denied Forbes' earlier motion *in limine* to preclude this evidence. Tr. 5-6, denying Forbes' Motion *In Limine* No. 7, but reserving ruling on whether the restatement would be admitted as a full exhibit; Tr. 1538 (Court explaining that the restatement was relevant to the issues of materiality and falsity of certain public statements regarding CUC's financial results). Thereafter, the Government offered evidence that Cendant had restated its financial results, but did not offer the restatement into evidence, or elicit evidence regarding the amount of the restatement. Tr. 254, 257-59, 1202, 1467, 1756-66, 6916-22.

Forbes again raises all of the arguments he previously raised in his earlier motion *in limine* challenging the restatement, FM 2, referencing Forbes' Motion *In Limine* No. 7. He therefore acknowledges that his present motion seeks reconsideration of his previous motion, but declines to seek to demonstrate that this Court's prior ruling was so erroneous that it should be reconsidered and reversed. See Jordan (Bermuda) Investment Co., Ltd. v. Hunter Green Investments Ltd., 2003 WL 21263544, *3 (S.D.N.Y., June 2, 2003)(denying reconsideration

where the moving party "failed to meet [the applicable] standard by neither pointing to controlling decisions or data that the court overlooked nor showing that reconsideration is necessary in order to correct a clear error or prevent manifest injustice") (internal punctuation and citations omitted).[1]

Additionally, Forbes claims that the restatement itself should be excluded as hearsay.  The Government does not intend at this time to offer the restatement into evidence during the retrial, so Forbes' hearsay objection need not be considered. In the event that the Government concludes that Forbes has opened the door to such matters, the Government will not elicit any evidence or make any reference to those matters without prior authorization of the Court.

---

[1] The Government incorporates by reference the arguments set forth at pp. 6-10 of its "Memorandum in Response to Forbes' Motions *in Limine* 5, 6, and 7," Docket No. 666, filed May 3, 2004.

2

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that this Court deny Forbes' Pre-Retrial Motion *In Limine* No 19.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice

/s/ Norman Gross

NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
Special Attorneys
U.S. Department of Justice

Dated: September 27, 2005
Hartford, Connecticut

CERTIFICATE OF SERVICE

    The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following by hand delivery:

Barry S. Simon, Esq.
Williams & Connolly LLP
Residence Inn
942 Main Street
Hartford, CT 06103

    /s/ Debra Elliott
DEBRA ELLIOTT
U.S. Department of Justice

Dated: September 27, 2005
       Hartford, Connecticut