UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | September 27, 2005 |
| | : | |
| WALTER A. FORBES | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT WALTER A. FORBES' MOTION TO PRECLUDE REFERENCES TO STUART BELL AS HIS FRIEND OR BUSINESS PARTNER

(Forbes Retrial Motion *In Limine* No. 9)(FILED UNDER SEAL)

CHRISTOPHER J. CHRISTIE
NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
Special Attorneys
U. S. Department of Justice
Room 320
450 Main Street
Hartford, Connecticut 06103
Tel: (860) 240-3387
Fax: (860) 240-3391

**ARGUMENT**

Forbes conditionally moves, in the event that this Court denies his motion to compel the Government to immunize Stu Bell (Forbes Retrial Motion No. 7), to exclude as supposedly irrelevant and prejudicial any evidence that Stu Bell was Forbes' friend and business partner. Forbes claims that such evidence will cause the jury to draw the improper inference that Forbes has the ability to call Bell as a witness, even though Bell's unavailability is attributable to his invocation of his Fifth Amendment privilege. Forbes also claims that evidence of the close relationship between Forbes and Bell will cause the jury to believe that Forbes is "guilty by [his] association" to Bell.

As to the first concern, it is easily remedied by the instruction given during the initial trial that the jury can draw no inferences from the fact that either party declined to call a particular witness. Tr. 16406-07. The Government would not object to a more specific instruction that the jury can draw no inferences from the fact that neither party decided to call Bell as a witness. The jury will presumably follow this instruction. United States v. Downing, 297 F.3d 52, 59 (2d Cir. 2002).

As for the second concern, the evidence is not offered to show "guilt by association," nor will the Government argue any inference suggesting guilt by association. Rather, the evidence is relevant to show that Forbes had knowledge of the fraud through the following inferential reasoning: Corigliano's

testimony, if believed, will establish that he learned the fraud from Bell. In deciding whether or not Bell concealed the fraud from Forbes, the jury could reasonably consider all circumstances that Bell might have to reveal the fraud to Forbes. Thus, Forbes does not contend that the fact that he was Bell's direct supervisor at CUC for many years was relevant to prove Forbes' knowledge of the fraud, because Bell had a strong incentive to insure that his boss had authorized the fraud before undertaking the risks inherent in participating in the fraud.

Similarly, the fact that Bell was Forbes' friend would make it more likely that Bell would confide the fraud to Forbes than if Bell and Forbes were not friends, since, all other things being equal, friends are more likely to keep each other's confidence than non-friends. See generally United States v. Murphy, 957 F.2d 550, 553 (8th Cir. 1992)(evidence regarding twenty-year friendship between defendant law enforcement official and co-conspirator bookmaker was relevant to prove that they entered into a conspiracy in which the defendant disclosed confidential investigative information to help the bookmaker friend hide his illegal activities from the police).

Although business partnerships are perhaps less likely to engender personal loyalty than friendships, such partnerships may also engender such loyalty. Additionally, because the success of Bell's and Forbes' joint business activities would be

2

undermined by any liability that Forbes' incurred, Bell would have an incentive to inform Forbes about the fraud so that Forbes would be able to take whatever precautions he could to shield himself against such liability. Thus, the various ties between Forbes and Bell, of supervisor and subordinate, as friends, and as business partners, all would make it more likely that Bell would confide the fraud to Forbes than if any of those ties did not exist. This Court should therefore admit evidence about Forbes' and Bell's various relationships.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court deny Forbes' Pre-Retrial Motion *In Limine* No. 9.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice

/s/ Norman Gross

NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
Special Attorneys
U.S. Department of Justice

Dated: September 27, 2005
Hartford, Connecticut

3

CERTIFICATE OF SERVICE

The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following by hand delivery:

Barry S. Simon, Esq.
Williams & Connolly LLP
Residence Inn
942 Main Street
Hartford, CT 06103


/s/ Debra Elliott
DEBRA ELLIOTT
U.S. Department of Justice

Dated: September 27, 2005
       Hartford, Connecticut