UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------- x
UNITED STATES OF AMERICA           :
                                   :
           v.                      :  No. 3:02CR264 (AWT)
                                   :
WALTER A. FORBES,                  :  September 22, 2005
               Defendant.          :
                                   :
---------------------------------- x

**DECLARATION OF ERIC A. TIRSCHWELL
IN SUPPORT OF MOTION TO QUASH RULE 17(C) SUBPOENAS**

I, ERIC A. TIRSCHWELL, declare as follows:

1. I am a partner at the law firm of Kramer Levin Naftalis & Frankel LLP ("Kramer Levin"). I submit this affidavit in support of the motion of non-parties Cosmo Corigliano and Kramer Levin to quash Rule 17(c) subpoenas *duces tecum* dated September 23, 2005.

2. On September 12, 2005, approximately one hour prior to our scheduled meet and confer with counsel for defendant Forbes, we received by email four new sets of demands for Kramer Levin and Mr. Corigliano, and were told that these demands subsequently would be incorporated into four separate additional subpoenas.

3. During our meet and confer telephone conference shortly thereafter, defendant Forbes' counsel acknowledged that the requests in two of the four new subpoenas were taken word-for-word from prior subpoenas that the Court had quashed either in the pretrial context or during the first trial.

4. But counsel for Forbes refused to identify the specific calls as to which they would be seeking reconsideration, notwithstanding their prior express promise to do just that, or to provide

KL3:2467614.1

specific grounds for any such reconsideration.

5. Mr. Simon also refused our request to withdraw duplicative requests from CC#1, CC#2, KL#1, KL#2, and KL#3, or to move those duplicative requests to the KL#4 and CC#3 Renewal subpoenas.

6. We also raised with Forbes' counsel the fact that none of the four separate subpoenas served on Kramer Levin has any carve-out for attorney work-product – a carve-out that was expressly acknowledged as appropriate by Forbes during the first trial – and questioned whether they were actively seeking our work-product. Mr. Simon expressed his view that the privilege was vitiated by "various crimes and frauds," a position that Forbes' counsel had unsuccessfully asserted multiple times at the 2004 trial and that the Court had several times already, on a full record, squarely rejected.

7. When we asked Mr. Simon to identify the specific subpoena demands as to which he was (re-)asserting "crime fraud," and further asked that he agree that as to all others he was not seeking confidential attorney work-product, he said that he would consider our request and get back to us. He never did, and we were never provided with any additional information that would narrow the scope of these subpoenas.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 22, 2005:

_____
Eric A. Tirschwell

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of the foregoing document, dated September 22, 2005, was served via facsimile and overnight mail this 23rd day of September, 2005 upon the following parties:

Michael Martinez, Esq.
Assistant United States Attorney
U.S. Department of Justice
450 Main Street, Room 320
Hartford, CT 06103

Barry S. Simon, Esq.
Williams & Connolly LLP
c/o Marriott Residence Hotel
942 Main Street
Hartford, CT 06103

James T. Cowdery, Esq.
Thomas J. Murphy, Esq.
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103

_____
J. Wells Dixon