UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| | : | |
| v. | : | September 28, 2005 |
| | : | |
| | : | |
| | : | |
| WALTER A. FORBES | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT WALTER A. FORBES' MOTION TO
STRIKE CERTAIN JURORS AND GOVERNMENT'S MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE CERTAIN POTENTIAL JUROR FOR CAUSE
<u>(FILED UNDER SEAL)</u>

(Forbes Retrial Motion No. 9)

CHRISTOPHER J. CHRISTIE
NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
Special Attorneys
U. S. Department of Justice
970 Broad Street, Room 700
Newark, New Jersey 07101
Tel: (973) 645-2700
Fax: (973) 645-2857

I. **GOVERNMENT'S RESPONSE TO DEFENDANT WALTER A. FORBES' MOTION TO STRIKE CERTAIN JURORS.**

The Sixth Amendment to the United States Constitution guarantees the accused in a criminal prosecution with the right to be tried "by an impartial jury." U.S. Const. Amend. VI. As the Supreme Court observed in McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, "[o]ne touchstone of a fair trial is an impartial trier of fact - a jury capable and willing to decide the case solely on the evidence before it." Id. at 554 (internal quotation marks and citation omitted).

This Court has very broad discretion in ruling on challenges for cause. As the Second Circuit recently explained:

> Impaneling a jury requires a trial judge to assess carefully the demeanor and tone of prospective jurors to determine if there is any potential for prejudice. District courts, of necessity, have both broad discretion and a duty to ensure that the jury ultimately impaneled is unbiased. The determination of whether a juror can serve impartially will not be disturbed absent a clear abuse of discretion. In fact, we have stated that there are few aspects of a jury trial where we would be less inclined to disturb a trial judge's exercise of discretion, absent clear abuse, than in ruling on challenges for cause in the empanelling of a jury.

United States v. Perez, 387 F.3d 201, 205 (2d Cir. 2004)(internal citations and punctuation omitted). At Forbes' behest, this Court fashioned a very far-reaching juror questionnaire that probed into every conceivable source of possible bias. The Court has also granted defense counsel wide latitude to ask follow-up questions. This Court's rulings on Forbes' challenges for cause following such extensive *voir dire* will be informed by all conceivably relevant information, and are thus presumptively

correct.  United States v. Torres, 128 F.3d 38, 44 (2d Cir. 1997)("once the proper questions have been asked at *voir dire*, the trial court, when impaneling a jury, has broad discretion in its rulings on challenges therefor")(internal punctuation omitted).

The Government requests that this Court exercise its very broad discretion in ruling on Forbes' challenges for cause to various jurors as follows:

**A. Juror No. 12.**

The Government does not oppose Forbes' motion to strike Juror No. 12 for cause.

**B. Juror No. 116.**

The Government opposes Forbes' motion to strike Juror No. 116 for cause.  Juror No. 116 is the Director of Business Development for United Healthcare.  Tr. 647.  In that capacity, he periodically produces documents to that company's auditors, Ernst & Young, in order to fulfill United Healthcare's obligations under the Sarbanes-Oxley Act.  Tr. 647-48.  He has received an MBA degree.  Tr. 652.

Forbes claims that Juror No. 116 expressed "strong feelings" about corporate financial misconduct, but the record shows otherwise.  The juror stated that he considers himself an ethical person (hardly a disqualifying factor) and has been disappointed when persons have been convicted of corporate

criminal conduct. Tr. 649. He acknowledged, however, that accusations of crime, as opposed to convictions, do not mean that there has been any crime committed. Tr. 649-50. A feeling of "disappointment" arising from the convictions of other business executives is more akin to professional embarrassment than a possible bias against business executives charged with criminal conduct.

Forbes contention that Juror No. 116 would be unduly swayed by his knowledge about the Sarbanes-Oxley Act is also belied by the record. Juror No. 116 stated that he believed that he could "easily put out of his mind" the requirements of Sarbanes-Oxley, and understood the Court's clarification that the statute "has no bearing on this case." Tr. 654-55. See United States v. Rubin, 37 F.3d 49, 54 (2d Cir. 1994)(affirming district court's denial of defense challenges for cause where "each juror gave full and frank answers and indicated that they would judge Rubin's case fairly").[1] Although Forbes contends that the juror's answer to another question was non-responsive, Forbes declined to follow-up on that question in order to obtain a more responsive answer. Tr. 655.

