UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>WALTER A. FORBES )<br>)<br>) | No. 3:02CR264 (AWT)<br><br>September 28, 2005<br><br><u>FILED UNDER SEAL</u> |

### MEMORANDUM OF WALTER A. FORBES
### IN OPPOSITION TO GOVERNMENT'S MOTION
### TO STRIKE CERTAIN POTENTIAL JUROR FOR CAUSE

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits this memorandum in opposition to the government's motion to strike Juror No. 326 for cause.

### ARGUMENT

The basis of the government's objection to Juror No. 326 is that she said she "would hope not" to have difficulty considering a case involving allegations by former employees against a former employer, Tr. 810, such as the suit that she described brought by a former employee against her husband, the <u>owner</u> of a carwash business. This case, however, does not involve allegations or testimony by former employees against a former employer. Rather, it involves testimony by <u>individuals</u> who formerly were employed by, and officers of, CUC and Cendant against an <u>individual</u> who formerly was an officer and director of CUC and a director of Cendant.

Mr. Forbes was not Mr. Corigliano's former employer; CUC and Cendant were. Nor is this case one of employees versus management, as suggested by the government's questions. Accordingly, Juror No. 326's apparent concern about an employee testifying against a former employer has no application to this case and should not disqualify Juror No. 326. In addition, the only individual whose testimony is actually adverse to Mr. Forbes in this case -- Cosmo Corigliano -- was not a low-level employee of CUC or Cendant who would be testifying against a high-level superior. He was the CFO of CUC and an officer of the company. For this reason as well, any concern by Juror No. 326 about an employee testifying against a former employer has no bearing on this case and is not a basis for excusing Juror No. 326 for cause.[1]

---

[1] In light of the fact that the government's questioning did not describe the actual situation that would be presented at trial, and thus raised no issue of a challenge for cause (as opposed to any peremptory challenge the government may choose to exercise), counsel for Mr. Forbes did not engage in any examination of Juror No. 326 about the <u>actual</u> factual scenario presented by this case. If the Court does not reject the government's challenge on its face, it should at least permit inquiry into whether there is any reason that Juror No. 326 would be unable to decide the case fairly and impartially based on the <u>actual</u> factual situation that will be at issue at the trial.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No.ct17115)
Barry S. Simon  (Bar No. ct24159)
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Memorandum of Walter A. Forbes in Opposition to Government's Motion to Strike Certain Potential Juror for Cause to be sent on September 28, 2005 to the following: via email and hand-delivery:

**VIA HAND DELIVERY**
Michael Martinez, Esq.
Craig Carpenito, Esq.
United States Attorneys
The Federal Building
U.S. Department of Justice
450 Main Street, Room 320
Hartford, CT 06103

**VIA EMAIL**
Norman Gross, Esq.
U.S. Attorney's Office
District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ 08101

Barry S. Simon