UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | September 29, 2005 |
| | : | |
| WALTER A. FORBES | : | |

**MOTION OF THE SECURITIES AND EXCHANGE COMMISSION TO QUASH
TWO SUBPOENAS SEEKING TESTIMONY AND DOCUMENTS
FROM ITS RECORDS CUSTODIAN**

The Securities and Exchange Commission ("SEC"), by its undersigned counsel, moves to quash two subpoenas issued to its Records Custodian by defendant Forbes. The grounds for this motion are set forth in the accompanying memorandum of law.

Respectfully submitted,

*Kathleen Cody*
SAMUEL M. FORSTEIN
Assistant General Counsel

KATHLEEN CODY
Senior Counsel

Securities and Exchange Commission
100 F Street, N. E.
Washington, D.C. 20549-9612
Tel: (202) 551-5126
Fax: (202) 772-9263

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | September 29, 2005 |
| | : | |
| WALTER A. FORBES | : | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE
SECURITIES AND EXCHANGE COMMISSION TO QUASH TWO
SUBPOENAS SEEKING TESTIMONY AND DOCUMENTS
FROM ITS RECORDS CUSTODIAN

INTRODUCTION

On September 19, 2005, defendant Walter A. Forbes served the SEC with two subpoenas (Exhibits 1 and 2 hereto) for trial testimony from a custodian of records as well as production of documents. The first subpoena (Exhibit 1) demands production of 11 broad categories of documents, and the second subpoena (Exhibit 2) seeks 37 equally broad categories of documents. Forbes presumably pursues this discovery in a misguided effort to bolster his attack on the credibility of government witness Cosmo Corigliano. The subpoenas are returnable on September 30, 2005.

Forbes concedes that the first subpoena is identical to the one he served upon the SEC's records custodian during the first trial. As the Court may recall, it quashed the earlier subpoena on September 24, 2004 as a misuse of Fed. R. Crim. P. 17 because the subpoena was sought for the improper purpose of attacking the credibility of government witnesses in an effort to bolster Forbes' attack on Corigliano's credibility. *See U.S. v. Forbes, et al., No. 3:02-CR-00264 (AWT),*

2

Order dated September 24, 2004 (document no. 1187) (copy attached as Exhibit 3). In an effort to evade the Court's earlier ruling, Forbes has not only re-served the same subpoena but has also served a second subpoena which, while it looks different, actually seeks the same information as the first subpoena and should be quashed for the same reasons outlined in the Court's earlier ruling.

## BACKGROUND

The subpoenas request documents from the SEC pertaining to the settlement of its civil action against Cosmo Corigliano. Some of the documents sought by the subpoenas were produced to the prosecutors assigned to the first trial and, as far as we know, to defendant Forbes in accordance with Fed. R. Crim. P. 16. The subpoenas also encompass privileged documents such as internal SEC memoranda, documents reflecting internal deliberations among the staff, and staff work product. These documents are protected from disclosure by the attorney-client privilege, the deliberative process privilege, and/or the work product doctrine. These documents are also specifically exempted from disclosure by Rule 16(a)(2) of the Federal Rules of Criminal Procedure.

## ARGUMENT

### THE COURT SHOULD ENFORCE ITS PREVIOUS RULING AND QUASH BOTH SUBPOENAS.

**1. The Court's Prior Ruling Applies To These Subpoenas.**

There are no changed circumstances to justify Forbes' re-issuance of the previously quashed subpoena or a close facsimile thereto (the second subpoena). Each should be quashed for the reasons set forth in the Court's earlier ruling.

