Exhibit 1

# United States District Court

                                                    Connecticut
                        DISTRICT OF _____

United States of America

v.                          **RECEIVED**            **SUBPOENA IN A**
                            SEP 1 9 2005            **CRIMINAL CASE**
Walter A. Forbes
                            OFFICE OF THE SECRETARY  CASE NUMBER: 3:02CR00264 (AWT)

TO: Custodian of Records
    Securities and Exchange Commission
    100 F. Street, N.E.
    Washington, DC 20549-9162

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| U.S. Courthouse<br>450 Main Street<br>Hartford, Connecticut 06103 | South Courtroom |
| | DATE AND TIME<br>September 30, 2005<br>9:30 a.m. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See attached "Schedule A"

| U.S. MAGISTRATE JUDGE, OR CLERK OF COURT | DATE |
|---|---|
| KEVIN F. ROWE | |
| (By) Deputy Clerk<br>*[signature] Angela Bye* | September 14, 2005 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Barry S. Simon, Williams & Connolly LLP,
725 Twelfth Street, N.W., Washington, DC 20005
(202) 434-5000, Attorneys for Defendant Walter A. Forbes

## SCHEDULE A
## DOCUMENTS TO BE PRODUCED BY THE SECURITIES AND EXCHANGE COMMISSION

### DEFINITIONS AND INSTRUCTIONS

a.  The term "documents" shall include material existing in both electronic and non-electronic form. When a document is stored electronically only, the electronic format shall be produced.

b.  The term "Settlement" shall mean the settlement of the action filed by the Securities and Exchange Commission ("SEC") against Cosmo Corigliano, Agnes T. Corigliano, and Mary Louise Scully, which resulted in the Final Judgment in SEC v. Corigliano, et al., 00 Civ. No. 2873, entered on or about May 6, 2004.

c.  This subpoena does not require the SEC to reproduce those documents previously produced by the SEC to Mr. Forbes.

### DESCRIPTIONS OF DOCUMENTS TO BE PRODUCED

1.  All documents describing or memorializing communications with Cosmo Corigliano and/or his counsel concerning the Settlement.

2.  All documents describing or memorializing all negotiations with Cosmo Corigliano and/or his counsel leading to the Settlement.

3.  All documents describing or memorializing any representations or statements made by Cosmo Corigliano, Agnes T. Corigliano, Mary Louise Scully, and/or their counsel with respect to the identity or value of their assets, including but not limited to:
    i. the value of the property at 38 Watrous Point Road, Old Saybrook, CT; and/or
    ii. the value of the property at 36 Watrous Point Road, Old Saybrook, CT; and/or
    iii. the value of the "Old Saybrook" real estate, as those terms are used in Mr. Corigliano's quarterly statements to the SEC; and/or
    iv. the value of Mr. and Mrs. Corigliano's "home," as that term is used in correspondence between the SEC and Mr. Corigliano and/or his counsel; and/or
    v. the value of the "residence at 38 Watrous Point Road," as that term is used in the Final Judgment.

4.  All documents relating to the size of the property referenced as 38 Watrous Point Road in the Final Judgment in SEC v. Corigliano, et al., 00 Civ. No. 2873, entered on or about May 6, 2004.

5.  All documents relating to the divisibility of the property referenced as 38 Watrous Point Road in the Final Judgment in SEC v. Corigliano, et al., 00 Civ. No. 2873, entered on or about May 6, 2004.

6.  All documents relating to the existence or disposition of any retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel.

7.  All "financial statements and other documents and information submitted by Defendant Corigliano and Relief Defendant Corigliano to the Commission" that are referenced in Paragraph XXII of the Final Judgment in SEC v. Corigliano, et al., 00 Civ. No. 2873, entered on or about May 6, 2004.

8.  All documents describing or memorializing any efforts by Mr. Corigliano and/or his counsel to reach a settlement with the SEC between June 2000 and April 16, 2004.

9.  All documents describing or memorializing any desire or request, by the United States Attorneys' Office for the District of New Jersey and/or any of the parties to the Settlement, to achieve a settlement of the disputes between the parties to the Settlement prior to the commencement of the criminal trial against Mr. Walter Forbes.

10. All documents describing or memorializing any desire or request, by the United States Attorneys' Office for the District of New Jersey and/or any of the parties to the Settlement, to achieve a settlement of the disputes between the parties to the Settlement prior to the commencement of Mr. Corigliano's testimony in the criminal trial against Mr. Walter Forbes.

