## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:02CR264 (AWT) |
| WALTER A. FORBES. | ) | September 30, 2005 |
| | ) | |
| | ) | |

### REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT WALTER A. FORBES TO PRECLUDE THE GOVERNMENT FROM INTRODUCING ANALYSTS' REPORTS OR CONSENSUS DATA REPORTS
### (Forbes Retrial Motion *In Limine* No. 6)

The government's Opposition seeks not only to offer analysts' reports into evidence for the purpose of evidencing communications between the alleged coconspirators and the public, as was permitted in the first trial, but also for purposes of evidencing the "effect" those communications purportedly had on the analysts' opinions and recommendations. The government's efforts to describe the relevance of such information are premised on a mischaracterization of both the indictment and the analysts' reports themselves. Moreover, the government's arguments fail to surmount the hearsay nature of the reports – *indeed, the government still does not cite a single case holding that analysts' reports constitute business records under the Federal Rules of Evidence.*

The government's Opposition fails to address the First Call consensus data altogether – erroneously addressing its brief to the admissibility of *historical*

Oral Argument Requested

*trading records*, whereas the First Call consensus reports compile numerous

different *analysts' projections as to future earnings*.

## I.    ANALYSTS' REPORTS ARE INADMISSIBLE.

### A.    The Analysts' Reports Do Not Qualify as Business Records.

The government does not dispute that it would be offering the analysts'

reports for the truth of the matter asserted therein – such as that Mr. Forbes or the

alleged co-conspirators made particular statements or representations.  The

government claims that the analysts' reports are nonetheless admissible as

business records.  The government provides no persuasive authority for its claim,

and it should be rejected.

The government discusses at length the business records exception to

the hearsay rule, and several cases that find particular documents admissible under

this exception.  Gov't Opp. at 2-7.  Mr. Forbes does not dispute the validity of the

business records exception, however; Mr. Forbes disputes the application of that

exception to the records at issue here – analysts' reports.

Nowhere does the government address the case law cited by Mr.

Forbes that explicitly rejects the proposition that analysts' reports are admissible as

business records.  Mem. at 5.  Nor does it cite a single case that holds to the

contrary.  Instead, the government cites to authority which addresses records quite

different from analysts' reports.  See, e.g., Ollag Construction Equipment Corp. v.

Goldman, 665 F.2d 43, (2d Cir. 1981) (bank's financial statement form filled out by

customer for purposes of securing credit) (Gov't Opp. at 5); United States v.

2

Gleason, 616 F.2d 2 (2d Cir. 1979) (corporate records concerning instructions for bank account transfers) (Gov't Opp. at 5); Phoenix Assoc. III v. Stone, 60 F.3d 95 (2d Cir. 1995) (accountant workpapers). Not only are these documents different in kind from analysts' reports, but in each case the documents were relied upon in the day-to-day business of the producing entity. Analysts' reports, in contrast, are not relied upon by the investment companies that author them. Rather, they are marketed to customers. And while brokerage firms may have a financial interest in the reports' accuracy, just like news publishers, that does not convert the reports into business records. See, e.g., Eisenstadt v. Allen, No. 95-16255, 1997 U.S. App. Lexis 9587, *5-9 (9th Cir. April 28, 1997) (making no distinction between proffered newspaper articles and analysts' reports, and rejecting the argument that either qualified as a business record for purposes of the hearsay rule).[1]

---

[1] The government's argument that the hearsay nature of the analysts' reports goes to their weight, not their admissibility, presupposes that the reports qualify as business records. Gov't Opp. at 4. Moreover, the government relies on a series of cases decided under the old business records statute, which explicitly provided:

> All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility.

Pekelis v. Transcontinental & Western Air, 187 F.2d 122, 130 (2d Cir. 1951) (Gov't Opp. at 4). Federal Rule of Evidence 803(6), in contrast, explicitly requires that the record be made by someone with personal knowledge, or from information transmitted by a person with personal knowledge. Fed. R. Evid. 803(6).

