UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>WALTER A. FORBES )<br>) | No. 3:02CR264 (AWT)<br><br>September 30, 2005 |

REPLY MEMORANDUM IN SUPPORT OF
RENEWED MOTION OF DEFENDANT WALTER A. FORBES
TO PRECLUDE THE ADMISSION OF ANY EVIDENCE OF,
OR REFERENCE TO, THE CENDANT AUDIT COMMITTEE
INVESTIGATION OR THE CENDANT AUDIT COMMITTEE REPORT
(Forbes Retrial Motion *In Limine* No. 17)

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits this reply memorandum in support of his motion *in limine,* pursuant to Fed. R. Evid. 801 and 403, and the Confrontation Clause of the Sixth Amendment, to preclude the admission of any evidence of, or reference to, the Cendant Audit Committee Investigation or the Cendant Audit Committee Report at the retrial.

ARGUMENT

I.  THE GOVERNMENT DOES NOT DISPUTE THAT THE AUDIT
    COMMITTEE REPORT IS INADMISSIBLE HEARSAY THAT
    SHOULD BE EXCLUDED FOR THE REASONS SET FORTH IN MR.
    FORBES' MOTION.

The government apparently concedes that the Audit Committee Report itself is inadmissible for the reasons set forth in Mr. Forbes' motion. The government does not dispute that the Audit Committee Report contains multiple

layers of hearsay and that it does not satisfy the business records exception to the hearsay rule because it was created in anticipation of litigation. Nor does the government deny that the Report is derived from witness interviews that are inadmissible under <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), because they are testimonial in nature. Finally, the government does not dispute that the probative value of this evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Accordingly, the Court should preclude the government from introducing the Report into evidence.

## II.   THE GOVERNMENT'S ARGUMENTS IN SUPPORT OF THE LIMITED ADMISSIBILITY OF PORTIONS OF THE REPORT AND/OR AUDIT COMMITTEE INTERVIEWS ARE SPECULATIVE AT BEST.

The government asserts that <u>if</u> Mr. Forbes seeks to discredit Mr. Heckler, Mr. Heckler might make mention of the existence of the Audit Committee Report. Opp. at 4. This argument is entirely speculative. At the 2004 trial, Mr. Forbes did not cross-examine Mr. Heckler at all, and certainly made no attempt to discredit him. The government does not contend that Mr. Heckler will make any reference to the Audit Committee investigation in his direct examination.[1] In the

---

[1] Mr. Forbes has moved to preclude Mr Heckler from testifying at the retrial. <u>See</u> Forbes Retrial Motion <u>In Limine</u> No. 1 (filed July 15, 2005) (Docket Entry # 1605). Mr. Forbes opposes both Mr. Heckler's testimony and any attempt by the government to refer to either the Audit Committee Report or the Audit Committee investigation in Mr. Heckler's direct examination.

2

event Mr. Forbes seeks to challenge Mr. Heckler's testimony on cross-examination, the Court can address the issue of whether Mr. Heckler may refer to the Audit Committee Report in the context of Mr. Forbes' actual questioning, rather than in the context of a hypothetical scenario that may never take place.

The government also asserts that if Mr. Forbes attacks the credibility of witnesses who participated in the CUC fraud, the government should be allowed to tell the jury that the witness made prior consistent statements on an earlier occasion in an Audit Committee interview. Opp. at 3. This contention is speculative as well. First, neither Cosmo Corigliano nor Anne Pember was ever interviewed during the Audit Committee investigation. Accordingly, the government will not be able to offer any purported prior consistent statements from the Audit Committee investigation in an attempt to rehabilitate either Mr. Corigliano or Ms. Pember. Second, Mr. Kearney gave only one Audit Committee interview. Mr. Kearney has testified that he was untruthful during that interview. Tr. 9849-51. Thus, it is highly unlikely that the government would seek to offer statements from that interview to rehabilitate Mr. Kearney. Finally, it is entirely speculative at this time whether the government will seek to offer any purported prior consistent statement by Mr. Sabatino on any particular point. In the event the government seeks to do so, the manner in which the government will be permitted to describe the context in which the statement was made can be addressed by the Court at that juncture.

Finally, the government contends that Mr. Forbes' statements to the Audit Committee investigators are admissible. Mr. Forbes continues to object to the admission of any evidence concerning his Audit Committee interviews on the ground that those interviews are not his statements and for the reasons set forth in Forbes Trial Motion No. 45 (filed Oct. 4, 2004) (Docket Entry # 1248) (incorporated herein by reference). The Audit Committee memoranda the government apparently seeks to offer into evidence constitute inadmissible hearsay. Even if the memoranda themselves were not hearsay, they are not admissible under Fed. R. Evid. 801(d)(2)(A) as Mr. Forbes' purported statements because they are not his statements. The memoranda were never adopted by Mr. Forbes and are not a verbatim record of his purported statements. As a result, they are inadmissible. See United States v. Almonte, 956 F.2d 27 (2d Cir. 1992) (per curiam).

Moreover, the government apparently seeks to introduce the Audit Committee memoranda to attempt to show that Mr. Forbes purportedly lied in the interviews. Opp. at 2. The government has conceded, in its memorandum in opposition to Mr. Shelton's new trial motion, that the Audit Committee interviews are not admissible for impeachment purposes because they do not satisfy the Almonte standard for admissibility. See United States' Opposition to Shelton New Trial Motion (filed May 20, 2005) (Docket Entry # 1543) at 163-164. Accordingly, the Court should not permit the government to offer any Audit Committee interview into evidence as Mr. Forbes' purported statement.

4

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: ___Barry S. Simon / MRZ___
    Brendan V. Sullivan, Jr. (Bar No.ct17115)
    Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

    - and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

5

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Reply Memorandum in Support of Renewed Motion of Defendant Walter A. Forbes to Preclude the Admission of Any Evidence of, or Reference to, the Cendant Audit Committee Investigation or the Cendant Audit Committee Report (<u>Forbes Retrial Motion In Limine No. 17</u>) to be sent on September 30, 2005 to the following via Federal Express and e-mail:

>Michael Martinez, Esq.
>Craig Carpenito, Esq.
>United States Attorneys
>The Federal Building
>U.S. Department of Justice
>450 Main Street, Room 320
>Hartford, CT  06103
>
>Norman Gross, Esq.
>U.S. Attorney's Office
>District of New Jersey
>401 Market Street
>Fourth Floor
>Camden, NJ  08101

_____
Barry S. Simon