**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

UNITED STATES OF AMERICA,

v.

WALTER A. FORBES

No. 3:02CR264 (AWT)

October 3, 2005

**RESPONSE OF WALTER A. FORBES TO MOTION OF THE UNITED STATES FOR LEAVE TO DISMISS WITH PREJUDICE CERTAIN COUNTS OF THE SUPERSEDING INDICTMENT AND TO SUBMIT A REDACTED INDICTMENT TO THE JURY**

Walter A. Forbes, through undersigned counsel, respectfully submits this response to the government's motion to dismiss with prejudice Counts 2-4 (mail and wire fraud), Counts 7-11 (securities fraud) and Counts 13-16 (insider trading) of the December 11, 2002 Superseding Indictment (the "Connecticut Indictment"). Mr. Forbes agrees that those counts should be dismissed because they are defective for the numerous reasons identified in his prior motions to dismiss, but he requests that the Court also dismiss the first two indictments returned in this matter. Mr. Forbes objects to submitting the indictment to the jury and, in the alternative, requests that it be redacted to eliminate prejudicial surplusage.

## BACKGROUND

On February 28, 2001, a grand jury sitting in the District of New Jersey returned a two-count indictment charging Mr. Forbes with conspiracy to commit mail fraud and wire fraud and to make false statements

in an SEC report (Count 1), and wire fraud (Count 2). On July 18, 2001, based on the same alleged conduct underlying the first indictment, a grand jury sitting in the District of New Jersey returned a six-count superseding indictment charging Mr. Forbes with conspiracy to commit securities fraud, mail fraud and wire fraud and to make false statements in an SEC report (Count 1), securities fraud (Count 2), mail fraud (Counts 3-4), wire fraud (Count 5), and false statement in an SEC report (Count 6). On March 27, 2002, the District Court for the District of New Jersey issued an order transferring the case, including the first two indictments (the "New Jersey Indictments"), to this Court.

On December 11, 2002, based on the same alleged conduct underlying the New Jersey Indictments, a grand jury sitting in the District of Connecticut returned a sixteen count superseding indictment charging Mr. Forbes with conspiracy to commit securities fraud, mail fraud, wire fraud and to make false statements in an SEC report (Count 1), mail fraud (Counts 2-3), wire fraud (Count 4), false statement in an SEC report (Counts 5-6), securities fraud (Counts 7-12), and insider trading (Counts 13-16).

The government proceeded to trial on the Connecticut Indictment. The jury was unable to reach a verdict with respect to Mr. Forbes on any of the sixteen counts. After announcing its intent to retry Mr. Forbes on the Connecticut Indictment, the government suggested that it might dismiss certain counts of that indictment. Mr. Forbes asked the

government whether it also intended to dismiss the corresponding counts of the New Jersey Indictments. The government filed the instant motion to dismiss, but did not clarify whether it would dismiss the corresponding counts of the New Jersey Indictments or whether it agreed that those counts were dismissed by virtue of the return of the Connecticut Indictment. On September 21, 2005, the government responded that it "does not presently intend to dismiss any counts from the New Jersey indictments." Ex. 1 (E-mail from Gross to Simon, dated 9/21/05). The government provided no explanation for its refusal.

## ARGUMENT

### I. TO PREVENT HARASSMENT, THE COURT SHOULD ALSO DISMISS THE NEW JERSEY INDICTMENTS.

Under Fed. R. Crim. P. 48(a), the government may dismiss an indictment only by "leave of court." Rule 48(a)'s leave of court requirement "also applies to the government's dismissal of particular counts of an indictment." 28 Moore's Federal Practice § 648.02[1], at 648-5 (3d ed. 2003). This requirement is designed to protect the defendant's rights and to prevent harassment of a defendant by charging, dismissing and re-charging the defendant with a crime. See Rinaldi v. United States, 434 U.S. 22, 29 n.15 (1977) (per curiam) ("The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection."); United States v.

Derr, 726 F.2d 617, 619 (10th Cir. 1984) ("The primary purpose of the requirement that the prosecutor obtain leave of court is to prevent harassment of a defendant by a prosecutor's charging, dismissing, and recharging the defendant with a crime."); United States v. Salinas, 693 F.2d 348, 351 (5th Cir. 1982) ("[T]he purpose of the rule is to prevent harassment of a defendant by charging, dismissing and re-charging without placing the defendant in jeopardy." (quotation omitted)).

An indictment does not cease to exist when a grand jury returns a superseding indictment. See, e.g., United States v. Walker, 363 F.3d 711, 715 (8th Cir. 2004) ("Other circuits have clearly stated that a superseding indictment does not in effect dismiss the original indictment and that both indictments can co-exist."); United States v. Strewl, 99 F.2d 474, 477 (2d Cir. 1938) ("[A]lthough a second indictment is often said to 'supersede' the first, it does not dispose of it without an express quashal."). Therefore, the government may later attempt to argue that dismissing the mail, wire and securities fraud counts of the Connecticut Indictment does not impact the corresponding counts of the New Jersey Indictments. If the jury acquits Mr. Forbes in this retrial, the government may attempt to argue, for example, that it can retry Mr. Forbes yet again on certain mail, wire, and securities fraud counts of the New Jersey Indictments.

