# EXHIBIT 1

## Romero, Tobin

**From:** Simon, Barry
**Sent:** Wednesday, September 21, 2005 8:26 PM
**To:** HARTFORD TRIAL TEAM
**Subject:** FW: redacted indictment - U.S. v. Walter Forbes, No. 3:02cr264

---

**From:** Norman.Gross@usdoj.gov [mailto:Norman.Gross@usdoj.gov]
**Sent:** Wed 9/21/2005 4:00 PM
**To:** Simon, Barry
**Cc:** Michael.Martinez2@usdoj.gov; Craig.Carpenito@usdoj.gov
**Subject:** RE: redacted indictment - U.S. v. Walter Forbes, No. 3:02cr264

Barry: The Government does not presently intend to dismiss any counts from the New Jersey indictments. Norman


-----Original Message-----
From: BSimon@wc.com [mailto:BSimon@wc.com]
Sent: Wednesday, September 21, 2005 1:01 AM
To: Gross, Norman
Subject: RE: redacted indictment - U.S. v. Walter Forbes, No. 3:02cr264


Will you please provide us your response promptly, since we have been seeking an answer for more than a week and we will object to a situation where mail and wire fraud counts, and other securities fraud counts, remain outstanding but untried; that is precisely the type of oppressive situation that led to the requirement of Court approval for relief such as that being requested by the prosecution. Particularly in light of the bad judgment exhibited by the government in deciding to proceed with the current prosecution, we will not agree to leave the government with the power to proceed with a third misguided effort. If you do not intend to proceed with those counts of the "New Jersey" indictments, it is a simple matter for you to dismiss them now.

---

From: Norman.Gross@usdoj.gov [mailto:Norman.Gross@usdoj.gov]
Sent: Tue 9/20/2005 9:06 AM
To: Simon, Barry
Cc: Michael.Martinez2@usdoj.gov; Craig.Carpenito@usdoj.gov
Subject: RE: redacted indictment - U.S. v. Walter Forbes, No. 3:02cr264


Barry: I am back in the office. I have had some preliminary discussions with Mike and Craig about your request. We will try to reach a decision today and give it to you. My preliminary thought is that Judge Thompson can rule on our motion to dismiss the counts from the Connecticut indictment without having to address anything about the New Jersey indictment, and that any challenge you may have to the N.J. indictment could wait until such time, if ever, that the Government actually tried to prosecute any of the charges under the NJ indictment.

Norman



-----Original Message-----
From: BSimon@wc.com [mailto:BSimon@wc.com]
Sent: Tuesday, September 20, 2005 1:39 AM

9/23/2005

To: Gross, Norman
Cc: RCary@wc.com; MZiegler@wc.com; MKeeley@wc.com; TRomero@wc.com
Subject: RE: redacted indictment - U.S. v. Walter Forbes, No. 3:02cr264

Norman: I hope that your operation was successful and that you are now back in the office. If so, please let me know whether you have consulted with others and have a position with respect to dismissing the mail, wire fraud, and securities fraud counts of the "New Jersey" indictments. As I told you, when we have that information we will be able to determine what our position is with respect to your motion. Barry

---

From: Norman.Gross@usdoj.gov [mailto:Norman.Gross@usdoj.gov]
Sent: Thu 9/15/2005 9:51 AM
To: Simon, Barry
Cc: Michael.Martinez2@usdoj.gov; Craig.Carpenito@usdoj.gov
Subject: redacted indictment - U.S. v. Walter Forbes, No. 3:02cr264

Barry: Following my discussion yesterday with you, the Government has redrafted paragraph 2 of what is now Count 4 of the proposed redacted indictment, charging Securities Fraud, to read in pertinent part as follows:

   3. On or about February 18, 1998, in the District of Connecticut, and elsewhere, defendant
   WALTER A. FORBES and others did willfully and knowingly, by the use of means and    instrumentalities of interstate commerce, the mails, and the facilities of national    securities exchanges, directly and indirectly use and employ manipulative and deceptive    devices and contrivances in contravention of Title 17, Code of Federal Regulations, Section    240.10b-5 in connection with the purchase of 5000 shares of Cendant common stock by    Hartford Steam Boiler, by, in connection with such transaction . . .

We believe that this language, which specifies the stock transaction at issue by both date and amount of shares, clarifies that the Government seeks to dismiss Counts 7-11 of the indictment, and to proceed only on Count 12.

When reviewing our proposed redacted indictment again, I noticed two additional typographical errors attributable to our proposed renumbering of the counts. In paragraph 63(e) of Count 1,
the reference to Count 5, charging false statements to the SEC, should now refer to Count 2. In paragraph 63(i) of Count 1, the reference to Count 6, also charging false statements to the SEC, should not refer to Count 3. I have made these changes to our proposed redacted indictment, which is attached. We will advise the Court that we intend to submit this revised version of the redacted indictment (subject to any additional errors), rather than the one that was attached to our motion to dismiss counts. Please let us know at your earliest convenience if you intend to oppose our motion to dismiss counts.

Thank you.

Norman Gross


-----Original Message-----
From: BSimon@wc.com [mailto:BSimon@wc.com]
Sent: Wednesday, September 14, 2005 1:34 PM
To: Gross, Norman; Martinez, Michael; Carpenito, Craig; Christopher_Mattei@ctd.uscourts.gov; RCary@wc.com
Subject: RE: U.S. v. Walter Forbes 02CR264 - Copying of juror questionnaires

Chris: We would like 2 copies for Mr Forbes. With respect to reporting time for counsel tomorrow and Friday, we understand that jurors are supposed to report to the jury assembly room at 8, and we assume that the first group of jurors would then be brought to the courtroom at 9, as they were last year. If that is the case, we would try to enter the courthouse at 8:45 to avoid unnecessary contact with prospective jurors. Is that acceptable to the Court? Thank you. Barry

9/23/2005

From: Christopher_Mattei@ctd.uscourts.gov [mailto:Christopher_Mattei@ctd.uscourts.gov]
Sent: Wed 9/14/2005 12:22 PM
To: Simon, Barry; Cary, Rob; norman.gross@usdoj.gov; michael.martinez2@usdoj.gov; craig.carpenito@usdoj.gov
Subject: U.S. v. Walter Forbes 02CR264 - Copying of juror questionnaires

Counsel,

We need to let our photocopying people know how many copies of each completed juror questionnaire each side requires. Please get back to me with that information?

Thanks.

Chris Mattei
Law Clerk for the Honorable Alvin W. Thompson
United States District Court
450 Main Street
Hartford, Connecticut 06103
860.240.3906
Christopher_Mattei@ctd.uscourts.gov

NOTICE:

This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply or by telephone (call us collect at (202) 434-5000) and immediately delete this message and all its attachments.

9/23/2005