UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case No.: 3:02 CR 264 (AWT) |
| WALTER A. FORBES,<br>Defendant. | : October 3, 2005 |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF CENDANT CORPORATION'S MOTION TO JOIN IN THE REQUEST FOR REMEDIAL RELIEF**

Non-party Cendant Corporation ("Cendant") respectfully submits this memorandum of law in support of its motion to join in the request of Cosmo Corigliano and Kramer Levin Naftalis and Frankel LLP ("Kramer Levin") for remedial relief relating to the subpoenas served by defendant Walter A. Forbes.

In particular, Cendant joins in the request that in advance of serving any additional subpoenas on Cendant or its executives, Mr. Forbes' lead trial counsel and his local counsel be required to submit a certification affirming that after adequate investigation counsel reasonably believes (1) that the subpoena is issued in good faith, (2) that it calls for documents and/or testimony that will be admissible into evidence, and (3) the Court has not already quashed a prior subpoena demand that called for the identical or substantially similar documents and/or testimony or otherwise precluded the admission into evidence of such documents or testimony. See September 23, 2005 Memorandum of Law in Support of

Motion of Non-Parties Cosmo Corigliano and Kramer Levin Naftalis & Frankel LLP to Quash Rule 17(C) Subpoenas and for Remedial Relief, Document No. 1762-1, ("Corigliano Brief") at 50.

Many of the arguments raised by Mr. Corigliano and Kramer Levin in their motion apply with equal force to the subpoenas served by Mr. Forbes on Cendant and its executives. Cendant, like Kramer Levin, has received subpoenas requesting an itemization of legal fees advanced on behalf of numerous witnesses. See August 17, 2005 Subpoena, attached as Ex. 9 to September 23, 2005 Joint Memorandum of Law in Support of Cendant Corporation's and John H. Carley's Motions To Quash the Subpoenas Served by Defendant Walter Forbes ("September 23 Brief"). Indeed, as explained in Cendant's September 23, 2005 motions to quash, Cendant and its executives have uniquely suffered from Mr. Forbes' unjustified demands and deliberate abuse of process.

In addition to the significant time and legal expense required to defend itself and its executives against Mr. Forbes' wholesale demands, Cendant also has to advance legal fees to many witnesses who contest Mr. Forbes' discovery barrage. As a result, Cendant – the ultimate victim of the crimes for which Mr. Forbes is on trial – bears the brunt of Mr. Forbes' scorched-earth tactics.

In a perverse twist, while Mr. Forbes seeks to point to the amount of legal fees advanced by Cendant to many witnesses to demonstrate bias on the part of Cendant, a good deal of those advanced fees are attributable to responding to his improper discovery

demands.[1] Furthermore, these requests not only ignore the Court's previous rulings denying identical or similar requests, but also fly in the face of Mr. Forbes' own practice in this very case, where he submitted enormous legal bills for payment by Cendant but refused to provide any description whatsoever of the basis for those bills under the theory that such information is protected attorney work product.

### Conclusion

Left unchecked, Mr. Forbes' counsel will continue to serve additional subpoenas that are improper and not aimed at eliciting admissible evidence. We believe that the proposal of Mr. Corigliano and Kramer Levin that Mr. Forbes' counsel be required to certify the propriety of any subpoena before service is a sensible, narrowly-tailored method of attempting to avoid continued abuse of process. And the relief requested is within the power of this Court to grant and is necessary to avoid the flagrant abuse of the system that characterized the first trial.

For the foregoing reasons, and for the reasons set forth in the Corigliano Brief at pages 48 through 53, Cendant respectfully joins in the request of Mr. Corigliano and Kramer Levin for the institution of prophylactic measures regarding Mr. Forbes' use of subpoenas.

---

[1] Making matters worse, as explained at page 6 of the September 23 Brief, this Court has already rejected previous demands from Mr. Forbes for evidence regarding Cendant's alleged bias.

CENDANT CORPORATION

CENDANT CORPORATION

By: s/ Robert E. Kaelin
   Francis J. Brady – ct04296
   fbrady@murthalaw.com
   Robert E. Kaelin – ct11631
   rkaelin@murthalaw.com

Murtha Cullina LLP
CityPlace I – 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:  (860) 240-6000
Facsimile:  (860) 240-6150

*Visiting Attorneys*
Saul B. Shapiro (SS-5506) – ct24714
sshapiro@pbwt.com
Peter W. Tomlinson (PT-0669) – ct24714
pwtomlinson@pbwt.com

PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 336-2000
Facsimile:  (212) 336-2222
Its Attorneys

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was delivered by hand on October 3, 2005 to:

| Counsel For The U.S. Government | Counsel For Walter A. Forbes |
|---|---|
| Michael Martinez, Esq.<br>United States Attorney's Office<br>District of New Jersey<br>c/o  Federal Building<br>    450 Main Street, Rm. 320<br>    Hartford, CT 06103 | Barry Simon, Esq.<br>Williams & Connolly LLP<br>c/o  Residence Inn<br>    942 Main Street<br>    Hartford, CT  06103<br><br>James T. Cowdery, Esq.<br>Cowdery, Ecker & Murphy, LLC<br>750 Main Street<br>Hartford, CT 06103 |

                          _s/ Robert E. Kaelin_
                          Robert E. Kaelin, Esq.