UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:02CR264 (AWT) |
| v. ) | |
| ) | October 7, 2005 |
| WALTER A. FORBES ) | |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION OF DEFENDANT WALTER A. FORBES
TO PRECLUDE THE GOVERNMENT FROM PRESENTING
EVIDENCE, CROSS-EXAMINATION, OR ARGUMENT
CONCERNING THE CHARGING OF MR. FORBES' AIRPLANE
EXPENSES TO THE CENDANT MERGER RESERVE
(Forbes Retrial Motion *In Limine* No. 2)**

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits this reply memorandum in support of his motion *in limine* to preclude the government from presenting any evidence, cross-examination, or argument concerning the charging of Mr. Forbes' plane expenses to the Cendant merger reserve.

**ARGUMENT**

I.  **THE COURT SHOULD EXCLUDE EVIDENCE CONCERNING THE CHARGING OF MR. FORBES' PLANE EXPENSES TO THE MERGER RESERVE UNDER RULES 401 AND 403.**

The government apparently concedes that Mr. Forbes was not involved in, and did not know about, the decision of Mr. Corigliano and Mr. Shelton to charge

Oral Argument Requested

certain of Mr. Forbes' plane expenses to the Cendant merger reserve. See Opp. at 5 ("The Government does not intend to argue that Forbes knew about or was involved in that decision"). According to the government, the only purported relevance of this evidence in the retrial of Mr. Forbes is as evidence of the existence of a conspiracy and Mr. Shelton's alleged participation in it. See id. at 5-6. But Mr. Shelton is not on trial in this case, and the government's proffered evidence proves nothing about whether Mr. Forbes was a member of a conspiracy. Accordingly, the probative value of this evidence in a trial of Mr. Forbes alone is minimal at best.

The prejudicial effect of this evidence to Mr. Forbes, however, would be very substantial. The plane expenses in question were Mr. Forbes' expenses and Mr. Forbes signed the expense reimbursement form on which the words "charge to merger reserve" are written. A juror could certainly be misled by this evidence to believe that Mr. Forbes was somehow involved in the decision to charge the expenses to the merger reserve or that he was aware of, or approved, that decision.

A juror also could easily conclude, erroneously, that because the form reflects that Mr. Forbes' plane expenses will be charged to the reserve, and because Mr. Forbes' signature is on the form, he likely signed the form after the merger reserve language was added to it. Based on that erroneous conclusion, a juror could further conclude, erroneously, that Mr. Forbes was on notice of the decision to charge the expenses to the merger reserve, even if he was not involved in that decision. Particularly given the conscious avoidance charge the Court will likely give (over Mr. Forbes' objection), the admission of this evidence would be extremely

2

prejudicial to Mr. Forbes, because it would create the erroneous impression that Mr. Forbes was on notice of an allegedly fraudulent act -- the decision to charge the expense to the merger reserve.

In addition, Mr. Corigliano likely will testify, as he did in the 2004 trial, that Mr. Forbes originally sought reimbursement for more than $1 million in plane expenses, Tr. 7374-75, that Mr. Forbes' travel and entertainment expenses were "a very sore subject with both Kirk and Chris," Tr. 7375, and that Mr. Shelton reduced the amount of plane expenses for which Mr. Forbes sought reimbursement because of "errors or duplication." Id. This testimony would be highly prejudicial to Mr. Forbes, because it would suggest that Mr. Forbes' reimbursement request was improper and had to be reduced, and that Mr. Forbes' expenses were a chronic problem or subject of contention at CUC. Because Mr. Forbes' request for reimbursement was entirely proper, Mr. Corigliano's suggestion to the contrary would be extremely prejudicial and misleading to the jury. Mr. Corigliano's testimony also would emphasize Mr. Forbes' use of an expensive private plane and his high travel and entertainment expenses, which could bias the jury against Mr. Forbes. See United States v. Stahl, 616 F.2d 30 (2d Cir. 1980). For all of these reasons, the prejudicial effect of the plane expense evidence with respect to Mr. Forbes far outweighs its (at best) minimal probative value.

When weighing the significant prejudicial effect of this evidence against its limited probative value, the Court should consider the other evidence available to the government to prove the existence of a conspiracy and Mr. Shelton's

3

alleged participation in it. See Old Chief v. United States, 519 U.S. 172, 183 (1997) ("a judge applying Rule 403 could reasonably apply some discount to the probative value of an item of evidence when faced with less risky alternative proof going to the same point"); id. at 184-85 (court may evaluate "evidentiary alternatives" to challenged evidence when performing Rule 403 balancing); United States v. Lachman, 48 F.3d 586, 593 (1st Cir. 1995) ("In applying Rule 403, it is plainly pertinent whether a litigant has some alternative way to establish a fact that involves no (or at least a lesser) risk of prejudice."); Fed. R. Evid. 403, advisory committee notes ("The availability of other means of proof may also be an appropriate factor" to consider in the Rule 403 analysis).

  Here, the government has ample evidence at its disposal to prove the existence of a conspiracy including, inter alia, the testimony of cooperating witnesses Sabatino, Pember, and Corigliano and numerous documents showing that Mr. Corigliano and his subordinates manipulated the earnings of CUC. The government cannot seriously claim that it needs to offer evidence about the charging of Mr. Forbes' plane expenses to the Cendant merger reserve to establish the existence of a conspiracy. Moreover, the government has other evidence from which it could establish Mr. Shelton's purported involvement in the conspiracy. Indeed, it spent most of the 2004 trial presenting such evidence. Since Mr. Shelton is not on trial in this proceeding, the government is not required to present evidence seeking to establish beyond a reasonable doubt that he was a member of the alleged conspiracy. It need only present evidence sufficient to establish by a preponderance

of the evidence that Mr. Shelton was an alleged member of the conspiracy in order for his statements to be admissible in this trial. See Bourjaily v. United States, 483 U.S. 171, 175-76 (1987). The government does not need to present evidence concerning the charging of Mr. Forbes' plane expenses to the merger reserve to make that more limited showing.

Because the evidence in question does not prove anything with respect to Mr. Forbes, but would be highly prejudicial to him, and because the government has other evidence at its disposal to establish both the existence of a conspiracy and Mr. Shelton's purported involvement in it, the Court should exclude this evidence under Fed. R. 401 and 403.

## II. THE COURT SHOULD PRECLUDE THE GOVERNMENT FROM OFFERING THE PLANE EXPENSE REIMBURSEMENT VOUCHER PURSUANT TO FED. R. EVID. 1001 AND 1003.

As Mr. Forbes pointed out in his opening memorandum, it is impossible to determine, without examining the originals of GX 158 and GX 388, which of the numerous versions of the document that exist is an accurate reproduction of the actual record in Cendant's files. It also is impossible to determine, without examining the originals of GX 158 and GX 388, whether the original document maintained in Cendant's files was part of a larger group of documents maintained together as documentation concerning this expense. Finally, it is impossible to determine, without examining the originals of GX 158 and GX 388, which of the handwriting on the different versions of the document was written in different ink.

While the government asserts that Mr. Forbes "does not contend that either GX 388 or GX 158 is not a proper 'duplicate' of the original as that term is defined by Fed. R Evid. 1001(4)," Opp, at 7 n.3, Mr. Forbes <u>does</u> make such a contention. Federal Rule of Evidence 1001(4) provides that photocopies are considered duplicates of original documents if they "<u>accurately reproduce[] the original</u>." <u>Id.</u> (emphasis added). Here, the original has not been supplied and it is impossible to determine, from the different versions of the document, which is an accurate reproduction of the original. As a result, neither GX 158 nor GX 388 is admissible as a "duplicate" document under Rule 1001(4).

GX 158 and GX 388 also are not admissible under Fed. R. Evid. 1003 because a genuine question has been raised as to the authenticity of the original and it would be unfair to admit the purported duplicate in lieu of the original. Without the original, it is impossible to determine the different inks on the document. In addition, without the original, it is impossible to determine which documents were appended to the document in its original form. Under these circumstances, it would be fundamentally unfair to admit GX 158, GX 388, or any other version of the expense reimbursement form into evidence in lieu of the original. <u>See</u>, e.g., <u>Opals on Ice Lingerie v. Bodylines, Inc.</u>, 320 F.3d 362, 371 (2d Cir. 2003); <u>United States v. Haddock</u>, 956 F.2d 1534, 1545-46 (10th Cir. 1992), <u>vacated in part on other grounds</u>, 961 F.2d 933 (10th Cir. 1992); <u>Amoco Prod. Co. v. United States</u>, 619 F.2d 1383, 1391 (10th Cir. 1980).

## **CONCLUSION**

For the foregoing reasons, and the reasons set forth in Mr. Forbes' opening memorandum, the Court should preclude the government from presenting evidence, cross-examination, or argument concerning the charging of Mr. Forbes' airplane expenses to the Cendant merger reserve.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
    Brendan V. Sullivan, Jr. (Bar No. ct17115)
    Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Reply Memorandum in Support of Motion of Defendant Walter A. Forbes to Preclude the Government from Presenting Evidence, Cross-Examination, or Argument Concerning the Charging of Mr. Forbes' Airplane Expenses to the Cendant Merger Reserve (Forbes Retrial Motion In Limine No. 2) to be sent on October 7, 2005 to the following via Federal Express and email:

> Michael Martinez, Esq.
> Craig Carpenito, Esq.
> United States Attorneys
> The Federal Building
> U.S. Department of Justice
> 450 Main Street, Room 320
> Hartford, CT  06103
>
> Norman Gross, Esq.
> U.S. Attorney's Office
> District of New Jersey
> 401 Market Street
> Fourth Floor
> Camden, NJ  08101

_____
Barry S. Simon