UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                      )<br>)<br>)<br>WALTER A. FORBES                       )<br>) | No. 3:02CR264 (AWT)<br><br>October 7, 2005 |

**REPLY MEMORANDUM IN SUPPORT OF
RENEWED MOTION OF DEFENDANT WALTER A. FORBES
TO PRECLUDE THE GOVERNMENT FROM PRESENTING
EVIDENCE, CROSS-EXAMINATION, OR ARGUMENT
CONCERNING ASSET TRANSFERS
(Forbes Retrial Motion *In Limine* No. 5)**

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits this reply memorandum in support of his motion *in limine* to preclude the government from presenting any evidence, cross-examination, or argument at the retrial concerning Mr. Forbes' transfers of certain assets to his wife. Mr. Forbes incorporates herein the reply memorandum filed in support of Mr. Forbes' Motion *in limine* No. 3 (filed May 3, 2004) (Docket Entry # 668).

Oral Argument Requested

## ARGUMENT

I. **THE GOVERNMENT STILL HAS NOT CITED A SINGLE CASE HOLDING THAT EVIDENCE OF AN ASSET TRANSFER MADE YEARS BEFORE AN INDICTMENT IS PROBATIVE OF CONSCIOUSNESS OF GUILT.**

The government has briefed the issue of asset transfers on a number of occasions. As Mr. Forbes pointed out in his August 22, 2005 memorandum in opposition to the government's retrial motion *in limine*, the government has failed to cite a single case in which evidence of an asset transfer made years before an indictment was returned was admitted as evidence of consciousness of guilt. See Forbes Memorandum in Opposition to the Government's Retrial Motion *In Limine* (Docket Entry # 1653) at 8-9. In both its response to Mr. Forbes' current motion *in limine*, and its incorporated Reply Memorandum in Support of its Pre-Retrial Motion *in limine* ("Gov't Reply"), the government has again <u>failed to cite a single case</u> that supports its contention that evidence of asset transfers made years before the filing of any criminal charges, at a time when Mr. Forbes was not a focus of the government's investigation, is admissible to show consciousness of guilt.[1] The government's inability to summon any legal support for its position fatally undermines its claim that this evidence is probative of consciousness of guilt.[2]

---

[1] United States v. Roman, 870 F.2d 65 (2d Cir. 1989) (Gov't Reply at 3), does not address the issue of consciousness of guilt and is entirely inapposite. It addresses whether the evidence presented at trial was sufficient to sustain the defendant's conviction. Id. at 71.

[2] At least one court has held that evidence of asset transfers made <u>after</u> the commencement of criminal proceedings (unlike those at issue here) is not

While the government attempts to analogize the situation here with one involving a "defendant who flees from justice," Gov't Reply at 3, there is ample support in the case law for the proposition that <u>flight</u> may be probative of consciousness of guilt. Mr. Forbes is not aware of any case, and the government has not cited any, holding that a transfer of assets years before any criminal charges are brought (and at a time when the defendant was not a focus of any criminal investigation, <u>see</u> Tr. 11,445-46) is probative of consciousness of guilt.

"[T]he probative value of flight evidence depends upon the degree of confidence with which four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged." <u>United States v. Dillion</u>, 870 F.2d 1125, 1127 (6th Cir. 1989); <u>see also</u> <u>United States v. Amuso</u>, 21 F.3d 1251, 1258 (2d Cir. 1994) (citing <u>Dillion</u> with approval); <u>United States v. Silverman</u>, 861 F.2d 571, 581 (9th Cir. 1988) (applying the same four-part test in determining the relevance of flight evidence); <u>United</u>

---

probative of consciousness of guilt. <u>United States v. Ramirez</u>, 176 F.3d 1179 (9th Cir. 1999). While the government contends that this case "provides scant support for Forbes' claim," Gov't Reply at 5 n.1, the court held that the admission of evidence of asset transfers that took place following the defendant's arrest was error. <u>Id.</u> at 1183. Although the <u>Ramirez</u> court found the error harmless because of the otherwise strong evidence against the defendant, <u>see id.</u> ("he had care, custody and control of a vehicle containing 46.4 pounds of marijuana"), this is not a case in which the government has strong evidence. The government cites no case inconsistent with <u>Ramirez</u>.

3

States v. Schepp, 746 F.2d 406, 409-10 (8th Cir. 1984) (same); United States v. Borders, 693 F.2d 1318, 1325 (11th Cir. 1982) (same); United States v. Myers, 550 F.2d 1036, 1048-51 (5th Cir. 1977) (same). "All four inferences must be 'reasonably supported by the evidence.'" Dillion, 870 F.2d at 1127 (quotation omitted).

Under the logic of the "flight" cases, evidence relating to an asset transfer would be admissible as evidence of consciousness of guilt only if, inter alia, inferences could be drawn: (1) from the asset transfer to consciousness of guilt; (2) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (3) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged. The government has pointed to no evidence from which any of these inferences could properly be drawn by the jury, and has cited no case where the jury was permitted to draw such inferences from an asset transfer in a criminal case.

The government's contention that Mr. Forbes' attempt to shield assets from a potential civil judgment that could be based on a theory of vicarious liability somehow makes it more likely that he "knew he was guilty of the charged crimes," Gov't Reply at 4, is unfounded and not supported by any legal authority. The government concedes that Mr. Forbes could be held liable in the Cendant civil litigation for "conduct that did not rise to the level of intentional fraud," such as recklessness. Id. There is no basis for the government's contention that actions taken by Mr. Forbes (with the advice of counsel) to protect his family from potential civil judgments, after civil suits had been filed but years before any criminal

4

<u>charges were brought against him</u>, at a time when he was not the focus of any criminal investigation, Tr. 11445-46, is somehow evidence of consciousness of guilt. The government's contention that Mr. Forbes "would be equally motivated to shield his assets against an adverse outcome in either a criminal or civil proceeding," Gov't Reply at 4, is fundamentally flawed as well. This claim ignores the fact that the asset transfers at issue here were done years before the commencement of any criminal proceeding against Mr. Forbes, at a time when the government's investigation was not focused on him. The Court should reject the government's speculative assertions, which are not supported by any case law.[3]

Finally, the Court should exclude any reference to asset transfers pursuant to Fed. R. Evid. 403 and/or 404(b) in the event that it does not do so under Fed. R. Evid. 401 and 402. References to asset transfers would highlight the value of the real estate owned by Mr. Forbes and his family. See Tr. 14,386-88, 14,934, 14,401-03 (emphasizing value of assets transferred during government questioning). While the government contends that this will not cause the jury to have any animus against Mr. Forbes, Gov't Reply at 6, it is improper for the government to emphasize the defendant's wealth, see United States v. Stahl, 616 F.2d 30, 32 (2d Cir. 1980), especially when the evidence it seeks to offer has no

---

[3] Rolf v. Blyth, Eastman Dillon & Co., Inc., 570 F.2d 38 (2d Cir. 1978), (Gov't Reply at 4), held that recklessness is sufficient for liability in a civil 10b-5 action. Id. at 46. It does not address the issue of consciousness of guilt and provides no support for the government's claim that Mr. Forbes' transfer of certain assets to family members years before the commencement of any criminal proceedings against him is evidence of consciousness of guilt.

5

probative value in this case. In addition, because the evidence involves events that took place after the period at issue in the indictment, is not probative of intent, and is prejudicial to Mr. Forbes, it should be excluded under Rule 404(b).

## CONCLUSION

For the foregoing reasons, and those set forth in Mr. Forbes' Motion, the Court should preclude the government from making any reference to Mr. Forbes' asset transfers, or presenting any evidence on that subject, pursuant to Fed. R. Evid. 401, 402, 403, and 404(b).

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
    Brendan V. Sullivan, Jr. (Bar No. ct17115)
    Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Reply Memorandum in Support of Motion of Defendant Walter A. Forbes to Preclude the Government from Presenting Evidence, Cross-Examination, or Argument Concerning Asset Transfers (Forbes Retrial Motion *In Limine* No. 5) to be sent on October 7, 2005 to the following via Federal Express and email:

> Michael Martinez, Esq.
> Craig Carpenito, Esq.
> United States Attorneys
> The Federal Building
> U.S. Department of Justice
> 450 Main Street, Room 320
> Hartford, CT  06103
>
> Norman Gross, Esq.
> U.S. Attorney's Office
> District of New Jersey
> 401 Market Street
> Fourth Floor
> Camden, NJ  08101

_____
Barry S. Simon