UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:02CR264 (AWT) |
| | ) | October 7, 2005 |
| WALTER A. FORBES. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF
DEFENDANT WALTER A. FORBES TO PRECLUDE THE
GOVERNMENT FROM PRESENTING TESTIMONY
REGARDING JAMES ROWAN'S EXPERIENCES WITH
MERGER RESERVES AT HARTFORD STEAM BOILER
(Forbes Retrial Motion *In Limine* No. 7)**

The government fails to articulate what relevance Mr. Rowan's experience with merger reserves at Hartford Steam Boiler ("HSB") could possibly have in this case, focusing instead on Rowan's subjective reliance on the accuracy of the merger reserve line in the company's financial statements when he purchased Cendant stock on behalf of HSB.

Mr. Forbes does not object to Mr. Rowan testifying that he relied on the accuracy of the merger reserve line in CUC's financial statements, or on "CUC's historic operating income figures, as reported in CUC's SEC filings" when, on behalf of HSB, he purchased Cendant stock. Opp. at 1. What Mr. Forbes does object to is (1) the testimony Mr. Rowan gave in the first trial which discussed what types of costs were properly charged to a merger reserve, and what level of documentation was needed for such charges, and (2) the testimony that Mr. Rowan would not have

Oral Argument Requested

purchased Cendant stock had he known that non-merger related costs were charged to the merger reserve.

The government concedes in its Opposition that testimony concerning the proper use of merger reserves under GAAP is a subject for expert testimony. Opp. at 1. Nonetheless, the government wants Mr. Rowan to testify to his lay opinion on this subject because it purportedly explains his decision to purchase Cendant stock. Opp. at 1. There are two flaws in the government's argument. First, Mr. Rowan's reliance is not an element of the offense with which Mr. Forbes is charged. Reliance is relevant only to the extent it evidences the element of "materiality."

> A fact is material only if there is a substantial likelihood that a *reasonable* investor would have viewed the fact as having significantly altered the total mix of information available.

Tr. 11/3/2004 at 16,337 (Jury Charge from first trial) (emphasis added). Mr. Rowan's reliance on the accuracy of the financial statements may be relevant to the materiality of the financial statements to a reasonable investor, but his personal experiences at HSB with regard to merger reserves, and the purported documentation requirements for merger related costs, are not.

Second, Mr. Rowan does not have any personal knowledge about what costs were charged to the merger reserves at Cendant. The only thing Mr. Rowan knew about the Cendant merger reserve at the time he purchased the stock – and thus the only thing he could have relied upon – was the total size of the merger reserve as reported in company's financial statements. Facts he learned only after

he made the stock purchase, such as any evidence indicating that costs unrelated to the merger were charged to the reserve, are irrelevant. Indeed, the question posed to him about what he would of done "had he known" that costs unrelated to the merger were charged to the reserve was an improper hypothetical under Federal Rule of Evidence 701.

There is no relevance to the proposed testimony, and no reason to admit it only to then give a limiting instruction that it should not be considered. Mr. Rowan's testimony should be limited to his reliance on the accuracy of the financial statements, not his lay opinion of whether the financial statements were in fact accurate or not.

## **CONCLUSION**

For the foregoing reasons, the government should be prohibited from eliciting any testimony from Mr. James Rowan concerning (1) the propriety of charging particular costs against a merger reserve, (2) the documentation purportedly required for such a charge, or (3) his personal experience with merger reserves at HSB.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: October 7, 2005

4

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Reply Memorandum in Support of Motion of Defendant Walter A. Forbes to Preclude the Government from Presenting Testimony Regarding James Rowan's Experiences with Merger Reserves at the Hartford Steam Boiler company (Forbes Retrial Motion *In Limine* No. 7) to be sent on October 7, 2005 to the following via e-mail and FedEx:

Norman Gross, Esq.
U.S. Attorney's Office
District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ 08101

Michael Martinez, Esq.
Craig Carpenito, Esq.
U.S. Department of Justice
450 Main Street, Room 320
Hartford, CT 06103

Barry S. Simon