UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>WALTER A. FORBES )<br>) | No. 3:02CR264 (AWT)<br><br>October 7, 2005 |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION OF DEFENDANT WALTER A. FORBES TO
PRECLUDE THE ADMISSION OF ANY EVIDENCE
REGARDING CENDANT'S RESTATEMENT
(Forbes Retrial Motion *In Limine* No. 19)**

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits this reply memorandum in support of his motion *in limine* to preclude the government from presenting any evidence, cross-examination, or argument at trial concerning Cendant's Restatement. Mr. Forbes incorporates herein his Reply Memorandum in Support of Motion to Preclude the Admission of Any Evidence Regarding Cendant's Restatement (Forbes Motion *in Limine* No. 7) (filed May 5, 2004) (Docket Entry # 676).

The government has represented that it does not presently intend to offer the Restatement itself into evidence, and that it will not make any attempt to do so without prior authorization of the Court. Opp. at 2. Accordingly, Mr. Forbes limits his reply memorandum to the remaining issues raised in his Motion.

Oral Argument Requested

I.  **THE GOVERNMENT ERRONEOUSLY ASSERTS THAT MR. FORBES MUST SATISFY THE STANDARD FOR A MOTION FOR RECONSIDERATION.**

The government attempts to portray Mr. Forbes' motion as a motion for reconsideration.  See Opp. at 1.  But this is a new trial, and Mr. Forbes is required to re-assert his evidentiary objections to the government's evidence.  Moreover, the Court is not bound by its prior rulings and is free to revisit them.

It is well established that "[a] retrial following a mistrial is both in purpose and effect a new trial.  Accordingly, objections made at the aborted trial have no bearing on the retrial, as the two are entirely separate affairs." United States v. Palmer, 122 F.3d 215, 221 (5th Cir. 1997).  A defendant in a criminal trial has an "obligation" to renew issues and arguments at retrial.  See id.[1]

Although the Court may, following a mistrial, adhere to its prior rulings on retrial, it is not required to do so.  See Palmer, 122 F.3d at 221; United

---

[1] Numerous circuit court opinions confirm this fundamental proposition. See, e.g., United States v. Dixon, 273 F.3d 636, 639 (5th Cir. 2001) ("Because defendant did not object during his second trial to the kidnapping instruction, we review that instruction only for plain error."); United States v. Gomez, 67 F.3d 1515, 1526 n.13 (10th Cir. 1995) ("[I]t is fundamental that, in cases where a new trial has been ordered, objections made during the first proceeding do not preserve issues for appeal in the second."); United States v. Hill, 60 F.3d 672, 675 n.2 (10th Cir. 1995) (holding that defendant failed to preserve argument when he objected "during [the] first trial, which ended without conviction," but "failed to object to the same testimony at the second trial before the new jury that rendered the convictions Hill challenges in this appeal"); Savage v. United States, 295 F. 686, 687 (4th Cir. 1924) (declining to address objections at first trial that were not renewed at retrial and stating that "the exceptions . . . apply to the court's ruling and action at and during the first trial, where there was disagreement of the jury, and hence are of no avail to the defendant upon the second trial").

States v. Todd, 920 F.2d 399, 404 (6th Cir. 1990). The D.C. Circuit has characterized as "baseless" the suggestion that a trial court, on retrial, must adhere to its prior evidentiary rulings:

> No doctrine of the law of the case operates under these circumstances. The evidentiary ruling at issue was rendered in a new trial which was ordered pursuant to a mistrial. When, as here, "the previous trial [is] a nullity," the court in the new trial tries "the case as if it were being tried for the first time . . . , as if there had been no prior trial."

United States v. Akers, 702 F.2d 1145, 1148 (D.C. Cir. 1983) (emphasis in original); see also United States v. Williams, 205 F.3d 23, 34 (2d Cir. 2000) ("Also unavailing is Williams's assertion that the district court violated the law of the case by reconsidering at the second trial several of the evidentiary rulings it had made at the first. . . . [W]e find no abuse of discretion in the district court's modification of its earlier rulings."); United States v. Dovico, 261 F. Supp. 862, 869 (S.D.N.Y. 1966) ("[E]ven if we read Judge Sugarman's persuasive disposition [of the motion for a new trial] as setting a rule to be followed at the retrial, we cannot conclude that it determines the law of the case concerning admissibility of evidence, such question resting in the discretion of the trial judge."), aff'd, 380 F.2d 325, 326 n.1 (2d Cir. 1967). Accordingly, the Court is not bound by its prior decisions concerning evidence related to the Cendant Restatement and is free to reconsider that determination in this retrial.[2]

---

[2] The case cited by the government, Jordan (Bermuda) Inv. Co., Ltd. v. Hunter Green Investments Ltd., 2003 WL 21263544 (S.D.N.Y. June 2, 2003) (Opp. at 1), is inapposite. It involved a motion for reconsideration of the denial of a portion of a motion to dismiss a civil complaint, not an evidentiary issue raised in

3

## II. THE COURT SHOULD PRECLUDE ANY REFERENCE TO THE FACT OF THE RESTATEMENT OR THE AMOUNT OF THE RESTATEMENT.

The government apparently seeks to offer evidence concerning the fact that Cendant restated its financial results. See Opp. at 1. It is unclear whether the government also seeks to present evidence concerning the amount of the Restatement. See id. The Court should preclude the government from presenting either category of evidence and from making any reference to the Restatement at the retrial.

First, the Restatement was prepared in anticipation of litigation, based on expert legal and accounting opinions provided by Cendant's counsel and outside auditors. The Court should not permit any witness to testify that the Restatement was required or necessary, because any such testimony would be inadmissible hearsay and would constitute inadmissible lay opinion on a subject that requires expert testimony. See Memorandum in Support of Forbes Motion *In Limine* No. 3 (filed Sept. 6 2005) (Docket Entry # 1663) (incorporated herein by reference); Reply Memorandum in Support of Forbes Motion *In Limine* No. 3 (to be filed Oct. 11, 2005) (incorporated herein by reference).

Second, the Court should preclude any witness from testifying about the investigation and accounting work that led to the Restatement. Such testimony would be inadmissible hearsay and would violate Mr. Forbes' confrontation rights,

---

the context of a retrial.

4

see Crawford v. Washington, 541 U.S. 36 (2004), because the Audit Committee investigation that led to the Restatement was based on witness interviews that are testimonial in nature. In addition, any such testimony would be in the nature of expert opinion concerning the legal and/or accounting reasons for the Restatement and the factors that led Cendant's outside auditors and legal counsel to conclude that the Restatement should be filed. The Court cannot permit lay witnesses such as Mr. Monaco to testify as to matters based on expert knowledge. See Memorandum in Support of Forbes Motion In Limine No. 3 (filed Sept. 6, 2005) (Docket Entry # 1663) (incorporated herein by reference); Reply Memorandum in Support of Forbes Motion In Limine No. 3 (to be filed Oct. 11, 2005) (incorporated herein by reference).

Third, the Court should not permit any testimony or other evidence concerning either the amount of the Restatement or the information contained in the Restatement. The Restatement itself is inadmissible hearsay and contains multiple levels of hearsay. Any testimony concerning the amount of the Restatement or the information contained in the Restatement would be an impermissible back-door attempt to present the hearsay contained in the Restatement. Any such testimony also would violate Mr. Forbes' confrontation clause rights, see Crawford v. Washington, 541 U.S. 36 (2004), because the Restatement was based on witness interviews that were testimonial in nature and Mr. Forbes cannot cross-examine the individuals who gave those interviews.

5

Fourth, the Court should preclude any testimony about either the Restatement or the events that led to it because those events took place <u>after</u> the period at issue in the indictment and were conducted in an atmosphere of both actual and anticipated litigation. Cendant's litigation-motivated conduct after April 15, 1998 has no probative value in this case. Moreover, any evidence on this subject should be excluded because its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Because the Audit Committee investigation and the filing of the Restatement took place in anticipation of litigation, and during pending litigation, their reliability is suspect. In addition, the very magnitude of the Restatement, much of which is expressly <u>not</u> related to any alleged fraud, and which is much greater than the alleged fraud charged in the indictment, would inflame the jury. It could lead jurors to find Mr. Forbes guilty based on the size of the Restatement rather than the strength of the government's case.

Evidence concerning the Restatement also would confuse and mislead the jury. For example, there is no correlation between the amounts included in the Restatement and the amounts alleged in the indictment. The Restatement does not quantify any alleged accounting irregularities in isolation from any alleged accounting errors or the changes in accounting treatment mandated by the SEC. Moreover, the financial statements for 1995 and 1996 were restated on a calendar

6

year basis ending on December 31, rather than the fiscal year used by the former CUC businesses and referenced in the indictment, which ended on January 31. Those factors precluded the government's experts from tying out a single number from the Restatement to the indictment or the Audit Committee Report. See Tr. 3/10/2004 at 1347:10–1349:22 (Heckler) (indictment and Audit Committee Report); Tr. 2/19/2004 at 584:7–585:19, 661:25–662:7 (Sack) (Audit Committee Report). Given the substantial risks of juror confusion and unfair prejudice raised by evidence concerning the Restatement, the Court should preclude any reference to the Restatement pursuant to Fed. R. Evid. 403 if it does not do so for the other reasons set forth herein.[3]

---

[3] During the 2004 trial, the Court admitted the fact of the Restatement with respect to the issues of (i) materiality and (ii) the falsity of certain (unspecified) statements in prior SEC filings. See Tr. 1538. Particularly given the direct evidence and expert testimony the Court is admitting (often over Mr. Forbes' objection) concerning these subjects, and the fact that the Restatement has no probative value with respect to Mr. Forbes' knowledge or intent (as the Court previously instructed in a limiting instruction), it is especially appropriate for the Court to exercise its discretion to exclude this evidence on the ground that, inter alia, it is misleading, confusing, and a waste of the jury's time.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No.ct17115)
Barry S. Simon (Bar No. ct24159)
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Reply Memorandum in Support of Motion of Defendant Walter A. Forbes to Preclude the Admission of Any Evidence Regarding Cendant's Restatement (<u>Forbes Retrial Motion *In Limine* No. 19</u>) to be sent on October 7, 2005 to the following via Federal Express and email:

>Michael Martinez, Esq.
>Craig Carpenito, Esq.
>United States Attorneys
>The Federal Building
>U.S. Department of Justice
>450 Main Street, Room 320
>Hartford, CT 06103
>
>Norman Gross, Esq.
>U.S. Attorney's Office
>District of New Jersey
>401 Market Street
>Fourth Floor
>Camden, NJ 08101

Barry S. Simon