UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:02CR264 (AWT) |
| v. ) | |
| ) | October 7, 2005 |
| WALTER A. FORBES ) | |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION OF DEFENDANT WALTER A. FORBES
TO PRECLUDE THE ADMISSION OF
GOVERNMENT EXHIBITS 577 AND 578
(Forbes Retrial Motion *In Limine* No. 20)**

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits this reply memorandum in support of his motion *in limine* to preclude the admission of government exhibits 577 and 578 pursuant to Fed. R. Evid. 401, 402, and 403.

**I.  THE GOVERNMENT ERRONEOUSLY ASSERTS THAT MR. FORBES MUST SATISFY THE STANDARD FOR A MOTION FOR RECONSIDERATION.**

The government attempts to portray Mr. Forbes' motion as a motion for reconsideration. See Opp. at 1. But this is a new trial, and Mr. Forbes is required to re-assert his evidentiary objections to the government's evidence. Moreover, the Court is not bound by its prior rulings and is free to revisit them.

Oral Argument Requested

It is well established that "[a] retrial following a mistrial is both in purpose and effect a new trial. Accordingly, objections made at the aborted trial have no bearing on the retrial, as the two are entirely separate affairs." United States v. Palmer, 122 F.3d 215, 221 (5th Cir. 1997). A defendant in a criminal trial has an "obligation" to renew issues and arguments at retrial. See id.[1]

Although the Court may, following a mistrial, adhere to its prior rulings on retrial, it is not required to do so. See Palmer, 122 F.3d at 221; United States v. Todd, 920 F.2d 399, 404 (6th Cir. 1990). The D.C. Circuit has characterized as "baseless" the suggestion that a trial court, on retrial, must adhere to its prior evidentiary rulings:

> No doctrine of the law of the case operates under these circumstances. The evidentiary ruling at issue was rendered in a new trial which was ordered pursuant to a mistrial. When, as here, "the previous trial [is] a nullity," the court in the new trial tries "the case as if it were being tried for the first time . . . , as if there had been no prior trial."

---

[1] Numerous circuit court opinions confirm this fundamental proposition. See, e.g., United States v. Dixon, 273 F.3d 636, 639 (5th Cir. 2001) ("Because defendant did not object during his second trial to the kidnapping instruction, we review that instruction only for plain error."); United States v. Gomez, 67 F.3d 1515, 1526 n.13 (10th Cir. 1995) ("[I]t is fundamental that, in cases where a new trial has been ordered, objections made during the first proceeding do not preserve issues for appeal in the second."); United States v. Hill, 60 F.3d 672, 675 n.2 (10th Cir. 1995) (holding that defendant failed to preserve argument when he objected "during [the] first trial, which ended without conviction," but "failed to object to the same testimony at the second trial before the new jury that rendered the convictions Hill challenges in this appeal"); Savage v. United States, 295 F. 686, 687 (4th Cir. 1924) (declining to address objections at first trial that were not renewed at retrial and stating that "the exceptions . . . apply to the court's ruling and action at and during the first trial, where there was disagreement of the jury, and hence are of no avail to the defendant upon the second trial").

United States v. Akers, 702 F.2d 1145, 1148 (D.C. Cir. 1983) (emphasis in original); see also United States v. Williams, 205 F.3d 23, 34 (2d Cir. 2000) ("Also unavailing is Williams's assertion that the district court violated the law of the case by reconsidering at the second trial several of the evidentiary rulings it had made at the first. . . . [W]e find no abuse of discretion in the district court's modification of its earlier rulings."); United States v. Dovico, 261 F. Supp. 862, 869 (S.D.N.Y. 1966) ("[E]ven if we read Judge Sugarman's persuasive disposition [of the motion for a new trial] as setting a rule to be followed at the retrial, we cannot conclude that it determines the law of the case concerning admissibility of evidence, such question resting in the discretion of the trial judge."), aff'd, 380 F.2d 325, 326 n.1 (2d Cir. 1967). Accordingly, the Court is not bound by its decision to admit Mr. Forbes' Harvard Business School transcript into evidence at the 2004 trial and is free to reconsider that determination in this retrial.[2]

## II. THE COURT SHOULD EXCLUDE GX 577 AND 578 UNDER FED. R. EVID. 401, 402, AND 403.

The government relies on its previously filed memoranda concerning Government Pretrial Motion No. 5 in its opposition to Mr. Forbes' motion. Opp. at 2. But those pleadings asserted that the government should be able to notify the jury of the fact that Mr. Forbes has an MBA from Harvard. They do not make any

---

[2] The case cited by the government, Jordan (Bermuda) Inv. Co., Ltd. v. Hunter Green Investments Ltd., 2003 WL 21263544 (S.D.N.Y. June 2, 2003) (Opp. at 1), is inapposite. It involved a motion for reconsideration of the denial of a portion of a motion to dismiss a civil complaint, not an evidentiary issue raised in the context of a retrial.

3

argument in support of admitting Mr. Forbes' academic transcript or grades from Harvard.

Mr. Forbes has no objection to the government notifying the jury of the fact that he has an MBA from Harvard. But Mr. Forbes' transcript and grades from his MBA program (from which he graduated in 1968) have no probative value in this case. The government has failed to articulate how Mr. Forbes' transcript and grades from a program he attended in the 1960's -- which did not include any accounting classes -- have any relevance to the charges in the indictment. The documents do nothing to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. They should be excluded because they are irrelevant.

To the extent the government seeks to offer Mr. Forbes' transcript and grades in an effort to suggest that he had an accounting background or received training that would enable him to mastermind or direct a fraudulent accounting scheme, these documents should be excluded under Fed. R. Evid. 403. The government does not dispute that Mr. Forbes did not take any accounting classes at Harvard or that the GAAP principles applicable during the period charged in the indictment were not in existence in 1968, when Mr. Forbes graduated from Harvard Business School. There is no legitimate basis for the government to argue to the jury that the non-accounting classes Mr. Forbes took at Harvard rendered him capable of supervising or masterminding a sophisticated accounting scheme.

4

The case cited by the government, United States v. Zedner, 401 F.3d 36 (2d Cir. 2005) (Opp. at 2), does nothing to support the admissibility of Mr. Forbes' transcript or grades from Harvard. Zedner involved charges that the defendant attempted to defraud financial institutions by seeking to open an account using a counterfeit $10 million bond. Id. at 39. The defendant asserted that "he was delusional and lacked criminal intent because he did not know the bonds were counterfeit." Id. at 49. On rebuttal, the government presented evidence that the defendant had previously engaged in fraudulent schemes involving mortgage refinancing. Id. The evidence of the defendant's earlier fraudulent conduct was relevant to show "Zedner's financial sophistication, his ability to execute complex schemes, and his ability to form intent to defraud." Id. at 49-50. Here, in sharp contrast, the government does not seek to offer evidence concerning Mr. Forbes' conduct or participation in similar alleged schemes, but rather evidence concerning non-accounting classes he took in the 1960's, approximately two decades before the alleged commencement of the fraud. Because the documents in question could mislead the jury about Mr. Forbes' accounting knowledge, and have no probative value in this case, the Court should exclude them under Fed. R. Evid. 403 if it does not do so under Fed. R. Evid. 401.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Mr. Forbes' Motion, the Court should preclude the admission of GX 577 and 578 under Fed. R. Evid. 401, 402, and 403.

5

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No.ct17115)
Barry S. Simon  (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Reply Memorandum in Support of Motion of Defendant Walter A. Forbes to Preclude the Admission of Government Exhibits 577 and 578 (<u>Forbes Retrial Motion *In Limine* No. 20</u>) to be sent on October 7, 2005 to the following via Federal Express and email:

>Michael Martinez, Esq.
>Craig Carpenito, Esq.
>United States Attorneys
>The Federal Building
>U.S. Department of Justice
>450 Main Street, Room 320
>Hartford, CT  06103
>
>Norman Gross, Esq.
>U.S. Attorney's Office
>District of New Jersey
>401 Market Street
>Fourth Floor
>Camden, NJ  08101

_____
Barry S. Simon