UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.  )<br>)<br>WALTER A. FORBES )<br>)<br>) | No. 3:02CR264 (AWT)<br><br>October 7, 2005<br>**(UNDER SEAL)** |

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF
WALTER A. FORBES TO PRECLUDE REFERENCES TO
STUART BELL AS HIS FRIEND OR BUSINESS
PARTNER**
**(Forbes Retrial Motion *In Limine* No. 9) (FILED UNDER SEAL)**

Walter A. Forbes, through undersigned counsel, respectfully submits this reply memorandum in further support of his motion for an order precluding references to Stuart Bell as his friend or business partner outside of CUC.

**ARGUMENT**

The government's first argument suggesting that the Court gave a generic prior instruction "that the jury can draw no inferences from the fact that either party declined to call a particular witness," Opp'n at 1 (citing Tr. at 16406-07), is a mischaracterization of the record. The Court provided a curative instruction regarding "a reference to the fact that Robert Sarkie was not called as a witness." Tr. at 16406. The Court instructed the jury "that each party had an equal opportunity to call him as a witness. Therefore, you should not draw any inferences or reach any conclusions as to what he would have testified to had he been called." Id. at 16406-07. Moreover, an

Oral Argument Requested

instruction "that the jury can draw no inferences from the fact that neither party decided to call Bell as a witness," Opp'n at 1, as the government suggests, would <u>affirmatively mislead the jury</u>. <u>Mr. Forbes cannot call Mr. Bell because he has invoked his privilege; the government can call Mr. Bell if it confers immunity on him as it should.</u> Mr. Forbes is entitled to a missing witness instruction so that the jury appropriately can draw an adverse inference against the government for its failure to call Mr. Bell.

The government's arguments on the merits underscore why, if the Court denies Forbes Retrial Motion No. 7, it should preclude references to Mr. Bell as Mr. Forbes' friend or business partner outside of CUC. The government argues that "the fact that Bell was Forbes' friend would make it more likely that Bell would confide the fraud to Forbes." Opp'n at 2. This is precisely the type of "guilt by association" evidence forbidden by the Rules of Evidence. <u>See, e.g.</u>, <u>United States v. Polasek</u>, 162 F.3d 878, 883 (5th Cir. 1998) (reversing conviction and stating that "guilt by association evidence . . . is prohibited because that one is married to, associated with, or in the company of [an alleged] criminal does not support the inference that that person is a criminal or shares the criminal's guilty knowledge" (quotation & brackets omitted)); <u>United States v. Wassner</u>, 141 F.R.D. 399, 405 (S.D.N.Y.

1992) ("Guilt by association is just what Fed. R. Evid. 403 was intended to exclude.").[1]

The government does not claim that friendship evidence has some independent relevance beyond the fact that it supposedly makes guilt more likely. The same is true of the government's argument regarding business partnership evidence.[2] This inference urged by the government—that because Mr. Bell and Mr. Forbes were friends and business partners, it is more likely that Mr. Forbes knew about the fraud—is simply not permitted. Moreover, any such inference would be highly misleading in this case because Mr. Bell maintains that he did <u>not</u> participate in a fraud, and the government has unjustifiably refused to immunize him.

In contrast to friend and business partner evidence, Mr. Bell's position as CFO of CUC has independent evidentiary relevance beyond guilt by association. Therefore, Mr. Forbes has not moved to preclude such

---

[1] United States v. Murphy, 957 F.2d 550, 553 (8th Cir. 1992), is not to the contrary. The court there did not hold that mere "friendship" evidence is relevant or admissible. Rather, it found that <u>evidence</u>—that Murphy, a law enforcement officer, leaked information to Ketcher, a bookmaker, who used the information to avoid detection over the course of a 20-year friendship—was sufficient to establish an agreement. The government does not have any similar evidence of illegal conduct between Messrs. Forbes and Bell. It simply wants to rely on evidence that they were friends.

[2] Moreover, the government's argument on this issue—"because the success of Bell's and Forbes' joint business activities would be undermined by any liability that Forbes incurred, Bell would have an incentive to inform Forbes about the fraud so that Forbes would be able to take whatever precautions he could to shield himself against such liability," Opp'n at 3—is preposterous.

evidence, although the government apparently thinks that he did. See Opp'n at 2 (arguing that "Bell had a strong incentive to insure that his boss had authorized the fraud before undertaking the risks inherent in participating in the fraud").[3]

## CONCLUSION

Accordingly, Mr. Forbes respectfully requests that the Court enter an order precluding references to Stuart Bell as his friend or business partner outside of CUC.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (ct17115)
Barry S. Simon (ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

---

[3] Mr. Forbes disagrees, however, that evidence of Mr. Bell's position is relevant for this purpose. Indeed, the government's argument that Mr. Forbes' subordinates had to obtain his approval of the fraud makes no sense. That logic would have required Mr. Corigliano and his cohorts to disclose the fraud to many people they admittedly misled for years, including, among others, the people in the best position to discover the fraud, the outside auditors from Ernst & Young.

James T. Cowdery (ct05103)
Thomas J. Murphy (ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Reply Memorandum in Support of Motion of Walter A. Forbes to Preclude References to Stuart Bell as His Friend or Business Partner (Forbes Retrial Motion *In Limine* No. 9) (FILED UNDER SEAL) to be sent to the following on October 7, 2005 via E-mail and on October 8, 2005 via Federal Express:

Michael Martinez, Esq.
Craig Carpenito, Esq.
United States Attorneys
The Federal Building
U.S. Department of Justice
450 Main Street, Room 320
Hartford, CT 06103

Norman Gross, Esq.
U.S. Attorney's Office
District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ 08101

_____
Barry S. Simon