For these reasons, the subpoena directed to the Receiver should be quashed in its entirety and the Receiver-related demand served on Mr. Corigliano should be quashed as well.

## VI. PROPHYLACTIC MEASURES SHOULD BE PUT IN PLACE TO PREVENT CONTINUED DEFIANCE OF THE COURT'S PRIOR RULINGS AND VEXATIOUS ABUSE OF THE RULE 17 POWER

As documented above, in serving eighteen new Rule 17(c) subpoenas relating to Mr. Corigliano, counsel for Mr. Forbes refuses to acknowledge, much less respect the Court's numerous prior rulings on these very same issues. Counsel for Forbes' approach to issuing the latest Rule 17(c) subpoenas flies in the face of the rules governing motions for reconsideration and the "law of the case" doctrine. Counsel for Forbes also failed to "meet and confer" in good faith.

In addition to this most recent vexatious conduct, during the 2004 trial this Court made repeated findings that defendant Forbes claimed to be subpoenaing information for one purpose but in fact intended or knew that it would be used for a different, improper purpose.[48] Likewise, on repeated occasions during the 2004 trial the Court noted that Forbes was seeking a second or third bite at the apple in the context of subpoena-related issues.[49] And more than once

---

[48] See, e.g., Kidney Ruling at 3 ("It is obvious to the court that, at least at the time the subpoenas were served, it was defendant Forbes' intention to use the issue of benefits received by Corigliano as a wedge to get into areas where the focus would not be on what benefits have been or may be received by Corigliano from the government. . . . The only purpose served by questions in most of these areas would be to elicit testimony that could then be compared to Corigliano's answers on cross-examination and, thus, attack Corigliano's credibility. Such a back-door attack on credibility would be particularly inappropriate in view of the latitude the defendants were given in conducting their lengthy cross-examinations of Corigliano, and it should not be permitted by the court.") (Ex. II); Gonedes Ruling at 3 (subpoena quashed in relevant part because "the documents called for reflect lines of inquiry calculated to lead solely to bolster the defendants' attack on Corigliano's credibility," as opposed to identifying particular alleged benefits) (Ex. JJ).

[49] See, e.g., Tr. 7/20/04. at 8034 (Forbes requesting "third bite" on crime-fraud issues, which Court concludes are "not for discussion"); Tr. 7/26/04, at 8813 ("I expressed my concern that

- 48 -

during the 2004 trial, the Court found that, in the course of litigating subpoena-related issues, counsel for defendant Forbes had misstated the record or otherwise violated the Court's rulings.[50]

Based on this clear history of vexatious and oppressive litigation conduct, it is virtually certain that these abuses of the Rule 17 power will continue during the retrial absent some intervention by the Court. We most respectfully move for imposition of a prophylactic remedy that will ensure that any additional Rule 17 subpoenas are issued in good-faith and seek documents and/or testimony that will be admissible at trial and that have not previously been demanded and/or ruled on by this Court.

Accordingly, we move for the following remedy, which we submit is narrowly tailored to promote appropriate respect for and conformity with the Court's prior rulings and to prevent only the improper and abusive use of the Rule 17 power:

First, we ask that the Court enter an order requiring that before any additional Rule 17 subpoenas may be issued by defendant Forbes in relation to Mr. Corigliano, including document and testimonial subpoenas, Forbes' counsel be required to submit to the Court (with notice to the government and to the undersigned counsel) a signed certification affirming that after adequate investigation counsel reasonably believes (1) the subpoena is issued in good-faith, (2) that it calls for documents and/or testimony that will be admissible into evidence, and (3) the Court has not already quashed a prior subpoena demand that called for the identical or

---

what the defendants were really seeking by asking for an evidentiary hearing was another bite at the apple."); KL Attorneys Ruling at 2 (adopting our "Counter-Statement of Certain Facts," which addresses Forbes' continuing efforts to relitigate or otherwise challenge the Court's prior rulings) (Exs. LL & MM).

[50] See, e.g., Tr. 7/26/04, at 8813; id. at 8814; KL Attorneys Ruling at 2 (adopting our "Counter-Statement of Certain Facts") (Exs. LL & MM). See also, e.g., Tr. 9/27/04 at 13591-94; Tr. 10/14/04 at 14612.

KL3:2469827.2

substantially similar documents and/or testimony or otherwise precluded the admission into evidence of such documents or testimony.

Second, we ask that, to the extent defendant Forbes still wishes to re-issue a Rule 17 subpoena for documents or testimony where the Court already has quashed a prior subpoena demand that called for the identical or substantially similar documents and/or testimony, he be required to make a timely motion for reconsideration that (1) sets forth the bases on which he believes reconsideration is warranted under Local Rule 7(c) and the applicable common law standards and (2) represents that no prior motion for reconsideration has been previously made.

The Court may impose such a remedy pursuant to, among other sources of power, its inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). This authority includes "broad discretion in respect to the ordering and presentation of proof and the handling of evidentiary questions." *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994) (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) (approving use of in limine rulings as an adjunct of "the district court's inherent authority to manage the course of trials")); *see United States v. Alicea*, 837 F.2d 103, 107 (2d Cir. 1988) (approving district court's use of in limine ruling "pursuant to [its] inherent authority to manage the course of trials" despite lack of statutory authority for such procedure) (quoting *Luce*, 469 U.S. at 41 n. 4). More particular to this situation, it includes the power to control and manage discovery and disclosure in criminal matters. *See United States v. Perez*, 222 F. Supp. 2d 164, 166 (D. Conn. 2002) (requiring government to turn over certain materials pursuant to its "Standing Order on Pre-Trial Discovery, which is issued pursuant to the Court's inherent authority to manage its docket and supervise the orderly disposition of criminal matters"); *id.* at 171 (relying on *United States v.*

*Ming He*, 940 F.3d 782 (2d Cir. 1996) ("A federal court, guided by considerations of justice, may exercise its supervisory powers to formulate procedural rules not mandated by the Constitution.")); *United States v. Diaz*, No. 05-0167, 2005 WL 1575191, *3, 8-9 (N.D. Cal. June 30, 2005) (managing timing and content of criminal discovery under inherent authority and citing *Perez*). We also note that under Fed. R. Crim. P. 2, the rules of procedure in criminal cases must be interpreted "to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay."

## CONCLUSION

For the reasons outlined above, as well as in our numerous motion papers filed in connection with the 2004 trial, we respectfully urge the Court to quash all of the Corigliano-related 2005 subpoenas and to put in place an appropriate prophylactic procedure to prevent defendant Forbes' counsel from continuing to defy the Court's prior rulings and abuse the Rule 17 power.

Dated: New York, New York
       October 7, 2005

Respectfully submitted,

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: _____
Gary P. Naftalis (ct 24510)
Alan R. Friedman (ct 14926)
Eric A. Tirschwell (ct 25626)
J. Wells Dixon (ct 22932)
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

-and-

KL3:2469827.2

- 52 -

JACOBS, GRUDBERG, BELT & DOW, P.C.


By: _____
    Ira B. Grudberg (ct 00178)
    350 Orange Street
    New Haven, Connecticut 06511
    (203) 772-3100

Attorneys for Cosmo Corigliano

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of the foregoing document, dated October 7, 2005, was served via e-mail and overnight mail this 7th day of October, 2005 upon the following parties:

Michael Martinez, Esq.
Assistant United States Attorney
U.S. Department of Justice
450 Main Street, Room 320
Hartford, CT 06103

Barry S. Simon, Esq.
Williams & Connolly LLP
c/o Marriott Residence Hotel
942 Main Street
Hartford, CT 06103

James T. Cowdery, Esq.
Thomas J. Murphy, Esq.
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103

_____
J. Wells Dixon

KL3:2467574.1