UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 3:02CR264 (AWT) |
| ) | |
| WALTER A. FORBES ) | October 7, 2005 |
| ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF
WALTER A. FORBES TO PRECLUDE REFERENCES TO
HIM AS THE CAPTAIN OF THE SHIP OR OTHER
SIMILAR POSITIONS**
**(Forbes Retrial Motion *In Limine* No. 10)**

Walter A. Forbes, through undersigned counsel, respectfully submits this reply memorandum in further support of his motion for an order precluding references to him as the "Captain of the Ship," or other positions suggesting a standard of strict liability or negligence.

The government concedes, as it must, that the jury cannot "convict Mr. Forbes on a *respondeat superior* theory of vicarious liability." Opp'n at 3. The government, therefore, should not invite the jury to do so with misleading metaphors suggesting a standard of negligence or strict liability. That the "Court instructed the jury, without objection by the government, that Forbes could not be convicted of any of the charges merely because he was the CEO and Chairman of CUC and other persons under his ultimate supervision engaged in the fraud," Opp'n at 3, is hardly a

Oral Argument Requested

justification for arguments that are in conflict with that instruction.[1]

As Mr. Forbes stated in his opening brief, this case involves a Chief Executive Officer, not the captain of any ship. The opening paragraph of the government's brief underscores this point. Everything the government says in the opening paragraph of its brief, see Opp'n at 1, may ultimately be fair argument if it is based on the evidence admitted at trial. And none of it requires the misleading reference to the metaphorical "Captain of the Ship." The "Captain of the Ship" is not an appropriate analogy "to convey to the jury the nature of Forbes' dual position as CEO and Chairman of the Board." Opp'n at 1. The government can convey the nature of Mr. Forbes' position with the arguments set forth in the opening paragraph of its brief. Nor is reference to the "Captain of the Ship" appropriate to convey to the jury that "Forbes occupied the ultimate position of authority at CUC," Opp'n at 1, and, therefore, according to the government, that he had a financial motive to commit the alleged crimes, Opp'n at 2, and the alleged co-conspirators had a motive to satisfy themselves that he had approved of their conduct, Opp'n at 2-3.[2] The government can convey to the jury that "Forbes occupied the ultimate position of authority at CUC," by saying that "Forbes occupied the

---

[1] Moreover, the final charge would not dispel the prejudice flowing from the improper analogy because the charge will come weeks or months after the government conveys the improper, misleading message to the jurors.

[2] The government's arguments as to the merits are unpersuasive in any event, but that is ultimately an issue for the jury. For purposes of this motion, the only issue is the fact that the "Captain of the Ship" analogy is misleading and inappropriate, and based on admiralty law concepts that have no application to a corporate CEO.

ultimate position of authority at CUC." This is not a difficult concept to grasp, whereas the "Captain of the Ship" analogy conveys the incorrect and misleading impression that Mr. Forbes must go down with the ship, irrespective of his individual culpability.

    Respectfully submitted,

    WILLIAMS & CONNOLLY LLP

By: _____
    Brendan V. Sullivan, Jr. (ct17115)
    Barry S. Simon (ct24159)

    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    (202) 434-5000 (phone)
    (202) 434-5029 (fax)
    bsimon@wc.com (e-mail)

    - and -

James T. Cowdery (ct05103)
Thomas J. Murphy (ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Reply Memorandum in Support of Motion of Walter A. Forbes to Preclude References to Him as the Captain of the Ship or Other Similar Positions (Forbes Retrial Motion *In Limine* No. 10) to be sent to the following on October 7, 2005 via E-mail and on October 8, 2005 via Federal Express:

>Michael Martinez, Esq.
>Craig Carpenito, Esq.
>United States Attorneys
>The Federal Building
>U.S. Department of Justice
>450 Main Street, Room 320
>Hartford, CT  06103
>
>Norman Gross, Esq.
>U.S. Attorney's Office
>District of New Jersey
>401 Market Street
>Fourth Floor
>Camden, NJ  08101

_____
Barry S. Simon