UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>WALTER A. FORBES )<br>) | No. 3:02CR264 (AWT)<br><br>October 7, 2005 |

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF
WALTER A. FORBES TO EXCLUDE GX 1527
(Forbes Retrial Motion *In Limine* No. 12)**

Walter A. Forbes, through undersigned counsel, respectfully submits this reply memorandum in further support of his motion for an order excluding GX 1527, the "full trough" t-shirt, and testimony pertaining to it.

During the first trial, the government invited Mr. Corigliano to speculate that the t-shirt referred to a "full trough" of excess merger reserves resulting from the CUC-HFS merger. See Tr. 7222-33. This testimony was properly excluded under Rule 701, a point the government does not contest in its brief, and the government introduced no evidence that "full trough" meant excess merger reserves.

Lacking any proper evidentiary basis for the argument that the t-shirt is relevant because it supposedly refers to excess merger reserves, the government, in its opposition brief, abandoned this argument. Now the government claims that the t-shirt was really an "inside joke" with Mr. Forbes' "closest corporate advisors" about Mr. Forbes' alleged "greed"; and that the government can "reasonably argue that GX 1527 constitutes a tacit

Oral Argument Requested

and humorous admission by Forbes that he was determined to obtain a 'full trough' of compensation." Opp'n at 3.  This interpretation suffers from the same problem as the government's now-abandoned excess merger reserves interpretation; it has no evidentiary basis.  Indeed, it is contrary to the interpretation that the government attempted to elicit from Mr. Corigliano, the supposed "corporate advisor[]" who was allegedly in on the "joke."[1]

The t-shirt should be excluded because it is simply not relevant and any marginal relevance is far outweighed by the danger of unfair prejudice and confusion of the issues.[2]

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (ct17115)
Barry S. Simon (ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

---

[1]     To the extent this attenuated interpretation of the t-shirt can even be characterized as evidence of financial motive, it is cumulative of the evidence of financial benefits that the Court has previously authorized the government to introduce.

[2]     The case cited and partially quoted by the government, United States v. MacPherson, __ F.3d __, 2005 WL 2212043, at *6 (2d Cir. Sept. 13, 2005), has nothing to do with relevance or admissibility.  It stands for the inapposite proposition that the jury is entitled to draw reasonable inferences from the evidence introduced at trial.

- and -

James T. Cowdery (ct05103)
Thomas J. Murphy (ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Reply Memorandum in Support of Motion of Walter A. Forbes to Exclude GX 1527 (Forbes Retrial Motion *In Limine* No. 12) to be sent to the following on October 7, 2005 via E-mail and on October 8, 2005 via Federal Express:

Michael Martinez, Esq.
Craig Carpenito, Esq.
United States Attorneys
The Federal Building
U.S. Department of Justice
450 Main Street, Room 320
Hartford, CT  06103

Norman Gross, Esq.
U.S. Attorney's Office
District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ  08101

Barry S. Simon