# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )  No. 3:02CR264 (AWT) |
| | ) |
| WALTER A. FORBES | )  October 7, 2005 |
| | ) |

### REPLY MEMORANDUM IN SUPPORT OF MOTION OF WALTER A. FORBES TO PRECLUDE REFERENCES TO THE TRUTH-TELLING PROVISIONS IN COSMO CORIGLIANO'S PLEA AGREEMENT (Forbes Retrial Motion *In Limine* No. 13)

Walter A. Forbes, through undersigned counsel, respectfully submits this reply memorandum in further support of his motion for an order precluding references to the truth-telling provisions in Cosmo Corigliano's plea agreement.

### ARGUMENT

Mr. Forbes will attack Mr. Corigliano's credibility at the retrial. Following such an attack, it would normally be appropriate for the government to rely upon the truth-telling provisions of Mr. Corigliano's plea agreement to rehabilitate his credibility. This case, however, is far from normal.

Mr. Corigliano breached his plea agreement by, inter alia, providing "materially false, incomplete, [and] misleading testimony," DX 300 at 2 (Plea Agreement), during the first trial. As a result, "the non-prosecution provisions of [the] agreement shall be null and void." Id. Despite

this mandatory language, the government has not revoked the plea agreement.  Under these circumstances, it would be <u>misleading</u> for the government to argue or introduce evidence that Mr. Corigliano has an obligation to testify truthfully under his plea agreement or that the non-prosecution provisions of his plea agreement are contingent upon his truthful cooperation.  Due process prohibits the government from introducing such false or misleading evidence.

The government does not take issue with the general proposition that due process precludes it from introducing false or misleading evidence, or with the specific argument here—that reliance upon the truth-telling provisions would be misleading if Mr. Corigliano provided intentionally false testimony during the first trial.  It claims, instead, that Mr. Corigliano did not <u>intentionally</u> lie during the first trial when he testified that Mr. Forbes attended an alleged conspiratorial meeting in Stamford, Connecticut, within a few days of March 11 or 12, 1998.  The evidence shows that the alleged meeting could not have taken place when Mr. Corigliano testified that it did. The government does not now argue otherwise.  The government urges that Mr. Corigliano was simply "mistaken" about the date.

Mr. Corigliano, however, did not testify that he was "mistaken" about the date when confronted with the fact that Mr. Forbes was thousands of miles away from Stamford, Connecticut when the supposed meeting took

place.  To the contrary, even <u>after</u> he was confronted with the travel records,

<u>see</u> Tr. at 9641-49, he stood by his testimony.[1]

> Q.  What's a few days to you?  How many days should we mark in yellow on that chart to encompass your sworn testimony that the meeting occurred within a few days of March 11 or 12th?
>
> A.  I just -- I told you what I remember.  And I remember meeting with Walter in Kirk's office after we were aware that penny --
>
> Q.  Could you answer my question and tell me --
>
> A.  I don't know.  Soon after.  I can't put a time frame on.
>
> Q.  What's a few?  You used the word "few."  What's a few days?
>
> A.  Two, three, four, five.  Not a month.  That's the best I can do.
>
> Q.  You think five is a few?
>
> A.  I said, I couldn't be specific about --
>
> Q.  Let's use five.  Color five more days, Patrick.  All right.  Now, give me another calendar, please. Keep that on the board, please, and give me another calendar of March right beside it.  Now, from the records, from your testimony, you knew that Walter left town on March 9th.  Could you put some color on March 9th? All right.  We know from the plane records that he was on private planes some 2,000 miles away from the place you placed him on March 10th, 12th, all the way through until he leaves for Hawaii on the 13th.  So block off travel from the 10th

---

[1]    Mr. Corigliano was so clear about the date that the government subsequently tried to suggest, improperly, that maybe Mr. Forbes returned to Connecticut that week.  <u>See</u> Tr. at 14270-80.  That suggestion was squarely rejected by the travel records and the testimony of the golf instructor.  <u>See id.</u> at 14419-30 (testimony of Mr. Forbes regarding travel records); <u>id</u> at 14494-500 (testimony of golf instructor).

to the 13th, if you would, Patrick. And then on the 13th he leaves for Hawaii, am I correct, according to the data we've seen? And he remains in Hawaii until the 22nd of March. Block those dates off to the 22nd. He comes home late on the 22nd of March. So the time you placed him in the meeting in the office of Kirk Shelton, no matter what version of the meeting you're describing, it appears clear, from the records at least, that Walter Forbes was two to 6,000 miles away from where you placed him; isn't that accurate, sir?

A. <u>No. Because I remember the meeting. I remember it being in Kirk's office. I remember it being after Walter told me that penny wasn't going to do anything. And that's what I remember</u>.

Tr. at 9650-51 (emphasis added).

Mr. Corigliano did not say that he was wrong about the date because a meeting after March 22, when Mr. Forbes returned from his trip, would have been inconsistent with Mr. Corigliano's story and with the facts. The supposed meeting, if it happened, had to have taken place within a few days of the significant March 9 meeting, a date about which there is no dispute. <u>See</u> Tr. at 9635 (read-back of direct examination) ("I can't be more specific than sometime after the 11th or 12th of March, but not a month later, <u>obviously</u>. Within a few days." (emphasis added)). Therefore, Mr. Corigliano either fabricated the meeting out of whole cloth, or he falsely put Mr. Forbes in it. In either event, he lied about what Mr. Forbes supposedly said in that meeting. The "mistaken" date argument simply does not save Mr. Corigliano here.[2]

---

[2]    The government's reliance upon <u>United States v. Glover</u>, 588 F.2d 876 (2d Cir. 1978), therefore, is misplaced. The possibility of a "mistake" about dates was real in that case. The date of the alleged event that was ultimately

Nor does the "mistaken" date argument apply to the many other misrepresentations made by Mr. Corigliano during the first trial. See, e.g., Mot. Mistrial Due to Corigliano's False and Misleading Testimony (filed Aug. 20, 2004) [Docket No. 1084].

The government also argues that because the Court denied Mr. Forbes' mistrial motion, it "apparently reject[ed] Forbes' claim that the Government knowingly elicited perjured testimony." Opp'n at 3. Mr. Forbes does not know why the Court denied the mistrial motion. In any event, denial of that motion would not be inconsistent with a finding that Mr. Corigliano breached his plea agreement by intentionally lying. Indeed, one of the government's arguments for denying the motion was that "all of the grounds for Forbes' challenges to Corigliano's testimony have been fully disclosed to the defense, so Forbes now has ample opportunity to bring his challenges to Corigliano's credibility to the attention of the jury." Opp'n Forbes Mot. Mistrial Based on Corigliano Testimony, at 2 (filed Sept. 8, 2004)

---

disproved was not tied logically in proximity to another significant, undisputed date. There, the witness Hardy testified that in late 1974 or early 1975, the defendant introduced him to a potential drug supplier. Id. at 879. The defendant argued that this testimony was false because he was incarcerated from July 16, 1974 to April 4, 1975. Id. The Court could not conclude that the testimony was intentionally false because it was possible that Hardy was simply mistaken about the date. Id. (Also, a meeting in April 1975, after the defendant's release, arguably would have been consistent with Hardy's testimony about an early 1975 meeting.) Finally, "firm information on the inaccuracies" in Hardy's testimony was not received until after the verdict. Id. at 879. Thus, there is no indication that Hardy maintained his story after being confronted with the contrary documents.

[Docket No. 1147].[3]  In addition, even if the Court concluded that the government did not "knowingly" elicit the fabricated testimony about the meeting at the time of the first trial, that does not change the fact that the testimony was clearly false.  Now, the government unquestionably has the complete record of the false testimony and the documentary evidence, and still it has done nothing to revoke Mr. Corigliano's plea agreement.

Because Mr. Corigliano provided false and misleading testimony and because the government has not enforced the truth-telling provisions of Mr. Corigliano's plea agreement, the government cannot rely on those provisions to bolster his credibility.  Doing so would mislead the jury and violate Mr. Forbes' Due Process rights.

---

[3]    Consistent with the government's prior argument, if the government relies upon the truth-telling provisions of Mr. Corigliano's plea agreement, Mr. Forbes will be entitled to challenge them with evidence and argument that Mr. Corigliano failed to comply with the agreement, and the government took no action.  See also United States v. Lynn, 856 F.2d 430, 432-34 (1st Cir. 1988) (confrontation clause violated when district court precluded cross-examination concerning witness' failure to comply with plea agreement by completing polygraph examination successfully; non-compliance gave witness reason to curry favor with government); id. at 433 ("[E]specially broad latitude should be afforded the questioning of an [alleged] accomplice now acting as a government witness which concerns the nature of any agreement he has with the government . . . ." (quotation omitted)).

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____

Brendan V. Sullivan, Jr. (ct17115)
Barry S. Simon (ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (ct05103)
Thomas J. Murphy (ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Reply Memorandum in

Support of Motion of Walter A. Forbes to Preclude References to the Truth-Telling

Provisions in Cosmo Corigliano's Plea Agreement (Forbes Retrial Motion *In Limine*

No. 13) to be sent to the following on October 7, 2005 via E-mail and on October 8,

2005 via Federal Express:

Michael Martinez, Esq.
Craig Carpenito, Esq.
United States Attorneys
The Federal Building
U.S. Department of Justice
450 Main Street, Room 320
Hartford, CT  06103

Norman Gross, Esq.
U.S. Attorney's Office
District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ  08101

Barry S. Simon