```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA       :    No. 3:02CR00264 (AWT)
                               :
                               :
       v.                      :    October 11, 2005
                               :
                               :
                               :
WALTER A. FORBES               :
```

**REPLY BRIEF OF THE UNITED STATES IN SUPPORT OF ITS MOTION FOR LEAVE TO DISMISS WITH PREJUDICE CERTAIN COUNTS OF THE SUPERSEDING INDICTMENT PURSUANT TO FED. R. CRIM. P. 48(a) AND TO SUBMIT A REDACTED INDICTMENT TO THE JURY**

**I. This court should decline Forbes' invitation to cure a wholly speculative harm by dismissing any portion of the new jury indictments.**

There is no dispute between the parties that this Court should grant the Government's motion to dismiss with prejudice Counts 2-4 (wire fraud), Counts 7-11 (securities fraud) and Counts 13-16 (insider trading) of the Connecticut indictment. Forbes Mem. ("FM") at 1.[1]  Apparently dissatisfied with this

---

[1] Although Forbes "agrees" with the Government that the counts should be dismissed, he gratuitously adds that those counts should be dismissed "because they are defective for the numerous reasons identified in his prior motions to dismiss."  FM 1.  As the Court will recall, it denied all such defense motions to dismiss various counts of the indictment that Forbes raised before the first trial. See April 19, 2004 rulings, denying Forbes' Motions to:  Dismiss Counts 7-12 for Duplicity and Multiplicity, Docket No. 177; Compel the Government to Elect Among Duplicitous Counts 13-16, Docket No. 179; Dismiss Count 3 Alleging a Mailing Required by Law, Docket No. 181; Dismiss Counts 2-4 for Failure to Charge a Mail Fraud or Wire Fraud, Docket No. 197; Dismiss Counts 2-3 for Failure to Allege a
                                                      (continued...)

windfall, Forbes asks this Court to also dismiss the first two indictments returned in this case by a grand jury sitting in Newark, New Jersey, before this case was transferred to this Court on a defense motion.

Forbes contends that the Government's refusal to dismiss the two New Jersey indictments "suggests that it wants to leave open the door for . . . an abusive third bite at the apple" if it is unable to secure a conviction of Forbes during the retrial. FM 4-5. This Court should decline Forbes' unnecessary request to eliminate a wholly speculative harm that the Government will seek to prosecute Forbes on those earlier indictments if Forbes is acquitted during the retrial. As the Government previously explained to Forbes in a September 20, 2005 email from Norman Gross to Barry Simon, Forbes' request that the Government dismiss portions of the New Jersey indictment is premature, since this Court:

---

[1](...continued)
Mailing in Furtherance of a Scheme to Defraud, Docket No. 181; Dismiss Counts 2-4 and 7-16 as Unconstitutionally Vague, Docket No. 201; Dismiss Counts 5 and 7-16 for Prosecutorial Vindictiveness, Docket No. 203; and Dismiss the Indictment for Grand Jury Bias, Docket No. 208.

Thus, the Court should dismiss Counts 2-4, and 7-16 for the reasons set forth in the Government's motion, to permit the Government to streamline its presentation and to conserve the resources of the Court and the parties, and not, as Forbes suggests, because any of those counts are legally defective.

> can rule on [the Government's] motion to dismiss counts from the Connecticut indictment without having to address anything about the New Jersey indictment, and . . . any challenge [Forbes] may have to the N.J. indictment could wait until such time, if ever, that the Government actually tried to prosecute any of the charges under the N.J. indictment.

Exhibit 1 to FM.  Unless and until the Government seeks to prosecute Forbes under either of the New Jersey indictments, Forbes has suffered no harm from the fact that the New Jersey indictments technically "exist," even though they have been superseded by the Connecticut indictment.  As such, there is presently no active controversy as to whether or not the Government should be permitted to prosecute Forbes pursuant to the New Jersey indictments under any circumstances.

Although Forbes complains about the wholly abstract "problem" that the return of the Connecticut indictment did not eliminate the New Jersey indictments from this case, "[t]he ripeness doctrine prevents a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur." United States v. Balon, 384 F.3d 38, 46 (2d Cir. 2004)(dismissing as premature a defendant's challenge to the conditions of his supervised release, which had not yet taken effect, where the intrusiveness of those conditions might be ameliorated by intervening technological advances).  Forbes has

yet to suffer any injury from the concurrent existence of multiple indictments in this case.  Thus, his complaint is not ripe for judicial disposition, since "[t]he purpose of the ripeness requirement is to ensure that a dispute has generated injury significant enough to satisfy the case or controversy requirement of Article III of the U.S. Constitution by preventing a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur. . . ."  <u>Dougherty v. Town of North Hempstead Bd. of Zoning Appeals</u>, 282 F.3d 83, 90 (2d Cir. 2002)(internal punctuation omitted).[2]  Since the Government has yet to have any occasion to decide whether to prosecute either of the New Jersey indictments, the ripeness requirement precludes resolution of Forbes complaint at this time, because the requirement protects against "judicial interference until a[ ] . . . decision has been formalized and its effects felt in a concrete way by the challenging parties." <u>Abbott Laboratories v. Gardner</u>, 387 U.S. 136, 148-49 (1967), <u>overruled on other grounds by</u> <u>Califano v. Sanders</u>, 430 U.S. 99 (1977).

To determine ripeness, a court must make a fact-

---

[2]  Article III declares that "the judicial Power shall extend to all Cases . . . [or] Controversies. . . ." U.S. Const. art. III, § 2.

specific determination as to whether (1) the issue is fit for judicial consideration, and (2) withholding of consideration will cause substantial hardship to the parties. Abbott Laboratories, 387 U.S. at 149. Here, Forbes' request to dismiss the New Jersey indictments with prejudice is not "fit for judicial consideration" because the propriety of the Government's decision, if any, to proceed on the New Jersey indictments would depend on the final disposition of the counts in the Connecticut indictment that will be retried in this Court. Although Forbes focuses on the possibility of an acquittal on all of those counts, he overlooks the possibility that he could be convicted, but that one or more of his legal challenges to those counts (identified in note 1 of this memorandum) could be upheld on appeal of his conviction. If the Court of Appeals were to strike down a conviction on one or more of the Connecticut counts as legally defective, but not because the evidence was insufficient to sustain a conviction, the Government might be entitled to retry Forbes under one of the New Jersey indictments which did not suffer from any defects identified in the Connecticut indictment. See United States v. Vavlitis, 9 Fed.3d 206, 209 (1st Cir. 1993) (rejecting the defense claim that dismissal of superseding indictment on the Government's mid-trial motion prevented any further prosecution on the original indictment).

All of this speculation merely highlights the necessity of declining to reach Forbes' present challenge to the New Jersey indictments where the Government's decision to proceed on those indictments must await future and unknown developments.

Additionally, Forbes has failed to show that withholding a judicial decision about dismissing the New Jersey indictments will cause him any immediate harm. For that reason as well, his request is not ripe, and should be set aside.

Even if this Court decided to reach the issue, it should reject Forbes' claim on the merits. Forbes points to no authority which holds that dismissal of counts from a superseding indictment on the Government's motion pursuant to Fed. R. Crim. P. 48(a) entitles a defendant to dismissal of the corresponding counts of any prior indictment. Forbes merely cites cases which state that return of a superseding indictment does not *ipso facto* cause a prior indictment or indictments to become void.[3]

---

[3] The only two cases cited by Forbes in support of his request to dismiss the New Jersey indictments, United States v. Walker, 363 F.3d 711 (8th Cir. 2004) and United States v. Strewl, 99 F.2d 474 (2d Cir. 1938), undermine, rather than support, his claim. In Walker, the Court of Appeals affirmed the district court's denial of a defense motion to dismiss a prior indictment after the court dismissed a superseding indictment on a defense motion. 363 F.3d at 715.

In Strewl, the defendant Strewl and two others were indicted in 1934 for demanding ransom for a kidnaped person and
(continued...)

Although two more valid indictments may co-exist in a single case, the Government may generally select only one of them on which to proceed.  United States v. Stricklin, 591 F.2d 1112, 1115-16 n.1 (5th Cir. 1979); United States v. Cerilli, 558 F.2d 697, 770 n. 3 (3d Cir. 1977).  The Government has done so here, and is proceeding only on the Connecticut indictment.  There will be time enough for this Court to determine whether the Government can subsequently proceed on either of the New Jersey indictments if the Government ever attempts to do so.

> **II.  Forbes has failed to sustain his burden for obtaining reconsideration of this Court's prior determination that the indictment should be read to the jury during the Court's final instructions and then given to the jury during deliberations.**

Forbes opposes the Government's request to present the

---

[3](...continued)
related crimes.  The Government obtained a superseding indictment against those three defendants and ten others in 1937, after the period of limitations on the offenses had expired.  Strewl was convicted under the 1937 indictment, which the Second Circuit concluded was invalid as to him under statute of limitations.  The Court nevertheless refused to overturn the conviction on that ground, finding that Strewl could have been properly prosecuted under the 1934 indictment for the same crimes.  The fact that the Government had erroneously elected to proceed under the invalid 1937 indictment did not justify overturning the conviction, where "the error did not affect Strewl's substantial rights," because it "was the merest formality whether the proceedings should be carried on under one document or the other."  99 F.2d at 477.  Thus, Strewl confirms that a legal defect in a superseding indictment does not require the dismissal of a corresponding charge in an earlier indictment.

proposed redacted indictment to the jury in the event that the Court grants the Government's motion to dismiss various counts. Forbes acknowledges that he previously opposed allowing the jury to receive the indictment during the first trial, and relies on the arguments set forth in his Pretrial Motion No. 15, Docket No. 840, filed June 10, 2004.  FM 6.[4]  He also complains that the indictment "paraphrases" various statutes and regulations, which might confuse the jurors, and again asks that the Court "integrate" the relevant portions of the indictment defining the offenses into the Court's instructions.  Finally, he contends that the Court should not allow the jury to review the indictment during deliberations if the Court reads the indictment during its instructions.  This Court previously rejected all such requests, and Forbes provides no good reason why this Court should now reconsider those rulings.[5]

---

[4]   The Government incorporates by reference herein its "Memorandum in Opposition to Forbes' Motion To Exclude a Written Copy of the Indictment from Jury Deliberations," Docket No. 860, filed June 18, 2004.

[5]   See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)(party seeking reconsideration must meet a "strict burden"); accord United States v. Ocasio, 2005 WL 1489462, *2 (D.Conn., June 20, 2005); Thompson v. United States, 2005 WL 1278953, *1 (N.D.N.Y., May 27, 2005).  Reconsideration motions do not provide a litigant with a second bite at the apple.  See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).  A reconsideration motion will be denied unless the "moving party can point to controlling decisions or data that the court
(continued...)

**III. Forbes has failed to sustain his burden for striking Paragraph 10 of Count One of the indictment.**

Forbes requests that, if the Court allows the jury to receive a copy of the redacted indictment, it strike paragraph 10 of Count 1, because it provides a narrative description of Kirk Shelton's employment status at CUC, as it does with all of the other principal members of the conspiracy who held management positions in CUC (Forbes, Corigliano, Pember, and Sabatino). The Government opposes this request.

First, Forbes does not attempt to meet the requirement of Fed. R. Crim. P. 7(d) for striking allegations from an indictment. That rule provides that, "upon the defendant's motion, the court may strike surplusage from the indictment." Under the law of this Circuit, the authority conferred by Rule 7(d) on the District Court is sharply limited. Allegations

---

[5](...continued)
overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id.; United States v. Fell, 372 F.Supp.2d 773, 780 (D.Vt. 2005). Thus, "the function of a motion for reconsideration is to present the court with an opportunity to correct 'manifest errors of law or fact or to consider newly discovered evidence.'" LoSacco v. City of Middletown, 822 F.Supp. 870, 876-77 (D.Conn. 1993), aff'd, 33 F.3d 50 (2d Cir. 1994), quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)). "[A] motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." Lopez v. Smiley, 375 F.Supp.2d 19, 21-22 (D.Conn., June 24, 2005); Horsehead Resource Development Co., Inc. v. B.U.S. Environmental Services, Inc., 928 F.Supp. 287, 289 (S.D.N.Y. 1996) (internal citations and quotations omitted).

concerning facts that are admissible and relevant to the charges, even if prejudicial to the defendant, "may not be stricken":

> Motions to strike surplusage from an indictment will be granted <u>only</u> where the challenged allegations are not relevant to the crime charged <u>and</u> are inflammatory and prejudicial. If evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, <u>it may not be stricken</u>.

<u>United States v. Scarpa</u>, 913 F.2d 993, 1011 (2d Cir. 1990) (emphasis added, citations and internal quotation marks omitted). "This standard is an exacting one and rarely satisfied." <u>United States v. DeSalvo</u>, 797 F.Supp. 159, 169 (E.D.N.Y. 1992)(internal quotation omitted); <u>accord</u> <u>Scarpa</u>, 913 F.2d at 1013 (describing the standard for striking surplusage as "exacting"). So "long as the [conduct] alleged [is] relevant to the . . . charge, the trial judge's refusal to strike is not error." <u>United States v. Montour</u>, 944 F.2d 1019, 1026 (2d Cir. 1991). Although the district court has broad discretion in ruling on a motion to strike under Rule 7(d), <u>United States v. Miller</u>, 26 F.Supp.2d 415, 420 (N.D.N.Y. 1998), such motions are "generally disfavored." <u>United States v. Daniels</u>, 95 F.Supp.2d 1160, 1167 (D.Kan. 2000).

Forbes does not even mention Rule 7(d) in his memorandum of law, much less explain how he has met its exacting requirements. In particular, he does not even allege that the indictment description of Shelton's position as the number two executive at CUC is irrelevant to the charges, so his request to

strike the averment should be rejected for that reason alone. See <u>United States v. Galasso</u>, 118 F.Supp.2d 322, 330-31 (E.D.N.Y. 2000)(even highly prejudicial allegations of a defendant's connection to organized crime should not be stricken if the allegations are relevant).

Additionally, Forbes' speculative claim of prejudice is insufficient to justify striking paragraph 10.  Certainly the paragraph is not prejudicial on its face.  It is merely one in a series of paragraphs (including paragraphs 11-13) which describe, in a neutral and uncontested manner, the positions held at the parent corporation CUC (as opposed to an operating division such as Comp-U-Card), who had, along with Forbes and Stu Bell, decision-making authority within the conspiracy.  Forbes points out that striking paragraph 10 will have the effect of treating Shelton, the second most senior person at CUC who is an alleged conspirator, the same as such low-level co-conspirators as Mary Sattler, the junior staff accountant who, unlike Shelton, had no decision-making authority in the conspiracy.  FM 7.

Omitting paragraph 10 would create the anomalous situation where the indictment would describe the position of the alleged head of the conspiracy, Walter Forbes, say nothing about the second highest ranking member of the conspiracy, Shelton, then describe the position of the three alleged co-conspirators

11

who were subordinate to Shelton.  Carving Shelton out of the indictment's consistent treatment of the top five members of the conspiracy would be just as likely to cause speculation by the jury as Forbes' proposal to eliminate paragraph 10 altogether.

Forbes contends that, because paragraph 10 describes Shelton in a manner that paragraphs 11-23 describe Corigliano, Pember, and Sabatino, paragraph 10 may cause the jury to speculate that, like Corigliano, Pember, and Sabatino, Shelton also pleaded guilty.  The language of the indictment does nothing to encourage such speculation, stating only that Shelton "is named as a co-conspirator but not as a defendant herein."  Count 1, ¶ 10.  To the extent that the jury learns from their trial testimony that Corigliano, Pember, or Sabatino pleaded guilty, the jury will have no such information regarding Shelton, who the Government does not intend to call as a witness.[6]  Thus, assuming Shelton is not called as a witness during the retrial, the jury will know that the cooperating coconspirators who testified pleaded guilty, but will not know if Shelton was even charged with any crimes in this case.  This Court can also instruct the jury not to speculate about Shelton's status, if Forbes so

---

[6] Of course, if Forbes calls Shelton as a trial witness, the Government will be entitled to cross-examine him regarding his convictions for crimes of dishonesty during the initial trial in this case, pursuant to Fed. R. Evid. 609(a)(2).

requests.  Accordingly, Forbes' request to strike paragraph 10 should be denied.

> **IV. Forbes has failed to sustain his burden for obtaining reconsideration of this Court's prior determination that certain portions of the indictment should not be stricken as prejudicial surplusage.**

Forbes also effectively seeks reconsideration of this Court's denial of some of his requests that certain allegations in the indictment be stricken.  FM 7-8, citing Forbes' Motion to Strike Allegations from Superseding Indictment, Docket No. 1262, filed October 6, 2004 and Forbes Motion to Strike Surplusage, Docket No. 188, filed April 25, 2003.  As Forbes acknowledges, the Court has already ruled on Forbes' requests to strike particular averments from the indictment, granting some of those requests and rejecting others.[7]  Forbes provides no argument as to why this Court's prior rulings were incorrect, much less met the strict standards for reconsideration.  The Government does

---

[7] The Government confirms that the Court granted Forbes' motion to strike those averments in the following paragraphs in the indictment that are bracketed and marked with an asterisk in the copy of the proposed redacted indictment attached to Forbes' Response to the Government's Motion for Leave to Dismiss with Prejudice Certain Counts of the Superseding Indictment:

Count 1, ("<u>Background</u>" heading stricken); ¶¶9, 10, 17, 18 (the word "Principal" stricken from the caption and the text), 29, 54, 55 (entire paragraph stricken), 62.

Count 4, ¶ 3 (three portions stricken).

not seek reconsideration of this Court's prior rulings that were favorable to Forbes, and so agrees with Forbes that any version of the indictment that is eventually submitted to the jury should be redacted to accurately reflect this Court's prior rulings. Absent reconsideration of Forbes' requests to strike, the Government will submit, at a time directed by the Court, a redacted indictment that incorporates the Court's prior rulings.

**CONCLUSION**

Accordingly, the Government respectfully requests that the Court grants its motion to dismiss certain counts from the Connecticut indictment, and permit the Government to submit a redacted indictment to the jury.

        Respectfully submitted,
        CHRISTOPHER J. CHRISTIE
        Special Attorney
        U.S. Department of Justice


By: NORMAN GROSS
    Special Attorney
    U.S. Department of Justice
    Federal Bar No. 24933

Dated: October 11, 2005
Hartford, Connecticut

CERTIFICATE OF SERVICE

      The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via email and fax:

Barry S. Simon, Esq.
Williams & Connolly LLP
Residence Inn
942 Main Street
Hartford, CT 06103
(860) 293-1581
fax: (860) 293-1651

    and

Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005-5901
(202) 434-5005
fax (202) 434-5029

       /s/ Lynda Powers
       LYNDA POWERS
       U.S. Department of Justice

Dated: October 11, 2005
Camden, New Jersey