## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>v. )<br><br>WALTER A. FORBES. ) | No. 3:02CR264 (AWT)<br>October 11, 2005 |

## MEMORANDUM OF WALTER A. FORBES IN OPPOSITION TO FRIED FRANK'S MOTION TO QUASH

Mr. Forbes, through undersigned counsel, respectfully submits this Memorandum in Opposition to the Motion to Quash filed by Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"). Mr. Forbes is also submitting a supplemental memorandum in further support of his arguments *ex parte* and under seal as it reveals details of his trial strategy.

## ARGUMENT

On or about August 17, 2005 Mr. Forbes served a subpoena on Fried Frank which contained six requests. Fried Frank responded to requests 4, 5 and 6, but has objected to the requests seeking (1) the retainer agreement between Fried Frank and its client Agnes Corigliano, (2) documents describing or memorializing agreements with the SEC pertaining to the retainer, and (3) documents describing or memorializing agreements with the SEC pertaining to expenditures by the Coriglianos between April 16, 2004 and July 7, 2004. Fried Frank argues that the Court has already ruled that the defense is not entitled to these documents, and thus the three subpoena requests should be quashed.

As explained in detail in Mr. Forbes' Opposition to the Motion to Quash filed by Cosmo Corigliano and Kramer Levin, Mr. Forbes was required to re-serve these subpoena requests in order to preserve the requests for purposes of the retrial. See, e.g., United States v. Palmer, 122 F.3d 215, 221 (5th Cir. 1997) ("[a] retrial following a mistrial is both in purpose and effect a new trial. Accordingly, objections made at the aborted trial have no bearing on the retrial, as the two are entirely separate affairs.").

Moreover, the record has been substantially supplemented since the Court ruled on Mr. Forbes' prior requests. In particular, the Court did not have the benefit of Mr. Frohlich's testimony at the time of the rulings noted by Fried Frank in its brief. Further discussion of the facts which support Mr. Forbes' requests, but which reveals his confidential trial strategy, is set forth in the supplemental memorandum being filed *ex parte* and under seal.

The retainer agreement is relevant and admissible as well. Mr. and Mrs. Corigliano did not include the retainer among the list of assets they provided the SEC each quarter. DX20. Yet the retainer agreement between Mrs. Corigliano and Fried Frank customarily would have made clear that the unused portion of the retainer had to be returned to her upon termination of the representation, including in the event Mrs. Corigliano chose to terminate her counsel, and thus would confirm that the retainer was an asset that should have been disclosed, and ultimately disgorged upon settlement with the SEC.

Indeed, Fried Frank has never contended that the retainer was its property. Moreover, it is clear that the SEC would have considered the retainers an asset of the Coriglianos as the SEC has long considered such retainers subject to disgorgement. See, e.g., SEC v. Credit Bancorp, Ltd., 109 F. Supp. 2d 142, 145 (S.D.N.Y. 2000) (evaluating the terms of the retainer agreement and holding that the retainer was part of the frozen receivership estate because it was the asset of the client, not the law firm); SEC v. Princeton Econ. Int'l Ltd., 84 F. Supp. 2d 443, 446 (S.D.N.Y. 2000); SEC v. Comcoa, Ltd., 887 F. Supp. 1521, 1528 (S.D. Fla.), aff'd, 70 F.3d 1191 (11th Cir. 1995).

## CONCLUSION

For the foregoing reasons, Mr. Forbes respectfully requests that the Court deny the Motion to Quash filed by Fried Frank.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated:  October 11, 2005

4

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Memorandum in
Opposition to the Motion to Quash filed by Fried Frank to be sent on October 11,
2005 to the following via e-mail and FedEx:


Andrew Gardner, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

Norman Gross, Esq.
U.S. Attorney's Office
District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ 08101

Michael Martinez, Esq.
Craig Carpenito, Esq.
U.S. Department of Justice
450 Main Street, Room 320
Hartford, CT 06103

_____
Margaret A. Keeley