UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WALTER A. FORBES. | )<br>)<br>)<br>)<br>)  No. 3:02CR264 (AWT)<br>)  October 11, 2005<br>)<br>) |

**OPPOSITION OF WALTER A. FORBES TO JOINT
MOTION OF CENDANT CORPORATION AND JOHN H.
CARLEY TO QUASH THE SUBPOENAS SERVED BY
DEFENDANT WALTER A. FORBES**

Walter A. Forbes, through undersigned counsel, respectfully submits the following Memorandum in Opposition to the Motion of Cendant Corporation and John H. Carley to Quash Subpoenas Served by Defendant Walter A. Forbes. Mr. Forbes is also submitting a supplemental memorandum in further support of his arguments *ex parte* and under seal as it reveals details of his confidential trial strategy.

**BACKGROUND**

At issue are two subpoenas served upon Cendant: one "renewal" subpoena that Mr. Forbes has acknowledged from the outset covers requests previously quashed by the Court, but which is necessary for purposes of preserving his rights with regard to the retrial, and one subpoena calling for information the Court has not previously addressed either because it falls into a category not requested before, or into a category previously produced by Cendant without objection.

Case 3:02-cr-00264-AHN   Document 1832   Filed 10/12/2005   Page 2 of 7

With regard to the "renewal" subpoena – the subpoena dated September 13, 2005 – Mr. Forbes relies on the arguments made in opposition to Cendant's motions to quash before and during the first trial. As explained in detail in Mr. Forbes' Opposition to the Motion to Quash filed by Cosmo Corigliano and Kramer Levin, Mr. Forbes was required to re-serve these subpoena requests in order to preserve the requests for purposes of the retrial. See, e.g., United States v. Palmer, 122 F.3d 215, 221 (5th Cir. 1997) ("[a] retrial following a mistrial is both in purpose and effect a new trial. Accordingly, objections made at the aborted trial have no bearing on the retrial, as the two are entirely separate affairs.").

With regard to the requests that were either not made before, or not objected to, Mr. Forbes respectfully submits that the Motion to Quash should be denied because the evidence goes to the bias of several witnesses on the government's witness list, including Cendant's CEO Henry Silverman.

Similarly, the subpoena for testimony from John H. Carley should not be quashed as his testimony relates to this same bias.

## ARGUMENT

### A. Documents Relating to Legal Fees Advanced to Some Witnesses, and Refused to Others, Goes to Bias.

Cendant argues that the Court has already ruled that evidence of Cendant's bias is inadmissible, citing to the Court's ruling quashing earlier subpoena requests for documents evidencing Cendant's efforts to lobby the United States government to bring criminal charges and/or Securities and Exchange

Commission ("SEC") proceedings against Walter Forbes, Kirk Shelton and Ernst and Young. Tr. 6/16/2004 at 4685-86. The Court did not rule that the bias of Cendant was irrelevant, however, only that the particular documents sought at the time need not be produced. Documents relating to legal fees were not among the documents at issue, and indeed the Court has not previously ruled upon whether documents relating to legal fees should be produced by Cendant. For the reasons discussed below, they should.

The legal fees advanced by Cendant are admissible for two separate and independent reasons: (1) they are evidence of Cendant's bias, and the government has included several Cendant-affiliated persons on its witness list, including Cendant's Chief Executive Officer, Henry Silverman; and (2) they are evidence of certain witnesses' bias, including that of the government's chief witness, Cosmo Corigliano. Indeed, the Court has already held that the legal fees paid by Cendant could be admitted at trial, warning only that if the defense opened that door, the government could present evidence of the fees advanced on behalf of Mr. Forbes.

Cendant's argument that these documents are cumulative should also be rejected. The subpoenas seek two primary categories of documents, neither of which has been made available to Mr. Forbes. The first constitutes the total legal fees paid since Cendant's earlier disclosure of such fees during the 2004 trial against Mr. Forbes. The second constitutes documents evidencing the different

3

treatment Cendant afforded different witnesses during the 2004 trial. Neither of these categories is cumulative, and the subpoena requests should be enforced.

### B. Documents Relating to Scott Forbes' Severance.

Cendant argues that Mr. Scott Forbes may not be a witness in the trial against Walter Forbes, and thus bias evidence should not be produced. Cendant's argument ignores the fact that Scott Forbes is on the government's "A" witness list, and that at the government's request, all civil discovery of Scott Forbes has been stayed in the Cendant Securities Litigation. Thus, unless Cendant has information undisclosed to the defense, Scott Forbes in fact does appear to be a likely witness during the retrial.

Benefits conferred upon Mr. Scott Forbes by Cendant are relevant and admissible as evidence of his bias in testifying against Mr. Walter Forbes. There is no question that Cendant has an interest in seeing Walter Forbes convicted. Benefits that Cendant has conferred upon Scott Forbes thus evidence that witness' potential motive to shade his testimony in a manner favorable to Cendant. Such bias evidence is clearly admissible. Accordingly, any benefits conferred upon Mr. Scott Forbes upon the termination of his employment should be produced to the defense.

### C. The Testimony of John H. Carley Is Relevant to Bias.

As admitted by Cendant, John Carley has overseen the civil litigation against Cendant arising from the accounting irregularities. Motion at 11. As part of his duties, Mr. Carley appears to have been responsible for either approving or

denying requests for reimbursement of legal fees by former Cendant officers, directors and employees. Mr. Carley is therefore one of the persons within Cendant with the most knowledge concerning which persons were reimbursed for which activities, and which witnesses were denied reimbursement – the information requested by the document subpoena discussed above.

Cendant argues that the subpoena for testimony from John Carley should be denied because his testimony would be relevant only to demonstrate the bias of senior executives at Cendant. As discussed above, however, such evidence is perfectly appropriate given that Cendant witnesses are on the government's witness list. Moreover, as also demonstrated above, Mr. Carley's testimony concerning whose legal fees were reimbursed, and whose were denied, goes to the bias of both Cendant and those witnesses who were compensated. The subpoena should not be quashed.[1]

---

[1] Nor does the testimony sought from John Carley infringe upon the attorney/client privilege. Mr. Forbes is not interested in Cendant's internal communications with Mr. Carley, or Mr. Carley's work product. Rather, Mr. Forbes intends to focus upon Mr. Carley's actions with third-parties, an area which by definition is outside the attorney/client privilege.

## CONCLUSION

For the foregoing reasons, Walter A. Forbes respectfully requests that the Court deny the Motion to Quash filed by Cendant Corporation and John H. Carley.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: /s/ Brendan V. Sullivan, Jr.
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: October 11, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Opposition of Walter A. Forbes to Joint Motion of Cendant Corporation and John H. Carley to Quash the Subpoenas Served by Defendant Walter A. Forbes to be sent on October 11, 2005 to the following via e-mail and FedEx:

Saul B. Shapiro, Esq.
Peter W. Tomlinson, Esq.
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Norman Gross, Esq.
U.S. Attorney's Office
District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ 08101

Michael Martinez, Esq.
Craig Carpenito, Esq.
U.S. Department of Justice
450 Main Street, Room 320
Hartford, CT 06103

_____
Margaret A. Keeley