UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 3:02CR264 (AWT) |
| ) | October 11, 2005 |
| WALTER A. FORBES. ) | |

**MEMORANDUM OF WALTER A. FORBES IN OPPOSITION TO
THE MOTIONS TO QUASH THE RULE 17(C) SUBPOENAS
SERVED ON ANNE PEMBER, CASPER SABATINO
AND KEVIN KEARNEY**

Mr. Forbes, through undersigned counsel, respectfully submits this Memorandum in Opposition to the Motion to Quash filed by Anne Pember, and subsequently joined by Casper Sabatino and Kevin Kearney. Mr. Forbes is also submitting a supplemental memorandum in further support of his arguments *ex parte* and under seal as it reveals details of his trial strategy.

## BACKGROUND

On or about August 17, 2005 Mr. Forbes served new subpoenas on Anne Pember, Casper Sabatino and Kevin Kearney. These subpoenas requested either new documents, or documents created after these witnesses' testimony in 2004 trial of Mr. Forbes.

On or about September 13, 2005 Mr. Forbes served additional subpoenas on these three witnesses. The September subpoenas were identical to requests served on the witnesses prior to or during the 2004 trial against Mr.

Forbes, and were accompanied by a cover letter acknowledging that the Court had already quashed these requests, but explaining that Mr. Forbes was nonetheless serving the requests in order to preserve the requests with respect to the retrial.

With regard to the "renewal" subpoenas, Ms. Pember (and, by joinder, Mr. Sabatino and Mr. Kearney) simply incorporate the arguments made in her prior motions to quash before and during the first trial. Likewise, Mr. Forbes relies on the arguments made in opposition to Ms. Pember's motions. As explained in detail in Mr. Forbes' Opposition to the Motion to Quash filed by Cosmo Corigliano and Kramer Levin, Mr. Forbes was required to re-serve these subpoena requests in order to preserve the requests for purposes of the retrial. See, e.g., United States v. Palmer, 122 F.3d 215, 221 (5th Cir. 1997) ("[a] retrial following a mistrial is both in purpose and effect a new trial. Accordingly, objections made at the aborted trial have no bearing on the retrial, as the two are entirely separate affairs.").

The remaining requests at issue (from the August 17, 2005 subpoena) are discussed below.

## ARGUMENT

**I.    The Subpoena to Ms. Pember Should Not Be Quashed.**

As Ms. Pember's Motion states, there are three categories of documents at issue between the parties: (1) the request for communications with the Connecticut State Board of Accountancy concerning the revocation of Ms. Pember's C.P.A. license; (2) documents pertaining to the legal fees paid by Cendant for services rendered in connection with the 2004 trial of Mr. Forbes; and (3) the

2

request for any documents describing or memorializing any communications with the government since June 9, 2004 concerning Ms. Pember's plea agreement, including but not limited to her potential sentence under the agreement, and the timing of her sentencing date.

### A.     Communications with the Connecticut Board of Accountancy.

Ms. Pember erroneously argues that Mr. Forbes' request for communications between Ms. Pember and the Connecticut Board of Accountancy has already been quashed. As Ms. Pember acknowledges, the request to which she refers was a much broader request that called for all documents concerning any disciplinary proceeding arising from her employment at Cendant. Ms. Pember objected to this prior request on the grounds that it was not sufficiently specific, and that it called for the production of impeachment material prior to trial. Mr. Forbes' current request cures both objections.

First, the information now sought is narrowly tailored to communications concerning the possible revocation of Ms. Pember's C.P.A. license as a result of her activities at Cendant. Second, the information is not "collateral" as the basis of the possible revocation is the very subject matter of this case – Ms. Pember's activities at Cendant. To the extent Ms. Pember attempted to justify her actions to the Board, such as by explaining why she believed certain transactions complied with GAAP, that information can be admitted as both impeachment by contradiction and impeachment by prior inconsistent statement – that is, to

impeach her current position that she was engaged in an ongoing fraud of massive proportions.

### B.  Documents Concerning the Legal Fees Paid in Connection with the 2004 Trial of Mr. Forbes.

The legal fees advanced by Cendant are evidence of bias in several respects. First, the advancement of fees to the cooperating witnesses for their assistance in the case against Mr. Forbes (as opposed to their own cases) is evidence of the bias of *Cendant*.[1] While Mr. Corigliano and Kramer Levin argue that Cendant is obligated to pay these fees, Cendant has taken the position that it need not pay the legal fees of former officers and directors when they are appearing as mere witnesses. Cendant has invoked this interpretation of its indemnification obligations in denying fees to those witnesses who testified on behalf of the defense in the first trial, such as Chris McLeod and Robert Tucker, while continuing to pay the legal fees of witnesses it deemed favorable to the government, such as Mr. Corigliano and Ms. Pember.

Second, the fact that the cooperators are being treated differently than other witnesses by Cendant evidences the cooperators' bias as well. They certainly have an incentive to assist Cendant in its efforts to secure the conviction of Walter Forbes, which would result in substantial gain to Cendant, so long as Cendant

---

[1] Cendant stands to gain substantially if Mr. Forbes is convicted, and several Cendant-affiliated persons are named in the government's witness list, including the company's Chief Executive Officer, Henry Silverman.

4

continues to pay their legal expenses, while simultaneously refusing to do so for other witnesses.

Further discussion of the facts which support Mr. Forbes' requests, but which reveals his confidential trial strategy, is set forth in the supplemental memorandum being filed *ex parte* and under seal.

### C. Documents Concerning Communications with the Government Since June 9, 2004 Concerning Ms. Pember's Plea Agreement, Including but Not Limited to Her Potential Sentence Under the Agreement, and the Timing of Her Sentencing Date.

Ms. Pember represents in her Motion that there are no documents responsive to this request. In a prior discussion with counsel for Mr. Forbes, counsel would not make that same representation once she understood that Mr. Forbes' request included internal documents that memorialized any agreement with the government concerning Ms. Pember's sentencing date. If Ms. Pember, with that understanding, is willing to now represent that no such documents exist, that should resolve the matter.

If Ms. Pember's position is that she will not verify whether such documents exist because she believes that they are privileged, Mr. Forbes respectfully submits that they are not. Documents that memorialize an agreement with a third-party, even if only internal notations of an oral conversation, are not privileged. The participation of the third party vitiates any claim of attorney/client privilege. Nor can any such documents have been prepared in anticipation of litigation as they are memorializing an *agreement* between Ms. Pember and the

government. Thus the requested documents cannot qualify for work product protection either.

To the extent the Court finds that the notes nonetheless contain some fact work product of the author, and the protected information is not capable of redaction, the defense's overriding need for the information in this case would overcome any fact work product privilege. As explained in United States v. Marcus Schloss & Co., Inc., No. 88 CR 796 (CSH) 1989 WL 62729 (S.D.N.Y. June 5, 1989), when faced with a claim of fact work product privilege, the court must balance the need of the requesting party against the potential prejudice to the client if disclosure is made. Id. at *2-3. There, the court even ordered the production of an attorney's notes of their client's meetings with the government since he was no longer a target of the investigation. Id.[2] See also United States v. Skeddle, 989 F. Supp. 912, 916-17 (N.D. Ohio 1997) (enforcing trial subpoenas to third parties that called for notes and memoranda prepared by private investigators of interviews of government witnesses).

Here, the documents Mr. Forbes seeks are much less invasive than those at issue in Marcus Schloss or Skeddle, and cannot possibly prejudice Ms. Pember as they reflect nothing more than her agreements with the government. The subpoena should thus be enforced.

---

[2] Ms. Pember's counsel should be well aware of this authority since it was the notes of Lankler Siffert & Wohl that were at issue.

**II.    The Subpoena to Mr. Sabatino Should Not Be Quashed.**

For the reasons stated above with respect to Ms. Pember, the subpoena against Mr. Sabatino should not be quashed.

In addition, while Ms. Pember agreed to provide a letter summarizing the dates of her meetings with the government since her testimony in 2004, Mr. Sabatino has made no such offer. Nor has he separately objected to the request for documents evidencing the dates of such meetings. Accordingly, he should be ordered to produce such documents immediately.

Similarly, Mr. Sabatino has not offered to produce a letter summarizing the total fees paid by Cendant to date, as Ms. Pember has offered to do upon a finding of the Court that such information is relevant. As Mr. Sabatino has not made any separate objection to this information, he should be ordered to produce this information as well.

**III.    The Subpoena to Mr. Kearney Should Not Be Quashed.**

For the reasons stated above with respect to Ms. Pember, the subpoena against Mr. Kearney should not be quashed.

In addition, while Ms. Pember agreed to provide a letter summarizing the dates of her meetings with the government since her testimony in 2004, Mr. Kearney has made no such offer. Nor has he separately objected to the request for documents evidencing the dates of such meetings. Accordingly, he should be ordered to produce such documents immediately.

Similarly, Mr. Kearney has not offered to produce a letter summarizing the total fees paid by Cendant to date, as Ms. Pember has offered to do upon a finding of the Court that such information is relevant. As Mr. Kearney has not made any separate objection to this information, he should be ordered to produce this information as well.

## CONCLUSION

For the foregoing reasons, Mr. Forbes respectfully requests that the Court deny the Motions to Quash filed by Anne Pember, Casper Sabatino, and Kevin Kearney.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: /s/ Brendan V. Sullivan
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

                                      James T. Cowdery (Bar No. ct05103)
                                      Thomas J. Murphy (Bar No. ct07959)
                                      COWDERY, ECKER & MURPHY, L.L.C.
                                      750 Main Street
                                      Hartford, CT 06103-2703
                                      (860) 278-5555 (phone)
                                      (860) 249-0012 (fax)
                                      tmurphy@cemlaw.com (e-mail)

                                      Attorneys for Walter A. Forbes

Dated:  October 11, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Memorandum in Opposition to the Motion to Quash filed by Anne Pember, and subsequently joined by Casper Sabatino and Kevin Kearney to be sent on October 11, 2005 to the following via e-mail and FedEx:

Helen Gredd, Esq.
Daniel E. Reynolds, Esq.
Lankler Siffert & Wohl LLP
500 Fifth Ave.
New York, NY 10110

Edward J. Dauber, Esq.
Greenberg Dauber Epstein & Tucker
One Gateway Center
Suite 600
Newark, NJ 07102-5311

Robert J. Fettweis, Esq.
Tressler, Soderstrom, Maloney &
  Priess
744 Broad Street
Suite 1510
Newark, NJ 07102

Norman Gross, Esq.
U.S. Attorney's Office
District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ 08101

Michael Martinez, Esq.
Craig Carpenito, Esq.
U.S. Department of Justice
450 Main Street, Room 320
Hartford, CT 06103

_____
Margaret A. Keeley