UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,     )<br>                               )<br>     v.                        )<br>                               )   No. 3:02CR264 (AWT)<br>                               )   October 12, 2005<br>WALTER A. FORBES.              )<br>                               )<br>                               ) | |

**MOTION OF WALTER A. FORBES TO PRECLUDE ANY
REFERENCE TO PENSION FUNDS, AND TO REDACT GX1534
(Forbes Retrial Motion *in Limine* No. 22)**

Mr. Forbes moves for an Order precluding any reference to pension funds during his retrial, as the Court ordered during the first trial. This would require, *inter alia*, that the government inform its witnesses to avoid referring to pension funds, and to redact GX1534 to remove the attached list of shareholders, as the Court required in the first trial.

There is no relevance to the fact that pension funds were among CUC's and Cendant's shareholders. The government's theory is that defendants committed an alleged fraud on the entire market for CUC and Cendant stock – not an alleged fraud targeted at pension funds. According to the government, Mr. Forbes caused erroneous financial information relating to CUC and Cendant to be provided to the market as a whole. There is no need for the government to focus on pension funds – a small subset of the universe of investors who purchased CUC or Cendant stock – to establish allegedly false or fraudulent representations concerning the earnings of CUC and Cendant. Nor does evidence that pension

funds were among the thousands of investors in CUC and Cendant have any bearing on the question of Mr. Forbes' intent.

To the extent the government seeks to persuade the jury that the beneficiaries of the Hartford Steam Boiler pension fund were victims of the alleged fraud, the government is in error. This pension fund is a *defined benefits plan*, in which the pension benefits of individual participants are not affected by the performance of individual stocks owned by the plan (as opposed to 401-K type plans, where the accounts of individual participants are affected by the performance of the stocks and funds in their portfolios.) See Exs. 2 & 3 to Forbes Pretrial Motion No. 40 (4/24/2003), Docket Nos. 189 & 190. Accordingly, it is entirely misleading for the government to suggest that individual participants of this pension plan suffered economic injury as a result of the alleged fraud.

## CONCLUSION

For the foregoing reasons, Mr. Forbes respectfully requests that the Court preclude any reference to pension funds during the trial, and require the redaction of any reference to pension funds in documents submitted to the jury.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____/s/ Barry S. Simon_____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: October 12, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Motion of Walter A. Forbes To Preclude Any Reference to Pension Funds, and To Redact GX1534, As Was Done in the First Trial (Forbes Retrial Motion *in Limine* No. 22) to be sent on October 12, 2005 to the following via e-mail and FedEx:

Norman Gross, Esq.
U.S. Attorney's Office
District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ 08101

Michael Martinez, Esq.
Craig Carpenito, Esq.
U.S. Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102

Barry S. Simon