UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:02CR00264 (AWT) |
| v. | : | October 12, 2005 |
| **WALTER A. FORBES** | : | |

**REPLY OF SECURITIES AND EXCHANGE COMMISSION
TO FORBES' OPPOSITION TO ITS MOTION TO QUASH SIX SUBPOENAS**

The Securities and Exchange Commission ("SEC") submits this reply in support of its motion for the Court to quash subpoenas issued to five current and one former SEC enforcement staff members by defendant Forbes. While acknowledging that he once again seeks this testimony to attack the credibility of government witness Cosmo Corigliano, Forbes' opposition to the SEC's motion makes much of his *potential* need for additional testimony from one or more of the six SEC witnesses at the second trial *if* government witnesses Cosmo Corigliano, Anne Pember, or Casper Sabatino testify contrary to "statements" Forbes claims are attributed to them in SEC attorneys' notes. Some of these notes were taken during the witness' interviews with certain SEC attorneys. Others were taken during factual proffers made to the government by counsel for Pember, Corigliano, and/or Sabatino which certain SEC attorneys attended.

Setting aside the issues of whether these "statements" are substantially verbatim, contemporaneously made, and formally adopted by those witnesses, at the present time even Forbes does not know if this testimony will ever be necessary. Indeed, this testimony never became necessary during the first trial. The SEC submits that the Court need not address this issue unless and until the need for this testimony actually develops and all the requirements of

Federal Rule of Evidence 613(b) are met. In the meantime, there is no need to have six people under subpoena indefinitely to give testimony which may never become necessary.

Moreover, should this issue arise, the Court should follow its earlier rulings which do not allow the admission of these purported "statements." During the first trial, the Court repeatedly found that presentations by an attorney to the government are not admissible unless they are statements explicitly made or adopted by the client. *See* Transcript 6/1/04, at 2644-59; 6/2/04, at 2865-67; 6/3/04, at 3194. The Court further concluded that attorney notes or memoranda that were never adopted by government witnesses such as Mr. Corigliano are simply not statements attributable to them, and as such they are not admissible at trial. *See* Transcript 5/20/04, at 1530. These rulings prohibit Forbes' attempt to obtain testimony from SEC attorneys about their notes of factual proffers and interviews with government witnesses. Accordingly, the court should quash the subpoenas to all six SEC witnesses to the extent they seek testimony on this topic.

As to the remaining testimony Forbes seeks concerning benefits Cosmo Corigliano may have received from the SEC as a result of the budget and settlement agreements entered in the SEC's civil action against him, the Court should also prohibit testimony on that topic. The two witnesses with most personal knowledge on this topic testified during the first trial. As the Court observed during their testimony, Messrs. Frohlich and Kidney had very little to add to the contents of those agreements which Mr. Forbes has in his possession. The Court's experience with this line of inquiry during the first trial should guide it to rebuff Forbes' attempt to turn his criminal trial into a mini-trial against government witness Cosmo Corigliano.

## CONCLUSION

For the foregoing reasons, the Court should quash Forbes' subpoenas to the five current and one former SEC staff members.

Respectfully submitted,

*Kathleen Cody*
SAMUEL M. FORSTEIN
Assistant General Counsel

KATHLEEN CODY
Senior Counsel

Securities and Exchange Commission
100 F Street, N. E.
Washington, D.C. 20549-9612
Tel. (202) 551-5126; Fax (202) 772-9263

## CERTIFICATE OF SERVICE

The undersigned certifies that, on October 12, 2005, I caused to be served via federal express copies of (1) Reply of SEC in support of its Motion to Quash Six Subpoenas Seeking Testimony from its Enforcement Staff, (2) proposed order, and (3) this certificate of service to:

>Michael Martinez, Esq.
>Craig Carpenito, Esq.
>Abraham Ribicoff Federal Building
>450 Main Street, Room 320
>Hartford, CT 06103
>
>Meg Keeley, Esq.
>Williams & Connolly
>c/o Marriott Residence Inn
>942 Main Street
>Hartford, CT 06103

*Kathleen Cody*
Kathleen Cody

Dated: October 12, 2005
       Washington, D.C.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | |
| | : | |
| **WALTER A. FORBES** | : | |

## PROPOSED ORDER

Upon consideration of the Motion of the Securities and Exchange Commission ("SEC") to Quash Six Subpoenas Seeking Testimony From SEC Enforcement Staff, Defendant Forbes' opposition thereto, the SEC's Reply, and the entire record herein,

IT IS HEREBY ORDERED that the SEC's motion is granted and Defendant Forbes' subpoenas seeking testimony from Thomas Newkirk, James Kidney, David Frohlich, Susan Markel, Roger Paszamant, and Matthew Greiner are quashed in their entirety.

DATED: _____        _____
        **Hartford, Connecticut**                **Alvin W. Thompson**
                                                                            **United States District Judge**