UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------
UNITED STATES OF AMERICA,      )
                               )
v.                             )   Criminal No. 3:02CR00264(AWT)
                               )
WALTER A. FORBES               )
-------------------------------
```

### RULING ON FORBES' RETRIAL MOTION IN LIMINE NO. 8

**(Motion of Walter A. Forbes to Preclude References to Who Will Sentence Cosmo Corigliano, Anne Pember and Casper Sabatino)**

For the reasons set forth below, defendant Forbes' motion in limine is being denied.

The court agrees with the government that "evidence that a cooperating witness knows that his sentence will be determined by the same judge who actually hears his testimony live and in person is relevant and admissible to establish a motive for the witness to testify truthfully. . . . What is at issue is what the witness understands about the sentencing process, not what the judge decides about a witness's credibility."  (Gov't Mem. (Doc. No. 1721) at p. 3)

The question asked of Anne Pember on June 8, 2004 was proper.  See Tr. 3626 ("Q.  Do you have an understanding sitting here today who the sentencing judge is? A.  Yes. Q.  Who is that? A.  Judge Thompson.").  The question asked of Cosmo Corigliano on August 3, 2004 was not proper because it improperly suggested that the court had a role in determining whether the plea agreement was null and void.  See Testimony, Tr. 9457:2-5; see

<u>also</u> Curative Instruction, Tr. 9499:7-25.

During the first trial, the government sought permission to tell the jury during its closing rebuttal argument that "the evidence in this case indicates that the cooperators will be sentenced by the court, Judge Thompson." Tr. 16044:4-6. The court did not grant such permission. However, based on <u>United States v. Miller</u>, 116 F.3d 641, 683 (2d Cir. 1997), it would have been proper for the government to tell the jury, if supported by the evidence, that a cooperator understood at the time he or she was testifying at trial that he or she would be sentenced by the same judge before whom he or she was testifying; if the judge's name were used during the testimony, then use of the judge's name in referring to the evidence would be appropriate.

It is necessary that the examination of a cooperating witness and argument of counsel in this area be constructed carefully so that the jury's attention is directed to the proper purpose of the testimony, i.e., factors that could be motivating the witness while he or she is testifying. The government's proposed statement for its closing rebuttal argument during the first trial did not direct the jury's attention to such a factor.

When such an examination and/or argument is properly constructed, there is no unfair prejudice to the opposing party under Fed. R. Evid. 403, and thus it is not barred by Rule 403.

Accordingly, the Motion of Walter A. Forbes to Preclude

2

Reference to Who Will Sentence Cosmo Corigliano, Anne Pember and Casper Sabatino (Doc. No. 1671) is hereby DENIED.

It is so ordered.

Dated this 13th day of October 2005, at Hartford, Connecticut.

>                    /s/
>           Alvin W. Thompson
>      United States District Judge