## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------
UNITED STATES OF AMERICA,     )
                              )
v.                            )     Criminal No. 3:02CR00264(AWT)
                              )
WALTER A. FORBES              )
------------------------------
```

## ORDER RE PROCEDURES FOR RETRIAL

In order to enable the court to administer the trial of the above-captioned criminal case in a fair, just, efficient and economical matter, counsel for the government and the defendant are directed to comply with the following procedures and requirements:

1.  Trial Schedule

Evidence will commence on October 17, 2005, following the court's delivery of the Preliminary Jury Instructions and opening statements by counsel.  The jury portion of the trial will be conducted from 9:30 a.m. to 4:30 p.m. on Mondays through Thursdays, unless counsel are notified otherwise.  Counsel and the jury will be provided with a schedule for  discussions before the jury reports for the day and for the breaks and lunch. During the week of October 17, the jury will be asked to notify the courtroom deputy of any days through the month of January when it will not be available to sit.

2.  <u>Opening Statements</u>

The parties have agreed that counsel for each party shall have up to approximately 90 minutes for an opening statement. The procedure for any objections to an opening statement will be as follows: Any objection other than one addressed in the parties' motions *in limine* heretofore filed will be noted by counsel simply stating "Objection" and argument will be held until the end of the opening statement; it will not be necessary to make "objections as to matters addressed in the parties' motions *in limine* heretofore filed; this procedure shall not result in waiver of any objection.  If the court concludes, based on an objection, that it is appropriate to give any curative instruction, it will do so at the time it deems most appropriate under all of the circumstances.

3.  <u>Exhibit Lists; Copies of Exhibits</u>

The government produced an exhibit list and copies of exhibits not identified as government exhibits during the first trial to be used in its case-in-chief to the defense on or about September 19, 2005.

The defendant shall by no later than November 7, 2005, file with the court, <u>ex parte</u> and under seal until further order of the court, a list of all exhibits not previously marked and identified for the government as potential defense exhibits during the first trial which he <u>reasonably</u> <u>anticipates</u> <u>may</u> be

2

used in his case-in-chief. (<u>Compare</u> Standing Order on Discovery, Paragraph (E).)  Such a list will be of assistance to the court in setting a sufficiently early deadline for delivery by the defendant to the government and the court of an exhibit list and copies of exhibits not previously marked and identified as potential defense exhibits during the first trial to be used in the defendant's case-in-chief so that a delay in the trial can be avoided.  The list shall give the Bates number, if any, for the item and the source of the item (e.g., whether it was obtained from the government, pursuant to a particular Rule 17(c) subpoena, etc.)

As soon as a party becomes aware of a need to revise or supplement its exhibit list, it or he shall inform the court and the other party immediately.

The defendant shall file his preliminary objections to the government's exhibits by no later than November 7, 2005.  When the defendant delivers his exhibit list and copies of exhibits to be used in his case-in-chief, the government shall file its preliminary objections within 21 days thereafter.  Counsel are expected to consider each exhibit individually, and because an over-inclusive or overly broad approach will not assist the court, it will not be accepted.  Counsel need not include relevance objections, and the objections can be referred to in short form, e.g., "403 – unfair prejudice," "hearsay – <u>not</u> a

3

business record," "1002 — original required," "901(a)," "105

limited purpose: [                ]," etc.

4.   <u>Witness Lists</u>

     The government disclosed its revised witness list on July

29, 2005.  Defense witnesses will be disclosed only in accordance

with the procedure set out in Paragraph 6.

5.   <u>Experts</u>

     <u>Daubert</u> hearings were held with respect to the government's

expert witnesses, Robert Sack and Brian L. Heckler, in connection

with the first trial.  The defendant was required to produce his

expert reports, if any, prior to today and has not disclosed any;

<u>provided</u> that the defendant has stated that he may call David

Stenhouse, a computer expert called by E. Kirk Shelton in the

first trial, and the government has no objection provided the

defendant adopts the witness' prior disclosures and the witness'

testimony is limited to his testimony from the first trial.

6.   <u>Weekly Disclosure of Witnesses and Jencks Act Material</u>

     By 9:00 a.m. on each Thursday, each party presenting

evidence the following week will disclose the witnesses that

party plans to call during the following week together with all

Jencks Act materials relating to those witnesses.  The government

shall also provide the defense with all <u>Giglio</u> and <u>Brady</u> material

relating to those witnesses, if any, not previously disclosed to

the defendant.  (If trial during a particular week will be held

4

on a schedule other than Monday through Thursday, the court will determine whether to make adjustments to this schedule.)

7.  <u>Materials To Be Used During Direct Examination</u>

Counsel are not required to give notice to opposing counsel as to what exhibits not previously introduced they plan to use during the direct examination of a witness. However, an <u>in camera</u> submission shall be made to the court after the end of each trial day as to what exhibits not previously introduced are anticipated to be used the following day so the court can prepare for any issues that may arise. A copy of each exhibit that counsel reasonably anticipate will be used during the examination of any witness will be produced to opposing counsel on the morning that the exhibit is going to be used.

8.  <u>Materials to Be Introduced Into Evidence For the First Time During Cross-Examination</u>

No later than the conclusion of the direct examination of a witness, counsel who will cross-examine that witness shall turn over to opposing counsel copies of all materials that he or she then plans to introduce into evidence for the first time during the cross-examination (or if the item is one that cannot be copied, turn over the item for inspection). If counsel does not give opposing counsel such materials in time to afford opposing counsel an evening during which to review such materials, then counsel shall inform opposing counsel of the order in which counsel intends to use such materials. These materials are for

5

use of counsel and their staff only.  They are not, without further order of the court, to be discussed or shared with the witness, counsel for the witness or anyone else.

9.  <u>Evidentiary Objections</u>

Evidentiary objections shall not be argued in the presence of the jury, except that counsel should briefly state the grounds for the objection (e.g., a word or phrase or a citation to a specific section of the relevant rule of evidence).  In instances such as or similar to Rule 403 (in the case of unfair prejudice) and 801(d)(2)(E), the court prefers that the number of the pertinent rule be used.  Sidebars are discouraged.  Unless the court explicitly states otherwise, no "blanket" objections will be permitted; the objection must be made at the time the evidence is offered so it is clear to the court what rulings it will be required to make.  For purposes of protecting the record, counsel may explain their positions and the court may explain its ruling on the record after the jury has been excused for the day or during a break.  Objections shall be made by the attorney who will cross-examine the witness.  <u>Compare</u> Forbes' Trial Motion No. 7.

It is expected that counsel will anticipate and raise evidentiary issues as far in advance as possible, but in any event, use their best efforts to do so no later than at end of the preceding trial day.  The failure to raise any issue in advance does not constitute a waiver of any party's right to

offer or use any evidence, or to object to the admission or use of any evidence at the time it is offered.  At the end of each trial day, the court will ask for a report on any evidentiary issues counsel anticipate will be arising.  Written submissions are encouraged and may be required on certain issues.

There may be instances where a party who has agreed that it or he will not offer certain evidence unless the opposing party "opens the door," believes that the other party has "opened the door," or is about to do so.  In such an event, the court and the other party should be put on notice immediately.

10.  Limiting Instructions

The court prefers to receive proposals for limiting instructions in writing and well in advance of the need for giving the particular instruction.  It is the court's practice to discuss the limiting instruction with counsel prior to the time it is finalized.  Counsel are responsible for requesting, at the time that the limiting instruction should be delivered, that it be given.

11.  Exhibits Admitted For a Limited Purpose Only

If an exhibit is admitted for a limited purpose only, the Courtroom Deputy stamps the first page with a legend stating that the document has been admitted for a limited purpose only.  (The stamp does not state what the limited purpose is.)

12.  Witnesses

a.  At the beginning of the day on October 17, 2005, the

court granted a motion to sequester witnesses pursuant to Federal Rule of Evidence 615. Accordingly, except for the parties, designated representatives (i.e., three for the government) or any expert witness (in order to permit the expert witness to properly consider the trial testimony of any other witnesses in formulating the expert's opinion testimony), all witnesses shall remain outside the courtroom except while testifying.

b.    Pursuant to Federal Rule of Evidence 615, no witness shall read the trial testimony of another witness, except for (1) the defendant, to the extent authorized by the Sixth Amendment, and (2) any expert witness, in order to permit the expert witness to properly consider the trial testimony of any other witnesses in formulating the expert's opinion testimony.

c.    Notwithstanding the provisions of subparagraph 12(d), pursuant to Federal Rule of Evidence 615, no witness (except the defendant, to the extent authorized by the Sixth Amendment) shall discuss his or her trial testimony with any other witness.

d.    Pursuant to Federal Rule 615, no witness shall discuss with any person (including, but not limited to, government counsel, defense counsel, and the witness' counsel), the testimony of any other witness, except for (1) the defendant, to the extent authorized by the Sixth Amendment, and (2) any expert witness, in order to permit the expert witness to properly consider the trial testimony of any other witnesses in formulating the expert's opinion testimony.

e.   No witness (except the defendant, to the extent authorized by the Sixth Amendment) shall, from the conclusion of the witness's direct examination until the conclusion of the first round of cross-examination, talk with anyone (including, but not limited to, government counsel, defense counsel and the witness's counsel) about the subject matter of this case, the witness's testimony, or the witness's demeanor on the witness stand, without the express permission of the court, after a request made to the court by the witness outside the presence of the jury.

f.   The party calling a witness shall insure that the witness and any counsel for the witness are made aware of the provisions of this paragraph 12.

13.  <u>General Courtroom Rules</u>

a.   The court does not require counsel to remain at the lectern when addressing the jury or when questioning a witness, but counsel shall obtain permission from the court before approaching a witness if, for example, counsel desires to show a witness a document.  (Permission is usually given.)

b.   All objections and other statements by counsel shall be made while standing.

c.   All statements by counsel must be directed to the court and not to opposing counsel, unless permission is obtained, or direction is received, from the court to address other counsel.

d.   It is the custom in this district to stand when the

jury enters and leaves the courtroom.

e.   Counsel are expected to control all electronic equipment.  Care should be taken to be sure that documents that are not full exhibits are not displayed on the jury's monitors, and witnesses should be advised not to turn the monitor on the witness stand so that it can be seen by members of the jury.  It may be necessary to give the witness a copy of a document until such time, if any, as it is admitted into evidence and can be displayed to the jury.

14.  <u>Jury Instructions</u>

The government shall file its proposed jury instructions by no later than October 24, 2005, and the defendant shall file any objections to the government's proposed jury instructions by no later than November 14, 2005.

The government shall file any supplemental requests for jury instructions promptly upon realizing that it has a supplemental request, and the defendant shall file, no later than two weeks thereafter, any objections to a supplemental request by the government for jury instructions.

The defendant shall file by no later than the close of the government's case any request for jury instructions as to matters not already covered by previously filed requests by the government and the defendant's objections thereto.  The defendant shall file any supplemental requests for jury instructions promptly upon realizing that he has a supplemental request.  The

10

government shall file within two weeks objections to any request for jury instructions filed by the defendant.  Any request for a theory of the defense instruction shall be filed at the close of evidence.

15.  Deliberations

a.    The court will send to the jury at the beginning of the deliberations all full exhibits, a copy of the jury charge and the verdict form.  (If more than one copy of the jury charge or verdict form is requested, additional copies are routinely given.)  In addition, jurors are permitted to take their notebooks.  The court's normal practice is to also send a copy of the indictment to the jury; the defendant has objected and filed a pleading to which the government has responded.

b.    The jury is brought into the courtroom to be excused at the end of each day, but not for the resumption of deliberations when it returns the following morning.

It is so ordered.

Dated this 17th day of October 2005, at Hartford, Connecticut.

/s/AWT

_____
Alvin W. Thompson
United States District Judge

11