UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------
UNITED STATES OF AMERICA,      )
                               )
v.                             )     Criminal No. 3:02CR00264(AWT)
                               )
WALTER A. FORBES               )
-------------------------------
```

### RULING ON GOVERNMENT'S RETRIAL MOTION *IN LIMINE* NO. 2

### (United States Pre-Retrial Motion *in Limine*)

For the reasons set forth below, the government's motion *in limine* is being granted in part and denied in part.

### I.    Government Exhibit 1813

The government's motion to admit government exhibit 1813, a newspaper article authored by former New York Times reporter Peter Lewis, without the need to call Lewis as a witness, is being granted, absent objection.

### II.   Government Exhibit 616

Government exhibit ("GX 616") is an October 12, 1997 memorandum from E. Kirk Shelton to Henry Silverman. The government states that Cosmo Corigliano will authenticate GX 616, as he did at the first trial. In the instant motion, the government seeks to have this exhibit admitted during the testimony of Michael Monaco, "subject to connection through the testimony of Corigliano." Memorandum of the United States in Support of Its Second Pre-Trial Motion *in Limine* at 6-7 (Doc. No. 1806) (the "Government's Memorandum"). The government's request

is being denied because the authorities relied upon by the government do not appear to support the procedure it asks the court to adopt.  First, the government points to Fed. R. Evid. 104(b), which provides that:

> [w]hen the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

The government emphasizes the words "or subject to."  Then the government notes that,

> the "requirement [under Fed. R. Evid. 901(a)] of authentication or identification is the paradigm of preliminary question under Rule 104(b)."  1 Weinstein's Federal Evidence, § 104.30[3] (2d ed. 2000)(Weinstein's Federal Evidence).

Government's Memorandum at 7.  However, the discussion in § 104.30[3] of the Weinstein treatise makes it clear that the type of situation being described is one where "the judge is first required to determine whether a reasonable jury could conclude that evidence was authentic, [and] the ultimate question of authenticity is for the jury."  Id.  An example of this type of situation is found in Ricketts v. City of Hartford, 74 F.3d 1397 (2d Cir. 1996), which involves conflicting evidence as to authenticity of an audiotape.  Here, the government is not asking the court to make a ruling pursuant to Rule 104(b) based on conflicting evidence of authenticity, but rather to make a ruling before any evidence of authenticity is admitted.

   Insofar as the government is relying on the concept of

"subject to connection," that principle would apply to Monaco's testimony, the relevance of which could be at issue in the absence of the anticipated testimony by Corigliano and/or the admission of GX 616.

### III. Government Exhibit 3059

The government states that it intends to offer government exhibit 3058 ("GX 3058") into evidence pursuant to a certification, prior to Steven Kernkraut testifying. It will then seek to have Kernkraut testify that he has reviewed the data in GX 3058 and that the summary chart, government exhibit 3059 ("GX 3059"), accurately reflects the data contained in GX 3058. Thus, the government will be offering GX 3059 as a "secondary evidence summary."[1]

The government's motion to proceed in the manner discussed above is being granted. Defendant Forbes states that he cannot provide a meaningful response to the request concerning Kernkraut's testimony because he does not know what the testimony

---

[1] Confusion between Rule 1006 summaries and pedagogical device summaries arises in part because a third type of summary shares characteristics of both of them. This hybrid type of summary may not comply with the requirements of Rule 1006. Nevertheless, it is admitted into evidence when the underlying materials have been admitted into evidence and the summary so accurately and reliably summarizes complex or difficult evidence that the court admits it into evidence to assist the jurors. This hybrid summary has been called a secondary-evidence summary. If it is used, the jury should be instructed that the summary is not independent evidence of its subject matter, and is only as valid and reliable as the underlying evidence it summarizes. 1 Weinstein's Federal Evidence, § 1006.04[2] (2d ed. 2000) (citations omitted) (quotation marks omitted).

will be. However, that portion of Kernkraut's testimony that is the subject of the instant motion is adequately described at pages 12-13 of the Government's Memorandum. In addition, citing to United States v. Garcia, 413 F.3d 201, 214 (2d Cir. 2005), defendant Forbes notes "it is generally viewed as improper for a party to open its case with an overview witness who summarizes evidence that has not yet been presented to the jury." However, it is apparent from the government's description of how it intends to proceed with respect to Kernkraut's testimony as to GX 3059, that the government is not seeking to proceed in such a manner.

Accordingly, the United States' Pre-Retrial Motion *in Limine* (Doc. No. 1806) is hereby GRANTED in part and DENIED in part.

It is so ordered.

Dated this 17th day of October 2005, at Hartford, Connecticut.

/s/AWT

  Alvin W. Thompson
United States District Judge