UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>WALTER A. FORBES )<br>)<br>) | No. 3:02CR264 (AWT)<br><br>October 14, 2005 |

## OPPOSITION OF WALTER A. FORBES TO SECOND PRETRIAL MOTION *IN LIMINE* OF THE UNITED STATES

Walter A. Forbes, through undersigned counsel, respectfully submits this opposition to the government's second pretrial motion *in limine*. Mr. Forbes responds to the government's three requests as follows: (1) he does not object to GX 1813 being admitted without recalling Mr. Lewis as a witness; (2) he objects to the admission of GX 616 because it is incomplete and he further objects to the admission of the document during Mr. Monaco's testimony unless the government can establish that Mr. Monaco has personal knowledge of the document pursuant to Fed. R. Evid. 602; and (3) he objects to the admission of GX 3059 and he preserves all objections to any testimony by Mr. Kernkraut concerning the exhibit.[1]

---

[1] The government's motion only hints at the substance of Mr. Kernkraut's anticipated testimony. Therefore, Mr. Forbes respectfully requests that the Court withhold ruling on this issue until the government clarifies the substance of the anticipated testimony.

## ARGUMENT

I. **MR. FORBES OBJECTS TO THE ADMISSION OF GX 616 AND TO THE ADMISSION OF THE DOCUMENT DURING MR. MONACO'S TESTIMONY.**

Mr. Forbes objects to the admission of GX 616 because it is incomplete. GX 616 references two attached organizational charts, but the charts are not attached. Mr. Forbes incorporates by reference his previous arguments on this issue. See Forbes Mot. *In Limine* No. 12 (filed May 19, 2004) [Docket No. 745]; Forbes Reply Supp Mot. *In Limine* No. 12 (filed May 24, 2004) [Docket No. 757].

Furthermore, Mr. Forbes objects to the admission of GX 616 during the testimony of Mr. Monaco unless the government can establish that he has personal knowledge of the document. See Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). The Court did not definitively rule on a similar objection during the first trial because the government did not offer the exhibit during Mr. Monaco's testimony. However, the Court appeared to recognize the problems associated with admitting the document through Mr. Monaco. See Tr. at 1989-90 ("MR. SIMON: One addition. I think you indicated you would consider when the issue first came up, it would certainly -- if it came in over our objection, it would certainly be more appropriate if it came in through Mr. Silverman. We could at least cross-examine him about what the attachments were. It compounds the problem by having it coming through Mr. Monaco.

So we're also denied our cross-examination confrontation rights concerning what the document actually was. THE COURT: That's a fair point.").

## II. MR. FORBES MAY OBJECT TO PORTIONS OF MR. KERNKRAUT'S TESTIMONY CONCERNING GX 3059.

The government moves the Court to "permit Steven Kernkraut to review and testify about GX 3059, the Government's summary chart showing the change in price of CUC stock from 1990 to 1998," Mot. at 9, but does not clearly proffer the subject matters on which he will testify. Mr. Forbes objects to the admission of GX 3059 insofar as it reflects the drop in the stock price following the public disclosure of the alleged fraud. See Forbes Retrial Motion *In Limine* No. 24 (submitted today to be filed Oct. 17, 2005). Mr. Forbes cannot provide a meaningful response to the request concerning Mr. Kernkraut's testimony because he does not know what Mr. Kernkraut's testimony will be. Accordingly, Mr. Forbes preserves all objections to the testimony, and requests that the Court withhold ruling on this issue pending clarification regarding Mr. Kernkraut's anticipated testimony.[2]

## CONCLUSION

For the reasons set forth above, Mr. Forbes respectfully requests that the Court enter an order denying the government's request to admit GX

---

[2] To the extent that the government will attempt to offer Mr. Kernkraut as a "summary witness," see Mot. at 12, Mr. Forbes notes that the Second Circuit has recently stated that "it is generally viewed as improper . . . for a party to open its case with an overview witness who summarizes evidence that has not yet been presented to the jury." United States v. Garcia, 413 F.3d 201, 214 (2d Cir. 2005) (quotation omitted & ellipse in original).

616 during Mr. Monaco's testimony (or at any other time) and withholding a ruling on the government's request to permit Mr. Kernkraut to testify about GX 3059 pending clarification regarding the Mr. Kernkraut's anticipated testimony.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (ct17115)
Barry S. Simon (ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (ct05103)
Thomas J. Murphy (ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing OPPOSITION OF WALTER A. FORBES TO SECOND PRETRIAL MOTION *IN LIMINE* OF THE UNITED STATES to be sent on October 14, 2005 to the following via e-mail and FedEx:

>Norman Gross, AUSA
>U.S. Attorney's Office
>District of New Jersey
>401 Market Street
>Fourth Floor
>Camden, NJ 08101
>
>Michael Martinez, AUSA
>Craig Carpenito, AUSA
>U.S. Department of Justice
>450 Main Street, Room 320
>Hartford, CT 06103

_____
Barry S. Simon