UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>WALTER A. FORBES )<br>)<br>)<br>） | No. 3:02CR264 (AWT)<br><br>October 15, 2005 |

## OBJECTIONS TO PROPOSED TESTIMONY
## OF GOVERNMENT EXPERT ROBERT J. SACK

Defendant Walter A. Forbes hereby objects to the proposed testimony of government expert Robert J. Sack. The grounds of Mr. Forbes' objections are identical to Mr. Forbes' objections to Mr. Sack's proposed testimony during the first trial. A copy of those objections are attached as Exhibit A. Mr. Forbes reasserts those objections for the retrial.

Counsel for Mr. Forbes also notes the following:

1.  The Court stated before the first trial:

    "It does not appear to me to be necessary for Professor
    Sack to state that he was with the Enforcement division
    of the SEC as opposed to one of the divisions or a division.
    However, if he does not state that he was with the
    Enforcement division, then I would not expect that that
    fact would be brought out on cross-examination in an
    effort to show that he has a law enforcement orientation
    or something like that. Counsel can decide how they want
    to approach that issue." Exh. B at 4 (5/7/04 transcript).

As during the first trial, defense counsel is agreeable to not cross-examining Professor Sack on any law enforcement bias and would therefore expect that the government will not bring out the fact that Professor Sack worked specifically in the Enforcement Division of the SEC.

2. Before the first trial, the Court suggested that Professor Sack "should be told to try to remember to respond to [certain questions] by pointing to the fact that he's not here to testify about the facts of the case." Exh. B at 6 (5/7/04 transcript). Defense counsel expects that the government will give a similar instruction to Professor Sack for the retrial.

3. During the first trial, the Court gave a limiting instruction addressing Professor Sack's testimony. A copy of that instruction, Limiting Instruction No. 4, is attached as Exhibit C. Mr. Forbes requests that that Limiting Instruction No. 4 (modified for a trial of one defendant) be given again and will remind the Court of his request at the beginning of Mr. Sack's testimony.

4. In order to avoid interrupting the testimony of Professor Sack during the first trial, the Court accepted written objections from the defense in lieu of having to interrupt Professor Sack's testimony with objections. Exh. B at 9-10 (5/7/04 transcript) and Exh. D at 336, 339 (5/11/04 transcript). Defense counsel request that this same procedure be employed in the retrial and that the written objections attached hereto as Exhibit A be deemed sufficient to preserve them without the need to interrupt the witness. Again, defense counsel will remind the Court of this request at the commencement of Professor Sack's testimony.

2

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)
Robert M. Cary (Bar No. ct24198)
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes