# EXHIBIT B

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA:        :No. 3:02CR264(AWT)
                                 :
         vs.                     :
                                 :  COPY
WALTER A. FORBES,                :
E. KIRK SHELTON,                 :
                                 :HARTFORD, CONNECTICUT
              Defendants         :MAY 7, 2004
                                 :
- - - - - - - - - - - - - - - - x


**TELEHONIC STATUS CONFERENCE**


BEFORE:

   HON. ALVIN W. THOMPSON, U.S.D.J.




                              Corinna Thompson, RPR
                              Official Court Reporter

|  |  |
|---|---|
|  | 1    **11:02 a.m.** |
| 11:02:27 | 2    THE COURT:  Good morning. |
| 11:02:27 | 3    MR. SIMON:  Good morning, Your Honor. |
| 11:02:29 | 4    MR. CARNEY:  Good morning, Your Honor. |
| 11:02:30 | 5    THE COURT:  We should have everyone identify |
|  | 6    themselves for the record, please. |
| 11:02:35 | 7    MR. CARNEY:  Yes.  Good morning, Your Honor. |
|  | 8    John Carney and Norman Gross and Richard Schechter for the |
|  | 9    government. |
| 11:02:41 | 10   MR. SIMON:  Good morning, Your Honor.  Barry |
|  | 11   Simon and Rob Cary for Walter Forbes. |
| 11:02:45 | 12   MR. EDELMAN:  Good morning, Your Honor.  Scott |
|  | 13   Edelman and Tom Arena for Mr. Shelton. |
| 11:02:51 | 14   THE COURT:  I wanted to get back to you all on |
|  | 15   the objections to Professor Sack's testimony. |
| 11:02:59 | 16   I have reviewed the government's list of |
|  | 17   proposed opinions, concepts and ideas which is dated |
|  | 18   March 11, 2004, as well as Defendant Forbes' objections |
|  | 19   dated March 2, 2004, and Defendant Shelton's supplemental |
|  | 20   objections dated March 19, 2004. |
| 11:03:26 | 21   I believe the government has properly responded |
|  | 22   to those objections that I believe were or could have been |
|  | 23   legitimate.  For example, paragraph 6, 7, 43, 65, 72, 100, |
|  | 24   and then using the numbering system in Defendant Forbes' |
|  | 25   memorandum, 117 and 121. |

| | | |
|---|---|---|
| 11:03:57 | 1 | Some of the objections do not appear to me to go |
| | 2 | to significant matters and can be left to |
| | 3 | cross-examination. An example of this would be paragraph |
| | 4 | 15. But if the government were to change Professor Sack's |
| | 5 | presentation, I do not expect that the defense would seek |
| | 6 | to exploit the changed testimony on cross-examination in |
| | 7 | this instance, for example, by making a point of the fact |
| | 8 | that private offerings or issuance of debt have nothing to |
| | 9 | do with the case if Professor Sack were to broaden the |
| | 10 | statement that he were making in response to the |
| | 11 | objection. |
| 11:04:45 | 12 | I make a similar point with respect to paragraph |
| | 13 | 126, also using Defendant Forbes' numbering system. It |
| | 14 | does not appear to me to be necessary for Professor Sack |
| | 15 | to state that he was with the Enforcement division of the |
| | 16 | SEC as opposed to one of the divisions or a division. |
| | 17 | However, if he does not state that he was with the |
| | 18 | Enforcement division, then I would not expect that that |
| | 19 | fact would be brought out on cross-examination in an |
| | 20 | effort to show that he has a law enforcement orientation |
| | 21 | or something like that. Counsel can decide how they want |
| | 22 | to approach that issue. |
| 11:05:41 | 23 | As to certain points, Defendant Forbes makes an |
| | 24 | objection that the witness is not qualified. I agree with |
| | 25 | the government's discussion in its March 17, 2004 |

```
                1   memorandum, but I do note that if care is taken in how the
                2   questions are phrased, potential issues in this area can
                3   be avoided.  For instance, I point out to you the language
                4   in the first full sentence at the top of page 20 of the
                5   government's memorandum, which appears to reflect an
                6   appropriate approach, at least one that I view is
                7   appropriate.
11:06:26        8            Also, the defendant appears to claim that
                9   Professor Sack is giving a legal opinion any time, for
               10   example, a reference is made to the Securities and
               11   Exchange Commission.  I have reviewed United States versus
               12   Duncan, which is at 42 F.3d 97 and which is discussed at
               13   page 17 of the government's March 17 memorandum.  And
               14   based on my review of that case and a couple of other
               15   things I find that the defendant's objection are without
               16   merit.
11:07:07       17            The defendant also argues that it would be
               18   impossible to conduct an effective cross-examination
               19   without eliciting improper opinions from Professor Sack.
               20   This objection is repeated frequently, if not in every
               21   instance.  I find the objection to be without merit.
               22   However, I do note that, for instance, the question about
               23   performing testing that was mentioned by the defense is a
               24   situation that can be handled by properly wording a
               25   question.
```

| | | |
|---|---|---|
| 11:07:44 | 1 | I recognize, however, that at times counsel are |
| | 2 | simply not able to word a question exactly the way they |
| | 3 | would like to if they had 10 minutes to sit down and think |
| | 4 | about how to say every question. Thus, Professor Sack |
| | 5 | should be told to try to remember to respond to any |
| | 6 | questions of that nature by pointing to the fact that he's |
| | 7 | not here to testify about the facts of this case. |
| 11:08:14 | 8 | Finally, on page 11 of its March 17 memorandum, |
| | 9 | the government makes reference to a limiting instruction. |
| | 10 | It would be helpful if the government could prepare a |
| | 11 | draft of a limiting instruction if it has one in mind and |
| | 12 | if other counsel wish to submit one, they may do so as |
| | 13 | well. |
| 11:08:35 | 14 | The defendant also moves to preclude Professor |
| | 15 | Sack's testimony based on government misconduct. I |
| | 16 | believe this argument lacks merit but I do have one |
| | 17 | concern. There is a discussion by the parties in their |
| | 18 | papers of the opinion that had been withdrawn by Professor |
| | 19 | Sack. It appears this opinion was included in the report |
| | 20 | that the government introduced as an exhibit at the |
| | 21 | hearing, but the fact that the opinion had been withdrawn |
| | 22 | did not come out until during the cross-examination of the |
| | 23 | witness. |
| 11:09:22 | 24 | At page 7 of its March 17, 2004 memorandum, the |
| | 25 | government argues that this did not constitute a Brady |

violation. However, I do want to be certain that it's understood that at least I believe there's an obligation to notify opposing counsel of any changes in the report or the summary going forward; specifically, I do want to be sure that if there are any changes in the materials covered in the government's list of proposed opinions, concepts, ideas or in the expert witness summary which was dated February 23, 2004, in terms of opinions that are being withdrawn, that the government makes every effort to notify the defense by no later than first thing Monday morning.

11:10:22    Mr. Shelton filed objections which came in after everything else so there was no written response to them. One dealt with, I believe, paragraph 102, which makes a reference to the chief executive officer or the president. And I'm just interested in the government's -- I want to make sure the government is focused on that objection and I'm interested in the government's response. I did send word to the government I would be asking about this.

11:10:59    MR. CARNEY: Yes, Your Honor. This is John Carney speaking.

11:11:03    I think the issue here is really one of -- focuses on is the one of the signer of the actual filings with the company. Now, if you had a situation where there was a president who did not participate in that process,

|  |  |  |
|---|---|---|
|  | 1 | did not sign as a representative of the corporation, it |
|  | 2 | might be a different situation.  But Defendant Shelton |
|  | 3 | did, also as a member of the board of directors and an as |
|  | 4 | president of the company, did sign the year-end filings |
|  | 5 | and participate in the process.  So we think Professor |
|  | 6 | Sack's opinion with respect to him as the president, it |
|  | 7 | applies to both the president and the CEO, Mr. Forbes as |
|  | 8 | CEO. |
| 11:11:43 | 9 | THE COURT:  Right.  And then the second |
|  | 10 | objection dealt with the materiality provision in 17 CFR |
|  | 11 | Section 229.303. |
| 11:12:03 | 12 | MR. CARNEY:  Yes, Your Honor.  I understand that |
|  | 13 | to be the general MD&A provisions for both the Form 10K |
|  | 14 | and the 10Qs for the filings in question. |
| 11:12:14 | 15 | The government's position, I just looked at this |
|  | 16 | recently but, let me just, the types of disclosures that |
|  | 17 | would have been an issue here do meet the materiality |
|  | 18 | threshold for Item 303, and that Professor Sack's |
|  | 19 | testimony is proper in this regard. |
| 11:12:35 | 20 | THE COURT:  I mean, well, my -- I thought we had |
|  | 21 | a general concept of materiality throughout his testimony. |
|  | 22 | I just want to make sure that there's an effort made to |
|  | 23 | make sure it's accurate and doesn't misstate anything.  So |
|  | 24 | I would like to make sure that you all focus on the |
|  | 25 | concern expressed in this memorandum. |

| | | |
|---|---|---|
| 11:13:00 | 1 | MR. CARNEY: Yes, Your Honor. |
| 11:13:01 | 2 | THE COURT: Okay. I have not discussed, for |
| | 3 | reasons that are probably obvious to counsel, these items |
| | 4 | paragraph by paragraph. But I have reviewed each |
| | 5 | paragraph and each objection and I've raised the points as |
| | 6 | to which I think there are legitimate objections. |
| 11:13:23 | 7 | So I'm ready to have Professor Sack testify |
| | 8 | consistent with the summary that was submitted by the |
| | 9 | government and the comments I've made this morning. |
| 11:13:41 | 10 | So I'm going to get back to work on a few other |
| | 11 | things that I'll be hopefully rolling out to you today and |
| | 12 | I think it will probably spill over to tomorrow and |
| | 13 | probably Sunday. |
| 11:13:52 | 14 | MR. SIMON: Your Honor, it's Rob Cary. One, |
| | 15 | before we leave Professor Sack, one kind of procedural |
| | 16 | issue I wanted to raise. |
| 11:14:00 | 17 | I would be happy to prepare and have already |
| | 18 | started this process, a red-lined version of our |
| | 19 | objections to submit to the Court before Professor Sack |
| | 20 | testifies, taking into account the government's red-lined |
| | 21 | list of concepts, ideas and opinions that might streamline |
| | 22 | the proceedings when Professor Sack testifies so that we |
| | 23 | don't need to disrupt his testimony by repeating our |
| | 24 | objections. And I would ask if the Court would accept |
| | 25 | that and whether we could do that in lieu of having to |

|          |    |                                                                  |
|----------|----|------------------------------------------------------------------|
|          |  1 | interrupt his testimony with objections.                         |
| 11:14:39 |  2 | THE COURT: That sounds like that's a great                       |
|          |  3 | idea.                                                            |
| 11:14:43 |  4 | MR. CARY: Thank you. And just one other -- has                   |
|          |  5 | the Court ruled on Mr. Shelton's two objections? Only            |
|          |  6 | because they might apply to -- if those are still open           |
|          |  7 | issues, they might apply to us as well, even though              |
|          |  8 | Mr. Forbes wasn't president, and we might have something         |
|          |  9 | we want to add if the Court hasn't ruled on those yet.           |
| 11:15:11 | 10 | THE COURT: With respect to the first objection,                  |
|          | 11 | I believe that Professor Sack should be allowed to               |
|          | 12 | testify, but it ought to be clear why he would include the       |
|          | 13 | president.                                                       |
| 11:15:26 | 14 | With respect to the second paragraph, I believe                  |
|          | 15 | that he can testify in that area so long as he accurately        |
|          | 16 | reflects any materiality requirements under that section         |
|          | 17 | of the regulations.                                              |
| 11:15:50 | 18 | MR. CARY: Your Honor, if I may, we are very --                   |
|          | 19 | Rob Cary again -- we are very concerned about this               |
|          | 20 | testimony. We don't waive any of our objections, but             |
|          | 21 | we're very concerned about the testimony that CEOs and in        |
|          | 22 | Mr. Shelton's case are responsible simply because they           |
|          | 23 | signed.                                                          |
| 11:16:06 | 24 | I believe in his testimony, some of which came                   |
|          | 25 | out after we submitted our objections, he said that he's         |

1   not an expert on CEOs without accounting training. That's
2   at page 933. It's just his personal belief that the CEO,
3   and by extension and extrapolation, the president as well
4   is responsible. That's at page 849. And that I believe
5   at page 932 he says that that's just a common -- that's
6   just common sense based on the fact that the CEO and the
7   president is required to sign that they are in fact
8   responsible for the financial statements.

11:16:48   9   I note that one of the juror questionnaires that
10   we saw, not someone on the jury, I believe it was number
11   329, stated in response to one of our questions that if
12   problems resulted from fraud, responsible should be
13   punished.

11:17:02  14   We're very concerned that that's going to
15   confuse the issues in a criminal trial where one of the
16   government's first witnesses testifies as to
17   responsibility for financial statements when it's only
18   based on common sense, personal opinion.

11:17:15  19   If there were one issue that we were to
20   highlight, without waiving any of our other objections, of
21   course, that would be it.

11:17:25  22   I mean, it's not the legal standard, Your Honor,
23   for criminal liability. And we're extremely concerned
24   that that is going to confuse the issues right off the bat
25   with respect to criminal -- the standard for criminal

```
11:17:40    1  responsibility.
            2              THE COURT:  I didn't understand Professor Sack
            3  to be testifying as to the standard for criminal
            4  responsibility.
11:17:47    5              MR. CARY:  And Your Honor, that's our point.
            6  We're very concerned that in a juror's mind that there
            7  will be confusion as to that.
11:17:57    8              MR. EDELMAN:  Your Honor, this is Scott Edelman.
11:17:58    9              I guess our concern is when one says that
           10  somebody is responsible for something, it's very unclear
           11  what that means in the context of a criminal case.  It
           12  almost suggests strict liability or negligence would be a
           13  basis for holding somebody responsible.  That's first.
           14  And we believe it's going to create quite a bit of
           15  confusion and significant prejudice to the defendants.
11:18:31   16              Second, with respect to Mr. Shelton, Mr. Sack's
           17  testimony, Professor Sack's Testimony was that the basis
           18  for this supposed responsibility, whatever that means, is
           19  the legal requirement that a CEO sign.  Mr. Shelton was
           20  not legally required to have signed.  So there is no basis
           21  for his claimed responsibility.
11:18:59   22              THE COURT:  Right.  I saw that in the papers.
11:19:01   23              Mr. Carney, who is handling this for the
           24  government?
11:19:04   25              MR. CARNEY:  Mr. McMahon is, Your Honor.  I'm
```

```
11:19:09   1   sorry he's not available right now.
           2           THE COURT:  I guess my question is, I think
           3   there is a potential for confusion by using the
           4   "ultimately responsible" language.  And I guess I'd like a
           5   report at our next call as to why it's not sufficient to
           6   simply say -- it's based on the fact that certain people
           7   are required to sign or certain people sign.  I'd like to
           8   know why we can't go just to the fact itself as opposed to
           9   the conclusion about ultimate responsibility, since there
          10   is a potential for confusion as to whether we're talking
          11   about -- in what context the person is responsible.
11:19:59  12           MR. CARNEY:  Your Honor, I'll talk to
          13   Mr. McMahon and look into it and then be able to respond
          14   before our next call.
11:20:08  15           THE COURT:  I suspect there's probably a way
          16   that that can be said that gets across the point that the
          17   government is entitled to get across without the risk of
          18   it being misinterpreted.
11:20:23  19           MR. CARNEY:  Yes.  I have an idea, Your Honor,
          20   and I'll talk to Mr. McMahon about it.
11:20:27  21           THE COURT:  All right.  If you talk to counsel
          22   about it and you all resolve it, then you can just report
          23   to me when we talk, whenever that is.
11:20:35  24           MR. CARNEY:  Very good, Your Honor.
11:20:36  25           THE COURT:  Okay.  Thank you.  Bye.
```

14

| | | |
|---|---|---|
| 11:20:39 | 1 | (Whereupon, a recess followed) |
| 11:20:39 | 2 | |
| 11:20:39 | 3 | |
| 16:56:49 | 4 | **6:10 p.m.** |
| 18:12:22 | 5 | THE COURT: Good evening, I think it is. |
| 18:12:25 | 6 | MR. CARNEY: Good evening, Your Honor. |
| 18:12:26 | 7 | MR. SIMON: Good evening, Your Honor. |
| 18:12:28 | 8 | THE COURT: I guess I'll have everyone identify |
| | 9 | themselves.  We do have the court reporter here. |
| 18:12:32 | 10 | MR. CARNEY: Yes, Your Honor.  For the |
| | 11 | government, John Carney, Jay McMahon and Richard |
| | 12 | Schechter. |
| 18:12:37 | 13 | MR. SIMON: Good evening.  Barry Simon and Rob |
| | 14 | Cary for Walter Forbes. |
| 18:12:39 | 15 | MR. ARENA: Good evening, Your Honor.  Tom |
| | 16 | Arena, Milbank, Tweed for Mr. Shelton. |
| 18:12:50 | 17 | THE COURT: I guess -- why don't we figure out |
| | 18 | what it is we have to cover. |
| 18:12:55 | 19 | I did send out a draft of the order on trial |
| | 20 | procedures.  I hope everybody got that.  There are a lot |
| | 21 | of blanks in there.  I don't know if you all had a chance |
| | 22 | to look at that and if you came up with any common |
| | 23 | understandings on some of the time periods. |
| 18:13:16 | 24 | We do have a trial schedule for the day which |
| | 25 | I'm not sure you all have seen, but we'll put that out at |

| | | |
|---|---|---|
| 19:25:28 | 1 | THE COURT: What I'm going to do for now is I'm |
| | 2 | going to put, "jurors are permitted to take their |
| | 3 | notebooks," period. And then it may very well be that the |
| | 4 | jurors are having a hard time following and the jury makes |
| | 5 | a request. |
| 19:25:59 | 6 | I do not suggest, you'll notice, that people ask |
| | 7 | any questions or make any requests. But if it comes up, |
| | 8 | we'll deal with it at the time. I'll look and see. I |
| | 9 | mean, I watch the jury. If the jury looks frustrated or |
| | 10 | annoyed like they are having trouble following things, and |
| | 11 | I'll alert you if I have a concern and we'll discuss it at |
| | 12 | the time. |
| 19:26:37 | 13 | I assume we're done? |
| 19:26:40 | 14 | MR. CARY: Your Honor, I hesitate. I know the |
| | 15 | hour grows late. |
| 19:26:45 | 16 | THE COURT: I went meant with this document. |
| 19:26:47 | 17 | MR. SIMON: Yes, Your Honor. |
| 19:26:50 | 18 | THE COURT: Okay. And what's next, Mr. Cary? |
| | 19 | This is Professor Sack? |
| 19:26:57 | 20 | MR. CARY: Yes. |
| 19:26:58 | 21 | THE COURT: Okay. And where do we stand on |
| | 22 | that? |
| 19:27:05 | 23 | MR. CARY: And I believe the government was |
| | 24 | going to consider how to handle this, the problem with the |
| | 25 | testimony about the responsibility of the CEO and |

|  |  |
|---|---|
|  | 1 president. |
| 19:27:16 | 2 THE COURT: Was that paragraph 102 or something |
|  | 3 like that? |
| 19:27:19 | 4 MR. CARY: And I believe 101 perhaps as well. |
| 19:27:25 | 5 MR. MCMAHON: Your Honor, this is Jay McMahon. |
| 19:27:28 | 6 101 relates to who prepares -- that the company |
|  | 7 itself prepares the financial statements. So that's a new |
|  | 8 objection to me. |
| 19:27:35 | 9 With respect to 102, I read the transcript from |
|  | 10 this morning's call. From what I read, the objection |
|  | 11 seemed to be referenced to a responsibility of a corporate |
|  | 12 officer with respect to financial statements and the |
|  | 13 objection was that the word "responsibility" could be |
|  | 14 construed by the jurors to mean criminal responsibility. |
| 19:27:56 | 15 And so I came up with language that I hope deals |
|  | 16 with that and I would propose the following: |
| 19:28:03 | 17 "One of the CEOs or the president's jobs is to |
|  | 18 make sure that the company's financial statements are |
|  | 19 accurate and fair." |
| 19:28:15 | 20 MR. CARY: Your Honor, that's the functional |
|  | 21 equivalent of the same thing. And I would just note that |
|  | 22 at page 849 of the Sack testimony he said that it was just |
|  | 23 his personal belief what CEOs are responsible for, and |
|  | 24 this language is really another way of saying the CEO is |
|  | 25 responsible. |

| | | |
|---|---|---|
| 19:28:35 | 1 | At page 932, Mr. Sack says that his opinion |
| | 2 | about where the buck stops, which I think is another way |
| | 3 | of saying the same thing, is just based on his common |
| | 4 | sense. |
| 19:28:45 | 5 | At page 933, Mr. Sack -- |
| 19:28:47 | 6 | THE COURT: Can you -- you gave me a |
| | 7 | page number. Can you give me a page and a line? |
| 19:28:55 | 8 | MR. CARY: Yes. |
| 19:28:56 | 9 | THE COURT: Page 849, did you say that? |
| 19:28:59 | 10 | MR. CARY: I had the numbers written down. I'm |
| | 11 | going to have to pull open the transcript here. |
| 19:29:18 | 12 | At 849, line 12, he says -- |
| 19:29:23 | 13 | THE COURT: Just give me the lines and I'll read |
| | 14 | them. 849, line 12? |
| 19:29:29 | 15 | MR. CARY: Through 20. |
| 19:29:30 | 16 | THE COURT: Is that where he says it's just his |
| | 17 | personal view? |
| 19:29:34 | 18 | MR. CARY: Correct. Then he goes on to say he |
| | 19 | hasn't done any research and it's not based on any legal |
| | 20 | authorities. It's just his personal belief. |
| 19:29:44 | 21 | MR. MCMAHON: Judge, this is Jay McMahon. If you |
| | 22 | look in paragraph 102 you'll see that he said it was based |
| | 23 | on the fact that the CEO is required to sign the 10K and |
| | 24 | the 10Q along with his understanding of corporate |
| | 25 | governance, which is obviously based on his years of |

|  |  |
|---|---|
|  | 1  experience and his other credentials. |
| 19:30:03 | 2  THE COURT: I don't have the paragraph in front |
|  | 3  of me but what I had short of been talking about was we |
|  | 4  would just get to the facts, which is the CEO or president |
|  | 5  is required to sign the documents. |
| 19:30:21 | 6  MR. ARENA: Your Honor, this is Tom Arena. I |
|  | 7  don't believe there is testimony from Mr. Sack that the |
|  | 8  president is required to sign. So in addition to -- |
| 19:30:28 | 9  THE COURT: I haven't forgotten that issue. I'm |
|  | 10  taking you one at a time. |
| 19:30:34 | 11  MR. ARENA: Okay. |
| 19:30:37 | 12  MR.MCMAHON: Judge, if you want to leave it to |
|  | 13  that, then the government would be happy to leave it at |
|  | 14  that. |
| 19:30:42 | 15  THE COURT: Then we get to Mr. Arena's issue. |
|  | 16  Did you have a chance to look at that? |
| 19:30:51 | 17  MR.MCMAHON: Judge, I did. I would contend that |
|  | 18  Defendant Shelton has been on enough notice of this issue. |
|  | 19  I don't think he can claim that it's a surprise. |
| 19:31:04 | 20  MR. ARENA: We objected promptly, Your Honor. |
| 19:31:06 | 21  MR.MCMAHON: This issue has been pending for |
|  | 22  some time. They have had quite some time to deal with it. |
|  | 23  I don't think they'll be surprised on Monday if Professor |
|  | 24  Sack says that. |
| 19:31:15 | 25  THE COURT: Their objection was filed back in |

```
                    1    March, March 17?
19:31:21            2            MR. ARENA:  Our objection, Your Honor?
19:31:23            3            THE COURT:  Yes.
19:31:24            4            MR. ARENA:  I believe so.  I don't have the date
                    5    in front of me.
19:31:27            6            THE COURT:  Actually, I have the stack of
                    7    papers.  Hold on.  It's not a new objection.  It was
                    8    filed -- dated March 19.
19:31:35            9            MR.MCMAHON:  And furthermore, Judge, basically
                   10    with that objection what the defense is saying is that the
                   11    Daubert hearing is really just a word-for-word script of
                   12    what the testimony at trial should be and that's just not
                   13    the case at all.
19:31:47           14            THE COURT:  Well, I guess the question, though,
                   15    is, and I agree with you, it's not, but what is the
                   16    witness's position as to who is required to sign?
19:32:07           17            MR. ARENA:  Exactly, Your Honor.
19:32:08           18            THE COURT:  Let me have Mr. McMahon answer that
                   19    question.
19:32:12           20            MR.MCMAHON:  Judge, I would have to speak with
                   21    him to make sure I had the right answer on that.
19:32:15           22            THE COURT:  I think that's -- I think what I
                   23    want to do is focus on his knowledge, what he knows and
                   24    what it's based on and this may be -- I guess I'd like you
                   25    to consult with him and then consult with counsel and then
```

|  |  |
|---|---|
|  | 1 just leave a message with Attorney Fowler as to how things |
|  | 2 are left over the weekend. |
| 19:32:41 | 3 Will you be able to be in touch with him about |
|  | 4 this? |
| 19:32:45 | 5 MR.MCMAHON: He will be here at about |
|  | 6 5:00 Sunday so I'll raise it first thing. |
| 19:32:50 | 7 THE COURT: And then you all can, if you can |
|  | 8 catch up with counsel and figure out exactly what the |
|  | 9 parameters of any issue are, then I can be thinking about |
|  | 10 it early. |
| 19:33:02 | 11 MR.MCMAHON: Very well, Judge. |
| 19:33:04 | 12 THE COURT: That's an issue we flagged we have |
|  | 13 to resolve. |
| 19:33:08 | 14 I think, Mr. Arena, we've flagged all the points |
|  | 15 you wanted to make. They are in the objection, I believe. |
| 19:33:17 | 16 MR. ARENA: Yes, Your Honor. |
| 19:33:17 | 17 THE COURT: We've got that one or our radar |
|  | 18 screens. |
| 19:33:22 | 19 And then I -- you all say it's getting late. |
|  | 20 For me it's still a little early. I'm still going to be |
|  | 21 working on writing up -- there are a few things I'm |
|  | 22 reading and I'll be writing up some paragraphs and I'll |
|  | 23 keep you posted on a rolling basis as to how I'm resolving |
|  | 24 things. |
| 19:33:44 | 25 MR. SIMON: Thank you, Your Honor. We'll be |