UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 3:02CR00264 (AWT) |
| v. : | |
| : | October 18, 2005 |
| WALTER A. FORBES : | |

**SUPPLEMENTAL MEMORANDUM OF THE UNITED STATES IN SUPPORT OF THE ADMISSION OF STEVEN KERNKRAUT'S ANALYST REPORTS**

**(ADDITIONAL RESPONSE TO FORBES RETRIAL MOTION *IN LIMINE* NO. 6)**

INTRODUCTION

The Government respectfully submits this supplemental memorandum of law in response to inquiries raised by the Court during the first day of retrial on October 17, 2005 regarding the admissibility of analyst reports authored by former Bear Stearns Vice President and Research Analyst Steve Kernkraut. The Government seeks the admission of a portion of those reports as non-hearsay.

During the first trial, this Court admitted into evidence, through the testimony of John Rosenwald, the same reports prepared by Kernkraut that the Government has and will offer during the retrial, for the limited purpose of demonstrating how the conspirators used those reports to advance the charged fraud upon the investing public. Initial Trial Tr. 171-79, 197-203.

1

The reports should be admitted during the retrial for that same limited purpose.

**Kernkraut's recommendations to buy
CUC stock, contained in his analyst reports, are
admissible for the non-hearsay purpose of proving how
the conspirators made use of the reports to advance the fraud**

The Government requests that the Court again admit into evidence portions of the reports containing Kernkraut's recommendations to buy CUC stock, as it did during the first trial, for the highly relevant non-hearsay purpose of demonstrating how the conspirators made use of those reports to perpetrate the fraud on the investing public. Initial Trial Tr. 171-79, 197-203.[1] "To be considered hearsay, a statement made out of court must be offered in evidence to prove the truth of

---

[1] In the event that the Court admits the reports for this non-hearsay purpose, the Court should again give a limiting instruction that was given during the initial trial, which provided as follows:

> Ladies and gentlemen, the testimony that you have been hearing about with respect to what happens with procedures as to analyst reports, the document that's been referred to, is being presented to you in the following context: The government makes certain allegations with respect to communications with investors. This testimony and any exhibits that come in related to it may be considered by you only with respect to the issue of communications with investors. You may not consider this evidence for any other purpose. If exhibits are admitted, they will be stamped with a stamp that says "Admitted for a limited purpose only," and you should make a notation as to what the limited purpose is in your notes.

Initial Trial Tr. 202-03. A copy of this limiting instruction was supplied to the Court and opposing counsel in the courtroom on October 17th.

the matter it asserts." 5 Weinstein's Federal Evidence (2d ed.), § 801.11; see Fed. R. Evid. 801(c)("Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). Thus, if an out-of-court statement, such as those contained in Kernkraut's analyst reports, is offered for a purpose other than to prove that the assertions contained in the statement are true, it may not be excluded as hearsay. United States v. Sorrentino, 72 F.3d 294, 298 (2d Cir. 1995) (statements not offered for the truth of the matter asserted are not hearsay). Since the reports are not being offered as hearsay, they need not satisfy the requirements of Rule 803(6), which is one of 23 "hearsay exceptions." Fed. R. Evid. 803.

Kernkraut's periodic and regular recommendations, (i.e. - buy, sell, or hold), and his predictions about CUC's future growth in earnings do not purport to describe historical or present events or otherwise make any assertion of existing facts. Accordingly, those recommendations and predictions are not offered by the Government for the truth of the matter asserted. Rather, those recommendations are offered for various permissible and relevant non-hearsay purpose, including: to prove that the statements were made, to demonstrate how the conspirators' false statements and omissions regarding CUC's earnings were transmitted to the investing public, and to demonstrate how the

3

conspirators' used Kernkraut's reports to advance the fraud. Accordingly, Kernkraut's recommendations and earnings growth predictions are admissible as non-hearsay.  See Fuller v. Dilbert, 244 F.Supp. 196, 213, n.21 (S.D.N.Y. 1965) (in an action for, *inter alia*, fraud relating to the sale of securities, testimony about an offer to sell stock was admissible as non-hearsay, because the statements were not offered to prove the truth of matter asserted, but rather to prove that the statements were made), aff'd, 358 F.2d 305 (2d Cir. 1966); United States v. Bellomo, 176 F.3d 580, 586 (2d Cir. 1999)(commands directed to a witness were not offered for the truth of the matter asserted therein, and were not hearsay).

Kernkraut's recommendations and earnings growth predictions were important mechanisms by which the conspirators perpetrated the  charged fraud on the investing public.  The retrial evidence will establish that Forbes and other conspirators sought to influence Kernkraut by causing him to predict that CUC's stock price would increase or maintain its value, thereby causing members of the investing public to continue to hold or acquire additional shares.

To this end, the Government requests that the reports be redacted by offering only the first page of each report, Exhibits Nos. 1400, 1407, and 1409, into evidence.

**CONCLUSION**

For all of the foregoing reasons, the Government respectfully requests that these redacted portions of Kernkraut's analyst reports be admitted into evidence for a limited, relevant, non-hearsay purpose.

                            Respectfully submitted,

                            CHRISTOPHER J. CHRISTIE
                            Special Attorney
                            U.S. Department of Justice

                            /s/ Craig Carpenito

By:  NORMAN GROSS
     MICHAEL MARTINEZ
     CRAIG CARPENITO
     Special Attorneys
     U.S. Department of Justice

Dated:    October 18, 2005
            Hartford, Connecticut

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on this day I caused to be served a copy of the foregoing upon the following via e-mail; a hard copy will be delivered on October 18, 2005 by hand:

    Barry S. Simon, Esq.
    Williams & Connolly, LLP
    email: bsimon@wc.com


        /s/ Craig Carpenito
        CRAIG CARPENITO


Dated:    October 17, 2005
           Hartford, Connecticut