UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | October 19, 2005 |
| | : | |
| WALTER A. FORBES | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT WALTER A. FORBES' MOTION TO PRECLUDE EVIDENCE REGARDING ALLEGED ACCOUNTING FRAUD FROM THE PRE-1995 TIME PERIOD**

<u>(Forbes Retrial Motion *In Limine* No. 23)</u>
(FILED UNDER SEAL)

INTRODUCTION

Forbes has belatedly[1] moved to preclude evidence that was admitted during the initial trial regarding the aspects of the charged accounting fraud that pre-dated January 1995.  His motion is brought solely pursuant to Fed. R. Evid. 403, and Forbes does not claim that the challenged evidence is irrelevant or inadmissible on any grounds other than Rule 403.  As this Court is well aware, this Court admitted extensive evidence about the pre-1995 fraud during the initial trial over Forbes' objection.  <u>E.g.</u>, Initial Trial Tr. 6238-6323, 6338-6406.  Forbes provides no compelling reason why this Court should change its ruling for the retrial.

---

[1] Forbes offers no justification for withholding until the virtual eve of the start of the retrial a motion to preclude evidence that he certainly knew, as soon as the Government announced its intention to retry this case in January 2005, that the Government would seek to offer during the retrial.

**ARGUMENT**

Forbes complains that the "uncorroborated false testimony of Cosmo Corigliano" is the only "direct evidence" that Forbes knew about the fraud. Forbes' Mem. in Support of Motion *In Limine* No. 23 ("FM"), at 1. As this Court recently explained, Forbes' *ad nauseam* repetitions that Corigliano lied about Forbes' involvement in the fraud are merely his lawyers' by now tired refrains of the defense theory, and do not represent the finding of the Court. United States v. Walter Forbes, No. 3:02cr00264 (AWT), October 13, 2005 Ruling on Government's Pre-Retrial Motion No. 1, at 5. It will be up to the retrial jury, and not Forbes' lawyers, to decide whether or not Corigliano's trial testimony is truthful.

Forbes presents three undeveloped and baseless claims in support of this motion. First, he claims that the evidence about Forbes' pre-1995 involvement in the fraud will allow the jury to convict Forbes based on a "negligence theory." FM1. This claim is meritless. As during the first trial, the Government will make no argument during the retrial which suggests that Forbes can be convicted because of negligence. Indeed, the Government forcefully told the initial trial jury at the close of its initial summation that

> To be clear, to be absolutely clear, ladies and gentlemen, we are not asking, the United States is not asking you to return a verdict of guilty because Walter A. Forbes . . . ran this company. We are asking because [he] ran a fraud.

2

Tr. 15118. Additionally, this Court's instructions will make emphatically clear, as they did during the first trial, that the jury cannot convict on any count unless it unanimously finds beyond a reasonable doubt the requisite *mens rea* elements, and in particular, cannot convict Forbes based on a negligence or *respondeat superior* theory of liability. Tr. 16250-51.

Second, Forbes contends without argument or citation to the record or authority that Corigliano's testimony about the pre-1995 accounting constitutes "improper lay opinion testimony," and that evidence about the pre-1995 fraud is inadmissible without supporting expert testimony. FM 1. As the Government explained in its Opposition to Forbes' Retrial Motion *In Limine* No. 3, Docket No. 1741, filed September 27, 2005, Forbes' arguments that Corigliano gave improper opinion testimony during the first trial, and will do so again during the retrial, are off the mark.

Third, Forbes contends that evidence about the pre-1995 fraud should be excluded because Stuart Bell is unavailable to Forbes as a trial witness, and because certain unidentified "documents from that time period are incomplete." FM 1. As the Government explained in its (Sealed) Opposition to Forbes' Retrial Motion No. 7, Docket No. 1755, filed September 27, 2005, Bell's unavailability is due to Bell's decision to invoke his Fifth Amendment privilege, a decision with which the Government

3

was not involved. To the extent that any unidentified documents are "incomplete," it is the Government, which bears the burden of proof in this case, that will be at a disadvantage.[2] Forbes, on the other hand, will be able to argue that the "lack of evidence" may give rise to a reasonable doubt. See Tr. 16241 (final jury instructions during in the initial trial).

---

[2] Forbes raised this same complaint in his Retrial Motion No. 2 for a bill of particulars and to preclude evidence about the pre-1995 fraudulent activities. The Government responded to that argument as follows:

> Forbes complains that it is hard to defend against testimony about the pre-1995 fraud because CUC destroyed many of the documents pertaining to its accounting during that period. He cites no authority for the proposition that highly relevant inculpatory evidence may be excluded merely because it is difficult to refute. Forbes does not claim, for instance, that the Government bears any responsibility for the destruction of documents at CUC, and indeed, as CEO of CUC at that time, Forbes had more authority than anyone to prevent that destruction. Cf. United States v. Valenzuela-Bernal, 458 U.S. 858 (1982)(defendant was not entitled to relief on account of the Government's deportation of witnesses who would have allegedly exculpated the defendant).

Government's Opposition to Forbes Retrial Motion No. 2, Docket No. 1642, filed August 15, 2005, at 13-14.

## **CONCLUSION**

For all of the foregoing reasons, the Government respectfully requests that this Court deny Forbes' Retrial Motion *In Limine* No. 23.

```
                              Respectfully submitted,
                              CHRISTOPHER J. CHRISTIE
                              Special Attorney
                              U.S. Department of Justice


                         By:  NORMAN GROSS
                              MICHAEL MARTINEZ
                              CRAIG CARPENITO
                              Special Attorneys
                              U.S. Department of Justice
```

Dated: October 19, 2005
Hartford, Connecticut

CERTIFICATE OF SERVICE

      The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following by hand delivery:

Barry S. Simon, Esq.
Williams & Connolly LLP

                                                DEBRA ELLIOTT
                                                U.S. Department of Justice

Dated: October 19, 2005
       Hartford, Connecticut