UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------
UNITED STATES OF AMERICA,      )
                               )
v.                             )    Criminal No. 3:02CR00264(AWT)
                               )
WALTER A. FORBES               )
-------------------------------
```

## RULING ON FORBES' RETRIAL MOTION IN LIMINE NO. 6

**(Motion of Defendant Walter A. Forbes to Preclude the Government From Introducing Analysts' Reports or Consensus Data Reports)**

For the reasons set forth below, defendant Forbes' motion *in limine* is being denied.

Defendant Forbes moves to preclude the government from introducing into evidence any analysts' reports or consensus data reports. Defendant Forbes states that "most of this material is irrelevant," Motion of Defendant Walter A. Forbes to Preclude the Government From Introducing Analysts' Reports or Consensus Data Reports (Doc. No. 1667), and also states that the information in the analysts' reports bears "little relevance to the charges," Memorandum in Support of Motion of Defendant Walter A. Forbes to Preclude the Government From Introducing Analysts' Reports or Consensus Data Reports (Doc. No. 1668) (the "Defendant's Memorandum") at 1, against the defendant. The court concludes that the reports at issue are relevant.

Defendant Forbes also contends that the reports at issue are hearsay and do not qualify as business records pursuant to Fed. R. Evid. 803(6). He argues that "[i]t is well settled that

analysts' reports do not qualify as the business records of the company that distributes them," Defendant's Memorandum at 5, and cites to three cases.  None of those three cases supports the broad proposition urged by the defendant.  First, at issue in Eisenstadt v. Allen, No. 95-16255, 1997 U.S. App. LEXIS 9587, *5-9 (9th Cir. April 28, 1997) (unpublished opinion), was whether "newspaper articles and reports themselves and several pages of unauthenticated hand-written notes" constituted admissible evidence of statements made by officers of a corporation.  Id. at *2.  The court stated that the newspaper articles (and presumably the analysts' reports) clearly fell within the definition of hearsay contained in Fed. R. Evid. 801(d), but it did not discuss whether the business records exception could have applied in that case, nor did it discuss whether it could ever be applicable to analysts' reports.  There is no indication as to whether that specific issue was ever raised.

Second, in In re Cirrus Logic Sec. Litig., 946 F. Supp. 1446 (N.D. Cal. 1996), the court concluded that the analyst's reports were not admissible because "the source of the information or the method or circumstances of preparation indicated a lack of trustworthiness." 946 F. Supp. 1446, 1469 (N.D. Cal. 1996) (quoting Fed. R. Evid. 806).  The court noted that the analyst himself had indicated in his testimony the lack of accuracy of the proffered evidence.  Id.  Thus, the reason the analyst's

reports were not admissible in that case was that the proponent failed to show that the requirements of Rule 803(6) had been satisfied, not a conclusion that those requirements could never be satisfied in the case of analysts' reports.

Third, in In re Sybase Inc. Sec. Litig., the court noted that "analysts' reports are inadmissible hearsay when offered for the purpose of establishing what Sybase actually told analysts." 48 F. Supp. 2d 958, 960 (N.D. Cal. 1999). The court did not indicate whether analysts' reports are inadmissible hearsay when offered for some other purpose, nor did it state that the requirements of Rule 803(6) can never be satisfied in the case of analysts' reports.

The government argues that the court should not reconsider its prior rulings admitting this evidence. The court notes that its rulings in the first trial were based on the fact that a proper foundation for admissibility had been laid. Thus, these records are not automatically admissible in this trial. The government must satisfy the requirements of Rule 803(6) in this trial prior to the admission of any such evidence.

Also, to the extent that the reports constitute business records but there is a double hearsay issue, the government will have to demonstrate that there is an applicable exception, or otherwise appropriately address that issue. Finally, to the extent such reports are admitted for a limited purpose, they must

be used only for that purpose and no other purpose.

The foregoing analysis also applies to the consensus data reports.

Accordingly, the Motion of Defendant Walter A. Forbes to Preclude the Government From Introducing Analysts' Reports or Consensus Data Reports (Doc. No. 1667) is hereby DENIED.

It is so ordered.

Dated this 17th day of October 2005 at Hartford, Connecticut.

/s/
Alvin W. Thompson
United States District Judge
