UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------
UNITED STATES OF AMERICA,      )
                               )
v.                             )     Criminal No. 3:02CR00264(AWT)
                               )
WALTER A. FORBES               )
------------------------------
```

### RULING ON FORBES' RETRIAL MOTION IN LIMINE NO. 5

**(Renewed Motion of Defendant Walter A. Forbes to Preclude the
Government From Presenting Evidence, Cross-Examination, or
Argument Concerning Asset Transfers)**

For the reasons set forth below, defendant Forbes' motion *in
limine* is being denied.

Defendant Forbes moves to preclude the government from
presenting any evidence, cross-examination, or argument
concerning the defendant's transfers of certain assets to his
wife, based on Fed. R. Evid. 401, 403 and 404(b).  He relies on
arguments made in his memoranda in support of the Motion of
Defendant Walter A. Forbes to Preclude the Government From
Presenting Evidence Regarding His Transfer of Various Assets to
His Wife (Doc. No. 631)(the "Initial Motion"), and additional
arguments made by him in the Memorandum of Walter A. Forbes in
Opposition to United States' Pre-Trial Motion *in Limine* (Doc. No.
1653).

Defendant Forbes' motion is being denied for the reasons set
forth in the court's Ruling on Forbes Motion *in Limine* No 3 (Doc.
No. 1841) (the "Prior Ruling").  To that analysis, the court adds

the following.  "Whether evidence of a defendant's subsequent

mental state, as demonstrated by a subsequent act, is of any

probative value in establishing his state of mind at the time of

the alleged criminal acts must be determined by the circumstances

of the individual case." United States v. Radtke, 415 F.3d 826,

840 (8th Cir. 2005) (citation omitted).  Additionally, in United

States v. Perez, the court stated:

> Evidence of a party's consciousness of guilt may be
> relevant if reasonable inferences can be drawn from it
> and if the evidence is probative of guilt.  See 2 Jack
> B. Weinstein & Margaret A. Berger, Weinstein's Federal
> Evidence, § 401.08 (2d ed.1997).  Such evidence is
> admissible if the court (1) determines that the
> evidence is offered for a purpose other than to prove
> the defendant's bad character or criminal propensity,
> (2) decides that the evidence is relevant and satisfies
> Rule 403, and (3) provides an appropriate instruction
> to the jury as to the limited purposes for which the
> evidence is introduced, if a limiting instruction is
> requested.  United States v. Mickens, 926 F.2d 1323,
> 1328-29 (2d Cir. 1991).  We have upheld the admission
> of various kinds of evidence on the ground that it
> demonstrated consciousness of guilt.  For example,
> proof of defendant's flight after a charged crime
> occurred may be admissible even though that evidence
> might be subject to varying interpretations.  See
> United States v. Ayala, 307 F.2d 574, 576 (2d Cir.
> 1962) (Marshall, J.).  While falsehoods told by a
> defendant in hope of evading prosecution are not
> themselves sufficient evidence on which to base a
> conviction, such falsehoods may strengthen an inference
> of guilt supplied by other evidence.  United States v.
> Glenn, 312 F.3d 58, 69 (2d Cir. 2002); United States v.
> Johnson, 513 F.2d 819, 824 (2d Cir. 1975).

387 F.3d 201, 209 (2d Cir. 2004).

Finally, in the Prior Ruling the court made reference to

"other events the record reflected were occurring during the

relevant time." Prior Ruling at 7.  The court notes that defendant Forbes has testified to the effect that during the relevant time period he was aware that there was a criminal investigation into the allegations of financial wrongdoing at C.U.C..  <u>See</u> Tr. 14473, 14489-90.

Accordingly, the Renewed Motion of Defendant Walter A. Forbes to Preclude the Government From Presenting Evidence, Cross-Examination, or Argument Concerning Asset Transfers (Doc. No. 1666) is hereby DENIED.

It is so ordered.

Dated this 17th day of October 2005 at Hartford, Connecticut.

_____
/s/
Alvin W. Thompson
United States District Judge
