UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>WALTER A. FORBES,<br>              Defendant. | Case No.: 3:02 CR 264 (AWT) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF NON-PARTY ANNE M. PEMBER'S MOTION TO QUASH THE SIXTH AND SEVENTH RULE 17(c) SUBPOENAS OF DEFENDANT WALTER A. FORBES**

Anne M. Pember respectfully submits this reply memorandum of law in further support of her motion, pursuant to Fed. R. Crim. P. 17(c), to quash the two most recent subpoenas *duces tecum* served upon her by defendant Walter A. Forbes. Mr. Forbes confirms in his response that he is not seeking reconsideration of the Court's prior rulings, and he concedes that the overwhelming majority of the document categories in the Sixth and Seventh Rule 17(c) Subpoenas reiterate requests made in earlier subpoenas that were previously quashed by the Court. With respect to the three categories remaining in dispute, we respectfully submit that Mr. Forbes has not articulated – because he cannot – a basis for disputing that those categories are likewise covered by the Court's prior rulings.

1. All communications with the Connecticut State Board of Accountancy

As set forth in Ms. Pember's initial memorandum, Mr. Forbes's request in Paragraph Four of the Sixth Forbes Subpoena is a subset of a category of documents from the First Forbes/Shelton Subpoena, which this Court quashed in its entirety. Mr. Forbes does not dispute

those facts, but nonetheless seeks to suggest that this subset of documents should be regarded as not having been quashed. (Opp. at 3).[1] Mr. Forbes's argument is without merit.

First, Mr. Forbes suggests that Paragraph Six differs from his previous request because unlike his First Subpoena, it calls for the production of documents at trial. However, that argument ignores the fact that the Court quashed the First Forbes/Shelton Subpoena *after* the first trial had already begun. *See* 5/26/04 Tr. at 2325-26; 6/3/04 Tr. at 3098. Thus, the fact that the First Forbes/Shelton Subpoena was originally returnable prior to trial plainly was irrelevant to the Court's decision to quash the First Forbes/Shelton Subpoena.

Second, Mr. Forbes claims that Paragraph Six of the Sixth Forbes Subpoena has somehow "cured" the specificity defects of Paragraph 49 of the First Forbes/Shelton Subpoena. Here, too, Mr. Forbes is wrong. Mr. Forbes's own memorandum in opposition to this Motion demonstrates that he is still engaged in precisely the sort of fishing expedition that has consistently been rejected by courts, including this one. *See* 5/26/04 Tr. at 2325-26; 6/3/04 Tr. at 3098; *United States v. Rich,* No. S 83 Cr. 579 (SWK), 1984 WL 845, at *3 (S.D.N.Y. Sep. 7, 1984) ("a mere hope that the documents, if produced, may contain evidence favorable to the defendant's case will not suffice.") (*quoting United States v. Layton,* 90 F.R.D. 514, 516 (N.D. Cal. 1981).

Thus, Mr. Forbes acknowledges that in order for any responsive documents to be admissible, they must contain: (a) statements made by Ms. Pember; (b) a description by Ms. Pember of her activities at Cendant; (c) an attempt by Ms. Pember to justify her actions to the Board; and (d) an explanation by Ms. Pember that she believed certain transactions complied with GAAP. (Opp. at 3-4). And in making that acknowledgement, Mr. Forbes himself is

---

[1] "Opp." refers to the memorandum filed by Mr. Forbes on October 11, 2005 in opposition to Ms. Pember's motion to quash.

making the point that the Sixth Forbes Subpoena seeks a far broader category of documents than the *Nixon* standard allows.

To the extent that Mr. Forbes's acknowledgement constitutes a narrowing of the documents sought in the Sixth Forbes Subpoena, it renders the issue moot because no such documents exist. To the extent Mr. Forbes is adhering to the original scope of the Sixth Forbes Subpoena, the subpoena should be quashed for the same reasons its predecessors were quashed. *See Rich*, at * 3 ("Rule 17(c) requires a showing that the materials sought are currently admissible in evidence; it cannot be used as a device to gain understanding or explanation") (*citing United States v. Marchisio*, 344 F.2d 653, 669 (2d Cir. 1965); 5/20/04 Tr. at 1531.

2. Paragraph Eight

In his opposition papers, Mr. Forbes does not contest that Paragraph Eight of the Sixth Forbes Subpoena simply repeats the previous demands for billing records that this Court has already quashed (*compare* Paragraph Eight *with* First Forbes/Shelton Subpoena ¶ 45, Seventh Forbes Subpoena ¶ 23), and Mr. Forbes offers no reason – at least in any papers he has shared with us – why Paragraph Eight should not be quashed for the same reasons.

Should the Court be inclined to entertain the arguments made in Mr. Forbes's *ex parte* submission, we respectfully request the opportunity to be heard on those arguments (to the extent they pertain to our client), subject to whatever restrictions the Court deems appropriate.

3. Paragraph Ten

Paragraph Ten of the Sixth Forbes Subpoena seeks "all documents describing or memorializing" any communication between the government and Ms. Pember or her counsel since June 9, 2004 concerning Ms. Pember's plea agreement, including but not limited to Ms. Pember's potential sentence under the agreement, and the timing of Ms. Pember's sentencing date.

In his opposition papers, Mr. Forbes asserts that "Ms. Pember represents in her motion that there are no documents responsive to this request." (Opp. at 5). Mr. Forbes, however, has misread our papers and apparently misunderstood our earlier conversation. In support of the Motion, and in conversations with Mr. Forbes' counsel, we have represented that Mr. Forbes already has in his possession the only agreements Ms. Pember has made with the government. (Mem. at 6).[2] And that remains our representation.

Thus, to the extent that Mr. Forbes seeks only documents that describe or memorialize any *agreements* with the government since June 9, 2004, the issue is moot because there are no responsive documents. If, however, Mr. Forbes persists in seeking documents describing or memorializing any *communications* with the government since June 9, 2004 concerning Ms. Pember's plea agreement – even in the absence of any additional agreement – that request has been previously quashed several times (see Fifth Forbes/Shelton Subpoena ¶ 1; Third Forbes/Shelton Subpoena ¶¶ 11, 19), and Paragraph 10 should be quashed for the same reasons. Moreover, to the extent that Mr. Forbes' is seeking attorney work product or attorney-client communications that might be responsive to that request, Mr. Forbes has failed to provide any basis for the production of privileged documents.[3]

---

[2] "Mem." refers to the memorandum filed by Ms. Pember on September 22, 2005 in support of her motion to quash.

[3] In this regard, it should be noted that the breadth of Mr. Forbes's latest assault on the attorney-client privilege and the work-product doctrine is somewhat unclear. To read his opposition papers, it would appear that Mr. Forbes is seeking only documents describing or memorializing any additional *agreements* reached between Ms. Pember and the government since that is the only category of documents discussed in his opposition papers. (Opp. at 5-6). If that is the case, then, as noted above, the dispute is an academic one because no such documents exist.

If, however, Mr. Forbes is seeking (as the language of the Sixth Subpoena would appear to indicate) privileged material that describes or memorializes any *communications* with the government since June 9, 2004 concerning Ms. Pember's plea agreement, then, as noted above, that is simply a recycling (with a new time frame) of a demand that has been previously, and properly, quashed by this Court. And the case cited by Mr. Forbes in his opposition papers – United States v. Schloss, No. 88 CR. 796 (CSH), 1989 WL 62729 at * 2 (S.D.N.Y. 1989) (Opp. at 6) – only proves that point. In Schloss, attorney notes of a cooperating witness were ordered to be produced because all proceedings involving the client were over, and therefore there was no danger that the production "would impact on the ability of defense counsel to represent his client both as a target, as an indicted defendant, and as a cooperating defendant not yet sentenced" (internal quotation omitted). That, as the Court previously ruled, plainly is not the case for Ms. Pember.

## CONCLUSION

For the reasons stated, and for the reasons offered in support of her previous motions to quash, Ms. Pember's motion to quash the Sixth and Seventh Forbes Subpoenas should be granted.

Dated: October 19, 2005

                                            Respectfully submitted,

                                            Anne M. Pember

By: _____
                                            Helen Gredd (ct24506)
                                            Daniel E. Reynolds (ct24507)
                                            LANKLER SIFFERT & WOHL LLP
                                            500 Fifth Avenue
                                            New York, New York 10110
                                            (212) 921-8399

                                            and

                                            Alfred U. Pavlis (ct08603)
                                            DALY & PAVLIS LLC
                                            107 John Street
                                            Southport, CT  06490
                                            (203) 255-6700

                                            Attorneys for Anne M. Pember

CERTIFICATE OF SERVICE

      I hereby certify that a copy the foregoing Reply Memorandum of Law in Further Support of Anne M. Pember's Motion to Quash the Sixth and Seventh Rule 17(c) Subpoenas of Defendant Walter A. Forbes was sent via Federal Express on this the 19th day of October, 2005 to the counsel of record indicated below.

                                                        _____
                                                        Daniel E. Reynolds

Barry S. Simon
Residence Inn
942 Main Street
Hartford, CT 06103

James T. Cowdery
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103

Barry S. Simon
Williams & Connolly
725 12th St., N.W.
Washington, DC 20005-5901


Michael Martinez
Craig Carpenito
US Attorney's Office
970 Broad St. Suite 700
Newark, NJ 07102