UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------- x
UNITED STATES OF AMERICA          :
                                  :
            v.                    :   No. 3:02CR264 (AWT)
                                  :
WALTER A. FORBES,                 :   October 19, 2005
                                  :
            Defendant.            :
---------------------------------- x

## OPPOSITION OF NON-PARTIES COSMO CORIGLIANO AND KRAMER LEVIN NAFTALIS & FRANKEL LLP TO FORBES' RETRIAL MOTION NO. 12 FOR PERMISSION TO FILE SUPPLEMENTAL MEMORANDUM *EX PARTE*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Gary P. Naftalis
Alan R. Friedman
Eric A. Tirschwell
J. Wells Dixon
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

-and-

JACOBS, GRUDBERG, BELT & DOW, P.C.
Ira B. Grudberg
350 Orange Street
New Haven, Connecticut 06511
(203) 772-3100

Attorneys for Cosmo Corigliano

Non-parties Cosmo Corigliano and Kramer Levin Naftalis & Frankel LLP, by and through undersigned counsel, respectfully submit this memorandum in opposition to defendant Forbes' October 11, 2005 motion (Retrial Motion No. 12) for permission to file a supplemental memorandum *ex parte* and under seal in opposition to our amended motion to quash dated October 7, 2005.

### Argument

Apparently not content simply to argue and reargue his numerous repetitive Rule 17(c) subpoena demands relating to Mr. Corigliano – or the Court's prior rulings quashing the overwhelming bulk of those improper demands – defendant Forbes now seeks to litigate in secret, without opposition from any adverse party, including those to whom the subpoenas are directed. In addition to filing a 58-page memorandum in opposition to our amended motion to quash, Forbes thus seeks to submit a 17-page supplemental memorandum *ex parte* and under seal that purportedly "describe[s] more fully how the requested information is specific and relevant to his defense." Mem. Supp. Forbes Retrial Mot. No. 12, at 1. Indeed, as to several categories of documents he has subpoenaed, Forbes makes the entirety or the heart of his arguments in support of those demands *ex parte* and under seal. According to Forbes, any disclosure of his secret memorandum would reveal information relating to his confidential trial strategy. *See id.* at 1-2.[1]

Forbes is unable to cite a single on-point precedent in the history of Rule 17(c) authorizing or approving of this procedure of opposing a motion to quash *ex parte* and under seal. Perhaps this is because, as one court sitting in the Second Circuit has explained, *"Rule 17, quite clearly, does not authorize 'ex parte' motions to quash conducted in secret and hidden*

---

[1] Forbes also claims in this motion that the secret submission is necessary to preserve the secrecy of his attorney work product and defense investigation. Yet in his 58-page memorandum opposing our motion to quash, he refers only to his "confidential trial strategy" as the reason for filing his supplemental memorandum under seal.

KL3:2471760.2

1

*from the opposing party and the public."* United States v. Urlacher, 136 F.R.D. 550, 556 (W.D.N.Y. 1991) (emphasis added). Forbes points to nothing in Rule 17(c)(2) – and there is nothing – that would authorize such a procedure. In the absence of any statutory or case law justification, Forbes' application to proceed in secret should be summarily denied.[2]

As "authority" for his unprecedented proposed procedure, Forbes can muster only a *"cf."* cite to Rule 17(b) (which authorizes an *ex parte* application by an indigent defendant seeking *issuance* of a testimonial subpoena) and a few *"see also"* cites to cases where parties were granted limited permission to seek *issuance* of pretrial subpoenas for documents – not to litigate motions to quash – on an *ex parte* basis. *See United States v. Tomison*, 969 F. Supp. 587, 595 (E.D. Cal. 1997); *United States v. Beckford*, 964 F. Supp. 1010, 1027 (E.D. Va. 1997); *United States v. Reyes*, 162 F.R.D. 468 (S.D.N.Y. 1995).[3]

While these case are all inapposite because they address only the process for seeking *issuance* of document subpoenas returnable pretrial, they are also controversial at best: as stated in one of the cases Forbes cites, "the weight of authority disfavors *ex parte* applications under Rule 17(c)." *Tomison*, 969 F. Supp. at 595. *See also, e.g., United States v. Najarian*, 164

---

[2] As *Urlacher* properly noted, the First Amendment right of access to criminal proceedings is also implicated and weighs against the kind of *ex parte* sealed motion practice that Forbes proposes here. *Id.* at 556-58.

And Forbes himself has argued forcefully against *ex parte* arguments in this case, citing Second Circuit law for the proposition that "[t]here is no question but that *ex parte* communications are 'rarely, if ever, looked upon with favor,'" *Penthouse Int'l, Ltd.*, 855 F.2d 963, 987 (2d Cir. 1988), and that "exploring the facts through the adversarial process is the best means for ferreting out the truth." Forbes Retrial Motion No. 4, Aug. 26, 2005, at 1-3.

[3] Forbes also cites *United States v. Meriwether*, 486 F.2d 498, 505-06 (5th Cir. 1973), which concerned an indigent defendant's request for *ex parte* issuance of trial subpoenas for testimony under Rule 17(b). As noted, subsection (b) of Rule 17, unlike subsection (c), expressly permits such a procedure to ensure that indigent defendants have the same ability to subpoena witnesses for testimony on an *ex parte* basis as non-indigent defendants (like Forbes) have under Rule 17(a).

F.R.D. 484, 488 (D. Minn. 1995) ("[W]hen the Rule is utilized for the disclosure of evidentiary materials in advance of trial, the application should be reviewable by the other parties to that proceeding."); *United States v. Hart*, 826 F. Supp. 380, 382 (D. Colo. 1993) ("I conclude the *ex parte* procedure is not available either for financially able defendants or for the pretrial production of documents – much less for both.").

Even assuming, *arguendo*, that the reasoning of the minority of cases that allow *ex parte* applications for the issuance of pretrial subpoenas could provide some support for the very different matter of Forbes' proposed *ex parte* opposition to our motion to quash (which they do not), Forbes' argument still would fail for at least three different reasons.

First, as the court in *Beckford* explained, where, as in this case, all parties would have access to the subpoenaed documents prior to their proposed use, and thus nothing would remain secret, "it would be entirely unnecessary to have an *ex parte* proceeding." 964 F. Supp. at 1029 n.27. *See also id.* at 1030 ("where one party subpoenas documents from the files of the opposing party, *ex parte* procedures would not be available"). The court in *United States v. Reyes*, 162 F.R.D. 468, 470 n.2 (S.D.N.Y. 1995), likewise concluded that under such circumstances "it would make no sense to have an *ex parte* proceeding."[4] Accordingly, because there is no dispute that we are already aware of Forbes' subpoenas, that we have access to any responsive documents that may exist, and that Mr. Corigliano will be familiar with all such potentially responsive documents, allowing an *ex parte* submission would be little more than an

---

[4] The *Beckford* and *Reyes* cases specifically refer to the situation where both the defendant and the government would have pre-trial access to the documents being sought, as that was the specific context in which those cases arose. But the logic of the reasoning of both courts – that where both sides have advance access to the documents there is no need for *ex parte* proceedings – applies equally here, where both sides to the controversy (the defendant and Mr. Corigliano) would have pre-cross-examination access to any documents that might be produced.

empty formalism, accomplishing nothing other than allowing Forbes to make his arguments without subjecting them to the testing of the adversarial process.

Second, the decisions cited by Forbes that allowed an *ex parte* application for issuance of a pretrial subpoena did so on the explicit assumption that adversely affected parties would later have the opportunity to bring and openly litigate motions to quash to ensure that the subpoena demands satisfy *Nixon*. *See Reyes*, 162 F.R.D. at 471 ("a subpoenaed party or one whose legitimate interests are affected by a subpoena may move to quash the subpoena after it issues, and a court may then review the subpoena and apply the *Nixon* standards to insure that the subpoena is not being used as an additional discovery device"); *Beckford*, 964 F. Supp. at 1028 ("Rule 17(c) provides an alternative check on the judicial issuance of a pre-trial subpoena *duces tecum* – a motion to quash or modify by the subpoenaed party. Where the subpoenaed party brings a motion to quash or modify, the court must reconsider the *Nixon* standard in determining whether 'compliance with the subpoena would be unreasonable or oppressive.'"). Forbes' proposed procedure, on the other hand, would completely foreclose the adversely affected parties – here, Mr. Corigliano and Kramer Levin – from any opportunity to challenge Forbes' claims that his demands satisfy the *Nixon* criteria.

Third, the inapposite decisions cited by Forbes authorize *ex parte* applications for pretrial subpoenas only in "exceptional circumstances." *Beckford*, 964 F. Supp. at 1030. While some courts have defined such "exceptional circumstances" to include concerns about "divulg[ing] trial strategy, witness lists or attorney work-product," *id.*, the better-reasoned view, expressed by a recent unanimous decision of the Massachusetts Supreme Court (reviewing and applying federal precedent interpreting Fed. R. Crim. P. 17 to the similar state rule), is that "[a]n *ex parte* motion will be entertained *only* in circumstances where the defendant has demonstrated (1) a reasonable likelihood that the prosecution would be furnished with information

KL3:2471760.2

4

incriminating to the defendant which it otherwise would not be entitled to receive; or (2) a reasonable likelihood that notice to a third party could result in the destruction or alteration of the requested documents." *Commonwealth v. Mitchell*, 444 Mass. 786, 797, 831 N.E.2d 890, 898 (2005) (emphasis added). More to the point, and rejecting the very bases put forth by Forbes here, the Justices of the Massachusettes Supreme Court further held that:

> An *ex parte* motion for the pretrial production of documents cannot be made on the basis that notice to the Commonwealth will reveal trial strategy or work product or might disclose client confidences. Adding the latter grounds as justifications for *ex parte* consideration would create a loophole that could not be contained, because matters of trial strategy, work product, and client communications are involved in almost every case where a rule 17(a)(2) motion might be filed. The *ex parte* procedure could then become the norm and not the exception, something the rule was never intended to permit.

*Id.* Forbes' rote invocations of "trial strategy" here, if allowed to justify his 17-page *ex parte* submission, would exemplify and open the door to just the sort of uncontainable loophole that the *Mitchell* court warned against.

Finally, as a factual matter, Forbes' claim that there are "exceptional circumstances" here and his unexplained assertion that he cannot openly litigate the validity of his Rule 17(c) document subpoenas without compromising his trial strategy is fatuous at best. For more than two years, Mr. Forbes, the government and witnesses have litigated the propriety of Forbes' numerous subpoena demands in the open. Hundreds of pages of briefing have been filed and innumerable oral arguments have been held without compromising Forbes' trial strategy. In addition, there has already been an eight month trial against Forbes, including an 11-day cross-examination of Mr. Corigliano, and Forbes' counsel has delivered his opening statement in the retrial. Under these circumstances, with Forbes' strategy with respect to discrediting Mr. Corigliano so fully developed, the Court should reject his eleventh-hour conclusory assertion that his trial strategy is suddenly at risk if he is forced to continue to litigate

the propriety of his subpoenas in an open, adversarial context.[5] In addition, the Court should be reluctant to allow an *ex parte* procedure where, as we outlined in our amended motion to quash, in the course of litigating subpoena issues, Forbes has misstated the record and otherwise misrepresented his intentions. *See* Amended Motion to Quash at 48-49 & nn. 48-50.

### Conclusion

For all of these reasons, Forbes' application to file a supplemental memorandum *ex parte* and under seal should be denied.[6]

Dated: New York, New York
       October 19, 2005

Respectfully submitted,

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: _____
Gary P. Naftalis (ct 24510)
Alan R. Friedman (ct 14926)
Eric A. Tirschwell (ct 25626)
J. Wells Dixon (ct 22932)
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

---

[5] The *Meriwether* case cited by Forbes supports our argument in this respect, as the court there found no prejudice, notwithstanding that the government violated Rule 17(b)'s *ex parte* procedure by its presence during defendant's oral application for trial subpoenas, in principal part because "this was not the first, but the second trial of the same charges against the defendant" and thus the identities of most of the defense witnesses were already known to the government. 486 F.2d at 506-07.

[6] Assuming the Court denies Forbes' motion, we respectfully submit that his proposed supplemental memorandum should be disregarded by the Court as opposed to being unsealed. Unsealing the secret memorandum would mean allowing Forbes to submit two opposition memoranda to our motion to quash and would require us to file a second, supplemental reply memorandum on very short notice. All of this would unduly and unnecessarily complicate an already cumbersome set of briefs addressing issues that for the most part were already decided by the Court during the 2004 trial.

-and-

JACOBS, GRUDBERG, BELT & DOW, P.C.

By: _____/s/ Ira B. Grudberg_____
    Ira B. Grudberg (ct 00178)
    350 Orange Street
    New Haven, Connecticut 06511
    (203) 772-3100

Attorneys for Cosmo Corigliano

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of the foregoing document, dated October 19, 2005, was served via e-mail this 19th day of October, 2005 upon the following parties:

Michael Martinez, Esq.
Assistant United States Attorney
U.S. Department of Justice
450 Main Street, Room 320
Hartford, CT 06103
(michael.martinez2@usdoj.gov)

Barry S. Simon, Esq.
Williams & Connolly LLP
c/o Marriott Residence Hotel
942 Main Street
Hartford, CT 06103
(bsimon@wc.com)

James T. Cowdery, Esq.
Thomas J. Murphy, Esq.
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103
(jcowdery@cemlaw.com)

_____
J. Wells Dixon

KL3:2467574.1