UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>WALTER A. FORBES. )<br>)<br>) | No. 3:02CR264 (AWT)<br>October 21, 2005 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR PERMISSION TO FILE A SUPPLEMENTAL
MEMORANDUM IN OPPOSITION TO MOTIONS TO QUASH
RULE 17(C) SUBPOENAS FILED BY COSMO CORIGLIANO,
KRAMER LEVIN NAFTALIS & FRANKEL LLP, ANNE
PEMBER, CASPER SABATINO, KEVIN KEARNEY, CENDANT
AND FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
*EX PARTE* AND UNDER SEAL**
<u>(Forbes Retrial Motion No. 12)</u>

Mr. Corigliano and Kramer Levin attempt to distinguish the cases cited by Mr. Forbes on the grounds that they addressed *ex parte* applications for the *issuance* of a subpoena, not *ex parte* arguments in opposition to a motion to quash a subpoena. Their argument falls flat. There is even less prejudice to these parties in the present circumstances than in the cases cited by Mr. Forbes, where the appropriateness of *ex parte* applications was recognized, because here the subpoenaed parties had notice of the subpoenas, and had an opportunity to present their arguments to the Court to quash the subpoenas. Moreover, taking this issue outside the realm of Rule 17(c) provides no comfort to the subpoenaed parties because Courts have also recognized the availability of *ex parte* submissions for other types of discovery disputes when confidential trial strategies may be revealed.

I.  **MR. CORIGLIANO AND KRAMER LEVIN MISPLACE THEIR RELIANCE ON THE DISTINCTION BETWEEN SEEKING THE ISSUANCE OF A SUBPOENA *EX PARTE* AND SEEKING TO OPPOSE A MOTION TO QUASH *EX PARTE*.**

Mr. Corigliano and Kramer Levin cannot refute the plethora of cases recognizing that a party may be permitted to seek the issuance of a Rule 17(c) subpoena *ex parte* if the application for that subpoena would reveal the detail of his trial strategy. *See United States v. Meriwether*, 486 F.2d 498, 506 (5th Cir. 1973); *United States v. Tomison*, 969 F. Supp. 587, 595 (E.D. Cal. 1997); *United States v. Beckford*, 964 F. Supp. 1010, 1027 (E.D. Va. 1997); *United States v. Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995). They thus attempt to argue that the principle articulated in these cases is inapplicable here because Mr. Forbes seeks not to have a subpoena issued *ex parte*, but to submit a portion of his opposition to a motion to quash *ex parte*. This argument falls under its own weight. Seeking issuance of a subpoena *ex parte* -- with no notice to either other parties to the litigation or to parties who may be affected by the subpoenas -- poses a far greater risk of prejudice than issuing subpoenas with notice to the affected parties, but making some arguments in support of enforcement of the subpoena *ex parte* in order to preserve confidential trial strategies.

Indeed, neither Mr. Corigliano nor Kramer Levin can claim any prejudice from Mr. Forbes proceeding *ex parte* here. Mr. Forbes' *ex parte* submission partially addresses the relevancy and admissibility prongs of the *Nixon*

requirements.[1] While non-parties such as Mr. Corigliano and Kramer Levin may have a legitimate interest in ensuring that Mr. Forbes' subpoenas meet the specificity requirement of *Nixon*, there is no legitimate basis for a non-party to concern itself with relevancy and admissibility. Accordingly, neither Mr. Corigliano nor Kramer Levin can claim any prejudice here.[2]

Moreover, while rare, *ex parte* submissions have been permitted in other types of discovery disputes where a party's submission entails disclosing his confidential trial strategy. *See, e.g., United States v. Bin Laden*, No. S(7) 98 CR 1023 (LBS), 2001 WL 66393 (S.D.N.Y. Jan. 25, 2001). In *Bin Laden*, the defendant was required to demonstrate the need for using classified material by proffering a rationale for the proposed use. The court permitted the defendant to submit this explanation *ex parte* because it recognized that a defendant should not have to reveal his confidential trial strategy to the government in order to meet a legal burden for the use of certain evidence. Id. at *6 (citing United States v. Poindexter, 698 F. Supp. 316, 320 (D.D.C. 1988)).

---

[1] Relevancy and admissibility are also addressed in the pleading that we have served on Mr. Corigliano and Kramer Levin.

[2] The same reasoning applies to Cendant, who also opposes Mr. Forbes' Motion. The government has not opposed Mr. Forbes' request to file a supplemental memorandum *ex parte*.

## II. UNDER NO CIRCUMSTANCES SHOULD THE COURT DISCLOSE THE SUPPLEMENTAL MEMORANDUM SUBMITTED *EX PARTE* AND UNDER SEAL.

Kramer Levin suggests in a footnote that, if the Court denies Mr. Forbes' motion, the Court should disregard the memorandum submitted *ex parte* rather than unsealing it. Mr. Forbes agrees, and respectfully submits that the only two appropriate options are: (1) for the Court to grant Mr. Forbes' motion, and review the supplemental memorandum on an *ex parte* basis, or (2) for the Court to deny Mr. Forbes' motion, leaving the memorandum unread and under seal in the record (without any access by the government or any of the moving parties) so that it is preserved for any appellate review.

## CONCLUSION

For the reasons stated herein, Mr. Forbes respectfully requests that the Court grant his motion for permission to file a Supplemental Memorandum in Opposition to Motions of non-parties Cosmo Corigliano, Kramer Levin, Fried Frank, Cendant Corporation, Anne Pember, Casper Sabatino and Kevin Kearney to Quash Rule 17(c) Subpoenas and for Remedial Relief *ex parte* and under seal.

4

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: October 21, 2005

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused the foregoing Reply Memorandum of Law in Support of Mr. Forbes' Motion for Permission to File a Supplemental Memorandum in Opposition to Motions of non-parties Cosmo Corigliano, Kramer Levin Naftalis & Frankel LLP, Fried, Frank, Harris, Shriver & Jacobson LLP, Cendant Corporation, Anne Pember, Casper Sabatino and Kevin Kearney to Quash Rule 17(c) Subpoenas and for Remedial Relief *Ex Parte* and Under Seal to be sent on October 21, 2005 to the following via e-mail and FedEx:

Gary P. Naftalis
Eric A. Tirschwell
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Helen Gredd, Esq.
Daniel E. Reynolds, Esq.
Lankler Siffert & Wohl LLP
500 Fifth Ave.
New York, NY 10110

Edward J. Dauber, Esq.
Greenberg Dauber Epstein & Tucker
One Gateway Center
Suite 600
Newark, NJ 07102-5311

Robert J. Fettweis, Esq.
Tressler, Soderstrom, Maloney & Priess
744 Broad Street
Suite 1510
Newark, NJ 07102

Andrew Gardner, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

Saul B. Shapiro, Esq.
Peter W. Tomlinson, Esq.
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Norman Gross, AUSA
U.S. Attorney's Office
District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ 08101

Michael Martinez, AUSA
Craig Carpenito, AUSA
U.S. Department of Justice
450 Main Street, Room 320
Hartford, CT 06103

_____
Margaret A. Keeley