# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | October 21, 2004 |
| | : | |
| WALTER A. FORBES | : | |

## MOTION OF THE UNITED STATES TO QUASH SUBPOENAS DIRECTED TO FORMER AND PRESENT OFFICIALS OF THE DEPARTMENT OF JUSTICE AND TO LIMIT PARAGRAPH 12(B) OF THE ORDER GOVERNING PROCEDURES DURING RETRIAL

### (GOVERNMENT'S RETRIAL MOTION NO. 5)

The United States moves to quash the subpoenas issued by defendant Walter A. Forbes to former United States Attorney Robert Cleary, former Assistant United States Attorneys John Carney, James McMahon, Paul Weissman, and Mark Winston, present Assistant United States Attorney Richard Schechter, former FBI Agent Mark Gerber, and present FBI agent John Pittman.

The Government also moves to limit paragraph 12(b) of the Court's October 17, 2005 Order Governing Procedures During Retrial, in order to permit the lawyers from the Government's initial trial team, John Carney, James McMahon, and Richard Schechter, to read the transcript of the retrial in order to consult with the Government during the course of the retrial.

The grounds for this motion are set forth in the accompanying memorandum of law.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice


By:  NORMAN GROSS
     MICHAEL MARTINEZ
     CRAIG CARPENITO
     Special Attorneys
     U.S. Department of Justice

Dated: October 21, 2005
Hartford, Connecticut

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | October 21, 2005 |
| | : | |
| WALTER A. FORBES | : | |

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE UNITED STATES
TO QUASH SUBPOENAS DIRECTED TO FORMER AND PRESENT OFFICIALS OF
THE DEPARTMENT OF JUSTICE AND TO LIMIT PARAGRAPH 12(B) OF THE
ORDER GOVERNING PROCEDURES DURING RETRIAL

(GOVERNMENT'S RETRIAL MOTION NO. 5)

INTRODUCTION

Forbes has served subpoenas upon the former United States Attorney for the District of New Jersey, Robert Cleary, four former Assistant United States Attorneys ("ASUAs") for the District of New Jersey, John Carney, James McMahon, Paul Weissman, and Mark Winston, a current Assistant United States Attorney for the District of Connecticut, Richard Schechter, a former Special Agent of the Federal Bureau of Investigation ("FBI"), Mark Gerber, and a current FBI Special Agent, John Pittman (collectively, "former and present Department of Justice ("DOJ") officials"), requiring them to appear before this Court on October 17, 2005, the day when opening statements commenced. The Government assumes that Forbes has subpoenaed those DOJ officials as defense trial witnesses, since none of the subpoenas calls for the production of any documents or objects.

1

Forbes has again[1] failed to comply with the federal regulations that govern the compelled production of testimony from a former or present employee of the DOJ.  Consequently, this Court should quash each of these subpoenas.

Additionally, this Court should expressly exempt the lawyers from the Government's initial trial team in this case, John Carney, James McMahon, and Richard Schechter, from the prohibition in § 12(b) of this Court's Retrial Procedures Order against reading the retrial transcript of witness testimony, so that those persons can consult with the Government's lawyers who are handling the retrial.

### ARGUMENT

**I. FORBES' SUBPOENAS TO THE FORMER AND PRESENT DOJ OFFICIALS SHOULD BE QUASHED FOR FAILURE TO COMPLY WITH THE GOVERNING REGULATIONS THAT RESTRICT THE RIGHT TO ISSUE SUBPOENAS TO THOSE PERSONS.**

Subpart B of Title 28 of the Code of Federal Regulations, Chapter I, Part 16, titled "Production or Disclosure of Material or Information"

> sets forth procedures to be followed with respect to the production or disclosure of any material contained in the files of the [DOJ], any information relating to material contained in the files of the [DOJ], or any information acquired by any person while such person was an employee of

---

[1]  During the initial trial in this case, the Government moved to quash Forbes' subpoenas upon Weissman and Cleary because of Forbes' failure to comply with the applicable regulations for compelling testimony of DOJ employees.  See "Government's Motion to Quash Subpoena Directed to Former Assistant United States Attorney Paul A. Weissman," Docket No. 873, filed June 24, 2004.

2

the [DOJ] as a part of the performance of that person's
official duties or because of that person's official status:

(1) in all federal . . . proceedings in which the
United States is a party.

28 C.F.R. § 16.21(a).[2]

Before their resignations from the DOJ, Cleary, Carney,
Weissman, and Winston were prosecutors in the United States
Attorney's Office for the District of New Jersey ("USAODNJ") who
were assigned at various times to the investigation and
prosecution of the charges in this case.  As this Court is aware,
before their resignations from the USAODNJ, Carney, Schechter and
McMahon served as the Government's trial counsel during the
initial trial in this case.  As this Court is also aware, Gerber
and Pittman were the two FBI agents assigned to this case, and
were also members of the Government's first trial team in this
case.  Solely in furtherance of their official DOJ duties in this
case, the former and present DOJ officials met with various
witnesses who will testify at the retrial.  Since none of the
former and present DOJ officials had any first hand information
about any of the events that took place during the conspiracy
period, Forbes has apparently subpoenaed them to elicit

---

[2]  The federal regulations set forth at 28 C.F.R. §§ 16.21-
.26 are colloquially described as the "Touhy regulations," Meisel
v. F.B.I., 204 F.Supp.2d 684, 686 n. 1 (S.D.N.Y. 2002), after
United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951), which
affirmed the validity of similar, predecessor regulations issued
by the DOJ.

information about their knowledge of what the witnesses may have said during interviews.

Sections 16.21-.26 of Title 28 of the Code of Federal Regulations clearly apply to all of the subpoenas issued to the former and present DOJ officials, because those subpoenas necessarily seek information that those persons acquired while they were "employee[s] of the [DOJ] as a part of the performance of [their] official duties or because of [their] official status." 28 C.F.R. § 16.21(a). Forbes was therefore required to comply with 28 C.F.R. § 16.23(c), which provides:

> (c) If oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter.

28 C.F.R. § 16.23(c).

To date, neither Forbes nor his attorneys have "furnished to the Department attorney[s] handling" this case an affidavit containing a summary of the testimony that Forbes now seeks from the subpoenaed former and present DOJ officials. See United States v. Moussaoui, 2002 WL 1987909, *1, n.1 (E.D.Va. 2002)("if a litigant seeks to compel testimony from [DOJ] employees . . . he must first submit an affidavit or statement setting forth a summary of the testimony sought to the Assistant United States Attorney handling the case").

The requirement of providing a summary of the

4

anticipated testimony of any DOJ personnel is not an empty

formality.  The summary must provide sufficient detail about the

anticipated testimony to allow the Government to make an informed

determination about whether that testimony will violate any of

the considerations set forth in 28 C.F.R. §§ 16.24-.26.  United

States v. Allen, 554 F.2d 398, 406 (10th Cir. 1977)(Touhy

regulations "prohibit a [DOJ] employee from disclosing

information [in response to a subpoena] acquired as part of the

performance of his official duties, without prior approval by the

appropriate Department official or the Attorney General"); United

States v. Cleveland, 1997 WL 271337, *1-2 (E.D.La. 1997)

(statement provided by defendant under § 16.23(c) was

insufficient to justify enforcement of the subpoena).  As one

Court has explained:

> The [DOJ] has a legitimate interest in regulating access to
> government information contained in its files or obtained by
> its employees during the scope of their official duties.
> Without a procedure governing demands by potential
> litigants, the efficiency of the Department could be greatly
> impaired.  The question of whether these procedures deny the
> defendants their Sixth Amendment right to call and
> cross-examine witnesses is not reached until the defendants
> follow the procedures and then have their demands denied.

United States v. Marino, 658 F.2d 1120, 1125 (6th Cir. 1981); see

also Smith v. Cromer, 159 F.3d 875, 878 (4th Cir. 1998)("The

interests to be protected [by 28 C.F.R. § 16.21-.26] present a

strong policy basis supporting the [DOJ]'s determination not to

reveal its own information which it considers to be critical to

5

the effective operation of the agency."). Forbes' failure to supply the required affidavit is a sufficient ground to quash the subpoenas. <u>United States v. Wallace</u>, 32 F.3d 921, 929 (5th Cir. 1994); <u>United States v. Fuller</u>, 8 F.3d 821, 1993 WL 410884, *9 (4th Cir. 1993)(unpublished decision); <u>Marino</u>, 658 F.2d at 1125; <u>Allen</u>, 554 F.2d at 406; <u>United States v. Mintz</u>, 1996 WL 666784 (D.Kan. 1996).[3]

Although information obtained by the former and present DOJ officials during their meetings with the potential Government witnesses in the retrial may conceivably become relevant to this case, the subpoenas do not state that Forbes intends to limit his examination of those officials to such information. Those officials, and particularly the three prosecutors and two FBI agents who were members of the Government's initial trial team, know a lot about this case which has nothing to do with their meetings or communications with the cooperating co-conspirators, and which information may be the subject of various privileges[4]

---

[3] Forbes has also issued a subpoena to United States Postal Inspector Patricia Matthews, who is a member of both the Government's former and present trial teams. Because Inspector Matthews is not an employee of the DOJ, and because there do not appear to be requirements for the compelled testimony of Postal Service employees that are comparable to the <u>Touhy</u> regulations for DOJ employees, the Government has not moved to quash the subpoena issued to Inspector Matthews.

[4] For instance, Forbes may seek information from the former and present DOJ officials that is protected by the "deliberative process privilege," <u>see</u> <u>United States v. Fernandez</u>, 231 F.3d (continued...)

or is otherwise inadmissible at trial.  As the <u>Touhy</u> Regulations
contemplate, the Government is entitled to a prior description of
the proposed testimony that Forbes intends to seek from former or
current DOJ officials in order to formulate objections to the
subpoenas or to the proposed testimony.  See <u>United States v.</u>
<u>Lewis</u>, 14 F.3d 597, 1993 WL 525521, *2 (4th Cir. 1993)
(unpublished decision)(affirming quashal of defense subpoena
where the defendant failed to demonstrate the relevance of the
information sought); <u>United States v. Norman</u>, 402 F.2d 73, 77
(9th Cir. 1968) (affirming quashal of defense subpoenas which
sought testimony that would have properly been excluded); <u>United</u>
<u>States v. Bertolli</u>, 854 F.Supp. 975, 1080-86 (D.N.J. 1994)
(quashing subpoenas where defense counsel's proffer of the
reasons why he sought the testimony of the FBI case agent failed
to establish that the testimony would have been properly
admitted), <u>vacated in part on other grounds</u>, 40 F.3d 1384 (3d
Cir. 1994); <u>cf.</u> <u>United States v. Doolittle</u>, 341 F.Supp. 163, 166-

---

[4](...continued)
1240, 1246-47 (9th Cir. 2000); <u>United States v. Farley</u>, 11 F.3d
1385, 1389-90 (7th Cir. 1993); or the "work product privilege,"
<u>Fernandez</u>, 231 F.3d at 1247; <u>United States v. Paxson</u>, 861 F.2d
730, 735-36 (D.C. Cir. 1988).  Disclosure of information
protected by the <u>Touhy</u> regulations is conditioned upon whether
"such disclosure is appropriate under the relevant substantive
law concerning privilege."  28 C.F.R. § 16.26(a)(2).  Forbes may
also seek the disclosure, during the testimony of a former or
present DOJ official, of the Government's "theories" or "thought
processes" to which Forbes is not entitled.  <u>Siripongs v.</u>
<u>Calderon</u>, 167 F.3d 1225, 1227 (9th Cir. 1999).

7

67 (M.D.Ga. 1972) (quashing a defense subpoena seeking the
Attorney General's testimony which pertained only to an issue
that was not reasonably in dispute).

Particularly after the first trial in this case, Forbes
has a wealth of information with which to decide what testimony
he may seek to elicit from the former and present DOJ officials
during the retrial.  First, the Government turned over to the
defense in advance of the first trial the voluminous hand-written
notes taken by Weissman regarding his interviews of several
witnesses, as well as any hand-written notes of the FBI agents.
See "Government's Opposition to Forbes' Retrial Motion to Compel
Discovery," Docket No. 1643, filed August 15, 2005 ("Govt. Opp.
to Discovery Motion"), p. 12, n.10.  Second, both Weissman and
Gerber were called as a defense witness during the first trial.
Tr. 11367, 11552.  Third, the Government turned over any notes in
its possession prepared by Cleary and Winston.  Fourth, members
of the Government's initial trial team also disclosed, in a
series of letters to defense counsel, any discoverable
information that those prosecutors and agents learned during
their witness interviews.  See Govt. Opp. to Discovery Motion,
pp. 10-11.  Since Forbes must know, based on those disclosures,
what, if any information he seeks to elicit from any of the
subpoenaed persons during the retrial, he should be compelled to
disclose the nature of that information to the Government as a

prerequisite to having any of his subpoenas enforced.  As Forbes

has failed without justification to comply with the Touhy

regulations, this Court should quash the subpoenas.[5]

### II.  THIS COURT SHOULD PERMIT THE LAWYERS FROM THE GOVERNMENT'S INITIAL TRIAL TEAM, JOHN CARNEY, JAMES MCMAHON, AND RICHARD SCHECHTER, TO READ PORTIONS OF THE RETRIAL TRANSCRIPT IN ORDER TO CONSULT WITH THE GOVERNMENT'S PRESENT LAWYERS IN THIS CASE.

As shown above, Forbes has subpoenaed virtually every

member of the DOJ who was ever involved in the investigation and

prosecution of this case, without giving the required explanation

for why any of those persons might be needed as defense

witnesses.  Thus, for all the current record shows, Forbes has no

good reason to subpoena any of those persons.  Because the

former and present DOJ personnel have been subpoenaed by Forbes,

---

[5] During the first trial, Weissman agreed with Forbes to appear for court on only 48 hours notice.  Even though Weissman complied with that agreement, the defense failed to call him as a witness on the day that they summoned him to the courtroom.  Tr. 10811-12, 11018-19.  Presently, Cleary, Carney, and Winston are all partners at large New York City law firms.  Weissman is Staff Vice President-Compliance for the Schering-Plough Corporation. Gerber is a director for the international accounting firm of Price Waterhouse Coopers, LLP.  It goes without saying that all have very demanding jobs.

By the same token, McMahon, Schechter, and Pittman have important responsibilities in the DOJ, and McMahon would have to travel from Washington D.C. and Pittman from New Mexico to testify in this case.  In order to avoid needless inconvenience to the former and present DOJ officials, the Government requests that if Forbes is ultimately permitted to and decides to call any of them as witnesses, that the Court advise Forbes that those witnesses will begin their testimony on the day that they are directed by Forbes to appear at court.

however, Forbes may take the position that those persons are restricted by § 12(b) of this Court's October 17, 2005 Order Re Procedures for Retrial, which provides that "no witness shall read the trial testimony of another witness," except for the defendant and any expert witness.

Like an expert witness, however, and unlike the vast majority of witnesses who play no role in formulating trial strategy, the three lawyers who were members of the Government's initial trial team in this case (John Carney, James McMahon, and Richard Schechter) are persons with whom the Government's present lawyers in this case might need to consult in their handling of the retrial. For that reason, a federal prosecutor, in addition to a federal agent, may be properly designated as a "Government representative" who is excluded from the Rule 615 sequestration requirement by operation of Fed. R. Evid. 615(2).[6] See United States v. Samples, 897 F.2d 193, 197 (5th Cir. 1990) (the court did not abuse its discretion by concluding that an Assistant United States attorney fell within the second exemption to Fed.

---

[6] Rule 615 provides in relevant part:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of . . . (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney . . .

Fed. R. Evid. 615.

R. Evid. 615).

Such consultation could involve the cross-examination of prosecution witnesses or the presentation of defense testimony during the retrial, as well as defense challenges to the retrial testimony of a prosecution witness.[7]  Accordingly, the Government respectfully requests that this Court expressly exempt Carney, McMahon, and Schechter from the prohibition against reading the retrial testimony in ¶ 12(b) of the Retrial Procedures Order.

The Government believes that the Court never intended to allow Forbes to unilaterally prevent consultation between former and present Government counsel in this case merely by issuing subpoenas to former counsel whom Forbes may have no occasion to call as defense witnesses.[8]  In an abundance of

_____

[7]  For instance, during the initial trial, by letter from Barry Simon to Richard Schechter dated August 5, 2004, Forbes sought information from the Government about whether Kearney ever invoked Forbes' name during any of his interviews with Government personnel.  The Government had to consult with Weissman in order to respond to that inquiry.  See August 10, 2004 letter from Richard Schechter to Barry Simon, attached as Exhibit A.

[8]  During the initial trial, Weissman was called as a defense witness and questioned about his meetings with various prosecution witnesses, Tr. 11367-86.  In response to the Government's Motion to Quash subpoenas issued to Weissman and Cleary filed during the initial trial, Barry Simon submitted a declaration that recited in pertinent part that the defense sought the testimony of Weissman and Clary regarding: "factual proffers made to the government by counsel for government witnesses Anne Pember and Cosmo Corigliano;" and "dates of interviews with government witnesses Anne Pember, Casper Sabatino, and Corigliano, and statements made by those government witnesses during the interviews that are inconsistent with the
(continued...)

11

caution, the Government respectfully seeks an express and prompt ruling to that effect.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court quash the eight subpoenas issued to Robert Cleary, John Carney, James McMahon, Richard Schechter, Paul Weissman, Mark Winston, Mark Gerber, and John Pittman. Additionally, the Government respectfully requests that this Court permit John Carney, James McMahon, and Richard Schechter to read portions of the transcript of the retrial in order to consult with the Government's current lawyers in this case.

---

[8](...continued)
sworn testimony provided by those witnesses during the trial in this case." July 1, 2004 Declaration of Barry Simon, ¶¶ 4 and 5, attached to Forbes' "Memorandum in Opposition to Motion of the United States to Quash Subpoena Duces Tecum Directed to Former Assistant United States Attorney Paul A. Weissman," Docket No. 894, filed July 1, 2004.

Based on that declaration and the prior defense examination of Weissman, the Government anticipates that the only information known to Carney, McMahon, or Schechter that might become relevant during this trial would be that which they learned during their meetings with various cooperating witnesses. The Government represents that neither Carney, McMahon, nor Schechter ever met with any cooperating witness without a Government agent (either Gerber, Pittman, or Matthews) also being present. Thus, there should be no relevant information known to Carney, McMahon, or Schechter that would not also be known to one of the agents, and thus no need for the defense to call Carney, McMahon, or Schechter.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice


NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
Special Attorneys
U.S. Department of Justice

Dated: October 21, 2005
Hartford, Connecticut

13

**EXHIBIT A**



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

August 10, 2004

VIA FACSIMILE                  970 Broad Street, Suite 700        (973) 645-2700
                               Newark, New Jersey 07102

Barry S. Simon, Esq.
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, DC 20005

Thomas P. Puccio, Esq.
230 Park Avenue
Suite 301
New York, New York 10169

Thomas A. Arena, Esq.
Scott A. Edelman, Esq.
Milbank, Tweed, Hadley & McCloy
One Chase Manhattan Plaza
New York, NY  10005

          Re:  United States v. Forbes, et al.
               <u>No. 3:02CR264 (AWT)</u>

Dear Counsel:

          This letter responds to Mr. Simon's letter to Mr.
Schechter dated August 5, 2004.

          Previously, you have been furnished with notes and/or
memorandum concerning interviews of Kevin Kearney by the United
States conducted on or about May 26, 1998, July 15, 1998, August
24, 1998, March 4, 1999, April 14, 1999, April 29, 1999, and July
10, 2001.  These notes and/or memorandum, listed by the date of
the interviews, have been bate stamped as follows:

          <u>**May 26, 1998:**</u>
          PM 243-249
          PM 456-460

          <u>**July 15, 1998:**</u>
          PAW 731-732

          <u>**August 24, 1998:**</u>
          PAW 715-730
          MW 3-6

DF 370-377

**March 4, 1999:**
PAW 698-714
RC 176-190
DF 532-550
MG 170-178

**April 14, 1999:**
PAW 680-697
RC 159-175
GR 25-28
MG 179-198
PM 252-254
DF 567-579
RB 1-11

**April 29, 1999:**
PAW 663-679
RC 157-158
MG 199
PM 250-251

**July 10, 2001:**
MGR 168-194

You have also been furnished with letters from the United States dated August 20, 2003 and March 8, 2004 (concerning interviews conducted on or about March 23, 2003 and August 6, 2003), October 10, 2003 and March 8, 2004 (concerning interviews conducted on or about October 4, 2003 and October 8, 2003), and March 22, 2004 (concerning an interview conducted on or about March 17, 2004).

Please be advised that during the May 26, 1998 interview of Mr. Kearney by Postal Inspector Patricia Mathews, Postal Inspector Mathews does not recall that Mr. Kearney was asked if Stu Bell, or anyone else, invoked the name Walter Forbes when Mr. Kearney received instructions regarding unsupported topside adjustments. Inspector Mathews does not recall Mr. Kearney indicating during the May 26, 1998 interview that anyone invoked the name Walter Forbes when Mr. Kearney received instructions regarding unsupported topside adjustments.

Please be advised that AUSA Paul Weissman does not recall Mr. Kearney being asked during any interview that AUSA Weissman attended if Stu Bell, or anyone else, invoked the name Walter Forbes when Mr. Kearney received instructions regarding unsupported topside adjustments. AUSA Weissman does not recall Mr. Kearney indicating during any interview that AUSA Weissman attended that anyone invoked the name Walter Forbes when Mr. Kearney received instructions regarding unsupported topside adjustments.

2

Very truly yours,

CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice


By:  JOHN J. CARNEY
Special Attorney
U.S. Department of Justice


By: JAMES MCMAHON
Special Attorney
U.S. Department of Justice


BY: RICHARD J. SCHECHTER
Special Attorney
U.S. Department of Justice

3

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via email and fax:

Barry S. Simon, Esq.
Williams & Connolly LLP
Washington D.C. fax: (202) 434-5029
Hartford fax: (860) 293-1651


_____
LYNDA POWERS
U.S. Department of Justice


Dated:     October 21, 2005
           Hartford, Connecticut