UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | October 21, 2005 |
| | : | |
| WALTER A. FORBES | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT WALTER A. FORBES MOTION FOR AN ORDER GOVERNING SUBPOENAS FOR THE RETRIAL**

**(Forbes Retrial Motion No. 13)**

Forbes has moved for an order similar to that entered by this Court during the first trial, making any trial subpoenas issued by Forbes for testimony in the retrial returnable upon 48 hours notice from his counsel to the witness, absent application by the witness for more time upon a showing of undue hardship. The Government has filed today a Motion to, *inter alia,* Quash Subpoenas Directed to Former and Present Officials of the Department of Justice ("DOJ"), which it incorporates by reference in this response.

Until the Court determines that any of Forbes' subpoenas to the former and present DOJ employees should survive the Government's Motion to Quash, this Court should not enter an order requiring the attendance of those persons on any time frame. Notwithstanding Forbes' failure to comply with the regulatory requirements for subpoenas directed to DOJ employees, the Government has sought to accommodate Forbes by accepting

service of Forbes' subpoenas on behalf of all of those persons. If the Court determines, following its resolution of the Government's Motion to Quash, that any of the current and former DOJ officials can provide relevant, admissible testimony as a defense witness in this case, the Government anticipates that those persons will make every effort to further accommodate Forbes' lawyers by appearing to testify at a mutually convenient date and time.

The Government notes, however, that FBI Agent John Pittman is presently assigned to the FBI Office in Gallup, New Mexico, and will likely need more than 48 hours notice to make arrangements to come to Connecticut.  Additionally, former FBI Agent Mark Gerber is now employed by the international accounting and consulting firm, PriceWaterhouse Coopers.  During the past two months, Gerber has repeatedly traveled overseas in connection with his job.  All of the current and former DOJ prosecutors are currently working as attorneys in or out of Government, most of them as litigators, and all have pressing demands on their time. Under those circumstances, 48 hours notice may be insufficient, in some instances, for those persons to appear to testify.

Based on the Court's requirement that the Government provide notice to the defense by the end of each week of the witnesses whom the Government intends to present during the following week, the Government anticipates that Forbes will have

at least one week's notice of when the defense case will start. The Government therefore requests that Forbes' lawyers provide the current and former DOJ officials with personal notice of at least one week of Forbes' intention to present any of those persons as defense witnesses.[1]  Since the Government's cross-examination of any of those persons is likely to be minimal, Forbes should be able to make a reasonably accurate predication of how long the total testimony of each of those persons will last, and be able to schedule their testimony within relatively short time frames.

Additionally, as the Government pointed out in its Motion to Quash, even though former Assistant United States Attorney Paul Weissman signed an agreement with Forbes to appear to testify during the initial trial on 48 hours notice, he was forced to sit in the courthouse for a full day without being called by the defense.  It was only after Government counsel complained to the Court about this situation that counsel for Shelton reluctantly moved Weissman to the head of the line of defense witnesses scheduled to testify on the following day.  Tr. 10811-12, 11018-19.  Forbes should not be hear to demand that the current and former DOJ officials be available to testify on 48

---

[1]  If Forbes' lawyers do not have sufficient contact information for any of the current and former DOJ officials whom he has subpoenaed, the Government will provide that information upon request.

hours notice, then require them to sit around the courthouse for more than a day before they testify.  For that reason, the Government requests this Court direct Forbes' lawyers to make every reasonable effort to at least begin the examination of any current and former DOJ employee on the first day that they are summoned by Forbes to the courthouse.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court require Forbes' attorneys to provide the former and present DOJ officials with at least one week prior notice, or such other time as the Court deems reasonable under the circumstances, before those persons are required to appear in compliance with any subpoena issued by Forbes.

    Respectfully submitted,

    CHRISTOPHER J. CHRISTIE
    Special Attorney
    U.S. Department of Justice


    NORMAN GROSS
    MICHAEL MARTINEZ
    CRAIG CARPENITO
    Special Attorneys
    U.S. Department of Justice

Dated: October 21, 2005
Hartford, Connecticut

CERTIFICATE OF SERVICE

    The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via email and fax:

Barry S. Simon, Esq.
Williams & Connolly LLP
Washington D.C. fax: (202) 434-5029
Hartford fax: (860) 293-1651

                                          LYNDA POWERS
                                          U.S. Department of Justice

Dated:    October 21, 2005
            Hartford, Connecticut