## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------
UNITED STATES OF AMERICA,      )
                               )
v.                             )        Criminal No. 3:02CR00264(AWT)
                               )
WALTER A. FORBES and           )
E. KIRK SHELTON                )
------------------------------
```

### RULING ON FORBES' TRIAL MOTION NO. 14

**(Motion of Walter A. Forbes for Reconsideration of the Court's Decision to Sustain the Government's Privilege Objections During Cross-Examination of Anne Pember)**

Defendant Forbes' Motion for Reconsideration (Doc. No. 813) was GRANTED in part and DENIED in part on June 7, 2004.

Defendant Forbes moved for reconsideration of the court's rulings with respect to certain privilege objections, based on the attorney/client privilege, lodged by the government to questions asked by counsel for co-defendant Shelton during his cross-examination of Anne Pember. See Tr. 3075-77.

"When an attorney conveys to his client facts acquired from other persons or sources, those facts are not privileged." In re Sealed Case, 737 F.2d 94, 99 (D.C. Cir. 1984); J.P. Foley & Co., Inc. v. Vanderbilt, 65 F.R.D. 523, 526 (S.D.N.Y. 1974)(attorney/client privilege "does not cover an attorney's communications - whether they are in the form of information or advice - which are based upon conversations with third parties")(citations omitted). Thus, "[c]ommunications by an attorney to a client of facts learned elsewhere are not

privileged." <u>Rattner v. Netburn</u>, No. 88cv2080, 1989 WL 223059, at *8 (S.D.N.Y. June 20, 1989) (citations omitted). <u>See also</u> <u>United States v. Hall</u>, 346 F.2d 875, 882 (2d Cir. 1965) (defendant's counsel called to testify that he had conveyed a message to his client which he had received from an Assistant United States Attorney). Similarly, as a consequence of the fact that "where an attorney is a mere conduit the client may not invoke the privilege," <u>In re Grand Jury Testimony of Attorney X</u>, 621 F. Supp. 590, 592 (E.D.N.Y. 1985), any facts communicated by the client to the attorney for the purpose of communicating them to a third party are not protected by the attorney/client privilege.

The court conveyed its analysis to the parties on this issue on June 3, 2004 and June 7, 2004. <u>See</u> Tr. 3090-94, 3329-30. Counsel for defendant Forbes was allowed to ask certain questions in this area on June 8, 2004. <u>See</u> Tr. 3450-89. Counsel for defendant Forbes put on the record on June 8, 2004 certain questions she would have asked of Pember had the court permitted her to do so. <u>See</u> Tr. 3755-56.

The court notes that certain facts were established during the questioning of Pember by defense counsel. First, Pember did not provide her lawyer with information that she wanted her lawyer to convey to the United States Attorney's Office or that she directed her lawyer to convey to the United States Attorney's

Office.  <u>See</u> Tr. 3074:24-3075:3.  Second, Pember had not spoken with her attorney about what facts she was willing to have her attorney convey to the government.  <u>See</u> Tr. 3478:9-11.  Third, Pember's attorney did not tell her what facts the attorney intended to pass on to the government.  <u>See</u> Tr. 3478:23-25. Fourth, at the time Pember's attorney was relaying factual information to the government, she did not provide Pember with any information concerning the facts she had relayed to the government.  <u>See</u> Tr. 3481:9-12.  The court also notes that, consistent with Pember's testimony, Pember's attorney represented to the court that Pember did not make any statements to her for the purpose of having counsel pass them on to the government. <u>See</u> Tr. 2651:2-12, 2653:2-3 and 18-22.

Dated this 25th day of October 2005 at, Hartford, Connecticut.

_____     _____/s/_____

                                                     Alvin W. Thompson
                                                     United States District Judge

3