UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------
UNITED STATES OF AMERICA    )
                            )
v.                          )    Criminal No. 3:02CR00264(AWT)
                            )
WALTER A. FORBES            )
------------------------------
```

### RULING ON FORBES' RETRIAL MOTION *IN LIMINE* NO. 19

**(Motion of Defendant Walter A. Forbes to Preclude the Admission of Any Evidence Regarding Cendant's Restatement)**

For the reasons set forth below, defendant Forbes' motion *in limine* is being denied.

At issue in this motion are (1) the admissibility of Cendant's restated financial statements for 1995, 1996 and 1997 (the "Restatement"), (2) the admissibility of the amount of the Restatement, and (3) other evidence that Cendant restated its financial results.

The government states in its opposition, see Government's Opposition to Defendant Walter A. Forbes' Motion to Preclude the Admission of Any Evidence Regarding Cendant's Restatement (Doc. No. 1753), it does not intend at this time to offer into evidence the Restatement itself or the amount of the Restatement. Therefore, defendant Forbes' motion is being denied as moot with respect to the Restatement itself and with respect to the amount of the Restatement.

As to other evidence that Cendant restated its financial statements, that evidence is relevant for the reasons set forth by the government in the Memorandum of the United States in Response to Forbes' In Limine Motions Nos. 5, 6, & 7 (Doc. No. 666) at 7-8.  Defendant Forbes' arguments that <u>all</u> evidence regarding the Restatement should be excluded pursuant to Fed. R. Evid. 403 are that the magnitude of the Restatement "which is much greater than the alleged fraud charged in the indictment, would inflame the jury," Memorandum in Support of Motion of Defendant Walter A. Forbes to Preclude the Admission of Any Evidence Regarding Cendant's Restatement (Doc. No. 650) at 12, and that "introduction of the Restatement is likely to confuse the jury by injecting into the case a mini-trial regarding the components of the Restatement and the differences between the Restatement and the indictment."  <u>Id.</u>  These arguments relate to introduction into evidence of the Restatement itself and the amount of the Restatement, which is a moot point.  They do not support a conclusion that there would be any undue prejudice to the defendant as the result of the introduction into evidence of the fact that Cendant restated its financial results.  In any event, the court concludes that the probative value of such evidence on the limited issues as to which it is admissible is not substantially outweighed by any possible prejudice that could result to defendant Forbes from the admission of the evidence.

The court notes that, because this evidence is relevant with respect to the elements of whether any statement with respect to the fiscal year ended January 31, 1996, the fiscal year ended January 31, 1997 or the fiscal year and calendar year ended December 31, 1997, made prior to the filing of the Restatement was false and material, the court distributed to the parties a proposed limiting instruction to that effect, to be given by the court upon request.

Accordingly, the Motion of Defendant Walter A. Forbes to Preclude the Admission of Any Evidence Regarding Cendant's Restatement (Doc. No. 1686) is hereby DENIED.

It is so ordered.

Dated this 25th day of October 2005, at Hartford, Connecticut.

```
            _____/s/_____
                  Alvin W. Thompson
               United States District Judge
```