UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------
UNITED STATES OF AMERICA,      )
                               )
v.                             )    Criminal No. 3:02CR00264(AWT)
                               )
WALTER A. FORBES               )
-------------------------------
```

### RULING ON FORBES' RETRIAL MOTION *IN LIMINE* NO. 3

### (Motion of Defendant Walter A. Forbes to Preclude the Government From Presenting Improper Lay Opinion Testimony at Trial)

For the reasons set forth below, defendant Forbes' motion *in limine* is being denied.

Both parties' papers contain a general discussion of case law interpreting Fed. R. Evid. 701 and cite to numerous instances of testimony during the first trial. As to the case law interpreting Rule 701, the court will be assessing testimony as it is offered to determine whether (i) the witness is testifying to a factual matter as to which he or she has personal knowledge or (ii) the witness is offering lay opinion testimony and the requirements of Fed. R. Evid. 701 are satisfied. The court notes for the benefit of the parties that it finds the discussions in United States v. Rea, 958 F.2d 1206 (2d Cir. 1992), United States v. Garcia, 291 F.3d 127 (2d Cir. 2002), and Bank of China v. NBM LLC, 359 F.3d 171 (2d Cir. 2004) helpful to its analysis.

As to testimony that is not lay opinion testimony, the court notes that "personal knowledge is not an absolute but may consist of the what the witness thinks he knows from personal

perception." Fed. R. Evid. 602 advisory committee's note.

<u>McCormick on Evidence</u> contains a helpful discussion of this point:

> By the middle of the 1800's the disparagement of "mere opinion" in the limited sense of a notion or conjecture not rooted in observation had evolved into a much more questionable canon of exclusion. This canon was the doctrine that witnesses generally must give the "facts" and not their "inferences, conclusions, or opinions."
> That doctrine is based on the simplistic assumption that "fact" and "opinion" differ in kind and are readily distinguishable. The formula proved to be one of the clumsiest tools for regulating the examination of witnesses. It is clumsy because its basic assumption is an illusion. As the Supreme Court has remarked, "the distinction between statements of fact and opinion is, at best, one of degree. The witness' words cannot "give" or recreate the "facts," that is, the objective situations or happenings about which the witness is testifying. . . . Any conceivable statement, no matter however specific, detailed, and "factual," is in some measure the product of inference as well as observation and memory. The distinction between the statement, "He was driving on the left-hand side of the road" (which would be categorized as fact under the rule), and "He was driving carelessly" (which would be called "opinion") is merely a difference between a more concrete, specific form of descriptive statement and a less specific form. The distinction between the so-called "fact" and "opinion" is not a difference between opposites or contrasting absolutes, but instead a mere difference in degree with no bright line boundary.

1 John W. Strong, et al., <u>McCormick on Evidence</u> 45-46 (5th ed. 1999). <u>McCormick</u> also contains some useful guidance for counsel:

> The more concrete description is preferred to the more abstract. To be sure, to the extent reasonably feasible, the witness should attempt to articulate the concrete primary facts. However, when it is impractical for the witness to verbalize all the data supporting an inference, the preference yields; and the

>witness' inferential testimony is admissible. Moreover, the principal impact of the rule is upon the form of examination. The questions, while they cannot suggest the particular details desired else they will be leading, should call for the most specific account that the witness can give. For example, he ought not be asked, "Did they reach an agreement?" but rather "What did they say?" When conceived as a matter of the form of the examination rather than the substance of the testimony - again, a difference of degree - the opinion rule, like other form regulations such as the control over leading questions and questions calling for a free narrative, falls naturally in the realm of discretion. The habit of Anglo-American lawyers to examine about specific details is a valuable heritage. The challenge is to preserve this habit but yet curb time wasting quibbles over trivial "opinion" objections which can still be voiced in jurisdictions wedded to a literal application of the older formulas.

Id. at 48-49.

As to testimony that is lay opinion testimony, the court directs the parties' attention to the following language in Bank of China:

>The fact that [the witness] has specialized knowledge, or that he carried out the investigation because of that knowledge, does not preclude him from testifying pursuant to Rule 701, so long as the testimony was based on the investigation and reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise in international banking. Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the <u>particularized knowledge that the witness has by virtue of his position in the business</u>. Thus, to the extent [the witness'] testimony was grounded in the investigation he undertook in his role as a Bank of China employee, it was admissible pursuant to Rule 701 of the Federal Rules of Evidence because it was based on his perceptions.

359 F.3d at 181 (emphasis added).

As to the specific citations to testimony from the initial trial, the court has selected two examples from Anne Pember's testimony to illustrate for the parties the manner in which it believes Rules 602 and 701 should be applied. First, defendant Forbes objects to Pember's testimony at Tr. 1215-1216, 1219. However, Pember was at that point testifying about a letter that she, among others, signed. Second, defendant Forbes also objects to Pember's testimony at Tr. 2435-2437. Here again, Pember was testifying about matters with which she was personally familiar based on her responsibilities at the company. However, the court notes that when Pember was asked, at Tr. 2436:11, to give an example, it should have been made clear that the example that she was being asked to give was one based on her experience at the company.

The court notes that during the first trial, and already during this trial, defense counsel elicited, without objection, improper lay opinion testimony from government witnesses on cross-examination. The court has two observations. One, the fact that defense counsel elicits such testimony from one government witness on cross-examination will not give the government the right to elicit improper lay opinion testimony from subsequent witnesses. Two, that said, when the government conducts its re-direct

examination of a witness who has been asked to give improper lay opinion testimony during cross-examination, the government will not be precluded from following up on such testimony; the parties should keep in mind it will be difficult for a witness to keep track, in giving his or her responses, of which questions cannot be responded to with lay opinion testimony.

Finally, defendant Forbes' motion is being denied as moot to the extent that he seeks an order precluding the government from offering opinion testimony by cooperating witnesses regarding defendant Forbes' knowledge, intent or state of mind, based on the government's representation that it does not intend to elicit such testimony during direct examination.

Accordingly, the Motion of Defendant Walter A. Forbes to Preclude the Government From Presenting Improper Lay Opinion Testimony at Trial (Doc. No. 1662) is hereby DENIED.

It is so ordered.

Dated this 27th day of October 2005 at, Hartford, Connecticut.

>                    /s/
>           Alvin W. Thompson
>        United States District Judge