UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                                )<br>)                                                       No. 3:02CR264 (AWT)<br>WALTER A. FORBES.                    )   October 27, 2005<br>)<br>_____) | |

**OPPOSITION OF WALTER A. FORBES TO MOTION OF THE
UNITED STATES TO QUASH SUBPOENAS DIRECTED TO
FORMER AND PRESENT OFFICIALS OF THE DEPARTMENT
OF JUSTICE AND TO LIMIT PARAGRAPH 12(B) OF RETRIAL
PROCEDURES, AND REPLY MEMORANDUM IN SUPPORT OF
MR. FORBES' MOTION FOR AN ORDER GOVERNING
SUBPOENAS FOR RETRIAL
(Forbes Retrial Motion No. 13)**

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits this memorandum in opposition to the Motion of the United States to Quash Subpoenas Directed to Former and Present Officials of the Department of Justice and to Limit Paragraph 12(B) of the Order Governing Procedures During Retrial, and in Reply to the Government's Response to Mr. Forbes' Motion for an Order Governing Subpoenas for Retrial.

I.     THE GOVERNMENT'S MOTION TO QUASH.

The government moves to quash the subpoenas to former and present officials of the Department of Justice ("DOJ") on the grounds that Mr. Forbes has failed to comply with the purported requirements of 28 C.F.R. § 16.23(c). Mem. at 2-9. Mr. Forbes disagrees with the government's proposition that this "housekeeping" regulation can be constitutionally applied to limit or restrict a

defendant's Sixth Amendment right to compulsory process in a criminal case. However, to avoid needless expenditure of judicial and party resources, Mr. Forbes attaches hereto a declaration that sets forth a summary of the testimony that may be sought from the DOJ witnesses in response to the government's motion. See Exhibit 1. Given Mr. Forbes' compliance with the purported requirements of 18 C.F.R. § 16.23(c), the government's motion to quash should be denied as moot.

The government's suggestion that Mr. Forbes' representations under 18 C.F.R. § 16.23(c) should specifically identify what testimony he may seek to elicit from the notes and letters turned over by the government should be rejected. First, Mr. Forbes cannot predict which statements witnesses will admit they made to the government, and which statements they may deny, thus necessitating the calling of a government agent to impeach the witness. For example, Ms. Pember testified consistent with her prior statements to the government when she testified that Mr. Corigliano never referred to his one page forecast as a "cheat sheet." Tr. 10/25/2005 at 992-993. However, she testified that she did not recall telling the government that Mr. Corigliano told her he maintained close control over this document, even when refreshed with the notes of David Frohlich, a lawyer with the Securities and Exchange Commission. Tr. 10/25/2005 at 994-995. Similarly, Mr. Forbes cannot predict when a witness may claim that he or she may have made a statement to the government which is not reflected in the government's notes (when such a statement would be expected to be recorded in such notes) – such as Mr. Kearney's testimony that he could not recall if he had told the government any time during his

2

first seven interviews that Stu Bell and Cosmo Corigliano purportedly invoked the name of Walter Forbes quarter after quarter. Tr. 10/25/2005 at 1126-1127.

Second, requiring Mr. Forbes to identify the prior statements with which he may confront witnesses would require Mr. Forbes to reveal his confidential trial strategy. Such a requirement is antithetical to Mr. Forbes' rights under the Sixth Amendment, and certainly cannot be justified by a housekeeping regulation promulgated by the Department of Justice. As Judge Posner wrote for the Seventh Circuit in United States v. Cerro, 775 F.2d 908, 915 (7th Cir. 1985), the interests served by the right of cross-examination would be impaired by requiring advance disclosure of the grounds upon which counsel will challenge a witness's testimony:

> [A] defendant's interest in being able to conduct a vigorous and effective cross-examination – an interest central to the right of a criminal defendant under the Sixth Amendment "to be confronted with the witnesses against him," see, e.g., Davis v. Alaska, 415 U.S. 308, 315-16, 94 S. Ct. 1105, 1109-10, 39 L.E.2d 347 (1974) – would be impaired if he had to give a précis of his cross-examination to the prosecution before trial.

Moreover, prior to any former or current DOJ employee being called to testify prior to any former or current DOJ employee being called to testify, the government will be well aware of which witness interviews Mr. Forbes made issue of during his

3

cross-examination of government witnesses, and thus can claim no prejudice.[1]

## II. THE GOVERNMENT'S REQUEST TO LIMIT THE APPLICATION OF PARAGRAPH 12(B).

Mr. Forbes has no objection to the Court limiting the application of Paragraph 12(B) of its Order Governing the Procedures During Retrial so as to allow the current government team to consult with its predecessors, John Carney, James McMahon and Richard Schechter. Thus this portion of the government's motion should be denied as moot.

## III. GOVERNMENT'S RESPONSE TO MR. FORBES' MOTION FOR AN ORDER GOVERNING SUBPOENAS FOR THE RETRIAL.

The government asks that Mr. Forbes provide current and former DOJ officials with personal notice of at least one week of the intention to call them as defense witnesses. Mr. Forbes does not oppose notifying the current and former DOJ officials of whether he intends to call them during his defense-in-chief at the end of the government's case. However, because issues may arise during the last week of the government's case-in-chief that require the calling of one or more of these witnesses, Mr. Forbes cannot commit that this notification will occur one full

---

[1] Indeed, the government has an obligation to disclose to the defense any prior inconsistent statements known to the government. Such prior inconsistent statements should be readily identifiable in this case despite the assignment of new prosecutors in light of the fact that the prior trial team is apparently reading the retrial transcripts. See Mot. at 1.

week prior to a DOJ witness being called to testify.[2]

This is not to say that the defense will not endeavor to give the current and former DOJ witnesses as much notice as possible (just as every other witness), or that the defense will not alert its witnesses that the time for their testimony is approaching. Moreover, because Mr. Forbes must provide the government with a list of its upcoming witnesses each Thursday morning, at a minimum the current and former DOJ witnesses are likely to have at least four days notice of the week in which their appearance is expected to be required.

As for the government's suggestion that Mr. Forbes be required to give current and former DOJ employees a date certain on which they will be called to testify, the government's suggestion is impractical in light of the realities of the trial schedule. The defense has no control over the length of the government's cross-examinations. Nor can it predict every issue that may crop up and interfere with its planned timing for the presentation of witnesses. Thus it cannot precisely predict the specific day and time a witness's testimony will be required. As with all witnesses Mr. Forbes may call in his defense-in-chief, Mr. Forbes will give the DOJ witnesses as realistic an estimate of the date and time of their testimony as possible, and use his best efforts to minimize all witnesses' waiting time. Under

---

[2] In order to expedite notice to the current and former DOJ employees, Mr. Forbes accepts the government's offer to provide sufficient contact information for each, and hereby requests that such information be provided promptly. See Mem. at 3, n.1.

these circumstances, 48 hours notice of the time they are required to appear at the Federal Courthouse in Hartford is more than reasonable.

## CONCLUSION

For the foregoing reasons, Mr. Forbes respectfully requests that the Court deny the government's Motion to Quash, and that the Court grant Mr. Forbes' Motion for an Order Governing Subpoenas for Retrial.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: October 27, 2005

# EXHIBIT 1

# DECLARATION OF BARRY S. SIMON

BARRY S. SIMON hereby certifies as follows:

1. I am counsel for Walter A. Forbes in case No. 3:02CR264 (AWT) currently pending in United States district Court for the District of Connecticut.

2. Mr. Forbes seeks the testimony of current and former Department of Justice employees in connection with the pending case.

3. Mr. Forbes has caused trial testimony subpoenas to be served on the relevant witnesses in connection with the pending case.

4. Mr. Forbes seeks these witnesses' testimony regarding statements made (or not made) by Cosmo Corigliano, Anne Pember, Casper Sabatino, Kevin Kearney and other trial witnesses during government interviews that are inconsistent with sworn testimony provided, or to be provided, by those witnesses during the retrial of this case.

5. Details regarding the specific matters about which these government witnesses testified (or will testify) can be (or will be) identified in the retrial transcript of United States v. Forbes, No. 3:02CR264 (AWT).

I declare under penalty of perjury under the laws of the Untied States of America that the foregoing is true and correct. Executed this 27th day of October 2005.

_____
Barry S. Simon

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Memorandum of Defendant Walter A. Forbes in Opposition to Motion of the United States to Quash Subpoenas Directed to Former and Present Officials of the Department of Justice and to Limit Paragraph 12(B) of the Order Governing Procedures During Retrial, and in Reply to the Government's Response to Mr. Forbes' Motion for an Order Governing Subpoenas for Retrial to be sent on October 27, 2005 to the following via e-mail and FedEx:

Norman Gross, AUSA
U.S. Attorney's Office
District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ 08101

Michael Martinez, AUSA
Craig Carpenito, AUSA
U.S. Department of Justice
450 Main Street, Room 320
Hartford, CT 06103

_____
Barry S. Simon