```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

 UNITED STATES OF AMERICA      :     No. 3:02CR00264 (AWT)
                               :
      v.                       :
                               :
 WALTER A. FORBES              :     October 27, 2005
```

**OPPOSITION OF THE UNITED STATES TO FORBES' MOTION FOR MISTRIAL BECAUSE MS. PEMBER'S TESTIMONY CAUSED A CONSTRUCTIVE AMENDMENT AND A PREJUDICIAL VARIANCE**

<u>(Forbes Retrial Motion No. 17)</u>

<u>INTRODUCTION</u>

Forbes has moved for a mistrial on essentially the same grounds that supported one of his prior mistrial motions during the initial trial: that testimony about Pember's conversations with various auditors from E&Y caused a constructive amendment of the indictment by alleging that those auditors were members of the conspiracy. "Forbes Motion for Mistrial Due to Constructive Amendment And/or Prejudicial Variance, and Notice Violations Caused by Testimony of Cosmo Corigliano," Trial Motion No. 20, Docket No. 954, filed July 21, 2004. This Court rejected that mistrial motion during the initial trial, and should reject Forbes' present mistrial motion which raises essential the same arguments as he presented in his previous failed effort.

## ARGUMENT

**I. Forbes has failed to demonstrate that Pember's challenged testimony caused a constructive amendment of the indictment.**

Forbes claims that Pember's testimony regarding various conversations she had with two auditors from Ernst & Young, Marc Rabinowitz and Joseph Caparelli, "suggest[ed] that auditors from Ernst & Young were also in on the alleged conspiracy." Forbes' Mem. in Support of Retrial Motion No. 17 ("FM") at 3. He further claims that other portions of Pember's testimony "suggest[ed] that Ernst and Young knew that there were problems with CUC's accounting for the Ideon merger reserve," FM 4. Finally, Forbes argues that yet other portions of Pember's testimony "suggest[ed] that Ernst & Young duped HFS officials who were asking questions about the use of the Ideon merger reserve." FM 5. Even assuming that any of the challenged testimony suggested what Forbes claims it does, he has failed to demonstrate a constructive amendment of the indictment or a prejudicial variance.

Regardless of whether the evidence demonstrates that any E&Y officials participated in the charged conspiracy, the Government has charged a conspiracy which does not include any persons at E&Y. As Forbes notes, FM 2, the Government has submitted proposed jury instructions, consistent with those given during the first trial, Initial Tr. 16293-94, that the only conspirators are Walter Forbes, Kirk Shelton, Cosmo Corigliano, Anne Pember, Casper Sabatino, Steven Speaks, Kevin Kearney, Mary

2

Sattler, and Stuart Bell. If the Court gives that instruction, the jury will be disabled from convicting Forbes for conspiring with anyone from E&Y. The Government will not argue that anyone from E&Y was a member of the conspiracy, will not seek the admission of any statements of any E&Y officials as a statement of a co-conspirator pursuant to Fed. R. Evid. 801(d)(2)(E), and will not argue that Forbes is guilty because he conspired with anyone from E&Y.[1]

Because the Government's trial arguments and the Court's instructions substantially bear upon whether the admission of evidence has constructively amended the indictment, Forbes' claim is premature as well as meritless. A discrepancy between the indictment and the evidence or the jury instructions is not a constructive amendment unless it confused the jury into convicting the defendant of a crime other than the one charged in the indictment. United States v. Bryser, 954 F.2d 79, 87 (2d Cir. 1992). The Court's instructions are the principal protection against such possible confusion. United States v. Coyne, 4 F.3d 100, 111-12 (2d Cir. 1993)(admission of relevant evidence regarding pre-conspiracy conduct did not constructively

---

[1] Presumably, Forbes will not argue that, based on the supposed "suggestions" in the challenged evidence, if he conspired to manipulate CUC's accounting records or financial statements with anyone, it was only with officials from E&Y. If he does make that argument and the jury agrees, it will have to acquit him under the instructions proposed by the Government.

3

amend the indictment, in light of the district court's limiting instructions). Here, appropriate instructions regarding the identity of all of the charged conspirators will prevent the jury from convicting the defendants of an offense not charged in the indictment. See United States v. Lutz, 621 F.2d 940, 942-43 (9th Cir. 1980)(risk of variance arising from admission of evidence of the defendant's participation in uncharged fraudulent conduct was eliminated by jury instructions that the defendants could be convicted only for the "single scheme . . . involving each of the defendants" that was charged in the indictment); see generally United States v. Salameh, 152 F.3d 88, 145-46 (2d Cir. 1998)(no constructive amendment of the indictment, where the Government's summation and the final charge closely tracked the indictment, and the jury was given a copy of the indictment for use during deliberations).

      Nor did the Government elicit any of the challenged testimony in order to prove that Forbes conspired with E&Y. First, there has been no evidence to date in the retrial that Forbes ever spoke to any of the E&Y auditors about anything, much less anything having to do with their audit of E&Y, much less anything have to do with CUC's manipulation of the merger reserves. The Government does not intend to present any such evidence during its case-in-chief. At all events, because the jury will be able, under the Government's proposed instructions,

to convict Forbes only of the conspiracy charged in the indictment, and not any supposed broader conspiracy involving E&Y, none of the challenged testimony constructively amended the indictment.

A constructive amendment of the indictment occurs only "when the charging terms are altered, either literally or constructively," United States v. Clemente, 22 F.3d 477, 482 (2d Cir. 1994), i.e. when the trial evidence "modif[ies] essential elements of the offense charged to the point that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged by the grand jury." United States v. Vebeliunas, 76 F.3d 1283, 1290 (2d Cir. 1996).[2] So long as the "the allegations and the proof substantially correspond," and the trial evidence is consistent with the "core of criminality" alleged in the indictment, there is no constructive amendment of the indictment. United States v. Danielson, 199 F.3d 666, 670 (2d Cir. 1999).[3] The Second Circuit has reiterated that:

> Because proof at trial need not, indeed cannot, be a precise replica of the charges contained in the indictment, this court has consistently permitted

---

[2] Accord United States v. Joyner, 201 F.3d 61, 69 (2d Cir. 2000); United States v. Mucciante, 21 F.3d 1228, 1234 (2d Cir. 1994); United States v. Weiss, 752 F.2d 777, 787 (2d Cir. 1985).

[3] Accord United States v. Salmonese, 352 F.3d 608, 620 (2nd Cir. 2003); United States v. Delano, 55 F.3d 720, 729-30 (2d Cir. 1995)

5

>significant flexibility in proof, provided that the
>defendant was given notice of the core of criminality
>to be proven at trial.

United States v. Frank, 156 F.3d 332, 338 (2d Cir. 1998); see also United States v. LaSpina, 299 F.3d 165, 181 (2d Cir. 2002); United States v. Patino, 962 F.2d 263, 265-66 (2d Cir. 1992)(no constructive amendment where the prosecutor argued that the defendant had illegally used three separate guns in furtherance of a crime of violence, where the indictment charged the use of a different gun on a different date).  In assessing a constructive amendment claim, the court must examine the totality of the indictment, and not merely a particular averment which allegedly conflicts with the trial evidence.  United States v. Ansaldi, 372 F.3d 118, 127 (2d Cir. 2004); United States v. Teitler, 802 F.2d 606, 617 (2d Cir. 1986). Measured against these legal standards, Forbes' constructive amendment claim is meritless and should be rejected.[4]

---

[4] Forbes' reliance on United States v. Milstein, 401 F.3d 53 (2d Cir. 2005) does not advance his claim.  In Milstein, the defendant was convicted of distributing misbranded prescription drugs with fraudulent intent, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2), based on an allegation in the indictment that the defendant "forged or falsified" the material in which drugs were packaged.  401 F.3d at 64.  At trial, however, the Government presented evidence that the drugs were not only improperly re-packaged, but were also not sterile.  Id.

On appeal, the defendant argued that the Government constructively amended the indictment when the district court instructed the jury that it could convict the defendant on the misbranding count if it found only that "the labeling of the
(continued...)

The proposed redacted indictment for the retrial charges that Forbes, the named co-conspirators, "and others" did "knowingly and wilfully conspire and agree . . . to commit offenses against the United States." Id. at ¶ 17. As during the initial trial, the Government has agreed that the jury should be instructed that the only conspirators as Forbes, Shelton, Corigliano, Pember, Speaks, Kearney, Sattler, and Bell. Government's Preliminary Proposed Requests to Charge for Retrial,

---

⁴(...continued)
ampules of saline diluent suggested untruthfully that these ampules were sterile . . . when in fact they were a danger to health." Id. at 64-65. The Court of Appeals reversed the misbranding conviction (but not the convictions for any other count).

Unlike the district court in Milstein, this Court presumably will not instruct jury that it can convict Forbes on any count if it finds only that he conspired with any of the E&Y officials. Nor will the Government argue that Forbes could be convicted on that basis. Milstein does not hold that the indictment was constructively amended merely because the Government presented evidence of a particular manner of misbranding (packaging non-sterile pharmaceutical drugs in a package that described the drugs as sterile) that was different from another manner of misbranding that was described in the indictment (packaging drugs destined for distribution in other countries that described the drugs as destined for distribution in the United States). What made Milstein different from the numerous Second Circuit cases cited above which have rejected constructive amendment claims based on the mere admission of evidence that is not identified in the indictment was the district court's instruction that the jury could convict the defendant based on a finding that the defendant engaged in only conduct that was not identified in the indictment. Such an instruction altered "the core of criminality" charged in the indictment by permitting the jury to convict the defendant without any consideration of any conduct identified in the indictment.

7

Request No. 14, filed October 24, 2005. As a matter of law, Forbes' claims regarding the E&Y officials cannot establish a constructive amendment of the indictment. The three elements of the offense of conspiracy in violation of 18 U.S.C. § 371, are: (1) an agreement between two or more persons to commit an unlawful act; (2) knowingly engaging in the conspiracy intending to commit those offenses that were the objects of the conspiracy; and (3) commission of an overt act by one or more members of the conspiracy in furtherance of the conspiracy. United States v. Reyes, 302 F.3d 48, 53 (2d Cir. 2002); see also Government's Proposed Preliminary Requests to Charge for Retrial, Request No. 15 (splitting the third element into two). A person is not guilty of conspiracy unless he knowingly and willfully agrees to advance the objects of the conspiracy. United States v. Svoboda, 347 F.3d 471, 476-77 (2d Cir. 2003).

  Since the identity and number of conspirators are not elements of the charged conspiracy, there could be no constructive amendment based on a change in the number or identity of Forbes' co-conspirators. See United States v. Cahalane, 560 F.2d 601, 605-06 (3d Cir. 1977)(by naming additional co-conspirators and identifying twenty additional overt acts on the eve of trial, "which was explanatory and descriptive rather than inconsistent . . . to the charges in the indictment," the Government did not constructively amend the

indictment). Forbes' claim is insufficient to demonstrate a prejudicial variance, much less a constructive amendment of the indictment. See United States v. Lippner, 676 F.2d 456, 465 (11th Cir. 1982) (defendant's claim that he suffered a prejudicial variance between the number of conspirators alleged in the indictment and proved at trial "borders on the frivolous").

In any event, Forbes' claim that Pember's testimony implicated Rabinowitz and/or Caparelli as members of the conspiracy fails on its own terms. Even assuming that either of those persons concluded that Pember was improperly manipulating the Ideon and Cendant merger reserves to increase operating income, and regardless of any possible civil liability, the auditors would not have become participants in a criminal conspiracy merely by discovering the fraud and failing to report it. See United States v. Aleskerova, 300 F.3d 286, 292 (2d Cir. 2002) ("Absent evidence of purposeful behavior, mere presence at the scene of a crime, even when coupled with knowledge that a crime is being committed, is insufficient to establish membership in a conspiracy . . . . [and] a mere association with conspirators is . . . insufficient."), citing United States v. Chang An-Lo, 851 F.2d 547, 554 (2d Cir. 1988); United States v. Cabrera, 116 F.3d 1243, 1244 (8th Cir. 1997) ("Merely proving that the defendant knew of the existence of the conspiracy is

insufficient to support a conviction for conspiracy; rather, the government must establish some degree of knowing involvement and cooperation.")(internal punctuation omitted).[5]

Conspicuously absent from Pember's challenged testimony is an assertion that any of the E&Y auditors agreed to participate in the charged scheme, or did anything to advance its goals. Nor did Pember testify that any of the auditors knew that she had improperly manipulated the merger reserves. A fair reading of the challenged testimony "suggests" at most that Rabinowitz and Caparelli were suspicious, perhaps deeply so, of CUC's use of the reserves. Even assuming that the challenged evidence shows that the auditors were alerted to the existence of the fraudulent manipulations of the reserves, the evidence does not establish that any of the auditors joined, rather than merely discovered, the scheme.[6] His constructive amendment claim

---

[5] The Government has acknowledged this law by submitting proposed jury instructions to the effect that one who merely associates with a member of the conspiracy is not for that reason guilty of conspiracy. United States' Preliminary Requests to Charge for Retrial, Request No. 18, filed October 24, 2005.

[6] United States v. Thomas, 274 F.3d 655, 670-71 (2d Cir. 2001), cited by Forbes, is inapposite. That case involved the absence of any allegation in the indictment that the amount of drugs that the defendant conspired to distribute exceeded the threshold required to increase the statutory maximum sentence. The Court of Appeals held that, following Apprendi v. New Jersey, 530 U.S. 466 (2000), the absence of such an allegation was akin to the failure to allege a required element of the offense for which the higher sentence could be imposed. 274 F.3d at 662. Here, Forbes does not claim that the indictment failed to allege
(continued...)

therefore fails.

### II. Forbes has failed to demonstrate a prejudicial variance between the evidence and the indictment.

Forbes has failed to demonstrate even a prejudicial variance, much less a constructive amendment of the indictment. By contrast to a constructive amendment of the indictment,

> A variance occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts **materially different** from those alleged in the indictment. . . .
>
> A defendant cannot demonstrate that he has been prejudiced by a variance where the pleading and the proof substantially correspond, where the variance is not of a character that could have misled the defendant at the trial, and where the variance is not such as to deprive the accused of his right to be protected against another prosecution for the same offense.

United States v. Salmonese, 352 F.3d 608, 620-21 (2nd Cir. 2003) (emphasis added)(internal citations and quotation marks omitted).

Here, Forbes cannot demonstrate actual prejudice based on the challenged evidence. He conceded during his opening statement that Corigliano engaged in criminal conduct, Tr. 59, conspired with his subordinates in CUC's Accounting Department to "manipulat[e] the books and records," Tr. 68, hid the accounting manipulation from the auditors, Tr. 68-70, "ma[de] up numbers," Tr. 71, and was "success[ful in] pulling this thing off." Id. Forbes' defense is that, even though he was the Chief Executive

---

[6](...continued)
an essential element of any of the charged crimes.

Officer and Chairman of the Board of CUC, he was wholly ignorant of, and thus could not have participated in this deliberate, years-long fraudulent inflation of his company's earnings. E.g., Tr. 59. None of the challenged evidence regarding Pember's conversations with the auditors or Corigliano mentioned Forbes, so any variance did not undermine his defense. See United States v. Lam Lek Chong, 544 F.2d 58, 66 (2d Cir. 1976) (any variance regarding an uncharged criminal scheme did not prejudice the defendant, where the challenged evidence did not implicate him in that scheme, and the jury was not instructed on Pinkerton liability); United States v. Ghant, 339 F.3d 660, 663 (8th Cir. 2003)(where the trial evidence may have proved two separate conspiracies rather than the single conspiracy charged in the indictment, there was no prejudicial variance because the challenged evidence did not show that the defendant took part in any of the transactions in the uncharged conspiracy).

Additionally, where the alleged variance does not pertain to a fact that was critical to the defense, there is no ground for relief. United States v. Burgos, 269 F.2d 763, 767 (2d Cir. 1959) (variance was not prejudicial where earlier disclosure would not have resulted in the presentation of a different defense). Forbes does not contend, much less demonstrate that he would have presented a different defense had the indictment described Pember's challenged testimony. See

United States v. Massey, 827 F.2d 995, 1003-04 (5th Cir. 1987) (variance between victim of bank fraud named in indictment and victim proved at trial was not critical to the defense, and did not merit relief, where there was no dispute about the particular loans that were fraudulently obtained by the defendants).

Finally, there can be no prejudice absent a showing that preparation of the defense was actually hindered. United States v. Silverman, 449 F.2d 1341, 1345-46 (2d Cir. 1971). Forbes bears the burden of proving such hindrance. United States v. Cuervo, 354 F.3d 969, 990 (8th Cir. 2004), vacated on other grounds, 125 S.Ct. 1999 (2005). Prejudice is absent where the defendant received adequate notice of the challenged evidence by any means, including formal discovery, pleadings and briefs, correspondence, or oral representations by prosecutors, that would enable him to investigate and defend against the challenged evidence. See United States v. Hach, 162 F.3d 937, 947-48 (7th Cir. 1998). Here, the challenged testimony is substantially similar to evidence that was presented during the initial trial regarding Pember's interactions with Rabinowitz and Caparelli about the merger reserves. Initial Tr. 2515-30. See United States v. Donner, 497 F.2d 184, 191-92 (7th Cir. 1974)(variance did not surprise the defense and cause prejudice). Because he cannot demonstrate the kind of prejudice to which the variance doctrine is directed, his claim fails for that reason as well.

**CONCLUSION**

      For the foregoing reasons, the Government respectfully requests that this Court deny Forbes Retrial Motion No. 17.

                                Respectfully submitted,

                                CHRISTOPHER J. CHRISTIE
                                Special Attorney
                                U.S. Department of Justice

                                s/Norman Gross

                                NORMAN GROSS
                                MICHAEL MARTINEZ
                                CRAIG CARPENITO
                                Special Attorneys
                                U.S. Department of Justice

Dated: October 26, 2005
Hartford, Connecticut

CERTIFICATE OF SERVICE

      The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following by email and fax:

Barry S. Simon, Esq.
Williams & Connolly LLP
bsimon@wc.com
fax in Washington, D.C.: (202) 434-5029
fax in Hartford:        (860) 293-1651

                                        s/Lynda Powers
                                        LYNDA POWERS
                                        U.S. Department of Justice

Dated: October 27, 2005
       Camden, New Jersey