UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| v. | : | October 31, 2005 |
| WALTER A. FORBES | : | |

### REPLY OF SECURITIES AND EXCHANGE COMMISSION TO FORBES' OPPOSITION TO MOTION TO QUASH TWO SUBPOENAS

The Securities and Exchange Commission ("SEC") submits this reply in support of its motion for the Court to quash two subpoenas issued to the SEC records custodian by defendant Forbes ("SEC motion").

Nothing in Forbes' opposition to the SEC motion refutes the SEC's contention that the Court should follow its prior ruling (SEC motion, Exhibit 3) quashing Forbes' 2004 subpoena to the SEC records custodian, and quash both current subpoenas. The analysis in the Court's prior ruling applies with equal force to the identical subpoena (SEC motion, Exhibit 1) and close facsimile thereto (SEC motion, Exhibit 2) that Forbes served on the SEC records custodian in 2005. There are no changed circumstances that require the Court to depart from its prior ruling.

The Federal Rules of Evidence and court decisions cited in Forbes' opposition do not require the Court to depart from its prior ruling. As this Court explained in ruling on Forbes' multiple subpoenas in 2004, the admissibility and relevancy requirements established by the Supreme Court in *United States v. Nixon*, 418 U.S. 683, 700 (1974), mean that Rule 17(c) subpoenas cannot be used to obtain testimony or documents to impeach a witness on collateral matters or to impeach his character for truthfulness. *See U.S. v. Forbes, et al.*, No. 3:02-CR-

00264 (AWT)(document no. 1185) (attached as Exhibit 1 to SEC motion to quash six subpoenas seeking testimony from SEC enforcement staff). Therein, the Court stated that "[t]he only purpose served by questions in most of these areas would be to elicit testimony that could then be compared to Corigliano's answers on cross-examination and, thus, attack Corigliano's credibility." *Id.* The Court further found that "[s]uch a back-door attack on credibility would be particularly inappropriate in view of the latitude the defendants were given in conducting their lengthy cross-examination of Corigliano, and it should not be permitted by the court." *Id.*

In so ruling, the Court was following the rule that "a party may not present extrinsic evidence to impeach a witness by contradiction on a collateral matter." *United States v. Beauchamp*, 986 F.2d 1, 3-4 (1st Cir. 1993). *Accord Walker v. Firestone Tire & Rubber Co.*, 412 F.2d 60, 63 (2nd Cir. 1969) (noting "well settled" rule that an opposing party may "ask questions" but "is not permitted to adduce extrinsic evidence that a witness lied on a previous occasion"). This no collateral impeachment rule requires that "in order to be admissible," extrinsic evidence (including documents) "must not only contradict a statement of the [witness], but must also be material to [the defendant's] guilt or innocence." *United States v. Mulinelli-Navas*, 111 F.3d 983, 988 (1st Cir. 1997). 1/

---

1/ In *Mulinelli-Navas*, the defendant attempted to impeach a government cooperating witness with extrinsic evidence that the witness lied on the stand about what he had said in a prior interview. *Id.* at 988. The district court precluded the cross-examination, and the Court of Appeals found that this was a proper exercise of its discretion as the proposed extrinsic evidence "was relevant only to [the cooperating witness's] credibility on a matter immaterial to [the defendant's] guilt. *Id.* at 989. *Accord United States v. Marino*, 277 F.3d 11, 24 (1st Cir. 2002) (district court properly excluded extrinsic evidence offered to impeach government's primary witness where that evidence "was not relevant to [the defendant's] guilt or innocence"). *See also United States v. Cherry*, 876 F. Supp. 547, 553 (S.D.N.Y. 1995) ("Courts have consistently interpreted the admissibility standard of Rule 17(c) to preclude production of materials whose evidentiary use is limited to impeachment") *United States v. Weissman*, 2002 WL 31875410, at

Forbes also is not entitled to the documents he seeks from the SEC under a non-existent exception to the no collateral impeachment rule when a witness "opens the door." Forbes Opp. at 7-11. As the SEC argued during 2004, the cases Forbes relies on for this proposition involved testifying defendants (not cooperating witnesses) who denied that they engaged in the charged crimes and thus could not be left unchallenged. In each case, the government was permitted to impeach the defendant's perjurious testimony. Here, Mr. Corigliano has admitted his criminal conduct and there has been no testimony that would allow impeachment with extrinsic evidence.

The Court also should follow its prior ruling because Forbes cannot meet the Rule 17 standard for obtaining any SEC documents responsive to the two subpoenas to the SEC records custodian. Rule 17 of the Federal Rules of Criminal Procedure governs the issuance of subpoenas that seek testimony and/or documents in criminal cases. Rule 17 subpoenas are not discovery or investigative tools for criminal cases. *See Cherry*, 876 F. Supp. at 549-550. "Courts must be careful that Rule 17 is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16." *United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980), *cert. denied*, 449 U.S. 1126 (1981). "It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." *Bowman Dairy v. United States*, 341 U.S. 214, 220 (1951).

---

*1 (S.D.N.Y. Dec. 26, 2002) (quashing subpoena and rejecting contention that production should be compelled because the subpoena "*may* have some evidentiary basis other than impeachment - such as to show bias, to show state of mind or as recorded recollection") (emphasis in original).

3

A party serving a Rule 17 subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *Nixon*, 418 U.S. at 700. Forbes' two subpoenas to the SEC records custodian clear none of these hurdles. First, Forbes' subpoenas fail the relevancy test because the requested information is not "relevant to the offenses charged in the indictment." *Nixon*, 418 U.S. at 700. *See also Holihan*, 248 F. Supp. 2d at 184-85 (information subpoenaed under Rule 17 must be relevant to defendant's culpability and not merely potential impeachment material of government witnesses); *see also Bowman Dairy*, 341 U.S. at 221, 217 (invalidating as improper "fishing expedition" that portion of trial subpoena that requested documents "relevant to the allegations or charges contained in said indictment, whether or not they might constitute evidence with respect to the guilt or innocence of any of the defendants"). Here, none of the subpoenaed information bears on the truth or falsity of the testimony of government witness Cosmo Corigliano concerning the substance of his dealings with defendant Forbes and the fraudulent scheme. Rather, the information sought relates to the tangential topic of Corigliano's settlement with the SEC and the alleged inadequacy of Corigliano's disclosures to the SEC. This is purely potential impeachment material, irrelevant to the crimes charged.

Similarly, as discussed above at pp. 1-3, the requested information fails the admissibility test. Forbes will have the opportunity at the second trial to cross examine Corigliano thoroughly about Forbes' contention that Corigliano lied to or otherwise misled the SEC during his settlement negotiations. Even if the requested information supported Forbes' contentions about Corigliano, which it does not, the Federal Rules of Evidence would not permit Forbes to introduce it into evidence or otherwise use it in an attempt to prove his contentions. *See Cherry*, 876 F. Supp. at 553 ("[c]ourts have consistently interpreted the admissibility standard of Rule 17

4

to preclude production of materials whose evidentiary use is limited to impeachment") (citations omitted).

The testimony and documents Forbes seeks from the SEC's records custodian also fails *Nixon's* specificity test. The drafting of both subpoenas with their expansive requests for 37 categories of documents in one and 11 categories in another make this point abundantly clear. Forbes is once again engaged in an impermissible "fishing expedition" that seeks an end-run around the carefully crafted criminal discovery rules. Issuing two subpoenas to the SEC's records custodian in an effort to evade the Court's earlier ruling quashing an identical subpoena, based on the "mere hope" that something useful might turn up, does not satisfy the specificity requirement in Rule 17. *See Cuthbertson*, 630 F.2d at 146.

The testimony of SEC enforcement attorney David Frohlich during the first trial substantiates the Court's prior ruling. Contrary to Forbes' contention, Mr. Frohlich's testimony at the first trial was consistent with that of Mr. Corigliano regarding the propriety of Mr. Corigliano's expenditures between the April 2004 SEC settlement and the July 2004 turnover of assets. Mr. Corigliano's understanding of the SEC settlement on this issue – that it allowed him to continue to pay ordinary and reasonable expenses up to the turnover of assets, *see* Tr. 8/3/04, at 9389-9412 – is shared by the only other party to that agreement, the SEC. During the first trial, SEC enforcement attorney David Frohlich testified that as to the period between the SEC settlement (in April 2004) and Mr. Corigliano's release of his assets to the receiver (in early July 2004), Mr. Corigliano "could continue [to pay] his reasonable expenses" out of the funds that he was going to turn over to the receiver. Tr. 9/27/04, at 13608.

5

Forbes makes an equally baseless argument about the value of Mr. Corigliano's property in Old Saybrook, Connecticut. He claims is he "entitled to know what the SEC was told about these assets." Opposition at 13. As with all of Forbes' demands for non-privileged documents from the SEC, he already has this information. What Mr. Corigliano told the SEC about his assets is contained in the budget agreements that were produced to the prosecutors assigned to the first trial who, in turn, produced them to Forbes consistent with the Federal Rules of Criminal Procedure.

In re-serving his original subpoena (SEC motion, Exhibit 1), Forbes also renews his demand for all negotiations and communications regarding the SEC's settlement with Mr. Corigliano. These demands are embodied in requests 1, 2, 8, 9, and 10 of that subpoena. Any non-privileged documents responsive to these requests were produced to the prosecutors assigned to the first trial who in turn produced them to Forbes consistent with the Federal Rules of Criminal Procedure. To the extent Forbes seeks the internal SEC deliberations that led to the SEC's settlement with Mr. Corigliano, that information is protected by the attorney-client privilege, the deliberative process privilege, and the attorney work product doctrine.

Forbes also attempts to relitigate the issue of whether he is entitled to the remaining undisclosed exhibits to the affidavit the Coriglianos submitted to the SEC in connection with the settlement of the SEC civil action. As it did previously (see Tr. 10/5/04, at 14550), the Court should deny Forbes' latest attempt to obtain these documents. As the Court may recall, the prosecutors assigned to the first trial produced the Coriglianos' SEC affidavit, an exhibit that listed the Coriglianos' assets as of 3/31/04, and a valuation of their personal property, but argued that Forbes was not entitled to the other exhibits listing the Coriglianos' brokerage and bank

6

accounts and asset transfers over $5000 over an eight year period. The Court agreed and, after reviewing the affidavit and non-disclosed exhibits *in camera*, denied Forbes' motion to compel the government to produce the remaining undisclosed exhibits.

Although the Court has denied Forbes access to this information under Fed. R. Crim. Pro. 16 (Tr. 10/5/04, at 14550), Forbes now seeks to obtain the information from another federal government agency, the SEC, through a Rule 17(c) subpoena. This he cannot do. Rule 17(c) subpoenas "cannot be used as a means of circumventing Rule 16's limits on discovery in a criminal case." *United States v. Brown*, 1995 WL 387698, at *9 (S.D.N.Y. June 30, 1995). *See also United States v. De Yian*, 1995 WL 614563, at *1 (S.D.N.Y. Oct. 19, 1995) ("Having received the benefits of Rule 16(a)(1), further discovery is barred by Rule 16(a)(2), and that bar cannot be circumvented by the service of a Rule 17(c) subpoena.").

In sum, Forbes has failed to provide any basis for the Court to reverse its prior ruling and also fails to satisfy the *Nixon* criteria of relevancy, specificity, and admissibility.

\* \* \* \* \* \*

## **CONCLUSION**

For the foregoing reasons, the Court should follow its September 24, 2004 ruling and quash Forbes' subpoenas seeking testimony and documents from the SEC's records custodian.

Respectfully submitted,

*Kathleen Cody*
SAMUEL M. FORSTEIN
Assistant General Counsel

KATHLEEN CODY
Senior Counsel

Securities and Exchange Commission
100 F Street, N. E.
Washington, D.C. 20549-9612
Tel: (202) 551-5126
Fax: (202) 772-9263

## CERTIFICATE OF SERVICE

The undersigned certifies that, on October 28, 2005, I caused to be served via federal express copies of (1) Reply of SEC to Forbes' Opposition to SEC Motion to Quash Two Subpoenas Seeking Testimony and Documents from the SEC's Records Custodian, (2) proposed order, and (3) this certificate of service to:

>Michael Martinez, Esq.
>Craig Carpenito, Esq.
>Abraham Ribicoff Federal Building
>450 Main Street, Room 320
>Hartford, CT 06103
>
>Meg Keeley, Esq.
>Williams & Connolly
>c/o Marriott Residence Inn
>942 Main Street
>Hartford, CT 06103

*Kathleen Cody*
Kathleen Cody

Dated: October 28, 2005
          Washington, D.C.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| v. | : | |
| WALTER A. FORBES | : | |

**PROPOSED ORDER**

Upon consideration of the Motion of the Securities and Exchange Commission ("SEC") to Quash Two Subpoenas Seeking Testimony and Document Production From the SEC's Records Custodian, the opposition and reply thereto, and the entire record herein,

IT IS HEREBY ORDERED that the SEC's motion is granted and Defendant Forbes' subpoenas seeking testimony and document production from the SEC's Records Custodian are quashed in their entirety.

DATED: _____     _____
Hartford, Connecticut            Alvin W. Thompson
                                  United States District Judge