**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
--------------------------
UNITED STATES OF AMERICA )
                         )
v.                       )     Criminal No. 3:02CR00264(AWT)
                         )
WALTER A. FORBES and     )
E. KIRK SHELTON          )
--------------------------
```

**RULING ON MOTION OF NON-PARTY COSMO CORIGLIANO TO QUASH DEFENDANT FORBES' RULE 17(C) SUBPOENA DATED JULY 23, 2004 (DOC. NO. 994)**

The Motion of Non-Party Cosmo Corigliano to Quash Defendant Forbes' Rule 17(c) Subpoena Dated July 23, 2005 (Doc. No. 994) was DENIED on August 2, 2004.  (See Tr. at 9121.)

Defendant Forbes sought documents that would identify certain expenditures made by Cosmo Corigliano using funds that would have otherwise been turned over to the Receiver and sums retained by Corigliano from funds that were transferred to the Receiver.  In the context of this case, such documents are relevant on the issue of Corigliano's bias.  Bias of a witness is not a collateral matter, and thus, may be established by extrinsic evidence.  See United States v. Khan, 472 F.2d 272, 281-82 (2d Cir. 1973); United States v. Hayutin, 398 F. 2d 944, 952-53 (2d Cir. 1968).  The court concluded that defendant Forbes did not already possess the pertinent information by virtue of the fact that he had already received the SEC settlement agreement.  The court also concluded that the dollar amounts of

the pertinent expenditures and sums retained were not cumulative

on the issue of bias and that the requests were not unreasonable

or oppressive.

Finally, the court concluded that the subpoena did not

constitute a "fishing expedition."  Defendant Forbes had

explained that the documents being sought were business records,

such as checks and bank records, and the descriptions of the

documents to be produced had been worded to make it clear that

Corigliano was not being called upon to produce all documents

that reflected such expenditures and sums retained, but rather

only what was necessary to identify the expenditures and sums

described in the subpoena.

Dated this 31st day of October 2005, at Hartford,

Connecticut.


                                    _____/s/_____
                                         Alvin W. Thompson
                                    United States District Judge