```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


------------------------------
UNITED STATES OF AMERICA,     )
                              )
v.                            )    Criminal No. 3:02CR00264(AWT)
                              )
WALTER A. FORBES              )
------------------------------
```

**RULING ON MOTION OF NON-PARTIES COSMO CORIGLIANO AND KRAMER LEVIN NAFTALIS & FRANKEL LLP TO QUASH RULE 17(C) SUBPOENAS FOR REMEDIAL RELIEF**

For the reasons set forth below, the instant motion to quash and for remedial relief is being granted in part and denied in part.

The movants have submitted an Amended Memorandum of Law in Support of Motion of Non-Parties Cosmo Corigliano and Kramer Levin Naftalis & Frankel LLP to Quash Rule 17(c) Subpoenas and for Remedial Relief (the "Amended Memorandum") (Doc. No. 1816). Defendant Forbes' arguments in opposition are set forth in the Memorandum of Walter A. Forbes in Opposition to Motion of Cosmo Corigliano and Kramer Levin Naftalis & Frankel LLP to Quash Rule 17(c) Subpoenas (the "Opposition") (Doc. No. 1830). Finally, the movants have filed a Reply Memorandum of Law in Support of Motion of Non-Parties Cosmo Corigliano and Kramer Levin Naftalis & Frankel LLP to Quash Rule 17(c) Subpoenas and for Remedial Relief (the "Reply Memorandum") (Doc. No. 1883).

At various points in the Opposition, defendant Forbes states that further discussion of facts that support his demands, but

reveal his confidential trial strategy, is set forth in a supplemental memorandum he sought leave to file <u>ex</u> <u>parte</u> and under seal. The court denied this motion. <u>See</u> Ruling on Forbes' Retrial Motion No. 12 (Doc. No. 1907). As the trial progresses, defendant Forbes will presumably no longer have a concern about the confidentiality of his trial strategy, and he can flag for the court any additional facts that would support reconsideration of the court's ruling on a particular point.

**I. Calls Covered in Part IV of the Amended Memorandum**

    **A. "Renewal" Demands (Including Opposition III(F)(2), P.39)**

The motion to quash is being granted with respect to these calls for the reasons set forth at p. 19 of the Amended Memorandum and pp. 10-11 of the Reply Memorandum. With respect to the renewed subpoenas served on the five financial institutions (i.e., Citibank, T. Rowe Price, Liberty Bank, Fidelity and Fleet Bank), Forbes states that he seeks only documents sufficient to trace the proceeds of Corigliano's illicit stock sales. The court agrees with the movants that the subpoenas served on the financial institutions should be quashed for both lack of specificity and failure to satisfy the relevancy and admissibility requirements.

    **B. Retainer Agreement with Kramer Levin (Opposition III(K), P.44)**

As an initial matter, the court notes that the movants have

agreed to provide defendant Forbes with a letter reflecting the current balance of Corigliano's retainer. The motion to quash is being granted with respect to these calls for the reasons set forth at pp. 19-22 of the Amended Memorandum and pp. 11-12 of the Reply Memorandum.

    **C.**     **Fried Frank Retainer (Opposition III(L), P.46)**

Assuming that defendant Forbes will be provided, upon request, with a letter reflecting the current balance of Agnes Corigliano's retainer paid to Fried Frank, the motion to quash is being granted with respect to these calls for the reasons set forth at pp. 22-23 of the Amended Memorandum and p. 12 of the Reply Memorandum.

    **D.**     **Kramer Levin Billing Records Provided to Cendant (Opposition III(M), P.46)**

The motion to quash is being granted with respect to these calls, for the reasons set forth at pp. 23-24 of the Amended Memorandum and p. 12 of the Reply Memorandum.

    **E.**     **Alleged Agreements with the S.E.C. Concerning Expenditures and Retainers (Opposition III(G), P.40)**

The motion to quash is being granted with respect to these calls for the reasons set forth at pp. 24-25 of the Amended Memorandum. The court concludes that the movants' characterization of defendant Forbes as "[p]ersisting in pressing [a] self-created fiction" appears to be accurate. Amended Memorandum at 24. Defendant Forbes criticizes the movants for

referring to the testimony of David Frohlich but citing to Corigliano's testimony instead of to the testimony of Frohlich. Defendant Forbes then asserts that Frohlich's testimony does not support Corigliano's testimony, but defendant Forbes does not cite to Frohlich's testimony either. In fact, Frohlich's testimony is fully consistent with Corigliano's testimony. As to Corigliano's payment of ordinary and reasonable expenses up to July 7, 2004, Frohlich testified as follows:

> He could continue his reasonable expenses. There is one other check on all of this, however. The consent also requires that Mr. Corigliano -- actually, the Coriglianos were going to have to turn an accounting in to the receiver and the court and the receiver would then give the Commission and the court a report as to the assets of Mr. Corigliano had turned over, anything he might not have turned over. Just generally check as to all the assets expenses.

(Tr. Tran. 13608:15-23.) Frohlich also testified that "he could make reasonable expenses. Everything would be subject, however to the receiver's report to the court pursuant to the consent and judgment which was going to come after this." (Tr. Tran. 13609:22-25.)

As to Corigliano's use of the retainer to pay his legal expenses, Frohlich testified that "he could use reasonable expenses. I don't know that there was any dollar amount involved. As long as they were his reasonable ongoing legal fees, he could use part of that money, yes." (Tr. Tran. 13604:13-16.) In addition, Frohlich indicated that the question of the use of the retainer was covered by the consent and

4

judgment between Corigliano and the S.E.C.. Frohlich testified that:

> Counsel for Corigliano informed the Commission that there were retainers at Kramer Levin and at Fried Frank and that they would not in any way go or be returned to the Coriglianos. That statement was made to the staff. There was no further -- no one promised, there was no documentation of it. In my view, the judgment covered the matter anyway.

(Tr. Tran. 13603:13-19.) He also testified that "[c]ounsel made a representation to the Commission, counsel for Corigliano, and that certainly did happen. And in my mind, that was the end of it because I believed the matter was taken care of in the consent anyway." (Tr. Tran. 13605:8-11).

The court notes that there is no authority for defendant Forbes' demand for a written confirmation, in a form admissible at trial, that no responsive documents exist. This is a demand that is repeated in several other areas of the Opposition.

Finally, the court notes that defendant Forbes' characterization of Frohlich's testimony as not supporting Corigliano's testimony, and his insistence that Corigliano and his counsel be required to respond to the subpoenas with such a written confirmation, only heighten the court's concern about accepting an ex parte supplemental memorandum from defendant Forbes.

### F. The Coriglianos' Expenditures Between April and July 2004 (Opposition III(B), P.29)

The court agrees with defendant Forbes that it has not ruled

in the past on a request for documents sufficient to identify all expenditures regardless of amount. The court has two concerns with respect to defendant Forbes' current demands. First, defendant Forbes has not met his burden of demonstrating that he is not engaging in a "fishing expedition" into the Corigliano family finances; the $1,000 floor that was utilized in the initial trial seemed reasonably calculated to obtain documents that would reflect "benefits" Corigliano was allowed to enjoy that would be put into evidence. However, it seems implausible that documents evidencing any other expenditures, regardless of amount (hypothetically, a $20 check, charge or debit for Girl Scout cookies), is what defendant Forbes is considering introducing as evidence of motive and/or bias. In addition, requiring Corigliano to produce information on expenditures regardless of amount is in the context of this case unreasonable. The court concludes that the subpoena should be modified pursuant to Fed. R. Crim. P. 17(c)(2) so that defendant Forbes receives only the supplemental schedule sufficient to quantify the Coriglianos' total expenditures and amounts under $1,000 during the period from April to July 2004.

### G. The Coriglianos' S.E.C. Affidvait (Opposition III(F)(1), P.36)

The motion to quash is being denied with respect to Coriglianos' S.E.C. affidavit and its exhibits. The document sought is relevant on the issue of bias. This does not appear to

be a situation where production is barred because Rule 17(c)
subpoenas should not be used to circumvent the limits on
discovery in a criminal case under Fed. R. Crim. P. 16. See
United States v. Beckford, 963 F. Supp. 1010, 1031 (E.D. Va.
1997) ("[A] Rule 17(c) subpoena duces tecum is improper where it
calls for the production of Brady, Jencks or Giglio material").

> **H. Documents Exchanged and Communications with the Government and/or Cendant (Opposition III(C), P.30)**
>
> **-and-**
>
> **I. Subpoena Exhibits A-V (Opposition III(C), P.30)**

The motion to quash is being granted with respect to these
calls for substantially the reasons set forth at pp. 28-31 of the
Amended Memorandum and pp. 15-16 of the Reply Memorandum.

> **J. Communications Between Mr. Corigliano and Kramer Levin Between April 1998 and January 2000 (Opposition III(N), P.46)**

The motion to quash is being granted with respect to these
calls for the reasons set forth at pp. 31-33 of the Amended
Memorandum and p. 16 of the Reply Memorandum.

> **K. Polygraph-Related Demands (Opposition III(O), P.52)**

The motion to quash is being granted with respect to these
calls for the reasons set forth at pp. 33-35 of the Amended
Memorandum and pp. 16-19 of the Reply Memorandum.

> **L. Documents Concerning "Benefits" From Cooperation (Opposition III(P), P.52)**

The motion to quash is being granted with respect to these

calls. Defendant Forbes has not met his burden of showing that his demand for all documents related to benefits Corigliano received or may receive because of his cooperation with the government satisfies the requirements under Nixon that the documents be evidentiary and relevant, and that the application is not intended as a general "fishing expedition."

**M.    Connecticut Board of Accountancy (Opposition III(Q), P.53)**

The motion to quash is being granted with respect to these calls for substantially the reasons set forth by the movants at pp. 37-38 of the Amended Memorandum and p. 19 of the Reply Memorandum.

**N.    Budget and Living Expense Information and Other Financial Information Mr. Corigliano Provided to His Counsel (Opposition III(D), P.33)**

The motion to quash is being granted with respect to these calls. Defendant Forbes argues that this information is relevant to the benefits received by Corigliano. However, the benefits that the government permitted Corigliano to enjoy are reflected in the periodic reports sent by Corigliano's counsel to the S.E.C. (all of which have been provided to defendant Forbes), and it is clear that defendant Forbes seeks Corigliano's communications with his counsel solely with a view toward finding support for a back door attack on Corigliano's credibility.

**II. Calls Covered in Part V of the Amended Memorandum**

    **A. Post-2004 Trial Communications Relating to the Government and Benefits (Opposition III(R), P.54)**

The motion to quash is being denied as moot with respect to these calls, in view of the representations by the movants that they are not aware of any such documents in their possession.

    **B. Date of Meetings With the Government Since the 2004 Trial (Opposition III(H), P.41)**

The motion to quash is being granted with respect to the call to Kramer Levin because it would be unduly burdensome and oppressive to require Kramer Levin to dig through its files and calendars to establish such dates. The motion to quash is being denied as moot with respect to the calls to Corigliano in view of the representation that no such documents exist.

    **C. Credit Card and Loan Applications (Opposition III(S), P.56)**

The motion to quash is being granted with respect to these calls for the reasons set forth at pp. 41-42 of the Amended Memorandum and p. 21 of the Reply Memorandum.

    **D. Crystal Journey Candles Documents (Opposition III (T), P.56)**

The motion to quash is being granted with respect to these calls for the reasons set forth at pp. 42-44 of the Amended Memorandum and pp. 21-22 of the Reply Memorandum.

    **E. 2000-2003 Property Taxes (Opposition III(U), P.57)**

The motion to quash is being granted with respect to these

calls for the reasons set forth at p. 44 of the Amended Memorandum and p. 22 of the Reply Memorandum.

    **F.**    **September 2003 Asset Information (Opposition III(E), P.36)**

The motion to quash is being granted with respect to these calls for the reasons set forth at pp. 44-45 of the Amended Memorandum and p. 23 of the Reply Memorandum.

    **G.**    **Legal Fees Advanced by Cendant (Opposition III(I), P.42)**

The motion to quash is being granted in part and denied in part with respect to these calls. The motion is being denied with respect to KL#1/6 and 7 and CC#1/12 and 13. The requested documents go to bias because of the fact that the legal fees are being paid by Cendant Corporation, whose interests in this case are in common with those of the government. However, to the extent documents satisfying these calls are produced by one of the movants, there need not be a duplication of effort by the other movant. The motion to quash is being granted with respect to KL#1/9 because it is overly broad.

    **H.**    **Receiver Documents (Opposition III(J), P.43)**

The motion to quash is being granted with respect to these calls for the reasons set forth at pp. 46-48 of the Amended Memorandum and p. 24 of the Reply Memorandum.

**III.**  **Request for Remedial Relief in Part VI of the Amended Memorandum**

Defendant Forbes' extensive use of Rule 17(c) subpoeanas

10

creates a case management concern. There have been numerous motions to quash in this case, which have to a large extent been granted, but only after extensive, but necessary, briefing. The process has been costly to the non-parties involved and burdensome to them and the court. However, the process does appear to inure to the benefit of defendant Forbes, because even when a motion to quash is granted as to a particular call, the movants must frequently make representations as to particular matters in order to support the motion to quash, thus affording defendant Forbes some degree of discovery to which he is not entitled. Therefore, the court has concluded that adoption of a procedure similar to that suggested by the movants is appropriate in this case, but it should not be limited to Corigliano.

Accordingly, first, before any additional Rule 17(c) subpoena is issued by defendant Forbes, his counsel shall file a signed certification (with notice to the government and, if Forbes is aware of the identity of counsel of the person being served with the subpoena, to that person's counsel) affirming that after adequate investigation counsel reasonably believes (i) that the subpoena is issued in good faith, (ii) that it calls for documents that will be admissible into evidence -- indicating generally what category of admissible evidence, and (iii) that the court has not already quashed a prior subpoena demand that called for the identical or substantially similar documents or

11

otherwise precluded the admission into evidence of such documents; and second, that to the extent defendant Forbes wishes to reissue a Rule 17(c) subpoena for documents where the court has already quashed a prior subpoena demand that called for identical or substantially similar documents, he shall move for reconsideration of the court's order specifying, the bases on which he believes reconsideration is warranted.

Also, before any additional Rule 17(c) subpoena is issued by defendant Forbes related to Corigliano, including document and testimonial subpoenas, defendant Forbes' counsel shall go through the process outlined above (with notice to the government and to counsel for Corigliano).

## IV. Conclusion

Accordingly, the Motion of Non-Parties Cosmo Corigliano and Kramer Levin Naftalis & Frankel LLP to Quash Rule 17(c) Subpoenas and For Remedial Relief (Doc. No. 1759) is hereby GRANTED in part and DENIED in part.

It is so ordered.

Dated this 1st day of November 2005 at Hartford, Connecticut.

_____/s/_____
Alvin W. Thompson
United States District Judge