UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------
UNITED STATES OF AMERICA,      )
                               )
v.                             )      Criminal No. 3:02CR00264(AWT)
                               )
WALTER A. FORBES and           )
E. KIRK SHELTON                )
-------------------------------
```

**RULING ON MOTION OF NON-PARTY COSMO CORIGLIANO TO QUASH RULE 17(C) SUBPOENA (Doc. No. 113)**
**AND**
**RULING ON MOTION OF NON-PARTY COSMO CORIGLIANO TO QUASH RULE 17(C) SUBPOENAS (Doc. No. 162)**
**AND**
**RULING ON MOTION OF NON-PARTIES COSMO CORIGLIANO AND KRAMER LEVIN NAFTALIS & FRANKEL LLP TO QUASH RULE 17(C) SUBPOENAS (Doc. No. 589)**

The Motion of Non-Party Cosmo Corigliano to Quash Rule 17(c) Subpoena (Doc. No. 113); the Motion of Non-Party Cosmo Corigliano to Quash Rule 17(c) Subpoenas (Doc. No. 162); and the Motion of Non-Parties Cosmo Corigliano and Kramer Levin Naftalis & Frankel LLP to Quash Rule 17(c) Subpoenas (Doc. No. 589) were GRANTED on May 6, 2004. See Trial Tr. 596. See also Ruling on Anne M. Pember's Motion to Quash the Sixth and Seventh Rule 17 (c) Subpoenas of Defendant Walter A. Forbes (Doc. No. 1906) at 13-15.

In connection with the March 31, 2004 motion to quash (see Doc. No. 589), the court found particularly troubling the representation by the movants that they were misled by defendant Forbes. The court credits this representation. Specifically, the movants stated in their supporting memorandum the following concerning the defendant's subpoenas:

> First, they represent a complete about-face from defendants' expressed representation in connection with the first-round of subpoenas that they were not seeking attorney work product. As early as January 2002, defendants told us that their original subpoena to Mr. Corigliano was "directed to Mr. Corigliano and not [Kramer Levin] and that the subpoena does not seek any materials protected by attorney client privilege or any of [counsel's] attorney work product." Later counsel for Mr. Forbes expressly represented in a letter, and then repeated to this Court, that defendants were not seeking "confidential attorney work product," defined as "(a) materials generated by your firm in anticipation of or in connection with litigation (including notes and memoranda) that were not shared with third parties; and (b) materials that existed as of April 14, 1998 but were gathered by your firm or your client at your firm's direction after April 14, 1998."
> In connection with their latest subpoenas, however, and particularly the subpoena served directly on Kramer Levin, defendants fail to carve out the very exception for work product that they expressly acknowledged was appropriate in connection with their earlier subpoenas. This startling reversal, which threatens a wholesale trampling on the work product of Mr. Corigliano's attorneys, is itself a sufficient reason to quash any and all requests for Kramer Levin's notes and internal memoranda concerning Mr. Corigliano's cooperation with the government.

Memorandum of Law in Support of Motion of Non-Parties Cosmo Corigliano and Kramer Levin Naftalis & Frankel LLP to Quash Additional Rule 17(c) Subpoenas (Doc. No. 590) at 5 (footnotes omitted). In addition, the movants stated in their reply memorandum:

> Defendants essentially concede that as early as January 2002, they expressly disclaimed any interest in materials Kramer Levin's files that were protected by the attorney-client privilege or work-product doctrine and attempt to justify their complete about-face with the meager assertion that "circumstances have changed." But it is fundamentally unfair to allow a party to a litigation to reverse course mid-stream and change their position like

> this. This is particularly so where, as here, Kramer Levin directly relied on defendants' representations -- going back to our earliest conversations about the first subpoenas -- that they were not seeking Kramer Levin attorney notes, and continued to take noted and generate other privileged materials, all based on our understanding that such items were not and would not be the target of defendants' efforts to obtain impeachment materials under Rule 17(c). We were, in short, misled.

Reply Memorandum of Law in Support of Motion of Non-Parties Cosmo Corigliano and Kramer Levin Naftalis & Frankel LLP to Quash Additional Rule 17(c) Subpoenas (Doc No. 709) at 1-2. The court reviewed footnote 11 in the Memorandum of Walter A. Forbes in Opposition to Motions of (1) Cosmo Corigliano and (2) Kramer Levin Naftalis & Frankel LLP to Quash Additional Rule 17c Subpoenas (Doc. No. 640) and did not find defendant Forbes' explanation credible.

Dated this 5th day of November 2005 at Hartford, Connecticut.

                                           /s/
                                Alvin W. Thompson
                      United States District Court