# EXHIBIT 1

KRAMER LEVIN NAFTALIS & FRANKEL LLP

919 THIRD AVENUE

NEW YORK, N.Y. 10022 - 3852

GARY P. NAFTALIS
PARTNER
TEL (212) 715-9253
FAX (212) 715-9238
gnaftalis@kramerlevin.com

47. AVENUE HOCHE
75008 PARIS
FRANCE

August 29, 2000

<u>Via Federal Express</u>

James A. Kidney, Esq.
Assistant Chief Litigation Counsel
Securities and Exchange Commission
Division of Enforcement
450 Fifth Street, N.W., Stop 8-8
Washington, DC  20549-0808

Dear Jim:

I enclose an original of the letter agreement, executed by the Coriglianos, Harvey Pitt and me.

Kindest regards.

Sincerely,

Gary P. Naftalis

GPN/hg
Enclosure

cc:    Harvey Pitt, Esq., w/enclosure
       Audrey Strauss, Esq., w/enclosure

KL3:2042533.1

NSC 0076

KRAMER LEVIN NAFTALIS & FRANKEL LLP

James A. Kidney, Esq.
August 29, 2000
Page 3

bcc:    Cosmo and Terri Corigliano, w/enclosure

KL3 2042533.1

KRAMER LEVIN NAFTALIS & FRANKEL LLP

919 THIRD AVENUE

NEW YORK, N.Y. 10022 - 3852

GARY P. NAFTALIS
PARTNER

TEL (212) 715-9253
FAX (212) 715-9238
gnaftalis@kramerlevin.com

47. AVENUE HOCHE
75008 PARIS
FRANCE

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

ONE NEW YORK PLAZA

NEW YORK, N.Y. 10004-1980

(212) 859-8000

HARVEY L. PITT
PARTNER

TEL (202) 639-7100
FAX (202) 639-7008
pittha@ffhsj.com

1001 PENNSYLVANIA AVE. N.W.
WASHINGTON, D.C. 20004-2505

August 28 , 2000

Richard H. Walker, Esq.
Director
Division of Enforcement
Securities and Exchange Commission
Mail Stop 8-1
450 Fifth St., N.W.
Washington, D.C. 20549-0801

Re:    SEC v. Cosmo Corigliano, Anne M. Pember, et al., 00 Civ. 2873 (D. N.J.)
       (the "Action")

Dear Mr. Walker:

This letter is an agreement by Cosmo Corigliano and Agnes T. Corigliano ("our clients"), whose signatures are executed below, not to secrete, spend or otherwise dissipate existing assets, identified in Attachment A hereto, by their actions or those of their family members, agents, or others under their direct or indirect control.  This agreement permits limited expenditures, if necessary, from investment earnings of these assets to meet, but not to exceed, the budget described in Attachment B hereto, but for no other purpose.  However, such expenditures from assets, if any, are permitted only (i) after all earned (i. e., non-investment income) of family members has been spent pursuant to the budget and (ii) if investment income exceeds the amount of withdrawals necessary to meet budgeted expenses.  Should market conditions change so as to make meeting condition (ii) impractical, our clients and the Division shall consult as to such reasonable withdrawals from principal as may be necessary and appropriate to meet the budget, but any such withdrawals from principal shall be made only with the Division's written consent.

KL3 2042961.2

Our clients further agree that they will preserve the assets in Attachment A, to the extent market conditions permit, until this dispute is resolved. Should additional assets come into their possession before this dispute is resolved, those assets shall be added to those in Attachment A and be preserved and increased subject to the provisions of this agreement.

In order to insure that the provisions of this agreement are met, our clients agree to complete and provide to the Division of Enforcement the Statement of Assets, Liabilities and Expenditures in the form of Attachment C, hereto, on a quarterly basis, 20 days after the end of each quarter, beginning with the quarter ended September 30, 2000. Our clients also agree to provide such documentation as the Division may reasonably request in support of each such Statement.

Should it be necessary, in the judgment of our clients, to materially exceed budgeted living expenses as provided in Exhibit B, no such excess expenditure shall be made without first obtaining the written consent of the Division of Enforcement, which shall not be unreasonably withheld. Nor shall our clients, or any of their family members, agents or custodians of the assets identified in Attachment A, make any withdrawals, except as may be necessary to meet the spending provisions of the budget in Attachment B, or reallocate either ownership or the investment vehicle of any such assets, without the prior written consent of the Division of Enforcement.

By executing their signatures below, our clients agree to all of the provisions stated above and, further, agree that, should there be a material breach of this Agreement by them, the Commission may move the United States District Court for the District of New Jersey for such relief as the Commission may deem appropriate.

Our clients also understand and agree that they and the Securities and Exchange Commission may, upon 30 days notice, terminate this agreement, and move, on reasonable notice, to seek such interim or final relief as they or the Commission deem appropriate.

Further, our clients understand that any material breach of this agreement may be brought to the attention of the Court in the criminal matter to which Cosmo Corigliano has entered a guilty plea.

KL3 2048961 2

NSC 0079

Nothing in this Agreement shall be deemed or construed as a waiver of any remedy, right or defense that the Commission or our clients have in the Action or an admission as to any defense or claim or the propriety of any relief, interim or final, that any party may seek therein or in any other proceeding.

Very truly yours,

Gary P. Naftalis
Kramer, Levin, Naftalis &
Frankel LLP
Counsel for Cosmo Corigliano

Harvey L. Pitt
Fried, Frank, Harris, Shriver & Jacobson
Counsel for Agnes T. Corigliano

I have read the foregoing letter to Richard H. Walker of the Securities and Exchange Commission and understand it fully. I hereby acknowledge that it sets forth my agreement with the Division of Enforcement of the Securities and Exchange Commission.

COSMO CORIGLIANO

SUBSCRIBED AND SWORN BEFORE ME
THIS 20 DAY OF August , 2000

Notary

My Commission expires on October 19 2000

LILIYA SURIS
NOTARY PUBLIC, State of New York
No. 01SU6014860
Qualified in Kings County
Commission Expires Oct. 19, 20 00

I have read the foregoing letter to Richard H. Walker of the Securities and Exchange Commission and understand it fully. I hereby acknowledge that it sets forth my agreement with the Division of Enforcement of the Securities and Exchange Commission.

AGNES T. CORIGLIANO

SUBSCRIBED AND SWORN BEFORE ME
THIS 20 DAY OF August , 2000

Notary

My Commission expires on October 19 2000

LILIYA SURIS
NOTARY PUBLIC, State of New York
No. 01SU6014860
Qualified in Kings County
Commission Expires Oct. 19, 20 00

- 3 -

KL3 2049961 7

NSC 0080

## Attachment A: Assets of Cosmo Corigliano and Family
### [April 2000; July 2000 Spouse]

| | | |
|---|---:|---|
| **Cash** | | |
| People's Bank Jt. Checking Acct. No. 1 | 5,700 | |
| People's Bank Jt. Checking Acct. No. 2 | 44,400 | |
| People's Bank Jt. Savings Acct. | 9,300 | |
| People's Bank Spouse Checking Acct. | 60,000 | |
| **Real Estate** | | |
| Trumbull CT | 180,000 | |
| Old Saybrook, CT | 1,745,000 | |
| **Autos** | 13,200 | |
| **Securities** | | |
| Fidelity CT Muni Fund (Joint) | 1,200 | |
| Smith Barney Inv. Fund | 2,042,300 | |
| Fairfield Capital Partners | 1,245,700 | |
| Cendant Stock | 1,773,700 | [130,777 shares @ $13.5625/share] |
| Cendant Stock Options | 3,000,000 | ["in excess of"] |
| Vanguard Tax Exempt Investment Funds (Spouse) | 225,000 | |
| T. Rowe Price Tax Exempt Investment Funds (3 accts – Spouse) | 2,448,000 | |
| Fidelity Tax Exempt Investment Funds (2 accts – Spouse) | 1,230,000 | |
| Merrill Lynch Equity Acct. (Spouse) | 504,000 | |
| Merrill Lynch Investment Fund (Spouse) | 214,000 | |
| **Pensions, IRA, Keough** | | |
| Smith Barney IRA | 327,500 | |
| Sailboat | 45,000 | |
| Mary Corigliano Trust Fund | 200,000 | |
| Michael Corigliano Trust Fund | 200,000 | |
| David Corigliano Trust Fund | 200,000 | |
| Crystal Journey Candles LLC | 750,000 | [purchase price] |
| **TOTAL** | 16,464,000 | |

8/1/00

NSC 0081

## Attachment B:  Budget for Cosmo Corigliano and Family

**Family Expenses**

| | |
|---|---:|
| Auto | 5,600 |
| Insurance | 6,400 |
| Clothing | 10,000 |
| Tuition | 7,500 |
| Childrens' Activities:  Music Lessons, Sports, etc. | 12,000 |
| Food | 23,000 |
| Home Maint | 16,000 |
| Health Expenses (including insurance) | 14,500 |
| Real Estate & Property Taxes | 25,000 |
| Utilities | 21,000 |
| Miscellaneous | 10,000 |
| House Repairs/improvements (one-time charges) | 17,000 |
| Income Taxes | 65,000 |
| **Subtotal** | **233,000** |
| Candle Company (one time expense) | 51,325 |
| **Subtotal** | **51,325** |

**Cosmo parents**

| | |
|---|---:|
| Food, utilities, insurance, medicine | 25,000 |
| Property Taxes | 3,800 |
| **Subtotal** | **28,800** |

**Terri's Mother**

| | |
|---|---:|
| Living Expenses | 12,000 |
| Property taxes | 8,000 |
| **Subtotal** | **20,000** |
| **GRAND TOTAL** | **333,125** |

8/1/00

NSC 0082

Attachment C

## QUARTERLY STATEMENT OF ASSETS, LIABILITIES AND EXPENDITURES OF THE FAMILY OF COSMO CORIGLIANO AND AGNES T. CORIGLIANO

The following information is to be provided within 20 days after the close of each calendar quarter to James A. Kidney, Securities and Exchange Commission, Mail Stop 8-8, 450 Fifth St., N.W., Washington, D.C. 20549. Detailed asset and liability information provided in earlier reports need not be repeated if the account is reasonably identified below so that quarterly comparisons may be made, assuming there has been no change in such account information. The dollar amount of any such assets and liabilities must be again stated, however, for each quarter.

I.      Statement of Assets as of _____.

List all assets owned by Cosmo Corigliano, Agnes T. Corigliano or any other member of their household, directly or indirectly, and all assets which are subject to their possession, enjoyment or control, regardless of whether legal title or ownership is held by a relative, trustee, lessor, or any other intermediary, including but not limited to the categories indicated below. For each asset identified below with a fair market value of greater than $1,000, describe the asset, identify the owner, state the form of ownership (e.g., individual, joint, beneficial interest), provide the name of the institution in which the asset is held and the account number, if any, and state a fair market value of the asset and how the fair market value was determined (i.e., most recent account statement, appraisal, estimate, etc.).

1.      Cash                                              _____

2.      Cash surrender value of insurance                 _____

3.      Accounts receivable                               _____

4.      Loans or notes receivable                         _____

5.      Real estate                                       _____

6.      Furniture and Household Goods                     _____

7.      Automobiles                                       _____

8.      Securities                                        _____

9.      Partnership interests                             _____

10.     Net value of ownership interest in business       _____

1

NSC 0083

11.    IRA, Keogh, 401(K) or pension accounts _____

12.    Other (itemize) _____

_____

       Total Assets _____


II.    **Liabilities as of** _____.

List all liabilities, including but not limited to the items listed below.  Identify original principal amount of the liability, the amount remaining to be paid, the monthly payment, if any, the name of each creditor, the account number of the debt, if any, and the basis for reporting the liability (e.g., recent account statement, estimate, etc.).

1.    Mortgages _____

2.    Auto loans _____

3.    Credit card debt _____

4.    Loans on insurance policies _____

5.    Installment loans _____

6.    Other loans or notes payable _____

7.    Other (itemize): _____

_____

III.    **Income/Expenses**

       **A. Income**

       List all income over $1,000 from any source received during the quarter.  Identify the source of the income and the amount.

1.    Salary/wages _____

2.    Consulting fees _____

3.    Dividends _____

4.    Interest _____


2

NSC 0084

5.   Annuities                                      _____

6.   Pensions                                       _____

7.   Rents/royalties                                _____

8.   Sales of assets                                _____
     [Note: asset sales, other than those conducted by fund or portfolio managers or
pursuant to distribution of dividends and capital gains for such accounts, require the
written consent of the Division of Enforcement]

9.   Repayment of loans                             _____

10.  Gifts                                          _____

11.  Other (itemize)  _____

**B. Expenditures**

Total approximate expenditures for the quarter: _____.

List each expenditure over $5,000:

Identify any expenditure over $2,000 which is not within a category of the budget
which was Attachment B to your agreement with the Division of Enforcement. _____

_____

3

NSC 0085

## C. Budget Compliance

Based upon expenditures to date, it is our belief that our expenditures are within the range provided in the annual budget described as Attachment B to our agreement with the Division of Enforcement of the Securities and Exchange Commission providing for expenditure limits.

[Check one]

Yes        _____

No        _____

If No. explain in what categories you expect to exceed the budget, why, and by how much.

_____

I declare that I have examined the information given in this statement and, to the best of my knowledge and belief, it is true and complete.

_____
COSMO CORIGLIANO

I declare that I have examined the information given in this statement and, to the best of my knowledge and belief, it is true and complete.

_____
AGNES T. CORIGLIANO

4

NSC 0086

EXHIBIT 2

*delivered by hand to J. Friedman 3/1/00 by DF*

# UNITED STATES
## SECURITIES AND EXCHANGE COMMISSION

## STATEMENT OF FINANCIAL CONDITION OF
## COSMO CORIGLIANO

I.     **Statement of Assets and Liabilities as of** _____ :

A.     **Assets:**

List all assets owned by you, your spouse, or any other member of your household, directly or indirectly, and all assets which are subject to your or your spouse's possession, enjoyment, or control, regardless of whether legal title or ownership is held by a relative, trustee, lessor, or any other intermediary, including but not limited to the categories indicated below.

| | | |
|---|---|---|
| 1. | Cash | _____ |
| 2. | Cash Surrender Value of Insurance | _____ |
| 3. | Accounts Receivable | _____ |
| 4. | Loans or Notes Receivable | _____ |
| 5. | Real Estate | _____ |
| 6. | Furniture and Household Goods | _____ |
| 7. | Automobiles | _____ |
| 8. | Securities | _____ |
| 9. | Partnership Interests | _____ |
| 10. | Net Value of Ownership Interest in Business | _____ |
| 11. | IRA, Keogh, 401(k), or Pension Accounts | _____ |
| 12. | Other (Itemize) | _____ |
| 13. | _____ | _____ |
| 14. | _____ | _____ |
| 15. | _____ | _____ |
| | **Total Assets** | _____ |

CCO231

**B.**     **Liabilities:**

List all liabilities, including but not limited to the items listed below.

1.     Mortgages                    _____

2.     Auto Loans                  _____

3.     Credit Card Debt          _____

4.     Loans on Insurance Policies     _____

5.     Installment Loans         _____

6.     Other Loans or Notes Payable    _____

7.     Accrued Real Estate Taxes      _____

8.     Judgments/Settlements Owed    _____

9.     Other (Itemize):          _____

10.    _____

11.    _____

         **Total Liabilities**          _____

**C.**     **Net Worth (Assets Minus Liabilities)**     _____

D.   For each asset with a fair market value of greater than $1000, describe the asset, state the form of ownership (*e.g.*, individual, joint, beneficial interest), provide a fair market value, and explain how fair market value was determined (*e.g.*, appraisal, comparison, estimate, etc.).

E.   For each liability, indicate the date incurred; the original amount of the liability; the length of the obligation; the interest rate; the collateral or security, if any; who is responsible for the obligation; the outstanding balance; the name(s) and address(es) of all obligee(s); and your relationship (if any) to each creditor.

CCQ
234 Missing

**II.    Cash Flow Information**

    **A.    Income/Receipts**

List all money or other income received from any source on a monthly basis by you, your spouse, or any other member of your household, identifying the source, recipient, and amount. For any income received on a basis other than monthly, convert to a monthly basis for the purposes of this statement.

| Description | Source | Amount |
|---|---|---|
| 1.  Salary/Wages | | |
| 2.  Commissions/Advances | | |
| 3.  Consulting Fees | | |
| 4.  Dividends | | |
| 5.  Interest | | |
| 6.  Annuities | | |
| 7.  Pensions | | |
| 8.  Rents/Royalties | | |
| 9.  Sales of Assets (Net) | | |
| 10. Repayment of Loans | | |
| 11. Payments on obligations made on your behalf by others | | |
| 12. Fringe Benefits (*e.g.*, car) | | |
| 13. Alimony/Child Support | | |
| 14. Gifts/Bonuses | | |
| 15. Other (Itemize) | | |
| 16. | | |
| **Total Receipts** | | |

- 5

**B.    Expenses/Disbursements**

List all monthly expenditures for whatever purpose for you or your household for the past 12 months, identifying the purpose and the amount, including projected expenses. For any expenditure which varies from month to month, indicate a range of amounts and the average amount on a monthly basis.

| **Description** | | **Amount** |
|---|---|---|
| 1. | Mortgage/Rent | |
| 2. | Food | |
| 3. | Utilities | |
| 4. | Payment on Loans | |
| 5. | Real Estate Taxes | |
| 6. | Insurance Premiums | |
| 7. | Medical Expenses | |
| 8. | Automobile Expenses | |
| 9. | Alimony/Child Support | |
| 10. | Income Taxes | |
| 11. | Other Expenses (Itemize) | |
| 12. | | |
| 13. | | |
| 14. | | |
| 15. | | |
| | **Total Expenses/Disbursements** | ♦ |

*/    If you anticipate unusual expenses in the coming 12 months, please describe them.

CC0236

**III.    Other Information**

    A.    List any disbursement having a value of $1000 or more, made on your behalf, or on behalf of your spouse or children, by any other person or entity in the last five years, the amount of the disbursement, and the name and address of the person or entity who made the disbursement.

    B.    List all transfers of cash in an amount of $1000 or more, or assets or property with a cost or fair market value of $1000 or more, made by you in the last five years, and, if applicable, identify the value of the asset, the consideration received, and the relationship of the transferor to the transferee, or indicate that no such transfers have been made.

    C.    Identify any financial institution accounts (other than those identified in Item I.F. above) in which you have deposited more than $1000 in the last five years, or indicate that no such deposits have been made.

7

CC0237

D.    List all dependents, their ages, and whether or not they reside with you.

E.    Attach federal tax returns filed by you or on your behalf (including personal, trust, or business returns) in the last five years.

F.    Attach any federal gift tax returns filed by you or your spouse in the last five years.

G.    Attach any financial statement which the declarant has prepared in the last five years, for any purpose (e.g., such as a financial statement provided to a bank to secure a loan).

Under penalties of perjury, I declare that I have examined the information given in this statement, and attached hereto, and, to the best of my knowledge and belief, it is true, correct, and complete. I further declare that I have no assets, owned either directly or indirectly, or income of any nature other than as shown in, or attached to, this statement. I understand that any material misstatements or omissions made by me herein or in any attachments hereto may constitute criminal violations, punishable under 18 U.S.C. § 1001.

_____        _____
Cosmo Corigliano                                          Date

Sworn before me this _____ day of _____, 2000.

_____
Notary Public

My commission expires on _____

- 8 -

CCO238

# EXHIBIT 3

# KRAMER LEVIN NAFTALIS & FRANKEL LLP

919 Third Avenue

New York NY 10022

(212) 715-9100

---

### Fax Department: (212) 715-9191

### Fax Number: (212) 715-8000

**FROM:** Alan R. Friedman, Esq.     **DATE:**     May 26, 2000
**PHONE:** 212-715-9300

## PLEASE DELIVER AS SOON AS POSSIBLE TO:

| | RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|---|
| 1. | Thomas C. Newkirk, Esq. | Securities and Exchange Commission | 202-942-9636 | 202-942-4550 |

Total number of pages including this page: **6**

The documents accompanying this facsimile transmission are intended only for the use of the addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of the communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone. Thank you.

KL3:2036669.1

3423

KRAMER LEVIN NAFTALIS & FRANKEL LLP
919 THIRD AVENUE
NEW YORK, N.Y. 10022 - 3852

ALAN R. FRIEDMAN
PARTNER
TEL (212) 715-9300
FAX (212) 715-8000
gnaftalis@kramerlevin.com

47, AVENUE HOCHE
75008 PARIS
FRANCE

May 26, 2000

For Settlement Purposes Only
Via Facsimile

Thomas C. Newkirk, Esq.
Associate Director
Division of Enforcement
Securities and Exchange Commission
450 Fifth Street, N.W.
Washington, D.C.  20549

Re:    In the Matter of Cendant Corporation, No. HO-3401

Dear Tom:

            Pursuant to paragraph 12 of Mr. Corigliano's plea agreement and as part of his best efforts to settle any claims by the Commission, I enclose his asset, liability and asset transfer information.

            When Gary returns to the office on Tuesday, we can discuss the remaining items on the financial disclosure form.

            Best regards.

                        Yours sincerely,

                        *Alan L. Friedman*

                        Alan R. Friedman

Enclosure

KL3:1234567.1

3424

05/26/00  FRI 17:14 FAX 212 660 7066          KRAMER LEVIN

**United States**
**Securities And Exchange Commission**

Statement Of Financial Condition
Of Cosmo Corigliano

I.      Statement of Assets and Liabilities as of, or about, April 2000[1]

     A.    Assets:

        1.    Cash

            Joint Checking Account with his wife, Terri
            Corigliano, at People's Bank[2]                        $5,700

            Joint Savings Account with Terri Corigliano at
            People's Bank                                          9,300

            Joint Checking Account with Terri Corigliano at
            People's Bank                                         44,400

        2.    Real Estate

            Trumbull, Connecticut house where Mr.
            Corigliano's parents have resided since 1967[3]       180,000

        3.    Automobiles

            1993 Acura                               approximately 6,700[4]

            1965 Mercedes 230                        approximately 6,500[5]

---

[1]    All numbers rounded to the nearest hundred dollars and reflect best estimates based on currently available information. Amounts represent Mr. Corigliano's individual holdings, unless otherwise noted.

[2]    For purposes of this disclosure statement, we have listed the full balances in accounts owned jointly by Mr. and Mrs. Corigliano.

[3]    The Trumbull house was originally purchased by Mr. Corigliano's parents in about 1967, or approximately 33 years ago. They have continuously resided there since then. The house was transferred to Mr. Corigliano approximately eight years ago in or around 1992 when his parents were unable based on their own credit to obtain additional financing on the home. Mr. Corigliano became the owner of the property and then obtained the borrowing for his parents' benefit, based on his own credit as obligor.

[4]    Based on Kelley Blue Book (May 2000 edition) trade-in value.

[5]    Estimate based on NADA Guides Appraisal Report (May 2000 edition).

| | | | |
|---|---|---|---|
| 4. | Securities | | in excess of<br>8,071,900 |
| 5. | IRA, Keogh, 401(k) or Pension Accounts | | 327,500 |
| 6. | Other | | |
| | 1985 Sabre sailboat, purchased 1994, joint<br>ownership | | approximately 45,000 |

**B.**  **Liabilities:**

Negative Balance Due on Smith Barney Money Market    ($206,000)
Account

**C.**  **Description of Assets:**

One-family house in Trumbull, Connecticut, where Mr.
Corigliano's parents have lived continuously since    $180,000
approximately 1967, estimate.

People's Bank, Special Savings, joint ownership    9,300

People's Bank, Checking, joint ownership    5,700

People's Bank, Checking, joint ownership    44,400

1993 Acura, estimate based on Kelley Blue Book (May    approximately
2000 edition) trade-in value.    6,700

1965 Mercedes 230, estimate based on NADA Guides    approximately
Appraisal Report (May 2000 edition)    6,500

1985 Sabre sailboat, jointly owned, estimate    approximately 45,000

See response to paragraph I.E. for securities assets.

**D.**  **Description of Liabilities:**

Smith Barney Money Market Account Due    (206,000)

**E.**  **Description of Securities Assets and Accounts:**

Fidelity CT Muni MM, joint ownership    1,200

Smith Barney Investment Funds, individual ownership    2,042,300

- 2 -

3426

| | |
|---|---|
| Fairfield Capital Partners Investment Fund | 1,254,700 |
| Cendant Stock, individual ownership | 1,773,700[6] |
| Stock Options to Purchase Cendant Stock[7] | in excess of 3,000,000[8] |

F.  Description of Retirement Accounts:

Smith Barney, IRA                                                            327,500

G.  Description of Credit Card Accounts:

Citibank, credit limit $21,000

Bank One, credit limit $10,500

---

[6]    130,777 shares at $13.5625 per share. Closing price at 5/25/2000.

[7]    Mr. Corigliano presently holds Cendant stock options in the following amounts: (i) 150,000 options with a strike price at $22.33 and an expiry date of July 24, 2006; (ii) 230,000 options with a strike price at $20.50 and an expiry date of April 21, 2007; and (iii) 82,316 options with a strike price at $37.50 and an expiry date of March 2, 2008. Mr. Corigliano received the 82,316 options in lieu of cash compensation of $500,000, to which he was otherwise entitled. Moreover, prior to his termination by Cendant, Mr. Corigliano also held additional options to purchase 600,000 Cendant shares with a strike price of $31.375 and an expiry date of December 17, 2007, and options to purchase 300,000 Cendant shares with a strike price of $34.3125 and an expiry date of January 27, 2008, which he lost following his termination.

[8]    Valuations of the 380,000 options presently held by Mr. Corigliano are based on binomial or Black-Scholes models, which result in a value in excess of $3 million. This estimated value does not include the 900,000 options he received in December 1997 and January 1998 and that he lost following his termination.

3427

05/26/00  FRI 17:16 FAX 222 000 000

II.    Asset transfers subsequent to February 1, 1995:[9]

Dividing family assets based on financial and estate planning advice: Terri Corigliano, investment accounts in amount of $3,950,000.

Establishment of daughter Mary Corigliano's trust fund: $200,000.

Establishment of son Michael Corigliano's trust fund: $200,000

Establishment of son David Corigliano's trust fund: $200,000

$10,000 gift to each child's trust fund from joint account: total of $30,000

---

[9]    Pursuant to a real estate contract executed in October 1997, Terri Corigliano purchased a house in Greenwich, Connecticut for approximately $2,500,000. While not technically a transfer, Cosmo Corigliano was the original source of the funds used for the purchase of the home and the paydown of the mortgage on it (for which he was the obligor). The Corigliano family never resided in this house, which was sold in December 1998. The proceeds of that sale were paid to Mrs. Corigliano. The Corigliano family now lives in Old Saybrook, Connecticut in a home purchased by Terri Corigliano for approximately $1,745,000. Mrs. Corigliano also purchased Crystal Journey Candles, LLC for approximately $750,000, plus broker and other fees.

The Coriglianos' prior home in Stamford was jointly owned by them. The proceeds from the sale of that house, approximately $735,000, were paid to Mrs. Corigliano.

3428