707 Summer Street
P O Box 10049
Stamford, CT 06904-2049
203-324-9261


CUC INTERNATIONAL

04/21/1997

CUC

Dear COSMO            CORIGLIANO

I am pleased to advise you that the Compensation Committee (the "Committee") of the Board of Directors of CUC International Inc. (the "Corporation") on 04/21/1997 authorized the granting to you of a non-statutory option to purchase 230,000 shares of common stock, $.01 par value, of the Corporation (the "Common Stock") at a price of $20.5000 per share (the "Exercise Price"), which the Committee believes to be the fair market value on that date. Your option has been granted under the Company's 1987 Stock Option Plan (the "Plan").

Terms not defined herein shall have the meaning set forth in the Plan.

Your option may be exercised under the following terms:

(a) This option shall not be transferrable except: by will or the laws of descent and distribution; pursuant to a domestic relations order, as defined in the Internal Revenue Code of 1986, as amended (the "Code") or Title I of the Employee Retirement Security Act or the rules thereunder; or as a gift to your family memebers, trusts for the benefit of your family members or charities or other not-for-profit organizations.

(b) Subject to the provisions of paragraphs (e), (f) and (g) hereof, this option may be exercisable by you as follows:

You may purchase twenty percent (20%) of the Common Stock for which options are herein granted on or after February 1, 1998 and an additional twenty percent (20%) on or after each successive February 1.

Your right to exercise this option shall be cumulative. The Board of Directors of the Corporation may at any time accelerate the vesting of this option. This option shall expire on the tenth anniversary of the date of grant.

(c) If required by the Corporation, prior to the delivery to you of a certificate or certificates representing the shares of Common Stock purchased by you upon the exercise of this option, you shall have deposited with the Corporation a non-disposition letter (restricting disposition by you of the shares of Common Stock) in form satisfactory to counsel for the Corporation.

Confidential Treatment Requested by Mr. Cosmo Corigliano

CC 1885    3459

(2)

(d)  In the event of a stock split, stock dividend, recapitalization, reorganization, merger, consolidation, extraordinary dividend, split-up, spin-off, combination, stock repurchase, exchange of shares, warrants or rights offering to purchase stock at a price substantially below fair market value or other similar corporate event affecting the Common Stock, the number and kind of shares subject to this option and the Exercise Price shall be equitably adjusted (including by payment of cash to you) in the discretion of the Committee in order to preserve the benefits or potential benefits intended to be made available to you under this option. The determination of the Committee as to what adjustments shall be made, and the extent thereof, shall be final. Unless otherwise determined by the Committee, such adjustments shall be subject to the same vesting schedule and restrictions to which this option is subject. No fractional shares of Common Stock shall be reserved or authorized or made subject to this option by any such adjustment.

(e)  Notwithstanding anything herein to the contrary, if you die while in the employ of the Corporation or any of its subsidiaries or if you die within a period of three (3) months after your employment has terminated or if your employment is terminated by reason of total and permanent disability (as defined in Section 22(e)(3) of the Code), this option shall become immediately exercisable in full and, in the case of your death, your estate shall have the right to exercise your rights hereunder.

(f)  Notwithstanding anything herein to the contrary, in the event your employment or relationship with the Corporation or any of its subsidiaries is terminated for any reason other than death or total and permanent disability (as defined in Section 22(e)(3) of the Code,) you shall be entitled to exercise your options hereunder, to the extent exercisable on the date of termination, for a period of four (4) months from such termination, but in no event after the expiration of the term of the option.

(g)  You may pay for shares purchased pursuant hereto as follows:

   (i)  You may pay the Exercise Price per share in cash or check at the time of exercise;

   (ii) You may pay the Exercise Price by remitting to the Corporation in cash or by check an amount equal to or greater than the product of (a) the par value of the Corporation's Common Stock and (b) the number of shares of Common Stock acquired pursuant to the exercise of this option (such amount is hereinafter referred to as the "Minimum Payment") and by executing a promissory note for the balance equal to (A) the product of (i) the Exercise Price and (ii) the number of shares of Common Stock acquired pursuant to the exercise of this option less (B) the Minimum Payment (such balance is hereinafter referred to as the "Principal Amount"). Pursuant to the terms of the promissory note, interest will be charged per year at the lowest interest rate in effect at the time of exercise, which will prevent any imputation of income under Sections 483 or 7872 of the Code. Five years from the date of exercise, the Principal Amount plus interest compounded annually will be due. In the discretion of the Corporation's Board

1987 plan
9/30/96

Confidential Treatment Requested by Mr. Cosmo Corigliano

3460

CC 1886

(3)

of Directors, the Corporation may demand repayment of the Principal Amount plus accrued interest upon a termination of your employment with the Corporation or any of its subsidiaries. With notice of your exercise of your option, you must give notice of your election to use the loan arrangement described above. In the discretion of the Corporation's Board of Directors, you may be required to execute a pledge agreement. The Corporation will retain possession of certificates representing shares of Common Stock acquired pursuant to the exercise of this option until the loan is repaid in full;

(iii) Provided that at the time of exercise, Common Stock is publicly traded and quoted regularly in the Wall Street Journal, you may pay for the shares of Common Stock purchased pursuant hereto by delivery of already-owned shares of Common Stock owned by you free and clear of any liens, claims, encumbrances or security interests, which Common Stock shall be valued (a) if listed on a national securities exchange, at the average closing price for the ten (10) trading days immediately preceding the date of exercise, or (b) otherwise at the average of the closing bid and ask quotations published in the Wall Street Journal for the ten (10) trading days immediately preceding the date of exercise (as so valued, the "Fair Market Value");

(iv) If approved by the Committee, you may request that the Corporation withhold from the number of shares of Common Stock which you would otherwise acquire upon exercise of your option and payment of the Exercise Price therefor, that number of shares of Common Stock which have an aggregate Fair Market Value equal to the aggregate Exercise Price of all or any portion of the options which you are then exercising; or

(v) You may pay with any other legal consideration that may be acceptable to the Committee in its sole discretion at the time of exercise.

When you wish to exercise your stock option in whole or in part, please refer to the provisions of this letter and correspond in writing with the Secretary of the Corporation. This is not an incentive stock option under Section 422A of the Code.

Very truly yours,

*[signature]*

E. Kirk Shelton
President and Chief Operating Officer

EKS:kg

1987 plan
9/20/96

Confidential Treatment Requested by Mr. Cosmo Corigliano

3461

CC 1887


CENDANT

CENDANT-STAMFORD

03/02/1998

Dear Cosmo            Corigliano        :

I am pleased to advise you that the Board of Directors of Cendant Corporation (the "Corporation") on 03/02/1998 authorized the granting to you of a non-statutory option to purchase    82,316 shares of common stock, $.01 par value, of the Corporation (the "Common Stock") at a price of  $37.5000 per share (the "Exercise Price"), which the Board has determined to be the fair market value on that date in accordance with the terms of the Corporation's 1992 Bonus and Salary Replacement Stock Option Plan (the "Plan"), under which your option has been granted.

Terms not defined herein shall have the meaning set forth in the Plan.

Your option has the following terms:

(a)  Subject to the provisions of paragraphs (d), (e), (f) and (g) hereof, this option may be exercisable by you as follows:

You may purchase    27,438 shares of the Common Stock for which options are herein granted on or after January 1, 1999, and an additional   27,438 shares of the Common Stock on or after each successive January 1, through January 1, 2001.

Your right to exercise this option shall be cumulative. The Board of Directors of the Corporation may at any time accelerate the vesting of this option. This option shall expire on the tenth anniversary of the date of grant.

(b)  If required by the Corporation and applicable laws, rules and regulations, prior to the delivery to you of a certificate or certificates representing the shares of Common Stock purchased by you upon the exercise of this option, you shall have deposited with the Corporation a non-disposition letter (restricting disposition by you of the shares of Common Stock) in form satisfactory to counsel for the Corporation.

(c)  In the event of a stock split, stock dividend, recapitalization, merger, consolidation, reorganization, split-up, combination, or exchange of shares or the like, the number and kind of shares subject to this option and the Exercise Price shall be appropriately adjusted by the Board of Directors. The determination of the Board of Directors shall be final.

Cendant Corporation
6 Sylvan Way, Parsippany, NJ 07054 Tel: 973 428-9700 Fax: 973 496-7325
707 Summer Street, Stamford, CT 06901 Tel: 203 324-9261 Fax: 203 348-4528

Confidential Treatment Requested by Mr. Cosmo Corigliano        - 3462

CC 1938

- 2 -

(d) Notwithstanding anything herein to the contrary, if the Board of Directors of the Corporation or any committee of the Board of Directors, after full consideration of the facts, finds by majority vote that you have engaged in fraud, embezzlement, theft, commission of a felony, or dishonesty in the course of your employment by the Corporation, you shall forfeit all unexercised options for which the Corporation has not yet delivered share certificates, in each case whether such options are granted by this letter or otherwise. The decision of the Board of Directors of the Corporation or such committee shall be final.

(e) Subject to paragraph (d) hereof, if you die while in the employ or engagement of the Corporation or any of its affiliates or subsidiaries or if you die within a period of three (3) months after your employment or engagement has terminated, or if your employment or engagement is terminated by reason of permanent and total disability (as defined in Section 22(e)(3) of the Internal Revenue Code of 1986, as amended (the "Code")), this option shall become immediately exercisable in full and, in the case of your death, your estate shall have the right to exercise your options hereunder.

(f) Subject to paragraph (d) hereof, in the event your employment or engagement with the Corporation or any of its affiliates or subsidiaries is terminated for any reason other than death or permanent and total disability (as defined in Section 22(e)(3) of the Code), you shall be entitled to exercise your rights hereunder as if your employment or engagement had not been terminated.

(g) In the event of a "change in control," as hereinafter defined, your options shall become immediately exercisable. A "change in control" shall be deemed to have occurred if (i) a tender offer shall be made and consummated for the ownership of 51% or more of the outstanding voting securities of the Corporation, (ii) the Corporation shall be merged or consolidated with another corporation and as a result of such merger or consolidation less than 60% of the outstanding voting securities of the surviving or resulting corporation shall be owned in the aggregate by the former shareholders of the Corporation, other than affiliates (within the meaning of the Securities and Exchange Act of 1934, as amended (the "1934 Act")) of any party to such merger or consolidation, as the same shall have existed immediately prior to such merger or consolidation, (iii) the Corporation shall sell substantially all of its assets to another corporation which is not a wholly owned subsidiary, or (iv) a person within the meaning of Section 3 (a)(9) or of Section 13(d)(3) (as in effect on the date hereof) of the 1934 Act, shall acquire 40% or more of the outstanding voting securities of the Corporation (whether directly, indirectly, beneficially or of record). For purposes hereof, ownership of voting securities shall take into account and shall include ownership as determined by applying the provisions of Rule 13d-3(d)(1)(i) (as in effect on the date hereof) pursuant to the 1934 Act.

(h) You may pay for shares purchased pursuant hereto (together with any withholding taxes due with respect thereto) in cash or by check at the time of exercise or with any other legal consideration that may be acceptable to the Board of Directors of the Corporation in its sole discretion at the time of exercise.

Bonrep92
1/23/98

Confidential Treatment Requested by Mr. Cosmo Corigliano          3463

CC 1939

-3-

(i)     This option shall not be transferable except by will or the laws of descent and distribution; pursuant to a domestic relations order, as defined in the Code or Title I of the Employee Retirement Security Act, as amended, or the regulations thereunder, or as a gift to your family members, trusts for the benefit of your family members or charities or other not-for-profit organizations. If you wish to transfer your option, contact the Corporation first for more information.

(j)     In the event of any conflict between this Agreement and the Plan, this Agreement shall control. In the event of any ambiguity in this Agreement, any term not defined in this Agreement, or any matters as to which this Agreement is silent, the Plan shall govern.

When you wish to exercise your stock option in whole or in part, please refer to the provisions of this letter and correspond in writing with the Secretary of the Corporation. This is not an incentive stock option under Section 422A of the Code. This option may be subject to approval by the Corporation's stockholders.

Very truly yours,

*[signature]*

E. Kirk Shelton
Vice Chairman

Bonrep92
02/12/98

Confidential Treatment Requested by Mr. Cosmo Corigliano

3464

CC 1940

Without Prejudice
For Settlement Purposes Only

## Option Value Calculation
(as of September 3, 2003)

| Expir. Date | Strike Price | Asset Price | Days to Expir. | % of Year | Risk-free Rate | St. Dev.[1] | d1 | d2 | Est. Price | Hedge Ratio | No. of Contracts | Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/24/06 | $22.33 | $19.00 | 1,055 | 2.89% | 4.37% | 0.5 | 0.3837 | -0.4663 | $6.03 | 0.63 | 150,000 | $ 904,795.68 |
| 04/21/07 | $20.50 | $19.00 | 1,326 | 3.63% | 4.37% | 0.5 | 0.5635 | -0.3595 | $7.46 | 0.71 | 230,000 | $ 1,716,162.19 |
| 03/02/08 | $37.50 | $19.00 | 1,642 | 4.50% | 4.37% | 0.5 | 0.0746 | -0.9859 | $5.07 | 0.53 | 82,316 | $ 417,504.55 |
| | | | | | | | | | | | | $ 3,038,462.41 |

Note: [1] Based on volatility as reported by Cendant in its 2002 Form 10-K, footnote 62.

-3465

Without Prejudice
For Settlement Purposes Only

## Option Value Calculation
### (as of September 3, 2003)

| Expir. Date | Strike Price | Asset Price | Days to Expir. | % of Year | Risk-free Rate | St. Dev.[1] | d1 | d2 | Est. Price | Hedge Ratio | No. of Contracts | Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/24/06 | $22.33 | $18.00 | 1,055 | 2.89% | 4.37% | 0.5 | 0.3201 | -0.5299 | $5.39 | 0.63 | 150,000 | $ 809,149.39 |
| 04/21/07 | $20.50 | $18.00 | 1,326 | 3.63% | 4.37% | 0.5 | 0.5067 | -0.4463 | $6.76 | 0.69 | 230,000 | 1,554,294.71 |
| 03/02/08 | $37.50 | $18.00 | 1,642 | 4.50% | 4.37% | 0.5 | 0.0236 | -1.0369 | $4.55 | 0.51 | 82,316 | 374,726.13 |
| | | | | | | | | | | | | $ 2,738,170.24 |

Note: [1] Based on volatility as reported by Cendant in its 2002 Form 10-K, footnote 62.

- 3466

5:56 PM
08/25/03
Accrual Basis

# Crystal Journey Candles, L.L.C.
## Balance Sheet
### As of December 31, 2002

|  | Dec 31, 02 |
|---|---|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| 1000 · Operating | 133,689.40 |
| 1005 · Store | 1,451.66 |
| 1010 · PAYROLL | 19,595.94 |
| **Total Checking/Savings** | 154,849.00 |
| **Accounts Receivable** | |
| 1200 · Accounts Receivable | 261,127.10 |
| **Total Accounts Receivable** | 261,127.10 |
| **Other Current Assets** | |
| 1120 · RAW MATERIALS INVENTORY | 75,830.24 |
| 1725 · Store Fixtures | 14,500.00 |
| 1745 · FINISHED GOODS INVENTORY | 21,815.00 |
| 1750 · Inventory (Packaging) | 72,302.76 |
| 1800 · Prepaid Insurance | 6,043.00 |
| **Total Other Current Assets** | 190,491.00 |
| **Total Current Assets** | 606,466.10 |
| **Fixed Assets** | |
| 1500 · Machinery and Equipment | 138,148.56 |
| 1550 · Office equipment | 34,165.01 |
| 1600 · Leasehold improvements | 3,570.00 |
| 1700 · Accumulated depreciation | -145,808.31 |
| **Total Fixed Assets** | 30,072.26 |
| **Other Assets** | |
| 1850 · Rent Deposit | 8,098.45 |
| 1900 · Section 197 costs - goodwill | 445,000.00 |
| 1910 · Other Intangibles | 79,649.00 |
| 1911 · Accumulated Amortization | -163,426.90 |
| **Total Other Assets** | 369,320.55 |
| **TOTAL ASSETS** | 1,005,858.91 |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Accounts Payable** | |
| 2000 · Accounts Payable | 43,629.07 |
| **Total Accounts Payable** | 43,629.07 |
| **Other Current Liabilities** | |
| 2150 · Accrued Bonuses | 27,500.00 |
| **Total Other Current Liabilities** | 27,500.00 |
| **Total Current Liabilities** | 71,129.07 |
| **Total Liabilities** | 71,129.07 |
| **Equity** | |
| 1110 · Retained Earnings | -189,869.99 |
| 3010 · Capital | 1,046,206.55 |
| Net Income | 78,193.28 |
| **Total Equity** | 934,729.84 |
| **TOTAL LIABILITIES & EQUITY** | 1,005,858.91 |

Page 1

3467

Without Prejudice
For Settlement Purposes Only

6:50 PM
09/26/03
Accrual Basis

# Crystal Journey Candles, L.L.C.
## Profit & Loss
### January through December 2002

|  | Jan - Dec 02 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| 4001 · Distributor Discount | -2,866.35 |
| 4005 · Trad. Votive Sales | 302,323.41 |
| 4006 · Trad. Votive Discount | 5,096.30 |
| 4008 · Two Tone Votives | 140,316.34 |
| 4009 · Two Tone Votive Discount | 16.00 |
| 4010 · Sales | 11,700.50 |
| 4011 · Pillar Sales | 402,100.92 |
| 4013 · HERBAL INCENSE | 99,540.32 |
| 4014 · AROMATHERAPY SQUARE VOTIVES | 84,018.92 |
| 4015 · Herbal Magic Votive Sales | 237,180.98 |
| 4016 · Herbal Magic Votive Quantity D) | 4,109.50 |
| 4018 · VOTIVE 12 SET - FRAGILIGHT | 190,237.47 |
| 4028 · NATURAL AROMA PILLARS | 9,661.20 |
| 4038 · PORTABLE CANDLE | 41,450.56 |
| 4045 · HUNTER GREEN BOWL | 12.00 |
| 4095 · ONE NEST | 22,954.40 |
| 4105 · Pillar 3x7 | 72,895.40 |
| 4105 · Pillar 3 x 6 | 29,232.67 |
| 4107 · MASTERPIECE CANDLES | 8,500.00 |
| 4108 · RETRO CANDLE COLLECTION | -7,308.84 |
| 4121 · Candle & Card Line | 28,890.20 |
| 4308 · Gift Set Square Candles | 680,458.89 |
| 4309 · ALL NATURAL PILLARS | 101,158.89 |
| 4310 · ALL NATURAL SQ. VOTIVES | 22,400.50 |
| 4975 · MERLITE SPECIAL PRODUCT SALES | 1,460.00 |
| **Total Income** | **2,346,488.44** |
| **Cost of Goods Sold** | |
| 5000 · CGS | |
| 5001 · CGS - Wax | 311,168.24 |
| 5002 · CGS - Oils | 143,520.29 |
| 5003 · CGS - Shipping | 54,844.09 |
| 5004 · CGS - Prod. Packaging | 159,113.51 |
| 5005 · CGS - Other | 85,189.66 |
| 5099 · CGS - NEW PRODUCT DEV. | 31,859.65 |
| 5100 · CGS - ONE NEST | 10,500.99 |
| Total 5000 · CGS | 775,056.43 |
| 5600 · Production Salaries | |
| 5661 · OUTSIDE LABOR | 67,697.30 |
| 5699 · Production Salaries - Other | 431,128.68 |
| Total 5600 · Production Salaries | 486,825.98 |

Page 1

3468

Without Prejudice
For Settlement Purposes Only

Page 2

**Crystal Journey Candles, L.L.C.**
**Profit & Loss**
January through December 2002

Accrual Basis

| | Jan - Dec 02 |
|---|---|
| 5900 · Commissions | 183,274.62 |
| **Total COGS** | **1,467,167.23** |
| | |
| **Gross Profit** | **691,239.21** |
| | |
| **Expense** | |
| 4021 · MARKETING - NEW CUST. & OTHER | |
| 4027 · National Sales Manager | 42,200.00 |
| 4031 · New Customer Discount | 124.89 |
| 4051 · FREE MERCHANDISE OFFER | 2,560.20 |
| 6100 · Show Fees | 51,927.99 |
| 7276 · Advertising - Other | 30,078.58 |
| 9576 · SAMPLES - FREIGHT | 10,166.69 |
| 9700 · Free Shipping Cost Over 6400 | 65,008.18 |
| 9750 · FREE SHIPPING | 60K.67 |
| 4021 · MARKETING - NEW CUST. & OTHER - Other | 22,166.72 |
| **Total 4021 · MARKETING - NEW CUST. & OTHER** | **225,448.62** |
| 6300 · Rent | 63,360.33 |
| 8400 · Gas and Electric | 16,719.66 |
| 8410 · Water | 725.64 |
| 8980 · Admin Salaries | 186,369.19 |
| 8780 · Marketing Supplies | 30,563.38 |
| 6790 · Office Supplies | 24,563.14 |
| 8180 · Property Taxes | 4,762.54 |
| 8198 · Health Insurance | 33,828.51 |
| 7200 · Misc. Warehouse Exp. | 16,155.37 |
| 9109 · Trash | 5,301.62 |
| 9128 · Bank Service Charges | 19,087.79 |
| 8140 · Contributions | 900.00 |
| 9145 · Bad Debts expense | 7,845.96 |
| 9180 · Insurance | 17,077.02 |
| 9165 · Liability Insurance | 3,659.45 |
| 9186 · WORKERS COMP | 14,578.05 |
| 9220 · Payroll Taxes | 53,163.36 |
| 9264 · Postage and Delivery | 1,634.37 |
| 9270 · Professional Fees | 18,216.60 |
| 9300 · Payroll Proc. Fee | 3,894.27 |
| 9301 · 401K Match & Fees | 8,858.58 |
| 9340 · Telephone | 11,295.46 |
| 9350 · Travel & Ent | 8,996.20 |
| 9999 · PROFIT SHARING DISTRIBUTION | 35,498.91 |
| | |
| **Total Expense** | **606,058.74** |
| | |
| **Net Ordinary Income** | **85,230.47** |

3469

Without Prejudice
For Settlement Purposes Only

## Crystal Journey Candles, L.L.C.
### Profit & Loss
January through December 2002

|  | Jan - Dec 02 |
|---|---:|
| **Other Income/Expense** | |
| **Other Income** | |
| 4012 · SALES - CANDLE ACCESSORIES | 123,258.13 |
| 4017 · Bath Salts | 780.00 |
| 4020 · ALL NATURAL SOAP | 16,835.28 |
| 4019 · TAPERS | 9,060.00 |
| 4101 · Store Sales | 117,914.30 |
| 5099 · SALES - DISPLAYS | 9,491.50 |
| 5100 · SALES - BATH SALTS & SACHETS | 25,776.73 |
| 5103 · ACRYLIC DISPLAYS | 2,263.00 |
| 5701 · Freight Income | 232,865.91 |
| 5702 · HANDLING FEE | 1,218.30 |
| 1191 · Gain/(Loss) on sale of assets | -9,465.58 |
| **Total Other Income** | **532,608.67** |
| **Other Expense** | |
| 4027 · TAPER EXPENSE | 8,448.45 |
| 5015 · CANDLE ACCESSORIES | 45,123.48 |
| 5201 · Bath Salts & Pot Pourri | 7,278.41 |
| 5251 · Wooden Display Racks | 10,391.56 |
| 5300 · SOAP EXPENSE | 9,606.12 |
| 5700 · Reimbursed Freight Expense | 212,616.47 |
| 5900 · ACRYLIC DISPLAY EXPENSE | 13,732.61 |
| **6811 · Store Expenses** | |
| 6202 · Store Purchases | 46,032.76 |
| 6990 · Store Rent | 25,541.00 |
| 6902 · Store - Marketing | 14,463.36 |
| 6903 · Store - Overhead | 11,107.34 |
| 6904 · Store Payroll | 28,189.09 |
| **Total 6811 · Store Expenses** | **126,432.57** |
| 7256 · GIFT SET DISPLAY | 8,428.12 |
| 8148 · Amortization | 45,611.30 |
| 9150 · Depreciation Expense | 51,177.45 |
| **Total Other Expense** | **539,646.76** |
| **Net Other Income** | **-7,037.19** |
| **Net Income** | **10,165.28** |

09/05/2003 Case 8:02-12-00264-AHN Document 1942-5 Filed 11/04/2005 Page 13 of 16
5:40 PM
09/04/03
Accrual Basis

KRAMER LEVIN
Without Prejudice
For Settlement Purposes Only

## Crystal Journey Candles, LLC.
### Balance Sheet
#### As of August 31, 2003

|  | Aug 31, 03 |
|---|---:|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| 1000 · Operating | 37,507.00 |
| 1005 · Store | 3,989.47 |
| 1010 · PAYROLL | 103.82 |
| **Total Checking/Savings** | 41,600.29 |
| | |
| **Accounts Receivable** | |
| 1200 · Accounts Receivable | 232,074.82 |
| **Total Accounts Receivable** | 232,074.82 |
| | |
| **Other Current Assets** | |
| 1120 · RAW MATERIALS INVENTORY | 76,094.80 |
| 1499 · Undeposited Funds | 3,474.30 |
| 1725 · Store Fixtures | 15,309.87 |
| 1745 · FINISHED GOODS INVENTORY | 21,815.00 |
| 1750 · Inventory (Packaging) | 91,882.76 |
| 1800 · Prepaid Insurance | 6,043.00 |
| **Total Other Current Assets** | 214,619.73 |
| | |
| **Total Current Assets** | 488,294.84 |
| | |
| **Fixed Assets** | |
| 1500 · Machinery and Equipment | 228,362.87 |
| 1550 · Office equipment | 35,165.01 |
| 1600 · Leasehold Improvements | 3,570.00 |
| 1700 · Accumulated depreciation | -145,809.31 |
| **Total Fixed Assets** | 121,288.57 |
| | |
| **Other Assets** | |
| 1850 · Rent Deposit | 8,096.45 |
| 1900 · Section 197 costs - goodwill | 445,000.00 |
| 1910 · Other Intangibles | 79,649.00 |
| 1911 · Accumulated Amortization | -163,425.90 |
| **Total Other Assets** | 369,320.55 |
| | |
| **TOTAL ASSETS** | 978,903.96 |
| | |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Accounts Payable** | |
| 2000 · Accounts Payable | 34,356.38 |
| **Total Accounts Payable** | 34,356.38 |
| | |
| **Total Current Liabilities** | 34,356.38 |
| | |
| **Total Liabilities** | 34,356.38 |
| | |
| **Equity** | |
| 1110 · Retained Earnings | -111,476.71 |
| 3000 · Opening Bal Equity | -2,450.58 |
| 3010 · Capital | 1,046,206.55 |
| Net Income | 12,268.32 |
| **Total Equity** | 944,547.58 |
| | |
| **TOTAL LIABILITIES & EQUITY** | 978,903.96 |

```
5:37 PM
09/04/03
Accrual Basis
```

# Crystal Journey Candles, L.L.C.
## Profit & Loss
### January through August 2003

**Without Prejudice**
**For Settlement Purposes Only**

|  | Jan - Aug 03 |
|---|---:|
| **Ordinary Income/Expense** | |
| **Income** | |
| 4001 · Distributor Discount | -1,308.01 |
| 4005 · Trad. Votive Sales | 192,070.03 |
| 4006 · Trad. Votive Discount | 3,303.00 |
| 4008 · Two Tone Votives | 72,200.77 |
| 4010 · Salts | 1,244.00 |
| 4011 · Pillar Sales | 285,982.47 |
| 4013 · HERBAL INCENSE | 16,023.17 |
| 4014 · AROMATHERAPY SQUARE VOTIVES | 31,939.34 |
| 4015 · Herbal Magic Votive Sales | 151,054.54 |
| 4016 · Herbal Magic Votive Quantity DI | 1,767.00 |
| 4018 · VOTIVE 12 SET - FRAG&LIGHT | 42,988.56 |
| 4026 · NATURAL AROMA PILLARS | 5,882.50 |
| 4035 · PORTABLE CANDLE | 41,518.75 |
| 4040 · HUNTER GREEN BOWL | 0.00 |
| 4099 · ONE NEST | 1,644.67 |
| 4105 · Pillars 3x3 | 29,889.10 |
| 4106 · Pillars 3 x 6 | 35,910.90 |
| 4107 · MASTERPIECE CANDLES | 11,040.28 |
| 4108 · RETRO CANDLE COLLECTION | 56,697.70 |
| 4115 · DESIGNER PILLAR 4X4 | 54.00 |
| 4116 · DESIGNER PILLARS 4X6 | 40.00 |
| 4117 · DESIGNER PILLAR 4X9 | 10.00 |
| 4118 · DESIGNER PILLARS - SET | 756.00 |
| 4120 · CANDLE TOP JAR CANDLE | 6,117.50 |
| 4121 · Candle & Card Line | 19,804.80 |
| 4122 · TARTS | 378.00 |
| 4123 · CERAMIC ACCESSORIES | 536.00 |
| 4124 · MISTER SPRAYS | 99.00 |
| 4205 · Gift Set Square Candles | 354,617.44 |
| 4300 · ALL NATURAL PILLARS | 41,884.45 |
| 4310 · ALL NATURAL SQ. VOTIVES | 13,832.40 |
| 4875 · MERLITE SPECIAL PRODUCT SALES | 0.00 |
| **Total Income** | **1,418,778.46** |
| | |
| **Cost of Goods Sold** | |
| 5000 · CGS | |
| 5001 · CGS-Wax | 169,085.47 |
| 5002 · CGS - Oils | 76,948.58 |
| 5003 · CGS-Shipping | 27,265.50 |
| 5004 · CGS - Prod. Packaging | 71,454.52 |
| 5005 · CGS - Other | 28,857.56 |
| 5006 · CGS - NEW PRODUCT DEV. | 7,273.64 |
| 5995 · Inventory adjustments | 0.00 |
| Total 5000 · CGS | 382,683.35 |
| | |
| 5500 · Production Salaries | |
| 5541 · OUTSIDE LABOR | 26,099.70 |
| 5500 · Production Salaries - Other | 277,106.18 |
| Total 5500 · Production Salaries | 303,205.88 |
| | |
| 5900 · Commissions | 126,564.56 |
| **Total COGS** | **812,453.79** |
| | |
| **Gross Profit** | **606,324.67** |
| | |
| **Expense** | |
| 4025 · MARKETING - NEW CUST. & OTHER | |
| 4027 · National Sales Manager | 41,850.00 |
| 4031 · New Customer Discount | 481.04 |
| 4032 · FREE MERCHANDISE OFFER | 15,560.01 |
| 6508 · Show Fees | 36,543.49 |
| 7275 · Advertising - Other | 19,778.12 |
| 7276 · Trade Advertising | 500.00 |
| 7277 · Outbound Telemarketing | 2,108.41 |
| 7278 · Customer Mailings | 5,174.21 |
| 8678 · SAMPLES - FREIGHT | 5,400.00 |
| 8700 · Free Shipping Cost Over $500 | 43,015.24 |
| 8750 · FREE SHIPPING | 3,911.12 |
| 4025 · MARKETING - NEW CUST, & OTHER - Other | 11,733.05 |

5:37 PM
09/04/03
Accrual Basis

## Crystal Journey Candles, L.L.C.
## Profit & Loss
### January through August 2003

**Without Prejudice**
**For Settlement Purposes Only**

|  | Jan - Aug 03 |
|---|---:|
| Total 4025 - MARKETING - NEW CUST. & OTHER | 186,055.70 |
| 6290 - Rent | 44,619.83 |
| 6400 - Gas and Electric | 18,578.64 |
| 6410 - Water | 538.10 |
| 6560 - Admin Salaries | 182,296.71 |
| 6780 - Marketing Supplies | 5,925.64 |
| 6790 - Office Supplies | 13,977.35 |
| 6850 - Property Taxes | 4,109.42 |
| 6895 - Health Insurance | 21,336.52 |
| 7200 - Misc. Wharehouse Exp. | 12,836.32 |
| 9109 - Trash | 2,857.49 |
| 9120 - Bank Service Charges | 14,264.76 |
| 9140 - Contributions | 650.00 |
| 9155 - Bad Debts expense | 7,379.71 |
| 9156 - WORKERS COMP | 20,201.31 |
| 9200 - Payroll Taxes | 41,225.27 |
| 9255 - Postage and Delivery | 1,538.25 |
| 9270 - Professional Fees | 13,505.79 |
| 9300 - Payroll Proc. Fee | 3,587.45 |
| 9301 - 401K Match & Fees | 3,701.28 |
| 9340 - Telephone | 9,509.67 |
| 9350 - Travel & Ent | 6,736.80 |
| **Total Expense** | **815,332.11** |
| Net Ordinary Income | -9,007.44 |
| **Other Income/Expense** | |
| **Other Income** | |
| 4012 - SALES - CANDLE ACCESSORIES | 62,191.00 |
| 4017 - Bath Salts | 437.31 |
| 4020 - ALL NATURAL SOAP | 9,321.50 |
| 4029 - TAPERS | 3,528.00 |
| 4101 - Store Sales | 49,673.47 |
| 5093 - SALES - DISPLAYS | 36,223.15 |
| 5200 - SALES - BATH SALTS & SACHETS | 11,249.55 |
| 5280 - ACRYLIC DISPLAYS | 950.00 |
| 5701 - Freight Income | 151,291.91 |
| 5702 - HANDLING FEE | 349.00 |
| **Total Other Income** | **324,814.97** |
| **Other Expense** | |
| 5027 - TAPER EXPENSE | 1,727.92 |
| 5095 - CANDLE ACCESSORIES | 42,182.06 |
| 5291 - Bath Salts & Pot Pourri | 892.37 |
| 5250 - Non Reimb. Freight Exp. | 8,891.86 |
| 5251 - Wooden Display Racks | 43,223.37 |
| 5300 - SOAP EXPENSE | 5,678.63 |
| 5700 - Reimbursed Freight Expense | 132,320.67 |
| 5800 - ACRYLIC DISPLAY EXPENSE | 3,210.28 |
| 5881 - Store Expenses | |
| 6202 - Store Purchases | 22,970.88 |
| 9900 - Store Rent | 17,498.67 |
| 9902 - Store - Marketing | 3,114.49 |
| 9903 - Store - Overhead | 2,978.83 |
| 9904 - Store Payroll | 21,050.28 |
| **Total 5881 - Store Expenses** | **67,611.15** |
| **Total Other Expense** | **303,539.21** |
| Net Other Income | 21,275.76 |
| **Net Income** | **12,268.32** |

## KRAMER LEVIN NAFTALIS & FRANKEL LLP

919 Third Avenue
New York NY 10022
(212) 715-9100

K.L.N.&F.
SEP -5 AM 11:49

Fax Department: (212) 715-9191

Fax Number: (212) 715-8000

| | | |
|---|---|---|
| FROM: | Alan R. Friedman, Esq. | DATE: September 5, 2003 |
| PHONE: | 212-715-9300 | |

### PLEASE DELIVER AS SOON AS POSSIBLE TO:

| | RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|---|
| 1. | James A. Kidney, Esq. | Securities and Exchange Commission | 202-942-9581 | 202-942-4797 |

Total number of pages including this page: 34

The documents accompanying this facsimile transmission are intended only for the use of the addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of the communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone. Thank you.

-3474

KL3:2D42533.2