UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> WALTER A. FORBES. ) <br> ) | Case No. : 3:02 CR 264 (AWT) <br><br> November 7, 2005 |

**MEMORANDUM IN SUPPORT OF NON-PARTY ERNST & YOUNG LLP'S
MOTION TO QUASH DEFENDANT WALTER A. FORBES' RULE 17(C) SUBPOENA**

Non-Party Ernst & Young LLP ("E&Y") respectfully submits this memorandum of law in support of its motion to quash, pursuant to Fed. R. Crim. P. 16(d) and 17(c), the second Rule 17(c) subpoena served upon E&Y by defendant Walter A. Forbes ("Defendant"), which is dated September 13, 2005 ("Second Subpoena").[1] As grounds therefore, E&Y states that the Second Subpoena is completely duplicative of requests made in the December 7, 2001 subpoena served by defendants Walter A. Forbes and E. Kirk Shelton upon E&Y ("First Subpoena") that was previously quashed by this Court. Accordingly, in light of the Court's prior rulings and the lack of any argument or reason to reconsider those rulings, E&Y's motion to quash the Second Subpoena should be granted.

ARGUMENT

THE SECOND SUBPOENA SHOULD BE QUASHED IN ITS ENTIRETY

As the Court knows, before Mr. Forbes' first trial, E&Y moved to quash the defendants' First Subpoena, which contained requests for 59 categories of documents. E&Y had already

---

[1] A copy of the Second Subpoena is attached as Exhibit A to this Memorandum. The original return date was October 23, 2005. The Court granted E&Y's motion on consent for an extension to and including November 7, 2005 to respond to the subpoena. *See* Nov. 1, 2005 Order (Doc. No. 1888.)

17333508                                     1

produced over 100 boxes of documents to Mr. Forbes (including audit and review workpapers and desk files going back many years), and the First Subpoena was nothing more than an overbroad discovery attempt seeking "any and all" documents in dozens of categories. On March 1, 2004, this Court held a hearing on E&Y's motion, along with numerous motions to quash brought by other non-parties, including Cendant Corporation, Anne Pember, Kevin Kearney, Casper Sabatino, and Cosmo Corigliano. At that hearing, the Court concluded that, with respect to all of the subpoenas at issue, the defendants "had not met their burden of showing that their application had been made in good faith and with sufficient specificity so as to not to amount to a 'fishing expedition.'" October 28, 2005 Ruling on Anne Pember's Motion to Quash the Sixth and Seventh Rule 17(c) Subpoenas of Defendant Walter A. Forbes ("October 28, 2005 Ruling") at 14, attached as Exhibit B. The Court granted E&Y's motion to quash the First Subpoena on May 17, 2004. *See* May 17, 2004 Docket Entry Sheet, attached as Exhibit C.

On or about September 23, 2005, Mr. Forbes served E&Y with the Second Subpoena, seeking two categories of documents that are duplicative of requests made in the First Subpoena. As Mr. Forbes acknowledged in his cover letter accompanying the Second Subpoena, the Second Subpoena contains requests that were previously quashed by the Court. Mr. Forbes further stated that the Second Subpoena was being served to preserve the subpoena demands with respect to the retrial. Sept. 23, 2005 Letter from Margaret A. Keeley to William Hammer ("Keeley Letter"), attached as Exhibit D. Accordingly, E&Y respectfully incorporates by reference all arguments made in support of its motion to quash the First Subpoena; E&Y's motion and supporting memoranda (Doc. Nos. 155 and 332) are attached hereto as Exhibits E and F.

Mr. Forbes's cover letter accompanying the Second Subpoena suggests that he is not seeking reconsideration of the Court's prior rulings with respect to the First Subpoena served on

E&Y. In any event, Mr. Forbes has not even attempted to meet the standards in this district for reconsideration,[2] nor can he. In light of the clear law applicable to criminal trial subpoenas and the tens of thousands of pages of documents that Mr. Forbes has already received from E&Y, this Court's ruling quashing Mr. Forbes' overbroad discovery demands was correct. The standards for reconsideration of that ruling – intervening change in the law, new evidence not previously available, or the need to correct clear legal error – simply are not present here, and Mr. Forbes does not even attempt to argue otherwise. Accordingly, the Second Subpoena should (again) be quashed.

Indeed, other non-parties (including Cendant Corporation, Anne Pember, Kevin Kearney, Casper Sabatino, Cosmo Corigliano and Kramer Levin) recently have filed motions to quash similar "renewal" subpoenas that Mr. Forbes apparently served to preserve demands with respect to the retrial. *See* October 28, 2005 Ruling at 1 (Exhibit B). The Court has already granted a number of those motions precisely because Mr. Forbes' demands to the other non-parties were similar or identical to demands in subpoenas previously quashed by the Court in connection with the initial trial. *See, e.g., id.* at 16 (quashing demands in Seventh Subpoena to Pember that had been previously quashed); October 31, 2005 Ruling on Non-Party Casper Sabatino's Motion to Quash the Rule 17(c) Subpoenas of Walter A. Forbes Dated August 17, 2005 and September 14, 2005 (Doc. No. 1919) (same) (attached as Exhibit G).

Moreover, the Second Subpoena is, if anything, *even broader* than the corresponding requests in the First Subpoena that this Court quashed in full. In quashing that subpoena, the

---

[2] *See, e.g., United States v. Mills*, 2004 WL 57282, *1 (D. Conn. Jan. 8, 2004) (holding that standards for a motion for reconsideration under L.R. Civ. P. 7(c) are the same as for motions to amend a judgment under FRCP 59(e), namely, "(1) an intervening change in the law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice.'") (citation omitted).

17333508                                3

Court instructed Mr. Forbes that he might be able to cure the subpoena's defects by (among other things) narrowing the demands. Not only did Mr. Forbes fail to follow the Court's directions this time around, his Second Subpoena broadened his demands. *Compare* Second Subpoena, Request Nos. 1-2 (Exhibit A), *with* First Subpoena Request No. 1 (*see* Exhibit 1 to E&Y's Memo., attached as Exhibit E). So the arguments in E&Y's original motion apply with even more force to this new subpoena. *See* E&Y Memo. at 3-6, 12 (Exhibit E); E&Y Reply at 1-4 (Exhibit F). As this Court explicitly found in ruling on the non-parties' original motions to quash the defendants' subpoenas from the initial trial and in its recent rulings quashing Mr. Forbes "renewal" subpoenas, where a party "broadly requests 'any and all' documents in a broad category, courts will narrow the request or grant the motion to quash the request…. Such broad requests, which the courts often refer to as 'fishing expeditions,' fail to satisfy the specificity requirement" for Rule 17(c) subpoenas. October 28, 2005 Ruling at 8-9 (citations omitted) (Exhibit B); *see also* March 1, 2004 Hearing Tr. at 10-13, 18, 96-99, attached as Exhibit H. Likewise, the demands in the Second Subpoena simply do not "constitute a good faith effort to obtain *identified* evidence," let alone demonstrate that the documents themselves are admissible – instead, they are a general "fishing expedition" and an improper attempt to use Rule 17(c) as a discovery device. *United States v. Cuthbertson*, 620 F.2d 139, 146 (3d Cir. 1980) (citing *Nixon*, 418 U.S. at 698-99) (emphasis added). Finally, the fact that the Second Subpoena seeks any and all pre-1993 documents renders the possible relevance of the documents even more attenuated. There is no reason for the Court to revisit its prior rulings on these matters, and the Second Subpoena should be quashed in its entirety.

## CONCLUSION

For the reasons stated herein, and for the reasons offered in support of its previous motion to quash, E&Y's motion to quash the Second Subpoena should be granted.

Dated: November 7, 2005

                                            Respectfully submitted,

                                            ERNST & YOUNG LLP

                                            By: _____
                                            Shelley R. Sadin
                                            Zeldes, Needle & Cooper, P.C.
                                            1000 Lafayette Boulevard
                                            P.O. Box 1740
                                            Bridgeport, Connecticut 06601-1740

17333508

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Memorandum in Support of Non-Party Ernst & Young's Motion to Quash Defendant Walter A. Forbes' Rule 17(c) Subpoena to be sent via facsimile and overnight delivery on this 7th day of November, 2005 to the following counsel of record:

Barry S. Simon, Esq.
Williams & Connolly LLP
c/o Residence Inn
942 Main Street
Hartford, CT 06103

James T. Cowdery, Esq.
Cowdery, Ecker & Murphy, LLC
750 Main Street
Hartford, CT 06103

Michael Martinez, Esq.
Craig Carpenito, Esq.
U.S. Department of Justice
450 Main Street, Room 320
Hartford, CT 06103

Norman Gross, Esq.
U.S. Attorney's Office
District of New Jersey
401 Market Street
Camden, NJ 08101

_____
Shelley R. Sadin