```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

-------------------------------
UNITED STATES OF AMERICA    )
                            )
v.                          )    Criminal No. 3:02CR00264(AWT)
                            )
WALTER A. FORBES            )
-------------------------------

**RULING ON FORBES' RETRIAL MOTION *IN LIMINE* NO. 1**

**(Renewed Motion of Walter A. Forbes to Preclude the Government From Presenting Its Proposed Expert Testimony Because It Does Not Satisfy the Reliability Requirements of *Daubert* and Federal Rule of Evidence 702)**

The Renewed Motion of Walter A. Forbes to Preclude the Government From Presenting Its Proposed Expert Testimony Because It Does Not Satisfy the Reliability Requirements of *Daubert* and Federal Rule of Evidence 702 (Doc. No. 1606) is hereby DENIED for the reasons set forth in the Government's Opposition to Defendant Walter A. Forbes' Renewed Motion of Walter A. Forbes to Preclude the Government From Presenting Its Proposed Expert Testimony Because It Does Not Satisfy the Reliability Requirements of *Daubert* and Federal Rule of Evidence 702 (Doc. No. 1642) (the "Government's Memorandum").

The court notes that it did not deny Forbes' Pretrial Motion No. 49 in reliance on what defendant Forbes characterizes as "Heckler's final position during the *Daubert* hearing: that he would be testifying on the basis of 'assumed facts.'" Reply Memorandum in Support of Renewed Motion of Walter A. Forbes to Preclude the Government From Presenting Its Proposed Expert

Testimony Because It Does Not Satisfy the Reliability Requirements of Daubert and Federal Rule of Evidence 702 (Doc. No. 1655) at 2 n.1. Rather, the court concluded that Heckler did not identify incompatible grounds for his expert opinions. See Government's Memorandum at 3. There was an extensive cross-examination by defendant Forbes of Heckler on March 25, 2004, during which defendant Forbes attempted to establish that Heckler's opinion was to be based solely on "assumed facts." It was clear to the court that Heckler was talking about what it meant to be presented with "facts" in the context of his practice, and that Heckler was not giving opinions based solely on "assumed facts":

> Q. Mr. Heckler were you told to assume the Audit Committee Report to be fact?
>
> A. I wouldn't think I would have said those words.
>
>   The Court: What was that? That seems like an incomplete sentence. Could you restate it please?
>
> Q. Were you told to assume that the statements in the Audit Committee Report relating to those matters included in the indictment were facts.
>
> A. I think I was presented the Audit Committee Report investigation supporting work papers, allocutions, indictments, etc., that said there's information here that should be helpful in your analysis. And to me that, in my practice is presentation of facts.

(Tr. 2649:9-22, March 25, 2004.) (emphasis added). This type of an exchange occurred on a number of occasions, and Heckler explained persuasively the change in the scope of his assignment

2

and how that affected the approach he took.  Thus, defendant
Forbes' argument that Heckler took the position he would be
testifying on the basis of "assumed facts" is inconsistent with
the court's understanding of Heckler's testimony.  Defendant
Forbes' motion was denied for the reasons set forth in the
Memorandum of the United States in Response to Forbes' Post-
Hearing Memorandum in Support of Forbes' Pretrial Motion No. 49
(Doc. No. 614).  In addition, after reviewing the transcripts of
the lengthy <u>Daubert</u> hearing, during which defendant Forbes was
allowed great latitude in examining Heckler for the purpose of
establishing that his testimony should not be allowed, the court
concluded that defendant Forbes had simply wasted the court's
time.

    It is so ordered.

    Dated this 7th day of November 2005 at Hartford,
Connecticut.

>    /s/
> Alvin W. Thompson
> United States District Judge