UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------
UNITED STATES OF AMERICA       )
                               )
v.                             )     Criminal No. 3:02CR00264(AWT)
                               )
WALTER A. FORBES and           )
E. KIRK SHELTON                )
-------------------------------
```

**RULING ON FORBES' PRETRIAL MOTION NO. 49**

**(Motion of Defendant Walter A. Forbes to Preclude the Government From Presenting Its Proposed Expert Testimony Because It Does Not Satisfy the Reliability Requirements of Daubert and Federal Rule of Evidence 702)**

On April 13, 2004, after consideration of the post-Daubert hearing briefing, the court denied the Motion of Defendant Walter A. Forbes to Preclude the Government From Presenting Its Proposed Expert Testimony Because It Does Not Satisfy the Reliability Requirements of Daubert and Federal Rule of Evidence 702 (Doc. No. 277).[1] (See Tr. 17, Apr. 13, 2004.)

The motion was denied for substantially the reasons set forth in the Memorandum of the United States in Response to Forbes' Post-Hearing Memorandum in Support of Forbes' Pretrial Motion No. 49 (Doc. No. 614), but there are two additional points that should be noted.

First, the government did not address in detail defendant

---

[1] The court also denied the Motion of Defendant E. Kirk Shelton to Preclude the Testimony of Brian Heckler at Trial (Doc. No. 314).

Forbes' assertion that Heckler gave false testimony. See Post-Hearing Memorandum in Support of Motion of Defendant Walter A. Forbes to Preclude the Government From Presenting Its Proposed Expert Testimony Because It Does Not Satisfy the Reliability Requirements of Daubert and Federal Rule of Evidence 702 (Doc. No. 602) (the "Forbes' Post-Hearing Memorandum") at 36-37. However, the court notes that this argument is totally without merit. It was clear that Heckler was testifying (i) as to how things ordinarily worked in his consulting practice , and (ii) in response to the question highlighted by the defense, as to what his recollection was. In addition, defendant Forbes' argument in footnote 15 of Forbes' Post-Hearing Memorandum that Heckler attempted to bolster his stature as an expert also lacks merit. Defendant Forbes asserts that on December 16, 2003 Heckler responded to an "explicit" question as to whether the government approached him directly to testify in this matter. That is not the way the question was put to Heckler. (See Tr. 21:10-14, Dec. 16, 2003.) Moreover, as soon as Heckler was asked explicitly about this point, he made it clear that he was not approached directly. (Q: The government did not in fact approach you? A: Me directly? No. (Tr. 1200:21-22, March 9, 2004.))

Second, defendant Forbes argued that Heckler reached conclusions first and then looked for support to justify them. However, it was clear to the court that Heckler did sufficient

work to support his conclusions and then, in response to challenges by the defense to his conclusions, performed additional work to make it clear that those challenges lacked merit.

    Dated this 7th day of November 2005 at Hartford, Connecticut.

>    /s/
>    Alvin W. Thompson
>    United States District Judge