UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | November 10, 2005 |
| | : | |
| | : | |
| WALTER A. FORBES | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT WALTER A. FORBES' MOTION TO LIMIT THE SCOPE OF THE TESTIMONY OF BRIAN HECKLER**

**(Forbes' Retrial Motion *In Limine* No. 26)**

**INTRODUCTION**

Waiting almost until the moment that Brian Heckler was sworn in as the Government's final witness for the retrial, Forbes has launched another misplaced effort to limit Heckler's testimony in this case. As Forbes effectively acknowledges by seeking to "incorporate by reference" the plethora of his previous efforts to preclude or limit Heckler's testimony, most of his current complaints are recycled versions of arguments that this Court has previously rejected. In rejecting one of Forbes' previous efforts to exclude Heckler's testimony, this Court noted that "Forbes had simply wasted the court's time" when he obtained an almost month-long Daubert hearing to challenge Heckler's testimony. Ruling on Forbes' Retrial Motion *In Limine* No. 1, Docket No. 1953, filed November 8, 2005. Forbes' present motion represents more of the same. For the reasons stated below, as well as those articulated by the Government orally in opposition

to this motion, Forbes' motion to limit Heckler's testimony should be denied.[1]

## ARGUMENT

**I. Heckler's Opinions Are Properly Based on Materials and Information That Heckler Laboriously Reviewed Outside of Court, But That Were Not Admitted Into Evidence.**

    **A. This Court Previously Rejected, and Should Reject Again, Forbes' Contention That Heckler May Not Consider Materials That Are Not Admitted Into Evidence at Trial in Formulating His Expert Opinions.**

Forbes argues with scant citation to authority that Heckler was not permitted to consider the Audit Committee Report or other voluminous information that Heckler reviewed in his many months of meticulous investigation antecedent to the formation of any opinions, because those materials were not admitted into evidence during the retrial. Forbes' Mem. in Support of Retrial Motion *In Limine* No. 26 ("FM") at 3-8. The dearth of citations is not surprising, as Forbes' latest assault on Heckler's proposed testimony is flatly contradicted by controlling authority.

Fed. R. Evid. 703 directly refutes Forbes' contention that Heckler can consider only the evidence admitted during the

---

[1] Owing to the belated timing of Forbes' latest motion, this Court permitted Heckler's testimony to proceed on the afternoon of November 9, 2005, after considering the Government's oral arguments in opposition to the motion. Tr. 2364-73. The Government submits this memorandum to supplement the arguments it presented orally on November 9.

retrial in formulating his opinions:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived or made known to the expert at **or before** the hearing. . . . Facts or data that are otherwise inadmissible **shall not be disclosed to the jury by the proponent of the opinion or inference** unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703 (emphasis added).[2]  Thus, Rule 703 expressly contemplates that an expert such as Heckler may properly base his opinion testimony on matters that are never admitted into evidence, and that he may consider "inadmissible" facts or data which the Government is presumptively precluded from presenting to the jury.[3]

---

[2] Forbes quotes the portion of Rule 703 which limits the admission of the facts or data supporting an expert's opinion, but tellingly declines to quote the portion of Rule 703 which authorizes the admission of the opinion testimony itself even though based on facts and data that were not admitted into evidence.  FM 5-6, n. 5.

[3] The Advisory Committee Notes pertaining to the initial version of Rule 703 when it was first proposed in 1972 explain that an expert may base his opinion on "three possible sources," including "presentation of data to the expert outside of court and other than by his own perception."  This is in addition to the source of information presented at trial by "the familiar hypothetical question or by having the expert attend the trial and hear the testimony establishing the facts."  Fed. R. Evid. 703, Advisory Committee Notes.

After Rule 703 was amended in 2000 to include the third and final sentence of the current version of the rule, the Advisory Committee explained that the amendment "governs only the disclosure to the jury of information that is reasonably relied on by an expert, when that evidence is not admissible for substantive purposes.  It is not intended to affect the

(continued...)

Forbes again seeks to resuscitate and incorporate by reference into this motion the failed arguments he advanced in his prior motions seeking to exclude Heckler's testimony. FM 3, n.2.[4] This Court previously rejected all of the arguments that Forbes previously advanced, and Forbes does not even acknowledge that he is effectively seeking, in this present motion, reconsideration of those failed arguments, much less attempt to meet the demanding standards for reconsideration. See Jordan (Bermuda) Investment Co., Ltd. v. Hunter Green Investments Ltd., 2003 WL 21263544, *3 (S.D.N.Y., June 2, 2003) (denying reconsideration where the moving party "failed to meet [the applicable] standard by neither pointing to controlling decisions or data that the court overlooked nor showing that reconsideration is necessary in order to correct a clear error or prevent manifest injustice") (internal punctuation and citations omitted).

---

[3](...continued) admissibility of an expert's testimony. Nor does the amendment prevent an expert from relying on information that is inadmissible for substantive purposes." Id.

[4] To the extent that this Court is willing to consider Forbes' prior briefs that he seeks to "incorporate by reference," the Government requests that this Court also consider the Government's responsive briefs. Government's Opposition to Forbes' Pre-Trial Motion No. 49 and Shelton's Pretrial Motion Nos. 20 and 21, Docket No. 376, filed Aug. 18, 2003; Government's Post-Daubert Hearing Memorandum, Docket No. 614, filed April 8, 2004; Government's Opposition to Forbes' Retrial Motion In Limine No. 1, Docket No. 1640, filed Aug. 15, 2005.

In any event, as this Court previously and properly concluded before the initial trial in this case, Ruling on Forbes' Pretrial Motion No. 49 (Motion of Defendant Walter A. Forbes to Preclude the Government from Presenting Its Proposed Expert Testimony Because It Does Not Satisfy the Reliability Requirements of <u>Daubert</u> and Federal Rule of Evidence 702), Docket No. 1954, filed Nov. 8, 2005, and during this retrial, Ruling on Forbes' Retrial Motion *In Limine* No. 1, <u>supra</u>, Heckler's testimony is properly grounded in part on a broad range of documents and other data that he and his staff of certified public accountants meticulously digested before the start of the initial trial.  <u>See</u> "Government's Opposition to Defendant Walter A. Forbes' Renewed Motion to Preclude the Government from Presenting its Proposed Expert Testimony Because it Does Not Satisfy the Reliability Requirements of <u>Daubert</u> and Federal Rule of Evidence 702," Docket No. 1640, filed Aug. 12, 2005, p. 13 & n.7 (citing to Heckler's <u>Daubert</u> Hearing testimony in which he catalogued the data and information on which his opinions were based).  Most of that data was not offered into evidence during the initial trial.  That some of that data, such as Cendant's 1998 Restatement and Cendant's 1998 Audit Committee Report, was not admitted into evidence does not mean that Heckler improperly considered it in reaching his opinions in this case.  <u>See</u> 4 Weinstein's Federal Evidence (2d ed.), § 703.05; <u>United States v.</u>

5

Mulder, 273 F.3d 91, 101-02 (2d Cir. 2001); United States v. Brown, 7 F.3d 648, 653 (7th Cir. 1993) (expert properly based his opinion in part on police reports that were not admitted into evidence); United States v. Scarfo, 711 F.Supp. 1315, 1344-45 (E.D.Pa. 1989)(expert could properly rely on a medical examiner's findings in opining about the murder victim's cause of death, even though the medical examiner did not testify), aff'd, 910 F.2d 1084 (3d Cir. 1990); see also Fed. R. Evid. 705 ("expert may testify in terms of opinion or inference and give reasons therefor without first testifying to underlying facts or data, unless the court requires otherwise").

Forbes complains that the Government presented more evidence about how the various accounting manipulations were effectuated during the initial trial than during the retrial, and concludes that Heckler's opinions, even if properly admitted during the first trial, are inadmissible during the retrial for that reason. FM 6-8.[5] Because Heckler's opinions are not

---

[5] Thus, Forbes argues that, because Pember testified during the initial trial about the conspirators' manipulation of journal entries that rebooked cancellation reserves to operating expenses or revenue accounts, but did not repeat that testimony during the retrial, Heckler cannot consider Pember's testimony from the previous trial, and cannot opine at all on whether CUC's treatment of cancellation reserves was consistent with Generally Accepted Accounting Principles. FM 6.

According to Forbes, Heckler must somehow wipe from his mind Pember's testimony from the first trial, which was not only properly admitted during that trial, but was subject to the
(continued...)

limited by the facts admitted into evidence, it is of no moment that the initial jury received more evidence about how the fraud was effectuated than the retrial jury received. Heckler's opinion testimony during the retrial is properly informed by all of the information that he properly considered before and during the initial trial, regardless of whether or not that information was admitted into evidence during the retrial.[6]

> B.  **Forbes Has Failed to Sustain His Burden of Showing That This Court Should Reconsider Its Prior Rejection of His Confrontation Clause Challenge to Heckler's Testimony.**

---

[5](...continued)
cross-examination of both defendants. If Heckler's testimony was properly based in part on Pember's testimony from the initial trial regarding the manipulation of journal entries, his opinions are no less reliable when offered during the retrial.

Forbes has received exhaustive discovery of the bases for Heckler's opinions, from Heckler's written summary of testimony, the voluminous discovery provided to Forbes in advance of the Daubert hearing, Heckler's testimony during the protracted Daubert hearing, and Heckler's testimony during the initial trial. Disclosure of the data supporting Heckler's opinions, not the admission of that data into evidence, is all that is required. Fed. R. Evid. 705; Fed. R. Crim. P. 16(a)(1)(G).

[6] Forbes raises again his twice rejected argument that Heckler testified at the Daubert hearing that the bases of his opinions would be restricted to "assumed facts." FM 3-4. As this Court recently concluded in rejecting this argument:

> defendant Forbes' argument that Heckler took the position [that] he would be testifying on the basis of "assumed facts" is inconsistent with the court's understanding of Heckler's testimony.

Ruling on Forbes' Retrial Motion *In Limine* No. 1, Docket No. 1953, filed Nov. 8, 2005.

Forbes seeks to relitigate – again without acknowledging that he is doing so -- his claim that Heckler's testimony will violate Forbes' confrontation rights, because Heckler considered the out-of-statements given by various persons to the investigators who prepared the Cendant Audit Committee Report.  FM 8-9.  Forbes raised this same claim at pp. 14-15 of the memorandum in support of his Pretrial Motion No. 49.  He presents neither arguments nor authority in his present motion that he did not previously raise, much less identify "controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998); United States v. Fell, 372 F.Supp.2d 773, 780 (D.Vt. 2005).

The Government responded to Forbes' confrontation challenges to Heckler's testimony at pp. 48-57 of its Opposition to Forbes' and Shelton's Motions to Preclude Government's Proposed Expert Testimony, Docket No. 376, filed Aug. 15, 2003.  This Court denied Forbes' prior motion to exclude Heckler's testimony, which included his confrontation challenges.  Ruling on Forbes' Pretrial Motion No. 49, Docket No. 1954.  Forbes provides no grounds to justify reconsideration of that ruling, so his confrontation challenge to Heckler's testimony should again be rejected.  Forbes' confrontation rights were fully vindicated

by his opportunity to cross-examine Heckler during the retrial, an opportunity which, as during the initial trial, Forbes declined to exercise. See <u>Weinstein's Federal Evidence</u>, § 703.06 ("The courts have generally held that the Confrontation Clause is satisfied if the expert witness is available for cross-examination.") <u>Citing</u>, *inter alia*, <u>United States v. Locascio</u>, 6 F.3d 924, 938 (2d Cir. 1993) and <u>Reardon v. Manson</u>, 806 F.2d 39, 42 (2d Cir. 1986).

**II.  Although Heckler Will Not Testify That Forbes Intended to Commit the Charged Crimes, This Court Has Previously and Properly Ruled that The Government May Argue that Evidence of the Quantitative Amount of The Fraud is "Relevant" to the Issue of Forbes' Intent and Knowledge.**

As the Government represented to Forbes and to the Court before Heckler testified during the retrial, the Government elicited no testimony from Heckler regarding Forbes' knowledge or intent regarding any of the charged crimes.  Not content with that limitation, Forbes seeks a limiting instruction that would improperly prevent the jury from considering Heckler's testimony for any purpose other than whether certain of CUC's accounting practices were in accord with Generally Accepted Accounting Principles, and whether any allegedly false statements were material.  FM 9-11.  As the Government argued in Point IV of its initial Retrial Motion *In Limine*, Docket No. 1624, filed July 21, 2005, evidence of the large size of CUC's overstatement of its operating income is relevant to prove Forbes' knowledge of the


by his opportunity to cross-examine Heckler during the retrial, an opportunity which, as during the initial trial, Forbes declined to exercise.  See <u>Weinstein's Federal Evidence</u>, § 703.06 ("The courts have generally held that the Confrontation Clause is satisfied if the expert witness is available for cross-examination.") <u>Citing</u>, *inter alia*, <u>United States v. Locascio</u>, 6 F.3d 924, 938 (2d Cir. 1993) and <u>Reardon v. Manson</u>, 806 F.2d 39, 42 (2d Cir. 1986).

**II.  Although Heckler Will Not Testify That Forbes Intended to Commit the Charged Crimes, This Court Has Previously and Properly Ruled that The Government May Argue that Evidence of the Quantitative Amount of The Fraud is "Relevant" to the Issue of Forbes' Intent and Knowledge.**

As the Government represented to Forbes and to the Court before Heckler testified during the retrial, the Government elicited no testimony from Heckler regarding Forbes' knowledge or intent regarding any of the charged crimes.  Not content with that limitation, Forbes seeks a limiting instruction that would improperly prevent the jury from considering Heckler's testimony for any purpose other than whether certain of CUC's accounting practices were in accord with Generally Accepted Accounting Principles, and whether any allegedly false statements were material.  FM 9-11.  As the Government argued in Point IV of its initial Retrial Motion *In Limine*, Docket No. 1624, filed July 21, 2005, evidence of the large size of CUC's overstatement of its operating income is relevant to prove Forbes' knowledge of the

fraud. In ruling on that motion, this Court stated that:

> To the extent the government is seeking to argue that the magnitude of the alleged fraud, **in and of itself**, establishes knowledge on the part of defendant Forbes, its motion is being denied. However, the qualitative[7] effect of the various GAAP violations on CUC's and Cendant's reported earnings is relevant, and **to the extent the Government will argue that certain inferences should be drawn from that evidence when viewed in combination with other evidence in the case**, as the government appears to indicate in its Second Reply it will do, **that is permissible**.

Ruling on Government's Pre-Retrial Motion *In Limine* No. 1, Docket No. 1839, filed Oct. 13, 2005 at 9-10 (emphasis added). Forbes' request for a limiting instruction that would prevent the jury, in deciding whether or not Forbes knew about or participated in the charged crimes, from considering Heckler's testimony regarding the amount of the overstatement of CUC's earnings, would contradict the Government's reading of the Court's ruling on Point IV in the Government's Pre-Retrial Motion *In Limine* No. 1. The Government requests that the Court decline to give Forbes' proposed limiting instruction regarding Heckler's testimony.

---

[7] Part IV of the Government's Motion *In Limine* argued that "Evidence of the <u>Amount</u> of Overstated Operating Income in CUC's and Cendant's SEC Filings is Relevant to Prove Forbes' Knowledge of the Charged Conspiracy." Govt. Mem. at 17 (emphasis added). Likewise the pertinent section of the Court's ruling was titled "Evidence of the <u>Amount</u> of Overstated Operating Income in CUC's and Cendant's SEC Filings." Ruling at 9 (emphasis added). Since the Government was seeking, and the Court provided, a ruling regarding the "amount" of the overstatement, the Government assumes that the Court meant to refer in its ruling to the "quantitative," rather than the "qualitative" effect of the overstatement.

10

**III. The Government Will Not Elicit Testimony From Heckler on Direct Examination That "All" of CUC's Merger Reserves Were Improper, or That Heckler Considered "Changes" in CUC's Planned Use of Reserves.**

Forbes seeks the exclusion of opinion testimony from Heckler regarding matters that Forbes claims are not charged in the indictment. He identifies two such issues: Heckler's conclusions regarding the adequacy of CUC's exit plan to justify a merger reserve in the first instance, and Heckler's consideration of "changes" in CUC's planned use of the reserves. As the Government represented before Heckler testified, the Government did not elicit any testimony from Heckler regarding either of those matters.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court deny Forbes' Retrial Motion *In Limine* No. 26.

                                        Respectfully submitted,

                                        CHRISTOPHER J. CHRISTIE
                                        Special Attorney
                                        U.S. Department of Justice

                             By:   NORMAN GROSS
                                   MICHAEL MARTINEZ
                                   CRAIG CARPENITO
                                   Special Attorneys
                                   U.S. Department of Justice

Dated: November 10, 2005
Hartford, Connecticut

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following by hand delivery:

Barry S. Simon, Esq.
Williams & Connolly LLP

                                                  DEBRA ELLIOTT
                                                U.S. Department of Justice

Dated: November 10, 2005
       Hartford, Connecticut