UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
--------------------------------
UNITED STATES OF AMERICA      )
                              )
v.                            )   Criminal No. 3:02CR00264(AWT)
                              )
WALTER A. FORBES and          )
E. KIRK SHELTON               )
--------------------------------
```

## RULING ON GOVERNMENT'S PRETRIAL MOTION NO. 5

### (United States' Motion *in Limine* Seeking the Admission of Certain Evidence at Trial)

The United States' Motion *in Limine* Seeking the Admission of Certain Evidence at Trial (Doc. No. 454) was GRANTED in part and DENIED in part on May 10, 2004. (See Trial Tr. at 6-7.)

Based upon the parties' written submissions and the oral argument on April 14, 2004 (see Tr. 4/14/04 at 71-131), the court ruled as follows with respect to the government's motion *in limine*:

**Part A**: The motion was granted as to evidence regarding the rise and fall of the price of the company's stock because it tended to prove that the false statements and undisclosed information about the company's earnings were material, and it was denied without prejudice as to the proffer of evidence regarding the drop in Cendant's stock price and loss of market capitalization to prove intent to defraud.

**Part B**: The motion was denied without prejudice as to evidence that pension funds purchased the company's stock.

**Part C:** The motion was granted as to the proffer of evidence of the company's internal memoranda that warned about insider trading to prove knowledge and willfulness with respect to the insider trading offenses charged in the indictment.

**Part D:** The motion was granted as to the proffer of evidence that management officials of other companies made public estimates or offered guidance about anticipated earnings.

**Part E:** The motion was granted as to the proffer of evidence that defendant Forbes earned a degree of Master in Business Administration from Harvard University; the court rejected defendant Forbes' argument that this evidence should be excluded pursuant to Federal Rule of Evidence 403 for substantially the reasons set forth in Part E of the government's initial memorandum and Part V of the government's reply memorandum.

Dated this 12th day of November 2005 at Hartford, Connecticut.

                                               /s/
                                     Alvin W. Thompson
                             United States District Judge