UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------
UNITED STATES OF AMERICA     )
                             )
v.                           )      Criminal No. 3:02CR00264(AWT)
                             )
WALTER A. FORBES             )
-------------------------------
```

### RULING ON FORBES' RETRIAL MOTION *IN LIMINE* NO. 26

### (Motion of Walter A. Forbes to Limit the Scope of the Testimony of Brian Heckler)

The Motion of Walter A. Forbes to Limit the Scope of the Testimony of Brian Heckler (Doc. No. 1960) was DENIED on November 9, 2005 for the reasons discussed soon after the motion was filed (see discussion at Trial Tr. 2364-2373) and for additional reasons referred to in the court's Ruling on Forbes' Retrial Motion *in Limine* No. 1, dated November 7, 2005 (Doc. No. 1953).

The court notes, with respect to the confrontation clause argument raised in Part I.B of defendant Forbes' motion *in limine*, that when the court referred to the Weinstein treatise it was referring to Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 703.06 (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 2005), "Right of Confrontation in Criminal Cases Satisfied by Right to Cross-Examine Expert" and in particular to Reardon v. Manson, 806 F.2d 39, 42 (2d Cir. 1986) ("Expert reliance upon the output of others does not necessarily violate the confrontation clause where the expert is available

for questioning concerning the nature and reasonableness of his reliance. . . . This is particularly true where the defendants have access to the same sources of information through subpoena or otherwise.").

Also, the court notes that it has reviewed the Government's Opposition to Defendant Walter A. Forbes' Motion to Limit the Scope of the Testimony of Brian Heckler (the "Government's Opposition"), dated November 10, 2005, which of necessity was filed after Heckler testified because the government did not receive defendant Forbes' motion *in limine* until about three hours before Heckler took the witness stand.  Had the court received the Government's Opposition prior November 9, the court would have denied defendant Forbes' motion *in limine* for substantially the reasons set forth in the Government's Opposition.

It is so ordered.

Dated this 13th day of November 2005 at Hartford, Connecticut.                              /s/AWT

                                    _____
                                       Alvin W. Thompson
                                    United States District Judge