**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

------------------------------
UNITED STATES OF AMERICA      )
                              )
v.                            )      Criminal No. 3:02CR00264(AWT)
                              )
WALTER A. FORBES              )
------------------------------

## RULING ON FORBES' RETRIAL MOTION NO. 14

### (Motion of Walter A. Forbes for Reconsideration of the Court's Rulings on Parts 3 & 5 of the Government's Pretrial Motion in Limine)

For the reasons set forth below defendant, Forbes' motion for reconsideration is being granted in part and denied in part.

### Part I: Impeaching Credibility

Defendant Forbes argues that the government is seeking to offer excerpts of his 2004 testimony for the purpose of impeaching his credibility.  However, for the reasons set forth by the government in Part I of the Government's Response to Defendant Walter A. Forbes' Motion for Reconsideration of the Court's Rulings on Parts 3 & 5 of the Government's Pre-Trial Motion in *Limine* dated October 17, 2005 (the "Government's Opposition") (Doc. No. 1976), the government is not offering the excerpts of defendant Forbes' testimony for the purpose of impeaching his credibility.

### Part II: Defendant Forbes' Disallowed Counter-Designations

Defendant Forbes identified in his opposition to the government's motion in *limine* counter-designated portions of his

2004 testimony, but with no explanations as to why those portions should be admitted under Federal Rule of Evidence 106. By way of contrast, the government gave an explanation for each of its obligations to defendant Forbes' counter-designations, and the court found the government's explanations persuasive.

In any event, after reviewing defendant Forbes' arguments as to his counter-designations with respect to testimony regarding merger reserves, with respect to testimony concerning forecasts, earning expectations, and meetings with Corigliano to discuss CUC's financial performance, with respect to testimony concerning Anne Pember, with respect to testimony concerning Ernest & Young, and with respect to his denials of involvement in criminal conduct, the court concludes that defendant Forbes' motion for reconsideration should be denied for the reasons set forth in Part II of the Government's Opposition.

### Part III: Questioning Cosmo Corigliano as to Whether He Committed or Is Guilty of the Crime of Insider Trading

The motion for reconsideration is being granted as to this point because the court relied on cross-examination that was conducted by counsel for defendant Shelton, not counsel for defendant Forbes, as is noted at page 14 of the motion for reconsideration. However, upon reconsideration, the court concludes that the cited passages of defendant Forbes' cross-examination of Corigliano reflect that Corigliano was cross-examined by defendant Forbes about his understanding of insider

2

trading and whether he intended to deny that he had committed insider trading. (<u>See</u> Government's Opposition at 15-16 n.5.) Accordingly, after reconsideration, the relief sought by defendant Forbes is being denied.

Accordingly, the Motion of Walter A. Forbes for Reconsideration of the Court's Rulings on Parts 3 & 5 of the Government's Pretrial Motion in *Limine* (Doc. No. 1853) is hereby GRANTED in part and DENIED in part; reconsideration is being denied as to the court's ruling on Part 3, and upon reconsideration of the court's ruling on Part 5, the relief sought by defendant Forbes is being denied.

It is so ordered.

Dated this 14th day of November 2005 at Hartford, Connecticut.

/s/AWT

_____
Alvin W. Thompson
United States District Judge