UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


UNITED STATES OF AMERICA        :
                                :    No. 3:02CR00264 (AWT)
                                :
                                :
        v.                      :
                                :    HON. ALVIN W. THOMPSON, USDJ
                                :
                                :
WALTER A. FORBES                :


════════════════════════════════════════════════

UNITED STATES' PRELIMINARY REQUESTS TO CHARGE FOR RETRIAL

════════════════════════════════════════════════


CHRISTOPHER J. CHRISTIE
NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
Special Attorneys
U. S. Department of Justice
Room 320
450 Main Street
Hartford, Connecticut 06103
Tel: (860) 240-3387
Fax: (860) 240-3391

October 24, 2005
Hartford, Connecticut

**TABLE OF CONTENTS**

Request No. 1:  Introduction . . . . . . . . . . . . . . . . 1

**SECTION I - GENERAL INSTRUCTIONS**

Request No. 2:  Province of the Court and Jury . . . . . . .  4

Request No. 3:  Indictment is Not Evidence . . . . . . . . . 6

Request No. 4:  Failure to Name a Defendant . . . . . . . . . 7

Request No. 5:  Multiple Counts  . . . . . . . . . . . . . . 8

**Basic Rules in Criminal Cases**

Request No. 6:  Presumption of Innocence and Burden of Proof . 9

Request No. 7:  Proof Beyond a Reasonable Doubt . . . . . . . 11

Request No. 8:  Matters the Jury May Not Consider  . . . . . 13

Request No. 9:  Sympathy and Bias  . . . . . . . . . . . . . 14

Request No. 10: Government as a Party  . . . . . . . . . . . 15

Request No. 11: Possible Punishment  . . . . . . . . . . . . 16

**SECTION II - ELEMENTS OF THE CHARGED OFFENSES**

Request No. 12: Overview . . . . . . . . . . . . . . . . . . 17

Request No. 13: No Respondeat Superior Liability . . . . . . 18

Request No. 14: Count 1: Conspiracy - Indictment and Statute  20

Request No. 15: Elements of the Offense  . . . . . . . . . . 22

Request No. 16: First Element - Existence of Unlawful
Agreement  . . . . . . . . . . . . . . . . . . . . . . . . . 23

Request No. 17: Second Element - Membership in the
Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . 26

Request No. 18: Knowingly and Willfully  . . . . . . . . . . 27

Request No. 19: Conscious Avoidance  . . . . . . . . . . . . 31

Request No. 20: Requisite Intent . . . . . . . . . . . . . . 32

Request No. 21: Good Faith . . . . . . . . . . . . . . . . . 35

Request No. 22: Third Element - Commission of Overt Act . . 37

Request No. 23: Fourth Element - Commission of Overt Act in
Furtherance of Conspiracy . . . . . . . . . . . . . . . . . 39

Request No. 24: Counts 2 and 3: False Statement in Report
Required to be Filed with the SEC - The Indictment and the
Statutes . . . . . . . . . . . . . . . . . . . . . . . . . . 41

Request No. 25: Elements of the Offense . . . . . . . . . . 43

Request No. 26: First Element - False Statement of Fact in SEC
Report . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

Request No. 27: Second Element - Materiality . . . . . . . . 47

Request No. 28: Third Element - Made or Caused to be Made . 49

Request No. 29: Fourth Element - Knowingly, Willfully, and with
the Intent to Deceive . . . . . . . . . . . . . . . . . . . 50

Request No. 30: Conscious Avoidance . . . . . . . . . . . . 52

Request No. 31: Count 4: Securities Fraud - The Indictment, and
the Statutes and Regulation . . . . . . . . . . . . . . . . 54

Request No. 32: Elements of the Offense . . . . . . . . . . 56

Request No. 33: First Element - Fraudulent Act . . . . . . . 58

Request No. 34: Second Element - In Connection With the Sale or
Purchase of Stock . . . . . . . . . . . . . . . . . . . . . 62

Request No. 35: Third Element - Use of a Means or Instrumentality
of Interstate Commerce . . . . . . . . . . . . . . . . . . . 63

Request No. 36: Fourth Element - Knowingly, Willfully, and With
the Intent to Defraud . . . . . . . . . . . . . . . . . . . 66

Request No. 37: Counts 2 Through 4: Aiding and Abetting . . 68

Request No. 38: Explanation of "On" or "About" . . . . . . . 70

Request No. 39: Use of Conjunctive in the Indictment . . . . 71

**SECTION III - DEFENSE THEORY**

Request No. 40: Mr. Forbes' Theory of the Defense   . . . . .   71

**SECTION IV - INSTRUCTIONS FOR DELIBERATIONS**

Request No. 41: Evidence in This Case   . . . . . . . . . . .   73

Request No. 42: Rulings by the Court as to Evidence   . . . .   77

Request No. 43: Acts and Declarations of Alleged
Co-Conspirators   . . . . . . . . . . . . . . . . . . . . . .   79

Request No. 44: Testimony Concerning Alleged Co-Conspirators'
Beliefs, Understanding, State of Mind or Intent   . . . . . .   80

Request No. 45: Evidence Concerning the Cendant Restatement   81

Request No. 46: Mr. Corigliano's Testimony Regarding a Certain
Statement by Mr. Silverman   . . . . . . . . . . . . . . . .   82

Request No. 47: Mr. and Mrs. Davidson's Employment   . . . . .   83

Request No. 48: Opinion of Mr. Forbes' Character   . . . . . .   84

Request No. 49: Summary Charts   . . . . . . . . . . . . . . .   85

Request No. 50: Persons Not Called as Witnesses   . . . . . .   86

Request No. 51: Use of Particular Investigative Techniques or
Witnesses   . . . . . . . . . . . . . . . . . . . . . . . . .   87

Request No. 52: Credibility of Witnesses   . . . . . . . . . .   88

Request No. 53: Prior Inconsistent Statement   . . . . . . . .   91

Request No. 54: Uncontradicted Testimony   . . . . . . . . . .   92

Request No. 55: Testimony of Law Enforcement Witnesses   . . .   93

Request No. 56: Testimony of Expert Witnesses   . . . . . . .   94

Request No. 57: Government Witness Testifying Under a Plea
Agreement   . . . . . . . . . . . . . . . . . . . . . . . . .   95

Request No. 58: Not Proper to Consider Guilty Plea of Government
Witness   . . . . . . . . . . . . . . . . . . . . . . . . . .   97

Request No. 59: Informal Immunity of Government Witness  . .  98

Request No. 60: Defendant's Testimony  . . . . . . . . . .  99

Request No. 61: Defendant's Decision Not to Testify  . . . . 100

Request No. 62: Defendant's Testimony From Prior Proceeding  101

**SECTION V - PROCEDURES YOU MUST FOLLOW**

Request No. 63: Duty to Deliberate - Requirement of
Unanimity  . . . . . . . . . . . . . . . . . . . . . . . . . 102

Request No. 64: Notes  . . . . . . . . . . . . . . . . . . 104

Request No. 65: Selection of Foreperson; Communication With the
Court  . . . . . . . . . . . . . . . . . . . . . . . . . . 105

Request No. 66: Exhibits and Testimony; Use of the
Indictment  . . . . . . . . . . . . . . . . . . . . . . . . 106

Request No. 67: No Experiments, Research, or Investigation  . 107

Request No. 68: The Verdict Forms  . . . . . . . . . . . . 108

Request No. 69: Alternate Jurors  . . . . . . . . . . . . . 109

Request No. 70: Conclusion  . . . . . . . . . . . . . . . . 111

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

The United States respectfully submits these preliminary
requests to charge, and reserves its right to submit additional
requests as circumstances at trial may warrant.

The vast majority of the Government's current requests
are drawn verbatim from the parallel portions of the Court's
final instructions to the jury at the conclusion of the initial
trial in this case.  The Government has omitted instructions
that pertain only to certain counts from the indictment that are
not being tried during the retrial (Counts 2-4, charging mail and
wire fraud, and 13-16, charging insider trading), and has
modified some of the instructions to reflect the fact that the
retrial involves only a single defendant, Walter Forbes, unlike
the initial trial, which also included Kirk Shelton as a
defendant.  Where the Government has proposed instructions that
were not included in the Court's final charge during the initial
trial, or where the Government has combined portions of
instructions that were given during the initial trial into a
single request for the retrial, the Government has so noted with
respect to each such requested charge.

As this Court is well aware, there was extensive
litigation during the initial trial regarding the final charge,
and the Court undertook extensive efforts in resolving the

1

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

parties' disputes regarding the charge.  Given that history, the

Government respectfully requests that the Court adopt its legal

rulings from the first trial to any of Forbes' objections to

these proposed instructions which objections are the same or

similar to the objections which Forbes previously raised during

the initial trial.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## Request No. 1

### SECTION ONE - GENERAL INSTRUCTIONS

### Introduction

Now that you have heard the evidence and the arguments of counsel for each party, it is my duty to give you the instructions of the court as to the applicable law in this case.

When you came into the courtroom a moment ago, you each found on your seat a copy of the verdict forms for this case, as well as an outline of these instructions.  In the final part of these instructions, I will review the verdict forms with you. While you are deliberating, you will have the original verdict forms along with the exhibits admitted in this case.  You will also have with you a copy of the indictment and a copy of these instructions.  You will see that various sections of the instructions have a caption, or heading, and that there is a table of contents at the end of these instructions.  The captions and the table of contents are not part of the instructions.  They are present solely for your convenience, to assist you in locating different instructions.

You have faithfully discharged your duty to observe and listen carefully to each witness who testified.  I have been very impressed by how attentive you have been.  I ask you to give me that same careful attention as I instruct you on the law.

My instructions will be delivered in five parts, some of

3

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

which will be a reminder, and some of which will be new:  First,

I will give you some instructions on general rules that define

the role of the court and the duty of the jury in a criminal

case; second, I will give you instructions that define what are

called the elements of each of the offenses charged in the

indictment, that is, the elements the government must prove

beyond a reasonable doubt to make its case with respect to a

charged offense; third, I will explain Mr. Forbes's position;

fourth, I will give you some additional rules and guidelines for

your deliberations; and fifth, I will instruct you on certain

procedures you must follow once the jury retires to deliberate.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 2**

**Province of the Court and Jury**

It is your duty as jurors to follow the law as I state it to you, and to apply that law to the facts as you find them from the evidence in this case.  This includes the instructions I gave you before and during the trial, and these instructions.  You are not to single out one instruction alone as stating the law, but you must consider these instructions as a whole.

You will determine the facts from all of the testimony you have heard and from the other evidence that has been submitted. You are the sole and exclusive weighers of the facts, and in that area, neither I nor anyone else may invade your province.  On the other hand, and with equal emphasis, I instruct you that you are bound to accept the rules of law that I give you whether or not you agree with them.

Counsel have quite properly referred to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the court, you are to be governed by the court's instructions.  Similarly, statements as to the facts made by counsel during the course of the trial do not constitute evidence, and characterizations of the evidence by counsel should be considered by you only if supported by your own recollection of the evidence.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

Nothing I say in these instructions is to be taken as an
indication that I have any opinion about the facts of the case,
or what that opinion is.  In any event, it is not my function,
but yours, to determine the facts.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

### **Request No. 3**

### **Indictment Is Not Evidence**

I remind you that the indictment itself is not evidence.  It merely describes the charges made against Mr. Forbes.  It is only an accusation.  It may not be considered by you as any evidence with respect to Mr. Forbes.

In reaching your determination of whether the government has proven Mr. Forbes guilty on any count beyond a reasonable doubt, you may consider only the evidence introduced, or the lack of evidence.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## Request No. 4

### Failure to Name a Defendant

You may not draw any inference, favorable or unfavorable, towards the government or Mr. Forbes from the fact that certain persons were not named as defendants in the indictment or that certain persons were named as co-conspirators but not indicted. The circumstances that these persons were not indicted must play no part in your deliberations.

I will give you a separate instruction about how you should consider the government's promise not to charge a witness with a crime in assessing the credibility of that witness.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 5**

**Multiple Counts**

The indictment in this case contains a total of 4 separate

counts, or charges.  You must consider each count of the

indictment and any evidence pertaining to it separately.  You

will be required to return a separate verdict for each count. The

number of charges is not evidence of guilt and must not influence

your decisions in any way.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

### Request No. 6

### Basic Rules in Criminal Cases

### Presumption of Innocence and Burden of Proof

Although Mr. Forbes has been indicted, you must remember that an indictment is only an accusation.  It is not evidence.  Mr. Forbes has pled not guilty to that indictment.

As a result of Mr. Forbes' plea of not guilty the burden is on the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to Mr. Forbes for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes Mr. Forbes to be innocent of all the charges against him.  I therefore instruct you that Mr. Forbes is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are unanimously satisfied that the government has proven Mr. Forbes guilty beyond a reasonable doubt.

Mr. Forbes began the trial here with a clean slate.  This presumption of innocence alone is sufficient to require acquittal of Mr. Forbes unless you as jurors are unanimously convinced beyond a reasonable doubt of Mr. Forbes' guilt, after a careful and impartial consideration of all the evidence in this case.  If the government fails to sustain its burden, you must find Mr. Forbes not guilty.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

This presumption was with Mr. Forbes when the trial began and remains with him even now as I speak to you and will continue with Mr. Forbes into your deliberations unless and until you are unanimously convinced that the government has proven Mr. Forbes guilty beyond a reasonable doubt.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

### Request No. 7

### Proof Beyond a Reasonable Doubt

The government must prove each element of an alleged crime beyond a reasonable doubt.  It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense--the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt each and every element of an offense charged in the indictment, you must find Mr. Forbes not guilty of the charged offense.  If you the jury view the evidence in the case as reasonably permitting either of two conclusions as to a charge against Mr. Forbes -- one of not guilty, the other of guilty -- you must, of course, find Mr. Forbes not guilty on that charge.

**"Prove" and "Find"**

Throughout the remainder of my instructions to you, I will use the word "prove" from time to time, with reference to the government's burden.  I shall also speak of your "finding" various facts as to the elements of the crimes charged in this case.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

Throughout my instructions, you should understand that whenever I say that the government has to "prove" a fact to you, I mean that it has to prove that fact to you beyond a reasonable doubt, as I just explained that term to you.  You are to understand my use of the word "prove" to mean "prove beyond a reasonable doubt," even if I do not always repeat those exact words.

Similarly, when I say that you must "find" a fact in order to return a guilty verdict, you must find unanimously that fact to have been proven by the government beyond a reasonable doubt, even if I simply use the word "find."

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## Request No. 8

## Matters the Jury May Not Consider

Your verdict as to Mr. Forbes must be based solely upon the evidence developed at this trial, or the lack of evidence. I note that you have heard testimony about the wealth and compensation of Mr. Forbes. I instruct you that it is improper for a juror to consider any personal feelings he or she may have about the wealth, compensation, or lifestyle, or about the gender, age, race, religion, national origin, or other characteristics of Mr. Forbes. It also would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with what must be your fair and impartial decision-making process. All persons who come before the court charged with a criminal offense are entitled to the presumption of innocence and the government always has the burden of proof beyond a reasonable doubt, as I just described to you.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 9**

**Sympathy and Bias**

You have been chosen as jurors to try the issues of fact and reach verdicts on the basis of the evidence, or the lack of evidence, presented here.  Under the terms of your oath as jurors, you are not to be swayed by sympathy or bias that you may have towards any party.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 10**

**Government as a Party**

You are to perform your duty as jurors of finding facts
without bias or prejudice as to any party.  You are to perform
your duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the
United States of America entitles the government to no greater
consideration than that accorded any other party to litigation.
By the same token, it is entitled to no less consideration.  All
parties, whether government or individuals, stand as equals at
the bar of justice.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## Request No. 11

## Possible Punishment

You are instructed that the question of possible punishment of Mr. Forbes is no concern of the jury and should not, in any sense, enter into or influence your deliberations. In the event of a conviction, the duty of imposing sentence rests exclusively with the court -- that is, the judge.

The function of the jury is to weigh the evidence or lack of evidence in the case as to Mr. Forbes and determine whether Mr. Forbes is guilty or not guilty solely upon the basis of such evidence or lack of evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon Mr. Forbes, if convicted, to influence your verdict in any way.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

<b><u>Request No. 12</u></b>

<b>SECTION II: <u>ELEMENTS OF THE CHARGED OFFENSES</u></b>

<b><u>Overview</u></b>

The Defendant Walter A. Forbes is charged in several different counts of the Superseding Indictment.  Each count charges a separate crime.  Count 1 charges Mr. Forbes with conspiring: (1) to make or cause to be made false statements in reports required to be filed with the Securities and Exchange Commission, which is sometimes referred to in these instructions as the "SEC"; and (2) to commit securities fraud.

Count 2 and Count 3 each charge Mr. Forbes with making or causing to be made false statements in reports required to be filed with the SEC.  Count 4 charges Mr. Forbes with securities fraud.  In addition, Counts 2 through 4 each charge Mr. Forbes with aiding and abetting another person in the commission of the crime charged in that count.

For each count, I will review with you the relevant language in the Superseding Indictment, the pertinent statutory provision or provisions or regulation, and the elements of the offense.

Before I address these matters, however, I want to make sure that each of you understands that a doctrine we refer to as respondeat superior has no applicability to this case.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 13**

**No Respondeat Superior Liability**

There is one point I want to address before I review the elements of the charged offenses.  In some other areas of the law, there is a doctrine we call respondeat superior.  Under that doctrine, employers can be held liable for an employee's wrongful acts committed within the scope of the employee's employment based solely on the employer's status as the employer.  That doctrine has no applicability in this case.  You have heard testimony that Mr. Forbes was a senior executive at CUC and Cendant.  I instruct you that you may not vote to convict Mr. Forbes based solely on the position or positions that he held at CUC and/or Cendant.

A defendant who is an officer, director, or employee of a corporation is not criminally responsible for the alleged acts of his subordinates merely because the defendant held a senior position with the corporation.  Therefore, it is not enough for the government to prove that alleged accounting irregularities occurred at CUC and Cendant and that Mr. Forbes held senior positions.  Nor is it enough for the government to prove that one or more alleged wrongdoers reported to Mr. Forbes.  In addition, you may not infer that Mr. Forbes, based solely on his positions at CUC and Cendant, had any knowledge of the alleged accounting irregularities. Furthermore, it is not enough for the government

19

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

to prove that Mr. Forbes should have known about the alleged

accounting irregularities at CUC and Cendant.  In each instance,

the law requires more.  The government must prove beyond a

reasonable doubt that Mr. Forbes acted knowingly, willfully, and

with the particular unlawful intent required for that offense.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## Request No. 14

## Count 1:  Conspiracy

### The Indictment and the Statute

Count 1 of the indictment charges that defendant Walter A.
Forbes knowingly and willfully conspired, with the requisite
unlawful intent, with E. Kirk Shelton, Cosmo Corigliano, Anne
Pember, Casper Sabatino, Steven Speaks, Kevin Kearney, Mary
Sattler and Stuart Bell to make or cause to be made false
statements in reports required to be filed with the SEC, and to
commit securities fraud.  Count 1 of the indictment reads as
follows:

**[Read Count 1 of the Superseding Indictment.]**

The statute relevant to Count 1 of the indictment is 18
U.S.C. § 371, which provides, in relevant part, as follows:

> If two or more persons conspire . . . to
> commit any offense against the United States,
> . . . and one or more of such persons do any
> act to effect the object of the conspiracy,
> each [person commits a crime.]

The other federal laws relevant to this count are the
statute relating to making or causing to be made false statements
in reports required to be filed with the Securities and Exchange
Commission, which is 15 U.S.C. § 78ff(a); and two securities
fraud statutes and a regulation, which are 15 U.S.C. Sections
78j(b) and 78ff(a) and Rule 10b-5.  I will be discussing these
federal laws and the elements of each offense later in these

21

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

instructions when I discuss Counts 2 through 4.  (See Section II

____ below as to making or causing to be made false statements in

reports required to be filed with the SEC, and Section II ___

below as to securities fraud.)

     The crime of conspiracy to violate a federal law, as charged

in this indictment, is an independent offense.  It is separate

and distinct from the actual violation of any specific federal

laws, which the law refers to as "substantive crimes."  Indeed,

you may find Mr. Forbes guilty of the crime of conspiracy to

commit an offense against the United States even though the

substantive crime which was the object of the alleged conspiracy

was not actually committed.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 15**

**Elements of the Offense**

In order to meet its burden of proof on the conspiracy charge, the government must prove each of the following four essential elements beyond a reasonable doubt:

*First*, that two or more persons entered the unlawful agreement charged in the indictment starting in or about the late 1980's;

*Second*, Mr. Forbes knowingly and willfully became a member of the conspiracy, and did so with the requisite unlawful intent;

*Third*, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment, during the period of the alleged conspiracy; and

*Fourth*, that one or more overt acts which you find to have been committed was or were committed, during the period of the alleged conspiracy, to further some objective of the conspiracy.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

### Request No. 16

### First Element – Existence of Unlawful Agreement

The first element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment starting in or about the late 1980's.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act, as charged in Count 1 of the indictment.

The government contends that the co-conspirators were Walter Forbes, Kirk Shelton, Cosmo Corigliano, Anne Pember, Casper Sabatino, Steven Speaks, Kevin Kearney, Mary Sattler, and Stuart Bell. There are no other alleged co-conspirators.

You may find that the existence of an unlawful agreement, as charged in Count 1 of the indictment, has been established by direct proof. However, since conspiracy is, by its very nature,

24

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

characterized by secrecy, you may also infer its existence from
the circumstances of this case and the conduct of the people
involved.

In the context of conspiracy cases, actions often speak
louder than words.  In this regard, you may, in determining
whether an agreement existed here, consider the actions and
statements of all those you find to be participants in the
alleged conspiracy as proof that a common design existed on their
part to act together to accomplish an unlawful purpose, as
charged in Count 1 of the indictment.

The indictment charges that there were two objects of the
conspiracy: to make or cause to be made false statements in
reports required to be filed with the SEC, and to commit
securities fraud.  The government is not required to prove that
there was an agreement to accomplish both unlawful objectives.
However, the government must prove beyond a reasonable doubt that
there was an agreement to accomplish at least one of the unlawful
objectives charged in Count 1, and you must agree unanimously
that it was the same unlawful objective.

It is not enough to satisfy this element of the offense if
some of you find that the government has proven an agreement to
accomplish one unlawful objective while others of you find that
the government has proven only an agreement to accomplish a
different unlawful objective.  If you do not agree unanimously

25

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

that the government has proven beyond a reasonable doubt an

agreement to accomplish the same unlawful objective with respect

to at least one of the two objects of the conspiracy charged in

the indictment, you must return a verdict of not guilty with

respect to Count 1.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

### Request No. 17

### Second Element – Membership in the Conspiracy

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that Mr. Forbes knowingly and willfully became a member of the conspiracy, and did so with the requisite unlawful intent.

The government contends that the co-conspirators were Walter Forbes, Kirk Shelton, Cosmo Corigliano, Anne Pember, Casper Sabatino, Steven Speaks, Kevin Kearney, Mary Sattler, and Stuart Bell.  There are no other alleged co-conspirators.  If the government fails to prove beyond a reasonable doubt that Mr. Forbes knowingly and willfully, and with the requisite intent, entered into the purported unlawful agreement charged in the indictment with one or more of these people, then you must vote not guilty on Count 1.

In connection with this second element of the offense, I am first going to instruct you on the concepts of "knowingly" and "willfully"; second, on the concept of "conscious avoidance," which relates only to the concept of "knowingly"; third, on the concept of "requisite intent"; and fourth, on the concept of "good faith."

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 18**

**Knowingly and Willfully**

"Knowingly": a person acts knowingly when he acts voluntarily and purposefully, and not because of ignorance, mistake, accident, or carelessness. The alleged conspiracy involves providing materially false financial information to the SEC and to investors. To establish that Mr. Forbes acted knowingly, the government must prove beyond a reasonable doubt that he knew that the financial information was materially false.

"Willfully": an act is done willfully if it is done with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say, with bad purpose to disobey or to disregard the law. It is not necessary for the government to prove beyond a reasonable doubt that Mr. Forbes knew that he was breaking any particular law or rule, but it must prove beyond a reasonable doubt that he was aware of the generally unlawful nature of his acts.

In deciding whether Mr. Forbes was, in fact, a member of the conspiracy, you must consider whether he knowingly and willfully joined the conspiracy, intending to advance or achieve its goals. Did he participate in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its objective.

In that regard, in order for Mr. Forbes to be deemed a

28

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

participant in a conspiracy, he must have had a stake in the
venture or its outcome.  You are instructed that, while proof of
a financial interest in the outcome of a scheme is not essential,
if you find that Mr. Forbes had such an interest, that is a
factor which you may properly consider in determining whether or
not Mr. Forbes was a member of the conspiracy charged in the
indictment.

    As I mentioned a moment ago, before Mr. Forbes can be found
to have been a conspirator, you must first find that he knowingly
and willfully joined in an unlawful agreement, as charged in
Count 1 of the indictment.  The key question, therefore, is
whether Mr. Forbes joined the conspiracy with an awareness of at
least some of the basic aims and purposes of that unlawful
agreement.

    It is important for you to note that Mr. Forbes'
participation in the alleged conspiracy must be established by
independent evidence of his own acts or statements.  You may also
consider, but you may not exclusively rely on, acts or statements
of the other alleged co-conspirators and the reasonable
inferences which may be drawn from them.

    Mr. Forbes' knowledge is a matter of inference from the
facts proved.  In that connection, I instruct you that to become
a member of the conspiracy, Mr. Forbes need not have been
apprised of all of the activities of the other alleged co-

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

conspirators.  Moreover, Mr. Forbes need not have been fully

informed as to all of the details, or the scope, of the

conspiracy in order to justify an inference of knowledge on his

part.  Furthermore, Mr. Forbes need not have joined the

conspiracy at its very beginning and need not have joined in all

of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on

the issue of his guilt.  A conspirator's liability is not

measured by the extent or duration of his participation.  Indeed,

each member of a conspiracy may perform separate and distinct

acts and may perform them at different times.  Some conspirators

play major roles, while others play minor parts in the scheme.

An equal role is not what the law requires.  In fact, even a

single act may be sufficient to draw a defendant within the ambit

of the conspiracy.

I want to caution you, however, that a defendant's mere

presence at the scene of the alleged crime does not, by itself,

make him a member of the conspiracy.  Similarly, mere association

with an alleged member of a conspiracy does not make the

defendant a member.  A person may know, or be friendly with, a

criminal, without being a criminal himself.  Mere similarity of

conduct or the fact that two people may have gotten together and

discussed common aims and interests does not make them members of

a conspiracy.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

I also want to caution you that mere knowledge or
acquiescence, without participation, in the unlawful plan does
not make a defendant a member of the conspiracy.  Moreover, the
fact that the acts of a defendant, without knowledge, merely
happen to further the purposes or objectives of the conspiracy,
does not make him a member.  More is required under the law.
What is necessary is that a defendant must have participated with
knowledge of at least some of the purposes or objectives of the
conspiracy and with the intention of aiding in the accomplishment
of those unlawful ends.

The government is not required to prove that the members of
the alleged conspiracy were successful in achieving any or all of
the objects of the conspiracy.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 19**

**Conscious Avoidance**

A defendant's knowledge of the objectives of the alleged conspiracy can also be proven pursuant to the doctrine of conscious avoidance if the government proves beyond a reasonable doubt that he was aware that there was a high probability of the fact in dispute and that he consciously avoided confirming that fact.  You will receive instructions on this doctrine as part of the instructions on the second element of making or causing to be made false statements in a report required to be filed with the SEC.  (See Section II ____ below.)  However, I instruct you that this doctrine may not be used to establish that Mr. Forbes acted willfully, to establish that Mr. Forbes acted with the requisite unlawful intent, to establish any other element of the offense of conspiracy, or to establish any aspect of aiding and abetting.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 20**

**Requisite Intent**

In order to prove that Mr. Forbes became a member of the alleged conspiracy to commit a particular object offense, the government must also prove, beyond a reasonable doubt, that Mr. Forbes acted with the same unlawful intent that must be proven with respect to that alleged object of the alleged conspiracy.

Making or causing to be made false statements in reports required to be filed with the SEC, which is the first of the objects of the alleged conspiracy, requires that the government prove beyond a reasonable doubt that Mr. Forbes acted knowingly, willfully, and with the intent to deceive.  In order to prove that Mr. Forbes became a member of the alleged conspiracy with respect to the object offense of making or causing to be made false statements in reports required to be filed with the SEC, the government must prove beyond a reasonable doubt, in addition to the other elements of membership that I have described, that Mr. Forbes acted knowingly, willfully, and with the intent to deceive.

"Intent to deceive": an act is done with the intent to deceive if it is done with the intent to mislead another or to cause another to believe that a falsehood is true, but not necessarily for the purpose of causing some financial loss to

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

another.

Securities fraud, which is the second of the two objects of
the alleged conspiracy, requires that the government prove beyond
a reasonable doubt that Mr. Forbes acted knowingly, willfully,
and with the intent to defraud.  In order to prove that Mr.
Forbes became a member of the alleged conspiracy with respect to
the object offense of securities fraud, the government must prove
beyond a reasonable doubt, in addition to the other elements of
membership that I have described, that Mr. Forbes acted
knowingly, willfully, and with the intent to defraud.

"Intent to defraud": in the context of the securities laws,
an act is done with the intent to defraud if it is done knowingly
and with the intent to deceive or defraud.

**[NOTE: THE FOLLOWING THREE PARAGRAPHS WERE TAKEN VERBATIM FROM
THE INSTRUCTIONS FROM THE INITIAL TRIAL PERTAINING TO THE COUNTS
CHARGING MAIL AND WIRE FRAUD, WHICH ARE NOT BEING TRIED DURING
THE RETRIAL; THOSE INSTRUCTIONS ARE NONETHELESS APPLICABLE TO
PROOF OF A DEFENDANT'S MENTAL STATE IN THE RETRIAL]**

The question of whether a person acted knowingly, willfully
and with criminal intent is a question of fact for you to
determine, like any other fact question.  This question involves
one's state of mind.  Direct proof of knowledge and fraudulent
intent is almost never available.  It would be a rare case where

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

it could be shown that a person wrote or stated that as of a
given time in the past he committed an act with fraudulent
intent.  Such direct proof is not required.

     The ultimate facts of knowledge and criminal intent, though
subjective, may be established by circumstantial evidence, based
upon a person's outward manifestations, his words, his conduct,
his acts and all the surrounding circumstances disclosed by the
evidence and the rational or logical inferences that may be drawn
from them.  However, I instruct you that, standing alone, a
claimed desire to maintain a high stock price or to increase
compensation is insufficient to establish criminal intent.

     Circumstantial evidence, if believed, is of no less value
than direct evidence.  In either case, the essential elements of
the crime must be established beyond a reasonable doubt.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## Request No. 21

## Good Faith

Because the government must prove beyond a reasonable doubt that Mr. Forbes acted knowingly, willfully, and with the unlawful intent required for the charge you are considering, the good faith of the defendant is a complete defense.

A defendant who acted in good faith cannot be found to have acted knowingly, willfully, and with the unlawful intent required for the charge you are considering. Good faith on the part of the defendant is simply inconsistent with such unlawful intent. While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to act in accordance with the law.

If a person holds a good faith belief in the accuracy of a statement, there is no crime. This is so even if he is mistaken and even if the statement is, in fact, materially false. One who expresses an opinion honestly held by him, or a belief honestly entertained by him, is not chargeable with a crime, even if his opinion is in error or his belief is mistaken. An honest mistake of judgment or negligence is not unlawful intent, and a defendant who acts on such a basis can still be acting in good faith. A person who believes in good faith that his actions comply with

36

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

the law cannot be found guilty of a crime.  Therefore, if Mr.
Forbes believed that he was acting in accordance with the law, he
cannot be found to have acted with criminal intent and you must
find him not guilty.

A person does not act in "good faith" if, even though he
honestly holds a certain opinion or belief, that person also
knowingly makes false or fraudulent pretenses, representations,
or promises to others.

The burden of proving good faith does not rest with Mr.
Forbes because he does not have to prove anything in this case.
The government has the burden of proving beyond a reasonable
doubt that Mr. Forbes acted knowingly, willfully, and with the
unlawful intent required for the charge you are considering.  If
the evidence in the case leaves you with a reasonable doubt as to
whether Mr. Forbes acted in good faith, you must find him not
guilty.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

### Request No. 22

### Third Element – Commission of Overt Act

The third element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment, during the period of the alleged conspiracy.

Paragraph 63 of the Superseding Indictment charges that the overt acts set forth in subparagraphs a. through o. of that paragraph were committed in the District of Connecticut, the District of New Jersey and elsewhere.

In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the indictment be proven, or that any of these acts were themselves illegal. However, the government must prove beyond a reasonable doubt that at least one of these overt acts was committed by a member of the alleged conspiracy, and all of you must agree unanimously that it was the same overt act.  It is not enough to satisfy this element if some of you find that the government has proven one overt act while others of you find that the government has proven a different overt act.  If you do not agree unanimously, with respect to at least one of the overt acts charged in paragraph 63 of the indictment, that the government has proven that specific

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

overt act beyond a reasonable doubt, then you must return a

verdict of not guilty with respect to Count 1.

You are instructed that you need not find that Mr. Forbes

committed the overt act.  To satisfy this element, it is

sufficient for the government to show that one of the

conspirators knowingly committed an overt act in furtherance of

the conspiracy.

You are further instructed that the overt act need not have

been committed at precisely the time alleged in the indictment.

It is sufficient if you are convinced, beyond a reasonable doubt,

that it occurred at or about the time and place stated, so long

as that is during the period of the alleged conspiracy.

Finally, you must find that either the unlawful agreement

was formed or that an overt act was committed in the District of

Connecticut.  I instruct you that the District of Connecticut

includes the entire state of Connecticut.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## **Request No. 23**

## **Fourth Element – Commission of Overt Act in Furtherance of the Conspiracy**

The fourth element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the overt act was committed, during the period of the alleged conspiracy, for the purpose of carrying out the unlawful agreement.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done during the period of the alleged conspiracy, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the indictment.  In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act which, in and of itself, is criminal.

\* \* \* \* \* \*

In order to establish that Mr. Forbes is guilty on the charge of conspiracy, the government must prove beyond a reasonable doubt each of these four elements.  If you find that

40

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

the government has failed to prove one or more of these elements

beyond a reasonable doubt, then you must acquit him of the

conspiracy charge.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

<b><u>Request No. 24</u></b>

<b><u>Counts 2 and 3: False Statement in Report Required to be Filed
with the SEC</u></b>

<b><u>The Indictment and the Statutes</u></b>

Count 2 and Count 3 of the indictment charge Mr. Forbes
with knowingly and willfully, and with the intent to deceive,
making or causing to be made statements, in reports required
under federal law to be filed with the SEC, that were false and
misleading with respect to material facts.  Count 2 of the
indictment relates to CUC's quarterly report on Form 10-Q for its
third fiscal quarter ending October 31, 1997.  Count 3 relates to
Cendant's annual report on Form 10-K for its fiscal year ending
December 31, 1997.  Count 2 and Count 3 of the indictment read as
follows:

<b>[Read Count 2 and Count 3 of the Superseding Indictment.]</b>

Section 78ff(a) of Title 15 of the United States Code is
relevant to Count 2 and Count 3 of the indictment.  That statute
provides, in relevant part, as follows:

> Any person . . . who willfully and knowingly
> makes, or causes to be made, any statement in
> any application, report, or document required
> to be filed under this chapter or any rule or
> regulation thereunder . . . which statement

42

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

> was false or misleading with respect to any
>
> material fact . . . [shall be guilty of a
>
> crime].

CUC and Cendant were required by law to file with the SEC annual reports on Form 10-K and quarterly reports on Form 10-Q because they were companies whose stocks were publicly traded.

Later in these instructions I will instruct you with respect to 18 U.S.C. § 2, which pertains to aiding and abetting. (See Section II ____)

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## Request No. 25

### Elements of the Offense

In order to meet its burden of proof on Count 2 or Count 3, the government must prove each of the following four essential elements beyond a reasonable doubt:

*First*, that the SEC report to which that count pertains contained a false statement of fact;

*Second*, that the false statement of fact was material;

*Third*, that Mr. Forbes made or caused to be made that false statement of material fact in the SEC report; and

*Fourth*, that Mr. Forbes acted knowingly, willfully and with the intent to deceive.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 26**

**First Element – False Statement of Fact
in SEC Report**

The first element that the government must prove beyond a reasonable doubt is that the SEC report pertaining to the count you are considering contained a false statement of fact.

A statement is not false merely because subsequent events prove it to have been erroneous.  The statement must have been false when it was made.

**(i)  Count 2**

The only statements that you may consider with respect to Count 2 are the following eight statements in CUC's Form 10-Q for its third fiscal quarter ending October 31, 1997:

The first alleged false statement is the statement that for the three months ending October 31, 1997, total revenue was approximately $775 million.

The second alleged false statement is the statement that for the three months ending October 31, 1997, total expenses were approximately $612 million.

The third alleged false statement is the statement that for the three months ending October 31, 1997, income before taxes was approximately $163 million.

The fourth alleged false statement is the statement that for the nine months ending October 31, 1997, total revenue was approximately $2,168 million.

45

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

> The fifth alleged false statement is the statement that for the nine months ending October 31, 1997, total expenses were approximately $1,735 million.
>
> The sixth alleged false statement is the statement that for the nine months ending October 31, 1997, income before taxes was approximately $433 million.
>
> The seventh alleged false statement is the statement that on October 31, 1997, current assets were approximately $2,117 million.
>
> The eighth alleged false statement is the statement that on October 31, 1997, accounts payable and accrued expenses were approximately $464 million.

The government is not required to prove that all eight of these statements were false. However, the government must prove beyond a reasonable doubt that at least one of these eight specific statements was false, and you must agree unanimously that the same statement was false. It is not sufficient to establish this element of the offense if some of you find that the government has proven one false statement in CUC's Form 10-Q while others of you find that the government has proven another false statement in that Form 10-Q. If you do not agree unanimously that the government has proven beyond a reasonable doubt the same specific false statement with respect to at least one of these eight alleged false statements, you must return a verdict of not guilty with respect to Count 2.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## **Count 3**

The only statements that you may consider with respect to
Count 3 are the following two statements in Cendant's Form 10-K
for the fiscal year ending December 31, 1997:

> The first alleged false statement is the
> statement that net revenue was approximately
> $5,315 million.

> The second alleged false statement is the
> statement that merger-related costs and other
> unusual charges were approximately $1,148
> million.

The government is not required to prove that both of these
statements were false.  However, the government must prove beyond
a reasonable doubt that at least one of these two specific
statements was false, and you must agree unanimously that the
same statement was false.  It is not sufficient to establish this
element of the offense if some of you find that the government
has proven one false statement in Cendant's Form 10-K while
others of you find that the government has proven the other
statement in that Form 10-K was false.  If you do not agree
unanimously that the government has proven beyond a reasonable
doubt the same specific false statement with respect to one of
these two alleged false statements, you must return a verdict of
not guilty with respect to Count 3.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 27**

**Second Element - Materiality**

The second element that the government must prove beyond a reasonable doubt is that the alleged false statement of fact was "material."

If you decide that a particular statement was false when it was made, then you must determine if the fact stated was a material fact under the evidence in this case.  In order for you to find a material fact, the government must prove beyond a reasonable doubt that the fact misstated was of such importance that it would reasonably be expected to cause or to induce a person to invest or to cause or to induce a person not to invest. A fact is material only if there is a substantial likelihood that a reasonable investor would have viewed the fact as having significantly altered the total mix of information available. The statute under which Count 2 and Count 3 of the indictment are brought is concerned only with such material misstatements and does not cover minor, meaningless, or unimportant ones.

Whether a public company's stock price changes sharply shortly after information is disclosed to the investing public is a factor that you may consider in deciding whether or not that information is material.

Any false statement of fact must have been material on the

48

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

date the SEC report was filed.  CUC's Form 10-Q at issue in Count

2 was filed with the SEC on December 15, 1997.  Cendant's Form

10-K at issue in Count 3 was filed with the SEC on March 31,

1998.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## **Request No. 28**

### **Third Element – Made or Caused to be Made**

The third element that the government must prove beyond a reasonable doubt is that Mr. Forbes made or caused to be made that alleged false statement of material fact in the SEC report at issue.

In this regard, it is sufficient to establish this element of the offense if the government proves beyond a reasonable doubt that Mr. Forbes caused that false statement of material fact in the SEC report at issue to be made by others.

Mr. Forbes may not be held responsible for any false statement in an SEC report that he did not make or cause to be made. If the government proves beyond a reasonable doubt that the SEC report at issue in a count of the indictment contained a materially false statement, but the government fails to prove beyond a reasonable doubt that Mr. Forbes made that statement or caused that statement to be made in the SEC report, you must find Mr. Forbes not guilty on that count.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## Request No. 29

## Fourth Element – Knowingly, Willfully and With the Intent to Deceive

The fourth element that the government must prove beyond a
reasonable doubt is that Mr. Forbes acted knowingly, willfully
and with the intent to deceive.

"Knowingly": a person acts knowingly when he acts
voluntarily and purposefully, and not because of ignorance,
mistake, accident, or carelessness.  The alleged making of false
statements involves providing materially false financial
information in reports filed with the SEC.  To establish that Mr.
Forbes acted knowingly, the government must prove beyond a
reasonable doubt that Mr. Forbes knew that the financial
information was materially false.

"Willfully": an act is done willfully if it is done with
knowledge that one's conduct is unlawful and with the intent to
do something the law forbids, that is to say, with bad purpose to
disobey or to disregard the law.  It is not necessary for the
government to prove beyond a reasonable doubt that Mr. Forbes
knew that he was breaking any particular law or rule, but it must
prove beyond a reasonable doubt that he was aware of the
generally unlawful nature of his acts.

"Intent to deceive": an act is done with the intent to
deceive if it is done with the intent to mislead another or to

51

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

cause another to believe that a falsehood is true, but not

necessarily for the purpose of causing some financial loss to

another.

The question of whether a person acted knowingly, willfully

and with the intent to deceive is a question of fact for you to

determine, like any other fact question.  This question involves

one's state of mind.  When I gave you instructions for the second

element for conspiracy, (i.e., participation in the conspiracy

knowingly, willfully and with the requisite criminal intent), I

gave you instructions about how proof of one's state of mind can

be established.  Those instructions are equally applicable here,

but I will not repeat them.  I refer you to Section II _____.

At that point I also gave you instructions on "good faith",

which instructions are also equally applicable here.  I refer you

to Section II _____.

52

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

<u>**REQUEST NO. 30**</u>

<u>**Conscious Avoidance**</u>

Knowledge on the part of a person can also be proven pursuant to the doctrine of conscious avoidance.  Subject to the limitations discussed above with respect to Count 1 (see Section II ____, in determining whether Mr. Forbes acted knowingly, you may consider whether he deliberately closed his eyes to what otherwise would have been obvious to him.  However, guilty knowledge may not be established by demonstrating that Mr. Forbes was merely negligent, foolish or mistaken.

Thus, if you find that the government has proven beyond a reasonable doubt that Mr. Forbes was aware that there was a high probability that any of the publicly reported financial results of CUC or Cendant were materially false and fraudulently inflated and that Mr. Forbes deliberately and consciously avoided learning the truth, then you may find that Mr. Forbes acted knowingly.  However, if you conclude that Mr. Forbes actually believed that CUC's and Cendant's publicly reported financial results were not materially false or fraudulently inflated, he should be acquitted.

\*   \*   \*   \*   \*   \*

In order to establish that Mr. Forbes on the charge in Count 2 or Count 3 is guilty on that charge, the government must prove

53

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

beyond a reasonable doubt each of these four elements.  If you

find that the government has failed to prove one or more of these

elements beyond a reasonable doubt, then you must acquit Mr.

Forbes of making or causing to be made a false statement in a

report required to be filed with the SEC.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 31**

**Count 4:  Securities Fraud**

**The Indictment and the Statutes and Regulation**

Count 4 of the indictment charges that, on or about February 18, 1998, Mr. Forbes used means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges and, knowingly, willfully and with the intent to defraud, did directly and indirectly use and employ manipulative and deceptive devices and contrivances in connection with the purchase or sale of a security, specifically, the purchase of Cendant common stock by The Hartford Steam Boiler Inspection and Insurance Company.  Count 4 of the indictment reads as follows:

**[Read Count 4 of the Superseding Indictment.]**

Section 78j(b) of Title 15 of the United States Code is relevant to Count 4 of the indictment.  That statute provides, in relevant part, as follows:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentalities of interstate commerce or of the mails, or of any facility of any national securities exchange . . .

> (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe

55

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

          . . . .

Section 78ff(a) of Title 15 of the United States Code is also

relevant to Count 4.  That statute provides, in relevant part, as

follows:

> Any person who willfully violates any provision of this
> chapter . . ., or any rule or regulation thereunder the
> violation of which is made unlawful or the observance of
> which is required under the terms of this chapter . . .
> [shall be guilty of a crime].

Rule 10b-5, which is a regulation promulgated by the SEC and

is codified in the law at Title 17, Code of Federal Regulations,

Section 240.10b-5, also applies to the charges in each of these

counts.  Rule 10b-5 states:

> *Employment of manipulative and deceptive practices*.  It
> shall be unlawful for any person, directly or indirectly,
> by the use of any means or instrumentality of interstate
> commerce, or of the mails, or of any facility of any
> national securities exchange,
>
>      (a) To employ any device, scheme, or artifice to
> defraud,
>
>      (b) To make any untrue statement of a material fact or
> to omit to state a material fact necessary in order to make
> the statements made, in light of the circumstances under
> which they were made, not misleading, or
>
>      (c) To engage in any act, practice, or course of
> business which operates or would operate as a fraud or
> deceit upon any person, in connection with the purchase or
> sale of any security.

Later in these instructions I will instruct you with

respect to 18 U.S.C. § 2, which pertains to aiding and abetting.

(See Section II _____).

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

<u>**Request No. 32**</u>

<u>**Elements of the Offense**</u>

In order to meet its burden of proof on Count 4, the government must prove each of the following four essential elements beyond a reasonable doubt:

*First*, that Mr. Forbes did any one or more of the following, as charged in the indictment:

(a) knowingly employed a device, scheme, or artifice to defraud; or

(b) knowingly made an untrue statement of a material fact, or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) knowingly engaged in a transaction, practice, or course of business that operated or would operate as a fraud and deceit on any person;

*Second*, that Mr. Forbes did so in connection with the purchase or sale of the Cendant common stock described in Count 4;

*Third*, that in connection with the purchase or sale of the Cendant common stock described in Count 4, Mr. Forbes made use of or caused the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national

57

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

securities exchange; and

Fourth, that Mr. Forbes acted knowingly, willfully, and with

the intent to defraud.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## **Request No. 33**

## **First Element - Fraudulent Act**

The first element that the government must prove beyond a reasonable doubt is that Mr. Forbes did any one or more of the following, as charged in the indictment:

(a)  knowingly employed a device, scheme, or artifice to defraud; or

(b)  knowingly made an untrue statement of a material fact, or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)  knowingly engaged in a transaction, practice, or course of business that operated or would operate as a fraud and deceit on any person.

It is not necessary for the government to establish all three types of fraudulent conduct.  Any one will be sufficient to satisfy this element of the offense.  However, you must agree unanimously that the government has proven beyond a reasonable doubt the same type of fraudulent conduct with respect to at least one of these three types of fraudulent conduct.  Also, if the only type of fraudulent conduct you unanimously agree the government has proven beyond a reasonable doubt is the type of conduct described in subparagraph (b) above, then you must be

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

unanimous as to at least one particular untrue statement of a

material fact, or such omission to state a material fact, you

find to have been proven.

Section 78j(b) uses the phrase "any manipulative or

deceptive device or contrivance."  "Manipulation" includes the

deliberate omission of a material fact with the knowledge that

the omission makes the facts, as represented, false.  "Deception"

is also a term of art in the securities industry and means to

defraud by deliberately making an affirmative misstatement of a

material fact.  A "device" is simply an invention, or

contrivance, or the result of some plan or design.

As used in this statute in connection with the purchase or

sale of a security, then, a "manipulative or deceptive device"

means the formation of some invention, contrivance, plan, or

design to trick or deceive, either by a deliberate affirmative

misstatement of a material fact or a deliberate omission of a

material fact.

Rule 10b-5 uses, in clause (a), the term "device, scheme, or

artifice to defraud."  A "device" is an invention, a contrivance,

or the result of some plan or design.  A "scheme" is a design or

a plan formed to accomplish some purpose.  An "artifice" is an

ingenious contrivance or plan of some kind.  There is nothing

about the terms "device," "scheme," or "artifice" which in and of

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

themselves imply anything fraudulent.  The terms are plain
English words that are neutral.

A "device, scheme, or artifice to defraud" as used in these
instructions, however, means the forming of some invention,
contrivance, plan, or design to trick or to deceive in order to
obtain money.

Rule 10b-5 uses, in clause (b), the term "material."  If you
should decide that a particular statement or a particular
omission was false or misleading when it was made, then you must
determine if the fact stated or omitted was a "material" fact or
a "material" omission under the evidence received in this case.

In order for you to find a "material" fact or a "material"
omission, the government must prove beyond a reasonable doubt
that the fact misstated or the fact omitted was of such
importance that it would reasonably be expected to cause or to
induce a person to invest or to cause or to induce a person not
to invest.  A fact is material only if there is a substantial
likelihood that a reasonable investor would have viewed the fact
as having significantly altered the total mix of information
available.  The securities fraud laws are concerned only with
such "material" misstatements or such "material" omissions and do
not cover minor, or meaningless, or unimportant ones.

Whether a public company's stock price changes sharply

61

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

shortly after information is disclosed to the investing public is

a factor that you may consider in deciding whether or not that

information is material.

Rule 10b-5 uses, in clause (c), the phrase "a fraud or

deceit upon any person."  The phrase "fraud or deceit upon any

person" means, simply, a lie or a trick.  The government may

establish "a fraud or deceit upon any person" if it proves beyond

a reasonable doubt that the fraud or deceit employed was of a

kind which would cause reasonable investors to rely and that some

purchasers or sellers did rely.

The individuals alleged to be involved in the fraud or

deceit need not have sold or purchased securities themselves as

long as the fraudulent or deceitful conduct operated against The

Hartford Steam Boiler Inspection and Insurance Company.  The

government is not required to prove that the "fraud or deceit"

was successful.

The government is required to prove beyond a reasonable

doubt, however, that a "fraud or deceit upon any person" was

operated in connection with the purchase or sale of a security.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

### Request No. 34

### Second Element - In Connection With the Sale or Purchase of Stock

The second element that the government must prove beyond a reasonable doubt is that the alleged fraud was in connection with the purchase or sale of the Cendant common stock described in Count 4.

The government must prove beyond a reasonable doubt, therefore, that there was a purchase or sale of securities and that the alleged fraud had some relationship to or was connected with that purchase or sale.

The government need not show, however, that Mr. Forbes, or anyone associated with him, bought or sold the securities in question. It is sufficient to establish this element if the government shows that, during the period when the purchase or sale took place, the alleged fraud was of a sort to cause the Hartford Steam Boiler Inspection and Insurance Company to rely thereon and that investor so relied to purchase shares of Cendant common stock.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 35**

**Third Element – Use of A Means or Instrumentality of Interstate Commerce**

The third element the government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of the Cendant common stock described in Count 4, Mr. Forbes made use of or caused the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

The term "interstate commerce" as used in these instructions means trade or commerce in securities or any transportation or communication relating to such trade or commerce among the several states.

This element of the offense may be established if the government proves beyond a reasonable doubt that any means or instrumentality of interstate transportation or communication, including the mails, or the facilities of a national securities exchange were, in fact, used in the scheme or that such use was reasonably foreseeable. Examples of use of an instrumentality of interstate commerce are the use of a telephone, the use of a fax machine, or the use of e-mail or the Internet.

I instruct you that the New York Stock Exchange is a national securities exchange. The phrase "facility of a national securities exchange" includes any property or services maintained

64

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

by the New York Stock Exchange.

In this regard, however, it is not necessary for the government to prove that Mr. Forbes personally used any means or instrumentality of interstate commerce or the mails, or used a national securities exchange, or that such use was contemplated or intended by anyone involved in any scheme.  It is sufficient to establish this element for the government to prove that Mr. Forbes was an active participant in the scheme, and took steps or engaged in conduct which he knew or could reasonably foresee would naturally and probably result in such use.  When a person does an act with the knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though it is not actually intended, then the person causes such means to be used.

Nor is it necessary that the matter, material, or information mailed, transported, or communicated itself contain a fraudulent representation or request for money; indeed, it could be entirely innocent.  But, the matter, material or information mailed, transported, or communicated must be shown by the government to be a part of the overall scheme.

The use of an instrumentality of interstate commerce need not be central to the execution of the scheme, and may even be

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

incidental to it.  All that is required is that the use of an

instrumentality of interstate commerce bear some relation to the

object of the scheme or fraudulent conduct.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 36**

**Fourth Element — Knowingly, Willfully and with the Intent to Defraud**

The fourth element the government must prove beyond a reasonable doubt is that Mr. Forbes acted knowingly, willfully, and with the intent to defraud.

"Knowingly": a person acts knowingly when he acts voluntarily and purposefully, and not because of ignorance, mistake, accident, or carelessness. The alleged fraudulent scheme involves providing materially false financial information to the SEC and to investors. To establish that Mr. Forbes acted knowingly, the government must prove beyond a reasonable doubt that Mr. Forbes knew that the financial information was materially false.

"Willfully": an act is done willfully if it is done with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say, with bad purpose to disobey or to disregard the law. It is not necessary for the government to prove beyond a reasonable doubt that Mr. Forbes knew that he was breaking any particular law or rule, but it must prove beyond a reasonable doubt that he was aware of the generally unlawful nature of his acts.

"Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive or defraud.

67

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.

When I gave you instructions for the second element for conspiracy (i.e., participation in the conspiracy knowingly, willfully and with the requisite criminal intent), I gave you instructions about how proof of one's state of mind can be established.  Those instructions are equally applicable here, but I will not repeat them.  I refer you to Section II _____.

I also previously gave you instructions on "conscious avoidance" and "good faith", which instructions are also equally applicable here.  I refer you to Section II ____ and Section II _____ .

* * * * * *

In order to establish that Mr. Forbes is guilty of Count 4, the government must prove beyond a reasonable doubt each of these four elements.  If you find that the government has failed to prove one or more of these elements beyond a reasonable doubt, then you must acquit Mr. Forbes of the securities fraud charge.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

### Request No. 37

### Counts 2 through 4:  Aiding and Abetting

Each of Counts 2 through 4 of the indictment also charges Mr. Forbes with what is called "aiding and abetting."  A person may violate the law even though he or she does not personally do each and every act constituting the offense, if that person "aided and abetted" the commission of the offense.

The relevant statute is Section 2(a) of Title 18 of the United States Code, which provides:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Before Mr. Forbes may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that Mr. Forbes knowingly and deliberately associated himself in some way with the crime charged and participated in it with the intent to commit the crime.

In order to meet the burden of proof on the offense of aiding and abetting the commission of the crime charged in any of

69

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

Counts 2 through 4 of the indictment, the government must prove beyond a reasonable doubt that Mr. Forbes:

*First*, knew that the crime charged was to be committed or was being committed;

*Second*, knowingly did some act for the purpose of aiding, commanding or encouraging the commission of that crime; and

*Third*, acted with the intention of causing the crime charged to be committed.

Before Mr. Forbes may be found guilty as an aider or an abettor to the crime charged, the government must also prove, beyond a reasonable doubt, that someone committed each of the essential elements of the crime charged in the pertinent count, as those elements have been set forth for you in these instructions.

Merely being present at the scene of the crime charged or merely knowing that the crime charged is being committed or is about to be committed is not sufficient conduct for the jury to find that Mr. Forbes aided and abetted the commission of the crime charged.

The government must prove beyond a reasonable doubt that Mr. Forbes knowingly and deliberately associated himself with the crime charged in some way as a participant -- someone who wanted that crime to be committed -- not as a mere spectator.

70

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

### Request No. 38

### Explanation of "On or About"

The indictment charges that the offenses alleged were committed "on or about" certain dates.  Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## Request No. 39

## Use of Conjunctive in the Indictment

As I read from the indictment, you may have noticed that the conjunctive word "and" is used to connect other charging words. Thus, for example, Count 2, where the offense charged is making or causing to be made a false statement in a report required to be filed with the SEC, alleges that Mr. Forbes "made <u>and</u> caused to be made a statement in a report and document required to be filed under the Securities Exchange Act of 1934." However, when you consider the third element of the offense for making a false statement in a report required to filed with the SEC, you will notice that it requires the government to prove beyond a reasonable doubt that there "Mr. Forbes made <u>or</u> caused to be made that false statement of material fact in the SEC report." I instruct you that in determining whether the government has met its burden of proof with respect to a particular count of the indictment, you are to follow the court's instructions, which set forth the essential elements of each offense.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 40**

**SECTION III. MR. FORBES' THEORY OF DEFENSE**

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## Request No. 41

**SECTION IV. <u>INSTRUCTIONS FOR DELIBERATIONS</u>**

### Evidence in this Case

You must consider only the evidence or lack of evidence in deciding this case. You may, however, draw reasonable inferences from the testimony and other evidence as you feel are justified in the light of common experience. You may make deductions and reach conclusions that principles of reason and common sense lead you to make from all of the evidence presented.

There are two kinds of evidence you may consider. One is direct evidence. Direct evidence is where a witness testifies to what he or she saw, heard or observed. In other words, when a witness testifies about what the witness asserts is known to the witness of his or her own knowledge by virtue of his or her own senses -- what the witness claims he or she saw, touched or heard -- that is called direct evidence. The other kind of evidence is indirect, or circumstantial, evidence. Circumstantial evidence is the proof of certain circumstances that tends to prove or disprove the presence or lack of certain other facts. To remind you of the example I gave you in the preliminary charge, if you see water on the street outside your window, you can infer that it has rained. On the other hand, there might be other plausible reasons for water being on the street. The point being made here

74

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

is that you may infer on the basis of reason and experience and

common sense from an established fact the existence or the

nonexistence of some other relevant fact. It is a general rule

that the law makes no distinction between direct and indirect

evidence. The law, rather, requires that the jury find the facts

from the evidence, including direct and indirect evidence, and

leaves it to the discretion of the jury to make such findings.

The evidence from which you are to decide what the facts are

comes in three forms:

First, there is the sworn testimony of witnesses, both on

direct and cross-examination.

Second, there are the exhibits that have been received into

the trial record.

Third, there is the evidence in the form of a stipulation

that contains facts which the parties agree are true. You may,

if you choose, accept these facts as true.

Certain things are not evidence and are not to be considered

as such:

First, arguments or statements by lawyers are not evidence.

They are designed and permitted to give the lawyers the

opportunity to tell you how they think you should evaluate the

evidence.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

Second, the questions to the witnesses are not evidence.  I instructed you earlier, in substance, that my questions and comments are not evidence.  Let me also emphasize that a lawyer's question is not evidence.  While you must at times consider a lawyer's question to give content and meaning to the witness' answer, it is the witness' answer that is evidence.  Also, at times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true.  If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.  In short, questions are not evidence, answers are.

Third, objections and arguments are not evidence.

Fourth, testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence, and must be disregarded.  Also, some testimony has been received, and some exhibits were admitted, only for a limited purpose.  Where I have given any limiting instruction about evidence that you heard or saw, you must follow it.  Later in the instructions, I will refer specifically to some areas covered by limiting instructions I gave during the trial; you must follow all the limiting

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

instructions I gave during the trial whether or not I

specifically refer, in these instructions, to the areas covered

by them.  In addition, exhibits marked for identification but not

admitted as evidence may not be considered as evidence.

Fifth, anything you may have seen or heard outside the

courtroom is not evidence and must be disregarded entirely.  You

are to decide the case solely upon the evidence, or lack of

evidence, offered and received in the trial.  You should consider

the evidence presented in light of your own common sense and

experience, and you may draw reasonable inferences from evidence.

However, your verdict must be based solely on the evidence

presented in this courtroom in accordance with my instructions.

I remind you that you must avoid any reports in the media that

may be broadcast regarding this trial or any matter involving

allegations of corporate misconduct (including investigations or

other trials).

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

### Request No. 42

### Rulings by the Court as to Evidence

From time to time in the course of this trial I have ruled on the admissibility of certain evidence.  It is imperative that you understand that any evidence as to which an objection was sustained by the court, and any evidence stricken by the court, must be entirely disregarded.  You should have no concern with the reasons for any rulings I have made, and you are not to draw any inferences from my rulings.

Issues concerning the admissibility of evidence are questions of law for the court to decide.  In admitting evidence to which an objection has been made, the court does not determine what weight should be given to the evidence in question, or pass on the credibility of the evidence.  These are matters for you to decide.  You must disregard any evidence that has been ruled out of the case by the court, and you must refrain from speculation about any communications between the lawyers and the court that were held out of your presence and hearing.

It is the duty of the attorney for each party in a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law.  All those questions of law must be decided by the court.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

You must not show any bias against an attorney or his or her

client because the attorney objected to the admissibility of

evidence or asked the court for a ruling on the law.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## Request No. 43

## Acts and Declarations of Alleged Co-Conspirators

Evidence has been received in this case which the government contends shows that Kirk Shelton, Cosmo Corigliano, Anne Pember, Casper Sabatino, Steven Speaks, Kevin Kearney, Mary Sattler, and Stuart Bell did or said things during the existence of the alleged conspiracy in order to further or advance its purposes. Evidence of such alleged acts and statements of these individuals may be considered by you in determining whether or not the government has proven the charges in Count 1 of the indictment. However, since some of these alleged acts or statements may have occurred outside the presence of Mr. Forbes -- and even been allegedly done or said without his knowledge -- these alleged acts and statements should be examined with particular care by you before you consider them with respect to Mr. Forbes, who did not do the particular alleged act or make the particular alleged statement.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## **Request No. 44**

### **Testimony Concerning Alleged Co-Conspirator's Beliefs, Understanding, State of Mind or Intent**

You have heard certain testimony from alleged co-conspirators concerning the witness' beliefs, understanding, intent or state of mind.  Such testimony may be considered only with respect to the question of whether a conspiracy existed among two or more people to fraudulently inflate financial results during the period between the late 1980's and April 1998. You may not consider this testimony at all with respect to the question of whether Mr. Forbes was a knowing and willful participant in the alleged conspiracy, or whether Mr. Forbes knowingly and willfully engaged in any wrongdoing.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 45**

**Evidence Concerning the Cendant Restatement**

You have heard testimony that on September 29, 1998, Cendant

filed with the Securities and Exchange Commission restated

financial statements, which are being referred to, collectively,

as the "Restatement."  That testimony may be considered only with

respect to the elements of whether any statement with respect to

the fiscal year ended January 31, 1996, the fiscal year ended

January 31, 1997, or the fiscal and calendar year ended December

31, 1997, made prior to the filing of the Restatement was false

or material.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

### Request No. 46

### Mr. Corigliano's Testimony Regarding a Certain Statement by Mr. Silverman

Mr. Corigliano testified that Henry Silverman made a statement at the beginning of a meeting on the morning of March 9, 1998. Mr. Corigliano testified that the statement began with the phrase "Let's be men about this."

I remind you that Mr. Corigliano's testimony with respect to that statement he attributed to Mr. Silverman was not admitted for the purpose of establishing the truth of the statement attributed to Mr. Silverman. That testimony from Mr. Corigliano was admitted for the limited purpose of placing in context the conversation at the March 9, 1998 meeting.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## Request No. 47

## Mr. And Mrs. Davidson's Employment

You have heard testimony about alleged representations concerning Mr. Davidson's employment and about the termination of Mr. and Mrs. Davidson's employment at CUC.  There is no allegation in this case that these alleged representations or the termination of the Davidsons' employment were improper or unlawful.  You should not consider this testimony as any kind of evidence of wrongful or improper conduct by Mr. Forbes.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**<u>Request No. 48</u>**

**<u>Opinion of Mr. Forbes Character</u>** [**If applicable**]

Mr. Forbes has called witnesses who have given their opinion that he is a person of good character.  This testimony is not to be taken by you as the witness' opinion as to whether Mr. Forbes is guilty or not guilty.  That question is for you alone to determine.  You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether Mr. Forbes is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including testimony that Mr. Forbes is a person of good character, you find a reasonable doubt has been created on the charge you are considering, you must acquit him of that charge.  On the other hand, if after considering all the evidence including that of Mr. Forbes's character, you are satisfied beyond a reasonable doubt that he is guilty, you should not acquit Mr. Forbes merely because you believe him to be a person of good character.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 49**

**Summary Charts**

The parties have offered into evidence certain summary charts. In each instance, the party who offered the chart contends that the chart is based on information from exhibits or testimony that have been received into evidence. Such summary charts may prove useful in your consideration of the evidence in this case, but I warn you that you must evaluate such summary charts with great care. These summary charts are not in and of themselves evidence or proof of any facts. The controlling evidence is the underlying information upon which the party who offered the summary chart contends the summary chart is based, to the extent you find that information is in evidence. The summary charts are no better than the information upon which they purport to be based. Thus, these summary charts cannot be relied upon independently. It is your responsibility in each case to decide whether the summary chart correctly presents information set forth in exhibits or testimony that are in evidence and upon which the party who offered the summary chart contends it is based. To the extent, if any, that a summary chart does not correctly reflect information shown by underlying evidence, you are to disregard it.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 50**

**Persons Not Called as Witnesses**

**[NEW PROPOSED INSTRUCTION]**

**[IF APPLICABLE]**

Stuart Bell was not called as a witness in this trial. Although you may generally consider the evidence and the lack of evidence in deciding whether or not the Government has satisfied its burden of proof, I instruct you that you may not draw any inferences against either the Government or against Mr. Forbes based on the fact that Mr. Bell did not testify in this trial. Nor may you speculate about what any other person who was not called as a witness would have testified to had that person been called.  You should also remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## Request No. 51

## Use of Particular Investigative Techniques or Witnesses

You are instructed that there is no legal requirement that the government use any specific investigative techniques to prove its case.  Law enforcement techniques are not your concern.  Your concern is to determine whether or not, based upon all the evidence in the case, Mr. Forbes has been proven guilty beyond a reasonable doubt on the particular charge in question.

In this regard, I also instruct you that all persons who may have been present at any time or place mentioned in the case, or who may appear to have some knowledge of the issues in this case, need not be called as witnesses.  Nor does the law require that all things mentioned during the course of the trial be produced as exhibits.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 52**

**Credibility of the Witnesses**

In deciding the facts of this case, you will have to evaluate the credibility of the witnesses. You, as jurors, are the sole judges as to the credibility of the witnesses and the weight that their testimony deserves. You may accept as true everything a witness says, only part of it, or none of it. In deciding what part of a witness' testimony to believe, you may consider a number of factors, including the following:

(1) the witness' ability to see or hear or know the things to which the witness testified;

(2) the quality of the witness' memory;

(3) any bias the witness may have;

(4) the witness' manner while testifying;

(5) whether the witness was contradicted by anything the witness said or wrote before trial or by other evidence; and

(6) how reasonable was the witness' testimony when considered in light of other evidence which you believe.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

effect of a discrepancy, however, you may wish to consider
whether it pertains to a matter of importance or an unimportant
detail, and whether the discrepancy results from innocent error
or intentional falsehood.

In evaluating the credibility of the witnesses, you should
take into account any evidence that the witness who testified may
benefit in some way from the outcome of this case.  Such an
interest may sway the witness to testify in a way that advances
his or her own interests.  Therefore, if you find that any
witness whose testimony you are considering may have an interest
in the outcome of this trial, then you should bear that factor in
mind when evaluating the credibility of his or her testimony.
This is not to suggest that a witness who has an interest in the
outcome of this case will testify falsely.  It is for you to
decide to what extent, if at all, the witness' interest has
affected or colored his or her testimony.

If a witness is shown to have knowingly testified falsely
concerning any matter of importance to this case, you have the
right to distrust any other portions of the witness' testimony,
though you need not do so.  You may reject any or all of the
testimony of that witness or give it such credibility or weight
as you think it deserves.

The weight of the evidence is not necessarily determined by
the number of witnesses testifying to the existence or non-

90

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

existence of any fact.  You may find that the testimony of a

single witness or a few witnesses as to any particular fact is

more credible than the testimony of a larger number of witnesses

to the contrary.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 53**

**Prior Inconsistent Statement**

The testimony of a witness may be discredited or impeached by showing that the witness previously made statements that are inconsistent with his or her testimony in court.  It is up to you to determine what credibility, if any, you will give the testimony of a witness who has been impeached by an earlier inconsistent statement.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## **Request No. 54**

### **Uncontradicted Testimony**

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor or because of the inherent improbability of his or her testimony or for other proper reasons sufficient to you, that such testimony is not worthy of belief.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## Request No. 55

### Testimony of Law Enforcement Witnesses

You have heard the testimony of a present [or former] government attorney [and/or a law enforcement agent].  The mere fact that a witness is a law enforcement witness does not, in and of itself, mean that his testimony is deserving of more or less consideration or greater or lesser weight.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**<u>Request No. 56</u>**

**<u>Testimony of Expert Witnesses</u>**

I have permitted certain expert witnesses, specifically
Robert Sack, Brian Heckler, and [INSERT NAMES OF ANY DEFENSE
EXPERT WITNESSES] to express their opinions about matters that
are in issue.  A witness may be permitted to testify to an
opinion on those matters about which he has special knowledge,
skill, experience, and training.  Such testimony is presented to
you on the theory that someone who is experienced and
knowledgeable in the field can assist you in understanding the
evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the
witness's qualifications, his opinions, the reasons for
testifying, as well as all of the other considerations that
ordinarily apply when you are deciding whether or not to believe
a witness's testimony.  You may give the opinion testimony
whatever weight, if any, you find it deserves in light of all the
evidence in this case.  You should not, however, accept opinion
testimony merely because I allowed the expert to testify
concerning his or her opinion.  Nor should you substitute it for
your own reason, judgment, and common sense.  The determination
of the facts in this case rests solely with you.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 57**

**Government Witness Testifying Under Plea Agreement**

In this case, there has been testimony from ____ government witnesses who pled guilty after entering into an agreement with the government to testify —— [INSERT ANY WITNESSES TESTIFYING UNDER A PLEA AGREEMENT]   There is evidence that the government agreed not to prosecute the witnesses on certain charges in exchange for the witnesses' agreement to plead guilty to one or more offenses and testify at this trial against Mr. Forbes.  The government also entered into agreements with these witnesses concerning sentencing issues and promised to bring the witnesses' cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of plea agreement.  You, in turn, may accept the testimony of such a witness and convict Mr. Forbes on the basis of this testimony alone, if it convinces you of every element of the offense charged beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness.  A witness who realizes that he or she may be able to obtain his or her own freedom, or receive a lighter sentence by giving testimony favorable to the government, has a motive to testify falsely.  Therefore, you must

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

examine the testimony of such a witness with caution, and weigh

it with great care.  If, after scrutinizing the testimony of such

a witness, you decide to accept it, you may give it whatever

weight, if any, you find it deserves.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

### Request No. 58

### Not Proper to Consider Guilty Plea of Government Witness

You have heard evidence that [INSERT NAMES OF ANY WITNESS WHO PLEADED GUILTY] pled guilty to felony charges arising from accounting issues at CUC and Cendant.  You are instructed that you are to draw no conclusions or inferences against Mr. Forbes from the fact that a prosecution witness pled guilty to similar charges.  The witness's decision to plead guilty was a personal decision about his or her own guilt.  It may not be used by you in any way as evidence against or unfavorable to Mr. Forbes.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

### Request No. 59

### Informal Immunity of Government Witness

You have heard the testimony of witnesses Kevin Kearney and Steven Speaks, who have been promised by the government that, in exchange for their testimony, they will not be prosecuted for any crimes they may have admitted either here in court or in interviews with the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given.  You are instructed that you may convict Mr. Forbes on the basis of such a witness's testimony alone, if you find that his testimony proves every element of the offense charged beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt on Mr. Forbes in order to further the witness's own interests.  Such a witness, confronted with the realization that he or she can win freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion, and you may give it such weight, if any, as you believe it deserves.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 60**

**Defendant's Testimony**

[**IF APPLICABLE**]

The law does not compel a defendant in a criminal case to take the witness stand and testify.  At the same time, the law permits a defendant, if he so chooses, to testify on his own behalf.  Where a defendant has chosen to testify, you should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## Request No. 61

## Defendant's Decision Not to Testify

## [NOT GIVEN DURING INITIAL TRIAL]

### (IF APPLICABLE)

The defendant in a criminal case has an absolute right under our Constitution not to testify.  The fact that the defendant did not testify must not be discussed or considered in any way when deliberating and arriving at your verdict.

No presumption of guilt may be raised, and no inferences of any kind may be drawn, from the failure of a defendant to testify.

The law never places upon a defendant in a criminal case the burden or duty of calling any witness or of producing any evidence.[1]

---

[1]  See 1 O'Malley, Grenig, supra, § 15.14; Carter v. Kentucky, 450 U.S. 288, 300-05 (1981); United States v. Velez-Vasquez, 116 F.3d 58, 60-62 (2d Cir. 1997); United States v. Imran, 964 F.2d 1313, 1317-18 (2d Cir. 1992); United States v. Lamont, 565 F.2d 212, 226 (2d Cir. 1977).

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## Request No. 62

## Defendant's Testimony From a Prior Proceeding

**[NEWLY PROPOSED INSTRUCTION]**

**[IF APPLICABLE]**

You heard evidence regarding Mr. Forbes' testimony from a prior proceeding.  You should evaluate that testimony according to the same rules that I have given you for assessing other testimony in this case.  I instruct you that you must not speculate as to the nature of the other proceeding, and may not consider the fact that Mr. Forbes testified in another proceeding but not this trial [**if applicable**] in your deliberations.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

### **Request No. 63**

#### SECTION V.   **PROCEDURES YOU MUST FOLLOW**

#### **Duty to Deliberate; Requirement of Unanimity**

Each verdict must represent the considered judgment of each juror.  To return a verdict on each count, it is necessary that each juror agree.  Your verdict on each count must be <u>unanimous</u>.

It is your duty, as jurors, to consult with one another, and to deliberate with a view toward reaching an agreement if you can do so without compromising individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  You are to deliberate only in the jury room, in the presence of all of the other jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest position as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the purpose of merely returning a verdict.  Your final vote as to each count must reflect your conscientious belief as to how the issues should be decided.  Again, I want to emphasize that your verdict as to each count, whether guilty or not guilty, must be unanimous.

Remember at all times that you are not partisans.  You are judges--judges of the facts.  Your sole interest is to seek the

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

truth from the evidence in this case.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 64**

**Notes**

Please remember my instructions about notes, given at the beginning of the case.  When you retire to deliberate, if a fellow juror claims that a certain fact exists because he or she has it written down on his or her notepad, remember that it is your own recollection that must control, as that person may have made inaccurate or incomplete notes.  Similarly, none of you must use the mere fact that you took notes to try and influence any other juror.  Notes can be used to refresh one's own recollection, but it is what each of you remembers that counts, not anyone's notes.

Portions of the trial transcript may have been or may be read to you either as part of an attorney's closing argument or at your request.  Although there is a presumption that the trial transcript is correct, it is what each of you remembers a witness saying that controls, not the transcript.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 65**

**Selection of a Foreperson; Communications with the Court**

Upon retiring to the jury room, you will select one person to act as your foreperson.  The foreperson will preside over your deliberations, and will speak for you here in court.

Any communications with the court during deliberations must be in writing and signed by the foreperson.  No member of the jury should ever attempt to communicate with me except by a writing <u>signed and dated</u> by the foreperson.

I will never communicate with any member of the jury about the case other than orally here in open court in the presence of counsel and the parties.

If you have any questions, you should communicate such questions to the court by means of a writing signed by the foreperson.  If you do send a note to me, please do not disclose in your note or otherwise anything about your deliberations. Specifically, do <u>not</u> disclose to anyone -- not even to me -- how the jury stands, numerically or otherwise, on the questions you must decide, until <u>after you have reached a unanimous verdict</u>.

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 66**

**Exhibits and Testimony; Use of the Indictment**

You will have with you in the jury room the exhibits admitted during the trial.  You will not, however, have a written transcript of the witnesses' testimony.  If you want any of the testimony read to you, that can be done.  But if you request that any portion of the testimony be read back, please be as specific as you possibly can.  Otherwise, it might not always be easy to locate what you might want.

You will also have a copy of the Superseding Indictment with you in the jury room during your deliberations.  You may use it solely for the purpose of reading the offenses with which Mr. Forbes is charged.  You are reminded, however, that an indictment is merely an accusation and is not evidence of any kind.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 67**

**No Experiments, Research or Investigation**

Remember that you must make your decision based solely on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own when you are deliberating.

For example, do not bring any books, like a dictionary, or anything else into the jury room with you to help you with your deliberations.  Do not conduct any independent research, reading, or investigation about the case.

Make your decision based only on the evidence that you saw and heard here in court.

108

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

**Request No. 68**

**The Verdict Forms**

A verdict form has been prepared for your convenience and you will have the original verdict forms with you in the jury room, marked as Court Exhibits.  The answer to each question on the verdict forms must be the unanimous answer of the jury.  Your foreperson will write the unanimous answer of the jury in the space provided for each question.  The foreperson will date and sign each verdict form when completed and then return to the courtroom with the verdict forms.  The foreperson must keep the verdict forms until he or she is directed by me to hand them to the courtroom deputy.

I will now summarize the verdict forms for you, and I invite you to review them with me.

*[REVIEW VERDICT FORMS]*

*********************************

109

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

### Request No. 69

### Alternate Jurors

At this time, _____ of you will be identified as alternate

jurors.  If your name is announced as an alternate juror, you

will not participate in the deliberations, but you will be asked

to remain at the courthouse in case you are needed to replace a

deliberating juror.  Because alternate jurors could be called on

to replace a deliberating juror, each alternate juror will be

required to continue to follow the instructions all of you have

so faithfully followed throughout the trial, i.e. keeping an open

mind, not discussing the case with anyone (including any other

juror or alternate juror), not having any contact with the

participants in the trial or anyone associated with them, and not

being exposed to any reports in the media concerning this case or

any matter involving allegations of corporate misconduct

(including investigations or other trials).  In addition, it is

essential that the alternate jurors do not have any contact with

any member of the jury until the jury has completed its

deliberations and the verdicts have been announced in open court.

The service of the alternate jurors will not conclude until

the jury has returned its verdict.  **[NAMES OF ALTERNATE JURORS**

**ANNOUNCED]**

I also want to emphasize to the 12 members of the jury that

it is essential that you not have any contact whatsoever with any

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

of the alternate jurors until the jury has completed its

deliberations and the verdicts have been announced in open court.

<u>United States v. Walter Forbes</u>, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

## **Request No. 70**

## **Conclusion**

Now the time has come for the jury to retire to the jury room.  When you go to the jury room, do <u>not</u> begin to deliberate until you receive from the courtroom deputy all the exhibits you are to have with you in the jury room and until she formally directs you to begin your deliberations.  She will bring those exhibits to you in due course.

I remind you that at the completion of your deliberations, the foreperson should communicate to the court through a signed writing, to be handed to the courtroom deputy or a court security officer, indicating that unanimous verdicts have been reached.

*Again, please, do not deliver the verdict forms to the courtroom deputy until you are directed to do so by me after you have returned to the courtroom.*

Thank you very much.

Respectfully submitted,


CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice


NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
Special Attorneys
U.S. Department of Justice

Dated: October 24, 2005
Hartford, Connecticut

## CERTIFICATE OF SERVICE

The undersigned certifies that, on this day, I caused the **UNITED STATES' PRELIMINARY REQUESTS TO CHARGE STATES FOR RETRIAL** to be delivered by email to the following:

Barry S. Simon, Esq.
Williams & Connolly, LLP


A hard copy of this submission will be served on Mr. Simon no later than Tuesday, October 24, 2005.


_____
DEBRA ELLIOTT
PARALEGAL SPECIALIST
U.S. DEPARTMENT OF JUSTICE
Hartford, Connecticut


Dated:    October 24, 2005