## OBJECTIONS TO REPEATED CHARGE ON PROOF OF INTENT

Mr. Forbes objects to the Government's proposed instructions regarding proof of intent and to the incorporation of these instructions into each of the instructions on the mental states required for the various offenses. See Request Nos. 20, 29, 36.

1.    The instructions on matters of proof and evidence should not be intermingled with instructions defining the elements of the offense. The government's bolded statement on page 34 of its proposed instructions acknowledges that the last three paragraphs of the proposed instruction involve matters of proof, rather than the elements of the offense. There is a separate proposed charge on direct and circumstantial evidence and on inferences. See Request No. 41. This language is therefore redundant. At most, the paragraph which begins "The question of whether a person . . . ," should be given. It fully sets forth any <u>legal</u> issue with respect to proof of intent.

2.    This language on matters of proof and evidence is only repeated with respect to the intent elements of the various charges and thereby dilutes the intent elements, which are the most hotly contested issues in the case. It also renders the intent elements confusing, and it marshals certain types of evidence and instructs the jury that it should consider them as more important than other types of evidence, thereby effectively invading the province of the jury.

3.    The language concerning the availability of direct evidence of knowledge and fraudulent intent is an incorrect statement of the law, is

inconsistent with the government's case, and puts the imprimatur of the Court behind the government's proof. Direct proof of knowledge and fraudulent intent is often (indeed, almost always) available, particularly in the new electronic age with e-mail, tape recordings, and other electronic devices. While this statement may have been accurate decades ago, it is not true today. Moreover, the government has put on the testimony of Cosmo Corigliano, which Mr. Forbes contends is false, purporting to provide direct proof of knowledge and fraudulent intent. This proposed instruction is essentially a statement by the Court that this is a rare case, and that the government's case is particularly convincing because it has "direct proof of knowledge and fraudulent intent."

    4.    Mr. Forbes objects to incorporating the proof of intent instruction into the proposed instructions on the required mental states for each of the charged offenses. The government previously agreed that the charge could be given once and need not be repeated or incorporated by reference each time instructions on mental states are given. See, e.g., Tr. (10/15/04) at 14728, 14745.

    5.    Mr. Forbes objects to the proof of intent instruction because it is not contained in O'Malley.

## OBJECTIONS TO REQUEST NO. 1
(Introduction)

1. Mr. Forbes objects to the submission of the indictment to the jury because it addresses many evidentiary matters and includes numerous unnecessary allegations. The relevant portions defining the alleged offenses should be integrated into the Court's instructions. Moreover, the language of the indictment is unconstitutionally vague. There is a serious danger that the jury will convict Mr. Forbes on facts or theories not found by the grand jury. See, e.g., Russell v. United States, 369 U.S. 749 (1962).

## OBJECTIONS TO REQUEST NO. 4
(Failure to Name a Defendant)

1.  Mr. Forbes objects to this instruction because the fact that certain persons are not alleged to have engaged in wrongdoing <u>is</u> relevant, and <u>should</u> play a part in the jury's deliberations. For example, it is appropriate to make comparisons between Mr. Forbes and Scott Forbes, Mike Monaco, and Henry Silverman, who had knowledge similar to (or greater than) that of Mr. Forbes but who are not alleged to have done anything wrong. <u>See</u> Tr. (11/01/04) at 16048-49 ("THE COURT: I agree with Mr. Puccio. I believe the thrust of his argument was that they did this, they did this, they did this, compare that to what Mr. Forbes did. They didn't do anything wrong, so therefore the inference is Mr. Forbes didn't do anything wrong either.").

2.  Mr. Forbes objects to this instruction because it suggests that the jury may not consider in any way charging decisions concerning witnesses who entered into a plea agreement. This is an incorrect statement of the law. Evidence of favorable treatment received by the cooperating witnesses from the government is relevant to the credibility of those witnesses. <u>See, e.g.</u>, <u>United States v. Prawl</u>, 168 F.3d 622, 628 (2d Cir. 1999) (defendant entitled to instruction that identifies circumstances that make cooperating government witnesses particularly vulnerable to government's power and influence); <u>United States v. Blackwood</u>, 456 F.2d 526, 530 (2d Cir. 1972) ("The rule is that in attempting to establish the motives or bias of a witness against him, a defendant may . . . elicit evidence showing that the

government made explicit promises of leniency in return for cooperation." (quotation & brackets omitted)).

    3. Mr. Forbes further objects to this instruction because it is unclear what "certain" persons this charge is referring to. If it is Pember, Corigliano, Sabatino, or Kearney, the government's charging decision <u>is</u> clearly relevant and is addressed separately in the Government's proposed instructions. If it is Sattler, Shelton, and/or Bell, there is no evidence either way in the record, and the instruction invites improper speculation by the jury. If it is anyone else (for example, Messrs. Silverman, Monaco, or Scott Forbes), it improperly suggests that there could be a basis for charging them, and/or that it is improper to compare their knowledge and actions with the knowledge and actions of Mr. Forbes, contrary to paragraph 1 above. In short, the instruction is confusing, misleading, and undermines proper arguments that defense counsel should be able to make..

- 21 -

## OBJECTIONS TO REQUEST NO. 11
(Possible Punishment)

1.  Mr. Forbes objects to this instruction because the fact that under the Sentencing Guidelines there is supposed to be incarceration is important for the jury in considering the importance of other instructions such as proof beyond a reasonable doubt, the presumption of innocence, and unanimity, even if the precise sentence may not be relevant. The very reason for these bedrock constitutional principles is because of the risk of deprivation of liberty upon a conviction. See, e.g., In re Winship, 397 U.S. 358, 362 (1970) ("These rules are historically grounded rights of our system, developed to safeguard men from dubious and unjust convictions, with resulting forfeitures of life, liberty and property." (quotation omission)). It is an appropriate consideration during deliberations that the Court's instructions must be scrupulously followed because of the punishment that can result from a conviction.

2.  Mr. Forbes objects to this instruction because the concept is covered by the instruction not to consider bias or sympathy.

3.  Mr. Forbes objects to this instruction because it is not an accurate description of the law. Sentencing is not exclusively for the Court because of the Sentencing Guidelines, which the Court must consider in sentencing. This distinction also is important because of the plea/cooperation agreements of certain witnesses.

4.  Mr. Forbes objects to the second paragraph because it is unnecessarily repetitive of the first.

## OBJECTIONS TO REQUEST NO. 12
(Overview)

1.     Mr. Forbes objects to the sentence that: "Each count charges a separate crime. If this sentence is included, over objection, the word "alleged" should be included before the word "crime."

2.     Mr. Forbes objects to the reference to "aiding and abetting" in this charge for the reasons set forth in the objections to the proposed aiding and abetting charge.

## OBJECTIONS TO REQUEST NO. 14
(The Indictment and the Statute)

1.  Mr. Forbes objects to the reading of the indictment because it addresses many evidentiary matters and includes numerous unnecessary allegations. The relevant portions defining the alleged offenses should be integrated into the instructions. Moreover, the language of the indictment is unconstitutionally vague. There is a serious danger that the jury will convict Mr. Forbes on facts or theories not found by the grand jury. See, e.g., Russell v. United States, 369 U.S. 749 (1962).

2.  Mr. Forbes objects to the quotation of the statutory language because doing so may be confusing and may invite jurors to give their own interpretations of the statute. The instructions should focus only on the elements that the government must prove beyond a reasonable doubt, as instructed by the Court.

3.  Mr. Forbes objects to the conspiracy instructions in general because they are misleading and confusing. Mr. Forbes objects to this particular instruction because the conspiracy instructions should first define the elements of the offense and *then*, in defining the element of agreement to commit an unlawful objective, explain that the government must prove to the jury's unanimous satisfaction that Mr. Forbes knowingly and willfully agreed to accomplish at least one identified unlawful objective with the requisite intent.

   4. Mr. Forbes objects to the last paragraph of this instruction because the assertion that a conspiracy is a separate offense is addressed by instructing the jury on the elements of each separate alleged offense, and the instruction that the conspiracy need not be successful, which is stated elsewhere. Mr. Forbes particularly objects to the last sentence because it has no application to this case, in which certain witnesses have testified that they did commit underlying substantive offenses. Moreover, this instruction is not balanced, contains no reference to proof beyond a reasonable doubt, and says nothing about the intent element or other elements, which have not yet been defined.

   5. Mr. Forbes objects to the identification of Mr. Bell as an alleged co-conspirator for reasons previously argued to the Court.

## OBJECTIONS TO REQUEST NO. 15
(Elements of the Offense)

1. Mr. Forbes objects to the caption "Elements of the Offense" as opposed to "Elements of Conspiracy."

2. Mr. Forbes objects to the instruction on the first element because it does not indicate that the alleged conspirators must "knowingly and willfully" enter into an unlawful agreement, and it does not indicate that it must be the "specific" unlawful agreement alleged in the indictment. The words "knowingly and willfully" must be included because there can be no conspiracy between two persons unless they are acting with the requisite intent. The failure to include the word "specific" invites a constructive amendment and/or a prejudicial variance. Mr. Forbes cannot be convicted for a conspiracy not charged in the indictment. The inclusion of the word "specific" is particularly important given the absence of a multiple conspiracy charge from the government's proposed instructions.

3. Mr. Forbes objects to the instruction on the second element because the phrase "requisite unlawful intent" should be replaced with the phrase "intent to defraud." A conspiracy to commit an offense requires at least the same mens rea as the underlying substantive offense. See Ingram v. United States, 360 U.S. 672, 678 (1959). At a minimum, the instruction should specifically refer to the fact that it must be the intent to commit the substantive offenses alleged.

4. Mr. Forbes objects to the omission of the word "alleged" before the word "conspiracy" in the second and third elements.

- 27 -

     5.    Mr. Forbes objects to the instruction on the fourth element because the phrase "which you find to have been committed" suggests that the jury should find the third element. Mr. Forbes proposes the alternative language in Forbes Instr. No. 30.

     6.    Mr. Forbes objects to the phrase "to further some objective of the conspiracy" as opposed to the phrase "for the purpose of advancing or helping the conspiracy" proposed in Forbes Instr. No. 30.

## OBJECTIONS TO REQUEST NO. 16
(First Element – Existence of Unlawful Agreement)

1. Mr. Forbes objects to this instruction on the ground that it is confusing and unbalanced. The second paragraph begins by stating what the jury does <u>not</u> have to find, as opposed to what it <u>does</u> have to find. It also discusses methods of proof in an improper and imbalanced manner.

2. Mr. Forbes objects to this instruction on the ground that it does not clearly and succinctly set forth the requirements for this element of the offense. It should state that the government must prove beyond a reasonable doubt that two or more persons knowingly and willfully entered into the specific unlawful agreement charged in count 1; it should then identify the specific objects of the alleged conspiracy; and it should explain that count 1 charges that the alleged co-conspirators agreed to commit these alleged offenses by causing CUC, and later Cendant, to report materially false financial information to the SEC and the investing public. Mr. Forbes proposes Forbes Instr. No. 31 in lieu of this instruction.

3. Mr. Forbes objects to this instruction on the ground that it omits the intent requirements for conspiracy. In order for a conspiracy to exist, two or more people must knowingly and willfully agree to enter into the specific unlawful agreement charged in count 1. The intent requirements also should be set forth in paragraphs six through seven, which discuss the objects of the alleged conspiracy and unanimity.

4.  Mr. Forbes objects to the words "an unlawful act" in the second paragraph of the instruction, and "an unlawful purpose" in the fifth paragraph of the instruction, on the ground that this language constitutes an unconstitutional constructive amendment and/or prejudicial variance. The government is required to prove an agreement to enter into the specific unlawful agreement charged in Count 1, not any unlawful act or purpose. This is particularly problematic given the improper introduction of evidence concerning matters not charged in the indictment (for example, of allegedly false membership numbers).

5.  Mr. Forbes objects to the failure to separate the third paragraph from the rest of the instruction by the sub-heading "Alleged Coconspirators." See Forbes Instr. No. 31.

6.  Mr. Forbes objects to the fourth paragraph beginning "You may find." This paragraph contains a prejudicial and unbalanced comment on the evidence and is unnecessary because the issues of direct and circumstantial evidence are addressed elsewhere in the proposed charge. It suggests that Mr. Corigliano's direct proof, for example is sufficient to find a conspiracy, and that the conspiracy can be found based on the "circumstances of this case." Mr. Forbes also objects to the statement that the jury may "infer" the "existence" of the conspiracy "from the circumstances of this case and the conduct of the people involved," because it dilutes the government's burden of proof beyond a reasonable doubt.

7. Mr. Forbes objects to the fifth paragraph beginning, "In the context of conspiracy cases." This paragraph also contains a prejudicial and unbalanced comment on the evidence.

8. Mr. Forbes objects to the first sentence of paragraph six, which identifies the objects of the alleged conspiracy. Mr. Forbes objects to references to the generic crimes of "securities fraud" and making false statements in reports required to be filed with the SEC on the ground that they constitute a constructive amendment and/or prejudicial variance. The objects should be linked to the specific alleged offenses charged in Count 1 of the indictment. The instruction should explain that Count 1 charges that the alleged co-conspirators agreed to commit these alleged offenses by causing CUC, and later Cendant, to report materially false financial information to the SEC and the investing public.

9. Mr. Forbes objects to the failure to separate the unanimity instruction, beginning in the second sentence of paragraphs six and continuing through paragraph seven of this instruction from the rest of the instruction by the sub-heading "Alleged Unlawful Objectives Charged in Count 1—Need for Unanimity." See Forbes Instr. No. 32.

10. Mr. Forbes objects to the absence in the government's proposed instructions of his proposed instruction concerning multiple agreements, which is supported by the case law. See Forbes Instr. No. 33.

11. Mr. Forbes objects to the omission of the word "alleged" before the word "conspiracy" in the first sentence of the second paragraph and the first sentence of the sixth paragraph.

12. Mr. Forbes objects to the identification of Stuart Bell as an alleged co-conspirator for reasons previously presented to the Court.

## OBJECTIONS TO REQUEST NO. 17
(Second Element – Membership in the Conspiracy)

1. Mr. Forbes objects to this instruction as confusing and unbalanced. The instruction confusingly moves back and forth among different concepts, giving varying and conflicting statements as to what must be found and minimizing critical intent elements. Mr. Forbes objects to the failure to give Forbes Instr. Nos. 34-41 in lieu of this instruction.

2. Mr. Forbes objects to the omission of the word "alleged" before the words "conspiracy," "unlawful purpose," "unlawful agreement," "objective" and "objects" in the heading and throughout the instruction.

3. Mr. Forbes objects to the first paragraph because the phrase "requisite unlawful intent" should be replaced with the phrase "intent to defraud." A conspiracy to commit an offense requires at least the same mens rea as the underlying substantive offense. See Ingram v. United States, 360 U.S. 672, 678 (1959).

4. Mr. Forbes objects to the failure to separate the second paragraph from the rest of the instruction by the sub-heading "Alleged Coconspirators." See Forbes Instr. No. 31. Mr. Forbes objects to the last sentence in the second paragraph.

5. Mr. Forbes objects to the identification of Stuart Bell as an alleged co-conspirator for reasons previously presented to the Court.

6. Mr. Forbes objects to including the concepts "knowingly" and "willfully" under the same sub-heading because they are different concepts. This is

particularly problematic given the instruction on conscious avoidance, which is a proxy for some components of knowledge, but is not a proxy for willfulness.

7.  Mr. Forbes objects to the placement of the references to "knowingly" and "willfully" in paragraph 3 immediately preceding a reference to conscious avoidance. The conscious avoidance reference should be made in a manner that makes clear that it applies only to some components of knowledge.

## OBJECTIONS TO REQUEST NO. 18
(Knowingly and Willfully)

1. Mr. Forbes objects to the language in the third paragraph beginning "In deciding." Both sentences omit a reference to the government's burden of proof and a reference to the requisite intent to defraud (or, if the Court determines that intent to defraud is not required as to each object offense, to the requisite unlawful intent). The second sentence also omits the words "knowingly and willfully." Mr. Forbes also objects to the second sentence because the wording of the sentence as a question dilutes the government's burden of proof beyond a reasonable doubt.

2. Mr. Forbes objects to the fourth paragraph beginning "In that regard." This paragraph addresses the issue of motive, which is not an element of the offense, and improperly comments on the evidence. This language improperly focuses on one type of proof, which is the proper subject of argument, not instructions. In addition, use of the word "stake" suggests that this element would be satisfied by proof that a defendant earned a salary. In addition, the paragraph improperly eliminates all references to the required intent, without which membership in the alleged conspiracy cannot be established beyond a reasonable doubt. Also, it dilutes the Government's proposed prior instruction regarding wealth and compensation, expressly telling jurors they <u>should</u> consider these issues.

3. Mr. Forbes objects to the fifth paragraph beginning "As I mentioned a moment ago." The reference in the paragraph to "the unlawful agreement or plan" and "the unlawful agreement" is divorced from the specific

- 34 -

alleged agreement charged in the indictment, and constitutes a constructive amendment and/or prejudicial variance. This is particularly problematic given the government's improper introduction of evidence concerning matters not charged in the indictment. In addition, the paragraph does not refer to the intent requirement of specific intent to defraud (or, if the Court determines that intent to defraud is not required as to each object offense, to the requisite unlawful intent). Again, language such as "the key question" singles out only part of what must be shown to satisfy the membership element.

    4.    Mr. Forbes objects to the seventh paragraph beginning "Mr. Forbes' knowledge." It is a comment on the inferences that may be drawn from the evidence and is unbalanced, focusing on what does not have to be proven. It also addresses only one intent issue—knowledge—and does not properly explain what must be shown with respect to that issue.

    5.    Mr. Forbes objects to the eighth paragraph beginning "The extent of a defendant's participation." It presumes that the defendant is a participant in the alleged conspiracy, is unbalanced, and improperly comments on the evidence. Mr. Forbes also objects to this instruction because evidence of the extent of a defendant's alleged participation *is* relevant to whether the government has proven the elements of conspiracy beyond a reasonable doubt. This portion of the instruction impermissibly suggests that the burden of proof is lower than proof beyond a reasonable doubt. The final sentence also erroneously states that a single act may be sufficient to render a defendant a co-conspirator, without any reference

to the intent requirements of the offense. In addition, Mr. Forbes objects to this instruction because it is confusing and inconsistent with the allegations in the indictment and the government's theory that Mr. Forbes directed the alleged conspiracy. A discussion of minor roles is simply divorced from the allegations in the indictment and the government's theory (as well as the way in which the government has attempted to characterize the evidence) in this case.

6. Mr. Forbes objects to the ninth and tenth paragraphs beginning "I want to caution you" and "I also want to caution you" because they are confusing and they dilute the intent element, which requires the government to prove beyond a reasonable doubt that the defendant acted knowingly, willfully, and with a specific intent to defraud (or, if the Court determines that intent to defraud is not required as to each object offense, with the requisite unlawful intent). Both paragraphs omit the requirements of willfulness and intent; the first also omits the requirement of knowledge. In addition, the last sentence of the ninth paragraph discusses "proof of the existence of a conspiracy," which is a separate element of conspiracy. The second element of conspiracy is membership; the first element is existence of a conspiracy.

7. Mr. Forbes objects to the eleventh paragraph beginning "The government is not required to prove." The issue of success of the alleged conspiracy does not belong in an instruction on membership in a conspiracy; it should be addressed in the instruction on overt acts. It was already improperly addressed, out of context, in the introduction to the conspiracy charge.