## OBJECTIONS TO REQUEST NO. 19
### (Conscious Avoidance)

1. Mr. Forbes objects to the proposed instruction on conscious avoidance for the reasons set forth in his objection to the repeated instruction on conscious avoidance.

2. Mr. Forbes objects to the proposed instruction on conscious avoidance because that concept cannot be considered with respect to whether the defendant knowingly intended to participate in the alleged conspiracy. See United States v. Ferrarini, 219 F.3d 145, 154-55 (2d Cir. 2000). Nowhere does the instruction clarify that there "are two aspects of knowledge involved in a conspiracy: 1) knowing participation or membership in the scheme charged and 2) some knowledge of the unlawful aims and objectives of the scheme," and that "[c]onscious avoidance may not be used to support a finding as to the former." Id. (quotation omitted).

3. Mr. Forbes further objects to the conscious avoidance instruction because it talks about a "fact in dispute," but conscious avoidance is not relevant to any "fact in dispute," it must be tied to knowledge of a high probability that specific statements at issue in the count under consideration were false.

## OBJECTIONS TO REQUEST NO. 20
(Requisite Intent)

1.      Mr. Forbes objects to the instructions on the false statement intent elements for the reasons set forth in the objections to the proposed charge on those elements.

2.      Mr. Forbes objects to the instructions on the securities fraud intent elements for the reasons set forth in the objections to the proposed charge on those elements.

3.      Mr. Forbes objects to the reference to "knowingly" because it fails to explain that the government must prove beyond a reasonable doubt that the defendant knew that the reported financial results were materially false.

4.      Mr. Forbes objects to the definition of "intent to defraud" because it omits the requirement the defendant acted with an intent to defraud purchasers of CUC or Cendant stock.  Mr. Forbes objects to the failure to provide Forbes No. 74.  Mr. Forbes also objects to the tautological definition of intent to defraud as "to act knowingly and with the intent to deceive or defraud."

5.      Mr. Forbes objects to paragraphs six through eight of this instruction, which deal with issues of proof and evidence, not with the elements of mail and wire fraud.  First, the instructions on matters of proof and evidence should not be intermingled with instructions defining the elements of the offense.  There is a separate proposed charge on direct and circumstantial evidence and on inferences.  This language is therefore redundant.  At most, the first two sentences of paragraph six, which begins "The question of whether a person . . . ," should be given.  It fully

sets forth any <u>legal</u> issue with respect to proof of intent. Second, this language on matters of proof and evidence is only repeated with respect to the intent elements of the various charges and thereby dilutes the intent elements, which are the most hotly contested issues in the case. It also renders the intent elements confusing and unbalanced, and it marshals certain types of evidence and instructs the jury that it should consider them as more important than other types of evidence. Third, the Court tells the jury that this is the <u>law</u> that <u>must</u> be followed and thereby <u>invades</u> the jury's fact-finding function. These are areas for <u>argument</u> about the evidence or lack of evidence, not for the Government's proposed legal instructions. They are also improper for the further reasons set forth below.

      6.    Mr. Forbes objects to paragraph six of this instruction because it is an incorrect statement of the law, is inconsistent with the government's case, and puts the imprimatur of the Court behind the government's case. Direct proof of knowledge and fraudulent intent is often available, particularly in the new electronic age with e-mail, tape recordings, and other electronic devices. While this statement may have been accurate decades ago, it is not true today. Moreover, the government has put on testimony of Cosmo Corigliano, which Mr. Forbes contends is false, purporting to provide direct proof of knowledge and fraudulent intent. This paragraph is essentially a statement by the Court that this is a rare case, and that the government's case is particularly convincing because it has "direct proof of knowledge and fraudulent intent."

## OBJECTIONS TO REQUEST NO. 21
### (Requisite Intent)

1.      Mr. Forbes objects to the good faith instruction because the phrase "with the unlawful intent required for the charge you are considering" should be replaced with the phrase "with a specific intent to defraud."

2.      Mr. Forbes objects to the omission of the following language: "This is true even if his belief that he is complying with the law is irrational or unreasonable. Similarly, a person who lacks knowledge regarding the law, or who misunderstands the law, and who believes, as a result of his lack of knowledge or his misunderstanding, that he is complying with the law, does not act willfully."

3.      Mr. Forbes objects to the language in the fourth paragraph because the parties initially agreed during the first trial that the Court should give Forbes Instruction No. 53 [now Forbes Instruction No. 40] on good faith, which does not include this language. See Tr. (10/15/04) at 14735.[3] This language is confusing and is an incorrect statement of the law. It is unclear how a person could honestly hold an opinion and at the same time knowingly make a false statement. In addition, good faith negates willfulness and intent to defraud, not just knowledge.

---

[3]      The government previously agreed that Forbes Instruction No. 53 should be given in its entirety with the exception of the sentences beginning "This is true" and "Similarly, a person." See id.

## OBJECTIONS TO REQUEST NO. 22
### (Third Element – Commission of Overt Act)

1.     Mr. Forbes objects to the omission of the word "alleged" before the word "conspiracy" throughout the instruction, and before the words "members" and "member" in the first and third paragraphs of the instruction.

2.     Mr. Forbes objects to the fourth and fifth paragraphs because they are unbalanced and focus on what need not be proven without adequate balancing language.

3.     Mr. Forbes further objects to the fourth paragraph because it is unnecessary and repeats information in the third paragraph.  It also dilutes the beyond a reasonable doubt requirement in the sentence beginning with the words "To satisfy this element."

4.     Mr. Forbes further objects to the fifth paragraph because the concept of "on or about" is addressed in a separate instruction.

## OBJECTIONS TO REQUEST NO. 23
### (Fourth Element – Commission of Overt Act in Furtherance of the Conspiracy)

1.      Mr. Forbes objects to the omission of the word "alleged" before the words "unlawful agreement" in the first paragraph and before the words "conspirator," "conspiracy," and "conspiratorial" in the second paragraph.

2.      Mr. Forbes objects to the portion of the second paragraph beginning with and following the sentence: "In this regard, you should be aware that the overt act standing alone may be an innocent, lawful act." This general instruction is confusing and misleading in the context of this case because the overt acts charged in the indictment are not alleged to be harmless acts. Rather, they are alleged to involve the transmission of allegedly false accounting information.

3.      Mr. Forbes objects to the absence of the words "and every one" after the word "each" in the second to last sentence of the proposed charge.

4.      Mr. Forbes objects to the words "one or more" in the last sentence. The word "any" should be substituted in their place. Otherwise, the instruction is confusing and creates the impression that the jury must find that more than one element has not been satisfied beyond a reasonable doubt to acquit.

## OBJECTIONS TO REQUEST NO. 24
### (The Indictment and the Statute)

1.    Mr. Forbes objects to the reading of the indictment because it addresses many evidentiary matters and includes numerous unnecessary allegations.  The relevant portions defining the alleged offenses should be integrated into the Government's proposed instructions.  Moreover, the language of the indictment is unconstitutionally vague.  There is a serious danger that the jury will convict Mr. Forbes on facts or theories not found by the grand jury.  See, e.g., Russell v. United States, 369 U.S. 749 (1962).

2.    Mr. Forbes objects to the quotation of the statutory language because doing so may be confusing and may invite jurors to give their own interpretations of the statute.  The instructions should focus only on the elements that the government must prove beyond a reasonable doubt, as instructed by the Court.

3.    Mr. Forbes objects to the failure to give a separate instruction on Form 10-K and Form 10-Q, specifically the instruction set forth in Forbes Instr. No. 28.

4.    Mr. Forbes objects to the reference to aiding and abetting in the proposed instruction for the reasons set forth in Mr. Forbes' objections to Request No. 37.

## OBJECTIONS TO REQUEST NO. 25
(Elements of the Offense)

1.    Mr. Forbes objects to the caption "Elements of the Offense" as opposed to "Elements of False Statement in SEC Report."

2.    Mr. Forbes objects to the fourth element because it omits the words "intent to defraud."  See <u>United States v. Dixon</u>, 536 F.2d 1388, 1396 (2d Cir. 1976) (second clause of § 78ff(a) requires knowing and willful conduct which is grounded in "fraudulent intent").

3.    Mr. Forbes objects because the instruction fails to make clear that the <u>defendant must know</u> that the statement was false.

## OBJECTIONS TO REQUEST NO. 26
### (First Element – False Statement of Fact in SEC Report)

1.    Mr. Forbes objects to the omission of language stating the manner in which the statements are alleged to be false. See Forbes Instr. Nos. 58, 60. For example, the paragraph on the first alleged false statement in Count 2 should include the following language, which was in the government's initial proposed jury instruction in the 2004 trial: "In order to establish the statement was false, the government must prove beyond a reasonable doubt that total revenue was overstated by approximately $44 million." The indictment alleges that the first statement was allegedly false because total revenue was overstated by approximately $44 million. The jury could convict based on a finding that total revenue was understated by $44 million or was overstated by $5 million. Such a finding might amount to a finding that the statements were false, but they would be different false statements than those charged in the indictment. Inclusion of this instruction as worded would constitute an unconstitutional amendment of the indictment and/or a prejudicial variance. See, e.g., Stirone v. United States, 361 U.S. 212 (1960); United States v. Wozniak, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an indictment is a per se violation of the Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) ("In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the

charges contained in the indictment returned by the grand jury." (quotation omitted)); United States v. Crocker, 568 F.2d 1049, 1060 (3d Cir. 1977) ("[W]hen a grand jury has specifically charged the manner in which testimony [or another false statement] is untruthful, permitting the government to prove that it is untruthful in an entirely different manner amounts to a constructive amendment of the indictment rather than a mere variance.").

## OBJECTIONS TO REQUEST NO. 27
### (Second Element – Materiality)

   1. Mr. Forbes objects to the definition of materiality that there is a

"substantial likelihood" that a reasonable investor would have considered the fact

important because it dilutes the standard of proof beyond a reasonable doubt to a

civil standard.  Mr. Forbes objects to the omission of language similar to Forbes

Instruction No. 51:

> In order for you to find a material fact, the government
> must prove beyond a reasonable doubt that a reasonable
> investor would have considered the fact important in
> deciding whether to buy or sell stock.  The statute under
> which Counts 2 and 3 of the indictment are brought is
> concerned only with such material misstatements and
> does not cover minor, meaningless, or unimportant ones.
> A fact is material only if a reasonable investor would have
> viewed the fact as having significantly altered the total
> mix of information available.

Forbes Instr. No. 51 (emphasis added).

   2. Mr. Forbes objects to the third paragraph because it deals with

matters of proof, does not help define the element of materiality, is unbalanced, and

is an improper comment on the evidence.  Mr. Forbes objects to the language

regarding the disclosure of information because the indictment charges only false

statements, not omissions.  See Indict., Counts 2-3.  Inclusion of this instruction

would constitute an unconstitutional amendment of the indictment and/or a

prejudicial variance.  See, e.g., Stirone v. United States, 361 U.S. 212 (1960); United

States v. Wozniak, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of

an indictment is a per se violation of the Grand Jury Clause of the Fifth

Amendment that requires reversal even without a showing of prejudice to the defendant." (quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) ("In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the grand jury." (quotation omitted)).  Mr. Forbes also objects to this instruction because materiality must be assessed at the time of the statement.  See Forbes Instr. No. 52.  Evidence of a drop in the price of Cendant stock on April 15, 1998 cannot be tied to specific alleged false statements made at a previous date.

## OBJECTIONS TO REQUEST NO. 28
### (Third Element – Made or Caused to Be Made)

1.     Mr. Forbes objects to the second paragraph because it impermissibly dilutes the intent requirement.  The core of the offense is that the defendant acted knowingly (<u>which requires knowledge that the SEC report contained a false statement of material fact</u>), willfully (which requires an intent to do something the law forbids), and with a specific intent to defraud (or, alternatively, to deceive).  A defendant cannot be convicted for causing a false statement he did not actually authorize.  He can only be convicted for knowingly and willfully making or causing a false statement to be made with an intent to defraud (or, alternatively, to deceive).

2.     Mr. Forbes objects to the "it is sufficient" language which does not have balancing language.

3.     Mr. Forbes proposes Forbes Instr. No. 53 in lieu of this proposed instruction.

## OBJECTIONS TO REQUEST NO. 29
(Fourth Element – Knowingly, Willfully and With Intent to Deceive)

1.    Mr. Forbes objects to this proposed instruction because it instructs on "intent to deceive" instead of "intent to defraud." See United States v. Dixon, 536 F.2d 1388, 1396 (2d Cir. 1976) (second clause of § 78ff(a) requires knowing and willful conduct which is grounded in "fraudulent intent"). Mr. Forbes also objects to the subsequent failure to instruct on this element and to give Forbes No. 58. Mr. Forbes objects to the definition of intent to deceive as expressly stating that a purpose of causing financial loss is not required.

2.    Mr. Forbes objects to this instruction because the definitions of "knowingly," "willfully" and "intent to defraud" (or "intent to deceive" if that is what the Court determines is required) should be separated by headings because they are separate concepts, and should be distinctly and clearly explained to the jury.

3.    Mr. Forbes objects to the fifth paragraph of this instruction for the reasons stated in the objections to Request No. 20. Mr. Forbes also objects to incorporating the instructions that deal with issues of proof and evidence, not with the elements of false statements. The government previously agreed that the charge could be given once and need not be repeated or incorporated by reference each time instructions on mental states are given. See, e.g., Tr. (10/15/04) at 14728, 14745. The proposed instruction highlights the improper nature of the objectionable paragraphs by saying that the Court instructs the jury "about how proof of one's state of mind can be established." The only proper instruction on

these issues is that it can be established (or can fail to be established) by direct or circumstantial evidence, which is addressed in the sentence that ends with "one's state of mind."

4.    Mr. Forbes objects to an incorporated instruction on good faith. The instruction on good faith should be repeated in full.  If the Court does incorporate the good faith instruction, it should state that "the good faith of a defendant is a complete defense.  The defendant does not have the burden of establishing good faith.  The burden is on the government to prove lack of good faith beyond a reasonable doubt.  I refer you to the instruction on 'good faith' set forth in Instruction No. [].  That instruction is equally applicable here.").

## OBJECTIONS TO REQUEST NO. 30
(Conscious Avoidance)

1.      Mr. Forbes objects to the proposed instruction on conscious avoidance for the reasons set forth in his objection to the repeated instruction on conscious avoidance.

2.      Mr. Forbes objects to the wording of the final two sentences of this proposed instruction, and to their inclusion in an instruction on the subject of conscious avoidance.  Conscious avoidance is relevant only to the element of knowledge.  There should not be reference to any other elements of the offense in a charge on conscious avoidance.  In addition, counts 2 and 3 should be treated separately.  The jury should be instructed that, in order to establish guilt on count 2, the government is required to prove each and every element of the offense beyond a reasonable doubt and that the jury must acquit if the government fails to prove any element beyond a reasonable doubt.   The jury should then be separately instructed with respect to count 3.  As the proposed instruction is presently worded, counts 2 and 3 are conflated in a confusing way.

3.      Mr. Forbes objects to the words "one or more" in the last sentence.  The word "any" should be substituted in their place.  Otherwise, the instruction is confusing and creates the impression that the jury must find that more than one element has not been satisfied beyond a reasonable doubt to acquit.

## OBJECTIONS TO REQUEST NO. 31
### (The Indictment and the Statute)

1.      Mr. Forbes objects to the reading of the indictment because it addresses many evidentiary matters and includes numerous unnecessary allegations.  The relevant portions defining the alleged offenses should be integrated into the government's proposed instructions.  Moreover, the language of the indictment is unconstitutionally vague.  There is a serious danger that the jury will convict Mr. Forbes on facts or theories not found by the grand jury.  See, e.g., Russell v. United States, 369 U.S. 749 (1962).

2.      Mr. Forbes objects to the quotation of the statutory and regulatory language because doing so may be confusing and may invite jurors to give their own interpretations.  The instructions should focus only on the elements that the government must prove beyond a reasonable doubt, as instructed by the Court.  Mr. Forbes further objects to reading the portions of the statute that reference congressional intent ("as necessary or appropriate in the public interest or for the protection of investors") because it is not necessary.  Mr. Forbes objects to reading the portion of Rule 10b-5 that references omissions because the indictment does not charge omissions.

3.      Mr. Forbes objects to this instruction (and all instructions on securities fraud) because Count 4 is unconstitutionally vague and the proposed instructions do not cure the vagueness.  The proposed instructions as a whole actually exacerbate these problems by failing to make clear that the government

- 53 -

must prove material false statements in SEC filings, annual reports and public releases, and instead stating that the government can establish an artifice, or false statement, or transaction, practice or course of business.  These problems are compounded by the government's improper introduction of evidence not charged in the indictment.

4.     Mr. Forbes objects to the reference to aiding and abetting in the proposed instruction for the reasons set forth in Mr. Forbes' objections to Request No. 37.

## OBJECTIONS TO REQUEST NO. 32
### (Elements of the Offense)

1.    Mr. Forbes objects to the caption "Elements of the Offense" as opposed to "Elements of Securities Fraud."

2.    Mr. Forbes objects to the instruction on the first element because it erroneously lists falsity and materiality as a single element of the offense.  These are separate elements.  <u>See</u> Forbes Instr. No. 63.

3.    Mr. Forbes objects to the instruction on the first element because it defines the fraud more broadly than the indictment, which alleges only false statements.  Count 4 of the indictment does not identify the substance of the alleged fraud, but state that the "substance" of the alleged fraud is set forth in paragraphs 18 through 63 of Count 1.  <u>See</u> Indict., Count 4 ¶ 3.  Paragraphs 18 through 63 of Count 1 allege that Mr. Forbes were responsible for various purported accounting irregularities that resulted in the alleged fraudulent overstatement of CUC's and Cendant's financial results.  Those paragraphs further allege that Mr. Forbes caused these allegedly overstated financial results to be reported to the SEC and to the investing public in periodic filings with the SEC and in press releases.  These paragraphs of the indictment identify the following specific SEC filings and press releases, which allegedly contained false statements—(1) a March 19, 1996 CUC press release; (2) an April 25, 1996 CUC Form 10-K; (3) a March 11, 1997 CUC press release; (4) a May 1, 1997 CUC Form 10-K; (5) a December 15, 1997 CUC Form 10-Q; (6) a February 4, 1998 Cendant press release; (7) a March 31, 1998

Cendant Annual Report; and (8) a March 31, 1998 Cendant Form 10-K. Indict.,

Count 1 ¶¶ 63(a)-(e) & (m)-(o). Thus, the indictment charges only false statements,

not some other device, scheme, or artifice to defraud; not any omission of a material

fact; and not some other transaction, practice, or course of business that would

operate as a fraud. The government effectively conceded that the substance of the

alleged securities fraud consisted of the purported making of materially false

statements in the particular SEC filings and press releases identified in the

indictment. See United States Opp'n Forbes Mot. Mistrial Due to Constructive

Amendment (filed July 30, 2004) at 33 ("Forbes was entitled to disclosure of the

particular public filings or press releases by CUC or Cendant that were materially

false or misleading, but not to each and every non-public statement or omission

which made those public filings and statements false or misleading. No bill of

particulars was needed for that purpose, since the indictment identified in exacting

detail the particular public filings and press releases of CUC and Cendant which

contain false and misleading information."). Inclusion of this instruction would

constitute an unconstitutional amendment of the indictment and/or a prejudicial

variance. See, e.g., Stirone v. United States, 361 U.S. 212 (1960); United States v.

Wozniak, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an

indictment is a per se violation of the Grand Jury Clause of the Fifth Amendment

that requires reversal even without a showing of prejudice to the defendant."

(quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir.

1988) ("In light of the current broad range of conduct covered by the federal fraud

statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the grand jury." (internal quotation omitted)).

4.      Mr. Forbes objects to the omission of an instruction on the element that the defendant caused the alleged false statement.  <u>See</u> Forbes Instr. No. 69.

5.      Mr. Forbes objects to the fourth element because it omits the words "buyers or sellers of Cendant stock" after "intent to defraud."