## OBJECTIONS TO REQUEST NO. 33
(First Element – Fraudulent Act)

1.  Mr. Forbes objects to the proposed instruction because it erroneously lists falsity and materiality as a single element of the offense. These are separate elements. See Forbes Instr. No. 63.

2.  Mr. Forbes objects to the proposed instruction because it defines the fraud more broadly than the indictment, which alleges only false statements. Count 4 of the indictment does not identify the substance of the alleged fraud, but states that the "substance" of the alleged fraud is set forth in paragraphs 18 through 63 of Count 1. See Indict., Count 4 ¶ 3. Paragraphs 18 through 63 of Count 1 allege that Mr. Forbes were responsible for various purported accounting irregularities that resulted in the alleged fraudulent overstatement of CUC's and Cendant's financial results. Those paragraphs further allege that Mr. Forbes caused these allegedly overstated financial results to be reported to the SEC and to the investing public in periodic filings with the SEC and in press releases. These paragraphs of the indictment identify the following specific SEC filings and press releases, which allegedly contained false statements—(1) a March 19, 1996 CUC press release; (2) an April 25, 1996 CUC Form 10-K; (3) a March 11, 1997 CUC press release; (4) a May 1, 1997 CUC Form 10-K; (5) a December 15, 1997 CUC Form 10-Q; (6) a February 4, 1998 Cendant press release; (7) a March 31, 1998 Cendant Annual Report; and (8) a March 31, 1998 Cendant Form 10-K. Indict., Count 1 ¶¶ 63(a)-(e) & (m)-(o). Thus, the indictment charges only false statements, not some other device, scheme, or artifice to defraud; not any omission of a material

- 58 -

fact; and not some other transaction, practice, or course of business that would operate as a fraud. The government effectively conceded that the substance of the alleged securities fraud consisted of the purported making of materially false statements in the particular SEC filings and press releases identified in the indictment. See United States Opp'n Forbes Mot. Mistrial Due to Constructive Amendment (filed July 30, 2004) at 33 ("Forbes was entitled to disclosure of the particular public filings or press releases by CUC or Cendant that were materially false or misleading, but not to each and every non-public statement or omission which made those public filings and statements false or misleading. No bill of particulars was needed for that purpose, since the indictment identified in exacting detail the particular public filings and press releases of CUC and Cendant which contain false and misleading information."). Inclusion of this instruction would constitute an unconstitutional amendment of the indictment and/or a prejudicial variance. See, e.g., Stirone v. United States, 361 U.S. 212 (1960); United States v. Wozniak, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an indictment is a per se violation of the Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) ("In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment

returned by the grand jury." (quotation omitted)). The multiple definitions exacerbate the problems of vagueness and duplicity.

3. Mr. Forbes objects to this instruction because it does not identify the alleged false statements at issue.

4. Mr. Forbes objects to the second paragraph beginning "It is not necessary" because it exacerbates the failure to identify the alleged false statements, which is the fraud alleged in the indictment. This is particularly problematic because of the improper introduction of evidence relating to matters not charged in the indictment.

5. Mr. Forbes objects to the reference to "three types of fraudulent conduct" and to "omission[s]" in the second paragraph beginning "It is not necessary" because the indictment charges false statements, not omissions or other types of fraudulent conduct.

6. Mr. Forbes objects to the various definitions in paragraphs three through six and paragraph ten of the instruction because they define the fraud more broadly than the indictment, and are confusing and misleading. Instead of overwhelming the jury with confusing instructions on words that are not relevant to their determination of whether the elements have been satisfied, the instructions should succinctly and clearly state that the scheme to defraud alleged in the indictment is the purported making of materially false statements in the particular SEC filings and press releases identified in the indictment, and that that is what the government must prove. For example, paragraphs three and four define a

number of words only to conclude that the statute requires either "a deliberate affirmative misstatement of a material fact or a deliberate omission of a material fact." The Court should only instruct the jury on this conclusion, and then only on the portion of the conclusion that is charged in this case—false statements of material fact, not omissions. As another example, paragraph five defines a number of "plain English" words and says that they are neutral and do not imply anything fraudulent. Mr. Forbes is not charged with anything neutral or non-fraudulent. Paragraph six concludes that these words have a special meaning in these instructions. Again, the Court should only instruct the jury on such a conclusion—the meaning of "device, scheme, or artifice to defraud"—but paragraph six misstates the law on that issue.

7. Mr. Forbes objects to the words "in the securities industry" as opposed to "in securities law" in the third paragraph.

8. Mr. Forbes objects to the reference in paragraphs seven and eight to "omissions" because the indictment charges false statements, not omissions. Mr. Forbes objects to the definition of materiality in the eighth paragraph that there is a "substantial likelihood" that a reasonable investor would have considered the fact important because it dilutes the standard of proof beyond a reasonable doubt to a civil standard. Mr. Forbes objects to the omission of language similar to Forbes Instruction No. 67. Mr. Forbes objects to the omission of a statement to the effect that materiality cannot be judged by hindsight. See Forbes Instr. No. 68.

9. Mr. Forbes objects to the ninth paragraph because it deals with matters of proof, does not help define the element of materiality, is unbalanced, and is an improper comment on the evidence. Mr. Forbes objects to the language regarding the disclosure of information because the indictment charges only false statements, not omissions. Inclusion of this instruction would constitute an unconstitutional amendment of the indictment and/or a prejudicial variance. See, e.g., Stirone v. United States, 361 U.S. 212 (1960); United States v. Wozniak, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an indictment is a per se violation of the Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (internal quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) ("In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the grand jury." (internal quotation omitted)). Mr. Forbes also objects to this instruction because materiality must be assessed at the time of the statement. See Forbes Instr. No. 68. Evidence of a drop in the price of Cendant stock on April 15, 1998 cannot be tied to specific alleged false statements made at a previous date.

10. Mr. Forbes objects to paragraph ten because it states that the fraud could be upon any person. The indictment alleges that there was a specific alleged victim of the alleged fraud, the Hartford Steam Boiler Company. See Indict., Count 4 ¶ 3. Inclusion of this instruction would constitute an

unconstitutional amendment of the indictment and/or a prejudicial variance. See, e.g., Stirone v. United States, 361 U.S. 212 (1960); United States v. Wozniak, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an indictment is a per se violation of the Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) ("In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the grand jury." (quotation omitted)).

11. Mr. Forbes objects to paragraphs eleven and twelve because they suggest that the victim need not have purchased stock. Because the indictment alleges only one specific victim of the alleged fraud and a specific purchase by that alleged victim, inclusion of this instruction is confusing and would constitute an unconstitutional amendment of the indictment and/or a prejudicial variance. See, e.g., Stirone, 361 U.S. 212; Wozniak, 126 F.3d at 109 ("A constructive amendment of an indictment is a per se violation of the Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (internal quotation & brackets omitted)); Mollica, 849 F.2d at 729 ("In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a

person be tried only on the charges contained in the indictment returned by the grand jury." (quotation omitted)).

## OBJECTIONS TO REQUEST NO. 34
(Second Element – In Connection With)

1.  Mr. Forbes objects to the last paragraph of this charge because it focuses on what the government need not prove.

- 65 -

# OBJECTIONS TO REQUEST NO. 35
(Third Element – Use of a Means or Instrumentality of Interstate Commerce)

1. Mr. Forbes objects to the omission of the word "alleged" before the word "scheme" in paragraphs five, six and seven (in which the word "scheme" appears twice).

2. Mr. Forbes objects to the language "of the offense" in paragraph three.

3. Mr. Forbes objects to the examples of instrumentalities of interstate commerce provided in paragraph three.

4. Mr. Forbes objects to paragraphs five through seven because they are unbalanced, stating what the government need not prove.

## OBJECTIONS TO REQUEST NO. 36
(Fourth Element – Knowingly, Willfully and with the Intent to Defraud)

1.      Mr. Forbes objects to this instruction because the definitions of "knowingly," "willfully" and "intent to defraud" should be separated by headings because they are separate concepts, and should be distinctly and clearly explained to the jury.

2.      Mr. Forbes objects to the definition of intent to defraud because it fails to state that the government must prove that Mr. Forbes acted with the purpose of deceiving or defrauding <u>purchasers of Cendant stock</u>. Mr. Forbes objects to the failure to provide Forbes Instruction No. 74. Mr. Forbes also objects to the tautological definition of intent to defraud as "to act knowingly and with the intent to deceive or defraud."

3.      Mr. Forbes objects to the fifth and sixth paragraphs of this instruction for the reasons stated in the objections to Proposed Instruction 20. Mr. Forbes also objects to incorporating the instructions which deal with issues of proof and evidence, not with the elements of securities fraud. The government previously agreed that the charge could be given once and need not be repeated or incorporated by reference each time instructions on mental states are given. <u>See, e.g.</u>, Tr. (10/15/04) at 14728, 14745.

4.      Mr. Forbes objects to an incorporated instruction on good faith. The instruction on good faith should be repeated in full. If the Court does incorporate the good faith instruction, it should use the following incorporating

- 67 -

language: "As I previously instructed you, the good faith of a defendant is a complete defense. The defendant does not have the burden of establishing good faith. The burden is on the government to prove lack of good faith beyond a reasonable doubt. I refer you to the instruction on 'good faith' set forth in instruction no. []. That instruction is equally applicable here."

5. Mr. Forbes objects to the instruction on conscious avoidance for the reasons set forth in his objection to the repeated instruction on conscious avoidance.

6. Mr. Forbes objects to the references to conscious avoidance and good faith in the same sentence. Conscious avoidance relates only to the issue of knowledge, while good faith is a complete defense to the charge in Count 4. The combination of the two concepts in one sentence erroneously suggests that good faith is only relevant to the issue of knowledge.

7. Mr. Forbes objects to the absence of the words "and every one" after the word "each" in the second to last sentence of the proposed charge. Mr. Forbes objects to the words "one or more" in the last sentence. The word "any" should be substituted in their place. Otherwise, the instruction is confusing and creates the impression that the jury must find that more than one element has not been satisfied beyond a reasonable doubt to acquit.

## OBJECTIONS TO REQUEST NO. 37
### (Aiding and Abetting)

1.  Mr. Forbes objects to this instruction because it is confusing, misleading, and unnecessary under the government's theory of the case. The government's allegation that Mr. Forbes directed the purported conspiracy is inconsistent with the theory that he was a mere aider and abettor. See, e.g., . Indict., Count 1 ¶ 24 ("defendant FORBES directed other conspirators to increase the earnings figure so that it met or exceeded that target" (emphasis added)), ¶ 27 ("defendant WALTER A. FORBES directed other conspirators to increase the consolidated earnings figures for the quarter and the fiscal year by the amounts necessary to meet or exceed their respective earnings targets for that quarter and fiscal year" (emphasis added)). If the government contends that Mr. Forbes was a mere aider and abettor, it must identify the alleged principal whom he purportedly aided and abetted and the manner in which he purportedly aided and abetted. Otherwise, the instruction is extremely vague and misleading. Mr. Forbes further objects to this instruction because the government did not previously provide particulars on this issue.

2.  Mr. Forbes objects to this instruction because it is discussed in connection with the false statement counts, which do not expressly refer to section 2(a), as opposed to section 2(b). See Tr. (11/01/04) at 16126. This same issue relates to all substantive counts where the government seeks an aiding and abetting instruction over defendant's objection. The government's theory of the case and the

- 69 -

indictment are all predicated on Mr. Forbes' alleged acts as a principal or directing others to take certain actions. Those theories do not justify an aiding and abetting instruction.

3. Mr. Forbes objects to this instruction because the government has not presented sufficient evidence to support an aiding and abetting theory.

4. Mr. Forbes objects to reading the statute because doing so may be confusing and may invite jurors to give their own interpretations of the statutory language. The instructions should focus only on the elements that the government must prove beyond a reasonable doubt, as instructed by the Court.

5. Mr. Forbes objects to the following language in the third paragraph and the second element: "in some way" and "some act," because it is too vague.

6. Mr. Forbes objects to the instruction because it omits elements of aiding and abetting. It does not state that the government must prove that the defendant acted willfully, and does not define the terms knowingly or willfully. See United States v. Pipola, 83 F.3d 556, 562 (2d Cir. 1996) (trial court instructed jury that the "defendant must have knowingly and willfully facilitated or encouraged the commission of the crime"). It does not clearly state that the government must prove that the defendant knowingly and willfully participated in the crime charged as something he wished to bring about, knowing it was a crime. See United States v. Wiley, 846 F.2d 150, 154 (2d Cir. 1988) (stating that "the evidence must demonstrate that the person charged joined the venture, shared in it, and that his

- 70 -

efforts contributed towards its success . . . . A general suspicion or knowledge of illegality is . . . not enough" (brackets & citation omitted)). It does not clearly state that the government must prove that "the underlying crime was committed by someone other than the defendant." Pipola, 83 F.3d at 562.

   7. Mr. Forbes objects to the instruction on aiding and abetting because when coupled with the instruction on conscious avoidance it misstates the law. Aiding and abetting requires the government to prove that "the defendant have the specific intent that his act or omission bring about the underlying crime— is similar, though not identical, to the requirement for finding intent to participate in a conspiracy." United States v. Zambrano, 776 F.2d 1091, 1097 (2d Cir. 1985). As set forth above, the concept of conscious avoidance cannot be considered with respect to whether the defendant knowingly intended to participate in the alleged conspiracy. See United States v. Ferrarini, 219 F.3d 145, 154-55 (2d Cir. 2000). For the same reason, conscious avoidance cannot be considered with respect to whether the defendant had the specific intent required of aiding and abetting. The charge on conscious avoidance fails to instruct the jury of this limitation, but instead says that "[k]knowledge on the part of a person can also be proven pursuant to the doctrine of conscious avoidance."

- 72 -

## OBJECTION TO REQUEST NO. 39
(Use of Conjunctive in the Indictment)

      1.    Mr. Forbes objects to this instruction because it is confusing and unnecessary.

## OBJECTIONS TO REQUEST NO. 41
(Evidence in this Case)

1. In the paragraph beginning "Second, the questions to the witnesses are not evidence," Mr. Forbes objects to the sentence beginning "Also, at times," as well as the subsequent sentence. These sentences only address a small sample of the numerous situations in which the witness' answer has to be considered in light of the lawyer's question. They also focus on cross-examination to the exclusion of similar issues on direct examination.

2. In the paragraph beginning "Fifth, anything you may have seen or heard," Mr. Forbes objects to the sentence beginning "You should consider."

## OBJECTIONS TO REQUEST NO. 43
(Acts and Declarations of Alleged Co-Conspirators

     1.     Mr. Forbes objects to this instruction in its entirety. It is a comment on selected evidence, and is unnecessary and prejudicial.

     2.     Mr. Forbes objects to the omission of the words "allegedly" and "alleged" before the words "did" and "existence" in the fourth line of the instruction.

     3.     Mr. Forbes objects to the identification of Stuart Bell as an alleged co-conspirator for reasons previously presented to the Court.

## OBJECTIONS TO REQUEST NO. 45
(Evidence Concerning the Cendant Restatement)

1.    Mr. Forbes objects to this instruction in its entirety. Mr Forbes objects to the jury being allowed to consider the Restatement with respect to any issue because it is not relevant and is unduly prejudicial.

2.    Mr. Forbes further objects to this instruction because there is no record evidence of what the Restatement said, so it is not probative of the falsity or materiality of any alleged statement previously made. To the extent Mr. Kernkraut alluded to the Restatement during his testimony, that testimony was improper for the reasons set forth in Forbes Retrial Motion No. 15.

3.    Mr. Forbes also objects to this instruction to the extent it references a filing date because there is no record evidence of the date of the Restatement.

## OBJECTIONS TO CHARGE NO. 46
(Mr. Corigliano's Testimony Regarding a Certain Statement by Mr. Silverman)

1. Mr. Forbes objects to this instruction in its entirety. This matter can be addressed by a general instruction concerning testimony admitted for a limited purpose. See Forbes Instr. No. 14. There is no reason to single out Mr. Silverman's out of court statement when the jury heard evidence about other out of court statements that were admitted for a limited purpose.

2. Mr. Forbes objects to the omission of the word "allegedly" before "attributed."

## OBJECTIONS TO CHARGE NO. 47
(Mr. and Mrs. Davidson's Employment)

1. Mr. Forbes objects to this instruction because there is no record evidence with respect to the Davidsons.