## OBJECTIONS TO REQUEST NO. 50
### (Persons Not Called As Witnesses)

1.      Mr. Forbes objects to this instruction because it improperly shifts the burden of proof to the defense and is inconsistent with the instruction that the verdict be based on the evidence and the lack of evidence.

2.      Mr. Forbes objects to this instruction because the Court should give a missing witness instruction concerning Mr. Bell in accordance with Mr. Forbes' proposed instructions.  See Forbes Instr. No. 11.1.

3.      Mr. Forbes objects to this instruction because it places undue emphasis on Mr. Bell.  There is no reason to highlight Mr. Bell's absence as a witness, as opposed to any other potential witness such as Mr. Speaks, Ms. Sattler, Mr. Shelton, etc.

## OBJECTIONS TO REQUEST NO. 51
### (Use of Particular Investigative Techniques or Witnesses)

1.      Mr. Forbes objects to this instruction in its entirety because it suggests that the jury may not consider the government's failure to present evidence within its control, including the testimony of witnesses the government elected not to call.  This is an incorrect statement of the law, given the government's burden of proof and the instruction that the jury should consider the evidence <u>or lack of evidence</u>.  The jury should be instructed that it may base its verdict on the lack of evidence, as well as the evidence presented.

2.      Mr. Forbes also objects to the first paragraph of the instruction because the terms "specific investigative technique" and "[l]aw enforcement techniques" are vague and confusing, and inject extraneous issues into the Government's proposed instructions.  This is not a case, for example, where undercover operations or wiretaps were used, where an instruction on investigative techniques might be appropriate.  To the extent that "investigative techniques" includes such things as plea agreements or proffer agreements, they <u>are</u> relevant to this case and are dealt with in specific instructions.  Similarly, to the extent "investigative techniques" include things such as 95 meetings between the government and a key witness, they are relevant to issues such as bias and credibility.

3.      Mr. Forbes objects to the second paragraph because it is unbalanced and inconsistent with the government's burden of proof and the fact

that the defendant had no obligation to do anything.  The government is obligated to establish its burden of proof beyond a reasonable doubt, and it is fair argument to note the government's failure to call witnesses.

      4.    Mr. Forbes objects to the second paragraph of the instruction for the additional reason that it is inconsistent with the missing witness instruction requested by Mr. Forbes with respect to Mr. Bell.

      5.    Mr. Forbes objects to the failure to give the missing witness instruction proposed by Mr. Forbes.  <u>See</u> Forbes Instr. No. 11.1.

## OBJECTIONS TO REQUEST NO. 52
(Credibility of the Witnesses)

1.     Mr. Forbes objects to the second paragraph concerning inconsistencies.  The jury should rely on its own experience in deciding how to evaluate inconsistent testimony.  In addition, this instruction is unbalanced because it suggests that inconsistencies are likely due to innocent misrecollections when it is equally possible that inconsistencies could be due to the fact that a witness is not telling the truth.

2.     In the paragraph beginning "In evaluating the credibility of witnesses," Mr. Forbes objects to the last two sentences.

## OBJECTIONS TO  REQUEST NO. 53
### (Prior Inconsistent Statement)

1.    Mr. Forbes objects to this instruction because it fails to address the issue of a witness's earlier failure to make the statement about which he or she testified at trial.  The jury should be instructed that the testimony of a witness may be discredited or impeached by showing that the witness failed to make the statement to which he or she testified either (a) at any time prior to this proceeding or (b) in earlier interviews that took place closer in time to the events in question. See Forbes Instr. No. 21.

2.    Mr. Forbes also objects to the absence of any instruction in the government's proposed instructions that the prior testimony of a witness introduced in this trial may be considered as substantive evidence.  See Fed. R. Evid. 801(d)(1)(A); Forbes Instr. No. 21.1.

## OBJECTIONS TO REQUEST NO. 54
### (Uncontradicted Testimony)

1.     Mr. Forbes objects to this instruction on the ground that the factors to consider in evaluating evidence and witness credibility are already addressed in other instructions.

2.     Mr. Forbes objects to this instruction on the ground that it is inconsistent with other instructions that allow the jury to consider the lack of evidence presented by the government in its deliberations.  If testimony was presented by a defendant, and the government did not present any contrary evidence, the jury should be permitted to consider that fact in determining whether the government has satisfied its burden of proof.  This instruction invites the jury to reject Mr. Forbes' testimony even where there was no contrary evidence presented by the government, and dilutes the instructions that the jury may consider the lack of evidence presented by the government.

3.     Mr. Forbes objects to the second sentence because it focuses on certain considerations.

## OBJECTIONS TO REQUEST NO. 56
(Testimony of Expert Witnesses)

1.    Mr. Forbes objects to the language concerning Mr. Heckler.  Mr.

Forbes objected to any testimony from Mr. Heckler.

## OBJECTIONS TO REQUEST NO. 58
(Not Proper to Consider Guilty Plea of Government Witness)

1.      Mr. Forbes objects to the omission of the following language after the first sentence of the instruction, and before the sentence beginning "You are instructed":

The testimony of a witness may be discredited by evidence showing that the witness has pled guilty to a felony, a crime for which a person may receive a prison sentence of more than one year.  A guilty plea to a crime that is a felony is one of the circumstances that you may consider in determining the credibility of that witness.  It is the sole and exclusive right of the jury to determine the weight to be given to any prior guilty plea as impeachment and the weight, if any, to be given to the testimony of anyone who has pled guilty to a felony.

You may consider evidence that Cosmo Corigliano, Anne Pember, and Casper Sabatino pled guilty to felony charges only in evaluating the credibility of Cosmo Corigliano, Anne Pember, and Casper Sabatino as witnesses in this case. You may not consider this evidence for any other purpose.

See Forbes Proposed Instr. No. 19.

**OBJECTIONS TO REQUEST NO. 62**
(Defendant's Testimony from a Prior Proceeding)

1.    Mr. Forbes objects to this instruction on the ground that it unnecessarily highlights Mr. Forbes' testimony from a prior proceeding. The factors to consider in evaluating evidence and witness credibility are already addressed in other instructions and the fact that prior testimony under oath may be considered as substantive evidence can be addressed in a general instruction that applies to all such testimony and does not single out Mr. Forbes' prior testimony.

2.    Mr. Forbes objects to the instruction that the jury not speculate as to the nature of the other proceeding. The record already reflects that the prior proceeding was a trial. In addition, the fact that the prior proceeding was a trial may be relevant to the jury's assessment of the credibility of certain witnesses who testified at the first trial and gave new testimony for the first time at this trial (such as Mr. Monaco, Mr. Kearney, and Mr. Sabatino).

## OBJECTIONS TO REQUEST NO. 63
### (Procedures You Must Follow)

1.     Mr. Forbes objects to the omission of the words "or lack of evidence" after the word "evidence" in the fifth and eleventh lines of the second paragraph and from the last line of the instruction.

## OBJECTIONS TO REQUEST NO. 64
### (Notes)

1.    Mr. Forbes objects to the second paragraph because there are procedures for correcting a transcript that the government has not chosen to follow. There is no law of which the defendant is aware and the government has not cited any that says that a recollection of jurors trumps an official transcript.  The transcript is the official record of the evidence.  The law concerning juror recollection deals with arguments of counsel, which are not evidence.

## OBJECTIONS TO REQUEST NO. 66
### (Exhibits and Testimony; Use of the Indictment)

1.    Mr. Forbes objects to the jury having a copy of the indictment in the jury room.  The indictment addresses many evidentiary matters and includes numerous unnecessary allegations.  Moreover, the language of the indictment is unconstitutionally vague.  There is a serious danger that the jury will convict Mr. Forbes on facts or theories not found by the grand jury.  See, e.g., Russell v. United States, 369 U.S. 749 (1962).

## ADDITIONAL OBJECTIONS

Mr. Forbes objects to the government's failure to include the following instructions proposed by Mr. Forbes in the government's proposed charge:

1.      Forbes Instr. No. 11.1 (Missing Witness Stuart Bell)—for the reasons set forth above in the Objections to Failure to Give Missing Witness Instruction;

2.      Forbes Instr. No. 14.1 (Alleged Co-Conspirator's State of Mind or Intent)—which is consistent with the limiting instruction given by the Court during the trial;

3.      Forbes Instr. No. 15 (Acts and Statements After April 15 1998)—because the Court gave a similar limiting instruction during the trial, it is supported by the law, and it is necessary to ensure that the jury does not consider this evidence for improper purposes;

4.      Forbes Instr. No. 15.1 (Accounting Matters Not To Be Considered—Pre-1995 Time Period)—because (1) the testimony about these matters constituted a constructive amendment and/or a prejudicial variance, and the instructions can help protect against a constructive amendment and/or a prejudicial variance; (2) Mr. Kernkraut's testimony on these matters was improper and prejudicial for the reasons set forth in Forbes Retrial Motion No. 15; and (3) the lay opinion testimony of Mr. Corigliano, Ms. Pember, and Mr. Kernkraut on this subject was improper and inadmissible under Fed. R. Evid. 701;

5.      Forbes Instr. No. 15.2 (Accounting Matters Not To Be Considered—General Reserves, Membership Numbers)—because the testimony

about these matters constituted a constructive amendment and/or a prejudicial

variance, and the instructions can help protect against a constructive amendment

and/or a prejudicial variance;

6.      Forbes Instr. No. 15.2.1 (Mr. Kernkraut's Testimony About

What He Supposedly Learned After April 15, 1998)—for the reasons set forth in

Forbes Retrial Motion No. 15;

7.      Forbes Instr. No. 19 (Guilty Plea of Government Witness)—

because the government's proposed instruction erroneously states the manner in

which guilty pleas of government witnesses may be considered and this charge,

which is supported by the law, is necessary to correct that charge;

8.      Forbes Instr. No. 20.1 (Retainer Funds)—because the

instruction is supported by the law and is necessary to assist the jury in evaluating

the bias and credibility of the key government witness;

9.      Forbes Instr. No. 20.2 (SEC Quarterly Asset Schedules)—

because the interpretation of the agreement is a question of law, the instruction is

supported by the law, and is necessary to assist the jury in evaluating the bias and

credibility of the key government witness;

10.      Forbes Instr. No. 20.3 (Town of Old Saybrook Appraisal and

Assessment of Corigliano Property)—because the instruction is supported by the

law and is necessary to assist the jury in evaluating the bias and credibility of the

key government witness;

11.    Forbes Instr. No. 20.4 (SEC Settlement Agreement)—because the interpretation of the agreement is a question of law, the instruction is supported by the law, and is necessary to assist the jury in evaluating the bias and credibility of the key government witness;

12.    Forbes Instr. No. 21 (Impeachment by Prior Inconsistent Statement of Omission) —because a witness's previous failure to state something to which he or she testified at this trial is relevant to his or her credibility and this issue is not addressed in the government's proposed instructions;

13.    Forbes Instr. No. 21.1 (Prior Testimony)—because the fact that any prior testimony read into evidence in this proceeding is substantive evidence is a correct statement of law that is not addressed by the government's proposed instructions;

14.    Forbes Instr. No. 22 (Falsus In Uno, Falsus In Omnibus)— because this is not addressed in the government's instructions;

15.    Forbes Instr. No. 28 (Forms 10-Q and 10-K)—because the instruction is supported by the law, and is necessary to assist the jury in evaluating whether the Forms 10-Q and 10-K contained materially false statements as alleged in the indictment;

16.    Forbes Instr. No. 29 (Generally Accepted Accounting Principles)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

17.     Forbes Instr. No. 30 (Elements of Conspiracy)—because the instruction is supported by the law and more accurately sets forth the elements than the government's proposed charge;

18.     Forbes Instr. No. 31 (First Element of Conspiracy—Existence of Agreement)—because the instruction is supported by the law and more accurately sets forth the elements than the government's proposed charge;

19.     Forbes Instr. No. 32 (Individuals Not Named as Alleged Co-Conspirators)—to clarify for the jury who is not alleged to be a co-conspirator in Count 1 and respond to the government's improper suggestion during trial that other individuals (such as E&Y auditors) engaged in wrongdoing;

20.     Forbes Instr. No. 33 (Alleged Unlawful Objectives Charged in Count 1—Need for Unanimity)—because the instruction is supported by the law, more accurately identifies the objects of the alleged conspiracy and more accurately sets forth the requirement of unanimity than the government's proposed charge;

21.     Forbes Instr. No. 34 (Second Element of Conspiracy—Membership in the Alleged Conspiracy)—because the instruction is supported by the law and more accurately sets forth the elements than the government's proposed charge;

22.     Forbes Instr. No. 35 (Second Element of Conspiracy—"Knowingly" Defined)—because the instruction is supported by the law and more accurately sets forth the knowledge requirement as set forth above in the Objections

to Repeated Failures to Define Knowingly by Reference to Alleged False

Statements;

      23.    Forbes Instr. No. 36 (Second Element of Conspiracy—

"Knowingly" GAAP)—for the reasons set forth above in the Objections to Failure to

Instruct on Generally Accepted Accounting Principles;

      24.    Forbes Instr. No. 37 (Second Element of Conspiracy—"Willfully"

Defined)—because the instruction is supported by the law and more accurately sets

forth the definition than the government's proposed charge;

      25.    Forbes Instr. No. 38 (Second Element of Conspiracy—"Specific

Intent to Defraud" Defined)—because the instruction is supported by the law and

more accurately sets forth the definition than the government's proposed charge;

      26.    Forbes Instr. No. 40 (Good Faith)—because the instruction is

supported by the law and should be repeated in and tailored to the mental states

required of each charge;

      27.    Forbes Instr. No. 41 (Knowingly, Willfully, and Specific Intent to

Defraud—Standards Unclear)—for the reasons set forth above in the Objections to

Failure to Instruct on Generally Accepted Accounting Principles;

      28.    Forbes Instr. No. 44 (Elements of False Statement in SEC

Report)—because the instruction is supported by the law and more accurately sets

forth the elements than the government's proposed charge;

29.     Forbes Instr. No. 50 (False Statement of Fact—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

30.     Forbes Instr. No. 51 (Second Element of False Statement in SEC Report—Materiality)—because the instruction is supported by the law and more accurately sets forth the elements than the government's proposed charge;

31.     Forbes Instr. No. 52 (Materiality Judged at Time of Statement)— because the instruction is supported by the law and is not fully conveyed by the government's proposed charge;

32.     Forbes Instr. No. 53 (Third Element of False Statement in SEC Report—Made or Caused)—because the instruction is supported by the law and more accurately sets forth the elements than the government's proposed charge;

33.     Forbes Instr. No. 55 (Fourth Element of False Statement in SEC Report—Knowingly)—because the instruction is supported by the law and more accurately sets forth the knowledge requirement as set forth above in the Objections to Repeated Failures to Define Knowingly by Reference to Alleged False Statements;

34.     Forbes Instr. No. 56 (Knowingly—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

35.     Forbes Instr. No. 57 (Fourth Element of False Statement in SEC Report—Willfully)—because the instruction is supported by the law and more accurately sets forth the definition than the government's proposed charge;

36.     Forbes Instr. No. 58 (Fourth Element of False Statement in SEC Report—Specific Intent to Defraud)—because the instruction is supported by the law and more accurately sets forth the definition than the government's proposed charge.

37.     Forbes Instr. No. 60 (Good Faith)—because the instruction is supported by the law and should be repeated in and tailored to the mental states required of each charge;

38.     Forbes Instr. No. 61 (Knowingly, Willfully, and Specific Intent to Defraud—Standards Unclear)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

39.     Forbes Instr. No. 62 (Elements of Securities Fraud)—because the instruction is supported by the law and more accurately sets forth the elements than the government's proposed charge;

40.     Forbes Instr. No. 63 (First Element of Securities Fraud—Untrue Statement of Fact)—because the instruction is supported by the law and more accurately sets forth the elements than the government's proposed charge, which defines the fraud too broadly as further set forth in the Objections to Defining the Alleged Fraud More Broadly than the Indictment;

41.     Forbes Instr. No. 64 (Alleged Untrue Statements of Fact

Charged in Count 4)—because the instruction is supported by the law, identifies the

alleged false statements, and more accurately sets forth the elements than the

government's proposed charge, which defines the fraud too broadly as further set

forth in the Objections to Defining the Alleged Fraud More Broadly than the

Indictment;

42.     Forbes Instr. No. 65 (Alleged Untrue Statements of Fact)—

because the instruction is supported by the law and more accurately sets forth the

requirement of unanimity than the government's proposed charge;

43.     Forbes Instr. No. 66 (Untrue Statement of Fact—GAAP)—for

the reasons set forth above in the Objections to Failure to Instruct on Generally

Accepted Accounting Principles;

44.     Forbes Instr. No. 67 (Second Element of Securities Fraud—

Materiality)—because the instruction is supported by the law and more accurately

sets forth the elements than the government's proposed charge;

45.     Forbes Instr. No. 68 (Materiality Judged at Time of

Statement)—because the instruction is supported by the law and is not conveyed by

the government's proposed charge;

46.     Forbes Instr. No. 71 (Fourth Element of Securities Fraud—

Knowingly)—because the instruction is supported by the law and more accurately

sets forth the knowledge requirement as set forth above in the Objections to

Repeated Failures to Define Knowingly by Reference to Alleged False Statements;

47.    Forbes Instr. No. 72 (Knowingly—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

48.    Forbes Instr. No. 73 (Fourth Element of Securities Fraud—Willfully)—because the instruction is supported by the law and more accurately sets forth the definition than the government's proposed charge;

49.    Forbes Instr. No. 74 (Fourth Element of Securities Fraud—Specific Intent to Defraud)—because the instruction is supported by the law and more accurately sets forth the definition than the government's proposed charge;

50.    Forbes Instr. No. 76 (Good Faith)—because the instruction is supported by the law and should be repeated in and tailored to the mental states required of each charge;

51.    Forbes Instr. No. 77 (Knowingly, Willfully, and Specific Intent to Defraud—Standards Unclear)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles.

## CONCLUSION

For the foregoing reasons, Mr. Forbes respectfully objects to the government's proposed jury instructions.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____

Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated:  November 15, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Objections of Walter Forbes to Government's Request to Charge for Retrial to be sent on November 15, 2005 to the following via hand delivery and email:

> Michael Martinez, Esq.
> Craig Carpenito, Esq.
> United States Attorneys
> The Federal Building
> U.S. Department of Justice
> 450 Main Street, Room 320
> Hartford, CT  06103

and to the following via email:

> Norman Gross, Esq.
> U.S. Attorney's Office
> District of New Jersey
> 401 Market Street
> Fourth Floor
> Camden, NJ  08101

_____
Barry S. Simon