# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 3:02CR264 (AWT) |
| v. ) | |
| ) | |
| WALTER A. FORBES ) | November 15, 2005 |
| ) | |

## PRELIMINARY PROPOSED JURY INSTRUCTIONS OF WALTER FORBES

Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## TABLE OF CONTENTS

PROPOSED JURY INSTRUCTION NO. 1  (Introduction) ...........................................2

PROPOSED JURY INSTRUCTION NO. 2  (Role of the Court and the
Jury) ....................................................................................................................4

PROPOSED JURY INSTRUCTION NO. 3  (Captions of Instructions) ....................5

PROPOSED JURY INSTRUCTION NO. 4  (Jurors' Duties) ....................................6

PROPOSED JURY INSTRUCTION NO. 5  (Government as a Party) ......................8

PROPOSED JURY INSTRUCTION NO. 6  (Conduct of Counsel)............................9

PROPOSED JURY INSTRUCTION NO. 7  (Indictment Is Not Evidence) ..............10

PROPOSED JURY INSTRUCTION NO. 8  (Presumption of Innocence and
Burden of Proof) ...............................................................................................11

PROPOSED JURY INSTRUCTION NO. 9  (Reasonable Doubt Defined)................13

PROPOSED JURY INSTRUCTION NO. 10  (Evidence Defined)..............................14

PROPOSED JURY INSTRUCTION NO. 11  (Direct and Circumstantial
Evidence) ...........................................................................................................16

PROPOSED JURY INSTRUCTION NO. 11.1  (Missing Witness—Stuart
Bell) ....................................................................................................................18

PROPOSED JURY INSTRUCTION NO. 12  (Jury's Recollection Controls)............19

PROPOSED JURY INSTRUCTION NO. 13  (Juror Notes)......................................20

PROPOSED JURY INSTRUCTION NO. 14    (Limited Use Evidence) ...................21

PROPOSED JURY INSTRUCTION NO. 14.1  (Alleged Co-Conspirator's
State of Mind or Intent).....................................................................................22

PROPOSED JURY INSTRUCTION NO. 15  (Acts and Statements After
April 15, 1998)...................................................................................................23

PROPOSED JURY INSTRUCTION NO. 15.1 (Accounting Matters Not To
Be Considered—Pre-1995 Time Period)............................................................24

PROPOSED JURY INSTRUCTION NO. 15.2  (Matters Not To Be
Considered—Membership Numbers/Membership Renewal Rates).....................25

PROPOSED JURY INSTRUCTION NO. 15.2.1 (Matters Not To Be
Considered—Mr. Kernkraut's Testimony About What He Supposedly
Learned After April 15, 1998) ...........................................................................26

PROPOSED JURY INSTRUCTION NO. 15.3  (Matters Not To Be
Considered—Wealth) ..........................................................................................27

PROPOSED JURY INSTRUCTION NO. 15.4  (No Respondeat Superior
Liability)..............................................................................................28

PROPOSED JURY INSTRUCTION NO. 16  (Credibility of Witnesses) ..................30

PROPOSED JURY INSTRUCTION NO. 17 (Government Witness
Testifying Under Plea Agreement) ......................................................31

PROPOSED JURY INSTRUCTION NO. 18  (Informal Immunity of
Government Witness) .........................................................................33

PROPOSED JURY INSTRUCTION NO. 19  (Guilty Pleas of Government
Witnesses) ........................................................................................35

PROPOSED JURY INSTRUCTION NO. 20  (Bias and Hostility)............................37

PROPOSED JURY INSTRUCTION NO. 20.1 (Retainer Funds)..............................38

PROPOSED JURY INSTRUCTION NO. 20.2 (SEC Quarterly Asset
Schedules)..........................................................................................39

PROPOSED JURY INSTRUCTION NO. 20.3 (Town of Old Saybrook
Appraisal and Assessment of Corigliano Property)...............................40

PROPOSED JURY INSTRUCTION NO. 20.4 (SEC Settlement
Agreement) .......................................................................................41

PROPOSED JURY INSTRUCTION NO. 21  (Impeachment by Prior
Inconsistent Statement or Omission)..................................................42

PROPOSED JURY INSTRUCTION NO. 21.1 (Prior Testimony)............................44

PROPOSED JURY INSTRUCTION NO. 22  (Falsus in Uno, Falsus in
Omnibus) ..........................................................................................45

PROPOSED JURY INSTRUCTION NO. 23  (Expert Witness) ...............................46

PROPOSED JURY INSTRUCTION NO. 24  (Summary Charts) .............................48

PROPOSED JURY INSTRUCTION NO. 25  (Number of Witnesses) .....................49

PROPOSED JURY INSTRUCTION NO. 26  (Multiple Counts)...............................50

PROPOSED JURY INSTRUCTION NO. 27 (Each Element Must Be
Established Beyond Reasonable Doubt) ..............................................51

PROPOSED JURY INSTRUCTION NO. 28  (Forms 10-Q and 10-K)......................52

PROPOSED JURY INSTRUCTION NO. 29 (Generally Accepted
Accounting Principles) .......................................................................53

PROPOSED JURY INSTRUCTION NO. 30 (Elements of Conspiracy; 18
U.S.C. § 371).....................................................................................55

PROPOSED JURY INSTRUCTION NO. 31 (First Element of
Conspiracy—Existence of Agreement) ...............................................56

PROPOSED JURY INSTRUCTION NO. 31.1 (Alleged Coconspirators).................58

PROPOSED JURY INSTRUCTION NO. 32  (Individuals Not Named As
    Alleged Co-Conspirators)......................................................................59

PROPOSED INSTRUCTION NO. 33  (Alleged Unlawful Objectives
    Charged in Count 1—Need for Unanimity)........................................60

PROPOSED JURY INSTRUCTION NO. 34  (Second Element of
    Conspiracy—Membership in the Alleged Conspiracy)......................61

PROPOSED INSTRUCTION NO. 35  (Second Element of Conspiracy—
    "Knowingly" Defined)........................................................................63

PROPOSED JURY INSTRUCTION NO. 36  (Knowingly—GAAP)........................64

PROPOSED INSTRUCTION NO. 37 (Second Element of Conspiracy—
    "Willfully" Defined)...........................................................................66

PROPOSED JURY INSTRUCTION NO. 38  (Second Element of
    Conspiracy—"Specific Intent To Defraud" Defined).......................67

PROPOSED JURY INSTRUCTION NO. 39 (Specific Intent To Defraud—
    Maintenance of Stock Price)..............................................................68

PROPOSED JURY INSTRUCTION NO. 40 (Good Faith).....................................69

PROPOSED JURY INSTRUCTION NO. 41 (Knowingly, Willfully, and
    Specific Intent To Defraud—Standards Unclear) .............................71

PROPOSED JURY INSTRUCTION NO. 42  (Third Element of
    Conspiracy—Overt Act) .....................................................................72

PROPOSED JURY INSTRUCTION NO. 43  (Fourth Element of
    Conspiracy—During and in Furtherance of the Conspiracy) ...........73

PROPOSED JURY INSTRUCTION NO. 44  (Elements of False Statement
    in SEC Report; 15 U.S.C. § 78ff(a)) ...............................................74

PROPOSED JURY INSTRUCTION NO. 45 (First Element of False
    Statement in SEC Report—False Statement of Fact)........................76

PROPOSED JURY INSTRUCTION NO. 46 (Alleged False Statements of
    Fact Charged in Count 2) ..................................................................77

PROPOSED JURY INSTRUCTION NO. 47  (Alleged False Statements of
    Fact Charged in Count 2—Need for Unanimity)...............................80

PROPOSED JURY INSTRUCTION NO. 48  (Alleged False Statements of
    Fact Charged in Count 3) ..................................................................81

PROPOSED JURY INSTRUCTION NO. 49  (Alleged False Statements of
    Fact Charged in Count 3—Need for Unanimity)...............................82

PROPOSED JURY INSTRUCTION NO. 50  (False Statement of Fact—
    GAAP)..................................................................................................83

PROPOSED JURY INSTRUCTION NO. 51 (Second Element of False Statement in SEC Report—Materiality)...............................................84

PROPOSED JURY INSTRUCTION NO. 52 (Materiality Judged at Time of Statement)...............................................................................85

PROPOSED JURY INSTRUCTION NO. 53 (Third Element of False Statement in SEC Report—Made or Caused)..........................................86

PROPOSED JURY INSTRUCTION NO. 54 (Fourth Element of False Statement in SEC Report—Knowingly, Willfully, and Specific Intent to Defraud).........................................................................................87

PROPOSED JURY INSTRUCTION NO. 55 (Fourth Element of False Statement in SEC Report—Knowingly)...........................................88

PROPOSED JURY INSTRUCTION NO. 56 (Knowingly—GAAP)............................89

PROPOSED JURY INSTRUCTION NO. 57 (Fourth Element of False Statement in SEC Report—Willfully).................................................91

PROPOSED JURY INSTRUCTION NO. 58 (Fourth Element of False Statement in SEC Report—Specific Intent To Defraud).......................92

PROPOSED JURY INSTRUCTION NO. 59 (Specific Intent To Defraud—Maintenance of Stock Price).................................................93

PROPOSED JURY INSTRUCTION NO. 60 (Good Faith).........................................94

PROPOSED JURY INSTRUCTION NO. 61 (Knowingly, Willfully, and Specific Intent To Defraud—Standards Unclear).................................96

PROPOSED JURY INSTRUCTION NO. 62 (Elements of Securities Fraud; 15 U.S.C. §§ 78j(b) & 78ff(a); 17 C.F.R. § 240.10b-5) ...............97

PROPOSED JURY INSTRUCTION NO. 63 (First Element of Securities Fraud—Untrue Statement of Fact)......................................................99

PROPOSED JURY INSTRUCTION NO. 64 (Alleged Untrue Statement of Fact Charged in Count 4) .....................................................................101

PROPOSED JURY INSTRUCTION NO. 65 (Alleged Untrue Statements of Fact—Need for Unanimity) ..........................................................102

PROPOSED JURY INSTRUCTION NO. 66 (Untrue Statement of Fact—GAAP)...................................................................................................103

PROPOSED JURY INSTRUCTION NO. 67 (Second Element of Securities Fraud—Materiality)...................................................................105

PROPOSED JURY INSTRUCTION NO. 68 (Materiality Judged at Time of Statement)...............................................................................106

PROPOSED JURY INSTRUCTION NO. 69 (Third Element of Securities Fraud—Causation) ...............................................................107

PROPOSED JURY INSTRUCTION NO. 70 (Fourth Element of Securities
    Fraud—Knowingly, Willfully, and Specific Intent To Defraud) .........................108

PROPOSED JURY INSTRUCTION NO. 71 (Fourth Element of Securities
    Fraud—Knowingly).........................................................................................109

PROPOSED JURY INSTRUCTION NO. 72 (Knowingly—GAAP).........................110

PROPOSED JURY INSTRUCTION NO. 73 (Fourth Element of Securities
    Fraud—Willfully)..........................................................................................112

PROPOSED JURY INSTRUCTION NO. 74 (Fourth Element of Securities
    Fraud—Specific Intent To Defraud)...............................................................113

PROPOSED JURY INSTRUCTION NO. 75 (Specific Intent to Defraud—
    Maintenance of Stock Price) .........................................................................114

PROPOSED JURY INSTRUCTION NO. 76 (Good Faith) .....................................115

PROPOSED JURY INSTRUCTION NO. 77 (Knowingly, Willfully, and
    Specific Intent To Defraud—Standards Unclear) ...............................................117

PROPOSED JURY INSTRUCTION NO. 78 (Fifth Element of Securities
    Fraud—In Connection with the Purchase or Sale of Any Security)...................118

PROPOSED JURY INSTRUCTION NO. 79 (Sixth Element of Securities
    Fraud—Use of Any Means of Interstate Commerce) ...........................................119

PROPOSED INSTRUCTION NO. 80 (Theory of the Defense) ..............................121

PROPOSED INSTRUCTION NO. 81 (Deliberations and Verdict).........................122

PROPOSED JURY INSTRUCTION NO. 82 (Experiments, Research, &
    Investigation) ..............................................................................................124

PROPOSED JURY INSTRUCTION NO. 83 (Duty To Consult and Need
    for Unanimity)..............................................................................................125

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits the following preliminary proposed jury instructions.  Mr. Forbes reserves the right to supplement these proposed instructions based on further developments in the trial, and to supply a theory of the defense instruction after the close of the evidence.

## PROPOSED JURY INSTRUCTION NO. 1
### (Introduction)

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law. You must pay close attention to me now. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified. It has been obvious to me and to counsel that you have faithfully discharged this duty. Your interest has never flagged, and it is evident that you followed the testimony with close attention.

I ask that you give me that same careful attention as I instruct you on the law.

My instructions will be delivered in five parts.

First, I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the elements, or parts, of the crimes that Mr. Forbes is accused of committing.

Then I will explain Mr. Forbes' position.[1]

---

[1]     The Court's order on retrial procedures provides that Mr. Forbes can submit proposed theory of the defense instructions after the close of the evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room.

The Honorable Leonard B. Sand, U.S.D.J., <u>Modern Federal Jury Instructions</u>, Instruction 2-1 (2003) (hereinafter, "Sand") (modified).

## PROPOSED JURY INSTRUCTION NO. 2
### (Role of the Court and the Jury)

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. This includes the instructions that I gave you before and during the trial, and these instructions.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Sand, Instruction 2-2 (modified).

## PROPOSED JURY INSTRUCTION NO. 3
(Captions of Instructions)

Each of my instructions has a caption, or heading.  The captions are not part of my instructions.  They are present solely for purposes of convenience, to assist you in locating different instructions.

## PROPOSED JURY INSTRUCTION NO. 4
### (Jurors' Duties)

Your final role is to pass upon and decide the fact issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.

- 6 -

Sand, Instruction 2-3 (modified); <u>United States v. Mickens</u>, 926 F.2d 1323, 1328 n.1 (2d Cir. 1991).

## PROPOSED JURY INSTRUCTION NO. 5
### (Government as a Party)

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

Keep in mind that the fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to Mr. Forbes in this case.

The question before you can never be: will the government win or lose the case? The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

Sand, Instruction 2-5 (modified) & comment (collecting cases).

## PROPOSED JURY INSTRUCTION NO. 6
(Conduct of Counsel)

It is the duty of an attorney to object when testimony or evidence is offered which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law. All of those questions of law must be decided by the Court. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, or asked the Court for a ruling on the law.

My rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all of the evidence.

Sand, Instruction 2-8 (modified).

## PROPOSED JURY INSTRUCTION NO. 7
(Indictment Is Not Evidence)

I remind you that the indictment itself is not evidence. It merely describes the charges made against Mr. Forbes. It is only an accusation. It may not be considered by you at all as any evidence of guilt.

In reaching your determination of whether the government has proved Mr. Forbes guilty on any count beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

Sand, Instruction 3-1 (modified) (collecting cases); 1A O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions, Criminal</u> § 13.04 (5th ed. 2000 & 2003 Supp.) (hereinafter, "O'Malley") (modified).

## PROPOSED JURY INSTRUCTION NO. 8
### (Presumption of Innocence and Burden of Proof)

Although Mr. Forbes has been indicted, you must remember that an indictment is only an accusation. It is not evidence. Mr. Forbes has pled not guilty to that indictment.

As a result of Mr. Forbes' plea of not guilty, the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to Mr. Forbes for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes a defendant to be innocent of all the charges against him. I therefore instruct you that Mr. Forbes is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are unanimously satisfied that the government has proven him guilty beyond a reasonable doubt.

Mr. Forbes began the trial here with a clean slate. This presumption of innocence alone is sufficient to require acquittal of Mr. Forbes unless you as jurors are unanimously convinced beyond a reasonable doubt of Mr. Forbes' guilt, after a careful and impartial consideration of all the evidence in this case. If the government fails to sustain its burden, you must find Mr. Forbes not guilty.

This presumption was with Mr. Forbes when the trial began and remains with him even now as I speak to you and will continue with Mr. Forbes into your deliberations unless and until you are unanimously convinced that the government has proven Mr. Forbes guilty beyond a reasonable doubt.

Sand, Instruction 4-1 (modified); <u>Taylor v. Kentucky</u>, 436 U.S. 478, 483-90 (1978).

## <u>PROPOSED JURY INSTRUCTION NO. 9</u>
(Reasonable Doubt Defined)

As I have instructed you, in a criminal case the burden is always on the government to prove each element of each crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.

If, after careful and impartial consideration of all the evidence in this case, you have a reasonable doubt that Mr. Forbes is guilty, you must acquit Mr. Forbes.

O'Malley, § 12.10 (modified).

# PROPOSED JURY INSTRUCTION NO. 10
### (Evidence Defined)

You must render your verdicts based only on the evidence that you saw and heard here in court. Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, or in their objections is not evidence. Their questions, standing alone, are not evidence. However, when a witness answers a question, the content of the witness' answer often cannot be understood without reference to the question. In this situation, you may properly consider the question to give content and meaning to the answer.

Nothing I may have said during the trial or may say during these instructions with respect to a fact matter is to be taken in substitution for your own independent recollection of the evidence. What I say is not evidence.

The evidence before you consists of the answers given by witnesses—the testimony they gave, as you recall it—and the exhibits that were received in evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck testimony from the record. You must completely ignore all of these things. Do not even think about them. Do not

speculate about what a witness might have said or what an exhibit might have shown. Also, do not consider testimony that I struck from the record. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

Sand, Instruction 2-3 (modified).

## <u>PROPOSED JURY INSTRUCTION NO. 11</u>
### (Direct and Circumstantial Evidence)

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he or she saw, heard or observed. In other words, when a witness testifies about what is known to him or her of his or her own knowledge by virtue of his or her own senses—what he or she sees, touches or hears—that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

Sand, Instruction 5-2 (modified).

## PROPOSED JURY INSTRUCTION NO. 11.1
(Missing Witness—Stuart Bell)

You have heard evidence about a witness, Stuart Bell, who has not been called to testify.  I instruct you that it was peculiarly within the power of the government to produce Mr. Bell as a witness.  Because the government did not call Mr. Bell as a witness, you are permitted, but not required, to infer that the testimony of Mr. Bell would have been unfavorable to the government.

See Graves v. United States, 150 U.S. 118, 121 (1893); United States v. Myerson, 18 F.3d 153, 158 (2d Cir. 1994).

## PROPOSED JURY INSTRUCTION NO. 12
(Jury's Recollection Controls)

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

O'Malley, § 12.07; United States v. Manko, 979 F.2d 900, 908 (2d Cir. 1992).

## PROPOSED JURY INSTRUCTION NO. 13
### (Juror Notes)

Many of you have taken notes during the course of the trial.

If you have taken notes, you may use your notes only as an aid to your own independent recollection of the evidence. Your notes are not evidence, and they are not entitled to any greater weight than the actual recollection of each juror as to what the evidence actually is. It is your recollection of the evidence, not your notes, which should control during your deliberations.

If you have not taken notes, you should rely upon your own independent recollection of the proceedings and not be unduly influenced by the notes of other jurors. Similarly, none of you may use the mere fact that you took notes to try and influence any other juror.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

O'Malley, § 10.04 (modified).

## PROPOSED JURY INSTRUCTION NO. 14
### (Limited Use Evidence)

In certain instances evidence was admitted only for a particular purpose and not generally for all purposes.

For example, from time to time, I permitted a witness to testify about what another person said out of court, and at the time of such testimony I instructed you that the out-of-court statements were being admitted for a limited purpose. Similarly, from time to time I admitted an exhibit into evidence for a limited purpose. For the limited purpose for which the testimony or exhibit was received, you may give it such weight as you feel it deserves. You may not, however, use such testimony or exhibits for any other purpose than the limited purpose for which it was admitted.[2]

Fed. R. Evid. 801(c); O'Malley, § 11.09 (modified).

---

[2]    The Court's limiting instructions given during the trial should be included in these instructions, where appropriate.

- 21 -