## PROPOSED JURY INSTRUCTION NO. 25
### (Number of Witnesses)

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based on the number of witnesses who testified. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on an issue is more credible than the testimony of a greater number of witnesses.

Remember that Mr. Forbes has no obligation to present any witnesses or evidence. The burden of proof beyond a reasonable doubt remains on the government at all times.

O'Malley, § 14.16 (modified).

## PROPOSED JURY INSTRUCTION NO. 26
(Multiple Counts)

The indictment contains a total of 4 separate counts, or charges. You must not draw any inference of guilt from the number of charges included in the indictment. The number of charges in no way diminishes or dilutes the presumption of innocence to which Mr. Forbes is entitled, or the government's burden to prove Mr. Forbes guilty beyond a reasonable doubt.

A separate alleged crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury.

O'Malley, § 12.12 (modified).

- 50 -

## <u>PROPOSED JURY INSTRUCTION NO. 27</u>
### (Each Element Must Be Established Beyond Reasonable Doubt)

As I will instruct you shortly, each offense charged in the indictment contains one or more different elements.

Unless the government proves beyond a reasonable doubt that Mr. Forbes has committed each and every element of the count you are considering, you must find him not guilty.

O'Malley, § 12.10 (modified).

## PROPOSED JURY INSTRUCTION NO. 28
### (Forms 10-Q and 10-K)

You have heard testimony relating to certain reports that CUC and Cendant filed with the Securities and Exchange Commission or "SEC." These reports include Form 10-Q and Form 10-K. These reports are documents that publicly traded companies, like CUC and Cendant, must file with the SEC. These reports include financial statements that present a company's operating results and cash flows for a particular financial reporting period. A Form 10-Q relates to a quarterly financial reporting period. A Form 10-K relates to an annual financial reporting period. A company's Form 10-Q and Form 10-K cannot, and need not, provide all the information that is available about the company. That is not the function of a Form 10-Q or a Form 10-K. These reports, taken as a whole, must disclose the information that is needed to fairly present the company's financial position, operating results, and cash flows.

ABA, Model Jury Instructions:  Securities Litigation § 5.02 (modified); 17 C.F.R. §§ 249.308a & 249.310.

## PROPOSED JURY INSTRUCTION NO. 29
### (Generally Accepted Accounting Principles)

Generally Accepted Accounting Principles, or GAAP, are guidelines established by the accounting profession for how a company's financial statements fairly present its operating results, cash flows, and financial position for the period covered by the financial statements. GAAP is derived and determined from a wide variety of conventions, rules, and experience. GAAP incorporates the consensus among accountants on how economic resources and obligations should be measured, what information should be disclosed in financial statements, and how information should be disclosed to present the company's financial position fairly.

However, GAAP is not a lucid or encyclopedic set of pre-existing rules. Far from a single-source accounting rulebook, GAAP encompasses the conventions, rules, and procedures that define accepted accounting practice at a particular point in time. GAAP changes and, even at any one point, is often indeterminate. The determination that a particular accounting principle is generally accepted may be difficult because there is no single source that exists for all principles. There are many different GAAP sources, any number of which might present conflicting treatments of a particular accounting question.

Federal law requires that financial statements filed with the SEC follow GAAP. GAAP is the standard by which the accuracy of financial statements filed with the SEC are measured.

ABA, <u>Model Jury Instructions:  Securities Litigation</u> § 5.04[2] (modified); Indict., Count 1 ¶¶ 14(b)-(c); 17 C.F.R. § 210.4-01(a)(1); <u>Shalala v. Guernsey Mem'l Hosp.</u>, 514 U.S. 87, 101 (1995).

## PROPOSED JURY INSTRUCTION NO. 30
### (Elements of Conspiracy; 18 U.S.C. § 371)

Count 1 of the indictment charges the offense of conspiracy. The conspiracy is alleged to have begun in the late 1980's and continued to April 1998. To satisfy its burden of proof with respect to Count 1, the government must establish all of the following four essential elements beyond a reasonable doubt:

First, that two or more persons knowingly and willfully entered into the specific unlawful agreement charged in the indictment starting in or about the late 1980's;

Second, that Mr. Forbes knowingly and willfully became a member of the alleged conspiracy, with a specific intent to defraud;

Third, that one of the members of the alleged conspiracy knowingly committed at least one of the overt acts charged in the indictment; and

Fourth, that such overt act or overt acts were committed during the existence of the alleged conspiracy for the purpose of advancing or helping the alleged conspiracy.

You must be convinced that the government has proved all four of these elements beyond a reasonable doubt in order to find Mr. Forbes guilty of the conspiracy charge. If you find that the government has failed to prove any of these elements beyond a reasonable doubt, then you must acquit Mr. Forbes of the conspiracy charge.

Sand, Instruction 19-3 (modified); Ingram v. United States, 360 U.S. 672, 678 (1959) (conspiracy to commit an offense requires at least same mens rea as the underlying substantive offenses).

## PROPOSED JURY INSTRUCTION NO. 31
### (First Element of Conspiracy—Existence of Agreement)

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons knowingly and willfully entered into the unlawful agreement charged in Count 1.

Count 1 of the indictment charges that, from the late 1980's through April 1998, Mr. Forbes, Mr. Shelton, Cosmo Corigliano, Anne Pember, Casper Sabatino, Steven Speaks, Kevin Kearney, and Mary Sattler entered into a single agreement to accomplish two unlawful objectives: (i) knowingly and willfully engage in securities fraud in violation of 15 U.S.C. §§ 78ff(a), 78j(b), and 17 C.F.R. § 240.10b-5 with the specific intent to defraud and (ii) knowingly and willfully cause CUC and Cendant to make material false statements in reports filed with the SEC, in violation of 15 U.S.C. § 78ff(a), with the specific intent to defraud. Count 1 charges that Mr. Forbes agreed to commit these alleged offenses by causing CUC and, later, Cendant, to report materially false accounting information to the SEC and the investing public.

The government must prove, beyond a reasonable doubt, that there was an agreement with respect to the essentials of this alleged plan. Although the government need not prove the existence of a formal written or oral agreement, it must prove beyond a reasonable doubt that Mr. Forbes and his alleged co-conspirators came to a mutual understanding to achieve these specific criminal objectives.

- 56 -

What the evidence must show, in order to establish proof that the alleged unlawful agreement existed, is that the alleged members in some way or manner came to a mutual understanding to try to accomplish a common and unlawful plan.  Unless you find beyond a reasonable doubt that the unlawful agreement charged in Count 1 existed, you must acquit Mr. Forbes on that count.

Sand, Instruction 19-4 (modified).

## PROPOSED JURY INSTRUCTION NO. 31.1
### (Alleged Coconspirators)

As I just explained, Count 1 of the indictment alleges that Walter Forbes, Kirk Shelton, Cosmo Corigliano, Anne Pember, Casper Sabatino, Steven Speaks, Kevin Kearney, and Mary Sattler entered into a conspiracy. There are no other alleged coconspirators. If the government fails to prove beyond a reasonable doubt that Mr. Forbes entered into the purported unlawful agreement charged in the indictment with one or more of these people, then you must vote not guilty on Count 1. You may not convict Mr. Forbes for allegedly conspiring with someone who is not on this list. In addition, you may not consider the statements or acts of persons who are not on this list against Mr. Forbes.

United States Opp'n Forbes Mot. Mistrial Due to Constructive Amendment (filed July 30, 2004) at 13-14 n.4 ("A similar problem would arise here only if the Court instructed the jury that it could convict Forbes for conspiring with the non-conspirators. The Government would not oppose a jury instruction which forbade such a verdict."); id. at 22 ("Here, appropriate instructions regarding the conduct of the non-conspirators will prevent the jury from convicting Mr. Forbes of an offense not charged in the indictment."); id. at 37 ("This Court's instructions can readily obviate any possible misunderstanding regarding the role of the non-conspirators, for instance.").

## PROPOSED JURY INSTRUCTION NO. 32
(Individuals Not Named As Alleged Co-Conspirators)

I have just identified for you the individuals named as alleged co-conspirators in Count 1 of the indictment. Those individuals are the only persons who are alleged to have engaged in criminal wrongdoing during the period before April 15, 1998. If an individual or witness is not identified in the list of alleged co-conspirators, he or she is not alleged to have engaged in any criminal wrongdoing during the period before April 15, 1998.

## PROPOSED INSTRUCTION NO. 33
(Alleged Unlawful Objectives Charged in Count 1—Need for Unanimity)

As I have instructed you, Count 1 charges that the alleged conspirators entered into an agreement to knowingly and willfully accomplish two unlawful objectives.

The government need not prove that the alleged conspirators entered into an agreement to knowingly and willfully accomplish both unlawful objectives. However, the government must prove beyond a reasonable doubt that the alleged conspirators entered into an agreement to knowingly and willfully accomplish at least one of the unlawful objectives charged in Count 1. All twelve of you must find that the same unlawful objective was agreed upon by the alleged co-conspirators. It is not enough to convict if some of you find that the government has proven an agreement to knowingly and willfully accomplish one unlawful objective while others of you find that the government has proven an agreement to accomplish a different unlawful objective. If you do not all agree unanimously that the government has proven beyond a reasonable doubt an agreement to knowingly and willfully accomplish the same unlawful objective, you must return a verdict of not guilty with respect to Count 1.

O'Malley, § 13.07 (modified); Sand, Instruction 9-7A (modified); see also United States v. Crisci, 273 F.3d 235, 239 (2d Cir. 2001) (per curiam); United States v. Helmsley, 941 F.2d 71, 91 (2d Cir. 1991) (approving conspiracy instruction that "required [jury] to be unanimous as to the particular ground selected"); United States v. Stern, No. 03 Cr. 81, 2003 WL 22743897, at *2 (S.D.N.Y. Nov. 20, 2003).

## PROPOSED JURY INSTRUCTION NO. 34
### (Second Element of Conspiracy—Membership in the Alleged Conspiracy)

In order to prove the offense of conspiracy, the government must prove beyond a reasonable doubt that Mr. Forbes knowingly and willfully became a member of the alleged conspiracy charged in Count 1. The government must also prove beyond a reasonable doubt that Mr. Forbes joined the conspiracy with a specific intent to defraud.

In deciding whether Mr. Forbes was, in fact, a member of the alleged conspiracy, you must consider whether the government has proved beyond a reasonable doubt that Mr. Forbes knew the alleged conspiracy's main purpose and that he knowingly and willfully joined the alleged conspiracy intending to help advance or achieve its goals. The government must prove beyond a reasonable doubt that Mr. Forbes deliberately and intentionally acted to further the goals of the alleged conspiracy, and that he did not act inadvertently, negligently, or innocently.

I want to caution you that a defendant's mere proximity to an alleged crime does not, by itself, make him a member of a conspiracy. Similarly, mere association with one or more members of an alleged conspiracy does not make a defendant a member of that alleged conspiracy. You may not infer that Mr. Forbes was guilty of participating in the conspiracy charged in Count 1 merely from the fact that he worked with other people who were guilty of wrongdoing.

I also want to caution you that the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the

- 61 -

alleged conspiracy, does not make the defendant a member of the alleged conspiracy. More is required under the law. What is necessary is that the defendant must have knowingly and willfully participated with knowledge of at least some of the purposes or objectives of the alleged conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

Before Mr. Forbes can be found to be a conspirator, you must find that the government has proven beyond a reasonable doubt, from evidence of the defendant's own acts and statements, that he knowingly and willfully joined in the unlawful agreement or plan alleged in Count 1 and that he joined with a specific intent to defraud.

Sand, Instructions 6-4, 19-6, 19-9 (modified); United States v. Svoboda, 347 F.3d 471, 477 (2d Cir. 2003), cert. denied sub nom. Robles v United States, 124 S. Ct. 2196 (2004); United States v. Richardson, 225 F.3d 46, 53-54 (1st Cir. 2000); United States v. Cabrera, 116 F.3d 1243, 1244 (8th Cir. 1997); United States v. Martinez de Ortiz, 907 F.2d 629, 635 (7th Cir. 1990) (en banc); United States v. Penson, 896 F.2d 1087, 1090 (7th Cir. 1990); United States v. Salameh, 152 F.3d 88, 148 (2d Cir. 1998); United States v. De Biasi, 712 F.2d 785, 792-93 (2d Cir. 1983).

**PROPOSED INSTRUCTION NO. 35**
(Second Element of Conspiracy—"Knowingly" Defined)

I will now instruct you on the meaning of the term "knowingly" for

purposes of Count 1. A person acts knowingly when he acts intentionally and

voluntarily, and not because of ignorance, mistake, accident, or carelessness. The

alleged conspiracy involves providing materially false accounting information to the

SEC and to investors. To establish that Mr. Forbes acted knowingly, the

government must prove beyond a reasonable doubt that Mr. Forbes knew that the

accounting information was materially false.


Sand, Instruction 3A-1 (modified); Ingram v. United States, 360 U.S. 672, 678
(1959) (conspiracy to commit an offense requires at least same mens rea as the
underlying substantive offenses).

## PROPOSED JURY INSTRUCTION NO. 36
### (Knowingly—GAAP)

For accounting information to be false, it must violate GAAP. Application of GAAP to a given set of facts requires expertise and judgment. There is not always a right or wrong answer under GAAP. Therefore, the government must prove beyond a reasonable doubt that the accounting information was false under any reasonable interpretation of GAAP.

But a GAAP violation standing alone is not sufficient to establish that a defendant acted knowingly. The government must also prove beyond a reasonable doubt that the defendant knew of the GAAP violation. If under any reasonable interpretation of GAAP, the accounting information was accurate, the defendant could not, as a matter of law, have acted knowingly. Stated another way, if GAAP was subject to more than one reasonable interpretation, the defendant could not, as a matter of law, have acted knowingly.

If you find that the government has failed to prove beyond a reasonable doubt that Mr. Forbes knew of the GAAP violation or failed to prove beyond a reasonable doubt that GAAP was subject to only one reasonable interpretation, you must return a verdict of not guilty.

United States v. Whiteside, 285 F.3d 1345, 1351 (11th Cir. 2002) ("In a case where the truth or falsity of a statement centers on an interpretive question of law, the government bears the burden of proving beyond a reasonable doubt that the defendant's statement is not true under a reasonable interpretation of the law."); United States v. Migliaccio, 34 F.3d 1517, 1525 (10th Cir. 1994) (government must "negate any reasonable interpretations that would make a defendant's statement factually correct where reporting requirements are ambiguous"); United States v. Gahagan, 881 F.2d 1380, 1384 (6th Cir. 1989); United States v. Race, 632 F.2d 1114, 1120 (4th Cir. 1980); United States v. Anderson, 579 F.2d 455, 460 (8th Cir.

1978); <u>In re Carter-Wallace, Inc. Sec. Litig.</u>, 150 F.3d 153, 157 (2d Cir. 1998) (GAAP violation alone not sufficient, fraudulent intent required).

**PROPOSED INSTRUCTION NO. 37**
(Second Element of Conspiracy—"Willfully" Defined)

I will now instruct you on the meaning of the term "willfully" for purposes of Count 1.

An act is done willfully if it is done voluntarily and intentionally, with knowledge that one's conduct is unlawful, and with the intent to do something the law forbids, that is to say with a bad purpose either to disobey or disregard the law. In other words, the government must prove beyond a reasonable doubt that the defendant knew he was breaking the law. Conduct is not willful if it results from negligence, inadvertence, mistake, or a good faith misunderstanding of the requirements of the law. If the government cannot prove this element beyond a reasonable doubt, you must return a verdict of not guilty with respect to Mr. Forbes.

Sand, Instruction 3A-3 (modified); United States v. Cassese, 290 F. Supp. 2d 443, 450 (S.D.N.Y. 2003) ("Willfully entails the intent to do something that the law forbids and it refers to action taken with a bad purpose to disobey and disregard the law. Thus, the government . . . does have to prove Cassese's belief that he committed an illegal act." (quotations omitted), aff'd, No. 03-1710, 2005 WL 2715856 (2d Cir. Oct. 24, 2005); United States v. Moldofsky, No. 00-CR. 388, 2002 WL 31385819, at *3 (S.D.N.Y. Oct. 21, 2002) ("Willfully means to act knowingly and purposely with an intent to do something the law prohibits, that is to say, with bad purpose either to disobey or to disregard the law. The defendant need not have known that he was breaking any particular law or rule. He need only have been aware of the generally unlawful nature of his acts." (emphasis omitted)).

**<u>PROPOSED JURY INSTRUCTION NO. 38</u>**
(Second Element of Conspiracy—"Specific Intent To Defraud" Defined)

I will now instruct you on the meaning of the phrase specific intent to defraud. It is not enough for the government to prove that the defendant knew that the alleged conspiracy involved providing materially false accounting information to the SEC and to investors, and that the defendant acted willfully. The government must also prove beyond a reasonable doubt that the defendant acted with an intent to defraud investors.

<u>Ingram v. United States</u>, 360 U.S. 672, 678 (1959) (conspiracy to commit an offense requires at least the same <u>mens</u> <u>rea</u> as the underlying substantive offenses).

## PROPOSED JURY INSTRUCTION NO. 39
### (Specific Intent To Defraud—Maintenance of Stock Price)

In considering whether Mr. Forbes acted with a specific intent to defraud, I instruct you that a claimed desire to maintain a high stock price to increase compensation is insufficient, as a matter of law, to establish an intent to defraud because these are motives shared by all company employees.

City of Philadelphia v. Fleming Cos., 264 F.3d 1245, 1269 (10th Cir. 2001) (citing cases).

## PROPOSED JURY INSTRUCTION NO. 40
(Good Faith)

Because the government must prove beyond a reasonable doubt that Mr. Forbes acted knowingly, willfully, and with a specific intent to defraud, the good faith of the defendant is a complete defense to the charge of conspiracy.

A defendant who acted in good faith cannot be found to have acted knowingly, willfully, and with a specific intent to defraud. Good faith on the part of the defendant is simply inconsistent with this unlawful intent. While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to act in accordance with the law.

If a person holds a good faith belief in the accuracy of a statement, there is no crime. This is so even if he is mistaken and even if the statement is, in fact, materially false. One who expresses an opinion honestly held by him, or a belief honestly entertained by him, is not chargeable with a crime, even if his opinion is in error or his belief is mistaken. An honest mistake of judgment or negligence is not unlawful intent, and a defendant who acts on such basis can still be acting in good faith. A person who believes in good faith that his actions comply with the law cannot be found guilty of conspiracy. This is true even if his belief that he is complying with the law is irrational or unreasonable. Similarly, a person who lacks knowledge regarding the law, or who misunderstands the law, and who believes, as a result of his lack of knowledge or his misunderstanding, that he is complying with the law, does not act willfully. Therefore, if Mr. Forbes believed

that he was acting in accordance with the law, he cannot be found to have acted with criminal intent and you must find him not guilty.

      The burden of proving good faith does not rest with Mr. Forbes because Mr. Forbes does not have to prove anything in this case.  The prosecution has the burden of proving beyond a reasonable doubt that Mr. Forbes acted knowingly, willfully, and with the specific intent to defraud.  If the evidence in the case leaves you with a reasonable doubt as to whether Mr. Forbes acted in good faith, you must find Mr. Forbes not guilty.

Sand, Instruction 8-1 (modified); O'Malley, § 19.06 (modified); United States v. Behr, 33 F.3d 1033, 1036 n.7 (8th Cir. 1994); United States v. Alkins, 925 F.2d 541, 549-50 (2d Cir. 1991); United States v. Cassese, 290 F. Supp. 2d 443, 450 (S.D.N.Y. 2003), aff'd, No. 03-1710, 2005 WL 2715856 (2d Cir. Oct. 24, 2005).

## PROPOSED JURY INSTRUCTION NO. 41
(Knowingly, Willfully, and Specific Intent To Defraud—Standards Unclear)

If the law or the applicable accounting standards were vague, unclear, or subject to more than one interpretation, or if a defendant believed that the law or the applicable accounting standards were vague, unclear, subject to more than one interpretation, a defendant cannot be found to have acted knowingly, willfully, and with a specific intent to defraud. That is to say, the defendant cannot be found to have entered into an agreement to knowingly and willfully achieve any of the unlawful objectives charged in Count 1.

The government has the burden of proving beyond a reasonable doubt that the law and the applicable accounting standards were clear and that Mr. Forbes understood the law and the accounting standards in question. If the government fails to satisfy this burden of proof, you must enter a verdict of not guilty.

United States v. Whiteside, 285 F.3d 1345, 1351 (11th Cir. 2002); United States v. Pirro, 212 F.3d 86, 90-91 (2d Cir. 2000); Siddiqi v. United States, 98 F.3d 1427, 1439 (2d Cir. 1996); United States v. Migliaccio, 34 F.3d 1517, 1525 (10th Cir. 1994); United States v. Levin, 973 F.2d 463 (6th Cir. 1992); United States v. Harris, 942 F.2d 1125, 1131 (7th Cir. 1991); United States v. Gahagan, 881 F.2d 1380, 1384 (6th Cir. 1989); United States v. Matthews, 787 F.2d 38, 49 (2d Cir. 1986); United States v. Mallas, 762 F.2d 361, 363 (4th Cir. 1985); United States v. Dahlstrom, 713 F.2d 1423, 1428 (9th Cir. 1983); United States v. Race, 632 F.2d 1114, 1120 (4th Cir. 1980); United States v. Anderson, 579 F.2d 455, 460 (8th Cir. 1978); United States v. Critzer, 498 F.2d 1160, 1162 (4th Cir. 1974); Funke v. Life Fin. Corp., 237 F. Supp. 2d 458, 468-69 (S.D.N.Y. 2002); United States v. Crop Growers Corp., 954 F. Supp. 335, 347 (D.D.C. 1997); United States v. D'Alessio, 822 F. Supp. 1134, 1144 (D.N.J. 1993).

## PROPOSED JURY INSTRUCTION NO. 42
### (Third Element of Conspiracy—Overt Act)

The third element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that a member of the alleged conspiracy knowingly committed one of the overt acts described in the indictment for the purpose of advancing or helping the alleged conspiracy.

The indictment lists fifteen (15) overt acts. The government need not prove that all fifteen of these acts were committed, or that any of these acts were themselves illegal. However, the government must prove beyond a reasonable doubt that at least one of these acts was committed by a member of the alleged conspiracy. All twelve of you must agree on the same overt act.

It is not enough to convict if some of you find that the government has proven one overt act beyond a reasonable doubt while others of you find that the government has proven a different overt act beyond a reasonable doubt. If you do not all agree unanimously that the government has proven the same specific overt act beyond a reasonable doubt, then you must return a verdict of not guilty with respect to Count 1.

Finally, you must find that either the agreement was formed or that an overt act was committed in the District of Connecticut. I instruct you that the District of Connecticut includes the entire state of Connecticut.

Sand, Instructions 19-7, 19-8 (modified); O'Malley, § 13.07 (modified); Sand, Instruction 9-7A (modified).

## PROPOSED JURY INSTRUCTION NO. 43

(Fourth Element of Conspiracy—During and in Furtherance of the Conspiracy)

The fourth and final element which the government must prove beyond a reasonable doubt is that the overt act was committed during and in furtherance of the alleged conspiracy.

In order for the government to satisfy this element, it must prove beyond a reasonable doubt that as least one overt act was knowingly done, by at least one coconspirator, in furtherance of some object or purpose of the alleged conspiracy as charged in the indictment. In addition, the government must prove beyond a reasonable doubt that such overt act was knowingly done, by at least one coconspirator, during the existence of the alleged conspiracy.

Sand, Instruction 19-8 (modified).

## PROPOSED JURY INSTRUCTION NO. 44
(Elements of False Statement in SEC Report; 15 U.S.C. § 78ff(a))

Counts 2 and 3 of the indictment charge Mr. Forbes with knowingly and willfully making or causing a false statement of material fact in a report required to be filed with the SEC with the intent to defraud. Mr. Forbes has pleaded not guilty to these charges. The government, therefore, has the burden of proving each of the elements of these charges beyond a reasonable doubt as to each count. To satisfy its burden of proof with respect to either of these charges, the government must prove each of the following four elements beyond a reasonable doubt with respect to the count you are considering:

First, that the SEC report at issue in the count you are considering contained a false statement of fact;

Second, that the false statement of fact was material;

Third, that Mr. Forbes made the false statement of material fact in the SEC report or caused it to be made; and

Fourth, that Mr. Forbes acted knowingly, willfully, and with a specific intent to defraud investors.

You must be convinced that the government has proven all four of these elements beyond a reasonable doubt in order to find Mr. Forbes guilty of the count at issue. If you find that the government has failed to prove any of these elements beyond a reasonable doubt with respect to the count that you are considering, you must return a verdict of not guilty with respect to Mr. Forbes on that count.

15 U.S.C. § 78ff(a).