## PROPOSED JURY INSTRUCTION NO. 45

(First Element of False Statement in SEC Report—False Statement of Fact)

The first element of the false statement charge that the government must prove beyond a reasonable doubt is that the SEC report in the count you are considering contained a false statement of fact.

Whether a statement was false must be determined at the time it was made. I will now instruct you on the alleged false statements of fact that you must consider.

ABA, Model Jury Instructions: Securities Litigation § 4.02[2] (modified); 15 U.S.C § 78ff(a).

## PROPOSED JURY INSTRUCTION NO. 46
(Alleged False Statements of Fact Charged in Count 2)

The only statements that you may consider with respect to Count 2 are the following eight statements on CUC's Form 10-Q for the third quarter of 1997.

The first alleged false statement is that for the three months ending October 31, 1997, total revenue was approximately $775 million. The government contends that total revenue was overstated by approximately $44 million. In order to establish the first alleged false statement, the government must prove beyond a reasonable doubt that total revenue was overstated by approximately $44 million.

The second alleged false statement is that for the three months ending October 31, 1997, total expenses were approximately $612 million. The government contends that total expenses were understated by approximately $9 million. In order to establish the second alleged false statement, the government must prove beyond a reasonable doubt that total expenses were understated by approximately $9 million.

The third alleged false statement is that for the three months ending October 31, 1997, income before taxes was approximately $163 million. The government contends that income before taxes was overstated by approximately $53 million. In order to establish the third alleged false statement, the government must prove beyond a reasonable doubt that income before taxes was overstated by approximately $53 million.

The fourth alleged false statement is that for the nine months ending October 31, 1997, total revenue was approximately $2,168 million. The government

contends that total revenue was overstated by approximately $149 million. In order to establish the fourth alleged false statement, the government must prove beyond a reasonable doubt that total revenue was overstated by approximately $149 million.

The fifth alleged false statement is that for the nine months ending October 31, 1997, total expenses were approximately $1,735 million. The government contends that total expenses were understated by approximately $27 million. In order to establish the fifth alleged false statement, the government must prove beyond a reasonable doubt that total expenses were understated by approximately $27 million.

The sixth alleged false statement is that for the nine months ending October 31, 1997, income before taxes was approximately $433 million. The government contends that income before taxes was overstated by approximately $176 million. In order to establish the sixth alleged false statement, the government must prove beyond a reasonable doubt that income before taxes was overstated by approximately $176 million.

The seventh alleged false statement is that on October 31, 1997, current assets were approximately $2,117 million. The government contends that current assets were overstated by approximately $124 million. In order to establish the seventh alleged false statement, the government must prove beyond a reasonable doubt that current assets were overstated by approximately $124 million.

The eighth alleged false statement is that on October 31, 1997, accounts payable and accrued expenses were approximately $464 million. The government contends that accounts payable and accrued expenses were understated by approximately $77 million. In order to establish the eighth alleged false statement, the government must prove beyond a reasonable doubt that accounts payable and accrued expenses were understated by approximately $77 million.

Indict., Count 2 ¶¶ 2(a)-(h).

## PROPOSED JURY INSTRUCTION NO. 47
(Alleged False Statements of Fact Charged in Count 2—Need for Unanimity)

Count 2 thus identifies eight different alleged false statements on

CUC's Form 10-Q for the third quarter of 1997. The government need not prove

that all eight of these statements were false. However, the government must prove

beyond a reasonable doubt that at least one of these specific statements was false.

All twelve of you must agree that the same statement was false. It is not enough to

convict if some of you find that the government has proven one false statement in

CUC's Form 10-Q while others of you find that the government has proven another

false statement in that Form 10-Q. If you do not all agree unanimously that the

government has proven the same specific false statement beyond a reasonable

doubt, you must return a verdict of not guilty with respect to Count 2.


O'Malley, § 13.07 (modified); Sand, Instruction 9-7A (modified); United States v.
Crisci, 273 F.3d 235, 239 (2d Cir. 2001) (per curiam); United States v. Stern, No. 03
Cr. 81, 2003 WL 22743897, at *2 (S.D.N.Y. Nov. 20, 2003) ("An indictment may
charge more than one false statement in the same count, so long as the jury is
instructed that it must agree unanimously both that the defendant made at least
one of the charged false statements, and which statement that was.").

## PROPOSED JURY INSTRUCTION NO. 48
### (Alleged False Statements of Fact Charged in Count 3)

I will now instruct you on the alleged false statements that you must consider with respect to Count 3. The only statements that you may consider with respect to Count 3 are the following two statements on Cendant's Form 10-K for the fiscal year ending December 31, 1997.

The first alleged false statement is that net revenue was approximately $5,315 million. The government contends that this amount was overstated by approximately $139 million. In order to establish the first alleged false statement, the government must prove beyond a reasonable doubt that net revenue was overstated by approximately $139 million.

The second alleged false statement is that merger-related costs and other unusual charges were approximately $1,148 million. The government contends that this amount was overstated by approximately $200 million. In order to establish the second alleged false statement, the government must prove beyond a reasonable doubt that merger-related costs and other unusual charges were overstated by approximately $200 million.

Indict., Count 3 ¶¶ 2(a)-(b).

## <u>PROPOSED JURY INSTRUCTION NO. 49</u>
(Alleged False Statements of Fact Charged in Count 3—Need for Unanimity)

Count 3 thus identifies two different alleged false statements on

Cendant's Form 10-K for the fiscal year ending December 31, 1997. The

government need not prove that both of these statements were false. However, the

government must prove beyond a reasonable doubt that at least one of these specific

statements was false. All twelve of you must agree that the same statement was

false. It is not enough to convict if some of you find that the government has proven

one false statement in Cendant's Form 10-K while others of you find that the

government has proven another false statement in that Form 10-K. If you do not all

agree unanimously that the government has proven the same specific false

statement beyond a reasonable doubt, you must return a verdict of not guilty with

respect to Count 3.


O'Malley, § 13.07 (modified); Sand, Instruction 9-7A (modified); <u>United States v.
Crisci</u>, 273 F.3d 235, 239 (2d Cir. 2001) (per curiam); <u>United States v. Stern</u>, No. 03
Cr. 81, 2003 WL 22743897, at *2 (S.D.N.Y. Nov. 20, 2003) ("An indictment may
charge more than one false statement in the same count, so long as the jury is
instructed that it must agree unanimously both that the defendant made at least
one of the charged false statements, and which statement that was.").

## PROPOSED JURY INSTRUCTION NO. 50
### (False Statement of Fact—GAAP)

As I have already instructed you, the first element of a false statement charge requires the government to prove beyond a reasonable doubt that the SEC report at issue contained a false statement of fact. This element must be evaluated in light of GAAP, the accounting standards that apply to SEC reports. Whether the SEC report contained a false statement of fact depends on whether the SEC report violated GAAP.

Application of GAAP to a given set of facts requires expertise and judgment. There is not always a right or wrong answer under GAAP. Therefore, the government must prove beyond a reasonable doubt that the SEC report contained a statement that was false under any reasonable interpretation of GAAP. If the government fails to prove this beyond a reasonable doubt with respect to the count you are considering, you must vote not guilty on that count.

17 C.F.R. § 210.4-01(a)(1); United States v. Whiteside, 285 F.3d 1345, 1351 (11th Cir. 2002) ("In a case where the truth or falsity of a statement centers on an interpretive question of law, the government bears the burden of proving beyond a reasonable doubt that the defendant's statement is not true under a reasonable interpretation of the law."); United States v. Migliaccio, 34 F.3d 1517, 1525 (10th Cir. 1994) (government must "negate any reasonable interpretations that would make a defendant's statement factually correct where reporting requirements are ambiguous"); United States v. Gahagan, 881 F.2d 1380, 1384 (6th Cir. 1989); United States v. Race, 632 F.2d 1114, 1120 (4th Cir. 1980); United States v. Anderson, 579 F.2d 455, 460 (8th Cir. 1978); United States v. Sullivan, No. S102 CR. 1144, 2004 WL 253316, at *5 (S.D.N.Y. Feb. 10, 2004) ("The Government will bear the burden of proving at trial that the methods it alleges are 'GAAP' are in fact principles generally accepted by the accounting community . . . .").

## PROPOSED JURY INSTRUCTION NO. 51
(Second Element of False Statement in SEC Report—Materiality)

If you find unanimously that the government has proven beyond a reasonable doubt that the SEC report in the count you are considering contained a false statement of fact, you must determine the second element of the offense, whether the fact was "material" under the evidence received in this case.

In order for you to find a material fact, the government must prove beyond a reasonable doubt that a reasonable investor would have considered the fact important in deciding whether to buy or sell stock. The statute under which Counts 2 and 3 of the indictment are brought is concerned only with such material misstatements and does not cover minor, meaningless, or unimportant ones. A fact is material only if a reasonable investor would have viewed the fact as having significantly altered the total mix of information available.

If you find that the government has failed to prove this element beyond a reasonable doubt with respect to the count you are considering, you must return a verdict of not guilty on that count.

O'Malley, § 62.14 (modified); Basic Inc. v. Levinson, 485 U.S. 224, 231-32 (1988).

## PROPOSED JURY INSTRUCTION NO. 52
(Materiality Judged at Time of Statement)

Your consideration of the element of materiality must be based on the facts existing when the SEC report was filed.  Materiality cannot be judged by hindsight.  You may not consider events occurring after the filing of the SEC report in determining whether the allegedly false statement was material when it was made.  CUC's Form 10-Q at issue in Count 2 was filed with the SEC on December 15, 1997.  Cendant's Form 10-K at issue in Count 3 was filed with the SEC on March 31, 1998.

ABA, Model Jury Instructions:  Securities Litigation § 2.03[2][a] (modified); Indict., Count 1 ¶¶ 63(e) & (o).

## PROPOSED JURY INSTRUCTION NO. 53
(Third Element of False Statement in SEC Report—Made or Caused)

A third essential element of the false statement charge that the government must prove beyond a reasonable doubt is that Mr. Forbes made or caused the alleged statement to be made.

In order for the government to prove the charges in Counts 2 or 3, it must prove beyond a reasonable doubt that Mr. Forbes made or caused to be made the alleged material false statement in the SEC report at issue.

Mr. Forbes cannot be held responsible for any false statement in the SEC report that he did not make or cause to be made. If the government proves beyond a reasonable doubt that the SEC report contained a materially false statement, but the government fails to prove beyond a reasonable doubt that Mr. Forbes made that statement or caused that statement to be made in the SEC report, you must find Mr. Forbes not guilty.

15 U.S.C. § 78ff(a).

## PROPOSED JURY INSTRUCTION NO. 54

**(Fourth Element of False Statement in SEC Report—Knowingly, Willfully, and Specific Intent to Defraud)**

The fourth element that the government must prove beyond a reasonable doubt is that Mr. Forbes acted knowingly, willfully, and with a specific intent to defraud. I will define each of these terms separately.

15 U.S.C. § 78ff(a); <u>United States v. Dixon</u>, 536 F.2d 1388, 1396 (2d Cir. 1976); <u>United States v. Simon</u>, 425 F.2d 796, 798 (2d Cir. 1969) ("The Government concedes it had the burden of offering proof allowing a reasonable jury to be convinced beyond a reasonable doubt not merely that the financial statement was false or misleading in a material respect but that the defendants knew it to be and deliberately sought to mislead.").

## PROPOSED JURY INSTRUCTION NO. 55
### (Fourth Element of False Statement in SEC Report—Knowingly)

I will first instruct you on the meaning of the term knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.

To establish that Mr. Forbes acted knowingly, the government must prove beyond a reasonable doubt that Mr. Forbes knew that the SEC report contained a false statement of material fact. If you find that the government has failed to prove beyond a reasonable doubt that Mr. Forbes knew that the SEC report in the count you are considering contained a material false statement, you must return a verdict of not guilty with respect to Mr. Forbes on that count.

Sand, Instruction 3A-1 (modified); 15 U.S.C. § 78ff(a); United States v. Simon, 425 F.2d 796, 798 (2d Cir. 1969) ("The Government concedes it had the burden of offering proof allowing a reasonable jury to be convinced beyond a reasonable doubt not merely that the financial statement was false or misleading in a material respect but that the defendants knew it to be and deliberately sought to mislead.").

## PROPOSED JURY INSTRUCTION NO. 56
(Knowingly—GAAP)

As I have already instructed you, the government must prove beyond a reasonable doubt that the SEC report violated GAAP. Application of GAAP to a given set of facts requires expertise and judgment. There is not always a right or wrong answer under GAAP. Therefore, the government must prove beyond a reasonable doubt that the SEC report contained a statement that was false under any reasonable interpretation of GAAP.

But a GAAP violation standing alone is not sufficient to establish that a defendant acted knowingly. The government must also prove beyond a reasonable doubt that the defendant knew of the GAAP violation. If under any reasonable interpretation of GAAP, the SEC report was accurate, the defendant could not, as a matter of law, have acted knowingly. Stated another way, if GAAP was subject to more than one reasonable interpretation, the defendant could not, as a matter of law, have acted knowingly.

If you find that the government has failed to prove beyond a reasonable doubt that Mr. Forbes knew of the GAAP violation or failed to prove beyond a reasonable doubt that GAAP was subject to only one reasonable interpretation, you must return a verdict of not guilty.

United States v. Whiteside, 285 F.3d 1345, 1351 (11th Cir. 2002) ("In a case where the truth or falsity of a statement centers on an interpretive question of law, the government bears the burden of proving beyond a reasonable doubt that the defendant's statement is not true under a reasonable interpretation of the law."); United States v. Migliaccio, 34 F.3d 1517, 1525 (10th Cir. 1994) (government must "negate any reasonable interpretations that would make a defendant's statement factually correct where reporting requirements are ambiguous"); United States v.

Gahagan, 881 F.2d 1380, 1384 (6th Cir. 1989); United States v. Race, 632 F.2d 1114, 1120 (4th Cir. 1980); United States v. Anderson, 579 F.2d 455, 460 (8th Cir. 1978); In re Carter-Wallace, Inc. Sec. Litig., 150 F.3d 153, 157 (2d Cir. 1998) (GAAP violation alone not sufficient, fraudulent intent required).

## PROPOSED JURY INSTRUCTION NO. 57
### (Fourth Element of False Statement in SEC Report—Willfully)

I will now instruct you on the meaning of the term willfully. An act is done willfully if it is done voluntarily and intentionally, with knowledge that one's conduct is unlawful, and with the intent to do something the law forbids, that is to say with a bad purpose either to disobey or disregard the law. In other words, the government must prove beyond a reasonable doubt that Mr. Forbes knew that he was breaking the law. Conduct is not willful if it results from negligence, inadvertence, mistake, or a good faith misunderstanding of the requirements of the law. If the government cannot prove this element beyond a reasonable doubt, you must return a verdict of not guilty with respect to the count you are considering.

Sand, Instruction 3A-3 (modified); 15 U.S.C. § 78ff(a); United States v. Dixon, 536 F.2d 1388, 1395-96 (2d Cir. 1976); United States v. Cassese, 290 F. Supp. 2d at 450 ("Willfully entails the intent to do something that the law forbids and it refers to action taken with a bad purpose to disobey and disregard the law. Thus, the government . . . does have to prove Cassese's belief that he committed an illegal act." (internal quotations omitted)); United States v. Moldofsky, No. 00CR. 388, 2002 WL 31385819, at *3 (S.D.N.Y. Oct. 21, 2002) ("Willfully means to act knowingly and purposely with an intent to do something the law prohibits, that is to say, with bad purpose either to disobey or to disregard the law. The defendant need not have known that he was breaking any particular law or rule. He need only have been aware of the generally unlawful nature of his acts." (emphasis omitted)).

## PROPOSED JURY INSTRUCTION NO. 58
**(Fourth Element of False Statement in SEC Report—Specific Intent To Defraud)**

I will now instruct you on the meaning of the phrase specific intent to defraud. It is not enough for the government to prove that the defendant knew that the SEC report contained a materially false statement, and that the defendant acted willfully. The government must also prove beyond a reasonable doubt that Mr. Forbes acted with the intent to defraud investors.

United States v. Dixon, 536 F.2d 1388, 1396 (2d Cir. 1976) (second clause of § 78ff(a) requires knowing and willful conduct which is grounded in "fraudulent intent"); United States v. Simon, 425 F.2d 796, 798 (2d Cir. 1969) ("The Government concedes it had the burden of offering proof allowing a reasonable jury to be convinced beyond a reasonable doubt not merely that the financial statement was false or misleading in a material respect but that the defendants knew it to be and deliberately sought to mislead.").

## PROPOSED JURY INSTRUCTION NO. 59
(Specific Intent To Defraud—Maintenance of Stock Price)

In considering whether Mr. Forbes acted with a specific intent to defraud, I instruct you that a claimed desire to maintain a high stock price to increase compensation is insufficient, as a matter of law, to establish an intent to defraud because these are motives shared by all company employees.

City of Philadelphia v. Fleming Cos., 264 F.3d 1245, 1269 (10th Cir. 2001) (citing cases).

## PROPOSED JURY INSTRUCTION NO. 60
### (Good Faith)

Because the government must prove beyond a reasonable doubt that Mr. Forbes acted knowingly, willfully, and with a specific intent to defraud, the good faith of the defendant is a complete defense to the charge of making or causing a false statement in an SEC report.

A defendant who acted in good faith cannot be found to have acted willfully, knowingly, and with a specific intent to defraud investors. Good faith on the part of the defendant is simply inconsistent with this unlawful intent. While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to act in accordance with the law.

A person who holds a good faith belief in the accuracy of a statement cannot be found guilty of knowingly making or causing a false statement of material fact. This is so even if he is mistaken and even if the statement is, in fact, materially false. One who expresses an opinion honestly held by him, or a belief honestly entertained by him, is not chargeable with making or causing a false statement of material fact, even if his opinion is in error or his belief is mistaken. An honest mistake of judgment or negligence is not unlawful intent, and a defendant who acts on such basis can still be acting in good faith. A person who believes in good faith that his actions comply with the law cannot be found guilty of willfully making or causing a false statement of material fact. This is true even if his belief that he is complying with the law is irrational or unreasonable. Similarly,

a person who lacks knowledge regarding the law, or who misunderstands the law, and who believes, as a result of his lack of knowledge or his misunderstanding, that he is complying with the law, does not act willfully. Therefore, if Mr. Forbes believed that he was acting in accordance with the law, he cannot be found to have acted with criminal intent and you must find him not guilty.

The burden of proving good faith does not rest with Mr. Forbes because Mr. Forbes does not have to prove anything in this case. The prosecution has the burden of proving beyond a reasonable doubt that Mr. Forbes acted knowingly, willfully, and with the specific intent to defraud investors. If the evidence in the case leaves you with a reasonable doubt as to whether Mr. Forbes acted in good faith, you must find Mr. Forbes not guilty.

Sand, Instruction 8-1 (modified); O'Malley, § 19.06 (modified); United States v. Cassese, 290 F. Supp. 2d 443, 450 (S.D.N.Y. 2003) ("[G]ood faith on the part of the defendant is a defense to a charge of securities fraud . . . . If the defendant acted at all relevant times in good faith and held an honest belief that his actions were proper and not in furtherance of any illegal venture, it is your duty to acquit him." (internal quotation omitted), aff'd, No. 03-1710, 2005 WL 2715856 (2d Cir. Oct. 24, 2005).

**PROPOSED JURY INSTRUCTION NO. 61**
(Knowingly, Willfully, and Specific Intent To Defraud—Standards Unclear)

If the law or the applicable accounting standards were vague, unclear, or subject to more than one interpretation, or if Mr. Forbes believed that the law or the applicable accounting standards were vague, unclear, or subject to more than one interpretation, Mr. Forbes cannot be found to have acted knowingly, willfully, and with a specific intent to defraud.

The government has the burden of proving beyond a reasonable doubt that the law and the applicable accounting standards were clear and that the defendant understood the law and the accounting standards in question. If the government fails to satisfy this burden of proof, you must enter a verdict of not guilty.

United States v. Whiteside, 285 F.3d 1345, 1351 (11th Cir. 2002); United States v. Pirro, 212 F.3d 86, 90-91 (2d Cir. 2000); Siddiqi v. United States, 98 F.3d 1427, 1439 (2d Cir. 1996); United States v. Migliaccio, 34 F.3d 1517, 1525 (10th Cir. 1994); United States v. Levin, 973 F.2d 463 (6th Cir. 1992); United States v. Harris, 942 F.2d 1125, 1131 (7th Cir. 1991); United States v. Gahagan, 881 F.2d 1380, 1384 (6th Cir. 1989); United States v. Matthews, 787 F.2d 38, 49 (2d Cir. 1986); United States v. Mallas, 762 F.2d 361, 363 (4th Cir. 1985); United States v. Dahlstrom, 713 F.2d 1423, 1428 (9th Cir. 1983); United States v. Race, 632 F.2d 1114, 1120 (4th Cir. 1980); United States v. Anderson, 579 F.2d 455, 460 (8th Cir. 1978); United States v. Critzer, 498 F.2d 1160, 1162 (4th Cir. 1974); Funke v. Life Fin. Corp., 237 F. Supp. 2d 458, 468-69 (S.D.N.Y. 2002); United States v. Crop Growers Corp., 954 F. Supp. 335, 347 (D.D.C. 1997); United States v. D'Alessio, 822 F. Supp. 1134, 1144 (D.N.J. 1993).

## PROPOSED JURY INSTRUCTION NO. 62
(Elements of Securities Fraud; 15 U.S.C. §§ 78j(b) & 78ff(a); 17 C.F.R. § 240.10b-5)

Count 4 of the indictment charges Mr. Forbes with securities fraud. Mr. Forbes has pleaded not guilty to this charge. The government, therefore, has the burden of proving each of the elements of securities fraud beyond a reasonable doubt.

To satisfy its burden of proof with respect to this charge, the government is required to prove each of the following six elements beyond a reasonable doubt:

First, that Cendant's February 4, 1998 press release contained an untrue statement of fact;

Second, that the untrue statement of fact in Cendant's February 4, 1998 press release was material;

Third, that Mr. Forbes caused Cendant's February 4, 1998 press release to contain the untrue statement of material fact;

Fourth, that Mr. Forbes acted knowingly, willfully, and with a specific intent to defraud buyers or sellers of Cendant stock;

Fifth, that Mr. Forbes' acts were in connection with the purchase or sale of Cendant stock; and

Sixth, that in connection with this purchase or sale of Cendant stock, Mr. Forbes used or caused the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national stock exchange.

You must be convinced that the government has proven all six of these elements beyond a reasonable doubt in order to find Mr. Forbes guilty of count 4. If you find that the government has failed to prove any of these elements beyond a reasonable doubt, then you must return a verdict of not guilty with respect to Mr. Forbes on count 4.

O'Malley, § 62.07 (modified); Ninth Circuit, Model Jury Instructions, § 9.7 (modified); 15 U.S.C. §§ 78(j)(b) & 78ff(a); 17 C.F.R. 240.10b-5; Lawrence v. Cohn, 325 F.3d 141, 147 (2d Cir. 2003).

**PROPOSED JURY INSTRUCTION NO. 63**
(First Element of Securities Fraud—Untrue Statement of Fact)

The first element of securities fraud that the government must prove

beyond a reasonable doubt is that Cendant's February 4, 1998 press release

contained an untrue statement of fact.[3]

---

[3]    Count 4 of the indictment does not identify the substance of the alleged
fraud, but states that the substance of the alleged fraud is set forth in paragraphs
18 through 63 of Count 1. See Indict., Count 4 ¶ 3. Paragraphs 18 through 63 of
Count 1 allege that Mr. Forbes was responsible for various purported accounting
irregularities that resulted in the overstatement of CUC's and Cendant's financial
results. Those paragraphs further allege that Mr. Forbes caused these allegedly
overstated financial results to be reported to the SEC and to the investing public in
periodic filings with the SEC and in press releases. These paragraphs of the
indictment identify the following specific SEC filings and press releases—(1) a
March 19, 1996 CUC press release; (2) an April 25, 1996 CUC Form 10-K; (3) a
March 11, 1997 CUC press release; (4) a May 1, 1997 CUC Form 10-K; (5) a
December 15, 1997 CUC Form 10-Q; (6) a February 4, 1998 Cendant press release;
(7) a March 31, 1998 Cendant Annual Report; and (8) a March 31, 1998 Cendant
Form 10-K. Indict., Count 1 ¶¶ 63(a)-(e) & (m)-(o).

The first five statements involve CUC's financial results (not Cendant's) and
were, therefore, not made "in connection with" the purchases of Cendant stock
alleged in Count 4. See, e.g., Chemical Bank v. Arthur Andersen & Co., 726 F.2d
930, 945 (2d Cir. 1984) (Friendly, J.) ("Andersen's alleged misrepresentations
concerning Frigitemp (but not Elsters) were not in connection with the sale or
purchase of the Elsters stock under § 10(b) of the 1934 Act and Rule 10b-5 issued
thereunder . . . ."). Indeed, the merger creating Cendant had not been completed at
the time of these press releases and SEC filings. See Indict., Count 1 ¶ 6 (alleging
that CUC and HFS merged on December 17, 1997 to form Cendant). Moreover,
because Cendant did not exist at the time of these statements, Mr. Forbes cannot,
as a matter of law, have made or caused the statements in these press releases and
SEC filings with the specific intent to defraud purchasers of Cendant stock, which is
what the indictment alleges. There were no purchasers of Cendant stock at the
time of the statements. Finally, at least some of these alleged statements are
simply too remote in time from the purchase alleged in Count 4 to satisfy the "in
connection with" or intent elements. See Strougo v. Bear Stearns & Co., No. 95 Civ.
6532, 1997 WL 458667, at *6 (S.D.N.Y. Aug. 11, 1997) (1991 letter too remote to
give rise to an inference of fraudulent intent in connection with transactions in
1995-96), aff'd sub nom., Press v. Quick & Reilly, Inc., 218 F.3d 121 (2d Cir. 2000);
Klausner v. Ferro, 604 F. Supp. 1188, 1195 (E.D.N.Y. 1985) ("It is also stretching

Whether a statement was untrue must be determined at the time it

was made—in this case, when Cendant issued its press release on February 4, 1998.

I will now instruct you on the alleged untrue statements of fact that you must

consider.


ABA, Model Jury Instructions: Securities Litigation § 4.02[2] (modified).

---

the 'in connection with' requirement of § 10(b) . . . to consider that these alleged
nondisclosures were in any way related to the 1976 exchange of shares which
transpired some four years after the defendants' allegedly wrongful acts."), aff'd
mem., 788 F.2d 3 (2d Cir. 1986).  Accordingly, the first five statements cannot
constitute the alleged fraud at issue in Count 4.

Nor can the March 31, 1998 Cendant Annual Report and Form 10-K
constitute the alleged fraud at issue.  These filings post-date the purchase of stock
alleged in Count 4.  Because these filings were made after the purchases of stock at
issue, they cannot have been "material" to those stock transactions, they cannot
have been "in connection with" those stock transactions, and Mr. Forbes could not
have made or caused the filings with the specific intent to defraud someone with
respect to a stock purchase that occurred more than a month earlier.  Cf. Lawrence
v. Cohn, 325 F.3d 141, 154  (2d Cir. 2003) (securities fraud plaintiffs failed to
establish causal connection between purchase at issue and alleged fraud (citing
Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1443-44 n.7 (5th Cir. 1993) (holding
that class plaintiffs "who purchased securities prior to the distribution of the
[allegedly fraudulent] prospectus could not possibly have been induced to invest . . .
by that prospectus"); Crummere v. Smith Barney, Harris Upham & Co., 624 F.
Supp. 751, 755 (S.D.N.Y. 1985) ("To satisfy the purchase and sale requirements of
rule 10b-5, there must be a causal connection between the misstatements or
omissions and the plaintiff's purchases or sales, and there can be no such connection
where the misstatement occurs after the purchase.").

Thus, only the February 4, 1998 Cendant press release remains as the
potential alleged fraud at issue in Count 4.  That press release relates to Cendant
and pre-dates the stock purchase alleged in Count 4.

## PROPOSED JURY INSTRUCTION NO. 64
### (Alleged Untrue Statement of Fact Charged in Count 4)

The first alleged untrue statement charged in count 4 is that Cendant's operating income for the fiscal year ending December 31, 1997 was $872.2 million. The government contends that operating income was overstated by at least $170 million. In order to establish the first alleged untrue statement, the government must prove beyond a reasonable doubt that operating income was overstated by at least $170 million.

The second alleged untrue statement charged in count 4 is that Cendant's earnings per share before one-time expenses for the fiscal year ending December 31, 1997 were $1.00. The government contends that earnings per share before one-time expenses were no more than $0.88. In order to establish the second alleged untrue statement, the government must prove beyond a reasonable doubt that earnings per share before one-time expenses were no more than $0.88.

Indict., Count 1 ¶ 63(m) (cross-referencing ¶ 60(c)); Cendant Press Release, dated February 4, 1998 (CD-28165-74).

## PROPOSED JURY INSTRUCTION NO. 65
(Alleged Untrue Statements of Fact—Need for Unanimity)

Count 4 thus identifies two different alleged false statements in Cendant's February 4, 1998 press release. The government need not prove that both of these statements were false. However, the government must prove beyond a reasonable doubt that at least one of these specific statements was false. All twelve of you must agree that the same statement was false. It is not enough to convict if some of you find that the government has proven one false statement in Cendant's February 4, 1998 press release while others of you find that the government has proven another false statement in that press release. If you do not all agree unanimously that the government has proven the same specific false statement beyond reasonable doubt, you must return a verdict of not guilty with respect to Count 4.

O'Malley, § 13.07 (modified); Sand, Instruction 9-7A (modified); United States v. Crisci, 273 F.3d 235, 239 (2d Cir. 2001) (per curiam); United States v. Stern, No. 03 Cr. 81, 2003 WL 22743897, at *2 (S.D.N.Y. Nov. 20, 2003) ("An indictment may charge more than one false statement in the same count, so long as the jury is instructed that it must agree unanimously both that the defendant made at least one of the charged false statements, and which statement that was.").