**PROPOSED JURY INSTRUCTION NO. 66**
(Untrue Statement of Fact—GAAP)

As I have already instructed you, the first element of securities fraud requires the government to prove beyond a reasonable doubt that Cendant's February 4, 1998 press release contained an untrue statement of fact concerning Cendant's financial results for the fiscal year ending December 31, 1997. This element must be evaluated in light of GAAP, the accounting standards that apply to reported financial results. Whether Cendant's February 4, 1998 press release contained an untrue statement of fact depends on whether the financial results reported in Cendant's February 4, 1998 press release violated GAAP.

Application of GAAP to a given set of facts requires expertise and judgment. There is not always a right or wrong answer under GAAP. Therefore, the government must prove beyond a reasonable doubt that the financial results reported in Cendant's February 4, 1998 press release were false under any reasonable interpretation of GAAP. If the government fails to prove this beyond a reasonable doubt, you must vote not guilty on Count 4.

17 C.F.R. § 210.4-01(a)(1); United States v. Whiteside, 285 F.3d 1345, 1351 (11th Cir. 2002) ("In a case where the truth or falsity of a statement centers on an interpretive question of law, the government bears the burden of proving beyond a reasonable doubt that the defendant's statement is not true under a reasonable interpretation of the law."); United States v. Migliaccio, 34 F.3d 1517, 1525 (10th Cir. 1994) (government must "negate any reasonable interpretations that would make a defendant's statement factually correct where reporting requirements are ambiguous"); United States v. Gahagan, 881 F.2d 1380, 1384 (6th Cir. 1989); United States v. Race, 632 F.2d 1114, 1120 (4th Cir. 1980); United States v. Anderson, 579 F.2d 455, 460 (8th Cir. 1978); United States v. Sullivan, No. S102 CR. 1144, 2004 WL 253316, at *5 (S.D.N.Y. Feb. 10, 2004) ("The Government will bear the burden

of proving at trial that the methods it alleges are 'GAAP' are in fact principles generally accepted by the accounting community . . . .").

## PROPOSED JURY INSTRUCTION NO. 67
### (Second Element of Securities Fraud—Materiality)

If you find unanimously that the government has proven beyond a reasonable doubt that Cendant's February 4, 1998 press release contained an untrue statement of fact, you must determine the second element of securities fraud, whether the fact was "material" under the evidence received in this case.

In order for you to find a material fact, the government must prove beyond a reasonable doubt that a reasonable investor would have considered the fact important in deciding whether to purchase Cendant stock on the date alleged in the indictment. Count 4 of the indictment alleges that the Hartford Steam Boiler Company purchased 5,000 shares of Cendant stock on February 18, 1998.

The statute under which Count 4 of the indictment is brought is concerned only with material misstatements and does not cover minor, meaningless, or unimportant ones. A fact is material only if a reasonable investor would have viewed the fact as having significantly altered the total mix of information available.

If you find that the government has failed to prove this element beyond a reasonable doubt, you must return a verdict of not guilty with respect to Count 4.

O'Malley, § 62.14 (modified); Basic Inc. v. Levinson, 485 U.S. 224, 231-32 (1988).

## PROPOSED JURY INSTRUCTION NO. 68
(Materiality Judged at Time of Statement)

Your consideration of the element of materiality must be based on the

facts existing when Cendant's February 4, 1998 press release was issued.

Materiality cannot be judged by hindsight.  You may not consider events occurring

after the issuance of the press release in determining whether the allegedly untrue

statement was material when it was made.

ABA, Model Jury Instructions:  Securities Litigation § 2.03[2][a] (modified).

## PROPOSED JURY INSTRUCTION NO. 69
### (Third Element of Securities Fraud—Causation)

A third essential element of securities fraud that the government must prove beyond a reasonable doubt is that the defendant caused the statement to be made.

Mr. Forbes is not charged with personally making a material misrepresentation in Cendant's February 4, 1998 press release. In order for the government to prove the charge in Count 4, it must prove beyond a reasonable doubt that Mr. Forbes caused Cendant to make a material false statement in the February 4, 1998 press release.

Mr. Forbes cannot be held responsible for any untrue statement in Cendant's February 4, 1998 press release that he did not cause. If the government proves beyond a reasonable doubt that the press release contained a materially false statement, but the government fails to prove beyond a reasonable doubt that Mr. Forbes caused that statement to be made in the press release, you must find Mr. Forbes not guilty on Count 4.


Indict., Count 1 ¶ 63(m) (alleging Mr. Forbes "caused Cendant to issue a press release"); 18 U.S.C. § 2(b); Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164 (1994); Wright v. Ernst & Young LLP, 152 F.3d 169, 175 (2d Cir. 1998).

## PROPOSED JURY INSTRUCTION NO. 70
### (Fourth Element of Securities Fraud—Knowingly, Willfully, and Specific Intent To Defraud)

The fourth element of securities fraud that the government must prove beyond a reasonable doubt is that Mr. Forbes acted knowingly, willfully, and with the specific intent to defraud buyers or sellers of Cendant stock.  I will define each of these terms separately.

15 U.S.C. § 78ff(a).

## PROPOSED JURY INSTRUCTION NO. 71
(Fourth Element of Securities Fraud—Knowingly)

I will first instruct you on the meaning of the term knowingly.  A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.

To establish that the defendant acted knowingly, the government must prove beyond a reasonable doubt that Mr. Forbes knew that Cendant's February 4, 1998 press release contained an untrue statement of material fact.  If you find that the government has failed to prove beyond a reasonable doubt that Mr. Forbes knew that Cendant's February 4, 1998 press release contained a material false statement, you must return a verdict of not guilty with respect to Mr. Forbes on Count 4.

Sand, Instruction 3A-1 (modified); 15 U.S.C. § 78ff(a).

## PROPOSED JURY INSTRUCTION NO. 72
### (Knowingly—GAAP)

As I have already instructed you, the government must prove beyond a reasonable doubt that the financial results reported in Cendant's February 4, 1998 press release violated GAAP. Application of GAAP to a given set of facts requires expertise and judgment. There is not always a right or wrong answer under GAAP. Therefore, the government must prove beyond a reasonable doubt that the financial results reported in Cendant's February 4, 1998 press release were false under any reasonable interpretation of GAAP.

But a GAAP violation standing alone is not sufficient to establish that a defendant acted knowingly. The government must also prove beyond a reasonable doubt that the defendant knew of the GAAP violation. If under any reasonable interpretation of GAAP, the financial results reported in the press release were accurate, the defendant could not, as a matter of law, have acted knowingly. Stated another way, if GAAP was subject to more than one reasonable interpretation, the defendant could not, as a matter of law, have acted knowingly.

If you find that the government has failed to prove beyond a reasonable doubt that Mr. Forbes knew of the GAAP violation or failed to prove beyond a reasonable doubt that GAAP was subject to only one reasonable interpretation, you must return a verdict of not guilty with respect to Count 4.

United States v. Whiteside, 285 F.3d 1345, 1351 (11th Cir. 2002) ("In a case where the truth or falsity of a statement centers on an interpretive question of law, the government bears the burden of proving beyond a reasonable doubt that the defendant's statement is not true under a reasonable interpretation of the law."); United States v. Migliaccio, 34 F.3d 1517, 1525 (10th Cir. 1994) (government must

"negate any reasonable interpretations that would make a defendant's statement factually correct where reporting requirements are ambiguous"); United States v. Gahagan, 881 F.2d 1380, 1384 (6th Cir. 1989); United States v. Race, 632 F.2d 1114, 1120 (4th Cir. 1980); United States v. Anderson, 579 F.2d 455, 460 (8th Cir. 1978); In re Carter-Wallace, Inc. Sec. Litig., 150 F.3d 153, 157 (2d Cir. 1998) (GAAP violation alone not sufficient, fraudulent intent required).

**PROPOSED JURY INSTRUCTION NO. 73**
(Fourth Element of Securities Fraud—Willfully)

I will now instruct you on the meaning of the term willfully. An act is done willfully if it is done voluntarily and intentionally, with knowledge that one's conduct is unlawful, and with the intent to do something the law forbids, that is to say with a bad purpose either to disobey or disregard the law. In other words, the government must prove beyond a reasonable doubt that Mr. Forbes knew he was breaking the law. Conduct is not willful if it results from negligence, inadvertence, mistake, or a good faith misunderstanding of the requirements of the law. If the government cannot prove this element beyond a reasonable doubt, you must return a verdict of not guilty on Count 4.

Sand, Instruction 3A-3 (modified); 15 U.S.C. § 78ff(a); United States v. O'Hagan, 521 U.S. 642, 665 (1997) ("To establish a criminal violation of Rule 10b-5, the Government must prove that a person 'willfully' violated the provision."); United States v. Dixon, 536 F.2d 1388, 1395 (2d Cir. 1976) (defendant must have "a realization . . . that he was doing a wrongful act" (quotation omitted)); United States v. Peltz, 433 F.2d 48, 55 (2d Cir. 1970) (same); United States v. Cassese, 290 F. Supp. 2d 443, 450 (S.D.N.Y. 2003) ("Willfully entails the intent to do something that the law forbids and it refers to action taken with a bad purpose to disobey and disregard the law. Thus, the government . . . does have to prove Cassese's belief that he committed an illegal act." (quotations omitted), aff'd, No. 03-1710, 2005 WL 2715856 (2d Cir. Oct. 24, 2005); United States v. Moldofsky, No. 00-CR. 388, 2002 WL 31385819, at *3 (S.D.N.Y. Oct. 21, 2002) ("Willfully means to act knowingly and purposely with an intent to do something the law prohibits, that is to say, with bad purpose either to disobey or to disregard the law. The defendant need not have known that he was breaking any particular law or rule. He need only have been aware of the generally unlawful nature of his acts." (emphasis omitted)).

## PROPOSED JURY INSTRUCTION NO. 74
(Fourth Element of Securities Fraud—Specific Intent To Defraud)

I will now instruct you on the meaning of the phrase specific intent to defraud. It is not enough for the government to prove that the defendant knew that Cendant's February 4, 1998 press release contained a materially false statement, and that the defendant acted willfully. The government must also prove beyond a reasonable doubt that Mr. Forbes acted with the purpose of deceiving or defrauding buyers or sellers of Cendant stock.

Dirks v. SEC, 463 U.S. 646, 663 n.23 (1983) ("It is not enough that an insider's conduct results in harm to investors; rather, a violation may be found only where there is intentional or willful conduct designed to deceive or defraud investors by controlling or artificially affecting the price of the securities." (quotation omitted)).

## PROPOSED JURY INSTRUCTION NO. 75
(Specific Intent to Defraud—Maintenance of Stock Price)

In considering whether Mr. Forbes acted with a specific intent to defraud, I instruct you that a claimed desire to maintain a high stock price to increase compensation is insufficient, as a matter of law, to establish an intent to defraud because these are motives shared by all company employees.

City of Philadelphia v. Fleming Cos., 264 F.3d 1245, 1269 (10th Cir. 2001) (citing cases).

## PROPOSED JURY INSTRUCTION NO. 76
(Good Faith)

Because the government must prove beyond a reasonable doubt that Mr. Forbes acted knowingly, willfully, and with a specific intent to defraud, the good faith of the defendant is a complete defense to the charge of securities fraud in Count 4.

A defendant who acted in good faith cannot be found to have acted knowingly, willfully, and with a specific intent to defraud buyers or sellers of Cendant stock. Good faith on the part of the defendant is simply inconsistent with this unlawful intent. While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to act in accordance with the law.

A person who holds a good faith belief in the accuracy of a statement cannot be found guilty of knowingly causing an untrue statement of material fact. This is so even if he is mistaken and even if the statement is, in fact, materially false. One who expresses an opinion honestly held by him, or a belief honestly entertained by him, is not chargeable with causing an untrue statement of material fact, even if his opinion is in error or his belief is mistaken. An honest mistake of judgment or negligence is not unlawful intent, and a defendant who acts on such basis can still be acting in good faith. A person who believes in good faith that his actions comply with the law cannot be found guilty of willfully causing an untrue statement of material fact. This is true even if his belief that he is complying with the law is irrational or unreasonable. Similarly, a person who lacks knowledge

regarding the law, or who misunderstands the law, and who believes, as a result of his lack of knowledge or his misunderstanding, that he is complying with the law, does not act willfully. Therefore, if Mr. Forbes believed that he was acting in accordance with the law, he cannot be found to have acted with criminal intent and you must find him not guilty.

The burden of proving good faith does not rest with Mr. Forbes because Mr. Forbes does not have to prove anything in this case. The prosecution has the burden of proving beyond a reasonable doubt that Mr. Forbes acted knowingly, willfully, and with the specific intent to defraud buyers or sellers of Cendant stock. If the evidence in the case leaves you with a reasonable doubt as to whether Mr. Forbes acted in good faith, you must find Mr. Forbes not guilty on Count 4.

Sand, Instruction 8-1 (modified); O'Malley, § 19.06 (modified); United States v. Cassese, 290 F. Supp. 2d 443, 450 (S.D.N.Y. 2003) ("[G]ood faith on the part of the defendant is a defense to a charge of securities fraud . . . . If the defendant acted at all relevant times in good faith and held an honest belief that his actions were proper and not in furtherance of any illegal venture, it is your duty to acquit him." (quotation omitted), aff'd, No. 03-1710, 2005 WL 2715856 (2d Cir. Oct. 24, 2005).

**PROPOSED JURY INSTRUCTION NO. 77**
(Knowingly, Willfully, and Specific Intent To Defraud—Standards Unclear)

If the law or the applicable accounting standards were vague, unclear, or subject to more than one interpretation, or if Mr. Forbes believed that the law or the applicable accounting standards were vague, unclear, or subject to more than one interpretation, Mr. Forbes cannot be found to have acted knowingly, willfully, and with a specific intent to defraud.

The government has the burden of proving beyond a reasonable doubt that the law and the applicable accounting standards were clear and that Mr. Forbes understood the law and the accounting standards in question. If the government fails to satisfy this burden of proof, you must enter a verdict of not guilty on Count 4.

United States v. Whiteside, 285 F.3d 1345, 1351 (11th Cir. 2002); United States v. Pirro, 212 F.3d 86, 90-91 (2d Cir. 2000); Siddiqi v. United States, 98 F.3d 1427, 1439 (2d Cir. 1996); United States v. Migliaccio, 34 F.3d 1517, 1525 (10th Cir. 1994); United States v. Levin, 973 F.2d 463 (6th Cir. 1992); United States v. Harris, 942 F.2d 1125, 1131 (7th Cir. 1991); United States v. Gahagan, 881 F.2d 1380, 1384 (6th Cir. 1989); United States v. Matthews, 787 F.2d 38, 49 (2d Cir. 1986); United States v. Mallas, 762 F.2d 361, 363 (4th Cir. 1985); United States v. Dahlstrom, 713 F.2d 1423, 1428 (9th Cir. 1983); United States v. Race, 632 F.2d 1114, 1120 (4th Cir. 1980); United States v. Anderson, 579 F.2d 455, 460 (8th Cir. 1978); United States v. Critzer, 498 F.2d 1160, 1162 (4th Cir. 1974); Funke v. Life Fin. Corp., 237 F. Supp. 2d 458, 468-69 (S.D.N.Y. 2002); United States v. Crop Growers Corp., 954 F. Supp. 335, 347 (D.D.C. 1997); United States v. D'Alessio, 822 F. Supp. 1134, 1144 (D.N.J. 1993).

## PROPOSED JURY INSTRUCTION NO. 78

(Fifth Element of Securities Fraud—In Connection with the Purchase or Sale of Any Security)

Count 4 of the indictment alleges certain fraudulent conduct in connection with the purchase of 5,000 shares of Cendant stock by the Hartford Steam Boiler Company on February 18, 1998. The government must prove beyond a reasonable doubt, therefore, that the Hartford Steam Boiler Company purchased 5,000 shares of Cendant stock on February 18, 1998, and that the alleged fraud had some relationship to or was connected with this purchase.

If you find that the government has failed to prove this element beyond a reasonable doubt, you must return a verdict of not guilty with respect to Count 4.

O'Malley, § 62.11 (modified).

## PROPOSED JURY INSTRUCTION NO. 79
### (Sixth Element of Securities Fraud—Use of Any Means of Interstate Commerce)

The use of any means or instrumentality of interstate commerce, or of the mails, or of any national stock exchange is an essential element of securities fraud as charged in Count 4 of the indictment.

The term interstate commerce as used in these instructions means trade or commerce in stock or any transportation or communication relating to such trade or commerce among the several states.

This element may be established if the government proves beyond a reasonable doubt that any means or instrumentality of interstate transportation or communication, including the mails, or the facilities of a national stock exchange were, in fact, used in the alleged scheme or that such use was reasonably foreseeable.

In this regard, however, it is not necessary for the government to prove that Mr. Forbes personally used any means or instrumentality of interstate commerce or the mails, or used a national exchange, or that such use was contemplated or intended by anyone involved in any scheme. It is sufficient for the government to prove beyond a reasonable doubt that the defendant set forces in motion which foreseeably resulted in such use.

The matter, material, or information mailed, transported, or communicated need not itself contain a fraudulent representation, but must be a part of the overall alleged scheme.

If you find that the government has failed to prove this element beyond a reasonable doubt, you must return a verdict of not guilty with respect to Count 4.

O'Malley, § 62.08 (modified).

## PROPOSED INSTRUCTION NO. 80
(Theory of the Defense)

That concludes the part of my instructions explaining the elements of the various charges. Next, I will explain Mr. Forbes' position.

Mr. Forbes' position is as follows: [to be based on the evidence adduced at trial].

O'Malley, § 19.01 (modified).

## PROPOSED INSTRUCTION NO. 81
### (Deliberations and Verdict)

Now let me finish by explaining some things about your deliberations in the jury room.

When you get into the jury room, before you begin your deliberations, you should select someone to be the foreperson. The foreperson will be responsible for signing all communications to the Court and for handing them to the marshal during your deliberations. Of course, each juror's views and opinions are of equal value, and the views of any one juror should not take precedence over the views of any other juror.

You are about to go into the jury room and begin your deliberations. The exhibits admitted into evidence will be sent to you in the jury room. If you want any of the testimony read, that can also be done. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of testimony which you may want.

Once you start deliberating, do not talk to the marshal, or to me, or to anyone else except each other about the case. Any requests for testimony to be read—in fact any communication with the Court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any event, do not tell me or anyone else how the jury stands on its vote until after a unanimous verdict is reached.

Sand, Instructions 9-3, 9-5 (modified).

## PROPOSED JURY INSTRUCTION NO. 82
### (Experiments, Research, & Investigation)

Remember that you must make your decision based solely on the evidence that you saw and heard here in court. Do not try to gather any information about the case on your own when you are deliberating.

For example, do not bring any books, like a dictionary, or anything else into the jury room with you to help you with your deliberations. Do not conduct any independent research, reading, or investigation about the case.

Make your decision based only on the evidence that you saw and heard here in court.

Sixth Circuit Pattern Criminal Jury Instruction § 8.02 (modified).

## PROPOSED JURY INSTRUCTION NO. 83
### (Duty To Consult and Need for Unanimity)

The government, to prevail on a particular count, must prove the essential elements of that count beyond a reasonable doubt, as I have explained. If it succeeds, your verdict should be guilty; if it fails, your verdict must be not guilty. To report a verdict, either of conviction or of acquittal, your verdict must be unanimous. Moreover, your verdict must be unanimous as to each individual count.

Your function is to weigh the evidence in this case and determine whether or not Mr. Forbes is guilty of any count, solely upon the basis of such evidence or lack of evidence.

Each juror is entitled to his or her opinion. Each juror should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of your fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence or the lack of evidence—if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case. But you should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all of the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from

the others, you are not to surrender your conviction merely because you are

outnumbered.

Your final vote must reflect your conscientious conviction as to how the

issues must be decided.  Your verdict, whether guilty or not guilty, must be

unanimous.

Sand, Instruction 9-7 (modified).

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____

Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: November 15, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Preliminary Proposed Jury

Instructions of Walter Forbes to be sent on November 15, 2005 to the following via

hand delivery and email:

> Michael Martinez, Esq.
> Craig Carpenito, Esq.
> United States Attorneys
> The Federal Building
> U.S. Department of Justice
> 450 Main Street, Room 320
> Hartford, CT  06103

and to the following via email:

> Norman Gross, Esq.
> U.S. Attorney's Office
> District of New Jersey
> 401 Market Street
> Fourth Floor
> Camden, NJ  08101

_____
Barry S. Simon