# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

```
------------------------------
UNITED STATES OF AMERICA,    )
                             )
v.                           )     Criminal No. 3:02CR00264(AWT)
                             )
WALTER A. FORBES             )
------------------------------
```

## RULING ON MOTION OF NON-PARTY ERNST & YOUNG LLP'S MOTION TO QUASH DEFENDANT WALTER A. FORBES' SECOND RULE 17(c) SUBPOENA

For the reasons set forth below, non-party Ernst & Young LLP's Motion to Quash Defendant Walter A. Forbes' Second Rule 17(C) Subpoena (Doc. No. 1946) is hereby GRANTED.

Non-party Ernst & Young LLP ("E&Y") has moved for an order quashing the Rule 17(c) subpoena dated September 13, 2005 and served upon E&Y by defendant Forbes (the "Second Subpoena"). The Second Subpoena demands that E&Y produce the following:

1. All documents describing or memorializing work performed by Ernst & Young during any audit of the books, records or financial statements of CUC International, Inc. ("CUC") prior to CUC's fiscal year 1993.

2. All documents reviewed by Ernst & Young during any audit of the books, records or financial statements of CUC prior to CUC's fiscal year 1993.

The court concludes with respect to the Second Subpoena, as it concluded with respect to the subpoena served by defendant Forbes on E&Y dated December 7, 2001, that defendant Forbes has not met his burden of showing that his application has been made in good faith and with sufficient specificity so as not to amount

to a "fishing expedition."  Under United States v. Nixon, 418 U.S. 683, 700 (1974), the party seeking pretrial production and inspection of documents and other objects must show, inter alia, that the application is made in good faith and is not intended as a general fishing expedition.  It is apparent, in the context of this case, where E&Y has "already produced over 100 boxes of documents to Mr. Forbes (including audit and review workpapers and desk files going back many years)," Memorandum in Support of Non-Party Ernst & Young LLP's Motion to Quash Defendant Walter A. Forbes' Rule 17(c) Subpoena (Doc. No. 1947) at 1-2, that the Second Subpoena is merely an overbroad discovery attempt and that no good-faith effort was made by defendant Forbes to tailor the calls in the subpoena so they were reasonably calculated to demand the production of documents that satisfy the four requirements under Nixon.

It is so ordered.

Dated this 16th day of November 2005, at Hartford, Connecticut.

>        /s/
> Alvin W. Thompson
> United States District Judge