## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-------------------------------
UNITED STATES OF AMERICA,     )
                              )
v.                            )    Criminal No. 3:02CR00264(AWT)
                              )
WALTER A. FORBES and          )
E. KIRK SHELTON               )
-------------------------------
```

### RULING ON FORBES TRIAL MOTION NO. 16

### (Motion of Defendant Walter A. Forbes to Reconsider Ernst & Young LLP's Motion to Quash Trial Subpoenas Ad Testificandum)

For the reasons set forth below, defendant Forbes' motion for reconsideration is being denied.

Non-Party Ernst & Young LLP ("E&Y") on behalf of approximately 55 present and former employees and partners (the "E&Y Personnel") moved pursuant to Federal Rule of Criminal Procedure 17(c)(2) for an order quashing the subpoenas ad testificandum served on the E&Y Personnel by defendants Walter A. Forbes and E. Kirk Shelton. E&Y's motion to quash (Doc. No. 635) was granted on May 17, 2004. (See Tr. 5/17/04 at 825.) Defendant Forbes moved for reconsideration of the court's order.

Rule 17(a) provides in pertinent part that a subpoena may "command the witness to attend and testify at the time and place the subpoena specifies." The subpoenas at issue required each of the E&Y Personnel to appear in Hartford on April 26, 2004 unless he or she signed a contract with the defendants agreeing to

appear in Hartford on 48 hours' notice.  The terms of the proposed contract were not acceptable to the E&Y Personnel, and counsel for E&Y attempted to negotiate a compromise with counsel for the defendants.  Counsel for E&Y represented that many of the E&Y Personnel resided in places distant from Hartford that are not on the East Coast and some had familial commitments (such as caring for children or parents) that necessitated more than 48 hours' notice in order for suitable arrangements to be made.  Counsel for E&Y and counsel for the defendants were unable to come to an agreement.

E&Y filed the instant motion, and on April 23, 2004, in the midst of the jury selection process, it became apparent that even though E&Y's motion to quash was pending before the court, defendant Forbes was taking the position that the E&Y Personnel (and, possibly, other potential witnesses as well) would be required to appear in Hartford, from various parts of the country, on April 26, 2004, because they had not agreed to sign the contract offered by the defendants.  (See Tr. 4/23/04 at 575-76).  As opposed to agreeing with counsel for E&Y, or asking the court to order, that the appearance of the E&Y Personnel in Hartford could be postponed until such time as the court had an opportunity to address the dispute between the defendants and the E&Y Personnel, defendant Forbes was insisting that the E&Y Personnel appear in Hartford on April 26, 2004, which, as the

2

parties knew, was a day the court had committed in its entirety to interviewing prospective jurors.  In the court's view, defendant Forbes' position was unreasonable and constituted an attempt to coerce potential witnesses into signing the defendants' contract.  The approach taken by defendant Forbes constituted brinkmanship and could not be encouraged or tolerated.  Accordingly, the court determined that it was appropriate to quash the subpoenas served on the E&Y Personnel, and the court expected that such action would result in a more reasonable approach being taken by defendant Forbes in the future.  In fact, that is what happened, as defendant Forbes and counsel for E&Y subsequently came to an agreement in the way reasonable counsel should.

Accordingly, the Motion of Defendant Walter A. Forbes to Reconsider Ernst & Young LLP's Motion to Quash Trial Subpoenas <u>Ad Testificandum</u> (Doc. No. 844) is hereby DENIED.

It is so ordered.

Dated this 16th day of November 2005 at Hartford, Connecticut.

/s/
Alvin W. Thompson
United States District Judge