UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 3:02CR264 (AWT) |
| v.  ) | |
| ) | |
| WALTER A. FORBES   ) | November 18, 2005 |
| ) | |

**SECOND SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS
OF WALTER FORBES**

Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits the following proposed jury instructions in lieu of the original Forbes Proposed Instruction Nos. 17 and 19. Mr. Forbes reserves the right to propose additional instructions and to make additional objections as the circumstances may warrant, including objections to the Court's actual jury instructions or failure to give a requested instruction pursuant to Fed. R. Crim. P. 30.

## **PROPOSED JURY INSTRUCTION NO. 17**
(Government Witness Testifying Under Plea Agreement)

In this case, there has been testimony from two government witnesses who pled guilty after entering into an agreement with the government to testify—Cosmo Corigliano and Anne Pember. There is evidence that the government agreed not to prosecute the witnesses on certain charges in exchange for the witnesses' agreement to plead guilty to one or more offenses and testify at this trial against Mr. Forbes. The government entered into agreements with these witnesses concerning sentencing issues and promised to bring the witnesses' cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of every element of the offense charged beyond a reasonable doubt. However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he or she may be able to obtain his or her own freedom, or receive a lighter sentence by giving testimony favorable to the government, has a motive to testify falsely. Therefore, you must examine the testimony of such a witness with caution, and weigh it with great care. If, after scrutinizing the testimony of such a witness, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

2

Sand, Instruction 7-11 (modified); <u>United States v. Prawl</u>, 168 F.3d 622 (2d Cir. 1999); <u>United States v. Ramirez</u>, 973 F.2d 102, 106 & n.1 (2d Cir. 1992).

**PROPOSED JURY INSTRUCTION NO. 17A**
(Defense Witness Testifying Under Plea Agreement)

In this case, there has been testimony from a defense witness, Casper Sabatino, who pled guilty after entering into a plea agreement with the government. There is evidence that the government agreed not to prosecute Mr. Sabatino on certain charges in exchange for his agreement to plead guilty to one or more offenses and to cooperate with the government in this case. The government entered into an agreement with Mr. Sabatino concerning sentencing issues and promised to bring his cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of plea agreement. However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he or she may be able to obtain his or her own freedom, or receive a lighter sentence by giving testimony favorable to the government has a motive to testify falsely in favor of the government. Therefore, you must examine any testimony of Mr. Sabatino that is favorable to the government with caution, and weigh it with great care.

Sand, Instruction 7-11 (modified); United States v. Prawl, 168 F.3d 622 (2d Cir. 1999); United States v. Ramirez, 973 F.2d 102, 106 & n.1 (2d Cir. 1992).

4

## PROPOSED JURY INSTRUCTION NO. 19
### (Guilty Pleas of Government Witnesses)

You have heard evidence that government witnesses Cosmo Corigliano and Anne Pember pled guilty to felony charges arising from accounting issues at CUC and Cendant.

The testimony of a witness may be discredited by evidence showing that the witness has pled guilty to a felony, a crime for which a person may receive a prison sentence of more than one year.

A guilty plea to a crime that is a felony is one of the circumstances that you may consider in determining the credibility of that witness. It is the sole and exclusive right of the jury to determine the weight to be given to any prior guilty plea as impeachment and the weight, if any, to be given to the testimony of anyone who has pled guilty to a felony.

You may consider evidence that Cosmo Corigliano and Anne Pember pled guilty to felony charges only in evaluating the credibility of Cosmo Corigliano, and Anne Pember as witnesses in this case. You may not consider this evidence for any other purpose.

You are to draw no conclusions or inferences against Mr. Forbes from the fact that a witness pled guilty to similar charges. The witness's decision to plead guilty was a personal decision about his or her own guilt. It may not be used by you in any way as evidence against or unfavorable to Mr. Forbes.

Sand, Instruction 7-10 (modified); O'Malley, §§ 11.09, 15.07 (modified); <u>United States v. Prawl</u>, 168 F.3d 622, 626-27 (2d Cir. 1999) (collecting cases); <u>United States v. Ramirez</u>, 973 F.2d 102, 105 (2d Cir. 1992).

## PROPOSED JURY INSTRUCTION NO. 19A
### (Guilty Plea of Defense Witness)

You have heard evidence that defense witness Casper Sabatino pled guilty to a felony charge arising from accounting issues at CUC and Cendant.

Any testimony of Mr. Sabatino that is favorable to the government may be discredited by evidence showing that the witness has pled guilty to a felony, a crime for which a person may receive a prison sentence of more than one year.

A guilty plea to a crime that is a felony is one of the circumstances that you may consider in determining the credibility of that witness. It is the sole and exclusive right of the jury to determine the weight, if any, to be given to testimony favorable to the government by a witness who has pled guilty to a felony.

You are to draw no conclusions or inferences against Mr. Forbes from the fact that Mr. Sabatino pled guilty to a similar charge. The witness's decision to plead guilty was a personal decision about his or her own guilt. It may not be used by you in any way as evidence against or unfavorable to Mr. Forbes.


Sand, Instruction 7-10 (modified); O'Malley, §§ 11.09, 15.07 (modified); United States v. Prawl, 168 F.3d 622, 626-27 (2d Cir. 1999) (collecting cases); United States v. Ramirez, 973 F.2d 102, 105 (2d Cir. 1992).

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: November 18, 2005

8

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Second Supplemental Proposed Jury Instructions of Walter Forbes to be sent on November 18, 2005 to the following via email and Federal Express:

> Michael Martinez, Esq.
> Craig Carpenito, Esq.
> United States Attorney's Office
> 970 Broad Street, Suite 700
> Newark, NJ 07102

and to the following via email:

> Norman Gross, Esq.
> U.S. Attorney's Office
> District of New Jersey
> 401 Market Street
> Fourth Floor
> Camden, NJ 08101

_____
Barry S. Simon