UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:02CR264 (AWT) |
| v. ) | |
| ) | November 21, 2005 |
| WALTER A. FORBES ) | |

### DEFENDANT WALTER A. FORBES' NOTICE OF FILING OF DOCUMENTS RELATING TO CROSS-EXAMINATION OF MR. CORIGLIANO PRECLUDED BY THE COURT

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits the attached materials, consisting of documents about which Mr. Forbes would have cross-examined Mr. Corigliano if the Court had not precluded such cross-examination.

But for the Court's rulings, Mr. Forbes would have cross-examined Mr. Corigliano with respect to whether he had seen, reviewed, and/or received copies of the documents appended hereto as Exhibits 1-18 and with respect to whether he was aware of the contents of those documents and/or the information contained in the documents. But for the Court's rulings, Mr. Forbes also would have inquired, with respect to the documents contained in Exhibits 1-18 that were written by Mr. Corigliano's counsel to the SEC, whether Mr. Corigliano authorized his counsel to make the representations and/or settlement offers contained in those documents and whether Mr. Corigliano verified, supplied, and/or was informed of the factual information contained in those documents.

Mr. Forbes believes that cross-examination on the foregoing matters would demonstrate, <u>inter alia</u>, that (1) Mr. Corigliano violated his obligation under the plea agreement to "truthfully disclose all information he possesses concerning any matters about which [the U.S. Attorney's] Office and other government agencies designated by this Office, including . . . the SEC, may inquire of him." Plea Agreement at 2; (2) Mr. Corigliano received special treatment from the SEC, which cooperated with the government in the investigation and prosecution of this case; (3) the SEC and the government acquiesced in Mr. Corigliano's violation of his obligations under the plea agreement; (4) Mr. Corigliano failed to provide complete and accurate financial and asset transfer information to the SEC; (5) Mr. Corigliano failed to produce documents requested by the SEC; (6) Mr. Corigliano's direct testimony about the amount he was always willing to pay to the SEC was not accurate; (7) Mr. Corigliano's direct testimony about the SEC's settlement demands was not accurate; and (8) Mr. Corigliano's direct (and later, redirect) testimony about his purported compliance with his plea agreement was not accurate.

But for the Court's rulings, Mr. Forbes also would have inquired with respect to the information contained in Exhibits 19 and 20 concerning his attorney's proffers to the government on his behalf in 1998. Mr. Forbes would have inquired whether Mr. Corigliano was aware of the representations his attorneys made to the government on his behalf in May, August, and November 1998, as reflected in Exhibits 19 and 20, and whether Mr. Corigliano authorized those representations to be made.

The foregoing list does not encompass all of the cross-examination that Mr. Forbes would have conducted of Mr. Corigliano concerning these subjects. Rather, it sets forth general areas of cross-examination that Mr. Forbes would have conducted of Mr. Corigliano if the Court had permitted such cross-examination.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

3