# EXHIBIT 18



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

**DIVISION OF**
**ENFORCEMENT**

April 13, 2004

**BY FEDERAL EXPRESS OVERNIGHT**

Gary P. Naftalis, Esq.
Alan R. Friedman, Esq.
Kramer, Levin, Naftalis & Frankel
919 Third Avenue
New York, New York 10022

> Re:  *In the Matter of Cendant Corporation and Trading in Its Securities*
> *File No. HO-3401*

Dear Messrs. Naftalis and Friedman:

I have enclosed herein for review and execution by your client Cosmo Corigliano (i) a copy of the revised Consent of Defendant Cosmo Corigliano, Relief Defendant Agnes T. Corigliano, and Relief Defendant Mary Louise Scully ("revised Consent") and (ii) two copies of the revised Offer of Settlement of Cosmo Corigliano ("revised Offer of Settlement"). These are the documents that need to be executed by your client prior to any settlement with the Commission. I have also enclosed (i) a copy of the revised Final Judgment as to Defendant Cosmo Corigliano, Relief Defendant Agnes T. Corigliano, and Relief Defendant Mary Louise Scully and (ii) a copy of the revised Order Instituting Administrative Proceedings Pursuant to Rule 102(e) of the Commission's Rules of Practice, Making Findings, and Imposing Remedial Sanctions. These are documents that would be entered as part of any settlement between your client and the Commission. Once your client has executed the original of the revised Consent and the duplicate originals of the revised Offer of Settlement, please return the executed originals of the revised Offer of Settlement to me at your earliest convenience. With regard to the executed revised Consent, please attach the Final Judgment to it and call me regarding the most expedited manner for obtaining the signatures of the two Relief Defendants.

Please remember that the Commission staff does not have authority to agree to a settlement. Any settlement must be presented to and approved by the Commission. These documents are being provided to you for purposes relating to a possible settlement only. Should a settlement with your client not be reached, please either return these documents (and any copies) to the staff or destroy them.

**DEFENDANT'S**
**EXHIBIT**
48
PENGAD 800-631-6989

3095

Gary P. Naftalis, Esq.
Alan R. Friedman, Esq.
April 13, 2004
Page 2

Should you have any questions, please call me at (202) 942-4544.

Sincerely,

David Frohlich
Branch Chief

Enclosures

3096

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| Plaintiff, | : | |
| | : | 00 Civ. No. 2873 |
| v. | : | |
| COSMO CORIGLIANO, ANNE M. PEMBER, CASPER SABATINO, and KEVIN T. KEARNEY, | : | |
| Defendants, | : | |
| AGNES T. CORIGLIANO, CARLETON H. PEMBER IV, and MARY LOUISE SCULLY, | : | |
| Relief Defendants. | : | |

## CONSENT OF DEFENDANT COSMO CORIGLIANO, RELIEF DEFENDANT AGNES T. CORIGLIANO, AND RELIEF DEFENDANT MARY LOUISE SCULLY

1. Defendant Cosmo Corigliano ("Defendant Corigliano"), Relief Defendant Agnes T. Corigliano ("Relief Defendant Corigliano"), and Relief Defendant Mary Louis Scully ("Relief Defendant Scully") each acknowledge having been served with the Amended Complaint in this action, enter a general appearance, and admit the Court's jurisdiction over him or her and over the subject matter of this action.

2. Without admitting or denying the allegations of the Amended Complaint (except as to personal and subject matter jurisdiction, which Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully admit), Defendant Corigliano, Relief Defendant

3097

Corigliano, and Relief Defendant Scully hereby consent to the entry of the Final Judgment as to Defendant Cosmo Corigliano, Relief Defendant Agnes T. Corigliano, and Relief Defendant Mary Louise Scully in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)    permanently restrains and enjoins Defendant Corigliano from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act"), Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act"), and Exchange Act Rules 10b-5, 13b2-1, and 13b2-2; and from aiding and abetting violations of Sections 13(a), 13(b)(2)(A), 13(b)(2)(B), and 14(a) of the Exchange Act, and Exchange Act Rules 12b-20, 13a-1, 13a-13, and 14a-9; and

(b)    orders Defendant Corigliano to pay disgorgement of his unjust enrichment, plus partial payment of prejudgment interest thereon, by surrendering all assets of Defendant Corigliano and Relief Defendant Corigliano, as well as certain assets held in trusts for which Relief Defendant Scully serves as trustee, with the exception of specific exempted assets, to a Court-appointed Receiver, but partially waives payment of prejudgment interest on that disgorgement, based on representations in financial statements, and other documents and information, submitted to the Commission by Defendant Corigliano and Relief Defendant Corigliano.

3.    Defendant Corigliano and Relief Defendant Corigliano agree and undertake to transfer, no later than sixty days from the entry of the Final Judgment, all their assets, except for

2

3098

specific exempted assets set forth below, to the Court-appointed Receiver as provided in the Final Judgment, as disgorgement of the unjust enrichment of Defendant Corigliano, as alleged in the Amended Complaint, together with partial payment of prejudgment interest on that disgorgement. Said assets of Defendant Corigliano and Relief Defendant Corigliano shall include, but are not limited to: (i) the entire balance of any and all financial depository or brokerage institution accounts or investment funds in which Defendant Corigliano or Relief Defendant Corigliano holds any interest, whether legal or equitable, including, but not limited to, investment funds and checking, savings, money market, IRA, Keough, pension, or investment accounts (with the exception of certain trust account balances enumerated in Paragraph 6 below); (ii) any and all securities held by Defendant Corigliano or Relief Defendant Corigliano (whether individually or jointly), including, but not limited to, any equity securities or debt instruments of, or options, rights, or contracts for the purchase of securities of, CUC International Inc. or Cendant Corporation; (iii) a 1985 Sabre sailboat; (iv) a 1965 Mercedes Benz automobile; (v) all interests of Defendant Corigliano and Relief Defendant Corigliano in Crystal Journey Candles LLC; and (vi) any other assets of a value of $1,000 or more in which Defendant Corigliano or Relief Defendant Corigliano had any direct or indirect legal or beneficial ownership interest as of March 31, 2004, other than those enumerated in Paragraph 6 below.

4.    Relief Defendant Scully agrees and undertakes to transfer, no later than sixty days from the entry of the Final Judgment, (1) all funds held in trust in the Mary Corigliano Trust Fund, for which Relief Defendant Scully serves as Trustee, less a balance of $100,000 (as

3

determined as of the date of the transfer); (2) all funds held in trust in the David Corigliano Trust Fund, for which Relief Defendant Scully serves as Trustee, less a balance of $100,000 (as determined as of the date of the transfer); and (3) all funds held in trust in the Michael Corigliano Trust Fund, for which Relief Defendant Scully serves as Trustee, less a balance of $100,000 (as determined as of the date of the transfer), to the Court-appointed Receiver as provided in the Final Judgment.

5.    Defendant Corigliano and Relief Defendant Corigliano undertake and agree to prepare and submit to the Commission no later than one hundred and twenty days from the entry of the Final Judgment an affidavit under oath containing a detailed accounting setting forth the following information, as of March 31, 2004:

(a) all securities, funds, or other assets, which other assets cost or are presently worth at least $1,000, of Defendant Corigliano and Relief Defendant Corigliano held in the name of Defendant Corigliano or Relief Defendant Corigliano, or for the direct or indirect beneficial interest of Defendant Corigliano or Relief Defendant Corigliano, stating the location and disposition of each such asset. With respect to any items of personal property, said accounting shall consist of a statement of the total value of said personal property and an itemization of any individual item of a value or cost of $1,000 or more;

(b) each account with any financial institution or brokerage firm maintained in the name of Defendant Corigliano or Relief Defendant Corigliano, or held for the direct or indirect beneficial interest of Defendant Corigliano or Relief

4

3100

Defendant Corigliano, or over which Defendant Corigliano or Relief Defendant Corigliano exercises or exercised control from January 1, 1996, to March 31, 2004; including, but not limited to, each account through which Defendant Corigliano or Relief Defendant Corigliano directed securities or other transactions at any time since January 1, 1996, or in which proceeds from such transactions were held;

(c) transactions and the disposition of proceeds of transactions conducted in each account identified in subsection (b) of this Paragraph; and

(d) all gifts, assignments, and other transfers of assets in amounts of $1,000 or more by Defendant Corigliano or Relief Defendant Corigliano at any time from January 1, 1996, to March 31, 2004.

6.    Defendant Corigliano and Relief Defendant Corigliano, and all entities under their control, undertake and agree to transfer forthwith or to provide any and all necessary documents to allow transfer of all assets described in Paragraph 3 above, less such sums as are necessary to satisfy any loans or other encumbrances on said assets or taxes due on the disposition of said assets, to the Receiver appointed by the Court pursuant to the Final Judgment. Further, Defendant Corigliano and Relief Defendant Corigliano shall retain their interests in (i) their residence at 38 Watrous Point Road, in Old Saybrook, Connecticut; (ii) all furnishings and personal property therein; (iii) the residence in Trumbull, Connecticut, occupied by Defendant Corigliano's parents; (iv) all furnishings and personal property therein; (v) one 1996 Lexus automobile, (vi) one 1993 Acura automobile; (vii) a balance of $100,000 in the

5

3101

Mary Corigliano Trust Fund, a balance of $100,000 in the Michael Corigliano Trust Fund, and a balance of $100,000 in the David Corigliano Trust Fund, provided however that any balances in any of those trust funds in excess of $100,000 (as determined as of the date of the transfer of the remaining funds of the trust) shall be transferred to the Receiver appointed by the Court pursuant to the Final Judgment.

7.      Defendant Corigliano and Relief Defendant Corigliano further undertake and agree that any assets which are derived from any assets legally or beneficially owned or possessed by them during the period from January 1, 1996, to and including the date the Final Judgment is entered, or from any assets which they obtained or controlled during this period, (other than those excluded by Paragraph 6 above), will be transferred to the Receiver (or, in the event that the receivership estate no longer exists, transferred directly to the Clerk of this Court), irrespective of when those derived assets are discovered or are realized. Such derived assets shall include, but not be limited to, any tax refunds, whether federal, state, or local, received by Defendant Corigliano or Relief Defendant Corigliano for the calendar years 2000 through and including 2005. In the event of any dispute as to current or past legal or beneficial ownership in such derived assets, Defendant Corigliano and Relief Defendant Corigliano undertake and agree that they shall bear the burden of proving the absence of such legal or beneficial ownership, that such derived assets were not legally or beneficially owned by or possessed by others acting as their nominees, and that the transfer of such derived assets by or through them was not done as a sham to conceal their true ownership. If the Receiver or the Court finds that Defendant Corigliano or Relief Defendant Corigliano have met their burden of

6

proof concerning such derived assets, then the parties agree that Defendant Corigliano and Relief Defendant Corigliano shall not be obligated to transfer such derived assets to the Receiver.

8.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully agree and consent to the appointment of a Receiver by the Court who shall have the rights, powers, and duties enumerated in the Final Judgment. Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully agree to cooperate fully with the Receiver and to provide him with such testimony, documents, and powers of attorney as the Receiver may require to locate, account for, and transfer assets to the receivership estate. Defendant Corigliano and Relief Defendant Corigliano specifically undertake and agree to waive any and all rights they may have under the laws of the United States or any other nation providing for the secrecy of their transactions with banks or other financial institutions and to provide all necessary letters, directions, and authorizations to facilitate and effectuate all inquiries and directions by the Receiver or the Commission to locate, account for, or transfer their assets.

9.    Defendant Corigliano and Relief Defendant Corigliano acknowledge that the Court is exempting certain assets from Defendant Corigliano's payment of prejudgment interest on his disgorgement, based on representations in financial statements, and other documents and information, submitted to the Commission by Defendant Corigliano and Relief Defendant Corigliano. Defendant Corigliano and Relief Defendant Corigliano further consent that if at any time following the entry of the Final Judgment the Commission obtains information indicating that the representations to the Commission by Defendant Corigliano and Relief

7

· 3103

Defendant Corigliano concerning their assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant Corigliano or Relief Defendant Corigliano, petition the Court for an order requiring Defendant Corigliano to pay the unpaid portion of the prejudgment interest and postjudgment interest thereon. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant Corigliano and Relief Defendant Corigliano was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In any such petition, the Commission may move the Court to consider all available remedies, including but not limited to ordering Defendant Corigliano or Relief Defendant Corigliano to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of the Court's Final Judgment. The Commission may also request additional discovery. Defendant Corigliano or Relief Defendant Corigliano may not, by way of defense to such petition: (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the Amended Complaint; (3) assert that payment of prejudgment or postjudgment interest should not be ordered; (4) contest the amount of prejudgment or postjudgment interest; or (5) assert any defense to liability or remedy, including but not limited to any statute of limitations defense.

10.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

8

3104

11.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully waive the right, if any, to appeal from the entry of the Final Judgment.

12.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant Corigliano, Relief Defendant Corigliano, or Relief Defendant Scully to enter into this Consent.

13.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

14.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

15.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully of its terms and conditions. Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully further agree to provide counsel for the Commission, no later than thirty days after the Final Judgment is filed with the

9

3105

Clerk of the Court, with an affidavit or declaration stating that they have received and read a copy of the Final Judgment.

16.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully in this civil proceeding. Defendant Corigliano acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant Corigliano waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant Corigliano further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant Corigliano understands that he shall not be permitted to contest the factual allegations of the Amended Complaint in this action.

10

- 3106

17.     Defendant Corigliano understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant Corigliano agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Amended Complaint or creating the impression that the Amended Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant Corigliano hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Amended Complaint. If Defendant Corigliano breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant Corigliano's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

18.     Defendant Corigliano hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant Corigliano to defend against this action. For these purposes, Defendant Corigliano agrees that Defendant Corigliano is not the prevailing party in this action since the parties have reached a good faith settlement.

3107

19.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

12

310S

20.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.


Dated:_____    _____
                                                         Cosmo Corigliano

       On April _____, 2004, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.


                                   _____
                                   Notary Public
                                   Commission expires:


Approved as to form:


_____
Gary P. Naftalis, Esq.
Kramer, Levin, Naftalis & Frankel
919 Third Avenue
New York, New York 10022
(212) 715-9100
Attorney for Defendant


13


3109

Dated:_____          _____
                                        Agnes T. Corigliano

    On April _____, 2004, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.


                                        _____
                                        Notary Public
                                        Commission expires:

Approved as to form:



_____
Dixie L. Johnson, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
1001 Pennsylvania Avenue, N.W.
   Suite 800,
Washington, D.C. 20004-2505
(202) 639-7000
Attorney for Relief Defendant Agnes T. Corigliano

14

~ 3110

Dated:_____            _____
                                          Mary Louise Scully


    On April _____, 2004, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.


                                  _____
                                  Notary Public
                                  Commission expires:


Approved as to form:


_____
Liza M. Walsh, Esq.
Connell Foley LLP
85 Livingston Avenue
Roseland, NJ  07068
(973) 535-0500
Attorney for Relief Defendant Mary Louise Scully


                                    15


                                                            3111

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| Plaintiff, | : | |
| v. | : | 00 Civ. No. 2873 |
| COSMO CORIGLIANO, ANNE M. PEMBER, CASPER SABATINO, and KEVIN T. KEARNEY, | : | |
| Defendants, | : | |
| AGNES T. CORIGLIANO, CARLETON H. PEMBER IV, and MARY LOUISE SCULLY, | : | |
| Relief Defendants. | : | |

## FINAL JUDGMENT AS TO DEFENDANT COSMO CORIGLIANO, RELIEF DEFENDANT AGNES T. CORIGLIANO, AND RELIEF DEFENDANT MARY LOUISE SCULLY

The Securities and Exchange Commission ("Commission") having filed an Amended Complaint ("Amended Complaint"), and Defendant Cosmo Corigliano ("Defendant Corigliano"), Relief Defendant Agnes T. Corigliano ("Relief Defendant Corigliano"), and Relief Defendant Mary Louis Scully ("Relief Defendant Scully") each having entered a general appearance; consented to the Court's jurisdiction over him or her and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

- 3112

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)]

2

3113

and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)], by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

3

- 3114

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1], by falsifying, or causing to be falsified, any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

## V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2], by, as a director or officer of an issuer, making or causing to be made a materially false or misleading statement, or omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with (i) any audit or examination of the financial statements of the issuer required to be made pursuant to the Exchange Act or (ii) the preparation or filing of any document or report required to be filed with the Commission.

4

3115

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, .13a-1, and .13a-13] by knowingly providing substantial assistance to an issuer of a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] that fails to file such information and documents as the Commission requires to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*], fails to file such annual reports and quarterly reports as the Commission prescribes, or fails to add to a statement or report required by the Commission such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by

5

3116

knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] that fails to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] that fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements and (b) to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the

6

- 3117 -

recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, aiding and abetting any violation of Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 promulgated thereunder [17 C.F.R. § 240.14a-9], by knowingly providing substantial assistance to an issuer that, by use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, makes any solicitation of any proxy, consent, or authorization in respect of any security (other than an exempted security) registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*], by means of any proxy statement, form of proxy, notice of meeting, or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Corigliano is

7

3118