UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| | : | |
| | : | |
| v. | : | November 22, 2005 |
| | : | |
| | : | |
| | : | |
| WALTER A. FORBES | : | |

UNITED STATES' RESPONSE TO DEFENDANT WALTER FORBES' OBJECTIONS TO
THE GOVERNMENT'S PROPOSED ADMONITION REGARDING FORBES' THEORY OF
THE DEFENSE INSTRUCTION

CHRISTOPHER J. CHRISTIE
NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
Special Attorneys
U.S. Department of Justice
450 Main Street, Room 320
Hartford, CT 06103
Tel:  (860) 240-3387
Fax:  (860) 240-3399

## ARGUMENT

The Government has requested that, at the conclusion of Forbes' five page "theory of the defense" instruction, the Court give the following limiting instruction:

> Mr. Forbes' theory of the defense is not to be considered by you as evidence in this case.  Nor is the Court, by describing to you Mr. Forbes' theory of the defense, expressing any opinion one way or the other about that theory.  While you are required to accept and apply the Court's instructions regarding the law, you are not required to accept and apply Mr. Forbes' theory of the defense.  Rather, Mr. Forbes' theory of the defense states the inferences and conclusions that Mr. Forbes, as one of the parties in this case, urges you to draw from the evidence.  The evidence in this case, as I have previously explained, and will explain again later in these instructions, is limited to the sworn testimony of the witnesses, any exhibits that were admitted into evidence, and any stipulations between the parties.

Forbes does not argue that any of the propositions stated in the proposed instruction are legally inaccurate.  Nor does he object to any particular portion of this proposed instruction.  Nevertheless, he effectively argues that no limiting instruction should be given regarding his theory of the defense instruction.  The Government addresses each of his objections in turn.

**First**, to the extent that the proposed instruction "undermines" Forbes' theory for the defense, it does so properly by informing the jury that the defense theory is not evidence and

has not received the Court's imprimatur even though it has been made part of the Court's final charge.  The limiting instruction is therefore necessary to ensure that the jury does not erroneously "elevate" the Court's statement about the defense theory to something other than Forbes' contentions.

**Second**, as authority for its requested limited instruction, the Government would first point out that there is no authority for the Court to give a "theory of the defense" instruction such as that proposed by Forbes that recites in extensive detail the defendants' own trial testimony and what is likely to be his lawyer's summation arguments.  To the contrary, the relevant caselaw, which states that the defendant is entitled to "a charge which reflects the defense theory," United States v. Evangelista, 122 F.3d 112, 116 (2d Cir. 1997), merely requires the Court to instruct about neutral legal principles that inform the jury how to apply defense-favorable arguments or evidence.[1]

_____

[1]  E.g., United States v. Chen, 393 F.3d 139, 152-53 (2d Cir. 2004)(affirming the district court's refusal to instruct the jury regarding the defendant's version of a "good faith" defense); Evangelista, 122 F.3d at 116-19 (affirming the district court's refusal to instruct the jury about the defendants': (1) inability to remit payroll taxes to the IRS because of financial setbacks; (2) lack of intent to evade the payment of taxes because they intended only to defer such payments; (3) reliance on the advice of an accountant; and (4) subjective belief in the lawfulness of their conduct); United States v. Vazquez, 113 F.3d 383, 386-88 (2d Cir. 1997)(affirming the district court's refusal
(continued...)

There is no requirement that the Court parrot the defense

evidence or arguments in its charge.  E.g., United States v.

Chen, 393 F.3d 139, 153 (2d Cir. 2004)("the district court has

broad discretion to decide which facts, **if any**, it will mention

in its comments to the jury")(emphasis added)(internal

punctuation omitted), citing  United States v. GAF Corp., 928

F.2d 1253, 1263 (2d Cir. 1991) ("the trial court is not required

to review or marshal the evidence for the jury").

          Thus, in United States v. Russo, 74 F.3d 1383 (2d Cir.

1996), in a prosecution for securities fraud arising from the

market manipulation of stock prices by "short sales," the

district court refused to give the following "theory of the

defense instruction, which set forth (in much more abbreviated

form than Forbes' proposed instruction), the defense

"contentions":

---

     [1](...continued)
to give a "multiple conspiracies" instruction); United States v.
GAF Corp., 928 F.2d 1253, 1262-63 (reversing, in a prosecution
for securities fraud arising from the alleged manipulation of the
price of stock, the district court's refusal to instruct the jury
that it could "consider evidence of the November [Union Carbide
stock] purchases in your conclusion as to who was responsible for
the October purchases of Union Carbide [stock]"); United States
v. Paul, 110 F.3d 869, 870-71 (2d Cir. 1997)(reversing the
district court's refusal in a prosecution for unlawful possession
of ammunition by a convicted felon the defendant's requested
instruction regarding the defense of duress, where the evidence
supported such an instruction).

4

> The defendants contend that Evans was aware that Kureen
> & Cooper was selling short in the trading account and
> that Evans knew that it was giving immediate cash
> credit to Kureen & Cooper for the short sales.... The
> defendants further contend that the trade tickets for
> the short sales were not miscoded and were not
> deceptive.

74 F.3d at 1392.  Instead of giving that instruction, the
district court couched the defense contentions in neutral legal
principles that informed the jury how to address those
"contentions."[2]  The Court of Appeals affirmed.  Id. at 1393.

Here, there are neutral legal principles which apply to
Forbes' theory of defense that (as set forth in his proposed
"theory of defense" instruction) he was not aware of, and did not
participate in any of the charged crimes.  Those principles are
adequately covered by the Government's proposed "good faith"
instruction, Government's Proposed Request to Charge for Retrial

---

[2]  The district court instructed the jury as follows:

> The defendants [ ] contend that the government has failed to
> prove beyond a reasonable doubt that they agreed to defraud
> Evans & Co. of money by deceiving Evans & Co. through short
> sales . . . .  if you find that the government has failed to
> prove beyond a reasonable doubt that Evans & Co. was
> deceived by short selling in the trading account, you may
> not convict on the conspiracy charge based on the alleged
> scheme to defraud Evans & Co.  Additionally, if you agree
> with the defendants' contention, you may not find that the
> defendants artificially affected the price of EAS and Lopat
> stock based solely on purchases of stock from money
> generated from the short sales.

74 F.3d at 1392.

No. 21, and the instructions regarding the Government's burden of
proving the various *mens rea* elements of the charged crimes.
Id., Request Nos. 18, 20, 29, and 36.  If the Court declines to
give the Government's proposed limiting instruction, the
Government will object to Forbes' proposed "theory of the
defense" instruction.  In that event, the Government will
requests that the Court give no "theory of the defense"
instruction, consistent with applicable caselaw that such
instructions should be limited to neutral legal principles, and
not a "marshaling" of the defense evidence.

        If the Court nevertheless decides to give Forbe's
proposed instruction, however, as it did during the initial
trial, the Court should give a limiting instruction that
clarifies the difference between the Court's recitation of
"Forbes' contentions," which the jury is not required to accept,
and the Court's instructions on the law, which the jury is
required to accept.  This is particularly important where Forbes'
factual-laden "theory of the defense" is intertwined with the
Court's instructions on the law.

        **Third**, contrary to Forbes' claim, the Government's
proposed admonition does not improperly suggest that Forbes
theory of the defense "is not supported by the evidence.  By
stating that the Court is not "expressing any opinion one way or

6

the other about that theory," the proposed limiting instruction

informs the jury that the Court is agnostic on that matter.

**Fourth**, Forbes contends that the proposed limiting

instruction is not necessary because Forbes' theory of the

defense is phrased in terms of Forbes' contentions.  Forbes

thereby effectively concedes that the jury is not required to

accept his contentions, that his contentions are not evidence,

that the jury should not be misled into the belief that the Court

is endorsing any of those contentions, and that the evidence is

limited to the testimony and the exhibits that were admitted into

evidence.  Given those effective concessions, the Court should

make those points explicit in its charge.

The Government's proposed limiting instruction will

serve the same salutary purpose as the Government's Preliminary

Request to Charge No. 3, which informs the jury that the

allegations in the indictment, just like Forbes' contentions in

his "theory of defense" instruction, are not evidence in this

case.  During the first trial, Forbes requested the Court to

repeat that admonition, and the Court repeated that admonition,

at least nine separate times during its final charge.  Initial

Tr. 16241, 16258, 16282, 16286, 16290, 16328, 16332, 16352,

16354.  Here, the Government requests that the Court give its

requested limiting instruction regarding Forbes proposed theory

7

of the defense only once.  "The trial court enjoys broad

discretion in crafting its instructions, which is only

circumscribed by the requirement that the charge be fair to both

sides."  Russo, 74 F.3d at 1393.  The Government's proposed

limiting instruction should be given to make the charge regarding

Forbes' "theory of the defense" fair to both sides in this case.


### CONCLUSION

        For the foregoing reasons, the Government respectfully

requests that the Court instruct the jury regarding the limits of

Forbes' proposed "theory of the defense" instruction.

                              Respectfully submitted,

                              CHRISTOPHER J. CHRISTIE
                              Special Attorney
                              U.S. Department of Justice



                         By:   NORMAN GROSS
                               MICHAEL MARTINEZ
                               CRAIG CARPENITO
                               Special Attorneys
                               U.S. Department of Justice


November 22, 2005
Camden, New Jersey

8

## CERTIFICATE OF SERVICE

I certify that I caused copies of the foregoing United States' Response to Defendant Walter Forbes' Objections to the Government's Proposed Admonition Regarding Forbes' Theory of the Defense Instruction to be served upon Barry Simon, Esq., via email and Federal Express on November 22, 2005.


_____
LYNDA POWERS
U.S. Department of Justice


Dated:     November 22, 2004
           Camden, New Jersey