**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

------------------------------
UNITED STATES OF AMERICA    )
                            )
v.                          )    Criminal No. 3:02CR00264(AWT)
                            )
WALTER A. FORBES            )
------------------------------

### RULING ON FORBES' RETRIAL MOTION NO. 17

### (Motion of Defendant Walter A. Forbes For A Mistrial Because Ms. Pember's Testimony Cause A Constructive Amendment and A Prejudicial Variance)

For the reasons set forth below, Defendant Forbes' motion for a mistrial is being denied.

Defendant Forbes has moved for a mistrial on essentially the same grounds he raised in one of his mistrial motions during the initial trial, namely that testimony by Anne Pember about conversations she had with various auditors from Ernst & Young LLP ("E&Y") caused a constructive amendment and prejudicial variance by expanding the membership of the alleged conspiracy to include auditors from E&Y.[1]

A constructive amendment of the indictment occurs only "when the charging terms are altered, either literally or constructively," United States v. Clemente, 22 F.3d 477, 482 (2d

---

[1] The court notes that the Motion of Defendant Walter A. Forbes for Mistrial Due to Constructive Amendment of the Indictment and/or Prejudicial Variance (Forbes' Trial Motion No. 13) (Doc. No. 802) was denied for substantially the reasons set forth in the Memorandum of the United States in Opposition to Forbes Motion for Mistrial Due to Constructive Amendment of the Indictment and/or Prejudicial Variance (Doc. No. 843).

Cir. 1994), i.e., when the trial evidence "modif[ies] essential elements of the offense charged to the point that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged by the grand jury." United States v. Vebeliunas, 76 F.3d 1283, 1290 (2d Cir. 1996) (internal quotation marks and citations omitted). So long as the "allegations and the proof substantially correspond," and the trial evidence is consistent with the "core of criminality" alleged in the indictment, there is no constructive amendment of the indictment. United States v. Danielson, 199 F.3d 666, 670 (2d Cir. 1999) (internal quotation marks omitted). The Second Circuit has reiterated that:

> Because proof at trial need not, indeed cannot, be a precise replica of the charges contained in the indictment, this court has consistently permitted significant flexibility in proof, provided that the defendant was given notice of the core of criminality to be proven at trial.

United States v. Frank, 156 F.3d 332, 338 (2d Cir. 1998) (internal quotation marks and citation omitted). In assessing a constructive amendment claim, it is appropriate for the court to examine the totality of the indictment, and not merely a particular averment which allegedly conflicts with the trial evidence. See United States v. Ansaldi, 372 F.3d 118, 127 (2d Cir. 2004); United States v. Teitler, 802 F.2d 606, 617 (2d Cir. 1986).

Defendant Forbes also moves for a mistrial based on

prejudicial variance.  In United States v. Salmonese, the court explained that:

> A variance occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment. . . .
>
> A defendant cannot demonstrate that he has been prejudiced by a variance where the pleading and the proof substantially correspond, where the variance is not of a character that could have misled the defendant at the trial, and where the variance is not such as to deprive the accused of his right to be protected against another prosecution for the same offense.

352 F.3d 608, 620-21 (2d Cir. 2003) (internal quotation marks and citation omitted).

The court has reviewed the testimony cited by defendant Forbes in his Memorandum in Support of Motion of Defendant Walter A. Forbes for a Mistrial Because Ms. Pember's Testimony Caused a Constructive Amendment and a Prejudicial Variance (Doc. No. 1891), and the court declines defendant Forbes' invitation to look at Pember's testimony using the equivalent of a fun house mirror.  The court agrees with the government's analysis that absent from Pember's challenged testimony is any assertion that any of the E&Y auditors agreed to participate in the charged scheme or did anything to advance its goals.  Rather, Pember's testimony shows that the auditors were unhappy about receiving incomplete information, and insisted on receiving better information for the audit the following year, but in each case were intentionally given inaccurate information by Pember.  For

this reason, defendant Forbes' arguments do not merit a full analysis under the standards for constructive amendment of the indictment and prejudicial variance between the evidence and the indictment.  However, the court notes that having read the Opposition of the United States to Forbes' Motion for Mistrial Because Ms. Pember's Testimony Caused a Constructive Amendment and a Prejudicial Variance (the "Government's Opposition") (Doc. No. 1905), the court concludes that defendant Forbes' motion should be denied for substantially the reasons set forth in the Government's Opposition.

Accordingly, the Motion of Defendant Walter A. Forbes for a Mistrial Because Ms. Pember's Testimony Caused a Constructive Amendment and a Prejudicial Variance (Doc. No. 1891) is hereby DENIED.

It is so ordered.

Dates this 27th day of November 2005 at Hartford, Connecticut.

/s/AWT

Alvin W. Thompson
United States District Judge