UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.      )<br>)<br>WALTER A. FORBES    )<br>)<br>) | No. 3:02CR264 (AWT)<br><br>November 23, 2005 |

OBJECTIONS OF WALTER FORBES TO
REDACTED SUPERSEDING INDICTMENT

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits the following objections to the redacted superseding indictment supplied by the government on November 22, 2005.

1.Mr. Forbes objects to the identification of Mr. Bell as an alleged co-conspirator in paragraph 17 of Count 1 for reasons previously argued to the Court.

2.Mr. Forbes objects to the identification of Kathy Mills as an alleged co-conspirator in paragraph 17 of Count 1. The government has never identified Ms. Mills as an alleged co-conspirator, and there is no evidence in the record concerning Ms. Mills' state of mind, knowledge, or intent during the period at issue in the indictment.[1]

---

[1] In the first sentence of Count 1, ¶ 10, the Court should eliminate the comma after the word "Shelton" and should eliminate the word "who."

3. Mr. Forbes objects to Count 1, ¶ 14 on the ground that it is prejudicial surplusage. In addition, ¶ 14(b) is inconsistent with the Court's proposed instruction on 10-K's and 10-Q's (Instruction IV(E)), and will undermine that instruction. The prejudicial surplusage in the indictment is particularly prejudicial because the Court is reading the indictment to the jury (over Mr. Forbes' objection) and providing it to the jury during deliberations (over Mr. Forbes' objection).

4. Mr. Forbes objects to the phrase "many public companies, including" in Count 1, ¶ 15 on the ground that it is prejudicial surplusage. The conduct of other public companies is not at issue in this case. The prejudicial surplusage in the indictment is particularly prejudicial because the Court is reading the indictment to the jury (over Mr. Forbes' objection) and providing it to the jury during deliberations (over Mr. Forbes' objection).

5. Mr. Forbes objects to the final two sentences in Count 1, ¶ 15 on the ground that they are prejudicial surplusage. The prejudicial surplusage in the indictment is particularly prejudicial because the Court is reading the indictment to the jury (over Mr. Forbes' objection) and providing it to the jury during deliberations (over Mr. Forbes' objection).

6. Mr. Forbes objects to the last sentence in Count 1, ¶ 16 on the ground that it is prejudicial surplusage. The prejudicial surplusage in the indictment is particularly prejudicial because the Court is reading the indictment to

the jury (over Mr. Forbes' objection) and providing it to the jury during deliberations (over Mr. Forbes' objection).

7. Mr. Forbes objects to clause (e) of Count 1, ¶ 18 on the ground that it is prejudicial surplusage. The prejudicial surplusage in the indictment is particularly prejudicial because the Court is reading the indictment to the jury (over Mr. Forbes' objection) and providing it to the jury during deliberations (over Mr. Forbes' objection).

8. Count 1, ¶ 54 refers to paragraphs 55 through 58 of Count 1, which have now been redacted by agreement of the parties. Paragraph 54 should be eliminated because it refers to paragraphs that have been eliminated from the indictment. The parties had agreed that this paragraph was to be redacted.

9. Counts 2-4 incorporate by reference paragraphs 18-63 of Count 1. Count 1 now has only 58 paragraphs, so the incorporation language should reference paragraphs 18-58 of Count 1.

> Respectfully submitted,
>
> WILLIAMS & CONNOLLY LLP
>
> By: _____
> Brendan V. Sullivan, Jr. (Bar No.ct17115)
> Barry S. Simon  (Bar No. ct24159)
>
> 725 Twelfth Street, N.W.
> Washington, D.C. 20005
> (202) 434-5000 (phone)
> (202) 434-5029 (fax)
> bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Objections of Walter Forbes to Redacted Superseding Indictment to be sent on November 23, 2005 to the following via Federal Express and email:

Norman Gross, Esq.
U.S. Attorney's Office
District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ 08101

Michael Martinez, Esq.
Craig Carpenito, Esq.
United States Attorneys
The Federal Building
U.S. Department of Justice
450 Main Street, Room 320
Hartford, CT 06103

_____
Barry S. Simon