regarding the disclosure of information because the indictment charges only false statements, not omissions.  Inclusion of this instruction would constitute an unconstitutional amendment of the indictment and/or a prejudicial variance.  See, e.g., Stirone v. United States, 361 U.S. 212 (1960); United States v. Wozniak, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an indictment is a per se violation of the Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (internal quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) ("In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the grand jury." (internal quotation omitted)).  Mr. Forbes also objects to this instruction because materiality must be assessed at the time of the statement.  See Forbes Instr. No. 68.  Evidence of a drop in the price of Cendant stock on April 15, 1998 cannot be tied to specific alleged false statements made at a previous date.

    9.    Mr. Forbes objects to paragraph ten because it states that the fraud could be upon any person.  The indictment alleges that there was a specific alleged victim of the alleged fraud, the Hartford Steam Boiler Company.  See Indict., Count 4 ¶ 3.  Inclusion of this instruction would constitute an unconstitutional amendment of the indictment and/or a prejudicial variance.  See, e.g., Stirone v. United States, 361 U.S. 212 (1960); United States v. Wozniak, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an indictment is a per

se violation of the Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) ("In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the grand jury." (quotation omitted)).

10.    Mr. Forbes objects to paragraphs eleven and twelve because they suggest that the victim need not have purchased stock. Because the indictment alleges only one specific victim of the alleged fraud and a specific purchase by that alleged victim, inclusion of this instruction is confusing and would constitute an unconstitutional amendment of the indictment and/or a prejudicial variance. See, e.g., Stirone, 361 U.S. 212; Wozniak, 126 F.3d at 109 ("A constructive amendment of an indictment is a per se violation of the Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (internal quotation & brackets omitted)); Mollica, 849 F.2d at 729 ("In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the grand jury." (quotation omitted)).

## OBJECTIONS TO INSTRUCTION NO. II(E)(2)(b)
(Second Element – In Connection With)

1.      Mr. Forbes objects to the last paragraph of this charge because it focuses on what the government need not prove.

## OBJECTIONS TO INSTRUCTION NO. II(E)(2)(c)
(Third Element – Use of a Means or Instrumentality of Interstate Commerce)

1.      Mr. Forbes objects to the omission of the word "alleged" before the word "scheme" in paragraphs five, six and seven (in which the word "scheme" appears twice).

2.      Mr. Forbes objects to the language "of the offense" in paragraph three.

3.      Mr. Forbes objects to the examples of instrumentalities of interstate commerce provided in paragraph three.

4.      Mr. Forbes objects to paragraphs five through seven because they are unbalanced, stating what the government need not prove.

5.      Mr. Forbes objects to paragraph 5 beginning "In this regard" for the additional reason that it states that "It is sufficient to establish this element for the government to prove that the defendant was an active participant in the scheme." This sentence does not define the "scheme" in question and does not contain the word "alleged" before the word "scheme." Mr. Forbes also objects to the phrase "active participant." The instruction should state "if he participated knowingly, willfully, and with the specific intent to defraud."

6.      Mr. Forbes objects to the last sentence of the instruction because it uses the word "scheme" in a generic sense rather than focusing on the specific scheme alleged in Count 4.

## OBJECTIONS TO INSTRUCTION NO. II(E)(2)(d)
(Fourth Element – Knowingly, Willfully and with the Intent to Defraud)

1.    Mr. Forbes objects to this instruction because the definitions of "knowingly," "willfully" and "intent to defraud" should be separated by headings because they are separate concepts, and should be distinctly and clearly explained to the jury.

2.    Mr. Forbes objects to the definition of intent to defraud because it fails to state that the government must prove that Mr. Forbes acted with the purpose of deceiving or defrauding <u>purchasers of Cendant stock</u>.  Mr. Forbes objects to the failure to provide Forbes Instruction No. 74.  Mr. Forbes also objects to the tautological definition of "intent to defraud" as "to act knowingly and with the intent to deceive or defraud."

3.    Mr. Forbes objects to the fifth and sixth paragraphs of this instruction for the reasons stated in the objections to Proposed Instruction II(C)(2)(b).  Mr. Forbes also objects to incorporating the instructions which deal with issues of proof and evidence, not with the elements of securities fraud.

4.    Mr. Forbes objects to the words "or acted in good faith" in paragraph five.  This language is confusing and could lead jurors to conclude that Mr. Forbes has the burden of proving good faith.

5.    Mr. Forbes objects to an incorporated instruction on good faith. The instruction on good faith should be repeated in full.

6.    Mr. Forbes objects to the absence of the words "and every one" after the word "each" in the second to last sentence of the proposed charge.  Mr. Forbes objects to the words "one or more" in the last sentence.  The word "any" should be substituted in their place.  Otherwise, the instruction is confusing and creates the impression that the jury must find that more than one element has not been satisfied beyond a reasonable doubt to acquit.

7.    Mr. Forbes objects to the use of the phrase "the defendant" rather than the use of the phrase "Mr. Forbes" in this instruction.

**OBJECTIONS TO INSTRUCTION NO. II(F)**
(Aiding and Abetting)

1.    Mr. Forbes objects to this instruction because it is confusing, misleading, and unnecessary under the government's theory of the case. The government's allegation that Mr. Forbes directed the purported conspiracy is inconsistent with the theory that he was a mere aider and abettor. See, e.g., . Indict., Count 1 ¶ 24 ("defendant FORBES directed other conspirators to increase the earnings figure so that it met or exceeded that target" (emphasis added)), ¶ 27 ("defendant WALTER A. FORBES directed other conspirators to increase the consolidated earnings figures for the quarter and the fiscal year by the amounts necessary to meet or exceed their respective earnings targets for that quarter and fiscal year" (emphasis added)). If the government contends that Mr. Forbes was a mere aider and abettor, it must identify the alleged principal whom he purportedly aided and abetted and the manner in which he purportedly aided and abetted. Otherwise, the instruction is extremely vague and misleading. Mr. Forbes further objects to this instruction because the government did not previously provide particulars on this issue.

2.    Mr. Forbes objects to this instruction because it is discussed in connection with the false statement counts, which do not expressly refer to section 2(a), as opposed to section 2(b). See Tr. (11/01/04) at 16126. This same issue relates to all substantive counts where the government seeks an aiding and abetting instruction over defendant's objection. The government's theory of the case and the indictment are all predicated on Mr. Forbes' alleged acts as a principal or directing

others to take certain actions. Those theories do not justify an aiding and abetting instruction.

       3.    Mr. Forbes objects to this instruction because the government has not presented sufficient evidence to support an aiding and abetting theory.

       4.    Mr. Forbes objects to reading the statute because doing so may be confusing and may invite jurors to give their own interpretations of the statutory language. The instructions should focus only on the elements that the government must prove beyond a reasonable doubt, as instructed by the Court.

       5.    Mr. Forbes objects to the following language in the third paragraph and the second element: "in some way" and "some act," because it is too vague.

       6.    Mr. Forbes objects to the instruction because it omits elements of aiding and abetting. It does not state that the government must prove that the defendant acted willfully, and does not define the terms knowingly or willfully. See United States v. Pipola, 83 F.3d 556, 562 (2d Cir. 1996) (trial court instructed jury that the "defendant must have knowingly and willfully facilitated or encouraged the commission of the crime"); 2004 Trial Tr. at 16947-48. It does not clearly state that the government must prove that the defendant knowingly and willfully participated in the crime charged as something he wished to bring about, knowing it was a crime. See United States v. Wiley, 846 F.2d 150, 154 (2d Cir. 1988) (stating that "the evidence must demonstrate that the person charged joined the venture, shared in it, and that his efforts contributed towards its success . . . . A general suspicion or

knowledge of illegality is . . . not enough" (brackets & citation omitted)).  It does not clearly state that the government must prove that "the underlying crime was committed by someone other than the defendant."  Pipola, 83 F.3d at 562.  It also does not state that the government mist prove that Mr. Forbes acted with the same intent required for the underlying offense.  See 2004 Trial Tr. at 16948, 16950-51.

7.    Mr. Forbes objects to the omission of the following language from the instruction:  "The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting.  Likewise, the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  One who does not have knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime also is not an aider and abettor.  An aider and abettor must know that the crime is being committed and act knowingly, willfully, and with the intent required under these instructions."  See 2004 Trial Tr. at 16952; United States v. Stanchich, 550 F.2d 1294, 1300 (2d Cir.1977); see generally Sand, Instruction 11-2 and Commentary.

8.    Mr. Forbes objects to the charge to the extent that it differs from the charge the Court gave on January 4, 2005.  See 2004 Trial Tr. at 16946-52.

9.    Mr. Forbes objects to the failure of the charge to state that good faith is a complete defense and that the defendant does not have the burden of

establishing good faith; rather, the burden is on the government to prove lack of good faith beyond a reasonable doubt. <u>See</u> 2004 Trial Tr. at 16951.

       10.    Mr. Forbes objects to the failure of the charge to instruct that the jury may not return a verdict of guilty unless all of the jurors are either unanimous with respect to liability as a principal or unanimous with respect to liability as an aider and abettor. <u>See</u> 2004 Trial Tr. at 16947.

       11.    Mr. Forbes objects to the use of the phrase "the defendant" rather than the use of the phrase "Mr. Forbes" in this instruction.

**OBJECTION TO INSTRUCTION NO. II(H)**
(Use of Conjunctive in the Indictment)

1.    Mr. Forbes objects to this instruction because it is confusing and

unnecessary.

## OBJECTIONS TO INSTRUCTION NO. III
(The Defendant's Position)

1.      Mr. Forbes objects to the statement "A defendant has a right to have his theory of defense presented to you with the court's instructions." This undermines Mr. Forbes' theory of the defense instruction.  It also is unbalanced, because the Court does not, for example, instruct the jury that the government has a right to make superfluous and unnecessary allegations in the indictment (which the Court is reading and providing to the jury over Mr. Forbes' objection).  This statement also is inaccurate because the Court's proposed charge is not the theory of the defense instruction submitted by Mr. Forbes, but rather a modified and edited version of Mr. Forbes' proposed charge.  The statement also is unnecessary because it is covered by the language in the introduction to Mr. Forbes' proposed theory of the defense charge, as well as the last paragraph of the instruction that the Court is giving over Mr. Forbes' objection.  Mr. Forbes requests that the Court give his full Theory of the Defense Charge, as set forth in Supplemental Proposed Jury Instruction No. 1.

2.      Mr. Forbes objects to the title of the instruction as "The Defendant's Position" rather than "Mr. Forbes' Theory of the Defense."

3.      Mr. Forbes objects to the Court's refusal to give his theory of the defense instruction in the form submitted to the Court by Mr. Forbes.  The instruction is necessary to counterbalance in at least some respect the prejudicial effect of the Court's reading of the indictment to the jury during deliberations (over Mr. Forbes' objection) and the Court's decision (over Mr. Forbes' objection) to allow

the jury to have a copy of the indictment during deliberations. The indictment is a "speaking indictment" that sets forth, in detail, the government's theory of the case and marshals the evidence for the government. <u>The government did not object to the length or nature of Mr. Forbes' theory of the defense instruction</u>.

4.      Mr. Forbes objects to the Court's refusal to give Mr. Forbes' theory of the defense instruction because the instruction is necessary in light of the inadequate instructions on the intent elements of the offenses charged (to which Mr. Forbes has objected) and the refusal to repeat the good faith instruction in the charge (to which Mr. Forbes has objected). Mr. Forbes' theory of the defense instruction is a correct statement of the law and sets forth matters not covered by the Court's other instructions.

5.      Mr. Forbes objects to the final paragraph of the instruction for the reasons set forth in the Objections of Walter Forbes to Government's Proposed "Admonition" Regarding Theory of Defense Instruction (filed Nov. 21, 2005). This paragraph is particularly prejudicial because the Court is reading the entire indictment to the jury over Mr. Forbes' objection.

6.      In addition to his objection to the entire final paragraph of the instruction, Mr. Forbes objects to the sentence "although I am presenting Mr. Forbes' theory of the case to you with my instructions on the law, his theory of defense is not a part of my instructions on the law." Mr. Forbes' theory of the defense instruction <u>is</u> part of the Court's instructions, and is based on legal principles that apply to this case. This sentence erroneously divorces the theory of

the defense instruction from the remainder of the Court's instructions, erroneously suggests that the jury should disregard the theory of defense instruction, undermines the theory of the defense instruction, and erroneously suggests that the instruction is not an instruction.

## OBJECTIONS TO INSTRUCTION NO. IV(A)
(Evidence in this Case)

1.    In the paragraph beginning "Second, the questions to the witnesses are not evidence," Mr. Forbes objects to the sentence beginning "Also, at times," as well as the subsequent sentence.  These sentences only address a small sample of the numerous situations in which the witness' answer has to be considered in light of the lawyer's question.  They also focus on cross-examination to the exclusion of similar issues on direct examination.

2.    In the paragraph beginning "Fifth, anything you may have seen or heard," Mr. Forbes objects to the sentence beginning "You should consider."

**OBJECTIONS TO INSTRUCTION NO. IV(C)**
(Acts and Declarations of Alleged Co-Conspirators)

1.      Mr. Forbes objects to this instruction in its entirety.  It is a comment on selected evidence, and is unnecessary and prejudicial.

2.      Mr. Forbes objects to the omission of the words "allegedly" and "alleged" before the words "did" and "existence" in the fourth line of the instruction.

3.      Mr. Forbes objects to the identification of Stuart Bell as an alleged co-conspirator for reasons previously presented to the Court.

**OBJECTIONS TO INSTRUCTION NO. IV(F)**
(Evidence Concerning the Cendant Restatement)

1.      Mr. Forbes objects to this instruction in its entirety.  Mr. Forbes objects to the jury being allowed to consider the Restatement with respect to any issue because it is not relevant and is unduly prejudicial.

2.      Mr. Forbes further objects to this instruction because there is no record evidence of what the Restatement said, so it is not probative of the falsity or materiality of any alleged statement previously made.  To the extent Mr. Kernkraut alluded to the Restatement during his testimony, that testimony was improper for the reasons set forth in Forbes Retrial Motion No. 15.

## OBJECTIONS TO INSTRUCTION NO. IV(H)
### (Use of Particular Investigative Techniques or Witnesses)

1.      Mr. Forbes objects to this instruction in its entirety because it suggests that the jury may not consider the government's failure to present evidence within its control, including the testimony of witnesses the government elected not to call.  This is an incorrect statement of the law, given the government's burden of proof and the instruction that the jury should consider the evidence <u>or lack of evidence</u>.  The jury should be instructed that it may base its verdict on the lack of evidence, as well as the evidence presented.

2.      Mr. Forbes also objects to the first paragraph of the instruction because the terms "specific investigative technique" and "[l]aw enforcement techniques" are vague and confusing, and inject extraneous issues into the Government's proposed instructions.  This is not a case, for example, where undercover operations or wiretaps were used, where an instruction on investigative techniques might be appropriate because such techniques might be personally offensive to some jurors.  To the extent that "investigative techniques" includes such things as plea agreements or proffer agreements, they <u>are</u> relevant to this case and are dealt with in specific instructions.  Similarly, to the extent "investigative techniques" include things such as 85-95 meetings between the government and a key witness, they are relevant to issues such as bias and credibility.

3.      Mr. Forbes objects to the second paragraph because it is unbalanced and inconsistent with the government's burden of proof and the fact that the defendant had no obligation to do anything.  The government is obligated

85

to satisfy its burden of proof beyond a reasonable doubt, and it is fair argument to note the government's failure to call witnesses.

4.    Mr. Forbes objects to the second paragraph of the instruction for the additional reason that it is inconsistent with the missing witness instruction requested by Mr. Forbes with respect to Mr. Bell.

5.    Mr. Forbes objects to the failure to give the missing witness instruction proposed by Mr. Forbes.  <u>See</u> Forbes Instr. No. 11.1.

## OBJECTIONS TO INSTRUCTION NO. IV(I)
(Credibility of the Witnesses)

1.      In the paragraph beginning "In evaluating the credibility of

witnesses," Mr. Forbes objects to the last two sentences.

## OBJECTIONS TO INSTRUCTION NO. IV(L)
(Uncontradicted Testimony)

1.      Mr. Forbes objects to this instruction on the ground that the factors to consider in evaluating evidence and witness credibility are already addressed in other instructions.

2.      Mr. Forbes objects to this instruction on the ground that it is inconsistent with other instructions that allow the jury to consider the lack of evidence presented by the government in its deliberations.  If testimony was presented by a defendant, and the government did not present any contrary evidence, the jury should be permitted to consider that fact in determining whether the government has satisfied its burden of proof.  This instruction invites the jury to reject Mr. Forbes' testimony even where there was no contrary evidence presented by the government, and dilutes the instructions that the jury may consider the lack of evidence presented by the government.

3.      Mr. Forbes objects to the second sentence because it focuses on certain considerations.

## OBJECTIONS TO INSTRUCTION NO. IV(M)
(Testimony of Expert Witnesses)

1.      Mr. Forbes objects to the language concerning Mr. Heckler.  Mr. Forbes objected to any testimony from Mr. Heckler.

2.      Mr. Forbes objects to the omission from the instruction of the following language:  "I instruct you that the testimony of Mr. Heckler may be considered only with respect to the question of whether certain accounting activities that are alleged to have occurred at CUC and Cendant during the fiscal years ending 1/31/96, 1/31/97, and 12/31/97 were in accordance with GAAP and with respect to the question of whether any allegedly false statement made during this time period was material.  In particular, you may not consider this testimony at all with respect to the question of whether Mr. Forbes was a knowing and willful participant in the alleged conspiracy or whether Mr. Forbes knowingly and willfully engaged in any wrongdoing."  See Forbes Retrial Motion In Limine No. 26.