## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 3:02CR264 (AWT) |
| v. | ) | |
| | ) | November 29, 2005 |
| WALTER A. FORBES | ) | |
| | ) | |
| | ) | |

## NOTICE OF WALTER A. FORBES OF PRESERVATION
## OF OBJECTIONS TO IMPROPER CLOSING ARGUMENT

Walter A. Forbes, through undersigned counsel, respectfully submits this notice of preservation of objections to improper closing argument by the government. In addition to the matters set forth in the treatises identified by the Court, Gordon Mehler et al., Federal Criminal Practice: A Second Circuit Handbook (2005), and William Fortune & Richard Underwood, Modern Litigation and Professional Responsibility Handbook: The Limits of Zealous Advocacy (2d ed. 2001), Mr. Forbes objects to the government making arguments regarding the following matters in closing argument:

1.    that accounting at CUC prior to January 1, 1995 was improper, see Forbes Retrial Motion Nos. 7, 15; Forbes Retrial Motion *In Limine* Nos. 3, 23.

2.    that Stuart Bell was an alleged co-conspirator of Mr. Forbes, see Forbes Retrial Motion No. 7;

3.    that Stuart Bell was involved in financial wrongdoing, <u>see</u>

Forbes Retrial Motion No. 7;

4.    that two CFO's (Bell and Corigliano) were involved in

financial wrongdoing, <u>see</u> Forbes Retrial Motion No. 7;

5.    that the truth-telling provisions of Mr. Corigliano's plea

agreement buttress his credibility and/or give him an incentive to tell the

truth, <u>see</u> Forbes Retrial Motion *In Limine* No. 13;

6.    that Mr. Corigliano is in compliance with his plea

agreement, <u>see</u> Forbes Retrial Motion *In Limine* No. 13; Forbes Retrial

Motion No. 19; <u>Giglio v. United States</u>, 405 U.S. 150 (1972); <u>Miller v. Pate</u>,

386 U.S. 1 (1967); <u>Napue v. Illinois</u>, 360 U.S. 264 (1959); <u>Alcorta v. Texas</u>,

355 U.S. 28 (1957) (per curiam); <u>White v. Ragen</u>, 324 U.S. 760 (1945) (per

curiam); <u>Pyle v. Kansas</u>, 317 U.S. 213 (1942); <u>Mooney v. Holohan</u>, 294 U.S.

103 (1935) (per curiam); <u>Su v. Filion</u>, 335 F.3d 119 (2d Cir. 2003); <u>Jenkins v.</u>

<u>Artuz</u>, 294 F.3d 284 (2d Cir. 2002); <u>United States v. Vozzella</u>, 124 F.3d 389

(2d Cir. 1997); <u>United States v. Wallach</u>, 935 F.2d 445 (2d Cir. 1991); <u>DuBose</u>

<u>v. Lefevre</u>, 619 F.2d 973 (2d Cir. 1980);

7.    that Mr. Corigliano is a credible or truthful witness, <u>see</u>

Forbes Retrial Motion *In Limine* No. 13; <u>Giglio v. United States</u>, 405 U.S. 150

(1972); <u>Miller v. Pate</u>, 386 U.S. 1 (1967); <u>Napue v. Illinois</u>, 360 U.S. 264

(1959); <u>Alcorta v. Texas</u>, 355 U.S. 28 (1957) (per curiam); <u>White v. Ragen</u>, 324

U.S. 760 (1945) (per curiam); <u>Pyle v. Kansas</u>, 317 U.S. 213 (1942); <u>Mooney v.</u>

Holohan, 294 U.S. 103 (1935) (per curiam); Su v. Filion, 335 F.3d 119 (2d Cir.

2003); Jenkins v. Artuz, 294 F.3d 284 (2d Cir. 2002); United States v.

Vozzella, 124 F.3d 389 (2d Cir. 1997); United States v. Wallach, 935 F.2d 445

(2d Cir. 1991); DuBose v. Lefevre, 619 F.2d 973 (2d Cir. 1980);

        8.     that any alleged facts are true based upon Mr.

Corigliano's testimony, see, e.g., Giglio v. United States, 405 U.S. 150 (1972);

Miller v. Pate, 386 U.S. 1 (1967); Napue v. Illinois, 360 U.S. 264 (1959);

Alcorta v. Texas, 355 U.S. 28 (1957) (per curiam); White v. Ragen, 324 U.S.

760 (1945) (per curiam); Pyle v. Kansas, 317 U.S. 213 (1942); Mooney v.

Holohan, 294 U.S. 103 (1935) (per curiam); Su v. Filion, 335 F.3d 119 (2d Cir.

2003); Jenkins v. Artuz, 294 F.3d 284 (2d Cir. 2002); United States v.

Vozzella, 124 F.3d 389 (2d Cir. 1997); United States v. Wallach, 935 F.2d 445

(2d Cir. 1991); DuBose v. Lefevre, 619 F.2d 973 (2d Cir. 1980);

        9.     that Cendant's stock price dropped after accounting

irregularities were announced by Cendant in April 1998, see Forbes Retrial

Motion *In Limine* No. 24;

        10.    that any alleged change in CUC's or Cendant's stock price

is relevant to any issue other than materiality, see Court Retrial Limiting

Instr. No. 3 ;

        11.    any argument contrasting Mr. Forbes' compensation or

stock sales with alleged losses to investors in Cendant stock;

12.    that Mr. Forbes' asset transfers after April 1998 are evidence or proof of consciousness of guilt, see Forbes Retrial Motion *In Limine* No. 5;

13.    that Kevin Kearney is a credible or truthful witness, see Forbes Retrial Motion No. 18; Giglio v. United States, 405 U.S. 150 (1972); Miller v. Pate, 386 U.S. 1 (1967); Napue v. Illinois, 360 U.S. 264 (1959); Alcorta v. Texas, 355 U.S. 28 (1957) (per curiam); White v. Ragen, 324 U.S. 760 (1945) (per curiam); Pyle v. Kansas, 317 U.S. 213 (1942); Mooney v. Holohan, 294 U.S. 103 (1935) (per curiam); Su v. Filion, 335 F.3d 119 (2d Cir. 2003); Jenkins v. Artuz, 294 F.3d 284 (2d Cir. 2002); United States v. Vozzella, 124 F.3d 389 (2d Cir. 1997); United States v. Wallach, 935 F.2d 445 (2d Cir. 1991); DuBose v. Lefevre, 619 F.2d 973 (2d Cir. 1980);

14.    that any alleged facts are true based upon Mr. Kearney's testimony, see Forbes Retrial Motion No. 18; Giglio v. United States, 405 U.S. 150 (1972); Miller v. Pate, 386 U.S. 1 (1967); Napue v. Illinois, 360 U.S. 264 (1959); Alcorta v. Texas, 355 U.S. 28 (1957) (per curiam); White v. Ragen, 324 U.S. 760 (1945) (per curiam); Pyle v. Kansas, 317 U.S. 213 (1942); Mooney v. Holohan, 294 U.S. 103 (1935) (per curiam); Su v. Filion, 335 F.3d 119 (2d Cir. 2003); Jenkins v. Artuz, 294 F.3d 284 (2d Cir. 2002); United States v. Vozzella, 124 F.3d 389 (2d Cir. 1997); United States v. Wallach, 935 F.2d 445 (2d Cir. 1991); DuBose v. Lefevre, 619 F.2d 973 (2d Cir. 1980);

15.    that anyone allegedly invoked Mr. Forbes' name in connection with topside adjustments, with respect to when information could be provided to E&Y, or with respect to any improper accounting at CUC, see Forbes Retrial Motion No. 18; Giglio v. United States, 405 U.S. 150 (1972); Miller v. Pate, 386 U.S. 1 (1967); Napue v. Illinois, 360 U.S. 264 (1959); Alcorta v. Texas, 355 U.S. 28 (1957) (per curiam); White v. Ragen, 324 U.S. 760 (1945) (per curiam); Pyle v. Kansas, 317 U.S. 213 (1942); Mooney v. Holohan, 294 U.S. 103 (1935) (per curiam); Su v. Filion, 335 F.3d 119 (2d Cir. 2003); Jenkins v. Artuz, 294 F.3d 284 (2d Cir. 2002); United States v. Vozzella, 124 F.3d 389 (2d Cir. 1997); United States v. Wallach, 935 F.2d 445 (2d Cir. 1991); DuBose v. Lefevre, 619 F.2d 973 (2d Cir. 1980);

16.    any argument based on Mr. Heckler's testimony, see Forbes Retrial Motion In Limine No. 1;

17.    Mr. Heckler's quantification of the alleged accounting improprieties at CUC and Cendant, see Forbes Retrial Motion In Limine No. 1;

18.    that Mr. Forbes' severance agreement with Cendant gives him a motive to testify falsely, see Forbes Retrial Motion In Limine No. 4;

19.    any argument based on analyst reports or consensus data reports, see Forbes Retrial Motion In Limine No. 6;

20.    any argument based on the Cendant Restatement, see Forbes Retrial Motion In Limine No. 19;

21.    any argument based on any testimony of Steven Kernkraut to which Mr. Forbes has objected, see Forbes Retrial Motion Nos. 15, 16;

22.    that anyone other than Walter Forbes, Kirk Shelton, Cosmo Corigliano, Anne Pember, Casper Sabatino, Steven Speaks, Kevin Kearney, or Mary Sattler was an alleged coconspirator, see Forbes Proposed Jury Instruction No. 31.1;

23.    that auditors from Ernst & Young engaged in misconduct or were aware of or acquiesced in improper accounting at CUC or Cendant, see Forbes Retrial Motion No. 17;

24.    that Mr. Corigliano's written SEC settlement agreement permitted Mr. Corigliano to use funds and assets that were otherwise required to be transferred to the receiver pursuant to the SEC settlement agreement to pay his personal living expenses and property taxes, see DX 1060 ¶¶ 3(vi) & 6;

25.    that Mr. Forbes should have known about the alleged accounting irregularities;

26.    that Mr. Forbes held a position similar to the captain of a ship or any other position of absolute power, see Forbes Retrial Motion *In Limine* No. 10;

27.    that bug sweeping purportedly took place at CUC in connection with the HFS merger between May 1997 and December 1997; or

28.    any argument based on false testimony elicited by the government and not corrected by the government in addition to that set forth supra, including but not limited to (i) the testimony of Kevin Kearney on redirect examination suggesting that Mr. Kearney is a disinterested witness who has no motive to testify falsely to please the government (Tr. 1194, 1198); (ii) Mr. Corigliano's testimony that he is in compliance with his plea agreement and suggesting that he has testified truthfully in these proceedings; (iii) Mr. Corigliano's testimony about purported bug sweeping at CUC between May 1997 and December 1997 in connection with the Cendant merger; and (iv) the testimony of Casper Sabatino on cross-examination that Mr. Sabatino's memory about pre-1995 unsupported topside adjustments had been refreshed by looking at a copy of GX 9322 and suggesting that Mr. Sabatino had never seen GX 9322 before (Tr. 2633-35). See Giglio v. United States, 405 U.S. 150 (1972); Miller v. Pate, 386 U.S. 1 (1967); Napue v. Illinois, 360 U.S. 264 (1959); Alcorta v. Texas, 355 U.S. 28 (1957) (per curiam); White v. Ragen, 324 U.S. 760 (1945) (per curiam); Pyle v. Kansas, 317 U.S. 213 (1942); Mooney v. Holohan, 294 U.S. 103 (1935) (per curiam); Su v. Filion, 335 F.3d 119 (2d Cir. 2003); Jenkins v. Artuz, 294 F.3d 284 (2d Cir. 2002); United States v. Vozzella, 124 F.3d 389 (2d Cir. 1997); United States v. Wallach, 935 F.2d 445 (2d Cir. 1991); DuBose v. Lefevre, 619 F.2d 973 (2d Cir. 1980).[1]

---

[1]    Mr. Forbes cannot anticipate all improper arguments that the

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____

Brendan V. Sullivan, Jr. (ct17115)
Barry S. Simon (ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (ct05103)
Thomas J. Murphy (ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated:  November 29, 2005

---

government might make during its closing arguments, and reserves the right
to make additional objections.  Mr. Forbes also objects to the government's
repetition of any arguments to which he objected during the government's
closing and rebuttal arguments at the first trial of this case.

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Notice of Walter A. Forbes of Preservation of Objections to Improper Closing Argument to be sent on November 29, 2005 to the following via email and hand delivery:

> Michael Martinez, Esq.
> Craig Carpenito, Esq.
> U.S. Attorney's Office
> 450 Main Street, Room 320
> Hartford, CT  06103

and to the following via email and FedEx:

> Norman Gross, Esq.
> U.S. Attorney's Office
> District of New Jersey
> 401 Market Street
> Fourth Floor
> Camden, NJ  08101

Barry S. Simon