UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------
UNITED STATES OF AMERICA,     )
                              )
v.                            )      Criminal No. 3:02CR00264(AWT)
                              )
WALTER A. FORBES              )
-------------------------------
```

### RULING ON FORBES' RETRIAL MOTION NO. 2

**(Motion of Defendant Walter A. Forbes (1) For a Bill of Particulars and (2) To Limit the Evidence Presented at Trial to the Charges in the Indictment)**

For the reasons set forth below, defendant Forbes' motion for a bill of particulars and to limit the evidence presented at trial was denied.

"The function of a bill of particulars is to provide defendant with information about the details of the charge against him if this is necessary to the preparation of his defense, and to avoid prejudicial surprise at trial." United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990) (citing 1 C. Wright Federal Practice and Procedure § 129, at 434-35 (2d ed. 1982) and United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987)).  "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." Id. (citations omitted).  However, in Torres the court made it clear that "[a]cquisition of evidentiary detail is not the function of the bill of particulars." Id.  "[A] bill of particulars is not

intended to give a preview of the case or unduly restrict the government's presentation of its case or unduly restrict the government in presenting its proof at trial. . . . The ultimate test must be whether the information sought is necessary, not whether it is helpful." United States v. Young & Rubicam, Inc., 741 F. Supp. 334, 349 (D. Conn. 1990) (citations omitted). "Generally, if the information sought by defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required." Bortnovsky, 820 F.2d at 574.

In connection with the initial trial, defendant Forbes filed the Motion of Defendant Walter A. Forbes For a Bill of Particulars, dated April 24, 2003, (Forbes Pretrial Motion No. 38) (Doc. No. 185) and the Supplemental Motion of Defendant Walter A. Forbes For a Bill of Particulars, dated February 17, 2004, (Forbes Pretrial Motion No. 60 / Supplement to Forbes Pretrial Motion No. 38)(Doc. No. 480), which were denied orally on April 19, 2004 for substantially the reasons set forth by the government in its oppositions.[1]  See Memorandum of the United States in Opposition to Defendants' Motions For Bills of Particulars, dated June 2, 2003, (Doc. No. 253)[2] and Memorandum

---

[1] Co-defendant E. Kirk Shelton's motions for a bill of particulars (see Doc. Nos. 218 and 221) were denied for the same reasons.

[2] The court notes that during oral argument on October 15, 2003, the government walked the court through the compilation referred to by the government in this memorandum, which had been

of the United States in Response to Defendant Forbes' Second Motion For a Bill of Particulars, dated March 8, 2004 (Doc. No. 520).

Defendant Forbes also filed, in connection with his first trial, the Renewed Motion of Defendant Walter A. Forbes For a Bill of Particulars, dated May 5, 2004, (Forbes Trial Motion No. 2) (Doc. No. 677) (the "Renewed Motion"), which was denied because it was merely an attempt to acquire evidentiary detail.

In connection with this retrial, defendant Forbes filed the instant motion, which basically repeats the arguments set forth in the Renewed Motion. Defendant Forbes argues that he "does not know what testimony or other evidence the government will present in a retrial concerning pre-1995 accounting." Memorandum in Support Motion of Defendant Walter A. Forbes (1) For a Bill of Particulars and (2) To Limit the Evidence Presented at Trial to the Charges in the Indictment (Doc. No. 1607) at 3. Thus, defendant Forbes filed a motion for a bill of particulars in order to again seek additional evidentiary detail and to unduly restrict the government in presenting its proof at trial, not to remedy a situation where the charges in the indictment are so general that they did not advise him of the specific acts of which he is accused. As the government noted, although defendant

---

organized to reflect the different types of fraudulent accounting practices alleged in the indictment. See Oct. 15, 2003 Tr. at 130-139.

3

Forbes did not know each item of testimony or other evidence the government would present during the retrial, defendant Forbes had the benefit of seeing the government put on its entire case in the first trial, and the court concluded that defendant Forbes' motion should be denied for substantially the reasons set forth by the government in the Government's Opposition to Defendant Walter A. Forbes' Motion (1) For a Bill of Particulars and (2) To Limit the Evidence Presented at Trial to the Charges in the Indictment (Doc. No. 1642).

Accordingly, the Motion of Defendant Walter A. Forbes (1) For a Bill of Particulars and (2) To Limit the Evidence Presented at Trial to the Charges in the Indictment (Doc. No. 1607) was denied on November 14, 2005.  See Trial Tr. 2642:8-9.

It is so ordered.

Dated this 4th day of December 2005 at Hartford, Connecticut.

>                       /s/
>              Alvin W. Thompson
>         United States District Judge