## OBJECTIONS TO INSTRUCTION NO. IV(P)
(Defense Witness Testifying Under Plea Agreement)

       1.    Mr. Forbes objects to the last sentence of the instruction because it is not limited to testimony that is favorable to the government.

## OBJECTIONS TO INSTRUCTION NO. IV(Q)
(Not Proper to Consider Guilty Plea of Government Witness)

1.      Mr. Forbes objects to the omission of the following language after the first sentence of the instruction, and before the sentence beginning "You are instructed":

"The testimony of a witness may be discredited by evidence showing that the witness has pled guilty to a felony, a crime for which a person may receive a prison sentence of more than one year.  A guilty plea to a crime that is a felony is one of the circumstances that you may consider in determining the credibility of that witness.  It is the sole and exclusive right of the jury to determine the weight to be given to any prior guilty plea as impeachment and the weight, if any, to be given to the testimony of anyone who has pled guilty to a felony.  You may consider evidence that Cosmo Corigliano and Anne Pember  pled guilty to felony charges only in evaluating the credibility of Cosmo Corigliano and Anne Pember as witnesses in this case.  You may not consider this evidence for any other purpose." See O'Malley §15.07 (modified).

2.      The foregoing language should be given with respect to Mr. Corigliano and Ms. Pember, but not with respect to Mr. Sabatino.  The government should not get the benefit of an instruction that Mr. Sabatino's testimony may be discredited by his felony plea because the government has entered into a plea agreement with Mr. Sabatino and would be required to nullify certain provisions of the agreement if it believed he were not testifying truthfully (which it has not done).

98

3.    Mr. Forbes objects to the Court's failure to give Forbes Proposed Instruction Nos. 19 and 19A in lieu of this instruction because they differentiate between the government's witnesses and Mr. Sabatino.

<u>See</u> Forbes Proposed Instr. Nos. 19, 19A.

## OBJECTIONS TO INSTRUCTION NO. IV(S)
(Defendant's Testimony)

1.    Mr. Forbes objects to this instruction on the ground that it is unnecessary and places undue emphasis on Mr. Forbes' testimony.

2.    Mr. Forbes objects to the instruction because the Court permitted the government to read in portions of Mr. Forbes' 2004 testimony over his objection, essentially compelling his testimony.  See United States v. Walter, 652 F.2d 708, 713 (7th Cir. 1981).

## OBJECTIONS TO INSTRUCTION NO. V(B)
(Notes)

1.    Mr. Forbes objects to the second paragraph because there are procedures for correcting a transcript that the government has not chosen to follow. There is no law of which Mr. Forbes is aware, and the government has not cited any, that says that a recollection of jurors trumps an official transcript. The transcript is the official record of the evidence. The law concerning juror recollection deals with arguments of counsel, which are not evidence.

**OBJECTIONS TO INSTRUCTION NO. V(D)**
(Exhibits and Testimony; Use of the Indictment)

1.      Mr. Forbes objects to the jury having a copy of the indictment in the jury room.  The indictment addresses many evidentiary matters and includes numerous unnecessary allegations.  Moreover, the language of the indictment is unconstitutionally vague.  There is a serious danger that the jury will convict Mr. Forbes on facts or theories not found by the grand jury.  <u>See, e.g.</u>, <u>Russell v. United States</u>, 369 U.S. 749 (1962).

## ADDITIONAL OBJECTIONS TO FAILURE TO GIVE CHARGES
## REQUESTED BY MR. FORBES

Mr. Forbes objects to the Court's failure to include the following instructions proposed by Mr. Forbes in the Court's charge:

1.    Forbes Instr. No. 11.1 (Missing Witness Stuart Bell)—for the reasons set forth above in the Objections to Failure to Give Missing Witness Instruction;

2.    Forbes Instr. No. 15 (Acts and Statements After April 15 1998)—because the Court gave a similar limiting instruction during the initial trial, it is supported by the law, and it is necessary to ensure that the jury does not consider this evidence for improper purposes;

3.    Forbes Instr. No. 15.1 (Accounting Matters Not To Be Considered—Pre-1995 Time Period)—because (1) the testimony about these matters constituted a constructive amendment and/or a prejudicial variance, and the instructions can help protect against a constructive amendment and/or a prejudicial variance; (2) Mr. Kernkraut's testimony on these matters was improper and prejudicial for the reasons set forth in Forbes Retrial Motion No. 15; (3) the lay opinion testimony of Mr. Corigliano, Ms. Pember, and Mr. Kernkraut on this subject was improper and inadmissible under Fed. R. Evid. 701; and (4) testimony regarding Mr. Bell was improper for the reasons set forth in Forbes Retrial Motion No. 7;

4.      Forbes Instr. No. 15.2 (Accounting Matters Not To Be Considered—Membership Numbers)—because Mr. Kernkraut's improper testimony about this matter constituted a constructive amendment and/or a prejudicial variance, and the instruction can help protect against a constructive amendment and/or a prejudicial variance;

5.      Forbes Instr. No. 15.2.1 (Mr. Kernkraut's Testimony About What He Supposedly Learned After April 15, 1998)—for the reasons set forth in Forbes Retrial Motion No. 15;

6.      Forbes Instr. No. 19 (Guilty Pleas of Government Witness)—because the Court's instruction erroneously states the manner in which guilty pleas of government witnesses may be considered and this charge, which is supported by the law, is necessary to correct that charge;

7.      Forbes Instr. No. 20.1 (Retainer Funds)—because the instruction is supported by the law and is necessary to assist the jury in evaluating the bias and credibility of the key government witness;

8.      Forbes Instr. No. 20.2 (SEC Quarterly Asset Schedules)—because the interpretation of the agreement is a question of law, the instruction is supported by the law, and is necessary to assist the jury in evaluating the bias and credibility of the key government witness;

9.      Forbes Instr. No. 20.3 (Town of Old Saybrook Appraisal and Assessment of Corigliano Property)—because the instruction is supported by the

law and is necessary to assist the jury in evaluating the bias and credibility of the key government witness;

10.    Forbes Instr. No. 20.4 (SEC Settlement Agreement)—because the interpretation of the agreement is a question of law, the instruction is supported by the law, and is necessary to assist the jury in evaluating the bias and credibility of the key government witness;

11.    Forbes Instr. No. 29 (Generally Accepted Accounting Principles)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

12.    Forbes Instr. No. 30 (Elements of Conspiracy)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

13.    Forbes Instr. No. 31 (First Element of Conspiracy—Existence of Agreement)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

14.    Forbes Instr. No. 32 (Individuals Not Named as Alleged Co-Conspirators)—to clarify for the jury who is not alleged to be a co-conspirator in Count 1 and respond to the government's improper suggestion during trial that other individuals (such as E&Y auditors) engaged in wrongdoing;

15.    Forbes Instr. No. 33 (Alleged Unlawful Objectives Charged in Count 1—Need for Unanimity)—because the instruction is supported by the law,

more accurately identifies the objects of the alleged conspiracy and more accurately sets forth the requirement of unanimity than the Court's charge;

16.     Forbes Instr. No. 34 (Second Element of Conspiracy—Membership in the Alleged Conspiracy)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

17.     Forbes Instr. No. 35 (Second Element of Conspiracy—"Knowingly" Defined)—because the instruction is supported by the law and more accurately sets forth the knowledge requirement as set forth above in the Objections to Repeated Failures to Define Knowingly by Reference to Alleged False Statements;

18.     Forbes Instr. No. 36 (Second Element of Conspiracy—"Knowingly" GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

19.     Forbes Instr. No. 37 (Second Element of Conspiracy—"Willfully" Defined)—because the instruction is supported by the law and more accurately sets forth the definition than the Court's charge;

20.     Forbes Instr. No. 38 (Second Element of Conspiracy—"Specific Intent to Defraud" Defined)—because the instruction is supported by the law and more accurately sets forth the definition than the Court's charge;

21.     Forbes Instr. No. 40 (Good Faith)—because the instruction is supported by the law and should be repeated in and tailored to the mental states required of each charge;

22.    Forbes Instr. No. 41 (Knowingly, Willfully, and Specific Intent to Defraud—Standards Unclear)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

23.    Forbes Instr. No. 44 (Elements of False Statement in SEC Report)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

24.    Forbes Instr. No. 46 (Alleged False Statements of Fact Charged in Count 2)—for the reasons set forth in the Objections to Defining the Alleged False Statements More Broadly Than the Indictment;

25.    Forbes Instr. No. 48 (Alleged False Statements of Fact Charged in Count 3)—for the reasons set forth in the Objections to Defining the Alleged False Statements More Broadly Than the Indictment;

26.    Forbes Instr. No. 50 (False Statement of Fact—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

27.    Forbes Instr. No. 51 (Second Element of False Statement in SEC Report—Materiality)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

28.    Forbes Instr. No. 52 (Materiality Judged at Time of Statement)— because the instruction is supported by the law and is not fully conveyed by the Court's charge;

29.     Forbes Instr. No. 53 (Third Element of False Statement in SEC Report—Made or Caused)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

30.     Forbes Instr. No. 55 (Fourth Element of False Statement in SEC Report—Knowingly)—because the instruction is supported by the law and more accurately sets forth the knowledge requirement as set forth above in the Objections to Repeated Failures to Define Knowingly by Reference to Alleged False Statements;

31.     Forbes Instr. No. 56 (Knowingly—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

32.     Forbes Instr. No. 57 (Fourth Element of False Statement in SEC Report—Willfully)—because the instruction is supported by the law and more accurately sets forth the definition than the Court's charge;

33.     Forbes Instr. No. 58 (Fourth Element of False Statement in SEC Report—Specific Intent to Defraud)—because the instruction is supported by the law and more accurately sets forth the definition than the Court's charge.

34.     Forbes Instr. No. 60 (Good Faith)—because the instruction is supported by the law and should be repeated in and tailored to the mental states required of each charge;

35.     Forbes Instr. No. 61 (Knowingly, Willfully, and Specific Intent to Defraud—Standards Unclear)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

36.     Forbes Instr. No. 62 (Elements of Securities Fraud)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

37.     Forbes Instr. No. 63 (First Element of Securities Fraud—Untrue Statement of Fact)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge, which defines the fraud too broadly as further set forth in the Objections to Defining the Alleged Fraud More Broadly than the Indictment;

38.     Forbes Instr. No. 64 (Alleged Untrue Statements of Fact Charged in Count 4)—because the instruction is supported by the law, identifies the alleged false statements, and more accurately sets forth the elements than the Court's charge, which defines the fraud too broadly as further set forth in the Objections to Defining the Alleged Fraud More Broadly than the Indictment;

39.     Forbes Instr. No. 65 (Alleged Untrue Statements of Fact)— because the instruction is supported by the law and more accurately sets forth the requirement of unanimity than the Court's charge;

40.     Forbes Instr. No. 66 (Untrue Statement of Fact—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

41.     Forbes Instr. No. 67 (Second Element of Securities Fraud—Materiality)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

42.     Forbes Instr. No. 68 (Materiality Judged at Time of Statement)—because the instruction is supported by the law and is not conveyed by the Court's charge;

43.     Forbes Instr. No. 71 (Fourth Element of Securities Fraud—Knowingly)—because the instruction is supported by the law and more accurately sets forth the knowledge requirement as set forth above in the Objections to Repeated Failures to Define Knowingly by Reference to Alleged False Statements;

44.     Forbes Instr. No. 72 (Knowingly—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

45.     Forbes Instr. No. 73 (Fourth Element of Securities Fraud—Willfully)—because the instruction is supported by the law and more accurately sets forth the definition than the Court's charge;

46.     Forbes Instr. No. 74 (Fourth Element of Securities Fraud—Specific Intent to Defraud)—because the instruction is supported by the law and more accurately sets forth the definition than the Court's charge;

47.     Forbes Instr. No. 76 (Good Faith)—because the instruction is supported by the law and should be repeated in and tailored to the mental states required of each charge;

110

48.     Forbes Instr. No. 77 (Knowingly, Willfully, and Specific Intent to Defraud—Standards Unclear)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

49.     Forbes Supplemental Instr. No. 1 (Theory of the Defense) – for the reasons set forth in Mr. Forbes' objections to Instruction No. III;

50.     Forbes Supplemental Instr. No. 2 (No Duty of CEO or Chairman to Read 10-K's or 10-Q's) – for the reasons set forth in Mr. Forbes' Proposed Supplemental Instruction No. 2, and because the instruction is supported by the law;

51.     Forbes Instr. No. 19 – for the reasons set forth in Mr. Forbes' objections to Instruction No. IV(P); and

52.     Forbes Instr. No. 19A – for the reasons set forth in Mr. Forbes' objections to Instruction No. IV(P).

## CONCLUSION

For the foregoing reasons, Mr. Forbes respectfully objects to the Court's final jury instructions.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated:  December 5, 2005

112

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Objections of Walter Forbes to the Court's Final Jury Instructions to be sent on December 5, 2005 to the following via email and hand delivery:

>Michael Martinez, Esq.
>Craig Carpenito, Esq.
>U.S. Attorney's Office
>District of New Jersey
>970 Broad Street, Suite 700
>Newark, NJ 07102

and to the following via email and Federal Express:

>Norman Gross, Esq.
>U.S. Attorney's Office
>District of New Jersey
>401 Market Street
>Fourth Floor
>Camden, NJ 08101

_____

Barry S. Simon