UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | December 5, 2005 |
| | : | |
| WALTER A. FORBES | : | |

**UNITED STATES' RESPONSE TO DEFENDANT WALTER FORBES' OBJECTION TO THE COURT'S AIDING AND ABETTING INSTRUCTION BASED ON THE EVIDENCE THAT FORBES "WILLFULLY CAUSED" THE CRIMES CHARGED IN COUNTS 2 AND 3 OF THE INDICTMENT**

CHRISTOPHER J. CHRISTIE
NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
Special Attorneys
U.S. Department of Justice
450 Main Street, Room 320
Hartford, CT 06103
Tel: (860) 240-3387
Fax: (860) 240-3399

**ARGUMENT**

The Court has requested the submission of authority regarding Forbes' objection the Court's aiding and abetting instruction, contained in Section II(F) in the December 3, 2005 draft of the final charge. According to Forbes, "to the extent that Counts 2 and 3 are based on the allegation that Mr. Forbes willfully caused a false statement in an SEC filing, the government cannot rely on aiding and abetting as a theory of liability with respect to Counts 2 and 3." Objections of Walter Forbes to the Court's Final Jury Instructions, filed December 5, 2005.

If Forbes insists that the Court's aiding and abetting instruction, as presently configured, does not apply to the evidence that Forbes willfully caused another person to commit the crimes charged in Counts 2 and 3, then this Court should not eliminate the challenged aiding and abetting instruction. Rather, the Court should give an additional instruction which more closely applies to the evidence of Forbes' efforts to cause other CUC employees who worked under Forbes' direction to commit the crimes charged in those counts. In particular, the indictment charges Forbes in Counts 2 and 3 with violating not only 15 U.S.C. § 78ff(a), which imposes criminal penalties for, inter alia, making false statements in a report required to be filed with the SEC, but also charges Forbes with violating 18 U.S.C. § 2. Section 2 of Title 18 contains two sub-sections,

sub-section (a), which states that any who aids or abets the commission of an offense "is punishable as a principal," and sub-section (b), which states that "whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."  18 U.S.C. § 2(a) and (b).[1]  The latter provision plainly applies to the evidence that Forbes willfully caused other persons to commit the crimes charged in Counts 2 and 3.  See United States v. Nolan, 136 F.3d 265, 272 (2d Cir. 1998)(holding that the evidence was sufficient to support a finding that the defendant willfully caused an accountant to file a false form with the Department of Labor, in violation of 18 U.S.C. § 2(b), based on evidence that the defendant knew that the accountant was preparing the form and was using the defendant's false portfolio reports for that purpose).

During the initial trial, the Government requested the Court to instruct the jury that the defendants could be convicted under 18 U.S.C. § 2(b) for willfully causing the commission of the various substantive offenses.  See Request No. 40, "Preliminary Requests to Charge of the United States," Docket No. 746, filed May 19, 2004.  The Court declined to give that instruction during

---

[1]  Even had the indictment not expressly charged Forbes in Counts 2 and 3 with violating 18 U.S.C. § 2, an instruction based on Section 2(b) would nevertheless be appropriate, because "courts have implied *both* subsections of § 2 in a federal indictment, whether or not they have been specifically charged." United States v. Armstrong, 909 F.2d 1238, 1241 (9th Cir. 1990).

2

the initial trial, so the Government did not seek such an instruction for the retrial. In light of Forbes' present objection that the aiding and abetting instruction does not sufficiently pertain to evidence that Forbes "willfully caused" the crimes alleged in Counts 2 and 3, the Government now respectfully requests that the Court give the following instruction regarding liability under 18 U.S.C. § 2(b) for "willfully causing" an offense:

### WILLFULLY CAUSING A CRIME

> The Government can also prove a defendant's guilt of the crimes charged in Counts 2-3 through a finding beyond a reasonable doubt that the defendant willfully caused a crime. Title 18 of the United States Code, Section 2(b) states:
>
>> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States [shall be guilty of a federal crime].
>
> The purpose of section 2(b) is to punish a person who causes the doing of an act which if done by him directly would render him guilty of that offense. Section 2(b) establishes that a person who causes the commission of an indispensable element of the offense by another person is guilty of that offense. To establish a conviction through the use of Section 2(b), the Government must prove beyond a reasonable doubt

that the defendant had the mental state necessary to violate a criminal statute and that the defendant "willfully caused" another to commit the necessary act.[2] I have previously defined the term "willfully" in my instructions regarding conspiracy, and that definition applies to this context as well.

Under Section 2(b), one who puts in motion or assists in the illegal enterprise or causes the commission of an indispensable element of the underlying offense by another person or entity is guilty of the underlying offense, even if the person who actually performed the illegal act did not have a criminal intent.[3]

* * * * * * * * *

Forbes should not be permitted to have it both ways. If he insists that the Court's aiding and abetting instruction does not pertain to the evidence that Forbes willfully caused Cosmo Corigliano and other alleged members of the alleged conspiracy to make false statements in reports required to be filed with the

---

[2] United States v. Gabriel, 125 F.3d 89, 99 (2d Cir. 1997); United States v. Concepcion, 983 F.2d 369, 383 (2d Cir. 1992).

[3] See United States v. Nolan, 136 F.3d 265, 272 (2d Cir. 1998); United States v. Concepcion, 983 F.2d 369, 383-84 (2d Cir. 1992); United States v. Heyman, 794 F.2d 788, 791 (2d Cir. 1986); United States v. Sliker, 751 F.2d 477, 493-94 (2d Cir. 1984); United States v. Rapoport, 545 F.2d 802, 806 (2d Cir. 1976), citing Revisor's Note, 18 U.S.C. § 2.

SEC, then this Court should instruct the jury that Forbes can be convicted under Counts 2 and 3 for willfully causing another person to make such false statements pursuant to 18 U.S.C. § 2(b).

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court give the proposed instruction pursuant to 18 U.S.C. § 2(b) set forth herein.

        Respectfully submitted,

        CHRISTOPHER J. CHRISTIE
        Special Attorney
        U.S. Department of Justice


    By:  NORMAN GROSS
        MICHAEL MARTINEZ
        CRAIG CARPENITO
        Special Attorneys
        U.S. Department of Justice

December 5, 2005
Camden, New Jersey

**CERTIFICATE OF SERVICE**

    I certify that I caused copies of the foregoing United States' Response to Defendant Walter Forbes' Objection to the Court's Aiding and Abetting Instruction Based on the Evidence That Forbes "Willfully Caused" the Crimes Charged in Counts 2 and 3 of the Indictment to be served upon Barry Simon, Esq., via email and by hand delivery on December 5, 2005.

```
                                    _____
                                    NORMAN GROSS
                                    U.S. Department of Justice
```

Dated:    December 5, 2005
            Camden, New Jersey