## OBJECTIONS TO INSTRUCTION NO. I(H)
### (Matters the Jury May Not Consider)

1.    Mr. Forbes objects to the use of the phrase "the defendant"

rather than the use of the phrase "Mr. Forbes" in this instruction.

## OBJECTIONS TO INSTRUCTION NO. I(J)
### (Government as a Party)

1.    Mr. Forbes objects to the omission of the following language from the instruction: "The question before you can never be: will the government win or lose the case. The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty." Sand, Comment to Instruction 2-5 at n.2 (collecting cases).

## OBJECTIONS TO INSTRUCTION NO. I(K)
(Possible Punishment)

1.    Mr. Forbes objects to this instruction because the fact that under the Sentencing Guidelines there is supposed to be incarceration, or the fact that conviction can result in incarceration, is important for the jury in considering the importance of other instructions such as proof beyond a reasonable doubt, the presumption of innocence, and unanimity, even if the precise sentence may not be relevant. The very reason for these bedrock constitutional principles is because of the risk of deprivation of liberty upon a conviction. See, e.g., In re Winship, 397 U.S. 358, 362 (1970) ("These rules are historically grounded rights of our system, developed to safeguard men from dubious and unjust convictions, with resulting forfeitures of life, liberty and property." (quotation omission)). It is an appropriate consideration during deliberations that the Court's instructions must be scrupulously followed because of the punishment that can result from a conviction.

2.    Mr. Forbes objects to this instruction because the concept is covered by the instruction not to consider bias or sympathy.

3.    Mr. Forbes objects to this instruction because it is not an accurate description of the law. Sentencing is not exclusively for the Court because of the Sentencing Guidelines, which the Court must consider in sentencing. This distinction also is important because of the plea/cooperation agreements of certain witnesses, which explicitly incorporate a Guidelines analysis.

4.    Mr. Forbes objects to the second paragraph because it is unnecessarily repetitive of the first.

24

## OBJECTIONS TO INSTRUCTION NO. II(A)
(Overview)

1.      Mr. Forbes objects to the sentence "[e]ach count charges a separate crime." Because this sentence was included, over objection, the word "alleged" should have been included before the word "crime."

2.      Mr. Forbes objects to the reference to "aiding and abetting" in this charge for the reasons set forth in the objections to the aiding and abetting charge.

3.      Mr. Forbes objects to the use of the phrase "the defendant" rather than the use of the phrase "Mr. Forbes" in the first sentence of this instruction.

4.      Mr. Forbes objects to the reference to the relevant language of the indictment because he objects both to the reading of the indictment and to providing a copy of the indictment to the jury. The indictment is a "speaking" indictment that addresses many evidentiary matters, includes numerous unnecessary allegations, and "g[i]ve[s] the jury a one-sided view of the case." United States v. Van Dyke, 14 F.3d 415, 423 (8th Cir. 1994). Courts have criticized the use of such indictments. See United States v. Rush, 807 F. Supp. 1263, 1265 (E.D. La. 1992) (criticizing the use of indictments containing narratives that "confuse the jury and provide the government an unfair advantage during jury deliberations"); see also United States v. Press, 336 F.2d 1003, 1016-17 (2d Cir. 1964) (practice of submitting indictment to jury has generated "justifiabl[e] concern"

25

that "overemphasis of the indictment may lead the jury to construe the indictment as evidence of guilt of the accused"); cf. United States v. Cirami, 510 F.2d 69, 74 (2d Cir. 1975) (noting that it is the routine practice in the Eastern District of New York to withhold indictments from the jury room); see generally Motion of Defendant Walter A. Forbes to Exclude  A Written Copy of the Indictment from Jury Deliberations (filed June 10, 2004) (incorporated herein by reference).  The relevant portions defining the alleged offenses should be integrated into the instructions. Moreover, the language of the indictment is unconstitutionally vague.  There is a serious danger that the jury will convict Mr. Forbes on facts or theories not found by the grand jury.  See, e.g., Russell v. United States, 369 U.S. 749 (1962).  Because the indictment is being read over Mr. Forbes' objection, each paragraph should be preceded by "the indictment alleges" (just as Mr. Forbes' theory of the defense instruction is cast as "Mr. Forbes contends"), so there is no suggestion that the Court is putting any imprimatur on the factual allegations in the indictment (which, if read, are a significant percentage of the Court's charge).

**OBJECTIONS TO INSTRUCTION NO. II(B)**
(No Respondeat Superior Liability)


1.    Mr. Forbes objects to the use of the phrase "the defendant"

rather than the use of the phrase "Mr. Forbes" in this instruction.

## OBJECTIONS TO INSTRUCTION NO. II(C)(1)
### (The Indictment and the Statute)

1.     Mr. Forbes objects to the reading of the indictment for the reasons set forth at pages 25-26, <u>supra</u>. At most, paragraph 17, the operative charging language of Count 1, should be included as part of the Court's instructions.

2.     Mr. Forbes objects to the quotation of the statutory language because doing so may be confusing and may invite jurors to give their own interpretations of the statute. The instructions should focus only on the elements that the government must prove beyond a reasonable doubt, as instructed by the Court.

3.     Mr. Forbes objects to the conspiracy instructions in general because they are misleading and confusing. Mr. Forbes objects to this particular instruction because the conspiracy instructions should first define the elements of the offense and <u>then</u>, in defining the element of agreement to commit an unlawful objective, explain that the government must prove to the jury's unanimous satisfaction that Mr. Forbes knowingly and willfully agreed to accomplish at least one identified unlawful objective with the requisite intent.

4.     Mr. Forbes objects to the last paragraph of this instruction because the assertion that a conspiracy is a separate offense is addressed by instructing the jury on the elements of each separate alleged offense, and the instruction that the conspiracy need not be successful, which is stated elsewhere. Mr. Forbes particularly objects to the last sentence because it has no application to

this case, in which certain witnesses have testified that they did commit underlying substantive offenses, and where the government argued the fact of such pleas in support of its position that a fraud had been proven. Moreover, this instruction is not balanced, contains no reference to proof beyond a reasonable doubt, and says nothing about the intent element or other elements, which have not yet even been defined.

      5.    Mr. Forbes objects to the identification of Mr. Bell as an alleged co-conspirator for reasons previously argued to the Court.

      6.    Mr. Forbes objects to the use of the phrase "the defendant" rather than the use of the phrase "Mr. Forbes" in this instruction.

      7.    Mr. Forbes objects to generic references to the statutes and/or regulations relating to "securities fraud" and making false statements in reports required to be filed with the SEC in the first and second paragraphs of the instruction on the ground that they constitute a constructive amendment and/or prejudicial variance. The objects should be linked to the specific alleged offenses charged in Count 1 of the indictment. The instruction should explain that Count 1 charges that the alleged co-conspirators agreed to commit these alleged offenses by causing CUC, and later Cendant, to report materially false financial information to the SEC and the investing public.

## OBJECTIONS TO INSTRUCTION NO. II(C)(2)
### (Elements of the Offense)

1.     Mr. Forbes objects to the caption "Elements of the Offense" as opposed to "Elements of Conspiracy."

2.     Mr. Forbes objects to the instruction on the first element because it does not indicate that the alleged conspirators must "knowingly and willfully" enter into an unlawful agreement, and it does not indicate that it must be the "specific" unlawful agreement alleged in the indictment.  The words "knowingly and willfully" must be included because there can be no conspiracy between two persons unless they are acting with the requisite intent.  The failure to include the word "specific" invites a constructive amendment and/or a prejudicial variance.  Mr. Forbes cannot be convicted for a conspiracy not charged in the indictment.

3.     Mr. Forbes objects to the instruction on the second element because the phrase "requisite unlawful intent" should be replaced with the phrase "intent to defraud."  A conspiracy to commit an offense requires at least the same mens rea as the underlying substantive offense.  See Ingram v. United States, 360 U.S. 672, 678 (1959).  At a minimum, the instruction should specifically refer to the fact that it must be the intent to commit the substantive offenses alleged.

4.     Mr. Forbes objects to the omission of the word "alleged" before the word "conspiracy" in the second and third elements.

5.     Mr. Forbes objects to the instruction on the fourth element because the phrase "which you find to have been committed or were committed"

suggests that the jury should find the third element.  Mr. Forbes proposes the alternative language in Forbes Instr. No. 30.

6.     Mr. Forbes objects to the phrase "to further some objective of the conspiracy" as opposed to the phrase "for the purpose of advancing or helping the conspiracy" proposed in Forbes Instr. No. 30.

## OBJECTIONS TO INSTRUCTION NO. II(C)(2)(a)
### (First Element – Existence of Unlawful Agreement)

1.    Mr. Forbes objects to this instruction on the ground that it is extremely confusing and unbalanced and does not resemble any pattern instruction on this subject. The second paragraph begins by stating what the jury does <u>not</u> have to find, as opposed to what it <u>does</u> have to find. It also discusses methods of proof in an improper and imbalanced manner.

2.    Mr. Forbes objects to this instruction on the ground that it does not clearly and succinctly set forth the requirements for this element of the offense. It should state that the government must prove beyond a reasonable doubt that two or more persons knowingly and willfully entered into the specific unlawful agreement charged in count 1; it should then identify the specific objects of the alleged conspiracy; and it should explain that count 1 charges that the alleged co-conspirators agreed to commit these alleged offenses by causing CUC, and later Cendant, to report materially false financial information to the SEC and the investing public. Particularly given the vagueness of the conspiracy charge, it is critical that the elements of the offense be clearly and succinctly set forth. The Second Circuit has warned that courts should be particularly vigilant in preventing deviations from the indictment in conspiracy and fraud cases because of the already broad nature of such prosecutions.

> [W]e must be especially alert to subtle attempts to broaden the already pervasive and widesweeping nets of conspiracy prosecutions. In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth

>Amendment requirement that a person be tried only on
>the charges contained in the indictment returned by the
>grand jury. In order to avoid amending an indictment in
>violation of the Fifth Amendment, the government in
>fraud cases should think through the nature of the crime
>it wishes to allege and then spell out the offense in a
>carefully drafted indictment, instead of confronting the
>defendant with its theory of criminality for the first time
>at trial.

United States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) (quotations omitted). Mr.

Forbes proposes Forbes Instr. No. 31 in lieu of this instruction.

      3.    Mr. Forbes objects to this instruction on the ground that it omits

the intent requirements for conspiracy. In order for a conspiracy to exist, two or

more people must knowingly and willfully agree to enter into the specific unlawful

agreement charged in count 1. The intent requirements also should be set forth in

paragraphs six through seven, which discuss the objects of the alleged conspiracy

and unanimity.

      4.    Mr. Forbes objects to paragraphs 2, 4, and 5 of this instruction

on the ground that they address concepts that have nothing to do with Count 1 of

the indictment as charged and as argued by the government. The indictment

alleges, and the government contends, that Mr. Forbes directed a conspiracy to file

false financial information with the SEC and defraud the investing public by

making false statements regarding financial information to the public and filing

false information with the SEC.

      5.    Mr. Forbes objects to the words "an unlawful act" in the second

paragraph of the instruction, and "an unlawful purpose" in the fifth paragraph of

the instruction, on the ground that this language constitutes an unconstitutional constructive amendment and/or prejudicial variance. The government is required to prove an agreement to enter into the specific unlawful agreement charged in Count 1, not any unlawful act or purpose. This is particularly problematic given the improper introduction of evidence concerning matters not charged in the indictment (for example, of allegedly false membership numbers).

6.    Mr. Forbes objects to the failure to separate the third paragraph from the rest of the instruction by the sub-heading "Alleged Coconspirators." See Forbes Instr. No. 31.

7.    Mr. Forbes objects to the fourth paragraph beginning "You may find." This paragraph contains a prejudicial and unbalanced comment on the evidence and is unnecessary because the issues of direct and circumstantial evidence are addressed elsewhere in the charge. It suggests that Mr. Corigliano's direct proof, for example, is sufficient to find a conspiracy, and that the conspiracy can be found based on the "circumstances of this case." Mr. Forbes also objects to the statement that the jury may "infer" the "existence" of the conspiracy "from the circumstances of this case and the conduct of the people involved," because it dilutes the government's burden of proof beyond a reasonable doubt.

8.    Mr. Forbes objects to the fifth paragraph beginning, "In the context of conspiracy cases." This paragraph also contains a prejudicial and unbalanced comment on the evidence.

9.     Mr. Forbes objects to the first sentence of paragraph six, which identifies the objects of the alleged conspiracy.  Mr. Forbes objects to references to the generic crimes of "securities fraud" and making false statements in reports required to be filed with the SEC on the ground that they constitute a constructive amendment and/or prejudicial variance.  The objects should be linked to the specific alleged offenses charged in Count 1 of the indictment.  The instruction should explain that Count 1 charges that the alleged co-conspirators agreed to commit these alleged offenses by causing CUC, and later Cendant, to report materially false financial information to the SEC and the investing public.

10.    Mr. Forbes objects to the omission of the word "alleged" before the word "conspiracy" in the first sentence of the second paragraph and the first sentence of the sixth paragraph.

11.    Mr. Forbes objects to the identification of Stuart Bell as an alleged co-conspirator for reasons previously presented to the Court.

12.    Mr. Forbes objects to paragraph 7 of the instruction concerning the elements of securities fraud because it defines the fraud more broadly than the indictment, which alleges only false statements.  Paragraphs 18 through 57 of Count 1 allege that Mr. Forbes was responsible for various purported accounting irregularities that resulted in the alleged fraudulent overstatement of CUC's and Cendant's financial results.  Those paragraphs further allege that Mr. Forbes caused these allegedly overstated financial results to be reported to the SEC and to the investing public in periodic filings with the SEC and in press releases.  These

paragraphs of the indictment identify the following specific SEC filings and press

releases, which allegedly contained false statements—(1) a March 19, 1996 CUC

press release; (2) an April 25, 1996 CUC Form 10-K; (3) a March 11, 1997 CUC

press release; (4) a May 1, 1997 CUC Form 10-K; (5) a December 15, 1997 CUC

Form 10-Q; (6) a February 4, 1998 Cendant press release; (7) a March 31, 1998

Cendant Annual Report; and (8) a March 31, 1998 Cendant Form 10-K.  Indict.,

Count 1 ¶¶ 57(a)-(e) & (g)-(i).  Thus, the indictment charges only false statements,

not some other device, scheme, or artifice to defraud; not any omission of a material

fact; and not some other transaction, practice, or course of business that would

operate as a fraud.  The government effectively conceded that the substance of the

alleged securities fraud consisted of the purported making of materially false

statements in the particular SEC filings and press releases identified in the

indictment.  <u>See</u> United States Opp'n Forbes Mot. Mistrial Due to Constructive

Amendment (filed July 30, 2004) at 33 ("Forbes was entitled to disclosure of the

particular public filings or press releases by CUC or Cendant that were materially

false or misleading, but not to each and every non-public statement or omission

which made those public filings and statements false or misleading.  No bill of

particulars was needed for that purpose, since the indictment identified in exacting

detail the particular public filings and press releases of CUC and Cendant which

contain false and misleading information.").  Inclusion of this instruction constitutes

an unconstitutional amendment of the indictment and/or a prejudicial variance.

<u>See, e.g.</u>, <u>Stirone v. United States</u>, 361 U.S. 212 (1960); <u>United States v. Wozniak</u>,

126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an indictment is a per se violation of the Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) ("In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the grand jury." (quotation omitted)).  The multiple definitions exacerbate the problems of vagueness and duplicity.

13.    Mr. Forbes objects to this instruction for all of the reasons set forth in Mr. Forbes' objections the Court's instructions on Counts 2-4, which the Court refers to in this instruction.

14.    Mr. Forbes objects to the failure to separate the unanimity instruction in the last two paragraphs of the instruction from the rest of the instruction by the sub-heading "Alleged Unlawful Objectives Charged in Count 1— Need for Unanimity." See Forbes Instr. No. 32.

## OBJECTIONS TO INSTRUCTION NO. II(C)(2)(b)
(Second Element – Membership in the Conspiracy)

1.     Mr. Forbes objects to this instruction as extremely confusing and unbalanced.  The instruction confusingly moves back and forth among different concepts, giving varying and conflicting statements as to what must be found and minimizing critical intent elements.  The instruction does not resemble any pattern instruction on this subject.  Mr. Forbes also objects to the failure to give Forbes Instr. Nos. 34-41 in lieu of this instruction.

2.     Mr. Forbes objects to the omission of the word "alleged" before the words "conspiracy," "unlawful purpose," "unlawful agreement," "objective" and "objects" in the heading and throughout the instruction.

3.     Mr. Forbes objects to the first paragraph because the phrase "requisite unlawful intent" should be replaced with the phrase "intent to defraud." A conspiracy to commit an offense requires at least the same mens rea as the underlying substantive offense.  See Ingram v. United States, 360 U.S. 672, 678 (1959).

4.     Mr. Forbes objects to the first paragraph because it confuses and combines the distinct issues of membership in the alleged conspiracy and the intent requirement to commit the alleged object crimes.

5.     Mr. Forbes objects to the failure to separate the second paragraph from the rest of the instruction by the sub-heading "Alleged Coconspirators." See Forbes Instr. No. 31.

38

6.    Mr. Forbes objects to the omission of the word "specific intent to defraud" from the last sentence of paragraph 2 and requests that those words be inserted in lieu of the words "requisite intent."

7.    Mr. Forbes objects to the identification of Stuart Bell as an alleged co-conspirator for reasons previously presented to the Court.

8.    Mr. Forbes objects to paragraphs five through seven of this instruction, which deal with issues of proof and evidence, not with the elements of conspiracy.  First, the instructions on matters of proof and evidence should not be intermingled with instructions defining the elements of the offense.  There is a separate charge on direct and circumstantial evidence and on inferences.  This language is therefore redundant.  At most, the first two sentences of paragraph five, which begins "The question of whether a person . . . ," should be given.  It fully sets forth any legal issue with respect to proof of intent.  Second, this language on matters of proof and evidence is only repeated with respect to the intent elements of the various charges and thereby dilutes the intent elements, which are the most hotly contested issues in the case.  It also renders the intent elements confusing and unbalanced, and it marshals certain types of evidence and instructs the jury that it should consider them as more important than other types of evidence.  Third, the Court tells the jury that this is the law that must be followed and thereby invades the jury's fact-finding function.  These are areas for argument about the evidence or lack of evidence, not for the Court's instructions.  They are also improper for the further reasons set forth below.

9.    Mr. Forbes objects to paragraph five of this instruction on the additional ground that it is an incorrect statement of the law, is inconsistent with the government's case, is inconsistent with the reality of the proof offered in most government fraud prosecutions, and puts the imprimatur of the Court behind the government's proof (or lack thereof).  Direct proof of knowledge and fraudulent intent is often available, particularly in the new electronic age with e-mail, computerized files and databases, and tape recordings.  While this statement may have been accurate decades ago, it is not true today.  Moreover, the government has put on testimony of Cosmo Corigliano, which Mr. Forbes contends is false, purporting to provide direct proof of knowledge and fraudulent intent.  This paragraph is essentially a statement by the Court that this is a rare case, and that the government's case is particularly convincing because it has "direct proof of knowledge and fraudulent intent."  Moreover, this paragraph is not balanced, contains no reference to proof beyond a reasonable doubt, and discusses how knowledge and intent may be proved before even defining what the intent elements that must be proved by the government beyond a reasonable doubt.

10.    Mr. Forbes objects to paragraph six of the instruction on the additional ground that it is unbalanced.  The instruction does not state that the government may fail to prove knowledge or intent based on the considerations set forth in the instruction.  Mr. Forbes also objects to the second sentence of paragraph six, because it erroneously combines and confuses the concepts of motive and intent.  At a minimum, the words "standing alone" should be eliminated from the sentence.

11.    Mr. Forbes objects to the use of the phrase "the defendant"

rather than the use of the phrase "Mr. Forbes" in paragraph 1 of this instruction.

## OBJECTIONS TO INSTRUCTION NO. II(C)(2)(b)(i)
### (Knowingly and Willfully)

1.      Mr. Forbes objects to this instruction on the ground that it is confusing and misleading.  The instruction combines intent elements with the concept of membership in the alleged conspiracy in a confusing manner.  It also addresses other issues, such as the success of the alleged conspiracy, that have no bearing on the concepts of knowledge or willfulness.  This is a critical instruction concerning the intent element of conspiracy, which is the most hotly contested element of the charged offense.  It should clearly and succinctly explain the intent element of the offense, rather than being commingled in a confusing way with other issues.

2.      Mr. Forbes objects to the language in the third paragraph beginning "In deciding."  Both sentences omit a reference to the government's burden of proof and a reference to the requisite intent to defraud (or, if the Court determines that intent to defraud is not required as to each object offense, to the requisite unlawful intent).  The second sentence also omits the words "knowingly and willfully."  Mr. Forbes also objects to the second sentence because the wording of the sentence essentially as a question dilutes the government's burden of proof beyond a reasonable doubt.

3.      Mr. Forbes objects to the fourth paragraph beginning "In that regard."  This paragraph addresses the issue of motive, which is not an element of the offense, and improperly comments on the evidence.  This language improperly focuses on one type of proof, which is the proper subject of argument, not

42

instructions. In addition, use of the word "stake" suggests that this element would be satisfied by proof that a defendant earned a salary. In addition, the paragraph improperly eliminates all references to the required intent, without which membership in the alleged conspiracy cannot be established beyond a reasonable doubt. Also, it dilutes the Court's instruction regarding wealth and compensation, expressly telling jurors they <u>should</u> consider these issues. Mr. Forbes also objects to this paragraph in light of the government's summation, which focused on his compensation. Mr. Forbes' compensation has nothing to do with his intent or knowledge; rather, it relates only to the issue of motive. It is confusing and improper to give the jury an instruction on the subject of motive in an instruction addressing knowledge and intent. This entire paragraph should be stricken.

    4. Mr. Forbes objects to the fifth paragraph beginning "As I mentioned a moment ago." The reference in the paragraph to "the unlawful agreement or plan" and "the unlawful agreement" is divorced from the specific alleged agreement charged in the indictment, and constitutes a constructive amendment and/or prejudicial variance. This is particularly problematic given the government's improper introduction of evidence concerning matters not charged in the indictment. In addition, the paragraph does not refer to the intent requirement of specific intent to defraud (or, if the Court determines that intent to defraud is not required as to each object offense, to the requisite unlawful intent). Language such as "the key question" improperly and incorrectly singles out only part of what must be shown to satisfy the membership element. It does not address the fact that the

government must prove beyond a reasonable doubt that Mr. Forbes knew that the financial information released by CUC and CMS was materially false, and that the jury must acquit if the government fails to prove such knowledge beyond a reasonable doubt.

     5.    Mr. Forbes objects to the seventh paragraph beginning "A defendant's knowledge." It is a comment on the inferences that may be drawn from the evidence and is unbalanced, focusing on what does not have to be proven. It also addresses only one intent issue—knowledge—and does not properly explain what must be shown with respect to that issue. It is also divorced from the conspiracy as it is alleged in the indictment (as one that Mr. Forbes purportedly directed) and as it was argued (as one in which Mr. Forbes purportedly directed his subordinates to engage in improper accounting).

     6.    Mr. Forbes objects to the eighth paragraph beginning "The extent of a defendant's participation." It presumes that the defendant is a participant in the alleged conspiracy, is unbalanced, and improperly comments on the evidence. Mr. Forbes also objects to this instruction because evidence of the extent of a defendant's alleged participation is relevant to whether the government has proven the elements of conspiracy beyond a reasonable doubt. This portion of the instruction impermissibly suggests that the burden of proof is lower than proof beyond a reasonable doubt. The final sentence also erroneously states that a single act may be sufficient to render a defendant a co-conspirator, without any reference to the intent requirements of the offense.

7.      Mr. Forbes objects to the instruction because it addresses concepts that have nothing to do with this case, such as whether an alleged conspirator played a major or a minor role.  The indictment alleges, and the government contends, that Mr. Forbes <u>directed</u> a conspiracy to file false financial information with the SEC and defraud the investing public by making false statements regarding financial information to the public and filing false information with the SEC.  The instruction is confusing and inconsistent with the allegations in the indictment and the government's theory that Mr. Forbes directed the alleged conspiracy.  A discussion of minor roles is simply divorced from the allegations in the indictment and the government's theory (as well as the way in which the government has attempted to characterize the evidence) in this case.

8.      Mr. Forbes objects to the ninth and tenth paragraphs beginning "I want to caution you" and "I also want to caution you" because they are confusing and they dilute the intent element, which requires the government to prove beyond a reasonable doubt that the defendant acted knowingly, willfully, and with a specific intent to defraud (or, if the Court determines that intent to defraud is not required as to each object offense, with the requisite unlawful intent).  Both paragraphs omit the requirements of willfulness and intent; the first also omits the requirement of knowledge.

9.      Mr. Forbes objects to the eleventh paragraph beginning "The government is not required to prove."  The issue of success of the alleged conspiracy does not belong in an instruction on knowledge and willfulness; it should be

45

addressed in the instruction on overt acts.   It was already improperly addressed,

out of context, in the introduction to the conspiracy charge.

       10.    Mr. Forbes objects to the use of "the defendant" rather than "Mr.

Forbes" in paragraph 1 (defining "knowingly").