## OBJECTIONS TO INSTRUCTION NO. II(E)(2)(b)
(Second Element – In Connection With)

1.    Mr. Forbes objects to the last paragraph of this charge because

it focuses on what the government need not prove.

**OBJECTIONS TO INSTRUCTION NO. II(E)(2)(c)**
(Third Element – Use of a Means or Instrumentality of Interstate Commerce)

1.    Mr. Forbes objects to the omission of the word "alleged" before the word "scheme" in paragraphs five, six and seven (in which the word "scheme" appears twice).

2.    Mr. Forbes objects to the language "of the offense" in paragraph three.

3.    Mr. Forbes objects to the examples of instrumentalities of interstate commerce provided in paragraph three.

4.    Mr. Forbes objects to paragraphs five through seven because they are unbalanced, stating what the government need not prove.

5.    Mr. Forbes objects to paragraph 5 beginning "In this regard" for the additional reason that it states that "It is sufficient to establish this element for the government to prove that the defendant was an active participant in the scheme." This sentence does not define the "scheme" in question and does not contain the word "alleged" before the word "scheme." Mr. Forbes also objects to the phrase "active participant." The instruction should state "if he participated knowingly, willfully, and with the specific intent to defraud."

6.    Mr. Forbes objects to the last sentence of the instruction because it uses the word "scheme" in a generic sense rather than focusing on the specific scheme alleged in Count 4.

## OBJECTIONS TO INSTRUCTION NO. II(E)(2)(d)
(Fourth Element – Knowingly, Willfully and with the Intent to Defraud)

1.    Mr. Forbes objects to this instruction because the definitions of "knowingly," "willfully" and "intent to defraud" should be separated by headings because they are separate concepts, and should be distinctly and clearly explained to the jury.

2.    Mr. Forbes objects to the definition of intent to defraud because it fails to state that the government must prove that Mr. Forbes acted with the purpose of deceiving or defrauding <u>purchasers of Cendant stock</u>.  Mr. Forbes objects to the failure to provide Forbes Instruction No. 74.  Mr. Forbes also objects to the tautological definition of "intent to defraud" as "to act knowingly and with the intent to deceive or defraud."

3.    Mr. Forbes objects to the fifth and sixth paragraphs of this instruction for the reasons stated in the objections to Instruction II(C)(2)(b).  Mr. Forbes also objects to incorporating the instructions which deal with issues of proof and evidence, not with the elements of securities fraud.

4.    Mr. Forbes objects to an incorporated instruction on good faith. The instruction on good faith should be repeated in full.

5.    Mr. Forbes objects to the use of the phrase "the defendant" rather than the use of the phrase "Mr. Forbes" in this instruction.

## OBJECTIONS TO INSTRUCTION NO. II(F)
### (Aiding and Abetting)

1.    Mr. Forbes objects to this instruction in its entirety because it is confusing, misleading, and unnecessary under the government's theory of the case. The government's allegation that Mr. Forbes directed the purported conspiracy is inconsistent with the theory that he was a mere aider and abettor. See, e.g., . Indict., Count 1 ¶ 24 ("defendant FORBES directed other conspirators to increase the earnings figure so that it met or exceeded that target" (emphasis added)), ¶ 27 ("defendant WALTER A. FORBES directed other conspirators to increase the consolidated earnings figures for the quarter and the fiscal year by the amounts necessary to meet or exceed their respective earnings targets for that quarter and fiscal year" (emphasis added)).  If the government contends that Mr. Forbes was a mere aider and abettor, it must identify the alleged principal whom he purportedly aided and abetted and the manner in which he purportedly aided and abetted. Otherwise, the instruction is extremely vague and misleading.  Mr. Forbes further objects to this instruction because the government did not previously provide particulars on this issue.

2.    Mr. Forbes objects to this instruction because it is discussed in connection with the false statement counts, which do not expressly refer to section 2(a), as opposed to section 2(b). See Tr. (11/01/04) at 16126.  This same issue relates to all three of the substantive counts where the government seeks an aiding and abetting instruction over Mr. Forbes' objection.  The government's theory of the case and the indictment are all predicated on Mr. Forbes' alleged acts as a principal or

directing others to take certain actions. Those theories do not justify an aiding and abetting instruction, just as they did not justify a conscious avoidance instruction. In addition, to the extent that Counts 2 and 3 are based on the allegation that Mr. Forbes willfully caused a false statement in an SEC filing, the government cannot rely on aiding and abetting as a theory of liability with respect to Counts 2 or 3.

3. Mr. Forbes objects to this instruction because the government has not presented sufficient evidence to support an aiding and abetting theory.

4. Mr. Forbes objects to reading the statute because doing so may be confusing and may invite jurors to give their own interpretations of the statutory language. The instructions should focus only on the elements that the government must prove beyond a reasonable doubt, as instructed by the Court.

5. Mr. Forbes objects to the instruction because it does not define the terms "knowingly," "willfully," or "intent to defraud," but merely cross-references their definitions elsewhere. Mr. Forbes requests that the Court define these terms in this instruction rather than cross-referencing prior instructions. Mr. Forbes also objects to the instruction because it does not give an instruction on good faith, but merely cross-references the Court's good faith charge. Mr. Forbes objects to the use of the term "intent to deceive" rather than "intent to defraud" in this instruction for the reasons set forth in Mr. Forbes' objections to the Court's instructions on Counts 2 and 3.[3]

---

[3] With respect to the Court's cross-references to other instructions, Mr. Forbes incorporates herein by reference all of his objections to those instructions.

6.   Mr. Forbes objects to the first paragraph of the instruction on the grounds that it is unnecessary, unbalanced, and prejudicial to Mr. Forbes.

7.   Mr. Forbes objects to the paragraph beginning with the words "Thus, pursuant to the aiding and abetting statute, it is not necessary" on the grounds that it is extremely prejudicial and unbalanced.  First, the paragraph emphasizes to the jury -- before the jury has heard any of the required elements that the government must prove in order to establish aiding and abetting liability -- what the government does not have to show to prove aiding and abetting.  Second, this paragraph is misleading and erroneous, because it confuses liability as a principal with "physically committ[ing]" the crime. Counts 2-4 charge Mr. Forbes with willfully causing the commission of the offenses charged, not with physically committing them.  Third, this paragraph contains the highly prejudicial and unbalanced sentence that "[a] person who aids and abets another to commit an offense is just as guilty of that offense as if he committed it himself."  This sentence assumes Mr. Forbes' guilt and will convey to the jury that the Court believes that Mr. Forbes is guilty. The sentence is not necessary to explain the concept of aiding and abetting to the jury and serves only to prejudice Mr. Forbes in the eyes of the jurors.

8.   Mr. Forbes objects to the absence of the term "specific intent" from the discussion of the fourth element of aiding and abetting liability. The specific intent requirement is set forth in the Second Circuit's decision in United States v. Pipola, 83 F.3d 556 (2d Cir. 1996), and is necessary to accurately set forth

the level of intent the government must prove in order to establish aiding and abetting liability. See id. at 562 ("The government must therefore prove the underlying crime was committed by someone other than the defendant and that the defendant himself either acted or failed to act with the specific intent of advancing the commission of the underlying crime."); see also United States v. Zambrano, 776 F.2d 1091, 1097 (2d Cir. 1985) (element of aiding and abetting is "the specific intent that [the defendant's] act or omission bring about the underlying crime").

9.    Mr. Forbes objects to the failure of the charge to instruct that the jury may not return a verdict of guilty unless all of the jurors are either unanimous with respect to liability as a principal or unanimous with respect to liability as an aider and abettor.  See 2004 Trial Tr. at 16947.  The lack of a unanimity instruction is particularly prejudicial because, given the government's theory of the case and the charges in the indictment (which allege that Mr. Forbes directed the allegedly improper accounting), the concept of liability as an aider and abetter has no application to this case.  Mr. Forbes also objects to the second sentence of the first paragraph of the instruction in light of the Court's failure to give a unanimity instruction on aiding and abetting.

10.    Mr. Forbes objects to the use of the phrase "the defendant" rather than the use of the phrase "Mr. Forbes" in this instruction.

## OBJECTION TO INSTRUCTION NO. II(H)
(Use of Conjunctive in the Indictment)

1.    Mr. Forbes objects to this instruction because it is confusing and

unnecessary.

## OBJECTIONS TO INSTRUCTION NO. III
### (The Defendant's Position)

1.      Mr. Forbes objects to the statement "A defendant has a right to have his theory of defense presented to you with the court's instructions." This undermines Mr. Forbes' theory of the defense instruction. It also creates the erroneous impression that Mr. Forbes' theory of the defense instruction is not an instruction by the Court, when it is part of the Court's instructions and a defendant has a legal right to a theory of the defense instruction, just as he has a right to a presumption of innocence instruction. Mr. Forbes' theory of the defense instruction is part of the Court's instructions, and is based on legal principles that apply to this case. This statement erroneously divorces the theory of the defense instruction from the remainder of the Court's instructions and erroneously suggests that the jury should disregard the theory of the defense instruction. The statement also is unbalanced, because the Court does not, for example, instruct the jury that the government has a right to make superfluous and unnecessary allegations in the indictment (which the Court is reading and providing to the jury over Mr. Forbes' objection). The statement also is inaccurate because the Court's charge is not the theory of the defense instruction submitted by Mr. Forbes, but rather a modified and edited version of Mr. Forbes' proposed charge. The statement also is unnecessary because it is covered by the language in the introduction to Mr. Forbes' proposed theory of the defense charge, as well as the last paragraph of the instruction that the Court is giving over Mr. Forbes' objection. Mr. Forbes objects to

80

the Court's failure to give his full Theory of the Defense Charge, as set forth in Supplemental Proposed Jury Instruction No. 1.

2.     Mr. Forbes objects to the title of the instruction as "The Defendant's Position" rather than "Mr. Forbes' Theory of the Defense."

3.     Mr. Forbes objects to the Court's refusal to give his theory of the defense instruction in the form submitted to the Court by Mr. Forbes. The instruction is necessary to counterbalance in at least some respect the prejudicial effect of the Court's reading of the indictment to the jury during deliberations (over Mr. Forbes' objection) and the Court's decision (over Mr. Forbes' objection) to allow the jury to have a copy of the indictment during deliberations. The indictment is a "speaking indictment" that sets forth, in detail, the government's theory of the case and marshals the evidence for the government. <u>The government did not object to the length or nature of Mr. Forbes' theory of the defense instruction</u>.

4.     Mr. Forbes objects to the Court's refusal to give Mr. Forbes' theory of the defense instruction because the instruction is necessary in light of the inadequate instructions on the intent elements of the offenses charged (to which Mr. Forbes has objected) and the refusal to repeat the good faith instruction in the charge (to which Mr. Forbes has objected). Mr. Forbes' theory of the defense instruction is a correct statement of the law and sets forth matters not covered by the Court's other instructions.

5.     Mr. Forbes objects to the Court's failure to make clear that the jury must acquit if the government fails to prove lack of good faith. No other

instruction relates to good faith reliance on accountants and auditors, which is a defense, and which the government has improperly impugned in its closing argument.

6.    Mr. Forbes objects to the final paragraph of the instruction for the reasons set forth in the Objections of Walter Forbes to Government's Proposed "Admonition" Regarding Theory of Defense Instruction (filed Nov. 21, 2005). This paragraph is particularly prejudicial because the Court is reading the entire indictment to the jury over Mr. Forbes' objection.

7.    Mr. Forbes also objects to the final paragraph of the instruction because there is a different legal status between the indictment and the theory of the defense. There need not be a factual predicate for a particular allegation in an indictment, and the Court has no role in the issuance of an indictment. In contrast, a theory of the defense instruction must have a factual predicate, and it is misleading and improper for the Court to equate the two.

## OBJECTIONS TO INSTRUCTION NO. IV(A)
(Evidence in this Case)

1.    In the paragraph beginning "Second, the questions to the witnesses are not evidence," Mr. Forbes objects to the sentence beginning "Also, at times," as well as the subsequent sentence.  These sentences only address a small sample of the numerous situations in which the witness' answer has to be considered in light of the lawyer's question.  They also focus on cross-examination to the exclusion of similar issues on direct examination.

2.    In the paragraph beginning "Fifth, anything you may have seen or heard," Mr. Forbes objects to the sentence beginning "You should consider."

**OBJECTIONS TO INSTRUCTION NO. IV(D)**
(Acts and Declarations of Alleged Co-Conspirators)

1.    Mr. Forbes objects to this instruction in its entirety. It is a comment on selected evidence, and is unnecessary and prejudicial.

2.    Mr. Forbes objects to the omission of the words "allegedly" and "alleged" before the words "did" and "existence" in the fourth line of the instruction.

3.    Mr. Forbes objects to the identification of Stuart Bell as an alleged co-conspirator for reasons previously presented to the Court.

## OBJECTIONS TO INSTRUCTION NO. IV(G)
(Evidence Concerning the Cendant Restatement)

1.      Mr. Forbes objects to the second sentence of the instruction in its entirety.  Mr. Forbes objects to the jury being allowed to consider the Restatement with respect to any issue because it is not relevant and is unduly prejudicial.

2.      Mr. Forbes further objects to this instruction because there is no record evidence of what the Restatement said, so it is not probative of the falsity or materiality of any alleged statement previously made.  To the extent Mr. Kernkraut alluded to the Restatement during his testimony, that testimony was improper for the reasons set forth in Forbes Retrial Motion No. 15.

3.      Mr. Forbes objects to the Court's failure to instruct the jury that any testimony the jury heard concerning the Restatement cannot be considered for any purpose.

## OBJECTIONS TO INSTRUCTION NO. IV(H)
### (Certain Testimony of Steven Kernkraut)

1.     Mr. Forbes objects to the instruction because it is inadequate, does not address all of the issues raised by Mr. Forbes' motions to strike Mr. Kernkraut's testimony and for a mistrial (Forbes Retrial Motion Nos. 15 and 16, which are incorporated herein in full), does not state that Mr. Kernkraut's testimony regarding the issues raised by Mr. Forbes' motion was without foundation, improperly elicited, and inaccurate, does not cure the constructive amendment and variance issues raised by Mr. Forbes' motion, is too general to have any curative effect, repeats Mr. Kernkraut's improper testimony, and comes too late in the trial to cure the prejudicial effect of Mr. Kernkraut's improper testimony.[4]

2.     Mr. Kernkraut testified on October 17 and 18, 2005. The Court gave its curative instruction on November 29, 2005, more than a month after Mr. Kernkraut's testimony. At this late date, any curative instruction is ineffectual and will not cure the prejudicial effect of Mr. Kernkraut's improper testimony. A curative instruction that is given after the jury hears improper evidence or argument is inherently ineffectual -- particularly when it is given weeks after the jury is exposed to the improper evidence. See United States v. Kallin, 50 F.3d 689,

---

[4]     This instruction, coming after the Court's instruction concerning the Restatement (to which Mr. Forbes objects), underscores the problem with the Court's curative instruction, as well as with the Court's instruction with respect to the Restatement. Mr. Kernkraut's testimony expressly referred to the Restatement (and to a detailed forensic investigation), and the jury likely concluded that there is a document or SEC filing that essentially said the same things as Mr. Kernkraut did in his improper and now-stricken testimony.

694 (9th Cir. 1995) (reversing conviction where curative instruction "was not contemporaneous with the error and was not given until the day following the improper line of questioning, long after the impermissible inference was implanted in the minds of the jury"); United States v. Bradley, 5 F.3d 1317, 1322 (9th Cir. 1993) (reversing conviction where limiting instruction "came at the end of the trial, long after the testimony was first admitted, and was general in nature"); United States v. Solivan, 937 F.2d 1146, 1157 (6th Cir. 1991) (curative instruction came too late to remedy error caused by improper argument); United States v. Hogue, 827 F.2d 660, 664 (10th Cir. 1987) (reversing conviction where limiting instruction given at the end of the trial could not cure prejudice); United States v. Jackson, 418 F.2d 786, 789 (6th Cir. 1969) (reversing conviction where "[t]he limiting instruction came two days (and more than two hundred transcript pages) after the jury had first heard the later suppressed evidence.  This afforded the opportunity to absorb it and to correlate it with the evidence lawfully admitted").

       3.    Mr. Kernkraut's improper testimony was highly prejudicial.  See Opening and Reply Memoranda in Support of Forbes Retrial Motion No. 15 (incorporated herein by reference); see also Forbes Retrial Motion No. 16.  Mr. Kernkraut was the government's lead witness and acted as an overview witness for the jury.  His improper testimony, inter alia, portrayed Mr. Forbes as a liar, claimed that it was established that CUC's reported financial results for 1993 and 1994 were false, and constructively amended the indictment by presenting accusations of alleged fraud involving membership numbers and renewal rates that are not

charged in the indictment, and as to which no person with purported knowledge of the alleged fraud actually testified.  The prejudicial effect of this evidence is too great to be cured by the Court's instruction.  See, e.g., United States v. Forlorma, 94 F.3d 91, 95-96 (2d Cir. 1996) (reversing conviction based on improper government argument, despite curative instruction by trial court); United States v. Reyes, 18 F.3d 65, 71-72 (2d Cir. 1994) (reversing conviction based on improper admission of hearsay evidence, despite curative instruction); Davidson v. Smith, 9 F.3d 4, 8 (2d Cir. 1993) (reversing based on improper evidence elicited in violation of court order, despite curative instruction) (collecting cases); United States v. Eccleston, 961 F.2d 955, 962 (D.C. Cir. 1992) (reversing conviction and remanding for new trial where jury heard evidence that was later stricken by court, even though court instructed jury to disregard the stricken evidence; "the attendant jury instruction was insufficient to counterbalance the highly prejudicial content of the inadmissible testimony"); United States v. DiNome, 954 F.2d 839, 844-45 (2d Cir. 1992) (reversing convictions of defendants prejudiced by spillover effect of evidence that was no longer admissible as to them after the trial court granted judgments of acquittal during the trial); United States v. Colombo, 909 F.2d 711, 715 (2d Cir. 1990) (reversing conviction based on improper admission of evidence, despite limiting instruction); United States v. Parks, 411 F.2d 1171, 1173 (1st Cir. 1969) (new trial required where government offered 22 exhibits into evidence that were later stricken in whole or in part where the jury "could not possibly have been able to erase the irrelevant evidence from its collective mind"); United States v.

DeDominicis, 332 F.2d 207, 210 (2d Cir. 1964) (reversing based on admission of improper testimony, despite curative instruction striking it and instructing jury to disregard it). Because Mr. Kernkraut's improper testimony directly challenged Mr. Forbes' credibility, it also cannot be cured by an instruction. See Colombo, 909 F.2d at 715.

3.    The Court's curative instruction is insufficient. It does not address all of the issues raised by Mr. Forbes' mistrial motion or motion to strike, such as, inter alia, Mr. Kernkraut's testimony about Mr. Forbes' purported knowledge of key variables (membership numbers and renewal rates) and other matters. Nor does the instruction inform the jury that Mr. Kernkraut's testimony regarding all of the matters set forth in Mr. Forbes' Retrial Motion Nos. 15 and 16 was improper and inaccurate. Nor does the instruction address the prejudicial effect of the government's closing arguments based on Mr. Kernkraut's improper testimony.

4.    The instruction is prejudicial because it repeats and highlights the substance of certain of Mr. Kernkraut's improper testimony without telling the jury that the testimony was improper, baseless, and inaccurate. The instruction also highlights Mr. Kernkraut's testimony that he relied on purported representations made to him by Mr. Walter Forbes that were essentially false. The instruction does not inform the jury that Mr. Kernkraut has no personal knowledge of whether Mr. Forbes lied to him or whether Mr. Forbes lacked knowledge that the information he provided was inaccurate.

5.   The instruction is so general that it is ineffectual; it fails to give the jury any concrete information about the portions of Mr. Kernkraut's testimony that the jury must disregard and leaves the jurors to speculate about which parts of Mr. Kernkraut's testimony have and have not been stricken.  Although the Court presented the option of reading to the jury the testimony that has been stricken, Mr. Forbes contends that the options presented by the Court give rise to a Hobson's choice.  Either some of the improper testimony is repeated for the jury and thereby highlighted again for the jury (and the jury is in effect incorrectly told that the remaining testimony was properly admitted) or the jury is left without specific guidance as to what testimony has been stricken.  Neither option is viable and neither cures the extensive prejudice caused by Mr. Kernkraut's improper testimony.

6.   The Court's instruction does not specifically address Mr. Kernkraut's testimony that he supposedly learned after April 15, 1998 that CUC's financial results in 1993 and 1994 were false.  See Tr. 215, 229-30.  This testimony was expressly elicited by the government and tied to Mr. Kernkraut's July 1994 analyst report (GX 1400).  See Tr. 229-30.  The testimony was false and improper.  Mr. Kernkraut has no personal knowledge of whether CUC's 1993 or 1994 reported results were false.  Neither Cendant's Restatement nor the Cendant Audit Committee Report (one or both of which were the purported sources of his knowledge of this purported fact) addresses the years 1993 or 1994.  The government cannot elicit improper, baseless, and prejudicial testimony that CUC's

financial results for 1993 and 1994 were false (or that membership numbers or renewal rates were false) through a witness with no personal knowledge of the matter and then hope to "cure" that testimony through a general, vague instruction more than a month after it elicited the improper testimony.

## OBJECTIONS TO INSTRUCTION NO. IV(J)
(Use of Particular Investigative Techniques or Witnesses)

1.      Mr. Forbes objects to this instruction in its entirety because it suggests that the jury may not consider the government's failure to present evidence within its control, including the testimony of witnesses the government elected not to call.  This is an incorrect statement of the law, given the government's burden of proof and the instruction that the jury should consider the evidence <u>or lack of evidence</u>.  The jury should be instructed that it may base its verdict on the lack of evidence, as well as the evidence presented.

2.      Mr. Forbes also objects to the first paragraph of the instruction because the terms "specific investigative technique" and "[l]aw enforcement techniques" are vague and confusing, and inject extraneous issues into the instructions.  This is not a case, for example, where undercover operations or wiretaps were used, where an instruction on investigative techniques might be appropriate because such techniques might be personally offensive to some jurors.  To the extent that "investigative techniques" includes such things as plea agreements or proffer agreements, they <u>are</u> relevant to this case and are dealt with in specific instructions.  Similarly, to the extent "investigative techniques" include things such as 85-95 meetings between the government and a key witness, they are relevant to issues such as bias and credibility.

3.      Mr. Forbes objects to the second paragraph because it is unbalanced and inconsistent with the government's burden of proof and the fact that the defendant had no obligation to do anything.  The government is obligated

92

to satisfy its burden of proof beyond a reasonable, and it is fair argument doubt –
which is improperly undermined by this instruction – to note the government's
failure to call witnesses.

   4. Mr. Forbes objects to the second paragraph of the instruction for
the additional reason that it is inconsistent with the missing witness instruction
requested by Mr. Forbes with respect to Mr. Bell.

   5. Mr. Forbes objects to the last sentence of the instruction because
it implies that there may be other documentary evidence and may again highlight
the Restatement and forensic investigation (which led to the Audit Committee
Report) improperly referred to by Mr. Kernkraut, which were not admissible.

   6. Mr. Forbes objects to the failure to give the missing witness
instruction proposed by Mr. Forbes.  <u>See</u> Forbes Instr. No. 11.1.

## OBJECTIONS TO INSTRUCTION NO. IV(K)
(Credibility of the Witnesses)

1.    In the paragraph beginning "In evaluating the credibility of

witnesses," Mr. Forbes objects to the last two sentences.

## OBJECTIONS TO INSTRUCTION NO. IV(N)
(Uncontradicted Testimony)

1.      Mr. Forbes objects to this instruction on the ground that the factors to consider in evaluating evidence and witness credibility are already addressed in other instructions.

2.      Mr. Forbes objects to this instruction on the ground that it is inconsistent with other instructions that allow the jury to consider the lack of evidence presented by the government in its deliberations.  If testimony was presented by a defendant, and the government did not present any contrary evidence, the jury should be permitted to consider that fact in determining whether the government has satisfied its burden of proof.  This instruction invites the jury to reject Mr. Forbes' testimony even where there was no contrary evidence presented by the government, and dilutes the instructions that the jury may consider the lack of evidence presented by the government.

3.      Mr. Forbes objects to the second sentence because it focuses on certain considerations.

95

## OBJECTIONS TO INSTRUCTION NO. IV(O)
(Testimony of Expert Witnesses)

1.      Mr. Forbes objects to the language concerning Mr. Heckler.  Mr. Forbes objected to any testimony from Mr. Heckler.

2.      Mr. Forbes objects to the omission from the instruction of the following language: "I instruct you that the testimony of Mr. Heckler may be considered only with respect to the question of whether certain accounting activities that are alleged to have occurred at CUC and Cendant during the fiscal years ending 1/31/96, 1/31/97, and 12/31/97 were in accordance with GAAP and with respect to the question of whether any allegedly false statement made during this time period was material.  In particular, you may not consider this testimony at all with respect to the question of whether Mr. Forbes was a knowing and willful participant in the alleged conspiracy or whether Mr. Forbes knowingly and willfully engaged in any wrongdoing." <u>See</u> Forbes Retrial Motion *In Limine* No. 26.