to satisfy its burden of proof beyond a reasonable, and it is fair argument doubt – which is improperly undermined by this instruction – to note the government's failure to call witnesses.

4.     Mr. Forbes objects to the second paragraph of the instruction for the additional reason that it is inconsistent with the missing witness instruction requested by Mr. Forbes with respect to Mr. Bell.

5.     Mr. Forbes objects to the last sentence of the instruction because it implies that there may be other documentary evidence and may again highlight the Restatement and forensic investigation (which led to the Audit Committee Report) improperly referred to by Mr. Kernkraut, which were not admissible.

6.     Mr. Forbes objects to the failure to give the missing witness instruction proposed by Mr. Forbes.  <u>See</u> Forbes Instr. No. 11.1.

## OBJECTIONS TO INSTRUCTION NO. IV(K)
(Credibility of the Witnesses)

1.    In the paragraph beginning "In evaluating the credibility of witnesses," Mr. Forbes objects to the last two sentences.

## OBJECTIONS TO INSTRUCTION NO. IV(N)
(Uncontradicted Testimony)

1.  Mr. Forbes objects to this instruction on the ground that the factors to consider in evaluating evidence and witness credibility are already addressed in other instructions.

2.  Mr. Forbes objects to this instruction on the ground that it is inconsistent with other instructions that allow the jury to consider the lack of evidence presented by the government in its deliberations. If testimony was presented by a defendant, and the government did not present any contrary evidence, the jury should be permitted to consider that fact in determining whether the government has satisfied its burden of proof. This instruction invites the jury to reject Mr. Forbes' testimony even where there was no contrary evidence presented by the government, and dilutes the instructions that the jury may consider the lack of evidence presented by the government.

3.  Mr. Forbes objects to the second sentence because it focuses on certain considerations.

## OBJECTIONS TO INSTRUCTION NO. IV(O)
(Testimony of Expert Witnesses)

1.     Mr. Forbes objects to the language concerning Mr. Heckler.  Mr. Forbes objected to any testimony from Mr. Heckler.

2.     Mr. Forbes objects to the omission from the instruction of the following language: "I instruct you that the testimony of Mr. Heckler may be considered only with respect to the question of whether certain accounting activities that are alleged to have occurred at CUC and Cendant during the fiscal years ending 1/31/96, 1/31/97, and 12/31/97 were in accordance with GAAP and with respect to the question of whether any allegedly false statement made during this time period was material.  In particular, you may not consider this testimony at all with respect to the question of whether Mr. Forbes was a knowing and willful participant in the alleged conspiracy or whether Mr. Forbes knowingly and willfully engaged in any wrongdoing."  See Forbes Retrial Motion In Limine No. 26.

**OBJECTIONS TO INSTRUCTION NO. IV(Q)**
(Defense Witness Testifying Under Plea Agreement)

      1.     Mr. Forbes objects to the last sentence of the instruction because it is not limited to testimony that is favorable to the government.

## OBJECTIONS TO INSTRUCTION NO. IV(R)
(Not Proper to Consider Guilty Plea of Government Witness)

1.    Mr. Forbes objects to the omission of the following language after the first sentence of the instruction, and before the sentence beginning "You are instructed":

"The testimony of a witness may be discredited by evidence showing that the witness has pled guilty to a felony, a crime for which a person may receive a prison sentence of more than one year.  A guilty plea to a crime that is a felony is one of the circumstances that you may consider in determining the credibility of that witness.  It is the sole and exclusive right of the jury to determine the weight to be given to any prior guilty plea as impeachment and the weight, if any, to be given to the testimony of anyone who has pled guilty to a felony.  You may consider evidence that Cosmo Corigliano and Anne Pember  pled guilty to felony charges only in evaluating the credibility of Cosmo Corigliano and Anne Pember as witnesses in this case.  You may not consider this evidence for any other purpose." See O'Malley §15.07 (modified).

2.    The foregoing language should be given with respect to Mr. Corigliano and Ms. Pember, but not with respect to Mr. Sabatino.  The government should not get the benefit of an instruction that Mr. Sabatino's testimony may be discredited by his felony plea because the government has entered into a plea agreement with Mr. Sabatino and would be required to nullify certain provisions of the agreement if it believed he were not testifying truthfully (which it has not done).

98

3.    Mr. Forbes objects to the Court's failure to give Forbes Proposed Instruction Nos. 19 and 19A in lieu of this instruction because they differentiate between the government's witnesses and Mr. Sabatino.

See Forbes Proposed Instr. Nos. 19, 19A.

## OBJECTIONS TO INSTRUCTION NO. IV(T)
(Defendant's Testimony)

1.    Mr. Forbes objects to this instruction on the ground that it is unnecessary and places undue emphasis on Mr. Forbes' testimony.

2.    Mr. Forbes objects to the instruction because the Court permitted the government to read in portions of Mr. Forbes' 2004 testimony over his objection, essentially compelling his testimony. See United States v. Walter, 652 F.2d 708, 713 (7th Cir. 1981).

## OBJECTIONS TO INSTRUCTION NO. V(B)
### (Notes)

1.      Mr. Forbes objects to the second paragraph because there are procedures for correcting a transcript that the government has not chosen to follow. There is no law of which Mr. Forbes is aware, and the government has not cited any, that says that a recollection of jurors trumps an official transcript. The transcript is the official record of the evidence. The law concerning juror recollection deals with arguments of counsel, which are not evidence.

## OBJECTIONS TO INSTRUCTION NO. V(D)
(Exhibits and Testimony; Use of the Indictment)

  1.  Mr. Forbes objects to the jury having a copy of the indictment in the jury room. The indictment addresses many evidentiary matters and includes numerous unnecessary allegations. Moreover, the language of the indictment is unconstitutionally vague. There is a serious danger that the jury will convict Mr. Forbes on facts or theories not found by the grand jury. <u>See, e.g.</u>, <u>Russell v. United States</u>, 369 U.S. 749 (1962).

## ADDITIONAL OBJECTIONS TO FAILURE TO GIVE CHARGES REQUESTED BY MR. FORBES

Mr. Forbes objects to the Court's failure to include the following instructions proposed by Mr. Forbes in the Court's charge:

1.     Forbes Instr. No. 11.1 (Missing Witness Stuart Bell)—for the reasons set forth above in the Objections to Failure to Give Missing Witness Instruction;

2.     Forbes Instr. No. 15 (Acts and Statements After April 15 1998)—because the Court gave a similar limiting instruction during the initial trial, it is supported by the law, and it is necessary to ensure that the jury does not consider this evidence for improper purposes;

3.     Forbes Instr. No. 15.1 (Accounting Matters Not To Be Considered—Pre-1995 Time Period)—because (1) the testimony about these matters constituted a constructive amendment and/or a prejudicial variance, and the instructions can help protect against a constructive amendment and/or a prejudicial variance; (2) Mr. Kernkraut's testimony on these matters was improper and prejudicial for the reasons set forth in Forbes Retrial Motion No. 15; (3) the lay opinion testimony of Mr. Corigliano, Ms. Pember, and Mr. Kernkraut on this subject was improper and inadmissible under Fed. R. Evid. 701; and (4) testimony regarding Mr. Bell was improper for the reasons set forth in Forbes Retrial Motion No. 7;

4.     Forbes Instr. No. 15.2 (Accounting Matters Not To Be Considered—Membership Numbers)—because Mr. Kernkraut's improper testimony about this matter constituted a constructive amendment and/or a prejudicial variance, and the instruction can help protect against a constructive amendment and/or a prejudicial variance;

5.     Forbes Instr. No. 15.2.1 (Mr. Kernkraut's Testimony About What He Supposedly Learned After April 15, 1998)—for the reasons set forth in Forbes Retrial Motion No. 15;

6.     Forbes Instr. No. 19 (Guilty Pleas of Government Witness)—because the Court's instruction erroneously states the manner in which guilty pleas of government witnesses may be considered and this charge, which is supported by the law, is necessary to correct that charge;

7.     Forbes Instr. No. 20.1 (Retainer Funds)—because the instruction is supported by the law and is necessary to assist the jury in evaluating the bias and credibility of the key government witness;

8.     Forbes Instr. No. 20.2 (SEC Quarterly Asset Schedules)—because the interpretation of the agreement is a question of law, the instruction is supported by the law, and is necessary to assist the jury in evaluating the bias and credibility of the key government witness;

9.     Forbes Instr. No. 20.3 (Town of Old Saybrook Appraisal and Assessment of Corigliano Property)—because the instruction is supported by the

law and is necessary to assist the jury in evaluating the bias and credibility of the
key government witness;

10. Forbes Instr. No. 20.4 (SEC Settlement Agreement)—because
the interpretation of the agreement is a question of law, the instruction is supported
by the law, and is necessary to assist the jury in evaluating the bias and credibility
of the key government witness;

11. Forbes Instr. No. 29 (Generally Accepted Accounting
Principles)—for the reasons set forth above in the Objections to Failure to Instruct
on Generally Accepted Accounting Principles;

12. Forbes Instr. No. 30 (Elements of Conspiracy)—because the
instruction is supported by the law and more accurately sets forth the elements
than the Court's charge;

13. Forbes Instr. No. 31 (First Element of Conspiracy—Existence of
Agreement)—because the instruction is supported by the law and more accurately
sets forth the elements than the Court's charge;

14. Forbes Instr. No. 32 (Individuals Not Named as Alleged Co-
Conspirators)—to clarify for the jury who is not alleged to be a co-conspirator in
Count 1 and respond to the government's improper suggestion during trial that
other individuals (such as E&Y auditors) engaged in wrongdoing;

15. Forbes Instr. No. 33 (Alleged Unlawful Objectives Charged in
Count 1—Need for Unanimity)—because the instruction is supported by the law,

more accurately identifies the objects of the alleged conspiracy and more accurately sets forth the requirement of unanimity than the Court's charge;

16. Forbes Instr. No. 34 (Second Element of Conspiracy— Membership in the Alleged Conspiracy)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

17. Forbes Instr. No. 35 (Second Element of Conspiracy— "Knowingly" Defined)—because the instruction is supported by the law and more accurately sets forth the knowledge requirement as set forth above in the Objections to Repeated Failures to Define Knowingly by Reference to Alleged False Statements;

18. Forbes Instr. No. 36 (Second Element of Conspiracy— "Knowingly" GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

19. Forbes Instr. No. 37 (Second Element of Conspiracy—"Willfully" Defined)—because the instruction is supported by the law and more accurately sets forth the definition than the Court's charge;

20. Forbes Instr. No. 38 (Second Element of Conspiracy—"Specific Intent to Defraud" Defined)—because the instruction is supported by the law and more accurately sets forth the definition than the Court's charge;

21. Forbes Instr. No. 40 (Good Faith)—because the instruction is supported by the law and should be repeated in and tailored to the mental states required of each charge;

22.    Forbes Instr. No. 41 (Knowingly, Willfully, and Specific Intent to Defraud—Standards Unclear)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

23.    Forbes Instr. No. 44 (Elements of False Statement in SEC Report)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

24.    Forbes Instr. No. 46 (Alleged False Statements of Fact Charged in Count 2)—for the reasons set forth in the Objections to Defining the Alleged False Statements More Broadly Than the Indictment;

25.    Forbes Instr. No. 48 (Alleged False Statements of Fact Charged in Count 3)—for the reasons set forth in the Objections to Defining the Alleged False Statements More Broadly Than the Indictment;

26.    Forbes Instr. No. 50 (False Statement of Fact—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

27.    Forbes Instr. No. 51 (Second Element of False Statement in SEC Report—Materiality)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

28.    Forbes Instr. No. 52 (Materiality Judged at Time of Statement)— because the instruction is supported by the law and is not fully conveyed by the Court's charge;

29.    Forbes Instr. No. 53 (Third Element of False Statement in SEC Report—Made or Caused)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

30.    Forbes Instr. No. 55 (Fourth Element of False Statement in SEC Report—Knowingly)—because the instruction is supported by the law and more accurately sets forth the knowledge requirement as set forth above in the Objections to Repeated Failures to Define Knowingly by Reference to Alleged False Statements;

31.    Forbes Instr. No. 56 (Knowingly—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

32.    Forbes Instr. No. 57 (Fourth Element of False Statement in SEC Report—Willfully)—because the instruction is supported by the law and more accurately sets forth the definition than the Court's charge;

33.    Forbes Instr. No. 58 (Fourth Element of False Statement in SEC Report—Specific Intent to Defraud)—because the instruction is supported by the law and more accurately sets forth the definition than the Court's charge.

34.    Forbes Instr. No. 60 (Good Faith)—because the instruction is supported by the law and should be repeated in and tailored to the mental states required of each charge;

35.     Forbes Instr. No. 61 (Knowingly, Willfully, and Specific Intent to Defraud—Standards Unclear)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

36.     Forbes Instr. No. 62 (Elements of Securities Fraud)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

37.     Forbes Instr. No. 63 (First Element of Securities Fraud—Untrue Statement of Fact)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge, which defines the fraud too broadly as further set forth in the Objections to Defining the Alleged Fraud More Broadly than the Indictment;

38.     Forbes Instr. No. 64 (Alleged Untrue Statements of Fact Charged in Count 4)—because the instruction is supported by the law, identifies the alleged false statements, and more accurately sets forth the elements than the Court's charge, which defines the fraud too broadly as further set forth in the Objections to Defining the Alleged Fraud More Broadly than the Indictment;

39.     Forbes Instr. No. 65 (Alleged Untrue Statements of Fact)—because the instruction is supported by the law and more accurately sets forth the requirement of unanimity than the Court's charge;

40.     Forbes Instr. No. 66 (Untrue Statement of Fact—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

41.    Forbes Instr. No. 67 (Second Element of Securities Fraud—Materiality)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

42.    Forbes Instr. No. 68 (Materiality Judged at Time of Statement)—because the instruction is supported by the law and is not conveyed by the Court's charge;

43.    Forbes Instr. No. 71 (Fourth Element of Securities Fraud—Knowingly)—because the instruction is supported by the law and more accurately sets forth the knowledge requirement as set forth above in the Objections to Repeated Failures to Define Knowingly by Reference to Alleged False Statements;

44.    Forbes Instr. No. 72 (Knowingly—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

45.    Forbes Instr. No. 73 (Fourth Element of Securities Fraud—Willfully)—because the instruction is supported by the law and more accurately sets forth the definition than the Court's charge;

46.    Forbes Instr. No. 74 (Fourth Element of Securities Fraud—Specific Intent to Defraud)—because the instruction is supported by the law and more accurately sets forth the definition than the Court's charge;

47.    Forbes Instr. No. 76 (Good Faith)—because the instruction is supported by the law and should be repeated in and tailored to the mental states required of each charge;

48.     Forbes Instr. No. 77 (Knowingly, Willfully, and Specific Intent to Defraud—Standards Unclear)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

49.     Forbes Supplemental Instr. No. 1 (Theory of the Defense) – for the reasons set forth in Mr. Forbes' objections to Instruction No. III;

50.     Forbes Supplemental Instr. No. 2 (No Duty of CEO or Chairman to Read 10-K's or 10-Q's) – for the reasons set forth in Mr. Forbes' Proposed Supplemental Instruction No. 2, and because the instruction is supported by the law;

51.     Forbes Instr. No. 19 – for the reasons set forth in Mr. Forbes' objections to Instruction No. IV(P); and

52.     Forbes Instr. No. 19A – for the reasons set forth in Mr. Forbes' objections to Instruction No. IV(P).

## OBJECTIONS TO FAILURE TO GIVE CURATIVE INSTRUCTIONS
## REQUESTED BY MR. FORBES

1.      Mr. Forbes objects to the Court's failure to give any curative instruction with respect to any of the 27 issues raised in the Motion of Walter Forbes (1) To Strike Improper Rebuttal Argument by Government and (2) For a Curative Instruction and Notice of Continuing <u>Wallach</u> Objection (filed on December 6, 2005) (incorporated herein in full by reference).  Mr. Forbes also incorporates herein in full by reference his Notice of Filing of Documents Relating to Paragraphs 6 and 7 of Mr. Forbes' Motion to Strike Improper Rebuttal Argument and for a Curative Instruction (filed December 7, 2005).

2.      In response to the Court's statements on the morning of December 7, 2005, Mr. Forbes seeks to clarify that his objection to the government argument referenced in Paragraph 7 of his Motion (1) To Strike Improper Rebuttal Argument by Government and (2) For a Curative Instruction and Notice of Continuing <u>Wallach</u> Objection (filed December 6, 2005) is not based only on the absence of records of purported CUC quarterly earnings conference calls prior to May 1997 but also based on the defense's understanding and belief that CUC did not conduct such quarterly earnings conference calls prior to May 1997 (as Mr. Forbes testified), as well as Laura Hamilton's civil deposition testimony and Ms. Hamilton's July 7, 1999 government interview.  Excerpts of Ms. Hamilton's testimony and the notes produced by the government with respect to Ms. Hamilton's July 7, 1999 government interview were supplied to the Court by

112

defense counsel on December 6, 2005 and are contained in Exhibit 4 of Mr. Forbes'

December 7, 2005 Notice of Filing.

## CONCLUSION

For the foregoing reasons, Mr. Forbes respectfully objects to the Court's final jury instructions.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP


By: _Barry S. Simon /MRZ_____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes


Dated:  December 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Final Objections of Walter Forbes to the Court's Final Jury Instructions to be sent on December 7, 2005 to the following via email and hand delivery:

Michael Martinez, Esq.
Craig Carpenito, Esq.
U.S. Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ  07102

and to the following via email and Federal Express:

Norman Gross, Esq.
U.S. Attorney's Office
District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ  08101

Marcie R. Ziegler