UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | December 22, 2005 |
| | : | |
| | : | |
| WALTER A. FORBES | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT WALTER FORBES' OBJECTIONS TO READ-BACK OF TESTIMONY OF STEVEN KERNKRAUT AND MOTION FOR MISTRIAL**

In response to the jury's request for the read-back of certain testimony of Steven Kernkraut, Forbes has objected to the read-back of any of that testimony. Forbes has also again moved for a mistrial based on the jury's request. Forbes raises nothing new in his present submission. Rather, he incorporates by reference: (a) his prior mistrial motion regarding Kernkraut's testimony (Forbes' Retrial Motion No. 15) and his prior motion to strike certain portions of Kernkraut's testimony (Forbes' Retrial Motion No. 16), both of which this Court has denied following extensive briefing; (b) other motions filed by Forbes that this Court has previously denied following extensive briefing (Forbes' Retrial Motion No. 7; Forbes' Retrial Motion *In Limine* No. 23; Forbes' Motion to (1) Strike (Allegedly) Improper Rebuttal Argument by the Government and (2) for a Curative Instruction and Notice of Continuing Wallach Objection); and (c) certain of Forbes' Final Objections to the Court's Final Charge, which the Court previously denied, including Forbes' objections to the

Court's curative instructions regarding Kernkraut.

As the Court is aware, the Government filed written memoranda of law in opposition to each of Forbes' motions which are incorporated by reference in Forbes' instant motion. The Government incorporates by reference its prior submissions in response to each of Forbes' "incorporated" motions, and will not further burden the Court or the record with its arguments set forth therein.

The Court has also previously addressed all of Forbes' objections to the Final Charge. By incorporating by reference his prior motions and objections, Forbes is again effectively seeking reconsideration of his previously rejected arguments. Forbes again declines to acknowledge his heavy burden for obtaining reconsideration, much less attempted to meet that burden. For that reason as well, his present motion should be rejected. <u>See</u> <u>United States v. Gross</u>, 2002 WL 32096592 (E.D.N.Y., Dec. 5, 2002)(citing cases).

In paragraph 3 of his present motion, Forbes' accurately acknowledges that the Court has <u>not</u> stricken all of Kernkraut's testimony regarding his conversations with Forbes about CUC's and Cendant's membership numbers and membership renewal rates. Forbes' Motion at p. 3. Forbes nevertheless asks this Court to now effectively alter its prior ruling regarding the portions of Kernkraut's testimony that were stricken. In

particular, Forbes asks the Court to now strike from the read-back of Kernkraut's testimony <u>all mention</u> of membership numbers and membership renewal rates, because the Court gave a curative instruction about Kernkraut's testimony that the membership numbers and membership renewal rates were false and overstated. The Government opposes Forbes' request.

This Court has stricken Kernkraut's testimony that CUC's publicly disclosed membership numbers and renewal rates were false and overstated, not because the Court concluded that those numbers were in fact inaccurate. Rather, the Court struck that testimony because it concluded that Kernkraut did not have personal knowledge of the falsity of those numbers and those rates. As a result, the Court struck Kernkraut's testimony about CUC's and Cendant's membership numbers and renewal rates only insofar as Kernkraut testified that those numbers and renewal rates were false and overstated. Tr. 3801.[1]

---

[1] Forbes has mischaracterized this Court's curative instruction regarding Kernkraut. Forbes claims that this Court instructed that "there is no issue in this case concerning membership numbers or membership renewal rates." Forbes' Motion at p. 3. To the contrary, the Court did not eliminate all of Kernkraut's testimony about membership numbers and renewal rates. Rather, it struck only a portion of Kernkraut's testimony on those matters, as follows:

> The testimony I struck included testimony by Mr. Kernkraut that the number of members that CUC had added **was overstated and the member renewal rate had been overstated significantly**. There is no evidence at all that the membership numbers reported by CUC or Cendant **were false or**
> (continued...)

The Government's designations of the portions of Kernkraut's testimony which the Government seeks to have read back omit all of the stricken testimony. The jury's request for a read-back of certain portions of Kernkraut's testimony, however, includes his testimony about his conversations with Forbes about membership numbers and renewal rates, and Kernkraut's testimony that membership numbers and renewal rates were "key variables" of CUC's business. <u>E.g.</u>, Tr. 139, l.21 to Tr. 140, l.2; <u>see</u> December 21, 2005 email from Attorney Mattei to Counsel, noting that the parties had agreed that Kernkraut's testimony at Tr. 138, l.3 to Tr. 140, l.8 is responsive to the jury's request for a read-back of portions of Kernkraut' testimony.

---

> [1](...continued)
> **inflated in any respect**, and there is no evidence at all that the membership renewal rates reported by CUC or Cendant **were false or inflated in any respect**. And I instruct you that there is no issue in the case **with respect to those matters**.

Tr. 3083, 3801 (emphasis added).

Read in context, "those matters" are the "falsity" and the "inflation" of CUC's and Cendant's reported membership numbers and renewal rates, and not the numbers and renewal rates themselves. That interpretation is entirely consistent with the reason for the Court's curative instruction: that Kernkraut's testimony about the falsity and inflation of membership numbers and renewal rates was beyond his personal knowledge. By contrast, Kernkraut's properly admitted testimony about his conversations with Forbes about membership numbers and renewal rates, and Kernkraut's testimony that membership numbers and renewal rates are "key variables" of CUC's business, were not beyond Kernkraut's personal knowledge.

That the jury has admittedly requested portions of Kernkraut's testimony that includes his statements about his conversations with Forbes about membership numbers and renewal rates should not be an occasion for Forbes to obtain reconsideration of his previously rejected arguments that such testimony should be excluded.  That testimony was properly admitted to demonstrate Forbes' thorough knowledge of the "key variables" of CUC's business, and rebut his testimony that he was uninvolved and uninformed about CUC's past financial performance, and focused exclusively on the future direction of the business.

Forbes also renews his request (in the first of two consecutive paragraphs which are both numbered "5", see Forbes' Motion at pp. 4-5) for the Court to give a curative instruction that: (I) CUC did not conduct quarterly earnings conference calls prior to the announcement of the Cendant merger in May 1997; (ii) Kernkraut's testimony to the contrary was erroneous; and (iii) Kernkraut's testimony on this subject has been stricken and should be entirely disregarded by the jury.  As Forbes accurately acknowledges, Forbes' Motion at p. 4, that request was previously advanced in Forbes' Motion to Strike (Allegedly) Improper Rebuttal Argument, and was previously rejected by this Court.

Forbes also requests (in the second "paragraph 5" of his motion) that the Court again give the jury its curative instruction regarding Kernkraut's testimony (Instruction IV(H) of

5

the Court's Final Instructions), and that it repeatedly interrupt the read-back of Kernkraut's testimony to do so. The Government objects to Forbes' request to repeat a portion of the charge where the jury has asked for a read-back only of testimony but not of any instructions. The Court has already given the curative instruction twice, once before summations, Tr. 3083, and once after. Tr. 3801. Forbes' counsel read (or "paraphrased") the instruction during his summation. Tr. 3464-66. The Court also gave the jurors a written copy of its Final Charge, which includes the curative instruction regarding Kernkraut. Giving this instruction again, and no others, in response to the jury's request for a read-back of testimony, will unnecessarily emphasize that instruction at the expense of all of the other instructions in the charge. This Court has instructed the jury to consider all of the instructions together, and not to single out any one of the instructions in their deliberations. Tr. 3688-89. The Government asks the Court to now heed its own admonition and not "single out" its curative instruction regarding Kernkraut which was not requested by the jury.

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that this Court: (1) overrule Forbes' objections to the read-back of certain testimony by Steven Kernkraut; and (2) deny Forbes' motion for mistrial.

    Respectfully submitted,

    CHRISTOPHER J. CHRISTIE
    Special Attorney
    U.S. Department of Justice

    /s/ Craig Carpenito

By:  NORMAN GROSS
     MICHAEL MARTINEZ
     CRAIG CARPENITO
     Special Attorneys
     U.S. Department of Justice

Dated: December 22, 2005
Hartford, Connecticut

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on this day I served a copy of the Government's Opposition to Defendant Walter Forbes' Objections to Read-back of Testimony of Steven Kernkraut and Motion for Mistrial upon the following by email:

Barry S. Simon
Marcie Ziegler

                                       /s/ Debra Elliot
                                       DEBRA ELLIOT
                                       U.S. Department of Justice

Dated: December 22, 2005
       Hartford, Connecticut