UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>WALTER A. FORBES. )<br>)<br>) | No. 3:02CR264 (AWT)<br>February 7, 2006<br><br>**(UNDER SEAL)** |

### Opposition of Walter A. Forbes to the Proposed Substitution of an Alternate Juror

The defense objects to the introduction of an alternate juror after more than twenty days of deliberations, and almost three months after the evidence concluded. Accordingly, after consultation with counsel, and pursuant to Fed. R. Crim. P. 23(b)(2), Mr. Forbes hereby states that he is willing to stipulate to a jury of less than twelve, subject to his continued objection to any further jury deliberations for the reasons previously stated by the defense.

In addition to being willing to stipulate to a jury of less than twelve, the defense notes that the Second Circuit has long stated a preference for proceeding with eleven jurors rather than substituting an alternate juror for an excused juror. United States v. Scopo, 861 F.2d 339, 350 (2d Cir. 1988) (affirming a court's refusal to substitute an alternate juror for an excused juror, noting that "This Court has stated that proceeding with 11 jurors is the 'preferred' option."); United States v. Casamento, 887 F.2d 1141 (2d Cir. 1989) (holding that proceeding with eleven jurors "was not only permissible, but was preferable to adding an alternate"). See also United States v. Stratton, 779 F.2d 820, 831 (2d Cir. 1985)

(noting problems with the substitution of an alternate juror after deliberations began, including that the jurors "may not be able to nullify the effect of past discussions").

Although Fed. R. Crim. P. 24 has since been amended to clarify that a Court <u>can</u> substitute in an alternate juror after deliberations have begun, the Rule does not require the substitution of an alternate, and in this Circuit proceeding with eleven remains the preference. See <u>Federal Criminal Practice: A Second Circuit Handbook (2005 Edition)</u>, § 40-8 at p.1066. The Second Circuit's current view is consistent with the above cited precedent which recognized the myriad of problems inherent in substituting an alternate juror for a deliberating juror. Indeed, some of those problems have been more recently articulated by the District Court for the Eastern District of Virginia <u>after</u> the Rule amendment. See <u>United States v. Levenite</u>, 277 F.3d 454, 464 (4th Cir. 2002) (Fourth Circuit decision affirming the decision of the District Court, which had "reasoned that impaneling an alternate juror would require that the jury begin deliberations anew, a task that the court thought would be difficult at best, and constitutionally suspect.") (the defense notes that the District Court also recognized that it could subsequently substitute in an alternate if any more jurors were lost, <u>see id</u>.).

Moreover, the defense is unaware of any case law which addresses the substitution of an alternate juror <u>after</u> an <u>Allen</u> charge has been given – a circumstance which creates even greater threats to the defendant's constitutional rights. The jury previously indicated that it was unable to reach a unanimous

verdict, meaning that one or more jurors had voted to acquit. The <u>Allen</u> charge, in substance, instructed the jurors to <u>consider</u> the views of the other jurors, but not to surrender their own conscientious judgment. Should the Court substitute an alternate juror in at this point, the Court would be instructing the jury to put aside their prior conclusions and begin anew. Such an instruction, over one month after having delivered an <u>Allen</u> charge, would be unduly coercive.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: February 7, 2006

## AMENDED CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Opposition of Walter A. Forbes to the Proposed Substitution of an Alternate Juror to be sent on February 7, 2006 to the following via e-mail and on February 8, 2006 via FedEx:

>Norman Gross, AUSA
>U.S. Attorney's Office
>District of New Jersey
>401 Market Street
>Fourth Floor
>Camden, NJ 08101
>
>Michael Martinez, AUSA
>Craig Carpenito, AUSA
>U.S. Department of Justice
>450 Main Street, Room 320
>Hartford, CT 06103

_____
Barry S. Simon