UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 3:02CR00264 (AWT) |
| v. : | |
| : | February 8, 2006 |
| WALTER A. FORBES : | |

**MOTION OF THE UNITED STATES TO SUBSTITUTE ALTERNATE JUROR FOR EXCUSED JUROR**

In a carefully worded submission, the defendant states that he would be "willing to stipulate to a jury of less than twelve." Meg Keeley E-mail, 2/7/06, 5:42 p.m.  The defendant then "notes that the Second Circuit has long stated a preference for proceeding with eleven jurors rather than substituting an alternate juror for an excused juror."  Id.  Based on the defendant's e-mail, it appears that the defendant would be willing to proceed with eleven, but not with ten or fewer jurors. Indeed, Federal Rule of Criminal Procedure 23(b)(3) does not expressly authorize a district court to accept a verdict from fewer than 11 jurors without a stipulation by the parties.  See Fed. R. Crim. P. 23(b)(3) ("After the jury has retired to deliberate, the court may permit a jury of 11 persons to return a verdict, even without a stipulation by the parties, if the court finds good cause to excuse a juror.").  Therefore, if another

juror were excused for any reason, then the defendant's proposal would put this Court in the position of declaring a mistrial or substituting an alternate juror (or jurors) in the event that the alternate jurors were not already dismissed.  The possibility of another juror being excused is not fanciful, as a juror at the end of today's session communicated to the Court that she was considering asking to be excused.

The United States objects to the defendant's proposal of proceeding with 11 jurors.  Instead, the United States proposes that this Court substitute an alternate juror in accordance with Federal Rule of Criminal Procedure 24(c)(3).  Rule 24(c)(3) provides that a "court may retain alternate jurors after the jury retires to deliberate" and that "[i]f an alternate replaces a juror after deliberations have begun, the court must instruct the jury to begin its deliberations anew."  This Court would properly exercise its discretion by following Rule 24's requirements.  See, e.g., United States v. Williams, 283 F.Supp.2d 850, 857 (E.D.N.Y. 2003) (rejecting defendant's challenge to substitution of two alternate jurors following start of jury deliberations where "all the requirements of Rule 24 were complied with strictly").

The defendant cites cases to support the proposition that the Second Circuit's preference is to proceed with only 11 jurors.  The difficulty with the defendant's reliance on those

cases is that they were decided before Rule 24 was explicitly amended to provide for substituting alternate jurors after jury deliberations commenced.  Before the 1999 amendments to Rule 24(c), the rule required courts to excuse all alternate jurors (who had not been selected to replace other jurors) when the jury retired to deliberate.  See Fed. R. Crim. P. 24, Advisory Committee Notes, 1999 Amendments.  In support of the amendment, the Advisory Committee explained that "there may be cases where it is better to retain the alternates when the jury retires, insulate them from the deliberation process[, a]nd have them available should one or more vacancies occur in the jury."  Id.  Specifically, the Advisory Committee noted that "[t]hat might be especially appropriate in a long, costly, and complicated case."  Id.  As this Court is well aware, this case clearly qualifies as "long, costly, and complicated."  In light of the tremendous time and resources that this Court and the parties have invested in this case, this Court would properly exercise its discretion by substituting an alternate juror in accordance with Rule 24(c)(3),

rather than proceeding with 11 jurors and running the serious risk of a mistrial should one additional juror be excused.

    Respectfully submitted,

    CHRISTOPHER J. CHRISTIE
    Special Attorney
    U.S. Department of Justice

    /s/ Michael Martinez
    By: MICHAEL MARTINEZ
    NORMAN GROSS
    CRAIG CARPENITO
    Special Attorneys
    U.S. Department of Justice
    970 Broad Street, Suite 700
    Newark, New Jersey  07102

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via Federal Express and e-mail:

Barry S. Simon, Esq.
Williams & Connolly, LLP
Residence Inn
924 Main Street
Hartford, CT 06103

    I declare under penalty of perjury that the foregoing is true and correct.

                                      /s/ Debra M. Elliott
                                      DEBRA M. ELLIOT
                                      Sr. Paralegal Specialist
                                      U.S. Department of Justice

Dated: February 8, 2006
Hartford, Connecticut