UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | No. 3:02CR00264 (AWT) |
| **v.** : | |
| : | February 8, 2006 |
| **WALTER A. FORBES** : | |

**SUPPLEMENTAL MOTION OF THE UNITED STATES TO SUBSTITUTE ALTERNATE JUROR FOR EXCUSED JUROR**

Late last night, defense lawyers conveyed a new proposal to counsel for the United States in response to the United States' request that the Court substitute one of the alternate jurors for the juror who was dismissed yesterday on the defendant's motion. After the United States had argued that a failure to add an alternate juror might result in a mistrial if another juror were unable to deliberate until a verdict is reached, the defendant has now offered to proceed with ten jurors in that event. The United States is still opposed to reducing the number of deliberating jurors below twelve given the availability of the alternates.

After this Court instructed the jurors on January 5, 2006 to continue their deliberations following a note seeking guidance from the Court regarding their lack of unanimity, the jurors have deliberated for over four weeks. The jurors' continued work is

plainly a reflection of their desire to see this case through to the end and reach a verdict.

The jurors' diligent work in this case is only part of the substantial resources invested by this Court and the parties in seeking a resolution of the charges in this case. Given that this is the second lengthy trial of these charges, and given the substantial expenses on all concerned that would result from yet a third trial if this jury fails to reach a verdict, there is an important institutional interest in allowing the jury to reach a verdict. The goal of all criminal trials is a verdict; for that reason, the trial judge is authorized to instruct the jury to resume its deliberations even in the face of jury communications of hopeless deadlock. See Lowenfield v. Phelps, 484 U.S. 231, 237 (1988) ("The very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves.")(quoting Allen v. United States, 164 U.S. 492, 501-02 (1886)).

Requiring a finding of guilt beyond a reasonable doubt from twelve individuals not only serves to protect a defendant's rights, but also, it serves important governmental interests. Having a large number of fact-finders on the jury makes it more likely that important evidence and arguments will not be missed by a smaller group of deliberating jurors. Especially in a complex case, such as this one, having twelve jurors may well

assist the deliberative process.

The norm for a criminal trial is twelve jurors.  Because unanimity is required, a defendant normally has no desire to see fewer than twelve jurors deliberate.  The defendant's now-stated desire to allow a verdict to be reached with even fewer than eleven jurors, if necessary, demonstrates his transparent desire to ensure that any juror deadlock that exists will continue, and that the jury will not have the benefit of any fresh perspective on the evidence that a new juror might present.  A defendant has no right to a smaller deliberating jury than the norm in order to prevent the jury from reaching a verdict.

The United States believes that the best chance for a verdict in this case is to permit an alternate juror to take part in the deliberations, provide a new perspective on the evidence, and hopefully assist the current complement of jurors to resolve their differences.  Given the absence of a verdict so far, following twenty-six days of deliberations, failure to add an alternate juror will maintain the *status quo*, and is less likely to result in a verdict.  For that reason, the United States

continues to request that an alternate juror be substituted for the dismissed juror.

                                        Respectfully submitted,

                                        CHRISTOPHER J. CHRISTIE
                                        Special Attorney
                                        U.S. Department of Justice

                                        /s/ Michael Martinez
                                        By: MICHAEL MARTINEZ
                                        NORMAN GROSS
                                        CRAIG CARPENITO
                                        Special Attorneys
                                        U.S. Department of Justice
                                        970 Broad Street, Suite 700
                                        Newark, New Jersey  07102

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via Federal Express and e-mail:

Barry S. Simon, Esq.
Williams & Connolly, LLP
Residence Inn
924 Main Street
Hartford, CT 06103

    I declare under penalty of perjury that the foregoing is true and correct.

                                      /s/ Debra M. Elliott
                                      DEBRA M. ELLIOTT
                                      Sr. Paralegal Specialist
                                      U.S. Department of Justice

Dated: February 8, 2006
Hartford, Connecticut