UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) No. 3:02CR264 (AWT) <br> WALTER A. FORBES. ) February 23, 2006 <br> ) | |

**MOTION REGARDING JURY QUESTIONNAIRE (PROPOSED ADDITIONAL MODIFICATIONS AND OBJECTIONS OF DEFENDANT WALTER A. FORBES TO CONFIDENTIAL JUROR QUESTIONNAIRE)**
(<u>Forbes Third Trial Motion No. 1</u>)

<u>Modifications to Which the Parties Agree</u>. On February 22, 2006, defense counsel submitted to the Court a copy of the proposed Confidential Juror Questionnaire marked-up to reflect modifications that the government and the defense agree should be made. A copy of that submission, which includes a cover letter reflecting the parties' agreement and joint request that the questions on the Supplemental Questionnaire be included in the original Confidential Juror Questionnaire is attached hereto as Exhibit A.

<u>Objection to Confidential Juror Questionnaire Being Sent to Jurors in Advance.</u> The defense objects to the Court changing the procedure used in the last two trials by sending the Confidential Juror Questionnaire to jurors in advance of their reporting to Court for the following reasons:

    A.    As the Court surely is aware, the Court is an awesome figure of authority and telling potential jurors that they are answering the Confidential Juror Questionnaire under oath and ordering

1

them in person not to discuss the questionnaire or the case with anyone or to do research regarding the case is more likely to be effective than a written instruction sent out before the Court has administered its oath to the jury pool.[*]

B.  The procedure employed by the Court during jury selection in the first two trials worked quite efficiently. The process of having the jurors answer the questionnaires in the courthouse only consumed three court days during each of the previous two trials. Jury selection in its entirety only consumed 10 court days during the first trial and 11 court days during the second trial, not an inordinate amount of time given the fact that from the beginning of jury selection to discharge of the jury lasted 8 1/2 months in the first trial and 5 months in the second trial.

**Additional Requested Modifications to Which the Parties Do Not Agree.**  Mr. Forbes requests that nine additional questions be added to the Confidential Juror Questionnaire in the event that it is not sent to potential jurors in advance. In the event that it is sent to potential jurors in advance, Mr. Forbes requests that those same nine additional questions be added to the Confidential Juror Questionnaire plus one additional question.

---

[*] Even with the Court giving instructions on a daily basis, there was a problem in the last trial with a juror conducting inappropriate research.

2

### A. Requested Question Regarding Views Toward Conspiracies in Companies

Mr. Forbes requests that the following question be asked:

> *Based on what you know and have heard, how common are conspiracies in business?*
>
> *__ Happens all the time  __ Happens occasionally*
> *__ Happens quite often   __ Rarely/never happens*

(Mr. Forbes requested that this question be asked in the Juror Questionnaire for Trial No. 2, and the Court denied that request.) This question is designed to elicit potential bias based on the myriad highly publicized accounting and corporate wrongdoing cases in recent years. It seeks information that will assist the defense in formulating appropriate follow-up questions to determine whether a potential juror brings biases and prejudices to this trial. The answer to this question and any follow-up will also be useful to counsel as they decide how to exercise their preemptory challenges.

### B. Requested Question About Expected Knowledge of Chief Executive Officers

The defense requests that the following question be asked:

> *Do you feel that top corporate executives like Chief Executive Officers (CEOs) should be expected to know every significant thing going on in the company?  __ Yes  __ No*

(Mr. Forbes requested that this question be placed on the Juror Questionnaire for Trial No. 2, and the Court denied that request.) This question asks whether prospective jurors have any preconceived notions regarding what Chief Executive Officers like Mr. Forbes know or do not know. If defense counsel is not given the

3

opportunity to learn whether potential jurors bring preconceived notions regarding what Chief Executive Officers know to this trial, the likely result will be a jury for which the government's burden of proof is effectively reduced.

### C. Requested Question About Chief Executive Officers' Responsibilities

The defense requests that the following question be asked:

> *Do you have any strong feelings about whether CEOs are or should be responsible for the conduct of their employees?* __ Yes __ No
>
> *If yes, please explain:*

This question is designed to determine whether the potential juror has any erroneous preconceived notions about the applicable legal standards governing chief executive officers like Mr. Forbes in a criminal case. If a potential juror has erroneous preconceived notions about the legal standard applicable to chief executive officers in a criminal case, probing by the Court or defense counsel would be warranted to determine whether the potential juror will set aside those preconceived notions and apply the law as instructed by the Court. If not, the potential juror should be struck for cause.

### D. Requested Question About the Legal Profession

The defense requests that the following question be asked:

> *Do you have any strong views, positive or negative, about the legal profession?* __ Yes __ No
>
> *If yes, please explain:*

4

The Confidential Juror Questionnaire presently contains a similar question about the accounting profession. In light of the fact that members of the legal profession are playing a central role in the trial of this case and lawyers were witnesses in both of the first two trials, Mr. Forbes should be able to learn whether potential jurors have strong views about the legal profession.

  E.  **Requested Question Regarding Serious Consideration of Working in Law Enforcement**

Mr. Forbes requests that the following question be asked:

> *Have you ever seriously considered working in law enforcement, such as working as a police officer, FBI agent, Secret Service agent or prosecutor? __ Yes __ No*

(Mr. Forbes requested that this question be placed on the Juror Questionnaire for Trial No. 2, and the Court denied that request.) This is the sort of question that will allow the defense to fashion appropriate follow-up that might lead to challenges for cause. Moreover, the answer to this question will assist counsel in deciding how to use preemptory challenges.

  F.  **Requested Question About Internet Shopping**

Mr. Forbes requests that the following question be asked:

> *Have you or any member of your family ever purchased any items on the internet? __ Yes __ No*

(Mr. Forbes requested that this question be placed on the Juror Questionnaire for Trial No. 2, and the Court denied that request.) This case concerns the internet, and there was significant testimony during the first two trials about Mr. Forbes' visions and actions with respect to internet commerce. If a prospective juror has

5

purchased items on the internet, counsel may want to ask follow-up questions regarding that experience to determine if it would affect his or her ability to judge Mr. Forbes fairly. The answer to this question may also inform counsel's judgment regarding how to exercise preemptory strikes.

### G. Requested Question Concerning Personal Accountant

Mr. Forbes requests that the following be asked:

*Do you have a personal accountant? __ Yes __ No*

*If yes, what does he or she do for you?*

(Mr. Forbes requested that this question be placed on the Juror Questionnaire for Trial No. 2, and the Court denied that request.) This case is about accounting, and there has been significant testimony about the role and functions of accountants both generally and at CUC and Cendant. Whether a prospective juror has a personal accountant and what that personal accountant does for the prospective juror may be critical information – both in deciding whether to challenge a juror for cause and in determining how to exercise preemptories.

### H. Requested Question Concerning Stock Broker

Mr. Forbes requests that the following question be asked:

*Do you or any member of your family have a stock broker?*
*__ Yes __ No*

(Mr. Forbes requested that this question be placed on the Juror Questionnaire for Trial No. 2, and the Court denied that request.) This case also concerns the stock market, and there has been significant testimony about the role of stock analysts and their reports to investors. Whether a potential juror has a stock broker is

6

highly relevant to counsel's decisions whether to challenge a juror for cause (after appropriate follow-up) or through use of a preemptory strike.

### I. Requested Question Concerning Desire to Be on Jury

Mr. Forbes requests that the following question be asked:

> *Would you like to serve on this jury?*
> *__ Yes __ No __ Maybe*
>
> *What is the reason for your answer?*

(Mr. Forbes requested that this question be placed on the Juror Questionnaire for Trial No. 2, and the Court denied that request.) The answer to this open-ended question will be very telling. It may expose biases and prejudices that will enable counsel to make for cause challenges and will probably reveal information that will assist counsel in deciding how to use their preemptory challenges.

### J. Requested Question Regarding Discussing the Questionnaire with Anybody or Obtaining Information (in the Event that the Questionnaire Is Sent to Potential Jurors in Advance)

Mr. Forbes requests that the following question be asked in the event that the Questionnaire is Sent to Potential Jurors in Advance:

> *Have you discussed this Confidential Juror Questionnaire with anybody or obtained any information from any source to answer any question(s)?  ___ Yes  ___ No*

This question needs to be asked to attempt to insure that the potential juror has complied with the Court's instructions.

### Renewed Objections and Proposed Revisions to Existing Questions.

Mr. Forbes renews his objections and again proposes revisions to the

following questions. (Mr. Forbes made identical objections to the juror questionnaire for Trial No. 2, and the Court overruled those objections.)

### A. Question No. 26.

Question No. 26 on the proposed Confidential Juror Questionnaire reads as follows:

> 26. *Have you, any relative, or anyone close to you had any experience involving law enforcement officials or government agents that might prevent you from considering the evidence in this case fairly and impartially?* __ Yes __ No
>
> *If yes, please explain:*

Question No. 26, as presently worded, suggests that the appropriate answer is "No." Few jurors will volunteer that they would not be "fair" and "impartial." Mr. Forbes proposes that Question No. 26 be reworded in a less suggestive and more open-ended way as follows:

> 26. *Have you, any relative, or anyone close to you had any experience involving law enforcement officials or government agents that would influence your consideration of the evidence in this case?* __ Yes __ No
>
> *If yes, please explain:*

As set forth in Mr. Forbes' Jury Selection Memorandum, one of the most important features of effective voir dire is "[u]sing open-ended questions on the juror questionnaire." Jury Selection Memorandum at 4 (quoting Hirschorn Aff. ¶5). Question No. 26 should be presented in an open-ended, non-suggestive manner. If a juror were to answer this question in the affirmative, appropriate follow-up could be asked by the Court and/or counsel to determine whether the juror is qualified or

8

should be stricken for cause. Even if the juror were found to be qualified, this open-ended question may reveal information that would be useful to defense counsel and government counsel alike as they decide how to use their preemptory strikes.

  B.  **Question Nos. 42 and 72**

As it did with respect to the Confidential Juror Questionnaire for Trial No. 2, the defense requests that the word "simply" be removed from the following questions:

> *42. Would you give greater or lesser weight to the testimony of a law enforcement officer or government agent than to the testimony of any other witness simply because the witness was a law enforcement officer or government agent? __ Yes __ No*
>
> *If yes, please explain:*
>
> *72. Suppose you are selected as a juror in this case and when you retire to deliberate you decide one way on a charge you are considering, either guilty or not guilty, and all the other jurors decide the other way. If after discussing this matter fully with the other jurors you remain convinced that you are correct and they are incorrect, would you then surrender your position <u>simply</u> for the purpose of reaching a verdict? __ Yes __ No*
>
> *If yes, please explain.*

The word "simply," as used in these questions means "merely" or "only." <u>See</u> Webster's II New College Dictionary (1999) (third definition of "simply" is "merely" or "only"). Mr. Forbes is entitled to learn whether a prospective juror is biased at all in favor of law enforcement officers or government agents. Inquiry should not be limited to whether a juror is biased in favor of a law enforcement witness <u>only</u> because he or she is a law enforcement officer or government agent. Likewise, Mr. Forbes is entitled to learn if a prospective juror, who after a full discussion

9

remained convinced that he or she was correct, would surrender his or her position for any reason. The fact that the prospective juror may also have some other inappropriate reason for surrendering his or her position other than reaching a verdict should not prevent Mr. Forbes and his counsel from obtaining the information they need to select a fair and impartial jury.

**Objection to Question No. 73.** Mr. Forbes renews his objection to Question No. 73, which reads in full as follows here:

> 73. *Your duty, as a juror, is to determine whether a defendant is guilty or not guilty based on the evidence. It is the duty of the presiding judge to determine punishment if the jury renders a verdict of "guilty." The law does not permit jurors to consider the issue of punishment. Would it be difficult for you to render a full and impartial verdict if a conviction could result in a prison sentence? __ Yes __ No*
>
> *If yes, please explain:*

This question does not state the law correctly – especially in this case. Specifically the statement that "[t]he law does not permit jurors to consider the issues of punishment" is wrong, because the jury may consider the potential punishment of Mr. Corigliano. As the Court has properly instructed the jury during the prior trials, "[a] witness who realized that he or she may be able to obtain his or her own freedom or receive a lighter sentence by giving testimony favorable to the government has a motive to testify falsely." E.g., Tr. 16413. Moreover, it is not correct to suggest that the presiding judge has the exclusive power to determine punishment. The Court's ability to determine Mr. Corigliano's punishment is limited to a large extent by the agreements he reached with the government. And

the Court's ability to determine punishment for any criminal defendant is limited by statute. Mr. Forbes objects to Question No. 73 and requests that the question be stricken.

**Proposed Instructions in the Event that the Confidential Juror Questionnaire Is Sent to Potential Jurors in Advance.** In the event that the Confidential Juror Questionnaire is sent to potential jurors in advance, the defense proposes that an Order of the Court in the form attached hereto as Exhibit B be attached to the front of the Confidential Juror Questionnaire.

## CONCLUSION

For the foregoing reasons, Walter A. Forbes respectfully requests that the Confidential Juror Questionnaire be modified as set forth above.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: *Barry S. Simon/RMC*
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (email)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: February 23, 2006

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Motion Regarding Jury Questionnaire (Proposed Additional Modifications and Objections of Defendant Walter A. Forbes to Confidential Juror Questionnaire) (Forbes Third Trial Motion No. 1) to be served on February 23, 2006 to the following via Federal Express:

> Norman Gross, Esq.
> U.S. Attorney's Office
> District of New Jersey
> 401 Market Street
> Fourth Floor
> Camden, NJ 08101
>
> Michael Martinez, Esq.
> Craig Carpenito, Esq.
> U.S. Attorney's Office
> District of New Jersey
> 970 Broad Street, Suite 700
> Newark, NJ 07102

*Barry S. Simon/RMe*
Barry S. Simon