UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | February 24, 2006 |
| | : | |
| WALTER A. FORBES | : | |

MEMORANDUM OF THE UNITED STATES IN OPPOSITION TO
DEFENDANT'S MOTION REGARDING JURY QUESTIONNAIRE

(<u>Opposition to Forbes Third Trial Motion No. 1</u>)

CHRISTOPHER J. CHRISTIE
NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
Special Attorneys
U.S. Department of Justice
970 Broad Street
Newark, NJ  07102
Tel: (973) 645-2700
Fax: (973) 645-2857

**I.   THIS COURT SHOULD OVERRULE DEFENDANT'S OBJECTION TO SENDING OUT JUROR QUESTIONNAIRE IN ADVANCE OF JURY REPORTING DATE.**

The government agrees with this Court's stated preference to send the juror questionnaires to potential jurors in advance of the jury reporting date.  This procedure is simply more efficient – for the potential jurors, for the Court, and for the parties – than having the potential jurors fill out the questionnaire on the reporting date.  The defendant observes that "[j]ury selection in its entirety only consumed . . . 11 court days during the second trial," and argues that it was "not an inordinate amount of time."  Forbes Third Trial Motion No. 1, at 2.  The government disagrees with the defendant's conclusion.  The government presented its entire case in 13 trial days, and that number includes the opening statements of both counsel.  The actual number of trial days that jurors heard testimony is only 16.  Given that the evidence came in only 16 days, it would be an unproductive use of the Court's, the parties', and the jurors' time to spend an additional 11 days on jury selection, especially when it is not readily apparent that the elongated jury selection process employed in the second trial was any more effective in obtaining an impartial jury than the one normally employed by the courts.

In the event that this Court overrules the defendant's objection, the defendant has attached Exhibit B as proposed instructions to be sent to potential jurors.  The government does not object to the Court sending those proposed instructions together with the juror questionnaire to the potential jurors.

**II.   THIS COURT SHOULD NOT RECONSIDER THE DEFENDANT'S PREVIOUSLY**

**REJECTED QUESTIONS, OBJECTIONS, AND REVISIONS.**

The defendant acknowledges that this Court has previously rejected all but three of his requested questions, and all of his objections and proposed revisions to existing questions. The defendant advances no good reason why this Court should reconsider its prior rulings in these regards. See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) (reconsideration motion denied unless "moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"); Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (party seeking reconsideration must meet a "strict burden"). For this reason, the Court should deny the defendant's motion with respect to requested questions A, B, E, F, G, H, and I, as well as all of the defendant's renewed objections and proposed revisions to existing questions.

### III. THIS COURT SHOULD REJECT THE DEFENDANT'S THREE NEW REQUESTED QUESTIONS.

Requested Question C is unnecessary. Like any other question about the applicable legal standard, the jurors will receive legal instructions from the Court, and the jurors are specifically asked whether they can follow the Court's legal instructions. See Confidential Juror Questionnaire Question # 3 ("At the end of a trial, the Court instructs the jury on certain matters of law. As a juror you would be required to apply the

law as the Court explains it, even though you may not agree with the law.  Would it be difficult for you to faithfully apply the law as the Court explains it?").

Requested Question D is unnecessary.  Lawyers play a central role in every case.  By itself, that fact does not warrant a question into a prospective juror's private views about the legal profession.  Moreover, the government fails to see the great probative value of a prospective juror's view of the legal profession on the issues presented in this case.

Requested Question J is unnecessary if the Court gives the instructions that the defendant requests in Exhibit B to Forbes Third Trial Motion No. 1.

                          Respectfully submitted,

                          CHRISTOPHER J. CHRISTIE
                          Special Attorney
                          U.S. Department of Justice

                          s/Michael Martinez
                          s/Craig Carpenito

                          MICHAEL MARTINEZ (phv0423)
                          CRAIG CARPENITO (phv0424)
                          Special Attorneys
                          U.S. Department of Justice

Dated:     February 24, 2006
          Newark, New Jersey

3

**CERTIFICATE OF SERVICE**

       The undersigned certifies that I caused two copies of the foregoing to served on February 24, 2006 to the following via Federal Express:

    Barry S. Simon, Esq.
    Williams & Connolly, LLP
    725 12th Street, N.W.
    Washington, DC  20005-5901

                                     s/Maggie Caraballo
                                     _____
                                     MAGGIE CARABALLO
                                     U.S. Department of Justice

Dated:    February 24, 2006
            Newark, New Jersey