**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:02CR00264(AWT) |
| | ) | |
| WALTER A. FORBES | ) | |

**RULING ON FORBES THIRD TRIAL MOTION NO. 1**

**(Motion Regarding Juror Questionnaire (Proposed Additional Modifications and Objections of Defendant Walter A. Forbes to Confidential Juror Questionnaire))**

For the reasons set forth below, defendant Forbes' motion is being denied.

## I. Objection to Confidential Juror Questionnaire Being Sent to Jurors in Advance

Defendant Forbes objects to mailing the Confidential Juror Questionnaire to potential jurors and having them complete it in advance of reporting to the courthouse. The procedure employed by the court during jury selection for the first two trials resulted in an unwarranted expenditure of resources. A large number of individuals who clearly were going to be excused because they could not serve for the period of time the trial was estimated to last were forced to take a day to report to the courthouse anyway, with the attendant imposition on them, and/or their employers and/or their families. Also, expenses were needlessly incurred to bring in many individuals who clearly were going to be unable to serve. Jurors were paid not only their

daily compensation, but were also reimbursed for mileage and parking. The cost of mailing the Confidential Juror Questionnaire is approximately the expense that would have been incurred for reimbursement for parking alone to summon in jurors to complete the questionnaire. Moreover, those individuals who were able and willing to serve were required to go through a more protracted process to achieve at most a marginal enhancement to the jury selection process. Finally, in many cases, people who were unable to serve on such a lengthy trial but would have been able to serve on a shorter trial satisfied their two-day obligation and were no longer available for service in other trials in this District.

Defendant Forbes argues that having the court instruct people in person not to discuss the questionnaire or case with anyone and not to do any research regarding the case is more likely to be effective than a written instruction sent out before the court has administered the oath to the jury pool. The court believes it is equally effective to send out the court order (see Exhibit A hereto) that is being sent with the questionnaire and to then confirm that each juror who is selected to serve has complied with the court's order.

Accordingly, the objection to mailing the Confidential Juror Questionnaire is being overruled.

## II. Additional Requests for Modification as to Which the Parties Do Not Agree

A. The request for a modification in the form of a proposed additional question regarding views toward conspiracies in companies is being denied, because the area is adequately covered by questions already in the questionnaire. If defendant Forbes wishes to explore this area further, he can ask additional questions during the time afforded him to ask questions of the panel as a whole.

B. The request for a modification in the form of a proposed additional question about expected knowledge of chief executive officers is being denied for substantially the reasons set forth by the government in its Memorandum of the United States in Opposition to Forbes' Motion to Modify the Jury Questionnaire (Doc. No. 1659) ("Government's August 29, 2005 Opposition"). If defendant Forbes wishes to explore this area further, he can ask additional questions during the time afforded him to ask questions of the panel as a whole.

C. The request for a modification in the form of a proposed additional question about chief executive officers' responsibilities is being denied for substantially the reasons set forth by the government in its Memorandum of the United States in Opposition to Defendant's Motion Regarding Jury Questionnaire (Doc. No. 2111) ("Government's Opposition") at 2-3.

D. The request for a modification in the form of a proposed

additional question about the legal profession is being denied for substantially the reasons set forth in the Government's Opposition at 3.

E. The request for a modification in the form of a proposed additional question regarding a potential juror's giving serious consideration to working in law enforcement is being denied because the area is adequately covered by questions already in the questionnaire. If defendant Forbes wishes to explore this area further, he can ask additional questions during the time afforded him to ask questions of the panel as a whole.

F. The request for a modification in the form of a proposed additional question about internet shopping is being denied because the area is adequately covered by questions already in the questionnaire. If defendant Forbes wishes to explore this area further, he can ask additional questions during the time afforded him to ask questions of the panel as a whole.

G. The request for a modification in the form of a proposed additional question concerning a personal accountant is being denied because the area is adequately covered by questions already in the questionnaire. If defendant Forbes wishes to explore this area further, he can ask additional questions during the time afforded him to ask questions of the panel as a whole.

H. The request for a modification in the form of a proposed additional question concerning stock brokers is being denied

because the area is adequately covered by questions already in the questionnaire. If defendant Forbes wishes to explore this area further, he can ask additional questions during the time afforded him to ask questions of the panel as a whole.

I. The request for a modification in the form of a proposed additional question concerning a desire to be on the jury is being denied for substantially the reasons set forth in the Government's August 29, 2005 Opposition.

J. The request for a modification in the form of a proposed additional question regarding discussing the questionnaire with anybody or obtaining information is being denied for the reasons set forth in the Government's Opposition at 3.

**III. Renewed Objections and Proposed Revisions to Existing Questions**

A. The request for a modification to Question No. 26 of the proposed Confidential Juror Questionnaire is being denied, because in the court's experience, the question works well as currently worded. (The court notes that this is Question No. 29 in the final form of the Confidential Juror Questionnaire that was sent to potential jurors.)

B. The request for modifications to Question Nos. 42 and 72 of the proposed Confidential Juror Questionnaire is being denied, because in the court's experience, the questions work well as currently worded. (The court notes that these are Question Nos. 45 and 76 in the final form of the Confidential Juror

Questionnaire that was sent to potential jurors.)

C. The objection to Question No. 73 is being overruled for substantially the reasons set forth in the Government's August 29, 2005 Opposition. (The court notes that this is Question No. 77 in the final form of the Confidential Juror Questionnaire that was sent to potential jurors.)

## IV. Conclusion

For the reasons set forth above, defendant Forbes' Motion Regarding Juror Questionnaire (Doc. No. 2109) is hereby DENIED.

It is so ordered.

Dated this 3rd day of March 2006 at Hartford, Connecticut.

/s/
Alvin W. Thompson
United States District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**ORDER**

To jurors summoned for April 18, 2006:

**You are under court order** not to seek out, and not to allow yourself to be exposed to any additional information concerning this case or the defendant.

**You are under court order** to answer all questions by yourself, except that you may consult with your employer with respect to Question # 92 only.

**You are under court order** not to discuss the questions or your answers with family members, friends or any other person.

Dated at Hartford, Connecticut this 28th day of February 2006.

/s/ (AWT)
Alvin W. Thompson
United States District Judge