UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:02CR00264(AWT)
)
WALTER A. FORBES and )
E. KIRK SHELTON )

---

## RULING ON GOVERNMENT MOTION NO. 6

### (Motion of the United States to Use Summary Charts at Trial)

For the reasons set forth below, the Motion of the United States to Use Summary Charts at Trial (Doc. No. 545) is hereby GRANTED in part and DENIED in part. The government proposes to introduce what has been called a "secondary evidence" summary.

> Confusion between Rule 1006 summaries and pedagogical device summaries arises in part because a third type of summary shares characteristics of both of them. This hybrid type of summary may not comply with the requirements of Rule 1006. Nevertheless, it is admitted into evidence when the underlying materials have been admitted into evidence and the summary "so accurately and reliably summarize[s] complex or difficult evidence" that the court admits it into evidence to assist the jurors. This hybrid summary has been called a "secondary evidence" summary.

Weinstein's Federal Evidence, §1006.04[2] (2d ed. 1998)(footnote omitted).

The Second Circuit "has long approved the use of charts in complex trials, and has allowed the jury to have the charts in the jury room during its deliberations, so long as the judge properly instructs the jury that it is not to consider the charts

[margin: As it appears the original has been lost, the Clerk shall treat this copy as an original. It is so ordered.

Alvin W. Thompson, U.S.D.J.    Hartford, CT    3/16/06]

as evidence." United States v. Casamento, 887 F.2d 1141, 1151 (2d Cir. 1989) (citations omitted). However, "[s]ummary charts should not be admitted unless a proper foundation is established connecting the numbers on the chart with the underlying evidence." United States v. Citron, 783 F.2d 307, 316 (2d Cir. 1986). The court must "ascertain that [the] summary charts 'fairly represent and summarize the evidence upon which they are based.'" Id. (citations omitted). The government is not required to "provide detailed testimony stating the basis of each calculation undertaken when a summary chart is prepared" but it must provide "enough explanation to allow the jury to see how the numbers on a chart were derived from the underlying evidence put before it." Id. at 317. The figures on the chart should be "properly established and keyed to the chart." Id.

   Here, proposed Government Exhibits 9500, 9600 and 9700 simply present the numbers the government wants to have the jury accept without any reference to underlying evidence. Such an approach will make it more difficult for the jury to comply with the court's limiting instruction that the jury must decide whether the summary charts correctly reflect underlying evidence that has been admitted.

   Accordingly, assuming a proper foundation is laid, the government will be permitted to use "secondary evidence" summary charts if the current versions are revised to add information

reflecting how the government contends each number in the chart is derived from the underlying evidence. Exhibit numbers shall be included, and the government is not limited to listing one exhibit number for each number in a summary chart. Also, where different terminology is used in the summary charts and in the underlying evidence, a proper foundation must be laid establishing that what is being discussed is, in fact, the same number.

It is so ordered.

Dated this 8th day of June 2004, at Hartford, Connecticut.

/s/<br>
Alvin W. Thompson<br>
United States District Judge