UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------
UNITED STATES OF AMERICA,     )
                              )
v.                            )    Criminal No. 3:02CR00264(AWT)
                              )
WALTER A. FORBES              )
------------------------------


**RULING ON FORBES' RETRIAL MOTION NO. 8**
and
**FORBES' RETRIAL MOTION NO. 4**

**(Motion of Defendant Walter A. Forbes to Dismiss Indictments Pursuant to Speedy Trial Act)**
and
**(Motion of Walter A. Forbes to Obtain a Transcript of the Court's Ex Parte Communication with Government Counsel)**

For the reasons set forth below, Forbes Retrial Motion No. 8 and Forbes Retrial Motion No. 4 were denied.

As to the Motion of Defendant Walter A. Forbes to Dismiss Indictments Pursuant to Speedy Trial Act, the key question from the court's perspective was whether it was proper for the United States Attorney for the District of New Jersey to replace the trial team. For the reasons set forth in the court's Ruling on Motion of the United States to Continue the Commencement of the Retrial of Walter Forbes (Doc. No. 1482) (the "Continuance Ruling"), the court concluded that it was proper for him to do so. DOJ Special Attorneys Carney, McMahon and Schechter represented to the court that they were seeking to leave the Office of the United States Attorney for the District of New

Jersey and that that United States Attorney had decided not to impair their efforts to seek new employment and for that reason had decided to replace the government's trial team because the trial team from the first trial was not available for the retrial. Having worked with counsel in this case for an extended period of time, the court accepted the representations of government counsel, and was comfortable in accepting those representations, because those representations were made by them as officers of the court. The court noted this fact in its ruling (see Continuance Ruling at 2) and during the March 8, 2005 telephonic conference (see Doc. No. 1596 at 9, ll. 21-23). In every other criminal case before the court, the court's informing the parties that it was acting based on representations made by officers of the court about their private affairs as to which those attorneys had personal knowledge would have been the last step taken by the court.

However, because counsel for defendant Forbes had engaged in a pattern in this case of arguing, premised on speculation, that opposing counsel had engaged in improper conduct, the court thought it was necessary to take the unusual step of having counsel for the government put on the record the details of their private affairs. This was not done so the court could rely on the details furnished, as the court was comfortable relying on the representations of these attorneys as officers of the court.

Rather, it was done in the event that the Court of Appeals ever concluded that it would prefer to know what those details were.

The court made it clear, both in the Continuance Ruling and during the March 8, 2005 telephonic conference, that it only felt it should take the step of having a record made of the details of the private affairs of the DOJ Special Attorneys because of the pattern of unseemly tactics used by counsel for the defendant Forbes in this case. In the Continuance Ruling, the court wrote: "However, to obviate the need to deal with any speculative arguments by the defense, the court interviewed those two individuals separately (see Notice of In Camera Proceedings (Doc. No. 1479)). . . . (see Continuance Ruling at 2)." The court then made it clear that nothing disclosed during the in camera interviews had caused the court to have any doubt with respect to its earlier finding that the government's trial team was not available for the retrial.

During the March 8, 2005 telephonic conference, the court stated the following:

> To be frank, in our district people are in the habit of operating on the representations of officers of the court. That has not been what's happened here in this case. And for that reason, I took what I thought was an unusual step of interviewing those counsel and prying into their personal affairs. I did that to have a good record. I thought it was unfortunate that I felt I had to do it to have a good record. And if the Court of Appeals wants to see it, the Court of Appeals can see it if it ever comes to that, but nobody else

3

> will see it. It's just not the way we
> practice law in the District of Connecticut.

(Doc. No. 1596 at 9, l. 21 to 10, l. 6.)

Therefore, as to the Motion of Walter A. Forbes to Obtain a Transcript of the Court's <u>Ex Parte</u> Communications with Government Counsel, that motion is being denied because <u>one</u>, the court did not rely on it in ruling on the government's motion for a continuance and <u>two</u>, no record of these details of the private affairs of government counsel would have been made but for the court's concern about whether it was necessary to protect the record in light of the pattern of unseemly tactics employed by counsel for defendant Forbes in this case.

Accordingly, the Motion of Defendant Walter A. Forbes to Dismiss Indictments Pursuant to Speedy Trial Act (Doc. No. 1707) was DENIED, and the Motion of Walter A. Forbes to Obtain a Transcript of the Court's <u>Ex Parte</u> Communications with Government Counsel (Doc. No. 1609) was also DENIED.

It is so ordered.

Dated this 16th day of March 2006, at Hartford, Connecticut.

/s/
Alvin W. Thompson
United States District Judge