## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>v. )<br><br>WALTER A. FORBES. )<br> ) | No. 3:02CR264 (AHN)<br>March 31, 2006 |

## MEMORANDUM IN SUPPORT OF MOTION OF WALTER A. FORBES FOR LEAVE TO ISSUE RULE 17(C) SUBPOENAS TO ANNE PEMBER, CASPER SABATINO AND KEVIN KEARNEY
### (Forbes Third Trial Motion No. 7)

Walter A. Forbes, through undersigned counsel, respectfully submits this memorandum in support of his Motion for leave to serve the Rule 17(c) subpoenas attached hereto as Exhibits A-C. Mr. Forbes is filing this Motion pursuant to Judge Thompson's Order that he seek leave of the Court prior to issuing any Rule 17(c) subpoenas.[1]

The current subpoenas contain requests substantially similar to requests served prior to, or during, the first two trials. For purposes of ordering the discussion, this motion will divide the attached subpoena requests into two categories: (1) requests substantially identical to requests that were not quashed, and that Mr. Forbes seeks to re-serve in order to supplement the

---

[1] Judge Thompson's Order required that as a matter of "case management," prior to issuing any additional Rule 17(c) subpoenas, *inter alia*, Mr. Forbes was either to file a certification with the Court verifying that the court had not already quashed a prior subpoena demand calling for identical or substantially similar documents or to file a motion for reconsideration of the Court's prior Order to quash. The Court's Order does not specifically address the circumstances of a third trial, where Mr. Forbes is required to re-serve quashed subpoena requests in order to preserve them for purposes of any appeal. But out of an abundance of caution, Mr. Forbes is filing this motion for leave to serve the attached subpoenas.

Oral Argument Not Requested

production of documents previously made with any new documents generated since the commencement of the second trial against Mr. Forbes, and (2) requests that are substantially identical to requests previously quashed during either the first and/or second trial against Mr. Forbes, but which he now wishes to renew for purposes of the third trial in order to ensure that these requests are preserved for the record.

With regard to the second category – requests previously quashed – Mr. Forbes does not believe additional argument will persuade the Court to rule differently than Judge Thompson, and thus relies on the arguments previously made.  See Tr. 3/23/2006 at 6-7.

## I.      REQUESTS SEEKING SUPPLEMENTAL PRODUCTION.

This section of the motion addresses the following subpoena requests:

- Pember Subpoena, Requests 1-4
- Sabatino Subpoena, Requests 1-3
- Kearney Subpoena, Request 1-3

These requests seek documents pertaining to legal fees advanced by Cendant on behalf of Ms. Pember, and Messrs. Sabatino and Kearney, meetings between the government and these three witnesses, and in the case of Ms. Pember, the quarterly reports she has filed with the SEC since September 2005.

Documents have previously been produced pursuant to requests substantially identical to those identified above.  Mr. Forbes seeks to re-serve the subpoena requests simply for purposes of obtaining additional, responsive documents that may have been created since the second trial.

II.    **REQUESTS THAT WERE PREVIOUSLY QUASHED DURING THE SECOND TRIAL.**

This section of the motion addresses the following subpoena requests:

- Pember Subpoena, Requests 5-23
- Sabatino Subpoena, Requests 4-19
- Kearney Subpoena, Request 4-19

Requests substantially identical to these requests were served prior to, or during, the first and/or second trial, but were quashed by Judge Thompson. As explained in detail in Mr. Forbes' prior Opposition to the Motion to Quash filed by Cosmo Corigliano and Kramer Levin during the second trial, Docket No. 1830, Mr. Forbes is required to re-serve these subpoena requests in order to preserve the requests for purposes of the third trial. See, e.g., United States v. Palmer, 122 F.3d 215, 221 (5th Cir. 1997) ("[a] retrial following a mistrial is both in purpose and effect a new trial. Accordingly, objections made at the aborted trial have no bearing on the retrial, as the two are entirely separate affairs.").

## CONCLUSION

For the foregoing reasons, Mr. Forbes respectfully requests that the Court grant him leave to serve the attached subpoenas on Anne Pember, Casper Sabatino, and Kevin Kearney.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____

Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated:  March 31, 2006

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Memorandum In

Support of Motion of Walter A. Forbes for Leave to Issue Rule 17(c) Subpoenas to Anne

Pember, Casper Sabatino and Kevin Kearney (Forbes Third Trial Motion No. 7) to be

filed electronically and to be served on March 31, 2006 to the following via e-mail:

> Norman Gross, Esq. (norman.gross@usdoj.gov)
> Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
> Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

and to be sent on March 31, 2006 to the following by Fed Ex:

> Robert J. Fettweis, Esq.
> Tressler, Soderstrom, Maloney & Priess
> 744 Broad Street
> Newark, NJ 07102

Notice of this filing will be sent to all proposed subpoena recipients by operation of the Court's electronic filing system or by Fed Ex to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Barry S. Simon