# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:02CR264 (AHN) |
| WALTER A. FORBES. | ) | March 31, 2006 |
| | ) | |

## MOTION OF WALTER A. FORBES FOR LEAVE TO ISSUE A RULE 17(C) SUBPOENA TO CENDANT CORPORATION
### (Forbes Third Trial Motion No. 8)

Walter A. Forbes, through undersigned counsel, respectfully moves this Court for leave to serve a Rule 17(c) subpoena on Cendant Corporation.

The grounds in support of this Motion are set forth in the accompanying Memorandum.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

Oral Argument Requested

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated:  March 31, 2006

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Motion of Walter A.

Forbes for Leave to File a Rule 17(c) Subpoena on Cendant Corporation (Forbes

Third Trial Motion No. 8) to be filed electronically and to be served on March 31,

2006 to the following via e-mail:

> Norman Gross, Esq. (norman.gross@usdoj.gov)
> Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
> Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

Notice of this filing will be sent to all proposed subpoena recipients by operation of the Court's electronic filing system or by Fed Ex to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Barry S. Simon

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

——————————————————— )
                                                    )
UNITED STATES OF AMERICA,        )
                                                    )
        v.                                          )
                                                    )        No. 3:02CR264 (AHN)
WALTER A. FORBES.                    )        March 31, 2006
                                                    )
——————————————————— )

MEMORANDUM IN SUPPORT OF MOTION OF WALTER A.
FORBES FOR LEAVE TO FILE A RULE 17(C) SUBPOENA ON
CENDANT CORPORATION
(Forbes Third Trial Motion No. 8)

        Walter A. Forbes, through undersigned counsel, respectfully submits the

following Memorandum in Support of Motion of Walter A. Forbes for Leave to File the Rule

17(c) Subpoena attached as Exhibit A on Cendant Corporation.  Mr. Forbes is filing this Motion

pursuant to Judge Thompson's Order that he seek leave of the Court prior to issuing any Rule

17(c) subpoenas.[1]

BACKGROUND

        Mr. Forbes has previously served Cendant Corporation with requests substantially

identical to those attached.  Cendant moved to quash each of the requests, with the exception of

_____

[1] Judge Thompson's Order required that as a matter of "case management," prior to issuing any
additional Rule 17(c) subpoenas, *inter alia*, Mr. Forbes was either to file a certification with the
Court verifying that the court had not already quashed a prior subpoena demand calling for
identical or substantially similar documents or to file a motion for reconsideration of the Court's
prior Order to quash.  The Court's Order does not specifically address the circumstances of a
third trial, where Mr. Forbes is required to re-serve quashed subpoena requests in order to
preserve them for purposes of any appeal.  But out of an abundance of caution, Mr. Forbes is
filing this motion for leave to serve the attached subpoena.

Oral Argument Requested

the requests for originals discussed in Section C below.  Those motions were granted by Judge Thompson.

Mr. Forbes seeks to re-serve the requests for purposes of the third trial, and explains below why he believes this Court should rule differently than Judge Thompson as to each request.  See Tr. 3/23/2006 at 6-7.

## ARGUMENT

A.    **Documents Relating to Legal Fees Advanced to Some Witnesses, and Refused to Others, and Other Agreements With Those Witnesses, Goes to Bias.**

This section addresses the following requests:

- Cendant Subpoena, Requests 1-48

The legal fees advanced by Cendant, and other agreements between Cendant and the government's witnesses, are admissible for two separate and independent reasons:  (1) they are evidence of Cendant's bias, and the government has included several Cendant-affiliated persons on its witness list, including Cendant's Chief Executive Officer, Henry Silverman;[2] and (2) they are evidence of certain witnesses' bias, including that of the government's chief witness, Cosmo Corigliano.

First, the advancement of fees to the cooperating witnesses for their assistance in the case against Mr. Forbes (as opposed to their own cases) is evidence of the bias of *Cendant*.[3] While Mr. Corigliano and Kramer Levin have argued that Cendant is obligated to pay these fees, Cendant has taken the position that it need not pay the legal fees of former officers and directors

_____

[2] Any changes to the government's witness list are due April 15, 2006.  Tr. 3/6/2006 at 21.

[3] Cendant stands to gain substantially if Mr. Forbes is convicted.

when they are appearing as mere witnesses.  Cendant has invoked this interpretation of its

indemnification obligations in denying fees to those witnesses who testified on behalf of the

defense in the first trial, such as Chris McLeod and Robert Tucker, while continuing to pay the

legal fees of witnesses it deemed favorable to the government, such as Mr. Corigliano and Ms.

Pember.

       Second, the fact that the cooperators are being treated differently than other

witnesses by Cendant evidences the cooperators' bias as well.  They certainly have an incentive

to assist Cendant in its efforts to secure the conviction of Walter Forbes, which would result in

substantial gain to Cendant, so long as Cendant continues to pay their legal expenses, while

simultaneously refusing to do so for other witnesses.

       Third, like the legal fees above, benefits provided by any other agreements

between Cendant and the government's witnesses evidence bias of both the witnesses and

Cendant.  Any such agreements should be produced.

B.      **Documents Related to Lobbying Efforts.**

This section addresses the following requests:

- Cendant Subpoena, Requests 49-62

Cendant is not an ordinary third-party subpoena recipient, and the subpoena Mr. Forbes seeks to serve on Cendant should be viewed in light of the extensive efforts it has voluntarily undertaken to assist in the prosecution of this case.   Cendant has assisted the government in every way possible.  Cendant boasts that it has:

- provided "voluminous documentation" to the government,
- provided the government with access to Cendant employees, and
- arranged at Cendant's "considerable expense" for the government to have access to Cendant's forensic accountants in aid of the government investigation.

See Ex. 29 at p. 6 (Cendant submission to the Securities and Exchange Commission).[4]  More recently, Cendant's counsel has confirmed that:

> [F]rom the day the fraud was uncovered, Cendant has been dedicated to cooperating with the government, with the U.S. Attorney's Office, with the SEC, and coming clean on the facts, making sure the market understood exactly what happened, and seeing that those [purportedly][5] responsible are brought to justice.

Tr. 3/6/2004 at 106.

---

[4] To avoid duplication, Mr. Forbes is filing a set of Exhibits which supports several of the motions he is filing today.  Documents from this shared set of exhibits are referenced by number (*e.g.*, 1, 2, 3), while documents attached to this Memorandum are referenced by letter (*e.g.*, A, B, C).

[5] Although Cendant claims to be pursuing those responsible for the accounting irregularities at CUC, more than six years after Cosmo Corigliano pled guilty, it has filed no claim against him. To the contrary, Cendant has paid Mr. Corigliano more than $7 million in legal fees.

4

In addition, Cendant's chief executive officer, Henry Silverman, mounted a personal lobbying campaign to convince the former U.S. Attorney for the District of New Jersey to pursue criminal charges in this matter.  See Ex. 30 (memorandum in which former U.S. Senator requested meeting between Henry Silverman and then U.S. Attorney for the District of New Jersey).

Documents relating to Cendant's lobbying efforts evidence the company's bias against Mr. Forbes, and they are admissible to impeach government witnesses such as Henry Silverman, Michael Monaco, and James Buckman – each of whom is a current or former senior executive of Cendant.  Documents evidencing the full breadth of these lobbying efforts should be produced.

### C.     Originals.

This section addresses the following requests:

- Cendant Subpoena, Requests 63-65

Mr. Forbes seeks the originals of a number of documents.  Cendant has previously affirmed that it cannot locate the originals of these documents.  Mr. Forbes seeks to re-serve these requests to determine whether any originals have since been located, and to ensure that these requests are preserved for the record.

### D.     E-mails from former HFS Officials' Computers.

This section addresses the following requests:

- Cendant Subpoena, Requests 66-69

Cendant resulted from the merger of two companies – HFS and CUC International.  A merger agreement was signed in May of 1997, and the merger was

consummated on December 17, 1997.  Four months later, accounting irregularities were

disclosed in the CUC side of the business, and the law firm of Wilkie Farr & Gallagher was hired

to conduct an "independent" investigation of the matter.[6]  This investigation found that a

substantial portion of the alleged fraud was perpetrated on the computers of accounting

personnel at Cendant.  Yet, while former HFS executives such as Silverman, Monaco, Buckman,

and Scott Forbes were involved in critical discussions of accounting during the period of March

6th through March 9th, 1998 relating to the preparation of the 10-K that is specifically at issue in

Count 3 of the superseding indictment, few, if any, e-mails have been produced from them.[7]

Thus, while the defense has e-mails from virtually all the relevant CUC personnel, it has

virtually none from the HFS side of the company.

Mr. Forbes has described very narrow categories of e-mail to be produced:  e-

mails between the key financial people at CUC and the key financial people at HFS, and e-mails

from a critical period in the time line of the government's case against Walter Forbes:  March 6,

1998 through March 10, 1998.  This e-mail goes to the heart of the allegations against Walter

---

[6] Although the investigation was billed as an "independent" investigation, contemporaneous notes of a Cendant accounting officer (from the HFS-side of the company) and an outside lawyer at the initial meeting of the investigation indicate that objectives of the investigation were to "protect [HFS] mgt [i.e. management]," put the "top 4-5 at CUC in iron [i.e. prison]" and to make sure that CUC management was "gone."  See Ex. 31 (April 13, 1998 notes of Cendant chief accounting officer Scott Forbes referring to "protect mgt") and Ex. 32 (April 13, 1998 notes of Willkie Farr & Gallagher partner Michael Young referring to objectives of  "Top 4-5 at CUC in iron" and "gone").

[7] Cendant has claimed in the past that it did not save this e-mail, but this is difficult to understand in light of the fact that in April 1998, within a week of the public announcement of accounting irregularities at Cendant, the government issued a grand jury subpoena calling for "all documents, records or information of any type, whether in hard copy or *on a computer*, pertaining in any way to the preparation and filing of Cendant's most recent annual report . . . or to the preparation of any corporate earnings statements from January 1997 to the present . . .." Ex. 33.

Forbes – that he was allegedly directing a financial fraud throughout this time period, and trying to hide it from the personnel of HFS.  These documents should be made available.

## CONCLUSION

For the foregoing reasons, Walter A. Forbes respectfully requests that the Court grant him leave to serve the attached subpoena.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated:  March 31, 2006

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Memorandum In Support of Motion of Walter A. Forbes for Leave to File a Rule 17(c) Subpoena on Cendant Corporation (Forbes Third Trial Motion No. 8) to be filed electronically and to be served on March 31, 2006 to the following via e-mail:

> Norman Gross, Esq. (norman.gross@usdoj.gov)
> Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
> Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

Notice of this filing will be sent to all proposed subpoena recipients by operation of the Court's electronic filing system or by Fed Ex to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Barry S. Simon