# EXHIBIT A

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

# United States District Court

Connecticut
_____ DISTRICT OF _____

United States of America

v.

Walter A. Forbes

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER:   3:02CR00264 (AHN)

TO:  Cosmo Corigliano
c/o Alan R. Friedman, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, 30th Floor
New York, NY 10036

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| United States District Court<br>District of Connecticut<br>Brien McMahon Federal Building<br>915 Lafayette Boulevard<br>Bridgeport, Connecticut 06604 | Courtroom R |
| | DATE AND TIME |
| | May 19, 2006  9:00 a.m. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See Schedule A

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| KEVIN F. ROWE | |
| (By) Deputy Clerk<br>*[signature]* | March 29, 2006 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Barry S. Simon, Williams & Connolly LLP,
725 Twelfth Street, N.W., Washington, DC 20005
(202) 434-5000, Attorneys for Defendant Walter A. Forbes

# SCHEDULE A
# DOCUMENTS TO BE PRODUCED BY COSMO CORIGLIANO

## DEFINITIONS AND INSTRUCTIONS

a. The term "document" shall include material existing in both electronic and non-electronic form. When a document is stored electronically only, the electronic format shall be produced.

b. The term "Government" shall mean the U.S. Department of Justice, the U.S. Attorney for the District of New Jersey, the U.S. Attorney's Office for the District of New Jersey, the Federal Bureau of Investigation, the U.S. Securities and Exchange Commission, the U.S. Postal Service, and the Internal Revenue Service.

c. The term "You" shall mean the recipient of this subpoena, as well as the recipient's counsel, or anyone acting on recipient's behalf.

d. This subpoena does not require You to reproduce those documents previously produced by You to Mr. Forbes.

## DESCRIPTIONS OF DOCUMENTS TO BE PRODUCED

1. Documents sufficient to identify any legal fees paid on your behalf by Cendant Corporation for services rendered in connection with preparing you for the 2006 trial of Walter A. Forbes.

2. Documents sufficient to identify all meetings or conversations between You and the government since November 9, 2005, including but not limited to calendars, billing records, invoices or receipts.

3. Documents sufficient to establish the current amount of the balance of any legal fee retainer paid to the law firm of Kramer Levin on your behalf.

4. Documents sufficient to establish the current amount of the balance of any legal fee retainer paid to the law firm of Fried Frank, Harris, Shriver & Jacobson LLP on behalf of your wife, Agnes Corigliano.

5. All correspondence with the Securities and Exchange Commission from January 1, 2000 to the present.

6. All correspondence with the United States Attorney's Office relating to the Securities and Exchange Commission from January 1, 2000 to the present.

7. All documents describing or memorializing the financial information provided to your attorneys in 2000 that could have served as a basis for the financial statement provided to the SEC, as testified to by you on July 19, 2004 at Tr. 7976-78.

8. All documents describing or memorializing the living expense information provided to your attorneys in 2000 that could have served as a basis for the family budget submitted to the SEC, as testified to by you on July 19, 2004 at Tr. 7990.

9. All documents provided by you to your attorneys in or about September 2003 that purported to describe or memorialize the value of any assets owned by you and/or Agnes Theresa Corigliano.

10. All documents describing or memorializing information provided by you to your attorneys in or about September 2003 for purposes of responding to the SEC's request for certain information concerning the assets owned by you and/or Agnes Theresa Corigliano.

11. All documents describing or memorializing any agreements pertaining to any retainer for legal fees and expenses on deposit with the law firm of Kramer Levin Naftalis & Frankel LLP, or any predecessors in interest to that law firm.

12. Documents sufficient to identify the date upon which Kramer Levin Naftalis & Frankel LLP refunded to you any portion of the fees paid by you as a legal retainer.

13. All documents describing or memorializing any agreements pertaining to any retainer for legal fees and expenses on deposit with the law firm of Fried Frank, Harris, Shriver & Jacobson LLP, or any predecessors in interest to that law firm.

14. All documents describing or memorializing factual information provided by you to your attorneys anytime between April 1998 and January 2000 concerning the events at Cendant.

15. All documents describing or memorializing information provided by you to your attorneys anytime between April 1998 and January 2000 concerning any denials of wrongdoing by you.

16. All documents describing or memorializing information provided by you to your attorneys anytime between April 1998 and January 2000 concerning allegations that persons other than you were responsible for the wrongdoing at Cendant.

17. All documents describing or memorializing the fact that any representative of the government was advised, or was to be advised, prior to January 2000 of any of the factual information responsive to Request Nos. 14-16.

18. All documents describing or memorializing any questions posed to you by any polygraph examiner.

19. All documents describing or memorializing any answers given by you during any polygraph examination.

20. All documents describing or memorializing any polygraph questions or polygraph results provided to the government.

21. Documents sufficient to identify the date of each polygraph examination of you.

22. Documents sufficient to identify each polygraph examiner of you.

23. Documents sufficient to identify the date on which the government was first informed that there had been any polygraph examination of you.

24. Documents sufficient to identify the date on which the government was first informed that there had been two polygraph examinations of you.

25. All documents describing or memorializing any communications with the government since 8/2/2004 concerning the status of your plea agreement, including but not limited to any communications concerning:

    a. whether you have breached the plea;
    b. whether the agreement is currently in force;
    c. your potential sentence under the agreement; and
    d. the timing of your sentencing date.

26. Documents sufficient to identify all benefits provided to You by Crystal Journey Candles LLC from August 2000 through July 7, 2004, including but not limited to documents identifying salary payments made to you, such as W2 forms or pay-stubs, or profit distributions.

27. Documents sufficient to identify all benefits provided to Agnes Corigliano by Crystal Journey Candles LLC from August 2000 through July 7, 2004, including but not limited to documents identifying salary payments made to Agnes Corigliano, such as W2 forms or pay-stubs, or profit distributions.

28. Documents sufficient to identify all benefits provided to You by Crystal Journey Candles LLC from July 7, 2004 through the present, including but

      not limited to documents identifying salary payments made to you, such as W2 forms or pay-stubs, or profit distributions.

29. Documents sufficient to identify all benefits provided to Agnes Corigliano by Crystal Journey Candles LLC from July 7, 2004 through the present, including but not limited to documents identifying salary payments made to Agnes Corigliano, such as W2 forms or pay-stubs, or profit distributions.

30. All credit card statements for the period April 1, 2004 through July 7, 2004.

31. All tax returns filed by you for calendar year 2000 or later.

32. All documents describing or memorializing any loan or mortgage applications made by you or your wife since 8/4/2004.

33. All documents describing or memorializing any communications between You and the Connecticut State Board of Accountancy, Office of the Secretary of State ("the Board"), from 4/15/1998 to the present, concerning the potential revocation of your Connecticut Certified Public Accountant Certificate, the Board's investigation of your conduct at CUC and Cendant, or your negotiation and settlement with the Board.

34. All billing records concerning work performed on your behalf that were provided to Cendant Corporation.

35. All documents describing or memorializing any benefits You have received or may receive as a result of providing information to the Government, cooperating with the Government, or testifying.

36. All documents describing or memorializing any communications between You and the Government concerning CUC International, Cendant or Walter A. Forbes.

37. All documents relating to any request for assistance from Cendant to you after April 15, 1998.

38. All documents relating to any assistance provided by you to Cendant after April 15, 1998.

39. All documents relating to any request for factual information from Cendant to you after April 15, 1998.

40. All documents relating to any factual information provided by you to Cendant after April 15, 1998.

41. All documents relating to any written agreements between you and the government.

42. All documents relating to any drafts of agreements between you and the government.

43. All documents relating to the negotiation of any potential agreement between you and the government.

44. All documents relating to any oral communications between you and the government regarding a plea or other agreement.

45. All documents describing or memorializing any oral communications between you and the government regarding a plea or other agreement.

# EXHIBIT B

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

# United States District Court

                                      Connecticut
_____ DISTRICT OF _____

United States of America

v.

Walter A. Forbes

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER:   3:02CR00264 (AHN)

TO: Custodian of Records
Kramer, Levin & Naftalis
919 Third Avenue
New York, NY 10022

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE United States District Court<br>District of Connecticut<br>Brien McMahon Federal Building<br>915 Lafayette Boulevard<br>Bridgeport, Connecticut 06604 | COURTROOM<br>Courtroom R |
|---|---|
| | DATE AND TIME<br>May 19, 2006  9:00 a.m. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See Schedule A

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT<br>KEVIN F. ROWE | DATE |
|---|---|
| (By) Deputy Clerk<br>*[signature]* | March 29, 2006 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Barry S. Simon, Williams & Connolly LLP,
725 Twelfth Street, N.W., Washington, DC 20005
(202) 434-5000, Attorneys for Defendant Walter A. Forbes

# SCHEDULE OF DOCUMENTS
# TO BE PRODUCED BY
# KRAMER LEVIN NAFTALIS & FRANKEL LLP

## DEFINITIONS AND INSTRUCTIONS

a. The term "document" shall include material existing in both electronic and non-electronic form. When a document is stored electronically only, the electronic format shall be produced.

b. The term "Government" shall mean the U.S. Department of Justice, the U.S. Attorney for the District of New Jersey, the U.S. Attorney's Office for the District of New Jersey, the Federal Bureau of Investigation, the U.S. Securities and Exchange Commission, the U.S. Postal Service, and the Internal Revenue Service.

c. The term "Cendant" shall include Cendant Corporation, as well as any parent companies, subsidiaries, affiliates, divisions, successors, predecessors, officers, directors, employees, attorneys, agents, and other representatives acting on its behalf.

d. The term "You" shall include Kramer Levin Naftalis & Frankel LLP in its capacity as counsel to Cosmo Corigliano, as well as any members, employees, agents, and other representatives acting on its behalf in that capacity.

e. With the exception of Request Numbers 6-8, this subpoena does not require the re-production of documents previously produced to Mr. Forbes.

## DESCRIPTIONS OF DOCUMENTS TO BE PRODUCED

1. Documents sufficient to establish the current amount of the balance of any legal fee retainer paid to Kramer Levin on behalf of Cosmo Corigliano.

2. Documents sufficient to identify any legal fees paid on behalf of Cosmo Corigliano by Cendant Corporation for services provided in connection with the 2005 trial of Walter A. Forbes.

3. Documents sufficient to identify any legal fees paid on behalf of Cosmo Corigliano by Cendant Corporation for services provided in connection with preparing for the 2006 trial of Walter A. Forbes.

4. All correspondence with the Securities and Exchange Commission from January 1, 2000 to the present.

5. All correspondence with the United States Attorney's Office relating to the Securities and Exchange Commission from January 1, 2000 to the present.

6. All documents, including correspondence, sent to or received from Cendant, copies of which were sent to or received by Cosmo Corigliano as well, whether by electronic mail or other means. This request includes all documents and/or pages reflecting a "blind carbon copy" or "bcc" to Cosmo Corigliano.

7. All documents, including correspondence, sent to or received from the Government, copies of which were sent to or received by Cosmo Corigliano as well, whether by electronic mail or other means. This request includes all documents and/or pages reflecting a "blind carbon copy" or "bcc" to Cosmo Corigliano.

8. All documents, including correspondence, sent to or received from the Receiver Neil Cartusciello, copies of which were sent to or received by Cosmo Corigliano as well, whether by electronic mail or other means. This request includes all documents and/or pages reflecting a "blind carbon copy" or "bcc" to Cosmo Corigliano.

9. Documents sufficient to identify whether copies of the documents attached hereto as Exhibits A through V, or any portions of those documents, were sent to or received by Cosmo Corigliano, whether by electronic mail or other means.

10. Documents sufficient to identify whether any drafts of the documents attached hereto as Exhibits A through V, or any portions of those documents, were sent to or received by Cosmo Corigliano, whether by electronic mail or other means.

11. All documents sent to or received by Cosmo Corigliano, whether by electronic mail or other means, that indicate that the attachments to Kramer Levin's letter to the SEC dated September 4, 2003, <u>see</u> Exhibit M, would be transmitted to the government.

12. The financial information provided by Mr. Corigliano to you for purposes of such information being conveyed to the government, as testified to by Mr. Corigliano on Monday, July 19, 2004.

13. The budget and living expense information provided to you by Mr. Corigliano for purposes of such information being conveyed to the government, as testified to by Mr. Corigliano on Monday, July 19, 2004.

14. All documents provided by Mr. Corigliano to you in or about September 2003 that purported to describe or memorialize the value of any assets owned by Mr. Corigliano and/or Agnes Theresa Corigliano.

15. All documents describing or memorializing information obtained by you from Mr. Corigliano in or about September 2003 for purposes of responding to the SEC's request for certain information concerning the assets owned by Mr. Corigliano and/or Agnes Theresa Corigliano.

16. All documents describing or memorializing any agreements with Cosmo Corigliano pertaining to any retainer for legal fees and expenses on deposit with the law firm of Kramer Levin Naftalis & Frankel LLP, or any predecessors in interest to that law firm.

17. All documents describing or memorializing communications with the United States Attorney's Office prior to the first meeting between that Office and Cosmo Corigliano in January 1999, including but not limited to any handwritten notes of such communications.

18. All documents describing or memorializing factual information obtained by you from Mr. Corigliano anytime between April 1998 and January 2000 concerning the events at Cendant.

19. All documents describing or memorializing information obtained by you from Mr. Corigliano anytime between April 1998 and January 2000 concerning any denials of wrongdoing by Mr. Corigliano.

20. All documents describing or memorializing information obtained by you from Mr. Corigliano anytime between April 1998 and January 2000 concerning allegations that persons other than Mr. Corigliano were responsible for the wrongdoing at Cendant.

21. All documents describing or memorializing any communications with the government prior to January 2000 advising any representative of the government of any of the information responsive to Request Nos. 18, 19 or 20.

22. All documents describing or memorializing any questions posed to Mr. Corigliano by any polygraph examiner.

23. All documents describing or memorializing any answers given by Mr. Corigliano during any polygraph examination.

24. All documents describing or memorializing any polygraph questions or polygraph results provided to the government.

25. Documents sufficient to identify the date of each polygraph examination of Mr. Corigliano.

26. Documents sufficient to identify each polygraph examiner of Mr. Corigliano.

27. Documents sufficient to identify the date on which the government was first informed that there had been any polygraph examination of Mr. Corigliano.

28. Documents sufficient to identify the date on which the government was first informed that there had been two polygraph examinations of Mr. Corigliano.

29. All documents describing or memorializing any communications between You and Cendant concerning the advancement of legal fees on behalf of Cosmo Corigliano.

30. All billing records concerning work performed by Kramer Levin Naftalis & Frankel LLP on behalf of Cosmo Corigliano that were provided to Cendant Corporation.

31. All documents relating to communications between Cosmo Corigliano and the United States Attorney's Office, including but not limited to any handwritten notes of such communications.

32. All documents relating to any request for assistance from Cendant to you or Cosmo Corigliano.

33. All documents relating to any assistance provided by you or Cosmo Corigliano to Cendant.

34. All documents relating to any request for factual information from Cendant to you or Cosmo Corigliano.

35. All documents relating to any factual information provided by you or Cosmo Corigliano to Cendant.

36. All documents relating to any written agreements between you or Cosmo Corigliano and the government.

37. All documents relating to any drafts of agreements between you or Cosmo Corigliano and the government.

38. All documents relating to the negotiation of any potential agreement between you or Cosmo Corigliano and the government.

39. All documents relating to any offers of assistance made by you or Cosmo Corigliano to the government.

40. All documents relating to any assistance, favorable treatment or benefits you or Cosmo Corigliano requested from the government.

41. All documents relating to the offer of any assistance, favorable treatment or benefits to you or Cosmo Corigliano by the government.

42. All documents relating to the provision of any assistance, favorable treatments or benefits to you or Cosmo Corigliano by the government.

43. All documents relating to any factual information provided by you or Cosmo Corigliano to the government.

44. All documents describing or memorializing any agreements with the Securities and Exchange Commission ("SEC") pertaining to any retainer for legal fees and expenses on deposit with the law firm of Kramer Levin Naftalis & Frankel LLP, or any predecessors in interest to that law firm, for the direct or indirect benefit of Cosmo Corigliano.

45. All documents describing or memorializing any agreements with the SEC pertaining to any retainer for legal fees and expenses on deposit with the law firm of Fried, Frank, Harris, Shriver & Jacobson LLP, or any predecessors in interest to that law firm, for the direct or indirect benefit of Agnes Corigliano.

46. All documents describing or memorializing any agreements with the SEC relating to expenditures by or on behalf of either Cosmo or Agnes Corigliano between April 16, 2004 and July 7, 2004, from assets that existed as of March 31, 2004.

47. All documents describing or memorializing any communications between you or Cosmo Corigliano and the Government concerning the testimony of Cosmo Corigliano in the 2004 trial of Walter A. Forbes and E. Kirk Shelton.

48. All documents describing or memorializing any communications between you or Cosmo Corigliano and the Government concerning the testimony of Cosmo Corigliano in the 2005 trial of Walter A. Forbes.

49. All documents describing or memorializing any communications between you or Cosmo Corigliano and the Government concerning the potential testimony of Cosmo Corigliano in either retrial of Walter A. Forbes.

50. All documents describing or memorializing any assistance, favorable treatment or benefits you or Cosmo Corigliano requested from the government since June 26, 2004.

51. All documents describing or memorializing any assistance, favorable treatment or benefits offered to you or Cosmo Corigliano by the government since June 26, 2004.

# EXHIBIT B-A

CONFIDENTIAL PURSUANT
TO 17 C.F.R. § 200.83

BEFORE THE UNITED STATES
SECURITIES AND EXCHANGE COMMISSION

In the Matter of

Cendant Corporation

No. HO-3401

**WELLS SUBMISSION ON BEHALF OF
COSMO CORIGLIANO**

Kramer-Levin Naftalis & Frankel LLP
919 Third Avenue
New York, New York 10022
(212) 715-9100

Attorneys for Cosmo Corigliano

May 11, 2000

Cosmo Corigliano claims confidential treatment of this submission for all purposes pursuant to 17 C.F.R. § 200.83, and requests that it not be disclosed pursuant to a request under the Freedom of Information Act or in response to any subpoena or other request.

DEFENDANT'S EXHIBIT 950

# TABLE OF CONTENTS

Page

Table of Authorities ................................................................................................. iii

Preliminary Statement ................................................................................................ 1

Argument ................................................................................................................... 4

I. THE COMMISSION SHOULD NOT BRING INSIDER TRADING CHARGES OR SEEK TO IMPOSE INSIDER TRADING TYPE PENALTIES AGAINST MR. CORIGLIANO BECAUSE THE EVIDENCE DOES NOT SUPPORT A FINDING THAT HIS CONDUCT WAS FOCUSED ON A SCHEME OR INTENT TO ENRICH HIMSELF PERSONALLY ................... 4

    A. The Staff Cannot Demonstrate the Requisite Scienter to Bring Insider Trading Charges ................................................... 5

        1. Mr. Corigliano's 1995 Stock Sales Represented But a Small Portion of His Holdings and Arose During a Period in Which He Was Steadily Increasing His Ownership of Company Shares ................................................. 8

        2. Scienter Cannot Be Predicated On Mr. Corigliano's 1998 Stock Sales Given His Overall Pattern of Conduct ........................................................................................ 9

II. THE COMMISSION SHOULD ADHERE TO ITS PUBLIC POLICY AND PRECEDENT OF REWARDING COOPERATION AND ACKNOWLEDGE MR. CORIGLIANO'S SUBSTANTIAL ASSISTANCE TO THE INVESTIGATION IN THIS CASE ....................................................................................... 12

    A. Commission Staff Has Strongly Endorsed a Policy of Rewarding Cooperation ........................................................... 12

    B. Commission Precedent Provides Examples of Discretionary Charging Policy and Benefits to Cooperators .............. 14

III. MR. CORIGLIANO'S PERSONAL AND FAMILY BACKGROUND ARE RELEVANT TO A DETERMINATION OF AN APPROPRIATE REMEDY ............................................... 18

## TABLE OF CONTENTS
(continued)

| | | Page |
|---|---|---:|
| IV. | THE COMMISSION SHOULD CONSIDER MULTIPLE FACTORS IN DETERMINING AN OVERALL REMEDY, INCLUDING, AMONG OTHER THINGS, AN OFFSET FOR TAXES PAID ON SPECIFIC FUNDS AND A CONSIDERATION OF OTHER PUNISHMENT ALREADY IMPOSED | 19 |
| | A. The Commission Should Consider the Causal Connection Between Accounting Misstatements and the Cendant Stock Price | 21 |
| | B. The Commission Should Offset Taxes Paid By Mr. Corigliano On Profits Received from Stock Sales | 23 |
| | C. The Facts of This Case Do Not Warrant the Imposition of a Civil Penalty Against Mr. Corigliano as the Goal of Deterrence is Sufficiently Achieved by Existing Punishment | 25 |
| Conclusion | | 27 |

## TABLE OF AUTHORITIES

Page

Cases:

Aaron v. SEC, 446 U.S. 680, 100 S. Ct. 1945 (1980) .................................................................. 5

Acito v. IMCERA Group, Inc., 47 F.3d 47 (2d Cir. 1995) ..................................................... 10-11

CFTC v. American Metals Exch. Corp., 991 F.2d 71 (3d Cir. 1993) ........................................ 22

Fidelity Mgmt. & Research Co. v. Ostrander, 40 Mass. App. Ct. 195,
662 N.E.2d 699 (1996) ............................................................................................................. 24

Freeman v. Decio, 584 F.2d 186 (7th Cir. 1978) ......................................................................... 9

Gilford Partners, L.P. v. Sensormatic Elecs. Corp., No. 96 C 4072,
1997 WL 757495 (N.D. Ill. Nov. 24, 1997) ............................................................................ 15

Greebel v. FTP Software, Inc., 194 F.3d 185 (1st Cir. 1999) ................................................ 11 n.6

In re Investors' Mgmt. Co., [1970-71 Transfer Binder] Fed. Sec. L. Rep.
(CCH) ¶ 78,163 (SEC July 29, 1971) .................................................................................. 6 n.2

Johnson v. SEC, 87 F.3d 484 (D.C. Cir. 1996) ....................................................................... 8 n.5

Miller v. Pezzani (In re Worlds of Wonder Sec. Litig.), 35 F.3d 1407
(9th Cir. 1994) ...................................................................................................................... 9-10

Randall v. Loftsgaarden, 478 U.S. 647, 106 S. Ct. 3143 (1986) ............................................ 24 n.10

Report of Investigation in re Sterling Drug, Inc., [1978 Transfer
Binder] Fed. Sec. L. Rep. (CCH) ¶ 81,570 (SEC Apr. 18, 1978) ........................................ 6 n.2

SEC v. Adler, 137 F.3d 1325 (11th Cir. 1998) ........................................... 6-7, 6 n.3, 7 n.4, 9, 11

SEC v. Blatt, 583 F.2d 1325 (5th Cir. 1978) .......................................................................... 21 n.7

SEC v. First City Fin. Corp., 890 F.2d 1215 (D.C. Cir. 1989) ........................................ 21 n.7, 23

SEC v. Manor Nursing Ctrs., Inc., 458 F.2d 1082 (2d Cir. 1972) ......................................... 21 n.7

SEC v. Palmisano, 135 F.3d 860 (2d Cir.), cert. denied, 525 U.S.
1023 (1998) ............................................................................................................................... 25