# EXHIBIT B-C

06/29/00   THU 11:36 FAX 212 660 7008            KRAMER LEVIN                      @001

## KRAMER LEVIN NAFTALIS & FRANKEL LLP

919 Third Avenue

New York NY 10022

(212) 715-9100

**Fax Department: (212) 715-9191**

**Fax Number: (212) 715-8000**

| | | | |
|---|---|---|---|
| **FROM:** Gary P. Naftalis, Esq. | | **DATE:** | June 29, 2000 |
| **PHONE:** 212-715-9253 | | | |

### PLEASE DELIVER AS SOON AS POSSIBLE TO:

| | RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|---|
| 1. | James A. Kidney, Esq. | Securities and Exchange Commission | 202-942-9581 | 202-942-4797 |

Total number of pages including this page: 5

The documents accompanying this facsimile transmission are intended only for the use of the addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of the communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone. Thank you.

DEFENDANT'S
EXHIBIT
960

KL3394393.1

CCQ225

06/29/00   THU 11:38 FAX 212 688 7086         KRAMER LEVIN                    @002

KRAMER LEVIN NAFTALIS & FRANKEL LLP

919 THIRD AVENUE

NEW YORK, N.Y. 10022 - 3852

GARY P. NAFTALIS
PARTNER
TEL (212) 715-9263
FAX (212) 715-8000
gnaftalis@kramerlevin.com

47, AVENUE HOCHE
75008 PARIS
FRANCE

June 29, 2000

James A. Kidney, Esq.
Assistant Chief Litigation Counsel
Securities and Exchange Commission
Division of Enforcement
450 Fifth Street, N.W., Stop 8-8
Washington, DC  20549-0808

Dear Jim:

I enclose a proposed budget for the Corigliano family.  Please call me once you have had an opportunity to review it.

Kindest regards.

Sincerely,

Gary P. Naftalis

GPN/asb

KL3:2042503.1

**Annualized Budget**
**for the Corigliano Family**

<u>DRAFT</u>

**Annual Expenses:**

Automobile Expenses:

| | |
|---|---|
| Fuel and tolls | $3,600 |
| Maintenance | 2,000 |

Automobile Insurance | 2,600

Clothing | 10,000

Education (three children):

| | |
|---|---|
| Parochial School Tuition | 7,500 |
| Books, Supplies, After School Activities, Camp and Other Educational Expenses | 8,000 |

Food | 25,000

Home Upkeep, Supplies and Ordinary Repairs | 22,000

Income Taxes (Federal and State) | 45,000[1]

Insurance Premiums:

| | |
|---|---|
| Health Insurance | 9,500 |
| Property Insurance | 3,800 |

Medical Expenses | 5,000

Professional Fees (tax accountant) | 6,500

Real Estate Taxes | 30,000[2]

Utilities (electricity, oil and telephone) | 21,000

Miscellaneous Expenses | 10,000

---

[1] Does not reflect possible taxes that would be due if Crystal Journey Candles had taxable income for the year. In that event, the estimate for taxes would need to be increased.

[2] Last year real estate taxes were approximately $22,000, but they are expected to increase on reassessment.

CCQ227

06/29/00  THU 11:36 FAX 212 688 7066          KRAMER LEVIN                                        005

## Anticipated Unusual Expenses:

Capital Improvements and Charges for Crystal Journey Candles:

| | |
|---|---|
| Working Capital Infusion Needed to Complete Existing Product Orders, For Which Payment Will Not be Received Until Fall 2000 | 40,000 |
| Equipment Purchases to Expand Production Capacity to Meet Expected Demand | 65,000 |

House Repairs:

| | |
|---|---|
| Land Construction Repairs in Progress | 10,000 |
| Replace Leaking Exterior Doors | 5,000 |

Loan Payments:

| | |
|---|---|
| Interest Payments Owed on Smith Barney Money Market Creditline | approximately 1,900 a month |

Cosmo's Parents:

| | | |
|---|---|---|
| Food, Utilities, Insurance Premiums,<br>Medical Expenses  (paid in periodic installments) | 25,000 | |
| Property Taxes | 3,800 | |
| | 28,800 | |

Terri's Mother:

| | | |
|---|---|---|
| Monthly Payments of $1,000 for Living Expenses<br>Insurance Premiums, Medical Expenses | 12,000 | |
| Property Taxes | 8,000 | |
| | 20,000 | |

# EXHIBIT B-D

## Settlement Proposal

For purposes of resolving pending and proposed litigation, we propose the following settlement offer on behalf of Cosmo and Terri Corigliano. In making this offer, no admission is intended, implied or may be inferred, nor may any reference be made to this document in any context whatsoever other than the internal deliberations of the SEC and its Staff. If any aspect of this proposal is unclear, or unsatisfactory, we urge the Staff to consult with us so that we can achieve a meeting of the minds and resolve these matters consensually.

1.       Total payment by the Coriglianos of cash and securities with a current value in excess of $11 million. We believe this amount exceeds what both parties could agree to as a figure that represents any unjust enrichment by virtue of trading activity in Cendant securities. It exceeds what the plaintiffs' expert in the civil litigation estimates is the actual unjust enrichment, which is $8 million. That amount ($8 million) is also the figure that would be reached if one applied the analysis the Commission used in the Patel case. Indeed, even on the way the Staff calculates disgorgement, if one used the five-day average close after April 15, 1998, instead of the low closing price over those days, the Staff's number would be only $10.9 million. *The Coriglianos will be giving up more than was actually received from the trading, and they will not keep a penny of any unjust trading gains.*

2.       To achieve this payment, Cosmo would give up all his assets, except for an old car, his IRA, and his parents' home in Trumbull. The latter – the house of his parents, has been their abode for 33 years, and was not a device designed to siphon off assets to thwart disgorgement. This proposed payment includes securities with a current value in excess of $9 million, consisting of: approximately $3 million of mutual fund assets; 130,777 shares of Cendant stock (worth approximately $2 million based on Wednesday's close of $15.00 a share);

DEFENDANT'S
EXHIBIT
994

JUN 29 '00  08:31PM DCO 8TH FLOOR CORP                                    P.3

Page 2

plus options to purchase 462,316 Cendant shares, that depending on the trading model used to value them, are presently worth between $4 and $5 million.[1]

    3.    Terri would add $2.0 million.  This would leave her with about $2.5 million of liquid assets, the Old Saybrook house, and the Candle Business.

    4.    Prior to the '98 stock trading, the Coriglianos had significant assets, resulting from the prior 15 years of work and savings.  Their pre-'98 assets included:

| | | |
|---|---|---|
| a. | $2.55 million in mutual funds | |
| b. | $500,000 of equity in their Stamford house | |
| c. | <u>$3.6 million</u> from the SERP payment (before taxes) | |
| Total | $6.65 million | |

This <u>excludes</u> 200,000 Cendant shares he owned in 1998 before his trading, and 900,000 options he lost after being terminated.

We hope this is perceived as a substantial effort to bridge the gap that currently exists.  Please let us know how we can finalize a consensual resolution of this matter.

---

[1]    These options consist of (i) options to purchase 150,000 shares at a strike price at $22.33 and an expiry date of July 24, 2006; (ii) options to purchase 230,000 shares with a strike price at $20.50 and an expiry date of April 21, 2007; and (iii) options to purchase 82,316 shares with a strike price at $37.50 and an expiry date of March 2, 2008.  Mr. Corigliano received the 82,316 options in lieu of cash compensation of $500,000, to which he was otherwise entitled.

Settlement Proposal

# EXHIBIT B-E

## FRIED, FRANK, HARRIS, SHRIVER & JACOBSON
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1001 Pennsylvania Avenue, N.W., Suite 800
Washington D.C.  20004-2505
(202) 639-7000

FACSIMILE NUMBERS

(202) 639-7003              (202) 639-7004              (202) 639-7008
Group 4 Faxes Only: (202) 393-6028

If you have problems receiving this transmission, please contact us at (202) 639-7125.

Confidentiality Notice:

The information contained in this facsimile message may be legally privileged and confidential.  It is intended only for the use of the addressee named below.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this telecopy is strictly prohibited.  If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address above via the United States Postal Service.  We will reimburse any costs you incur in notifying us and returning the message to us.  Thank you.

## FACSIMILE COVER LETTER
### (for Single Recipient)

Date: __06/30/00 07:48 PM__          Number of Pages (including cover sheet):  5

To:    James T. Coffman                    Fax No.:    202-942-9668

Firm Name:   U.S. SEC                     Office No.:   202-942-4574

From:  Harvey Pitt                         Ext.: 7100

Comments:       Dear Jim, enclosed is a copy of the Wells letter that we will supply the
Division of Enforcement with on Wednesday morning, to be delivered
to each of the Commissioners.  We are sending over 4 originals, along
with an additional copy for each Commissioner and an extra 17 copies
for the Division of Enforcement and anyone.  I appreciate your
handling the distribution.

Telecopy Operator Information Only
Time Started: _____  Operator's Initials: _____

- 3278

JUN 30 '00  07:45PM DCO 6TH FLOOR CORP                                                    P.2

# FRIED, FRANK, HARRIS, SHRIVER & JACOBSON

A  PARTNERSHIP  INCLUDING  PROFESSIONAL  CORPORATIONS

1001 PENNSYLVANIA AVENUE, N.W., SUITE 800
WASHINGTON, DC 20004 · 2605
202 · 639 · 7000
FAX · 202 · 639 · 7008

June 30, 2000

WRITER'S DIRECT LINE

(202) 639-7100

The Honorable Arthur Levitt
Chairman
U.S. Securities and Exchange Commission
450 Fifth Street, N.W.
Washington, D.C. 20549

Re:   HO-3401

Dear Chairman Levitt:

We respectfully submit this letter, on behalf of Terri Corigliano, a mother of three who spends virtually full time caring for and rearing her children, ages 5, 7 and 9. It is undisputed, and indisputable, that Ms. Corigliano sold no securities, held no position with any public company, violated no securities laws, and was unaware of any violations of law the Staff believes others (including her husband) committed. And yet, incredibly, the Staff recommends that you sue Ms. Corigliano and, perhaps, her three minor children, as "relief defendants" in an action filed against her husband, Cosmo Corigliano. The Staff has told us it also may seek extraordinary relief against Ms. Corigliano, freezing all her assets. Ms. Corigliano's "offenses," apparently, are two-fold: *first*, she married someone who subsequently *did* violate the law but has for many months been cooperating and providing substantial assistance to the government; and *second*, despite professional training, she opted a decade ago to stay at home with her children, and now has no real prospect of obtaining professional employment to sustain her family while her husband faces incarceration. This recommendation is unprecedented, misogynistic, and unnecessary.

We are here because Cosmo Corigliano was employed at Cendant Corporation, and participated in that company's unfortunate financial disclosure problems. He received or opted to take (instead of cash) Cendant securities and options, and in 1998 traded some of those securities. Over fifteen years of marriage, however, the Coriglianos legitimately accumulated substantial assets,

NEW YORK · WASHINGTON · LOS ANGELES · LONDON · PARIS

3279

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON

Chairman Arthur Levitt
June 30, 2000
Page 2

totaling at least $7 million prior to 1998. Not one cent of that figure resulted from any of the 1998 trading in Cendant securities the Staff challenges in its complaint against Cosmo Corigliano. Yet the Staff proposes to extract any and all monies available to Ms. Corigliano and her three children, whether or not they have any relationship to the trading in issue.

The Staff starts from a laudable, and unassailable, premise — no federal securities law violator should keep the fruits of his misdeeds. We agree. But here, the wrongdoer — Mr. Corigliano — offers to divest virtually all his assets, with a current value of $9-$10 million, far exceeding a fair valuation of any ill-gotten gains he received.[1] Mr. Corigliano's proposal would leave him with only an old car, his IRA and the house his elderly parents have lived in for thirty-three years. But, the Staff goes awry by arguing that, because Ms. Corigliano contributed to the family's wealth and well-being by staying home with her children, rather than directly earning assets by her own labor or inheriting money, she cannot keep assets we disclosed were transferred to her name; the Staff asserts that a non-working mother's contribution to her marriage over fifteen years is worth zero! That is not a view the Commission should want to embrace as a matter of sound public policy, and it is, in any event, contrary to law.[2]

While Ms. Corigliano did not personally earn or inherit the monies and assets she holds, she has legally and morally valid claims for all of it. The Coriglianos had other sources of funds unrelated to the 1998 stock sales. Specifically, the Coriglianos owned and sold a house they had owned for many years in Stamford, Connecticut for $725,000; and the proceeds of that sale were paid to Ms. Corigliano. Mutual funds and a SERP benefit due to Mr. Corigliano in Dec. '97-Jan. '98 exceeded $6 million. Thus, marital assets unrelated to the challenged stock sales more than cover the assets and funds presently held by Ms. Corigliano.

---

[1]   In private class actions brought against Cendant and various of its officers and directors, the plaintiffs' expert calculates Mr. Corigliano's ill-gotten gains at $8 million. That is also the approximate amount of the after-tax proceeds of his trading.

[2]   A wife's property cannot be used to satisfy her husband's debts; and a husband may make valid gifts to his wife. Conn. Gen. Stat § 46b-36. Neither the SEC nor anyone else was a bona fide creditor so as to invalidate the transfer of any of the assets or monies at the time they were made. See, e.g., Faillace v. Soderholm, No. CV 9503222549, 1997 WL 684900 at *4 (Conn. Super. Ct. 1997) ("[T]he requirements set forth in General Statutes §§ 52-552e and 52-552f demonstrate that the plaintiff is required to allege that he was a person who has a right of payment which arose before the transfer was made." (internal citations deleted)).

3280

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON

*Chairman Arthur Levitt*
*June 30, 2000*
*Page 3*

Notwithstanding Ms. Corigliano's legal rights, she has offered to contribute $2 million in liquid assets to a settlement against her husband. In its zeal, the Staff is apparently unsatisfied with this proposal, effectively leaving her, an innocent victim, "homeless, naked and without wheels."[3] The Staff is unmoved by the wastefulness of litigating over assets that can be more fruitfully apportioned today, allowing both for a more immediate and larger disgorgement and greater retention of legitimate family assets for a family with three young children, several elderly and ill parents who lack other means of support and a sole bread winner whose earning power is now substantially reduced and who is devoting his time to cooperation with the government. Indeed, such a suit is totally unnecessary. After all, the Coriglianos are not leaving the jurisdiction. Mr. Corigliano is a valuable government cooperating witness. There is no suggestion that the family has moved assets outside the Commission's jurisdiction, ever even had a foreign bank account or taken any steps to dissipate the assets they hold. And the Coriglianos have assured the Commission's Staff that they will not.

Apart from the other infirmities from which the Staff's recommendation suffers, no spouse has ever been named as a relief defendant in any case remotely resembling this one.[4] Here, Ms. Corigliano has valid legal claims to the assets and monies in her name. Nonetheless, she stands ready to find a way to satisfy the Commission's goals of achieving a settlement that provides for

---

[3]    Kevin G. Salwen and Laurie P. Cohen, *Getting Tough*, Wall St. J., May 10, 1990, at A1.

[4]    Even in the rare case where a court orders disgorgement against a spouse claiming a legitimate interest in transferred assets, either the wrongdoing party is found to control the assets purportedly vested in another, or the person claiming title to the assets was part of the fraudulent scheme. *See, e.g.*, SEC *v. Antar*, 831 F. Supp. 380 (D. N.J. 1993) and *SEC v. Antar*, 15 F. Supp. 2d 477 (D. N.J. 1998) (disgorging assets in name of wife and children because *no real transfer* of assets occurred—violator maintained control over custodial accounts, and even transferred funds to an off-shore account without knowledge of wife or children); *SEC v. Glauberman*, 90 Civ. 5205, 1992 WL 175270 at *1-*2 (S.D.N.Y. 1992), (disgorging funds from accounts of violator's children where violator maintained control over accounts at all times and even made loans to himself from accounts, but recognizing disgorgement inappropriate if gifts were not to persons "whose accounts the donor controls"); *see also SEC v. Cavanagh*, 155 F.3d. 129, 136 (2d Cir. 1998) (disgorging wife's funds where transfer intended to defraud creditors and wife not aware of transfer from husband). Other cases allowing disgorgement over relief defendants are factually inapposite. In *SEC v. The Better Life Club of America*, 995 F. Supp. 167 (D. D.C. 1998) and *SEC v. Infinity Group Co.*, 993 F. Supp. 324 (E.D. Pa. 1998), the relief defendants falsely claimed that they received the illegal funds in exchange for consideration. The courts held that the transactions thus had been made for fraudulent purposes and that the alleged exchanges were "little more than a sham." *Better Life*, 995 F. Supp. at 182. Furthermore, there were implications that the relief defendants in those cases were substantially involved in the fraudulent pyramid schemes. *Infinity Group*, 993 F. Supp. at 331; *see also SEC v. Colello*, 139 F.2d. 674, 677 (9th Cir. 1998).

3281

JUN 30 '00  07:45PM DCO 8TH FLOOR CORP

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON

*Chairman Arthur Levitt*
*June 30, 2000*
*Page 4*

disgorgement appropriate to this matter. Absent such a resolution, we ask the Commission to consider that Ms. Corigliano, who has done nothing wrong and who has a right under Connecticut law to retain marital assets and to have them protected from satisfying the debts of her husband, is not an appropriate relief defendant and should not be named in the action filed against her husband.

Respectfully submitted,

Harvey L. Pitt

Audrey Strauss

cc:    Commissioner Isaac C. Hunt, Jr.
       Commissioner Paul R. Carey
       Commissioner Laura S. Unger

3282

# EXHIBIT B-F

KRAMER LEVIN NAFTALIS & FRANKEL LLP

919 THIRD AVENUE

NEW YORK, N.Y. 10022 - 3852

GARY P. NAFTALIS
PARTNER
TEL (212) 715-9253
FAX (212) 715-8000
gnaftalis@kramerlevin.com

47, AVENUE HOCHE
75008 PARIS
FRANCE

July 13, 2000

For Settlement Purposes Only

James A. Kidney, Esq.
Assistant Chief Litigation Counsel
Securities and Exchange Commission
Division of Enforcement
450 Fifth Street, N.W., Stop 8-8
Washington, DC 20549-0808

Dear Jim:

Further to our conversations, I enclose a revised Corigliano family budget and detail supporting these items. The detail consists in general of the family's expenses during the prior one-year period with respect to items you inquired about. Where available, we list the family's individual purchases made by check or credit card. For check purchases, we provide the approximate date of the purchase and check number or designate "E-PMT" to represent electronic payment transfers. For credit card purchases, we list the specific card used and the statement date on which the purchase appears. Lastly, we also identify estimated cash payments that the family spends on living expenses.

You will note that the Coriglianos actual living expenses during the prior year exceed substantially the projected budget totals we are proposing. In some categories, such as clothing, we proposed a number that cuts in half the family's current level of spending. As you requested, we also have eliminated professional fees and camp expense for the children and decreased the real estate tax expense to $25,000. We modestly increased our request for certain expenses related to the children's education and after-school activities after our review of the family's actual costs in this area revealed that we significantly underestimated these costs in our initial budget proposal. In all areas, however, you will see that the supporting documentation confirms that the Coriglianos already did not live lavishly and our revised budget proposal significantly reduces the family's current expenses.

We provide further explanation for expenses that are necessary and appropriate to the maintenance of the ongoing value of the candle business and without which the value of the business and the jobs of its 18 employees could be put in jeopardy.

KL3 2044479.1

DEFENDANT'S
EXHIBIT
962

CCQ184

KRAMER LEVIN NAFTALIS & FRANKEL LLP

James A. Kidney, Esq.
July 13, 2000
Page 2

As always, we are available to discuss these and other matters with you.

Kindest regards.

Sincerely,

Gary P. Naftalis

cc:    Harvey Pitt, Esq.
       Audrey Strauss, Esq.

GPN/asb
Enclosures

KL3:30-4470.1

CCQ185

CORRECTED PAGE                          DRAFT

**Revised Annualized Budget
for the Corigliano Family**

**Annual Expenses:**

Automobile Expenses:

| | |
|---|---|
| Fuel and tolls | $3,600 |
| Maintenance | 2,000 |
| Automobile Insurance | 2,600 |
| Clothing | 10,000 |

Education (three children):

| | |
|---|---|
| Parochial School Tuition | 7,500 |
| Books, Educational Supplies, After-School Activities, Toys And Other Educational Expenses | 12,000 |
| Food | 25,000 |
| Home Upkeep, Supplies and Ordinary Repairs | 22,000 |
| Income Taxes (Federal and State) | 45,000[1] |

Insurance Premiums:

| | |
|---|---|
| Health Insurance | 9,500 |
| Property Insurance | 3,800 |
| Medical Expenses | 5,000 |
| Real Estate Taxes | 25,000[2] |
| Utilities (electricity, oil and telephone) | 21,000 |
| Interest Payments Owed on Smith Barney Money Market Creditline | approximately 1,900 per month |
| Miscellaneous Expenses | 10,000 |

---

[1]      Does not reflect possible taxes that would be due if Crystal Journey Candles had taxable income for the year. In that event, the estimate for taxes would need to be increased.

[2]      Based on anticipated tax reassessment.

KL3:2042069.3

CCQ186

**CORRECTED PAGE**                                              **DRAFT**

Support to Cosmo and Terri Corigliano's Parents:[3]

Cosmo's Parents:

| | |
|---|---|
| Food, Utilities, Insurance Premiums, Medical Expenses  (paid in periodic installments) | 25,000 |
| | 3,800 |
| Property Taxes | 28,800 |

Terri's Mother:

| | |
|---|---|
| Monthly Payments of $1,000 for Living Expenses | 12,000 |
| Insurance Premiums, Medical Expenses | 8,000 |
| Property Taxes | 20,000 |

---

[3] Cosmo's parents own no significant assets.  As reported previously, their home is now owned by Cosmo Corigliano, who purchased the lifelong family home from his parents, who had insufficient assets to take out a loan on the house to help pay for their own living expenses.

The only sources of income for Cosmo's parents are social security payments and support from Cosmo.

Terri Corigliano's mother owns a home in Branford, Connecticut.  She has a mortgage on this house totaling approximately $150,000.  She has no additional significant assets.

The only sources of income for Terri's mother are social security payments and support from Cosmo.

- 2 -

KL3_2042063.3

**CORRECTED PAGE**                                                                DRAFT

## Payments Owed on In-Progress Construction Work on Corigliano House

The Coriglianos have contracted with a local residential construction worker, Robert Dibble, to complete necessary repairs to their home's driveway and sidewalk pavement. The contractor had begun work on this project several months ago and already has removed the previous pavement. He also has made purchases of gravel and tar to complete the job. The cost of completion and outstanding payments owed by the Coriglianos are estimated by Mr. Dibble at approximately $10,000.[4]

## Necessary Business Expenses

Crystal Journey Candles is a manufacturing company that produces aromatic candles. Since Mrs. Corigliano purchased the company in June 1999, sales have doubled and the number of employees has grown from 3 to 18. In order for the company to maintain its value and complete even existing orders, the company needs to expand its production capacity through automation. Without such capital improvements the company's future will be jeopardized and it will not to remain competitive in the marketplace.

The company currently relies on employees to manually pour the melted wax into candle molds. The machinery needed to expand production capacity and reduce costs would dispense wax automatically into the candle molds at a rate that surpasses the company's present capabilities. In order to compete in the marketplace, the company must be able to meet customer demands in the future.

After an exhaustive search of equipment manufacturers, Crystal Journey Candles located a local candle equipment manufacturer in New Jersey that has available for sale the needed dispensing equipment at a reasonable cost. Crystal Journey Candles will purchase an 8-Head Votive Dispenser with 118 trays, conveyor system and holding tank at a price of $51,325. The company needs to complete this purchase immediately in order to meet current contract demands and to have sufficient production capacity in place for the upcoming holiday season. Without these improvements, the company cannot continue to compete, risks losing its value in the near future as well as jeopardizing the employment of its 18 workers.

---

[4]The Coriglianos are also in the process of seeking an estimate on the needed eplacement of their home's leaking exterior kitchen doors and related repairs to the house frame.

- 3 -

KL3 2042063.7

# CLOTHING

| | |
|---|---|
| **Sub-Total of Credit Card and Check Purchases:** | $20,444.70 |
| **Sub-Total of Estimated Cash Purchases** | $ 3,750.00 |
| | |
| **TOTAL** | $24,194.70 |

KL3:2044103.1

07/13/00  15:24 FAX 212 715 8000          KRAMER LEVIN                    ☒006

| Date | Accounts | Check Number | Payee | Amount |
|------|----------|--------------|-------|--------|
| 6/4/99 | Peoples Checking | E-PMT | Lord & Taylor's | -239.58 |
| 8/5/99 | Peoples Checking | E-PMT | Lord & Taylor's | -353.66 |
| 11/5/99 | Peoples Checking | E-PMT | Lord & Taylor's | -575.52 |
| 2/3/00 | Peoples Checking | E-PMT | Macys | -652.09 |
| 5/5/00 | Peoples Checking | E-PMT | Filene's | -288.71 |
| 7/6/99 | Bank One Cr | | Gap Kids | -105.94 |
| 4/15/00 | Bank One Cr | | Claires Boutiques | -75.79 |
| 4/15/00 | Bank One Cr | | Macy's | -92.99 |
| 5/15/00 | Bank One Cr | | Gap Kids | -48.02 |
| 6/6/99 | Choice Credit | | Gap Kids | -195.48 |
| 6/14/99 | Choice Credit | | Confetti | -37.63 |
| 6/16/99 | Choice Credit | | Claires Boutiques | -29.65 |
| 6/28/99 | Choice Credit | | The Rainbow Shoppe | -129.85 |
| 7/6/99 | Choice Credit | | The Gap | -194.83 |
| 7/8/99 | Choice Credit | | Bob's Stores | -205.93 |
| 8/30/99 | Choice Credit | | Clinton Sport Shop | -80.74 |
| 9/28/99 | Choice Credit | | Character & Custumes | -32.31 |
| 9/28/99 | Choice Credit | | Old Navy | -82.32 |
| 10/1/99 | Choice Credit | | Neil Young Uniforms | -101.00 |
| 10/8/99 | Choice Credit | | The Red Balloon | -65.90 |
| 10/18/99 | Choice Credit | | Fleischman's | -218.53 |
| 11/3/99 | Choice Credit | | Estys | -34.10 |
| 11/3/99 | Choice Credit | | CWT | -185.33 |
| 11/12/99 | Choice Credit | | Burlington | -289.52 |
| 11/17/99 | Choice Credit | | TJ Maxx | -193.28 |
| 11/24/99 | Choice Credit | | Totally Kool | -305.93 |
| 11/24/99 | Choice Credit | | Payless Shoees | -12.99 |
| 11/24/99 | Choice Credit | | North Cove Outfitters | -197.14 |
| 11/28/99 | Choice Credit | | Totally Kool | -35.03 |
| 12/1/99 | Choice Credit | | Trim Fashions | -123.20 |
| 1/1/00 | Choice Credit | | Timberland Factory | -167.78 |
| 1/1/00 | Choice Credit | | Totally Kool | -39.99 |
| 1/1/00 | Choice Credit | | Gap Kids | -77.00 |
| 1/1/00 | Choice Credit | | The Gap | -101.98 |
| 1/1/00 | Choice Credit | | North Cove Outfitters | -302.21 |
| 2/21/00 | Choice Credit | | Ann Taylor | -125.00 |
| 2/21/00 | Choice Credit | | Fleischman's | -170.04 |

- 2 -

KL3 2004183.1

| Date | Account | Check Number | Payee | Amount |
|---|---|---|---|---|
| 2/21/00 | Choice Credit | | North Cove Outfitters | -62.54 |
| 2/21/00 | Choice Credit | | Gap Kids | -460.28 |
| 4/1/00 | Choice Credit | | LL Beam | -60.95 |
| 4/1/00 | Choice Credit | | Old Navy | -72.00 |
| 4/1/00 | Choice Credit | | Macys | -220.47 |
| 5/1/00 | Choice Credit | | Gap Kids | -400.00 |
| 7/31/99 | Citibank Cred | | Everything But The Baby | -39.98 |
| 9/14/99 | Citibank Cred | | LL Beam | -45.40 |
| 9/21/99 | Citibank Cred | | Territory Ahead | -59.95 |
| 9/29/99 | Citibank Cred | | LL Beam | -65.35 |
| 10/8/99 | Citibank Cred | | Territory Ahead | -55.00 |
| 10/11/99 | Citibank Cred | | Lands End | -136.95 |
| 10/30/99 | Citibank Cred | | Neil Young Uniforms | -115.60 |
| 10/30/99 | Citibank Cred | | LL Beam | -60.50 |
| 11/12/99 | Citibank Cred | | LL Beam | -55.00 |
| 11/14/99 | Citibank Cred | | Payless Shoes | -23.69 |
| 11/14/99 | Citibank Cred | | Mcreedy & Schreiber | -124.49 |
| 1/1/00 | Citibank Cred | | Back To Basics | -420.68 |
| 1/1/00 | Citibank Cred | | North Cove Outfitters | -98.60 |
| 1/1/00 | Citibank Cred | | Brooks Brothers | -29.50 |
| 1/1/00 | Citibank Cred | | Gap Kids | -69.50 |
| 1/1/00 | Citibank Cred | | JC Penny | -117.28 |
| 1/1/00 | Citibank Cred | | North Cove Outfitters | -206.74 |
| 1/1/00 | Citibank Cred | | Territory Ahead | -349.95 |
| 1/19/00 | Citibank Cred | | LL Beam | -64.50 |
| 1/19/00 | Citibank Cred | | JC Penny | -132.49 |
| 1/19/00 | Citibank Cred | | Peddler | -54.06 |
| 1/19/00 | Citibank Cred | | JC Penny | -62.42 |
| 1/19/00 | Citibank Cred | | Victorias Secret | -93.44 |
| 1/19/00 | Citibank Cred | | Victorias Secret | -18.80 |
| 1/19/00 | Citibank Cred | | Victorias Secret | -31.88 |
| 2/18/00 | Citibank Cred | | Victorias Secret | -18.80 |
| 2/18/00 | Citibank Cred | | Victorias Secret | -24.73 |
| 2/18/00 | Citibank Cred | | Jos Banks | -133.81 |
| 2/18/00 | Citibank Cred | | Jos Banks | -135.13 |
| 3/18/00 | Citibank Cred | | Jos Banks | -133.81 |
| 3/18/00 | Citibank Cred | | Brooks Brothers | -26.55 |
| 3/18/00 | Citibank Cred | | North Cove Out. | -80.52 |

- 3 -

KL3:2044183-1

| Date | Account | Check Number | Payee | Amount |
|------|---------|--------------|-------|--------|
| 4/18/00 | Citibank Cred | | Gap Kids | -34.00 |
| 4/18/00 | Citibank Cred | | Brooks Brothers | -14.50 |
| 4/18100 | Citibank Cred | | Gap Kids | -105.50 |
| 4/18/00 | Citibank Cred | | The Gap | -83.50 |
| 4/18/00 | Citibank Cred | | Baudelaire | -104.50 |
| 4/18/00 | Citibank Cred | | The Gap | -83.50 |
| 5/20/00 | Citibank Cred | | The Gap | -76.00 |
| 5/20/00 | Citibank Cred | | Ultra Shoes | -156.35 |
| 5/20/00 | Citibank Cred | | LL Bean | -53.75 |
| 5/20/00 | Citibank Cred | | Ultra Shoes | -156.35 |
| 5/20/00 | Citibank Cred | | North Cove Outfitters | -107.41 |
| 5/20/00 | Citibank Cred | | J. Alden | -474.14 |
| 5/20/00 | Citibank Cred | | The Gap | -83.00 |
| 5/20/00 | Citibank Cred | | Lands End | -182.95 |
| 5/20/00 | Citibank Cred | | Timberland Factory | -29.99 |
| 5/20/00 | Citibank Cred | | Lands End | -107.95 |
| 5/20/00 | Citibank Cred | | Foot Locker | -172.60 |
| 6/4/99 | MBNA Credit | | Marshall's | -72.93 |
| 6/4/99 | MBNA Credit | | The Rag Shop | -197.11 |
| 6/4/99 | MBNA Credit | | Filene's | -207.15 |
| 6/7/99 | MBNA Credit | | Marshall's | -276.49 |
| 6/29/99 | MBNA Credit | | Flight Of Fancy | -277.59 |
| 6/29/99 | MBNA Credit | | Neil Young Uniforms | -512.40 |
| 7/7/99 | MBNA Credit | | Darien Bootery | -158.25 |
| 7/13/99 | MBNA Credit | | Bloomingdales | -168.09 |
| 7/15/99 | MBNA Credit | | Hoaglands Of Greenwich | -265.00 |
| 7/20/99 | MBNA Credit | | Payless Shoes | -72.95 |
| 7/20/99 | MBNA Credit | | Neil Young Uniforms | -390.02 |
| 7/22/99 | MBNA Credit | | TJ Maxc | -100.74 |
| 8/30/99 | MBNA Credit | | Claires Boutiques | -35.62 |
| 9/14/99 | MBNA Credit | | The Red Balloon | -130.38 |
| 9/20/99 | MBNA Credit | | Jones Ny Sports | -117.30 |
| 9/23/99 | MBNA Credit | | Totally Kool | -188.04 |
| 9/27/99 | MBNA Credit | | Gap Kids | -318.43 |
| 10/15/99 | MBNA Credit | | Stage Road Trading | -55.65 |
| 10/15/99 | MBNA Credit | | j Alden | -143.10 |
| 10/15/99 | MBNA Credit | | TJ Maxx | -102.96 |

- 4 -

KL3:2044313.1

| Date | Account | Check Number | Payee | Amount |
|---|---|---|---|---|
| 10/15/99 | MBNA Credit | | TJ Maxx | -240.51 |
| 10/27/99 | MBNA Credit | | Dancers Outlet | -66.95 |
| 11/10/99 | MBNA Credit | | Bill Rogers Running | -76.50 |
| 11/10/99 | MBNA Credit | | Filene's | -107.11 |
| 11/15/99 | MBNA Credit | | Gap Kids | -165.94 |
| 11/15/99 | MBNA Credit | | Burlington | -196.55 |
| 11/15/99 | MBNA Credit | | Tennis Trends | -145.37 |
| 11/22/99 | MBNA Credit | | Thurstons | -167.48 |
| 11/22/99 | MBNA Credit | | Neil Young Uniforms | -157.00 |
| 12/1/99 | MBNA Credit | | Payless Shores | -24.98 |
| 12/1/99 | MBNA Credit | | JC Penny | -232.67 |
| 12/15/99 | MBNA Credit | | Everything But The Baby | -52.99 |
| 12/15/99 | MBNA Credit | | Foot Locker | -19.99 |
| 12/15/99 | MBNA Credit | | London Fog Factory | -48.30 |
| 12/15/99 | MBNA Credit | | Payless Shoes | -9.99 |
| 12/15/99 | MBNA Credit | | Thurstons | -126.99 |
| 12/15/99 | MBNA Credit | | CWT | -34.81 |
| 12/29/99 | MBNA Credit | | Jeffries | -117.95 |
| 1/5/00 | MBNA Credit | | Bob's Stores | -159.86 |
| 1/5/00 | MBNA Credit | | The Rugged Bear | -191.02 |
| 1/13/00 | MBNA Credit | | Old Lyme Village Fabric | -16.96 |
| 1/13/00 | MBNA Credit | | Burlington | -139.44 |
| 1/13/00 | MBNA Credit | | Macys | -185.50 |
| 1/13/00 | MBNA Credit | | North Cove Outfitters | -522.91 |
| 1/20/00 | MBNA Credit | | A Style Above | -34.00 |
| 1/20/00 | MBNA Credit | | Everything But The Baby | -54.85 |
| 1/20/00 | MBNA Credit | | Bob's Stores | -230.06 |
| 1/20/00 | MBNA Credit | | Lord & Taylor's | -76.97 |
| 1/20/00 | MBNA Credit | | Everything But The Baby | -81.98 |
| 1/20/00 | MBNA Credit | | Totally Kool | -94.45 |
| 4/1/00 | MBNA Credit | | Payless Shoes | -31.46 |
| 5/2/00 | MBNA Credit | | Gap Kids | -79.49 |
| 5/2/00 | MBNA Credit | | Gap Kids | -115.47 |
| 5/2/00 | MBNA Credit | | Macy's | -93.68 |

TOTAL 6/1/99 - 5/31/00                    -20,444.70

- 5 -

KL3:2044183.1

# BOOKS, EDUCATIONAL SUPPLIES,
# AFTER-SCHOOL ACTIVITIES AND OTHER
# EDUCATIONAL EXPENSES

| | |
|---|---|
| Sub-Total for Credit Card and Check Purchases: | $15,785.37 |
| Sub-Total for Estimated Cash Payments: | $ 1,500.00 |
| TOTAL: | $17,285.37 |

KL3.2043906.1

CCQ194

| Date | Account | Check Number | Payee | Amount |
|------|---------|--------------|-------|--------|
| 2/16/00 | People's Checking | E-PMT | Old Saybrook Racquet Club | $562.31 |
| 4/11/00 | People's Checking | E-PMT | Personal Ed. Music Center | 125.00 |
| 9/6/99 | People's -- Terri | 2484 | Personal Ed. Music Center | 99.00 |
| 9/6/99 | People's -- Terri | 2439 | St. John Schook | 146.00 |
| 9/7/99 | People's -- Terri | 2431 | Mike Ferrantelli | 25.00 |
| 9/13/99 | People's -- Terri | 2485 | Old Saybrook Racquet Club | 504.00 |
| 9/22/99 | People's -- Terri | 2445 | St. John Schook | 19.00 |
| 9/22/99 | People's -- Terri | 2446 | St. John Schook | 19.00 |
| 9/22/99 | People's -- Terri | 2447 | St. John Schook | 19.00 |
| 9/22/99 | People's -- Terri | 2483 | Future Musicians Inc. | 213.00 |
| 9/23/99 | People's -- Terri | 2448 | Old Saybrook Racquet Club | 288.00 |
| 9/23/99 | People's -- Terri | 2476 | Town of Old Saybrook | 14.00 |
| 9/13/99 | People's -- Terri | 2477 | Cardio Connection | 78.00 |
| 10/7/99 | People's -- Terri | 2088 | Old Saybrook Racquet Club | 22.00 |
| 10/7/99 | People's -- Terri | 2481 | The Trumpet Club | 10.90 |
| 10/7/99 | People's -- Terri | 2482 | Scholastic Arrow Book Club | 2.95 |
| 9/13/99 | People's -- Terri | 2485 | Old Saybrook Racquet Club | 504.00 |
| 11/20/99 | People's -- Terri | 2100 | Scholastic Arrow Book Club | 9.90 |
| 11/20/99 | People's -- Terri | 2245 | Old Saybrook Racquet Club | 54.00 |
| 11/29/99 | People's -- Terri | 2246 | Old Saybrook Racquet Club | 32.00 |
| 12/6/99 | People's -- Terri | 2247 | Old Saybrook Racquet Club | 32.00 |
| 4/15/00 | Bank One Credit | | Emerson & Cook | 97.15 |
| 5/15/00 | Bank One Credit | | Amazing Grace | 128.63 |
| 6/6/99 | Choice Credit | | Waldenbooks | 142.24 |
| 6/16/99 | Choice Credit | | Joann Fabrics | 48.02 |
| 6/16/99 | Choice Credit | | The Disney Store | 10.60 |
| 1/1/00 | Choice Credit | | Juniors Music | 79.50 |
| 1/1/00 | Choice Credit | | Creative Crafts | 62.69 |
| 7/11/99 | Citibank Credit | | Amazon.com | 12.05 |
| 7/13/99 | Citibank Credit | | AOL | 21.95 |
| 7/15/99 | Citibank Credit | | Amazon.com | 49.85 |
| 7/23/99 | Citibank Credit | | Amazon.com | 77.79 |
| 7/26/99 | Citibank Credit | | Amazon.com | 31.92 |
| 7/30/99 | Citibank Credit | | Amazon.com | 13.55 |
| 8/12/99 | Citibank Credit | | Amazon.com | 12.93 |
| 8/14/99 | Citibank Credit | | AOL | 21.95 |
| 8/14/99 | Citibank Credit | | Amazon.com | 36.87 |
| 8/20/99 | Citibank Credit | | Amazon.com | 14.35 |
| 8/22/99 | Citibank Credit | | Barnes & Noble | 7.93 |
| 9/9/99 | Citibank Credit | | Great Outdoor Toy Co. | 1,087.00 |
| 9/10/99 | Citibank Credit | | Amazon.com | 47.27 |
| 9/11/99 | Citibank Credit | | Amazon.com | 17.94 |

| Date | Account | Check Number | Payee | Amount |
|---|---|---|---|---|
| 9/18/99 | Citibank Credit | | Amazon.com | 16.85 |
| 10/2/99 | Citibank Credit | | Amazon.com | 57.73 |
| 10/8/99 | Citibank Credit | | Waldenbooks | 31.77 |
| 10/11/99 | Citibank Credit | | AOL | 21.95 |
| 10/16/99 | Citibank Credit | | Great Outdoor Toy Co. | 2,538.00 |
| 10/17/99 | Citibank Credit | | Amazon.com | 36.97 |
| 10/18/99 | Citibank Credit | | Amazon.com | 13.75 |
| 10/30/99 | Citibank Credit | | Amazon.com | 23.92 |
| 10/30/99 | Citibank Credit | | Amazon.com | 61.19 |
| 10/30/99 | Citibank Credit | | Amazon.com | 75.37 |
| 10/30/99 | Citibank Credit | | Amazon.com | 27.81 |
| 10/30/99 | Citibank Credit | | Amazon.com | 13.70 |
| 10/30/99 | Citibank Credit | | Amazon.com | 6.51 |
| 11/5/99 | Citibank Credit | | Amazon.com | 13.55 |
| 11/5/99 | Citibank Credit | | Amazon.com | 23.95 |
| 11/5/99 | Citibank Credit | | Amazon.com | 39.13 |
| 11/14/99 | Citibank Credit | | AOL | 21.95 |
| 1/1/00 | Citibank Credit | | Amazon.com | 14.90 |
| 1/1/00 | Citibank Credit | | Amazon.com | 16.05 |
| 1/1/00 | Citibank Credit | | AOL | 21.95 |
| 1/19/00 | Citibank Credit | | Amazon.com | 20.97 |
| 1/19/00 | Citibank Credit | | Amazon.com | 9.58 |
| 2/18/00 | Citibank Credit | | Amazon.com | 69.89 |
| 2/18/00 | Citibank Credit | | Amazon.com | 10.59 |
| 2/18/00 | Citibank Credit | | Amazon.com | 32.34 |
| 2/18/00 | Citibank Credit | | AOL | 21.95 |
| 3/18/00 | Citibank Credit | | Mount Snow | 87.15 |
| 3/18/00 | Citibank Credit | | Mount Snow | 136.50 |
| 3/18/00 | Citibank Credit | | Mount Snow | 145.95 |
| 3/18/00 | Citibank Credit | | Mount Snow | 27.78 |
| 3/18/00 | Citibank Credit | | AOL | 21.95 |
| 4/18/00 | Citibank Credit | | Amazon.com | 7.18 |
| 4/18/00 | Citibank Credit | | AOL | 59.95 |
| 4/18/00 | Citibank Credit | | AOL | 21.95 |
| 5/20/00 | Citibank Credit | | Amazon.com | 214.41 |
| 5/20/00 | Citibank Credit | | AOL | 21.95 |
| 7/10/99 | MBNA Credit | | Learning Express | 96.32 |
| 12/1/99 | MBNA Credit | | Barnes & Noble | 126.39 |
| 12/15/99 | MBNA Credit | | Waldenbooks | 145.16 |
| 2/29/00 | MBNA Credit | | Pauline Books | 63.63 |
| 2/29/00 | MBNA Credit | | Scholastic Book Fair | 88.05 |
| 2/29/00 | MBNA Credit | | The Firm | 115.80 |
| 2/29/00 | MBNA Credit | | The Firm | 160.85 |