# EXHIBIT B-N

SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549



CONFIDENTIALITY NOTE

THIS FACSIMILE MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE. IT IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU SHOULD BE AWARE THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS BY MAIL. THANK YOU.

FROM:  DAVID FROHLICH
Branch Chief
DIVISION OF ENFORCEMENT

Telephone Number:  (202) 942-4544
Telecopier Number:  (202) 942-9668

## PLEASE DELIVER THE FOLLOWING PAGES TO:

Name:  **Gary P. Naftalis, Esq.**

Company or Firm:  Kramer, Levin, Naftalis & Frankel

Date:  April 9, 2004

Case:  *In the Matter of Cendant Corporation and Trading in Its Securities*    HO-3401

Telephone Number:  (212)  715-9253

Telecopier Number:  (212)  715-9238

Total Number of Pages, Including Cover Sheet:  38

Comments:  Please see attached.
David Frohlich

*If you do not receive all the pages, please call (202) 942-4544 as soon as possible.*

3228

SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

**VISION OF
FORCEMENT**

April 9, 2004

**BY FACSIMILE TRANSMISSION
(212) 715-9238**

Gary P. Naftalis, Esq.
Kramer, Levin, Naftalis & Frankel
919 Third Avenue
New York, New York 10022

Re:    *In the Matter of Cendant Corporation and Trading in Its Securities*
       *File No. HO-3401*

Dear Mr. Naftalis:

In connection with a possible settlement with your client, Cosmo Corigliano, enclosed please find a draft Consent of Defendant Cosmo Corigliano, Relief Defendant Agnes T. Corigliano, and Relief Defendant Mary Louis Scully ("draft Consent") and a draft Final Judgment as to Defendant Cosmo Corigliano, Relief Defendant Agnes T. Corigliano, and Relief Defendant Mary Louis Scully ("draft Final Judgment"). Please note that the draft Consent and the draft Final Judgment are working copies and are still being circulated among the staff for review and comment. Nevertheless, due to the extreme time constraints facing any settlement that could be authorized by the Commission prior to the impending criminal trial of Walter A. Forbes and E. Kirk Shelton, the Commission staff is forwarding these documents to you now, so that you can view their operative provisions at the earliest possible date.

The the draft Consent and the draft Final Judgment have been prepared in connection with the above-captioned matter. The documents are being provided to you for purposes of a possible settlement only, and on the understanding that, whether or not any settlement is ultimately reached, you agree that all drafts provided to you by the staff and all copies thereof will be either returned to the staff or destroyed. The contents and the substance of the documents are confidential.

Please remember that the Commission staff does not have authority to agree to a settlement. Any settlement must be presented to and approved by the Commission. These documents are being provided to you for purposes relating to a possible settlement only.

3229

Gary P. Naftalis, Esq.
April 9, 2004
Page 2

Should you have any questions, please call me at (202) 942-4544.

Very truly yours,

David Frohlich
Branch Chief

Enclosures

3230

[DRAFT 04/09/2004 8:00 P.M.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SECURITIES AND EXCHANGE COMMISSION,          :

            Plaintiff,          :

                        :

              v.          :          00 Civ. No. 2873

COSMO CORIGLIANO, ANNE M. PEMBER,          :
CASPER SABATINO, and KEVIN T. KEARNEY,          :

            Defendants,          :

AGNES T. CORIGLIANO, CARLETON H.          :
PEMBER IV, and MARY LOUISE SCULLY,          :

            Relief Defendants.          :

## CONSENT OF DEFENDANT COSMO CORIGLIANO, RELIEF DEFENDANT AGNES T. CORIGLIANO, AND RELIEF DEFENDANT MARY LOUISE SCULLY

1.     Defendant Cosmo Corigliano ("Defendant Corigliano"), Relief Defendant Agnes

T. Corigliano ("Relief Defendant Corigliano"), and Relief Defendant Mary Louis Scully

("Relief Defendant Scully") each acknowledge having been served with the Amended

Complaint in this action, enter a general appearance, and admit the Court's jurisdiction over

him or her and over the subject matter of this action.

2.     Without admitting or denying the allegations of the Amended Complaint (except

as to personal and subject matter jurisdiction, which Defendant Corigliano, Relief Defendant

Corigliano, and Relief Defendant Scully admit), Defendant Corigliano, Relief Defendant

Corigliano, and Relief Defendant Scully hereby consent to the entry of the Final Judgment as to Defendant Cosmo Corigliano, Relief Defendant Agnes T. Corigliano, and Relief Defendant Mary Louise Scully in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)   permanently restrains and enjoins Defendant Corigliano from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act"), Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act"), and Exchange Act Rules 10b-5, 13b2-1, and 13b2-2; and from aiding and abetting violations of Sections 13(a), 13(b)(2)(A), 13(b)(2)(B), and 14(a) of the Exchange Act, and Exchange Act Rules 12b-20, 13a-1, 13a-13, and 14a-9; and

(b)   orders Defendant Corigliano to pay disgorgement of his unjust enrichment, plus partial payment of prejudgment interest thereon, by surrendering all assets of Defendant Corigliano and Relief Defendant Corigliano, as well as certain assets held in trusts for which Relief Defendant Scully serves as trustee, with the exception of specific exempted assets, to a Court-appointed Receiver, but partially waives payment of prejudgment interest on that disgorgement, based on representations in financial statements, and other documents and information, submitted to the Commission by Defendant Corigliano and Relief Defendant Corigliano.

3.   Defendant Corigliano and Relief Defendant Corigliano agree and undertake to transfer, within twenty business days of the entry of the Final Judgment, all their assets, except

2

3232

for specific exempted assets set forth below, to the Court-appointed Receiver as provided in the Final Judgment, as disgorgement of the unjust enrichment of Defendant Corigliano from his sales of the securities of CUC International, Inc. and Cendant Corporation, as alleged in the Amended Complaint, together with partial payment of prejudgment interest on that disgorgement. Said assets of Defendant Corigliano and Relief Defendant Corigliano shall include, but are not limited to: (i) the entire balance of any and all financial depository or brokerage institution accounts or investment funds in which Defendant Corigliano or Relief Defendant Corigliano holds any interest, whether legal or equitable, including, but not limited to, investment funds and checking, savings, money market, IRA, Keough, pension, or investment accounts (with the exception of certain trust account balances enumerated in Paragraph 6 below); (ii) any and all securities held by Defendant Corigliano or Relief Defendant Corigliano (whether individually or jointly), including, but not limited to, any equity securities or debt instruments of, or options, rights, or contracts for the purchase of securities of, CUC International, Inc. or Cendant Corporation; (iii) a 1985 Sabre sailboat; (iv) a 1965 Mercedes Benz automobile; (v) all interests of Defendant Corigliano and Relief Defendant Corigliano in Crystal Journey Candles LLC; and (vi) any other assets of a value of $1,000 or more in which Defendant Corigliano or Relief Defendant Corigliano had any direct or indirect legal or beneficial ownership interest as of March 31, 2004, other than those enumerated in Paragraph 6 below.

4.     Relief Defendant Scully agrees and undertakes to transfer, within twenty business days of the entry of the Final Judgment, (1) all funds held in trust in the Mary

3

-3233

Corigliano Trust Fund, for which Relief Defendant Scully serves as Trustee, less a balance of $100,000 (as determined as of the date of the transfer); (2) all funds held in trust in the David Corigliano Trust Fund, for which Relief Defendant Scully serves as Trustee, less a balance of $100,000 (as determined as of the date of the transfer); and (3) all funds held in trust in the Michael Corigliano Trust Fund, for which Relief Defendant Scully serves as Trustee, less a balance of $100,000 (as determined as of the date of the transfer), to the Court-appointed Receiver as provided in the Final Judgment.

5.      Defendant Corigliano and Relief Defendant Corigliano undertake and agree to prepare and submit to the Commission within forty business days of the entry of the Final Judgment an affidavit under oath containing a detailed accounting setting forth the following information, as of March 31, 2004:

>    (a) all securities, funds, or other assets, which other assets cost or are presently worth at least $1,000, of Defendant Corigliano and Relief Defendant Corigliano held in the name of Defendant Corigliano or Relief Defendant Corigliano, or for the direct or indirect beneficial interest of Defendant Corigliano or Relief Defendant Corigliano, stating the location and disposition of each such asset. With respect to any items of personal property, said accounting shall consist of a statement of the total value of said personal property and an itemization of any individual item of a value or cost of $1,000 or more;
>
>    (b) each account with any financial institution or brokerage firm maintained in the name of Defendant Corigliano or Relief Defendant Corigliano, or held for

4

3234

the direct or indirect beneficial interest of Defendant Corigliano or Relief Defendant Corigliano, or over which Defendant Corigliano or Relief Defendant Corigliano exercises or exercised control from January 1, 1996, to March 31, 2004; including, but not limited to, each account through which Defendant Corigliano or Relief Defendant Corigliano directed securities or other transactions at any time since January 1, 1996, or in which proceeds from such transactions were held;

(c) transactions and the disposition of proceeds of transactions conducted in each account identified in subsection (b) of this Paragraph; and

(d) all gifts, assignments, and other transfers of assets in amounts of $1,000 or more by Defendant Corigliano or Relief Defendant Corigliano at any time from January 1, 1996, to March 31, 2004.

6.       Defendant Corigliano and Relief Defendant Corigliano, and all entities under their control, undertake and agree to transfer forthwith or to provide any and all necessary documents to allow transfer of all assets described in Paragraph 3 above, less such sums as are necessary to satisfy any loans or other encumbrances on said assets or taxes due on the disposition of said assets, to the Receiver appointed by the Court pursuant to the Final Judgment.  Further, Defendant Corigliano and Relief Defendant Corigliano shall retain their interests in (i) their residence a **REDACTED** in Old Saybrook, Connecticut; (ii) all furnishings and personal property therein; (iii) the residence in Trumbull, Connecticut, occupied by Defendant Corigliano's parents; (iv) all furnishings and personal property therein; (v) one

5

one Lexus automobile; (vi) one 1993 Acura automobile; (vii) a balance of $100,000 in the Mary Corigliano Trust Fund, a balance of $100,000 in the Michael Corigliano Trust Fund, and a balance of $100,000 in the David Corigilano Trust Fund, provided however that any balances in any of those trust funds in excess of $100,000 (as determined as of the date of the transfer of the remaining funds of the trust) shall be transferred to the Receiver appointed by the Court pursuant to the Final Judgment.

7.    Defendant Corigliano and Relief Defendant Corigliano further undertake and agree that any assets which are derived from any assets legally or beneficially owned or possessed by them during the period from January 1, 1996, to and including the date the Final Judgment is entered, or from any assets which they obtained or controlled during this period, (other than those excluded by Paragraph 6 above), will be transferred to the Receiver (or, in the event that the receivership estate no longer exists, transferred directly to the Clerk of this Court), irrespective of when those derived assets are discovered or are realized.  Such derived assets shall include, but not be limited to, any tax refunds, whether federal, state, or local, received by Defendant Corigliano or Relief Defendant Corigliano for the calendar years 2000 through and including 2005.  In the event of any dispute as to current or past legal or beneficial ownership in such derived assets, Defendant Corigliano and Relief Defendant Corigliano undertake and agree that they shall bear the burden of proving the absence of such legal or beneficial ownership, that such derived assets were not legally or beneficially owned by or possessed by others acting as their nominees, and that the transfer of such derived assets by or through them was not done as a sham to conceal their true ownership.  If the Receiver or the

6

- -

- 3236

proof concerning such derived assets, then the parties agree that Defendant Corigliano and Relief Defendant Corigliano shall not be obligated to transfer such derived assets to the Receiver.

8.      Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully agree and consent to the appointment of a Receiver by the Court who shall have the rights, powers, and duties enumerated in the Final Judgment.  Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully agree to cooperate fully with the Receiver and to provide him with such testimony, documents, and powers of attorney as the Receiver may require to locate, account for, and transfer assets to the receivership estate.  Defendant Corigliano and Relief Defendant Corigliano specifically undertake and agree to waive any and all rights they may have under the laws of the United States or any other nation providing for the secrecy of their transactions with banks or other financial institutions and to provide all necessary letters, directions, and authorizations to facilitate and effectuate all inquiries and directions by the Receiver or the Commission to locate, account for, or transfer their assets.

9.      Defendant Corigliano and Relief Defendant Corigliano acknowledge that the Court is exempting certain assets from Defendant Corigliano's payment of prejudgment interest on his disgorgement, based on representations in financial statements, and other documents and information, submitted to the Commission by Defendant Corigliano and Relief Defendant Corigliano.  Defendant Corigliano and Relief Defendant Corigliano further consent that if at any time following the entry of the Final Judgment the Commission obtains information

7

- -

3237

Civil Litigation or representations to the Commission by Defendant Corigliano and Relief Defendant Corigliano concerning their assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant Corigliano or Relief Defendant Corigliano, petition the Court for an order requiring Defendant Corigliano to pay the unpaid portion of the prejudgment interest and postjudgment interest thereon. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant Corigliano and Relief Defendant Corigliano was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In any such petition, the Commission may move the Court to consider all available remedies, including but not limited to ordering Defendant Corigliano or Relief Defendant Corigliano to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of the Court's Final Judgment. The Commission may also request additional discovery. Defendant Corigliano or Relief Defendant Corigliano may not, by way of defense to such petition: (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the Amended Complaint; (3) assert that payment of prejudgment or postjudgment interest should not be ordered; (4) contest the amount of prejudgment or postjudgment interest; or (5) assert any defense to liability or remedy, including but not limited to any statute of limitations defense.

8

3238

10.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

11.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully waive the right, if any, to appeal from the entry of the Final Judgment.

12.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant Corigliano, Relief Defendant Corigliano, or Relief Defendant Scully to enter into this Consent.

13.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

14.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

15.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully of its terms and conditions. Defendant

9

3239

Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully further agree to provide counsel for the Commission, within thirty business days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that they have received and read a copy of the Final Judgment.

16.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully in this civil proceeding. Defendant Corigliano acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant Corigliano waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant Corigliano further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant Corigliano

10

3240

understands that he shall not be permitted to contest the factual allegations of the Amended Complaint in this action.

17.    Defendant Corigliano understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5.  In compliance with this policy, Defendant Corigliano agrees:  (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Amended Complaint or creating the impression that the Amended Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant Corigliano hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Amended Complaint.  If Defendant Corigliano breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant Corigliano's:  (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

18.    Defendant Corigliano hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant Corigliano to defend against this action.  For these purposes, Defendant Corigliano agrees that Defendant Corigliano is not the prevailing party in this action since the parties have reached a good faith settlement.

11

3241

43. Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

12

3242

20.     Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.


Dated:_____          _____
                                                    Cosmo Corigliano

        On April _____, 2004, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.


                                            _____
                                            Notary Public
                                            Commission expires:


Approved as to form:


_____
Gary P. Naftalis, Esq.
Kramer, Levin, Naftalis & Frankel
919 Third Avenue
New York, New York  10022
(212) 715-9100
Attorney for Defendant


13

3243

Dated:_____

                                    _____
                                      Agnes T. Corigliano

      On April _____, 2004, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

                                      _____
                                      Notary Public
                                      Commission expires:

Approved as to form:

_____
Dixie L. Johnson, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
1001 Pennsylvania Avenue, N.W.
     Suite 800,
Washington, D.C.  20004-2505
(202) 639-7000
Attorney for Relief Defendant Agnes T. Corigliano

14

3244

Dated:_____                    _____
                                               Mary Louise Scully


        On April _____, 2004, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.


                                    _____
                                    Notary Public
                                    Commission expires:

Approved as to form:



Liza M. Walsh, Esq.
Connell Foley LLP
85 Livingston Avenue
Roseland, NJ  07068
(973) 535-0500
Attorney for Relief Defendant Mary Louise Scully

15

3245

[DRAFT   04/09/2004   7:30 P.M.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SECURITIES AND EXCHANGE COMMISSION,                    :

              Plaintiff,                                    :

                    v.                                       :         00 Civ. No. 2873

COSMO CORIGLIANO, ANNE M. PEMBER,                      :
CASPER SABATINO, and KEVIN T. KEARNEY,                 :

              Defendants,                                   :

AGNES T. CORIGLIANO, CARLETON H.                       :
PEMBER IV, and MARY LOUISE SCULLY,                     :

             Relief Defendants.                             :

---

## FINAL JUDGMENT AS TO DEFENDANT COSMO CORIGLIANO, RELIEF DEFENDANT AGNES T. CORIGLIANO, AND RELIEF DEFENDANT MARY LOUISE SCULLY

The Securities and Exchange Commission ("Commission") having filed an Amended Complaint ("Amended Complaint"), and Defendant Cosmo Corigliano ("Defendant Corigliano"), Relief Defendant Agnes T. Corigliano ("Relief Defendant Corigliano"), and Relief Defendant Mary Louis Scully ("Relief Defendant Scully") each having entered a general appearance; consented to the Court's jurisdiction over him or her and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano

and his agents, servants, employees, attorneys, and all persons in active concert or participation

with them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933

[15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or

indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly,

Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)]

2

3247

and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

> (a)  to employ any device, scheme, or artifice to defraud;
>
> (b)  to make any untrue statement of a material fact or to omit to state a material fact
>
> necessary in order to make the statements made, in the light of the circumstances
>
> under which they were made, not misleading; or
>
> (c)  to engage in any act, practice, or course of business which operates or would
>
> operate as a fraud or deceit upon any person.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly,

Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)], by knowingly circumventing or

knowingly failing to implement a system of internal accounting controls or knowingly falsifying

any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C.

§ 78m(b)(2)].

3

3248

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1], by falsifying, or causing to be falsified, any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2], by, as a director or officer of an issuer, making or causing to be made a materially false or misleading statement, or omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with (i) any audit or examination of the financial statements of the issuer required to be made pursuant to the Exchange Act or (ii) the preparation or filing of any document or report required to be filed with the Commission.

4

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, .13a-1, and .13a-13] by knowingly providing substantial assistance to an issuer of a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] that fails to file such information and documents as the Commission requires to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], fails to file such annual reports and quarterly reports as the Commission prescribes, or fails to add to a statement or report required by the Commission such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by

5

3250

knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] that fails to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] that fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements and (b) to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the

6

3251

recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, aiding and abetting any violation of Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 promulgated thereunder [17 C.F.R. § 240.14a-9], by knowingly providing substantial assistance to an issuer that, by use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, makes any solicitation of any proxy, consent, or authorization in respect of any security (other than an exempted security) registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], by means of any proxy statement, form of proxy, notice of meeting, or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Corigliano is

3252

prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Corigliano, Relief Defendant Agnes T. Corigliano, and Relief Defendant Mary Louise Scully ("Consent") is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully shall comply with all of the undertakings and agreements set forth therein.

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and Relief Defendant Corigliano shall transfer, within twenty business days of the entry of this Final Judgment, to the care, custody, and control of the Receiver, as provided herein, all assets or other property of Defendant Corigliano or Relief Defendant Corigliano or in which Defendant Corigliano or Relief Defendant Corigliano have a legal or beneficial interest of any kind, except for those assets exempted in Paragraph XIV below. Said disgorged assets shall include, but are not limited to: (i) the entire balance of any and all financial depository or brokerage institution accounts or investment funds in which Defendant Corigliano or Relief Defendant Corigliano holds any interest, whether legal or equitable, including, but not limited to, investment funds and checking, savings, money market, IRA, Keough, pension, or investment accounts (with the

8

3253

exception of certain trust account balances enumerated in Paragraph XIV below); (ii) any and all securities held by Defendant Corigliano or Relief Defendant Corigliano (whether individually or jointly), including, but not limited to, any equity securities or debt instruments of, or options, rights, or contracts for the purchase of securities of, CUC International, Inc. or Cendant Corporation; (iii) a 1985 Sabre sailboat; (iv) a 1965 Mercedes Benz automobile; (v) all interests of Defendant Corigliano and Relief Defendant Corigliano in Crystal Journey Candles LLC; and (vi) any other assets of a value of $1,000 or more in which Defendant Corigliano or Relief Defendant Corigliano had any direct or indirect legal or beneficial ownership interest as of March 31, 2004, other than those exempted in Paragraph XIV below. The transfer of these assets, together with the transfer of trust funds set forth in Paragraph XIII below, shall constitute disgorgement of the unjust enrichment realized by Defendant Corigliano as a result of his sales of the securities of CUC International, Inc. and Cendant Corporation, as alleged in the Amended Complaint, together with partial payment of prejudgment interest on that disgorgement. No part of the receivership estate shall in any event be returned to Defendant Corigliano or Relief Defendant Corigliano or their successors, heirs, or assigns.

## XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Scully shall transfer, within twenty business days of the entry of this Final Judgment, to the care, custody, and control of the Receiver, as provided herein, (1) all funds held in trust in the Mary Corigliano Trust Fund, for which Relief Defendant Scully serves as Trustee, less a balance of $100,000 (as determined as of the date of the transfer); (2) all funds held in trust in the David

9

3254

Corigliano Trust Fund, for which Relief Defendant Scully serves as Trustee, less a balance of $100,000 (as determined as of the date of the transfer); and (3) all funds held in trust in the Michael Corigliano Trust Fund, for which Relief Defendant Scully serves as Trustee, less a balance of $100,000 (as determined as of the date of the transfer). The transferred funds shall become part of the receivership estate, and, accordingly, shall not in any event be returned to Defendant Corigliano or Relief Defendant Corigliano or their successors, heirs, or assigns.

## XIV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano, Relief Defendant Corigliano, Relief Defendant Scully, and entities under their control, shall transfer forthwith or provide any and all necessary documents to allow transfer of all assets ordered transferred pursuant to Paragraphs XII and XIII above, less such sums as are necessary to satisfy any loans or other encumbrances on said assets or taxes due on the disposition of said assets, to the Receiver. Further, Defendant Corigliano and Relief Defendant Corigliano shall retain their interests in (i) their residence at **REDACTED** in Old Saybrook, Connecticut; (ii) all furnishings and personal property therein; (iii) the residence in Trumbull, Connecticut, occupied by Defendant Corigliano's parents; (iv) all furnishings and personal property therein; (v) one 1996 Lexus automobile, (vi) one 1993 Acura automobile; (vii) a balance of $100,000 in the Mary Corigliano Trust Fund, a balance of $100,000 in the Michael Corigliano Trust Fund, and a balance of $100,000 in the David Corigilano Trust Fund, provided however that any balances in any of those trust funds in excess of $100,000 (as determined as of the date of

3255

the transfer of the remaining funds of the trust) shall be transferred to the Receiver appointed by the Court pursuant to this Final Judgment, as set forth in Paragraph XIII above.

## XV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and Relief Defendant Corigliano shall transfer to the Receiver (or, in the event that the receivership estate no longer exists, directly to the Clerk of this Court pursuant to the procedures set forth in Paragraph XVI.(3) below), any assets which are derived from any assets legally or beneficially owned or possessed by them during the period from January 1, 1996, to and including the date the Final Judgment is entered, or from any assets which they obtained or controlled during this period, (other than those excluded by Paragraph XIV above), irrespective of when those derived assets are discovered or are realized. Such derived assets shall include, but not be limited to, any tax refunds, whether federal, state, or local, received by Defendant Corigliano or Relief Defendant Corigliano for the calendar years 2000 through and including 2005. In the event of any dispute as to current or past legal or beneficial ownership in such derived assets, Defendant Corigliano and Relief Defendant Corigliano shall bear the burden of proving the absence of such legal or beneficial ownership, that such derived assets were not legally or beneficially owned by or possessed by others acting as their nominees, and that the transfer of such derived assets by or through them was not done as a sham to conceal their true ownership. If the Receiver or the Court find that Defendant Corigliano or Relief Defendant Corigliano have met their burden of proof concerning such derived assets, then the parties agree

11

3256

that Defendant Corigliano and Relief Defendant Corigliano shall not be obligated to transfer such derived assets to the Receiver.

XVI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

_____ is hereby appointed Receiver for the assets and estate of Defendant Corigliano and Relief Defendant Corigliano and shall:

(1) take into his custody, control, and possession all assets and property ordered transferred pursuant to Paragraphs XII and XIII above, including property held in names which Defendant Corigliano or Relief Defendant Corigliano have used or are using as business names or as aliases, except for assets exempted by Paragraph XIV herein;

(2) liquidate all assets in a manner which the Receiver finds, in his sole discretion, to be the most advantageous to the estate; provided, however, that the Receiver shall attempt to negotiate a reasonable sale of the interests of Defendant Corigliano and Relief Defendant Corigliano in, or the assets of, Crystal Journey Candles LLC to its present employees (with the exception of Defendant Corigliano, Relief Defendant Corigliano, and any relatives or agents of Defendant Corigliano or Relief Defendant Corigliano), prior to attempting to liquidate those interests or assets otherwise;

(3) pay to the Clerk of this Court all disgorged liquid assets, and all other disgorged assets as they are liquidated, with each such payment to be accompanied by a cover letter identifying Defendant Corigliano as a defendant in

12

3257

this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment. (The Receiver shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action. The Clerk shall deposit all such funds into an interest-bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval.);

(4) investigate and inquire into the location and disposition of and to account for all assets of Defendant Corigliano and Relief Defendant Corigliano, from January 1, 1996, to the date of this Order, and determine the accuracy of the accounting by Defendant Corigliano and Relief Defendant Corigliano ordered herein; and

(5) pursue such causes of action against third parties as the Receiver deems appropriate and in the interest the estate to recover the assets of Defendant Corigliano and Relief Defendant Corigliano.

13

3258

## XVII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that for the purpose of implementing and effectuating this Final Judgment, the Receiver shall have the following rights, duties, and responsibilities:

(1) he shall be entitled to be reimbursed for all reasonable costs, fees, and other expenses (including all such attorneys' fees as are incurred by his own partners and associates or any other attorney chosen by him) incurred by him in the performance of his duties and shall be further entitled to be compensated for his services at an hourly rate not to exceed $225 per hour, from the Fund; provided, however, that all such payments to him as fees, other expenses, or compensation shall first be approved by the Court, after submission to the Commission staff;

(2) the Receiver shall be entitled to rely on all outstanding rules of law and orders and shall not be liable to any person for his own good faith compliance with any order, rule, law, judgment, or decree, nor shall he be liable in any event for his compliance with the orders of this Court. The Receiver shall in no event be liable to Defendant Corigliano, Relief Defendant Corigliano, or Relief Defendant Scully for his good faith compliance with his duties and responsibilities under this Order, nor may he be held liable to any person for any action taken or omitted by him except upon a finding by this Court that the Receiver has acted or failed to act as a result of misfeasance, bad faith, gross negligence, or in reckless disregard of his duties; and

14

3259

(3) the Receiver may at any time be removed by the Court and replaced with a successor. In the event the Receiver decides to resign, he shall first give written notice to the parties and the Court of his intention, and his resignation shall not become effective until the Court has appointed a successor. The Receiver shall follow such instructions as his successor or the Court gives him in turning over custody and control of the property collected pursuant to this Order.

## XVIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for the purposes of implementing and effectuating this Final Judgment, and upon a finding that a stay of proceedings against the Receiver and the estate during the pendency of the receivership is necessary to effectuate this Order, all creditors or claimants and other persons and others acting on behalf of such creditor or claimant or other person, including sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys, BE, and the same hereby ARE, ENJOINED from:

(1) commencing, prosecuting, continuing or enforcing any suit or proceeding against the Receiver or the receivership estate, except that such actions may be filed to toll any statute of limitations;

(2) using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property owned by or in the possession of or to be transferred to the receivership estate or the Receiver, wheresoever situated;

15

3260

(3) attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate the due date of any lease, loan, mortgage, indebtedness, security agreement, or other agreement regarding property in the receivership estate or to be turned over to the receivership estate or in the possession of the Receiver; and

(4) doing any act or thing whatsoever to interfere with the taking control, possession, or management, by the Receiver appointed herein, of the property and assets owned, controlled, or in the possession of Defendant Corigliano or Relief Defendant Corigliano or in any way to interfere with or harass the Receiver, or to interfere in any manner with the exclusive jurisdiction of this Court over the receivership estate without the prior permission of this Court during the pending of the receivership estate.

## XIX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully shall cooperate in all respects with the efforts of the Receiver pursuant to this Order and shall give him all reasonable assistance, including such testimony, documents, powers of attorney, and assignments as the Receiver requires in order to carry out his duties detailed above.

## XX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that pending further order of this Court, Defendant Corigliano, Relief Defendant Corigliano, Relief Defendant Scully, and their nominees, agents, officers, employees, servants, successors, attorneys-in-fact, assigns,

3261

corporations or other entities under their control, and all persons in active concert or participation with them, BE, and hereby ARE, RESTRAINED AND ENJOINED from destroying, mutilating, concealing, altering, or disposing of any items, including, but not limited to any books, records, contracts, receipts, agreements, or other documents which relate to or pertain to or contain evidence of the accounting of Defendant Corigliano and Relief Defendant Corigliano ordered herein.

## XXI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and Relief Defendant Corigliano shall prepare and submit to the Commission within forty business days of the entry of the Final Judgment an affidavit under oath containing a detailed accounting setting forth the following information, as of March 31, 2004:

(a) all securities, funds or other assets, which other assets cost or are presently worth at least $1,000, of Defendant Corigliano or Relief Defendant Corigliano held in the name of Defendant Corigliano or of Relief Defendant Corigliano, or for Defendant Corigliano's or Relief Defendant Corigliano's direct or indirect beneficial interest, stating the location and disposition of each such asset. With respect to any items of personal property, said accounting shall consist of a statement of the total value of said personal property and an itemization of any individual item of a value or cost of $1,000 or more;

(b) each account with any financial institution or brokerage firm maintained in Defendant Corigliano's or Relief Defendant Corigliano's name, or held for

17

3262

Defendant Corigliano's or Relief Defendant Corigliano's direct or indirect beneficial interest or over which Defendant Corigliano or Relief Defendant Corigliano exercise or exercised control from January 1, 1996, to March 31, 2004, including, but not limited to, each account through which Defendant Corigliano or Relief Defendant Corigliano directed securities or other transactions at any time since January 1, 1996, or in which proceeds from such transactions were held;

(c) transactions and the disposition of proceeds of transactions conducted in each account identified in subsection (b) of this Paragraph; and

(d) all gifts, assignments, and other transfers of assets in amounts of $1,000 or more by Defendant Corigliano or Relief Defendant Corigliano at any time from January 1, 1996, to March 31, 2004.

## XXII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, based on financial statements, and other documents and information, submitted by Defendant Corigliano and Relief Defendant Corigliano to the Commission, the Court is not ordering Defendant Corigliano to pay all accrued prejudgment interest on the disgorgement ordered herein. The determination to waive partial payment of prejudgment interest is contingent upon the accuracy and completeness of the financial statements, and other documents and information, submitted to the Commission by Defendant Corigliano and Relief Defendant Corigliano. If at any time following the entry of this Final Judgment the Commission obtains information indicating that the representations to the Commission by Defendant Corigliano or Relief Defendant Corigliano

18

3263

concerning their assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant Corigliano or Relief Defendant Corigliano, petition the Court for an order requiring Defendant Corigliano to pay the unpaid portion of the prejudgment interest and postjudgment interest thereon. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant Corigliano and Relief Defendant Corigliano was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant Corigliano or Relief Defendant Corigliano to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant Corigliano or Relief Defendant Corigliano may not, by way of defense to such petition: (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the Amended Complaint filed by the Commission; (3) assert that payment of prejudgment and postjudgment interest should not be ordered; (4) contest the amount of prejudgment and postjudgment interest; or (5) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

## XXIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

19

- 3264

## XXIV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2004

_____
UNITED STATES DISTRICT JUDGE

3265

```
**********  **********
       FX REPORT      ***
*********************
```

TRANSMISSION OK

TX/RX NO                    0506
CONNECTION TEL        •
SUBADDRESS                         12127159238
CONNECTION ID
ST. TIME               KRAMER LEVIN
USAGE T                04/09 20:43
PGS. SENT              10'50
RESULT                     38
                       OK

# SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549



### CONFIDENTIALITY NOTE

THIS FACSIMILE MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE. IT IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU SHOULD BE AWARE THAT ANY DISSEMINATION. DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR. PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS BY MAIL. THANK YOU.

FROM: DAVID FROHLICH
Branch Chief
DIVISION OF ENFORCEMENT

Telephone Number:  (202) 942-4544
Telecopier Number:  (202) 942-9668

## PLEASE DELIVER THE FOLLOWING PAGES TO:

Name:  **Gary P. Naftalis, Esq.**

Company or Firm:  Kramer, Levin, Naftalis & Frankel

Date:  April 9, 2004

~~In the Matter of Cendant Corporation and Trading in Its Securities    HQ-2401~~

3266