recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, aiding and abetting any violation of Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 promulgated thereunder [17 C.F.R. § 240.14a-9], by knowingly providing substantial assistance to an issuer that, by use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, makes any solicitation of any proxy, consent, or authorization in respect of any security (other than an exempted security) registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*], by means of any proxy statement, form of proxy, notice of meeting, or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Corigliano is

3118

prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Corigliano, Relief Defendant Agnes T. Corigliano, and Relief Defendant Mary Louise Scully ("Consent") is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully shall comply with all of the undertakings and agreements set forth therein.

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and Relief Defendant Corigliano shall transfer, no later than sixty days from the entry of this Final Judgment, to the care, custody, and control of the Receiver, as provided herein, all assets or other property of Defendant Corigliano or Relief Defendant Corigliano or in which Defendant Corigliano or Relief Defendant Corigliano have a legal or beneficial interest of any kind, except for those assets exempted in Paragraph XIV below. Said disgorged assets shall include, but are not limited to: (i) the entire balance of any and all financial depository or brokerage institution accounts or investment funds in which Defendant Corigliano or Relief Defendant Corigliano holds any interest, whether legal or equitable, including, but not limited to, investment funds and checking, savings, money market, IRA, Keough, pension, or investment accounts (with the

3119

exception of certain trust account balances enumerated in Paragraph XIV below); (ii) any and all securities held by Defendant Corigliano or Relief Defendant Corigliano (whether individually or jointly), including, but not limited to, any equity securities or debt instruments of, or options, rights, or contracts for the purchase of securities of, CUC International Inc. or Cendant Corporation; (iii) a 1985 Sabre sailboat; (iv) a 1965 Mercedes Benz automobile; (v) all interests of Defendant Corigliano and Relief Defendant Corigliano in Crystal Journey Candles LLC; and (vi) any other assets of a value of $1,000 or more in which Defendant Corigliano or Relief Defendant Corigliano had any direct or indirect legal or beneficial ownership interest as of March 31, 2004, other than those exempted in Paragraph XIV below. The transfer of these assets, together with the transfer of trust funds set forth in Paragraph XIII below, shall constitute disgorgement of the unjust enrichment realized by Defendant Corigliano, as alleged in the Amended Complaint, together with partial payment of prejudgment interest on that disgorgement. No part of the receivership estate shall in any event be returned to Defendant Corigliano or Relief Defendant Corigliano or their successors, heirs, or assigns.

## XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Scully shall transfer, no later than sixty days from the entry of this Final Judgment, to the care, custody, and control of the Receiver, as provided herein, (1) all funds held in trust in the Mary Corigliano Trust Fund, for which Relief Defendant Scully serves as Trustee, less a balance of $100,000 (as determined as of the date of the transfer); (2) all funds held in trust in the David Corigliano Trust Fund, for which Relief Defendant Scully serves as Trustee, less a balance of

3120

$100,000 (as determined as of the date of the transfer); and (3) all funds held in trust in the Michael Corigliano Trust Fund, for which Relief Defendant Scully serves as Trustee, less a balance of $100,000 (as determined as of the date of the transfer). The transferred funds shall become part of the receivership estate, and, accordingly, shall not in any event be returned to Defendant Corigliano or Relief Defendant Corigliano or their successors, heirs, or assigns.

XIV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano, Relief Defendant Corigliano, Relief Defendant Scully, and entities under their control, shall transfer forthwith or provide any and all necessary documents to allow transfer of all assets ordered transferred pursuant to Paragraphs XII and XIII above, less such sums as are necessary to satisfy any loans or other encumbrances on said assets or taxes due on the disposition of said assets, to the Receiver. Further, Defendant Corigliano and Relief Defendant Corigliano shall retain their interests in (i) their residence at **REDACTED**, in Old Saybrook, Connecticut; (ii) all furnishings and personal property therein; (iii) the residence in Trumbull, Connecticut, occupied by Defendant Corigliano's parents; (iv) all furnishings and personal property therein; (v) one 1996 Lexus automobile, (vi) one 1993 Acura automobile; (vii) a balance of $100,000 in the Mary Corigliano Trust Fund, a balance of $100,000 in the Michael Corigliano Trust Fund, and a balance of $100,000 in the David Corigilano Trust Fund, provided however that any balances in any of those trust funds in excess of $100,000 (as determined as of the date of the transfer of the remaining funds of the trust) shall be transferred to the Receiver

10

3121

appointed by the Court pursuant to this Final Judgment, as set forth in Paragraph XIII above.

## XV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and Relief Defendant Corigliano shall transfer to the Receiver (or, in the event that the receivership estate no longer exists, directly to the Clerk of this Court pursuant to the procedures set forth in Paragraph XVI.(3) below), any assets which are derived from any assets legally or beneficially owned or possessed by them during the period from January 1, 1996, to and including the date the Final Judgment is entered, or from any assets which they obtained or controlled during this period, (other than those excluded by Paragraph XIV above), irrespective of when those derived assets are discovered or are realized. Provided, however, that any tax refunds, whether federal, state, or local, received by Defendant Corigliano or Relief Defendant Corigliano for the calendar years 2000 through and including 2004 shall be deemed to be such derived assets. In the event of any dispute as to current or past legal or beneficial ownership in such derived assets, Defendant Corigliano and Relief Defendant Corigliano shall bear the burden of proving the absence of such legal or beneficial ownership, that such derived assets were not legally or beneficially owned by or possessed by others acting as their nominees, and that the transfer of such derived assets by or through them was not done as a sham to conceal their true ownership. If the Receiver or the Court find that Defendant Corigliano or Relief Defendant Corigliano have met their burden of proof concerning such derived assets, then the parties agree

11

3122

that Defendant Corigliano and Relief Defendant Corigliano shall not be obligated to transfer such derived assets to the Receiver.

## XVI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

_____ is hereby appointed Receiver for the assets and estate of Defendant Corigliano and Relief Defendant Corigliano and shall:

(1) take into his custody, control, and possession all assets and property ordered transferred pursuant to Paragraphs XII and XIII above, including property held in names which Defendant Corigliano or Relief Defendant Corigliano have used or are using as business names or as aliases, except for assets exempted by Paragraph XIV herein;

(2) liquidate all assets in a manner which the Receiver finds, in his sole discretion, to be the most advantageous to the estate; provided, however, that the Receiver shall attempt to negotiate a reasonable sale of the interests of Defendant Corigliano and Relief Defendant Corigliano in, or the assets of, Crystal Journey Candles LLC to its present employees (with the exception of Defendant Corigliano, Relief Defendant Corigliano, and any relatives or agents of Defendant Corigliano or Relief Defendant Corigliano), prior to attempting to liquidate those interests or assets otherwise, and shall not sell such interests or assets without first affording those present employees an opportunity to match any bona fide third-party offer to buy those interests or assets; provided, moreover, that, in the event

12

3123

that those interests or assets are, in fact, sold or conveyed to those present

employees, Defendant Corigliano, Relief Defendant Corigliano, or their relatives

or agents shall in no event be allowed subsequently to buy back or repurchase the

assets of, obtain any interest in, or receive any future benefit from that business;

(3) pay to the Clerk of this Court all disgorged liquid assets, and all other

disgorged assets as they are liquidated, with each such payment to be

accompanied by a cover letter identifying Defendant Corigliano as a defendant in

this action, setting forth the title and civil action number of this action and the

name of this Court, and specifying that payment is made pursuant to this Final

Judgment. (The Receiver shall simultaneously transmit photocopies of each such

payment and letter to the Commission's counsel in this action. The Clerk shall

deposit all such funds into an interest-bearing account with the Court Registry

Investment System ("CRIS"). These funds, together with any interest and income

earned thereon (collectively, the "Fund"), shall be held by the CRIS until further

order of the Court. In accordance with the guidelines set by the Director of the

Administrative Office of the United States Courts, the Clerk is directed, without

further order of this Court, to deduct from the income earned on the money in the

Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall

not exceed that authorized by the Judicial Conference of the United States. The

Commission may propose a plan to distribute the Fund subject to the Court's

approval.);

3124

(4) investigate and inquire into the location and disposition of and to account for all assets of Defendant Corigliano and Relief Defendant Corigliano, from January 1, 1996, to the date of this Order; and determine the accuracy of the accounting by Defendant Corigliano and Relief Defendant Corigliano ordered herein; and

(5) pursue such causes of action against third parties as the Receiver deems appropriate and in the interest the estate to recover the assets of Defendant Corigliano and Relief Defendant Corigliano.

## XVII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that for the purpose of implementing and effectuating this Final Judgment, the Receiver shall have the following rights, duties, and responsibilities:

(1) he shall be entitled to be reimbursed for all reasonable costs, fees, and other expenses (including all such attorneys' fees as are incurred by his own partners and associates or any other attorney chosen by him) incurred by him in the performance of his duties and shall be further entitled to be compensated for his services at an hourly rate not to exceed $225 per hour, from the Fund; provided, however, that all such payments to him as fees, other expenses, or compensation shall first be approved by the Court, after submission to the Commission staff;

(2) the Receiver shall be entitled to rely on all outstanding rules of law and orders and shall not be liable to any person for his own good faith compliance with any

14

3125

order, rule, law, judgment, or decree, nor shall he be liable in any event for his compliance with the orders of this Court. The Receiver shall in no event be liable to Defendant Corigliano, Relief Defendant Corigliano, or Relief Defendant Scully for his good faith compliance with his duties and responsibilities under this Order, nor may he be held liable to any person for any action taken or omitted by him except upon a finding by this Court that the Receiver has acted or failed to act as a result of misfeasance, bad faith, gross negligence, or in reckless disregard of his duties; and

(3) the Receiver may at any time be removed by the Court and replaced with a successor. In the event the Receiver decides to resign, he shall first give written notice to the parties and the Court of his intention, and his resignation shall not become effective until the Court has appointed a successor. The Receiver shall follow such instructions as his successor or the Court gives him in turning over custody and control of the property collected pursuant to this Order.

## XVIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for the purposes of implementing and effectuating this Final Judgment, and upon a finding that a stay of proceedings against the Receiver and the estate during the pendency of the receivership is necessary to effectuate this Order, all creditors or claimants and other persons and others acting on behalf of such creditor or claimant or other person, including sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys, BE, and the same hereby ARE, ENJOINED from:

15

3126

(1) commencing, prosecuting, continuing or enforcing any suit or proceeding against the Receiver or the receivership estate, except that such actions may be filed to toll any statute of limitations;

(2) using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property owned by or in the possession of or to be transferred to the receivership estate or the Receiver, wheresoever situated;

(3) attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate the due date of any lease, loan, mortgage, indebtedness, security agreement, or other agreement regarding property in the receivership estate or to be turned over to the receivership estate or in the possession of the Receiver; and

(4) doing any act or thing whatsoever to interfere with the taking control, possession, or management, by the Receiver appointed herein, of the property and assets owned, controlled, or in the possession of Defendant Corigliano or Relief Defendant Corigliano or in any way to interfere with or harass the Receiver, or to interfere in any manner with the exclusive jurisdiction of this Court over the receivership estate without the prior permission of this Court during the pending of the receivership estate.

3127

XIX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Corigliano,

Relief Defendant Corigliano, and Relief Defendant Scully shall cooperate in all respects with the

efforts of the Receiver pursuant to this Order and shall give him all reasonable assistance,

including such testimony, documents, powers of attorney, and assignments as the Receiver

requires in order to carry out his duties detailed above.

XX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that pending further order

of this Court, Defendant Corigliano, Relief Defendant Corigliano, Relief Defendant Scully, and

their nominees, agents, officers, employees, servants, successors, attorneys-in-fact, assigns,

corporations or other entities under their control, shall preserve and maintain all items, including,

but not limited to all books, records, contracts, receipts, agreements, or other documents, which

relate to, pertain to, or contain evidence of the accounting of Defendant Corigliano and Relief

Defendant Corigliano ordered herein.

XXI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

Corigliano and Relief Defendant Corigliano shall prepare and submit to the Commission no later

than one hundred and twenty days from the entry of the Final Judgment an affidavit under oath

containing a detailed accounting setting forth the following information, as of March 31, 2004:

      (a) all securities, funds or other assets, which other assets cost or are presently

      worth at least $5,000, of Defendant Corigliano or Relief Defendant Corigliano

17

3128

held in the name of Defendant Corigliano or of Relief Defendant Corigliano, or for Defendant Corigliano's or Relief Defendant Corigliano's direct or indirect beneficial interest, stating the location and disposition of each such asset. With respect to any items of personal property, said accounting shall consist of a statement of the total value of said personal property and an itemization of any individual item of a value or cost of $5,000 or more;

(b) each account with any financial institution or brokerage firm maintained in Defendant Corigliano's or Relief Defendant Corigliano's name, or held for Defendant Corigliano's or Relief Defendant Corigliano's direct or indirect beneficial interest or over which Defendant Corigliano or Relief Defendant Corigliano exercise or exercised control from January 1, 1996, to March 31, 2004, including, but not limited to, each account through which Defendant Corigliano or Relief Defendant Corigliano directed securities or other transactions at any time since January 1, 1996, or in which proceeds from such transactions were held;

(c) all transactions in amounts of $5,000 or more conducted in each account identified in subsection (b) of this Paragraph, and the disposition of proceeds of those transactions; and

(d) all gifts, assignments, and other transfers of assets in amounts of $5,000 or more by Defendant Corigliano or Relief Defendant Corigliano at any time from January 1, 1996, to March 31, 2004.

18

XXII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, based on

financial statements, and other documents and information, submitted by Defendant Corigliano

and Relief Defendant Corigliano to the Commission, the Court is not ordering Defendant

Corigliano to pay all accrued prejudgment interest on the disgorgement ordered herein. The

determination to waive partial payment of prejudgment interest is contingent upon the accuracy

and completeness of the financial statements, and other documents and information, submitted to

the Commission by Defendant Corigliano and Relief Defendant Corigliano. If at any time

following the entry of this Final Judgment the Commission obtains information indicating that

the representations to the Commission by Defendant Corigliano or Relief Defendant Corigliano

concerning their assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate,

or incomplete in any material respect as of the time such representations were made, the

Commission may, at its sole discretion and without prior notice to Defendant Corigliano or

Relief Defendant Corigliano, petition the Court for an order requiring Defendant Corigliano to

pay the unpaid portion of the prejudgment interest and postjudgment interest thereon. In

connection with any such petition, the only issue shall be whether the financial information

provided by Defendant Corigliano and Relief Defendant Corigliano was fraudulent, misleading,

inaccurate, or incomplete in any material respect as of the time such representations were made.

In its petition, the Commission may move this Court to consider all available remedies,

including, but not limited to, ordering Defendant Corigliano or Relief Defendant Corigliano to

pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final

Judgment. The Commission may also request additional discovery. Defendant Corigliano or

19

3130

Relief Defendant Corigliano may not, by way of defense to such petition: (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the Amended Complaint filed by the Commission; (3) assert that payment of prejudgment and postjudgment interest should not be ordered; (4) contest the amount of prejudgment and postjudgment interest; or (5) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

## XXIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XXIV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2004

_____
UNITED STATES DISTRICT JUDGE

20

3131

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

ADMINISTRATIVE PROCEEDING
File No.

|  |  |  |
|---|---|---|
| In the Matter of | : | |
| | : | |
| COSMO CORIGLIANO, CPA, | : | OFFER OF SETTLEMENT |
| | : | OF COSMO CORIGLIANO |
| Respondent. | : | |
| | : | |

## I.

Cosmo Corigliano ("Corigliano" or "Respondent"), pursuant to Rule 240(a) of the Rules of Practice of the Securities and Exchange Commission ("Commission") [17 C.F.R. § 201.240(a)] submits this Offer of Settlement ("Offer") in anticipation of public administrative proceedings to be instituted against him by the Commission, pursuant to Rule 102(e)(3) of the Commission's Rules of Practice.[1]

## II.

This Offer is submitted solely for the purpose of settling these proceedings, with the express understanding that it will not be used in any way in these or any other proceedings, unless the Offer is accepted by the Commission. If the Offer is not accepted by the Commission, the Offer is withdrawn without prejudice to Respondent and shall not become a part of the record in these or any other proceedings, except for the waiver expressed in Section V. with respect to Rule 240(c)(5) of the Commission's Rules of Practice [17 C.F.R. § 201.240(c)(5)].

---

[1] Rule 102(e)(3)(i) provides, in relevant part, that:

The Commission, with due regard to the public interest and without preliminary hearing, may, by order, . . . suspend from appearing or practicing before it any . . . accountant . . . who has been by name . . . [p]ermanently enjoined by any court of competent jurisdiction, by reason of his or her misconduct in an action brought by the Commission, from violating or aiding and abetting the violation of any provision of the Federal securities laws or of the rules and regulations thereunder.

## III.

On the basis of the foregoing, the Respondent hereby:

A.     Admits the jurisdiction of the Commission over him and over the matters set forth in the Order Instituting Public Administrative Proceedings Pursuant to Rule 102(e) of the Commission's Rules of Practice, Making Findings, and Imposing Remedial Sanctions ("Order");

B.     Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission or in which the Commission is a party, and without admitting or denying the findings contained in the Order, except with respect to the findings contained in paragraph 4 below, which are admitted, consents to the entry of an Order by the Commission containing the following findings and remedial sanctions set forth below:

1.     Corigliano, age 44, is and has been a certified public accountant licensed to practice in the State of Connecticut. He served as Controller of CUC International Inc. ("CUC") from 1983 to 1995 and as its Chief Financial Officer from 1995 until the December 1997 merger of CUC and HFS Incorporated ("HFS"), which formed Cendant Corporation ("Cendant"). After the merger, he was an officer of Cendant Membership Services, the post-merger name for the former CUC business units, until his resignation from Cendant in April 1998.

2.     CUC was a Delaware corporation with its principal offices in Stamford, Connecticut. CUC was principally engaged in membership-based consumer services, such as auto, dining, shopping, and travel "clubs." Its securities were registered pursuant to Section 12(b) of the Securities Exchange Act of 1934 ("Exchange Act") and traded on the New York Stock Exchange ("NYSE").

3.     Cendant is a Delaware corporation with its principal offices in New York City. Cendant was created through the December 17, 1997, merger of HFS and CUC. Pursuant to the Agreement and Plan of Merger between CUC and HFS, HFS was merged with and into CUC, with CUC continuing as the surviving corporation and changing its name to Cendant Corporation. Cendant provides membership-based and Internet-related consumer services and owns the rights to franchise brand names in the hotel, residential real estate brokerage, car rental, and tax preparation businesses. Cendant's common stock and certain other securities issued by Cendant are registered pursuant to Section 12(b) of the Exchange Act and trade on the NYSE. Certain additional securities issued by Cendant are registered pursuant to Section 12(g) of the Exchange Act.

4.     On April    , 2004, a final judgment was entered against Corigliano, permanently enjoining him from future violations of Section 17(a) of the Securities Act of 1933, Sections 10(b) and 13(b)(5) of the Exchange Act, and Exchange Act Rules 10b-5, 13b2-1, and 13b2-2, and aiding and abetting violations of Sections 13(a), 13(b)(2)(A), 13(b)(2)(B), and 14(a)

2

3133

of the Exchange Act, and Exchange Act Rules 12b-20, 13a-1, 13a-13, and 14a-9, in the civil action entitled <u>Securities and Exchange Commission v. Cosmo Corigliano et. al</u>, Civil Action Number 00 Civ. No. 2873, in the United States District Court for the District of New Jersey.

5.     The Commission's complaint alleged, among other things, that Corigliano, as Controller of CUC, assisted senior CUC officers who initiated a long-running financial reporting fraud and, later, as CUC's Chief Financial Officer, proceeded to orchestrate and refine the fraud. The complaint further alleges that, as Chief Financial Officer, Corigliano was the CUC officer responsible for creating and maintaining a schedule that CUC officers used to track their fraudulent scheme during the course of each fiscal year. He was responsible for keeping more senior CUC officers apprised about the progress of the scheme. While Chief Financial Officer, Corigliano directed CUC mid-level financial reporting managers to make unsupported quarterly top-side adjustments to CUC's earnings as reported in its quarterly Reports on Form 10-Q filed with the Commission. He also instructed less senior CUC managers to make unsupported journal entries effectuating year-end adjustments that improperly inflated CUC's operating income and earnings as reported in its annual Reports on Form 10-K as filed with the Commission. The complaint further alleges that, while engaged in these activities, Corigliano signed CUC's periodic reports filed with the Commission and made materially false statements to CUC's auditors.

IV.

On the basis of the foregoing, Respondent hereby consents to the entry of an Order by the Commission imposing the following remedial sanctions:

Corigliano is suspended from appearing or practicing before the Commission as an accountant.

V.

By submitting this Offer, Respondent hereby acknowledges his waiver of those rights specified in Rule 240(c)(4) and (5) [17 C.F.R. § 201.240(c)(4) and (5)] of the Commission's Rules of Practice. Respondent also hereby waives service of the Order. Respondent agrees that the order takes effect upon entry.

VI.

Respondent understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings" (17 C.F.R. § 202.5(e)). In compliance with this policy, Respondent agrees:  (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any finding in the Order or

3

creating the impression that the Order is without factual basis; and (ii) that upon the filing of this Offer, Respondent hereby withdraws any papers previously filed in this proceeding to the extent that they deny, directly or indirectly, any finding in the Order. If Respondent breaches this agreement, the Division of Enforcement may petition the Commission to vacate the Order and restore this proceeding to its active docket. Nothing in this provision affects Respondent's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

VII.

Consistent with the provisions of 17 C.F.R. § 202.5(f), Respondent waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

VIII.

Respondent hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Respondent to defend against this action. For these purposes, Respondent agrees that Respondent is not the prevailing party in this action since the parties have reached a good faith settlement.

3135

## IX.

Respondent states that he has read and understands the foregoing Offer, that this Offer is made voluntarily, and that no promises, offers, threats, or inducements of any kind or nature whatsoever have been made by the Commission or any member, officer, employee, agent, or representative of the Commission in consideration of this Offer or otherwise to induce him to submit to this Offer.


_____ Day of April, 2004                            _____
                                                              Cosmo Corigliano

**STATE OF**                                }
                                                   } SS:
**COUNTY OF**                          }


The foregoing instrument was acknowledged before me this __ day of April, 2004, by COSMO CORIGLIANO, who ___ is personally known to me or ___ who has produced a _____ driver's license as identification and who did take an oath.

_____
Notary Public
State of
Commission Number        :
Commission Expiration      :            _____

5

3136

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

SECURITIES ACT OF 1933
Release No.

SECURITIES EXCHANGE ACT OF 1934
Release No.

ACCOUNTING AND AUDITING ENFORCEMENT
Release No.

ADMINISTRATIVE PROCEEDING
File No.

| | | |
|---|---|---|
| In the Matter of | : | ORDER INSTITUTING ADMINISTRATIVE |
| | : | PROCEEDINGS PURSUANT TO RULE |
| COSMO CORIGLIANO, CPA, | : | 102(e) OF THE COMMISSION'S RULES OF |
| | : | PRACTICE, MAKING FINDINGS, AND |
| Respondent. | : | IMPOSING REMEDIAL SANCTIONS |
| | : | |
| | : | |

I.

The Securities and Exchange Commission ("Commission") deems it appropriate and in the public interest that public administrative proceedings be, and hereby are, instituted against Cosmo Corigliano ("Respondent" or "Corigliano") pursuant to Rule 102(e)(3)(i) of the Commission's Rules of Practice.[1]

---

[1] Rule 102(e)(3)(i) provides, in relevant part, that:

The Commission, with due regard to the public interest and without preliminary hearing, may, by order, . . . suspend from appearing or practicing before it any . . . accountant . . . who has been by name . . . [p]ermanently enjoined by any court of competent jurisdiction, by reason of his or her misconduct in an action brought by the Commission, from violating or aiding and abetting the violation of any provision of the Federal securities laws or of the rules and regulations thereunder.

II.

In anticipation of the institution of these proceedings, Respondent has submitted an Offer of Settlement (the "Offer") which the Commission has determined to accept. Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over him and the subject matter of these proceedings, and the findings contained in Section III.4. below, which are admitted, Respondent consents to the entry of this Order Instituting Administrative Proceedings Pursuant to Rule 102(e) of the Commission's Rules of Practice, Making Findings, and Imposing Remedial Sanctions ("Order"), as set forth below.

III.

On the basis of this Order and Respondent's Offer, the Commission finds that:

1.      Corigliano, age 44, is and has been a certified public accountant licensed to practice in the State of Connecticut. He served as Controller of CUC International Inc. ("CUC") from 1983 to 1995 and as its Chief Financial Officer from 1995 until the December 1997 merger of CUC and HFS Incorporated ("HFS"), which formed Cendant Corporation ("Cendant"). After the merger, he was an officer of Cendant Membership Services, the post-merger name for the former CUC business units, until his resignation from Cendant in April 1998.

2.      CUC was a Delaware corporation with its principal offices in Stamford, Connecticut. CUC was principally engaged in membership-based consumer services, such as auto, dining, shopping, and travel "clubs." Its securities were registered pursuant to Section 12(b) of the Securities Exchange Act of 1934 ("Exchange Act") and traded on the New York Stock Exchange ("NYSE").

3.      Cendant is a Delaware corporation with its principal offices in New York City. Cendant was created through the December 17, 1997, merger of HFS and CUC. Pursuant to the Agreement and Plan of Merger between CUC and HFS, HFS was merged with and into CUC, with CUC continuing as the surviving corporation and changing its name to Cendant Corporation. Cendant provides membership-based and Internet-related consumer services and owns the rights to franchise brand names in the hotel, residential real estate brokerage, car rental, and tax preparation businesses. Cendant's common stock and certain other securities issued by Cendant are registered pursuant to Section 12(b) of the Exchange Act and trade on the NYSE. Certain additional securities issued by Cendant are registered pursuant to Section 12(g) of the Exchange Act.

4.      On April    , 2004, a final judgment was entered against Corigliano, permanently enjoining him from future violations of Section 17(a) of the Securities Act of 1933, Sections 10(b) and 13(b)(5) of the Exchange Act, and Exchange Act Rules 10b-5, 13b2-1, and 13b2-2, and aiding and abetting violations of Sections 13(a), 13(b)(2)(A), 13(b)(2)(B), and 14(a) of the Exchange Act, and Exchange Act Rules 12b-20, 13a-1, 13a-13, and 14a-9, in the civil action

2

entitled <u>Securities and Exchange Commission v. Cosmo Corigliano et. al</u>, Civil Action Number 00 Civ. No. 2873, in the United States District Court for the District of New Jersey.

5.     The Commission's complaint alleged, among other things, that Corigliano, as Controller of CUC, assisted senior CUC officers who initiated a long-running financial reporting fraud and, later, as CUC's Chief Financial Officer, proceeded to orchestrate and refine the fraud. The complaint further alleges that, as Chief Financial Officer, Corigliano was the CUC officer responsible for creating and maintaining a schedule that CUC officers used to track their fraudulent scheme during the course of each fiscal year. He was responsible for keeping more senior CUC officers apprised about the progress of the scheme. While Chief Financial Officer, Corigliano directed CUC mid-level financial reporting managers to make unsupported quarterly top-side adjustments to CUC's earnings as reported in its quarterly Reports on Form 10-Q filed with the Commission. He also instructed less senior CUC managers to make unsupported journal entries effectuating year-end adjustments that improperly inflated CUC's operating income and earnings as reported in its annual Reports on Form 10-K as filed with the Commission. The complaint further alleges that, while engaged in these activities, Corigliano signed CUC's periodic reports filed with the Commission and made materially false statements to CUC's auditors.

IV.

In view of the foregoing, the Commission deems it appropriate and in the public interest to impose the sanction agreed to in Respondent Corigliano's Offer.

Accordingly, it is hereby ORDERED, effective immediately, that:

Corigliano is suspended from appearing or practicing before the Commission as an accountant.

By the Commission.

Jonathan G. Katz
Secretary

3

- 3139