# EXHIBIT B-P

LAW OFFICES OF DIANE K. WEEKS, ESQ.
12 WEST MAIN STREET
MENDHAM, NJ 07945
973-543-5250 AND 5255 FAX
WEEKSLAW@VERIZON.NET AND
DKGWEEKS@ATT.NET

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Alan R. Friedman, Esq. | Diane K. Weeks, Esq. |
| Audrey Strauss, Esq. | Neil S. Cartusciello, Esq. |

| CC: | DATE: |
|---|---|
| File | Tuesday, June 15, 2004 |

| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| 212-715-8000 | 4 |
| 212-859-8584 | |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|
| 212-715-9300 | Corigliano |
| 212-859-8544 | |

| RE: | YOUR REFERENCE NUMBER: |
|---|---|
| Request for Information | |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

NSC 0115

*Diane K. Weeks, Esq.*
*A Member of the New York and New Jersey Bars*
12 West Main Street, First Floor
Mendham, NJ 07945

973-543-5250 and 973-543-5255 Fax
973-476-7518 Cell
dkgweeks@att.net and weekslaw@verizon.net

June 15, 2004

RE: United States Securities and Exchange Commission v. Corigliano, et al. 00 Civ. 2873

VIA FACSIMILE AND EMAIL

Alan R. Friedman, Esq.                     Audrey Strauss, Esq.
Kramer Levin Naftalis & Frankel, LLP       Fried Frank Shriver Harris & Jacobsen
919 Third Avenue                           LLP
New York, NY 10022-3852                    One New York Plaza
                                           New York, NY 10004

Dear Mr. Friedman and Ms. Strauss:

**SUBJECT: CLIENTS' COMPLIANCE WITH FINAL JUDGMENT AND ORDER ENTERED MAY 7, 2004**

Pursuant to the Final Judgment against Defendant Cosmo Corigliano ("Cosmo"), Relief Defendant Agnes T. ("Terry") Corigliano and Relief Defendant Mary Louise Scully, I hereby request the following documents or information from your clients:

    a)    For all financial depositary or brokerage accounts listed at ¶XII(i) of the Order, all monthly account statements, account opening forms, signature cards, deposit and withdrawal slips for the period 1996 to the date of the Order;

    b)    For all securities[1] set forth on the Quarterly Report to the United States Securities and Exchange Commission, dated as of March 31,

---

[1]    If you are providing the requested information for these securities, in whole or in part, in response to (a), then please so note. You need not provide the information or documents twice.

NSC 0116

2004, (i) the situs of the securities, (ii) their transaction history since purchase or 1996, whichever is later, (iii) their monthly valuations since 1996, and (iv) their most recent valuations;

c)   With respect to the 1985 Sabre sailboat, (i) the slip or other location where it is housed, (ii) the most current appraisal as well as identifying information about the person who performed the appraisal, (iii) the name, address, telephone and fax number, and email address (if available) of the person or dock with possession, custody or control of the boat; and

d)   With respect to the 1965 Mercedes automobile, (i) the location where it is housed, (ii) the most current appraisal as well as the identifying information about the person who performed the appraisal, (iii) the name, address, telephone and fax number, and email address (if available) of the person with possession, custody or control of the automobile.

e)   A list of all assets with a value of $1,000 or more to be forfeited as required under ¶XII(vi) of the Order;

f)   A descriptive list of all assets with a value of $1,000 or more which have been transferred (other than for fair market value of goods or services) since 1996;

g)   A descriptive list of the goods or services having a fair market value of $1,000 or more which have been purchased or used since 1996;

h)   The transactional documents for the purchase by the Defendant Cosmo and/or the Relief Defendant Terry of Crystal Journey Candles LLC, including the source of funds; and

i)   Since the later of 1996 or purchase, the General Ledger for each year, all financial statements, all valuations, and the account opening forms, monthly account statements, debits and credits for all checking, savings, money market or other accounts for the period, held by, or in the name of, or for the benefit (whether sole or partial) of Crystal Journey Candles LLC.

Please provide *as soon as possible* information or documents with respect to (a)-(e), *supra*, and provide the other information or documents within one week of receipt of this letter.

Thank you for your cooperation.

I look forward to reviewing your response.

NSC 0117

Corigliano Counsels' Letter                – 3 –                                    June 15, 2004

Please call me when you are going to send the documents or information.

Very truly yours,

*Diane K. Weeks*

Diane K. Weeks, Esq.
Law Office of Diane K. Weeks

/dkgw


cc: Neil S. Cartusciello, Esq.
     File

NSC 0118

HP OfficeJet
Personal Printer/Fax/Copier

**Fax Log Report** for
Diane K. Weeks, Esq.
973 543 5255
Jun-15-04    16:01

| Identification | Result | Pages | Type | Date | Time | Duration | Diagnostic |
|---|---|---|---|---|---|---|---|
| 12128598584 | OK | 04 | Sent | Jun-15 | 16:00 | 00:01:29 | 002586030022 |

1.20    2.0

NSC 0119

**HP OfficeJet**
Personal Printer/Fax/Copier

**Fax Log Report** for
Diane K. Weeks, Esq.
973 543 5255
Jun-15-04    15:58

| Identification | Result | Pages | Type | Date | Time | Duration | Diagnostic |
|---|---|---|---|---|---|---|---|
| 12127158000 | OK | 04 | Sent | Jun-15 | 15:56 | 00:01:28 | 002486030022 |

1.2.0    2.8

NSC 0120

# EXHIBIT B-Q

KRAMER LEVIN NAFTALIS & FRANKEL LLP

919 THIRD AVENUE

NEW YORK, NY 10022 - 3852

ERIC A. TIRSCHWELL
SPECIAL COUNSEL
*TEL*  212-715-8404
*FAX*  212-715-8000
etirschwell@kramerlevin.com

PARIS
47, AVENUE HOCHE 75008
*TEL* (33-1) 44 09 46 00
*FAX* (33-1) 44 09 46 01

June 23, 2004

BY FEDERAL EXPRESS

Neil S. Cartusciello, Esq.
12 West Main Street
Mendham, NJ  07945

Diane K. Weeks, Esq.
Law Offices of Diane K. Weeks
12 West Main Street, First Floor
Mendham, NJ  07945

Re:     SEC v. Cosmo Corigliano, et al, 00-CV-2873

Dear Mr. Cartusciello and Ms. Weeks:

Following up on Gary's phone conversations with Mr. Cartusciello and the letter request from Ms. Weeks dated June 15, 2004, and pursuant to the Final Judgment in the above-captioned matter, I am forwarding copies of the following documents:

1.  The most recent account statement for each of the cash and securities accounts listed on the Quarterly Statement of Assets as of March 31, 2004.  Each such account statement has been placed in a numbered folder, labeled to correspond to the entries on the Quarterly Statement attached hereto (note that several of the entries on the Quarterly Statement reflect the combined assets of multiple accounts).

2.  The trust documents for each of the three trust fund accounts.  We understand there are no amendments (folder 19).

3.  As to Crystal Journey Candles LLC:

NSC 0411

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Cartusciello, Esq.
Weeks, Esq.
June 23, 2004
Page 3

        A.     A full set of closing documents from June 1999 (folder 28).

        B.     Copies of 2004 account statements for the following company accounts:

        i.     Operating account (folder 15).
        ii.     Payroll account (folder 16).
        iii.     Store account (folder 17).
        iv.     Interest Bearing account (folder 18).
        v.     American Express #1 (folder 20).
        vi.     American Express #2 (folder 21).
        vi.     Merchant account #1 (folder 22).
        vii.     Merchant account #2 (folder 23).
        viii.     Merchant account #3 (folder 24).
        ix.     Merchant account #5 (folder 25).

        C.     A disk with a Quickbooks Pro 2002 backup file of the company's financial database as of June 17, 2004 (to follow tomorrow).

     With respect to the other assets listed on the Quarterly Statement that are to be turned over to the Receiver:

     4.     The Mercedes automobile is at Mr. Corigliano's residence.  The title can be turned over as directed.

     5.     The sailboat is a Sabre 36, with the name "Mainstay," dry docked at Chester Marina, 61 Railroad Ave., Chester, Connecticut, tel: 860-526-2227.  We would appreciate advance notice when you are ready to contact the marina so that we can alert them to the situation.

     6.     I believe Alan Friedman has already sent copies of the relevant options agreements.

     After you have had an opportunity to review these materials, please contact Gary Naftalis, Alan Friedman, or me to discuss the process for turning over the above-referenced assets.  Among other things, we will need to know whether and when you want us to cause the liquidation of the equity accounts, as well as how you envision the turnover of the candle company.

     In the meantime, if you have any questions, do not hesitate to contact any of us.

KL3 2585362

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Neil S. Cartusciello, Esq.
Diane K. Weeks, Esq.
June 23, 2004
Page 2

Very truly yours,

Eric A. Tirschwell

cc:   Audrey Strauss, Esq. (w/o enclosures)

Frank Arleo, Esq. (w/o enclosures)

KL2-2345300.2

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Cartusciello, Esq.
K. Weeks, Esq.
June 23, 2004
Page 4

### Assets as of March 31, 2004

|  | Folder Number(s) |
|---|---|
| **Cash** | |
| People's Bank Jt. Checking Acct. No. 1 | 27 |
| People's Bank Jt. Checking Acct. No. 2 | 26 |
| People's Bank Jt. Savings Acct. | 26, 27 |
| People's Bank Spouse Checking Acct. | ($0 balance) |
| Smith Barney Money Market | 7 |
| | |
| **Securities** | |
| Fidelity CT Muni Fund (Joint) | 14 |
| Smith Barney Inv. Fund | 2-5 |
| Cendant Stock | 7 |
| | |
| Vanguard Tax Exempt Investment Funds (Spouse) | 12 |
| | |
| J. Rowe Price Tax Exempt Investment Funds (3 accts. - Spouse) | 13 |
| Fidelity Tax Exempt Investment Funds (2 accts — Spouse.) | 14 |
| Merrill Lynch Equity and Investment Accounts. (Spouse) | 11 |
| | |
| Smith Barney IRA | 6 |
| | |
| Mary Corigliano Trust Fund | 9 |
| Michael Corigliano Trust Fund | 10 |
| David Corigliano Trust Fund | 8 |

KL3 2303396 2

# EXHIBIT B-R

LAW OFFICES OF DIANE K. WEEKS, ESQ.

12 WEST MAIN STREET

MENDHAM, NJ 07945

973-543-5250 AND 5255 FAX

WEEKSLAW@VERIZON.NET AND
DKGWEEKS@ATT.NET

---

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Alan R. Friedman, Esq. | Diane K. Weeks, Esq. |
| Audrey Strauss, Esq. | Neil S. Cartusciello, Esq. |

| CC: | DATE: |
|---|---|
| File | Friday, July 02, 2004 |

| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| 212-715-8000 | 3 |
| 212-859-8584 | |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|
| 212-715-9300 | Corigliano |
| 212-859-8544 | |

| RE: | YOUR REFERENCE NUMBER: |
|---|---|
| Liquidation | |

---

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

---

NOTES/COMMENTS:

NSC 0122

*Diane K. Weeks, Esq.*

*A Member of the New York and New Jersey Bars*
12 West Main Street, First Floor
Mendham, NJ 07945

973-543-5250 and 973-543-5255 Fax
973-476-7518 Cell
dkgweeks@att.net and weekslaw@verizon.net

Friday, July 02, 2004

RE: United States Securities and Exchange Commission v. Corigliano, et al. 00 Civ. 2873, Final Judgment Ordered Entered May 7, 2004

VIA FACSIMILE AND EMAIL

Alan R. Friedman, Esq.
Kramer Levin Naftalis & Frankel, LLP
919 Third Avenue
New York, NY 10022-3852

Dear Mr. Friedman:

**SUBJECT: ORDER OF LIQUIDATION**

This letter confirms the oral instruction of Neil S. Cartusciello, as Receiver in the above-referenced matter, that your client Cosmo, his wife Terry Corigliano and her mother Mary Louise Scully as trustee for the three Corigliano Children Trusts should liquidate into cash all positions held by any, some or all of them in securities as reflected in the March 31, 2004 Statement of Assets submitted to the United States Securities and Exchange Commission in preparation for wire transfer[1] to the Receiver.

The sole exception is the Cendant options.

Please provide the information set forth below to the respective financial and brokerage institutions where the accounts are held so that they can effect the wire transfer in a timely fashion in accordance with the Judgment and Order entered May 7, 2004.

|     |                                               |                                                        |
| --- | --------------------------------------------- | ------------------------------------------------------ |
| a)  | Name of the Account:<br>Civ. 2873 (D.N.J.)    | Neil Cartusciello as Receiver, Case No. 00             |
| b)  | Account Number:                               | **REDACTED**                                           |

---

[1]    I acknowledge that Trustee Scully's obligation to transfer is limited to the amount in each Trust in excess of $100,000. ¶XIII of the Final Judgment Order entered May 7, 2004.

NSC 0123

Corigliano Counsels' Letter
Page 2 of 2
July 2, 2004

    c)    Address for the Account Holder:    12 West Main Street, Mendham, NJ 07945

    d)    Name, Address, Telephone Number, and Fax Number of the Financial Institution:

        Somerset Hills Bank, 155 Morristown Road, Bernardsville, NJ 07924, 908-221-0100 and 908-221-1514 Fax

    e)    ABA Routing Number:    021213232

By copy of this letter, I have also informed counsels for Mrs. Corigliano and Scully of the instruction of the Receiver.

Please do not hesitate to call me if you have any comments or questions.

Thank you in advance for your cooperation.

Very truly yours,

Diane K. Weeks, Esq.
Law Office of Diane K. Weeks

/dkgw

cc: Neil S. Cartusciello, Esq. (By Hand)
    Audrey Strauss, Esq. (Via Facsimile and Email)
    Frank Arleo, Esq.  (Via Facsimile Only)
    File

NSC 0124

**HP OfficeJet**
Personal Printer/Fax/Copier

**Fax Log Report** for
Diane K. Weeks, Esq.
973 543 5255
Jul-02-04    14:08

| Identification | Result | Pages | Type | Date | Time | Duration | Diagnostic |
|---|---|---|---|---|---|---|---|
| 12127158000 | OK | 03 | Sent | Jul-02 | 14:07 | 00:01:04 | 002586030022 |

12.0    2.8

NSC 0125

**HP OfficeJet**
Personal Printer/Fax/Copier

Fax Log Report  for
Diane K. Weeks, Esq.
973 543 5255
Jul-02-04    14:10

| Identification | Result | Pages | Type | Date | Time | Duration | Diagnostic |
|---|---|---|---|---|---|---|---|
| 12128598584 | OK | 03 | Sent | Jul-02 | 14:09 | 00:01:06 | 002586030022 |

1.2.0    2.4

NSC 0126

# EXHIBIT B-S

Neil Cartusciello

From:      Diane K. G. Weeks, Esq. [weekslaw@verizon.net]
Sent:      Thursday, July 15, 2004 11:39 AM
To:        'Friedman, Alan'; 'Naftalis, Gary'; 'Dixon, J Wells'
Cc:        'Neil Cartusciello'; 'Diane K. G. Weeks, Esq.'
Subject:   The Car and the Assets 7 15 04

Dear Alan,

Can you please have Cosmo, his wife or someone else pick up the car in New London on Friday? The Carriage House has no storage and the car has no top because the mice have eaten it. Neil will decide what to do with the car. But in the meantime, the Carriage House does not have space to accommodate the car. Sorry for the inconvenience.

As for the forfeited liquid assets, I still do not have an accounting from you or an explanation for the approximately $5.5 million difference between the amount to be forfeited and the amount forfeited.

When you left the message with me yesterday, I believe that you stated that once Cosmo is on cross you cannot talk with him about the case. If you meant to include the forfeiture, and I think that's an interpretation of the Order which needs to be proved and not assumed, can you please have Mrs. Corigliano or other Kramer Levin lawyers handle the questions?

Cheers,

Di

**Diane K. Weeks, Esq.**
**Law Office of Diane K. Weeks**
**12 West Main Street, First Floor**
**Mendham, NJ 07945**

Telephone: 973-543-5250
Cell: 973-476-7518
Fax: 973-543-5255
Email: weekslaw@verizon.net

**Attorney-Client Privileged**
**Attorney Work Product**

8/4/2004

NSC 0333

# EXHIBIT B-T

The Bank reported an additional $329,048

Neil Cartusciello

From:    Diane K. G. Weeks, Esq. [weekslaw@verizon.net]
Sent:    Thursday, July 15, 2004 1:14 PM
To:      'Friedman, Alan'; 'Naftalis, Gary'; 'Dixon, J Wells'
Cc:      'Diane K. G. Weeks, Esq.'; 'Neil Cartusciello'
Subject: Additional Amounts

The Bank reported an additional $329,048.20 today from Mellon Pit on behalf of Terry C. Can you ascertain to which account this transfer belongs?

Di

**Diane K. Weeks, Esq.**
**Law Office of Diane K. Weeks**
**12 West Main Street, First Floor**
**Mendham, NJ 07945**

**Telephone: 973-543-5250**
**Cell:  973-476-7518**
**Fax:  973-543-5255**
**Email:  weekslaw@verizon.net**

**Attorney-Client Privileged**
**Attorney Work Product**

8/4/2004

NSC 0334

# EXHIBIT B-U

Neil Cartusciello

From:      Diane K. G. Weeks, Esq. [weekslaw@verizon.net]
Sent:      Friday, July 16, 2004 2:37 PM
To:        'Friedman, Alan'; 'Naftalis, Gary'; 'Dixon, J Wells'
Cc:        'Neil Cartusciello'; 'Diane K. G. Weeks, Esq.'
Subject:   Additional Funds

Dear Alan,

This email confirms that we received at the Bank two additional wires of $4,058,039.92 and $237,120.43.  We are waiting for the Bank's reconciliation of all the transfers and then I shall give you an update of what we have received.  BTW we are still waiting for the People's Bank wires.

Thank you.

**Di**

**Diane K. Weeks, Esq.**
**Law Office of Diane K. Weeks**
**12 West Main Street, First Floor**
**Mendham, NJ 07945**

**Telephone: 973-543-5250**
**Cell: 973-476-7518**
**Fax: 973-543-5255**
**Email: weekslaw@verizon.net**

**Attorney-Client Privileged**
**Attorney Work Product**

8/4/2004

NSC 0335

# EXHIBIT B-V

Dear Alan,

We received about $450,000 which appears to be the yield from the partial liquidation of the Trusts. However, your client is short over $5.5 million. Please advise as soon as possible.

Di

Diane K. Weeks, Esq.
Law Office of Diane K. Weeks
12 West Main Street, First Floor
Mendham, NJ 07945

Telephone: 973-543-5250
Cell: 973-476-7518
Fax: 973-543-5255
Email: weekslaw@verizon.net

**Attorney-Client Privileged**
**Attorney Work Product**

# EXHIBIT C

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

# United States District Court

Connecticut

**DISTRICT OF** _____

United States of America

**v.**

Walter A. Forbes

## SUBPOENA IN A CRIMINAL CASE

CASE NUMBER:    3:02CR00264 (AHN)

**TO:**  Custodian of Records
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

☐  **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE  United States District Court District of Connecticut Brien McMahon Federal Building 915 Lafayette Boulevard Bridgeport, Connecticut 06604 | COURTROOM  Courtroom R |
|---|---|
| | DATE AND TIME  May 19, 2006  9:00 a.m. |

☒  **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

See Schedule A

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT  KEVIN F. ROWE | DATE |
|---|---|
| (By) Deputy Clerk  *[signature]* | March 29, 2006 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Barry S. Simon, Williams & Connolly LLP,
725 Twelfth Street, N.W., Washington, DC 20005
(202) 434-5000, Attorneys for Defendant Walter A. Forbes

# SCHEDULE A
# DOCUMENTS TO BE PRODUCED BY
# FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

## DEFINITIONS AND INSTRUCTIONS

a.   The term "document" shall include material existing in both electronic and non-electronic form.  When a document is stored electronically only, the electronic format shall be produced.

b.   The term "Government" shall mean the U.S. Department of Justice, the U.S. Attorney for the District of New Jersey, the U.S. Attorney's Office for the District of New Jersey, the Federal Bureau of Investigation, the U.S. Securities and Exchange Commission, the U.S. Postal Service, and the Internal Revenue Service.

c.   The term "Cendant" shall include Cendant Corporation, as well as any parent companies, subsidiaries, affiliates, divisions, successors, predecessors, officers, directors, employees, attorneys, agents, and other representatives acting on its behalf.

d.   The term "You" shall include Fried, Frank, Harris, Shriver & Jacobson LLP in its capacity as counsel to Agnes Corigliano, as well as any members, employees, agents, and other representatives acting on its behalf in that capacity, and shall also include Agnes Corigliano.

e.   This subpoena does not seek communications between you and your clients unless those communications have already been disclosed to third parties.

f.   This subpoena excludes documents previously produced in this matter.

## DESCRIPTIONS OF DOCUMENTS TO BE PRODUCED

1.   Documents sufficient to establish the current amount of the balance of any legal fee retainer paid to Fried, Frank, Harris, Shriver & Jacobson LLP, or any predecessors in interest to that law firm, on behalf of Agnes Corigliano.

2.   All documents describing or memorializing any agreements with Agnes Corigliano pertaining to any retainer for legal fees and expenses on deposit with the law firm of Fried, Frank, Harris, Shriver & Jacobson LLP, or any predecessors in interest to that law firm.

3.   All documents describing or memorializing any agreements with the Securities and Exchange Commission ("SEC") pertaining to any retainer for

legal fees and expenses on deposit with the law firm of Fried, Frank, Harris, Shriver & Jacobson LLP, or any predecessors in interest to that law firm, for the direct or indirect benefit of Agnes Corigliano.

4. All documents describing or memorializing any agreements with the SEC relating to expenditures by or on behalf of either Cosmo or Agnes Corigliano between April 16, 2004 and July 7, 2004, from assets that existed as of March 31, 2004.

# EXHIBIT D

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

# United States District Court

### DISTRICT OF _____ Connecticut _____

United States of America

**v.**

## SUBPOENA IN A CRIMINAL CASE

Walter A. Forbes

**CASE NUMBER:**    3:02CR00264 (AHN)

**TO:**    Neil Cartusciello
c/o Susan Brune, Esq.
Brune & Richard LLP
80 Broad Street, 30th Floor
New York, NY 10004

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE  United States District Court District of Connecticut Brien McMahon Federal Building 915 Lafayette Boulevard Bridgeport, Connecticut 06604 | COURTROOM  Courtroom R |
|---|---|
| | DATE AND TIME  May 19, 2006  9:00 a.m. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See Schedule A

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT  KEVIN F. ROWE | DATE |
|---|---|
| (By) Deputy Clerk  *[signature]* | March 29, 2006 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Barry S. Simon, Williams & Connolly LLP,
725 Twelfth Street, N.W., Washington, DC 20005
(202) 434-5000, Attorneys for Defendant Walter A. Forbes

## SCHEDULE A
## DOCUMENTS TO BE PRODUCED BY NEIL CARTUSCIELLO

### DEFINITIONS AND INSTRUCTIONS

a.     The term "documents" shall include material existing in both electronic and non-electronic form.  When a document is stored electronically only, the electronic format shall be produced.

b.     The term "Settlement" shall mean the settlement of the action filed by the Securities and Exchange Commission ("SEC") against Cosmo Corigliano, Agnes T. Corigliano, and Mary Louise Scully, which resulted in the Final Judgment in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873, entered on or about May 6, 2004.

d.     The term "You" shall mean the recipient of this subpoena, as well as the recipient's counsel, or anyone acting on recipient's behalf.

e.     This subpoena excludes those documents previously produced by you in 2004.

### DESCRIPTIONS OF DOCUMENTS TO BE PRODUCED

1.     All documents describing or memorializing communications between You and Cosmo Corigliano and/or his counsel concerning the Settlement.

2.     All documents describing or memorializing communications between You and Agnes T. Corigliano and/or her counsel concerning the Settlement.

3.     All documents describing or memorializing communications between You and Mary Louise Scully and/or her counsel concerning the Settlement.

4.     All documents describing or memorializing communications between You and the SEC concerning the Settlement, Cosmo Corigliano, Agnes T. Corigliano, or Mary Louise Scully.

5.     All documents describing or memorializing communications between You and the United States Attorneys Office for the District of New Jersey concerning the Settlement, Cosmo Corigliano, Agnes T. Corigliano, or Mary Louise Scully.

6.    All documents describing or memorializing communications between You and Cosmo Corigliano and/or his counsel concerning any retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel, and/or Agnes T. Corigliano's counsel.

7.    All documents describing or memorializing communications between You and Agnes T. Corigliano and/or her counsel concerning any retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel, and/or Agnes T. Corigliano's counsel.

8.    All documents describing or memorializing communications between You and the SEC concerning any retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel, and/or Agnes T. Corigliano's counsel.

9.    All documents describing or memorializing communications between You and the United States Attorneys Office for the District of New Jersey concerning any retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel, and/or Agnes T. Corigliano's counsel.

10.   All documents describing the transfer of assets (or necessary documents to allow the transfer of assets) pursuant to paragraphs XII, XIII, XIV, or XV of the Final Judgment in SEC v. Corigliano, et al., 00 Civ. No. 2873.

11.   All documents relating to the lot purchased by Cosmo Corigliano and/or Agnes T. Corigliano, which lies adjacent to the Corigliano residence at [REDACTED], and which is identified by the town of Old Saybrook as [REDACTED].

12.   All documents describing or memorializing the transfer of the lot purchased by Cosmo Corigliano and/or Agnes T. Corigliano, which lies adjacent to the Corigliano residence at [REDACTED], and which is identified by the town of Old Saybrook as [REDACTED], pursuant to paragraphs XII, XIII, XIV, or XV of the Final Judgment in SEC v. Corigliano, et al., 00 Civ. No. 2873.

13.   All documents describing or memorializing any representations made by Cosmo Corigliano, Agnes T. Corigliano, Mary Louise Scully, and/or their counsel with respect to assets subject to paragraphs XII, XIII, XIV, or XV of the Final Judgment in SEC v. Corigliano, et al., 00 Civ. No. 2873.

14.    All documents describing or memorializing the ownership status of the Crystal Journey Candles LLC, including all documents describing or memorializing the transfer of Defendant Corigliano's and Relief Defendant Corigliano's interest in the company to the Receiver, as specified in Paragraph 3 of the Consent in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873, and any efforts to sell the Crystal Journey Candles LLC Company, as specified in Paragraph XVI(1) of the Final Judgment in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873, entered on or about May 6, 2004.

# EXHIBIT E

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

# United States District Court

Connecticut

_____ **DISTRICT OF** _____

United States of America

## SUBPOENA IN A CRIMINAL CASE

**V.**

Walter A. Forbes

CASE NUMBER:    3:02CR00264 (AHN)

TO:    Custodian of Records
Crystal Journey LLC
12 West Main Street
Mendham, NJ 07945

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| United States District Court District of Connecticut Brien McMahon Federal Building 915 Lafayette Boulevard Bridgeport, Connecticut 06604 | Courtroom R |
| | DATE AND TIME May 19, 2006  9:00 a.m. |

☒ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

See Schedule A.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| KEVIN F. ROWE | |
| (By) Deputy Clerk *[signature]* | March 29, 2006 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Barry S. Simon, Williams & Connolly LLP,
725 Twelfth Street, N.W., Washington, DC 20005
(202) 434-5000, Attorneys for Defendant Walter A. Forbes

**SCHEDULE A**
**DOCUMENTS TO BE PRODUCED BY CRYSTAL**
**JOURNEY CANDLES LLC**

<u>DEFINITIONS AND INSTRUCTIONS</u>

a.    The term "documents" shall include material existing in both electronic and non-electronic form.  When a document is stored electronically only, the electronic format shall be produced.

b.    The term "You" shall mean the recipient of this subpoena, as well as the recipient's counsel, or anyone acting on recipient's behalf.

<u>DESCRIPTIONS OF DOCUMENTS TO BE PRODUCED</u>

1.    All documents describing or memorializing the ownership status of the Crystal Journey Candles LLC, including all documents describing or memorializing the transfer of Defendant Corigliano's and Relief Defendant Corigliano's interest in the company to the Receiver, as specified in Paragraph 3 of the Consent in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873, and any efforts to sell the Crystal Journey Candles LLC Company, as specified in Paragraph XVI(1) of the Final Judgment in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873, entered on or about May 6, 2004.

2.    All documents describing or memorializing any benefit or potential benefit provided to Cosmo Corigliano, including but not limited to any and all salary payments, fringe benefits, and any and all profit distributions.

3.    All documents describing or memorializing any benefit or potential benefit provided to Agnes Corigliano, including but not limited to any and all salary payments, fringe benefits, and any and all profit distributions.

4.    All documents describing or memorializing any benefit or potential benefit provided to Frank Corigliano, including but not limited to any and all salary payments, fringe benefits, and any and all profit distributions.

5.    All agreements between Cosmo Corigliano and Crystal Journey Candles LLC or Neil Cartusciello as Receiver in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873.

6.  Documents sufficient to identify whether Cosmo Corigliano is still employed by Crystal Journey Candles LLC.

7.  If Cosmo Corigliano is no longer employed by Crystal Journey Candles LLC, documents sufficient to identify Cosmo Corigliano's last date of employment at Crystal Journey Candles LLC.

# EXHIBIT F

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

# United States District Court

Connecticut

**DISTRICT OF**

United States of America

## v.

Walter A. Forbes

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER:    3:02CR00264 (AHN)

TO:    Custodian of Records
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-9162

☐  **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE   United States District Court | COURTROOM |
|---|---|
| District of Connecticut | Courtroom R |
| Brien McMahon Federal Building | |
| 915 Lafayette Boulevard | DATE AND TIME |
| Bridgeport, Connecticut 06604 | May 19, 2006   9:00 a.m. |

☒  **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

See Schedule A.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| KEVIN F. ROWE | |
| (By) Deputy Clerk | March 29, 2006 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Barry S. Simon, Williams & Connolly LLP,
725 Twelfth Street, N.W., Washington, DC 20005
(202) 434-5000, Attorneys for Defendant Walter A. Forbes

**SCHEDULE A**
**DOCUMENTS TO BE PRODUCED BY THE SECURITIES AND**
**EXCHANGE COMMISSION**

<u>DEFINITIONS AND INSTRUCTIONS</u>

a.   The term "documents" shall include material existing in both electronic
and non-electronic form.  When a document is stored electronically
only, the electronic format shall be produced.

b.   The term "Settlement" shall mean the settlement of the action filed by
the Securities and Exchange Commission ("SEC") against Cosmo
Corigliano, Agnes T. Corigliano, and Mary Louise Scully, which
resulted in the Final Judgment in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No.
2873, entered on or about May 6, 2004.

c.   This subpoena does not require the SEC to reproduce those documents
previously produced by the SEC to Mr. Forbes.

<u>DESCRIPTIONS OF DOCUMENTS TO BE PRODUCED</u>

1.   All documents describing or memorializing communications with
Cosmo Corigliano and/or his counsel concerning the Settlement.

2.   All documents describing or memorializing all negotiations with Cosmo
Corigliano and/or his counsel leading to the Settlement.

3.   All documents describing or memorializing any representations or
statements made by Cosmo Corigliano, Agnes T. Corigliano, Mary
Louise Scully, and/or their counsel with respect to the identity or value
of their assets, including but not limited to:
   i.   the value of the property at [REDACTED], Old Saybrook, CT;
        and/or
   ii.  the value of the property at [REDACTED], Old Saybrook, CT;
        and/or
   iii. the value of the "Old Saybrook" real estate, as those terms are
        used in Mr. Corigliano's quarterly statements to the SEC; and/or
   iv.  the value of Mr. and Mrs. Corigliano's "home," as that term is
        used in correspondence between the SEC and Mr. Corigliano
        and/or his counsel; and/or
   v.   the value of the "residence at [REDACTED]," as that term is
        used in the Final Judgment.

4.    All documents relating to the size of the property referenced as [REDACTED] in the Final Judgment in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873, entered on or about May 6, 2004.

5.    All documents relating to the divisibility of the property referenced as [REDACTED] in the Final Judgment in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873, entered on or about May 6, 2004.

6.    All "financial statements and other documents and information submitted by Defendant Corigliano and Relief Defendant Corigliano to the Commission" that are referenced in Paragraph XXII of the Final Judgment in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873, entered on or about May 6, 2004.

7.    All documents describing or memorializing any efforts by Mr. Corigliano and/or his counsel to reach a settlement with the SEC between June 2000 and April 16, 2004.

8.    All documents relating to the existence or disposition of any retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel.

9.    All documents relating to the existence or disposition of any retainer for legal fees and expenses on deposit with Agnes T. Corigliano's counsel.

10.    All documents describing or memorializing any representation by Cosmo Corigliano, Agnes Corigliano, and/or their counsel the existence or disposition of any retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel.

11.    All documents describing or memorializing any representation by Cosmo Corigliano, Agnes Corigliano, and/or their counsel the existence or disposition of any retainer for legal fees and expenses on deposit with Agnes T. Corigliano's counsel.

12.    All documents describing or memorializing any communications between the SEC and Mr. Corigliano and/or his counsel concerning the assets held by Mr. Corigliano in or about September 2003.

13.    All documents describing or memorializing any communications between the SEC and Mr. Corigliano and/or his counsel concerning the listing information provided in or about September 2003 for the property claimed to be "comparable" to Mr. Corigliano's residence.

14. All documents describing or memorializing communications with the receiver appointed in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873 since May 6, 2004.

15. All documents describing or memorializing communications with the receiver appointed in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873 since May 6, 2004 concerning the size of the property referenced as [REDACTED] in the Final Judgment in that case.

16. All documents describing or memorializing communications with the receiver appointed in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873 since May 6, 2004 concerning the divisibility of the property referenced as [REDACTED] in the Final Judgment in that case.

17. All documents describing or memorializing communications with the receiver appointed in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873 since May 6, 2004 concerning the retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel.

18. All documents describing or memorializing communications with the receiver appointed in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873 since May 6, 2004 concerning the retainer for legal fees and expenses on deposit with Agnes Corigliano's counsel.

19. All documents describing or memorializing communications with the receiver appointed in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873 since May 6, 2004 concerning expenditures by or on behalf of and Defendant Corigliano or Relief Defendant Corigliano between April 16, 2004 and July 7, 2004.

20. All documents describing or memorializing the ownership status of the Crystal Journey Candles LLC, including all documents describing or memorializing the transfer of Defendant Corigliano's and Relief Defendant Corigliano's interest in the company to the Receiver, as specified in Paragraph 3 of the Consent in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873, and any efforts to sell the Crystal Journey Candles LLC Company, as specified in Paragraph XVI(1) of the Final Judgment in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873, entered on or about May 6, 2004.

21. All documents describing or memorializing any agreements between the SEC and Cosmo Corigliano or the Relief Defendants named in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873.

22.    All documents describing or memorializing communications with Cosmo Corigliano and/or his counsel since May 6, 2004.

23.    All documents describing or memorializing communications since May 6, 2004 with Cosmo Corigliano and/or his counsel concerning the size of the property referenced as [REDACTED]in the Final Judgment in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873.

24.    All documents describing or memorializing communications since May 6, 2004 with Cosmo Corigliano and/or his counsel concerning the divisibility of the property referenced as [REDACTED] in the Final Judgment in <u>SEC v. Corigliano, et al.</u>, 00 Civ. No. 2873.

25.    All documents describing or memorializing communications since May 6, 2004 with Cosmo Corigliano and/or his counsel concerning the retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel.

26.    All documents describing or memorializing communications since May 6, 2004 with Cosmo Corigliano and/or his counsel concerning the retainer for legal fees and expenses on deposit with Agnes Corigliano's counsel.

27.    All documents describing or memorializing communications since May 6, 2004 with Cosmo Corigliano and/or his counsel concerning expenditures by or on behalf of and Defendant Corigliano or Relief Defendant Corigliano between April 16, 2004 and July 7, 2004.

28.    All documents describing or memorializing any agreement between the SEC and Cosmo Corigliano or Agnes Corigliano concerning any retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel.

29.    All documents describing or memorializing any agreement between the SEC and Cosmo Corigliano or Agnes Corigliano concerning any retainer for legal fees and expenses on deposit with Agnes T. Corigliano's counsel.

30.    All documents describing or memorializing any agreement by the SEC to permit any legal fees or expenses incurred on behalf of Mr. Corigliano between April 1, 2004 and July 7, 2004 to be charged to any retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel.

31.     All documents describing or memorializing any agreement by the SEC to permit any legal fees or expenses incurred on behalf of Mrs. Corigliano between April 1, 2004 and July 7, 2004 to be charged to any retainer for legal fees and expenses on deposit with Agnes Corigliano's counsel.

32.     All documents describing or memorializing any agreement by the SEC to permit any legal fees or expenses incurred on behalf of Mr. Corigliano after July 7, 2004 to be charged to any retainer for legal fees and expenses on deposit with Cosmo Corigliano's counsel.

33.     All documents describing or memorializing any agreement by the SEC to permit any legal fees or expenses incurred on behalf of Mrs. Corigliano after July 7, 2004 to be charged to any retainer for legal fees and expenses on deposit with Agnes Corigliano's counsel.

34.     All documents describing or memorializing any agreements between the SEC and Defendant Corigliano or Relief Defendant Corigliano relating to expenditures by or on behalf of the defendant parties to the Settlement between April 16, 2004 and July 7, 2004, from assets that existed as of March 31, 2004.

35.     All documents describing or memorializing any desire or request, by the United States Attorneys' Office for the District of New Jersey and/or any of the parties to the Settlement, to achieve a settlement of the disputes between the parties to the Settlement prior to the commencement of the criminal trial against Mr. Walter Forbes.

36.     All documents describing or memorializing any desire or request, by the United States Attorneys' Office for the District of New Jersey and/or any of the parties to the Settlement, to achieve a settlement of the disputes between the parties to the Settlement prior to the commencement of Mr. Corigliano's testimony in the criminal trial against Mr. Walter Forbes.