UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AHN) |
| | : | |
| | : | |
| v. | : | April 13, 2006 |
| | : | |
| | : | |
| WALTER A. FORBES | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT WALTER A. FORBES' RENEWED
MOTIONS

(Forbes Third Trial Motion No. 11)

ARGUMENT

In a single pleading devoid of argument or citation to authority, Forbes purports to "renew" eleven of his previously filed motions.  The eleven motions all pertain to Forbes' continuing demands for disclosure of information from the Government in this case, notwithstanding the avalanche of disclosure that has already taken place.[1]

In the present motion, Forbes "renews" numerous previous discovery motions "to the extent the government has not supplied the materials and/or information sought by each motion."  Forbes' Renewed Motions at p. 1.  Forbes does not identify which "materials and/or information" sought in those numerous motions has not been previously supplied by the Government.  As Forbes

---

[1]  That avalanche of discovery will be described in the Government's Opposition to Forbes' Motion to Compel Discovery and Production of Brady/Giglio Material (Forbes Third Trial Motion No. 2).

has acknowledged after most of the "renewed" motions were filed, the Government supplied Forbes with abundant additional discovery before and during the first trial.  Forbes' Notice of Late Produced Impeachment Material, Docket 971; Forbes' Amended Notice of Late Produced Impeachment Material, Docket 990.

Thus, as Forbes suggests, some (or many) of the demands in his previous discovery motions may have been satisfied by information that the Government has supplied since those demands were made.  This Court, which has come belatedly to this case, without any personal knowledge of the long history of discovery issues that have been addressed, sometimes repeatedly, over several years by Judge Thompson, should not be required to wade through Forbes' previous discovery demands imbedded in his numerous previous motions, in order to identify which of those demands present a live controversy.  After all, Forbes does not even identify in his "renewal" motion those issues from his prior motions that are still in dispute.[2]

Some of Forbes' "renewed motions" are definitely not in dispute.  This case was initiated when the Government obtained an indictment from a grand jury sitting in Newark, New Jersey.  In

---

[2]  By contrast, as Forbes acknowledges, he has filed a separate motion to compel discovery "that raises outstanding discovery issues as to which he seeks oral argument."  Forbes' Renewed Motions at n.1.  That motion addresses fourteen separate categories of information or documents.  The Government will submit a responsive brief that addresses each of the demands in that motion.

2002, the judge to whom the case was assigned in the New Jersey
District Court granted Forbes' motion to transfer the case to the
District of Connecticut pursuant to Fed. R. Crim. P. 21(b).  Two
of Forbes' "renewed" motions were filed when this case was still
in the New Jersey District Court.  See Forbes' Renewed Motions,
¶1, referencing Forbes' Pretrial Motion No. 13, Docket 40, filed
December 14, 2001; Forbes' Renewed Motions, ¶ 2, referencing
Forbes' Pretrial Motion No. 14, Docket 39, filed December 14,
2001.  The Government did not respond to those motions because of
the then unknown effect of Forbes' Rule 21(b) transfer motion on
any other motions then pending in the New Jersey District Court.

Forbes' inclusion in his renewal motion of the two motions
filed in the New Jersey District Court before this case was
transferred contradicts a "notice" that he filed in this case,
captioned "Notice that certain pretrial motions do not need to be
decided so long as the  government does not proceed under the New
Jersey superseding indictment."  Docket 373.  That notice
included the two motions identified above, Forbes' Pre-Trial
Motions 13 and 14.  Id.  By order dated May 24, 2004, Docket 775,
Judge Thompson directed the Clerk to terminate all of the motions
identified in Docket 373.  The termination was made "subject to
the conditions set forth in" Forbes' notice.  That condition was
that the Government "does not proceed under the New Jersey
superseding indictment."  The Government has no proceeded under
the New Jersey indictment.  Rather, after this case was

3

transferred, the Government has proceeded under a superceding indictment returned by a federal grand jury sitting in Bridgeport.  Consequently, Forbes' Pre-Trial Motions 13 and 14 remain "terminated," and need not be addressed by this Court.

The remaining nine submissions referenced in Forbes' renewal motion were all filed after the case was transferred to the District of Connecticut.[3]  According to the docket, Judge Thompson affirmatively denied two of the motions.  See Table, infra.  As to other seven motions, Judge Thompson effectively denied them by declining to grant them.  Jacobs v. Law Offices of Leonard N. Flamm, 2005 WL 1844642, *5 (S.D.N.Y., July 29, 2005)(noting that the court "effectively denied" motions that it did not decide).

Forbes is effectively seeking reconsideration of the nine previously filed motions that Judge Thompson denied.  As Forbes has provided no grounds for reconsideration, his renewal motion should be summarily denied.  See Ove Gustavsson Contracting Co. v. Floete, 187 F. Supp. 839, 840 (E.D.N.Y. 1960)("The present motion is in effect a motion for reconsideration but there is nothing that merits reconsideration and the motion is accordingly denied.").

_____

[3]  Forbes' renewal motion contains a typographical error, identifying his "Renewed Motion for Production of Corigliano Impeachment Material," filed on July 20, 2004 as Docket 971, when in fact it is Docket 951.  Forbes' Renewal Motion at ¶ 7.  In the table included in this memorandum, the Government has provided the correct docket information for Forbes' July 20, 2004 motion.

4

In his renewal motion, Forbes does not explain why this Court should reconsider Judge Thompson's rulings on any of those previously filed motions.  A reconsideration motion will be denied unless the "moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." United States v. Fell, 372 F. Supp. 2d 773, 780 (D. Vt. 2005).  "[T]he function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence." LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993)(internal quotation marks omitted), aff'd, 33 F.3d 50 (2d Cir. 1994).

Forbes does not point to "controlling decisions or data that [Judge Thompson] overlooked."  To the contrary, he concedes that he is "not seeking to make any argument to persuade the Court to rule differently than Judge Thompson, and thus he relies on arguments he previously made."  Forbes' Renewed Motions at 1, n.1.  Accordingly, reconsideration is unwarranted.

In addition, Judge Thompson's denial of Forbes' prior motions identified in the "renewal motion" have become the law of the case and Forbes has presented no compelling reason for this Court to revisit any of those rulings.  "The court's exercise of its power to reconsider and modify its prior interlocutory rulings is informed by the . . . law-of-the-case doctrine.  That

5

principle is that when a court has ruled on an issue, that
decision should generally be adhered to by that court in
subsequent stages in the same case." United States v. Uccio, 940
F.2d 753, 758 (2d Cir. 1991).[4] "[A]bsent cogent or compelling
reasons to deviate, such as an intervening change of controlling
law, the availability of new evidence, or the need to correct a
clear error or prevent manifest injustice," a court should adhere
to its prior rulings.  Id., 940 F.2d at 758.

"Under the 'law of the case' doctrine, 'courts are
understandably reluctant to reopen a ruling once made,'
especially 'when one judge or court is asked to consider the
ruling of a different judge or court.'"  Lillbask v. Connecticut
Dept. of Educ., 397 F.3d 77, 94 (2d Cir. 2005) (quoting 18B
Wright, Miller & Cooper, Federal Practice and Procedure, § 4478
(2d ed. 2002)); see Chiu v. United States, 948 F.2d 711, 717
(Fed. Cir. 1991) ("A successor judge steps into the shoes of his
or her predecessor, and is thus bound by the same rulings and
given the same freedom as the first judge."); Philadelphia
Housing Auth. v. American Radiator & Standard Sanitary Corp., 323
F. Supp. 381, 383 (E.D. Pa. 1970) ("Nor is there any apparent
reason why the rule of the law of the case should not be applied
merely because a different judge has now been assigned to this

---

[4]  Accord United States v. Crowley, 318 F.3d 401, 420 (2d
Cir. 2003); United States v. Quintieri, 306 F.3d 1217, 1225 (2d
Cir. 2002); United States v. Tenzer, 213 F.3d 34, 39-40 (2d Cir.
2000).

litigation."). For that reason as well, Forbes' renewal motion should be denied.

For the convenience of the Court, the following table identifies, to the extent that they are reflected on the docket, the Government's responses to the motions, and the Court's disposition of those motions which Forbes seeks to "renew" in this submission:

| Previously filed Motion Identified in Forbes' Renewal Motion | Docket # of Previous Motion | Docket # of Government's Response | Docket reference for Judge Thompson's Ruling |
|---|---|---|---|
| 1.  Motion to Compel the Immediate Production of Brady/Giglio Material and for the In Camera Review of Witness Statements, Testimony and Interview Notes (Forbes Pretrial Motion No. 13)(filed 12/14/01) | 40 | none | terminated by order dated 5/24/04 |
| 2.  Motion to Compel Discovery Under Fed. R. Crim. P. 16(a)(1)(C) (Forbes Pretrial Motion No. 14)(filed 12/14/01) | 39 | none | terminated by order dated 5/24/04 |
| 3.  Motion to Compel Discovery (Forbes Pretrial Motion No. 50)(filed 6/27/03) | 279, 280 Reply @ 391 | 359 | Hearing @ 409 |
| 4.  Supplemental Motion to Compel Discovery (Forbes Pretrial Motion No. 59) (filed 2/17/04) | 481 | 519 | Hearing @ 567 |

| | | | |
|---|---|---|---|
| 5.  Supplemental Memorandum of Walter Forbes in Support of Rule 17(c) Subpoenas and Discovery from the Government of Impeachment Material (filed 6/29/04) | 882 | none | no ruling docketed |
| 6.  Supplemental Memorandum Regarding the Government's Obligation To Produce <u>Brady/Giglio</u> Material (filed 7/1/04) | 895 | none | no ruling docketed |
| 7.  Renewed Motion of Walter A. Forbes for Production of Corigliano Impeachment Material (filed 7/20/04) | 951 | 959 | no ruling docketed |
| 8.  Supplemental Memorandum of Walter Forbes To Compel Production of Impeachment Material (filed 7/23/04) | 968 | 959 | no ruling docketed |
| 9.  Motion of Walter A. Forbes To Compel Production of <u>Brady/Giglio</u> Material Concerning Kevin Kearney (filed 8/16/04) | 1052 | none | 1056 (motion denied) |
| 10. Motion of Walter A. Forbes (1) for a Bill of Particulars and (2) To Limit the Evidence Presented at Trial To the Charges in the Indictment (Forbes Retrial Motion No. 2)(filed 7/15/05) | 1607 | 1642 | 1985 (oral order denying motion)<br><br>2013 (order denying motion) |
| 11. Motion of Walter A. Forbes To Compel Discovery (Forbes Retrial Motion No. 3) (and supporting memorandum) (Docket No. 1608) (filed 7/15/05). | 1608 | 1643 | no ruling docketed |

**CONCLUSION**

In light of the absence of any additional argument or authority in support of his "renewed" motions, those motions should be summarily denied.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice

*Norman Gross/s*

NORMAN GROSS
MICHAEL MARTINEZ
Special Attorneys
U.S. Department of Justice
970 Broad Street, Room 700
Newark, New Jersey 07101
Tel: (973) 645-2700
Fax: (973) 645-2857


Dated: April 13, 2006
Newark, New Jersey

<u>CERTIFICATE OF SERVICE</u>

        The undersigned certifies that on this day I caused to
be served a copy of the Government's Opposition to Defendant
Walter A. Forbes' Renewed Motions (Forbes Third Trial Motion No.
11) via email on:

Barry S. Simon, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005-5901
(202) 434-5005
bsimon@wc.com


                            *Norman Gross/s*

                            NORMAN GROSS

Dated: April 13, 2006
       Camden, New Jersey