UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> WALTER A. FORBES. | ) <br> ) <br> ) <br> ) <br> )    No. 3:02CR264 (AHN) <br> )    April 17, 2006 <br> ) <br> ) |

**MOTION OF DEFENDANT WALTER A. FORBES TO
PRECLUDE THE GOVERNMENT FROM ARGUING THAT MR.
FORBES BREACHED A DUTY OF TRUST TO THE CUC
SHAREHOLDERS**
<u>**(Forbes Third Trial Motion *In Limine* No. 12)**</u>

Mr. Forbes, through undersigned counsel, hereby moves to preclude the government from arguing that Mr. Forbes breached a duty of "trust" to the CUC shareholders, or otherwise acted negligently in providing information to them that turned out to be false. Such arguments imply that the jury should convict Mr. Forbes if it finds he in fact breached the shareholders' trust, even if negligently, improperly lowering the government's burden of proof.

      The grounds in support of this Motion are set forth in the accompanying Memorandum.

Oral Argument Requested

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: April 17, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Motion of Defendant Walter A. Forbes to Preclude the Government from Arguing That Mr. Forbes Breached a Duty of Trust to the CUC Shareholders (Forbes Third Trial Motion *in Limine* No. 12) to be filed electronically and to be served on April 17, 2006 to the following via e-mail:

> Norman Gross, Esq. (norman.gross@usdoj.gov)
> Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
> Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S. Simon

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WALTER A. FORBES. | )<br>)<br>)<br>)<br>)    No. 3:02CR264 (AHN)<br>)    April 17, 2006<br>)<br>) |

**MEMORANDUM IN SUPPORT OF MOTION OF
DEFENDANT WALTER A. FORBES TO PRECLUDE THE
GOVERNMENT FROM ARGUING THAT MR. FORBES
BREACHED A DUTY OF TRUST TO THE CUC
SHAREHOLDERS**
(Forbes Third Trial Motion *In Limine* No. 12)

During the second trial, the government repeatedly suggested that Mr. Forbes breached a duty of "trust" to the CUC shareholders, or otherwise acted negligently in providing them with financial information on the company that was later revealed to be false. Such arguments lower the government's standard of proof – suggesting to the jury that it can (and should) convict upon a finding that Mr. Forbes was negligent in his duties to the company, or upon finding that he could and should have discovered the alleged fraud, or upon finding that he had a moral obligation to protect the shareholders. These arguments should be precluded in the third trial of Mr. Forbes.

Early in its opening argument, the government argued that Mr. Forbes had committed a crime by breaching the trust of the CUC shareholders:

> You'll hear that when people invest in a publicly-traded company, they enter into a relationship of trust with the CEO. Those people, the shareholders, have a right to

Oral Argument Requested

expect that the CEO will act in their best interest and not in his own best interest. The shareholders have a right to expect that the CEO will tell them the truth about how the company is doing and not lie about facts that are important to their decision to invest.

The United States will prove that the defendant committed a crime by violating that trust. The defendant violated that trust by directing this fraud from the very beginning and by telling lie after lie about how CUC was doing.

Tr. 10/17/2005 at 32. The government repeated this breach of trust theme in its cross examination of Mr. Forbes, and continued to press the theme over the repeated objections of Mr. Forbes:

> Q. Mr. Forbes, you agree that as CEO and chairman of the board, you had a duty to shareholders to protect their investment, right?
>
> A. That's Correct.
>
> Mr. Sullivan: Objection
>
> The Court: Sustained.
>
> * * * * * * *
>
> Q. Would you get the prior – in the prior proceeding, did you give this prior testimony, Volume XLVIII, page 13859, line – starting at line 3:
>
> "Mr. Forbes, let me just ask you this: Did you have a duty to tell shareholders the truth about how the company was doing as CEO?"
>
> Mr. Sullivan: Excuse me, Your Honor. I think it's the same question. I object.
>
> The Court: No. Different question.
>
> Q. Do you know whether you had a duty as CEO and chairman of the board to tell the shareholders the truth about how the company was doing?
>
> A. I always felt I was telling the truth to the shareholders.

2

> Q. But my question was whether you understood you had a duty to tell the shareholders the truth?
>
> A. I would consider it my duty to do that, yes.
>
> * * * * * * *
>
> Q. Did you feel like [the shareholders] down in any way?
>
> > Mr. Sullivan: Objection
> >
> > The Court: Sustained.
>
> Q. Did you feel like Cosmo Corigliano let them down in any way?
>
> > Mr. Sullivan: Objection
> >
> > The Court: Sustained.

Tr. 11/15/2005 at 3002-03. Later in the cross-examination the government returned to the theme, this time tying it to Mr. Forbes' failure to read each 10-Q and 10-K that he signed:

> Q. Mr. Forbes, at the start of the cross-examination you testified that you understood that you had a duty, at least you act in accordance with a duty to tell shareholders the truth about how the company was doing; is that correct?
>
> A. I think what I said was that I always told the shareholders what I believed to be true.
>
> Q. Now you signed each 10-Q; is that right?
>
> A. I did.
>
> Q. You signed each 10-K?
>
> A. I did.
>
> Q. Yesterday, didn't you testify that you didn't always read every 10-K and you didn't always read every 10-Q?
>
> A. That's true.
>
> Q. And when you signed those documents, did you in any fashion let anyone in the public know that when you signed them you didn't take the time to read the entire document?

3

> A. We were a public company with thousands of employees, divisions all over the country and all over the world. I don't think they would have expected me to be reading 10-Qs. I don't know of CEOs who did it, they may have but it was not my practice to do so.

Tr. 11/15/2005 at 3018-3019.

The government must prove beyond a reasonable doubt that Mr. Forbes knowingly and intentionally furnished false information to the public. It is not enough that information he disseminated turned out to be false. Yet that is precisely what the government's arguments implied to the jury during the second trial – that if it found Mr. Forbes provided false information to the shareholders, thereby breaching their trust, the jury should find Mr. Forbes guilty. Moreover, by casting its argument in terms of "duty" or "trust," the government invited the jury to convict based upon a belief that Mr. Forbes had a moral duty to protect the shareholders, and failed to do so. Such arguments have no place in a criminal trial, and should be precluded in the third trial.

Moreover, the government should be precluded from implying that the jury should find Mr. Forbes guilty because he failed to read each 10-Q and 10-K he signed. The law imposed no such burden on Mr. Forbes prior to the adoption of the Sarbanes-Oxley Act ("SOX") years after the events at issue in this trial. Indeed, the Securities and Exchange Commission chose to highlight this new requirement in a release dated August 27, 2002. See Exhibit 1 at 2 (explaining that all reports filed with the SEC must now include a certification stating that both the company's principal executive and financial officers each reviewed it).

4

That the government cannot meet its burden of proof in this case is no excuse for it trying to lower the bar. The government should be precluded from arguing or questioning witnesses concerning any alleged breaches of trust by Mr. Forbes, or other alleged acts of negligence on his part.

### **CONCLUSION**

For the foregoing reasons, Mr. Forbes respectfully requests that the Court preclude the government from arguing that Mr. Forbes breached a duty of trust to the CUC shareholders, or otherwise acted negligently in providing information to them that turned out to be false.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

|  |  |
|---|---|
|  | James T. Cowdery (Bar No. ct05103)<br>Thomas J. Murphy (Bar No. ct07959)<br>COWDERY, ECKER & MURPHY, L.L.C.<br>750 Main Street<br>Hartford, CT 06103-2703<br>(860) 278-5555 (phone)<br>(860) 249-0012 (fax)<br>tmurphy@cemlaw.com (e-mail) |
| Dated: April 17, 2006 | Attorneys for Walter A. Forbes |

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Memorandum in Support of Motion of Defendant Walter A. Forbes to Preclude the Government from Arguing That Mr. Forbes Breached a Duty of Trust to the CUC Shareholders (Forbes Third Trial Motion *in Limine* No. 12) to be filed electronically and to be served on April 17, 2006 to the following via e-mail:

Norman Gross, Esq. (norman.gross@usdoj.gov)
Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

Barry S. Simon