UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WALTER A. FORBES. | )<br>)<br>)<br>)<br>)   No. 3:02CR264 (AHN)<br>)   April 17, 2006<br>)<br>) |

**MOTION TO PRECLUDE THE GOVERNMENT
FROM INTRODUCING THE HEARSAY
STATEMENTS OF E. KIRK SHELTON
(Forbes Third Trial Motion *in Limine* No. 18)**

In each of the first two trials, the government introduced evidence through the testimony of Anne Pember that the President of CUC, E. Kirk Shelton, had purportedly remarked to her that the senior partner from Ernst & Young had given an "academy award performance" during a meeting with the HFS side of the company to discuss CUC's reserve usage. There is no basis for admitting this alleged conversation between Ms. Pember and Mr. Shelton in a trial against Mr. Forbes alone. The alleged conversation is hearsay, and it creates a variance with the allegations of the indictment. Ms. Pember's testimony should thus be precluded in the third trial. Further grounds in support of this Motion are set forth in the accompanying Memorandum.

Oral Argument Requested

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: April 17, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Motion to Preclude the Government from Introducing the Hearsay Statements of E. Kirk Shelton (Forbes Third Trial Motion *in Limine* No. 18) to be filed electronically and to be served on April 17, 2006 to the following via e-mail:

>Norman Gross, Esq. (norman.gross@usdoj.gov)
>Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
>Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)


_____
Barry S. Simon

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)     No. 3:02CR264 (AHN)<br>WALTER A. FORBES. )     April 17, 2006<br>) | |

**MEMORANDUM IN SUPPORT OF MOTION TO
PRECLUDE THE GOVERNMENT FROM
INTRODUCING THE HEARSAY STATEMENTS OF
E. KIRK SHELTON
(Forbes Third Trial Motion *in Limine* No. 18)**

In each of the first two trials, the government introduced evidence through the testimony of Anne Pember that the President of CUC, E. Kirk Shelton, had purportedly remarked to her that the senior partner from Ernst & Young had given an "academy award performance" during a meeting with the HFS side of the company to discuss CUC's reserve usage. There is no basis for admitting this alleged conversation in a trial against Mr. Forbes alone. The conversation is hearsay, and it creates a variance with the allegations of the indictment. Ms. Pember's testimony concerning this alleged conversation should be precluded in the third trial.

## BACKGROUND

Ms. Pember testified that she was called into the office on March 9, 1998 because Scott Forbes and Michael Monaco had questions concerning schedules she had created reflecting usage of the merger reserves. Tr. 10/24/2005 at 932-934.

Oral Argument Requested

After she answered their questions, Scott Forbes and Michael Monaco asked to speak to the auditors, and Mr. Corigliano called Mr. Rabinowitz, the senior auditor from Ernst & Young, to request that he come over. Id. at 934.[1] Ms. Pember did not stay for the meeting with Ernst & Young, but later in the day she spoke to E. Kirk Shelton, who had attended the meeting. According to Ms. Pember, Mr. Shelton told her what a great performance Mr. Rabinowitz had put on:

> Q. And what did Mr. Shelton say to you?
>
> [Objection Overruled]
>
> A. He first asked obviously if Mr. Corigliano was there. I said no, that he and Mr. Monaco and Mr. Scott Forbes had left. Mr. Shelton then said to me that the meeting with Mr. Wilchfort and Mr. Rabinowitz had gone well and that Mr. Rabinowitz deserved an Academy Award for his performance in the meeting with Mr. Scott Forbes and Mr. Monaco.
>
> * * * * * * * * * *
>
> Q. What else did he say?
>
> A. He told me it was a shame that I hadn't been in the meeting because Mr. Rabinowitz had done such a great job talking to Mr. Monaco and Mr. Scott Forbes, and that he appreciated the efforts that Casper Sabatino and I had made. However, what Marc Rabinowitz had done was really great in the meeting.

Tr. 10/24/2005 at 936-37.

---

[1] According to Ms. Pember, Mr. Wilchfort, who had served as the senior auditor on the CUC account in earlier years, accompanied Mr. Rabinowitz. Tr. 10/24/2005 at 934.

2

## ARGUMENT

I.  **THE ALLEGED CONVERSATION WITH MR. SHELTON IS INADMISSIBLE HEARSAY.**

These purported statements by Mr. Shelton are hearsay, and should not have been admitted in the second trial against Mr. Forbes. Faced with an objection by the defense, Tr. 10/24/2005 at 936, the government proffered two arguments for admitting the evidence: (1) a co-conspirator's statement made to "conceal" the conspiracy, and (2) state of mind.[2] Neither argument supports admission of the testimony.

### A.  The Conversation Was Not In Furtherance of the Conspiracy.

In order to be admissible as a co-conspirator's statement under Fed. R. Evid. 801(d)(2)(E), the statement must actually be in furtherance of the conspiracy.

> To be in furtherance of the conspiracy, a statement must be more than a "mere narrative" description by one coconspirator of the acts of another. Rather, the statements must be such as to prompt the listener – who need not be a coconspirator – to respond in a way that promotes or facilitates the carrying out of a criminal activity.

United States v. Maldonado-Rivera, 922 F.2d 934, 958 (2d Cir. 1990) (internal citations and quotations omitted). See also United States v. Stripe, 517 F. Supp. 867, 869 (W.D. Okla. 1983) ("It has been said that the retention of the 'in furtherance' requirement was motivated by a desire to strike a balance between the great need for conspirators' statements in combating criminal activity and the need

---

[2] The theory under which this testimony was admitted in the second trial is unclear. In response to the government's question whether "concealment" was clear enough, the Court stated "I think – no, but I have another ground." Tr. 10/24/2005 at 936.

3

to protect the accused against idle chatter of criminal partners as well as inadvertently misreported and deliberately fabricated evidence."), aff'd, 653 F.2d 446 (10th Cir. 1981).

Accordingly, statements made during idle conversations – even incriminating ones – have not been held to be "in furtherance" of the conspiracy. For example, in United States v. Urbanik, 801 F.2d 692 (4th Cir. 1986), two coconspirators were discussing the business of their drug conspiracy. After completing this discussion, the two went to lift weights together. During this weight lifting session, one of the coconspirators implicated a third coconspirator, who also lifted weights. The court held that this was not a statement "in furtherance" of the conspiracy. "The statement identifying Urbanik as Pelino's 'connection' for marijuana was merely a casual aside to the discussion of Urbanik the weight-lifter." Id. at 698 (reversing conviction). Accord United States v. Lieberman, 637 F.2d 95 (2d Cir. 1980) (two coconspirators discussing the events of the night before, including an incriminating comment by the defendant, were not speaking "in furtherance" of the conspiracy; rather the conversation "smacks of nothing more than casual conversation about past events"); United States v. Cornett, 195 F.3d 776, 784-785 (5th Cir. 1999) (a conversation that touched upon the conspiracy through a "casual aside" was not "in furtherance" of it).

Here, Mr. Shelton's alleged statements did not advance the conspiracy in any way. Nor, contrary to the government's argument, did it work to "conceal"

4

the conspiracy. Tr. 10/24/2005 at 936.³ Rather, Ms. Pember's testimony reveals that the statements were nothing more than a casual aside. Yet casual conversation, even between co-conspirators, does not meet the "in furtherance" threshold to qualify as non-hearsay under Fed. R. Evid. 801(d)(2)(E).

> B. **The Conversation Is Not Admissible for "State of Mind".**

The "state of mind" exception to the hearsay rule is similarly inapplicable. Although the government did not articulate its theory of "state of mind," presumably its argument was that the alleged statement evidenced Kirk Shelton's state of mind. But Kirk Shelton's state of mind is not at issue in this case – only Walter Forbes' is. Moreover, even if Mr. Shelton's state of mind were at issue, the unfair prejudice resulting from the danger that the jury would take this statement to mean that Mr. Rabinowitz was involved in the conspiracy would far outweigh the minimal probative value this testimony would have with regard to Mr. Shelton's state of mind. The conversation should not be admitted.

II. **INTRODUCTION OF THIS EVIDENCE WOULD CONSTRUCTIVELY AMEND THE INDICTMENT.**

The indictment does not allege that auditors from Ernst & Young participated in the alleged conspiracy. See Indict. ¶ 17. To the contrary, the Court instructed the jury in both trials that "[t]he government contends that the coconspirators were Walter Forbes, Kirk Shelton, Cosmo Corigliano, Anne Pember,

---

³ At best, Mr. Rabinowitz's "performance" could be construed as part of a scheme to conceal, but as discussed below, no one from Ernst & Young is alleged to be part of the conspiracy.

5

Casper Sabatino, Steven Speaks, Kevin Kearney, Mary Sattler, and Stuart Bell. <u>There are no other alleged coconspirators.</u>" Tr. 11/03/04 at 16293-94 (emphasis added); <u>see</u> <u>also</u> Tr. 12/7/2005 at 3731 (giving same instruction in trial two, except that Mary Sattler's name was stricken because there was no evidence as to Ms. Sattler's role in the second trial). Yet there is a serious danger that the jury could construe Ms. Pember's alleged conversation with Mr. Shelton to mean that Mr. Rabinowitz knew of the fraud, and helped conceal it. Indeed, as discussed above, the government proffered "concealment" as a basis for offering the testimony.

A constructive amendment takes place when the government presents evidence at trial that broadens the scope of the indictment beyond that returned by the grand jury, or when the government presents evidence that is based on facts different than those found by the grand jury. <u>See</u> Forbes Third Trial Motion *in Limine* No. 3 at Section III(A), (filed April 17, 2006), incorporated herein. An alleged conspiracy involving Ernst & Young is materially different than the alleged conspiracy charged in the indictment. The testimony that the government elicited from Ms. Pember during the second trial impermissibly broadened the scope of the indictment, and should be precluded in the third trial.

## CONCLUSION

For the foregoing reasons, Mr. Forbes respectfully requests that the Court preclude Ms. Pember from testifying to the alleged conversation with Mr. Shelton concerning Mr. Rabinowitz's "Academy Award performance."

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: April 17, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Memorandum in Support of Motion to Preclude the Government from Introducing the Hearsay Statements of E. Kirk Shelton (Forbes Third Trial Motion *in Limine* No. 18) to be filed electronically and to be served on April 17, 2006 to the following via e-mail:

>Norman Gross, Esq. (norman.gross@usdoj.gov)
>Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
>Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S. Simon