**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    Plaintiff,　　　　　　　　　　　　Case No.: 3:02 CR 264 (AHN)

    　　　v.

WALTER A. FORBES,
　　　　　　　　　　　　　　　　　　April 17, 2006
    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NON-PARTY CENDANT CORPORATION'S MEMORANDUM OF LAW
IN OPPOSITION TO MOTION OF WALTER A. FORBES FOR LEAVE
TO ISSUE A RULE 17(c) SUBPOENA TO CENDANT CORPORATION
(Forbes Third Trial Motion No. 8)**

                                            Francis J. Brady, Esq.-ct04296
                                            fbrady@murthalaw.com

                                            C. Donald Neville, Esq.-ct24001
                                            dneville@murthalaw.com

                                            Murtha, Cullina LLP
                                            CityPlace I - 185 Asylum Street
                                            Hartford, Connecticut 06103-3469
                                            Telephone:  (860) 240-6000
                                            Facsimile:  (860) 240-6150

                                            Patterson, Belknap, Webb & Tyler LLP
                                            Gregory L. Diskant ct13146 *(Visiting Attorney)*
                                            Saul B. Shapiro ct24713 *(Visiting Attorney)*
                                            Peter W. Tomlinson ct24714 *(Visiting Attorney)*
                                            1133 Avenue of the Americas
                                            New York, New York 10036-6710
                                            Telephone:  (212) 336-2000
                                            Facsimile:  (212) 336-2222

Non-party Cendant Corporation ("Cendant") respectfully submits this memorandum of law in opposition to the Motion of Defendant Walter A. Forbes For Leave to Issue a Rule 17(c) Subpoena to Cendant Corporation.

This motion is in direct violation of Judge Thompson's November 1, 2005 order, which this Court has now adopted. That order sets very specific steps that Defendant Forbes must follow before serving additional Rule 17(c) subpoenas on third parties. Each of the more than 65 requests in the latest subpoena that Defendant seeks leave to serve[1] was included in previous Rule 17(c) subpoenas Judge Thompson quashed on numerous occasions. Judge Thompson's order provided that, to the extent a proposed subpoena seeks materials covered by previous rulings, Defendant Forbes must move for reconsideration, setting forth the basis on which reconsideration is warranted. Rather than comply with that requirement, Defendant Forbes does nothing but repeat the very same arguments Judge Thompson previously rejected. Judge Thompson's prior rulings on these issues were correct and should be adopted for the re-trial.

## BACKGROUND

This motion is the latest installment of Defendant Forbes' relentless harassment of Cendant and its senior executives. To provide context to Defendant Forbes' motion, a brief recitation of the history of his discovery efforts is necessary.

---

[1] A copy of Defendant Forbes' proposed subpoena is attached as Exhibit A to his March 31, 2006 brief in support of his motion. (Docket # 2184-2)

During his first two trials, Defendant Forbes served literally hundreds of Rule 17(c) subpoenas seeking mountains of documents from dozens of third parties. Included in that avalanche of subpoenas were no fewer than seven subpoenas served on Cendant,[2] as well as numerous other Rule 17(c) subpoenas served on the company's outside counsel, its present and former employees, its former auditors, and numerous other persons associated with Cendant. Cendant produced millions of pages of documents in response to these Rule 17(c) subpoenas, including *its entire two million-plus page document production* from the civil litigation stemming from the accounting irregularities at the former CUC. The other targets of the subpoenas produced hundreds of thousands of additional pages of documents to Defendant Forbes. Simply put, Defendant Forbes has enjoyed a virtually unprecedented amount of discovery for a defendant in a criminal case, and far more than is required by the Federal Rules of Criminal Procedure.

Unsatisfied with this voluminous pre-trial information, Defendant Forbes has repeatedly pressed for more, forcing Cendant's counsel to engage in countless, lengthy meet-and-confer discussions and years of extensive motion practice. Cendant and its lawyers have had to file numerous motions to quash Rule 17(c) subpoenas served by Defendant Forbes during the first two trials. Despite the dogged persistence of Defendant Forbes' counsel over the past four years, Judge Thompson never ordered Cendant to produce any of the materials

---

[2]     Defendant Forbes' first seven subpoenas directed at Cendant (without exhibits) are attached hereto as Exhibits 1 - 7.

sought in the "new" subpoena he now seeks leave to serve.  Undaunted, Defendant Forbes is recycling for a third time the same arguments that Judge Thompson already rejected.

Defendant Forbes' abuse of Rule 17(c) subpoenas during the first two trials was so extreme that Judge Thompson put in place prophylactic measures to protect non-parties, such as Cendant, that bore the brunt of these tactics.  In ordering these procedures, Judge Thompson found that "Defendant Forbes' extensive use of Rule 17(c) subpoenas creates a case management concern" and that "[t]he process has been costly to the non-parties involved and burdensome to them and the court."  Nov. 1, 2005 Order at 10 - 11 (Docket # 1927) (attached as Exhibit 8 hereto).  To prevent future abuse of Rule 17(c) subpoenas, Judge Thompson directed defense counsel to certify, before issuing any additional Rule 17(c) subpoenas, that the subpoena is issued in good faith, that it calls for documents that would be admissible into evidence, and that it does not reiterate requests that had previously been quashed.  Id.  In addition, Judge Thompson provided that "to the extent Forbes wishes to reissue a Rule 17(c) subpoena for documents where the court has already quashed a prior subpoena demand that called for identical or substantially similar documents, he shall move for reconsideration of the court's order specifying the bases on which he believes reconsideration is warranted."  Id. at 12.  This Court recently reaffirmed "Judge Thompson's findings and order pertaining to the Defendant's excessive and improper use of Rule 17(c) subpoenas directed to third parties" and adopted these same requirements in connection with the retrial.  March 31, 2006 Order (Docket # 2195) (attached as Exhibit 9 hereto).  Ignoring

3

the orders of Judge Thompson and this Court, Defendant Forbes now seeks leave to serve again his Rule 17(c) subpoena.

## ARGUMENT

Defendant Forbes' motion should be denied for two independent reasons. First, although he concedes that *all of the requests in his proposed subpoena* have previously been quashed by Judge Thompson, he fails to meet the strict standards for a reconsideration motion under the law of this Circuit and as required by the Court's Order Regarding Defendant's Issuance of Rule 17(c) Subpoenas. Second, Judge Thompson's original decisions denying these requests were correct on the merits and should be affirmed in any event.

### I. DEFENDANT FORBES HAS FAILED TO MEET THE RIGOROUS STANDARDS FOR A MOTION FOR RECONSIDERATION.

Defendant Forbes begins his brief as follows:

> Mr. Forbes has previously served Cendant Corporation with requests substantially identical to those attached. Cendant moved to quash each of these requests, with the exception of the requests for originals discussed in Section C below.[3] Those motions were granted by Judge Thompson.

Brief at 1-2. Thus, Defendant Forbes effectively concedes that, pursuant to this Court's March 31 order, the proposed subpoena can issue only upon a successful motion "for reconsideration of the court's order specifying the bases on which he believes reconsideration

---

[3] As explained below, Cendant did not move to quash Defendant Forbes' requests for originals of various produced documents because those requests were not in dispute – Cendant did not have the actual originals of any of the specified documents in its possession, custody or control. Cendant still does not have any of these originals.

is warranted." Defendant Forbes ignores this requirement, failing completely to meet the standards for a motion for reconsideration.[4]

A motion for reconsideration must be based on some fact or controlling law that counsel believes the Court overlooked. See D. Conn. L. Civ. R. 7(c). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). See also LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (Nevas, J.) (purpose of reconsideration is "to correct manifest errors of law or fact or to consider newly discovered evidence") (internal quotations omitted), aff'd, 33 F.3d 50 (2d Cir. 1994).

In this motion, Defendant Forbes does not point to any change in the facts or the law that should alter Judge Thompson's prior decisions. Nor does he identify any fact or legal issue that was overlooked by Judge Thompson. Indeed, Defendant Forbes' brief does not cite a single case, rule or statute to support the conclusion that there was a mistake of law. He also cannot point to any fact that Judge Thompson overlooked. In effect, Defendant Forbes is simply asking this Court to take another look at the exact same arguments previously considered and rejected by Judge Thompson on multiple occasions. Deterring this type of duplicative litigation is precisely why motions for reconsideration are disfavored. By failing

---

[4] To the extent Defendant Forbes seeks to serve the proposed subpoena merely to preserve his appellate rights (see March 23, 2006 Tel. Conf. Tr. at 8), the record on appeal will be protected by the denial of this motion; service of the subpoena is unnecessary.

5

to adhere to the requirements of a motion for reconsideration, Defendant Forbes has failed to comply with this Court's Order Regarding Defendant's Issuance of Rule 17(c) Subpoenas, and his motion should accordingly be denied.[5]

## II. JUDGE THOMPSON'S DECISIONS DENYING EACH OF THESE REQUESTS WAS CORRECT ON THE MERITS.

The parties have extensively litigated all of the requests included in the "new" subpoena Defendant Forbes now seeks leave to serve on Cendant.  Indeed, Cendant has filed numerous briefs with detailed arguments explaining the impropriety of all of these requests.[6] And Judge Thompson repeatedly rejected Defendant Forbes' arguments and never ordered Cendant to produce any of these materials.  See, e.g., Nov. 5, 2005 Orders (Docket # 1934 and 1938) (attached hereto as Exhibits 10 and 11, respectively).  A chart of the requests in the proposed Rule 17(c) subpoena at issue in this motion with the corresponding requests from previously-quashed subpoenas is attached hereto as Exhibit 12.

---

[5] Defendant Forbes has also failed to file and serve the required signed certification as provided in the Order Regarding Defendant's Issuance of Rule 17(c) Subpoenas.

[6] See Sept. 23, 2005 Joint Memorandum of Law in Support of Cendant Corporation's and John H. Carley's Motions to Quash the Subpoenas Served by Defendant Walter A. Forbes (Docket # 1736); Oct. 19, 2005 Reply Joint Memorandum of Law in Further Support of Cendant Corporation's and John H. Carley's Motions to Quash the Subpoenas Served by Defendant Walter A. Forbes (Docket # 1870);  March 31, 2004 Non-Party Cendant Corporation's Memorandum of Law in Support of Its Motion to Quash the Third Rule 17(c) Subpoena (Docket # 571); May 6, 2004 Non-Party Cendant Corporation's Reply Memorandum of Law in Further Support of Its Motion to Quash the Third Rule 17(c) Subpoena (Docket # 684); April 7, 2003 Non-Party Cendant Corporation's Memorandum of Law Supplementing Its Motion to Quash the First Rule 17(c) Subpoena and In Support of Its Motion to Quash the Second Rule 17(c) Subpoena (Docket # 158); June 27, 2003 Non-Party Cendant Corporation's Reply Memo. of Law in Further Support of Its Motion to Quash the Rule 17(c) Subpoenas.

Defendant Forbes' brief in support of this motion contains an abbreviated version of the arguments he has made repeatedly over the years about the appropriate scope of Rule 17(c) subpoenas, and this opposition similarly contains a condensed version of Cendant's responses, which were accepted by Judge Thompson.  When analyzing the propriety of a Rule 17(c) subpoena, courts in the Second Circuit have consistently applied the four-part test articulated in United States v. Nixon, 418 U.S. 683 (1974), and placed the burden on the defendant seeking materials to establish:  "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'"  Nixon, 418 U.S. at 699-700.  Applying this standard, courts – including Judge Thompson during the previous trials – have emphasized that in order to be "evidentiary" under Nixon, the requested document must be "relevant and admissible."  See Tr. 2656 (attached as Exhibit 13, hereto); United States v. Cherry, 876 F. Supp. 547, 552 (S.D.N.Y. 1995) ("The weight of authority holds that in order to be procurable by means of a Rule 17(c) subpoena, materials must themselves be admissible evidence.")  In addition, a defendant cannot use a Rule 17(c) subpoena as a license to sift through huge amounts of materials with the "mere hope" that it might uncover some favorable evidence.  See United States v. Rich, S83 CR 579, 1984 WL 845, at *3 (S.D.N.Y. Sept. 7, 1984).

Measured against this familiar standard, Defendant Forbes' motion to serve the proposed subpoena upon Cendant should be denied.

Defendant Forbes' proposed subpoena contains 69 separate requests, which he breaks into four categories for purposes of this motion. We will discuss each in turn.

### A. Documents Relating To Legal Fees Advanced By Cendant On Behalf of Witnesses, As Well As Documents Relating To a 2005 Severance Agreement

Among those previously-quashed requests that Defendant Forbes seeks leave to re-serve are those relating to: (1) Cendant's advancement of legal fees to various witnesses and potential witnesses; and (2) former Cendant executive Scott Forbes' 2005 severance agreement.[7] These requests were properly quashed by Judge Thompson because none of them meets the standards of Nixon and its progeny.

#### 1. Documents Relating To Legal Fees

Defendant Forbes breaks his request for documents related to legal fees advanced to witnesses and potential witnesses into more than forty separate requests. (Request Nos. 1-43, 46-47) One type of request seeks "[a]ll documents describing or memorializing legal fees or expenses incurred by [certain former CUC employees]." (Request Nos. 1, 10) A second group of requests asks for "documents sufficient to identify any legal fees paid … for services rendered in connection with the 2004 trial" on behalf of various former Cendant employees

---

[7] As Cendant has repeatedly informed counsel for Defendant Forbes, there is no dispute with respect to requests for (1) documents relating to undertakings signed by various witnesses and potential witnesses in connection with Cendant's advancement of legal fees (Request Nos. 2, 4, 6, 8, 12, 15, 18, 21, 24, 27, 30, 33, 37, 40, 43); or (2) any agreements with various former-CUC employees (Request No. 48). Cendant has already produced all responsive documents in its possession, custody or control.

8

and directors.  (Request Nos. 11, 14, 17, 20, 23, 26, 29, 32, 35, 38, 41)  A third category of requests seeks documents about any refusal of Cendant to pay legal fees "for services rendered in connection with the 2004 trial" for various former Cendant employees and directors.  (Request Nos. 3, 5, 7, 9, 13, 16, 19, 22, 25, 28, 31, 34, 36, 39, 42)  And in case these sweeping requests did not catch everything related to legal fees, there is a catchall request seeking "all documents submitted by any of the witnesses identified above, or their counsel, in support of any request that Cendant pay the witness's legal fees."  (Request No. 46)  All of these requests stem from the fact that Cendant – as required by the company's by-laws and Delaware law – has advanced legal fees to various former officers and directors, some of whom testified at the first two trials.

      Defendant Forbes seeks these materials as part of his tired argument that Cendant and its senior executives are biased against him and that the advancement of legal fees to witnesses somehow supports that theory.  But Judge Thompson has already rejected the notion that "Cendant's bias" has any bearing on this case.  See Nov. 5, 2005 Order at 9 (Docket # 1938) (attached hereto as Exhibit 11) ("[I]t is not apparent how evidence of 'Cendant's bias,' separate and apart from the bias of an individual witness, would be relevant or admissible.")  After years of motion practice about the propriety of discovery regarding legal fees advanced by Cendant, the end result was Judge Thompson's ruling in connection with the second trial that *the only information* Defendant Forbes is entitled to is the total amount of legal fees and expenses Cendant advanced to cooperating witnesses like Cosmo Corigliano and Anne Pember.  Consistent with this ruling, counsel for Mr. Corigliano and Ms.

9

Pember provided defense counsel with a letter setting forth this information at the second trial. That procedure – established by Judge Thompson after extensive briefing and argument – provides Defendant Forbes with all of the information he needs and moots these 40 requests in his new proposed subpoena seeking irrelevant documents about the details surrounding the advancement of legal fees.

Even though Defendant Forbes had this information about legal fees in the previous trials, he *never* asked the relevant witnesses one question about this topic that he claims is so essential to his defense. This is no doubt because Judge Thompson ruled that if these witnesses were asked about legal fees advanced by Cendant, the government could introduce evidence that *Cendant has also advanced millions of dollars in legal fees to Defendant Forbes* – an amount far greater than those advanced for Mr. Corigliano or Ms. Pember and a fact that contradicts the suggestion that advancement of legal fees reflects bias on the part of Cendant or the witnesses. In sum, the procedure put in place by Judge Thompson provides Defendant Forbes with all of the relevant information about advancement of legal fees, and Defendant Forbes has not made any effort to show that Judge Thompson was wrong.

### 2. Documents Regarding Scott Forbes' 2005 Severance Agreement Are Irrelevant.

Defendant Forbes' requests for all materials related to any "benefits" provided to Scott Forbes upon his departure from Cendant and any agreement to indemnify him for legal fees incurred in connection with the retrial seek irrelevant and inadmissible information. See Request Nos. 44-45. Scott Forbes, a senior Cendant executive who testified at the first trial in

2004, left the company in 2005 and currently lives and works in London, England.[8]  Although Defendant Forbes does not address these particular requests in his motion, he presumably is seeking these documents as impeachment evidence.  That is an inadequate justification for production.  First, it is not clear that Scott Forbes – who did not testify at the second trial – will testify at the upcoming retrial.  If he does not testify, there is no justification for the production of materials relating to his severance agreement and its terms.  But even if he does testify, Defendant Forbes would not be entitled to this information about the terms of Scott Forbes' departure from the company <u>seven years</u> after the events alleged in the indictment took place.  Defendant Forbes has failed to establish that Judge Thompson's previous ruling quashing these precise requests was wrong.

### B.     Documents Related to Meetings and Other Interactions Between Cendant and the Government.

Attempting to resurrect a number of requests that were repeatedly denied by Judge Thompson in connection with the first two trials, Defendant Forbes includes 14 separate requests in his "new" subpoena seeking materials related to Cendant's communications and interactions with the government over the past seven years.  (Requests 49-62)  As with the issue of Cendant's advancement of legal fees, the parties have engaged in exhaustive motion practice during the first two trials about Defendant Forbes' entitlement to discovery regarding Cendant's communications with the government.  And once again, Judge Thompson has repeatedly refused to allow this type of inappropriate fishing expedition.

---

[8]     Scott Forbes is not related to Walter Forbes.

Judge Thompson's rulings were correct.  Mischaracterizing these interactions as "lobbying efforts" by Cendant, Defendant Forbes suggests in his motion that these meetings confirm Cendant's alleged bias against him.  But it should come as no surprise that, as the victim of a colossal crime involving accounting fraud, Cendant would offer whatever assistance it could to the government to ensure that those responsible are brought to justice.  Simply put, there is nothing sinister or untoward about cooperating with a government investigation.

In any event, these requests are unnecessary:  to the extent Cendant has provided any materials to the government, the government would be responsible for providing to Defendant Forbes whatever documents are called for under Brady, Giglio, or the Jencks Act.  Defendant Forbes cannot use a Rule 17(c) subpoena as an end-run to obtain additional information to which he is not entitled under the well-settled limitations on pre-trial disclosure in a criminal case.[9]  See United States v. Brown, 95 CR 168, 1995 WL 387698, at *9 (S.D.N.Y. June 30, 1995) (Rule 17(c) subpoena "cannot be used as a means of circumventing Rule 16's limits on discovery in a criminal case."); United States v. Beckford, 964 F. Supp. 1010, 1031 (E.D. Va. 1997) ("Rule 17(c) subpoena duces tecum is improper where it calls for the production of Brady, Jencks, or Giglio material.  That is because those materials are subject only to limited discovery pursuant to Fed. R. Crim. P. 16.")  Again, Defendant Forbes has not made any

---

[9] To the extent Cendant has internal documents relating to meetings with the government that were not provided to the government, they would be protected by the attorney-client privilege or work product doctrine, as counsel for Cendant was involved in all of these meetings.

12

showing that Judge Thompson's previous rulings quashing requests seeking discovery about Cendant's communications with the government were wrong.

### C.  Originals

Request Nos. 63-65 reiterate previous requests for originals of various company records. These requests are not in dispute. Cendant previously informed Defendant Forbes that it does not have originals of these documents in its possession, custody, or control. Cendant has not located originals of any of these records in the past year and therefore has no responsive documents.

### D.  E-mails of the Former HFS Executives

Request Nos. 66-69 call for virtually every single e-mail on any subject sent or received by certain former HFS executives. In particular, Requests 66 and 67 seek any e-mails sent or received by Henry Silverman, Michael Monaco, James Buckman or Scott Forbes between March 6 and March 10, 1998 relating in any way to Cendant. Requests 68 and 69 seek all e-mails sent or received by Messrs. Monaco or Scott Forbes between May 1, 1997 and April 15, 1998 from various former CUC employees relating in any way to Cendant.

Defendant Forbes incorrectly states that Cendant did not preserve or produce e-mails of the former HFS executives. To the contrary, Cendant spent significant time and resources resurrecting e-mails of the former HFS executives from back-up tapes, reviewed all of them, and produced all responsive e-mails responsive to scores of other specific requests included in various Rule 17(c) subpoenas served by Defendant Forbes. Defendant Forbes expresses his dissatisfaction with the volume of responsive e-mails and seeks leave to serve a new subpoena

13

that would force Cendant to review all of these e-mails again and produce e-mails with virtually no subject matter limitations. These requests containing virtually no subject matter limitations do not meet Rule 17(c) requirements. See <u>United States v. King</u>, 164 F.R.D. 542, 546 (D. Kan. 1996) ("Rule 17 was not intended to provide the defendant a mechanism by which to troll the waters of the sea's otherwise undiscoverable material in the small hope that something beneficial might rise to the surface.") Judge Thompson quashed Defendant Forbes' prior Rule 17(c) subpoena that contained these verbatim requests, and Defendant Forbes has failed to make any showing that this prior ruling was wrong.

## CONCLUSION

For all of the foregoing reasons, Cendant respectfully requests that Defendant Forbes' motion be denied.

CENDANT CORPORATION

By: /s/ Francis J. Brady
Francis J. Brady – ct04296
fbrady@murthalaw.com
C. Donald Neville – ct42001
dneville@murthalaw.com

Murtha Cullina LLP
City Place I, 185 Asylum Street
Hartford, Connecticut  06103
Telephone: (860) 240-6000
Fax:  (860) 240-6150
Its Attorneys

*Of Counsel:*

PATTERSON, BELKNAP, WEBB &
  TYLER LLP
Gregory L. Diskant – ct13146
gldiskant@pbwt.com
Saul B. Shapiro – ct24713
sbshapiro@pbwt.com
Peter W. Tomlinson – ct24714
pwtomlinson@pbwt.com
1133 Avenue of the Americas
New York, New York  10036
(212) 336-2000

CERTIFICATE OF SERVICE

      I hereby certify that on April 17, 2006, a copy of the foregoing Non-party Cendant Corporation's Memorandum of Law in Opposition to the Motion of Defendant Walter A. Forbes For Leave to Issue a Rule 17(c) Subpoena to Cendant Corporation was filed electronically to all parties of record. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. In addition, a copy has been mailed to the following, via First Class U.S. Mail:

<u>Counsel For The U.S. Government</u>
Michael Martinez, Esq.
Norman Gross, Esq.
United States Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07101

<u>Counsel For Walter A. Forbes</u>
Barry S. Simon, Esq.
Brendan V. Sullivan, Jr., Esq.
Margaret A. Keeley, Esq.
Williams & Connolly
725 12th St., N.W.
Washington, DC 20005-5901

James T. Cowdery, Esq.
Thomas J. Murphy, Esq.
Cowdery, Ecker & Murphy
750 Main St., Suite 910
Hartford, CT 06103-4477

                                                 /s/ Francis J. Brady
                                                 Francis J. Brady

880286