# EXHIBIT 2

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

# United States District Court

DISTRICT OF _____

CONNECTICUT

United States of America

**v.**

Walter A. Forbes and
E. Kirk Shelton

## SUBPOENA IN A CRIMINAL CASE

CASE NUMBER:

3:02CR00264 (AWT)

TO:  Custodian of Records
Cendant Corporation
c/o Peter K. Tomlinson, Esquire
Patterson, Belknap, Webb & Tyler, LLP
1113 Avenue of the Americas
New York, NY  10036-6710

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| U.S. Courthouse<br>450 Main Street<br>Hartford, Connecticut 06103 | South Courtroom |
| | DATE AND TIME<br>April 15, 2003<br>9:30 a.m. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See attached schedule.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT<br>KEVIN F. ROWE | DATE |
|---|---|
| (By) Deputy Clerk | February 13, 2003 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER

| Robert M. Cary<br>Williams & Connolly LLP<br>725 12th Street, N.W.<br>Washington, D.C.  20005<br>(202) 434-5000<br>Attorney for Defendant Walter A. Forbes | Martin J. Auerbach<br>757 Third Avenue<br>11th Floor<br>New York, NY  10017<br>(212) 759-3300<br>Attorney for Defendant for E. Kirk Shelton |

# SCHEDULE OF DOCUMENTS TO BE
# PRODUCED BY CENDANT CORPORATION
# (SECOND RULE 17(c) SUBPOENA)

## DEFINITIONS AND INSTRUCTIONS

a.  This subpoena calls for documents generated on or after January 1, 1983.

b.  If any document or other item requested is not produced but is withheld on a claim of privilege, identify the document by providing the date of its preparation, the name of the person(s) preparing and receiving it, the subject matter of the document, and the identity of each person to whom a copy of the document or item has been delivered, or to whom disclosure of the document or item was made, either orally or in writing.

c.  The term "all" shall mean any and all.

d.  The term "and" shall mean "or" as well as "and" to bring within the scope of the description all documents that otherwise might be construed to be outside the description of documents to be produced.

e.  The term "any" shall mean any and all.

f.  The term "Cendant Entity" shall mean Cendant Corporation, all parents and predecessors of Cendant Corporation, CUC International, Inc., all parents and predecessors of CUC International, Inc., HFS, Inc., all parents and predecessors of HFS, Inc., all entities in which Cendant Corporation or a parent or predecessor of Cendant Corporation owns or owned, directly or indirectly, more than 50 percent of the shares or other interests in the entity, all entities in which CUC International, Inc., or a parent or predecessor of CUC International, Inc., owns or owned, directly or indirectly, more than 50 percent of the shares or other interests in the entity, any entity in which HFS, Inc., or a parent or predecessor of HFS, Inc., owns or owned, directly or indirectly, more than 50 percent of the shares or other interests in the entity, any director of any of the foregoing entities, the board of directors of any of the foregoing entities, any committee or subcommittee of the board of directors of any of the foregoing entities, any officer of any of the foregoing entities, any employee of any of the foregoing entities, any attorney or law firm representing any of the foregoing entities with respect to the subject matter of this subpoena, any accounting firm retained by any of the foregoing entities with respect to the subject matter of this subpoena, any public relations firm retained by any of

the foregoing entities with respect to the subject matter of this subpoena, any communications firm retained by any of the foregoing entities with respect to the subject matter of this subpoena, and any other agent of any of the foregoing entities.

g.  The term "communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including but not limited to, face-to-face conversations, meetings, presentations, telephone conversations, letters, memos, notes and other correspondence, agreements, reports, filings and the transmittal of information by way of computer such as e-mails.

h.  The term "concerning" shall mean relating to, referring to, describing, reflecting, regarding, evidencing, memorializing or constituting.

i.  The term "document" shall mean any and all books, papers, letters, correspondence, reports, memoranda, studies, calendars, appointment books, diaries, notes, messages, computer facilitated or transmitted materials, images, photographs, polaroids, information in any computer database, audio and video tapes, recordings, transcripts, ledgers, printouts, contracts, checks, receipts and all copies or portions thereof, and any other written, recorded, or memorialized material of any nature whatsoever.

j.  The term "Investigation" shall mean any investigation concerning, in whole or in part, Accounting or Auditing at any Cendant Entity.

k.  The term "or" shall mean "and" as well as "or" to bring within the scope of the description all documents that might otherwise be construed to be outside the description of documents to be produced.

l.  The past tense shall include the present tense and *vice versa* so as to bring within the scope of the description all documents that might otherwise be construed to be outside the scope of the description of documents to be produced.

m.  The plural shall include the singular and *vice versa* so as to bring within the scope of the description all documents construed to be outside the scope of the description of documents to be produced.

n.  The term "Potential Witness" shall mean any name listed as a potential witness in Exhibit A hereto.

## DESCRIPTIONS OF DOCUMENTS TO BE PRODUCED

1. All documents concerning any agreements between any Potential Witness and any Cendant Entity. This includes, but is not limited to, any such employment agreement, severance agreement, golden parachute agreement, change of control agreement, and indemnity agreement.

2. All documents concerning negotiations over agreements or potential agreements between any Potential Witness and any Cendant Entity. This includes, but is not limited to, all offers, counteroffers, proposals, counterproposals and drafts concerning any such agreement or potential agreement.

3. All documents concerning any compensation any Potential Witness received from any Cendant Entity, any compensation any Potential Witness may receive from any Cendant Entity in the future, and any potential compensation from any Cendant Entity for which any Potential Witness was potentially eligible, even if he or she did not in fact receive such compensation. This includes, but is not limited to, all Forms W2, all Forms 1099, all paycheck stubs, all statements reflecting any bonus and all other statements reflecting compensation or potential compensation of any kind to any Potential Witness from any Cendant Entity.

4. All documents concerning any stock options any Potential Witness was granted by any Cendant Entity, any stock options that any Cendant Entity may grant to any Potential Witness in the future, or any stock options from any Cendant Entity for which any Potential Witness was potentially eligible, even if he or she did not in fact receive such stock options. This request includes, but is not limited to, any summary of stock options granted to any Potential Witness by any Cendant Entity.

5. All documents concerning any retirement plan or retirement benefits provided to any Potential Witness by any Cendant Entity, any retirement benefits that any Cendant Entity may provide to any Potential Witness in the future or any retirement benefits from any Cendant Entity for which any Potential Witness was potentially eligible, even if he or she did not in fact receive them.

6. All documents concerning any stock granted to any Potential Witness by any Cendant Entity, any stock that may be granted to any Potential Witness by any Cendant Entity in the future or any stock from any Cendant Entity for which any Potential Witness was potentially eligible, even if he or she did not in fact receive such stock.

7. All documents concerning any benefits any Potential Witness has received from any Cendant Entity, any benefits any Potential Witness may receive from

3

any Cendant Entity in the future or any benefits from any Cendant Entity for which any Potential Witness was potentially eligible, even if he or she did not in fact receive such benefits, except for documents exclusively concerning medical or dental benefits or life insurance coverage available to all employees of the applicable Cendant Entity.

8.  All documents concerning any evaluations or performance reviews of any Potential Witness arising from or concerning his or her employment with any Cendant Entity.

9.  All documents concerning the personnel file of any Potential Witness at any Cendant Entity except for documents exclusively concerning medical or dental benefits or life insurance coverage available to all employees of the applicable Cendant Entity.

10.  All documents concerning any disciplinary actions arising from or concerning the employment of any Potential Witness by any Cendant Entity.

11.  All documents concerning any conviction, arrest or criminal record of, and any criminal charge brought against any Potential Witness

12.  All documents concerning any action taken against or threatened to be taken against any Potential Witness by the Government.

13.  All documents concerning any filings with the U.S. Securities and Exchange Commission concerning any Potential Witness, except for such filings themselves that are available to the public. This includes, but is not limited to, drafts of Forms 3, Forms 4 and Forms 5 concerning any Potential Witness.

14.  All calendars, diaries, daytimers, appointment books or similar documents maintained by or on behalf of or concerning any Potential Witness through July 30, 1998.

15.  All telephone records of Cosmo Corigliano, Anne Pember, Casper Sabatino, Steven Speaks, Kevin Kearney, Mary Sattler and Stuart Bell for the entire time period of the subpoena.

16.  All telephone records of any Potential Witness other than Cosmo Corigliano, Anne Pember, Casper Sabatino, Steven Speaks, Kevin Kearney, Mary Sattler or Stuart Bell during the period from January 1, 1995 through December 31, 1998.

17.  All documents concerning travel by Cosmo Corigliano, Anne Pember, Casper Sabatino, Steven Speaks, Kevin Kearney and Stuart Bell for the entire time period of the subpoena.

4

18. All documents concerning travel by any Potential Witness other than Cosmo Corigliano, Anne Pember, Casper Sabatino, Steven Speaks, Kevin Kearney, Mary Sattler or Stuart Bell from January 1, 1995 through July 30, 1998.

19. The documents listed in Exhibit B.

20. All electronic data concerning computers belonging to or used by Kevin Kearney.

21. All documents reflecting Cendant's policies concerning the retention, destruction or discarding of documents. This includes, but is not limited to, all documents reflecting Cendant's policies concerning the retention, destruction or discarding of electronic data.

22. All documents reflecting Cendant's policies concerning the retention, destruction or discarding of computer equipment.

23. All documents reflecting the disposition of the devices described in Call 81 of the November 28, 2001 subpoena to the Cendant Corporation.

24. All files concerning Walter A. Forbes. This includes, but is not limited to, all files at Archives Management, Inc. and Iron Mountain concerning Walter A. Forbes.

25. All files concerning E. Kirk Shelton. This includes, but is not limited to, all files at Archives Management, Inc. and Iron Mountain concerning E. Kirk Shelton.

26. All files concerning Cosmo Corigliano, Anne Pember, Casper Sabatino, Steven Speaks, Kevin Kearney, Mary Sattler and Stuart Bell. This includes, but is not limited to, all files at Archives Management, Inc. and Iron Mountain concerning Cosmo Corigliano, Anne Pember, Casper Sabatino, Steven Speaks, Kevin Kearney, Mary Sattler and Stuart Bell.