UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>-against-<br>WALTER A. FORBES,<br>     Defendant. | Case No.: 3:02 CR 264 (AWT) |

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY
ANNE M. PEMBER'S MOTION TO QUASH THE SIXTH AND SEVENTH
RULE 17(c) SUBPOENAS OF DEFENDANT WALTER A. FORBES**

  Anne M. Pember respectfully submits this memorandum of law in support of her motion, pursuant to Fed. R. Crim. P. 17(c), to quash the latest two subpoenas *duces tecum* served upon her by defendant Walter A. Forbes, dated August 17, 2005, and September 13, 2005, respectively.[1]

  Of the 36 categories of documents sought in Mr. Forbes's latest subpoenas, 33 are duplicative of requests made in subpoenas that were previously quashed by this Court. And, as Mr. Forbes has already acknowledged, no basis exists for revisiting the Court's prior rulings. With respect to the remaining three categories, no live controversy exists because one category calls for documents that do not exist,[2] another calls for documents already provided to the government (who in turn intends to provide the documents to Mr. Forbes),[3] and the last category

---

[1] Copies of the subpoenas are attached as Exhibits 1 and 2 to this memorandum.

[2] *See* Paragraph 2 of Exhibit 1 (calling for documents sufficient to identify any retainers on deposit with Lankler Siffert & Wohl LLP or any predecessor in interest).

[3] *See* Paragraph 1 of Exhibit 1 (calling for quarterly reports filed with the SEC since March 31, 2004).

calls for information that (to the extent it was not previously denied by the Court) counsel for Ms. Pember has already agreed to provide.[4]

Accordingly, in light of the Court's prior rulings, Ms. Pember's motion to quash the most recent round of subpoenas served upon her by Mr. Forbes should be granted.

## FACTUAL BACKGROUND

As the Court knows, Ms. Pember testified as a government witness at the joint trial of Mr. Forbes and Kirk Shelton (the "Forbes/Shelton Trial"). Prior to and during the Forbes/Shelton Trial, the defendants served Ms. Pember with five Rule 17(c) subpoenas.[5] Two of those subpoenas (*i.e.*, the Second and Fourth Forbes/Shelton Subpoenas, which collectively sought 35 categories of documents) were ultimately withdrawn by the defendants; another two (*i.e.*, the First and Fifth Forbes/Shelton Subpoenas, which collectively sought 91 categories of documents) were quashed by this Court in their entirety upon Ms. Pember's motion, *see* 5/13/04 Tr. at 596; 5/17/04 Tr. at 830; 6/1/04 Tr. at 2659;[6] and the remaining subpoena (*i.e.*, the Third Forbes/Shelton Subpoena, which sought 32 categories of documents) was quashed except to the extent that it sought calendar notations by Ms. Pember that reflected meetings with the government or Cendant. *See* 5/20/04 Tr. at 1531.[7]

---

[4] *See* Paragraph 3 of Exhibit 1 (calling for, among other things, documents sufficient to identify all meetings or conversations between Ms. Pember and the government since June 9, 2004).

[5] Specifically, the defendants served a subpoena dated November 21, 2001, seeking 88 categories of documents (the "First Forbes/Shelton Subpoena"); a subpoena dated February 12, 2003, seeking 12 categories of documents (the "Second Forbes/Shelton Subpoena"); a subpoena dated March 19, 2004, seeking 32 categories of documents (the "Third Forbes/Shelton Subpoena"); a subpoena dated May 25, 2004, seeking 3 categories of documents (the "Fourth Forbes/Shelton Subpoena"); and a subpoena dated May 25, 2004, seeking 3 categories of documents (the "Fifth Forbes/Shelton Subpoena").

[6] "[Date] Tr." refers to the transcript of the trial in *United States of America v. Walter Forbes and E. Kirk Shelton*, No. 3:02CR264 (AWT) on the date indicated.

[7] For the convenience of the Court, the previously quashed Forbes/Shelton Subpoenas are attached to this motion as Exhibits 3, 4 and 5, respectively.

On August 18, 2005, Mr. Forbes served Ms. Pember with yet another subpoena, dated August 17, 2005, seeking ten categories of documents (the "Sixth Forbes Subpoena") (Exhibit 1). In a subsequent telephone conference initiated by counsel for Ms. Pember, counsel for Mr. Forbes acknowledged that certain categories of documents sought by the Sixth Forbes Subpoena were duplicative of one or more of the previously quashed Forbes/Shelton Subpoenas.[8] Counsel further confirmed that Mr. Forbes was not seeking to reargue the Court's prior rulings, but was instead seeking to ensure that Mr. Forbes's unsuccessful demand for various documents was preserved with respect to the current trial. Counsel for Mr. Forbes advised us that we could consider the duplicative paragraphs in the Sixth Forbes Subpoena to have been withdrawn, that a new (and broader) subpoena would be issued for the purpose of preserving the record with respect to previously sought documents, and that the return date of the Sixth Subpoena would be adjourned to coincide with the return date of the next subpoena.[9]

On September 14, 2005, Mr. Forbes made good on his promise to serve Ms. Pember with another subpoena. That subpoena is dated September 13, 2005, and calls for the production of 26 categories of documents (the "Seventh Forbes Subpoena") (Exhibit 2). In a cover letter accompanying the Seventh Forbes Subpoena, counsel for Mr. Forbes confirmed that Mr. Forbes understands "that the Court previously quashed the subpoenas which included these (or similar) requests," and that Mr. Forbes was "serving new subpoenas because we wish to ensure that each of these subpoena demands is preserved with respect to the current trial." (Letter of Margaret A. Keeley to Helen Gredd dated September 14, 2005) (Exhibit 2).

---

[8] The categories that were acknowledged by counsel for Mr. Forbes to be duplicative of previously quashed subpoenas are contained in Paragraphs 5 through 7 and Paragraph 9 (to the extent it pertains to the period prior to the commencement of the Forbes/Shelton trial). In fact, as discussed below, the overlap between the Sixth Forbes Subpoena and previously quashed subpoenas is even broader. All but the first three paragraphs of the Sixth Forbes Subpoena constitute a reiteration of previously denied requests, and the first three fail to present a live controversy.

[9] In this regard, counsel for Mr. Forbes explained that the duplicative paragraphs in the Sixth Forbes Subpoena had been included in error and should instead have been part of the new, broader subpoena.

3

In light of the Court's prior rulings, Ms. Pember's motion to quash the latest round of subpoenas served upon her by Mr. Forbes should be granted.

## ARGUMENT

A.  The Seventh Forbes Subpoena

As Mr. Forbes acknowledged in his cover letter accompanying the Seventh Forbes Subpoena, all of the requests in the Seventh Subpoena simply reiterate requests previously denied by the Court during the Forbes/Shelton Trial. As counsel's letter further suggests, and as counsel in any event confirmed in a telephone conference with the undersigned, Mr. Forbes is not seeking reconsideration of the Court's prior rulings with respect to the subpoenas served upon Ms. Pember. Nor, of course, would there be any basis for seeking reconsideration. There has been no change in the applicable law or the relevant facts since this Court's decisions quashing the subpoenas previously served upon Ms. Pember. Accordingly, in light of the Court's prior rulings, Ms. Pember's motion to quash the Seventh Forbes Subpoena should be granted.[10]

B.  Paragraphs Four through Ten of the Sixth Forbes Subpoena

Paragraphs Four through Ten of the Sixth Forbes Subpoena likewise do no more than reiterate previously rejected demands. Mr. Forbes has acknowledged as much with respect to Paragraphs Five through Seven and Nine.[11] The same is true with respect to Paragraphs Four, Eight and Ten.

---

[10] In so moving, Ms. Pember respectfully incorporates by reference all arguments made in support of her motions to quash the First, Third and Fifth Forbes/Shelton Subpoenas.

[11] *See* n. 8, *supra*.

4

1. Paragraph Four

Paragraph Four of the Sixth Forbes Subpoena seeks all communications with the Connecticut State Board of Accountancy regarding the revocation of Ms. Pember's status as a Certified Public Accountant. That demand, however, is simply a subset of the previously quashed demand for "[a]ll documents concerning your membership in any professional organization, such as the American Institute of Certified Public Accountants….[i]nclud[ing]… but…not limited [to], documents concerning…any disciplinary action taken against You or threatened to be taken against You by any professional organization." (First Forbes/Shelton Subpoena (Exhibit 3) ¶ 49). Moreover, Mr. Forbes's reiteration of this demand is nothing short of mystifying given that Ms. Pember readily acknowledged in her testimony at the Forbes/Shelton Trial that her license as a CPA had been revoked. *See* 5/26/04 Tr. at 2325-26; 6/3/04 Tr. at 3098.

2. Paragraph Eight

Paragraph Eight of the Sixth Forbes Subpoena seeks "[d]ocuments sufficient to identify legal fees paid on your behalf by Cendant Corporation for services rendered in connection with the 2004 trial of Walter A. Forbes and E. Kirk Shelton." That request, as well, simply recycles previously quashed demands for billing records. *See* First Forbes/Shelton Subpoena (Exhibit 3) ¶ 45 ("[a]ll documents concerning any benefits You have received from Cendant"); Seventh Forbes Subpoena (Exhibit 2) ¶ 23 (preserving previously rejected demand for "[a]ll billing records concerning work performed on your behalf that were provided to Cendant Corporation").

In connection with the First Forbes/Shelton Subpoena, counsel for Mr. Forbes confirmed that Paragraph 45 of the First Forbes/Shelton Subpoena sought any billing records provided to Cendant, and that issue was fully briefed for the Court prior to its decision granting Ms. Pember's motion to quash the First Forbes/Shelton Subpoena. In connection with that Subpoena,

5

we offered to provide Mr. Forbes with a letter stating the total amount of legal fees and expenses that had been advanced to Ms. Pember by Cendant. If the Court finds that information relevant to any issue in the upcoming trial, we are once again prepared to provide a letter stating the total fees and expenses advanced to date. Given, however, that counsel for Mr. Forbes has confirmed that his latest subpoenas nonetheless seek (yet again) additional billing information, we are constrained to move (yet again) to quash the subpoenas.

3. <u>Paragraph Ten</u>

Finally, Paragraph Ten of the Sixth Forbes Subpoena – which seeks "[d]ocuments describing or memorializing any communications with the government since June 9, 2004 concerning your plea agreement, including but not limited to your potential sentence under the agreement, and the timing of your sentencing date" – is simply a continuation of Mr. Forbes's previously quashed demands for "documents evidencing or constituting negotiations, discussions or other communications between You (or your representative) and any representative of the United States regarding any plea or cooperation agreement involving You" (Fifth Forbes/Shelton Subpoena (Exhibit 4) ¶ 1); for "all documents *relating to* any written agreements between you and the government" (Third Forbes/Shelton Subpoena (Exhibit 5) ¶ 11) (emphasis added); and for "all documents relating to any oral communications between you and government regarding a plea or other agreement" (Third Forbes/Shelton Subpoena (Exhibit 5) ¶ 19).

Mr. Forbes long ago received copies of any agreements between Ms. Pember and the government. In addition, in connection with the latest round of subpoenas, we specifically advised counsel for Mr. Forbes that no new agreements have been entered into with the government since June 9, 2004. Given, however, that counsel for Mr. Forbes has confirmed that his latest subpoenas nonetheless seek (yet again) the internal records of this law firm regarding

6

communications with the government and/or our client, we are constrained to move (yet again) to quash the subpoenas.

C.  Paragraphs One through Three of the Sixth Forbes Subpoena

The remaining three paragraphs in the latest round of subpoenas served by Mr. Forbes – Paragraphs One through Three of the Sixth Forbes Subpoena – present no live dispute because the paragraphs call for documents that are either nonexistent or already available to Mr. Forbes.

Thus, with respect to Paragraph One, calling for all quarterly reports filed with the SEC since March 31, 2004, any such reports have been provided to the government, and it is our understanding that the government is willing to provide those reports to the defense, as in fact it did in connection with the Forbes/Shelton Trial.[12]

Similarly, with respect to Paragraph Two, calling for documents sufficient to identify any retainer on deposit with Lankler Siffert & Wohl LLP or any predecessor in interest of that law firm, counsel for Mr. Forbes has been advised that no such documents exist because no retainer is on deposit with our firm.

Finally, with respect to Paragraph Three, calling for documents sufficient to identify all meetings or conversations with the government since June 9, 2004, counsel for Mr. Forbes has been advised that, in light of the Court's prior ruling denying Mr. Forbes's request except to the limited extent it sought calendar notations maintained by Ms. Pember, we will provide Mr. Forbes with a letter listing the dates on which Ms. Pember has met with, or spoken to, the Government since June 9, 2004,[13] but we are once again moving to quash his much broader

---

[12] In our telephone conference regarding the Sixth Forbes Subpoena, counsel for Mr. Forbes agreed that if he received the quarterly reports from the government, it would moot the issue.

[13] As we advised counsel for Mr. Forbes, we are providing the information in letter form in order to obviate the need to borrow the Pember family's kitchen calendar a second time. Counsel for Mr. Forbes has, in turn, advised us that he is willing to accept a letter listing the dates in lieu of photocopies of the Pember family's kitchen calendar.

7

request – which seeks documents identifying the dates of, among other things, any telephone conversations counsel may have with any representative of the government.

## CONCLUSION

For the reasons stated, and for the reasons offered in support of her previous motions to quash, Ms. Pember's motion to quash the Sixth and Seventh Forbes Subpoenas should be granted.

Dated: September 22, 2005

Respectfully submitted,

Anne M. Pember

By: _/s/ Helen Gredd_

Helen Gredd (ct24506)
Daniel E. Reynolds (ct24507)
LANKLER SIFFERT & WOHL LLP
500 Fifth Avenue
New York, New York 10110
(212) 921-8399

and

Alfred U. Pavlis (ct08603)
DALY & PAVLIS LLC
107 John Street
Southport, CT 06490
(203) 255-6700

Attorneys for Anne M. Pember

8

CERTIFICATE OF SERVICE

I hereby certify that a copy the foregoing Memorandum of Law in Support of Non-Party Anne M. Pember's Motion to Quash the Sixth and Seventh Rule 17(c) Subpoenas of Defendant Walter A. Forbes was sent via Federal Express on this the 22nd day of September, 2005 to the counsel of record indicated below.

Daniel E. Reynolds

Barry S. Simon
Residence Inn
942 Main Street
Hartford, CT 06103

Barry S. Simon
Williams & Connolly
725 12th St., N.W.
Washington, DC 20005-5901

Michael Martinez
Craig Carpenito
US Attorney's Office
970 Broad St. Suite 700
Newark, NJ 07102