UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :No. 3:02CR264(AWT)
                                 :
        vs.                      :
                                 :
WALTER A. FORBES,                :
                                 :HARTFORD, CONNECTICUT
            Defendant            :OCTOBER 24, 2005
                                 :
- - - - - - - - - - - - - - - - x
```

JURY TRIAL

VOLUME V

BEFORE:

  HON. ALVIN W. THOMPSON, U.S.D.J.,

  and a Jury of 12

       Diana Huntington, RDR
       Corinna F. Thompson, RPR
       Official Court Reporters

db160d2c-1494-4f5c-9579-515e1fb94317

Page 863

```
12:19:36
12:20:00
12:20:04
12:20:04
12:20:05

12:20:10

12:20:13
12:20:22
12:20:58
12:21:01

12:21:12
```

1  that the testimony you've just heard and may be about to
2  hear as to this witness's beliefs, understanding, intent
3  or state of mind may be considered only with respect to
4  the question of whether a conspiracy existed among two or
5  more people to fraudulently inflate financial results
6  during the period between the late 1980s and April 1998.
7       You may not consider this testimony at all with
8  respect to the question of whether Mr. Forbes was a
9  knowing and willful participant in the alleged conspiracy,
10 or whether Mr. Forbes knowingly and willfully engaged in
11 any wrongdoing.
12      Everybody follow that?
13 BY MR. CARPENITO:
14 Q.  Ms. Pember --
15      THE COURT: Actually, I have one thing I want to
16 discuss so maybe I'll let the jury --
17      MR. CARPENITO: It would be a good time, Your
18 Honor.
19      THE COURT: -- take its break early.
20      (Whereupon, the jury left the courtroom.)
21      THE COURT: Please be seated everyone.
22      I didn't realize we'd get through Mr. Monaco
23 this morning, not that I'm complaining.
24      But I did want to report that I do have a Motion
25 to Quash that was filed by counsel for Ms. Pember that

Page 864

```
12:21:51

12:21:58

12:22:15

12:22:30

12:22:33

12:22:43

12:23:00
```

1  deals with the 6th and 7th subpoenas.
2       I'm granting the Motion to Quash subject to
3  certain conditions.
4       With respect to Call Number 8, subject to the
5  condition that the defense is provided the letter that is
6  referred to in Ms. Pember's papers.
7       With respect to Call Number 1, subject to my
8  understanding that the government has provided or is
9  providing the documents referred to in Ms. Pember's
10 papers.
11      MS. KEELEY: Yes, Your Honor, the government
12 has.
13      THE COURT: With respect to Call Number 2, based
14 on the representation by Ms. Pember's counsel that no such
15 documents exist.
16      And with respect to Call Number 3, based on the
17 representation that Ms. Pember's counsel has or will
18 provide -- has provided or will provide a letter listing
19 the pertinent dates since June 9, 2004.
20      The other thing I just wanted to mention is that
21 the last -- I guess I should say in a prior proceeding
22 when this witness testified, there was an issue we got
23 into in terms of attorney/client privilege. If we're
24 going to get near that, I want advance notice before it
25 happens so I can discuss it with folks.

Page 865

```
12:23:31
12:23:39

12:23:45
12:23:49

12:24:20

12:24:35

12:24:49
```

1       I think -- yes, Ms. Keeley?
2       MS. KEELEY: Your Honor, two issues I would have
3  raised if I realized Mr. Monaco would have been completed
4  so quickly.
5       One is the issue of 801(d)(2)(E) coming in.
6       Last time I believe the government flagged
7  places where they expected to draw out 801(d)(2)(E)
8  evidence. I don't want to interrupt the government's
9  examination. Obviously with this witness, there is going
10 to be a lot of conversations that she testifies to which
11 would be hearsay, save for 801(d)(2)(E), and the Court
12 will need to make a finding down the road.
13      It's our view we shouldn't need to object to
14 that. It's the government's burden to flag those for the
15 Court rather than us constantly getting up and objecting
16 every time one of the alleged coconspirators is alleged to
17 have made a statement to Ms. Pember.
18      THE COURT: In every trial I presided over
19 except the last one, every time defense counsel wanted a
20 finding, they objected, and I'm reverting back to that. I
21 don't think the process that was suggested last time
22 worked very well.
23      So the government can offer its evidence. When
24 there's an objection, the objection can be made and then
25 the government can indicate what its offering the evidence

Page 866

```
12:25:15

12:25:23
12:25:25
12:25:27

12:25:45
12:25:47

12:26:12

12:26:26
```

1  pursuant to, and if I don't believe, for instance, that
2  their putting something in where I think I would be able
3  to make a finding, I will pull them up short.
4       But to the extent you're proposing something
5  akin to what we followed last time, I found that procedure
6  to be unacceptable.
7       MS. KEELEY: I'll object each time then, Your
8  Honor.
9       In addition, I don't know if Ms. Pember --
10      THE COURT: I guess I would say my notes
11 indicate that the first time I've had something that I
12 have to make a Geaney finding on was today. So if counsel
13 have other recollections, please let me know.
14      MS. KEELEY: We'll let you know, Your Honor.
15      The second issue is Ms. Pember last time
16 testified about some pre-1995 accounting issues. As the
17 Court knows, we have several motions in limine pending on
18 that. I would ask that I can have a continuing objection
19 to any testimony about accounting issues pre-1995 without
20 having to get up and interrupt counsel's direct
21 examination each time those issues are raised.
22      THE COURT: I guess I'm reluctant to give a
23 blanket continuing objection because I'm not sure what
24 will later be said is covered by that.
25      I'll think about how to handle that, but for