UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:02CR264 (AHN) |
| v. ) | |
| ) | April 17, 2006 |
| WALTER A. FORBES ) | |

**RENEWED MOTION OF DEFENDANT WALTER A. FORBES
TO PRECLUDE THE GOVERNMENT FROM PRESENTING
ANY EVIDENCE, CROSS-EXAMINATION, OR ARGUMENT
CONCERNING THE CENDANT CLASS ACTION SETTLEMENT
(Forbes Third Trial Motion In Limine No. 13)**

Walter A. Forbes, through undersigned counsel, respectfully moves in limine, pursuant to Fed. R. Evid. 401 and 403, to preclude the government from presenting any evidence, cross-examination, or argument concerning the settlement of a civil class action arising from alleged fraud at CUC and Cendant. The grounds for this motion are set forth in the accompanying memorandum of points and authorities.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
    Brendan V. Sullivan, Jr. (Bar No. ct17115)
    Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

Oral Argument Requested

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Renewed Motion of Defendant Walter A. Forbes to Preclude the Government from Presenting any Evidence, Cross-Examination, or Argument Concerning the Cendant Class Action Settlement (Forbes Third Trial Motion In Limine No. 13) to be filed electronically and to be served on April 17, 2006 to the following via e-mail:

>   Norman Gross, Esq. (norman.gross@usdoj.gov)
>   Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
>   Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S. Simon

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>WALTER A. FORBES )<br>)<br>) | No. 3:02CR264 (AHN)<br><br>April 17, 2006 |

**MEMORANDUM IN SUPPORT OF RENEWED MOTION
OF DEFENDANT WALTER A. FORBES TO PRECLUDE THE GOVERNMENT
FROM PRESENTING ANY EVIDENCE, CROSS-EXAMINATION, OR
ARGUMENT CONCERNING THE CENDANT CLASS ACTION SETTLEMENT
(Forbes Third Trial Motion In Limine No. 13)**

Walter A. Forbes, through undersigned counsel, respectfully submits this memorandum in support of his renewed motion in limine, pursuant to Fed. R. Evid. 401 and 403, to preclude the government from presenting any evidence, cross-examination, or argument concerning the settlement of a civil class action arising from alleged fraud at CUC and Cendant.

## BACKGROUND

In 1998, a civil class action was filed in the District of New Jersey against, inter alia, Cendant and Ernst & Young ("E&Y") arising from the disclosure of alleged accounting fraud at Cendant. See In re Cendant Corp. Sec. Litig., 109 F. Supp. 2d 235, 240 (D.N.J. 2000), aff'd, 264 F.3d 286 (3d Cir. 2001). In December 1999, Cendant announced a proposed settlement of the class action. 109 F. Supp. 2d at 258. The terms of the settlement included a

Oral Argument Requested

payment of $2.85 billion to the class plaintiffs. Id. at 239. E&Y also reached a settlement with the class plaintiffs. On August 15, 2000, the U.S. District Court for the District of New Jersey approved the settlement. Id.

Prior to the 2004 trial, Mr. Forbes filed a motion in limine to preclude the government from presenting any evidence concerning the settlement of the Cendant class action litigation. See Docket Nos. 596, 597 (filed 4/2/04). In response, the government represented that it would not elicit any testimony on this subject in its case in chief. See Docket No. 645 (filed 4/23/04) at 2. The Court denied the motion as moot, see Tr. (5/10/04) at 5, and none of the parties made any reference to this issue during the trial.

Mr. Forbes renewed his motion in limine prior to the 2005 trial, see Docket No. 1681 (filed 9/2/05). The government again represented that it did not intend to elicit any testimony concerning the Cendant class action settlement (unless Mr. Forbes opened the door to such evidence), see Docket No. 1750, and the Court again denied the motion as moot, see Docket No. 1849. Neither Mr. Forbes nor the government made any reference to the class action settlement at the 2005 trial.

On March 27, 2006, counsel for Mr. Forbes inquired whether the government stood by its prior representation that it would not elicit any testimony concerning the class action settlement. The government refused to do so, thus necessitating the present motion.

## ARGUMENT

I.  **THE CLASS ACTION SETTLEMENT IS NOT RELEVANT TO ANY ISSUE IN THIS CASE.**

The Court should preclude the government from presenting any evidence concerning the Cendant class action settlement under Fed. R. Evid. 401. The settlement of the Cendant class action litigation has no relevance to this case. It has no bearing on any element of the charged offenses and proves nothing with respect to Mr. Forbes.

The government may attempt to offer the Cendant class action settlement as purported evidence of the losses suffered by Cendant stockholders. As Mr. Forbes explained in his memorandum in support of Forbes Third Trial Motion In Limine No. 11, however, evidence of alleged shareholder losses should not be admitted at trial for a number of reasons. See Forbes Third Trial Motion In Limine No. 11 (incorporated by reference herein).[1]

Even if the Court were to determine that certain evidence of alleged shareholder losses were admissible at trial, evidence concerning the Cendant class action settlement should nevertheless be excluded. First, the fact of the settlement reveals nothing about Cendant's or E&Y's liability in the class action or the damages that might have been awarded to the class plaintiffs. Indeed, in advocating for the settlement, the lead class plaintiffs emphasized the complexity of the case and the uncertainty of its outcome:

> In regard to the first factor, Lead Plaintiffs assert that the claims involve numerous complex legal and technical accounting issues.

---

[1]  It is undisputed that investor loss is not an element of any of the charges in the indictment. See Docket No. 302 (filed 6/30/03) at 4; United States v. Haddy, 134 F.3d 542, 550 (3d Cir. 1998) ("[I]nvestor reliance is not required for a securities fraud conviction. The language does not proscribe deception on a purchaser or seller of a security; instead it speaks to deceptive devices employed 'in connection with the purchase or sale' of any security.").

3

> \* \* \* \*
>
> Lead Plaintiffs next address the fourth factor -- the risks of establishing liability . . . . [Lead Plaintiffs assert that] the complexities and uncertainties of this litigation clearly warrant approval of the Settlement.

109 F. Supp. 2d at 243-44; see also id. at 256 ("Lead Plaintiffs assert (1) the claims presented complex legal and technical accounting issues which would require extensive preparation and in-depth expert testimony . . . .").

Second, the class action settlement proves nothing about the magnitude of actual shareholder losses caused by the alleged fraud charged in the indictment. The settlement was a compromise arrived at by Cendant and E&Y to resolve a costly and distracting piece of litigation.[2] The class action plaintiffs were never required to establish their alleged losses, and they acknowledged that their alleged losses were an unresolved and hotly contested issue at the time of the settlement:

> With reference to the fifth factor, the risks of establishing damages, Lead Plaintiffs remark that Cendant and E&Y vigorously disputed plaintiffs' expert's conclusion that the maximum class damages total approximately $8.5 billion. Plaintiffs conclude that proof of damages would, at best, result in a battle of experts with unpredictable results.

Id. at 244. Given the uncertainty of the amount of alleged shareholder losses at the time of the class action settlement, the government cannot rely upon either the fact of the settlement or the magnitude of the settlement as purported evidence of shareholder losses caused by the alleged fraud.

---

[2] Litigation between Cendant and E&Y is ongoing.

Because the Cendant settlement proves nothing about the subject of alleged shareholder losses, and for the reasons set forth in Mr. Forbes' Third Trial Motion In Limine No. 11, the Court should preclude the government from presenting any evidence at trial concerning the Cendant class action settlement.

## II. THE COURT SHOULD EXCLUDE EVIDENCE RELATING TO THE CLASS ACTION SETTLEMENT UNDER RULE 403.

The Court also should exclude evidence concerning the class action settlement pursuant to Fed. R. Evid. 403 because its probative value (if any) is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Id.

First, the admission of evidence concerning the class action settlement creates a substantial danger that the jury will be both misled and confused about the significance of the settlement. The only conceivable justification for offering evidence of the settlement is as purported evidence of shareholder losses. But, as discussed in Section I, supra, the amount of the settlement is not competent evidence of shareholder losses. If the Court permits evidence concerning the settlement to be introduced, jurors likely would erroneously conclude that the settlement is evidence of shareholder losses. Lay jurors unfamiliar with the myriad of reasons that corporations enter into settlements may not appreciate the fact that companies frequently settle civil litigation for business reasons entirely unrelated to the litigation itself. Jurors also may not understand the fact that the amount of the settlement was determined through a process involving a variety of considerations and cannot be viewed as a proxy for shareholder losses. At

5

a minimum, the admission of evidence concerning the settlement would lead to a distracting mini-trial concerning the reasons for the class action settlement.

Second, evidence concerning the Cendant class action settlement would have an enormously prejudicial effect on the jury. Its admission would create a strong likelihood that jurors would confuse the significant differences between the civil class action and the criminal case and erroneously conclude that the settlement constitutes evidence of Mr. Forbes' guilt. In addition, the magnitude of the settlement would have a powerful impact on jurors. It could lead jurors to erroneously conclude that Mr. Forbes must be guilty of criminal wrongdoing because he was Chairman of the Board of a corporation that (after he left the company) paid a $2.85 billion settlement in a class action involving allegedly fraudulent accounting. It could also lead jurors to conclude that Mr. Forbes should be convicted because the settlement represents some kind of admission of the alleged fraud charged in this case.

Third, evidence concerning the magnitude of the class action settlement is likely to inflame the jury and lead jurors to associate CUC and Cendant with companies such as Enron and Worldcom. Its admission would greatly increase the risk that the jury will convict Mr. Forbes based on anti-corporate emotions rather than the evidence presented at trial. See United States v. Quattrone, __ F.3d __, 2006 U.S. App. LEXIS 6911, at *75 (2d Cir. Mar. 20, 2006) (evidence is prejudicial for purposes of Rule 403 "when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence. The prejudicial effect may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant.") (citations omitted); United States v. Lachman, 48 F.3d 586, 592 (1st Cir. 1995) ("The concern is with any

6

pronounced tendency of evidence to lead the jury, often for emotional reasons, to desire to convict a defendant for reasons other than the defendant's guilt."). Because evidence concerning the class action settlement has no probative value in this case, and will serve only to mislead, confuse, and prejudice the jury, it should be excluded under Rule 403.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Forbes Third Trial Motion In Limine No. 11, the Court should preclude the government from presenting any evidence, cross-examination, or argument concerning the Cendant class action settlement.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

7

<h2 style="text-align:center">CERTIFICATE OF SERVICE</h2>

I hereby certify that I caused the foregoing Memorandum in Support of Renewed Motion of Defendant Walter A. Forbes to Preclude the Government from Presenting any Evidence, Cross-Examination, or Argument Concerning the Cendant Class Action Settlement (Forbes Third Trial Motion In Limine No. 13) to be filed electronically and to be served on April 17, 2006 to the following via e-mail:

        Norman Gross, Esq. (norman.gross@usdoj.gov)
        Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
        Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)


_____
Barry S. Simon