UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>)<br>WALTER A. FORBES )<br>)<br>) | No. 3:02CR264 (AHN)<br><br>April 17, 2006 |

**MOTION OF DEFENDANT WALTER A. FORBES
TO PRECLUDE THE ADMISSION OF GOVERNMENT EXHIBIT 616
(Forbes Third Trial Motion In Limine No. 20)**

Defendant Walter A. Forbes, through undersigned counsel, respectfully moves in limine to preclude the admission of Government Exhibit 616. The grounds for this motion are set forth in the accompanying memorandum of points and authorities.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

Oral Argument Requested

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Motion of Defendant Walter A. Forbes to Preclude the Admission of Government Exhibit 616 (Forbes Third Trial Motion <u>In</u> <u>Limine</u> No. 20) to be filed electronically and to be served on April 17, 2006 to the following via e-mail:

>Norman Gross, Esq. (norman.gross@usdoj.gov)
>Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
>Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S. Simon

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | No. 3:02CR264 (AHN) |
| v. | ) ) ) | April 17, 2006 |
| WALTER A. FORBES | ) ) ) ) |  |

MEMORANDUM IN SUPPORT OF
MOTION OF DEFENDANT WALTER A. FORBES
TO PRECLUDE THE ADMISSION OF GOVERNMENT EXHIBIT 616
(Forbes Third Trial Motion In Limine No. 20)

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits this memorandum in support of his motion in limine to preclude the admission of Government Exhibit ("GX") 616.

## BACKGROUND

GX 616 is a one-page document consisting of an October 21, 1997 memorandum from CUC President Kirk Shelton to Henry Silverman, the then-CEO of HFS Corporation. See Exhibit 1 (GX 616). The exhibit is an incomplete copy of the original document. It references "two org charts" that were attached to the original, but which are missing from GX 616. See id. ("Attached are two org charts that reflect what Walter and I think will work best."); see also Tr. (9/14/04) at 12,377 (Shelton testimony confirming that organizational charts were attached to the original document).

Oral Argument Requested

Prior to the 2004 trial, Mr. Forbes moved in limine to exclude GX 616 on the grounds that it was incomplete and unreliable. See Forbes Motion In Limine No. 12 (Docket No. 745) (filed 5/19/04). Mr. Forbes also objected to the admission of GX 616 under Fed. R. Evid. 106 and 403. See Docket No. 757 (filed 5/24/04). Mr. Forbes' motion in limine was denied, see Docket No. 809, and GX 616 was admitted at both the 2004 and 2005 trials over Mr. Forbes' objection.

The government's theory is that GX 616 was part of an effort by Messrs. Forbes and Shelton to retain Anne Pember as the point person for improper accounting at CUC following the CUC/HFS merger. GX 616 makes reference to "keeping Anne Pember in the accounting loop for the old CUC businesses." See Ex. 1. It is unclear from the memorandum, however, precisely what Anne Pember's proposed job following the CUC/HFS merger would be. Nor does the memo describe the proposed structure of the CUC accounting department following the CUC/HFS merger or the proposed relationship of the CUC accounting department to the HFS accounting department following the merger. The absence of the proposed organizational charts from GX 616 is significant, because the proposed organizational charts would have shed light on these issues.

## ARGUMENT

**I.    THE COURT SHOULD EXCLUDE GX 616 PURSUANT TO FED. R. EVID. 1001 AND 1003.**

The Court should exclude GX 616 pursuant to Fed. R. Evid. 1001 and 1003 because it is not an accurate reproduction of the original memorandum from Mr. Shelton to Mr. Silverman. The original memorandum contained two attached organizational charts that are

2

missing from GX 616.

Federal Rule of Evidence 1001(4) provides that photocopies are considered duplicates of original documents if they "accurately reproduce[] the original." Id. GX 616 is not an accurate reproduction of the original memorandum from Mr. Shelton to Mr. Silverman because it is incomplete. Accordingly, GX 616 is not admissible as a "duplicate" document under Rule 1001(4). See R.R. Mgmt. Co. v. CFS La. Midstream Co., 428 F.3d 214, 220 (5th Cir. 2005) (redacted copy of document not admissible as a duplicate under Rule 1001(4)).

GX 616 also is not admissible under Fed. R. Evid. 1003. Under Rule 1003, "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Id. (quotations omitted). Here, it would be unfair to admit the purported duplicate in lieu of the original because GX 616 is incomplete and is missing significant information. See, e.g., Lozano v. Ashcroft, 258 F.3d 1160, 1166 & n.5 (10th Cir. 2001) (disregarding photocopy of document "because the key information contained therein was barely legible"); Ruberto v. Commissioner, 774 F.2d 61, 64 (2d Cir. 1985) (photocopies of cancelled checks inadmissible because of problems matching the copies of the backs of the checks with copies of the fronts); Amoco Prod. Co. v. United States, 619 F.2d 1383, 1391 (10th Cir. 1980) (affirming exclusion of copy to prove contents of document under Fed. R. Evid. 1003 where critical part of original was not completely reproduced in the duplicate). Accordingly, the Court should exclude GX 616 under Fed. R. Evid. 1001 and 1003.

II.  **THE COURT SHOULD EXCLUDE GX 616 PURSUANT TO THE RULE OF COMPLETENESS.**

The Court also should exclude GX 616 because its admission would violate the rule of completeness. See Fed. R. Evid. 106. "[W]hen one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is *ipso facto* relevant and therefore admissible." Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 172 (1988). "Underlying Rule 106, then, is a principle of fairness requiring the introduction of an entire or related document if necessary for the 'fair and impartial understanding of the admitted portion' or document." Phoenix Assocs, III v. Stone, 60 F.3d 95, 102 (2d Cir. 1995) (emphasis added).

Here, the "two org charts" referenced in GX 616 are "necessary for the 'fair and impartial understanding,'" id., of the portion of the document that the government seeks to introduce. While the memorandum makes reference to "keeping Anne Pember in the accounting loop for the old CUC businesses," Ex. 1, the memorandum also states that the two attached organizational charts "reflect what Walter and I think will work best." Id. The omitted organizational charts are necessary to shed light on the nature of Anne Pember's proposed role in the merged company, as opposed to the government's characterization of her proposed role.

The organizational charts referenced in GX 616 are necessary to place the statements regarding Anne Pember in the memorandum in context.[1] If the government is

---

[1]   Although Judge Thompson concluded that "the text of the memorandum is such that the absence of the organizational charts does not make Government Exhibit 616 unreliable as to the matter it is offered to prove," Docket No. 809 at 2, we respectfully submit that that is not the case. Cosmo Corigliano testified that in October 1997, around Columbus Day weekend, Anne Pember spoke to him about the possibility of resigning because she had seen proposed organizational charts from HFS that would require her to report to HFS chief accountant Scott

unwilling or unable to introduce the complete document into evidence, then the document should be excluded under Rule 106.

### III.  THE COURT SHOULD EXCLUDE GX 616 UNDER FED. R. EVID. 403.

Because GX 616 is incomplete and is missing two significant attachments, the admission of this memorandum would be prejudicial to Mr. Forbes and would mislead the jury. The Court should exclude the document under Fed. R. Evid. 403 because its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, [and] misleading the jury." Id.

The probative value of GX 616 with respect to Mr. Forbes is slight. Mr. Forbes is not the author of GX 616, but a recipient of the document. Without the attachments to GX 616, there is a serious risk that the admission of the document, and the government's characterization of the document, will both mislead and confuse the jury. It also would be fundamentally unfair, and prejudicial to Mr. Forbes, for the government to offer a document into evidence as purported evidence of Mr. Forbes' involvement in a conspiracy when the document is incomplete and the omitted portion of the document may rebut the government's characterization of it. Finally, the admission of an incomplete document would improperly invite the jury to speculate about the contents of the omitted portions of the document.[2]

---

Forbes. See Tr. (7/13/04) at 7289-90; see also Tr. (5/27/04) at 2604-05 (Pember testimony regarding conversation with Mr. Corigliano on the Friday of Columbus Day weekend in 1997). The organizational charts attached to the original of GX 616, which was written shortly after Mr. Corigliano's conversation with Ms. Pember, presumably relate to the proposed organizational charts prepared by HFS and likely address Anne Pember's proposed role in the merged company.

[2]  In the event the government seeks to offer GX 616 as a business record rather than pursuant to Fed. R. Evid. 801(d)(2)(e), Mr. Forbes also objects to the admission of GX 616 on the ground that it does not satisfy the business record exception to the hearsay rule. See Docket

5

## **CONCLUSION**

For the foregoing reasons, the Court should exclude GX 616 at Mr. Forbes' third trial.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
    Brendan V. Sullivan, Jr. (Bar No. ct17115)
    Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

---

Nos. 745, 757 (incorporated herein by reference).

6

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Memorandum in Support of Motion of Defendant Walter A. Forbes to Preclude the Admission of Government Exhibit 616 (Forbes Third Trial Motion In Limine No. 20) to be filed electronically and to be served on April 17, 2006 to the following via e-mail:

Norman Gross, Esq. (norman.gross@usdoj.gov)
Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S. Simon