# EXHIBIT 6

*delivered by hand to R. Friedman 3/1/00 by DF*

# UNITED STATES
## SECURITIES AND EXCHANGE COMMISSION

## STATEMENT OF FINANCIAL CONDITION OF
## COSMO CORIGLIANO

I.    Statement of Assets and Liabilities as of _____ :

A.    Assets:

List all assets owned by you, your spouse, or any other member of your household, directly or indirectly, and all assets which are subject to your or your spouse's possession, enjoyment, or control, regardless of whether legal title or ownership is held by a relative, trustee, lessor, or any other intermediary, including but not limited to the categories indicated below.

| | | |
|---|---|---|
| 1. | Cash | _____ |
| 2. | Cash Surrender Value of Insurance | _____ |
| 3. | Accounts Receivable | _____ |
| 4. | Loans or Notes Receivable | _____ |
| 5. | Real Estate | _____ |
| 6. | Furniture and Household Goods | _____ |
| 7. | Automobiles | _____ |
| 8. | Securities | _____ |
| 9. | Partnership Interests | _____ |
| 10. | Net Value of Ownership Interest in Business | _____ |
| 11. | IRA, Keogh, 401(k), or Pension Accounts | _____ |
| 12. | Other (Itemize) | _____ |
| 13. | _____ | _____ |
| 14. | _____ | _____ |
| 15. | _____ | _____ |
| | Total Assets | _____ |

CC0231

DEFENDANT'S EXHIBIT
60,013

**B.**    **Liabilities:**

List all liabilities, including but not limited to the items listed below.

|     |     |     |
|-----|-----|-----|
| 1.  | Mortgages | _____ |
| 2.  | Auto Loans | _____ |
| 3.  | Credit Card Debt | _____ |
| 4.  | Loans on Insurance Policies | _____ |
| 5.  | Installment Loans | _____ |
| 6.  | Other Loans or Notes Payable | _____ |
| 7.  | Accrued Real Estate Taxes | _____ |
| 8.  | Judgments/Settlements Owed | _____ |
| 9.  | Other (Itemize): | _____ |
| 10. | _____ | _____ |
| 11. | _____ | _____ |
|     | **Total Liabilities** | _____ |

**C.**    **Net Worth (Assets Minus Liabilities)**    _____

3

CC0212

D.    For each asset with a fair market value of greater than $1000, describe the asset, state the form of ownership (*e.g.*, individual, joint, beneficial interest), provide a fair market value, and explain how fair market value was determined (*e.g.*, appraisal, comparison, estimate, etc.).

E.    For each liability, indicate the date incurred; the original amount of the liability; the length of the obligation; the interest rate; the collateral or security, if any; who is responsible for the obligation; the outstanding balance; the name(s) and address(es) of all obligee(s); and your relationship (if any) to each creditor.

CCD233

CCQ
234 Missing

II.    **Cash Flow Information**

    A.    **Income/Receipts**

List all money or other income received from any source on a monthly basis by you, your spouse, or any other member of your household, identifying the source, recipient, and amount. For any income received on a basis other than monthly, convert to a monthly basis for the purposes of this statement.

| Description | Source | Amount |
|---|---|---|
| 1. Salary/Wages | | |
| 2. Commissions/Advances | | |
| 3. Consulting Fees | | |
| 4. Dividends | | |
| 5. Interest | | |
| 6. Annuities | | |
| 7. Pensions | | |
| 8. Rents/Royalties | | |
| 9. Sales of Assets (Net) | | |
| 10. Repayment of Loans | | |
| 11. Payments on obligations made on your behalf by others | | |
| 12. Fringe Benefits (*e.g.*, car) | | |
| 13. Alimony/Child Support | | |
| 14. Gifts/Bonuses | | |
| 15. Other (Itemize) | | |
| 16. | | |
| **Total Receipts** | | |

- 5 -

CCO235

**B.**   **Expenses/Disbursements**

List all monthly expenditures for whatever purpose for you or your household for the past 12 months, identifying the purpose and the amount, including projected expenses. For any expenditure which varies from month to month, indicate a range of amounts and the average amount on a monthly basis.

**Description**                                                              **Amount**

1.      Mortgage/Rent                          _____

2.      Food                                   _____

3.      Utilities                              _____

4.      Payment on Loans                       _____

5.      Real Estate Taxes                      _____

6.      Insurance Premiums                     _____

7.      Medical Expenses                       _____

8.      Automobile Expenses                    _____

9.      Alimony/Child Support                  _____

10.     Income Taxes                           _____

11.     Other Expenses (Itemize)               _____

12.     _____

13.     _____

14.     _____

15.     _____

        **Total Expenses/Disbursements**       _____ *

*/      If you anticipate unusual expenses in the coming 12 months, please describe them.

CC0236

III.    **Other Information**

    A.    List any disbursement having a value of $1000 or more, made on your behalf, or on behalf of your spouse or children, by any other person or entity in the last five years, the amount of the disbursement, and the name and address of the person or entity who made the disbursement.

    B.    List all transfers of cash in an amount of $1000 or more, or assets or property with a cost or fair market value of $1000 or more, made by you in the last five years, and, if applicable, identify the value of the asset, the consideration received, and the relationship of the transferor to the transferee, or indicate that no such transfers have been made.

    C.    Identify any financial institution accounts (other than those identified in Item I.F. above) in which you have deposited more than $1000 in the last five years, or indicate that no such deposits have been made.

7

D.    List all dependents, their ages, and whether or not they reside with you.

E.    Attach federal tax returns filed by you or on your behalf (including personal, trust, or business returns) in the last five years.

F.    Attach any federal gift tax returns filed by you or your spouse in the last five years.

G.    Attach any financial statement which the declarant has prepared in the last five years, for any purpose (*e.g.*, such as a financial statement provided to a bank to secure a loan).

Under penalties of perjury, I declare that I have examined the information given in this statement, and attached hereto, and, to the best of my knowledge and belief, it is true, correct, and complete. I further declare that I have no assets, owned either directly or indirectly, or income of any nature other than as shown in, or attached to, this statement. I understand that any material misstatements or omissions made by me herein or in any attachments hereto may constitute criminal violations, punishable under 18 U.S.C. § 1001.

_____    _____
Cosmo Corigliano                               Date

Sworn before me this _____ day of _____, 2000.

_____
Notary Public

My commission expires on _____.

- 8 -

CC0238

# EXHIBIT 7

KRAMER LEVIN NAFTALIS & FRANKEL LLP

919 Third Avenue

New York NY 10022

(212) 715-9100

Fax Department: (212) 715-9191

Fax Number: (212) 715-8000

**FROM:** Alan R. Friedman, Esq.

**PHONE:** 212-715-9300

**DATE:** May 26, 2000

PLEASE DELIVER AS SOON AS POSSIBLE TO:

| RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|
| 1. Thomas C. Newkirk, Esq. | Securities and Exchange Commission | 202-942-9636 | 202-942-4550 |

Total number of pages including this page: 6

The documents accompanying this facsimile transmission are intended only for the use of the addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of the communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone. Thank you.

KL3:2024699.1

DEFENDANT'S
EXHIBIT
951

05/26/00  FRI 17:14 FAX 212 668 7086        KRAMER LEVIN                                    ☒002

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

**919 THIRD AVENUE**

**NEW YORK, N.Y. 10022-3852**

ALAN R. FRIEDMAN
PARTNER
TEL (212) 715-9300
FAX (212) 715-8000
gnafialis@kramerlevin.com

47, AVENUE HOCHE
75008 PARIS
FRANCE

May 26, 2000

For Settlement Purposes Only
Via Facsimile

Thomas C. Newkirk, Esq.
Associate Director
Division of Enforcement
Securities and Exchange Commission
450 Fifth Street, N.W.
Washington, D.C. 20549

Re:    In the Matter of Cendant Corporation, No. HO-3401

Dear Tom:

Pursuant to paragraph 12 of Mr. Corigliano's plea agreement and as part of his best efforts to settle any claims by the Commission, I enclose his asset, liability and asset transfer information.

When Gary returns to the office on Tuesday, we can discuss the remaining items on the financial disclosure form.

Best regards.

Yours sincerely,

*Alan L. Friedman*

Alan R. Friedman

Enclosure

KL3:2104347.1

05/26/00  FRI 17:14 FAX 212 688 7066        KRAMER LEVIN                                   ☑003

United States
Securities And Exchange Commission

Statement Of Financial Condition
Of Cosmo Corigliano

I.    Statement of Assets and Liabilities as of, or about, April 2000[1]

   A.   Assets:

      1.   Cash

            Joint Checking Account with his wife, Terri
            Corigliano, at People's Bank[2]                              $5,700

            Joint Savings Account with Terri Corigliano at
            People's Bank                                                 9,300

            Joint Checking Account with Terri Corigliano at
            People's Bank                                                44,400

      2.   Real Estate

            Trumbull, Connecticut house where Mr.
            Corigliano's parents have resided since 1967[3]            180,000

      3.   Automobiles

            1993 Acura                         approximately 6,700[4]

            1965 Mercedes 230                  approximately 6,500[5]

---

[1]   All numbers rounded to the nearest hundred dollars and reflect best estimates based on
      currently available information. Amounts represent Mr. Corigliano's individual holdings,
      unless otherwise noted.

[2]   For purposes of this disclosure statement, we have listed the full balances in accounts
      owned jointly by Mr. and Mrs. Corigliano.

[3]   The Trumbull house was originally purchased by Mr. Corigliano's parents in about 1967,
      or approximately 33 years ago. They have continuously resided there since then. The
      house was transferred to Mr. Corigliano approximately eight years ago in or around 1992
      when his parents were unable based on their own credit to obtain additional financing on
      the home. Mr. Corigliano became the owner of the property and then obtained the
      borrowing for his parents' benefit, based on his own credit as obligor.

[4]   Based on Kelley Blue Book (May 2000 edition) trade-in value.

[5]   Estimate based on NADA Guides Appraisal Report (May 2000 edition).

| | | | |
|---|---|---|---|
| 4. | Securities | | in excess of 8,071,900 |
| 5. | IRA, Keogh, 401(k) or Pension Accounts | | 327,500 |
| 6. | Other | | |
| | 1985 Sabre sailboat, purchased 1994, joint ownership | | approximately 45,000 |

**B.** **Liabilities:**

| | |
|---|---|
| Negative Balance Due on Smith Barney Money Market Account | ($206,000) |

**C.** **Description of Assets:**

| | |
|---|---|
| One-family house in Trumbull, Connecticut, where Mr. Corigliano's parents have lived continuously since approximately 1967, estimate. | $180,000 |
| People's Bank, Special Savings, joint ownership | 9,300 |
| People's Bank, Checking, joint ownership | 5,700 |
| People's Bank, Checking, joint ownership | 44,400 |
| 1993 Acura, estimate based on Kelley Blue Book (May 2000 edition) trade-in value. | approximately 6,700 |
| 1965 Mercedes 230, estimate based on NADA Guides Appraisal Report (May 2000 edition) | approximately 6,500 |
| 1985 Sabre sailboat, jointly owned, estimate | approximately 45,000 |
| See response to paragraph I.E. for securities assets. | |

**D.** **Description of Liabilities:**

| | |
|---|---|
| Smith Barney Money Market Account Due | (206,000) |

**E.** **Description of Securities Assets and Accounts:**

| | |
|---|---|
| Fidelity CT Muni MM, joint ownership | 1,200 |
| Smith Barney Investment Funds, individual ownership | 2,042,300 |

- 2 -

05/26/00  FRI 17:15 FAX 212 688 7088        KRAMER LEVIN                    ☒005

| | | |
|---|---|---|
| Fairfield Capital Partners Investment Fund | | 1,254,700 |
| Cendant Stock, individual ownership | | 1,773,700[6] |
| Stock Options to Purchase Cendant Stock[7] | | in excess of 3,000,000[8] |

F.   **Description of Retirement Accounts:**

Smith Barney, IRA                                         327,500

G.   **Description of Credit Card Accounts:**

Citibank, credit limit $21,000

Bank One, credit limit $10,500

---

[6]   130,777 shares at $13.5625 per share.  Closing price at 5/25/2000.

[7]   Mr. Corigliano presently holds Cendant stock options in the following amounts:  (i) 150,000 options with a strike price at $22.33 and an expiry date of July 24, 2006; (ii) 230,000 options with a strike price at $20.50 and an expiry date of April 21, 2007; and (iii) 82,316 options with a strike price at $37.50 and an expiry date of March 2, 2008. Mr. Corigliano received the 82,316 options in lieu of cash compensation of $500,000, to which he was otherwise entitled.  Moreover, prior to his termination by Cendant, Mr. Corigliano also held additional options to purchase 600,000 Cendant shares with a strike price of $31.375 and an expiry date of December 17, 2007, and options to purchase 300,000 Cendant shares with a strike price of $34.3125 and an expiry date of January 27, 2008, which he lost following his termination.

[8]   Valuations of the 380,000 options presently held by Mr. Corigliano are based on binomial or Black-Scholes models, which result in a value in excess of $3 million.  This estimated value does not include the 900,000 options he received in December 1997 and January 1998 and that he lost following his termination.

CCQ172

II.    Asset transfers subsequent to February 1, 1995:[9]

Dividing family assets based on financial and estate planning advice: Terri Corigliano, investment accounts in amount of $3,950,000.

Establishment of daughter Mary Corigliano's trust fund:  $200,000.

Establishment of son Michael Corigliano's trust fund:  $200,000

Establishment of son David Corigliano's trust fund:  $200,000

$10,000 gift to each child's trust fund from joint account:  total of $30,000

---

[9]    Pursuant to a real estate contract executed in October 1997, Terri Corigliano purchased a house in Greenwich, Connecticut for approximately $2,500,000. While not technically a transfer, Cosmo Corigliano was the original source of the funds used for the purchase of the home and the paydown of the mortgage on it (for which he was the obligor). The Corigliano family never resided in this house, which was sold in December 1998. The proceeds of that sale were paid to Mrs. Corigliano. The Corigliano family now lives in Old Saybrook, Connecticut in a home purchased by Terri Corigliano for approximately $1,745,000. Mrs. Corigliano also purchased Crystal Journey Candles, LLC for approximately $750,000, plus broker and other fees.

The Coriglianos' prior home in Stamford was jointly owned by them. The proceeds from the sale of that house, approximately $735,000, were paid to Mrs. Corigliano.

- 4 -

CCQ173