# EXHIBIT 13



**DIVISION OF
ENFORCEMENT**

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

April 12, 2004

**BY FEDERAL EXPRESS OVERNIGHT**

Gary P. Naftalis, Esq.
Kramer, Levin, Naftalis & Frankel
919 Third Avenue
New York, New York 10022

Re:  *In the Matter of Cendant Corporation and Trading in Its Securities*
     *File No. HO-3401*

Dear Mr. Naftalis:

I have enclosed herein for review and execution by your client Cosmo Corigliano (i) a
copy of the Consent of Defendant Cosmo Corigliano, Relief Defendant Agnes T. Corigliano,
and Relief Defendant Mary Louise Scully ("Consent") and (ii) two copies of the Offer of
Settlement of Cosmo Corigliano ("Offer of Settlement"). These are the documents that need
to be executed by your client prior to any settlement with the Commission. I have also
enclosed (i) a copy of the Final Judgment as to Defendant Cosmo Corigliano, Relief
Defendant Agnes T. Corigliano, and Relief Defendant Mary Louise Scully and (ii) a copy of
the Order Instituting Administrative Proceedings Pursuant to Rule 102(e) of the
Commission's Rules of Practice, Making Findings, and Imposing Remedial Sanctions. These
are documents that would be entered as part of any settlement between your client and the
Commission. Once your client has executed the original of the Consent and the duplicate
originals of the Offer of Settlement, please return the executed originals of the Offer of
Settlement to me at your earliest convenience. With regard to the executed Consent, please
attach the Final Judgment to it and call me regarding the most expedited manner for
obtaining the signatures of the two Relief Defendants.

Please remember that the Commission staff does not have authority to agree to a
settlement. Any settlement must be presented to and approved by the Commission. These
documents are being provided to you for purposes relating to a possible settlement only.
Should a settlement with your client not be reached, please either return these documents
(and any copies) to the staff or destroy them.

We are sending these documents to you in an attempt to get this matter before the
Commission before the rapidly approaching trial. Nevertheless, although we hope otherwise,



DEFENDANT'S
EXHIBIT

47

3183

Gary P. Naftalis, Esq.
April 12, 2004
Page 2

it remains possible that reviewers inside the Commission might still require changes to the documents.

Should you have any questions, please call me at (202) 942-4544.

Sincerely,

David Frohlich
Branch Chief

Enclosures

3184

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

ADMINISTRATIVE PROCEEDING
File No.

| | |
|---|---|
| In the Matter of : | |
| : | |
| COSMO CORIGLIANO (CPA), : | **OFFER OF SETTLEMENT** |
| : | **OF COSMO CORIGLIANO** |
| Respondent. : | |
| : | |
| : | |

### I.

Cosmo Corigliano ("Corigliano" or "Respondent"), pursuant to Rule 240(a) of the Rules of Practice of the Securities and Exchange Commission ("Commission") [17 C.F.R. § 201.240(a)] submits this Offer of Settlement ("Offer") in anticipation of public administrative proceedings to be instituted against him by the Commission, pursuant to Rule 102(e)(3) of the Commission's Rules of Practice.[1]

### II.

This Offer is submitted solely for the purpose of settling these proceedings, with the express understanding that it will not be used in any way in these or any other proceedings, unless the Offer is accepted by the Commission. If the Offer is not accepted by the Commission, the Offer is withdrawn without prejudice to Respondent and shall not become a part of the record in these or any other proceedings, except for the waiver expressed in Section V, with respect to Rule 240(c)(5) of the Commission's Rules of Practice [17 C.F.R. § 201.240(c)(5)].

### III.

---

[1] Rule 102(e)(3)(i) provides, in relevant part, that:

The Commission, with due regard to the public interest and without preliminary hearing, may, by order, . . . suspend from appearing or practicing before it any . . . accountant . . . who has been by name . . . [p]ermanently enjoined by any court of competent jurisdiction, by reason of his or her misconduct in an action brought by the Commission, from violating or aiding and abetting the violation of any provision of the Federal securities laws or of the rules and regulations thereunder.

3185

On the basis of the foregoing, the Respondent hereby:

    A.    Admits the jurisdiction of the Commission over him and over the matters set forth in the Order Instituting Public Administrative Proceedings Pursuant to Rule 102(e) of the Commission's Rules of Practice, Making Findings, and Imposing Remedial Sanctions ("Order");

    B.    Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission or in which the Commission is a party, and without admitting or denying the findings contained in the Order, except with respect to the findings contained in paragraph 4 below, which are admitted, consents to the entry of an Order by the Commission containing the following findings and remedial sanctions set forth below:

    1.    Corigliano, age 44, is and has been a certified public accountant licensed to practice in the State of Connecticut. He served as Controller of CUC International Inc. ("CUC") from 1983 to 1995 and as its Chief Financial Officer from 1995 until the December 1997 merger of CUC and HFS Incorporated ("HFS"), which formed Cendant Corporation ("Cendant"). After the merger, he was an officer of Cendant Membership Services, the post-merger name for the former CUC business units, until his resignation from Cendant in April 1998.

    2.    CUC was a Delaware corporation with its principal offices in Stamford, Connecticut. CUC was principally engaged in membership-based consumer services, such as auto, dining, shopping, and travel "clubs." Its securities were registered pursuant to Section 12(b) of the Securities Exchange Act of 1934 ("Exchange Act") and traded on the New York Stock Exchange ("NYSE").

    3.    Cendant is a Delaware corporation with its principal offices in New York City. Cendant was created through the December 17, 1997, merger of HFS and CUC. Pursuant to the Agreement and Plan of Merger between CUC and HFS, HFS was merged with and into CUC, with CUC continuing as the surviving corporation and changing its name to Cendant Corporation. Cendant provides membership-based and Internet-related consumer services and owns the rights to franchise brand names in the hotel, residential real estate brokerage, car rental, and tax preparation businesses. Cendant's common stock and certain other securities issued by Cendant are registered pursuant to Section 12(b) of the Exchange Act and trade on the NYSE. Certain additional securities issued by Cendant are registered pursuant to Section 12(g) of the Exchange Act.

    4.    On April   , 2004, a final judgment was entered against Corigliano, permanently enjoining him from future violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), Sections 10(b) and 13(b)(5) of the Exchange Act, and Exchange Act Rules 10b-5, 13b2-1, and 13b2-2, and aiding and abetting violations of Sections 13(a), 13(b)(2)(A), 13(b)(2)(B), and 14(a) of the Exchange Act, and Exchange Act Rules 12b-20, 13a-1, 13a-13, and

2

3186

14a-9, in the civil action entitled <u>Securities and Exchange Commission v. Cosmo Corigliano et. al</u>, Civil Action Number 00 Civ. No. 2873, in the United States District Court for New Jersey. Corigliano was also ordered to transfer all of his assets, except for specific exempted assets, as disgorgement of unjust enrichment from his sales of securities of CUC and Cendant while participating in the fraud, and partial payment of prejudgment interest thereon.

5.    The Commission's complaint alleged, among other things, that Corigliano, as Controller of CUC, assisted senior CUC officers who initiated a long-running financial reporting fraud and, later, as CUC's Chief Financial Officer, proceeded to orchestrate and refine the fraud. The complaint further alleges that, as Chief Financial Officer, Corigliano was the CUC officer responsible for creating and maintaining a schedule that CUC officers used to track their fraudulent scheme during the course of each fiscal year. He was responsible for keeping more senior CUC officers apprised about the progress of the scheme. While Chief Financial Officer, Corigliano directed CUC mid-level financial reporting managers to make unsupported quarterly top-side adjustments to CUC's earnings as reported in its quarterly Reports on Form 10-Q filed with the Commission. He also instructed less senior CUC managers to make unsupported journal entries effectuating year-end adjustments that improperly inflated CUC's operating income and earnings as reported in its annual Reports on Form 10-K as filed with the Commission. The complaint further alleges that, while engaged in these activities, Corigliano signed CUC's periodic reports filed with the Commission and made materially false statements to CUC's auditors.

## IV.

On the basis of the foregoing, Respondent hereby consents to the entry of an Order by the Commission imposing the following remedial sanctions:

Corigliano is suspended from appearing or practicing before the Commission as an accountant.

## V.

By submitting this Offer, Respondent hereby acknowledges his waiver of those rights specified in Rules 240(c)(4) and (5) [17 C.F.R. § 201.240(c)(4) and (5)] of the Commission's Rules of Practice. Respondent also hereby waives service of the Order. Respondent agrees that the order takes effect upon entry.

## VI.

Respondent understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings" (17 C.F.R. § 202.5(e)). In

3

3187

compliance with this policy, Respondent agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any finding in the Order or creating the impression that the Order is without factual basis; and (ii) that upon the filing of this Offer of Settlement, Respondent hereby withdraws any papers previously filed in this proceeding to the extent that they deny, directly or indirectly, any finding in the Order. If Respondent breaches this agreement, the Division of Enforcement may petition the Commission to vacate the Order and restore this proceeding to its active docket. Nothing in this provision affects Respondent's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

## VII.

Consistent with the provisions of 17 C.F.R. § 202.5(f), Respondent waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

## VIII.

Respondent hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996 or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses or costs expended by Respondent to defend against this action. For these purposes, Respondent agrees that Respondent is not the prevailing party in this action since the parties have reached a good faith settlement.

4

3188

## IX.

Respondent states that he has read and understands the foregoing Offer, that this Offer is made voluntarily, and that no promises, offers, threats, or inducements of any kind or nature whatsoever have been made by the Commission or any member, officer, employee, agent, or representative of the Commission in consideration of this Offer or otherwise to induce him to submit to this Offer.

_____ Day of April, 2004                    _____
                                                          Cosmo Corigliano

STATE OF                          }
                                  } SS:
COUNTY OF                         }

The foregoing instrument was acknowledged before me this ___ day of April, 2004, by COSMO CORIGLIANO, who ___ is personally known to me or ___ who has produced a _____ driver's license as identification and who did take an oath.

_____
Notary Public
State of
Commission Number          :          _____
Commission Expiration      :

5

3189

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

SECURITIES ACT OF 1933
Release No.

SECURITIES EXCHANGE ACT OF 1934
Release No.

ACCOUNTING AND AUDITING ENFORCEMENT
Release No.

ADMINISTRATIVE PROCEEDING
File No.

| | |
|---|---|
| In the Matter of<br><br>COSMO CORIGLIANO (CPA),<br><br>Respondent. | ORDER INSTITUTING ADMINISTRATIVE PROCEEDINGS PURSUANT TO RULE 102(e) OF THE COMMISSION'S RULES OF PRACTICE, MAKING FINDINGS, AND IMPOSING REMEDIAL SANCTIONS |

I.

The Securities and Exchange Commission ("Commission") deems it appropriate and in the public interest that public administrative proceedings be, and hereby are, instituted against Cosmo Corigliano ("Respondent" or "Corigliano") pursuant to Rule 102(e)(3)(i) of the Commission's Rules of Practice.[1]

II.

---

[1] Rule 102(e)(3)(i) provides, in relevant part, that:

The Commission, with due regard to the public interest and without preliminary hearing, may, by order, . . . suspend from appearing or practicing before it any . . . accountant . . . who has been by name . . . [p]ermanently enjoined by any court of competent jurisdiction, by reason of his or her misconduct in an action brought by the Commission, from violating or aiding and abetting the violation of any provision of the Federal securities laws or of the rules and regulations thereunder.

3190

In anticipation of the institution of these proceedings, Respondent has submitted an Offer of Settlement (the "Offer") which the Commission has determined to accept. Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over him and the subject matter of these proceedings, and the findings contained in Section III.4. below, which are admitted, Respondent consents to the entry of this Order Instituting Administrative Proceedings Pursuant to Rule 102(e) of the Commission's Rules of Practice, Making Findings, and Imposing Remedial Sanctions ("Order"), as set forth below.

## III.

On the basis of this Order and Respondent's Offer, the Commission finds that:

1. Corigliano, age 44, is and has been a certified public accountant licensed to practice in the State of Connecticut. He served as Controller of CUC International Inc. ("CUC") from 1983 to 1995 and as its Chief Financial Officer from 1995 until the December 1997 merger of CUC and HFS Incorporated ("HFS"), which formed Cendant Corporation ("Cendant"). After the merger, he was an officer of Cendant Membership Services, the post-merger name for the former CUC business units, until his resignation from Cendant in April 1998.

2. CUC was a Delaware corporation with its principal offices in Stamford, Connecticut. CUC was principally engaged in membership-based consumer services, such as auto, dining, shopping, and travel "clubs." Its securities were registered pursuant to Section 12(b) of the Securities Exchange Act of 1934 ("Exchange Act") and traded on the New York Stock Exchange ("NYSE").

3. Cendant is a Delaware corporation with its principal offices in New York City. Cendant was created through the December 17, 1997, merger of HFS and CUC. Pursuant to the Agreement and Plan of Merger between CUC and HFS, HFS was merged with and into CUC, with CUC continuing as the surviving corporation and changing its name to Cendant Corporation. Cendant provides membership-based and Internet-related consumer services and owns the rights to franchise brand names in the hotel, residential real estate brokerage, car rental, and tax preparation businesses. Cendant's common stock and certain other securities issued by Cendant are registered pursuant to Section 12(b) of the Exchange Act and trade on the NYSE. Certain additional securities issued by Cendant are registered pursuant to Section 12(g) of the Exchange Act.

4. On April    , 2004, a final judgment was entered against Corigliano, permanently enjoining him from future violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), Sections 10(b) and 13(b)(5) of the Exchange Act, and Exchange Act Rules 10b-5, 13b2-1, and 13b2-2, and aiding and abetting violations of Sections 13(a), 13(b)(2)(A), 13(b)(2)(B), and 14(a) of the Exchange Act, and Exchange Act Rules 12b-20, 13a-1, 13a-13, and 14a-9, in the civil action entitled Securities and Exchange Commission v. Cosmo Corigliano et. al, Civil Action Number 00 Civ. No. 2873, in the United States District Court for New Jersey. Corigliano was also ordered to transfer all of his assets, except for specific exempted assets, as

2

disgorgement of unjust enrichment from his sales of securities of CUC and Cendant while participating in the fraud, and partial payment of prejudgment interest thereon.

5.     The Commission's complaint alleged, among other things, that Corigliano, as Controller of CUC, assisted senior CUC officers who initiated a long-running financial reporting fraud and, later, as CUC's Chief Financial Officer, proceeded to orchestrate and refine the fraud. The complaint further alleges that, as Chief Financial Officer, Corigliano was the CUC officer responsible for creating and maintaining a schedule that CUC officers used to track their fraudulent scheme during the course of each fiscal year. He was responsible for keeping more senior CUC officers apprised about the progress of the scheme. While Chief Financial Officer, Corigliano directed CUC mid-level financial reporting managers to make unsupported quarterly top-side adjustments to CUC's earnings as reported in its quarterly Reports on Form 10-Q filed with the Commission. He also instructed less senior CUC managers to make unsupported journal entries effectuating year-end adjustments that improperly inflated CUC's operating income and earnings as reported in its annual Reports on Form 10-K as filed with the Commission. The complaint further alleges that, while engaged in these activities, Corigliano signed CUC's periodic reports filed with the Commission and made materially false statements to CUC's auditors.

## IV.

In view of the foregoing, the Commission deems it appropriate and in the public interest to impose the sanction agreed to in Respondent Corigliano's Offer.

Accordingly, it is hereby ORDERED, effective immediately, that:

Corigliano is suspended from appearing or practicing before the Commission as an accountant.

By the Commission.

Jonathan G. Katz
Secretary

3

3192

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : |
| COSMO CORIGLIANO, ANNE M. PEMBER, CASPER SABATINO, and KEVIN T. KEARNEY, | : |
| Defendants, | : |
| AGNES T. CORIGLIANO, CARLETON H. PEMBER IV, and MARY LOUISE SCULLY, | : |
| Relief Defendants. | : |

00 Civ. No. 2873

## CONSENT OF DEFENDANT COSMO CORIGLIANO, RELIEF DEFENDANT AGNES T. CORIGLIANO, AND RELIEF DEFENDANT MARY LOUISE SCULLY

1.    Defendant Cosmo Corigliano ("Defendant Corigliano"), Relief Defendant Agnes

T. Corigliano ("Relief Defendant Corigliano"), and Relief Defendant Mary Louis Scully

("Relief Defendant Scully") each acknowledge having been served with the Amended

Complaint in this action, enter a general appearance, and admit the Court's jurisdiction over

him or her and over the subject matter of this action.

2.    Without admitting or denying the allegations of the Amended Complaint (except

as to personal and subject matter jurisdiction, which Defendant Corigliano, Relief Defendant

Corigliano, and Relief Defendant Scully admit), Defendant Corigliano, Relief Defendant

3193

Corigliano, and Relief Defendant Scully hereby consent to the entry of the Final Judgment as to

Defendant Cosmo Corigliano, Relief Defendant Agnes T. Corigliano, and Relief Defendant

Mary Louise Scully in the form attached hereto (the "Final Judgment") and incorporated by

reference herein, which, among other things:

      (a)     permanently restrains and enjoins Defendant Corigliano from violation of

Section 17(a) of the Securities Act of 1933 ("Securities Act"), Sections 10(b)

and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act"), and

Exchange Act Rules 10b-5, 13b2-1, and 13b2-2; and from aiding and abetting

violations of Sections 13(a), 13(b)(2)(A), 13(b)(2)(B), and 14(a) of the Exchange

Act, and Exchange Act Rules 12b-20, 13a-1, 13a-13, and 14a-9; and

      (b)     orders Defendant Corigliano to pay disgorgement of his unjust

enrichment, plus partial payment of prejudgment interest thereon, by

surrendering all assets of Defendant Corigliano and Relief Defendant Corigliano,

as well as certain assets held in trusts for which Relief Defendant Scully serves

as trustee, with the exception of specific exempted assets, to a Court-appointed

Receiver, but partially waives payment of prejudgment interest on that

disgorgement, based on representations in financial statements, and other

documents and information, submitted to the Commission by Defendant

Corigliano and Relief Defendant Corigliano.

    3.     Defendant Corigliano and Relief Defendant Corigliano agree and undertake to

transfer, within twenty business days of the entry of the Final Judgment, all their assets, except

3194

for specific exempted assets set forth below, to the Court-appointed Receiver as provided in the Final Judgment, as disgorgement of the unjust enrichment of Defendant Corigliano from his sales of the securities of CUC International Inc. and Cendant Corporation, as alleged in the Amended Complaint, together with partial payment of prejudgment interest on that disgorgement. Said assets of Defendant Corigliano and Relief Defendant Corigliano shall include, but are not limited to: (i) the entire balance of any and all financial depository or brokerage institution accounts or investment funds in which Defendant Corigliano or Relief Defendant Corigliano holds any interest, whether legal or equitable, including, but not limited to, investment funds and checking, savings, money market, IRA, Keough, pension, or investment accounts (with the exception of certain trust account balances enumerated in Paragraph 6 below); (ii) any and all securities held by Defendant Corigliano or Relief Defendant Corigliano (whether individually or jointly), including, but not limited to, any equity securities or debt instruments of, or options, rights, or contracts for the purchase of securities of, CUC International Inc. or Cendant Corporation; (iii) a 1985 Sabre sailboat; (iv) a 1965 Mercedes Benz automobile; (v) all interests of Defendant Corigliano and Relief Defendant Corigliano in Crystal Journey Candles LLC; and (vi) any other assets of a value of $1,000 or more in which Defendant Corigliano or Relief Defendant Corigliano had any direct or indirect legal or beneficial ownership interest as of March 31, 2004, other than those enumerated in Paragraph 6 below..

    4.      Relief Defendant Scully agrees and undertakes to transfer, within twenty business days of the entry of the Final Judgment, (1) all funds held in trust in the Mary

3

3195

Corigliano Trust Fund, for which Relief Defendant Scully serves as Trustee, less a balance of $100,000 (as determined as of the date of the transfer); (2) all funds held in trust in the David Corigliano Trust Fund, for which Relief Defendant Scully serves as Trustee, less a balance of $100,000 (as determined as of the date of the transfer); and (3) all funds held in trust in the Michael Corigliano Trust Fund, for which Relief Defendant Scully serves as Trustee, less a balance of $100,000 (as determined as of the date of the transfer), to the Court-appointed Receiver as provided in the Final Judgment.

5.    Defendant Corigliano and Relief Defendant Corigliano undertake and agree to prepare and submit to the Commission within forty business days of the entry of the Final Judgment an affidavit under oath containing a detailed accounting setting forth the following information, as of March 31, 2004:

(a) all securities, funds, or other assets, which other assets cost or are presently worth at least $1,000, of Defendant Corigliano and Relief Defendant Corigliano held in the name of Defendant Corigliano or Relief Defendant Corigliano, or for the direct or indirect beneficial interest of Defendant Corigliano or Relief Defendant Corigliano, stating the location and disposition of each such asset. With respect to any items of personal property, said accounting shall consist of a statement of the total value of said personal property and an itemization of any individual item of a value or cost of $1,000 or more;

(b) each account with any financial institution or brokerage firm maintained in the name of Defendant Corigliano or Relief Defendant Corigliano, or held for

4

3196

the direct or indirect beneficial interest of Defendant Corigliano or Relief

Defendant Corigliano, or over which Defendant Corigliano or Relief Defendant

Corigliano exercises or exercised control from January 1, 1996, to March 31,

2004; including, but not limited to, each account through which Defendant

Corigliano or Relief Defendant Corigliano directed securities or other

transactions at any time since January 1, 1996, or in which proceeds from such

transactions were held;

(c) transactions and the disposition of proceeds of transactions conducted in each

account identified in subsection (b) of this Paragraph; and

(d) all gifts, assignments, and other transfers of assets in amounts of $1,000 or

more by Defendant Corigliano or Relief Defendant Corigliano at any time from

January 1, 1996, to March 31, 2004.

6.      Defendant Corigliano and Relief Defendant Corigliano, and all entities under

their control, undertake and agree to transfer forthwith or to provide any and all necessary

documents to allow transfer of all assets described in Paragraph 3 above, less such sums as are

necessary to satisfy any loans or other encumbrances on said assets or taxes due on the

disposition of said assets, to the Receiver appointed by the Court pursuant to the Final

Judgment. Further, Defendant Corigliano and Relief Defendant Corigliano shall retain their

interests in (i) their residence at 38 Watrous Point Road, in Old Saybrook, Connecticut; (ii) all

furnishings and personal property therein; (iii) the residence in Trumbull, Connecticut, occupied

by Defendant Corigliano's parents; (iv) all furnishings and personal property therein; (v) one

5

3197

1996 Lexus automobile, (vi) one 1993 Acura automobile; (vii) a balance of $100,000 in the Mary Corigliano Trust Fund, a balance of $100,000 in the Michael Corigliano Trust Fund, and a balance of $100,000 in the David Corigilano Trust Fund, provided however that any balances in any of those trust funds in excess of $100,000 (as determined as of the date of the transfer of the remaining funds of the trust) shall be transferred to the Receiver appointed by the Court pursuant to the Final Judgment.

7.    Defendant Corigliano and Relief Defendant Corigliano further undertake and agree that any assets which are derived from any assets legally or beneficially owned or possessed by them during the period from January 1, 1996, to and including the date the Final Judgment is entered, or from any assets which they obtained or controlled during this period, (other than those excluded by Paragraph 6 above), will be transferred to the Receiver (or, in the event that the receivership estate no longer exists, transferred directly to the Clerk of this Court), irrespective of when those derived assets are discovered or are realized. Such derived assets shall include, but not be limited to, any tax refunds, whether federal, state, or local, received by Defendant Corigliano or Relief Defendant Corigliano for the calendar years 2000 through and including 2005. In the event of any dispute as to current or past legal or beneficial ownership in such derived assets, Defendant Corigliano and Relief Defendant Corigliano undertake and agree that they shall bear the burden of proving the absence of such legal or beneficial ownership, that such derived assets were not legally or beneficially owned by or possessed by others acting as their nominees, and that the transfer of such derived assets by or through them was not done as a sham to conceal their true ownership. If the Receiver or the

6

3198

Court finds that Defendant Corigliano or Relief Defendant Corigliano have met their burden of proof concerning such derived assets, then the parties agree that Defendant Corigliano and Relief Defendant Corigliano shall not be obligated to transfer such derived assets to the Receiver.

8. Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully agree and consent to the appointment of a Receiver by the Court who shall have the rights, powers, and duties enumerated in the Final Judgment. Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully agree to cooperate fully with the Receiver and to provide him with such testimony, documents, and powers of attorney as the Receiver may require to locate, account for, and transfer assets to the receivership estate. Defendant Corigliano and Relief Defendant Corigliano specifically undertake and agree to waive any and all rights they may have under the laws of the United States or any other nation providing for the secrecy of their transactions with banks or other financial institutions and to provide all necessary letters, directions, and authorizations to facilitate and effectuate all inquiries and directions by the Receiver or the Commission to locate, account for, or transfer their assets.

9. Defendant Corigliano and Relief Defendant Corigliano acknowledge that the Court is exempting certain assets from Defendant Corigliano's payment of prejudgment interest on his disgorgement, based on representations in financial statements, and other documents and information, submitted to the Commission by Defendant Corigliano and Relief Defendant Corigliano. Defendant Corigliano and Relief Defendant Corigliano further consent that if at any time following the entry of the Final Judgment the Commission obtains information

7

3199

indicating that the representations to the Commission by Defendant Corigliano and Relief Defendant Corigliano concerning their assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant Corigliano or Relief Defendant Corigliano, petition the Court for an order requiring Defendant Corigliano to pay the unpaid portion of the prejudgment interest and postjudgment interest thereon. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant Corigliano and Relief Defendant Corigliano was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In any such petition, the Commission may move the Court to consider all available remedies, including but not limited to ordering Defendant Corigliano or Relief Defendant Corigliano to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of the Court's Final Judgment. The Commission may also request additional discovery. Defendant Corigliano or Relief Defendant Corigliano may not, by way of defense to such petition: (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the Amended Complaint; (3) assert that payment of prejudgment or postjudgment interest should not be ordered; (4) contest the amount of prejudgment or postjudgment interest; or (5) assert any defense to liability or remedy, including but not limited to any statute of limitations defense.

8

3200

10.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

11.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully waive the right, if any, to appeal from the entry of the Final Judgment.

12.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant Corigliano, Relief Defendant Corigliano, or Relief Defendant Scully to enter into this Consent.

13.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

14.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

15.    Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully of its terms and conditions. Defendant

9

3201

Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully further agree to provide counsel for the Commission, within thirty business days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that they have received and read a copy of the Final Judgment.

16.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully in this civil proceeding. Defendant Corigliano acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant Corigliano waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant Corigliano further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant Corigliano

10

3202

understands that he shall not be permitted to contest the factual allegations of the Amended Complaint in this action.

17.     Defendant Corigliano understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant Corigliano agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Amended Complaint or creating the impression that the Amended Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant Corigliano hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Amended Complaint. If Defendant Corigliano breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant Corigliano's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

18.     Defendant Corigliano hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant Corigliano to defend against this action. For these purposes, Defendant Corigliano agrees that Defendant Corigliano is not the prevailing party in this action since the parties have reached a good faith settlement.

11

3203

19.     Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

12

3204

20.     Defendant Corigliano, Relief Defendant Corigliano, and Relief Defendant Scully

agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the

terms of the Final Judgment.


Dated:_____          _____
                                       Cosmo Corigliano

     On April _____, 2004, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.


                                       _____
                                       Notary Public
                                       Commission expires:


Approved as to form:


_____
Gary P. Naftalis, Esq.
Kramer, Levin, Naftalis & Frankel
919 Third Avenue
New York, New York  10022
(212) 715-9100
Attorney for Defendant


13


3205