# EXHIBIT 13

- continued -

Dated:_____                    _____
                                          Agnes T. Corigliano

        On April _____, 2004; _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.


                                          _____
                                          Notary Public
                                          Commission expires:

Approved as to form:



_____
Dixie L. Johnson, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
1001 Pennsylvania Avenue, N.W.
    Suite 800,
Washington, D.C.  20004-2505
(202) 639-7000
Attorney for Relief Defendant Agnes T. Corigliano




14

3206

Dated:_____                    _____
                                               Mary Louise Scully


     On April _____, 2004, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.


                                               _____
                                               Notary Public
                                               Commission expires:


Approved as to form:


_____
Liza M. Walsh, Esq.
Connell Foley LLP
85 Livingston Avenue
Roseland, NJ 07068
(973) 535-0500
Attorney for Relief Defendant Mary Louise Scully


15


3207

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | :    00 Civ. No. 2873 |
| COSMO CORIGLIANO, ANNE M. PEMBER, CASPER SABATINO, and KEVIN T. KEARNEY, | : |
| Defendants, | : |
| AGNES T. CORIGLIANO, CARLETON H. PEMBER IV, and MARY LOUISE SCULLY, | : |
| Relief Defendants. | : |

## FINAL JUDGMENT AS TO DEFENDANT COSMO CORIGLIANO, RELIEF DEFENDANT AGNES T. CORIGLIANO, AND RELIEF DEFENDANT MARY LOUISE SCULLY

The Securities and Exchange Commission ("Commission") having filed an Amended Complaint ("Amended Complaint"), and Defendant Cosmo Corigliano ("Defendant Corigliano"), Relief Defendant Agnes T. Corigliano ("Relief Defendant Corigliano"), and Relief Defendant Mary Louis Scully ("Relief Defendant Scully") each having entered a general appearance; consented to the Court's jurisdiction over him or her and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

3208

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)]

2

3209

and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)], by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

3

3210

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1], by falsifying, or causing to be falsified, any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

## V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2], by, as a director or officer of an issuer, making or causing to be made a materially false or misleading statement, or omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with (i) any audit or examination of the financial statements of the issuer required to be made pursuant to the Exchange Act or (ii) the preparation or filing of any document or report required to be filed with the Commission.

3211

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, .13a-1, and .13a-13] by knowingly providing substantial assistance to an issuer of a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] that fails to file such information and documents as the Commission requires to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], fails to file such annual reports and quarterly reports as the Commission prescribes, or fails to add to a statement or report required by the Commission such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by

5

3212

knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] that fails to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] that fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements and (b) to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the

6

3213

recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, aiding and abetting any violation of Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 promulgated thereunder [17 C.F.R. § 240.14a-9], by knowingly providing substantial assistance to an issuer that, by use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, makes any solicitation of any proxy, consent, or authorization in respect of any security (other than an exempted security) registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], by means of any proxy statement, form of proxy, notice of meeting, or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Corigliano is

7

-3214

prohibited from acting as an officer or director of any issuer that has a class of securities

registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to

file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].


## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of

Defendant Corigliano, Relief Defendant Agnes T. Corigliano, and Relief Defendant Mary

Louise Scully ("Consent") is incorporated herein with the same force and effect as if fully set

forth herein, and that Defendant Corigliano, Relief Defendant Corigliano, and Relief

Defendant Scully shall comply with all of the undertakings and agreements set forth therein.


## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano

and Relief Defendant Corigliano shall transfer, within twenty business days of the entry of this

Final Judgment, to the care, custody, and control of the Receiver, as provided herein, all assets

or other property of Defendant Corigliano or Relief Defendant Corigliano or in which Defendant

Corigliano or Relief Defendant Corigliano have a legal or beneficial interest of any kind, except

for those assets exempted in Paragraph XIV below. Said disgorged assets shall include, but are

not limited to: (i) the entire balance of any and all financial depository or brokerage institution

accounts or investment funds in which Defendant Corigliano or Relief Defendant Corigliano

holds any interest, whether legal or equitable, including, but not limited to, investment funds and

checking, savings, money market, IRA, Keough, pension, or investment accounts (with the

8

3215

exception of certain trust account balances enumerated in Paragraph XIV below); (ii) any and all securities held by Defendant Corigliano or Relief Defendant Corigliano (whether individually or jointly), including, but not limited to, any equity securities or debt instruments of, or options, rights, or contracts for the purchase of securities of, CUC International Inc. or Cendant Corporation; (iii) a 1985 Sabre sailboat; (iv) a 1965 Mercedes Benz automobile; (v) all interests of Defendant Corigliano and Relief Defendant Corigliano in Crystal Journey Candles LLC; and (vi) any other assets of a value of $1,000 or more in which Defendant Corigliano or Relief Defendant Corigliano had any direct or indirect legal or beneficial ownership interest as of March 31, 2004, other than those exempted in Paragraph XIV below. The transfer of these assets, together with the transfer of trust funds set forth in Paragraph XIII below, shall constitute disgorgement of the unjust enrichment realized by Defendant Corigliano as a result of his sales of the securities of CUC International Inc. and Cendant Corporation, as alleged in the Amended Complaint, together with partial payment of prejudgment interest on that disgorgement. No part of the receivership estate shall in any event be returned to Defendant Corigliano or Relief Defendant Corigliano or their successors, heirs, or assigns.

## XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Scully shall transfer, within twenty business days of the entry of this Final Judgment, to the care, custody, and control of the Receiver, as provided herein, (1) all funds held in trust in the Mary Corigliano Trust Fund, for which Relief Defendant Scully serves as Trustee, less a balance of $100,000 (as determined as of the date of the transfer); (2) all funds held in trust in the David

9

3216

Corigliano Trust Fund, for which Relief Defendant Scully serves as Trustee, less a balance of $100,000 (as determined as of the date of the transfer); and (3) all funds held in trust in the Michael Corigliano Trust Fund, for which Relief Defendant Scully serves as Trustee, less a balance of $100,000 (as determined as of the date of the transfer). The transferred funds shall become part of the receivership estate, and, accordingly, shall not in any event be returned to Defendant Corigliano or Relief Defendant Corigliano or their successors, heirs, or assigns.

## XIV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano, Relief Defendant Corigliano, Relief Defendant Scully, and entities under their control, shall transfer forthwith or provide any and all necessary documents to allow transfer of all assets ordered transferred pursuant to Paragraphs XII and XIII above, less such sums as are necessary to satisfy any loans or other encumbrances on said assets or taxes due on the disposition of said assets, to the Receiver. Further, Defendant Corigliano and Relief Defendant Corigliano shall retain their interests in (i) their residence at 38 Watrous Point Road, in Old Saybrook, Connecticut; (ii) all furnishings and personal property therein; (iii) the residence in Trumbull, Connecticut, occupied by Defendant Corigliano's parents; (iv) all furnishings and personal property therein; (v) one 1996 Lexus automobile, (vi) one 1993 Acura automobile; (vii) a balance of $100,000 in the Mary Corigliano Trust Fund, a balance of $100,000 in the Michael Corigliano Trust Fund, and a balance of $100,000 in the David Corigilano Trust Fund, provided however that any balances in any of those trust funds in excess of $100,000 (as determined as of the date of

10

· 3217

the transfer of the remaining funds of the trust) shall be transferred to the Receiver appointed by the Court pursuant to this Final Judgment, as set forth in Paragraph XIII above.

## XV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and Relief Defendant Corigliano shall transfer to the Receiver (or, in the event that the receivership estate no longer exists, directly to the Clerk of this Court pursuant to the procedures set forth in Paragraph XVI.(3) below), any assets which are derived from any assets legally or beneficially owned or possessed by them during the period from January 1, 1996, to and including the date the Final Judgment is entered, or from any assets which they obtained or controlled during this period, (other than those excluded by Paragraph XIV above), irrespective of when those derived assets are discovered or are realized. Such derived assets shall include, but not be limited to, any tax refunds, whether federal, state, or local, received by Defendant Corigliano or Relief Defendant Corigliano for the calendar years 2000 through and including 2005. In the event of any dispute as to current or past legal or beneficial ownership in such derived assets, Defendant Corigliano and Relief Defendant Corigliano shall bear the burden of proving the absence of such legal or beneficial ownership, that such derived assets were not legally or beneficially owned by or possessed by others acting as their nominees, and that the transfer of such derived assets by or through them was not done as a sham to conceal their true ownership. If the Receiver or the Court find that Defendant Corigliano or Relief Defendant Corigliano have met their burden of proof concerning such derived assets, then the parties agree

11

3218

that Defendant Corigliano and Relief Defendant Corigliano shall not be obligated to transfer such derived assets to the Receiver.

## XVI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

_____ is hereby appointed Receiver for the assets and estate of Defendant Corigliano and Relief Defendant Corigliano and shall:

(1) take into his custody, control, and possession all assets and property ordered transferred pursuant to Paragraphs XII and XIII above, including property held in names which Defendant Corigliano or Relief Defendant Corigliano have used or are using as business names or as aliases, except for assets exempted by Paragraph XIV herein;

(2) liquidate all assets in a manner which the Receiver finds, in his sole discretion, to be the most advantageous to the estate; provided, however, that the Receiver shall attempt to negotiate a reasonable sale of the interests of Defendant Corigliano and Relief Defendant Corigliano in, or the assets of, Crystal Journey Candles LLC to its present employees (with the exception of Defendant Corigliano, Relief Defendant Corigliano, and any relatives or agents of Defendant Corigliano or Relief Defendant Corigliano), prior to attempting to liquidate those interests or assets otherwise;

(3) pay to the Clerk of this Court all disgorged liquid assets, and all other disgorged assets as they are liquidated, with each such payment to be

12

3219

accompanied by a cover letter identifying Defendant Corigliano as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment. (The Receiver shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action. The Clerk shall deposit all such funds into an interest-bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval.);

(4) investigate and inquire into the location and disposition of and to account for all assets of Defendant Corigliano and Relief Defendant Corigliano, from January 1, 1996, to the date of this Order; and determine the accuracy of the accounting by Defendant Corigliano and Relief Defendant Corigliano ordered herein; and

3220

(5) pursue such causes of action against third parties as the Receiver deems appropriate and in the interest the estate to recover the assets of Defendant Corigliano and Relief Defendant Corigliano.

## XVII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that for the purpose of implementing and effectuating this Final Judgment, the Receiver shall have the following rights, duties, and responsibilities:

(1) he shall be entitled to be reimbursed for all reasonable costs, fees, and other expenses (including all such attorneys' fees as are incurred by his own partners and associates or any other attorney chosen by him) incurred by him in the performance of his duties and shall be further entitled to be compensated for his services at an hourly rate not to exceed $225 per hour, from the Fund; provided, however, that all such payments to him as fees, other expenses, or compensation shall first be approved by the Court, after submission to the Commission staff;

(2) the Receiver shall be entitled to rely on all outstanding rules of law and orders and shall not be liable to any person for his own good faith compliance with any order, rule, law, judgment, or decree, nor shall he be liable in any event for his compliance with the orders of this Court. The Receiver shall in no event be liable to Defendant Corigliano, Relief Defendant Corigliano, or Relief Defendant Scully for his good faith compliance with his duties and responsibilities under this Order, nor may he be held liable to any person for any action taken or omitted by him

14

3221

except upon a finding by this Court that the Receiver has acted or failed to act as a result of misfeasance, bad faith, gross negligence, or in reckless disregard of his duties; and

(3) the Receiver may at any time be removed by the Court and replaced with a successor.  In the event the Receiver decides to resign, he shall first give written notice to the parties and the Court of his intention, and his resignation shall not become effective until the Court has appointed a successor.  The Receiver shall follow such instructions as his successor or the Court gives him in turning over custody and control of the property collected pursuant to this Order.

## XVIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for the purposes of implementing and effectuating this Final Judgment, and upon a finding that a stay of proceedings against the Receiver and the estate during the pendency of the receivership is necessary to effectuate this Order, all creditors or claimants and other persons and others acting on behalf of such creditor or claimant or other person, including sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys, BE, and the same hereby ARE, ENJOINED from:

(1) commencing, prosecuting, continuing or enforcing any suit or proceeding against the Receiver or the receivership estate, except that such actions may be filed to toll any statute of limitations;

(2) using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the

15

3222

purpose of impounding or taking possession of or interfering with or creating or

enforcing a lien upon any property owned by or in the possession of or to be

transferred to the receivership estate or the Receiver, wheresoever situated;

(3) attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate

the due date of any lease, loan, mortgage, indebtedness, security agreement, or

other agreement regarding property in the receivership estate or to be turned over

to the receivership estate or in the possession of the Receiver; and

(4) doing any act or thing whatsoever to interfere with the taking control,

possession, or management, by the Receiver appointed herein, of the property and

assets owned, controlled, or in the possession of Defendant Corigliano or Relief

Defendant Corigliano or in any way to interfere with or harass the Receiver, or to

interfere in any manner with the exclusive jurisdiction of this Court over the

receivership estate without the prior permission of this Court during the pending

of the receivership estate.

## XIX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Corigliano,

Relief Defendant Corigliano, and Relief Defendant Scully shall cooperate in all respects with the

efforts of the Receiver pursuant to this Order and shall give him all reasonable assistance,

including such testimony, documents, powers of attorney, and assignments as the Receiver

requires in order to carry out his duties detailed above.

16

~ 3223

## XX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that pending further order of this Court, Defendant Corigliano, Relief Defendant Corigliano, Relief Defendant Scully, and their nominees, agents, officers, employees, servants, successors, attorneys-in-fact, assigns, corporations or other entities under their control, and all persons in active concert or participation with them, BE, and hereby ARE, RESTRAINED AND ENJOINED from destroying, mutilating, concealing, altering, or disposing of any items, including, but not limited to any books, records, contracts, receipts, agreements, or other documents which relate to or pertain to or contain evidence of the accounting of Defendant Corigliano and Relief Defendant Corigliano ordered herein.

## XXI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Corigliano and Relief Defendant Corigliano shall prepare and submit to the Commission within forty business days of the entry of the Final Judgment an affidavit under oath containing a detailed accounting setting forth the following information, as of March 31, 2004:

(a) all securities, funds or other assets, which other assets cost or are presently worth at least $1,000, of Defendant Corigliano or Relief Defendant Corigliano held in the name of Defendant Corigliano or of Relief Defendant Corigliano, or for Defendant Corigliano's or Relief Defendant Corigliano's direct or indirect beneficial interest, stating the location and disposition of each such asset. With respect to any items of personal property, said accounting shall consist of a

17

3224

statement of the total value of said personal property and an itemization of any

individual item of a value or cost of $1,000 or more;

(b) each account with any financial institution or brokerage firm maintained in

Defendant Corigliano's or Relief Defendant Corigliano's name, or held for

Defendant Corigliano's or Relief Defendant Corigliano's direct or indirect

beneficial interest or over which Defendant Corigliano or Relief Defendant

Corigliano exercise or exercised control from January 1, 1996, to March 31, 2004,

including, but not limited to, each account through which Defendant Corigliano or

Relief Defendant Corigliano directed securities or other transactions at any time

since January 1, 1996, or in which proceeds from such transactions were held;

(c) transactions and the disposition of proceeds of transactions conducted in each

account identified in subsection (b) of this Paragraph; and

(d) all gifts, assignments, and other transfers of assets in amounts of $1,000 or

more by Defendant Corigliano or Relief Defendant Corigliano at any time from

January 1, 1996, to March 31, 2004.


## XXII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, based on

financial statements, and other documents and information, submitted by Defendant Corigliano

and Relief Defendant Corigliano to the Commission, the Court is not ordering Defendant

Corigliano to pay all accrued prejudgment interest on the disgorgement ordered herein. The

determination to waive partial payment of prejudgment interest is contingent upon the accuracy

18

3225

and completeness of the financial statements, and other documents and information, submitted to the Commission by Defendant Corigliano and Relief Defendant Corigliano. If at any time following the entry of this Final Judgment the Commission obtains information indicating that the representations to the Commission by Defendant Corigliano or Relief Defendant Corigliano concerning their assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant Corigliano or Relief Defendant Corigliano, petition the Court for an order requiring Defendant Corigliano to pay the unpaid portion of the prejudgment interest and postjudgment interest thereon. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant Corigliano and Relief Defendant Corigliano was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant Corigliano or Relief Defendant Corigliano to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant Corigliano or Relief Defendant Corigliano may not, by way of defense to such petition: (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the Amended Complaint filed by the Commission; (3) assert that payment of prejudgment and postjudgment interest should not be ordered; (4) contest the amount of prejudgment and postjudgment interest; or (5) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

19

- 3226

## XXIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XXIV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2004

_____
UNITED STATES DISTRICT JUDGE

20

3227