UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WALTER A. FORBES | )<br>)<br>) Case No. : 3:02 CR 264 (AHN)<br>)<br>) April 17, 2006<br>)<br>) |

## NON-PARTY ERNST & YOUNG LLP'S OPPOSITION TO MOTION OF DEFENDANT WALTER A. FORBES' FOR LEAVE TO ISSUE A RULE 17(C) SUBPOENA ON ERNST & YOUNG LLP

### Nature of the Proceedings

Non-Party Ernst & Young LLP ("E&Y") respectfully submits this memorandum of law in opposition to the motion by defendant Walter A. Forbes ("Forbes") for leave to issue a third Rule 17(c) subpoena upon E&Y ("Third Subpoena").[1] In support of this opposition, E&Y states:

- The Third Subpoena completely duplicates requests made in: the December 7, 2001 subpoena served by defendants Walter A. Forbes and E. Kirk Shelton upon E&Y ("First Subpoena"); and a second subpoena dated September 13, 2005 served by Forbes on E&Y ("Second Subpoena"). Both subpoenas were previously quashed by Judge Thompson during Forbes's first two trials.

- Forbes failed to comply with this Court's March 31, 2006 Order regarding Forbes's issuance of Rule 17(c) subpoenas (Doc. #2195; hereinafter, "March 31 Order"). Forbes did not provide a certification that the Third Subpoena "calls for documents that will be admissible into evidence" and "indicating generally what category of admissible

---

[1] A copy of the Third Subpoena is attached as Exhibit A to the Memorandum in Support of Motion of Walter A. Forbes for Leave to Issue Rule 17(c) Subpoenas [sic] to Ernst & Young (Forbes Third Trial Motion No. 6) (Doc. #2166; hereinafter, "Forbes Memo.").

1

evidence;" and he failed to move for reconsideration of the Court's orders quashing the first two subpoenas or to "specif[y] the bases on which he believes reconsideration is warranted." March 31 Order at 1-2.

Given the Court's prior rulings and the lack of any argument or reason to reconsider those rulings, Defendant Forbes's motion for leave to issue the Third Subpoena should be denied.

## Argument

### THE THIRD SUBPOENA SHOULD BE QUASHED IN ITS ENTIRETY

Before Forbes's first trial, E&Y moved to quash the First Subpoena served by defendants Forbes and Shelton, which contained requests for 59 categories of documents. E&Y had already produced over 100 boxes of documents to Forbes (including audit and review workpapers and desk files going back many years), and the First Subpoena was nothing more than an overbroad discovery attempt seeking "any and all" documents in dozens of categories. On March 1, 2004, Judge Thompson held a hearing on E&Y's motion, along with numerous motions to quash brought by other non-parties, including Cendant Corporation, Anne Pember, Kevin Kearney, Casper Sabatino, and Cosmo Corigliano. At that hearing, Judge Thompson concluded that, with respect to all of the subpoenas at issue, the defendants "had not met their burden of showing that their application had been made in good faith and with sufficient specificity so as to not to amount to a 'fishing expedition.'" October 28, 2005 Ruling on Anne Pember's Motion to Quash the Sixth and Seventh Rule 17(c) Subpoenas of Defendant Walter A. Forbes (Doc. #1906; hereinafter, "October 28, 2005 Ruling") at 14. Judge Thompson orally granted E&Y's motion to quash the First Subpoena on May 17, 2004. *See* Docket Report, May 17, 2004 entry (just preceding Doc. #743).

On or about September 22, 2005, Forbes served E&Y with the Second Subpoena, seeking two categories of documents that duplicated requests in the First Subpoena. In his cover letter accompanying that subpoena, Forbes acknowledged that the Second Subpoena contained requests that were previously quashed by the Court, but stated that the Second Subpoena was being served to preserve the subpoena demands with respect to the retrial. Sept. 22, 2005 Letter from Margaret A. Keeley to William Hammer ("Keeley Letter"), attached as Exhibit B to Non-Party Ernst & Young LLP's Motion to Quash Defendant Walter A. Forbes' Second Rule 17(c) Subpoena (Doc. #1946; hereinafter, "E&Y's November 7, 2005 Motion"). Judge Thompson granted E&Y's motion to quash the Second Subpoena, concluding that Forbes had "not met his burden of showing that his application has been made in good faith and with sufficient specificity so as not to amount to a 'fishing expedition.'" November 16, 2005 Ruling (Doc. #1993; hereinafter, "November 16 Ruling") at 1-2 (quoting *United States v. Nixon*, 418 U.S. 683, 700 (1974)).

On March 31, 2006, Forbes filed his motion for leave to issue a Third Subpoena to E&Y, seeking the same two categories of documents quashed by Judge Thompson's November 16 Ruling. Forbes acknowledges that the Third Subpoena contains requests that were previously quashed by the Court, stating that he seeks leave to re-serve those requests only "for purposes of the third trial in order to ensure that these requests are preserved for the record" and relying on his previously-made arguments. Memorandum in Support of Motion of Walter A. Forbes for Leave to Issue Rule 17(c) Subpoenas to Ernst & Young (Doc. #2166; hereinafter, "Forbes Memo.") at 1-2. Accordingly, E&Y respectfully incorporates by reference all arguments made in support of its motions to quash the First and Second Subpoenas. *See* E&Y's November 7, 2005 Motion to Quash Walter A. Forbes' Second Rule 17(c) Subpoena and supporting

3

memorandum (Doc. #1946 and 1947); E&Y's November 11, 2005 Reply brief (Doc. #1980); E&Y's April 4, 2003 Motion to Quash Forbes' First Rule 17(c) Subpoena and memorandum (Doc. #155; hereinafter, E&Y's April 4, 2003 Memo.); and E&Y's July 23, 2003 Reply brief in support thereof (Doc. #332; hereinafter, E&Y's July 23, 2003 Reply). Judge Thompson accepted the arguments made therein in quashing the first two subpoenas; those arguments are even more compelling here.

Moreover, Forbes has not met his burden under this Court's March 31 Order with respect to Defendant's issuance of Rule 17(c) subpoenas. In the March 31 Order, this Court adopted Judge Thompson's findings and order "pertaining to the Defendant's excessive and improper use of Rule 17(c) subpoenas directed to third parties," making them applicable "to all Rule 17(c) subpoenas issued or to be issued in connection with the upcoming trial on all third-party witnesses. . . ." March 31 Order at 1. Therefore, this Court ordered (in pertinent part) that, before serving a Rule 17(c) subpoena on any third party, Forbes must:

> file a signed certification . . . affirming first, that after adequate investigation counsel reasonably believes (i) that the subpoena was being issued in good faith, (ii) that it calls for documents that will be admissible into evidence – indicating generally what category of admissible evidence…; and second, that to the extent Forbes wishes to reissue a Rule 17(c) subpoena for documents where the court has already quashed a prior subpoena demand that called for identical or substantially similar documents, he shall move for reconsideration of the court's order specifying the bases on which he believes reconsideration is warranted.

*Id.* at 1-2. Forbes has failed to comply with these requirements.

As an initial matter, Forbes makes no affirmation that the Third Subpoena was issued in good faith or calls for documents that will be admissible into evidence. Nor has Forbes even attempted to meet the standards in this district for reconsideration.[2] In light of the law governing

---

[2] *See, e.g., United States v. Mills*, 2004 WL 57282, *1 (D. Conn. Jan. 8, 2004) (standards for a motion for reconsideration under Local Rule Civ. P. 7(c) are same as for motions to amend judgment under Fed. R. Civ. P

4

criminal trial subpoenas, and the tens of thousands of pages of documents that Forbes has already received from E&Y, Judge Thompson's rulings quashing Forbes's overbroad discovery demands were correct. The standards for reconsideration of those rulings – intervening change in the law, new evidence not previously available, or the need to correct clear legal error – are not present here; Forbes does not even attempt to argue otherwise. Accordingly, the Third Subpoena should be quashed.[3]

Further, the Third Subpoena – like the Second Subpoena – is, if anything, *even broader* than the corresponding requests in the First Subpoena that Judge Thompson quashed in full. In quashing the First Subpoena, Judge Thompson instructed Forbes that he might be able to cure the subpoena's defects by (among other things) narrowing the demands. Not only did Forbes fail to follow the Court's directions once again, his Third Subpoena broadened his demands. *Compare* Third Subpoena, Request Nos. 1-2 *with* First Subpoena Request No. 1. So the arguments in E&Y's original motion apply with even more force to this new subpoena. *See* E&Y's April 4, 2003 Memo. at 3-6, 12; E&Y July 23, 2003 Reply at 1-4. As Judge Thompson explicitly found in ruling on the non-parties' motions to quash Forbes's subpoenas and "renewal" subpoenas from the first and second trials, where a party "broadly requests 'any and all' documents in a broad category, courts will narrow the request or grant the motion to quash the request…. Such broad requests, which the courts often refer to as 'fishing expeditions,' fail to satisfy the

---

59(e), namely, "(1) an intervening change in the law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice.'") (citation omitted).

[3] Judge Thompson also granted the motions of other non-parties (including Cendant Corporation, Anne Pember, Kevin Kearney, Casper Sabatino, Cosmo Corigliano and Kramer Levin) to quash similar "renewal" subpoenas that Mr. Forbes apparently served to preserve demands with respect to the second trial -- precisely because Mr. Forbes' demands to the other non-parties were similar or identical to demands in subpoenas previously quashed by the Court in connection with the initial trial. *See, e.g.,* October 28, 2005 Ruling at 1, 16 (quashing demands in Seventh Subpoena to Pember that had been previously quashed) (attached as Exhibit B to Exhibit 2); October 31, 2005 Ruling on Non-Party Casper Sabatino's Motion to Quash the Rule 17(c) Subpoenas of Walter A. Forbes Dated August 17, 2005 and September 14, 2005 (Doc. #1919) (same) (attached as Exhibit G to Exhibit 2).

5

specificity requirement" for Rule 17(c) subpoenas. October 28, 2005 Ruling at 8-9 (Doc. #1906) (citations omitted); *see also* March 1, 2004 Hearing Tr. at 10-13, 18, 96-99 (attached as Exhibit H to E&Y's November 7, 2005 Memo., Doc. #1947). Finally, the fact that the Third Subpoena seeks any and all pre-1993 documents renders the possible relevance of the documents even more attenuated.

The demands in the Third Subpoena simply do not "constitute a good faith effort to obtain *identified* evidence," let alone demonstrate that the documents themselves are admissible. Instead, the demands reflect a general "fishing expedition" and an improper attempt to use Rule 17(c) as a discovery device. *United States v. Cuthbertson*, 620 F.2d 139, 146 (3d Cir. 1980) (citing *Nixon*, 418 U.S. at 698-99) (emphasis added). Indeed, as Judge Thompson specifically found in quashing the identical demands in the Second Subpoena, "[i]t is apparent … that the Second Subpoena is merely an overbroad discovery attempt and that no good-faith effort was made by defendant Forbes to tailor the calls in the subpoena so they were reasonably calculated to demand the production of documents that satisfy the four requirements under *Nixon*." November 16 Ruling at 2. In short, there is no reason for this Court to revisit the prior rulings on these matters, and the Third Subpoena should be quashed in its entirety.

**Conclusion**

For the reasons stated herein, and for the reasons offered in support of E&Y's previous motions to quash, the Court should deny Defendant Forbes' motion for leave to issue the Third Subpoena to E&Y.

Dated: April 17, 2006

              Respectfully submitted,

              ERNST & YOUNG LLP

              /s/Shelley R. Sadin
                Shelley R. Sadin
                ct 05090

                Zeldes, Needle & Cooper, P.C.
                1000 Lafayette Boulevard
                Suite 500
                Bridgeport, Connecticut 06601-1740
                ssadin@znclaw.com

              Attorneys for Ernst & Young LLP

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2006 a copy was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/Shelley R. Sadin
Shelley R. Sadin