608(b) & Advisory Committee Note, 2003 Amendments (explaining that the Rule bars evidence "'designed to show that the witness has done things, unrelated to the suit being tried, that make him more or less believable per se.'") (quoting *United States v. Fusco*, 748 F.2d 996, 998 (5th Cir. 1984)).

V.  **The True and Improper Purpose of the Latest Subpoenas Is to Obtain Additional Evidence to Further Confuse and Mislead the Jury on Collateral Issues and the Subpoenas Therefore Should Be Quashed Under Rule 403 as Well**

In addition to the arguments made above, there is an additional and sufficient reason to quash defendant Forbes' latest subpoenas concerning Mr. Corigliano: they are designed to confuse and distract the jury by putting before it -- in a misleading fashion -- further "evidence" concerning matters that are far, far removed from the issues the jury must decide.

Take, for example, defendants' "benefit" and "bias" theory with respect to the retainer. The Court has determined that the fact that Mr. Corigliano was able to use the legal fee retainer he had paid to Kramer Levin to continue to receive legal services is a "benefit" to him. But the implication that defendants are attempting to create from this fact -- that Mr. Corigliano received some extraordinary or unusual dispensation by virtue of his cooperation that would cause him to be biased in favor of the government -- is simply false. There was, as discussed above, no "special" or "secret" or "undocumented" agreement providing Mr. Corigliano with some unusual benefit or reward because of his cooperation. Yet that misleading implication is what the defendants have been arguing to the jury -- and apparently wish to continue to argue -- in their self-created trial-within-the-trial about imagined "secret" inducements.

To that end, defendant Forbes has subpoenaed no fewer than six individuals and three record custodians, including Mr. Corigliano's own attorneys (Mr. Naftalis and Mr. Friedman); a member of his attorneys' accounting department (Mr. Gonedes); a custodian of

17

records from his attorneys' law firm; a senior partner (Audrey Strauss, Esq.) and the custodian of records from the law firm representing his wife; at least two members of the SEC's enforcement staff who were involved in negotiating the settlement agreement (Mr. Frohlich and Mr. Kidney); and an SEC custodian of records. We can only imagine the lengthy roster of witnesses and documents that the government might reasonably wish to offer in rebuttal.

This is but one example of the many trials-within-the trial that defendant Forbes apparently seeks to conduct as part of his defense case. Others could include a trial-within-the trial on whether Mr. Corigliano properly continued to pay his family's bills pending turn-over of their assets to the SEC-appointed receiver, whether Mr. Corigliano was aware of specific interactions between his counsel and the SEC staff, and so on and so on.

We respectfully submit that Rule 403 provides this Court with more than sufficient discretion -- discretion that we urge the Court to exercise -- to rebuff these improper attempts by the defendants to distract, confuse and mislead the jury into focusing on issues that are far afield from the ultimate decisions that they will have to make: whether Walter Forbes and Kirk Shelton knowingly participated in one of the largest earnings fraud crimes in U.S. history. *See United States v. Bowe*, 360 F.2d 1, 15-16 (2d Cir. 1966) ("On the other hand, it is apparent, as the trial judge stated after hearing extensive argument, that the introduction of the proffered testimony would have opened up a trial within a trial. . . . The trial judge correctly concluded that the confusion and delay which would have resulted from the introduction of [the disputed] testimony outweighed its slight probative value.")

## Conclusion

For the foregoing reasons, we respectfully urge the Court to quash in their entirety the latest improper Rule 17 subpoenas served on Kramer Levin and its employee, Peter Gonedes.

18

Respectfully submitted,

Kramer Levin Naftalis & Frankel LLP

By: _____
Gary P. Naftalis (ct 24510)
Alan R. Friedman (ct 14926)
Eric A. Tirschwell (ct 25626)
J. Wells Dixon (ct 22932)
919 Third Avenue
New York, New York 10022
(212) 715-9100

-and-

Jacobs, Grudberg, Belt & Dow, P.C.
Ira B. Grudberg (ct 00178)
350 Orange Street
New Haven, Connecticut 06511
(203) 772-3100

Attorneys for Cosmo Corigliano,
Kramer Levin Naftalis & Frankel LLP and
Peter Gonedes

19

# EXHIBIT A

AO 89 (Rev. 11/91) Subpoena In a Criminal Case

# United States District Court

DISTRICT OF  Connecticut

United States of America

v.

Walter A. Forbes and
E. Kirk Shelton

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER: 3:02CR00264 (AWT)

TO:
Custodian of Records
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022-3852

[X] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| U.S. Courthouse<br>450 Main Street<br>Hartford, Connecticut 06103 | South Courtroom |
| | DATE AND TIME<br>August 30, 2004<br>9:30 a.m. |

[X] YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See attached Schedule A

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT<br>**KEVIN F. ROWE**<br>(By) Deputy Clerk | DATE<br>August 19, 2004 |
|---|---|

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Barry S. Simon, Williams & Connolly LLP,           Thomas P. Puccio, Law Offices of Thomas Puccio
725 Twelfth Street, N.W., Washington, DC 20005    230 Park Avenue, Suite 301, New York, NY 10017
(202) 434-5000, Attorneys for Defendant Walter A. Forbes   (212) 759-3300, Attorneys for Defendant E. Kirk Shelton

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

| PROOF OF SERVICE | | | |
|---|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE | |
| SERVED | DATE | PLACE | |
| SERVED ON (PRINT NAME) | | FEES AND MILEAGE TENDERED TO WITNESS ☐ YES  ☐ NO   AMOUNT $_____ | |
| SERVED BY (PRINT NAME) | | TITLE | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    Date

_____
Signature of Server

_____
Address of Server

ADDITIONAL INFORMATION

# SCHEDULE OF DOCUMENTS TO BE PRODUCED BY KRAMER, LEVIN, NAFTALIS & FRANKEL LLP

## DEFINITIONS AND INSTRUCTIONS

a. The term "document" shall include material existing in both electronic and non-electronic form. When a document is stored electronically only, the electronic format shall be produced.

b. The term "Kramer Levin" shall mean Kramer, Levin, Naftalis, & Frankel LLP and its predecessors.

## DESCRIPTIONS OF DOCUMENTS TO BE PRODUCED

1. Documents sufficient to establish the amount of any legal fee retainer paid to Kramer Levin on behalf of either Cosmo Corigliano or Agnes T. Corigliano from 1998 to present.

2. Documents sufficient to establish the current amount of the balance of any legal fee retainer paid to Kramer Levin on behalf of either Cosmo Corigliano or Agnes T. Corigliano from 1998 to present.

3. Documents sufficient to establish the amount of the balance of any legal fee retainer paid to Kramer Levin on behalf of either Cosmo Corigliano or Agnes T. Corigliano as of April 16, 2004.

4. All documents describing or memorializing any agreement with the SEC concerning the use or disposition of any legal fee retainer paid to Kramer Levin on behalf of Cosmo Corigliano or Agnes T. Corigliano.

5. All documents describing or memorializing any agreement with the SEC concerning the existence, use, or disposition of any assets legally or beneficially used or controlled by Cosmo Corigliano or Agnes T. Corigliano, other than the budget agreement dated August 28, 2000 and the Settlement Agreement dated April 16, 2004.

6. All documents reflecting that a copy of Alan R. Friedman's September 4, 2003 letter to James A. Kidney was communicated to Cosmo Corigliano.

7. All documents reflecting that the Wells submission filed with the SEC on Cosmo Corigliano's behalf on or about May 11, 2000 was communicated to Cosmo Corigliano.

8. All documents reflecting that any of the following letters from the SEC to Kramer, Levin were sent to Cosmo Corigliano: (1) a letter from David Frohlich to Gary Naftalis dated April 12, 2004; (2) a letter from David Frohlich to Gary Naftalis dated April 9, 2004.

# EXHIBIT B

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

# United States District Court

DISTRICT OF _Connecticut_

United States of America

v.

Walter A. Forbes and
E. Kirk Shelton

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER: 3:02CR00264 (AWT)

TO:

Peter Gonedes
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022-3852

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| U.S. Courthouse<br>450 Main Street<br>Hartford, Connecticut 06103 | South Courtroom |
| | DATE AND TIME<br>August 30, 2004<br>9:30 a.m. |

☐ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| KEVIN F. ROWE | August 19, 2004 |
| (By) Deputy Clerk<br>[signature] | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Barry S. Simon, Williams & Connolly LLP,
725 Twelfth Street, N.W., Washington, DC 20005
(202) 434-5000, Attorneys for Defendant Walter A. Forbes

Thomas P. Puccio, Law Offices of Thomas Puccio
230 Park Avenue, Suite 301, New York, NY 10017
(212) 759-3300, Attorneys for Defendant E. Kirk Shelton

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

| PROOF OF SERVICE | | |
|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | FEES AND MILEAGE TENDERED TO WITNESS<br>☐ YES   ☐ NO    AMOUNT $ _____ |
| SERVED BY (PRINT NAME) | | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
             *Date*                              *Signature of Server*

                                 _____
                                       *Address of Server*

ADDITIONAL INFORMATION

# EXHIBIT C

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

# United States District Court

DISTRICT OF     Connecticut

United States of America

v.

Walter A. Forbes and
E. Kirk Shelton

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER: 3:02CR00264 (AWT)

TO: Cosmo Corigliano
c/o Alan Friedman, Esq.
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022-3852

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| U.S. Courthouse | South Courtroom |
| 450 Main Street | DATE AND TIME |
| Hartford, CT 06103 | July 22, 2004 |

☒ YOU ARE ALSO COMMANDED to bring with you the following documents or objects):

See attached schedule.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| (By) Deputy Clerk | July 20, 2004 |

ATTORNEY=S NAME, ADDRESS AND PHONE NUMBER:
Thomas P. Puccio, Law Offices of Thomas P. Puccio, 230 Park Avenue, Suite 301
New York, NY 10017 (212) 759-3300, Attorneys for Defendant E. Kirk Shelton

Case 3:02-cr-00264-AHN   Document 2278-6   Filed 04/17/2006   Page 14 of 20
Case 3:02-cr-00264-AHN   Document 1106   Filed 08/26/2004   Page 31 of 42
UL 21 2004 11:29 FR 999                                    TO 8121271580000      P.09

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| RECEIVED BY SERVER | | |
| SERVED | DATE | PLACE |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
| | ☐ YES   ☐ NO   AMOUNT $ _____ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____  _____
                        Date                              Signature of Server

                                         _____
                                                  Address of Server

ADDITIONAL INFORMATION

# SCHEDULE OF DOCUMENTS TO BE PRODUCED BY COSMO CORIGLIANO

## DEFINITIONS AND INSTRUCTIONS

a. "Cosmo Corigliano" or "Mr. Corigliano" shall mean Cosmo Corigliano.

b. "Kramer Levin Naftalis & Frankel LLP" shall mean Kramer Levin Naftalis & Frankel LLP.

c. The terms "document" or "documents" shall include material existing in both electronic and non-electronic form. When a document is stored electronically only, the electronic format shall be produced.

d. The term "all" shall mean any and all.

e. The term "and" shall mean "or" as well as "and" to bring within the scope of the description all documents that otherwise might be construed to be outside the description of documents to be produced.

f. The term "or" shall mean "and" as well as "or" to bring within the scope of the description all documents that might otherwise be construed to be outside the description of documents to be produced.

g. The term "any" shall mean any and all.

h. The terms "relating to" or "referring to" or "reflecting" or "memorializing" shall mean concerning, relating to, referring to, describing, reflecting, regarding, evidencing, memorializing or constituting.

i. The past tense shall include the present tense and *vice versa* so as to bring within the scope of the description all documents that might otherwise be construed to be outside the scope of the description of documents to be produced.

j. The plural shall include the singular and *vice versa* so as to bring within the scope of the description all documents construed to be outside the scope of the description of documents to be produced.

k. If any document or other item requested is not produced but is withheld on a claim of privilege, identify the document by providing the date of its preparation, the name of the person(s) preparing and receiving it, the subject matter of the documents, and the identity of each person to whom a copy of the document or item has been delivered, or to whom disclosure of the document or item was made, either orally or in writing.

Case 3:02-cr-00264-AHN   Document 2278-6   Filed 04/17/2006   Page 16 of 20
Case 3:02-cr-00264-AHN   Document 1106   Filed 08/26/2004   Page 33 of 42
JUL 21 2004 11:30 FR 999    TO 812127158000    P.11

## DESCRIPTION OF DOCUMENTS TO BE PRODUCED

1. Any retainer agreement between Cosmo Corigliano and Kramer Levin Naftalis & Frankel LLP.

2. Any documents reflecting or memorializing any understanding between Mr. Corigliano and Kramer Levin Naftalis & Frankel LLP relating to any retainer or advance payments made by or on behalf of Mr. Corigliano.

3. Any bills or statements of account relating or referring to the past or present status of any retainer or advance payments made by or on behalf of Mr. Corigliano to Kramer Levin Naftalis & Frankel LLP.

4. Any documents relating to any interest earned or due on any retainer or advance payment made by or on behalf of Mr. Corigliano.

5. Any documents relating to the $1.8 million payment to Kramer Levin Naftalis & Frankel LLP that was the subject of Mr. Coriligano's trial testimony on July 20, 2004.

Case 3:02-cr-00264-AHN   Document 2278-6   Filed 04/17/2006   Page 17 of 20
Case 3:02-cr-00264-AHN   Document 1106   Filed 08/26/2004   Page 34 of 42
JUL 21 2004 11:28 FR 999                              TO 812127158000        P.03

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

# United States District Court

DISTRICT OF _____ Connecticut

United States of America

v.

Walter A. Forbes and
E. Kirk Shelton

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER: 3:02CR00264 (AWT)

TO:
Alan Friedman, Esq.
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022-3852

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| U.S. Courthouse | South Courtroom |
| 450 Main Street | DATE AND TIME |
| Hartford, CT 06103 | July 22, 2004 |

☒ YOU ARE ALSO COMMANDED to bring with you the following documents or objects):

See attached schedule.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| (By) Deputy Clerk | July 20, 2004 |

ATTORNEY=S NAME, ADDRESS AND PHONE NUMBER:
Thomas P. Puccio, Law Offices of Thomas P. Puccio, 230 Park Avenue, Suite 301
New York, NY 10017 (212) 759-3300, Attorneys for Defendant E. Kirk Shelton

JUL 21 2004 11:28 FR 999                          TO 812127158000         P.04

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| RECEIVED BY SERVER | | |
| SERVED | DATE | PLACE |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
| | ☐ YES   ☐ NO   AMOUNT $ _____ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             Date            Signature of Server

                             Address of Server

ADDITIONAL INFORMATION

## SCHEDULE OF DOCUMENTS TO BE
## PRODUCED BY KRAMER LEVIN NAFTALIS & FRANKEL LLP

### DEFINITIONS AND INSTRUCTIONS

a. "Cosmo Corigliano" or "Mr. Corigliano" shall mean Cosmo Corigliano.

b. "Kramer Levin Naftalis & Frankel LLP" shall mean Kramer Levin Naftalis & Frankel LLP.

c. The terms "document" or "documents" shall include material existing in both electronic and non-electronic form. When a document is stored electronically only, the electronic format shall be produced.

d. The term "all" shall mean any and all.

e. The term "and" shall mean "or" as well as "and" to bring within the scope of the description all documents that otherwise might be construed to be outside the description of documents to be produced.

f. The term "or" shall mean "and" as well as "or" to bring within the scope of the description all documents that might otherwise be construed to be outside the description of documents to be produced.

g. The term "any" shall mean any and all.

h. The terms "relating to" or "referring to" or "reflecting" or "memorializing" shall mean concerning, relating to, referring to, describing, reflecting, regarding, evidencing, memorializing or constituting.

i. The past tense shall include the present tense and *vice versa* so as to bring within the scope of the description all documents that might otherwise be construed to be outside the scope of the description of documents to be produced.

j. The plural shall include the singular and *vice versa* so as to bring within the scope of the description all documents construed to be outside the scope of the description of documents to be produced.

k. If any document or other item requested is not produced but is withheld on a claim of privilege, identify the document by providing the date of its preparation, the name of the person(s) preparing and receiving it, the subject matter of the documents, and the identity of each person to whom a copy of the document or item has been delivered, or to whom disclosure of the document or item was made, either orally or in writing.

Case 3:02-cr-00264-AHN   Document 2278-6   Filed 04/17/2006   Page 20 of 20
Case 3:02-cr-00264-AHN   Document 1106   Filed 08/26/2004   Page 37 of 42
JUL 21 2004 11:29 FR 999                              TO 812127158000        P.06

## DESCRIPTION OF DOCUMENTS TO BE PRODUCED

1. Any retainer agreement between Cosmo Corigliano and Kramer Levin Naftalis & Frankel LLP.

2. Any documents reflecting or memorializing any understanding between Mr. Corigliano and Kramer Levin Naftalis & Frankel LLP relating to any retainer or advance payments made by or on behalf of Mr. Corigliano.

3. Any bills or statements of account relating or referring to the past or present status of any retainer or advance payments made by or on behalf of Mr. Corigliano to Kramer Levin Naftalis & Frankel LLP.

4. Any documents relating to any interest earned or due on any retainer or advance payment made by or on behalf of Mr. Corigliano.

5. Any documents relating to the $1.8 million payment to Kramer Levin Naftalis & Frankel LLP that was the subject of Mr. Coriligano's trial testimony on July 20, 2004.