# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

United States          :
                       :
v.                     :    No. 3:02cr7(JBA)
                       :
Perez, et al.          :

Ruling on Motion to Quash Subpoena [Doc. # 760]

Dan E. Labelle, defense counsel for Santiago Feliciano, a cooperating witness for the government in the trial of defendant Wilfredo Perez, seeks to quash the subpoena issued on December 18, 2003 by Attorneys Richard A. Reeve and Michael O. Sheehan, counsel for defendant Perez. Counsel for Perez seek copies of Labelle's notes from proffer sessions between Feliciano and the Government from 2002 to the present. Labelle argues that the information sought is protected by the work product privilege, and that the subpoena impermissibly seeks witness statements. The Government has filed a memorandum in support of the motion to quash, and argues that the subpoena was improper under Fed. Rule Crim. P. 17(c). The Court finds the Government's argument persuasive, and dispositive of this motion.

The Government's memorandum in support of Labelle's motion to quash argues that the subpoena for attorney notes is improper under Fed. R. Crim. P. 17(c), because 17(c) is not a discovery device and permits only the disclosure of evidentiary material. In Bowman Dairy Co. v. United States, 341 U.S. 214 (1951), the

1

Supreme Court confronted the tension between the subpoena provisions of Rule 17(c) and Rule 16's limitation on the discovery and inspection of documents in the Government's possession, and reconciled the provisions by limiting the subpoena of documents in the Government's possession to that which could be "admissible as evidence." Id. at 221. In United States v. Nixon, the Supreme Court applied this principle to documents sought from a non-party. Under the test set forth in United States v. Nixon, 418 U.S. 683 (1974), the party seeking a 17(c) subpoena must establish that the documents are "(1) relevan[t]; (2) admissib[le]; and (3) specific[]." Id. At 700.

The attorney notes sought by Perez do not satisfy Nixon's requirements, as they are not admissible evidence. The documents sought are simply rough notes for counsel's own use, not a substantially verbatim transcription or recording of Feliciano's statements, are inherently unreliable as a record of the proceedings, and may not be used against Feliciano at trial for their truth or for impeachment purposes. While the notes may lead the defense toward avenues to explore on cross-examination, the notes themselves will not be admitted into evidence in cross-examination of Feliciano. Because Nixon allows a 17(c) subpoena to be used only to obtain evidentiary, not discovery, material, the subpoena of these attorney notes is improper.

In a recently issued Ruling on Motion to Quash Subpoena

2

[Doc. # 755], which dealt with an analogous 17(c) subpoena of the proffer session notes of David J. Wenc, attorney for another cooperating witness in this case, this Court found that the attorney notes reflecting factual events in proffer sessions, although perhaps work product prepared in anticipation of litigation, must nonetheless be disclosed because Perez demonstrated substantial need.[1] The Court's ruling did not address the Nixon requirements, as neither Wenc nor Perez addressed the issue, and the Court had not received the Government's memorandum in support of the motion to quash at the time of its ruling. Because the Court now finds that the attorney proffer session notes are not properly subject to a 17(c) subpoena, the Court's prior ruling is vacated.

Accordingly, attorney Dan E. Labelle's motion to quash [Doc. # 760] is hereby GRANTED. The Court's prior ruling [Doc. # 755] is hereby VACATED, and attorney David Wenc's motion to quash [Doc. # 734] is now GRANTED.

IT IS SO ORDERED.

/Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut, this 23rd day of April, 2004.

---

[1] Upon review of the Government's submission, the Court finds that the existence of prior trial testimony of Berrios, coupled with the FBI reports and other records of these proffer sessions, which the Government represents have been disclosed to defense counsel, eviscerate defendant's claim of the requisite substantial need to overcome the attorney work product privilege.

3