# EXHIBIT G

Westlaw.

NY Eth. Op. 570                                                                                    Page 1
 Clarifies N.Y. State Number 532 (1981)
(Cite as: 1985 WL 57057 (N.Y.St.Bar.Assn.Comm.Prof.Eth.))

New York State Bar Association
Committee on Professional Ethics

*1 TOPIC: FEE FOR LEGAL SERVICES, ADVANCE PAYMENT; CLIENT, FUNDS OF; TRUST
ACCOUNT.
Opinion Number 570
June 7, 1985

DIGEST: Fees paid to lawyer in advance of services, refundable to the extent not earned, are not client funds and need not be deposited in trust account; any interest earned on fee advances may be retained by lawyer; upon termination of employment, lawyer must promptly return to client unearned portion of fee paid in advance.

CODE: DR 2-110(A); DR 9-102

QUESTIONS

(1) Must a lawyer deposit advance payment of legal fees in a trust account as funds of a client, when such payments are refundable to the extent not earned?

(2) Is a lawyer prohibited from depositing advance payments of legal fees in a trust account as funds of a client?

(3) Must a lawyer remit to the client interest earned on advance payments of legal fees?

OPINION

A lawyer has adopted the common practice of receiving from a new client advance payment of legal fees expected to be earned in the course of the representation. To the extent that the fees thus advanced are not earned, in whole or in part, during the representation, the lawyer agrees to return them to the client. [FN1] The lawyer assumes that these advance fee payments are not client funds and that they are not required to be deposited in a client trust account, although it has been the lawyer's practice to deposit them in a trust account nevertheless. The lawyer asks whether she may retain any interest earned on these advance fee payments.

The answer to this inquiry turns upon whether the lawyer is correct in the assumption that advance payments of legal fees are not client funds and are not required to be deposited in a client trust account pursuant to DR 9-102(A). If, contrary to the lawyer's assumption, the fee advances are client funds, it is clear that any interest earned on them belongs to the client and not the lawyer. E.g., ABA 348, at 4-6 (1982); N.Y. State 532 (1981); Nassau County 84- 2 (1984); cf. N.Y. City 79-48 (1980).

We conclude that advance payments of legal fees need not be considered client funds and need not be deposited in a client trust account, and that any interest earned on fee advances may therefore be retained by the lawyer. Of course, the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

NY Eth. Op. 570                                                           Page 2
 Clarifies N.Y. State Number 532 (1981)
**(Cite as: 1985 WL 57057 (N.Y.St.Bar.Assn.Comm.Prof.Eth.))**

lawyer is obliged promptly to return any portion of the fee advance that is not earned in rendering legal services. DR 2-110(A)(3). If the lawyer treats advance payments of fees as the lawyer's own (and therefore retains any interest earned on them), it follows that the lawyer may not deposit the fee advances in a client trust account, as this would constitute impermissible commingling. On the other hand, the lawyer may agree to treat advance payments of legal fees as client funds and deposit them in a client trust account; in that event any interest earned on the funds while in the client trust account must be remitted to the client.

   (1) Must Fee Advances Be Deposited in a Trust Account as Client Funds?

*2 DR 9-102(A) provides:

   All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:
   1. Funds reasonably sufficient to pay bank charges may be deposited therein.
   2. Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

   Lawyers frequently come into possession of the funds and property of others in a wide variety of situations. They may receive the proceeds of a settlement or judgment, a distribution from an estate or trust, or funds to be distributed upon closing of a real estate conveyance or sale of a business, to mention but a few examples. Such funds clearly are not the property of the lawyer, even though in some circumstances the lawyer's fee may be payable out of them or the lawyer may have a lien upon them to secure payment of a fee.

   DR 9-102(A) is an expression of the lawyer's duty, in common with all fiduciaries, to preserve the identity of property belonging to others and not to commingle others' property with the lawyer's own. E.g., Restatement (Second) of Agency § § 381-82 1207, 1334-35 (1957). Even though DR 9-102(A) by its terms is applicable only to the funds and property of a client, lawyers nevertheless are legally and ethically required to observe the same duty of segregation with respect to the property of third parties. E.g., In re Lurie, 113 Ariz. 95, 98, 546 P.2d 1126, 1129 (1976); Worth v. State Bar, 17 Cal. 3d 337, 341, 551 P.2d 16, 18 (1976); In re Kramer, 92 Ill. 2d 305, 310, 442 N.E.2d 171, 173 (1982); In re Gallop, 85 N.J. 317, 426 A.2d 509 (1981); N.Y. City 82-8 (1983).

   DR 9-102(A) parallels the normal common law rule against commingling, to which specific reference is made in the drafters' notes:
   [C]ommingling is committed when a client's money is intermingled with that of his attorney and its separate identity lost so that it may be used for the attorney's personal expenses or subjected to claims of his creditors. . . . The rule against commingling was adopted to provide against the probability in some cases, the possibility in many cases, and the danger in all cases that such

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

NY Eth. Op. 570                                                         Page 3
 Clarifies N.Y. State Number 532 (1981)
**(Cite as: 1985 WL 57057 (N.Y.St.Bar.Assn.Comm.Prof.Eth.))**

   commingling will result in the loss of clients' money.
\*3 ABA Code of Professional Responsibility DR 9-102 n.10 (1969), quoting <u>Black v. State Bar, 57 Cal. 2d 219, 225-26, 368 P.2d 118, 122 (1962)</u>.

   Textually, it appears that the drafters of the Code of Professional Responsibility did not consider advance payments of fees to be client funds necessitating their deposit in a trust account. DR 9-102(A) makes no explicit reference to advance fee payments. The Code does make explicit reference to advance fee payments in DR 2-110(A)(3), which requires that any unearned fee advance be promptly refunded upon termination of the representation; it does not require that the advance be deposited in a trust account until earned. Indeed, DR 2-110 treats fee advances and client property as different things. It provides specifically in DR 2-110(A)(2) for the return of all client property to the client upon withdrawal from employment, and then provides separately for the refund of any unearned fee advance in DR 2-110(A)(3).

   Nor is there any suggestion in any of the Code's numerous provisions dealing with legal fees or client funds that advance payments of legal fees are deemed client funds to be deposited in a trust account. See generally DR 2-103(C)- (D), 2-106, 2-107, 2-110(A)(3), 3-102, 4-101(C)(4), 5- 103(A), 5-106(A); EC <u>2-8</u>, <u>2-15</u> to -25, <u>2-32</u>, <u>9-5</u>.

   Further it strains the normal meaning of words to interpret the phrase "funds of clients" as embracing advance legal fees paid to the lawyer. Although the lawyer receiving an advance fee payment has a legal and ethical obligation to render the services agreed upon and to refund any unearned portion of the fee advanced, it does not follow that the advance remains client property until earned. Normally, when one pays in advance for services to be rendered or property to be delivered, ownership of the funds passes upon payment, absent an express agreement that the payment be held in trust or escrow, and notwithstanding the payee's obligation to perform or to refund the payment. The lawyers who drafted the Code should not lightly be assumed to have overlooked these fundamental principles in choosing the language of DR 9-102(A).

\*4 We are also mindful that the very reason that many lawyers require advance fee payments in the first place is so that they will not be subject to a client's refusal to pay for legal services after they are rendered. If fee advances were required to be deposited in a client trust account, it would follow that this purpose of requiring advance payment could be easily defeated by a client who, after services are rendered, disputes a justly earned fee. Under DR 9-102(A)(2), the disputed portion of the fee would have to be retained in the client trust account, and would not be available to the lawyer, until the dispute was resolved. [FN2]

   Our conclusion that legal fees paid in advance need not be considered client funds and therefore need not be deposited in a client trust account is supported by some, albeit a minority, of the ethics committee opinions that have considered this question. D.C. 113 (1982), 110 Daily Washington L. Rptr. 2772 (1982), digested in Lawyers' Man. Prof. Cond. 801:2306 (ABA/BNA) (1984); Fla. 76-27 (1976), Fla. Bar Comm. on Professional Ethics, Selected Opinions 88 (1977), indexed in Maru's Digest No. 10867 (Supp. 1980); Md. 83-62 (1983), digested in Lawyers' Man. Prof. Cond. 801:4330 (ABA/BNA) (1984).

                © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

We recognize that our conclusion is contrary to the majority of opinions by other ethics committees that have addressed the issue, which would require that advance payments of legal fees be deposited in a client trust account and retained there until earned. Ind. 4-1977, 21 Res Gestae 402 (1977), indexed in Maru's Digest No. 11061 (Supp. 1980); Mass. 78-11, 63 Mass. L. Rev. 231 (1978), indexed in Maru's Digest No. 11441 (Supp. 1980); Ore. 251 (1973), indexed in Maru's Digest No. 9812 (Supp. 1975); [FN3] Tex. 391 (1978), 41 Tex. B.J. 322 (1978), indexed in Maru's Digest No. 12749 (Supp. 1980); Va. 186-A (1981); San Francisco Inf. 1973-14 (1973), indexed in Maru's Digest No. 10669 (Supp. 1980). For the reasons set forth above, we decline to follow these opinions. [FN4]

Based on the foregoing, we must clarify the dictum in N.Y. State 532, at 3-4 (1981), which refers to "advances for costs, expenses or fees not yet earned," among other things, and states: "Such funds should, of course, be kept in an identifiable client account," citing DR 9-102(A). Insofar as this dictum states that advances for costs and expenses must be kept in a client trust account, it is inconsistent with DR 9-102(A), which specifically exempts ""'advances for costs and expenses." To the extent this dictum would impose the same requirement upon advances for legal fees, it is contrary to our analysis set forth above.

(2) May Fee Advances Be Deposited in a Trust Account as Client Funds?

*5 As seen from the above analysis, the Code does not require a lawyer to treat advance payments of legal fees as client funds. Nevertheless, we recognize that many lawyers consider it more appropriate to treat advances for unearned fees as client funds until the fees are earned through services rendered. We conclude that DR 9-102(A) does not prohibit lawyers from agreeing with their clients to treat fee advances as client funds and depositing them in a client trust account. Where a lawyer agrees to treat advance fee payments in this manner, all of the requirements of DR 9-102 applicable to client funds and trust accounts would govern. These include the prohibition against withdrawing any portion of the lawyers' fee that is disputed by the client, DR 9-102(A)(2), and all of the detailed accounting, recordkeeping, and reporting requirements of DR 9-102(B) and of the applicable Appellate Division rules, [FN5] with which all lawyers should be familiar.

Absent an agreement to treat an advance fee payment as client property, it would be inappropriate for the lawyer to deposit advance fees in a client trust account, as this would constitute commingling prohibited by DR 9-102(A). Further, once a lawyer agrees to treat a fee advance as client property, the lawyer is bound by that agreement and all of its consequences. [FN6]

(3) Who Earns Interest on Fee Advances?

If a lawyer does not agree to treat a fee advance as client property, the lawyer may use the money as the lawyer chooses (except that the lawyer may not deposit it in a client trust account), subject only to the requirement that any unearned fee paid in advance be promptly refunded to the client upon termination of the employment. DR 2-110(A)(3). In that case, any interest earned on the advance payment of fees would belong to the lawyer.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

NY Eth. Op. 570                                                          Page 5
 Clarifies N.Y. State Number 532 (1981)
(Cite as: 1985 WL 57057 (N.Y.St.Bar.Assn.Comm.Prof.Eth.))

   If the lawyer agrees to treat an advance fee payment as client property, it
follows that any interest earned on it must be reported and remitted to the client.
E.g., ABA 348, at 4-6 (1982); N.Y. State 532 (1981); Nassau County 84- 2 (1984);
cf. N.Y. City 79-48 (1980).

                                     Conclusion

   For the reasons stated, and subject to the qualifications set forth above, the
questions posed are answered in the negative.

FN1 Although commonly referred to as a "retainer," such an advance payment of legal
fees that is not earned until legal services are performed and that is refundable
to the extent not earned should be distinguished from the "classic retainer" or
"general retainer" more common in earlier times. Such a retainer is a payment to
the lawyer for being available to the client in the future and for being
unavailable to the client's opponents, and is earned upon receipt. See generally
Baranowski v. State Bar, 24 Cal. 3d 153, 164 n.4, 593 P.2d 613, 618 n.4, 154 Cal.
Rptr. 752, 757 n.4 (1979); Greenberg v. Remick & Co., 230 N.Y. 70, 75, 129 N.E.
211, 212 (1920); Conover v. West Jersey Mortgage Co., 96 N.J. Eq. 441, 451, 126 A.
855, 859 (1924); Bright v. Turner, 205 Ky. 188, 191, 265 S.W. 627, 628 (1924);
Union Surety Co. v. Tenny, 200 Ill. 349, 353, 65 N.E. 688, 689 (1902); Severance v.
Bizallion, 67 Misc. 103, 106, 121 N.Y.S. 627, 629 (App. T. 1st Dep't 1910);
Jacobson v. Sassower, 113 Misc. 2d 279, 281, 452 N.Y.S.2d 981, 983 (Civ. Ct. N.Y.
Co. 1982), aff'd, 122 Misc. 2d 862, 474 N.Y.S.2d 167 (App. T. 1st Dep't (1983); H.
Drinker, Legal Ethics 172 (1953).

FN2 Of course, even if fees paid in advance are deposited in a lawyer's general
account, a client could still dispute, justly or unjustly, whether the fee was
earned. The difference is that the lawyer would not be deprived of all use of the
funds pending resolution of the dispute, a result that the lawyer and client
bargained for at the outset of the representation in agreeing to advance payment of
the fee.

FN3 Ore. 251 cites as support Ore. 205 (1972), indexed in Maru's Digest No. 9766
(Supp. 1975). However, Ore. 205 was withdrawn on December 15, 1972. Maru's Digest
at 444 (Supp. 1975).

FN4 We are also aware that a view contrary to that adopted here is taken in the
textual portion of the Lawyers' Manual On Professional Conduct, 45:104-05 (ABA/BNA)
(1984). The textual material relies on some of the ethics committee opinions cited
above and also relies heavily on State v. Hilton, 217 Kan. 694, 538 P.2d 977
(1975). We do not agree with the statements in that textual material as to what the
court said or held in State v. Hilton.

FN5 22 NYCRR § 603.15 (1st Dep't); 22 NYCRR § 691.12 (2d Dep't); 22 NYCRR § §
1022.5, 1022.7 (4th Dep't).

FN6 We do not consider whether or under what circumstances a lawyer's receipt of
fee advances may constitute income subject to taxation.

   NY Eth. Op. 570, 1985 WL 57057 (N.Y.St.Bar.Assn.Comm.Prof.Eth.)
END OF DOCUMENT

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

NY Eth. Op. 570  Page 6
 Clarifies N.Y. State Number 532 (1981)
(Cite as: 1985 WL 57057 (N.Y.St.Bar.Assn.Comm.Prof.Eth.))

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

NY Eth. Op. 570  Page 6
 Clarifies N.Y. State Number 532 (1981)
(Cite as: 1985 WL 57057 (N.Y.St.Bar.Assn.Comm.Prof.Eth.))