# EXHIBIT I

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

UNITED STATES OF AMERICA,       )
                                )
v.                              )   Criminal No. 3:02CR00264(AWT)
                                )
WALTER A. FORBES                )

---

**RULING ON MOTION OF THE SECURITIES AND EXCHANGE COMMISSION TO QUASH TWO SUBPOENAS SEEKING TESTIMONY AND DOCUMENTS FROM ITS RECORDS CUSTODIAN**

For the reasons set forth below, the instant motion by the Securities and Exchange Commission ("SEC") to quash is being granted.

The SEC moves to quash two subpoenas served by defendant Forbes on its custodian of records. Each subpoena is dated September 14, 2005. The first subpoena ("Exhibit 1") is a renewal of a subpoena that was quashed during the initial trial. The second subpoena ("Exhibit 2") is substantially similar to Exhibit 1 but in addition seeks, in call 30, a financial accounting affidavit dated September 4, 2004 submitted to the SEC by Cosmo and Agnes Corigliano (the "Coriglianos' SEC Affidavit").

Except with respect to the Coriglianos' SEC Affidavit, the motion to quash is being granted because Exhibit 1 and Exhibit 2 are overly broad and constitute a "fishing expedition" and the broad categories of documents that defendant Forbes calls for in each subpoena reflects areas where the inquiry would be calculated solely to bolster the defendant's attack on

Corigliano's credibility, as opposed to identifying any particular benefit that was or could be received by Corigliano as a result of his settlement with the SEC. The court's analysis on this point is set forth in its September 24, 2004 Ruling on the Motion of Securities and Exchange Commission to Quash Subpoena Seeking Testimony and Documents From Its Records Custodian (Doc. No. 1187). In addition to these points, which are also covered by the memoranda filed by the SEC, the motion to quash is being granted for substantially the reasons set forth by the SEC in its Memorandum of Law in Support of Motion of the Securities and Exchange Commission to Quash Two Subpoenas Seeking Testimony and Documents From its Records Custodian (the "SEC Memorandum") (Doc. No. 1776) and the Reply of Securities and Exchange Commission to Forbes' Opposition to Motion to Quash Two Subpoenas (the "SEC Reply") (Doc. No. 1910), although several points discussed in the SEC Memorandum and the SEC Reply are clarified or emphasized below by the court.

First, the court notes that, in conducting its analysis, it applies the four-part test set forth in <u>United States v. Nixon</u>, pursuant to which the party seeking pre-trial production and inspection of documents and other objects must show:

(1) that the documents and/or objects are evidentiary and relevant;

(2) that they are not otherwise procurable reasonably in

2

>           advance of trial by exercise of due diligence;
>
> (3)    that the party cannot properly prepare for trial
>        without such production and inspection in advance of
>        trial and that the failure to obtain such inspection
>        may tend unreasonably to delay the trial; and
>
> (4)    that the application is made in good faith and it is
>        not intended as a general "fishing expedition."

418 U.S. 683, 699-700 (1974).

Second, the SEC Memorandum and the SEC Reply do not always clearly distinguish between impeachment based on bias (including motive to testify falsely) and impeachment based on attacking the witness's credibility. Where those memoranda do not, it should be clear that the court is applying the principle that "bias of a witness is not a collateral issue and extrinsic evidence is admissible to prove that a witness has a motive to testify falsely." United States v. Harvey, 547 F.2d 720, 722 (2d Cir. 1976)(internal citations omitted). In this regard, the court notes that its understanding is that Harvey involved the issue of possible bias on the part of the government's witness.

Third, defendant Forbes argues that at the time the court ruled on Exhibit 1 in connection with the initial trial it did not have the benefit of the testimony of David Frohlich, and he suggests that had the court had the benefit of Frohlich's testimony it would have ruled in favor of defendant Forbes. As

3

the SEC points out in the SEC Reply, this argument lacks merit because Frohlich's testimony at the first trial was consistent with the testimony of Cosmo Corigliano. See SEC Reply at 5. See also Ruling on Motion of Non-Parties Cosmo Corigliano and Kramer Levin Naftalis & Frankel LLP to Quash Rule 17(c) Subpoenas and For Remedial Relief (Doc. No. 1759) Part I.E.

Fourth, defendant Forbes notes correctly that impeachment by contradiction is not governed by Fed. R. Evid. 608(b). However, what he seeks to do with the documents called for under these subpoenas does not fall under the doctrine of impeachment by contradiction. Defendant Forbes correctly cites to Rosario v. Kuhlman, 839 F.2d 918, 925-26 (2d Cir. 1988) for the proposition that "the determinative question in deciding whether extrinsic evidence contradicting a witness's testimony is admissible is not whether the contradicting extrinsic evidence is material or collateral, but rather whether the assertions that the impeaching party seeks to contradict are themselves material or collateral. 839 F.2d 918, 925-926 (2d Cir. 1988). However, Rosario does not support defendant Forbes' position because here the assertions that defendant Forbes seeks to contradict are collateral. While in Rosario the eyewitness' account concerning his girlfriend "was part of the background and circumstances of his observation of the crime," here the testimony defendant Forbes seeks to contradict is not part of the background or circumstances of

4

Corigliano's observation of the crime charged in the indictment. Id. at 926.

Fifth, defendant Forbes argues that "because Mr. Corigliano's plea agreement required him to provide complete and accurate information to the SEC upon request, documents evidencing his failure to do so are relevant and admissible to demonstrate that Mr. Corigliano has an incentive to now fabricate testimony in hopes that the government will not act upon Mr. Corigliano's breach." Opposition of Defendant Walter A. Forbes to the Motion of the Securities and Exchange Commission to Quash Two Subpoenas to Its Records Custodian (Doc. No. 1873) at 1. However, defendant Forbes ignores that fact that the SEC, as reflected in Frohlich's testimony, does not view Corigliano as having failed to comply with his obligations under the plea agreement. Rather, defendant Forbes is the only person taking the position that Corigliano has failed to live up to his obligation under the plea agreement to provide complete and accurate information to the SEC, and defendant Forbes' contention is premised on what he argues is the appropriate way to interpret the Final Judgment in Corigliano's SEC case and other documents the SEC has itself received and found acceptable. Because both the SEC and Corigliano disagree with defendant Forbes' interpretation of these documents, it is apparent that defendant Forbes' line of inquiry is calculated solely to bolster his

5

attack on Corigliano's credibility and, possibly, to attack the credibility of the government. This is far removed from a legitimate, good faith inquiry into motive on the part of Corigliano to fabricate testimony in the hope that the government will not find him in breach of the terms of the plea agreement.

Sixth, to the extent Exhibit 2 seeks the Coriglianos' SEC Affidavit, it is being quashed because the court has already ordered the production of that affidavit. See Ruling on Motion of Non-Parties Cosmo Corigliano and Kramer Levin Naftalis & Frankel LLP to Quash Rule 17(c) Subpoenas and For Remedial Relief (Doc. No. 1759) at Part I.G.

Accordingly, the Motion of the Securities and Exchange Commission to Quash the Subpoenas Seeking Testimony and Documents From Its Record Custodian (Doc. No. 1776) is hereby GRANTED.

It is so ordered.

Dated this 5th day of November 2005 at Hartford, Connecticut.

	/s/
	Alvin W. Thompson
	United States District Judge

6