# EXHIBIT M

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 3:02CR00264(AWT) |
| ) | |
| WALTER A. FORBES ) | |

---

### RULING ON FORBES' RETRIAL MOTION *IN LIMINE* NO. 21

(Motion of Walter A. Forbes for Permission to Examine Mr. Corigliano on Polygraph Examinations)

For the reasons set forth below, defendant Forbes' motion *in limine* was denied on November 8, 2005. (See Trial Tr. at 2093:7.)

As a threshold matter, the court notes that what Corigliano knows about the polygraph examination is part of protected attorney-client communication and that the work of the polygraph examiner is also protected by the attorney-client privilege. See Brown v. Trigg, 791 F.2d 598, 601 (7th Cir. 1986) (individual hired by defendant's attorney to administer a polygraph examination was an agent of the defendant's attorney and as such was protected by the attorney-client privilege, although the defendant waived the attorney-client privilege by electing to have the polygraph examiner testify at a hearing); Occidental Chemical Corp. v. OHM Remediation Servs. Corp., 175 F.R.D. 431, 436-37 (W.D.N.Y. 1997) (quoting Edward M. Spiro & Caroline Rule, 'Kovel' Experts Cloaked by Attorney-Client Privilege, N.Y.L.J.,

Feb. 22, 1994, at § 1, § 10 ("privilege has been applied to 'communications with a psychiatrist assisting a lawyer in forming a defense, a bail bondsman, and a polygraph operator'")); People v. George, 104 Misc. 2d 630, 633 (Sup. Ct. Bronx Co. 1980) (polygraph examiner retained by attorney for the purpose of administering a lie detector test to defendant is covered by the attorney-client privilege). It is clear, based on the representations of Corigliano's defense counsel, that each polygraph examination was administered by an examiner who was acting as the agent of Corigliano's defense counsel. (See, e.g., Trial Tr. at 7807.) Thus, defendant Forbes is precluded from doing much of what he seeks to do, including examining Corigliano about his prior statements to the polygraph examiner(s) and examining Corigliano at an evidentiary hearing outside the presence of the jury to determine the facts and circumstances of the polygraph examinations, because it is clear that Corigliano does not intend to waive the attorney-client privilege.

Second, the court's ruling on this issue during the first trial was more restrictive than is recognized in the parties' papers. The government filed its Motion *In Limine* of the United States to Preclude Evidence & Cross-Examination of Cosmo Corigliano Regarding Polygraph Examination (Doc. No. 885). There was extended discussion of the motion on July 19, 2004. (See Trial Tr. at 7796-7817.) At one point early on in that

discussion, the court suggested that it might be permissible for the defense to ask questions in this area if the questions were limited to whether it was true that Corigliano took a polygraph exam and lied to the polygrapher. (See Trial Tr. at 7799.) But at the same time, the court made the point that the problem was that the defense wanted to extend its questioning to the fact that there was a communication to the government by Corigliano's counsel that Corigliano had done well on a polygraph examination. As the discussion continued, it became clear that the inquiry into the limited area the court suggested might be permissible would be of no use to the defense and would potentially be misleading from the defendants' perspective, and the court concluded that the probative value of the polygraph evidence was substantially outweighed by its unfairly prejudicial effect. (See Trial Tr. at 7814.) However, the court continued to consider the government's motion until the next day, July 20, 2004. Then, the court granted the government's motion, which was a motion to preclude the admission of evidence regarding the polygraph examination and also preclude cross-examination of Corigliano on that matter. (See Trial Tr. at 8030.) The court confirmed that there would be no mention of the polygraph at all and noted that on the previous day it had indicated that there might be a very limited area where defense counsel could inquire but that it would not help the defense to do so. The court

3

stated that it assumed that there would be no mention of the polygraph examinations and instructed counsel to notify the court if they wanted to venture into that area. (See Trial Tr. at 8031.) Thus, the discussion of this issue concluded with the government's motion being granted and the defense being precluded from admitting any evidence or cross-examining Corigliano at all with respect to the polygraph examination.

Third, with respect to defendant Forbes' argument that he should be allowed to cross-examine Corigliano concerning the alleged use by Corigliano of polygraph results to mislead the government, the court has previously found that Corigliano did not use polygraph results in an effort to mislead the government. This point was addressed on July 19, 2004:

> And then the second point is that the defense seeks to offer it regarding efforts by Mr. Corigliano to avoid prosecution by authorizing his counsel to advise the government he'd done very well on a polygraph examination.
> My concern as to the second point is that Mr. Corigliano's testimony has established that he didn't authorize his counsel to do anything. So I have a concern about that purpose.

(Trial Tr. at 7796.)[1]

Once the foregoing points are incorporated, defendant

---

[1] Defendant Forbes also made an oral motion to question Corigliano about the polygraph examinations, which included a request for an evidentiary hearing outside the presence of the jury. (See Memorandum in Support of Oral Motion to Question Mr. Corigliano on Polygraph Examinations (Doc. No. 970)). This oral motion was denied on August 2, 2004. (See Trial Tr. at 9121:7).

4

Forbes' motion should be denied for substantially the reasons set forth by the government in the Government's Memorandum in Opposition to Forbes' Motion for Permission to Examine Mr. Corigliano on Polygraph Examinations (Doc. No. 1809). Also, in particular, the court continues to be of the view that inquiry in this area should be precluded pursuant to Federal Rule of Evidence 403 because the probative value of inquiry into the very limited area where defense counsel might permissibly inquire is substantially outweighed by the danger of unfair prejudice and misleading the jury.

Accordingly, the Motion of Walter A. Forbes for Permission to Examine Mr. Corigliano on Polygraph Examinations (Doc. No. 1730) was DENIED.

It is so ordered.

Dated this 12th day of November 2005 at Hartford, Connecticut.

/s/
Alvin W. Thompson
United States District Judge