UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:02CR00264 (AHN) |
| | : | |
| v. | : | April 24, 2005 |
| | : | |
| **WALTER A. FORBES** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT WALTER A. FORBES' MOTION FOR TRIAL DATE AND BRIEFING SCHEDULE ON PENDING MOTIONS**

(Response to Forbes Third Trial Motion No. 12)

ARGUMENT

**I. THIS COURT SHOULD GRANT THE GOVERNMENT'S REASONABLE REQUEST TO FILE ITS RESPONSES TO FORBES' EIGHTEEN PENDING MOTIONS IN LIMINE, SUPPORTED BY TWO HUNDRED AND SEVENTY-THREE PAGES OF BRIEFING, WITHIN 39 DAYS AFTER THOSE MOTIONS WERE FILED.**

After filing 18 motions <u>in</u> <u>limine</u> (the "present motions"), with supporting legal memoranda totaling close to 300 pages on April 17, 2006, Forbes opposes the Government's request to have its responsive briefs to all of those motions due on May 26, 2006.[1]  Forbes insists that this Court should allow the Government only the 21-day period required under the Local Rules to respond to a <u>single</u> motion in order to respond to <u>all</u> eighteen

---

[1] By contrast, the Government has not opposed Forbes' request to extend the due date for the filing of his reply briefs in support of his Third Trial Motions.  <u>See</u> email from Barry Simon to Attorney Brooks and counsel dated April 20, 2006.

of those motions.  By email to this Court dated April 20, 2006 (copy attached as Exhibit A), the Government requested that this Court permit the Government a total of 39 days to respond to all of those motions.  Forbes seeks to justify his demand to constrict the Government's response time by pointing out that most of the issues raised in his motion have been previously raised (a fact acknowledged by the Government in its April 20 email) and by complaining that an additional 18 days will unduly delay the start of trial.  Neither point justifies the short deadline sought by Forbes.

That Forbes previously raised many of the issues in his present motions in limine hardly means that the Government can merely re-caption its previously filed briefs and submit them to this Court.  Forbes does not dispute the Government's assessment in its April 20 email that he has added new arguments, authorities, and record citations to many of his motions.  To assist this Court in resolving the present motions, the Government must respond point by point to all of the arguments set forth in the present motions, and not merely to "issues" that were previously briefed.  For that reason, many of the factual and legal arguments in the Government's responses to the present motions will differ substantially from many of its prior submissions.  Although the Government's prior submissions can serve as a helpful starting point for its responses to the present motions, Forbes' present motions are so extensive that

2

the Government must invest substantial new work in its responses.

To give one example, Forbes Third Trial Motion In Limine No. 5, Docket 2261, seeks the exclusion of the testimony of the Government's expert witnesses.  Instead of agreeing that this Court may adopt the numerous prior rulings of Judge Thompson which denied Forbes' repeated prior requests to exclude that testimony, Forbes has submitted a new, thirty-seven page memorandum of law on this subject, citing new caselaw and reformulating his prior arguments.  The undersigned Assistant United States Attorney, with almost eight years experience as a federal prosecutor, devoted almost four full days to writing a first draft of the Government's response to that motion. Additional time will be needed to edit and finalize the brief. Although Forbes' other motions are less extensive than this one, the Government's request for thirty-nine days to respond to all eighteen of Forbes' present motions was based on the Government's assessment of how much time it would reasonably take to respond to all of those motions, working long days and weekends.[2]

Forbes' point that the Government previously responded to a similar number of Forbes' motions before the second trial in less time than it has requested to respond to the present motions is misleading.  The Government was able to file relatively

---

[2]  Indeed, responding last Monday to Forbes' prior salvo of motions required members of the prosecution team to work though the Passover and Easter holidays.

abbreviated responses to Forbes' second trial pre-trial motions, and incorporate by reference its submissions before and during the first trial in this case, because Judge Thompson was already familiar with many of the arguments and authorities that the Government had made before and during the first trial.

This Court, by contrast, is coming to this case cold. For that reason, both Forbes' present motions and the Government's responses to those motions will be more extensive than the parties' submissions before the second trial. For example, on July 15, 2005, Forbes filed his Retrial Motion In Limine No. 1, to Preclude the Government from Presenting Proposed Expert Testimony Because it Does Not Satisfy Reliability Requirements of Daubert And Federal Rule of Evidence 702. Docket 1605. The memorandum in support of that motion was twelve pages. Id. One month later, on August 15, 2005, the Government filed its opposition to that motion, which was seventeen pages long. Docket 1640. By contrast, as noted above, Forbes' memorandum in support of his Third Retrial Motion In Limine No. 5, seeking exactly the same relief as his Retrial Motion In Limine No. 1 ("To Preclude the Government from Presenting Proposed Expert Testimony Because it Does Not Satisfy Reliability Requirements of Daubert and Federal Rule of Evidence 702"), Docket 2261, is 37 pages long. The initial draft of the Government's response to that motion is forty-seven pages long.

A more appropriate point of reference for the Government's request for thirty-nine days to respond to Forbes' present motions is the schedule established by Judge Thompson for the briefing of co-defendant Kirk Shelton's post-trial motions following the initial trial.  Judge Thompson's scheduling of that briefing appropriately took into account the very extensive record in this case (the first trial transcript consumed more than 16,000 pages; the second trial transcript consumed over 3,500 pages), and relative complexity of many of the factual and legal issues in this case.  For that reason, Judge Thompson granted Shelton's request for ninety days to file his post-verdict motions and supporting memorandum of law.  Docket 1419, 1438.  Shelton raised eleven claims in his post-trial motions (compared to the eighteen claims presented in Forbes' present motions), all of which had been previously briefed by the parties before and during the first trial.  Judge Thompson ordered that the Government's memorandum in opposition to Shelton's pre-trial motions be filed forty-five days after Shelton's initial brief was filed.  Docket 1438.  Shelton's initial brief was 139 pages long, Docket 1506, approximately half the combined length of Forbes' present motions.  By that standard, the Government's request for thirty-nine days to respond to Forbes' present motions is eminently reasonable, even though many but not all of the present motions also address previously briefed issues.

Forbes contends that this Court should limit the Government to twenty-one days in responding to the present motions because five years have transpired since he was first indicted in 2001. Much of that delay, however, must be laid directly at Forbes' doorstep.  Forbes' motion to transfer this case from the District of New Jersey to this District for his "convenience," pursuant to Fed. R. Crim. P. 21(b), delayed commencement of the initial trial by more than a year.[3]  Following that transfer, Forbes filed numerous pre-trial motions.  Docket Nos. 173-211.  Judge Thompson was unable to resolve all of those motions for many months, but ultimately denied the vast majority of them.

In December 2003, Forbes sought a lengthy continuance of the first trial in order to obtain a protracted Daubert hearing regarding the Government's expert witnesses.  Docket 444.  In January 2004, Forbes filed another motion to continue the trial. Docket 456.  Even though much of the fifteen-day Daubert hearing was devoted to Forbes' cross-examination of Heckler, Daubert Hearing Transcript 989-2314, Forbes declined to pose a single question to the Government's lead expert, Brian Heckler, at either the first or second trials.  First Trial Transcript 10668; Second Trial Transcript 2427.  Other than delaying the start of

---

[3]  In using the passive tense in describing the transfer, Forbes' Memorandum in Support of Third Trial Motion No. 12 ("FM") at 3 ("the case was transferred to this District"), Forbes glosses over the fact that transfer was made at his insistence, over the Government's strenuous objection.

the first trial by several months, the point of Forbes' requested and extended Daubert hearing is hard to fathom.

Forbes orally moved (as the Government's initial trial team members recollect) for a continuance of the trial as the jury was about to be selected in April 2004. Once the first trial began, its progress was impeded by Judge Thompson's need to resolve over fifty trial motions and over twenty motions in limine filed by Forbes. Given his evident strategy to substantially delay the start of, and prolong the duration of the first trial, Forbes' current complaints about the length of this case ring hollow.

The first trial jury was unable to reach a verdict on any of the counts against Forbes. This result was entirely acceptable to Forbes, as reflected by the fact that he filed numerous motions for a mistrial throughout the first trial, Docket 714, 802, 953, 955, 1006, 1084, 1091, 1096, 1116, 1124, 1274, even up to its waning moments when the Government was delivering its rebuttal summation. Docket 1287. Judge Thompson denied all of those motions. It was only when the Government sought a continuance of the second trial because it had to replace its entire trial team from the first trial (due to the imminent departure of the three senior AUSAs who comprised that team from the United States Attorney's Office for the District of New Jersey) Docket 1443, that Forbes, for the first time in these protracted proceedings, conveniently asserted his right to a speedy trial. Docket 1472.

Forbes filed numerous motions in advance of the second trial, Docket 1605-1610, 1660-1692, virtually all of which were denied. Although Forbes now insists on a prompt third trial, he has again forced this Court to delay that trial by bombarding the Court with another round of motions, resolution of which halts the running of the speedy trial clock. 18 U.S.C. § 3161(h)(1)(F). Although Forbes has suggested that he is compelled to renew all of his prior motions in order to preserve his prior claims for a possible appeal, he has never sought to preserve those claims by other, less cumbersome means. For instance, Forbes could have sought a ruling by this Court, which the Government would not have opposed, that his prior motions and the rulings on those motions by Judge Thompson were sufficient to preserve those claims for any possible appeal from a judgment following the third trial. In the end, Forbes wants it both ways: to pile on redundant and voluminous motions that will predictably consume countless hours of the Court's and the Government's time, and then demand that his motions be quickly decided so that the decks that he has cluttered can be cleared for trial. Although Forbes is eager to constrict the time in which the Government must respond to his motions, he effectively concedes that he would suffer no prejudice from any delay in the third trial. He is free on bail with relatively few restrictions

on his travel and no restrictions on the use of his enormous assets.[4]

Additionally, the Government's request to make its responses due by May 26 need not delay this Court's resolution of those motions at all.  In order to expedite this Court's resolution of Forbes' present motions, ease the burden on the Court from having to address a mass of filings at one time, and ease Forbes' burden of having to file all of his reply briefs within ten days of the filing of the Government's responsive briefs, the Government is willing to file its responses to the present motions as they are completed, rather than waiting until May 26 to file them all en masse.  The Government employed this practice when it filed several of its responsive briefs to Forbes' pre-trial motions that were filed on March 31 before the due date on April 17.  Thus, there is little reason for Forbes to oppose the Government's request to file its responsive briefs until May 26, 2006, other than to impair the Government's ability to thoroughly and carefully respond.

**II. THE GOVERNMENT DOES NOT OPPOSE FORBES' REQUEST TO SET THE CASE FOR THE EARLIEST POSSIBLE DATE THAT IS CONSISTENT WITH THE DEMANDS IMPOSED ON THIS COURT BY THE TRANSFER OF THIS CASE.**

Had Forbes not elected to file dozens of motions in advance of the third trial, the Government would have been prepared to

---

[4] Forbes' self-declared net worth in 1997 was approximately $200 million.  In July 1998, several months after the charged fraud in this case was publicly disclosed, he received a $47.5 million severance payment from Cendant.

proceed on the previously scheduled trial date of May 15, 2006. Forbes has no one but himself to blame for the present delay of the commencement of the third trial. That said, the Government agrees with Forbes that this Court should set the case for the earliest possible date that is consistent with "the demands imposed on this Court by the transfer of this case," particularly the demands imposed by Forbes' voluminous motion practice. Only after the Court has received all of the briefing on the motions will it be in a position to determine when it can resolve those motions and then schedule an appropriate trial date.[5] This Court should decline Forbes' invitation to rush the resolution of his cascade of motions.

---

[5] This Court has requested the Government to respond to Forbes' 144 pages of objections to Judge Thompson's Final Jury Charge for the second trial. The Government requests that it be given two weeks following the completion of the Government's briefing on the present motions and on the two additional motions that Forbes has announced that he will file, FM 5, n.4, in which to file its responses to those objections.

**CONCLUSION**

For the foregoing reasons, the Government requests that this Court order that the Government's Responses to Forbes' Third Trial Motions In Limine Nos. 2-18 be due no later than Friday, May 26, 2006.

                              Respectfully submitted,

                              CHRISTOPHER J. CHRISTIE
                              Special Attorney
                              U.S. Department of Justice

                              *Norman Gross/s*

                              NORMAN GROSS
                              Federal Bar Number 24933
                              MICHAEL MARTINEZ
                              Federal Bar Number PHV0423
                              Special Attorneys
                              U.S. Department of Justice
                              970 Broad Street
                              Room 700
                              Newark, N.J.  07102
                              (973) 645-2701

Newark, New Jersey
Date: April 24, 2006

**EXHIBIT A**

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on this day I caused to be served a copy of the Government's Response to Defendant Walter A. Forbes' Motion for Trial Date and Briefing Schedule on Pending Motions (Response to Forbes Third Trial Motion No. 12) via email on:

Barry S. Simon, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005-5901
(202) 434-5005
bsimon@wc.com


*Norman Gross/s*
NORMAN GROSS

Dated: April 24, 2006
      Camden, New Jersey