UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>WALTER A. FORBES )<br> ) | No. 3:02CR264 (AHN)<br><br>April 24, 2006 |

# REPLY MEMORANDUM IN SUPPORT OF
## MOTION OF DEFENDANT WALTER A. FORBES
## FOR TRIAL DATE AND BRIEFING SCHEDULE ON PENDING MOTIONS
### (Forbes Third Trial Motion No. 12)

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits this reply memorandum in support of his motion for (1) a trial date to be set at the earliest possible time that is consistent with the demands imposed on the Court by the transfer of this case in March 2006 and (2) a briefing schedule on all pending motions in limine that will enable the case to be tried at the earliest possible time that is consistent with the demands placed on the Court by the transfer of this case.

## ARGUMENT

Mr. Forbes respectfully requests that the Court set a briefing schedule for motions in limine that will enable all briefing to be completed by mid-May 2006. The government does not dispute that it previously briefed virtually all of the issues raised by Mr. Forbes' motions, or that, in many instances, it has briefed those issues on multiple occasions. The government has ample resources to respond to the pending motions. It has at least five attorneys assigned to this

case, including Mr. Gross, Mr. Martinez, Mr. Carpenito, Ms. Futcher, and Mr. Walsh.[1]

Mr. Forbes filed motions in limine in advance of trial at the Court's request.[2] With respect to the two prior trials, Mr. Forbes filed his motions in limine close to the beginning of trial and the motions were briefed during trial without delaying the proceedings.[3] While the government asserts that it was able to file "relatively abbreviated responses" in the 2005 trial, Opp. at 3-4, the government filed significant memoranda in opposition to a number of Mr. Forbes' 2005 motions in limine; to the extent it relied upon or incorporated its 2004 memoranda in opposition to certain of those motions, that simply establishes that the government has repeatedly briefed many of these issues. The motions in limine filed by Mr. Forbes on April 17, 2006 raise the same issues Mr. Forbes previously raised in earlier motions, with extremely limited exceptions.[4]

---

[1]   Ms. Futcher's name appears on the government exhibit list supplied to defense counsel on April 14, 2006. Mr. Walsh appeared on numerous briefs previously filed in this case. He remains employed by the New Jersey U.S. Attorney's Office to the best of Mr. Forbes' knowledge.

[2]   While the government complains that the prosecution team was required to work through the Passover and Easter holidays, Opp. at 3 n.2, counsel for Mr. Forbes also worked over the Passover and Easter holidays to meet the April 17, 2006 date for filing motions in limine.

[3]   The government was fully aware of the fact that Mr. Forbes had filed approximately twenty motions in limine in each of the prior trials at the time the Court tentatively scheduled the third trial to commence on May 15, 2006. The government raised no objection to the May 15, 2006 trial date based on the likelihood that Mr. Forbes would again file a significant number of motions in limine. If the motions in limine had been filed close to the commencement of trial, consistent with the parties' prior practice, the government would have briefed them during trial, as it had done before, and would not have sought almost six weeks to respond to them.

[4]   Mr. Forbes does not seek to "bombard[]," Opp. at 8, the Court with motions. With respect to a number of issues, Mr. Forbes has simply renewed previous motions or arguments for the record without requesting oral argument or consideration by this Court, and

The situation here bears no resemblance to the briefing of Kirk Shelton's post-trial motions. Those motions, which included a motion for judgment of acquittal, were heavily fact-dependant and required a comprehensive review and analysis of the entire lengthy 2004 trial transcript. See Docket No. 1438. Contrary to the government's contention that all of the issues raised in Mr. Shelton's post-trial motion had previously been briefed, Opp. at 5, Mr. Shelton's motion for judgment of acquittal, which required a lengthy discussion of the evidence presented at the 2004 trial, had not previously been briefed.[5] Here, Mr. Forbes' motions in limine relate to discrete evidentiary issues that do not require a review of an entire trial transcript and that, with extremely limited exceptions, have already been briefed one or more times. Moreover, the events of the 2004 trial, to the extent they were relevant, already were addressed by the parties in connection with the motions in limine filed by Mr. Forbes in 2005. The 2005 trial was much shorter than the 2004 trial, and the pages of 2005 trial transcript that are relevant to Mr. Forbes' motions are easily located.[6]

Contrary to the government's contention that Mr. Forbes is responsible for "[m]uch" of the delay in this case, Opp. at 6, the government itself has been responsible for years of delay. First, the government announced following the return of the original indictment in

---

has assumed that, in those situations, the Court will adhere to Judge Thompson's prior rulings. With respect to the remaining issues raised by Mr. Forbes, Mr. Forbes strongly believes that Judge Thompson's rulings were erroneous, and he seeks an opportunity to persuade the Court that he is entitled to the requested relief.

[5] During the 2004 trial, Mr. Forbes filed a cursory motion for judgment of acquittal, see Docket No. 1116, which was adopted by Mr. Shelton, see Docket No. 1125.

[6] Mr. Forbes has attempted to identify the relevant pages of the 2005 transcript in his motions in limine.

3

February 2001 that it would seek a superseding indictment. The superseding indictment was not returned until July 28, 2001, resulting in five months of delay. Second, the government caused a significant delay in these proceedings following Judge Walls' March 18, 2002 decision to transfer this action to this District. The government sought and obtained a stay of that decision, sought reconsideration of the decision, and then filed an unsuccessful petition for mandamus in the U.S. Court of Appeals for the Third Circuit. The government's procedural machinations resulted in a six-month delay of these proceedings. See Docket No. 1 (September 13, 2002 transfer Order following denial of petition for mandamus). Third, the government caused substantial additional delay following the transfer to this District by obtaining a new indictment in December 2002 that added ten new counts against Mr. Forbes. See Docket No. 68.[7] The new indictment required Mr. Forbes to file new pretrial motions addressed to that indictment and further delayed these proceedings.[8] Fourth, the government requested, and received, a lengthy continuance before the commencement of the 2005 trial.[9] The government's continuance motion

---

[7] The government subsequently dismissed virtually all of the new counts. See Docket No. 1706.

[8] Contrary to the government's contention, Mr. Forbes did not engage in any "strategy," Opp. at 7, to delay or prolong the 2004 trial. While the government complains that Mr. Forbes filed a motion seeking a continuance of the Daubert hearing in December 2003, Opp. at 6, the motion was based on the government's delinquent production of a significant volume of documents pertinent to the hearing. See Docket No. 444. That motion was denied as moot, because Judge Thompson had already decided to postpone the continuation of the hearing. See Docket No. 448. Mr. Forbes' January 2004 continuance motion also was the result of the government's conduct with respect to expert disclosures and discovery. See Docket No. 456. The trial commenced in April 2004.

[9] The principal ground the government asserted in support of the motion was the claimed unavailability of the 2004 trial team for a March 2005 trial. In fact, however, the former lead prosecutor for the government, John Carney, remained employed by the government through approximately the end of June 2005. He joined the firm of Baker & Hostetler on or about July 7,

4

resulted in a six-month delay of Mr. Forbes' retrial.[10]

Finally, while the government blithely asserts that Mr. Forbes "would suffer no prejudice from any delay in the third trial," Opp. at 8, Mr. Forbes respectfully submits that he is prejudiced by further delay in this case. Mr. Forbes has been under indictment for more than five years and has already endured two lengthy trials.[11] If the government seeks to proceed with yet another trial despite two hung juries and the clear reasonable doubt that exists in this case, it should be prepared to proceed expeditiously at this juncture. Mr. Forbes respectfully requests that the government be required to respond to his motions in limine on or before May 8, 2006.

---

2005. Had the retrial of Mr. Forbes commenced as scheduled in March 2005, Mr. Carney could have participated in the trial on behalf of the government. The same is true with respect to 2004 government trial counsel Richard Schechter, who appeared for the government throughout Mr. Shelton's sentencing hearings in July and early August 2005 and remained employed by the New Jersey U.S. Attorney's Office through at least August 3, 2005 (a date on which he appeared before Judge Thompson on behalf of the government). In addition, 2004 trial team member James McMahon continues to work for the U.S. government and appeared on the government's behalf during Mr. Shelton's sentencing hearings in July and early August 2005. Although Mr. McMahon is now Deputy Chief of the Fraud Section of the United States Department of Justice, this case fits squarely within the Fraud Section's jurisdiction and Fraud Section attorneys are regularly assigned to try cases in districts throughout the country.

[10] While the government asserts that Mr. Forbes "filed numerous motions in advance of the second trial," Opp. at 8, none of the motions filed by Mr. Forbes affected the starting date of the trial. The September 2005 trial date was the direct result of the government's motion for a lengthy continuance.

[11] The government's contention that the result of the first trial was "entirely acceptable" to Mr. Forbes, Opp. at 7, is erroneous. Mr. Forbes filed mistrial motions during the trial because of improper evidence and/or argument presented by the government. If that evidence had not been presented, Mr. Forbes would have received the acquittal to which he was (and is) entitled.

5

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: /s/ 
   Brendan V. Sullivan, Jr. (Bar No. ct17115)
   Barry S. Simon  (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

**Attorneys for Walter A. Forbes**

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Reply Memorandum in Support of Motion of Defendant Walter A. Forbes for Trial Date and Briefing Schedule on Pending Motions (Forbes Third Trial Motion No. 12) to be filed electronically and to be served on April 24, 2006 to the following via e-mail:

    Norman Gross, Esq. (norman.gross@usdoj.gov)
    Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
    Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S. Simon