UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) No. 3:02CR264 (AHN) |
| WALTER A. FORBES. | ) April 28, 2006 |
| | ) |

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF
WALTER A. FORBES FOR LEAVE TO FILE A RULE 17(C)
SUBPOENA ON CENDANT CORPORATION
(Forbes Third Trial Motion No. 8)**

Walter A. Forbes, through undersigned counsel, respectfully submits the following Reply Memorandum in Support of Motion of Walter A. Forbes for Leave to File a Rule 17(c) Subpoena on Cendant Corporation.

Cendant erroneously claims that Mr. Forbes must meet the standards for a motion for reconsideration in order to obtain permission to serve the requested Rule 17(c) subpoena on Cendant. As discussed at length in the Reply Memorandum filed in support of Forbes Third Trial Motion No. 4, because Mr. Forbes has an obligation to reassert evidentiary arguments at this third trial to preserve error, among other reasons, this motion is not governed by the standards for reconsideration or law of the case doctrine. See Reply Mem. Forbes Third Trial Motion No. 4 (filed April 28, 2006). Cendant's arguments on the merits of the subpoena requests should also be rejected.

**I.     LEGAL FEES ADVANCED (OR DENIED) TO WITNESSES.**

As demonstrated in Mr. Forbes' Opening Memorandum, there can be no question but that legal fees advanced to witnesses by Cendant evidence potential bias of those witnesses. Indeed, in a portion of the Court's Order ignored by Cendant, Judge Thompson held just that.

See Docket 1938 at 7. Almost every one of the witnesses identified in the subpoena requests is on the government's current witness list, and thus bias as a result of their fees being reimbursed by Cendant may be at issue: Anne Pember, Cosmo Corigliano, Kevin Kearney, Steven Speaks, John Rosenwald, Michael Monaco, Thomas Albright, Jan Davidson, Robert Davidson, Laura Hamilton, Chris McLeod, Robert Tucker, and Scott Forbes. Moreover, while the government has not named Casper Sabatino as a potential witness, Mr. Forbes may call Mr. Sabatino (as he did in the last trial). In that event, Mr. Forbes would be entitled to impeach Mr. Sabatino's credibility, including through introducing evidence of his bias. See Fed. R. Evid. 607.

        The documents relating to legal fees are also relevant because they establish Cendant's bias. Cendant does not dispute that its decision to pay some witnesses' legal fees while denying payment to others evidences the corporation's bias. Rather, Cendant argues that this bias is irrelevant, citing to Judge Thompson's statement in dicta that it is not apparent how Cendant's bias, separate and apart from the bias of an individual witness, is relevant or admissible. See Docket 1938 at 9.

        Cendant's decision to reimburse some witnesses and not others was not made by some intangible entity, but by the management of Cendant. Thus this decision reflects not only the bias of the company, but also the bias of the members of management who concurred with the decision, such as General Counsel James Buckman[1] and CEO Henry Silverman, both of whom remain on the government's witness list.

---

[1] The correspondence concerning legal fees that has thus far been shared with Mr. Forbes has been signed by either James Buckman or John Carley, an attorney in the General Counsel's office of Cendant.

2

## II. SEVERANCE OF SCOTT FORBES.

Benefits conferred upon Mr. Scott Forbes by Cendant are relevant and admissible as evidence of his bias in testifying against Mr. Walter Forbes. There is no question that Cendant has an interest in seeing Walter Forbes convicted. Benefits that Cendant has conferred upon Scott Forbes thus evidence that witness' potential motive to shade his testimony in a manner favorable to Cendant. Such bias evidence is clearly admissible. Accordingly, any benefits conferred upon Mr. Scott Forbes upon the termination of his employment should be produced to the defense.[2]

## III. DOCUMENTS RELATED TO LOBBYING EFFORTS.

As with the documents relating to legal fees, the lobbying efforts by Cendant were carried out through its management – specifically Chief Executive Officer Henry Silverman and General Counsel James Buckman, each of whom is on the government's witness list.[3] Documents evidencing these efforts evidence these witnesses' bias, and thus are both relevant and admissible.

Cendant's argument that efforts to ensure "those responsible" are brought to justice is not evidence of bias should be summarily rejected. As discussed in Mr. Forbes' Opening Memorandum, Cendant sought to put the top officers of CUC in "iron" [i.e. prison] long before it could possibly have known whether or not those individuals were "responsible" for

---

[2] Judge Thompson previously found this information relevant and admissible, quashing the subpoena only because Scott Forbes had not been called to testify in the second trial. See Docket 1938 at 10. However, Scott Forbes has been named in the government's list of witnesses for the third trial.

[3] For example, at the request of Henry Silverman, James Buckman prepared a memorandum to be sent to former Senator Alphonse D'Amato. Exhibit A, attached hereto. Senator D'Amato then copied that memorandum (with minor edits) onto his own letterhead, and forwarded it to the SEC. Exhibit B, attached hereto.

the accounting irregularities discovered at CUC. See Open Mem. at 6, n.6. Moreover, Cendant's claim that it is simply seeking to see that "those responsible" are brought to justice is belied by the fact that six years after Cosmo Corigliano pled guilty, Cendant has made no effort to bring any claims against him. Just the opposite, Cendant has paid Mr. Corigliano more than $7 million in legal fees, while denying reimbursement to other witnesses who are <u>not</u> alleged to have been involved in the conspiracy at CUC.

That Cendant may have provided some of these documents to the government is of no moment. Cendant Mem. at 12. A defendant's Sixth Amendment right to compulsory process and to confront the witnesses against him is not limited by the government's discovery obligations under <u>Giglio</u>, <u>Jencks</u>, and Rule 16. Rule 16, <u>Giglio</u>, and <u>Jencks</u> apply to discovery a defendant seeks from <u>the government</u>, not from third party witnesses. Similarly, the <u>Jencks</u> Act, by its own terms, applies only to statements in the "possession of the United States." 18 U.S.C. § 3500. It has no application to documents in the possession, custody or control of Cendant. The constitutional obligations imposed by <u>Brady</u> and <u>Giglio</u> also apply only to the government, not to third party witnesses.

Finally, Cendant's blanket assertion implying that all documents not shared with the government would be protected by either the attorney-client privilege or work product doctrine, Cendant Opp. at 12, n.9, must also be rejected. <u>First</u>, Cendant's lobbying efforts were not undertaken in anticipation of litigation between Cendant and the government, and thus no work product privilege could possibly attach to documents generated by those lobbying efforts. <u>Second</u>, only communications between Cendant's attorneys (acting in the capacity as legal counsel giving legal advice) and Cendant's management would qualify for the privilege. Most of the documents requested, such as documents relating to Cendant's communications with the

4

government and documents relating to Cendant's communications with persons retained to lobby the government, fall well outside the attorney/client privilege, and should be produced.

## IV.  E-MAILS FROM FORMER HFS OFFICIALS' COMPUTERS.

Cendant objects to the request for certain e-mails from former HFS officers on the grounds that Cendant previously searched back-up tapes of the former HFS officers' e-mails and produced e-mails it deemed "responsive," and on the grounds that the requests contain "virtually no subject matter limitations."

First, Cendant apparently searched some back-up tapes of e-mails in response to requests from Ernst & Young in the parallel securities litigation pending in New Jersey. See Exhibit C, attached hereto. But Cendant has refused to either explain the method used to determine what e-mail it deemed "relevant," or identify the period of time for which e-mails were searched – eminently reasonable requests given that the e-mails were apparently searched in response to requests served by Ernst & Young in the civil litigation, not in response to the Rule 17(c) subpoena requests served by Mr. Forbes.

Second, contrary to Cendant's argument, Mr. Forbes was extremely narrow in his requests:

- Requests 66 & 67 seek e-mails sent to or received from four former HFS officers during a five day period during which events unfolded that were central to the government's case against Mr. Forbes – including March 6, 1998, which the government called "the single most important date in this case" during the first trial, see Tr. 5/10/2004 at 59.
- Requests 68 & 69 seek e-mails between 6 CUC accounting personnel and 2 of HFS's top accountants from the date of the merger announcement through April 15, 1998. These e-mails are relevant to the level of access the HFS accounting staff had to both the CUC accounting staff and CUC's financial information.

5

These e-mails should be readily identifiable through searches employing a combination of date and name restrictions. Thus it can hardly be considered burdensome, or "fishing," to ask Cendant to search the back-up tapes for such limited information. The subpoena requests should be permitted.

## CONCLUSION

For the foregoing reasons, Walter A. Forbes respectfully requests that the Court grant him leave to serve the subpoena to Cendant.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: April 28, 2006

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Reply Memorandum in Support of Motion of Walter A. Forbes for Leave to File a Rule 17(c) Subpoena on Cendant Corporation (Forbes Third Trial Motion No. 8) to be filed electronically and to be served on April 28, 2006 to the following via e-mail:

Norman Gross, Esq. (norman.gross@usdoj.gov)
Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S/ Simon