UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                    )
**UNITED STATES OF AMERICA**        )
                                    )   No. 3:02CR264 (AHN)
   v.                               )
                                    )
                                    )   April 28, 2006
                                    )
**WALTER A. FORBES**                )
                                    )
_____ )

### MOTION OF DEFENDANT WALTER A. FORBES TO
### (1) PRECLUDE THE GOVERNMENT FROM REFERRING TO
### ROBERT TUCKER'S HANDWRITTEN NOTES AS BOARD "MINUTES"
### AND (2) PRECLUDE THE GOVERNMENT FROM PRESENTING ANY
### EVIDENCE, CROSS-EXAMINATION OR ARGUMENT CONCERNING
### THE DIFFERENCES BETWEEN GX 5, GX 453, & GX 77
### (Forbes Third Trial Motion In Limine No. 23)

Defendant Walter A. Forbes, through undersigned counsel, respectfully moves in limine (i) to preclude the government from referring to Robert Tucker's handwritten notes of CUC Board meetings as "minutes" or "draft minutes" and (ii) to preclude the government from presenting any evidence, cross-examination, or argument concerning the differences between GX 5, GX 453, and/or GX 77. The grounds for this motion are set forth in the accompanying memorandum of points and authorities.

Oral Argument Requested

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
    Brendan V. Sullivan, Jr. (Bar No. ct17115)
    Barry S. Simon  (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

2

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Motion of Defendant Walter A. Forbes to (1) Preclude the Government from Referring to Robert Tucker's Handwritten Notes as Board "Minutes" and (2) Preclude the Government from Presenting Any Evidence, Cross-Examination or Argument Concerning the Differences Between GX 5, GX 453, & GX 77 (Forbes Third Trial Motion In Limine No. 23) to be filed electronically and to be served on April 28, 2006 to the following via e-mail:

>Norman Gross, Esq. (norman.gross@usdoj.gov)
>Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
>Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S. Simon

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:02CR264 (AHN) |
| v. ) | |
| ) | April 28, 2006 |
| WALTER A. FORBES ) | |

MEMORANDUM IN SUPPORT OF
MOTION OF DEFENDANT WALTER A. FORBES TO
(1) PRECLUDE THE GOVERNMENT FROM REFERRING TO
ROBERT TUCKER'S HANDWRITTEN NOTES AS BOARD "MINUTES"
AND (2) PRECLUDE THE GOVERNMENT FROM PRESENTING ANY
EVIDENCE, CROSS-EXAMINATION OR ARGUMENT CONCERNING
THE DIFFERENCES BETWEEN GX 5, GX 453, & GX 77
(Forbes Third Trial Motion In Limine No. 23)

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits this memorandum in support of his motion in limine (1) to preclude the government from referring to Robert Tucker's handwritten notes of CUC Board meetings as "minutes" or "draft minutes" and (2) to preclude the government from presenting any evidence, cross-examination, or argument concerning the differences between GX 5, GX 453, and/or GX 77.

## BACKGROUND

A.   Mr. Tucker's Handwritten Notes of a CUC Board Meeting.

On April 9, 1997, the CUC Board of Directors held a meeting. See Ex. 1 (Board meeting minutes). During the course of the meeting, Robert Tucker, an attorney and the Secretary of the CUC Board, took handwritten notes. See Ex. 2. Mr. Tucker later prepared typed minutes based on those notes. See Ex. 1.

Mr. Tucker testified that his handwritten notes, which were admitted during the 2004 trial as Government Exhibit ("GX") 5, are neither Board minutes nor draft Board minutes. Tr. (9/20/04) at 12,654. Despite that fact, the government repeatedly referred to Mr. Tucker's handwritten notes as Board minutes or draft minutes during the 2004 trial. See, e.g., Tr. (6/21/04) at 5358 (asking whether Board member Jan Davidson received minutes of Board meeting and making reference to GX 5); id. at 5371 (referring to GX 5 as "draft" of minutes; defense objection sustained and motion to strike granted); Tr. (7/12/04) at 7012 (calling notes "handwritten minutes"); Tr. (8/4/04) at 9582 (referring to GX 5 as "handwritten version" of minutes).

Prior to the 2005 trial, Mr. Forbes filed a motion in limine, inter alia, to preclude the government from referring to Mr. Tucker's handwritten notes as Board minutes or draft minutes. See Docket Nos. 1684-85. The government conceded this portion of Mr. Forbes' motion. See Docket No. 1752 at 1;[1] Docket No. 1803 at 1. On November 11, 2005, Judge Thompson denied this portion of Mr. Forbes' motion as moot "based on the court's understanding that the government is representing that it does not intend to refer to Robert Tucker's handwritten notes as 'minutes' or 'draft minutes.'" Docket No. 1952.

**B.      The Preparation of the Minutes of the April 9, 1997 Board Meeting.**

During the 2004 trial, the government introduced into evidence Mr. Tucker's handwritten notes of the April 9, 1997 meeting (GX 5) (Ex. 2 hereto), Mr. Tucker's typed draft Board minutes (GX 453) (Ex. 3 hereto), and the final minutes of the Board meeting (GX 77) (Ex.

---

[1] The government's pleading stated that the government would not refer to GX 5 as "draft notes," Docket No. 1752 at 1, but it appears from the context of the pleading that this is a typographical error.

2

1 hereto). The government also presented testimony (over Mr. Forbes' objection) by Jan and Bob Davidson concerning the April 9, 1997 Board meeting. The Davidsons testified that, when Mr. Davidson raised a question about reserves during the meeting, Mr. Forbes purportedly became upset and cut off discussion on the topic. Tr. (6/21/04) at 5349-53; Tr. (6/22/04) at 5562-66. Mr. Forbes testified that he did not cut off Mr. Davidson and that he recalled that Mr. Davidson's questions were answered by Mr. Corigliano and Mr. Shelton, as Mr. Tucker's notes reflect. Tr. (9/27/04) at 13,724-25. Mr. Tucker testified that he wrote his handwritten notes as the discussion took place at the Board meeting, Tr. (9/20/04) at 12,696-97, and that his notes reflect what transpired, id. at 12,700-01.

Mr. Tucker's handwritten notes of the April 9, 1997 meeting state "Mr. Davidson [a Board member] asked certain questions concerning the company's reserve policy which were answered by Cos [Cosmo Corigliano] and Kirk [Shelton]." GX 5 (Ex. 2). The typed draft of the Board minutes prepared by Mr. Tucker, and sent to both CUC General Counsel Amy Lipton and CUC's outside auditors at Ernst & Young ("E&Y"), state that "Mr. Davidson asked certain questions concerning the reserves shown on the Company's financial statements and the Company's policies regarding reserves. Mr. Corigliano and Mr. Shelton responded to those inquiries." GX 453 (Ex. 3).[2] Mr. Tucker is not alleged to be a member of any conspiracy; nor is Amy Lipton or E&Y.

---

[2] GX 453 (Ex. 3) is a letter from Mr. Tucker to Amy Lipton enclosing the draft minutes. Another exhibit introduced during the 2004 trial (DX 1089) is an April 21, 1997 fax (produced by E&Y) from Mr. Tucker to E&Y enclosing the draft minutes of the April 9, 1997 Board meeting. See Ex. 4 hereto (DX 1089).

3

The foregoing two sentences in the draft April 9, 1997 Board minutes ("Mr. Davidson asked certain questions concerning the reserves shown on the Company's financial statements and the Company's policies regarding reserves. Mr. Corigliano and Mr. Shelton responded to those inquiries.") were deleted from the final minutes. See GX 453 (Ex. 3): GX 77 (Ex. 1). The government's apparent theory during the 2004 trial was that the two sentences were eliminated because "Lipton or someone else at CUC did not want to publicize through the final board minutes that Bob Davidson had raised questions about the Ideon merger reserve." Docket No. 1752 at 3. There is no evidence that the two sentences were omitted from the final minutes for improper reasons or that Mr. Forbes had anything to do with this change. The final minutes were sent to CUC Board members in draft form for their review, e.g., Ex. 5 hereto, and were approved by the entire CUC Board. See DX 5181 (Ex. 6 hereto) at 1; Tr. (9/20/04) at 12,670-71.

The government subsequently acknowledged that the two sentences omitted from the final minutes were not a "red flag" that would put anyone on notice of accounting fraud. See Docket No. 1752 at 3. Indeed, the draft minutes containing those two sentences were sent to CUC's outside auditors at E&Y, who reviewed them, see DX 1089 (Ex. 4), and apparently did not raise any concerns about them. The government also conceded that the two people involved in preparing and editing the board minutes, Mr. Tucker and Ms. Lipton, are not alleged co-conspirators. See Docket No. 1752 at 4 & 5 n.1.

Prior to the 2005 trial, Mr. Forbes filed a motion in limine to preclude the government from presenting any evidence, cross-examination, or argument concerning the differences between GX 5, GX 453, and GX 77. See Docket Nos. 1684-85, 1803. Judge Thompson denied the motion without prejudice on the ground that "the Court's analysis of any

4

issues relating to these documents should be informed by the state of the record as of the time the issue presents itself." Docket No. 1952 at 1. The government did not seek to present any evidence on ths subject at the 2005 trial, rendering Mr. Forbes' motion moot.

### C.    The Present Motion In Limine.

In March 2006, counsel for Mr. Forbes inquired of government counsel whether the government would agree not to present any evidence, cross-examination, or argument on the foregoing subjects at Mr. Forbes' third trial. Government counsel represented that the government would not seek to present any such evidence, cross-examination, or argument. On April 17, 2006, Mr. Forbes filed a Notice of motions in limine that he was not filing (Docket No. 2252), which included the foregoing matters. Id., Item 5. The Notice was reviewed by the government and specifically agreed to before it was filed. See Exs. 7-8 (e-mails to and from government counsel). After Mr. Forbes filed the Notice, government counsel informed counsel for Mr. Forbes that the government would no longer abide by its prior representation concerning this matter. As a result, Mr. Forbes is filing this motion in limine.

### ARGUMENT

### I.    ROBERT TUCKER'S HANDWRITTEN NOTES ARE NOT BOARD MINUTES AND SHOULD NOT BE REFERRED TO AS MINUTES OR DRAFT MINUTES.

The Court should preclude the government from referring to GX 5 as either minutes or draft minutes of the April 9, 1997 Board meeting. GX 5 consists of Mr. Tucker's handwritten notes of the Board meeting and should be referenced as such if the government seeks to introduce them at Mr. Forbes' third trial. There is no good faith basis for referring to Mr. Tucker's handwritten notes as minutes or draft minutes. The government previously

acknowledged this fact. See Docket No. 1752 at 1; Docket No. 1952.

## II. THE GOVERNMENT SHOULD BE PRECLUDED FROM PRESENTING ANY EVIDENCE, CROSS-EXAMINATION, OR ARGUMENT CONCERNING THE DIFFERENCES BETWEEN GX 5, GX 453, AND GX 77.

The Court should preclude evidence, cross-examination, or argument concerning the differences between GX 5, GX 453, and GX 77 pursuant to Fed. R. Evid. 401, 403, and 404(b).

First, this evidence has no probative value with respect to the charged offenses. The government's theory concerning the purported relevance of this evidence does not withstand scrutiny. While the government contends that the deletion of two sentences from the draft minutes was done for a nefarious purpose, to hide the fact that certain questions were asked about CUC's reserve policy, the omitted information is not a red flag that would alert someone to a fraud. The omitted sentences simply reflect that certain questions were asked about reserves, and the questions were answered. It would not place anyone on notice of a fraud at CUC. Indeed, the government has conceded that the two sentences concerning merger reserves in Mr. Tucker's draft minutes of the April 9, 1997 board meeting that were omitted from the final minutes were not a "red flag" that would reveal an accounting fraud. See Docket No. 1752 at 3.

Second, it is undisputed that Mr. Tucker sent a copy of the draft minutes, which contained the information about Mr. Davidson's questions, to E&Y. Tr. (9/20/04) at 12,656-57; DX 1089 (Ex. 4); Docket No. 1752 at 5 n.1. If the draft minutes truly "suggest[ed] that the merger reserves were problematic," Docket No. 1752 at 6, as the government has claimed, an alleged co-conspirator of Mr. Forbes surely would have intervened to ensure that the draft minutes were not sent to the company's auditors. The record of the 2004 and 2005 trials is

6

replete with evidence about Mr. Corigliano's and his subordinates' extensive efforts to conceal from E&Y any information that could reveal the fraud or raise a red flag. The fact that the draft minutes were sent to E&Y is utterly inconsistent with the government's theory that the draft minutes suggested that merger reserves at CUC were problematic or would have raised a concern about merger reserves.

Third, the minutes were provided to the Board members who attended the April 9, 1997 meeting -- all of whom were present for whatever questions Mr. Davidson asked and whatever responses he received -- and were approved, without objection, at the next Board meeting. See DX 5181 (Ex. 5); Tr. (9/20/04) at 12,670-71. The omission of this information certainly was not an attempt to conceal from Board members the fact that certain questions had been asked and answered at the April 9, 1997 meeting, because the Board members were present at the meeting and heard the questions and answers themselves.

Fourth, the individuals involved in the editing of the draft Board minutes -- Mr. Tucker and former CUC General Counsel Amy Lipton -- are not alleged to be co-conspirators. Mr. Tucker, who was directly involved in the preparation of the minutes, gave unrefuted testimony in 2004 that the minutes were not edited for any improper reason. Tr. (9/20/04) at 12,669. Accordingly, the editing of the Board minutes was not in furtherance of the alleged conspiracy, and is not probative of the offenses charged in the indictment.

Fifth, the government apparently concedes that it does not know who (if anyone) purportedly directed Ms. Lipton to delete the two sentences from the draft minutes (which she certainly could have decided to do herself, as the General Counsel of CUC, and the person who routinely reviewed draft Board minutes) or why the two sentences were deleted. See Docket No.

7

1752 at 5 n.1 (referring to "whomever wanted the two sentences removed" and stating that "someone decided to have those sentences removed"); id. at 6 (asserting that "Forbes or someone acting at his behest" sought to edit the minutes). There is no evidence that Mr. Forbes (or any alleged co-conspirator of Mr. Forbes) had anything to do with the editing of the Board minutes or that Mr. Forbes had any knowledge that the minutes were edited. The action could have been taken by Ms. Lipton, who is not an alleged co-conspirator, for reasons having nothing to do with the government's theories. For example, Ms. Lipton could have deleted the information because of a legitimate concern about the ongoing Ideon-related litigation and its relationship to CUC's reserves.[3] The government has presented nothing more than speculation about who caused the minutes to be edited or why it was done, and the admission of this evidence would be an improper invitation for the jury to engage in speculation. For this reason as well, the Court should exclude any evidence on this subject. See, e.g., Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 177 (2d Cir. 2003) ("impermissible speculation" cannot form the basis for a jury finding); Radiation Dynamics, Inc. v. Goldmuntz, 464 F.2d 876, 887 (2d Cir. 1972) (improper to ask jury to draw inference that "rests merely upon speculation and conjecture") (quotation omitted).

In sum, the information deleted from the draft minutes was not a red flag, and would not have placed anyone on notice of a fraud at CUC. The fact that CUC had reserves was not a secret, and was disclosed in public SEC filings. The fact that questions were asked and

---

[3] A significant portion of the CUC Ideon merger reserve related to the potential settlement costs of a large number of civil suits that had been filed against Ideon prior to the merger. The potential cost of settling those suits was a sensitive and confidential matter. See Tr. (9/13/04) at 12,203-04. The principal Ideon-related litigation was settled in June 1997.

8

answered at a Board meeting about the company's reserve policy would not alert anyone to a fraud at CUC. Accordingly, the government's theory that this information was deleted from the draft and not included in the official minutes for conspiratorial reasons simply makes no sense. The fact that the draft minutes containing this information were provided to E&Y further establishes that the minutes were not edited for nefarious reasons. The fact that the final Board minutes did not contain certain information in Mr. Tucker's draft minutes or notes is not probative of any of the charges in the indictment, and the Court should preclude the government from presenting any evidence, cross-examination, or argument on this subject.

The Court also should exclude this evidence under Rule 403 because its nonexistent probative value is substantially outweighed by its prejudicial effect. Lay jurors are not familiar with the manner in which Board minutes are prepared or the standards governing the preparation of Board minutes. While there is nothing improper about the editing of draft Board minutes, the government seeks to place a conspiratorial spin on this conduct -- without any factual basis -- which will prejudice Mr. Forbes and confuse and mislead the jury. Finally, the evidence should be excluded under Rule 404(b) because it is not evidence of the offenses charged in the indictment and does not satisfy the requirements for admission as an other act.

## CONCLUSION

For the foregoing reasons, the Court should (1) preclude the government from referring to Robert Tucker's handwritten notes of CUC Board meetings as "minutes" or "draft minutes" and (2) preclude the government from presenting any evidence, cross-examination, or argument concerning the differences between GX 5, GX 453, and/or GX 77.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
    Brendan V. Sullivan, Jr. (Bar No. ct17115)
    Barry S. Simon  (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Memorandum in Support of Motion of Defendant Walter A. Forbes to (1) Preclude the Government from Referring to Robert Tucker's Handwritten Notes as Board "Minutes" and (2) Preclude the Government from Presenting Any Evidence, Cross-Examination or Argument Concerning the Differences Between GX 5, GX 453, & GX 77 (Forbes Third Trial Motion In Limine No. 23) to be filed electronically and to be served on April 28, 2006 to the following via e-mail:

Norman Gross, Esq. (norman.gross@usdoj.gov)
Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S. Simon