# EXHIBIT 1

# FORM 4

[ ] Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

**U.S. SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549

**STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP**

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934, Section 17(a) of the Public Utility Holding Company Act of 1935 or Section 30(f) of the Investment Company Act of 1940

OMB APPROVAL
OMB Number: 3235
Expires: September 30,
Estimated average burden
hours per response

**1. Name and Address of Reporting Person\***

Silverman    Henry    R.
(Last)      (First)    (MI)

6 Sylvan Way
(Street)

Parsippany    NJ    07054
(City)      (State)    (Zip)

**2. Issuer Name and Ticker or Trading Symbol**
Cendant Corporation    (CD)

**3. IRS or Social Security Number of Reporting Person (Voluntary)**
Redacted

**4. Statement for Month/Year**
February 1998

**5. If Amendment, Date of Original (Month/Year)**

**6. Relationship of Reporting Person to Issuer** (Check all applicable)
X  Director
X  Officer (give title below)    10% Owner    Other (specify)

President and CEO

**7. Individual or Joint/Group Filing (Check Applicable Line)**
X  Form filed by One Reporting Person
   Form filed by More than One Reporting Person

**TABLE I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned**

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 & 5) | | | 5. Amount of Securities Beneficially Owned at End of Month (Instr. 3 & 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|
| | | Code | V | AMOUNT | (A) (D) | Price | | | |
| Common Stock | 02/04/1998 | M | | 447000 | A | $3.1800 | | | |
| Common Stock | 02/05/1998 | S | | 447000 | D | $36.0316 | | | |
| Common Stock | 02/06/1998 | M | | 182790 | A | $3.1500 | | | |
| Common Stock | 02/06/1998 | M | | 870210 | A | $1.2900 | | | |
| Common Stock | 02/06/1998 | S | | 182790 | D | $36.1405 | | | |
| Common Stock | 02/01/1998 | S | | 870210 | D | $36.1605 | | 0 | |

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly
\*If the form is filed by more than one reporting person, see Instruction 4(b)(v).

DEFENDANT'S
EXHIBIT
1394
PENGAD 800-631-6989

SEC 1474/77

PAGE:  1 C

FORM4  017

(continued)

**TABLE II -- Derivative Securities Acquired, Disposed of, or Beneficially Owned**
(e.g., puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 & 5) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Underlying Securities (Instr. 3 & 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of Derivative Securities Beneficially Owned at End of Month (Instr. 4) | 10. Ownership Form of Derivative Security: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |
| ...ption to buy) | $1.1800 | 02/04/1998 | M | | | 647000 | 12/31/1992 | 12/31/2001 | Common Stock | 647000 | | | | |
| ...ption to buy) | $1.1400 | 02/04/1998 | M | | | 182790 | 12/31/1992 | 12/31/2001 | Common Stock | 182790 | | | | |
| ...ption to buy) | $1.2300 | 02/04/1998 | M | | | 870210 | 12/31/1992 | 12/31/2001 | Common Stock | 870210 | | 1103960 | G | D |

Explanation of Responses:

Cendant Corporation    FEB-1998    PAGE: 2 OF 2

/s/ Jeanne M. Murphy (attorney-in-fact)    3/4/98
Jeanne M. Murphy (attorney-in-fact)    Date

...erman, Henry R.

SEC 1474 (7-96)

**FORM4  018**

# EXHIBIT 2

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

# FORM 144

## NOTICE OF PROPOSED SALE OF SECURITIES
## PURSUANT TO RULE 144 UNDER THE SECURITIES ACT OF 1933

**ATTENTION:** *Transmit for filing 3 copies of this form concurrently with either placing an order with a broker to execute sale or executing a sale directly with a market maker.*

OMB APPROVAL

OMB Number: 3235-0101
Expires: September 30, 1998
Estimated average burden
hours per response .......... 2.0

SEC USE ONLY

| | |
|---|---|
| 1 (a) NAME OF ISSUER *(Please type or print)* | (b) IRS IDENT. NO. | (c) S.E.C. FILE NO. |
| Cendant Corporation | Redacted | 1-10308 |

| 1 (d) ADDRESS OF ISSUER | STREET | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 6 Sylvan Way | Parsippany, N.J. | 07054 |

| 1 (e) NAME OF PERSON FOR WHOSE ACCOUNT THE SECURITIES ARE TO BE SOLD | (f) SOCIAL SECURITY NO. OR IRS IDENT. NO. | (g) RELATIONSHIP TO ISSUER | (d) ADDRESS STREET | CITY | STATE | ZIP CODE |
|---|---|---|---|---|---|---|
| James E. Buckman | Redacted | Director/Officer | 6 Sylvan Way | Parsippany | N.J. | 07054 |

| WORK LOCATION | |
|---|---|
| (a) AREA CODE | (b) TELEPHONE NO. |
| 973 | 496-5266 |

**INSTRUCTION:** *The person filing this notice should contact the Issuer to obtain the I.R.S. Identification Number and the S.E.C. File Number.*

| 1.(a) Title of the Class of Securities To Be Sold | (b) Name and Address of Each Broker Through Whom the Securities are to be Offered or Each Market Maker who is Acquiring the Securities | SEC USE ONLY Broker-Dealer File Number | (c) Number of Shares or Other Units To Be Sold *(See Instr. 3(e))* | (d) Aggregate Market Value *(See Instr. 3(e))* | (e) Number of Shares or Other Units Outstanding *(See Instr. 3(e))* | (f) Approximate Date of Sale *(See Instr. 3(f))* (MO. DAY YR.) | (g) Name of Each Securities Exchange *(See Instr. 3(g))* |
|---|---|---|---|---|---|---|---|
| Common Stock | Merrill Lynch World Financial Center New York, N.Y. | | 300,000 | $10.8 mill. | 839,992,974 | 2/5/98 | NYSE |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**INSTRUCTIONS:**

1 (a) Name of issuer
  (b) Issuer's I.R.S. Identification Number
  (c) Issuer's S.E.C. file number, if any
  (d) Issuer's address, including zip code
  (e) Issuer's telephone number, including area code

2 (a) Name of person for whose account the securities are to be sold
  (b) Such person's Social Security or I.R.S. identification number
  (c) Such person's relationship to the issuer (e.g., officer, director, 10%, stockholder, or member of immediate family of any of the foregoing)
  (d) Such person's address, including zip code

3. (a) Title of the class of securities to be sold
  (b) Name and address of each broker through whom the securities are intended to be sold
  (c) Number of shares or other units to be sold (if debt securities, give the aggregate face amount)
  (d) Aggregate market value of the securities to be sold as of a specified date within 10 days prior to the filing of this notice
  (e) Number of shares or other units of the class outstanding, or if debt securities the face amount thereof outstanding, as shown by the most recent report or statement published by the issuer
  (f) Approximate date on which the securities are to be sold
  (g) Name of each securities exchange, if any, on which the securities are intended to be sold

SEC 1147 (5-96)

601376

601377

## TABLE I — SECURITIES TO BE SOLD

Furnish the following information with respect to the acquisition of the securities to be sold
and with respect to the payment of all or any part of the purchase price or other consideration therefor.

| Title of the Class | Date you Acquired | Nature of Acquisition Transaction | Name of Person from Whom Acquired (if the title date does not appear) | Amount of Securities Acquired | Date of Payment | Nature of Payment |
|---|---|---|---|---|---|---|
| Common | 2/6/98 | Exercise of stock option covered by Registration Statement on Form S-8 | Cendant Corporation | 300,000 | 2/6/98 | Cash |

INSTRUCTIONS: 1. If the securities were purchased and full payment therefor was not made in cash at the time of purchase, explain in the table or in a note thereto the nature of the consideration given. If the consideration consisted of any note or other obligation, or if payment was made in installments describe the arrangement and state when the note or other obligation was discharged in full or the last installment paid.

2. If within two years after the acquisition of the securities the person for whose account they are to be sold had any short positions, put or call option to dispose of securities referred to in paragraph (d)(3) of Rule 144, furnish full information in respect thereto.

## TABLE II — SECURITIES SOLD DURING THE PAST 3 MONTHS

Furnish the following information as to all securities of the issuer sold during the past 3 months by the person for whose account the securities are to be sold.

| Name and Address of Seller | Title of Securities Sold | Date of Sale | Amount of Securities Sold | Gross Proceeds |
|---|---|---|---|---|
|  |  |  |  |  |

REMARKS:

**INSTRUCTIONS:**
See the definition of "person" in paragraph (a) of Rule 144. Information is to be given not only as to the person for whose account the securities are to be sold but also as to all other persons included in that definition. In addition, information shall be given as to sales by all persons whose sales are required by paragraph (e) of Rule 144 to be aggregated with sales for the account of the person filing this notice.

February 6, 1998
DATE OF NOTICE

/s/ James E. Buckman
SIGNATURE

**ATTENTION:**
The person for whose account the securities to which this notice relates are to be sold hereby represents by signing this notice that he does not know any material adverse information in regard to the current and prospective operations of the issuer of the securities to be sold which has not been publicly disclosed.

The notice shall be signed by the person for whose account the securities are to be sold. At least one copy of the notice shall be manually signed. Any copies not manually signed shall bear typed or printed signatures.

ATTENTION: Intentional misstatements or omission of facts constitute Federal Criminal Violations (See 18 U.S.C. 1001)

SEC 1147 (5-96)

# TABLE I — SECURITIES TO BE SOLD

Furnish the following information with respect to the acquisition of the securities to be sold
and with respect to the payment of all or any part of the purchase price or other consideration therefor:

| Title of the Class | Date you Acquired | Nature of Acquisition Transaction | Name of Person from Whom Acquired (if gift, date you date date donor acquire) | Amount of Securities Acquired | Date of Payment | Nature of Payment |
|---|---|---|---|---|---|---|
| Common | 2/6/98 | Exercise of stock option covered by Registration Statement on Form S-8 | Cendant Corporation | 300,000 | 2/6/98 | Cash |

**INSTRUCTIONS:**

1. If the securities were purchased and full payment therefor was not made in cash at the time of purchase, explain in the table set in a note thereto the nature of the consideration given. If the consideration consisted of any note or other obligation, or if payment was made in installments describe the arrangement and state when the note or other obligation was discharged in full or the last installment paid.

2. If within two years after the acquisition of the securities the person for whose account they are to be sold had any short positions, put or other option to dispose of securities referred to in paragraph (d)(3) of Rule 144, furnish full information with respect thereto.

# TABLE II — SECURITIES SOLD DURING THE PAST 3 MONTHS

Furnish the following information as to all securities of the issuer sold during the past 3 months by the person for whose account the securities are to be sold.

| Name and Address of Seller | Title of Securities Sold | Date of Sale | Amount of Securities Sold | Gross Proceeds |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**REMARKS:**

**INSTRUCTIONS:**
See the definition of "person" in paragraph (a) of Rule 144. Information is to be given not only as to the person for whose account the securities are to be sold but also as to all other persons included in that definition. In addition, information shall be given as to sales by all persons whose sales are required by paragraph (e) of Rule 144 to be aggregated with sales for the account of the person filing this notice.

**ATTENTION:**
The person for whose account the securities to which this notice relates are to be sold hereby represents by signing this notice that he does not know any material adverse information in regard to the current and prospective operations of the issuer of the securities to be sold which has not been publicly disclosed.

_Feb 6, 1998_

**DATE OF NOTICE**

_(signature)_

**(SIGNATURE)**

The notice shall be signed by the person for whose account the securities are to be sold. At least one copy of the notice shall be manually signed.
Any copies not manually signed shall bear typed or printed signatures.

**ATTENTION:** Intentional misstatements or omission of facts constitute Federal Criminal Violations (See 18 U.S.C. 1001)

SEC 1147 (5-96)

# EXHIBIT 3

Amy N. Lipton
Executive Vice President
and Deputy General Counsel

 **CENDANT**

VIA FEDERAL EXPRESS

March 5, 1998

Mr. Arthur P. Dodge
First Vice President - Investments
PaineWebber
81 Newtown Lane
East Hampton, NY  11937

Dear Arthur:

Walter may currently sell Cendant stock.  Please touch base if the sale is not made within the next few days.

Sincerely,

Amy N. Lipton

ANL/ab

cc:    Walter A. Forbes

DEFENDANT'S
EXHIBIT
2247
PENGAD 800-631-6989

CONFIDENTIAL
TREATMENT REQUESTED
PW 000598



# CENDANT

**707 Summer Street**
**Stamford, CT  06901**
**(203) 324-9261**

# F A X   C O V E R   S H E E T

**DATE:**   March 5, 1998

**TO:**   Arthur Dodge    **FAX:**   (516) 324-8574
Paine Webber

**FROM:**   Amy Lipton    **PHONE:**   (203) 965-5129
Cendant Corporation    **FAX:**   (203) 348-1982
    **EMAIL:**   alipton@cendant.com

The information contained in this facsimile message is intended only for the use of the individual or entity named above and may be attorney privileged and confidential information.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and return the original message to the attention of the sender, at our cost, to Cendant Corporation, 707 Summer Street, Stamford, Connecticut 06901.  Thank you.

Number of pages including cover sheet: 2

## *Message*

CONFIDENTIAL
TREATMENT REQUESTED
PW 000599

# EXHIBIT 4

## Branch Checklist for Verbal Approvals

Date 2/9/98 + 3/5/98

Verbal Requested By Jane Lubben + Arthur Dodge

Account Number UQ 00511

Name of Stock to be Sold Cendant

Number of Shares to be Sold 400,000.

Form 144 filed with SEC          yes ✓          no

Form 144 filed with NYSE         yes ✓          no

Form 144 with ASE                yes            no

Contacted Issuers Counsel to Verify
Currency and Open Window Period   yes ✓          no

Name of Individual Contacted     Amy Lipton     ~~xxxxx~~

Address     Cendant                              ~~xxxxx~~

707 Summer ST.

Stamford Ct

Telephone     203-324-9261   X 8176

Fax Sent By     _____
                        (name)

DEFENDANT'S
EXHIBIT
2240

CONFIDENTIAL
TREATMENT REQUESTED
PW 000593

Note: No approval will be given for sale of Rule 144 Stock until this form has been completed and returned with the necessary documents to the Restricted Securities Department for final approval.

| INVESTMENT EXECUTIVE'S WORKSHEET RULE 144 TRANSACTIONS | INVESTMENT EXECUTIVE Arthur Dodge / Jake Eckart | ACCOUNT No. UQ06511 | DATE 2/9/98  3/5/98 |
|---|---|---|---|

. SELLER'S NAME **Walter A. Forbes**

. ISSUER (NAME OF STOCK) **Cendant**

. NUMBER OF SHARES (Total number of shares owned by client and members of household (including holdings in trusts, corporations, partnerships and other controlled entities))

**565,743**

| . NUMBER OF SHARES TO BE SOLD **400,000** | PRICE X 37½ X 36½ | APPROX. VALUE 15,000,000. 36,000,000 | SHARES OUTSTANDING 825,000,000 | WHERE TRADED NYSE | IS PAINEWEBBER A MARKET MAKER? ☐ Yes ☑ No |
|---|---|---|---|---|---|

. IS CLIENT PRESENT OR PAST OFFICER, DIRECTOR, EMPLOYEE OR LARGE SHAREHOLDER OR MEMBER OF FAMILY OF SUCH PERSON?
☑ Yes ☐ No   IF Yes, GIVE DETAILS   **Director & Chairman**

. IF STOCK IS TO BE USED FOR MARGIN

A. NUMBER OF SHARES ACQUIRING TO MARGIN

B. NUMBER OF SHARES SOLD DURING THE PAST THREE MONTHS

C. ARE ANY ADDITIONAL SHARES BEING USED TO COLLATERALIZE ANY OTHER LOANS?  ☐ Yes ☐ No

IF "YES":

NAME OF INSTITUTION

NUMBER OF SHARES BEING USED

HOW SHARES WERE ACQUIRED — The information called for below will help the Restricted Securities Department expedite the processing of your transactions. (If open market purchase by client must sell under Rule 144)

TION STOCK OR OTHER EMPLOYEE STOCK PLAN:

| 1. TITLE OF PLAN | 2. DATE STOCK WAS GRANTED 7/24/96 | 3. DATE STOCK WAS EXERCISED |
|---|---|---|

By company for services + various dates for stock option purchases

4. ARE SHARES COVERED BY CURRENT PROSPECTUS?  ☐ Yes ☐ No     5. COPY OF PROSPECTUS ENCLOSED?  ☐ Yes ☐ No

B. IF GIFT:

| 1. DATE OF GIFT | 2. NAME OF DONOR |
|---|---|

3. HOW AND WHEN ACQUIRED SHARES

C. IF MERGER OR ACQUISITION:

| 1. DATE OF MERGER | 2. CLIENT'S POSITION WITH ACQUIRING COMPANY | 3. NAME OF COMPANY THAT WAS ACQUIRED |
|---|---|---|

D. IF PRIVATE TRANSACTION:

| 1. NATURE OF TRANSACTION | 2. DATE OF TRANSACTION |
|---|---|

3. NAME OF ORIGINAL OWNER AND CONNECTION WITH COMPANY

4. HOW AND WHEN ORIGINAL OWNER ACQUIRED SHARES

E. IF OPEN MARKET PURCHASE:

| 1. DATE ACQUIRED | 2. NUMBER OF SHARES ACQUIRED |
|---|---|

TIONAL COMMENTS

| IE | BRANCH MANAGER Katherine Lee |
|---|---|

CONFIDENTIAL
TREATMENT REQUESTED
PW 000594

02/09/98   MON 10:06   [TX/RX NO 7223]   Ø002

# EXHIBIT 5

707 Summer Street
P.O. Box 10049
Stamford, CT 06904-2049
203-965-5118 FAX 203-977-8591

WALTER A FORBES
Chairman and Chief Executive Officer


CUC INTERNATIONAL

## M E M O R A N D U M

**DATE:**     January 16, 1996

**TO:**       All Employees

**FROM:**     Walter A. Forbes

**RE:**       Insider Stock Trading Reminder

As you probably know, insider trading has become a serious problem for many companies. This practice has potentially serious consequences for both you and the Company.

To help you in complying with the law, we have prepared the summary on the reverse side of this memo. It is very important that you fully understand the information in this summary.

If you have any questions, please feel free to ask me, Kirk Shelton, Cosmo Corigliano or Amy Lipton.

WAF/ab

DEFENDANT'S
EXHIBIT

30,775

PENGAD 800-631-6989

108163

## TRADING IN CUC INTERNATIONAL INC. AND
## OTHER RELATED SECURITIES

Federal laws and regulations prohibit purchases and sales of the Company's stock and other related securities by directors, officers and employees on the basis of material information which is not generally available to the public. The passing of such inside information -- "tipping" -- to outsiders who may then trade on it is also prohibited. To assure compliance with these laws, the following rules apply to directors, officers and employees of the Company (including employees of all Company subsidiaries):

1.   *They shall not purchase or sell or otherwise trade in securities of the Company while in possession of material, non-public information about the Company.*

     For purposes of this policy, the term "material information" means information as to which there is substantial likelihood that the information would be viewed by a reasonable investor as significantly altering the "total mix" of information available in making investment decisions.

     "Non-public information" is information which has not become generally available to the investing public, through such channels as the Company's publications (e.g., press releases, Annual and Quarterly Reports to Stockholders, Proxy Statements, and SEC filings), news articles, stock analysts' reports, and similar writings about the Company and subjects relating to its businesses.

2.   *They shall not divulge confidential -- and possibly material -- information about the Company, either to other employees or to outsiders, except on a "need-to-know" basis.*

3.   *They shall not buy or sell securities of any other company about which material non-public information has been obtained through the performance of their responsibilities at the Company or from any Company employee.*

4.   *Transactions in exchange-traded, standardized put and call options are strongly discouraged, as are any "short sales" or sales "against the box," i.e., where shares are sold but certificates are not delivered in a timely fashion.*

The most dangerous time to engage in a purchase or sale of the Company's securities would be shortly in advance of the public release by the Company of important information, such as quarterly or year-end results or other important news\*. (The Company strongly discourages the sale of securities for five business days prior to an earnings release (or other material news release) and for three business days thereafter. Senior executives may not trade during these periods.) The safest time to engage in any purchase or sale of the Company's securities would be the period shortly following the release of such information (always assuming that the employee, officer or director is not aware of other material information which has not been publicized). Even after the Company has released such information, it is important to be sure that sufficient time has elapsed to enable the information to be disseminated to, and considered by, investors.

If any employee violates this policy, the Company may take disciplinary action, including dismissal for cause. Should there be any questions concerning the above with regard to any particular transaction involving the Company's securities or other related securities, please consult with Walter Forbes, Kirk Shelton, Cosmo Corigliano or Amy Lipton (all of whom are located in Stamford and may be reached at (203) 324-9261) prior to taking any action.

> \* Note: Earnings release dates are roughly the first day of the months of April, June, September and December each year, but they can and do vary.

108169