UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:02CR00264 (AHN) |
| v. | : | May 12, 2006 |
| **WALTER A. FORBES** | : | |

### REPLY OF SECURITIES AND EXCHANGE COMMISSION
### TO FORBES' BRIEF FILED ON APRIL 28, 2006

The Securities and Exchange Commission ("SEC") submits this reply in support of its motion to quash four subpoenas served by Forbes on SEC enforcement staff and in opposition to Forbes' motions to issue three more subpoenas – one to the SEC's records custodian seeking documents, and two seeking testimony from one current and one former SEC enforcement attorney.

Forbes' April 28, 2006 brief provides no good reason to believe that this Court should disregard Judge Thompson's thoughtful rulings during the first two trials with regard to all seven of Forbes' already served or proposed subpoenas. Contrary to Forbes' representations, there are no changed circumstances that require this Court to depart from Judge Thompson's earlier rulings. Indeed, Judge Thompson's earlier rulings are now law of the case and should be followed by this Court.

As noted by the government in its amended opposition to Forbes' motion to compel discovery, *see U.S. v. Forbes,* document no. 2332, "[u]nder the 'law of the case' doctrine, 'courts are understandably reluctant to reopen a ruling once made,' especially 'when one judge or court is asked to consider the ruling of a different judge or court.'" *Lillbask v. Connecticut Dept. of Educ.,* 397 F.3d 77, 94 (2d Cir. 2005) (*quoting* 18B Wright, Miller & Cooper, *Federal Practice and Procedure,* § 4478 (2d ed. 2002)); *see Chiu v. United States,* 948 F.2d 711, 717 (Fed. Cir.

1991) ("A successor judge steps into the shoes of his or her predecessor, and is thus bound by the same rulings and given the same freedom as the first judge."); *Philadelphia Housing Auth. v. American Radiator & Standard Sanitary Corp.*, 323 F. Supp. 381, 383 (E.D. Pa. 1970) ("Nor is there any apparent reason why the rule of the law of the case should not be applied merely because a different judge has now been assigned to this litigation.").

In any event, as argued below, Judge Thompson's resolution of Forbes' discovery requests to the SEC were a proper exercise of his discretion. *United States v. Gel Spice Co., Inc.*, 773 F.2d 427, 434 (2d Cir. 1985) (applying abuse of discretion standard to defense discovery request).

### A.    Document Subpoena to SEC Records Custodian

The Federal Rules of Criminal Procedure and court decisions cited in Forbes' brief do not require the Court to depart from Judge Thompson's earlier rulings regarding this subpoena. Judge Thompson quashed almost identical document subpoenas to the SEC's records custodian during both the first and second trials. He reasoned that they were "overly broad," constituted a "fishing expedition," and failed to comply with the Rule 17(c) requirement that a subpoena call only for materials that are "evidentiary." *See U.S. v. Forbes* (document no. 1187 at p. 2). He also determined that "the broad categories of documents that defendant Forbes calls for in each subpoena reflect areas where the inquiry would be calculated solely to bolster the defendant's attack on [government witness] Corigliano's credibility." *U.S. Forbes, et al., No. 3:02-CR-00264 (AWT)* (*quoting* document no. 1939 at pp. 1-2, *see also* document no. 1187 at pp. 2-3).

Moreover, Judge Thompson specifically rejected the same arguments Forbes continues to press with this Court. Forbes seeks virtually all SEC documents in any way pertaining to the

settlement of the SEC's civil action against Corigliano. Forbes claims to be entitled to these documents based solely upon what he argues is the appropriate way to interpret the Final Judgment in Corigliano's SEC case and other documents the SEC has itself received and found acceptable. It was apparent to Judge Thompson that, because both the SEC and Corigliano disagree with defendant Forbes' interpretation of these documents, "defendant Forbes' line of inquiry is calculated solely to bolster his attack on Corigliano's credibility and, possibly, to attack the credibility of the government." *See U.S. v. Forbes* (document no. 1939 at pp. 5-6). Finding that this was "far removed from a legitimate, good faith inquiry into motive on the part of Corigliano to fabricate testimony in the hope that the government will not find him in breach of the terms of the plea agreement," Judge Thompson quashed the document subpoena to the SEC and did not allow testimony on this point. *Id.* at p. 6.

Judge Thompson also precluded Forbes from putting before the jury Forbes' interpretations of the budget and settlement agreements between the SEC and Corigliano and then arguing that there were "side agreements" that the SEC staff kept from the members of the Commission and the U.S. District Court in New Jersey. *See U.S. v. Forbes,* (document 1185 at p. 4). Ignoring Judge Thompson's earlier ruling, Forbes asks this Court to review *in camera* any SEC documents that are contemporaneous with the SEC's budget and settlement agreements with Corigliano. Forbes argues that this review is necessary to create a "clear record of what the SEC believed the terms of these agreements to be at the time, before Mr. Corigliano testified in the first trial." *See* Forbes brief at note 3. The terms of the budget and settlement agreements between Mr. Corigliano and the SEC are contained in those documents which were publicly filed and to which Mr. Forbes has access. Those documents speak for themselves and there is no

reason for this Court to conduct an *in camera* review.

Forbes also argues that he is entitled to all SEC documents in any way pertaining to the settlement of the SEC's civil action against Corigliano because, according to Forbes, the United States Attorney's Office prosecuting this criminal case has taken the position that it has no obligation to produce SEC documents pursuant to Fed. R. Crim. P. 16. Forbes now seeks to obtain this information from another federal government agency, the SEC, through a Rule 17(c) subpoena. This he can not do. Rule 17(c) subpoenas "cannot be used as a means of circumventing Rule 16's limits on discovery in a criminal case." *United States v. Brown*, 1995 WL 387698, at *9 (S.D.N.Y. June 30, 1995); *see also United States v. De Yian*, 1995 WL 614563, at *1 (S.D.N.Y. Oct. 19, 1995) ("Having received the benefits of Rule 16(a)(1), further discovery is barred by Rule 16(a)(2), and that bar cannot be circumvented by the service of a Rule 17(c) subpoena").

Forbes has failed to provide any basis for this Court to depart from Judge Thompson's previous rulings and also fails to satisfy the *Nixon* criteria of relevancy, specificity, and admissibility. Accordingly, this Court should decline to issue Forbes' proposed subpoena to the SEC's records custodian.

**B.  Testimony Subpoenas**

This Court should reject Forbes' attempt to turn his criminal trial into an improper mini-trial against government witness Cosmo Corigliano. Mr. Corigliano is not on trial for settling his civil action with the SEC or for any other alleged transgression that Forbes may conjure.

4

1.  **SEC Testimony As To Any Benefits Received By Cosmo Corigliano**

Judge Thompson properly restricted the benefits testimony sought by defendant Forbes. He found that narrowly-circumscribed testimony as to what, if any, benefits government witness Corigliano received as a result of his budget and settlement agreements with the SEC could be admissible to show bias or a motive to testify falsely on the part of Mr. Corigliano. *See U.S. v. Forbes*, (document no. 1185 at p. 6). At the first trial, Forbes adduced exhaustive testimony on this issue even apart from SEC testimony. Indeed, given the restrictions placed on SEC testimony by Judge Thompson during the second trial, *see* Transcript 11/7/05 at 63-64 (reminding Forbes' counsel that the court retained the discretion to exclude cumulative and unnecessary evidence even as to benefits), defendant Forbes did not call Messrs. Newkirk, Kidney, or Frohlich to testify.1/ The SEC submits that defendant Forbes can obtain this evidence at the third trial the same way he did during the second trial – through his cross-examination of Mr. Corigliano and the other witnesses. Given that the testimony Forbes seeks from three SEC witnesses would be cumulative of Mr. Corigliano's cross-examination, constitute an impermissible attempt by Forbes to bolster his attack on Mr. Corigliano's credibility, and an improper attempt to convert the criminal trial against Forbes into a lengthy

---

1/   As Judge Thompson explained, Forbes' proposed impeachment would result in:

> a real detour in terms of all the negotiations between Mr. Corigliano's counsel and the SEC. I mean, you can take 57 steps that led to the signing of the [SEC] settlement agreement and the budget agreement and you can break each one down, each point that was negotiated and say it's a separate benefit. I think that's misleading to the jury.

Transcript 11/7/05 at 46.

mini-trial against Corigliano, this Court has the discretion to quash or deny subpoenas sought for that purpose and should do so.

Contrary to Forbes' representation, testimony from Messrs. Newkirk, Kidney, and Frohlich would be cumulative. Forbes continues to ignore the limitations placed on the benefits testimony by Judge Thompson. Those limitations included that defendant Forbes would not be permitted to explore whether the SEC itself agreed to the benefits conferred on Corigliano "because that line of inquiry is calculated solely to bolster the defendants' attack on Corigliano's credibility during their cross-examination of him and to attack the credibility of the government." *See U.S. v. Forbes,* (*quoting* document no. 1939 at pp. 5-6; *see also* document no. 1185 at p. 4). Judge Thompson also prohibited Forbes from using this testimony to put before the jury Forbes' interpretation of agreements between the SEC and Corigliano and then argue that those agreements were "side agreements." *Id.* (document no. 1185 at pp. 3-4).2/ The defense does not need three SEC witnesses to adduce the only benefits testimony Judge Thompson allowed – to identify what, if any, benefits Mr. Corigliano received as a result of his budget and settlement agreements with the SEC. Indeed, the defense does not need any SEC testimony on this point as they can do what they did during the second trial – adduce this evidence during cross examination of Mr. Corigliano and the other witnesses.

In addition, where, as here, the jury will possess "sufficient information concerning formative events to make a 'discriminating appraisal' of a witness's motives and bias," the district court has ample discretion under Rule 403 to exclude additional extrinsic evidence on

---

2/   This is part of the reasoning that also led Judge Thompson to quash Forbes' earlier document subpoenas to the SEC's records custodian.

those same issues. *United States v. Blackwood*, 456 F.2d 526, 530 (2d Cir. 1972) (explaining that "[a] defendant's right to elicit such [bias] evidence . . . is not boundless, but is subject to reasonable limitations imposed by the trial judge in the exercise of sound discretion"). *See also United States v. Gomes,* 177 F.3d 76, 81 (1st Cir. 1999) (agreeing that while certain extrinsic evidence might show "bias," the trial judge had discretion to exclude such an excursion into extrinsic evidence that would distract the jury from the main issues in this case"). *Accord United States v. Weiss*, 930 F.2d 185, 198 (2d Cir. 1991) (finding no error in the exclusion, as cumulative, of extrinsic evidence of prosecution witness's bias where defense counsel already caused the witness to admit to the main circumstances from which any bias supposedly arose).3/

> 2. **SEC Testimony Intended To Collaterally Impeach Government Witnesses On Issues Other Than Benefits**

Forbes seeks more testimony through four other subpoenas to SEC staff to attempt to collaterally impeach Corigliano, and, perhaps, government witnesses Anne Pember and Casper Sabatino if they testify contrary to "statements" Forbes claims are attributed to them in notes taken by those four SEC employees. Some of these notes were taken during witness' interviews. Others were taken during factual proffers made to the government by counsel for Corigliano, Pember, and/or Sabatino.

The SEC submits that this Court should preclude this line of inquiry because it constitutes improper collateral impeachment on issues other than bias. Moreover, it is yet

---

3/    In the event that this Court determines to allow some benefits testimony, it should apply the same restrictions to this testimony as imposed by Judge Thompson during the second trial in order to avoid having a mini-trial on Mr. Corigliano's settlement with the SEC. *See* Transcript 11/7/05, at 62-64. In order to avoid cumulative testimony on this point and a waste of the Court's and jury's time, the Court also should limit this testimony to one witness.

7

another example of defendant Forbes overlooking Judge Thompson's earlier rulings.

During the first trial, Judge Thompson repeatedly found that presentations by an attorney to the government are not admissible as witness statements unless they are statements explicitly made or adopted by the client. *See* Transcript 6/1/04 at 2644-59; 6/2/04 at 2865-67; 6/3/04 at 3194. The Judge further concluded that attorney notes or memoranda that were never adopted by government witnesses such as Mr. Corigliano, Ms. Pember, or Mr. Sabatino are simply not statements attributable to them, and as such they are not admissible at trial. *See* Transcript 5/20/04 at 1530-31.

During the second trial, Judge Thompson did not permit this testimony as impeachment by contradiction or as a prior inconsistent statement pursuant to Rule 613(b). Defendant Forbes then resorted to a third method of introducing this collateral evidence as recorded recollection under Rule 803(5). After testimony was taken from two SEC staff members outside the presence of the jury to determine whether the foundational requirements of Rule 803(5) were met, Judge Thompson found that the requirements were not met with regard to testimony from SEC staff member Matthew Greiner. While the Judge did allow a few sentences of SEC staff member Susan Markel's notes taken during an interview with Mr. Corigliano to be admitted pursuant to Rule 803(5), this process consumed two days of the Court's and jury's time without much being accomplished. *See* Transcript 11/10/05 at p. 2501.

Since these four subpoenas seek testimony for the sole purpose of collaterally impeaching government witnesses on issues other than bias, this Court should quash them.

## **CONCLUSION**

For the foregoing reasons and those set forth in the SEC's opening brief (document no. 2277), this Court should decline to issue subpoenas to the SEC's records custodian, and Messrs. Newkirk and Kidney. It also should quash the subpoenas served by Forbes on Messrs. Frohlich, Paszamant, Greiner, and Ms. Markel.

Sincerely,

*Kathleen Cody*
SAMUEL M. FORSTEIN
Assistant General Counsel

KATHLEEN CODY
Senior Counsel

Counsel for SEC and its employees
100 F Street, N.E.
Washington, D.C. 20549-9612
Tel: (202) 551-5126; Fax: (202) 772-9263

## CERTIFICATE OF SERVICE

The undersigned certifies that, on May 12, 2006, I caused this electronically-filed reply, certificate of service, and proposed order to be served on the following individuals via federal express:

>Michael Martinez, Esq.
>U.S. Attorney's Office for the District of New Jersey
>970 Broad Street, Suite 700
>Newark, New Jersey 07102
>
>Meg Keeley, Esq.
>Williams & Connolly
>725 Twelfth Street, N.W.
>Washington, D.C. 20005

*Kathleen Cody*
Kathleen Cody

Dated: May 12, 2006
      Washington, D.C.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:02CR00264 (AHN) |
| | : | |
| v. | : | |
| | : | |
| **WALTER A. FORBES** | : | |

## PROPOSED ORDER

The Court has considered defendant Forbes' motions to issue three proposed subpoenas to the SEC's records custodian and Messrs. Newkirk and Kidney, the SEC's opposition thereto, and Forbes' reply thereto. It has also considered the SEC's motion to quash four other subpoenas already served by Forbes, Forbes' opposition thereto, and the SEC's reply thereto.

IT IS HEREBY ORDERED that the SEC's opposition and motion are granted. The Court declines to issue defendant Forbes' proposed subpoenas to Thomas Newkirk, James Kidney, and the SEC's records custodian. It is FURTHER ORDERED that the subpoenas defendant Forbes has issued to David Frohlich, Susan Markel, Roger Paszamant, and Matthew Greiner are quashed in their entirety.


DATED: _____          _____
        **Bridgeport, Connecticut**          **Alan H. Nevas**
                  **United States District Judge**