UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AHN) |
| | : | |
| v. | : | May 22, 2006 |
| | : | |
| WALTER A. FORBES | : | |

**MEMORANDUM OF THE UNITED STATES IN RESPONSE TO FORBES' MOTION TO PRECLUDE THE ADMISSION OF THE CENDANT AUDIT COMMITTEE REPORT AND MATERIALS GENERATED DURING THE AUDIT COMMITTEE INVESTIGATION**

**(Response to Forbes' Third Trial Motion In Limine No. 8)**

Forbes moves to "preclude the admission of both the Cendant Audit Committee Report and the materials (including interview memoranda) generated during the course of the Cendant Audit Committee investigation." Forbes' Third Trial Motion In Limine No. 8. The Government does not intend to offer into evidence either the Audit Committee Report or any of the interview memoranda on direct examination of any prosecution witnesses, during the Government's case-in-chief.

Forbes does not request in this motion, as he has in prior motions directed to Judge Thompson, that any mention of the Audit Committee Report be excluded. Forbes' Memorandum in Support of Third Trial Motion In Limine No. 8 ("FM") at 3-4. In response to those prior motions, the Government stated, as it does now, that

it did not intend to offer into evidence the Audit Committee Report or the interview memoranda underlying the report. Docket 1722.

In opposition to Forbes' far more expansive motions seeking exclusion of all evidence regarding the Audit Committee Report, however, the Government argued that evidence regarding the fact that the Cendant Audit Committee had engaged the law firm of Wilkie, Farr and Gallagher ("WFG") and the accounting firm of Arthur Andersen ("AA") to conduct an investigation into the accounting fraud at the former CUC, and that interviews were conducted and a report was issued, could be admissible during trial. Docket 1722 at 1-5.

In particular, the Government argued that any statements made by Forbes himself to the Audit Committee investigators would be admissible as statements of a party pursuant to Federal Rule of Evidence 801(d)(2)(A); see United States v. Meskini, 319 F.3d 88, 93 (2d Cir. 2003). The Government also argued that evidence about the witness interviews conducted by investigators for the Audit Committee could become admissible as prior consistent statements pursuant to Fed. R. Evid. 801(d)(1)(B), based on Forbes' cross-examination of those witnesses. See United States v. Wilkerson, 361 F.3d 717, 725 n.3 (2d Cir. 2004). Further, evidence that the new management at Cendant acted responsibly in 1998 by conducting an investigation into the accounting irregularities at CUC may become relevant based on Forbes'

defense strategy at the retrial.  Finally, because one of the Government's experts, certified public accountant Brian Heckler, considered the Audit Committee Report and the witness interview memoranda prepared by the Audit Committee investigators in reaching his expert opinions, testimony about such consideration would be admissible.  Fed. R. Evid. 705 (permitting but not requiring an expert to give opinion testimony "without first testifying to the underlying facts or data"); <u>Weinstein's Federal Evidence</u>, § 705.3 (2d ed. 2006)("Rule 705 is permissive.  It does not prohibit direct testimony about facts or data underlying an expert's opinion."); <u>United States v. Blood</u>, 806 F.2d 1218, 1222 (4th Cir. 1986) (expert witness permissibly read into the record an opinion from the Tax Court, which served as a basis for his opinion).

    As Forbes acknowledges, FM 4, Judge Thompson denied Forbes' prior motions to exclude all evidence regarding the existence of the Audit Committee investigation and report.  Docket 723 (denying Forbes' Motion <u>In</u> <u>Limine</u> No. 6); Docket 1842 (denying Forbes' Retrial Motion <u>In</u> <u>Limine</u> No. 17).  Forbes acknowledges that the Government did not seek to offer the Audit Committee Report or any witness interviews into evidence during the first or second trials, but did elicit testimony about the Audit Committee investigation.  FM 3.  In his present motion, Forbes does not challenge Judge Thompson's admission of that testimony. That being the case, there may be no disagreement between the

3

parties regarding the treatment of this issue.[1]

One possible source of disagreement is Forbes' request that this Court preclude the admission, not only of the Audit Committee Report, but of "the materials (including interview memoranda) generated during the course of the Cendant Audit Committee investigation." Third Trial Motion In Limine No. 8. Although the Government will not offer into evidence on direct examination during its case-in-chief any of the interview memoranda, it cannot represent that it will not seek to offer any "materials generated during the investigation" other than those memoranda without a description from Forbes as to what he intends by the quoted phrase. For instance, Forbes does not identify any exhibits offered by the Government during the first or second

---

[1] Forbes repeats his contentions that the Audit Committee Report investigation was not designed to uncover the truth about the accounting fraud at CUC, but was rather a hatchet job designed to protect existing Cendant management and to attack the former top executives of CUC, such as Forbes. FM 2-3. Forbes claims, for instance, that the elliptical notations on some hand-written notes taken by participants in an April 13, 1998 meeting at Cendant are smoking guns that prove that the Audit Committee investigation was a whitewash designed to protect Cendant's current management and ensure that Forbes and others from the former CUC were scapegoated and sent to prison. FM2, citing Exhibits 2 and 3 to Forbes' Third Trial Motion In Limine No. 8. Through two trials, however, Forbes has declined to call the persons who supposedly authored those notes and have them corroborate Forbes' self-serving reading of the notes. For the additional reasons set forth in Section I(C)(2)(a)(i) of the Government's Opposition to Forbes' Third Trial Motion In Limine No. 5, Forbes' criticisms of the Audit Committee investigation and report as a hatchet job should be rejected.

trials that he regarded as "materials generated during the course of" the investigation that would fall within the scope of the relief that he requests in this motion.  If Forbes seeks through this motion the exclusion of any documents beyond the Audit Committee Report or any of interview memoranda prepared by the Audit Committee investigators, he should identify with precision what those documents are, and the grounds for their exclusion.

**CONCLUSION**

Given the Government's representation that it will not seek to offer into evidence on direct examination during its case-in-chief the Cendant Audit Committee Report and the witness interview memoranda generated during the investigation which culminated in that report, the Government respectfully requests that the Court deny Forbes' Third Trial In Limine No. 8.

        Respectfully submitted,

        CHRISTOPHER J. CHRISTIE
        Special Attorney
        U.S. Department of Justice

*Norman Gross/s*

NORMAN GROSS
Federal Bar Number 24933
MICHAEL MARTINEZ
Federal Bar Number PHV0423
MARK E. COYNE
Federal Bar Number PHV01079
Special Attorneys
U.S. Department of Justice
970 Broad Street
Room 700
Newark, N.J. 07102
(973) 645-2701

Newark, New Jersey
Date: May 22, 2006

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on this day I caused to be served a copy of the Memorandum of the United States in Response to Forbes' Motion to Preclude the Admission of the Cendant Audit Committee Report and Materials Generated During the Audit Committee Investigation (Response to Forbes' Third Trial Motion in Limine No. 8) via email on:

Barry S. Simon, Esq.  
Williams & Connolly LLP  
725 Twelfth Street, N.W.  
Washington, D.C.  20005-5901  
(202) 434-5005  
bsimon@wc.com

                                            *Norman Gross/s*  
                                            NORMAN GROSS

Dated: May 22, 2006  
       Camden, New Jersey