UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:02CR00264 (AHN) |
| | : | |
| v. | : | May 22, 2006 |
| | : | |
| **WALTER A. FORBES** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT WALTER A. FORBES' MOTION TO PRECLUDE THE GOVERNMENT FROM PRESENTING ANY EVIDENCE, CROSS-EXAMINATION OR ARGUMENT CONCERNING THE CENDANT CLASS ACTION SETTLEMENT**

**(Response to Forbes Third Trial Motion In Limine No. 13)**

As a result of the charged fraud in this case, numerous private lawsuits were brought against Cendant by its shareholders, charging securities fraud. A class of shareholders entered into an agreement with Cendant, pursuant to which Cendant agreed to pay $2.85 billion to settle the claims of the class. In re Cendant Corp. Litigation, 264 F.3d 201, 226 (3d Cir. 2001). Forbes now seeks to exclude from the third trial in this case any evidence regarding the class action settlement. The Government opposes this motion on the grounds that it is premature.

Forbes seeks the exclusion of "any evidence" and "any cross-examination" and "any argument" regarding the settlement. Because neither the Government nor the Court can know at this stage in the proceeding what evidence or arguments Forbes will advance during the third trial, it is simply impossible for this Court to conclude that evidence or cross-examination about the

settlement would be irrelevant or otherwise improper.[1]

For instance, if Forbes adduced evidence that Cendant had refused to acknowledge the existence of the charged fraud in this case, or had refused to acknowledge that the fraud involved many billions of dollars in losses to the victims of the fraud, evidence that Cendant settled the private lawsuits for almost $3 billion would be highly relevant to rebut such evidence. See United States v. Magallanez, 408 F.3d 672, 678 (10th Cir. 2005) (a party who raises a subject in an opening statement opens the door to admission of evidence on that same subject by the opposing party).

Additionally, if Forbes sought to impeach the credibility of any witnesses who previously worked for HFS before its merger with CUC to form Cendant in December 1997 on the ground that those person were biased against Forbes, evidence of the settlement would arguably be relevant to give the full context of any alleged bias. Forbes correctly points out that evidence of a

---

[1] Although the Government did not oppose Forbes' previous motion to exclude this evidence, it has since determined that its decision to forfeit any right to seek the admission of evidence about the settlement was premature. Judge Thompson's order before the second trial, denying as moot Forbes' prior to exclude evidence about the settlement, Docket 1849, did not address the merits of Forbes' objection to this evidence. Accordingly, the ruling is not the law of the case. See United States v. Hatter, 532 U.S. 557, 566 (2001)("The law of the case doctrine presumes a hearing on the merits.").

settlement is generally inadmissible to prove liability or damages regarding the cause of action that was settled. See Fed. R. Evid. 408. On the other hand, evidence of a civil settlement may be admitted in a criminal prosecution if it is relevant to issues in the latter case other than the liability of one of the parties to the civil suit, or the amount of damages. See United States v. Gilbert, 668 F.2d 94, 98 (2d Cir. 1981) (in a criminal prosecution for securities fraud, evidence of a consent degree in a civil case signed by the defendant was properly admitted to prove his knowledge of SEC reporting requirements). Among the proper purposes for which such evidence is admissible is to illuminate the alleged bias or prejudice of a witness. See generally Fed. R. Evid 408 (prohibition against the admission of evidence of accepting a compromise of a legal claim to "prove liability for invalidity of the claim or its amount . . . . does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness"); Johnson v. Hugo's Skateway, 974 F.2d 1408, 1413 (4th Cir. 1992).

    The settlement of the private class action lawsuit against Cendant occurred in a proceeding that is separate from the instant criminal prosecution, and Forbes was neither a party to the civil settlement nor admitted any wrongdoing in the private action. Accordingly, his contention that evidence of the settlement would "confuse the jury" and cause it to believe that

the settlement somehow reflected on Forbes' guilt in this case can be adequately addressed by limiting instructions.  See Starter Corp. v. Converse, Inc., 170 F.3d 286, 293 (2d Cir. 1999) (evidence of a settlement agreement in one case and its surrounding circumstances was properly admitted in a separate case in order to explain the challenged conduct of one the parties in the case at bar).

The Government does not presently intend to mention the settlement during its opening statement.  If the Government seeks to elicit evidence about the settlement on direct or redirect examination of one of its witnesses, or during its rebuttal case, the Government will inform the Court and Forbes' counsel in advance.  If Forbes still objects to such evidence at that time, this Court can rule on the objection based on the then existing record.

**CONCLUSION**

The Government requests that the Court withhold ruling on Forbes' Pre-Trial Motion In Limine No. 13.

>Respectfully submitted,
>
>CHRISTOPHER J. CHRISTIE
>Special Attorney
>U.S. Department of Justice
>
>*Norman Gross/s*
>
>NORMAN GROSS
>Federal Bar Number 24933
>MICHAEL MARTINEZ
>Federal Bar Number PHV0423
>MARK E. COYNE
>Federal Bar Number PHV01079
>Special Attorneys
>U.S. Department of Justice
>970 Broad Street
>Room 700
>Newark, N.J.  07102
>(973) 645-2701

Newark, New Jersey
Date: May 22, 2006

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on this day I caused to be served a copy of the Government's Response to Defendant Walter A. Forbes' Motion to Preclude the Government from Presenting Any Evidence, Cross-examination or Argument Concerning the Cendant Class Action Settlement (Response to Forbes Third Trial Motion <u>In Limine</u> No. 13) via email on:

Barry S. Simon, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005-5901
(202) 434-5005
bsimon@wc.com


                                        *Norman Gross/s*
                                        NORMAN GROSS

Dated: May 22, 2006
       Camden, New Jersey