## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------
UNITED STATES OF AMERICA     )
                             )
v.                           )     Criminal No. 3:02CR00264(AWT)
                             )
WALTER A. FORBES             )
------------------------------
```

### RULING ON FORBES RETRIAL MOTION *IN LIMINE* NO. 4

(**Motion of Defendant Walter A. Forbes to Preclude the Government from Presenting Evidence, Cross-Examination, or Argument Concerning (1) Mr. Forbes' July 1998 Severance Agreement Concerning Cendant; (2) the Value of Mr. Forbes' Severance; (3) the July 28, 1990 Cendant Board Meeting; or (4) the Financial and Other Pressures on Cendant in July 1998**)

For the reasons set forth below, defendant Forbes' motion *in limine* is being granted in part and denied in part.

### I.    **Presenting Evidence**

Defendant Forbes' motion is being denied as moot with respect to the July 28, 1998 Cendant board meeting and the financial and other pressures on Cendant in July 1998, based on the government's representation that it does not presently intend to elicit evidence about these matters.  However, the government will not be precluded from inquiring into these areas to the extent defendant Forbes "opens the door."

The motion is being granted with respect to the presentation of evidence during the government's case-in-chief concerning (1) defendant Forbes' July 1998 severance agreement concerning Cendant, and (2) the value of defendant Forbes' severance.  The

government argues that such evidence will be admissible in the government's case-in-chief if the court grants the government's motion *in limine* to admit portions of defendant Forbes' prior testimony.[1]  However, the court has been unable to find any authority that would support such a result.  The court has granted the government's motion *in limine* to permit certain portions of defendant Forbes' prior testimony to be admitted pursuant to Fed. R. of Evid. 801(d)(2)(A), i.e., because it is the party's own statement.  The government notes correctly that the bias of a witness is always relevant, because bias is a permissible basis for impeachment of a witness.  <u>See</u> <u>United States v. Abel</u>, 469 U.S. 45 (1984).  However, defendant Forbes' statements that were the subject of the government's motion *in limine* are statements that are coming into evidence as admissions of a party, not as the testimony of a witness.

## II.  <u>Cross-Examination</u>

Defendant Forbes' motion is being denied as moot with respect to the July 28, 1998 Cendant board meeting and the financial and other pressures on Cendant in July 1998, based on the government's representation that it does not presently intend to elicit evidence about these matters.  However, the government will not be precluded from inquiring into these areas to the

---

[1] <u>See</u> Government's Pre-Retrial Motion No. 1 (Doc. No. 1624), which has been granted with respect to certain portions of defendant Forbes' prior testimony.

extent defendant Forbes "opens the door."

If defendant Forbes testifies, then bias is, of course, a permissible basis for impeachment, and contrary to the arguments made by defendant Forbes in his supporting memorandum, (1) the July 1998 severance agreement with Cendant, and (2) the value of defendant Forbes' severance, are relevant to whether defendant Forbes has an incentive to be untruthful because of the fact that a conviction in this case could make it more difficult for him to be successful in Cendant's civil litigation against him.

Defendant Forbes argues that the government's cross-examination of him during the first trial was calculated to portray him as a person of bad character and a greedy and selfish man.  Defendant Forbes cites several examples at pages 2 to 4 of his supporting memorandum.  The court notes that some of the questions asked by the government were objectionable and the court sustained objections by defense counsel.  <u>See</u> Tr. 14377, 14405.  However, the government's cross-examination did utilize the July 1998 severance agreement and the value of defendant Forbes' severance as part of an effort to impeach defendant Forbes for bias, as reflected in the series of questions beginning at Tr. 14406:13.  Finally, as to the recross-examination, defendant Forbes opened the door to such questions during the redirect examination.

Defendant Forbes also argues that evidence as to the July 1998 severance agreement with Cendant and the value of his

severance should be excluded pursuant to Fed. R. of Evid. 403.
For the reasons discussed above, the court does not agree with
defendant Forbes that the July 1998 severance agreement with
Cendant and the value of defendant Forbes' severance have no
probative value.  The court assumes that the government will ask
questions that focus on bias and that, to the extent it does not,
the defense will make a proper objection.  Thus, the court sees
no danger of prejudice, much less unfair prejudice.  Accordingly,
this is not a situation where the probative value of evidence
will be substantially outweighed by the danger of unfair
prejudice.

### III. <u>Argument</u>

The motion is being denied with respect to closing argument
because the parties will be allowed to address the evidence that
has been admitted during the trial in their closing argument.
However, it should be noted that because it is unclear whether
any evidence as to Mr. Forbes July 1998 severance agreement with
Cendant, the value of Mr. Forbes severance or the other two areas
that are the subject of this motion will be admitted, there
should be no mention of any of these matters during the opening
statements.

Accordingly, the Motion of Defendant Walter A. Forbes to
Preclude the Government from Presenting Evidence, Cross-
Examination, or Argument Concerning (1) Mr. Forbes' July 1998

Severance Agreement Concerning Cendant; (2) the Value of Mr. Forbes' Severance; (3) the July 28, 1990 Cendant Board Meeting; or (4) the Financial and Other Pressures on Cendant in July 1998 (Doc. No. 1609) is hereby GRANTED in part and DENIED in part.

It is so ordered.

Dated this 17th day of October 2005, at Hartford, Connecticut.

/s/AWT

_____     _____
                                      Alvin W. Thompson
                                      United States District Judge