UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------
UNITED STATES OF AMERICA,      )
                               )
v.                             )   Criminal No. 3:02CR00264(AWT)
                               )
WALTER A. FORBES               )
-------------------------------
```

**RULING ON FORBES' RETRIAL MOTION *IN LIMINE* NO. 7**

**(Motion of Defendant Walter A. Forbes to Preclude the Government from Presenting Testimony Regarding James Rowan's Experiences with Merger Reserves at the Hartford Steam Boiler Company)**

For the reasons set forth below, defendant Forbes' motion *in limine* is being granted in part and denied in part.

First, as to the points raised in the government's Opposition to Defendant Walter A. Forbes Motion to Preclude the Government from Presenting Testimony Regarding James Rowan's Experiences with Merger Reserves at the Hartford Steam Boiler Company (the "Opposition Memorandum")(Doc. No. 1743), the court agrees that evidence of Rowan's understanding of how merger reserves should be used[1] is relevant to explain his testimony about why he decided to purchase shares of Cendant stock on behalf of Hartford Steam Boiler Inspection and Insurance Company ("HSB") and agrees that his testimony about the basis for his decision to buy that stock is also relevant, for the reasons set forth by the government at page 1 of the Opposition Memorandum.

---

[1] Upon request, the court will give a limiting instruction, along the lines of that mentioned by the government at pages 2-3 of the Opposition Memorandum, with respect to such evidence.

The court also agrees with the government that Rowan's testimony about whether he would have caused HSB to purchase Cendant stock had he known that CUC had used merger reserves for non-merger related expenses is also relevant, for the reasons set forth by the government at page 2 of the Opposition Memorandum.

There are a couple of different formulations in defendant Forbes' papers as to what he is seeking in terms of relief, and the court is using the three points set forth in the conclusion of defendant Forbes' Reply Memorandum In Support of Motion of Defendant Walter A. Forbes to Preclude the Government from Presenting Testimony Regarding James Rowan's Experiences with Merger Reserves at the Hartford Steam Boiler Company (Doc. No. 1802).

As to the first point, i.e., the so-called testimony about "the propriety of charging particular costs against a merger reserve," Rowan was simply asked to give an example of a one-time charge he saw, in his capacity as chief investment officer, with respect to companies he was looking at because he was interested in having HSB purchase their stock. The example Rowan gave was permissible, subject to the court's determination with respect to the third point below.

With respect to the second point, i.e., the so-called testimony about "the documentation purportedly required for such a charge," Rowan did not purport to say what documentation was

2

required under GAAP. He simply stated, in substance, that he felt comfortable relying on one-time charges that he saw because of his understanding that such numbers were not picked at random but had to be carefully documented. This aspect of his testimony was permissible.

As to the third point, i.e., Rowan's testimony as to his personal experience with merger reserves at HSB, the witness will not be allowed to testify with respect to this area, unless defendant Forbes "opens the door."

For the reasons set forth above, the Motion of Defendant Walter A. Forbes to Preclude the Government from Presenting Testimony Regarding James Rowan's Experiences with Merger Reserves at the Hartford Steam Boiler Company (Doc. No. 1669) is hereby GRANTED in part and DENIED in part.

It is so ordered.

Dated this 14th day of October 2005, in Hartford, Connecticut.

/s/
Alvin W. Thompson
United States District Judge

3