## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AHN) |
| | : | |
| v. | : | May 25, 2006 |
| | : | |
| WALTER A. FORBES | : | |

### MOTION OF SECURITIES AND EXCHANGE COMMISSION
### FOR PERMISSION TO FILE A LIMITED SURREPLY
### TO FORBES' AMENDED REPLY BRIEF FILED ON MAY 19, 2006

The Securities and Exchange Commission ("SEC") respectfully requests the permission

of this Court to file the attached three-page surreply for the limited purpose of correcting

miscitations in Forbes' amended reply brief to the transcript of testimony from SEC attorney

David Frohlich during the first trial. This Court has not indicated whether it will hear oral

argument on the SEC brief to which Forbes' amended reply brief pertains, *i.e.*, the SEC's

opposition to Forbes' motions to issue three subpoenas and its motion to quash four subpoenas

already served by Forbes. The opposition and motion were filed as one document. *See U.S. v.*

*Forbes, 02-cr-00264* (document 2277). Accordingly, counsel for the SEC may not have an

opportunity to correct these miscitations. The SEC's surreply is attached as Exhibit A to this

motion. A proposed order is also provided for the court's convenience.

Sincerely,

*Kathleen Cody*

SAMUEL FORSTEIN
Assistant General Counsel

KATHLEEN CODY
Senior Counsel

100 F Street, N.E.
Washington, D.C. 20549
Tel: (202) 551-5126
Fax: (202) 772-9263

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 3:02CR00264 (AHN)** |
| | : | |
| **v.** | : | **May 25, 2006** |
| | : | |
| **WALTER A. FORBES** | : | |

## SURREPLY OF SECURITIES AND EXCHANGE COMMISSION
## TO FORBES' AMENDED REPLY BRIEF FILED ON MAY 19, 2006

The Securities and Exchange Commission ("SEC") submits this surreply for the limited purpose of correcting miscitations in Forbes' amended reply brief to the transcript of testimony from SEC attorney David Frohlich during the first trial. Defendant Forbes claims that, during the first trial, Mr. Frohlich and government witness Cosmo Corigliano testified inconsistently regarding Mr. Corigliano's payment of normal living expenses from April 2004 to July 2004 and his retainer for legal fees. Forbes further claims that, in a November 1, 2005 order ruling on Mr. Corigliano's motion to quash a subpoena Forbes issued to him during the second trial, Judge Thompson incorrectly found that Frohlich and Corigliano testified consistently on these two points. *See* Amended Reply Brief at 6. Judge Thompson actually issued this order on November 2, 2005. *See U.S. v. Forbes, 02-cr-00264,* document no. 1927. The order accurately and comprehensively cites to Mr. Frohlich's testimony during the first trial. *Id.* at pp. 3-5. Moreover, the order correctly concludes that Mr. Frohlich's testimony and Mr. Corigliano's testimony were consistent on these two points. *Id.* at p. 4. ("Frohlich's testimony is fully consistent with Corigliano's testimony").

In his amended reply brief, defendant Forbes contends that, contrary to the findings in Judge Thompson's order (document no. 1927), SEC attorney Frohlich "testified that he understood Mr. Corigliano could continue to pay his normal living expenses (including attorney

fees)" only "through the date of the Final Judgment [with the SEC], which was May 6, 2004."

*See* Amended Reply Brief at 6. In support of this argument, defendant Forbes cites Mr.

Frohlich's testimony on September 27, 2004 at pages 13603-04 of the first trial transcript.

However, this citation reflects a line of questions by Forbes' counsel directed at whether Mr.

Corigliano was permitted to continue to "use the approximately $1,500,000 in legal fees if he

needed to and then return the balance to the receiver, if there was any." Tr. 9/27/2004 at 13603.

Defendant Forbes' suggestion that the exchange cited above establishes that Mr. Frohlich

testified that Mr. Corigliano could only pay normal living expenses through May 6, 2004 is

contradicted by a later line of questioning not cited in defendant Forbes' amended reply brief.

As to Corigliano's payment of ordinary and reasonable expenses up to July 7, 2004, Mr. Frohlich

testified as follows:

> He [Mr. Corigliano] could continue his reasonable expenses.
> There is one other check on all this, however. The consent
> also requires that Mr. Corigliano – actually, the Coriglianos
> were going to have to turn an accounting in to the receiver
> and the court and the receiver would then give the [SEC]
> and the court a report as to the assets of Mr. Corigliano
> had turned over, anything he might not have turned over.
> Just generally check as to all the assets expenses.

Tr. 9/27/2004 at 13608. Mr. Frohlich also testified that "he [Mr. Corigliano] could make

reasonable expenses. Everything would be subject, however, to the receiver's report to the court

pursuant to the consent and judgment which was going to come after this." Tr. 9/27/2004 at

13609.

Defendant Forbes also fails to comprehensively cite Mr. Frohlich's testimony regarding

Mr. Corigliano's continued use of a retainer at Kramer Levin to pay his legal expenses. Instead,

in his amended reply brief at 5, defendant Forbes cites one sentence of Mr. Frohlich's testimony.

When asked, without the benefit of the settlement agreement before him, whether the retainers

for both Mr. and Mrs. Corigliano "had to be turned over 60 days after the final judgment or

could Mr. Corigliano continue to use the retainers to cover reasonable legal fees indefinitely,"

Mr. Frohlich replied that he "was not certain." Tr. 9/27/2004 at 13610-11. Indeed, this was the

last question and answer of Mr. Frohlich's testimony.

What defendant Forbes does not cite is his earlier questions to Mr. Frohlich on this topic.

As to Mr. Corigliano's use of the retainer to pay his legal expenses, Mr. Frohlich testified that

"he could use reasonable expenses. I don't know that there was any dollar amount involved. As

long as they were his reasonable ongoing legal fees, he could use part of that money, yes." Tr.

9/27/2004 at 13604. In addition, Mr. Frohlich indicated that the question of the use of the

retainer was covered by the consent and judgment between Mr. Corigliano and the SEC. Mr.

Frohlich testified that:

> [During settlement discussion with the SEC], counsel for Corigliano
> informed the [SEC] that there were retainers at Kramer Levin
> [for Mr. Corigliano] and at Fried Frank [for Mrs. Corigliano] and
> that they would not in any way go or be returned to the Coriglianos.
> That statement was made to the staff. There was no further –
> no one promised, there was no documentation of it. In my view,
> the judgment covered the matter anyway.

*Id.* at 13603. Mr. Frohlich also testified that "[c]ounsel made a representation to the [SEC],

counsel for Corigliano, and that certainly did happen. And in my mind, that was the end of it

because I believed the matter was taken care of in the consent anyway." *Id.* at 13605.

For the reasons cited above, the SEC submits that Judge Thompson accurately and

comprehensively considered Mr. Frohlich's testimony in quashing the prior document subpoenas

Forbes issued to the SEC's records custodian. Contrary to Forbes' representations, Mr.

Frohlich's testimony does not provide a basis for departing from Judge Thompson's thoughtful

rulings during the first two trials with regard to all seven of Forbes' already served or proposed

subpoenas to the SEC and its staff.

Sincerely,

*Kathleen Cody*

SAMUEL FORSTEIN
Assistant General Counsel

KATHLEEN CODY
Senior Counsel

100 F Street, N.E.
Washington, D.C. 20549
Tel: (202) 551-5126
Fax: (202) 772-9263

## CERTIFICATE OF SERVICE

The undersigned certifies that, on May 25, 2006, I caused this electronically-filed motion for permission to file a surreply, Exhibit A thereto (the surreply), proposed order, and certificate of service to be served on the following individuals via federal express:

Michael Martinez, Esq.
U.S. Attorney's Office for the District of New Jersey
970 Broad Street, Suite 700
Newark, New Jersey 07102

Meg Keeley, Esq.
Williams & Connolly
725 Twelfth Street, N.W.
Washington, D.C. 20005

*Kathleen Cody*
Kathleen Cody

Dated: May 25, 2006
       Washington, D.C.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AHN) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| WALTER A. FORBES | : | |

### PROPOSED ORDER

The Court has considered the motion of the Securities and Exchange Commission ("SEC") for permission to file a limited surreply to defendant Forbes' amended reply brief filed on May 19, 2006.  The Court finds that good cause has been shown to grant the motion.

Accordingly, IT IS HEREBY ORDERED that the SEC's motion is granted.  IT IS FURTHER ORDERED THAT the Clerk's Office is directed to file the SEC's surreply (attached as Exhibit A to the motion) in the above-captioned action as of _____.


DATED:     _____     _____

             Bridgeport, Connecticut     Alan H. Nevas
                                         United States District Judge

8