```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


UNITED STATES OF AMERICA      :   No. 3:02CR00264 (AHN)
                              :
         v.                   :   June 9, 2006
                              :
                              :
WALTER A. FORBES              :
```

## GOVERNMENT'S PRELIMINARY PROPOSED SUPPLEMENTAL
## JURY INSTRUCTIONS FOR THE THIRD TRIAL

```
                              CHRISTOPHER J. CHRISTIE
                              NORMAN GROSS
                              MICHAEL MARTINEZ
                              MARK E. COYNE
                              Special Attorneys
                              U. S. Department of Justice
                              970 Broad Street
                              Room 700
                              Newark, N.J.  07102
                              (973) 645-2701
```

**INTRODUCTION**

During the second trial, the Government did not object to any portion of the Final Jury Charge given by Judge Thompson on December 7 and 8, 2005. The Government requests that this Court give the same final charge to the jury during the third trial, excepting: (a) some minor changes requested by Forbes that the Government does not oppose in its Responses to Forbes' Final Objections to the Court's Final Jury Instructions from the Second Trial; and (b) the two proposed supplemental instructions set forth herein.

The Government's first proposed supplemental instruction is required to correct a mistaken assumption of Judge Thompson that the Government inadvertently failed to correct during the second trial. The Final Jury Charge for the second trial included an instruction that the testimony of prosecution witness Kevin Kearney should be "closely scrutinized" and "received with suspicion" because Kearney had been granted informal immunity by the Government. Final Jury Charge, Instruction IV(S), Second Trial Transcript ("STTr.") 3811-12. This instruction was factually erroneous, because the Government has never granted informal immunity to Kearney.

Kearney first told the Government about his involvement and the involvement of other persons in the charged crimes in this case pursuant to a standard "proffer agreement" (Exhibit A hereto). He provided additional information to the Government

pursuant to substantially similar proffer agreements (Exhibits B-D hereto).  None of those proffer agreements promised Kearney immunity from prosecution.  Nor did the Government otherwise promise Kearney that he would not be prosecuted.  See STTr. 1193-94 (Kearney testifying that he did not enter into a cooperating plea agreement with the Government, is not expecting anything in return for his trial testimony, and that his testimony in this case would have no bearing on the SEC enforcement action that was brought against him).

Unlike a formal or informal grant of immunity given in exchange for cooperation, a proffer agreement provides no quid pro quo to the witness in exchange for his trial testimony.  For that reason, a proffer agreement, unlike an immunity grant given in exchange for cooperation, creates no incentive for a witness to falsely implicate any other person.  To the contrary, by generally foreclosing the Government from using a witness's proffer statements against the witness, and permitting the Government to use those statements only to rebut inconsistent testimony or arguments subsequently raised by the witness at a trial, a proffer agreement such as those at issue here creates a powerful incentive for the witness to provide only truthful information during the proffer session, and to "make deceit costly."  United States v. Velez, 354 F.3d 190, 195 (2d Cir. 2004); accord United States v. Krilich, 159 F.3d 1020, 1024-25

(7th Cir. 1998); see also United States v. Chaparro, 181 F. Supp. 2d 323, 335 (S.D.N.Y. 2002) ("Enforcing proffer agreements . . . enhance[s] the integrity of the judicial truth-seeking function").

Because Kearney never received formal or informal immunity, second trial Instruction IV(S) erroneously advised the jury to review Kearney's testimony with caution and skepticism because "such a witness confronted with the realization that he or she can win freedom by helping to convict another has a motive to falsify his testimony." STTr. 3812. Because the factual predicate for Instruction IV(S) does not exist -- Kearney had no basis to believe that he could "win his freedom by helping to convict another" -- the Government requests that Instruction IV(S) from the second trial Final Jury Charge be omitted and that the Government's Proposed Supplemental Jury Instruction Number 1 be given in its place.

**GOVERNMENT'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 1**

**WITNESS TESTIFYING PURSUANT TO A PROFFER AGREEMENT**

There was evidence presented during this trial that when Mr. Kearney first told the government about his involvement in the alleged fraudulent scheme in this case, he did so pursuant to what is called a "proffer agreement" between himself and the government. The proffer agreement was admitted into evidence as Government Exhibit Number ____. In that proffer agreement, the Government promised that it would not use any of Mr. Kearney's statements that he made during the proffer session in any subsequent prosecution against him, unless he testified or provided evidence or argument at a subsequent trial that was inconsistent with those statements.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. A defendant may be convicted on the basis of such a witness's testimony alone if the witness's testimony proves every element of the offense charged beyond a reasonable doubt. In assessing Mr. Kearney's credibility, however, you may consider the fact that Mr. Kearney first provided information to the government which implicated him in the alleged crimes in this case only after he entered into a proffer agreement. It is up to you to decide what weight, if any, the evidence about Mr. Kearney's proffer agreement with the government should receive in

assessing Mr. Kearney's credibility as a witness in this case.


<u>Source</u>: L. Sand et al., <u>Modern Federal Jury Instructions-Criminal</u>, Instr. 7-9 (modified).

## GOVERNMENT'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 2

### UNCALLED WITNESS EQUALLY UNAVAILABLE

There are several persons whose names you have heard during the course of the trial but who did not appear to testify in this trial. In particular, Kirk Shelton and Stuart Bell are two persons who were identified by Cosmo Corigliano and others as participants in the charged conspiracy. Neither Mr. Shelton nor Mr. Bell were called to testify during this trial. I instruct you that both the Government and the defendant had an equal opportunity or lack of opportunity to call either Mr. Shelton or Mr. Bell. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Sources: L. Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 6-7 (modified); United States v. Myerson, 18 F.3d 153, 157-60 (2d Cir. 1994).

**CONCLUSION**

The Government respectfully requests that this Court give the Final Jury Charge from the second trial in this case as the Final Charge for the third trial, with the minor changes consented to by the Government in its Responses to Forbes' Final Objections to the Court's Final Jury Instructions from the Second Trial, and as modified by the two proposed supplemental jury instructions set forth above.

        Respectfully submitted,

        CHRISTOPHER J. CHRISTIE
        Special Attorney
        U.S. Department of Justice

        *Norman Gross/s*

        NORMAN GROSS
        Federal Bar Number 24933
        MICHAEL MARTINEZ
        Federal Bar Number PHV0423
        MARK E. COYNE
        Federal Bar Number PHV01079
        Special Attorneys
        U.S. Department of Justice
        970 Broad Street
        Room 700
        Newark, N.J.  07102
        (973) 645-2701

Newark, New Jersey
Date: June 9, 2006

**EXHIBIT A**

**PROFFER AGREEMENT DATED AUGUST 24, 1998 BETWEEN KEVIN KEARNEY AND THE UNITED STATES**

**EXHIBIT B**

**PROFFER AGREEMENT DATED MARCH 4, 1999 BETWEEN KEVIN KEARNEY AND THE UNITED STATES**

**EXHIBIT C**

**PROFFER AGREEMENT DATED APRIL 14, 1999 BETWEEN KEVIN KEARNEY AND THE UNITED STATES**

**EXHIBIT D**

**PROFFER AGREEMENT DATED APRIL 29, 1999 BETWEEN KEVIN KEARNEY AND THE UNITED STATES**

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on this day I caused to be served a copy of the Government's Preliminary Proposed Supplemental Jury Instructions for the Third Trial via email on:

Barry S. Simon, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005-5901
(202) 434-5005
bsimon@wc.com


*Norman Gross/s*
NORMAN GROSS

Dated: June 9, 2006
       Camden, New Jersey