U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

9˜0 Broad Street, Suite 700
Newark, NJ 07102
April 14, 1999

Robert J. Fettweis, Esq.
Roth & Fettweis
744 Broad Street
Newark, NJ   07102

Re: <u>Proffer Agreement with Kevin Kearney</u>

Dear Mr. Fettweis:

With respect to the interview of your client Kevin Kearney ("your client") by representatives of the United States Attorney's Office for the District of New Jersey, the Federal Bureau of Investigation, and the U.S. Postal Inspection Service to be held on April 14, 1999 (the "interview"), the following terms and conditions apply:

1. Should your client be prosecuted, no statements made by your client during the interview will be used against your client in the government's case-in-chief at trial or for purposes of sentencing, except as provided below.

2. The government may use any statement made or information provided by your client, directly or indirectly, in a prosecution for false statements, perjury, or obstruction of justice, made or committed during or subsequent to the interview.

3. The government may make derivative use of and may pursue any investigative leads suggested by any statements made or other information provided by your client, and may use the evidence obtained therefrom against your client in any manner.

4. The government may use your client's statements and any information provided by your client to cross-examine your client and to rebut any evidence offered on your client's behalf.

5. Neither this letter nor the interview constitutes a plea discussion. In the event this letter or the interview is later construed to constitute a plea discussion, your client knowingly and voluntarily waives any right your client might have under Fed. R. Evid. 410, Fed. R. Crim. P. 11(e)(6), or otherwise, to prohibit the use against your client of statements made or information provided during the interview.

DEFENDANT'S EXHIBIT 2364

6. Neither this letter nor the interview requires the government to enter into any plea discussions with your client or to file any motion regarding cooperation provided by your client. Furthermore, neither this letter nor the interview constitutes the timely provision of complete information to the government concerning your client's involvement in an offense within the meaning of Section 3E1.1(b)(1) of the Sentencing Guidelines.

7. Pursuant to and subject to the exceptions set forth in Section 1B1.8 of the Sentencing Guidelines, no statements made by your client during the interview shall be used directly to determine the applicable guideline range. However, the government may use such statements and any other information provided by your client to pursue investigative leads suggested thereby and may use any evidence generated by its investigation directly against your client to determine the applicable guideline range. In addition, the Government may disclose any statements made and any information provided by your client to the Probation Office and the Court.

Very truly yours,

ROBERT J. CLEARY
Acting United States Attorney

By: PAUL A. WEISSMAN
Assistant U.S. Attorney

I have received this letter from my attorney, Robert J. Fettweis, I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in the letter. This constitutes the full agreement between the parties regarding the government's use of my statements in the above interview.

AGREED AND ACCEPTED:

KEVIN KEARNEY

ROBERT J. FETTWEIS, Esq.

Dated: _____