**EXHIBIT A**

**DOCKET 1265, GOVERNMENT'S OBJECTIONS TO FORBES' PROPOSED
PRELIMINARY JURY INSTRUCTIONS REGARDING GAAP**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR264 (AWT) |
| v. | : | |
| WALTER A. FORBES and<br>E. KIRK SHELTON | : | October 7, 2004 |

UNITED STATES' OBJECTIONS TO FORBES' PROPOSED
PRELIMINARY JURY INSTRUCTIONS REGARDING GAAP

CHRISTOPHER J. CHRISTIE
JOHN J. CARNEY
NORMAN GROSS
JAMES MCMAHON
RICHARD J. SCHECHTER
Special Attorneys
U.S. Department of Justice
450 Main Street, Room 617
Hartford, CT  06103
(860) 240-2675

Forbes has proposed that the Court give fourteen redundant instructions regarding GAAP.  Five of those instructions (Forbes' Proposed Instructions Nos. 38, 52, 68, 84 and 99) pertain to the defendants' knowledge, and have the same title, "Knowingly - GAAP."  Four other proposed instructions (Nos. 50, 62, 78 and 94) pertain to the effect of GAAP on whether a particular statement is false.  Five others, all titled "Knowingly, Willfully, and Specific Intent to Defraud - Standards Unclear" (Nos. 43, 54, 73, 89 and 103) pertain to the effect of allegedly "unclear accounting standards" on the elements of knowledge, willfulness, and specific intent to defraud.  The Government objects to all of these proposed instructions for the reasons stated below.

As an initial matter, the Government submits that this Court should not give multiple versions of the same or virtually the same instruction, as Forbes proposes.  The final charge in this case will be long enough without these redundancies.  If Forbes believes that a particular rule applies to more than one type of crime, he should craft a single instruction that applies by its terms to all of the affected counts.  Alternatively, his proposed instructions should incorporate the common rule by reference in subsequent instructions.  See United States v. Tarallo, 380 F.3d 1174 (9th Cir. 2004)(affirming district court's refusal to give an instruction proposed by defense where it would have been redundant with other instructions).

1

<u>The Government Need Not Prove Any GAAP Violations Occurred</u>.

The Government objects to any instruction which effectively requires the Government to prove that the accounting machinations at issue in this case violated any reasonable interpretation of GAAP.  Forbes cites no authority in support of this position, and, as the Government has explained in opposition to various of Forbes' Pretrial Motions, Forbes is not charged in this case with violating GAAP.  There is no such federal crime.

In <u>United States v. Simon</u>, 425 F.2d 796 (2d Cir. 1969), the Second Circuit affirmed the district court's refusal to give a jury instruction that was substantially similar to those at issue here.  In that case, defendant accountants were charged with mail fraud and securities fraud based on their preparation of corporate financial statements.  The defendants presented "eight expert independent accountants, an impressive array of leaders of the profession," who testified that the treatment of a particular receivable in the financial statements, which treatment the Government had alleged was fraudulent, "was in no way inconsistent with" GAAP.  <u>Id.</u> at 805.

The district court declined to give the defendants' proposed instruction that they could be convicted "only if, according to generally accepted accounting principles, the financial statements as a whole did not fairly present the financial condition of" the corporation.  <u>Id</u>.  Instead, the

district court instructed that the "'critical test' was whether the financial statements as a whole 'fairly presented the financial position of the'" corporation, and "whether it accurately reported the operations" for the fiscal year at issue. Id. "If they did not, the basic issue became whether or not defendants acted in good faith." The court further instructed that proof of compliance with GAAP, albeit evidence of good faith, was not a conclusive defense to the charges, and the jury was entitled to decide what weight to attribute to the testimony of the defense experts.

The Second Circuit affirmed, explaining that the jury was not required to accept the defense expert testimony as binding on whether a given fact was material, "at least not when the accountants' testimony was not based on specific rules or prohibitions to which they could point." Id. at 806.

In this case, the Government has proposed an instruction which is more favorable to the defense than the instruction that was approved in Simon, and focuses upon the defendants' "good faith," even though the defendants here, unlike those in Simon, presented no expert testimony that the financial statements at issue complied with GAAP. See Government's Revised Request To Charge No. 66. Forbes' proposals that the Government must prove that the financial statements failed to comply with any reasonable interpretation of GAAP should be rejected.

<u>Forbes' Proposed Instructions Regarding Knowledge Have No Basis in Law</u>.

Forbes asks the Court to instruct that, in order to secure a conviction for any of the charged crimes, "[t]he government must prove beyond a reasonable doubt that the defendant knew of the GAAP violation." This is an incorrect statement of the law. For example, a defendant may be guilty of conspiring to commit an offense without knowledge of all of the unlawful acts of each of his co-conspirators, so long as he knowingly and willfully agrees to join the conspiracy with the intent to further its unlawful ends. <u>United States v. Martino</u>, 759 F.2d 998, 1003 (2d Cir. 1985)("It is elementary that each member of a conspiracy need not know all of the details concerning the unlawful agreement"). Thus, if jury finds beyond a reasonable doubt that either defendant joined the conspiracy with the intent to fraudulently inflate the operating income of CUC or Cendant in publicly reported statements, the jury may convict that defendant of conspiracy even if the evidence does not prove that the defendant knew that a particular accounting treatment violated GAAP.

Forbes' proposed instructions regarding the elements of "knowingly, willfully, and specific intent to defraud" (FPPJI Nos. 43, 54, 73, 89, and 103) request this Court to instruct that a defendant cannot be guilty of any of the charged crimes if the applicable accounting standards were "vague, unclear, or subject to more than one interpretation." He also asks the Court to

4

instruct that, even if the applicable accounting standards are not "vague, unclear, or subject to more than one interpretation," a defendant still cannot be convicted if he "believed that the . . . applicable accounting standards were vague, unclear, or subject to more than one interpretation."

This is an incorrect statement of the law. According to Forbes' proposed instructions, the jury would have to acquit, no matter how compelling the evidence of guilty knowledge, if a defendant had a wholly unreasonable relief that the applicable accounting standards were "subject to more than one interpretation," no matter how unreasonable the defendant's proposed interpretation. The law is to the contrary; a defendant's conduct which violates any reasonable interpretation of the law but conforms with an unreasonable interpretation is still unlawful. United States v. Renick, 273 F.3d 1009, 1014 (11th Cir. 2001)("Where regulations . . . are ambiguous, the burden is on the government to prove beyond a reasonable doubt that the defendants' interpretation of those regulations [was] unreasonable in light of all the circumstances."); United States v. Rowe, 144 F.3d 15, 21-23 (1st Cir. 1998) (in fraud prosecution premised on an alleged violation of an ambiguous law, defendant is entitled to have his culpability assessed against the interpretation of the law that most tends to rebut the charge of intentional deceit so long as the interpretation is objectively

5

reasonable).[1]

If the defendants' conduct violates any reasonable interpretation of the law, he is not immune from liability merely because he had an unreasonable belief that his conduct was lawful. Additionally, a defendant may be guilty of violating the law even if he is not subjectively aware of the controlling legal standard, so long as he acted knowingly and willfully to commit an act which is unlawful. See United States v. Ansaldi, 372 F.3d 118, 128 (2d Cir. 2004)(rejecting defense request for instruction that "their mistake of law negates the intent element of" the charged crimes, because "[i]gnorance or mistake of law is not a defense to all criminal charges . . . [and for] the most part, the prosecution need not show that a defendant knew the illegality of the conduct with which he is charged"); United States v. Tolkow, 532 F.2d 853, 858-59 (2d Cir. 1976)(district court properly refused to give the defendant's requested instruction that might have misled the jury to think that one who knowingly committed the acts prohibited by the statute was culpable only if he had subjective knowledge of the statute

---

[1] The cases cited by Forbes are not to the contrary. E.g. United States v. Whiteside, 285 F.3d 1345, 1351 (11th Cir. 2002) (government must prove that the defendant's statement is false "under a reasonable interpretation of the law"); United States v. Migliaccio, 34 F.3d 1517, 1525 (10th Cir. 1994)(government required to negate "any reasonable interpretations" that would render a statement "factually correct where reporting requirements are ambiguous").

itself).

<u>Forbes Is Not Entitled to an Instruction that GAAP is Ambiguous.</u>

In support of his proposed GAAP instructions, Forbes repeatedly cites to a laundry list of cases in which the Government charged violations of particular federal statutes or administrative regulations, which the courts found to be ambiguous as to whether they prohibited the defendants' alleged conduct. Here, by contrast, Forbes does not allege that any of the statutes or regulations which he is alleged to have violated are ambiguous or uncertain. Nor has Forbes identified a single GAAP provision among those described by Professor Sack or Mr. Heckler during trial which is supposedly "ambiguous" or subject to multiple reasonable interpretations. Finally, Forbes has not described a supposed reasonable interpretation of any supposedly ambiguous GAAP provision that would support any of the accounting treatments in this case which the Government has alleged is materially false or misleading. See <u>United States v. Parker</u>, 364 F.3d 934, 946 (8th Cir. 2004)(district court did not commit plain error by declining to instruct on the legal effect of defendant's interpretation of his statements where defendant did not demonstrate those statements were facially ambiguous or subject to multiple reasonable interpretations that would have rendered them literally true).

Forbes has never claimed that he believes that any of the

7

false or misleading assertions in any of the financial statements at issue complied with a reasonable interpretation of GAAP.  To the contrary, Forbes testified that he is ignorant of any of the GAAP principles that have arisen in this case, that he relied entirely on others to prepare and audit CUC's and Cendant's financial statements, and that he did no independent review of the propriety of those statements.  There is no evidence before the jury that Forbes relied on a reasonable interpretation of any GAAP rule in deciding whether anything in CUC's or Cendant's financial statements complied with GAAP.  Cf. Migliaccio, 34 F.3d at 1525 (district court erred by refusing to give instruction about ambiguity of federal regulations where "evidence at trial supported [defendants'] theory of defense" that the regulations were ambiguous, and the defendant's "interpretation was reasonable.")  To be entitled to an instruction regarding how any uncertainty in the GAAP rules affected the defendants' knowledge of their legal duties, Forbes should at the very least be required to identify the particular GAAP rules that are at issue in this case and explain how those rules are subject to multiple, reasonable interpretations.  See United States v. Evangelista, 122 F.3d 112, 116 (2d Cir. 1997)(defendant is entitled to instructions which describe the defense theory only if the theory has "a basis in law and in the evidence.")

    Forbes asks this Court to instruct that "[t]here is not

always a right or wrong answer under GAAP." Forbes' Preliminary Proposed Jury Instruction No. 38.[2]  Such an instruction is contrary to the trial evidence.  There are accounting practices which the conspirators undertook that are improper under any reasonable interpretation of GAAP.  Thus, as Professor Sack and Mr. Heckler testified, the practice of CUC accounting personnel to increase revenue and decrease expenses arbitrarily through topside adjustments at the end of the first three fiscal quarters is improper under any reasonable interpretation of GAAP.  The defense has offered no evidence to the contrary.

In his proposed instructions regarding the mental states of "knowingly," FPPJI 38, 52, 68, 84, and 99, Forbes asks this Court to charge that "if GAAP was subject to more than one reasonable interpretation, the defendant could not, as a matter of law, have acted knowingly."  This is an incorrect statement of the law. Although a defendant does not act unlawfully if his conduct conforms with a reasonable interpretation of the law, the jury may find him guilty if his conduct violates every reasonable interpretation of the law.  United States v. Ruggiero, 934 F.2d 440, 450 (2d Cir. 1991)("Although a defendant is entitled to a jury charge reflecting his theory of defense, that theory must have a valid basis in law and fact."); United States v. Hollis,

---

[2] Forbes' proposed instructions regarding the falsity of certain statements (FPPJI Nos. 50, 62, 78, and 94) contains similar language.

971 F.2d 1441, 1452 (10th Cir. 1992) ("While the defense is entitled to an instruction as to his theory of defense if there is evidence to support it, the court is not required to give an instruction that misstates the law or that is already covered by other instructions.")

## **CONCLUSION**

The Government respectfully requests that the Court sustain the Government's objections to Forbes' proposed preliminary jury instructions nos. 38, 43, 50, 52, 54, 62, 68, 73, 78, 84, 89, 94, 99 and 103.

>Respectfully submitted,
>CHRISTOPHER J. CHRISTIE
>Special Attorney
>U.S. Department of Justice
>
>
>By:  JOHN J. CARNEY
>Special Attorney
>U.S. Department of Justice
>Federal Bar No. 24063
>
>
>By:  JAMES MCMAHON
>Special Attorney
>U.S. Department of Justice
>Federal Bar No. 24062
>
>
>By:  RICHARD J. SCHECHTER
>Special Attorney
>U.S. Department of Justice
>Federal Bar No. 24238
>
>
>By:  NORMAN GROSS
>Special Attorney
>U.S. Department of Justice
>Federal Bar No. 24933

Date:     October 7, 2004
          Hartford, Connecticut