**EXHIBIT B**

**DOCKET 1999, GOVERNMENT'S RESPONSE TO FORBES' PRELIMINARY
PROPOSED JURY INSTRUCTIONS FOR RETRIAL**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| | : | |
| | : | |
| v. | : | November 20, 2005 |
| | : | |
| | : | |
| | : | |
| WALTER A. FORBES | : | |

UNITED STATES' RESPONSE TO PRELIMINARY PROPOSED JURY
INSTRUCTIONS OF WALTER FORBES

CHRISTOPHER J. CHRISTIE
NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
Special Attorneys
U.S. Department of Justice
450 Main Street, Room 320
Hartford, CT 06103
Tel:  (860) 240-3387
Fax:  (860) 240-3399

The United States respectfully submits the following responses to defendant Walter Forbes' Preliminary Proposed Jury Instructions of Walter Forbes for the retrial.  Because Forbes' proposed instructions for the retrial largely duplicate his proposed instructions for the initial trial, the Government's responses to these proposed instructions largely duplicate its responses to Forbes' proposed instructions for the initial trial. The Government has highlighted in bold text its responses to Forbes' proposed instructions for the retrial which are not duplicative of his proposed instructions for the initial trial.

| Forbes' Proposed Instruction | Government's response |
|---|---|
| 1 | Objection.  This introduction conforms to the general order of instructions proposed by Forbes.  Instead of giving Forbes' proposed instruction, the Government requests that the Court submit the Government's Preliminary Request to Charge for Retrial in the order that they were submitted, as described in Government's Preliminary Request to Charge for Retrial No. 1. |
| 2 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 2, which accurately covers the substance of this proposed instruction of Forbes. |

| 3 | The Government does not object to this proposed instruction. |
| 4 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 2, which accurately covers the substance of this proposed instruction of Forbes. |
| 5 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 10,  which accurately covers the substance of this proposed instruction of Forbes. |
| 6 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Revised Request to Charge No. 42, which accurately covers the substance of this proposed instruction of Forbes. |
| 7 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 3, which accurately covers the substance of this proposed instruction of Forbes. |

| 8 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 6, which accurately covers the substance of this proposed instruction of Forbes. |
| 9 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 7, which accurately covers the substance of this proposed instruction of Forbes. |
| 10 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 41, which accurately covers the substance of this proposed instruction of Forbes. |
| 11 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 41, which accurately covers the substance of this proposed instruction of Forbes. |

| 11.1 | Objection.  The Court previously denied Forbes' Trial Motion No. 41, which contained a request that the Court give this proposed missing witness instruction regarding Stuart Bell.  The Government objects to Forbes' repeated request for this instruction for the reasons presented in the Government's Opposition to Forbes' Trial Motion No. 36. |
| 12 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 2, the third paragraph of which accurately covers the substance of this proposed instruction of Forbes. |
| 13 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 64, which accurately covers the substance of this proposed instruction of Forbes. |
| 14 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 41, the eleventh paragraph of which accurately covers the substance of this proposed instruction of Forbes. |

| | |
|---|---|
| 14.1 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 44, which accurately covers the substance of this proposed instruction of Forbes. |
| 15 | Objection.  This instruction misstates the law.  Although statements and conduct by conspirators which post-date the termination of the conspiracy are not "in furtherance of the conspiracy," this instruction improperly seeks to exclude evidence of all acts, omissions, and statements by _any_ government witness that occurred after April 15, 1998.  Thus, evidence about conduct undertaken after that date by government witnesses who were not members of the conspiracy, such as the conduct undertaken by the Government's expert witnesses, is properly considered by the jury for matters other than credibility. |

| | |
|---|---|
| 15.1 | Objection.  The Court properly admitted evidence regarding accounting manipulations in the time period before January 1, 1995, and evidence regarding alleged wrongdoing by Stuart Bell.  That evidence may properly be considered by the jury for the reasons set forth in: (a) the Government's Memorandum in Opposition to Forbes' Motion for a Mistrial Due to Constructive Amendment and/or Prejudicial Variance and Notice Violations Caused by Testimony of Cosmo Corigliano, Docket No. 1016, filed Aug. 2, 2004; (b) the Government's Opposition to Forbes' Retrial Motion *In Limine* No. 23 (filed under seal), Docket No. 1864, filed Oct. 19, 2005; (c) the Ruling Denying Forbes' Motion *In Limine* No. 23, Docket No. 1902, Oct. 27, 2005; and (d) the Government's Opposition to Forbes' Retrial Motion No. 7, Docket No. 1755, filed Sept. 27, 2005. |
| 15.2 | Objection.  This instruction misstates the law and the facts of this case, for the reasons set forth at pp. 16-18 and 26-28 of the Government's Opposition to Forbes' Retrial Motion No. 15, Docket No. 1913, filed Oct. 31, 2005. |

| 15.2.1 | **The Government objects to this instruction as an improper statement of the facts and the law.  As the Government stated on page 5 of its Opposition to Forbes' Retrial Motion No. 15, Docket No. 1913, filed October 31, 2005, the Government would not oppose a properly worded instruction that struck from the record Kernkraut's testimony that CUC's or Cendant's publicly disclosed financial results were "inaccurate," Tr. 228-29, 232, or that Forbes' statements to Kernkraut regarding CUC's results were "essentially false," Tr. 337.** |
|---|---|

| 15.3 | The Government does not object to this proposed instruction. |
|---|---|
| 15.4 | Objection.  Although the Government does not oppose an instruction that Forbes may not be held liable for criminal conduct of which he was ignorant and uninvolved solely because he was the corporate superior of the wrongdoers, this proposed instruction erroneously suggests that Forbes' position as CEO of CUC and Cendant is irrelevant to the charges.   The Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 13, which accurately states the law on this subject. |

| | |
|---|---|
| 16 | Objection.  Forbes' proposed instruction omits the entire third paragraph of the model instruction on which his proposal is based.  See O'Mally, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Criminal, § 15.01.  That paragraph is necessary for a properly balanced instruction.  <u>See</u> <u>United States v. Allen</u>, 127 F.3d 260, 264 (2d Cir. 1997)(in fashioning its jury instructions, "the discretion of the court is circumscribed by the requirement that the charge be fair to both sides").  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 52, which follows the model instruction, covers the substance of this proposed instruction of Forbes. |
| 17 | This instruction appears to be substantially similar to the Government's Preliminary Request to Charge for Retrial No. 57, and the Government has no objection to this version being given. |
| 17A | **The Government does not object to this proposed instruction.** |

8

| | |
|---|---|
| 18 | **This instruction appears to be substantially similar to the Government's Preliminary Request to Charge for Retrial No. 59. The Government has no objection to either version being given, but Mr. Speaks' name should be omitted if the Government's version is given, because he did not testify during the retrial.** |
| 19 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 58, which accurately cover the substance of this proposed instruction of Forbes.  The prosecution witnesses in the retrial who previously pleaded guilty are Cosmo Corigliano and Anne Pember. |

| | |
|---|---|
| 19A | **Objection.   None of the cases cited by Forbes support his contention that the conviction of a defense witness for a felony may be considered by the jury to assess only so much of his testimony that is favorable to the Government, but may not be considered by the jury to assess his testimony that favored the defense.  The Government is permitted to impeach the testimony of a defense witness by reference to a prior felony conviction or a conviction for a crime of dishonesty.  Fed. R. Evid. 609(a)(1) and (2); <u>United States v. Payton</u>, 159 F.3d 49, 56-57 (2d Cir. 1998).** |
| 20 | Objection.  This instruction is unbalanced, as it refers only to supposed hostility of Government witnesses against the defendants, without a corresponding warning about possible hostility of defense witnesses against the Government.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 52, which accurately addresses, in a balanced way, the jurors' consideration of bias in assessing witness credibility. |

| | |
|---|---|
| 20.1 | Objection.  The Court should not give this argumentative and unbalanced instruction regarding particular evidence that may be relevant to Corigliano's testimony.  The Government's Preliminary Request to Charge for Retrial No. 52, regarding the assessment of witness credibility, expressly refers the jurors to consider "any bias the witness may have."  Additionally, Forbes' Preliminary Proposed Instruction No. 17 (as to which the Government does not object) refers to Corgliano's potential bias arising from his cooperation agreement, and the Government's Revised Requested Charge No. 57 refers to the impact of Corigliano's prior felony conviction on his credibility.  Those instructions are sufficient to inform the jury, in an even-handed way, about how it should consider any evidence regarding the SEC's settlement agreement with Corigliano.  <u>See</u> <u>United States v. Floyd</u>, 555 F.2d 45, 47 (2d Cir. 1977)(jury instructions sufficiently conveyed the unreliability of accomplice testimony). |
| 20.2 | Objection.  For the reasons set forth on pages 5 to 10 of the Government's Opposition to Forbes' Motion for Mistrial Based on the Testimony of Cosmo Corigliano, Docket No. 1147, filed Sept. 8, 2004, the Court should decline to give this argumentative instruction. |

| 20.3 | Objection.  For the reasons set forth on pages 10 to 14 of the Government's Opposition to Forbes' Motion for Mistrial Based on the Testimony of Cosmo Corigliano, Docket No. 1147, filed Sept. 8, 2004, the Court should decline to give this argumentative instruction. |
| 20.4 | Objection.  For the reasons set forth on pages 14 to 17 of the Government's Opposition to Forbes' Motion for Mistrial Based on the Testimony of Cosmo Corigliano, Docket No. 1147, filed Sept. 8, 2004, the Court should decline to give this argumentative instruction. |

| | |
|---|---|
| 21 | Objection.  This proposed instruction misstates the applicable law, insofar as it states that "[e]vidence of a prior inconsistent statement or omission by a witness is not to be considered by you as affirmative evidence bearing on Mr. Forbes' innocence or guilt."  To the contrary, there is evidence that Forbes gave testimony during the retrial that was inconsistent with testimony that he gave during the initial trial regarding a conversation that he had with his attorney Greg Danilow.  Evidence that Forbes' testimony in this trial or during the initial trial was false is proof of his consciousness of guilt.  See United States v. Perez, 387 F.3d 201, 210 (2d Cir. 2004).  As such, it is "affirmative evidence bearing on Mr. Forbes' guilt or innocence."  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 53, which accurately addresses the issues of impeachment by a prior inconsistent statement. |
| 21.1 | The Government does not object to this proposed instruction being given in lieu of the Government's Preliminary Request to Charge for Retrial No. 62. |

13

| 22 | Objection.  The fourth paragraph of the Government's Preliminary Request to Charge for Retrial No. 52 accurately addresses the "falsus in uno" concept. |
|----|---|
| 23 | Objection.  As the Government previously argued at pages 17-19 of its Motion *In Limine* No. 1, Docket 1624, filed July 21, evidence of the size of CUC's and Cendant's overstatement of operating income, about which Mr. Heckler testified, is relevant to Forbes' knowledge of the charged accounting fraud.  Accordingly, the third paragraph of this proposed instruction misstates the law. Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 56, which accurately covers the substance of this proposed instruction of Forbes.  The Government would not object to the inclusion of the second paragraph of Forbes' proposed instruction, addressing the testimony of Mr. Sack. |

| | |
|---|---|
| 24 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 49, which accurately covers the substance of this proposed instruction of Forbes. |
| 25 | Objection.  The third paragraph of this proposed instruction does not appear in the model instruction cited by Forbes.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 52, the fifth paragraph of which accurately covers the substance of this proposed instruction of Forbes. |
| 26 | Objection.  The second sentence of this proposed instruction does not appear in the model instruction cited by Forbes.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 5, which accurately covers the substance of this proposed instruction of Forbes. |

| | |
|---|---|
| 27 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 7, the second paragraph of which accurately covers the substance of this proposed instruction of Forbes. |
| 28 | **The Government's Preliminary Request to Charge for Retrial No. 24 refers to Form 10-Q and Form 10-K, which are the subject of Forbes' Preliminary Proposed Jury Instruction No. 28.  The Government requests that the Court give the Government's proposed request No. 24, but does not object to the giving of Forbes' proposed instruction as well.** |
| 29 | Objection.  There has been substantial evidence presented through the testimony of expert witnesses and others during trial regarding the purpose, sources, evolution, and flexibility of GAAP.  The Court need not summarize that evidence in its charge to the jury.  <u>United States v. Si Lu Tian</u>, 339 F.3d 143, 155 (2d Cir. 2003)("a defendant is not entitled to an instruction commenting or 'marshaling' the evidence in a particular way.") |

| | |
|---|---|
| 30 | Objection.  The sixth paragraph of this proposed instruction is not in the model instruction cited by Forbes, and is argumentative and unbalance.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 15, which accurately covers the substance of this proposed instruction of Forbes. |
| 31 | **Objection.  This proposed instruction misstates the evidence, insofar as it fails to include Stuart Bell and Kathy Mills[1] as one of the persons identified by the trial evidence as an alleged coconspirator.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 16, which more accurately reflects the model instruction cited by Forbes, and accurately covers the substance of this proposed instruction of Forbes.** |

---

[1] Forbes' elicited testimony from Casper Sabatino that Mills participated in the charged conspiracy.  Tr. 2520, 2534.

17

| 31.1 | **Objection.  This proposed instruction misstates the evidence because it omits Stuart Bell and Kathy Mills from the list of persons identified by the trial evidence as alleged conspirators.  Additionally, the final sentence of this proposed instruction is potentially misleading because it may suggest to the jurors that they cannot consider the "statements," which would include the testimony given in court, of non-conspirator witnesses such as Steven Kernkraut, Michael Monaco, and Brian Heckler.** |
|---|---|
| 32 | **Objection.  This instruction effectively incorporates by reference Forbes' proposed instruction No. 31.1, which is objectionable for the reasons stated in the Government's response to that instruction.** |
| 33 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 16, the sixth paragraph of which accurately covers the substance of this proposed instruction of Forbes. |

| 34 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial Nos. 17 and 18, which accurately cover the substance of this proposed instruction of Forbes. |
| 35 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 18, the first paragraph of which accurately covers the substance of this proposed instruction of Forbes. |
| 36 | The Government objects to this proposed instruction, as well as Forbes' proposed instructions Nos. 41, 50, 56, 61, 66, 72, and 77, for the reasons set forth in its "Objections to Forbes' Proposed Preliminary Jury Instructions Regarding GAAP," Docket No. 1265, filed October 7, 2004, which is incorporated herein by reference. |
| 37 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 18, the second paragraph of which accurately covers the substance of this proposed instruction of Forbes. |

| | |
|---|---|
| 38 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 20. |
| 39 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 20, the seventh paragraph of which accurately covers the substance of this proposed instruction. |
| 40 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 21, which accurately covers the substance of this proposed instruction of Forbes. |
| 41 | The Government objects to this proposed instruction, as well as Forbes' proposed instructions Nos. 36, 50, 56, 61, 66, 72, and 77, for the reasons set forth in its "Objections to Forbes' Proposed Preliminary Jury Instructions Regarding GAAP," Docket No. 1265, filed October 7, 2004, which is incorporated herein by reference. |

| 42 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Proposed Instruction No. 22, which accurately covers the substance of this proposed instruction of Forbes. |
| 43 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 23, which accurately covers the substance of this proposed instruction of Forbes. |
| 44 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 25, which accurately covers the substance of this proposed instruction of Forbes. |
| 45 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 26, which accurately covers the substance of this proposed instruction of Forbes. |

| | |
|---|---|
| 46 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 26, the third paragraph of which accurately covers the substance of this proposed instruction of Forbes. |
| 47 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 26, the fourth paragraph of which accurately covers the substance of this proposed instruction of Forbes. |
| 48 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 26, the fifth paragraph of which accurately covers the substance of this proposed instruction of Forbes. |
| 49 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 26, the sixth paragraph of which accurately covers the substance of this proposed instruction of Forbes. |

| 50 | The Government objects to this proposed instruction, as well as Forbes' proposed instructions Nos. 36, 41, 56, 61, 66, 72, and 77, for the reasons set forth in its "Objections to Forbes' Proposed Preliminary Jury Instructions Regarding GAAP," Docket No. 1265, filed October 7, 2004, which is incorporated herein by reference. |
| --- | --- |
| 51 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 27, which accurately covers the substance of this proposed instruction of Forbes. |

23

| | |
|---|---|
| 52 | Objection.  This proposed instruction misstates the law insofar as it states that the jury may not consider events occurring after an allegedly false statement was made in determining the materiality of that statement. As set forth in the Government's Preliminary Request to Charge for Retrial No. 27, "[w]hether a public company's stock price changes sharply shortly after information is disclosed to the investing public is a factor that you may consider in deciding whether or not that information is material."  Instead of giving this proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 27, of which accurately covers the substance of this proposed instruction of Forbes. |
| 53 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 28, which accurately covers the substance of this proposed instruction of Forbes. |

24

| 54 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 29, the first paragraph of which accurately covers the substance of this proposed instruction of Forbes. |
|----|----|
| 55 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 29, the second paragraph of which accurately covers the substance of this proposed instruction of Forbes. |
| 56 | The Government objects to this proposed instruction, as well as Forbes' proposed instructions Nos. 36, 41, 50, 61, 66, 72, and 77, for the reasons set forth in its "Objections to Forbes' Proposed Preliminary Jury Instructions Regarding GAAP," Docket No. 1265, filed October 7, 2004, which is incorporated herein by reference. |

| 57 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 29, the third paragraph of which accurately covers the substance of this proposed instruction of Forbes. |
| 58 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 29, the fourth paragraph of which accurately covers the substance of this proposed instruction of Forbes. |
| 59 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 20, the seventh paragraph of which accurately covers the substance of this proposed instruction of Forbes. |

| 60 | Objection.  There is no need to overburden the already extensive final charge in this case with redundant iterations of the "good faith" instruction, which needs to be given only once.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give a single instruction modeled on the Government's Proposed Instruction No. 21, which accurately covers the substance of this proposed instruction of Forbes. |
| 61 | The Government objects to this proposed instruction, as well as Forbes' proposed instructions Nos. 36, 41, 50, 56, 66, 72, and 77, for the reasons set forth in its "Objections to Forbes' Proposed Preliminary Jury Instructions Regarding GAAP," Docket No. 1265, filed October 7, 2004, which is incorporated herein by reference. |

| 62 | Objection.  Count 4 of the indictment, charging |
| | securities fraud, incorporates by reference paragraphs 1 |
| | through 16 and 18 through 63 of Count 1.  Count 4 |
| | therefore alleges that Forbes committed securities fraud |
| | by making or causing to be made all of the materially |
| | false and misleading statements identified in the |
| | incorporated paragraphs of Count 1.  Accordingly, Forbes' |
| | proposal that Cendant's February 4, 1998 press release is |
| | the only document which contains materially false and |
| | misleading statements that may be considered as proof of |
| | the fraudulent conduct charged in Count 4 is incorrect. |
| | Instead of giving Forbes' proposed instruction, the |
| | Government requests that the Court give the Government's |
| | Preliminary Request to Charge for Retrial No. 32, which |
| | accurately covers the legally proper substance of this |
| | proposed instruction of Forbes. |

28

| | |
|---|---|
| 63 | Objection.  In reaching a verdict on Count 4 of the indictment, charging securities fraud, the jury is not limited to the two statements identified by Forbes in Cendant's February 4, 1998 press release.  The cases cited by Forbes involving private causes of action for securities fraud (footnote 3 to this proposed instruction) do not limit the scope of the evidence in this criminal prosecution.  Unlike a private party seeking money damages for securities fraud, the Government in a criminal prosecution for securities fraud is not required to prove that a victim of the fraud relied on the fraudulent statements or omissions.  <u>See</u> <u>United States v. Haddy</u>, 134 F.3d 542, 550 (3d Cir. 1998), <u>citing</u> <u>United States v. Naftalin</u>, 441 U.S. 768 (1979). The fact that a fraudulent statement or material omission is "remote in time" relative to a victim's purchase or sale of stock, or did not otherwise "cause" that purchase or sale, does not affect the relevance of evidence regarding such statements, and does not prevent such statements or omissions from being "in connection with" the sale or purchase of securities.<br><br>ei |

| | |
|---|---|
| 64 | Objection.  This instruction misstates the applicable facts and law for the reasons set forth in the Government's objection to Forbes' Proposed Instruction Nos. 62 and 63. |
| 65 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 33, the fifth paragraph of which accurately covers the substance of this proposed instruction of Forbes. |
| 66 | The Government objects to this proposed instruction, as well as Forbes' proposed instructions Nos. 36, 41, 50, 56, 61, 72, and 77, for the reasons set forth in its "Objections to Forbes' Proposed Preliminary Jury Instructions Regarding GAAP," Docket No. 1265, filed October 7, 2004, which is incorporated herein by reference. |
| 67 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 33, paragraphs 10-12 of which accurately covers the substance of this proposed instruction of Forbes. |

30

| 68 | Objection.  This proposed instruction misstates the law insofar as it states that the jury may not consider events occurring after an allegedly false statement was made in determining the materiality of that statement. As set forth in the Government's Preliminary Request to Charge for Retrial No. 33, "[w]hether a public company's stock price changes sharply shortly after information is disclosed to the investing public is a factor that you may consider in deciding whether or not that information is material."  Instead of giving this proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 33, the tenth through twelfth paragraphs of which accurately covers the substance of this proposed instruction of Forbes. |

| 69 | Objection.  The Government objects to this proposed instruction for the same reasons that it objects to Forbes' Preliminary Proposed Jury Instructions Nos. 63 and 64.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial Nos. 32 and 33, which accurately covers the substance of this proposed instruction of Forbes. **The Government would not object, however, to the inclusion of an instruction that, "In order for the Government to prove the charge in Count 4, it must prove beyond a reasonable doubt that Mr. Forbes caused CUC or Cendant to make a material false statement alleged in the indictment.  Mr. Forbes cannot be held responsible for any untrue statement alleged in the indictment that he did not cause."** |
|---|---|
| 70 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 36, the first paragraph of which accurately covers the substance of this proposed instruction of Forbes. |

| | |
|---|---|
| 71 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 36, the second paragraph of which accurately covers the substance of this proposed instruction of Forbes. |
| 72 | The Government objects to this proposed instruction, as well as Forbes' proposed instructions Nos. 36, 41, 50, 56, 61, 66, and 77, for the reasons set forth in its "Objections to Forbes' Proposed Preliminary Jury Instructions Regarding GAAP," Docket No. 1265, filed October 7, 2004, which is incorporated herein by reference. |
| 73 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 36, the third paragraph of which accurately covers the substance of this proposed instruction of Forbes. |

| | |
|---|---|
| 74 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 36, the fourth paragraph of which accurately covers the substance of this proposed instruction of Forbes. |
| 75 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 20, the seventh paragraph of which accurately covers the substance of this proposed instruction of Forbes. |
| 76 | Objection.  Since there is no need for two identical instructions regarding "good faith," which applies equally to all of the charges, see Government's Objection to Forbes' proposed instruction no. 60, there is certainly no need for three. |
| 77 | The Government objects to this proposed instruction, as well as Forbes' proposed instructions Nos. 36, 41, 50, 56, 61, 66, and 72, for the reasons set forth in its "Objections to Forbes' Proposed Preliminary Jury Instructions Regarding GAAP," Docket No. 1265, filed October 7, 2004, which is incorporated herein by reference. |

| | |
|---|---|
| 78 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 34, which accurately covers the substance of this proposed instruction of Forbes. |
| 79 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 35, which accurately covers the substance of this proposed instruction of Forbes. |
| 80 | **The Government does not object to this proposed instruction and Forbes' Supplemental Proposed Jury Instruction No. 1, setting forth Forbes' "Theory of the Defense."** |
| 81 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 65, which accurately covers the substance of this proposed instruction of Forbes. |
| 82 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 67, which accurately covers the substance of this proposed instruction of Forbes. |

35

| 83 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 63, which accurately covers the substance of this proposed instruction of Forbes. |

| | |
|---|---|
| Supp.<br>Instr.<br>1 | The Government does not object to this proposed "Theory of the Defense." However, for the sake of balance, the Government requests that the Court provide the following admonition at the end of this "theory:"<br><br>Mr. Forbes' theory of the defense is not to be considered by you as evidence in this case. Nor is the Court, by describing to you Mr. Forbes' theory of the defense, expressing any opinion on way or the other about that theory. While you are required to accept and apply the Court's instructions regarding the law, you are not required to accept and apply Mr. Forbes' theory of the defense. Rather, Mr. Forbes' theory of the defense states the inferences and conclusions that Mr. Forbes, as one of the parties in this case, urges you to draw from the evidence. The evidence in this case, as I have previously explained, and will explain again later in these instructions, is limited to the sworn testimony of the witnesses, any exhibits that were admitted into evidence, and any stipulations between the parties. |

| | |
|---|---|
| Supp. Instr. 2 | The Government objects to this proposed instruction. That Congress, in 2002, and in response to massive accounting frauds such as the one at CUC and Cendant, expressly imposed an affirmative duty on certain corporate officers of public companies to certify that they had reviewed the public filings of the company with the SEC, and created criminal penalties for failure to do so, does not mean that Forbes was without any legal obligation to review such filings under prior law.  Forbes signed various 10-K reports as CEO and/or Chairman of the Board, "pursuant to the requirements of Section 13 . . . of the Securities Exchange Act of 1934."  <u>E.g.</u> DX 1283 (Cendant's Form 10-K, dated March 31, 1998), page 50.  The duty to file such a report "creates a duty to file truthfully and completely."  <u>United States v. Bilzerian</u>, 926 F.2d 1285, 1298 (2d Cir. 1991).  Forbes could not truthfully file such a report without any knowledge of its contents. |

                         Respectfully submitted,

                         CHRISTOPHER J. CHRISTIE
                         Special Attorney
                         U.S. Department of Justice


                   By:   NORMAN GROSS
                         MICHAEL MARTINEZ
                         CRAIG CARPENITO
                         Special Attorneys
                         U.S. Department of Justice

November 20, 2005

                              39

## <u>CERTIFICATE OF SERVICE</u>

I certify that I caused copies of the foregoing Responses of the United States to Preliminary Proposed Jury Instructions and Supplemental Proposed Jury Instructions of Walter Forbes to be served upon Barry Simon, Esq., via email on Sunday, November 20, 2005, and via Federal Express on Monday, November 21, 2005:

_____
NORMAN GROSS
U.S. Department of Justice

Dated:    November 21, 2005
          Camden, New Jersey