UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | No. 3:02CR264 (AHN) |
| WALTER A. FORBES. | ) ) ) ) | June 15, 2006 |

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT
WALTER A. FORBES TO PRECLUDE THE GOVERNMENT FROM
INTRODUCING ANALYSTS' REPORTS**
(**Forbes Retrial Motion *In Limine* No. 7**)

WILLIAMS & CONNOLLY LLP
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

COWDERY, ECKER & MURPHY, L.L.C.
James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Mr. Forbes submits the following Reply Memorandum in response to the Government's Opposition to his Third Trial Motion in Limine No. 7.[1]

## I. THE GOVERNMENT FAILS TO ADDRESS THE HEARSAY STATEMENTS OF "CUC MANAGEMENT" ANYWHERE IN ITS OPPOSITION.

The government claims that it does not intend to offer the analysts' reports for the truth of the matters asserted therein, but only for the fact that "the statements" were made, focusing on the financial projections and analysts' recommendations contained within the analysts' reports. Gov't Opp. at 5-7. Yet Mr. Forbes did not dispute the admissibility of the financial projections contained within the analysts' reports, and objected to the analysts' discussions and recommendations on relevancy grounds only, not hearsay. Open. Mem. at 4-7.

Mr. Forbes' hearsay objection is aimed at CUC's alleged "communications with investors," for which the reports were specifically admitted during the first two trials. Specifically, the purported statements of CUC management contained within the analysts' reports constitute inadmissible hearsay – an issue the government ignores entirely in its Opposition, presumably because it cannot respond to it. See Open. Mem. at 4-6. Unlike the financial projections discussed at length in the government's Opposition, there is no question but that these purported statements by "CUC management" are being offered for the truth reported in the analysts' reports – that is, that a member of CUC's management purportedly made the statements to the analysts. As explained in In re Cirrus Logic Sec. Litig., 946 F. Supp. 1446, 1469 (N.D. Cal. 1996), which rejected an argument identical to the government's here:

> As an initial matter, plaintiffs argue that the notes and reports are not hearsay because the evidence is offered to show merely that statements were made, as opposed to the truth of the statements. In the present situation, the distinction defies logic. Plaintiffs hope to

---

[1] This motion is not governed by the standards for reconsideration or law of the case. See Reply Supp. Forbes Third Trial Mot. *In Limine* No. 9 (filed June 15, 2006).

> introduce the notes and reports to establish the actual content of statements by [company] executives. Accordingly, the notes and reports are offered to show the truth of the assertion that [the company] made specific fraudulent statements to analysts. Such evidence clearly falls within the definition of hearsay under Rule 801(c) of the Federal Rules of Evidence.

(emphasis added). See also In re Sybase, Inc. Securities Litigation, 48 F.Supp.2d 958, 960 (N.D. Cal. 1999) ("analyst reports are inadmissible hearsay when offered for the purpose of establishing what [the company] actually told analysts"). There is simply no basis for admitting such rank hearsay.

## II. THE GOVERNMENT DOES NOT EVEN TRY TO QUALIFY THE ANALYSTS' REPORTS AS BUSINESS RECORDS.

The government makes no effort to argue that the analysts' reports constitute business records subject to an exception under the prohibition against hearsay. Rather, the government simply cites to Judge Thompson's prior statement that he did not believe the cases cited by Mr. Forbes stand for the proposition that analysts' reports could never be found to constitute business records. Even if this were correct (which Mr. Forbes disputes), the government has not offered any evidentiary support that would distinguish the analysts' reports it is offering from the analysts' reports addressed in the cases cited by Mr. Forbes, each of which rejected the admission of analysts' reports as hearsay, and at least one of which did so by expressly rejecting a business records exception argument. See In re Cirrus Logic Securities Litigation, 946 F. Supp. at 1469. Nor has the government yet to cite a single case holding that analysts' reports constitute business records under the Federal Rules of Evidence.

## III. ANALYSTS' DISCUSSIONS AND RECOMMENDATIONS ARE IRRELEVANT.

The government argues that analysts' discussions and recommendations are just as relevant to the allegations that Mr. Forbes and his co-conspirators used analysts to help perpetuate the fraud as the financial projections themselves, Gov't Opp. at 8. This argument

2

ignores entirely the fact that the indictment explicitly alleges perpetration of the fraud through one of these means, (the analysts' projections), but not through the other (the analysts' discussions and recommendations).  See Open. Mem. at 6-8; see also Gov't Opp. at 2 (summarizing the relevant allegations of the indictment).  The cases cited by the government, in contrast, all address allegations where the pertinent portions of the analysts' reports were explicitly alleged to support the elements of the fraud claim.  In In re Scientific-Atlanta, Inc., Sec. Litig., 239 F. Supp. 2d 1351, 1366 (N.D. Ga. 2002), the plaintiffs explicitly alleged that the reasonableness of their reliance on the defendants' false statements and wrongful nondisclosures could be shown by looking to analysts' recommendations that the stock be purchased.  Id. at 1366-67.  In Lentell v. Merrill Lynch & Co., 396 F.3d 161, 176-77 (2d Cir. 2005), the allegation of fraud was against the company which published the analyst reports, and was premised on a theory that the "buy" and "accumulate" recommendations themselves were false and misleading.  And Ambassador Hotel Co. v. Wei-Chuan Investment, 189 F.3d 1017, 1026 (9th Cir. 1999), cited to the case of Arrington v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 651 F.2d 615 (9th Cir. 1981), wherein a broker was charged with misrepresenting the recommendations of four different Merrill Lynch analyst reports.  Thus, none of these cases stand for the proposition that analysts' discussions and recommendations are relevant even when, as here, there is no allegation that those discussions and recommendations were part of the fraud.

Moreover, the government ignores the fact that there is often no evidence as to what information came from the company and what information came from the analysts' independent research – much less evidence as to what representations came from Mr. Forbes or the alleged co-conspirators (as opposed to other company officers or employees), the only relevant source here.  Thus, even if the government had alleged that CUC had used the analysts'

3

discussion and recommendations as a vehicle to further the fraud, the government would still have to tie the discussions and recommendations in the analysts' reports to specific statements from the alleged co-conspirators before those discussions and recommendations would be admissible.

Because the government has not alleged that Mr. Forbes and his co-conspirators used the analysts' discussions and recommendations to perpetrate the fraud, these discussions and recommendations are irrelevant, and should not be admitted.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: June 15, 2006

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Reply Memorandum in Support of Motion of Defendant Walter A. Forbes to Preclude the Government from Introducing Analysts' Reports (Forbes Third Trial Motion *In Limine* No. 7) to be filed electronically and to be served on June 15, 2006 to the following via e-mail:

    Norman Gross, Esq. (norman.gross@usdoj.gov)
    Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
    Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S. Simon