UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) |
| | )    No. 3:02CR264 (AHN) |
| WALTER A. FORBES. | )    June 15, 2006 |
| | ) |
| | ) |

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF
DEFENDANT WALTER A. FORBES TO PRECLUDE THE
GOVERNMENT FROM ARGUING THAT MR. FORBES BREACHED
A DUTY OF TRUST TO THE CUC SHAREHOLDERS
(Forbes Third Trial Motion _In Limine_ No. 12)**


WILLIAMS & CONNOLLY LLP
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

COWDERY, ECKER & MURPHY, L.L.C.
James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

First, Mr. Forbes does not dispute that he owed fiduciary duties to the shareholders of CUC and Cendant, and that his fiduciary duty required that he provide truthful information to the shareholders. And if this were a civil case where Mr. Forbes was alleged to have breached such duties, it would be more than appropriate to explore Mr. Forbes' knowledge of those duties. But this is not a civil case, and Mr. Forbes is not charged with the breach of his fiduciary duties. Mr. Forbes is charged with knowingly and intentionally providing false information to the investment community. And while the government may claim that it did not invite the jury to convict Mr. Forbes based simply on a finding that the information he provided was false, Gov't Opp. at 2, its questions and arguments concerning Mr. Forbes' breach of a "duty of trust" did just that. The government should be precluded from asking about such "duties" in the third trial.

Second, the government appears to concede that Mr. Forbes had no legal duty to read the 10-Qs and 10-Ks. The government argues that it nonetheless should be permitted to question Mr. Forbes concerning whether he read these documents prior to signing them because "the jury should be permitted to decide for themselves whether to credit Forbes' testimony that he did not read these critical, materially false and misleading documents before signing them. If they do not find that testimony credible, they may choose not to credit other aspects of Forbes' testimony and conclude that he knew that the SEC filings were materially false and misleading." Gov't Opp. at 4-5. However, the context of the government's questioning and argument make clear that the thrust of the government's implication was that Mr. Forbes had a duty to review the 10-Ks and 10-Qs – not that he should be disbelieved when he testified that he did not read them.

<u>See</u> Open. Mem. at 3-4.  That implication is simply wrong, and should not be permitted in the third trial.[1]

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:  _____

Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: June 15, 2006

---

[1] The government's suggestion that improper questions and argument can simply be "cured" through the Court's instructions to the jury, Gov't Opp. at 5-6, turns the process on its head. Error should be avoided in the first instance, not allowed and then "corrected."

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing Reply Memorandum in Support of

Motion of Defendant Walter A. Forbes to Preclude the Government from Arguing that Mr.

Forbes Breached a Duty of Trust to the CUC Shareholders (Forbes Third Trial Motion *In Limine*

No. 12) to be filed electronically and to be served on June 15, 2006 to the following via e-mail:

> Norman Gross, Esq. (norman.gross@usdoj.gov)
> Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
> Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)


_____
Barry S. Simon