UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:02CR264 (AHN) |
| WALTER A. FORBES. | ) | June 15, 2006 |
| | ) | |

REPLY MEMORANUM IN SUPPORT OF MOTION OF DEFENDANT
WALTER A. FORBES TO PRECLUDE THE GOVERNMENT FROM
PRESENTING EXPERT TESTIMONY FROM JAMES ROWAN OF
HARTFORD STEAM BOILER COMPANY
(Forbes Third Trial Motion *In Limine* No. 15)

WILLIAMS & CONNOLLY LLP
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

COWDERY, ECKER & MURPHY, L.L.C.
James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

*Attorneys for Walter A. Forbes*

Mr. Forbes submits the following Reply Memorandum in response to the

Government's Opposition to his Third Trial Motion in Limine No. 15.[1]

## I.    MR. ROWAN SHOULD NOT BE PERMITTED TO PROVIDE EXPERT TESTIMONY UNDER THE GUISE OF PROVIDING HIS "UNDERSTANDING" OF CENDANT'S ACCOUNTING PRACTICES.

The government argues that Mr. Rowan will testify only to his "understanding" of

Cendant's belatedly disclosed accounting practices, and that because he is not purporting to

provide expert testimony on such matters, this testimony is appropriate. Gov't Opp. at 10. Yet

there can be no question but that the subject of Mr. Rowan's testimony – appropriate merger

reserve accounting – is a subject requiring "specialized knowledge or expertise." See Open.

Mem. at 6. For example, Rowan's testimony that companies had to carefully document merger-

related charges, Gov't Opp. at 6, relates to the application of Generally Accepted Accounting

Principles that is not only properly left to an expert, but also an issue that changed over time.

See Open. Mem. at 6 n.3. The government cannot avoid the strictures of Federal Rule of

Evidence 701 simply by casting Mr. Rowan's testimony as limited to his "understanding." Nor

can the government ignore the fact that Mr. Rowan's first trial testimony established that his

"understanding" regarding appropriate merger reserve accounting is a result of his personal

experience at HSB.

Moreover, Mr. Rowan's "understanding" of accounting practices that came to

light only after he purchased Cendant stock on behalf of HSB is wholly irrelevant to the

allegations of the indictment. The only relevant purpose for Mr. Rowan's testimony is to

establish that Mr. Rowan relied upon the accuracy and truthfulness of Cendant's publicly filed

---

[1] This motion is not governed by the standards for reconsideration or law of the case. See Reply
Supp. Forbes Third Trial Mot. *In Limine* No. 9 (filed June 15, 2006).

financial information, including its publicly reported reserve information, when he authorized the purchase of the company's stock.

The Court should also reject the government's argument that it is entitled to elicit Mr. Rowan's "knowledge and thinking" concerning why the false statements and omissions were significant as "context" for the jury. Gov't Opp. at 13-15. The testimony elicited by the government during the first two trials was not based upon Mr. Rowan's "knowledge and thinking" at the time he purchased the stock, but his opinions after the fact about Cendant's purported accounting practices. Mr. Rowan has no personal knowledge regarding these accounting practices or what they may have masked about Cendant's financial condition. Indeed, his theories concerning the "significance" of allegedly inflated earnings – that they signified a flawed business model – were contrary to the evidence introduced in the first and second trial. See Open. Mem. at 7-8. The government should not be permitted to put forth this false and misleading information under the guise of providing "context" to the jury. Mr. Rowan's testimony should be limited to what he heard Mr. Forbes say during the investment conferences he attended,[2] and the fact that he relied upon the accuracy of the financial statements in authorizing HSB's purchase of Cendant stock.[3]

---

[2] Even in this regard, Mr. Rowan's testimony should be limited in order to avoid misleading the jury. Like Steven Kernkraut, Mr. Rowan testified that Mr. Forbes talked about Cendant's retention ratio, a "critical issue" to the company's business. Tr. 10/18/2005 at 352-54. Because there is no issue in the case about the company's retention ratio, but a jury could easily confuse the issue with that of the membership cancellation reserve, Mr. Rowan should be precluded from testifying to this alleged portion of Mr. Forbes' presentation. See Forbes Third Trial Motion in Limine No. 3 at 15-16 [Docket No. 2253].

[3] The government claims that the jury heard a "fiction" that the Cendant stock was owned for the benefit of the HSB corporation rather than "evidence that some of the millions of victims of the charged fraud were pensioners and working people, and not merely corporations or other entities." Gov't Opp. at 3. Judge Thompson did require the government to eliminate any reference to pension funds as unduly prejudicial. But this did not result in the jury hearing a "fiction" concerning HSB. The Cendant stock purchase authorized by Mr. Rowan was for a

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____

Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated:  June 15, 2006

---

defined benefits plan.  Pensioners vested in this plan would receive the same, defined benefit regardless of the fund's performance.  Hence, while the investment was made on behalf of a pension plan, it was in fact the corporate entity – HSB – which would suffer any potential loss, not the pensioners as suggested by the government.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing Reply Memorandum in Support of

Motion of Defendant Walter A. Forbes to Preclude the Government from Presenting Expert

Testimony from James Rowan of Hartford Steam Boiler Company (Forbes Third Trial Motion *In*

*Limine* No. 15) to be filed electronically and to be served on June 15, 2006 to the following via

e-mail:

> Norman Gross, Esq. (norman.gross@usdoj.gov)
> Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
> Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

Barry S. Simon