UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>WALTER A. FORBES. )<br>)<br>) | No. 3:02CR264 (AHN)<br>June 15, 2006 |

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF
DEFENDANT WALTER A. FORBES TO PRECLUDE THE
GOVERNMENT FROM INTRODUCING GOVERNMENT
EXHIBIT 11007
(Forbes Third Trial Motion *In Limine* No. 16)**

WILLIAMS & CONNOLLY LLP
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

COWDERY, ECKER & MURPHY, L.L.C.
James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

*Attorneys for Walter A. Forbes*

Mr. Forbes submits the following Reply Memorandum in response to the Government's Opposition to his Third Trial Motion in Limine No. 16.[1]

## I. THE BOTTI REVIEW IS NOT A BUSINESS RECORD.

### A. The Government Misplaces Its Reliance on the Deficient Certification Submitted by Ernst & Young.

The government argues that the Botti review must be a business record because the document itself is entitled "Periodic Performance Review." Gov't Opp. at 11-12. Business records are not self-authenticating under the Federal Rules of Evidence, however. The government must establish the requisite elements through a custodian of records. The government's attempt to do so in the form of a Certification from Ernst & Young does just the opposite, confirming Mr. Forbes' position that Government Exhibit 11007 is not a business record.

The government claims that the Certification attached to its Opposition "fully supports the requirement of Rule 803(6) that the record refer to the regularly conducted business of E&Y." Gov't Opp. at 12. But the Ernst & Young Certification never states that the document was made as a regular practice during the regularly conducted activity of Ernst & Young. Rather, it states only that the document was kept in the ordinary course of Ernst & Young's business. Exhibit 1 to Gov't Opp. The government attempts to gloss over this deficiency, arguing that the Certification implicitly demonstrates that the exhibit was prepared in the ordinary course. Gov't Opp. at 12-13. The government well knows that the Certification implies no such thing. Although mentioned nowhere in the government's seventeen page Opposition, Ernst & Young submitted at least six other certifications during the course of the first two trials.

---

[1] This motion is not governed by the standards for reconsideration or law of the case. See Reply Supp. Forbes Third Trial Mot. *In Limine* No. 9 (filed June 15, 2006).

See Exhibit A attached hereto (compilation of Ernst & Young certifications). Unlike the certification for Government Exhibit 11007, each of these six certifications contains the necessary statement that the document(s) in question were <u>made</u> (as well as kept) in the ordinary course of Ernst & Young's business, including one signed on the very same date, by the very same custodian, as the certification for Government Exhibit 11007. <u>Id</u>. (with pertinent language underlined). In these circumstances, the fact that Ernst & Young did <u>not</u> include such a representation in the certification for Government Exhibit 11007 cannot be ignored; nor can the certification be read to "imply" that the document was made in the ordinary course of Ernst & Young's business, Gov't Opp. at 12-13. Rather, the fact that Ernst & Young appears to have intentionally excluded the pertinent language from the certification for Government Exhibit 11007 alone confirms Mr. Forbes' position – that the exhibit was <u>not</u> created in the ordinary course of Ernst & Young's business, and is <u>not</u> a business record.

Moreover, where the adequacy or accuracy of the certification is in doubt to the degree that it is here, the defendant's right of confrontation should be afforded the greatest deference. Thus, at least in circumstances such as these, the Court should follow the rule of <u>United States v. Wittig</u>, Crim. No. 03-40142 (JAR), 2005 WL 1227790 (D. Kan. May 23, 2005) (precluding use of certification under <u>Crawford v. Washington</u>, 541 U.S. 36 (2004)), Open. Mem. at 8, rather than that stated in <u>United States v. Hagege</u>, 437 F.3d 943, 958 (9th Cir. 2006), Gov't Opp. at 10.

    B.    **The Government Ignores the Plain Language of Rule 803(6) In Arguing that the Untrustworthy Nature of the Document Goes to Its Weight, Not Its Admissibility.**

The government similarly ignores the plain language of Federal Rule of Evidence 803(6) in arguing that the indicia that Government Exhibit 11007 lacks trustworthiness go only to its weight, not its admissibility. Gov't Opp. at 13. The very terms of Rule 803(6) provide that

2

a business record shall not be admitted when "the source of information or the method or circumstances of preparation indicate lack of trustworthiness." Fed. R. Evid. 803(6). In re Balfour MacLaine Int'l Ltd., 85 F.3d 68, 80 (2d Cir. 1996), relied upon by the government, does not vitiate this rule. Gov't Opp. at 13. In that case, the objecting party argued that the record sought to be admitted was "untrustworthy" simply because it was contrary to its own evidence. Under those circumstances, the court held that because the discrepancy was "precisely the issue in dispute," the discrepancy could not be "the basis for any challenge to the evidence intended to resolve that dispute. Rather, the discrepancy in figures is an issue that concerns the weight to be given to the [documents], in light of all the other evidence." In re Balfour MacLaine Int'l Ltd., 85 F.3d at 80. Here, in contrast, the indicia of untrustworthiness come from the mouth of the document's author, Simon Wood, not from the fact that any of the contents of the document are contrary to any evidence proffered by Mr. Forbes. See Open. Mem. at 10-11. Thus, even if the government had a proper certification (which it does not), the document should not be admitted as a business record under Fed. R. Evid. 803(6).

## II. ADMISSION OF THE BOTTI RECORD WOULD IMPERMISSIBLY AMEND THE ALLEGATIONS OF THE INDICTMENT.

The government repeats the very same, flawed argument presented in its Opposition to Forbes Third Trial Motion in Limine No. 17 – that even if the Botti performance review evidences the complicity of Ernst & Young, that does not constructively amend the indictment. Gov't Opp. at 4-9. In response, Mr. Forbes relies upon the arguments set forth in his Reply Memorandum for Forbes Third Trial Motion in Limine No. 17 (filed June 15, 2006), incorporated herein.

### III. THE GOVERNMENT IGNORES THE IMPROPER CHARACTER EVIDENCE IN GX 11007.

The government argues that it should be permitted to admit Government Exhibit 11007 despite the fact it is replete with improper character evidence because (1) it is not offering the exhibit for that evidence, and (2) Mr. Forbes spent days disparaging the cooperating witnesses' character in any event. First, whether or not the government is offering the exhibit for purposes of proving bad character, the fact is that the improper character evidence is there. Second, Mr. Forbes did not spend days disparaging the alleged co-conspirators' characters.[2] Rather, Mr. Forbes' so-called "character attack" was limited to one witness – Cosmo Corigliano – and was accomplished through proper, relevant evidence, not improper, conclusory opinion evidence such as that offered here.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

---

[2] Notably, the government provides no citation for its erroneous claim.

4

          James T. Cowdery (Bar No. ct05103)
          Thomas J. Murphy (Bar No. ct07959)
          COWDERY, ECKER & MURPHY, L.L.C.
          750 Main Street
          Hartford, CT 06103-2703
          (860) 278-5555 (phone)
          (860) 249-0012 (fax)
          tmurphy@cemlaw.com (e-mail)

          Attorneys for Walter A. Forbes

Dated: June 15, 2006

5

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Reply Memorandum in Support of Motion of Defendant Walter A. Forbes to Preclude the Government from Introducing Government Exhibit 11007 (Forbes Third Trial Motion *In Limine* No. 16) to be filed electronically and to be served on June 15, 2006 to the following via e-mail:

>Norman Gross, Esq. (norman.gross@usdoj.gov)
>Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
>Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S. Simon