UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 3:02CR264 (AHN) |
| ) | |
| WALTER A. FORBES ) | June 15, 2006 |
| ) | |

REPLY MEMORANDUM IN SUPPORT OF
MOTION OF DEFENDANT WALTER A. FORBES TO
PRECLUDE EVIDENCE REGARDING CENDANT'S
RESTATEMENT
(Forbes Third Trial Motion *In Limine* No. 9)

WILLIAMS & CONNOLLY LLP
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

COWDERY, ECKER & MURPHY, L.L.C.
James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

*Attorneys for Walter A. Forbes*

Oral Argument Requested

The government agrees with the first two parts of Mr. Forbes' motion *in limine*— it will not offer "either the Restatement or the amounts by which Cendant restated its financial results." Opp'n at 1. The government contends, however, that it should be permitted to offer testimony about the fact of the Restatement.

The government appears to believe that offering testimony about the Restatement avoids the valid hearsay and Confrontation Clause objections to admission of the Restatement itself. Indeed, its brief ignores those objections. The government cannot make an end-run around the hearsay rule and the Sixth Amendment by offering testimony about the Restatement. Furthermore, the government's own nonsensical arguments illustrate that the testimony also should be excluded under Rules 401 and 403.

The government repeats its boilerplate reconsideration and law of the case argument, Opp'n at 1-2, which it sets forth more fully elsewhere. E.g.. Docket No. 2243 at 4-6. Rather than address that argument in each reply, Mr. Forbes will address it here. None of Mr. Forbes' pretrial motions is governed by the standards for reconsideration or law of the case.

1. Hearsay and the Confrontation Clause. As the government aptly states, the Restatement constitutes "evidence that Cendant's senior management . . . admitt[ed] that the company's previously released financial statements were materially false." Opp'n 6. An out of court statement by Mr. Forbes' litigation adversary that the previously filed results were materially false is classic hearsay. See Forbes Mot. Preclude Evidence Regarding Restatement (Forbes Third Trial Mot. *In Limine* No. 9).

The government's preferred tactic of having witnesses testify about the hearsay Restatement, instead of introducing the document itself, does not obviate Mr. Forbes' valid hearsay and Confrontation Clause objections. See, e.g., United States v. Wells, 262 F.3d 455,

462 (5th Cir. 2001) (reversing conviction because allowing witnesses to testify about documents "would, in effect, be allowing an end run around the rule against hearsay and the requirements of the business records exception. This we are unwilling to do."). The government wants to use the testimony to show that there was a fraud and it was material. See Opp'n at 4, 6, 7. Those are the exact issues on which Mr. Forbes is entitled to have cross-examination. But a witness like Mr. Kernkraut, who testified about the Restatement in the second trial, Opp'n at 3-4, cannot be cross-examined adequately because he is not the hearsay declarant and does not have personal knowledge about the preparation of the Restatement.[1]

When a document is hearsay, the proponent of the evidence cannot avoid the hearsay problem by having a witness testify about the document. This approach simply creates a "classic 'multiple hearsay'" problem. United States v. Ruffin, 575 F.2d 346, 357 (2d Cir. 1978). The Second Circuit explained:

> Inasmuch as it was offered to prove the truth of the matters asserted in the missing documents, Hamill's testimony as to the contents of those documents was clearly hearsay. Moreover, the subject matter of his testimony, the documents themselves, if they were to have been introduced at trial for the purpose of proving the matters asserted in them, would also have been hearsay. Thus, under Fed. R. Evid. 802 and under Fed. R. Evid. 805, which codifies the approach previously employed in this circuit, . . . Hamill's testimony should have been excluded unless each of its two separate hearsay components independently satisfied some hearsay exception set forth in Rules 803 and 804 of the Federal Rules of Evidence.

Id. (citations omitted); see also United States v. Marshall, 762 F.2d 419, 428 (5th Cir. 1985) ("[R]eversible error occurred because, over defense objection, the trial court permitted a non-expert witness to give prejudicial hearsay testimony as to the contents of documents that were

---

[1] Significantly, all of Mr. Kernkraut's testimony cited by the government, Opp'n at 4 (citing Tr. (10/18/05) at 337-38), was improper and was stricken by Judge Thompson. See Tr. (11/28/05) at 44 (striking testimony at Tr. (10/18/05) at 336:01-339:09).

- 2 -

not themselves introduced into evidence, which documents, moreover, could not have been introduced without prior authentication, including a query into their trustworthiness for the purpose for which introduced.").

The government ignores the hearsay, the hearsay within hearsay, and the Confrontation Clause objections entirely. The motion should be granted for this reason alone.[2]

    2.  <u>Rules 401 and 403</u>. The motion also should be granted because testimony about the Restatement is not relevant and is likely to mislead the jury. The indictment alleges that particular SEC filings and press releases contain particular false statements. The government does not deny that its "experts could not equate any of the restated financial results with any of the quantitative assertions in the indictment." Opp'n at 5. Indeed, the government concedes that "the Restatement does not identify the particular false statements identified in Counts 2 and 3 of the indictment," and therefore, the government cannot and "will not rely on the Restatement in order to prove an allegation in the indictment that, for instance, CUC's quarterly report on Form 10-Q for the third fiscal quarter ending on October 31, 1997, 'total revenue was stated to be approximately $775 million when, in fact, total revenue was approximately $44 million less.'" Opp'n at 6. Accordingly, the government's arguments that testimony about Restatement is "relevant to prove the elements of the crimes of making false statements . . . charged in Counts 2 and 3," Opp'n 6, and to "prove that the previous financial statements were materially inaccurate," Opp'n at 4, make no sense. Permitting such testimony

---

[2]  The government argues that Mr. Forbes' points about the unreliability of the Restatement go only to the weight of the evidence, not its admissibility. <u>See</u> Opp'n at 8. To the contrary, those points also go to whether the business records exception to the hearsay rule applies, <u>see</u> Fed. R. Evid. 803(6) (business records exception not applicable if "the source of information or the method or circumstances of preparation indicate lack of trustworthiness"), and to Mr. Forbes' Rule 401 and 403 objections. In any event, the government does not even attempt to shoulder its burden to show that the business records exception applies.

on the elements of falsity and materiality would be highly misleading to the jury because the Restatement is not tied to the alleged false statements charged in the indictment and it is far greater in magnitude than those statements.[3]

Desperate to find a coherent argument as to why testimony about the Restatement is relevant, the government argues that it "is relevant to repudiate any notion that [Cendant management] failed to act responsibly and properly, and to repudiate any claim that the testimony of those persons should not be discredited based on their response to the fraud after it was disclosed." Opp'n at 9. But Mr. Forbes has never argued that Cendant management did not respond after the alleged fraud was disclosed. Accordingly, testimony about the Restatement is not relevant to repudiate this phantom argument.

3. <u>Reconsideration and Law of the Case</u>. The arguments that Mr. Forbes must seek "reconsideration" of Judge Thompson's earlier rulings, or that he must establish a basis for departing from the "law of the case," are contrary to extensive circuit court precedent concerning the renewal of arguments in criminal retrials. Not only is Mr. Forbes permitted to reassert evidentiary issues in connection with the retrial, <u>he is required to reassert his evidentiary arguments at this retrial</u> in order to preserve those issues. More fundamentally, Mr. Forbes hopes to avoid the possibility of a fourth trial by providing this Court the opportunity to correct the erroneous rulings of the first and second trials.

---

[3] The government cites cases holding that <u>as a matter of pleading in a civil case</u>, an allegation that a company restated its prior financial statements is a sufficient allegation of the falsity of those financial statements for purposes of surviving a motion to dismiss a complaint against the company and its officers. <u>See</u> Opp'n at 4-5. Those cases do not address the question presented here—the admissibility in a criminal case of a restatement issued by a third-party (particularly one that is not tied to the specific false statements charged in the indictment). Indeed, in a lawsuit against a company that made a restatement, the restatement would be admissible as a non-hearsay statement of a party-opponent. <u>See</u> Fed. R. Evid. 801(d)(2).

It is well-established that "[a] retrial following a mistrial is both in purpose and effect a new trial. Accordingly, objections made at the aborted trial have no bearing on the retrial, as the two are entirely separate affairs." United States v. Palmer, 122 F.3d 215, 221 (5th Cir. 1997). A defendant in a criminal trial, therefore, has an "obligation" to renew requests and arguments at retrial to preserve error. See id. ("Palmer had an obligation [at retrial] to reassert her severance motion in a timely fashion if she wished to preserve error.").

Numerous circuit court opinions confirm this fundamental proposition. See, e.g., United States v. Dixon, 273 F.3d 636, 639 (5th Cir. 2001) ("Because defendant did not object during his second trial to the kidnapping instruction, we review that instruction only for plain error."); United States v. Gomez, 67 F.3d 1515, 1526 n.13 (10th Cir. 1995) ("[I]t is fundamental that, in cases where a new trial has been ordered, objections made during the first proceeding do not preserve issues for appeal in the second."); United States v. Hill, 60 F.3d 672, 675 n.2 (10th Cir. 1995) (holding that defendant failed to preserve argument when he objected "during his first trial, which ended without conviction," but "failed to object to the same testimony at the second trial before the new jury that rendered the convictions Hill challenges in this appeal"); Savage v. United States, 295 F. 686, 687 (4th Cir. 1924) (declining to address objections at first trial that were not renewed at retrial and stating that "the exceptions . . . apply to the court's ruling and action at and during the first trial, when there was a disagreement of the jury, and hence are of no avail to the defendant upon the second trial"). As the First Circuit explained, the "argument that the district court's rulings at the mistrial two days earlier made objection unnecessary cannot be accepted; a rule that one objection preserves an issue during any retrials would make the domain

of a trial judge more of a mine field than ever." United States v. Mann, 590 F.2d 361, 371 (1st Cir. 1978).[4]

Although a district court may adhere to its prior rulings on retrial, it is not required to do so. See Palmer, 122 F.3d at 221; United States v. Todd, 920 F.2d 399, 404 (6th Cir. 1990). Indeed, the D.C. Circuit characterized as "baseless" the suggestion that a trial court, on retrial, must adhere to its prior evidentiary rulings. United States v. Akers, 702 F.2d 1145, 1148 (D.C. Cir. 1983).

> No doctrine of the law of the case operates under these
> circumstances. The evidentiary ruling at issue was rendered in a
> new trial which was ordered pursuant to a mistrial. When, as here,
> "the previous trial [is] a nullity," the court in the new trial tries "the
> case as if it were being tried for the first time . . . , as if there had
> been no prior trial."

Id. (emphasis and alterations in original) (footnotes omitted). The Second Circuit has declined to answer the question whether law of the case can ever be applicable in a retrial, but has explicitly upheld a district court's refusal to apply the doctrine to evidentiary rulings raised in a retrial. United States v. Williams, 205 F.3d 23 (2d Cir. 2000). There the Court explained:

> Also unavailing is Williams's assertion that the district court
> violated the law of the case by reconsidering at the second trial
> several of the evidentiary rulings it had made at the first.
> Specifically, Williams challenges certain modifications by the
> district court of its prior rulings on evidence of other crimes and
> innocent trips to Jamaica. Assuming, without deciding, that the
> law of the case doctrine even applies to mere evidentiary rulings in
> a second trial of the same case, but see United States v. Akers, 702
> F.2d 1145, 1147-48 (D.C.Cir.1983) (holding that the doctrine does
> not apply in such circumstances), we find no abuse of discretion in
> the district court's modification of its earlier rulings. The law of

---

[4] Local Civil Rule 7(c) governing motions for reconsideration includes a mandatory ten-day limit, which makes clear that it cannot apply to renewed arguments at a criminal retrial. To find otherwise would mean that every unsuccessful argument renewed on retrial would be time-barred.

> the case doctrine is, at best, a discretionary doctrine which does not constitute a limitation on the court's power but merely expresses the general practice of refusing to reopen what has been decided.

Id. at 34 (quotation omitted); see also United States v. Dovico, 261 F. Supp. 862, 869 (S.D.N.Y. 1966) ("[E]ven if we read Judge Sugarman's persuasive disposition [of the motion for a new trial] as setting a rule to be followed at the retrial, <u>we cannot conclude that it determines the law of the case concerning admissibility of evidence, such question resting in the discretion of the trial judge.</u>" (emphasis added)), aff'd, 380 F.2d 325, 326 n.1 (2d Cir. 1967).

       Notably, the Williams decision was in the context of a court at a second trial reversing prior rulings that had been <u>favorable</u> to the defendant. The need to re-evaluate in the context of a new trial the decisions that had previously been made <u>against</u> a defendant is of course even greater. For if there is reversible error in the prior record, and the issue is properly renewed in the context of a retrial, the Court must correct it without regard to "law of the case." If it did not, the Court simply would be guaranteeing another trial in the event of a conviction. It cannot be that a defendant must make a stronger showing in a trial court that a ruling is erroneous than he would have to make on appeal from a conviction.

       The Second Circuit case law cited by the government is not to the contrary, as none of these cases addresses application of the doctrine in the context of <u>evidentiary issues raised in a retrial</u>. Indeed, in United States v. Uccio, 940 F.2d 753 (2d Cir. 1991), the Second Circuit <u>rejected</u> the argument that law-of-the-case prohibited the district court from reversing an earlier ruling. The Court explained that there are various branches of the law-of-the-case doctrine, "one deals with decisions of a lower court that have been ruled on on appeal, and another deals with decisions that have not been ruled on on appeal." 940 F.2d at 757. The doctrine is binding only in the first situation, i.e., a district court cannot disregard a prior ruling of the Second Circuit. Id. A district court is free to revisit its own prior interlocutory rulings.

Although the law of the case doctrine "informs the court's discretion, [it] does not limit the tribunal's power." Id. at 758 (quotation omitted). Moreover, the district court's decision to apply the law of the case doctrine to its prior rulings is:

> informed principally by the concern that disregard of an earlier ruling not be allowed to prejudice the party seeking the benefit of the doctrine. In this context, "prejudice" does not mean harm resulting from the failure to adhere to the prior decision; "rather, it refers to a lack of sufficiency of notice" or a lack of sufficient "opportunity to prepare armed with the knowledge that the prior ruling is not deemed controlling."

Id. at 758 (citations & brackets omitted). The Second Circuit found no error in the district court's reversal of its prior ruling in favor of the defendant because Uccio had more than two weeks to submit his position in writing. Id.[5]

United States v. Quintieri, 306 F.3d 1217 (2d Cir. 2002), addressed the application of law-of-the-case after a remand for re-sentencing. The Court held that if the remand was for sentencing de novo, the defendant could raise anew an argument previously waived, but if the remand was limited, the mandatory prong of the law-of-the-case doctrine barred any new issues being raised. Thus Quintieri supports Mr. Forbes' position, not the government's, standing for the proposition that the law-of-the-case doctrine does _not_ apply to de novo proceedings such as a retrial.

United States v. Tenzer, 213 F.3d 34, 39-40 (2d Cir. 2000), involved the question of whether the Court of Appeals is bound by its own prior ruling on a motion to dismiss an indictment (a non-evidentiary matter). There, the defendant argued that new evidence indicated that the factual underpinnings of the Court's prior decision were wrong. The Court held that

---

[5] The government cannot complain that it has been prejudiced by any lack of notice. The government has had the opportunity for extensive briefing on all of the issues raised in the pretrial motions.

- 8 -

while it was not bound by its own prior ruling on an earlier appeal, under the <u>discretionary</u> prong of the law-of-the-case doctrine, it would follow its prior ruling absent compelling new evidence. Again, that case is irrelevant in the context of adverse evidentiary rulings being re-raised in a retrial. <u>United States v. Crowley</u>, 318 F.3d 401, 420 (2d Cir. 2003), involved a similar procedural posture—a defendant was re-raising a challenge to the sufficiency of an indictment on appeal, which the Second Circuit had held in a prior appeal had been waived. Notably, although the Court stated that its prior decision on waiver was governed by the discretionary prong of the law of the case, it proceeded to address the merits of the waiver issue. <u>Id.</u>

Even further afield is <u>Lillibask v. Connecticut Dep't of Educ.</u>, 397 F.3d 77 (2d Cir. 2005), which did not even involve application of law of the case by a court. In that case, the issue was whether a state administrative hearing officer's decision not to re-hear certain issues raised before the first hearing officer violated due process. <u>Id.</u> at 94. The Second Circuit held that "due process" did not require the second officer to "hear the underlying challenge herself." <u>Id.</u>  Although the Court made reference to the law of the case doctrine, it reiterated that the doctrine "is a matter of discretion." <u>Id.</u> (quotation omitted).

Most inexplicable, however, is the government's repeated reliance on <u>Chiu v. United States</u>, 948 F.2d 711, 717 (Fed. Cir. 1991). The government continues to quote the statement that "[a] successor judge steps into the shoes of his or her predecessor, and is thus bound by the same rulings and given the same freedom as the first judge," <u>e.g.</u>, Docket No. 2243 at 6 (quoting 948 F.2d at 717 (quotation omitted)), suggesting that a successor judge is completely bound and is given no freedom. <u>Chiu</u>, however, holds the opposite. The next sentences after the government's selective quotation state that:

> To the extent that a trial judge can alter a previous ruling, so too can a successor judge[.] The first judge always has the power to

> change a ruling; further reflection may allow a better informed
> ruling in accordance with the conscience of the court. A fortiori, if
> the first judge can . . . change his ruling, a second judge should
> have and does have the power to do so as well.

948 F.2d at 717 (quotation omitted & ellipse in Chiu). Based on this analysis, the court rejected the government's argument that the law of the case doctrine bound the successor judge to follow the predecessor judge's findings. Id. ("While the government urges 'law of the case' constrained him from making new findings, we disagree.").

Mr. Forbes' motions are therefore not only appropriate, but legally required in order to preserve his objections in the event of any appeal. Moreover, Judge Thompson's prior rulings challenged by these pretrial motions were erroneous, and those errors cannot be considered harmless in a case where two juries have already been deadlocked after deliberating for more than 60 days combined.

## CONCLUSION

For the reasons set forth above and in the opening memorandum, the Court should grant this motion.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

        James T. Cowdery (Bar No. ct05103)
        Thomas J. Murphy (Bar No. ct07959)
        COWDERY, ECKER & MURPHY, L.L.C.
        750 Main Street
        Hartford, CT 06103-2703
        (860) 278-5555 (phone)
        (860) 249-0012 (fax)
        tmurphy@cemlaw.com (e-mail)

        Attorneys for Walter A. Forbes

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Reply Memorandum in Support of Motion of Defendant Walter A. Forbes to Preclude Evidence Regarding Cendant's Restatement (Forbes Third Trial Motion *In Limine* No. 9) to be filed electronically and to be served on June 15, 2006 to the following via e-mail:

Norman Gross, Esq. (norman.gross@usdoj.gov)
Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S. Simon