UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> WALTER A. FORBES ) <br> ) | No. 3:02CR264 (AHN) <br><br> June 15, 2006 |

REPLY MEMORANDUM IN SUPPORT OF MOTION
OF DEFENDANT WALTER A. FORBES TO PRECLUDE THE GOVERNMENT
FROM PRESENTING ANY EVIDENCE, CROSS-EXAMINATION, OR
ARGUMENT CONCERNING THE CENDANT CLASS ACTION SETTLEMENT
(Forbes Third Trial Motion In Limine No. 13)

Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon  (Bar No. ct24159)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Oral Argument Requested

Walter A. Forbes, through undersigned counsel, respectfully submits this reply memorandum in support of his renewed motion in limine, pursuant to Fed. R. Evid. 401 and 403, to preclude the government from presenting any evidence, cross-examination, or argument concerning the settlement of a civil class action arising from alleged fraud at CUC and Cendant.

**ARGUMENT**

I. **THE CENDANT CLASS ACTION SETTLEMENT IS NOT RELEVANT TO ANY ISSUE IN THIS CASE.**

As Mr. Forbes demonstrated in his opening memorandum, the Cendant class action settlement has no relevance to the offenses charged in the indictment and proves nothing about the magnitude of actual shareholder losses caused by the alleged fraud charged in the indictment. The government does not challenge Mr. Forbes' motion on these points, and does not even address these issues in its responsive memorandum. Instead, the government (after twice conceding Mr. Forbes' prior motions in limine on this issue, see Docket Nos. 645, 1750), engages in speculation about theoretical scenarios in which it claims that the class action settlement could possibly become relevant. Opp. at 2-3. Based on these hypothetical scenarios, the government asserts that resolution of Mr. Forbes' motion is "premature," Opp. at 1.

After two lengthy trials, Mr. Forbes' motion is far from premature. The Court should reject the government's speculative theories, which are based on flawed reasoning and are highly improbable.

The first theory advanced by the government is that "if Forbes adduced evidence that Cendant had refused to acknowledge the existence of the charged fraud in this case, or had refused to acknowledge that the fraud involved many billions of dollars in losses to the victims of the fraud, evidence that Cendant settled the private lawsuits for almost $3 billion would be highly

relevant to rebut such evidence." Opp. at 2. Mr. Forbes has never adduced evidence that Cendant refused to acknowledge the existence of the charged fraud in this case, or that Cendant refused to acknowledge that the fraud caused losses to Cendant shareholders. There is no basis for the government's claim that Mr. Forbes may present evidence on these subjects. To the contrary, Mr. Forbes has moved in limine to preclude all evidence concerning losses to Cendant shareholders. See Docket No. 2266 (Forbes Third Trial Motion In Limine No. 11). The government also fails to offer any explanation as to the purported relevance of whether Cendant acknowledged the fraud or shareholder losses after the public disclosure of accounting irregularities.

The government's second relevance theory is equally flawed. According to the government, "if Forbes sought to impeach the credibility of any witnesses who previously worked for HFS before its merger with CUC to form Cendant in December 1997 on the ground that those person[s] were biased against Forbes, evidence of the settlement would arguably be relevant to give the full context of any alleged bias." Opp. at 2. But the fact that Cendant, a third-party entity, paid a certain amount to settle class action litigation brought by other third parties has no relevance to the bias of individual witnesses. Any attempt by the government to present evidence concerning the Cendant class action settlement on this basis would be a pretext for placing before the jury the highly prejudicial, and irrelevant, fact that Cendant paid $2.85 billion to settle the civil class actions. The Court should reject any such attempt by the government.

Even assuming arguendo that the amount of the Cendant class action settlement could have any possible relevance to the issue of bias, the government's theory assumes that the

government would affirmatively seek to establish the bias of its own witnesses by offering evidence to support the witness's bias against Mr. Forbes in direct examination. The only conceivable way the issue of bias could become relevant, however, is if Mr. Forbes were to cross-examine a particular witness concerning his or her bias. In that event, the government could seek permission to inquire about the matter on redirect examination. The government's speculation about Mr. Forbes' possible cross-examination, however, is not a legitimate reason to deny Mr. Forbes' motion in limine.[1]

## II. THE COURT SHOULD EXCLUDE EVIDENCE RELATING TO THE CLASS ACTION SETTLEMENT UNDER RULE 403.

Finally, the Court should preclude the government from presenting any evidence concerning the Cendant class action settlement pursuant to Fed. R. Evid. 403. As discussed above and in Mr. Forbes' opening memorandum, evidence on this subject has no probative value with respect to the charged offenses. Its prejudicial effect, and potential to confuse and mislead the jury, however, is significant. While the government asserts that any potential jury confusion could be addressed by limiting instructions, Opp. at 3, the government offers no legitimate reason for placing this information before the jury in the first place. Nor does the government describe the possible limiting instruction that could be given to cure the myriad of confusing issues that

---

[1] The government's representation that it "does not presently intend to mention the settlement during its opening statement," Opp. at 4, and that it will inform the Court and Mr. Forbes' counsel before eliciting evidence concerning the class action settlement in direct or redirect examination, id., is insufficient. The government should not raise this issue at all, and should not conduct any cross-examination on this subject or present any argument on this matter, without advance notice to Mr. Forbes and the Court.

3

would be presented by the admission of this evidence. See Opening Mem. at 5-6.[2] The government also fails to address the remaining arguments advanced by Mr. Forbes concerning the prejudicial and inflammatory effect of this evidence. See Opening Mem. at 6-7. Because this irrelevant evidence would arouse strong juror emotions about shareholder losses, and increase the risk of a verdict based on anger rather than the strength or weakness of the government's case, the Court should exclude it under Rules 401 and 403.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Mr. Forbes' opening memorandum, the Court should preclude the government from presenting any evidence, cross-examination, or argument concerning the Cendant class action settlement.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon  (Bar No. ct24159)
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

---

[2] For example, the government asserts that the class action suit was a separate proceeding and that Mr. Forbes was not a party to it. Opp. at 3. But the same alleged fraud at Cendant that is at issue in this case was at issue in the class action litigation, and a juror could well conclude that the fact of the settlement is an admission by Cendant of wrongdoing by Mr. Forbes, who had been the Chairman of Cendant.

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Reply Memorandum in Support of Motion of Defendant Walter A. Forbes to Preclude the Government from Presenting any Evidence, Cross-Examination, or Argument Concerning the Cendant Class Action Settlement (Forbes Third Trial Motion In Limine No. 13) to be filed electronically and to be served on June 15, 2006 to the following via e-mail:

        Norman Gross, Esq. (norman.gross@usdoj.gov)
        Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
        Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S. Simon