UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>WALTER A. FORBES )<br>) | No. 3:02CR264 (AHN)<br><br>June 15, 2006 |

REPLY MEMORANDUM IN SUPPORT OF
MOTION OF DEFENDANT WALTER A. FORBES
TO PRECLUDE THE ADMISSION OF THE CENDANT AUDIT
COMMITTEE REPORT AND THE MATERIALS GENERATED DURING
THE CENDANT AUDIT COMMITTEE INVESTIGATION
(Forbes Third Trial Motion In Limine No. 8)

Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon  (Bar No. ct24159)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Oral Argument Requested

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits this reply memorandum in support of his motion in limine, pursuant to Fed. R. Evid. 801 and the Confrontation Clause of the Sixth Amendment, to preclude the admission of both the Cendant Audit Committee report and the materials (including interview memoranda) generated during the course of the Cendant Audit Committee investigation.

## ARGUMENT

### I.  THE GOVERNMENT DOES NOT DISPUTE THAT THE AUDIT COMMITTEE REPORT IS INADMISSIBLE HEARSAY.

The government apparently concedes that the Audit Committee Report itself is inadmissible for the reasons set forth in Mr. Forbes' motion. See Opp. at 1. The government does not dispute that the Audit Committee Report contains multiple layers of hearsay and that it does not satisfy the business records exception to the hearsay rule because it was created in anticipation of litigation. Nor does the government deny that the Report is derived from witness interviews that are inadmissible under Crawford v. Washington, 541 U.S. 36 (2004), because they are testimonial in nature. To the contrary, the government has represented that it will not offer into evidence any of the interview memoranda generated during the course of the Audit Committee investigation during its case-in-chief. See Opp. at 1. Accordingly, the Court should preclude the government from introducing into evidence either the Audit Committee Report or the interview memoranda generated during the course of the Audit Committee investigation.

### II. THE COURT SHOULD REJECT THE GOVERNMENT'S ARGUMENTS IN SUPPORT OF THE POTENTIAL ADMISSIBILITY OF INTERVIEW MEMORANDA GENERATED DURING THE COURSE OF THE AUDIT COMMITTEE INVESTIGATION.

The government asserts that if Mr. Forbes attacks the credibility of government witnesses who participated in the CUC fraud, the government should be allowed to tell the jury that the

witness made prior consistent statements on an earlier occasion in an Audit Committee interview. Opp. at 2. This contention is entirely speculative.

First, neither Cosmo Corigliano nor Anne Pember was interviewed during the course of the Audit Committee investigation. The government will not be able to offer any purported prior consistent statements from the Audit Committee investigation in an attempt to rehabilitate either Mr. Corigliano or Ms. Pember.

Second, Kevin Kearney gave only one Audit Committee interview. Mr. Kearney has testified that he was untruthful during that interview. Tr. (8/5/04) at 9849-51. In addition, at the time of that interview, which took place after the disclosure of accounting irregularities, Mr. Kearney had a motive to fabricate in order to shift blame away from himself. Thus, it is highly unlikely that the government would seek to offer statements from that interview to rehabilitate Mr. Kearney. Compare United States v. Wilkerson, 361 F.3d 717, 725 n.3 (2d Cir. 2004) (Opp. at 2) (prior consistent statement admissible where it was made at least three years before witness had a motive to fabricate); United States v. Forrester, 60 F.3d 52, 64 (2d Cir. 1995) ("The statement must have been made before the declarant developed the alleged motive to fabricate.") (citation omitted).

The government also contends that Mr. Forbes' purported statements to the Audit Committee investigators are admissible. Opp. at 2. Mr. Forbes objects to the admission of any evidence concerning his Audit Committee interviews for the reasons set forth in Forbes (First) Trial Motion No. 45 (filed Oct. 4, 2004) (Docket No. 1248) (incorporated herein by reference); see also United States v. Almonte, 956 F.2d 27 (2d Cir. 1992) (per curiam). To the extent the government seeks to impeach Mr. Forbes with those memoranda, it is precluded from doing so.

2

The government has conceded that Audit Committee interviews are not admissible for impeachment purposes because they do not satisfy the Almonte standard for admissibility. See Docket No. 1543 at 163-64.

Finally, to the extent the government seeks to have Mr. Heckler testify about his consideration of the Audit Committee Report and the witness interview memoranda generated during the Audit Committee investigation, Opp. at 3, Mr. Forbes objects to any attempt by the government to have Mr. Heckler read into the record any portion of either the Report or any witness interview memorandum. Mr. Forbes has moved to preclude Mr. Heckler's testimony in its entirety, see Docket No. 2261. Neither the Report nor the interview memoranda are a reliable basis for Mr. Heckler's opinions. Id. In addition, any attempt by the government to have Mr. Heckler read portions of those documents into evidence would violate Mr. Forbes' Confrontation Clause rights. See id.[1]

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Mr. Forbes' opening memorandum, the Court should preclude the admission of both the Cendant Audit Committee Report and the interview memoranda generated during the course of the Cendant Audit Committee investigation.

---

[1] Mr. Forbes is not presently aware of any other materials generated during the course of the Audit Committee investigation that the government seeks to offer into evidence.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
    Brendan V. Sullivan, Jr. (Bar No. ct17115)
    Barry S. Simon  (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing Reply Memorandum in Support of Motion of Defendant Walter A. Forbes to Preclude the Admission of the Cendant Audit Committee Report and the Materials Generated During the Cendant Audit Committee Investigation (Forbes Third Trial Motion <u>In</u> <u>Limine</u> No. 8) to be filed electronically and to be served on June 15, 2006 to the following via e-mail:

    Norman Gross, Esq. (norman.gross@usdoj.gov)
    Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
    Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S. Simon