# EXHIBIT 1

NEW YORK COUNTY LAWYERS' ASSOCIATION

COMMITTEE ON PROFESSIONAL ETHICS

---

In answering questions this Committee acts by virtue of the following provision of the By-laws of the Association, Article 54, Section 3:

> "This Committee shall have power, when consulted, to advise inquirers respecting questions of proper professional conduct, reporting its action to the Board of Directors from time to time."

It is understood that this Committee acts on specific questions submitted ex parte and in its answers bases its opinion on such facts only as are set forth in the question.

Topic:  Settlement Offers
        Attorney's Obligation
        to communicate.

Digest: Attorney should
        promptly communicate
        all settlement offers
        to client.

Code:   EC7-7
        DR 5-10(A), 5-106,
        6-101(A) (3),
        7-101(a) (1) AND (3)

QUESTION NO. 667

What is the ethical obligation of an attorney to communicate an offer of settlement to a client?

All settlement offers in both civil and criminal cases should be communicated promptly to the client. The lawyer should be aware that the attorney's role in the case is to represent a client, and it therefore must be the client's decision whether to accept an offer, including whether to change his or her mind and accept a settlement previously rejected. Settlements negotiated without authority from the client have been held to be non-binding. Hallock v. State, 64 N.Y.2d 224, 230, 485 N.Y.S.2d 510, 513 (1984).

EC 7-7 is clear that "the authority to make decisions is exclusively that of the client and, . . . in civil cases, it is for the client to decide whether he will accept a settlement offer." Therefore, even where the offer is insubstantial or below what the client previously has indicated would be acceptable, EC 7-7 necessarily implies that he or she be apprised of all offers.

The client's right to decide whether to compromise cannot be effectuated without knowledge of offers to compromise made by an adversary. See EC 7-8. The client's attorney frequently is the only source of information for a client that an adversary is willing

to compromise. The attorney's failure to inform the client of such offers can effectively arrogate to the attorney the ability to reject a settlement, a right the attorney does not have absent the client's authorization.

Others who have considered this issue agree that settlement offers which are in the client's best interests must be communicated. See, e.g., N.Y. County 235 (1925); N.Y. County 236 (1926). We disagree with the concept, sometimes expressed, that it is in the first instance for the lawyer rather than the client to decide whether an offer is in the client's "best interests". See MR 1.4, Comment Para. 1.

It may be difficult at times for lawyers to separate their own pecuniary interest in the continuation of a case or a larger settlement from what is in the best interests of their clients. In some instances, in reality or appearance the attorney's interest in the attorney's compensation may "cloud his judgment as to what is best for the client". Drinker, Legal Ethics at 101-102, quoted in ABA 326, supra. See also Canon 9.

The Code does not discuss which, if any, settlement offers need not be communicated to the client. No exception is made for offers which are outside a client's previously expressed parameters. A lawyer may not "fail to seek the lawful objectives of his client", and may not refuse to settle a case to the client's advantage. DR 7-101(A) (1) and (3). The client, though, must decide whether a particular settlement is to his or her advantage. The lawyer may not arrogate to himself or herself this determination. Absent a clear indication in the Code that lawyers may unilaterally reject even inadequate offers, the requirements of EC 7-7 that the ultimate decisions in a case belong to the client should be followed. ABA 326 (1970) (". . . it is the duty of a lawyer to inform his client of every settlement offer made by the opposing party.").

In Matter of Wess, 94 A.D.2d 356, 464 N.Y.S.2d 227 (2d Dep't 1983), the Court stated:

> ... the following charges of misconduct: (1) failure to commence negligence actions on behalf of six clients and failure to prosecute an action on behalf of a seventh, thereby causing such claims to be time barred, failure to respond to the legitimate inquiries of his clients, and failure to advise a client of a settlement offer; (2) failure to file formal retainer statements in two actions in derogation of section 691.20 of the rules of this court; and (3) failure to co-operate with the petitioner Grievance Committee in its investigation of the above charges. (Emphasis added.)

and then it held:

> ... We find the respondent guilty of the aforementioned misconduct....

To the extent that N.Y. County 235 and 236, supra, differ from this opinion, they are overruled.

Dated: April 5, 1988.