UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) ) | No. 3:02CR264 (AHN) |
| WALTER A. FORBES. | ) ) ) | July 7, 2006 |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION OF
WALTER A. FORBES FOR LEAVE TO ISSUE
RULE 17(C) SUBPOENAS TO COSMO CORIGLIANO, KRAMER LEVIN,
FRIED FRANK, NEIL CARTUCIELLO, CRYSTAL JOURNEY CANDLES
AND THE SEC
(Forbes Third Trial Motion No. 4)**

WILLIAMS & CONNOLLY LLP
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

COWDERY, ECKER & MURPHY, L.L.C.
James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

*Attorneys for Walter A. Forbes*

The Court expressed concern during the oral argument heard on June 30, 2006 that in order to determine whether the Rule 17(c) subpoenas sought to be served by Mr. Forbes were appropriate, the Court would have to first make a determination of admissibility as to each document sought by the subpoenas. Tr. 6/30/2006 at 92-93; 110-112; 123-124. The Court's concern appears to have been in response to the erroneous statements by counsel for Mr. Corigliano that evidence has to be admissible, not potentially admissible, in order to be procurable through a Rule 17(c) subpoena:

> The evidence has to be admissible. Not potentially admissible. Not possibly admissible, but admissible. That's what Nixon said. That's what the Marchiso [sic] case in our circuit said. That's what the cases say. They are not in the papers. I'm not trying to bring new cases. I was reading the Libby stuff. There has been a discovery issue there and the judge in that case quoted that Nixon had to be admissible.

Tr. 6/30/2006 at 84. See also id. at 111. In fact, neither the Supreme Court nor the Second Circuit has stated that the trial court must make a finding of admissibility prior to allowing material to be subpoenaed under Rule 17(c). To the contrary, Nixon itself recognized that the evidentiary requirement can be satisfied even if the pre-requisites to admissibility are not yet established, and ultimately may not be established, when it held that the tapes at issue (and any other memoranda or writings "relating to" the identified meetings)[1] were subject to subpoena even though the specific contents were unknown, and their admissibility could not possibly have been definitively determined:

> The most cogent objection to the admissibility of the taped conversations here at issue is that they are a collection of out-of-court statements by declarants who will not be subject to cross-examination and that the statements are therefore inadmissible hearsay. Here, however, most of the tapes apparently contain

---

[1] See subpoena at issue in Nixon, attached as Exhibit A hereto.

>conversations to which one or more of the defendants named in the indictment were a party. The hearsay rule does not automatically bar all out-of-court statements by a defendant in a criminal case. Declarations by one defendant <u>may also be admissible</u> against other defendants <u>upon a sufficient showing</u>, by independent evidence of a conspiracy among one or more other defendants and the declarant and if the declarations at issue were in furtherance of that conspiracy. Recorded conversations <u>may also be admissible</u> for the limited purpose of impeaching the credibility of any defendant who testifies or any other coconspirator who testifies. Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial. Here, however there are other valid <u>potential evidentiary uses</u> for the same material, and the analysis and possible transcription of the tapes may take a significant period of time. Accordingly, we cannot conclude that the District court erred in authorizing the issuance of the subpoena duces tecum.

<u>United States v. Nixon</u>, 418 U.S. 683, 700 (1974) (internal citation omitted) (emphasis added).

And in <u>Marchisio</u>, although the court stated that "the document sought must at that time meet the tests of relevance and admissibility," that statement must be read in the context of the facts of the case – a request for a memorandum <u>prepared by a witness who did not testify</u>. <u>United States v. Marchisio</u>, 344 F.2d 653, 669 (2d Cir. 1965). Indeed, the Court recognized that the document could have been secured through a Rule 17(c) subpoena once another witness's testimony made it relevant: "Although the document later became relevant, because of [one defendant's] testimony during the trial, appellants did not renew their request for its production when afforded an opportunity to do so." <u>Id</u>. Thus <u>Marchiso</u> is consistent with the majority of cases addressing the use of Rule 17(c) subpoenas to secure impeachment material – that is, that such subpoenas are generally inappropriate pre-trial, when it is not yet known whether a particular witness will testify, but appropriate for securing documents during the trial after the evidentiary issue has ripened by the witness taking the stand. <u>See</u> <u>infra</u> at pp.4-5.

That the Court need not make a definitive determination of admissibility as to each document sought through issuance of a Rule 17(c) subpoena is firmly established in the

case law. The Supreme Court has explained that Rule 17(c) does not require "that the materials thus subpoenaed must actually be used in evidence. It is only required that a <u>good-faith effort be made to obtain evidence</u>." <u>Bowman Dairy Co. v. United States</u>, 341 U.S. 214, 219-20 (1951) (emphasis added), quoted in <u>Nixon</u>, 418 U.S. at 699, n.11. Moreover, the chief innovation of Rule 17(c) was to permit pre-trial inspection of documents "for the purpose of course of enabling the party <u>to see whether he can use it</u> or whether he wants to use it." <u>Id</u>. at n.5 (quoting Member of the Advisory Committee) (emphasis added). There would be no need for such an inspection if the Court has already made an admissibility determination.

> Indeed, as many courts have recognized, a contrary rule would be impractical:
>
> Although it is difficult to predict in advance of trial which documents will be held admissible, defendants correctly point out that surveillance reports are at least <u>potentially admissible</u> pursuant to Rule 803(5) of the Federal Rules of Evidence as a recorded recollection and arguably pursuant to Rule 803(6). The surveillance reports sought might also form the basis for eliciting certain testimony at trial. Accordingly, I conclude that defendants have established that the documents they seek are "evidentiary" as required by <u>Nixon</u>.

<u>United States v. Orena</u>, 883 F. Supp. 849, 868 (E.D.N.Y. 1995) (emphasis added). Contrary to the oral argument of counsel for Mr. Corigliano, Tr. 6/30/2006 at 84, the court applied this same line of logic in <u>United States v. Libby</u>, Case Nos. 06-123, 06-126, 06-128, 06-169, 2006WL1453084, *3 (D.D.C. May 26, 2006). There, the court explicitly recognized that "it will often be difficult at the pretrial stage to determine with precision the admissibility of certain documents; therefore, if a document is <u>arguably</u> relevant and <u>admissible</u> under the Rules of Evidence, the <u>Nixon</u> 'evidentiary' requirement is likely satisfied." <u>Id</u>. (emphasis added). <u>Accord</u> <u>United States v. Shinderman</u>, Case No. 05-67-P-H, 2006 WL 1677404, *3 (D. Me. June 16, 2006) (applying a "sufficient likelihood" of admissibility standard). <u>See also</u> <u>United States v.</u>

3

Gogel, 19 F.R.D. 107, 108 (S.D.N.Y. 1956) (Rule 17(c) to be used to obtain "<u>possible</u> evidence") (emphasis added); United States v. Layton, 90 F.R.D. 514 (N.D. Ca. 1981) (tapes procurable because they were "<u>likely</u> to be admissible") (emphasis added).

That the Second Circuit also requires only that documents be <u>potentially</u> admissible in order to be procurable through a Rule 17(c) subpoena is evidenced by the fact it has previously approved the use of a Rule 17(c) subpoena to obtain such documents. For example, in In re Irving, 600 F.2d 1027, 1034 (2d Cir. 1979), the defendants sought to subpoena union authorization cards – membership applications executed by employees as a showing of interest in having a particular union represent them – in order to defend against charges arising from allegations that the defendants had improperly interfered with one union's attempts to represent certain employees. The Second Circuit approved of the use of a Rule 17(c) subpoena to obtain the cards, even though the cards would be admissible only if certain circumstances came to pass: "<u>If the cards are in fact forged or otherwise fraudulent</u>, they <u>may</u> provide the defendants with a basis for asserting an entrapment defense. Additionally, the defendants could certainly utilize the cards in attempting to impeach [the union president's] credibility. . . . We conclude that the requirements of Rule 17(c) were satisfied." (emphasis added). Thus, as the Court expressly recognized, the actual admissibility of the union authorization cards sought in Irving could not be determined until it was known that the documents were in fact fraudulent, or until the relevant witnesses in fact took the stand. Nonetheless, the Second Circuit approved of the use of a Rule 17(c) subpoena to obtain them.

The plethora of case law establishing that prior statements of a witness can be secured through a Rule 17(c) subpoena once it is certain that the witness will testify confirms this principle. <u>Such documents are not admissible until the witness has had an opportunity to explain</u>

4

or deny the statements contained therein. Fed. R. Evid. 613. Thus their admissibility can never be certain at the time the documents are sought by subpoena. Nonetheless, it is well recognized that such documents are procurable through Rule 17(c) subpoenas. See, e.g., United States v. Compton, Nos. 93-1649, 93-1712, 1994 WL 328303, at *3 (6th Cir. July 1, 1994) (subpoena "reasonably calculated to produce impeachment materials"); United States v. LaRouche Campaign, 841 F.2d 1176, 1180 (1st Cir. 1988) (enforcing subpoena seeking materials for "sole purpose of impeaching [government witness] at trial"); United States v. Martin Marietta Corp., 856 F.2d 619, 621-22 (4th Cir. 1988) ("interview notes, transcripts, and electronic recordings" reflecting witness statements are "evidentiary"); United States v. Silverman, 745 F.2d 1386, 1397 (11th Cir. 1984) (subpoenaed materials "clearly possessed evidentiary potential for impeachment purposes") (emphasis added); Fryer v. United States, 207 F.2d 134, 137 (D.C. Cir. 1953) ("[S]tatements by the witnesses, which might have been introduced for impeachment purposes, were clearly 'evidentiary,' as Bowman requires."); United States v. Shackney, 31 F.R.D. 550, 552 (D. Conn. 1962) (enforcing subpoena for documents that might be used for impeachment); United States v. Libby, Case Nos. 06-123, 06-126, 06-128, 06-169, 2006WL1453084, *3 (D.D.C. May 26, 2006) ("documents sought pursuant to a Rule 17(c) subpoena can be deemed admissible for a variety of purposes, including impeachment"); United States v. Shinderman, Case No. 05-67-P-H, 2006 WL 1677404 (D. Me. June 16, 2006) (holding that impeachment evidence is procurable through a Rule 17(c) subpoena, and its pretrial disclosure is within the discretion of the court); United States v. King, 194 F.R.D. 569, 574 (E.D. Va. 2000) (impeachment evidence procurable before trial where it is known with certainty that a witness will be called to testify); United States v. Messino, 882 F. Supp. 115, 115-16 (N.D. Ill. 1995) (defendant "entitled to subpoena [impeachment] material under Rule 17(c)" including

5

"reports of interview" when witness testifies at trial); <u>United States v. Myerson</u>, 684 F. Supp. 41, 45-46 (S.D.N.Y. 1988) (interview notes are "evidentiary").

       Thus the case law makes clear that the assertions of counsel for Mr. Corigliano are wrong. The Court need not make an admissibility determination as to each and every document sought by the subpoenas Mr. Forbes seeks to issue. Rather, if the documents are <u>potentially admissible</u> – a standard that Mr. Forbes readily meets, as demonstrated in his prior pleadings addressed to this motion – then the "evidentiary" standard of <u>Nixon</u> is satisfied.

       Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

                      James T. Cowdery (Bar No. ct05103)
                      Thomas J. Murphy (Bar No. ct07959)
                      COWDERY, ECKER & MURPHY, L.L.C.
                      750 Main Street
                      Hartford, CT 06103-2703
                      (860) 278-5555 (phone)
                      (860) 249-0012 (fax)
                      tmurphy@cemlaw.com (e-mail)

                      Attorneys for Walter A. Forbes

Dated: July 7, 2006