UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :

          v.                      :    Criminal No. 3:02CR264(AHN)

WALTER A. FORBES                  :

RULING ON MOTIONS FOR LEAVE TO ISSUE RULE 17 SUBPOENAS
AND MOTION TO QUASH

     Presently before the court are the motions of defendant,
Walter A. Forbes ("Forbes") for leave[1] to issue Fed. R. Crim. P.
17(c) subpoenas to (1) Cendant Corporation ("Cendant") [doc. #
2184]; (2) Cosmo Corigliano, Kramer Levin, Fried Frank, Neil
Cartuciello, Crystal Journey Candles, and the SEC [doc. # 2186],
(3) Ernst & Young [doc. # 2166], (4) Anne Pember, Casper
Sabatino, and Kevin Kearney [doc. # 2165].  Also before the court

---

     [1]Leave of court is required because this court adopted Judge
Thompson's findings and order pertaining to Forbes's excessive
and improper use of Rule 17(c) subpoenas directed to third
parties and entered an order requiring Forbes's counsel, before
serving a Rule 17(c) subpoena on any third party, to file a
signed certification affirming first, that after adequate
investigation counsel reasonably believes (i) that the subpoena
was being issued in good faith, (ii) that it calls for documents
that will be admissible into evidence -- indicating generally
what category of admissible evidence, and (iii) that the court
has not already quashed a prior subpoena demand that called for
the identical or substantially similar documents or otherwise
precluded the admission into evidence of such documents; and
second, that to the extent Forbes wishes to reissue a Rule 17(c)
subpoena for documents where the court has already quashed a
prior subpoena demand that called for identical or substantially
similar documents, he shall move for reconsideration of the
court's order specifying the bases on which he believes
reconsideration is warranted.

are Forbes's motion for leave to issue trial testimony subpoenas to James Kidney and Thomas Newkirk [doc. # 2164] and the SEC's motion to quash Rule 17 trial testimony subpoenas already served by Forbes.  The identical issues raised by these motions were previously considered and decided by Judge Thompson.

Because Forbes has presented no cogent or compelling reason why this court should deviate from Judge Thompson's previous rulings, and because he has presented no new arguments that convince the court to do so, the court adheres to Judge Thompson's well-reasoned and correct decisions.

Under the law of the case doctrine, courts are understandably reluctant to reopen a ruling once made, especially when one judge or court is asked to consider the ruling of a different judge or court.  See 18B Charles Allan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478, at 637 (2d ed. 2002).  Thus, when a court has ruled on an issue, that decision should generally be adhered to in subsequent stages in the same case.  See United States v Uccio, 940 F.2d 753, 758 (2d Cir. 1991).  While the law of the case doctrine is discretionary and does not constitute a limitation on this court's power, it does express the general practice of refusing to reopen what has been decided absent cogent and compelling reasons such as an intervening change of controlling law, new evidence, or the need to correct a clear error or prevent

-2-

manifest injustice.  See United States v. Quintieri, 306 F.3d
1217, 1225 (2d Cir. 2002); United States v. Tenzer, 213 F.3d 34,
39-40 (2d Cir. 2002) (noting that the law of the case doctrine
does not bind an appellate court with the same rigidity as it
binds a district court); United States v. Williams, 205 F.3d 23,
34 (2d Cir. 2000).  See generally 18B Wright & Miller, Federal
Practice and Procedure § 4478.

In light of the foregoing, and after carefully considering
Forbes's arguments in support of the subpoenas, the court rules
as follows with regard to the specific categories of documents
that Forbes seeks to obtain from the third parties and the
subpoenas for the trial testimony of SEC staff members:

A.  Subpoena To Cendant

1.  Documents Relating to Legal Fees & Expenses Paid to
    Government Witnesses & Scott Forbes's Severance
    Agreement

The court agrees with Judge Thompson that pre-trial
production of these documents is not necessary for the proper
presentation of Forbes's defense and that, if a proper foundation
is laid on cross examination of each witness, production of the
documents during trial would not cause any delay.  Moreover,
because it appears that Forbes has already obtained or will
obtain the requested information from three of the witnesses
themselves, there is no need to burden Cendant for the same
information.  As to the other potential witnesses, Cendant should

-3-

not be burdened with a demand to produce such information until
and if the witnesses are called to testify and the required
foundation is laid for the admission of such extrinsic evidence.

As to the request for Scott Forbes's severance agreement,
the court agrees with Judge Thompson that evidence of any
benefits conferred on him by Cendant might be relevant and
admissible as evidence of possible bias. However, the court will
not require advance production of the severance agreement, but
will revisit this request if and when this witness is called by
the government at trial and a proper foundation is laid for
admission of the document.

2. Documents Relating to Cendant's "Lobbying Efforts"

The court agrees with Judge Thompson that these requests are
"as broad as any request for production in a civil case could be
and that, contrary to the spirit and purpose of Rule 17(c), . . .
the [subpoena is] aimed at obtaining discovery." Moreover,
Forbes has not shown that the documents he seeks would be
admissible as evidence at trial.[2] Accordingly, the documents are

---

[2]The court notes Forbes's disagreement with Judge Thompson's
rejection of his arguments that Nixon's admissibility requirement
merely means that, to be obtainable under Rule 17(c), a document
need only have "evidentiary value," i.e., be useful for forming a
good faith basis for a cross-examination question, and need only
be "at least potentially admissible." This court is also not
persuaded by his arguments. To the contrary, the court agrees
with Judge Thompson's construction of Nixon's admissibility
requirement as well as the construction given by the court in
United States v. Libby, 2006 WL 1453084 (D.D.C. May 26, 2006).
In the words of the Libby court, Rule 17(c) subpoenas "may be

not obtainable pursuant to Rule 17(c).

    3. <u>Original Documents</u>

The renewed request for original documents is denied as moot in light of Cendant's representation that the original documents cannot be located.

    4. <u>Emails</u>

The request for emails is also denied as moot in light of Cendant's representation that all relevant and responsive emails have been produced.  Cendant will not be required to undertake another burdensome and expensive search of its back-up tapes on the slim chance that any responsive email might be found, let alone be admissible at trial.

    B. <u>Subpoena to Cosmo Corigliano, Kramer Levin, Fried Frank, Neil Cartuciello, Crystal Journey Candles, & the SEC</u>

         1. <u>Requests Previously Allowed</u>

Forbes is entitled to supplemental production from Corigliano, Kramer Levin, and Fried Frank relating to the current balance of the legal retainers and an update of the amount of fees advanced to Corigliano by Cendant.  However, in light of the representations of Kramer Levin and Fried Frank that they will provide this information to Forbes in letter form, there is

_____

used solely to secure specifically identified evidence for trial that is relevant and admissible," <u>id.</u> at *5, and that "the Supreme Court in <u>Nixon</u> has made clear that documents should only be produced pursuant to Rule 17(c) if they are <u>admissible</u>."  <u>Id.</u> at *9 (emphasis in original).

no need for Forbes to subpoena the documents and thus the motion as to these documents is denied as moot.

        With regard to documents relating to dates of meetings since the 2005 trial, the motion is also denied in light of the representation that there are no responsive documents.

### 2.  Requests Previously Not Allowed

#### a.  Correspondence With the SEC & the U.S. Attorney's Office Concerning the SEC

The court agrees with Judge Thompson's reasons for disallowing the subpoena for these documents.  In particular, because these documents were prepared and signed by Corigliano's counsel, they would not be Corigliano's statements and thus would not be admissible to impeach him by contradiction or prior inconsistent statement, and also that Corigliano cannot be held accountable for the accuracy or completeness of the information given to the SEC by his attorneys.  The court also agrees with Judge Thompson that injecting into the trial evidence of the discussions and negotiations between Corigliano's counsel and the SEC would result in a distracting and irrelevant mini-trial.

#### b.  Documents Copied to Corigliano

Judge Thompson found that Forbes's demand for these documents was a broad, non-specific "all documents" fishing expedition for the sole purpose of obtaining material to impeach Corigliano on collateral matters and constituted an improper attempt to pry into the attorney-client relationship and fish

around to see what might turn up.  This court agrees.

     c. <u>Budget & Living Expenses & Other Financial</u>
       <u>Information Corigliano Provided to Counsel</u>

   The court does not find that these documents are relevant to
the issue of benefits Corigliano received from the government or
the SEC or that they would be admissible at trial.  As Judge
Thompson ruled, benefits the government permitted Corigliano to
enjoy are reflected in the periodic reports sent by Corigliano's
counsel to the SEC, all of which have been provided to Forbes.
It was clear to Judge Thompson that Forbes was seeking this type
of correspondence between Corigliano and his counsel solely with
a view to finding support for a back-door attack on his
credibility.  Forbes has not presented any argument to convince
this court otherwise.

   This court is also not persuaded by Forbes's arguments that
Corigliano's counsel were mere conduits, that these documents are
not protected by the attorney-client privilege, or that they show
Corigliano breached his plea agreement.

     d. <u>September 2003 Asset Information</u>

   Forbes has not shown how these documents would be relevant
and admissible.  Further, it appears that he is on a fishing
expedition for documents that could be used only improperly to
attempt to impeach Corigliano's testimony concerning his beliefs
about the value of his assets.  In addition, as already noted,
the court finds no merit to Forbes's argument that Corigliano's

attorneys were mere conduits.  Consistent with Judge Thompson's
conclusion with regard to Forbes's demand for this information,
this court also concludes that Forbes is improperly attempting to
pry into the attorney-client relationship, fish around to see
what might turn up, and gain access to privileged and
confidential client-to-attorney communications and attorney work-
product, all for the improper purpose of hoping to find something
he could use to impeach Corigliano on a collateral issue.

### e.  Receiver Documents

These overbroad requests also constitute a classic fishing
expedition.  The court agrees with Judge Thompson that Forbes has
not demonstrated how any such documents that might turn up if
such a fishing expedition were allowed would be anything other
than inadmissible double or triple hearsay and thus not
admissible at trial.

### f.  Retainer Agreements

Judge Thompson correctly noted that, while it was clear that
a right to receive legal services valued up to a certain amount
was a benefit that Forbes was entitled to put before the jury, it
was unclear how a retainer agreement could be proof of that
benefit.  It was also clear to Judge Thompson that these
documents were not admissible as prior inconsistent statements
that could be used as impeachment and that Forbes only wants them
to use as a back-door attack on Corigliano's credibility.  Judge

Thompson was not wrong.

Anything other than the balance of the retainers as of the time of the SEC settlement and the time of trial was not admissible and thus is not properly the subject of a Rule 17(c) subpoena.

With regard to the new request for the date a portion of the retainer was returned to Corigliano, Forbes has not show how such information would be relevant and admissible and thus the request to serve a subpoena for such information is denied.



g.  Communications Between Kramer Levin & Corigliano Between April 1998 & January 2000 & Kramer Levin's Proffer Sessions with the Government

The court agrees with Judge Thompson that these demands do not satisfy <u>Nixon</u>'s admissibility requirement.  As Judge Thompson correctly noted, presentations by an attorney to the government are not admissible unless they contain statements explicitly made or adopted by the client, and thus as Judge Thompson correctly concluded, attorney notes or memoranda that were never adopted by Corigliano were simply not statements attributable to him and thus not admissible at trial.

This court also concludes, as did Judge Thompson, that these documents are privileged and that Forbes has not made the required preliminary showing of probable cause to warrant further inquiry into the crime-fraud exception to the attorney-client privilege.

<u>                    </u>h.  <u>Polygraph-Related Documents</u>

Forbes's motion to issue a subpoena to obtain polygraph-related documents is denied.  As Judge Thompson noted, questions the polygraph examiner asked, the answers Corigliano gave, any conclusions the polygraph examiner reached, and anything else Corigliano might know about the polygraphs as well as the work of the polygraph examiner in general, would all be protected by the attorney-client privilege.

<u>          </u>     i.  <u>Post 2004-Trial Communications Relating to the Government & Benefits</u>

In light of the representations of Kramer Levin and Corigliano that they are not aware of any such documents in their possession, this request is denied as moot.

Moreover, Forbes has not shown that any such documents, even if they existed, would be evidentiary and relevant or that his demands are anything other than a general "fishing expedition."

j.  <u>Crystal Journey Candle Documents</u>

These demands also constitute a classic fishing expedition. Moreover, Forbes already has the information relating to the salary and benefits this company has paid and is paying to Corigliano and his father.  Further, as Judge Thompson noted, it is unclear how any salary or benefit paid to Corigliano and his father would be a benefit conferred by the government.

<u>                    </u>k.  <u>Credit Card Statements April-July 2004</u>

Forbes has received information showing the Corigliano

family's total expenditures during this period and this request
is merely an unreasonable and unnecessary fishing expedition into
Corigliano's finances and as such, the request for such documents
is denied.

     C.  <u>Subpoena to Ernst & Young</u>

Forbes is correct that no additional arguments would
persuade this court to rule differently than Judge Thompson with
regard to these documents.  Accordingly, the motion for leave to
serve the subpoena is denied.

    D.  <u>Subpoena to Anne Pember, Casper Sabatino & Kevin Kearney</u>

      1.  <u>Requests Previously Allowed</u>

In light of Pember's representation that she will provide,
in letter form, the dates of any meetings she has had with the
government since the last trial and the total amount of legal
fees and expenses advance to date by Cendant, the motion is
denied as moot.

Similarly, the motion for leave to serve the subpoenas on
Kearney and Sabatino are also denied as moot in light of their
representations that they will provide Forbes with a letter
stating the total amount of legal fees and expenses advanced by
Cendant.

      2.  <u>Requests Previously Not Allowed</u>

Forbes is correct that he could present no additional
arguments that would convince this court to rule differently than

Judge Thompson and the motion to subpoena these documents is denied.

_____E.  Subpoena to James Kidney & Thomas Newkirk

The motion to serve Rule 17 trial testimony subpoenas to Kidney and Newkirk is granted.  However, Forbes is cautioned that this court will not, as Judge Thompson would not, permit him to turn his trial into an improper mini-trial on the issue of Corigliano's benefits through the testimony of these individuals or otherwise.  The trial testimony elicited by Forbes from these witnesses shall be restricted and tailored to the same narrowly-circumscribed, non-cumulative questioning relating to what benefits (and the value of such benefits) Corigliano received as a result of his budget and settlement agreements in an attempt to establish bias or improper motive to testify falsely, and not as a back-door attack on his credibility.  Consistent with Judge Thompson's prior rulings, this court will not allow Forbes to use these witnesses to put before the jury the negotiations between Corigliano's counsel and the SEC regarding the budget and settlement agreements, Forbes's interpretation of the agreements between Corigliano and the SEC, to argue that there were any side agreements, or to attack the credibility of the government.[3]

---

[3]More particularly, this court adopts Judge Thompson's order with regard to the permitted scope of Forbes's questioning of these SEC witnesses.  Specifically, Forbes is "permitted to inquire as to the terms of the SEC settlement with Corigliano and also as to what expenses, if any, Corigliano was permitted to pay

F.  SEC's Motion to Quash Subpoenas

        The SEC's motion to quash the trial testimony subpoenas already issued to four SEC staff members (Frohlich, Paszamant, Greiner and Markel) is denied.  The testimony of these witnesses, however, shall be subject to the constraints of Fed. R. Evid. 403, shall be narrowly circumscribed, and will only be permitted if a proper foundation is laid.  The court will not allow Forbes to use these witnesses to collaterally impeach the credibility of any government witness.

CONCLUSION

        For the foregoing reasons, Forbes's motions for leave to issue Rule 17(c) subpoenas [doc. ## 2184, 2186, 2166, 2165] are DENIED.  Forbes's motion for leave to issue trial testimony subpoenas to Kidney and Newkirk [doc. # 2164] is GRANTED.  The SEC's motion to quash [doc. # 2277] is DENIED.

        SO ORDERED this 25th day of July, 2006 at Bridgeport, Connecticut.

                        /s/_____
                            Alan H. Nevas
                        United States District Judge

_____

out of the assets of which he had a direct or indirect beneficial interest on March 31, 2004, but solely for the purpose of identifying what benefits were received by Corigliano.  He will not be permitted to inquire as to other areas, nor will he be permitted to inquire in [sic] the two permissible areas in order to support his attack on Corigliano's credibility or to attack the credibility of the government."