UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AHN) |
| | : | |
| v. | : | August 22, 2006 |
| | : | (UNDER SEAL) |
| WALTER A. FORBES | : | |

**OPPOSITION OF THE UNITED STATES TO
FORBES' MOTION FOR LEAVE TO FILE SUPPLEMENTAL
MEMORANDUM IN FURTHER SUPPORT OF HIS THIRD TRIAL MOTION NO. 3
(FILED UNDER SEAL)**

**(Related to Forbes Third Trial Motion In Limine No. 3)**

Despite extensive briefing and oral argument on this motion, Forbes now seeks leave to file a supplemental 8-page memorandum in support of his motion to compel the Government to immunize Stuart Bell. (Forbes Third Trial Motion No. 3, August 16, 2006 filing). Forbes' latest submission should be rejected because it is predicated on a new decision -- <u>United States v. Ebbers</u>, __ F.3d. __, 2006 WL 2106634 (2d Cir. 2006) -- which confirms that the Government properly declined to immunize Bell in this case. Following <u>Ebbers</u>, there is <u>still</u> not a single case in which the Court of Appeals has authorized the compelled immunity of a defense witness in this Circuit.

In <u>Ebbers</u>, the Court of Appeals first held that review of a district court's decision not to compel the Government to immunize a proposed defense is for "abuse of discretion" only.

2006 WL 2106634 at *6-7. Applying that standard, the Ebbers Court held that the district court properly exercised its discretion by refusing to compel the Government to immunize any of the three proposed defense witnesses in that case, all of whom would have provided helpful testimony to the defense, even though other persons received partial grants of immunity from the Government and testified as prosecution witnesses. Id. at *9.[1]

Ebbers' claim was similar to but more compelling than Forbes' claim here: that the Government engaged in selective immunization of witnesses, which was "aggravated . . . by the government's eliciting hearsay testimony from immunized witnesses of [three] non-immunized witnesses on a co-conspirator theory."

---

[1] Because the holding of Ebbers contradicts Forbes' claim, he relies solely on dicta from that case. Even the Ebbers dicta, however, cuts against Forbes. The Ebbers Court did not alter the established and very stringent requirements for compelled immunity of a defense witness. Id. at *7. Those requirements are so stringent that they have never been met in this Circuit. The Ebbers Court spoke only hypothetically that "in an extreme case, a court might hold that the absence of the non-immunized witness caused the Government's case to fall short of proof beyond a reasonable doubt." Id. at *8 (emphasis added).

This Court is well aware of the stringent test that governs a defendant's demand that the Government immunize a witness. Indeed, the Second Circuit affirmed this Court's denial of such a request in United States v. Diaz, 176 F.3d 52, 115 (2d Cir. 1999), which decision Ebbers relied upon and quoted repeatedly. Ebbers, 2006 WL 2106634, at *8. Not even Ebbers presented such an extreme case, however. As shown herein, Ebbers' claim was stronger than Forbes'.

Id. at *6.[2]  Forbes cannot meaningfully distinguish the holding of Ebbers from this case.

In Ebbers, the Government declined to immunize three defense witnesses who had been interviewed by Government investigators. Id. at *8-9.  Ebbers possessed "reports of" those interviews and drew "upon them to give factual support to his selective immunization claim." Id. at *9, n.1.  Although the Second Circuit rejected Ebbers' selective immunization claim because none of the proposed testimony "affected the mix of evidence before the jury," the Court added that "the immunity decisions" arguably "were consistent with legitimate law enforcement concerns." Id. at *9.  As the Ebbers Court explained, in some cases "the immunity decisions in question are so obviously based on legitimate law enforcement concerns . . . that it is clear that a court cannot intervene without substantially hampering the administration of justice." Id. at *8.

This is just such a case.  Unlike the putative defense witnesses in Ebbers, Bell has refused to be interviewed by the Government, the Cendant Audit Committee Investigators, or, apparently, even Forbes' own attorneys.  The Government has a legitimate and compelling interest in interviewing witnesses who

---

[2] Thus, Ebbers' claim mirrors Forbes' contention that, if this Court declines to compel the Government to immunize Bell, it should preclude the Government from presenting evidence from the immunized witnesses about Bell's involvement in the charged fraud.  The Second Circuit effectively rejected that claim in Ebbers, and this Court should reject it in this case.

3

may have knowledge about a massive securities fraud.  See United States v. Williams, 205 F.3d 23, 29 (2d Cir. 2000) ("[t]he right to present a defense, and its concomitant right to compulsory process . . . are subject to countervailing public interests," including "preventing perjury and investigating past criminal conduct") (internal quotation marks and citations omitted).

If, as here, a witness refuses to speak with Government investigators even under a proffer agreement about the fraud and whether he had any role in it, the Government cannot be faulted for declining to offer that witness immunity.  Not even the Government should be compelled "to 'buy a pig in a poke.'" United States v. Fronk, 173 F.R.D. 59, 68 (W.D.N.Y. 1997); see United States v. Gallo, 859 F.2d 1078, 1088 (2d Cir. 1988) (Van Graafeiland, J., concurring) (when weighing whether to confer immunity, "[t]he prosecutor and Attorney General can make this balance effectively only if they are familiar with the facts on both sides of the balancing scale").

In addition, Forbes cannot show that Bell's supposed testimony would "'tend[] to show that the accused is not guilty.'"  Ebbers, 2006 WL 2106634, at *8 (quoting United States v. Gil, 297 F.3d 93, 101 (2d Cir. 2002)).  Indeed, the same kinds of reasons advanced by Forbes to show that Bell would supposedly exculpate Forbes were found to be an insufficient basis for compelled immunity in Ebbers.  Id. at *9-10.  Forbes claims that Bell's testimony would contradict Corigliano's testimony that

4

Bell participated in the fraud. The principle prosecution witness in the Ebbers case was Scott Sullivan. Like Corigliano, Sullivan was a CFO who participated in the public dissemination of his company's fraudulent financial statements in order to meet Wall Street analyst targets. Ebbers claimed that, if immunized, the Chief Operating Officer of WorldCom, Beaumont, would have contradicted Sullivan's testimony that Beaumont had been aware of the fraud while it was on-going. Id. at *9-10.

The Second Circuit rejected the claim, finding that Beaumont's self-serving testimony would not have been persuasive to the jury. Additionally, Beaumont's proposed testimony would have contradicted Sullivan and exonerated Beaumont, but would not have exonerated Ebbers. For that reason as well, the district court properly declined to compel the Government to immunize Beaumont. Id. at *10. Precisely the same analysis obtains here, as the Government has previously shown. See also id. at *11 (noting that "self-serving" testimony from another proposed defense witness who would have contradicted Sullivan but not exculpated Ebbers did not mandate compelled immunity).[3]

---

[3] The only new development presented by Forbes' most recent submission is his belated "agree[ment] with the Government that the Court should determine whether Mr. Bell has a valid Fifth Amendment privilege." Proposed Supplemental Brief at 7. During the first and second trials, Forbes declined to ask Judge Thompson to make a finding (based on an in camera submission by Bell) that Bell does not "reasonably believe[] that the information sought, or discoverable as a result of his testimony, could be used in a subsequent state or federal criminal

(continued...)

5

**CONCLUSION**

The Government respectfully requests that Forbes's Motion to file a supplemental memorandum in further support of his Third Trial Motion No. 3 be denied.

> Respectfully submitted,
>
> CHRISTOPHER J. CHRISTIE
> Special Attorney
> U.S. Department of Justice
>
> *Norman Gross/s*
> NORMAN GROSS
> Federal Bar Number 24933
> MICHAEL MARTINEZ
> Federal Bar Number phv0243
> MARK E. COYNE
> Federal Bar Number phv01079
> Special Attorneys
> U.S. Department of Justice
> 970 Broad Street, Room 700
> Newark, New Jersey 07102
> Tel:  (973) 645-2700
> Fax:  (973) 645-2857

Newark, New Jersey
Date:  August 22, 2006

---

[3] (...continued)
proceeding." United States v. Balsys, 524 U.S. 666, 672 (1998). If Forbes truly wants Bell's testimony, he should subpoena Bell to testify at trial and ask this Court to "conduct the necessary particularized inquiry" into whether Bell has "a legitimate fear of prosecution." United States v. Tutino, 883 F.2d 1125, 1139 (2d Cir. 1989).

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on this day I caused to be served a copy of the Opposition of the United States to Forbes' Motion for Leave to File Supplemental Memorandum in Further Support of His Third Trial Motion No. 3 (FILED UNDER SEAL)to be served via email on:

Barry S. Simon, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005-5901
(202) 434-5005
bsimon@wc.com


                                            *Norman Gross/s*
                                            NORMAN GROSS


Dated:   August 22, 2006
        Camden, New Jersey