UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AHN) |
| | : | |
| v. | : | September 7, 2006 |
| | : | |
| | : | |
| WALTER A. FORBES | : | |

**GOVERNMENT'S PRELIMINARY PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS
FOR THE THIRD TRIAL REGARDING CONSCIOUS AVOIDANCE**

CHRISTOPHER J. CHRISTIE
NORMAN GROSS
MICHAEL MARTINEZ
CRAIG CARPENITO
MARK E. COYNE
Special Attorneys
U. S. Department of Justice
970 Broad Street
Room 700
Newark, N.J.  07102
(973) 645-2701

**INTRODUCTION**

The Government previously advised the Court and defense counsel that, as in the second trial in this case, the Government would not seek a conscious avoidance instruction for the third trial. Since that time, the Court of Appeals for the Second Circuit affirmed the district court's decision to give a conscious avoidance instruction in United States v. Ebbers, __ F.3d __, 2006 WL 2106634 (2d Cir. 2006), based on evidence that is substantially similar to the evidence that may be adduced during the third trial in this case, possibly during the defense case.[1] Consequently, the Government wishes to reserve the right to seek a conscious avoidance instruction in the third trial, and may request such an instruction if the evidence supports such an instruction. In order to preserve that option, the Government explains herein why such an instruction would be proper.

---

[1] At the Government's urging, and over the objections of both defendants, Judge Thompson gave a conscious avoidance instruction during the first trial. On appeal, Forbes' co-defendant E. Kirk Shelton has challenged the sufficiency of the evidence to support the conscious avoidance instruction. United States v. E. Kirk Shelton, Second Circuit Docket No. 05-4342. The Government has vigorously defended the instruction on appeal.

Before the second trial, in which Forbes was the only defendant, the Government elected not to request a conscious avoidance instruction in order to focus on its principal argument that Forbes had actual and direct knowledge of the fraud. Although the Government previously decided, before the Ebbers case was decided by the Court of Appeals, not to seek a conscious avoidance instruction for the third trial, the decision in Ebbers could provide strong support for a conscious avoidance instruction in this case, depending on the evidence that is presented during the third trial.

**A CONSCIOUS AVOIDANCE INSTRUCTION MAY BE SUPPORTED BY THE ANTICIPATED EVIDENCE AND THE <u>EBBERS</u> DECISION.**

Ebbers, like Forbes, was the CEO of a large corporation which had falsely inflated its earnings in order to meet Wall Street targets. Like Forbes, Ebbers denied that he had any knowledge of any fraud in his company's publicly reported earnings. Denial of knowledge is the first of two requirements for a conscious avoidance instruction. The second is evidence from which the jury could find beyond a reasonable doubt that the defendant was aware of a high probability of the existence of a particular fact and deliberately declined to take steps to conclusively learn that fact. <u>United States v. Aina-Marshall</u>, 336 F.3d 167, 171 (2d Cir. 2003).

In <u>Ebbers</u>, the Court of Appeals concluded that the district court properly instructed the jury that it could find that the defendant consciously avoided knowledge that the publicly disclosed financial statements were materially false based on, *inter alia*, the defendant's own testimony that:

> he attended some of the [meetings at which the false financial statements were discussed], that he read the preliminary and final [reports regarding the company's revenues], and that he went to [other meetings at which the plan to falsify the financial statements were discussed] with [cooperating co-conspirator] Sullivan and [another high ranking corporate official]. [Ebbers] also testified to practices that would allow a jury to find that he was consciously avoiding information: using a procedure for signing documents he didn't bother to read in full, including the 10-Ks, and tossing the management budget variance report in the trash without reading it.

Ebbers, 2006 WL 2106634 at *14.

In this case, Forbes has repeatedly denied any knowledge of the charged fraud, thereby meeting the first prong of a conscious avoidance instruction. E.g., First Trial Transcript ("FTTr.") 13537-49. Forbes argued that the evidence presented during the first trial was insufficient to establish the second requirement for a conscious avoidance instruction. Following briefing and extensive argument on the issue, Judge Thompson rejected Forbes' argument and elected to give the instruction. FTTr. 16171-74, 16202-25.

Forbes has previously testified in this case that (like Ebbers) he signed annual reports on SEC Form 10K without reading those documents, relying on "other persons" to insure their accuracy. FTTr. 13671-78, 14083-14106, 14115-57. Forbes further testified that he was present during meetings when CUC's "forecasted financial results" were discussed, and when documents prepared by co-conspirator Cosmo Corigliano regarding those forecasted results were present. FTTr. 13977, 14171-81, 14184. Forbes testified that he did not read those documents. FTTr. 14175. Corigliano has testified that those documents, which Corigliano described as "cheat sheets," described various aspects of the charged fraud in this case.[2]

---

[2] Corigliano periodically updated the "cheat sheet," a one page summary of CUC's fraudulent inflation of its financial results. FTTr. 6279-6307, 6319-23, 6564. The cheat sheet

3

If the third trial evidence supports a conscious avoidance instruction, the Government may request that this Court give such an instruction during its final charge. In that event, the Government will request an instruction that is substantially similar to the conscious avoidance instruction given by Judge Thompson during the first trial. Such an instruction would be as follows:

> Knowledge on the part of a defendant, including the defendant's knowledge of the alleged objects of the alleged conspiracy, can also be proven pursuant to the doctrine of conscious avoidance. In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious to him. However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish or mistaken.
>
> Thus, if you find that the government has proven beyond a reasonable doubt that the defendant was aware that there was a high probability that any of the publicly reported financial results of CUC or Cendant were materially false and fraudulently inflated and that the defendant deliberately and consciously avoided learning the truth, then you may find that the defendant acted knowingly. However, if you conclude that the defendant actually believed that CUC's and Cendant's publicly reported financial results were not materially false or fraudulently inflated, he may not be convicted.

---

typically listed the operating companies of CUC, their current revenues and earnings, their projected revenues and earnings, and excess merger reserves that could be used as a "plug" or "cookie jar" to meet earnings targets. FTTr. 6195-96, 6206-08, 6224-30, 6298-99, 6457, 6500-01, 6556, 6590-6604. Corigliano also created more detailed schedules which segregated the legitimate components of the merger reserves from the "cushions" that were used to fraudulently inflate earnings. FTTr. 6705-13, 6859-76.

>     I also instruct you that the doctrine of conscious
> avoidance may not be used to establish that a defendant
> acted willfully, to establish that a defendant acted
> with the requisite intent, to establish any element of
> conspiracy other than the element of knowledge, or to
> establish any aspect of aiding and abetting.

**Sources:** United States v. Walter Forbes and E. Kirk Shelton, FTTr. 16300-01, 16322-23;[3] Sand and Siffert, Modern Federal Jury Instructions (Criminal), Instruction 3A-2 ("Conscious Avoidance, Deliberately Closing Eyes"); see also United States v. Abreu, 342 F.3d 183, 187 (2d Cir. 2003); United States v. Schultz, 333 F.3d 393, 413 (2d Cir. 2003); United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1195-96 (2d Cir. 1989); United States v. Feroz, 848 F.2d 359, 360-61 (2d Cir. 1988).

Based on Forbes' testimony during the first trial and other

---

[3] During the first trial, Judge Thompson adverted to the conscious avoidance doctrine during two different parts of his final charge: once during his instructions regarding the conspiracy count, FTTr. 16300-01, and once during his instructions mail and wire fraud, FTTr. 16322-23. Judge Thompson incorporated by reference the conscious avoidance instructions during his charge on the false statement counts, FTTr. 16340, and on the securities fraud counts, FTTr. 16366.

Although the Government dismissed the mail and wire fraud counts before the second trial, the Government is proceeding against Forbes during the third trial, as it did in the second, on charges of conspiracy, false statements to the SEC, and securities fraud. The conscious avoidance instruction pertains to proof of the defendant's knowledge, which is an element of each of the crimes charged in the existing, redacted indictment. Given the commonality between the knowledge element at issue during the first trial and this third trial, the Government proposes that, for the third trial, this Court combine those portions of the final charge from the first trial into the single instruction set forth above.

evidence, Judge Thompson properly concluded that the totality of the evidence supported a conscious avoidance instruction. Ebbers confirms the correctness of Judge Thompson's decision. Depending on the evidence adduced during the third trial, including the testimony of defendant Forbes, if any, there may well be no meaningful difference between the evidence supporting a conscious avoidance instruction in Ebbers and the evidence supporting such an instruction in this case. In that event, since the instruction was properly given there, it could properly be given here. The Government therefore requests that the Court leave open the possibility of instructing on conscious avoidance until the close of the evidence.

**CONCLUSION**

The Government respectfully requests that this Court leave open until the close of the evidence the decision about whether to instruct the third trial jury on conscious avoidance.

                              Respectfully submitted,

                              CHRISTOPHER J. CHRISTIE
                              Special Attorney
                              U.S. Department of Justice

                              *Norman Gross/s*

                              NORMAN GROSS
                              Federal Bar Number 24933
                              MICHAEL MARTINEZ
                              Federal Bar Number PHV0423
                              MARK E. COYNE
                              Federal Bar Number PHV01079
                              Special Attorneys
                              U.S. Department of Justice
                              970 Broad Street
                              Room 700
                              Newark, N.J.  07102
                              (973) 645-2701

Newark, New Jersey
Date: September 7, 2006

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on this day I caused to be served a copy of the Government's Preliminary Proposed Supplemental Jury Instructions for the Third Trial Regarding Conscious Avoidance:

Barry S. Simon, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005-5901
(202) 434-5005
bsimon@wc.com


*Norman Gross/s*
NORMAN GROSS

Dated: September 7, 2006
      Camden, New Jersey