UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WALTER A. FORBES. | )<br>)<br>)<br>)<br>)  No. 3:02CR264 (AHN)<br>)  September 8, 2006<br>)<br>) |

**Motion of Walter A. Forbes to Admit Government Admissions**
**(Forbes Motion in Limine No. 25)**

Walter A. Forbes, through undersigned counsel, respectfully moves for an order acknowledging that the government's representations as to what certain witnesses said during interviews with the government – set forth in letters to defense counsel – are admissions of a party-opponent, and therefore that the relevant portions of the statements can be read into the record should they be inconsistent with the witnesses' testimony.

**BACKGROUND**

The government initially purported to fulfill its Brady obligations by producing some (but not all) of the notes taken during witness interviews. In or about April 2003, however, the government elected to begin submitting letters purporting to summarize any Brady information learned during witness interviews in lieu of the interview notes themselves. These letters typically state that the witness "indicated" certain facts to the government. See, e.g., Exhibit 1 hereto. Mr. Forbes seeks to read some of these representations as to statements made by witnesses into the record when appropriate for impeachment purposes. For

Oral Argument Requested

example, according to the government's correspondence, Mr. Sabatino has indicated during government interviews that "Walter Forbes was a visionary, a large picture person, not a financial guy. . . . He was hands off, asleep as far as details." Ex. 1 at ¶ 4. Hypothetically, should Mr. Sabatino deny that Walter Forbes was a visionary during his trial testimony, or attempt to describe Mr. Forbes as a "detail oriented guy," and deny any recollection of saying the opposite during his interviews with the government, the defense would seek to read this paragraph into the record as an admission by the government that in fact Mr. Sabatino stated just the opposite to the prosecuting attorneys.[1]

## ARGUMENT

Mr. Forbes does not seek to admit the witnesses' statements to the government for the truth of the matter asserted. Rather, he seeks only to admit them as prior inconsistent statements for impeachment. Thus the witnesses' statements themselves are not hearsay, Fed. R. Evid. 801 (defining hearsay to include only those statements offered for the truth of the matter asserted). Nor are the government's letters hearsay because they constitute admissions of a party-opponent.

Admissions of a party-opponent are not subject to the hearsay rule. Fed. R. Evid. 801(d)(2). Under this rule, a party is bound not only by its own

---

[1] Of course, only that portion of the letter which is inconsistent with the witness's statement should be read to the jury. The fact that one portion of a letter may be read into the record as an inconsistent statement by the witness does not open the door to the government reading into the record the remaining portions of the letter, summarizing the witness's statements on other topics.

2

statements, but often, also those of its counsel. United States v. GAF Corporation, 928 F.2d 1253, 1259 (2d Cir. 1991) ("statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney") (internal citations omitted). The Second Circuit has focused on three factors when determining whether a statement by counsel should be treated as a party-admission: (1) the prior statement must involve "an assertion of fact inconsistent with similar assertions in a subsequent trial;" (2) the court must determine that the statements were the "equivalent of testimonial statements" by the client; and (3) the court must determine that the inference the proponent of the statement "seeks to draw from the inconsistency is a fair one and that an innocent explanation for the inconsistency does not exist." United States v. McKeon, 738 F.2d 26, 33 (2d Cir. 1984).

Applying these factors, the Second Circuit has found numerous statements by government counsel to constitute admissions of a party-opponent, including statements made during opening and closing arguments in a related case, United States v. Salerno, 937 F.2d 797, 810-12 (2d Cir. 1991), rev'd on other grounds, 505 U.S. 317 (1992); statements made in pleadings, Andrews v. Metro-North, 882 F.2d 705 (2d Cir. 1989); and statements made in a bill of particulars, GAF Corporation, 928 F.2d at 1260 ("[w]e think that the same considerations of fairness and maintaining the integrity of the truth-seeking function of trials that led this Court to find that opening statements of counsel and prior pleadings

3

constitute admissions also require that a prior inconsistent bill of particulars be considered an admission by the government in an appropriate situation").

Here, there can be no dispute that the statements in question are assertions of fact: the statements purport to indicate what was said by certain witnesses during their interviews with the government. See, e.g., Exhibit 1 at pp.1-2 ("Please be advised that Casper Sabatino has indicated: 1. He did not recall any substantial adjustments prior to his beginning to attend quarterly meetings and did not recall that he was aware of a desired earnings per share number prior to attending his first quarterly meeting with Cosmo Corigliano.") Nor should there be any dispute that the statements are equivalent to testimonial statements of a client. The letters were written pursuant to the government's Brady obligations, and they constitute proffers of evidence, based on the knowledge of the prosecuting attorneys. See United States v. Paloscio, Case No. 99CR1199(LMM), 2002 WL 1585835 (S.D.N.Y. July 17, 2002) (finding that the government's affidavits and letters to the Court constituted admissions of a party opponent because, inter alia, the statements were "testimonial since they are proffers of evidence, based on the knowledge of investigating officers.") Finally, the inference to be drawn from the inconsistencies is a fair one as Mr. Forbes seeks to read the statements into evidence only for purposes of impeachment when the statements are contrary to the testimony of a witness. Thus, each of the three factors set forth by the Second Circuit compels admission of the statements at issue.

## **CONCLUSION**

For the foregoing reasons, Mr. Forbes respectfully requests that the Court permit the defense to read to the jury those portions of the government's letters that indicate that witnesses' prior statements to the government are inconsistent with those witnesses' trial testimony.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: September 8, 2006

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Motion of Walter A. Forbes to Admit Government Admissions (Forbes Motion *in Limine* No. 25) to be filed electronically and to be served on September 8, 2006 to the following via e-mail:

Norman Gross, Esq. (norman.gross@usdoj.gov)
Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

Barry S. Simon