UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AHN) |
| | : | |
| | : | |
| | : | |
| v. | : | September 8, 2006 |
| | : | |
| | : | |
| | : | |
| WALTER A. FORBES | : | |

OPPOSITION OF THE UNITED STATES TO FORBES' MOTION
TO PRECLUDE REFERENCES TO WHO WILL SENTENCE COSMO
CORIGLIANO, ANNE PEMBER AND CASPER SABATINO

(Opposition to Forbes Third Trial Motion In Limine No. 24)

Introduction

Defendant Forbes once again asks this Court to reconsider and reject a ruling by Judge Thompson. Forbes nitpicks that cooperating witnesses should be required to refer to "the sentencing judge" instead of this Court when testifying about who will sentence them. Forbes' brief, however, merely regurgitates arguments already rejected by Judge Thompson. There is no basis to reconsider Judge Thompson's ruling, which has become law of the case. See, e.g., Lillbask v. Conn. Dept. of Educ., 397 F.3d 77, 94 (2d Cir. 2005); United States v. Crowley, 318 F.3d 401, 420 (2d Cir. 2003).[1] That ruling was entirely correct.

---

[1] A reconsideration motion will be denied unless the "moving party can point to controlling decisions or data that the court overlooked." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993), aff'd, 33 F.3d 50 (2d Cir. 1994).

**Argument**

Prior to the second trial, Forbes filed a motion seeking exactly the same limitation that he seeks here -- his forty-fifth pretrial motion concerning the third trial.[2]  Judge Thompson denied the motion, explaining:

> evidence that a cooperating witness knows that his sentence will be determined by the same judge who actually hears his testimony live and in person is relevant and admissible to establish a motive for the witness to testify truthfully. . . . What is at issue is what the witness understands about the sentencing process, not what the judge decides about a witness's credibility.

Docket 1840, at 1 (internal quotation marks omitted) [Exhibit A hereto].[3]  Squarely rejecting the very Rule 401 and Rule 403 arguments that Forbes advances here, Judge Thompson also ruled that it was perfectly proper to elicit Anne Pember's identification of Judge Thompson by name as the "sentencing judge" whom

---

[2] To date, Forbes has filed 23 "motions in limine" and 12 "trial motions," one of which "incorporates by reference" 11 motions he filed in connection with the first two trials.

[3] During the first trial, Judge Thompson ruled that Forbes' previous objection in this regard lacked legal support.  FTTr. 16041-16046.  Judge Thompson also denied Forbes' motion for a mistrial based on the Government's remark that the cooperating witnesses would be sentenced by this Court following their testimony in this case.  FTTr. 71-74, 79.  Judge Thompson nonetheless expressed a preference that he not be mentioned personally as the United States District Court judge who will impose sentence.  FTTr. 16032.  In Docket 1840, Judge Thompson reconsidered his previous inclination to preclude mention of exactly who will impose sentence on the cooperating witnesses.

Pember then expected would sentence her. Id.[4] Armed with Judge Thompson's ruling, during the second trial, the Government again elicited testimony from cooperating witnesses concerning their understanding of Judge Thompson's role in determining their sentences. E.g., STTr. 833, 1458-1459.

By asking this Court to overrule Judge Thompson, Forbes also asks this Court to depart from Second Circuit law holding that the Government may permissibly inform the jury during summation, following an attack on the credibility of a witness who is testifying pursuant to a cooperation agreement, that pursuant to the terms of the agreement, the witness will be sentenced by the same judge before whom the witness testified. In United States v. Miller, 116 F.3d 641, 682-83 (2d Cir. 1997), the Second Circuit expressly approved a prosecutor's statement that the trial judge will impose the appropriate sentence on a cooperating witness at some time after the witness's testimony is concluded.

Obviously, vouching for the witness is prohibited, and the Government cannot imply that the trial judge believes the witness's testimony. Miller, 116 F.3d at 683. In this case, however, the Government seeks merely to prevent Forbes from confusing the jury about whether a cooperating witness who commits perjury during the trial can do so with impunity so long

---

[4] The Government posed similar questions during the first trial to Casper Sabatino and Cosmo Corigliano. FTTr. 4190, 7506-7507, 9455.

as the Government does not complain.  During the first trial,
defense counsel made precisely that "impunity" claim during
summation.  FTTr. 15153.  As the Government explained:

> Mr. Sullivan has told this jury that a [cooperating
> witness] can get on the stand without fear that anyone
> will ever do anything about it, has told the jury that
> they have no power.  The word "power" comes <u>from Mr.
> Sullivan's closing remarks</u>, Your Honor.

FTTr. 16043 (emphasis added).  Moreover, Forbes' voluminous
papers and garrulous arguments are replete with accusations that
the Government and the SEC have allowed Corigliano to breach his
plea agreement and lie with impunity.  Defense counsel has even
argued that Corigliano "sold his soul to the government,"
6/20/06 Tr. at 96, and that "[t]he government rarely will go
after somebody who is cooperating with them," 7/27/06 Tr. at 119.

The jury should not be left with an erroneous impression
that the Government alone will determine the sentence that the
cooperating witnesses will receive, or that any of the cooperat-
ing witnesses' testimony at this trial will have no impact on
their sentences because those sentences will be imposed by a
judge who is unfamiliar with that testimony.[5]  Under <u>Miller</u>, it

---

[5] <u>See</u> <u>United States v. Valdez</u>, 225 F.3d 1137, 1141 (10th
Cir. 2000) (affirming rejection of proposed charge that was
"potentially confusing and misleading with regard to the prosecu-
tor's authority to reduce the witnesses' sentences"); <u>United
States v. Garcia Abrego</u>, 141 F.3d 142, 153 n.2 (5th Cir. 1998)
(affirming rejection of "proposed instruction" that "could have
given the jury the mistaken impression that the prosecutor
actually possesses the authority to reduce the sentences of
government witnesses").

is proper for the Government to demonstrate to the jury whether the cooperating witnesses in this case know that their sentences will be determined by the same judge who actually hears their testimony live and in person because this bears on the witnesses' motive to testify truthfully.  An instruction that the jurors are the sole judges of the credibility of witnesses, and that the Court has no role in that assessment for purposes of determining the proper verdict, will dispel any possible notion of the jurors that this Court has made any credibility findings that are somehow relevant to the verdict.

## Conclusion

Accordingly, the Government respectfully requests that this Court deny Forbes' Third Trial Motion in Limine No. 24.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice


_____

NORMAN GROSS
Federal Bar Number 24933
MICHAEL MARTINEZ
Federal Bar Number phv0243
MARK E. COYNE
Federal Bar Number phv01079
Special Attorneys
U.S. Department of Justice
970 Broad Street, Room 700
Newark, New Jersey 07102
Tel:  (973) 645-2700
Fax:  (973) 645-2857

Newark, New Jersey
Date:  September 8, 2006

**EXHIBIT A**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this day I caused to be
served a copy of the Opposition of the United States to Forbes'
Motion to Preclude References to Who Will Sentence Cosmo
Corigliano, Anne Pember and Casper Sabatino (Opposition to
Forbes' Third Trial Motion in Limine No. 24) via email on:

> Barry S. Simon, Esq.
> Williams & Connolly LLP
> 725 Twelfth Street, N.W.
> Washington, D.C.  20005-5901
> (202) 434-5005
> bsimon@wc.com

_____
MARK E. COYNE


Dated:  September 8, 2006
        Camden, New Jersey