UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,    )
)
v.    )
)    No. 3:02CR264 (AHN)
WALTER A. FORBES.    )    September 8, 2006
)
)

## MOTION OF WALTER A. FORBES TO AMEND THE COURT'S ORDER GOVERNING THE ISSUANCE OF RULE 17 SUBPOENAS, DOCKET NO. 2195
### (Forbes Third Trial Motion No. 14)

Walter A. Forbes, through undersigned counsel, hereby moves to amend that

portion of the Court's Order of March 31, 2006, Docket No. 2195, which requires that Mr.

Forbes file a certification or motion with the Court, with notice to the government (and in some

instances, notice to counsel for Mr. Corigliano), prior to issuing certain subpoenas under Fed. R.

Crim. P. 17.  Mr. Forbes continues to maintain that the Order is an unconstitutional infringement

on his Sixth Amendment rights, and should be vacated altogether, but recognizes that the Court

has previously denied Mr. Forbes' motion to vacate.  In light of the denial of that Motion, Mr.

Forbes hereby moves that the Court take the lesser step of amending its Order to permit any

certifications or motions required by the Court's Order to be filed ex parte in order to avoid

revealing trial strategy to the government.  The Court is now familiar with the parties' positions

on the legal issues with respect to the service of subpoenas duces tecum, see Forbes Third Trial

Motion Nos. 4-8, and Oppositions thereto, and has heard argument on many of the critical issues

in the case.  See Tr. of June 30, 2006 and July 27, 2006.  Thus the Court is now in a position to

evaluate certifications and motions concerning subpoenas without requiring pre-trial disclosure

of the defendant's trial theories and strategies to the government.

As discussed in Forbes Third Trial Motion No. 10, the Compulsory Process Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI.  More than a century ago, Chief Justice Marshall held that the right of compulsory process includes the right to secure papers, in addition to the testimony of witnesses.  See United States v. Burr, 25 F. Cas. 30, 34-35 (C.C.D. Va. 1807).

The limitations imposed by the Court infringe upon this Sixth Amendment right of Mr. Forbes.  The need to disclose to the government (and in some cases to counsel for Mr. Corigliano) the fact that Mr. Forbes seeks certain documents, and the reasons therefore, requires Mr. Forbes to prematurely disclose contemplated defense evidence or potential areas of cross-examination of government witnesses.  Accordingly, Mr. Forbes respectfully requests that the Court permit motions required by its Order governing Rule 17(c) subpoenas to be filed, at least initially, ex parte.[1]  Cf. Fed. R. Crim. P. 17(b) (permitting subpoenas to be issued to named witnesses upon the ex parte application of a defendant demonstrating his inability to pay the witness fee).  See also United States v. Meriwether, 486 F.2d 498, 506 (5th Cir. 1973) (ex parte rule for trial subpoenas "intended to shield the theory of [the] defense from the prosecutor's scrutiny"); United States v. Tomison, 969 F. Supp. 587, 595 (E.D. Cal. 1997) (Rule 17 "should be interpreted to provide for ex parte applications in situations . . . where the defendant seeks to serve a subpoena duces tecum for the pre-trial production of documents on a third party, and cannot make the required showing without revealing trial strategy"); United States v. Beckford, 964 F. Supp. 1010, 1027 (E.D. Va. 1997) ("Forcing any defendant to confront the choice

---

[1] If after ex parte review the Court finds that disclosure to the government is necessary, the Court can then require the defense to elect between providing a copy of the pleading to the government or having the motion denied or the certificate rejected.

between issuing a pre-trial subpoena duces tecum and disclosing his defense to the Government places an unconstitutional limitation on the defendant's right to compulsory process. . . . [T]he Sixth Amendment supplies justification for interpreting Rule 17(c) to permit ex parte procedures respecting the issuance of pre-trial subpoenas duces tecum [when] a defendant would be required to disclose trial strategy, witness identities or attorney work-product to the Government in his pre-issuance application."); United States v. Reyes, 162 F.R.D. 468, 470 (S.D.N.Y. 1995) (listing a variety of factors in favor of ex parte applications for pretrial Rule 17(c) subpoenas, including the fact that "a party may have to detail its trial strategy or witness list in order to convince a court that the subpoena satisfies the Nixon standards of specificity, relevance, and admissibility").

## CONCLUSION

For the foregoing reasons, Mr. Forbes respectfully requests that the Court amend its Order of March 31, 2006, governing subpoenas, Docket No. 2195, to permit the defense, at least initially, to submit any required motion or certificate to the Court ex parte and under seal.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

3

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated:  September 8, 2006

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing Motion of Walter A. Forbes to Amend

the Court's Order Governing the Issuance of Rule 17 Subpoenas, Docket No. 2195 (Forbes Third

Trial Motion No. 14) to be filed electronically and to be served on September 8, 2006 to the

following via e-mail:

> Norman Gross, Esq. (norman.gross@usdoj.gov)
> Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
> Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

and to be sent on September 8, 2006 to the following by Fed Ex:

Gary P. Naftalis, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036

_____

Barry S. Simon