UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>WALTER A. FORBES )<br>) | No. 3:02CR264 (AHN)<br><br>September 8, 2006 |

**OBJECTIONS OF WALTER A. FORBES TO THE COURT'S
PRELIMINARY PROPOSED JURY CHARGE**

Walter A. Forbes, through undersigned counsel, respectfully submits his objections to the Court's preliminary proposed jury charge.

**ARGUMENT**

On September 1, 2006, the Court informed the parties that it preliminarily intended to give the same charge that Judge Thompson gave after the second trial. Mr. Forbes restates and incorporates by reference his objections contained in the Final Objections of Walter Forbes to the Court's Final Jury Instructions (filed Dec. 7, 2005) [Docket No. 2022]. In addition, Mr. Forbes writes separately to supplement those objections.

1. Mr. Forbes supplements his objections insofar as the Court refuses to implement the changes to which the government agrees. See Docket No. 2374, at 1, 10, 33, 39, 41, 45-46, 47, 48-49, 50, 51, 64, 65, 67, 69, 73, 74, 77, 84, 86, 95, 99, 111.

2. Mr. Forbes supplements his objections regarding the defendant's testimony, see Instruction No. IV(T), as follows. Based on the Second Circuit's decision in United States v. Gaines, 457 F.3d 238 (2d Cir. 2006), the Court should not give a separate instruction regarding the defendant's testimony. If the Court does give a

separate instruction, it should use the specific language recommended by the Second Circuit in Gaines. There, the Second Circuit reversed a conviction based on an instruction regarding the defendant's testimony that diluted the presumption of innocence. The Court stated that "[a] defendant's credibility is better addressed by reference in the court's general instructions as to all witnesses. We would prefer that the defendant not be singled out." Id. at 247 (quotation omitted). The Second Circuit recommended that when a defendant has testified, the general charge on witness credibility be "modified to tell the jury to evaluate the defendant's testimony in the same way it judges the testimony of other witnesses." Id. at 249. "If for some reason, an additional free-standing charge on the defendant's testimony is deemed appropriate," the Second Circuit recommended specific language. Id.

        3.     Mr. Forbes supplements his objections regarding the repeated instructions on proof of intent, see, e.g., II(C)(2)(b), as follows. An instruction that "[d]irect proof of knowledge and intent is almost never available" is incorrect and impermissibly dilutes the government's burden of proof beyond a reasonable doubt and the presumption of innocence. The Court's jury instructions should not provide excuses for the government's lack of evidence, including its complete lack of documentary evidence, but neutrally should explain matters of proof in the general charge on direct and circumstantial evidence.

> The presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law. To implement the presumption, courts must be alert to factors that may undermine the fairness of the fact-finding process. In the administration of criminal justice, courts must carefully guard against dilution of the principle that guilt is to be established beyond a reasonable

doubt.

Gaines, 457 F.3d at 245 (quotations omitted). Like the instruction in Gaines that impermissibly singled out the defendant's credibility for special treatment, the repeated instruction on proof of intent impermissibly dilutes the government's burden of proof and the defendant's presumption of innocence by isolating the most hotly contested issue in the case. See Docket No. 2374, at 2 (government argument that "this case turns largely on a single issue: whether Forbes knew about and participated in the fraud"). Furthermore, the instruction puts the imprimatur of the Court behind the government's total lack of documentary evidence as well as the scant "proof" that it has presented. Mr. Corigliano's testimony, though false, constitutes direct evidence of knowledge and intent. In this context, the proposed instruction suggests that this is a rare case in which direct evidence exists, and that the government's case is, therefore, particularly convincing.

      4.     Mr. Forbes supplements his objections regarding the proof of conspiracy, see Instruction No. II(C)(2)(a), on the same grounds as stated in the preceding paragraph. The instructions should not comment on the relative availability of direct evidence, and instructions on proof should be included in the general charge on direct and circumstantial evidence.

      5.     Mr. Forbes supplements his objections regarding the failure to instruct on Generally Accepted Accounting Principles, see Forbes Instr. Nos. 29, 36, 50, 56, 66, 72, as follows. Although United States v. Ebbers, __ F.3d __, No. 05-4059, 2006 WL 2106634 (2d Cir. July 28, 2006), held that it was not necessary to prove a GAAP violation in that case, the indictment there "did not allege that the underlying accounting was improper under GAAP." Id. at *14. In contrast, the present indictment is predicated on alleged violations of GAAP.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (ct17115)
Barry S. Simon (ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (ct05103)
Thomas J. Murphy (ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Objections of Walter A. Forbes to the Court's Preliminary Proposed Jury Charge to be filed electronically and to be served on September 8, 2006 to the following via e-mail:

>Norman Gross, Esq. (norman.gross@usdoj.gov)
>Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
>Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S. Simon