UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AHN) |
| | : | |
| v. | : | September 11, 2006 |
| | : | |
| WALTER A. FORBES | : | |

**OPPOSITION OF THE UNITED STATES TO FORBES' MOTION
TO ADMIT PURPORTED "GOVERNMENT ADMISSIONS"**

(<u>Opposition to Forbes Third Trial Motion In Limine No. 25</u>)

Argument

Defendant Forbes' latest motion <u>in limine</u> -- his forty-sixth of forty-eight pretrial motions concerning the third trial[1] -- is foreclosed by settled law.  Forbes contends that <u>Giglio</u> letters summarizing information obtained during interviews of prosecution witnesses should be admitted into evidence as prior inconsistent statements to impeach those witnesses to the extent that their testimony is contradicted by any statements in the letters.  A witness, however, may not be impeached by a mere "summary" of his prior statement unless the witness "endorses" the summary or the summary is a verbatim transcript of the witness's statement. <u>United States v. Almonte</u>, 956 F.2d 27, 29 (2d Cir. 1992) (per curiam); <u>see</u> <u>United States v. Leonardi</u>, 623 F.2d 746, 757 (2d

---

[1] To date, Forbes has filed 24 "motions in limine" and 14 "trial motions," one of which "incorporates by reference" 11 motions he filed in connection with the first two trials.

Cir. 1980); cf. Palermo v. United States, 360 U.S. 343, 350 (1959) (it would be "grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations").

For example, in Almonte, the Court of Appeals affirmed the district court's denial of a defense request to impeach the testimony of a DEA agent with a memorandum written by an AUSA. 956 F.2d at 29-30. Similarly, in Leonardi, the Court of Appeals affirmed the denial of a defense request to impeach the testimony of a prosecution witness with an FBI agent's "written statement" concerning that witness's interview. 623 F.2d at 757. Like the Giglio letters in this case, the AUSA memorandum in Almonte and the written FBI agent statement in Leonardi were merely "summary characterizations[s] of a witness's prior statement," 956 F.2d at 29, and "did not purport to memorialize all of" the declarants' statements, 623 F.2d at 757. Accordingly, just like the summaries in Almonte and Leonardi, the Giglio letters here "are irrelevant as an impeaching prior inconsistent statement, and thus inadmissible." Almonte, 956 F.2d at 29; accord United States v. Schoenborn, 4 F.3d 1424, 1429 n.3 (7th Cir. 1993) (quoting Almonte with approval).

Calling the Giglio letters "Government Admissions" does not affect this analysis. To take Forbes' own example, if the author of the April 11, 2003 Giglio letter is called as a witness at

2

trial and denies that Casper Sabatino ever said that Forbes was "not a financial guy," the portion of the Giglio letter that contradicts this testimony might be admissible as a prior inconsistent statement of the AUSA, assuming Forbes satisfies the requirements of Rules 401, 403, and 613.  But unless and until Forbes meets his "burden of proving that" the April 11, 2003 Giglio letter "reflect[s]" Sabatino's "own words rather than the [author's] characterization," the letter is not admissible to impeach Sabatino.  Almonte, 956 F.2d at 29.

Finally, the party-opponent cases cited by Forbes say nothing to the contrary.  They all concern prior representations by Government (or private) counsel to a court or a jury that contradict later representations by that counsel to the same or another court or jury.  United States v. Salerno, 937 F.2d 797, 810-12 (2d Cir. 1991) (AUSA's opening and summation in earlier, related case), rev'd on other grounds, 505 U.S. 317 (1992); United States v. GAF Corp., 928 F.2d 1253, 1262 (2d Cir. 1991) ("prior bill of particulars"); Andrews v. Metro North Commuter R.R., 882 F.2d 705, 707 (2d Cir. 1989) ("original complaint"); United States v. McKeon, 738 F.2d 26, 33 (2d Cir. 1984) (defense counsel's prior opening statement); United States v. Paloscio, No. 99 Cr. 1199 (LMM), 2002 WL 1585835, at **1-2 (S.D.N.Y. July 17, 2002) (AUSA's prior representations seeking pretrial detention).  None of these cases authorizes what Forbes impermissibly seeks to do here:  impeach a witness with another person's

summary of the witness's prior statements without proving that the witness has adopted that summary. See <u>Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.</u>, 168 F. Supp. 2d 57, 61 (S.D.N.Y. 2001) (rejecting claim that "draft transcript" of witness interview by defendant's attorneys qualified as "a non-hearsay vicarious admission" under Rule 801(d)(2)(B) because plaintiffs were offering the draft to prove what the witness said, not what the lawyers said, and the lawyers had edited the draft).

## Conclusion

Accordingly, the Government respectfully requests that this Court deny Forbes' Third Trial Motion <u>in</u> <u>Limine</u> No. 25.

          Respectfully submitted,

          CHRISTOPHER J. CHRISTIE
          Special Attorney
          U.S. Department of Justice

          _____
          NORMAN GROSS
          Federal Bar Number 24933
          MICHAEL MARTINEZ
          Federal Bar Number phv0243
          MARK E. COYNE
          Federal Bar Number phv01079
          Special Attorneys
          U.S. Department of Justice
          970 Broad Street, Room 700
          Newark, New Jersey 07102
          Tel:  (973) 645-2700
          Fax:  (973) 645-2857

Newark, New Jersey
Date:  September 11, 2006

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on this day I caused to be served a copy of the Opposition of the United States to Forbes' Motion to Admit Purported "Government Admissions" (Opposition to Forbes' Third Trial Motion in Limine No. 25) via email on:

>Barry S. Simon, Esq.
>Williams & Connolly LLP
>725 Twelfth Street, N.W.
>Washington, D.C.  20005-5901
>(202) 434-5005
>bsimon@wc.com

 

                                                   _____
                                                   MARK E. COYNE

Dated:  September 11, 2006
        Camden, New Jersey