UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.              )<br>)<br>WALTER A. FORBES     )<br>)<br>)   | No. 3:02CR264 (AHN)<br><br>September 8, 2006<br>**(UNDER SEAL)** |

**OBJECTIONS OF WALTER A. FORBES TO THE GOVERNMENT'S
PRELIMINARY PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS
FOR THE THIRD TRIAL (PART II)
(FILED UNDER SEAL)**

Walter A. Forbes, through undersigned counsel, respectfully submits Part II of his objections to the government's preliminary proposed supplemental jury instructions for the third trial. The Court should not give the government's proposed uncalled witness instruction regarding Stuart Bell and E. Kirk Shelton.

## ARGUMENT

In this third trial, the government seeks, for the first time, an instruction that each party "had an equal opportunity or lack of opportunity to call" Messrs. Bell and Shelton and that no inference should be drawn from their absence. Mr. Forbes objects to the proposed instruction because there is no factual basis for the instruction, it is misleading, and given the circumstances of this case, the instruction impermissibly would dilute the presumption of innocence and the government's burden of proof beyond a reasonable doubt.[2]

---

[2] The commentary to 1 Leonard B. Sand, et al., Modern Federal Jury Instructions: Criminal, Instr. 6-7 (Matthew Bender 2004), upon which the government relies as support for an uncalled witness instruction regarding Messrs. Bell and Shelton, states that a number of courts have recommended "that no instruction be given, preferring to leave this topic to the argument of counsel. Indeed, all of the pattern instructions which address the issue follow this course." Id. at 6-22.

I.  **THERE IS NO FACTUAL BASIS FOR THE UNCALLED WITNESS INSTRUCTION AND IT IS MISLEADING.**

<u>Mr. Bell</u>.  There is no factual basis for the instruction that Mr. Forbes and the government have "an equal opportunity or lack of opportunity to call" Mr. Bell.  Only the government can call Mr. Bell to testify.  Mr. Forbes has twice tried to call Mr. Bell as a witness, but he has asserted his Fifth Amendment privilege.  The government has not tried to call Mr. Bell and has no interest in having him testify.  Indeed, the government has prevented Mr. Forbes from calling Mr. Bell to testify by refusing to grant defense witness immunity.  As set forth below, this record supports a finding that Mr. Bell's testimony would not be neutral, but would be unfavorable to the government.  Giving the proposed instruction under these circumstances would be improper and misleading.  Instead, the Court should give a missing witness instruction permitting an adverse inference <u>against</u> the government.

Mr. Forbes previously requested an instruction that it was peculiarly within the power of the government to produce Mr. Bell as a witness and that the jury could infer from the government's failure to call Mr. Bell that his testimony would be unfavorable to it.  <u>See, e.g.</u>, Docket No. 1988, Proposed Instr. No. 11.1.[3]  Although "a prosecutor's failure to immunize a witness does not, categorically, give rise to an inference that the witness's testimony would be unfavorable to the government," the circumstances may support a missing witness instruction when the witness invokes the Fifth Amendment privilege and the government refuses to immunize the witness.  <u>United States v. Myerson</u>, 18 F.3d 153, 159 (2d Cir. 1994).  The Second Circuit in <u>Myerson</u> accepted the premise that such a witness is peculiarly within the power of the government to produce, but stated that the "[e]xclusivity or peculiarity of power to produce is

---

[3]  This brief will refer to Mr. Forbes' proposal as a "missing witness" instruction, and the government's proposal as an "uncalled witness" instruction.  Contemporaneous with this filing, Mr. Forbes is renewing his request for a missing witness instruction.

only one of two necessary predicates for entitlement to the missing witness instruction." Id. (quotation omitted). In addition, a district court must determine "whether from all the circumstances an inference of unfavorable testimony from an absent witness is a natural and reasonable one." Id. (quotation omitted). If it is, a court should give a missing witness instruction. See id. at 160 (no abuse of discretion to decline missing witness instruction "in the absence of circumstances that indicate the government has failed to immunize an exculpatory witness").[4]

The circumstances in the present case strongly support an inference that Mr. Bell's testimony would be unfavorable to the government.

- Mr. Bell has never admitted wrongdoing.

- Mr. Bell's attorney represented that Mr. Bell would give exculpatory testimony. Mr. Bell would refute the government's two-CFO theory by denying committing any fraud at CUC, contradicting Cosmo Corigliano's testimony, and providing legitimate explanations for the accounting during Mr. Bell's tenure as CFO. See Mem. Supp. Forbes Third Trial Mot. No. 3 [Docket Nos. 2191, 2227], Exs. A-B (Declarations of Simon and Cary).

- In the first two trials, Mr. Forbes subpoenaed Mr. Bell to testify and refute the government's allegations, and Mr. Forbes has filed multiple motions seeking defense witness immunity.

- The government vigorously opposed Mr. Forbes' motions and refused to immunize Mr. Bell, not because it is investigating him or has any interest in

---

[4] The facts of the present case stand in stark contrast to Myerson, in which the Court declined to give a missing witness instruction and instead gave an uncalled witness instruction. The missing accomplice witness had pleaded guilty and admitted wrongdoing, 18 F.3d at 157; the witness's attorney represented that the witness would not exculpate the defendant, id.; the defendant wanted to call the witness to determine whether he had a deal with the government, id.; the defendant declined an opportunity to examine the witness outside the presence of the jury, id. at 157 & 158 n.6; and the defendant did not request defense witness immunity but conceded that there was no basis for such a request, id. at 158. Accordingly, the district court had a sufficient basis to believe that the missing witness would inculpate the defendant. See id. at 160.

prosecuting him, but because the government does not know what Mr. Bell is going to say.[5]

- The government has immunized only those witnesses who, unlike Mr. Bell, admit to participating in a fraud.

See Mem. Supp. Forbes Third Trial Mot. No. 3 [Docket Nos. 2191, 2227]; Reply Supp. Forbes Third Trial Mot. No. 3 [Docket Nos. 2306, 2329]; Mot. to File Supplemental Mem. Supp. Forbes Third Trial Mot. No. 3 [Docket Nos. 2431-34]. Given these circumstances, an uncalled witness instruction stating that the jury should draw no inference from Mr. Bell's absence—suggesting that his testimony would be neutral—would be highly misleading.

Mr. Shelton. There is no factual basis for an uncalled witness instruction suggesting that Mr. Shelton is unavailable. Even if he were unavailable, he gave prior testimony under oath in the first trial. That testimony, contrary to the suggestion of the proposed instruction prohibiting inferences, is not neutral. Mr. Shelton denied participating in a fraud and contradicted Mr. Corigliano's testimony in material respects. Accordingly, the proposed instruction also would be misleading as to Mr. Shelton.

## II. THE UNCALLED WITNESS INSTRUCTION WOULD DILUTE THE PRESUMPTION OF INNOCENCE AND THE GOVERNMENT'S BURDEN OF PROOF.

Based on the facts of this case, the proposed instruction impermissibly would dilute the presumption of innocence and the government's burden of proof beyond a reasonable doubt. The Second Circuit recently rejected a common jury instruction that conflicts with these fundamental principles of due process.

The presumption of innocence in favor of the accused is the

---

[5] The government's argument that Mr. Bell's testimony would be "self-serving" and "highly suspect" because he "is still facing potential civil liability" and "has never previously provided such an account to the Government," Opp'n to Forbes Trial Mot. No. 44, at 10 [Docket No. 1,252], further underscores that the government expects his testimony to be exculpatory.

> undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law. To implement the presumption, courts must be alert to factors that may undermine the fairness of the fact-finding process. In the administration of criminal justice, courts must carefully guard against dilution of the principle that guilt is to be established beyond a reasonable doubt.

United States v. Gaines, 457 F.3d 238, 245 (2d Cir. 2006) (citation & quotations omitted).

According to the government, Messrs. Shelton and Bell were co-architects of the fraud along with Mr. Forbes, and directed the fraud at his side. Against this backdrop, the government wants the Court to instruct the jury to draw no inferences from the absence of these critical, supposedly inculpatory, witnesses. But if Mr. Forbes were presumed to be innocent, the presumption or inference should be that their testimony would be exculpatory. Furthermore, because the government has the burden of proof, the Court should not instruct the jury that Mr. Forbes "had an equal opportunity or lack of opportunity to call either Mr. Shelton or Mr. Bell." The burden of proof never shifts and the law places no obligation on Mr. Forbes to call any witnesses or to present any evidence. The proposed instruction suggests otherwise despite the cautionary language stating that a defendant does not have a duty to call any witnesses. Cf. Gaines, 457 F.3d at 245 (balancing language that defendant's motive to lie does not preclude defendant from telling truth does not cure defect because instruction still conflicts with presumption of innocence). Furthermore, the instruction suggests that the government's evidence establishes guilt beyond a reasonable doubt. Only then would the defendant have anything to rebut or any reason to call witnesses.[6]

---

[6] Although the Second Circuit has upheld the constitutionality of an uncalled witness instruction, see United States v. Caccia, 122 F.3d 136, 140 (2d Cir. 1997), given the facts of this case, the instruction would conflict with the presumption of innocence and the government's burden of proof beyond a reasonable doubt. Moreover, in Caccia, the Second Circuit stated that "[t]he most appropriate version of the 'missing witness' instruction, where the facts warrant it, permits the jury to draw an adverse inference against a party failing to call a witness when the

## CONCLUSION

For the reasons set forth above, Mr. Forbes respectfully objects to the government's proposed uncalled witness instruction.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (ct17115)
Barry S. Simon (ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (ct05103)
Thomas J. Murphy (ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

---

witness's testimony would be material and the witness is peculiarly within the control of that party," id. at 138, as in the case of Mr. Bell vis-à-vis the government.

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Objections of Walter A. Forbes to the Government's Preliminary Proposed Supplemental Jury Instructions for the Third Trial (Part II) to be sent on September 8, 2006 to the following via e-mail:

>Norman Gross, Esq. (norman.gross@usdoj.gov)
>Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
>Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

Barry S. Simon