UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------- x
                                         :
UNITED STATES OF AMERICA                 :
                                         :
                                         :  No. 3:02 CR 264 (AHN)
         v.                              :
                                         :  September 13, 2006
WALTER A. FORBES                         :
                                         :
         Defendant.                      :
                                         :
---------------------------------------- x


**OPPOSITION OF NON-PARTY COSMO CORIGLIANO TO WALTER FORBES' MOTION TO AMEND THE COURT'S ORDER GOVERNING THE ISSUANCE OF RULE 17(C) SUBPOENAS, DOCKET NO. 2195 (FORBES THIRD TRIAL MOTION NO. 14)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Gary P. Naftalis
Alan R. Friedman
Eric A. Tirschwell
J. Wells Dixon
1177 Avenue of the Americas
New York, New York  10036
(212) 715-9100

-and-

JACOBS, GRUDBERG, BELT,
   DOW & KATZ, P.C.
Ira B. Grudberg
350 Orange Street
New Haven, Connecticut  06511
(203) 772-3100

Attorneys for Cosmo Corigliano

Non-party Cosmo Corigliano respectfully submits this memorandum in opposition to the September 8, 2006 motion of Walter Forbes to Amend the Court's Order Governing the Issuance of Rule 17 Subpoenas, Docket No. 2195 (Forbes Third Trial Motion No. 14).[1]

## ARGUMENT

Having failed, after full adversary briefing and several hours of oral argument, to persuade this Court to allow him to re-issue even a single one of his 150+ proposed Rule 17(c) demands relating to Mr. Corigliano (not to mention additional failed demands as to other entities), it is perhaps not surprising that defendant Forbes now seeks permission to argue *ex parte* and in secret for permission to serve additional subpoenas. But if there were ever a case where a defendant should *not* be permitted to make secret, *ex parte* submissions in support of applications to serve additional Rule 17(c) document subpoenas, this is it.

In rejecting an analogous attempt by defendant Forbes during the 2005 trial to bolster his repeatedly losing arguments on Corigliano-related Rule 17(c) subpoena issues by supplementing his briefing with a secret, *ex parte* 17-page memorandum, Judge Thompson wrote:

> Based on the court's experiences in this case . . .the court is not comfortable relying on representations of counsel for defendant Forbes where counsel for the parties and/or non-parties whose interests are adverse to those of defendant Forbes have not had an opportunity to review and/or respond to those representations.

---

[1] To the extent Forbes' simultaneously filed Motion for Permission to File the Attached Subpoena and the Memorandum Explaining the Admissibility of the Records Sought *Ex Parte* and Under Seal (Forbes Third Trial Motion No. 15) (September 8, 2006) concerns a proposed subpoena relating to Mr. Corigliano, Mr. Corigliano opposes that motion as well for the reasons stated herein.

1

Ruling on Forbes' Retrial Motion No. 12, at 1 (October 28, 2005) (attached as Exhibit A hereto). One of the principal reasons for Judge Thompson's remedial Order entered several days later (on November 1, 2005), and since adopted in full by this Court, was to require not just advance certification for any additional Rule 17(c) subpoenas, but also *notice* to the adverse parties and thus prompt adversarial testing, particularly with respect to Corigliano-related subpoenas. *See* Order of November 1, 2005, at 11 (requiring "notice to the government and, if Forbes is aware of the identity of counsel of the person being served with the subpoena, to that person's counsel"); *id.* at 12 (requiring, with respect to "any" Corigliano-related subpoenas, "notice to the government and to counsel for Mr. Corigliano"). As we noted in our Rule 17(c) memorandum to this Court, Judge Thompson's findings in this regard and his decision not to rely on Forbes' *ex parte* representations were well-founded based on the documented history at the time of Forbes misstating the record and misrepresenting his intentions, all in connection with the litigation of Rule 17(c) subpoena demands and other disputed issues.[2] And the rationale behind the remedial procedure for Rule 17 subpoenas first adopted in 2005 – and in particular its notice provision – is only strengthened by the fact that the record is now, after a second trial, significantly more voluminous and complicated and the case has been transferred to a different judge.

Forbes' most recent application also should be rejected because it is predicated on a fatuous premise: that the Court's eminently reasonable remedial procedures would force him to "prematurely disclose contemplated defense evidence or potential areas of cross-examination of government witnesses." Mot. at 2. For more than three years, Forbes, the government and

---

[2] *See* Opposition of Cosmo Corigliano and Kramer Levin dated April 17, 2006, at 4 & nn. 2-3. *See also* Amended Memorandum of Law In Support of Non-Parties Cosmo Corigliano and Kramer Levin Naftalis & Frankel LLP to Quash Rule 17(c) Subpoenas and for Remedial Relief, at pp. 46-48 (October 7, 2005) (attached as Exhibit J to April 17, 2006 Corigliano/Kramer Levin exhibits).

witnesses have litigated the propriety of Forbes' numerous subpoena demands in the open. Many hundreds of pages of briefing have been filed and innumerable oral arguments have been held – including extensive discussion about the limits of Forbes' rights to challenge Mr. Corigliano's testimony – without compromising Forbes' trial strategy. In addition, there has already been an eight month trial against Forbes, including an 11-day cross-examination of Mr. Corigliano, and then a retrial, with a second cross-examination of Mr. Corigliano spanning an additional 5 days. Under these circumstances, with Forbes' strategy with respect to discrediting Mr. Corigliano so fully developed, the Court should reject his recycled conclusory assertion that his "trial theories and strategies" are at risk if he is forced to continue to justify his requests for any additional subpoenas in an open, adversarial context.

Equally dispositive, Forbes' application lacks any on-point or persuasive legal support. Forbes points to nothing in Rule 17(c)(2) – and there is nothing – that would authorize such a procedure. As "authority" for his proposed procedure, Forbes can muster only a "*cf.*" cite to Rule 17(b) (which authorizes an *ex parte* application by an indigent defendant seeking issuance of a *testimonial* subpoena) and a few "*see also*" cites to cases where parties were granted limited permission to seek issuance of pretrial subpoenas for documents on an *ex parte* basis. Mot. at 2-3.[3] But these cases are controversial at best: as stated in one of them, "the

---

[3] *Citing United States v. Tomison*, 969 F. Supp. 587, 595 (E.D. Cal. 1997); *United States v. Beckford*, 964 F. Supp. 1010, 1027 (E.D. Va. 1997); *United States v. Reyes*, 162 F.R.D. 468 (S.D.N.Y. 1995). Forbes also cites *United States v. Meriwether*, 486 F.2d 498, 505-06 (5th Cir. 1973), which concerned an indigent defendant's request for *ex parte* issuance of trial subpoenas for testimony under Rule 17(b). As noted, subsection (b) of Rule 17, unlike subsection (c), expressly permits such a procedure to ensure that indigent defendants have the same ability to subpoena witnesses for testimony on an *ex parte* basis as non-indigent defendants (like Forbes) have under Rule 17(a). The *Meriwether* case in fact supports our argument here, as that court found no prejudice, notwithstanding that the government violated Rule 17(b)'s *ex parte* procedure by its presence during defendant's oral application for trial subpoenas, in principal part because "this was not the first, but the second trial of the same charges against the

3

weight of authority disfavors *ex parte* applications under Rule 17(c)." *Tomison*, 969 F. Supp. at 595. *See also, e.g., United States v. Najarian*, 164 F.R.D. 484, 488 (D. Minn. 1995); *United States v. Hart*, 826 F. Supp. 380, 382 (D. Colo. 1993).

Moreover, the decisions cited by Forbes that allowed an *ex parte* application for issuance of a pretrial subpoena did so on the explicit assumption that adversely affected parties would later have the opportunity to bring and openly litigate motions to quash to ensure that the subpoena demands satisfy *Nixon*. *See Reyes*, 162 F.R.D. at 471 ("a subpoenaed party or one whose legitimate interests are affected by a subpoena may move to quash the subpoena after it issues, and a court may then review the subpoena and apply the *Nixon* standards to insure that the subpoena is not being used as an additional discovery device"); *Beckford*, 964 F. Supp. at 1028 ("Rule 17(c) provides an alternative check on the judicial issuance of a pre-trial subpoena *duces tecum* – a motion to quash or modify by the subpoenaed party. Where the subpoenaed party brings a motion to quash or modify, the court must reconsider the *Nixon* standard in determining whether 'compliance with the subpoena would be unreasonable or oppressive.'") (citation omitted). Since that will be the case here, even if the Court were to allow Forbes to make an initial, *ex parte* showing, his proposed modified procedure would simply compound and protract the burden on the Court and the litigants, who later would be forced to move to quash. The result would be a repeat of precisely the same oppressive and wasteful Rule 17(c) motion practice that the Court's remedial Order was intended to avoid.

In addition, the inapposite decisions cited by Forbes authorize *ex parte* applications for pretrial subpoenas only in "exceptional circumstances." *Beckford*, 964 F. Supp.

---

defendant" and thus the identities of most of the defense witnesses were already known to the government. 486 F.2d at 506-07.

4

at 1030. While some courts have defined such "exceptional circumstances" to include concerns about "divulg[ing] trial strategy, witness lists or attorney work-product," *id.* at 1028, 1030, the better-reasoned view, expressed by a recent unanimous decision of the Massachusetts Supreme Court (reviewing and applying federal precedent interpreting Fed. R. Crim. P. 17 to the similar state rule), is that "[a]n *ex parte* motion will be entertained *only* in circumstances where the defendant has demonstrated (1) a reasonable likelihood that the prosecution would be furnished with information incriminating to the defendant which it otherwise would not be entitled to receive; or (2) a reasonable likelihood that notice to a third party could result in the destruction or alteration of the requested documents." *Commonwealth v. Mitchell*, 444 Mass. 786, 797, 831 N.E.2d 890, 898 (2005) (emphasis added). More to the point, and rejecting the very bases put forth by Forbes here, the Justices of the Massachusetts Supreme Court further held that:

> An *ex parte* motion for the pretrial production of documents cannot be made on the basis that notice to the Commonwealth will reveal trial strategy or work product or might disclose client confidences. Adding the latter grounds as justifications for *ex parte* consideration would create a loophole that could not be contained, because matters of trial strategy, work product, and client communications are involved in almost every case where a rule 17(a)(2) motion might be filed. The *ex parte* procedure could then become the norm and not the exception, something the rule was never intended to permit.

*Id.* Forbes' rote invocations of "trial strategy" here, if allowed to justify unlimited secret, *ex parte* applications for additional Rule 17(c) subpoenas, would open the door to just the sort of uncontainable loophole that the *Mitchell* court warned against.

5

## CONCLUSION

For all of these reasons, Forbes' Motion to Amend the Court's Order Governing the Issuance of Rule 17 Subpoenas should be denied.

Respectfully submitted,

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: _____
Gary P. Naftalis (ct 24510)
Alan R. Friedman (ct 14926)
Eric A. Tirschwell (ct 25626)
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

-and-

JACOBS, GRUDBERG, BELT,
   DOW & KATZ, P.C.

By: _____
Ira B. Grudberg (ct 00178)
350 Orange Street
New Haven, Connecticut 06511
(203) 772-3100

Attorneys for Cosmo Corigliano

Dated: September 13, 2006

6