UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AHN) |
| | : | |
| v. | : | September 15, 2006 |
| | : | |
| WALTER A. FORBES | : | |

**RESPONSE OF THE UNITED STATES TO FORBES' MOTIONS TO
AMEND DOCKET 2195 AND FOR LEAVE TO FILE EX PARTE AND
UNDER SEAL DOCUMENTS RELATING TO A RULE 17(c) SUBPOENA**

(<u>Response to Forbes Third Trial Motions No. 14 and No. 15</u>)

Defendant Forbes' latest motions -- his forty-seventh and forty-eighth concerning the third trial -- should give this Court considerable pause. <u>First</u>, Rule 17 subpoenas demanding pretrial production of documents should rarely, if ever, be issued <u>ex parte</u>, and certainly not absent extraordinary circumstances.[1]

---

[1] <u>See</u>, <u>e.g.</u>, <u>United States v. Fox</u>, 275 F. Supp. 2d 1006, 1012 & n.7 (D. Neb. 2003) ("adopt[ing] the majority view" that "Rule 17(c)[] does not ordinarily permit the use of <u>ex parte</u> applications . . . for subpoenas seeking pretrial production of documents unless the sole purpose of seeking the documents is for use at trial," and even then, "the court should (1) not consider the application <u>ex parte</u> unless there is a good trial-related reason; and (2) in most circumstances, require that the pretrial production take place in the presence of the adversary"); <u>United States v. Peterson</u>, 196 F.R.D. 361, 361 (D.S.D. 2000) ("[a] motion under [Rule] 17(c) may not be made <u>ex parte</u>, at least if made to seek production prior to trial"); <u>United States v. Stewart</u>, 1997 WL 103700, at **1-2 (E.D. Pa. Mar. 4, 1997) ("majority of courts have refused to allow an <u>ex parte</u> application under Rule 17(c)," "at least absent extraordinary circumstances"); <u>United States v. Finn</u>, 919 F. Supp. 1305, 1330 (D. Minn. 1995) ("when [Rule 17(c)] is utilized for the disclosure of evidentiary
(continued...)

Forbes' rote invocation of his purported need to prevent premature disclosure of his "defense strategies, theories and investigation" does not rise to the level of extraordinary. The two lengthy trials and extensive motion practice in this case have laid bare those defense strategies, theories, and investigations.

Second, "ex parte applications for document production subpoenas for use before trial create severe problems for the court when endeavoring to enforce the limits on discovery built into Rule 16(a)(2) & (d)(1) and also found in the substantive law." United States v. Fox, 276 F. Supp. 2d 996, 997 (D. Neb. 2003). This is especially true here, given Forbes' prior "excessive and improper use of Rule 17(c) subpoenas directed to third parties," Docket 2195, at 1,[2] his failures to describe fairly the

---

[1] (...continued)
materials in advance of Trial, the application should be reviewable by the other parties to that proceeding"); United States v. Hart, 826 F. Supp. 380, 382 (D. Colo. 1993) (concluding that "the ex parte procedure is not available either for financially able defendants or for the pretrial production of documents -- much less for both"); United States v. Urlacher, 136 F.R.D. 550, 551 (W.D.N.Y. 1991) ("Rule 17(c), however, simply does not support an ex parte application for such a subpoena, and the defendant has provided no other reason why the court should grant his request without benefit of notice to others involved").

[2] See, e.g., Docket No. 2409, at 3-6 (denying substantially all of Forbes' requests to serve Rule 17(c) subpoenas because, inter alia, "pretrial production of these documents is not necessary for the proper presentation of Forbes' defense"; "these requests are 'as broad as any request for production in a civil case could be'"; "'contrary to the spirit and purpose of Rule 17(c),'" the subpoena is "'aimed at obtaining discovery'"; "Forbes has not shown that the documents he seeks would be admissible as evidence at trial"; and "Forbes's demand for these documents was a broad, non-specific 'all documents' fishing expedition").

2

law and facts pertinent to disputed issues,[3] and "the pattern of unseemly tactics employed by counsel for defendant Forbes in this case." United States v. Forbes, 2006 WL 680562, at *2 (D. Conn. Mar. 16, 2006).

In sum, given Forbes' track record in this case and "the pit falls of ex parte determinations," United States v. Decologero, 2006 WL 83471, at *2 (D. Mass. Jan. 13, 2006), the Government respectfully requests that this Court view with considerable skepticism Forbes' Third Trial Motions No. 14 and No. 15.

                              Respectfully submitted,

                              CHRISTOPHER J. CHRISTIE
                              Special Attorney
                              U.S. Department of Justice

                              _____

                              NORMAN GROSS
                              Federal Bar Number 24933
                              MICHAEL MARTINEZ
                              Federal Bar Number phv0243
                              MARK E. COYNE
                              Federal Bar Number phv01079
                              Special Attorneys
                              U.S. Department of Justice
                              970 Broad Street, Room 700
                              Newark, New Jersey 07102
                              Tel:  (973) 645-2700
                              Fax:  (973) 645-2857

Newark, New Jersey
Date:  September 15, 2006

---

[3] E.g., FTTr. 8812-8815 [Exhibit A hereto]; Docket 1907, at 1 ("the court is not comfortable relying on representations of counsel for defendant Forbes where counsel for the parties and/or non-parties whose interests are adverse to those of defendant Forbes have not had an opportunity to review and/or respond to those representations").

3

**EXHIBIT A**

**(Excerpt from First Trial Transcript)**

Case 3:02-cr-00264-AHN   Document 2460   Filed 09/15/2006   Page 4 of 5

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on this day I caused to be served a copy of the Response of the United States to Forbes' Motions to Amend Docket 2195 and for Leave to File <u>Ex</u> <u>Parte</u> and under Seal Documents Relating to a Rule 17(c) Subpoena (Response to Forbes' Third Trial Motions No. 14 and No. 15) via email on:

        Barry S. Simon, Esq.
        Williams & Connolly LLP
        725 Twelfth Street, N.W.
        Washington, D.C.  20005-5901
        (202) 434-5005
        bsimon@wc.com

                                                  _____
                                                   MARK E. COYNE

Dated:  September 15, 2006
        Camden, New Jersey