UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | No. 3:02CR264 (AHN) |
| WALTER A. FORBES. | ) ) ) ) | September 19, 2006 |

**REPLY MEMORANDUM OF WALTER A. FORBES IN SUPPORT OF
MOTION TO ADMIT GOVERNMENT ADMISSIONS
(Forbes Motion in Limine No. 25)**

The government's Opposition fails to address even one of the factors considered by the Second Circuit in determining whether a party's assertion should be considered an admission under Fed. R. Evid. 801, see United States v. McKeon, 738 F.2d 26, 33 (2d Cir. 1984), yet nonetheless asks this Court to categorically reject the notion that the "Giglio letters" qualify. However, as set forth in Mr. Forbes' Opening Memorandum, if one evaluates the letters at issue under the three factors considered in this Circuit, it becomes clear that the representations made by the government in these letters in fact do satisfy each of the McKeon factors, and are therefore admissible as admissions of a party-opponent.

Ignoring the law governing admissions of a party opponent, the government instead points to case law evaluating whether handwritten notes and interview memoranda authored by the government for internal use constitute "statements" of the witness being interviewed. See Gov't Opp. at 1-2. First, none of these cases address the issue of whether the documents at issue would have been admissible as an admission of a party opponent. United States v. Almonte, 956 F.2d 27, 29 (2d Cir. 1992) (per curiam); United States v. Leonardi, 623 F.2d 746, 757 (2d Cir. 1980); and Palermo v. United States, 360 U.S. 343 (1959).

Second, the representations in the letters at issue here are far more akin to the statements found to be "testimonial" in the cases cited by Mr. Forbes than to the statements addressed by the government's case law. See Open. Mem. at 2-3. United States v. Almonte, 956 F.2d 27, 29 (2d Cir. 1992) (per curiam) involved the handwritten notes of a United States Attorney taken during the debriefing of an agent who had interviewed the testifying witness. And both United States v. Leonardi, 623 F.2d 746, 757 (2d Cir. 1980) and Palermo v. United States, 360 U.S. 343 (1959) involved summary memoranda of witness interviews. All of these documents were created primarily (or exclusively) for internal purposes only, and would not necessarily be created with the expectation that the statements would be relied upon by others, or become evidence at trial. In contrast, the representations in the letters written pursuant to the government's Brady and Giglio obligations are ones upon which the government expected both the defense and the Court to rely, and which it should have expected could be used in future judicial proceedings. Such statements are far more akin to the bill of particulars and jury arguments at issue in the case law cited by Mr. Forbes, Open. Mem. at 2-3, and fall well within the definitions of "testimonial" set forth by other courts in this Circuit. See United States v. Paloscio, Case No. 99CR1199 (LMM), 2002 WL 1585835 (S.D.N.Y. July 17, 2002) (finding that the government's affidavits and letters to the Court constituted admissions of a party opponent because, inter alia, the statements were "testimonial since they are proffers of evidence, based on the knowledge of investigating officers."). Cf. United States v. Saget, 377 F.3d 223, 228 (2d Cir. 2004) (defining "testimonial" for purposes of the confrontation clause as statements made "where the declarant would reasonably expect that his or her responses might be used in future judicial proceedings.")

2

The only case cited by the government which even addresses whether a particular statement is a party admission is inapposite. Gov't Opp. at 4, (citing Bank Brussels Lambert v. Credit Lyonnais, 168 F. Supp.2d 57, 61 (S.D.N.Y. 2001)). That case involved a transcript of a taped interview, edited by an attorney to, *inter alia*, delete portions of the questions and answers. Unlike the letters at issue here, the "edited transcript" was not authored by counsel for the opposing party, but only edited by him. Id. Thus the Court ruled that the transcript was not even a "statement" of the party's agent, id., and thus the "edited transcript" necessarily could not have been a testimonial statement. See McKeon, 738 F.2d at 33 (the prior statement must involve "an assertion of fact inconsistent with similar assertions in a subsequent trial"). Here, there can be no dispute but that the representations were authored by government counsel. Indeed, in most cases, the letters providing Brady and Giglio information were signed by not just one, but all three members of the prosecution team. See, e.g., Ex. 1 to Open. Mem. Thus the holding of Bank Brussels Lambert simply does not apply.

## CONCLUSION

For the foregoing reasons, Mr. Forbes respectfully requests that the Court permit the defense to read to the jury those portions of the government's letters that indicate that witnesses' prior statements to the government are inconsistent with those witnesses' trial testimony.

3

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: September 19, 2006

4

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Reply Memorandum of Walter A. Forbes in Support of Motion to Admit Government Admissions (Forbes Motion *in Limine* No. 25) to be filed electronically and to be served on September 19, 2006 to the following via e-mail:

    Norman Gross, Esq. (norman.gross@usdoj.gov)
    Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
    Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S. Simon