UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 3:02CR264 (AHN) |
| ) | |
| WALTER A. FORBES ) | September 27, 2006 |
| ) | |

SUPPLEMENTAL OBJECTIONS OF WALTER A. FORBES TO
THE COURT'S PRELIMINARY PROPOSED JURY CHARGE

Walter A. Forbes, through undersigned counsel, respectfully submits these supplemental objections to the Court's preliminary proposed jury charge.

ARGUMENT

On September 20, 2006, the Court advised the parties that it generally follows the pattern instructions contained in Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions: Criminal ("Sand"). The Court invited Mr. Forbes to supplement his objections to the proposed jury charge to the extent that the proposed language is inconsistent with Sand. Based on this invitation, Mr. Forbes supplements his objections as follows:

1. Mr. Forbes objects to the first paragraph of Proposed Instruction IV.J. ("Use of Particular Investigative Techniques or Witnesses"). The opening language in Sand Pattern Instr. No. 4-4 ("Specific Investigation Techniques Not Required") states that "During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques." Id. This language suggests that the instruction should be given only when the defense challenges the adequacy of the government's investigative techniques, such as by criticizing the

government for failing to obtain DNA evidence. The commentary to the proposed instruction confirms this interpretation. "It is recommended that the foregoing charge be given in certain cases where the defense has unfairly put the government's investigation techniques on trial." Sand at 4-25 to 4-26. Because Mr. Forbes has not unfairly put the government's investigation techniques on trial, the proposed instruction is not warranted.[1]

    2.    Mr. Forbes objects to the second paragraph of Proposed Instruction IV.J. ("Use of Particular Investigative Techniques or Witnesses"), which states in substance that all persons with relevant knowledge need not be called as witnesses and all things mentioned at trial need not be introduced as exhibits. The commentary to Sand cautions against the use of such an instruction. "No instruction is recommended, however, to the effect that the prosecution is not legally required to call all witnesses with knowledge of the facts or offer as exhibits all pertinent documents. Although such a charge is discretionary, it should be given with great caution. It is not recommended for use here, because the failure to call all witnesses with knowledge does not require a cautionary instruction to correct a hidden bias which might influence the jury." Sand at 4-26 (footnotes omitted).

    3.    Much of the remaining language in the Court's preliminary proposed charge to which Mr. Forbes objects appears to be taken or adapted from Sand.

---

[1] In addition, Sand contains "balancing" language to the effect that although particular investigative techniques are not required, the jury "may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty." Sand Pattern Instr. No. 4-4.

Mr. Forbes maintains his objections previously filed, but he does not supplement them based upon the language proposed in Sand.[2]

                         Respectfully submitted,

                         WILLIAMS & CONNOLLY LLP

By: _____
    Brendan V. Sullivan, Jr. (ct17115)
    Barry S. Simon (ct24159)

    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    (202) 434-5000 (phone)
    (202) 434-5029 (fax)
    bsimon@wc.com (e-mail)

    - and -

James T. Cowdery (ct05103)
Thomas J. Murphy (ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

---

[2] Mr. Forbes withdraws Objection No. 5 to the Repeated Charge on Proof of Intent. Docket No. 2022, at 15 ("Mr. Forbes objects to the proof of intent instruction because it is not contained in the pattern jury instructions in O'Malley."). Although the Court's instruction is adapted from Sand, the O'Malley treatise contains a general instruction that is similar to the Sand instruction.

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Supplemental Objections of Walter A. Forbes to the Court's Preliminary Proposed Jury Charge to be filed electronically and to be served on September 27, 2006 to the following via e-mail:

    Norman Gross, Esq. (norman.gross@usdoj.gov)
    Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
    Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S. Simon