UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :

                    v.            :          Criminal No. 3:02CR264(AHN)

WALTER A. FORBES                  :

RULING ON PENDING MOTIONS

Presently before the court in this criminal action against Walter A. Forbes ("Forbes") are the ten[1] remaining pretrial motions in limine filed by Forbes.  Substantially all of the issues raised in these motions were raised before or during the prior trials in this case and were decided by Judge Thompson. This court has carefully reviewed the parties' briefs, Judge Thompson's written and oral rulings, and heard extensive oral argument.  As a general matter, the court concludes that Forbes has presented no cogent or compelling reason why this court should deviate from Judge Thompson's carefully considered, legally sound, and correct decisions on these issues.

Nonetheless, the court will briefly discuss the merits of each motion and set forth its decision as to each one.

I.   Forbes's Motion to Preclude the Government from Presenting Evidence, Cross Examination, or Argument Concerning (1) His Severance Agreement with Cendant, (2) the Value of the Severance, (3) the July 28, 1998 Cendant Board Meeting, and (4) the Financial and Other Pressures on Cendant in July 1998 (Third Trial Motion in Limine No. 14)

_____

[1]Specifically, Forbes's third trial motions in limine nos. 14-18, 20, and 22-25.

Insofar as the government has represented that it will not mention Forbes's severance package during its opening argument or in its direct and redirect examination of any government witnesses, the motion to preclude such use of this evidence is denied as moot.

The court will revisit the issue of whether the government may use evidence of Forbes's severance package during its cross-examination of Forbes after the government advises if it will seek to offer it or if, in accordance with Forbes's assurance that there would be no objection, it will question Forbes about the fact that, if he is convicted, he would be required to pay back hundreds of millions of dollars and would be "wiped out" financially.

Accordingly, the motion to preclude evidence of Forbes's severance package [doc. # 2272] is DENIED in part as moot.  The court reserves decision on the issue of whether the government may offer this evidence during its cross-examination of Forbes.

II.  Forbes's Motion to Preclude the Government From Presenting Expert Testimony From James Rowan of Hartford Steam Boiler Co. (Third Trial Motion in Limine No. 15)

Forbes's motion to preclude the government from presenting any expert testimony from James Rowan ("Rowan") of the Hartford Steam Boiler Co. ("HSB") is denied.  The court disagrees with Forbes's characterization of Rowan's testimony as "expert."  As Judge Thompson noted, he is not being offered to testify

regarding the proper use or accounting of, i.e., merger reserves, or to prove that the conspirators' accounting for merger reserves violated GAAP, or to prove the type of documentation that is required under GAAP.

To the extent any of his testimony constitutes lay opinions, it is not improper under Fed. R. Evid. 701.  The challenged portions of Rowan's testimony merely explain his own thinking process, as opposed to the thought processes of others, and is not rooted exclusively in his expertise, but in his own perceptions.  The fact that he has specialized knowledge or that he made investment decisions based on his specialized knowledge does not preclude him from testifying about the reasons for his investment decisions.  His testimony is admissible not because of experience, training, or specialized knowledge within the realm of an expert, but because of the particularized knowledge that he has by virtue of his position at HSB.  See Bank of China v. NBM LLC, 359 F.3d 171, 181 (2d. Cir. 2004).

Also, as proof of the materiality of the alleged fraudulent practices, Rowan may properly testify that, had he known CUC's historic, publicly disclosed earnings had not been accurately reported, that the merger reserves were used to pay for ordinary expenses, or that the growth rate had not been accurately stated, he would have regarded that information as important factors in his decision to purchase the stock.  But, as Judge Thompson

-3-

ruled, Rowan will not be permitted to testify about his own experiences regarding the use of merger reserves at HSB.

Accordingly, because Rowan is not testifying as an expert, and because any opinions he expresses are rationally based on his perceptions, helpful to a clear understanding of his testimony and a fact in dispute, and not based on his specialized knowledge, Forbes's motion to preclude "expert" testimony from Rowan [doc. # 2247] is DENIED.

III. Forbes's Motion to Preclude the Government From Introducing Government Exhibit 11007 (Third Trial Motion in Limine No. 16)

The court finds no merit to Forbes's contention that the admission of Government Exhibit 11007 ("GX 11007"), the performance review of Ernst & Young ("E&Y") auditor Bruce Botti, would constructively amend the indictment because its effect is to suggest that E&Y was complicit in the fraud.

The fact that the government may use this document to prove that, while E&Y saw "red flags" that should have put them on notice of the fraud, they nonetheless issued clean audit opinions, that does not expand the membership of the alleged conspiracy to include E&Y. Evidence does not constructively amend the indictment unless it so modifies essential elements of the offense charged that there is a substantial likelihood that the defendant may be convicted of a crime other than the one charged in the indictment. See United States v. Bryser, 954 F.2d

-4-

79, 87 (2d Cir. 1992).  There is no danger here that this evidence would cause the jury to convict Forbes of a conspiracy other than the one charged in the indictment.  Indeed, the identity and number of conspirators are not elements of the charged conspiracy.  See United States v. Cahalane, 560 F.2d 601, 605-06 (3d Cir. 1977).  But even if this evidence showed that E&Y knew of the fraud, that alone, without proof of an agreement to advance the objects of the conspiracy, would not make E&Y a co-conspirator.  See United States v. Svoboda, 347 F.3d 471, 476-77 (2d Cir. 2003).  In addition, the jury charge will protect against possible confusion or mis-construction regarding the nature and scope of the charged conspiracy.

Moreover, as Judge Thompson ruled, the government may properly offer GX 11007 to show that even though E&Y auditors were extremely frustrated by the co-conspirators' failures to timely provide complete and truthful information, E&Y issued clean audit opinions quarter after quarter.  Such evidence tends to explain Forbes's motive to lobby Cendant CEO Silverman and CFO Monaco to retain E&Y as the auditor for the former CUC's divisions after the merger.  The exhibit is also highly relevant to rebut a central theme of Forbes's defense – that he relied in good faith on E&Y's clean audit opinions and that, if the conspirators were able to conceal the fraud from E&Y, the fraud could also have been concealed from him.  Because this evidence

-5-

will be used by the government to rebut Forbes's defense theory, it cannot constitute a constructive amendment of the indictment. See United States v. McAnderson, 914 F.2d 934, 945 (7th Cir. 1990).  And this exhibit also corroborates the cooperating witnesses' testimony that they lied to E&Y to conceal the fraud.

Further, there is no merit to Forbes's assertion that the exhibit cannot be admitted as a non-hearsay business record because the certificate does not indicate that the performance review was made in the ordinary course of E&Y's business.  Even if the government does not offer an amended Rule 902(11) certificate, the one offered at the last trial is sufficient to satisfy the requirements for admission of the exhibit as a business record.

Finally, because the exhibit is relevant to material issues in this case and is not being offered as evidence of Corigliano's, Pember's or Kearney's character, the fact that it contains unflattering comments about them does not effect its admissibility.

For these reasons, Forbes's motion to exclude GX 11007 [doc. # 2250] is DENIED.

IV.  Forbes's Motion to Preclude Hearsay Statements From Ernst & Young During the Testimony of Anne Pember (Third Trial Motion in Limine No. 17)

The court disagrees with Forbes's characterization of Pember's testimony as containing hearsay statements of Ernst &

Young ("E&Y").  The statements are not being offered for their
truth and thus are not hearsay.  They are admissible to provide
context or background for Pember's conspirator statements or to
show the effect they had on her and explain her subsequent
actions.

The court also does not agree that the effect of this
testimony is to paint E&Y "as possibly complicit in the
conspiracy."  As both this court and Judge Thompson have ruled,
the fact that the government may use this evidence to prove that,
while E&Y saw "red flags" that should have put them on notice of
the fraud, they nonetheless issued clean audit opinions, that
does not expand the membership of the alleged conspiracy to
include E&Y and thus does not constructively amend the
indictment.  It does not modify the essential elements of the
charged conspiracy such that there is a substantial likelihood
that Forbes may be convicted of a conspiracy other than the one
charged in the indictment.

Accordingly, Forbes's motion to preclude portions of
Pember's testimony [doc. # 2249] is DENIED.

V.    Forbes's Motion to Preclude the Government From Introducing
      the Hearsay Statements of E. Kirk Shelton (Third Trial
      Motion in Limine No. 18)

There is no merit to Forbes's claim that the challenged
statements of E. Kirk Shelton ("Shelton") are inadmissible
hearsay.  Rather, the statements are admissible for several, non-

hearsay purposes.

They are admissible under Fed. R. Evid. 801(d)(2)(E) as statements of a co-conspirator in furtherance of the conspiracy. When considered in the context in which they were made, they were not just "idle chatter" or a narrative description by one co-conspirator to another, but were designed to promote or facilitate the goals of the conspiracy by providing reassurance to the co-conspirators or informing them of the status of the conspiracy. See United States v. Mulder, 273 F.3d 91, 103 (2d Cir. 2001).

The statements are also admissible not to prove the truth of the matters asserted, but to show the effect they had on Pember, and their significance lies solely in the fact that they were made.

Further, for the same reasons this court and Judge Thompson previously rejected this claim in other contexts, the fact that the statements concerned one of the E&Y auditors and arguably suggest that he knew about the fraud, their admission will not constructively amend the indictment.

Finally, the probative value of this evidence is not substantially outweighed by any unfair prejudice or the danger of misleading or confusing the jury.

Accordingly, Forbes's motion to preclude Shelton's statements [doc. # 2251] is DENIED.

-8-

VI. <u>Forbes's Motion to Preclude The Admission of Government</u>
<u>Exhibit 616 (Third Trial Motion in Limine No. 20)</u>

Forbes's motion to preclude Government Exhibit 616 ("GX 616") on the grounds that it is incomplete is baseless.

The missing attachments are not necessary to explain or understand the relevant content of the document and the fact that they are missing does not make the exhibit unreliable or misleading to the jury.

The motion to exclude GX 616 [doc. # 2270] under Fed. R. Evid. 106, 1001, and 1003 is DENIED.

VII. <u>Forbes's Motion to Preclude the Government From Presenting</u>
<u>Evidence, Cross-Examination or Argument Concerning the</u>
<u>Charging of His Airplane Expenses to the Cendant Merger</u>
<u>Reserve (Third Trial Motion in Limine No. 22)</u>

The motion to exclude evidence, cross-examination, and argument concerning the charging of Forbes's airplane expenses to the Cendant merger reserve is granted.

As Judge Thompson noted, there is no evidence that Forbes was involved in or knew about the decision to improperly charge those expenses to the reserve account. The government's assertion that Forbes may have signed it after the notation "Charge to Merger Reserve" was placed on it is not supported by Corigliano's testimony, Shelton's testimony, Forbes's testimony, or the statement given by Beth Freimour to the government and her disavowal of the information in the Dresch memo.

Accordingly, Forbes's motion to preclude evidence, cross-

examination and argument concerning the charging of airplane
expenses to the merger reserve [doc. # 2311] is GRANTED.

VIII.    <u>Forbes's Motion to Preclude The Government (1) From
         Referring to Robert Tucker's Handwritten Notes as Board
         Minutes and (2) From Presenting Any Evidence, Cross-
         Examination, or Argument Concerning the Differences
         Between GX 5, GX 453, & GX 77 (Third Trial Motion in
         Limine No. 23)</u>

        The portion of this motion that seeks to preclude the
government from referring to Tucker's notes as board minutes or
draft minutes is denied as moot in light of the government's
representation that it does not intend to do so.

        The portion of the motion that seeks to preclude evidence,
cross-examination, or argument concerning the differences between
GX 5, GX 453, and GX 77 is denied and the evidence will be
allowed if the government chooses to offer it.

        The charged conspiracy involves the intentional inflation of
the Ideon merger reserve beyond the amount needed to pay the
reasonably anticipated costs of CUC's acquisition of Ideon and
two other companies so that the excess could be used to
improperly inflate CUC's earnings.  The evidence is thus relevant
under Fed. R. Evid. 401 because it tends to show that CUC did not
want to draw attention to the fact that questions had been raised
at a board meeting regarding the large size of the Ideon merger
reserve.  This probative value is not outweighed by any unfair
prejudice to Forbes or the danger of confusing the issues or
misleading the jury.

The motion [doc. # 2312] is denied in part as moot in so far as it seeks to preclude reference to the handwritten notes as board minutes.  Insofar as the motion seeks to exclude reference to the differences between the three exhibits, it is DENIED.

IX.  Forbes's Motion to Preclude References to Who Will Sentence Cosmo Corigliano, Anne Pember, and Casper Sabatino (Third Trial Motion in Limine No. 24)

Forbes's motion to preclude references to who will sentence Cosmo Corigliano, Anne Pember, and Casper Sabatino is denied.

Under Second Circuit law, the government is permitted to inform the jury during summation, after an attack on the credibility of a witness who testifies pursuant to a cooperation agreement, that pursuant to the terms of the agreement, the witness will be sentenced by the same judge before whom the witness testifies.  Cf. United States v. Miller, 116 F.3d 641, 682-83 (2d Cir. 1997).

As Judge Thompson ruled, evidence that the cooperating witnesses know that their sentences will be determined by the same judge who actually hears their testimony is relevant and admissible to establish a motive for the witnesses to testify truthfully.  What is at issue is what the witness understands about the sentencing process, not what the judge decides about a witness's credibility.  And the court's instruction that the jurors are the sole judges of credibility and that the court has no role in that assessment for purposes of determining the

verdict, will dispel any possible notion that the court has made any credibility findings that are relevant to the verdict.

The motion to preclude references to who will sentence the cooperating witnesses [doc. # 2442] is DENIED.

X.    Forbes's Motion to Admit Government Admissions (Third Trial Motion in Limine No. 25)

Unsworn, out-of-court statements of government attorneys contained in letters written by the government to Forbes setting forth summaries of what certain witnesses said during their interviews with the government are not admissible as government admissions.  Accordingly, Forbes's motion to read portions of those letters into the record as prior inconsistent statements of those witnesses for impeachment purposes is denied.

The statements in those letters are hearsay and are not admissions of a party opponent under Fed. R. Evid. 801(d)(2). While government attorneys might bind the government with their in-court statements, see United States v. Salerno, 937 F.2d 797, 810-12 (2d Cir. 1991), rev'd on other grounds, 505 U.S. 317 (1992), "[t]here is good reason, however, to distinguish sworn statements submitted to a judicial officer, which the government might be said to have adopted, and those that are not submitted to a court and, consequently, not adopted. . . ."  United States v. Yildiz, 355 F.3d 80, 82 (2d Cir. 2004). Thus, according to Second Circuit law, "inconsistent out-of-court statements of a government agent made in the course of the exercise of his

authority and within the scope of that authority ... are not ... admissible ... as evidence of fact." Id. At 81 (quoting United States v. Santos, 372 F.2d 177, 180 (2d Cir. 1967)).

Moreover, because a witness cannot be impeached by a summary of his prior statement unless the witness adopts the summary or it is a verbatim transcript of the witness's statement, the summaries contained in the government's letters are not admissible as the witnesses' prior inconsistent statements. See, e.g., United States v. Almonte, 956 F.2d 27, 29 (2d Cir. 1992).

Forbes's motion to admit the government letters as admissions of a party opponent [doc. # 2444] is DENIED.

CONCLUSION

For the foregoing reasons, Forbes's Third Trial Motion in Limine No. 14 [doc. # 2272] is DENIED in part and decision RESERVED in part. Forbes's Third Trial Motions in Limine No. 15 [doc. # 2247], No. 16 [doc. # 2250], No. 17 [doc. # 2249], No 18 2251], No. 20 [doc # 2270], No. 24 [doc. # 2442], and No. 25 [doc. # 2444] are DENIED. Forbes's Motion in Limine No. 23 [doc. # 2312] is DENIED in part as moot and DENIED in part. Forbes's Motion in Limine No. 22 [doc. # 2311] is GRANTED.

SO ORDERED this 3rd day of October, 2006 at Bridgeport, Connecticut.

/s/_____
        Alan H. Nevas
United States District Judge