UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WALTER A. FORBES. | )<br>)<br>)<br>)<br>)   No. 3:02CR264 (AHN)<br>)   October 9, 2006<br>)<br>) |

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF WALTER A.
FORBES TO AMEND THE COURT'S ORDER GOVERNING THE
ISSUANCE OF RULE 17 SUBPOENAS, DOCKET NO. 2195
(Forbes Third Trial Motion No. 14)**

First, both the government and counsel for Mr. Corigliano oppose Mr. Forbes' request to seek trial subpoenas ex parte by relying on case law which discourages the application for pretrial subpoenas ex parte. Unlike pre-trial subpoenas, trial subpoenas ordinarily do not require application to the Court or notice to opposing counsel. Fed. R. Evid. 17(c). The only reason application to the Court and notice to the government (and in some circumstances, counsel for Mr. Corigliano) applies in this case is the Court's Order of March 31, 2006. Absent that Order, Mr. Forbes could serve trial subpoenas without any notice to the Court, the government, or Mr. Corigliano.

Second, as demonstrated by Mr. Forbes' Opening Memorandum and the two instances where Mr. Forbes has sought leave to file such certifications ex parte, unless application is permitted to be made ex parte, trial strategy and investigation will be prematurely disclosed to the government. The Court has already granted one of those ex parte applications, and can see both that the ex parte applications by Mr. Forbes provide a sufficient basis to understand why certain documents or testimony are relevant and admissible, and that notice to the government or Mr. Corigliano of these requests would prematurely disclose the defense's

trial strategy and investigation. Moreover, Mr. Forbes will resort to an ex parte application only where necessary to preserve those interests. As he has done to date, where the pleading will not reveal trial strategy or investigation, or where the subpoena will already become known to the government in any event, Mr. Forbes will continue to file the pleading in the normal course in order to minimize the number of ex parte applications as much as possible.

Third, Mr. Forbes' motion set forth a procedure where the Court could refuse to allow the ex parte procedure for any subpoena that the Court believes it cannot consider without input from the government.

Fourth, regardless of the ex parte certification or motion, the party served with the subpoena still has an opportunity to move to quash the subpoena should the party believe it is defective or inappropriate in some respect.[1]

## CONCLUSION

For the foregoing reasons, Mr. Forbes respectfully requests that the Court amend its Order of March 31, 2006, governing subpoenas, Docket No. 2195, to permit the defense, at least initially, to submit any required motion or certificate to the Court ex parte and under seal.

---

[1] Once again, the Oppositions filed by Kramer Levin and the Government rely on Judge Thompson's statements that he could not rely upon counsel for Mr. Forbes. Such statements were not justified, and the Court should not predicate any ruling on those statements. There is no question but that our advocacy on behalf of Mr. Forbes inexplicably caused Judge Thompson to make statements impugning the integrity and professionalism of defense counsel. As discussed in Mr. Forbes Reply Memorandum for Forbes Third Trial Motion No. 4, all defense counsel believe that these statements by Judge Thompson were wholly baseless, inappropriate and unjustified. However, defense counsel still see no purpose in re-hashing such incidents here, unless the Court so requests.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: October 9, 2006

3

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Reply Memorandum in Support of Motion of Walter A. Forbes to Amend the Court's Order Governing the Issuance of Rule 17 Subpoenas, Docket No. 2195 (Forbes Third Trial Motion No. 14) to be filed electronically and to be served on October 9, 2006 to the following via e-mail:

>Norman Gross, Esq. (norman.gross@usdoj.gov)
>Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
>Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

and to be sent on October 9, 2006 to the following by Fed Ex:

>Eric Tirschwell, Esq.
>Kramer Levin Naftalis & Frankel LLP
>1177 Avenue of the Americas
>New York, New York 10036

Barry S. Simon