UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AHN) |
| | : | |
| v. | : | October 10, 2006 |
| | : | |
| WALTER A. FORBES | : | |

**OPPOSITION OF THE UNITED STATES TO FORBES' EVE OF TRIAL
MOTION FOR RECONSIDERATION AND CLARIFICATION
OF THE COURT'S SEPTEMBER 22, 2006 RULING**

(<u>Opposition to "Forbes Third Trial Motion No. 15" [sic][1]</u>)

Defendant Forbes' motion to reconsider and clarify just one business day before trial the rulings set forth in this Court's September 22, 2006 opinion, Docket 2466, should be denied in part as moot and otherwise denied, without argument.  The Government will not elicit the specific testimony that is the subject of Forbes' request for clarification, and the balance of Forbes' motion -- his forty-ninth concerning the third trial -- does not come even remotely close to meeting the "strict" standard for obtaining reconsideration.  <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995).

"A motion for reconsideration is not simply a 'second bite at the apple' for a party dissatisfied with a court's ruling." <u>Weinstock v. Wilk</u>, No. 3:02CV1326(PCD), 2004 WL 367618, at *1 (D.

---

[1] Docket No. 2480 is Forbes' sixteenth "Third Trial Motion"; his fifteenth such motion is Docket No. 2446.

Conn. 2004); see United States v. Li, No. 04-CR-0543, 2006 WL 2375475, at *1 (N.D.N.Y. 2006). Rather, the "moving party" must "point to controlling decisions or data that the court overlooked." Shrader, 70 F.3d at 257. Thus, "a motion for reconsideration" allows the court "to correct manifest errors of law or fact or to consider newly discovered evidence." LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quotation marks omitted), aff'd, 33 F.3d 50 (2d Cir. 1994).

Forbes' motion in part asks this Court to clarify whether Steven Kernkraut may testify about what he would have done had he known that CUC's reported financial results were false. The Government agrees with this Court that such testimony by Kernkraut would not be "based on speculation, but is a matter about which Kernkraut has personal knowledge and is relevant to prove that the fraudulently reported financial results were material." Docket 2466, at 9. Nonetheless, the Government will not elicit such testimony on direct examination of Kernkraut. Accordingly, this aspect of Forbes' motion is moot.

The other aspects of Forbes' motion merely regurgitate arguments that have failed to persuade not only this Court but also Judge Thompson. Those arguments were the subject of extensive briefing and oral argument and have received careful consideration by not one but two District Judges. Moreover, virtually every case cited by Forbes in his reconsideration motion was previously cited to or by the Court, and none of the cases cited

2

by Forbes was decided following the briefing and argument on those motions that Forbes now wants reconsidered.  Forbes is not entitled to yet another bite at the apple simply because he reads the caselaw differently than this Court and Judge Thompson did.  Nor is Forbes entitled to yet another bite at the apple simply because he dislikes this Court's and Judge Thompson's rulings.  See, e.g., Shrader, 70 F.3d at 257.

Forbes' arguments fail, in any event.  First, as everyone recognizes but Forbes, his "visionary" defense is another iteration of the so-called "idiot" defenses employed by other prominent criminal defendants charged with securities fraud.[2]  Second, just weeks after transferring many millions of dollars of assets to his wife and daughters, Forbes agreed that if he was "convicted of . . . any crime based upon any of" the "accounting issues at CUC" that were the subject of the very internal investigation whose report Forbes cites, Cendant could sue him, jeopardizing his entire net worth.  Exhibit A hereto, at 1, 3.[3]

---

[2] See Greg Burns, Enron Case Big Test of the 'Idiot Defense', CHICAGO TRIBUNE (Jan. 2, 2006) (mentioning Forbes); Tim O'Brien, 'Dumb CEO Defense' Spares Cendant Chairman from Prison, N.J.L.J. (Jan. 19, 2005) (discussing this case); Steven Syre, The 'Idiot' Defense, BOSTON GLOBE (Jan. 18, 2005) (citing Forbes as an example); Floyd Norris, Chief Executive Was Paid Millions, and He Never Noticed the Fraud?, N.Y. TIMES (Jan. 7, 2005) (same).

[3] Other federal courts have recognized that transferring assets after committing a crime can manifest consciousness of guilt.  See United States v. Ross, 123 F.3d 1181, 1184 (9th Cir. 1997) (rejecting sufficiency challenge to conviction because, in addition to other evidence of "consciousness of guilt" and "fear of apprehension," defendant "transferred all of his property to

(continued...)

<u>Third</u>, Forbes has already received "far more discovery than any criminal defendant is entitled to receive."  Docket 2466, at 2.

In sum, the Government respectfully requests that this Court deny Forbes' motion for reconsideration and clarification in part as moot and deny the rest of the motion without argument.

```
                              Respectfully submitted,

                              CHRISTOPHER J. CHRISTIE
                              Special Attorney
                              U.S. Department of Justice



                              _____
                              NORMAN GROSS
                              Federal Bar Number 24933
                              MICHAEL MARTINEZ
                              Federal Bar Number phv0423
                              CRAIG CARPENITO
                              Federal Bar Number phv0424
                              MARK E. COYNE
                              Federal Bar Number phv01079
                              Special Attorneys
                              U.S. Department of Justice
                              970 Broad Street, Room 700
                              Newark, New Jersey 07102
                              Tel:  (973) 645-2700
                              Fax:  (973) 645-2857
```

Newark, New Jersey
Date:  October 10, 2006

---

[3] (...continued) his wife within two weeks of the" crime); <u>United States v. El-Silimy</u>, 228 F.R.D. 52, 59-60 (D. Me. 2005) (denying motion to strike allegations in indictment that defendant moved a substantial "amount of money" from one account to another "shortly after significant investigative actions in this case" because, <u>inter alia</u>, "these allegations provide circumstantial evidence of . . . consciousness of guilt").

4

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on this day I caused to be served a copy of the Opposition of the United States to Forbes' Eve of Trial Motion for Reconsideration and Clarification of the Court's September 22, 2006 Ruling (Opposition to "Forbes Third Trial Motion No. 15" [sic]) via email on:

    Barry S. Simon, Esq.
    Williams & Connolly LLP
    725 Twelfth Street, N.W.
    Washington, D.C.  20005-5901
    (202) 434-5005
    bsimon@wc.com

                                        MARK E. COYNE

Dated:  October 10, 2006
        Newark, New Jersey