UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                          )<br>)<br>WALTER A. FORBES                 )<br>)<br>) | No. 3:02CR264 (AHN)<br><br>October 11, 2006 |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT WALTER A. FORBES
FOR PERMISSION TO REFER TO PRIOR TRIALS**
**(Forbes Third Trial Motion No. 17)**

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits this memorandum in support of his motion for permission to cross-examine government witnesses about the prior trials and their outcome.

## ARGUMENT

### I.   MR. FORBES IS ENTITLED TO CROSS-EXAMINE GOVERNMENT WITNESSES ABOUT THEIR TESTIMONY IN "PRIOR TRIALS."

The Second Circuit has squarely held that in a case like the present one where there have been multiple trials and the defendant intends to attack the credibility of government witnesses by arguing that they altered their testimony over the course of the multiple trials, it is an abuse of discretion to preclude references to testimony in "prior trials." United States v. Giovanelli, 945 F.2d 479 (2d Cir. 1991). In that case, the district court ruled at the outset that there were to be no references to the prior trials, but only to prior proceedings. Id. at 487. The Second Circuit found that ruling to be an abuse of discretion. Because "many of the critical witnesses who would be called to testify had previously appeared at two state court trials," it was "readily apparent that a preclusion of all references to prior trials would present insurmountable obstacles to the defense." Id. at 488. First, precluding references to the prior trials made it "at

Oral Argument Requested

times impossible to focus a witness' attention on a specific prior inconsistent statement." Id. Second, because the defendants wanted to argue that key government witnesses "had subtly refined their testimony at the various trials and proceedings," "the ability to confront witnesses with their own prior statements, and to show that those statements had been made in a setting as solemn and dignified as the current trial, was of extreme importance to the defense. We believe that the defendants were entitled to demonstrate that [these witnesses] had not merely altered or subtly refined their testimony after 'prior proceedings' but had done so after prior trials." Id.

The Second Circuit soundly rejected the government's argument that references to "prior proceedings" were an adequate substitute for references to "prior trials."

> While the government suggests that the distinction between "trial" and "proceeding" is minimal, surely in the context of this case there was a meaningful-if not profound-difference between the two. Indeed, the use of the word "proceeding" obfuscated the precise point the defendants wished to impress upon the jury, i.e., that these very witnesses had previously testified under oath in a trial before a jury and had done so in a manner subtly at odds with their present testimony. Regardless of whether the district judge found this argument persuasive, the defendants were entitled to put before [the] jury evidence that might influence the determination of guilt.

Id. at 488 (quotation omitted). Based upon this error, the Second Circuit vacated the jury's findings of predicate acts of racketeering based on the murder and attempted murder that were the subjects of the prior trials. Id. at 49. See also United States v. Wilkerson, 361 F.3d 717, 734 (2d Cir. 2004) ("an attorney may, of course, seek to impeach a witness by eliciting that he or she testified differently regarding a material matter at a prior trial").

As in Giovanelli, the defense intends to attack the credibility of government witnesses based on the subtle (and in some cases not-so-subtle) changes in their testimony

between the first, second, and third trials.[1]  Accordingly, Mr. Forbes is entitled to refer to the prior "trials."[2]

## II. MR. FORBES SHOULD BE PERMITTED TO CROSS-EXAMINE MR. CORIGLIANO ABOUT THE OUTCOME OF THE PRIOR TRIALS.

Although a district court has discretion "to disallow any testimony as to the outcome of the prior trial, where that information would be prejudicial," Wilkerson, 361 F.3d at 734, here it is relevant to Mr. Forbes' cross-examination of Mr. Corigliano.

The results of the prior trials are relevant to show Mr. Corigliano's bias and his motive to falsify his testimony in an effort to convict Mr. Forbes.  Mr. Corigliano entered his plea agreement almost seven years ago and pled guilty more than six years ago.  He testified in the first trial, which resulted in a hung jury as to Mr. Forbes.  Although the government had an ample basis upon which to measure the extent of Mr. Corigliano's cooperation in the investigation or prosecution of another (indeed, the first trial resulted in a conviction of the co-defendant), the government did not seek to have Mr. Corigliano sentenced.  Mr. Corigliano testified in a second trial, which again resulted in a hung jury as to Mr. Forbes.  Still, the government did not seek to have Mr. Corigliano sentenced.  Given this record, it is critical that the defense be permitted to argue that the jury can infer that Mr. Corigliano's sentence will be impacted (or that Mr. Corigliano has reason to believe that it will be impacted) by the outcome of

---

[1]   As stated in Court yesterday, this issue will first present itself in the context of Mr. Monaco, which can be explained more fully after Mr. Monaco completes his direct examination. See Tr. (10/10/06) at 239.

[2]   References to the prior trials are also critical to show, for example, Mr. Corigliano's numerous preparation sessions that were specifically for trial, that he was effectively on the government's payroll (through the budget agreement) while he was working with the government to prepare for trial and was testifying at trial, that the settlement with the SEC only came about because he was about to be a witness at trial, and that he changed his testimony in response to specific cross-examination at trial.

the prosecution of Mr. Forbes. This would provide Mr. Corigliano a powerful incentive to "improve" his testimony in an effort to convict Mr. Forbes.

This evidence also is necessary to rebut the government's assertion in opening statement that the cooperating "witnesses understand that the verdict in this case has no affect on their ultimate sentence." Tr. (10/10/06) at 47. Because the government opened on this point, the defense should be permitted to present the jury with the conflicting evidence discussed above.[3]

## CONCLUSION

For the reasons set forth above, Mr. Forbes respectfully requests that the Court permit him to cross-examine government witnesses about the prior trials and their outcome.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

---

[3] This case is distinguishable from Wilkerson, in which the Second Circuit found no abuse of discretion in prohibiting cross-examination about the result of the prior trial, because the prior trial there was not a trial of the defendant, but a trial of a co-defendant that resulted in an acquittal. See 361 F.3d at 734-36. The defendant did not articulate sufficiently why the result of the prior trial was important. Giovanelli, in which the Second Circuit stated that the trial court could have instructed the jurors not to speculate about the outcome of the prior trials and precluded references to the results of the prior trials, 945 F.2d at 489, is similarly distinguishable. In that case, the results of the prior trials were not relevant to show the bias of a cooperating government witness like Mr. Corigliano. Moreover, unlike the present case, in Wilkerson and Giovanelli, the government did not open the door to the evidence by putting it at issue in opening statement.

- 5 -

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Memorandum in Support of Motion of Defendant Walter A. Forbes for Permission to Refer to Prior Trials (Forbes Third Trial Motion No. 17) to be filed electronically and to be served on October 11, 2006 to the following via e-mail:

>Norman Gross, Esq. (norman.gross@usdoj.gov)
>Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
>Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S. Simon