# EXHIBIT 1

## Case Log

Respondent: Kevin Kearney
Docket No. Case No. 21005-682
File opened: 2/26/2001
Case Closed: Settlement 4/1/2003
Settlement Compliance:    Request for reinstatement

3/9/01 File access request sent to SEC
4/1/2002 -- sent letter notifyign him of our investigation

Holds CT CPA cert not licensed since 1995, did not register cert

Was manager later Director Of Financial reporting at CUC international (now Cendant)

Mid level participants in scheme to falsely inflate earnings by making unsupported entries in financial record to increase earings in quarterly & YE fin statements ; at least 2 levels of participants above him and 1 below;

3 upper level paticipants in fraud pleaded guilty to CRIMINAL fraud
2 more even higher awaiting trial on fraud charges

Kearney only CIVIL action

SEC actions:
1. RIGHT TO PRACTICE BEFORE SEC REVOKED -- can reapply in 5 years;
2. Enjoined from future violations of Securities laws;
3. $35,000 civil penalty
4. Disgorge $32,000+ profits on sale of stock AND $8,000 interest

4/17/2002 rec'd call from Kearney's Atty

4/17/2002 MK returned call
Fetwise says very early on K decided to co-operate

John Carney Asst Us Atty -- Newark now in charge -- may not be as familiar with early stages

Weissman former Us atty in charge of Cendant in early stages

Fetwise says when it hit the fan inside Cendant, a special audit committe was appointed, Kearney was contacted by them & extensively coperated with them;
also cooperated with US Atty WITHOUT COUNSEL; by the time he got a lawyer, he had been fully debriefed by US atty;
Fetwise says: because he cooperated three people above him pleaded guilty & implicated the 2 highest

Fetwise will have US Atty Carney call me; may need Weissman; Fetwise on trial for next couple of weeks

Ques for US Atty's:
1 how did his cooperation come about
2. how valuable was he
3. How dirty was he; what was his exposure
4 relative value with other cooperating witnesses;
5 compare his situation to Paul Hiznay

10/23/02 left message for Asst US ATTy John Carney (Newark) 973-645-2700

10/24/02 tel Asst US Atty John Carney
was very coop; didn't think up the fraud ; did not know initially ; got drawn in

very early in coop came to prosecutors without lawyer & wanted to be helpful; valuable in implicating higher-ups; has testified & will testify in future ; 2 highest conspirators go on trial in Hartford in next couple of months

11/14/2002 MK SETTLEMENT THOUGHTS:
Kearney though he did not initiate the fraud was eventually drawn in and did participate; he did make money from the fraud --sold stock at prices inflated by the fraud-- he $30,000; higher ups made millions; he was an early cooperator with Cendant internal investigation and with prosecutors; went to prosecutors without an attorney; US atty says very cooperative, looks favorably on Kearney; expects him to continue testifying his testimony led to guilty pleas by 3 conspirators immediately above him & their testimony implicated 2 highest who are about to go on trial

His participation in fraud should cost him his certificate; his cooperation may get him a chance to get it back some time in the future

11/14/02 OFFER MADE TO Atty Fettweis
-- Revoke CPA cert
-- may apply for reinstatement of cert after July 13, 2005 (the date when he can reapply for right to practice before SEC;
-- nothing in this agreement shall be construed as requiring the to grant any reinstatement of Kearney's CPA cert
-- as a condition of any reinstatement of cert; pass the aicpa ethhics exam with a score of 90 or better

Atty will talk to client

11/15/02 Fettweis called Kearney co leadmasters -- generates sale leads for telemarketers; private 38 employees ; dir of finance not doing accounting, no side practice

--asked if he would have to take exam again -- mk said no
--asked if there was a CE requirement -- not to get certificate; to get lic reinstated need 40 hours of CE in year before application; if more than 5 yrs since last lic. Board can require more
if just wanted to work in industry, no practice on side, after cert reinstated, pay $20/yr to register cert & can use title in job but not practice, no CE; to practice need lic & permit

11/21/02 Atty Fetweis called to say Kearney agreed to terms offered on 11/14; confirmed above terms

11/21/02 e-mailed settlement to fettweis
12/09/02 message with Fettweis' sec
12/09/02 Communication breakdown between Fettweis & kearney, Fettweis will get signed settlement back from Kearney & send it along in a couple of days

see addl. Notes in files post 2002- Atty Murphy .

Note: fettweis continues to represent kearney as of 5/14/04.

8/24/2006 Request from Bob Fettweis for reinstatement of KK.
8/28/06  Supporting documentation from Attorney Fetweiss regarding passage of the AICPA ethics examination with a grade of over 90% (96%).

KK was eligible as of July 13, 2005 to reapply as long as he provided the AICPA certification.

9/1/2006 REA Placed on the September 5, 2006 meeting enforcement brief – recommend reinstatement.

9/5/2006 – Board voted to table pending further investigation of employment and activities of Respondent during suspension.

10/3/2006 – KK appeared at meeting and answered questions of the Board (see minutes of 10/3/2006). Board voted unanimously to reinstate. — Gesseck reused (utty)

10/13/2006 Letter to KK and Attornye Fettweis regarding reinstatement of his Connecticut Certified Public Accountant Certificate #8457 as of 10/3/2006.

# EXHIBIT 2

# Connecticut State Board of Accountancy
## Office of the Secretary of the State
30 Trinity Street
P. O. Box 150470
Hartford, Connecticut 06115-0470
(860) 509-6179 - Fax (860) 509-6247




Bernard Blum, CPA, Chairman
James S. Ciarcia
Philip J. DeCaprio, Jr. CPA
James E. Quinn
Sandra M. Schork
George G. Velly, CPA

David L. Guay, Executive Director
Michael T. Kozik, Board Attorney

Monday, April 08, 2002



Kevin T. Kearney
121 Peaceable Street
West Redding, CT 06896

Kevin T. Kearney:

It has come to the attention of the Connecticut State Board of Accountancy that your right to practice before the Securities and Exchange Commission has been suspended.

As the holder of a Connecticut Certified Public Accountant's Certificate, you are subject to Board discipline for violation of the Connecticut Accountancy Act. Section 20-281a (a) (4) of that Act provides that the Board my discipline the holder of a Connecticut CPA Certificate whose right to practice before any state or federal agency is suspended or revoked. Your suspension from practice before the SEC appears to be a clear violation of this provision of the Act. As such you are subject to sanctions including monetary penalties and the suspension or revocation of your Connecticut CPA Certificate.

Please contact me at your earliest convince so we can discuss this matter. Naturally, you are free to consult an attorney and have him contact me on your behalf. If, however, I have not been contacted by April 29, 2002, I will commence formal administrative proceedings against you.

Sincerely,

Michael T. Kozik
Attorney for the Board

# EXHIBIT 3




# Connecticut State Board of Accountancy
## Office of the Secretary of the State
30 Trinity Street
P. O. Box 150470
Hartford, Connecticut 06115-0470
(860) 509-6179 - Fax (860) 509-6247

Bernard Blum, CPA, Chairman
James S. Ciarcia
Philip J. DeCaprio, Jr. CPA
James E. Quinn
Sandra M. Schork
George G. Veily, CPA
Michael Weinshel, CPA

David L. Guay, Executive Director
Michael T. Kozik, Board Attorney

New Docket # 682
Old Docket # 21005

**RECEIVED**

DEC 16 2002

SECRETARY OF THE STATE
STATE BOARD OF ACCOUNTANCY

In the matter of:

Mr. Kevin T. Kearney
121 Peaceable Street
West Redding, CT 06896

## SETTLEMENT AGREEMENT

This Settlement Agreement, by and between. Kevin T. Kearney, hereinafter sometimes referred to as "Respondent", and the authorized representative of the State Board of Accountancy (hereinafter sometimes referred to as the "Board"), is entered into in accordance with Connecticut General Statutes, Section 20-280c(c). In accordance herewith, the parties stipulate and agree that:

1. At all times relevant hereto Respondent held a Connecticut Certified Public Accountant Certificate issued under Chapter 389 of the Connecticut General Statutes.
2. At no time relevant hereto did Respondent hold a Connecticut Certified Public Accountant License or Permit to Practice Public Accounting issued under Chapter 389 of the Connecticut General Statutes.
3. Pursuant to Connecticut General Statutes, Sections 20-280b and 20-280c, and the Uniform Administrative Procedures Act, Connecticut General Statutes, Section 4-166 et seq., the State Board of Accountancy commenced an investigation into a possible violation of the Chapter 389 of the General Statutes by the Respondent.
4. While making no admissions of substantive facts, Respondent admits that the State Board of Accountancy has jurisdiction to issue the orders set forth herein.
5. Respondent waives:
   a. Any further procedural steps;
   b. The requirement that the Board's Decision and Order contain a statement of findings of fact and conclusions of law; and
   c. All rights to seek judicial review or otherwise to challenge or contest the validity of the Order entered pursuant to the Agreement.

6. This Agreement shall not become part of the official record unless and until it is accepted by the Board.
7. The following Order shall become final upon acceptance and approval by the board, without further

notice to the Respondent. When so entered, it shall have the same force and effect as if entered after a full hearing.
8. This agreement is executed by the parties hereto for the sole purpose of compromising and settling the matter involved in this dispute, and it is expressly understood and agreed, as a condition hereof, that this Agreement shall not constitute or be construed to be an admission by Respondent of the truth or correctness of any allegations.

## ORDER

Pursuant to Connecticut General Statutes, Sections 20-280b and 20-281a, the Connecticut State Board of Accountancy ORDERS that:
1. Respondent's Connecticut Certified Public Accountant Certificate is hereby revoked.
2. Respondent may apply for a reinstatement of his Connecticut Certified Public Accountant Certificate after July 13, 2005.
3. Together with any application for the reinstatement of his certificate Respondent shall deliver to the Board at its office at 30 Trinity Street, Hartford, CT 06106, evidence that within one year prior to such application, Respondent has passed the AICPA ethics exam with a score of 90% or better.
4. Nothing herein shall be construed to require the Board to grant any reinstatement of Respondent's certificate.

FOR RESPONDENT

Dated: 12/9/2002
Respondent, Kevin T. Kearney

Dated: 1/6/2003

FOR THE CONNECTICUT STATE BOARD OF ACCOUNTANCY

Michael T. Kozik
Staff Attorney
Complaint Counsel
30 Trinity Street
Hartford, CT 06106

This Settlement Agreement in the matter of Kevin T. Kearney, Docket No. 682 is accepted and approved, and the ORDER contained therein is entered by the Board of Accountancy on this 1st day of APRIL, 2003.

STATE OF CONNECTICUT
BOARD OF ACCOUNTANCY

2

BY: _____
Bernard Blum
Its Chairman

# EXHIBIT 4



# Connecticut
## State Board of Accountancy

Thomas F. Reynolds, CPA, Chairman
Richard P. Bond
James S. Ciarcia
Philip J. DeCaprio, Jr., CPA, Cr.FA, CVA
Richard H. Gesseck, CPA
Berthann Jones CFP®
Leonard M. Romaniello, Jr., CPA, CITP, MST
Richard L. Sturdevant
Michael Weinshel, CPA

David L. Guay, Executive Director
Rebecca E. Adams, Legal Counsel

October 13, 2006

Kevin T. Kearney
121 Peaceable Street
West Redding, CT 06896

Re:    Reinstatement of Certificate #8457

Dear Mr. Kearney:

Thank you for attending the Board of Accountancy's October 3, 2006 meeting. Your comments and answers to Board questions were of great assistance in its decision to reinstate your Certificate.

As you know, the Board, at that meeting, voted to reinstate your Connecticut Certified Public Accountant Certificate, Certificate Number 8457. Reinstatement is effective as of October 3, 2006.

Please fill out the enclosed Certificate Registration Application and send it, along with the registration fee of $20 dollars, to the Board.

Sincerely,

Rebecca E. Adams, Esq.
Legal Counsel for the Board

30 Trinity Street
Hartford, Connecticut 06106-1634
(860) 509-6179 – Fax (860) 509-6247
www.ct.gov/sboa
sboa@ct.gov