**C. Juror No. 168.**

The Government does not oppose Forbes' motion to excuse

---

[1] Tellingly, the juror stated that even his own daughter (often a parent's most knowledgeable, and occasionally most severe critic) believed that he would be a fair juror. Tr. 656.

Juror No. 168 for cause.

**D. Jurors Nos. 190 and 199.**

The Government opposes Forbes' motion to strike Juror No. 190 for cause, on the ground that she is barred from service by operation of 28 U.S.C. § 1863(b)(6), which provides that a federal district court's written plan for random selection of grand and petit jurors shall:

> (6) specify that the following persons are barred from jury service on the ground that they are exempt: . . . (B) members of the fire or police department of any State . . .

28 U.S.C. § 1863(b)(6). Juror 190 is not a "member of . . . [a] police department." Rather, she explained that:

> I work with the state troopers and they are in and out of building all the time. So that's the experience I've had.

Tr. 720. Notwithstanding that experience, Juror No. 190 stated unequivocally that she "would still be fair regardless of [her] job." Id. She regards herself as an honest person who would be comfortable having someone like herself as a juror if she were the accused. Tr. 721. Forbes provides neither argument nor authority to support his contention that an exemption for police officers, which is plainly intended to insure that the public will not be deprived of vital public services such as police and fire protection, has any application to a person who does not provide such services. A person who works in a lunch counter in police barracks, like Juror No. 190, also "works with police." Like Juror No. 190, however, such a person does not fall within

4

the statutory exemption for police officers, because that person does not provide vital public protection services.

The Government does not oppose Forbes' motion to strike Juror No. 199 for cause.

**E. Juror No. 274.**

The Government opposes Forbes' motion to strike Juror No. 274 for cause.  Forbes provides no support for his claim that the juror should be excused from a case involving evidence about accounting merely because she is an accountant.  <u>Torres</u>, 128 F.3d at 46 ("Our court has consistently refused to create a set of unreasonably constricting presumptions that jurors be excused for cause due to certain occupational or other special relationships which might bear directly or indirectly on the circumstances of a given case, where there is no showing of actual bias or prejudice.")(internal punctuation omitted); <u>United States v. Maldonado-Rivera</u>, 922 F.2d 934, 970-971 (2d Cir. 1990)(in a prosecution for crimes committed against banks, the district court properly rejected defense challenges for cause against jurors who had been employed by banks; "[t]he court is not required to excuse any juror on the basis of his occupational background so long as the court is able to conclude that the juror would be able to view the evidence with impartiality and to decide the case without bias.  We see no abuse of discretion in the present case.").

Forbes speculates that the juror has "expert accounting knowledge . . . that will inevitably influence her consideration of the case," and that she will not "eliminate her knowledge of financial reporting" in her deliberations. Forbes' Memorandum 9. He fails to explain why a juror cannot be fair and impartial merely because she is knowledgeable about some of the technical issues involved in a case. See generally Hughes v. State of Oklahoma, 426 F.Supp. 36, 40 (W.D.Okla. 1976)("There is no constitutional bar to an attorney or a person with a legal education serving on a jury."). The juror's "strong view" that "financial reporting provides a snapshot of the company" is at most a neutral factor; neither party to this case has ever taken the position that financial reporting does not provide a metaphorical "snapshot" of the financial condition of the company.

Nor should the Court dismiss Juror No. 274 for cause merely because her corporate employer has entered into a "Corporate Integrity Agreement" with the Department of Health and Human Services ("HSS"). HHS is not at all involved in this case, and the juror is not a party to that agreement. Even assuming that the agreement is the result of alleged wrongdoing by the juror's employer, there is nothing in the record to suggest that the juror herself had any involvement in that supposed wrongdoing. Her only involvement with the integrity agreement is

limited to providing documents to auditors from the Inspector General's Office.  Tr. 538.

Given the jurors' own apparent lack of involvement in any supposed corporate wrong-doing or decision-making responsibility regarding the Integrity Agreement, Forbes' speculation that the juror would be biased against him in order to secure favor with federal prosecutors from the Department of Justice is simply too far-fetched to demonstrate that the juror should be stricken for cause.  See Dennis v. United States, 339 U.S. 162, 172 (1950)(juror's employment with the federal government was not a sufficient ground for mandatory excusal on the ground of implied bias).

**F. Juror No. 285.**

The Government opposes Forbes' motion to excuse Juror No. 285 for cause.  Although the juror noted that his grandfather was the victim of a "scam" involving insurance, not the sale of securities, the juror explained that he was ignorant of the details of that event.  Tr. 562-63.  Contrary to Forbes' contention, the record does not demonstrate that the juror believed that either he or any member of his immediate family was a victim of the kind of crimes charged in this case.  See United States v. Greer, 285 F.3d 158, 171-72 (2d Cir. 2002)(finding no presumed bias where the juror was "neither related to a party nor a victim of the defendants' crimes").

Although the juror thought of Enron when he was informed about the general outlines of this case, he apparently has no detailed knowledge of the Enron case, and explained that Enron and this case "just sounded like something to do with stocks, stock fraud, whatnot. I don't know for sure." Tr. 562. A juror should not be removed for cause merely because he is aware that Enron executives have been accused of "stock fraud." See Greer, 285 F.3d at 171 (the district court permissibly exercised its broad discretion by declining to excuse a juror for cause after concluding that the juror had "learned nothing of substance" about the case from his conversation with a third party).[2]

Likewise, the juror's understanding that a "few bad

---

[2] Simply because Forbes is charged with certain crimes that have been the focus of media attention in recent years does not mean that he is entitled to be tried by jurors who are wholly ignorant of that attention. As the Second Circuit explained in Knapp v. Leonardo, 46 F.3d 170 (2d Cir. 1995):

> The Court has also recognized that in the era of modern communications, it is nearly impossible to find a juror who has not been exposed to some measure of information regarding a highly publicized case:
>
> To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.

Id. at 176.

apples" have caused problems in the stock market does not evince any possible bias against corporate executives, particularly since the juror believed that the problems were caused by only a "few" persons who were "less than honest," and confirmed that most corporations are run by "good people." Tr. 568.

Forbes also seeks removal of the juror because of his responses regarding deliberations. That the juror would "consider" the views of other jurors if he was a minority of one is hardly grounds for removal: the court will instruct the jurors that they should deliberate by considering the views of others, so long as each juror reaches his own independent decision. Initial Trial Tr. 16416-17. The juror confirmed that, even if he was the lone hold-out for a particular verdict, he believed that he would not relinquish his views merely to reach a verdict. Tr. 567-68. No more is required.

**G. Juror No. 297**

The Government opposes Forbes' request to strike Juror No. 297 for cause, merely because Hartford Steam Boiler is a client of her corporate employer. The Juror is not employed by Hartford Steam Boiler, nor does the record reflect that the juror's compensation is influenced by her company's business with that company. Bolt v. Hickok, 887 F.Supp. 709, 713-714 (D. Del 1995)(a juror who had business connections with the medical community did not have to be excused for cause in a medical

malpractice action).  To the contrary, the juror stated unequivocally stated that her decision in this case would not be influenced by any such relationship.  Tr. 578-79.  United States v. Garcia, 936 F.2d 648, 653 (2d Cir. 1991) (affirming denial of defense motions to strike jurors for cause, where the jurors' "unwavering affirmations of impartiality, combined with the district judge's favorable evaluation of the prospective jurors' demeanor, provided ample grounds upon which to find that they were not biased."); United States v. Brown, 644 F.2d 101, 103-04 (2d Cir. 1981) (finding no reversible error where the district court in a bank robbery prosecution declined to dismiss for cause a juror (who was subsequently dismissed by exercise of a defense peremptory challenge) who was employed by a different branch of the same bank that was robbed, where the juror explained that she would base her decision upon the evidence and that her employment would not affect her judgment).

     The question of whether a prospective juror's experiences have a sufficient nexus to the crime or to the crime's victims to justify dismissal for cause involves line-drawing that is within the broad discretion of this Court. United States v. Ploof, 464 F.2d 116, 118 (2d Cir. 1972)(in a prosecution for receiving stolen cars, the district court properly denied a motion to strike for cause a juror who merely knew others who were stolen car victims, even though the court

10

had excused for cause four persons whose cars were stolen, or had immediate family members who had cars stolen). The tenuous relationship between Juror No. 297 and one of the many thousands of victims of the charged fraud in this case is insufficient to demonstrate the kind of presumptive bias that requires removal for cause. United States v. Zichettello, 208 F.3d 72, 106 (2d Cir. 2000)(affirming the district court's refusal to remove for cause a juror who managed a portfolio that included a pension fund for the police department in a RICO prosecution involving a labor union for the city's transit police officers, in light of the the court's determination that juror could be impartial); United States v. Morales, 185 F.3d 74, 83-84 (2d Cir. 1999) (affirming the district court's denial of a motion to strike for cause, in a prosecution involving attempted murders of police officers, persons who: (1) worked as a NYC corrections officer; (2) had brothers who served as an FBI agent and as a NYPD officer; and (3) was a peace officer in connection with his job as a toll collector and had a daughter who was a civilian employee of the NYPD; defendant failed to establish that any of those persons suffered from "implied bias" requiring their excusal for cause).

**H. Juror No. 328**

The Government opposes Forbes' motion to excuse for cause Juror No. 328. Forbes again claims that, because the juror

is a CPA and tax specialist, he will be unable to "eliminate from his mind" his own knowledge of those matters in deciding this case.  Forbes declines to provide any authority for the proposition that a physician may not serve as juror in a medical malpractice case, that a lawyer may not serve as a juror in a legal malpractice case, or that an accountant may not serve as a juror in a case involving accounting misconduct.  See Poynter by Poynter v. Ratcliff, 874 F.2d 219, 221-22 (4th Cir. 1989) (affirming the denial of a challenge for cause, in a medical malpractice action, to a juror who was a medical technician).

   That the juror is currently employed by PricewaterhouseCoopers ("PWC") also does not disqualify him from service on this jury.  There have been no allegations in this case that anyone from PWC or its predecessor, Coopers & Lybrand, did anything improper in connection with any of the accounting that is at issue in this case.  Thus, the fact that PWC served as the auditors for Ideon does not implicate the misuse of the Ideon merger reserve that was established by CUC (not Ideon) and that was audited by E&Y, not PWC.  Accordingly, the juror will not be required to pass judgments on any accounting decisions by anyone at PWC or Coopers & Lybrand.  His employment status is an insufficient basis to excuse him for cause.  See Mikus v. United States, 433 F.2d 719, 723-24 (2d Cir. 1970) (affirming, in a bank robbery prosecution, the district court's denial of challenges

12

for cause to the wife of a bank official, a police officer of 13 years, and the wife a state police officer; the mere status of those jurors did not per se constitute sufficient cause for their being excused).

**I.   Juror No. 352.**

The Government opposes Forbes' motion to strike Juror No. 352 for cause.  Although Forbes contends that the juror is biased against wealthy persons such as himself, the juror stated unequivocally that he was "confident" that he would be fair and impartial notwithstanding the fact that Forbes was wealthy.  Tr. 665-66.  Accordingly, Forbes contention that the juror equivocated about his ability to be fair, FM 14, is belied by the complete record.  The juror elaborated on the importance of being fair and impartial as a juror, explaining that "I just feel that that's the way -- it comes back to me being honest with myself. I can't hold something against somebody because they have a lot of money or make a large amount of money.  That wouldn't be fair."  Tr. 666.

The juror further explained that he is not biased against wealthy individuals; he has in fact worked with persons who made substantial salaries and did not have a bad opinion of them.  Tr. 665.  Accordingly, the juror's general views about the unequal distribution of wealth in American society, and his belief that some persons were paid more than they were "worth"

13

are simply not so strongly held that they would overcome his very strong views that he had to be "honest with himself" and not consider a defendant's wealth in deciding a criminal case. See United States v. Sun Myung Moon, 718 F.2d 1210, 1218-19 (2d Cir. 1983) ("Even where a prospective juror has formed some preconceived opinion as to the guilt of the accused in the case on trial the juror is sufficiently impartial if he or she can set aside that opinion and render a verdict based on the evidence in the case."); see generally Torres, 128 F.3d at 47 n. 12 ("a judge may -- particularly when considering whether some marginal types of disclosed facts are enough to show inferable bias -- ask about a juror's impartiality and might be persuaded by the force of the juror's assurance (even though another judge would have discretion to take the disclosed fact and make a finding of inferred bias without further inquiry")).

      Forbes also seeks to excuse Juror No. 352 because he resides in Middlesex County, outside the Hartford vicinage of this District's jury selection plan. Forbes does not explain why this fact should disqualify Juror No. 352 for cause, since one of the purposes of dividing the District into separate vicinages is to promote the convenience of the jurors, so that they will not have to travel inordinate distances to fulfill their obligations of juror service. If Juror No. 352 has not expressed a hardship for having to travel to Hartford, the fact that he lives outside

of the vicinage is not a basis to excuse him for cause. <u>Cf.</u> <u>United States v. Gruberg</u>, 493 F.Supp. 234, 243 n. 5 (S.D.N.Y. 1979) (rejecting defendant's claim that he was entitled to be tried by jurors in a particular vicinage of the judicial district which had jurisdiction over the charged crimes).

**II. GOVERNMENT'S MOTION TO STRIKE CERTAIN POTENTIAL JUROR FOR CAUSE.**

Juror No. 326 should be excused for cause because her answers relating to an employee witness testifying against his or her employer disclosed a potential bias. Tr. 810. As Forbes acknowledged in his memorandum in support of his motion to strike certain potential jurors, a juror may be dismissed for an inferable bias if the juror's responses to questioning permit an inference that the juror would not be objective. Forbes' Memorandum, dated September 27, 2005, at 2 (citing <u>United States v. Torres</u>, 128 F.3d 38, 47 (2d Cir. 1997)). As indicated in her confidential juror questionnaire, Juror No. 326's husband is currently the defendant in an employment action brought by a former employee stemming from that employee's termination. <u>See</u> Question No. 76. When the United States questioned Juror No. 326 regarding whether she would have difficulty deliberating in a case where an employee testified against a former employer, she responded, "I would hope not" and "I would try not to, but, you know, I really don't know." Tr. 810. At no point did Juror No. 326 unambiguously state that she could be fair and impartial.

See <u>United States v. Nelson</u>, 277 F.3d 164, 202-03 (2d Cir. 2002) ("[I]t is important that a juror who has expressed doubts about his or her impartiality also <u>unambiguously</u> assure the district court, in the face of these doubts, of her willingness to exert truly best efforts to decide the case without reference to the predispositions and based solely on the evidence presented at trial.") (emphasis in original).  Therefore, Juror No. 326 should be dismissed for cause.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court deny Forbes' request to strike for cause Jurors Nos. 116, 190, 199, 274, 285, 297 and 352, and that this Court grant the Government's motion to strike Juror #326 for cause.

        Respectfully submitted,

        CHRISTOPHER J. CHRISTIE
        Special Attorney
        U.S. Department of Justice

        /s/ Norman Gross

        NORMAN GROSS
        MICHAEL MARTINEZ
        CRAIG CARPENITO
        Special Attorneys
        U.S. Department of Justice

Dated: September 28, 2005
Hartford, Connecticut

<u>CERTIFICATE OF SERVICE</u>

      The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following by hand delivery:

Barry S. Simon, Esq.
Williams & Connolly LLP
Residence Inn
942 Main Street
Hartford, CT 06103


      /s/ Debra Elliott
      DEBRA ELLIOTT
      U.S. Department of Justice

Dated: September 28, 2005
      Camden, New Jersey