The testimony and documents sought by both of the current subpoenas amount to entirely

3

tangential and secondary impeachment material that is irrelevant to the crimes charged. *See United States v. Holihan*, 248 F. Supp. 2d 179, 184-85 (W.D.N.Y. 2003) (information subpoenaed under Rule 17 must be relevant to defendant's culpability and not merely potential impeachment material of government witness). As at the earlier trial, Forbes apparently wants information regarding what benefits have been received by government witness Cosmo Corigliano from the SEC as a result of a budget agreement and subsequent settlement agreement in the SEC's civil action against Corigliano. The terms of the budget and settlement agreements are contained in those documents, which were publicly filed and to which defendant Forbes has access. Those agreements speak for themselves.

2. **Forbes Already Has The Relevant And Discoverable Non-Privileged SEC Documents Responsive To These Two Subpoenas.**

The SEC previously produced the non-privileged SEC documents responsive to these two subpoenas to the prosecutors assigned to the first trial. It is the SEC's understanding that those prosecutors produced those non-privileged documents that were discoverable to defendant Forbes consistent with the Federal Rules of Criminal Procedure.

3. **Rule 16(a)(2) Of The Federal Rules Of Criminal Procedure Protects The Privileged SEC Documents From Disclosure In Response To These Subpoenas.**

Defendant Forbes seeks the sort of documents that have traditionally been held to be barred from disclosure by Rule 16(a)(2) of the Federal Rules of Criminal Procedure. *See United States v. Feola*, 651 F. Supp. 1068, 1142-43 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir. 1989) (disclosure of investigative files and interview reports of law enforcement officials barred by Rule 16(a)(2)); *United States v. Sileven,* 985 F.2d 962, 966 (8th Cir. 1993) (Rule 16(a)(2) precluded disclosure of government's case files and investigative reports concerning the

4

defendant's investigation). His broad requests call for internal SEC memoranda and documents that contain internal deliberations among the staff and staff work product. Such documents are protected from disclosure by Rule 16(a)(2). *See United States v. Cherry*, 876 F. Supp. 547, 549-550 (S.D.N.Y. 1995) (finding that Rule 16(a)(2) protects internal reports generated by federal, local, and state law enforcement agents).

### 4. Forbes Cannot Meet The Rule 17 Standard For Obtaining Any SEC Documents Responsive To The Two Subpoenas.

Rule 17 of the Federal Rules of Criminal Procedure governs the issuance of subpoenas that seek testimony and/or documents in criminal cases. Rule 17 subpoenas are not discovery or investigative tools for criminal cases. *See Cherry*, 876 F. Supp. at 549-550. "Courts must be careful that Rule 17 is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16." *United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980), *cert. denied*, 449 U.S. 1126 (1981). "It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." *Bowman Dairy v. United States*, 341 U.S. 214, 220 (1951).

A party serving a Rule 17 subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1974). Forbes' two subpoenas to the SEC's records custodian clear none of these hurdles. First, Forbes' subpoenas fail the relevancy test because the requested information is not "relevant to the offenses charged in the indictment." *Nixon*, 418 U.S. at 700. *See also Holihan*, 248 F. Supp. 2d at 184-85 (information subpoenaed under Rule 17 must be relevant to defendant's culpability and not merely potential impeachment material of government witnesses); *see also Bowman Dairy*, 341 U.S. at 221, 217 (invalidating as improper "fishing expedition" that portion of trial

5

subpoena that requested documents "relevant to the allegations or charges contained in said indictment, whether or not they might constitute evidence with respect to the guilt or innocence of any of the defendants"). Here, none of the subpoenaed information bears on the truth or falsity of the testimony of government witness Cosmo Corigliano concerning the substance of his dealings with defendant Forbes and the fraudulent scheme. Rather, the information sought relates to the tangential topic of Corigliano's settlement with the SEC and the alleged inadequacy of Corigliano's disclosures to the SEC. This is purely potential impeachment material, irrelevant to the crimes charged.

Similarly, the requested information fails the admissibility test. Forbes will have the opportunity at the second trial to cross examine Corigliano thoroughly about Forbes' contention that Corigliano lied to or otherwise misled the SEC during his settlement negotiations. Even if the requested information supported Forbes' contentions about Corigliano, which it does not, the Federal Rules of Evidence would not permit Forbes to introduce it into evidence or otherwise use it in an attempt to prove his contentions. *See Cherry*, 876 F. Supp. at 553 ("[c]ourts have consistently interpreted the admissibility standard of Rule 17 to preclude production of materials whose evidentiary use is limited to impeachment") (citations omitted).

Rule 608(b) of the Federal Rules of Evidence provides, in relevant part:

Specific instances of the conduct of a witness, for the purpose of
attacking or supporting the witness' credibility, other than conviction
of a crime as provided in Rule 609, *may not be proved by extrinsic evidence.*
They may, however, in the discretion of the court, if probative of truthfulness
or untruthfulness, *be inquired into on cross-examination* * * *.

Fed. R. Crim. P. 608(b) (emphasis added). *See Ricketts v. City of Hartford*, 74 F.3d 1397, 1413 (2d Cir. 1996) ("Rule 608(b) precludes the introduction of extrinsic evidence solely to attack

6

credibility"); *Walker v. Firestone Tire & Rubber Co.*, 412 F.2d 60, 63 (2d Cir. 1969) (noting "well settled" rule that an opposing party may "ask questions" but "is not permitted to adduce extrinsic evidence that a witness lied on a previous occasion"). The purpose of this rule is to prevent mini-trials on side issues that are not relevant to the defendant's guilt or innocence. *See Ricketts*, 74 F.3d at 1414 (district court properly exercised discretion in refusing to permit a trial within the trial concerning witness' conduct).

During the first trial, Forbes sought to escape Rule 608(b)'s ban on the use of extrinsic evidence to impeach Mr. Corigliano by claiming that the information he subpoenaed from the SEC's records custodian about the settlement of its civil action against Mr. Corigliano was admissible to prove that Mr. Corigliano was biased or had a motive to testify falsely in that criminal trial. Forbes relied on a series of cases, cited in his opposition to one of the SEC's motions to quash a subpoena issued during the first trial, in which extrinsic evidence was admitted. 1/ In every single one of those cases, however, the extrinsic evidence was admitted to impeach the defendant's testimony, not that of a witness.

The two cases Forbes did cite, elsewhere in his brief, which did involve impeaching the credibility of a government witness, *see United States v. Harvey*, 547 F.2d 720 (2d Cir. 1976) and *United States v. Messino*, 882 F. Supp. 115 (N.D. Ill. 1995), are inapposite to Forbes' continuing efforts to impeach Mr. Corigliano. In *Harvey*, the trial court refused to admit extrinsic evidence that the government's sole identification witness who placed the defendant at the scene of the crime charged in the indictment had once accused the defendant of fathering and

---

1/      *See U.S. v. Forbes, et al.*, No. 3:02-CR-00264 (AWT) Forbes' Opposition to SEC Motion to Quash Subpoena to its Records Custodian (document no. 1087 at p. 9).

failing to support her child. The Second Circuit reversed the conviction stating that defendant was denied an important opportunity to raise a reasonable doubt about his participation in the crime charged in the indictment. *Id.* 2/

Forbes' efforts to impeach Mr. Corigliano are more akin to the circumstances presented in *United States v. James*, 609 F.2d 36, 47-48 (2d Cir. 1979), in which the Second Circuit upheld the conviction even though the trial court refused to admit extrinsic evidence (FBI reports and testimony from the Assistant United States Attorney regarding another criminal case in which a government witness was involved). The Second Circuit upheld the conviction because the defendant in *James* was given a full opportunity to bring out on cross examination of the government witness what favors the witness had already received from the government and what further ones he expected. The *James* Court stated that the test for admission of such evidence is whether the jury is in possession of sufficient information to make a discriminating appraisal of the witness' possible motives for testifying falsely in favor of the government. *Id.*

Here, as the Court now knows from the testimony of Messrs. Kidney and Frohlich at the first trial, testimony and document production from the SEC's records custodian at the second trial will not add anything new to what Mr. Corigliano will testify to during his cross examination at the second trial. As was the case during the first trial, the record at the second

---

2/    Similarly, in *Messino*, the defense sought information central to the criminal case against the defendant. The defense subpoenaed information about the arrest record of the government informant who recorded conversations with the defendant in connection with the crimes charged in the indictment. This information was necessary to lay the foundation for playing the tapes of those conversations in the criminal case. Moreover, in *Messino*, unlike the instant case against Forbes, the subpoenaed information was *Giglio* impeachment material and, thus, the Court found that it would be admissible once the informant testified and his credibility was at issue.

trial can be fully developed as to Mr. Corigliano's alleged "bias" based on his settlement with the SEC during his cross examination. Any further testimony and document production from the SEC's records custodian would be cumulative and a waste of the Court's and jury's time. *See James*, 609 F.2d at 47-48; *see also United States v. Weiss*, 930 F.2d 185, 198 (2d Cir. 1991) (finding no error in the exclusion, as cumulative, of extrinsic evidence of prosecution witness' bias where defense counsel already caused the witness to "admit[ ] to the main circumstances from which any bias supposedly arose. All the relevant information was obtained and there is no evidence that the testimony would have added anything of probative value") (internal citation omitted); *United States v. Blackwood*, 456 F.2d 526, 530 (2d Cir. 1972) (explaining that "[a] defendant's right to elicit such evidence * * * is not boundless, but is subject to reasonable limitations imposed by the trial judge in the exercise of sound discretion," and holding that "[t]he test for determining whether there has been an abuse of discretion is whether "the jury was otherwise in possession of sufficient information concerning formative events to make a 'discriminating appraisal' of a witness' motives and bias") (internal citation omitted).

The testimony and documents Forbes seeks from the SEC's records custodian also fails *Nixon's* specificity test. The drafting of both subpoenas with their expansive requests for 37 categories of documents in one and 11 categories in another make this point abundantly clear. Forbes is once again engaged in an impermissible "fishing expedition" that seeks an end-run around the carefully crafted criminal discovery rules. Issuing two subpoenas to the SEC's records custodian in an effort to evade the Court's earlier ruling quashing an identical subpoena, based on the "mere hope" that something useful might turn up, does not satisfy the specificity requirement in Rule 17. *See Cuthbertson*, 630 F.2d at 146.

### 5. The Court Should Quash The Current Subpoenas To The SEC's Records Custodian Under Rule 403's Balancing Test.

Finally, if otherwise admissible, then testimony and document production from the records custodian should be excluded under the balancing test required under Federal Rule of Evidence 403. As in the first trial, Mr. Corigliano will undoubtedly be cross-examined at length during the second trial. In order to prevent witness harassment, confusion of the issues, undue trial delay, and any further waste of the jury's time, the subpoenas to the SEC's records custodian should be quashed. *See United States v. Yousef,* 327 F.3d 56, 121 (2d Cir. 2003) (district court has broad discretion to admit or exclude evidence for reasons enumerated in Rule 403); *United States v. Schatzle,* 901 F.2d 252, 256 (2d Cir. 1990) (district court properly exercised Rule 403 discretion to exclude evidence about witness' conduct where evidence could lead to a "mini-trial" that "posed a genuine risk of focusing the jury upon the wrong event").

10

## **CONCLUSION**

For the foregoing reasons, the Court should follow its September 24, 2004 ruling and quash Forbes' subpoenas seeking testimony and documents from the SEC's records custodian.

Respectfully submitted,

*Kathleen Cody*
SAMUEL M. FORSTEIN
Assistant General Counsel

KATHLEEN CODY
Senior Counsel

Securities and Exchange Commission
100 F Street, N. E.
Washington, D.C. 20549-9612
Tel: (202) 551-5126
Fax: (202) 772-9263