11. All documents describing or memorializing any communications between the SEC and Mr. Corigliano and/or his counsel relating to expenditures by or on behalf of the defendant parties to the Settlement between April 16, 2004 and July 7, 2004, from assets that existed as of March 31, 2004.

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

# United States District Court

_____ DISTRICT OF Connecticut _____

United States of America

v.

Walter A. Forbes

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER: 3:02CR00264 (AWT)

TO: Custodian of Records
Securities and Exchange Commission
100 F. Street, N.E.
Washington, DC 20549-9162

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| U.S. Courthouse<br>450 Main Street<br>Hartford, Connecticut 06103 | South Courtroom |
| | DATE AND TIME<br>September 30, 2005<br>9:30 a.m. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See attached "Schedule A"

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| KEVIN F. ROWE<br>(By) Deputy Clerk<br>*[signature]* | September 14, 2005 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Barry S. Simon, Williams & Connolly LLP,
725 Twelfth Street, N.W., Washington, DC 20005
(202) 434-5000, Attorneys for Defendant Walter A. Forbes

# SCHEDULE A
# DOCUMENTS TO BE PRODUCED BY THE SECURITIES AND EXCHANGE COMMISSION

## DEFINITIONS AND INSTRUCTIONS

a. The term "documents" shall include material existing in both electronic and non-electronic form. When a document is stored electronically only, the electronic format shall be produced.

b. The term "Settlement" shall mean the settlement of the action filed by the Securities and Exchange Commission ("SEC") against Cosmo Corigliano, Agnes T. Corigliano, and Mary Louise Scully, which resulted in the Final Judgment in SEC v. Corigliano, et al., 00 Civ. No. 2873, entered on or about May 6, 2004.

c. This subpoena does not require the SEC to reproduce those documents previously produced by the SEC to Mr. Forbes.

## DESCRIPTIONS OF DOCUMENTS TO BE PRODUCED

1. All documents describing or memorializing any agreements between the SEC and Cosmo Corigliano or the Relief Defendants named in SEC v. Corigliano, et al., 00 Civ. No. 2873.

2. All documents describing or memorializing communications with Cosmo Corigliano and/or his counsel since May 6, 2004.

3. All documents describing or memorializing communications since May 6, 2004 with Cosmo Corigliano and/or his counsel concerning the size of the property referenced as 38 Watrous Point Road in the Final Judgment in SEC v. Corigliano, et al., 00 Civ. No. 2873.

4. All documents describing or memorializing communications since May 6, 2004 with Cosmo Corigliano and/or his counsel concerning the divisibility of the property referenced as 38 Watrous Point Road in the Final Judgment in SEC v. Corigliano, et al., 00 Civ. No. 2873.

5. All documents describing or memorializing communications since May 6, 2004 with Cosmo Corigliano and/or his counsel concerning the retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel.

6. All documents describing or memorializing communications since May 6, 2004 with Cosmo Corigliano and/or his counsel concerning the retainer for legal fees and expenses on deposit with Agnes Corigliano's counsel.

7. All documents describing or memorializing communications since May 6, 2004 with Cosmo Corigliano and/or his counsel concerning expenditures by or on behalf of and Defendant Corigliano or Relief Defendant Corigliano between April 16, 2004 and July 7, 2004.

8. All documents describing or memorializing communications with the receiver appointed in SEC v. Corigliano, et al., 00 Civ. No. 2873 since May 6, 2004.

9. All documents describing or memorializing communications with the receiver appointed in SEC v. Corigliano, et al., 00 Civ. No. 2873 since May 6, 2004 concerning the size of the property referenced as 38 Watrous Point Road in the Final Judgment in that case.

10. All documents describing or memorializing communications with the receiver appointed in SEC v. Corigliano, et al., 00 Civ. No. 2873 since May 6, 2004 concerning the divisibility of the property referenced as 38 Watrous Point Road in the Final Judgment in that case.

11. All documents describing or memorializing communications with the receiver appointed in SEC v. Corigliano, et al., 00 Civ. No. 2873 since May 6, 2004 concerning the retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel.

12. All documents describing or memorializing communications with the receiver appointed in SEC v. Corigliano, et al., 00 Civ. No. 2873 since May 6, 2004 concerning the retainer for legal fees and expenses on deposit with Agnes Corigliano's counsel.

13. All documents describing or memorializing communications with the receiver appointed in SEC v. Corigliano, et al., 00 Civ. No. 2873 since May 6, 2004 concerning expenditures by or on behalf of and Defendant Corigliano or Relief Defendant Corigliano between April 16, 2004 and July 7, 2004.

14. All documents relating to the existence or disposition of any retainer for legal fees and expenses on deposit with Agnes T. Corigliano's counsel.

15. All documents describing or memorializing any representation by Cosmo Corigliano, Agnes Corigliano, and/or their counsel the existence or disposition of any retainer for legal fees and expenses on deposit with Agnes T. Corigliano's counsel.

16. All documents describing or memorializing any agreement between the SEC and Cosmo Corigliano or Agnes Corigliano concerning any retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel.

17. All documents describing or memorializing any agreement between the SEC and Cosmo Corigliano or Agnes Corigliano concerning any retainer for legal fees and expenses on deposit with Agnes T. Corigliano's counsel.

18. All documents describing or memorializing any agreement by the SEC to permit any legal fees or expenses incurred on behalf of Mr. Corigliano between April 1, 2004 and July 7, 2004 to be charged to any retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel.

19. All documents describing or memorializing any representation by the SEC to permit any legal fees or expenses incurred on behalf of Mr. Corigliano between April 1, 2004 and July 7, 2004 to be charged to any retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel.

20. All documents describing or memorializing any understanding of the SEC that legal fees or expenses incurred on behalf of Mr. Corigliano between April 1, 2004 and July 7, 2004 would be charged to a retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel.

21. All documents describing or memorializing any agreement by the SEC to permit any legal fees or expenses incurred on behalf of Mrs. Corigliano between April 1, 2004 and July 7, 2004 to be charged to any retainer for legal fees and expenses on deposit with Agnes Corigliano's counsel.

22. All documents describing or memorializing any representation by the SEC to permit any legal fees or expenses incurred on behalf of Mrs. Corigliano between April 1, 2004 and July 7, 2004 to be charged to any retainer for legal fees and expenses on deposit with Agnes Corigliano's counsel.

23. All documents describing or memorializing any understanding of the SEC that legal fees or expenses incurred on behalf of Mrs. Corigliano between April 1, 2004 and July 7, 2004 would be charged to a retainer for legal fees and expenses on deposit with Agnes Corigliano's counsel.

24. All documents describing or memorializing any agreement by the SEC to permit any legal fees or expenses incurred on behalf of Mr. Corigliano after July 7, 2004 to be charged to any retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel.

25. All documents describing or memorializing any representation by the SEC to permit any legal fees or expenses incurred on behalf of Mr. Corigliano after July 7, 2004 to be charged to any retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel.

26. All documents describing or memorializing any understanding of the SEC that legal fees or expenses incurred on behalf of Mr. Corigliano after July 7, 2004 would be charged to a retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel.

27. All documents describing or memorializing any agreement by the SEC to permit any legal fees or expenses incurred on behalf of Mrs. Corigliano after July 7, 2004 to be charged to any retainer for legal fees and expenses on deposit with Agnes Corigliano's counsel.

28. All documents describing or memorializing any representation by the SEC to permit any legal fees or expenses incurred on behalf of Mrs. Corigliano after July 7, 2004 to be charged to any retainer for legal fees and expenses on deposit with Agnes Corigliano's counsel.

29. All documents describing or memorializing any understanding of the SEC that legal fees or expenses incurred on behalf of Mrs. Corigliano after July 7, 2004 would be charged to a retainer for legal fees and expenses on deposit with Agnes Corigliano's counsel.

30. The affidavit to be submitted by Defendant Corigliano and Relief Defendant Corigliano pursuant to paragraph 5 of the Consent of Defendant Cosmo Corigliano, Relief Defendant Agnes T. Corigliano, and Relief Defendant Mary Louise Scully.

31. All documents describing or memorializing the ownership status of the Crystal Journey Candles LLC, including all documents describing or memorializing the transfer of Defendant Corigliano's and Relief Defendant Corigliano's interest in the company to the Receiver, as specified in Paragraph 3 of the Consent in SEC v. Corigliano, et al., 00 Civ. No. 2873, and any efforts to sell the Crystal Journey Candles LLC Company, as specified in Paragraph XVI(1) of the Final Judgment in SEC v. Corigliano, et al., 00 Civ. No. 2873, entered on or about May 6, 2004.

32. All documents describing or memorializing any agreements between the SEC and Defendant Corigliano or Relief Defendant Corigliano relating to expenditures by or on behalf of the defendant parties to the Settlement between April 16, 2004 and July 7, 2004, from assets that existed as of March 31, 2004.

33. All documents describing or memorializing any understanding of the SEC that expenditures by or on behalf of and Defendant Corigliano or Relief Defendant Corigliano between April 16, 2004 and July 7, 2004, could be made from, or deplete, assets that existed as of March 31, 2004.

34. All documents describing or memorializing any representation by the SEC concerning to expenditures by or on behalf of and Defendant Corigliano or Relief Defendant Corigliano between April 16, 2004 and July 7, 2004, from assets that existed as of March 31, 2004.

35. All documents describing or memorializing any representation by the Defendant Corigliano or Relief Defendant Corigliano concerning expenditures between April 16, 2004 and July 7, 2004, from assets that existed as of March 31, 2004.

36. All documents describing or memorializing any communications between the SEC and Mr. Corigliano and/or his counsel concerning the assets held by Mr. Corigliano in or about September 2003.

37. All documents describing or memorializing any communications between the SEC and Mr. Corigliano and/or his counsel concerning the listing information provided in or about September 2003 for the property claimed to be "comparable" to Mr. Corigliano's residence.

02cr264 ruling sec cus... 

Exhibit 3

1181

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 SEP 24 P 4: 28

DISTRICT COURT

---

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:02CR00264(AWT)
)
WALTER A. FORBES and )
E. KIRK SHELTON )

---

### RULING ON
### MOTION OF THE SECURITIES AND EXCHANGE COMMISSION
### TO QUASH SUBPOENA SEEKING TESTIMONY AND DOCUMENTS
### FROM ITS RECORDS CUSTODIAN

For the reasons set forth below, the Motion of the Securities and Exchange Commission to Quash Subpoena Seeking Testimony and Documents from Its Records Custodian (Doc. No. 1053) is hereby GRANTED.

This motion is one of a series of motions to quash filed by or on behalf of persons who were served with a subpoena duces tecum and/or subpoena ad testificandum on behalf of defendant Forbes in connection with his case-in-chief. The court set out in its Ruling on the Motion of the Securities and Exchange Commission to Quash Subpoena Seeking Testimony and Documents from SEC Enforcement Attorney James Kidney, dated September 24, 2004, certain considerations that are important in its analysis of all of these motions to quash, and the discussion from that Ruling is hereby incorporated by reference.

As to the instant motion, the court agrees with defendant

Forbes that he is entitled to "a complete and accurate description of the benefits conferred on Mr. Corigliano by the SEC. . . ." (Opp'n of Forbes (Doc. No. 1087) at 4.) However, the court does not agree with defendant Forbes' contention that he is entitled to "explore whether the Commission itself . . . agreed to the benefits conferred on [Corigliano]," (id.) because that line of inquiry is calculated solely to bolster the defendants' attack on Corigliano's credibility during their cross-examinations of him and to attack the credibility of the government.

As to the specific calls in defendant Forbes' subpoena, the court notes, first, that like numerous of the calls in his earlier subpoenas in this case, they are overly broad and constitute a "fishing expedition." In addition, the subpoena fails to satisfy the requirement of Rule 17(c) that it call only for materials that are "evidentiary." In the context of the instant subpoena, documents that are evidentiary would be ones that would be admissible because they show what benefits were or could be received by Corigliano in connection with his settlement with the SEC. However, the broad categories of documents that defendant Forbes calls for in the subpoena reflect areas where the questions would be calculated solely to bolster the defendants' attack on Corigliano's credibility during their cross-examinations of him, as opposed to identifying particular

-2-

benefits that were or could be received by Corigliano as a result of his settlement with the SEC.

Finally, this subpoena constitutes an attempt by defendant Forbes to turn Rule 17(c) into "a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16." United States v. Cuthbertson, 630 F.2d 139, 146 (3d Cir. 1980). The government has produced numerous documents relating to Corigliano's settlement with the SEC pursuant to its discovery obligations, some of which have already been introduced into evidence by the defendants, and this subpoena constitutes a broad discovery request that would circumvent the limitations of Rule 16.

It is so ordered.

Dated this 24th day of September 2004, at Hartford, Connecticut.

                                                                        Alvin W. Thompson
                                                United States District Judge