**B.    The Analysts' Reports Are Not Akin to Dun & Bradstreet Reports.**

The government's argument that the historical earnings information compiled in the analysts' reports is admissible, similar to a Dun & Bradstreet report, also must fail.  First, to the extent such information is relevant, the government can introduce it through the company's annual reports and SEC filings, all of which have been marked as exhibits, and which were admitted in the last trial.  The fact that this information was then repeated in an analyst's report adds nothing relevant, and admitting it through the vehicle of these hearsay reports would introduce additional irrelevant and prejudicial information.

Second, to the extent the government is attempting to argue that all company information contained within the analysts' reports is admissible, the government ignores the fact that, unlike the cases addressing Dun & Bradstreet reports, here there is often no evidence as to what information came from the company and what information came from the analysts' independent research – much less evidence as to what representations came from Mr. Forbes or the alleged co-conspirators (as opposed to other company officers or employees), the only relevant source here.  Compare United States v. Beecroft, 608 F.2d 753, 760 (9th Cir. 1979) (Dun & Bradstreet representative testified that the reported financial information had to come from the defendant) (Gov't Opp. at 7).

4

**C.    The Information Sought to Be Introduced by the Government Is Irrelevant to the Allegations of the Indictment.**

Even if the analysts' reports qualified as business records (which they do not), the government's intent to offer the analysts' reports for purposes of purportedly demonstrating "the mechanism by which the charged fraud was perpetrated on the investing public" must be rejected, as it was in the first trial. Gov't Opp. at 8.  The indictment alleges that the fraud was perpetrated through the mechanism of the company's public filings, not through analyst communications.

Moreover, as discussed in Mr. Forbes' opening memorandum (and unaddressed by the government's opposition), the analysts' reports rarely identify the source of their information.  Mem. at 4 n.3.  Some information will have come from the analysts' independent research, some information will have come from persons within the company who are not alleged to be co-conspirators, and some information will have come from Mr. Forbes or the alleged co-conspirators.  Only this last category is relevant to the allegations of the indictment.  Thus, unless the report clearly identifies Mr. Forbes or one of the alleged co-conspirators as its source, the information is irrelevant.

Nor do the analysts' recommendations as to whether to buy or sell bear any relevance.  Assuming one could attribute particular representations to Mr. Forbes or the alleged co-conspirators, nothing in the analysts' reports attributes the analysts' buy or sell recommendations to the allegedly false representations. Analysts' recommendations are typically based on a myriad of factors, and it would

be highly misleading to introduce such recommendations under the guise that they reflect the "effect" of the alleged misrepresentations.

## II.  THE GOVERNMENT'S ARGUMENTS CONCERNING THE FIRST CALL CONSENSUS DATA MISCONSTRUE WHAT THOSE DATA ARE.

The government argues that the First Call consensus data should be admitted because stock trading data compilations are routinely admitted as business records.[2]  The government's argument misses the mark.  The consensus data at issue are not historical trading information.  *Rather, they are various analysts' projections as to future company earnings.*  For the reasons set forth in Mr. Forbes' Opening Memorandum, they are not admissible.  Mem. at 8.

## CONCLUSION

For the foregoing reasons, Mr. Forbes respectfully requests that the government be precluded from introducing in to evidence any analysts' reports or consensus data reports.

_____

[2] In fact, stock trading data compilations are typically admitted under Fed. R. Evid. 806(17), which specifically addresses market reports, not the business records exception.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP


By:    *Barry S. Simon (MRZ*

Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated:  September 30, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Reply Memorandum in Support of Motion of Walter A. Forbes to Preclude the Government from Introducing Analysts' Reports or Consensus Data Reports  (Forbes Retrial Motion *In Limine* No. 6) to be sent on September 30, 2005 to the following via FedEx and e-mail:

> Norman Gross, Esq.
> U.S. Attorney's Office
> District of New Jersey
> 401 Market Street
> Fourth Floor
> Camden, NJ 08101
>
> Michael Martinez, AUSA
> Craig Carpenito, AUSA
> U.S. Department of Justice
> 450 Main Street, Room 320
> Hartford, CT 06103

*Barry S. Simon* IMRZ
Barry S. Simon