The government's unexplained refusal to dismiss the corresponding counts of the New Jersey Indictments after Mr. Forbes raised

this concern suggests that it wants to leave open the door for such an abusive third bite at the apple. Ex. 1 (E-Mail from Gross to Simon, dated 9/20/05) ("My preliminary thought is that Judge Thompson can rule on our motion to dismiss the counts from the Connecticut indictment without having to address anything about the New Jersey indictment, and that any challenge you may have to the N.J. indictment could wait until such time, if ever, that the Government actually tried to prosecute any of the charges under the NJ indictment."); id. (E-mail from Gross to Simon, dated 9/21/05) ("The Government does not presently intend to dismiss any counts from the New Jersey indictments."). This is precisely the type of situation that Rule 48(a) is designed to prevent. Indeed, even before enactment of Rule 48, the Second Circuit recognized that "if the defendant has pleaded to the first indictment, the court will ordinarily quash it to insure his protection from double jeopardy." Strewl, 99 F.2d at 477.

To prevent harassment under Rule 48(a) and to follow the procedure recognized in Strewl, the New Jersey Indictments should be dismissed. The government has offered no reason to keep those indictments alive, and there does not appear to be any legitimate reason to do so.[1]

---

1 If the government wanted to seek severance of certain mail, wire, and securities fraud counts in an effort to preserve its ability to try those counts in the event of an acquittal on the remaining counts, it should have moved for severance under Fed. R. Crim. P. 14. It did not. Rule 48(a) is not intended to provide the government with another mechanism to seek severance of counts.

## II. THE REDACTED INDICTMENT SHOULD NOT BE PROVIDED TO THE JURY DURING DELIBERATIONS.

For the reasons set forth in Forbes Pretrial Motion No. 15, which is incorporated by reference, Mr. Forbes objects to the presentation of the redacted indictment to the jury. See Mot. Exclude Written Copy of Indictment from Jury Deliberations (filed June 10, 2004) [Docket No. 840]. Mr. Forbes further objects to providing a copy of the redacted indictment to the jury because it paraphrases various statutes and regulations. This may be confusing and invite jurors to give their own interpretations of the statutes and regulations. The relevant portions of the redacted indictment defining the alleged offenses should be integrated into the Court's instructions. Moreover, if the Court again reads the entire redacted indictment to the jury during the final charge, providing jurors with a written copy of the indictment (in addition to reading and providing a written copy of the instructions, which paraphrase portions of the indictment) would be unnecessarily duplicative and prejudicial.

The government has provided Mr. Forbes with multiple versions of the redacted indictment. The most recent version of the redacted indictment is attached hereto as Exhibit 2 (E-mail attaching revised redacted indictment from Gross to Simon, dated 9/15/05).[2] If the Court decides to

---

2 The government apparently intends to submit this version to the Court in lieu of the redacted indictment attached to its motion. See id. The original redacted indictment effectively merged all of Counts 7-12 (Securities Fraud) into new Count 4 in violation of the Grand Jury Clause of the Fifth Amendment and in contrast to the government's representation to the Court

provide a written copy of the redacted indictment to the jury, Mr. Forbes requests that the Court strike paragraph 10, which provides a narrative description of Kirk Shelton in the section entitled, "Named Co-conspirators." The only other persons identified and described in this section of the indictment are government witnesses who have been charged and pleaded guilty, Cosmo Corigliano, Anne Pember, and Casper Sabatino. See Ex. 2 ¶¶ 11-13. Including Mr. Shelton in this section would invite the jury to speculate that he also was charged and pleaded guilty. Mr. Forbes respectfully requests that Mr. Shelton be identified only in paragraph 17 of the indictment, which names the charged alleged co-conspirators and alleges that they conspired with each other "and others." Before providing the redacted indictment to the jury during the first trial, the Court replaced the words "and others" with the names of the other uncharged alleged co-conspirators, Stuart Bell, Kevin Kearney, Mary Sattler and Steven Speaks. See Court Ex. 21 ¶ 17. Mr. Forbes respectfully requests that the Court give Mr. Shelton the same treatment as these individuals, that is, identify him only in paragraph 17.

Mr. Forbes also requests that the Court strike the bracketed allegations in Exhibit 2, which he previously moved to strike in Forbes Trial Motion No. 47. See Mot. Strike Allegations from Superseding Indictment (filed Oct. 6, 2004) [Docket No. 1262]; see also Mot. Strike Surplusage (filed

---

that its intent was to dismiss Counts 7-11 and proceed only on Count 12. See Mot. at 2-3. The new proposed redacted indictment corrects this problem.

Apr. 25, 2003) [Docket No. 188]. The Court granted in part and denied in part Forbes Trial Motion No. 47. Those allegations the Court ordered redacted from the indictment are marked with an asterisk in Exhibit 2. Compare Court Ex. 21. If at the close of the evidence, there are additional allegations that have no evidentiary support, Mr. Forbes will move to strike them at that time.

Finally, it appears that the most recent version of the redacted indictment has two minor typographical errors. As the government recognizes, paragraph 63(e) should cross-reference "Count 2 of this Indictment" as opposed to "Count 5 of this Indictment." In addition, the last line of paragraph 18 should read "he held" as opposed to "they held."[3]

## CONCLUSION

For the reasons set forth above, Mr. Forbes respectfully requests that the Court enter an order dismissing the New Jersey Indictments with prejudice.[4]

---

3 It appears that there were formatting errors in the conversion of the most recent version of the redacted indictment from WordPerfect to Microsoft Word, including the page numbering. Mr. Forbes assumes that the government's copy of the redacted indictment will not have those formatting problems reflected on Exhibit 2.

4 Mr. Forbes preserves all of his motions addressed to the remaining counts in the redacted Connecticut Indictment, including the motion objecting to new Count 4 as improperly duplicitous.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: ______________________________
Brendan V. Sullivan, Jr. (ct17115)
Barry S. Simon (ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (ct05103)
Thomas J. Murphy (ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes