UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v.   ) <br> ) <br> WALTER A. FORBES  ) <br> ) <br> ) | No. 3:02CR264 (AHN) <br><br> October 17, 2006 |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT WALTER A. FORBES FOR PERMISSION TO INTRODUCE EXTRINSIC EVIDENCE OF BIAS**
(Forbes Third Trial Motion No. 19)

Defendant Walter A. Forbes, through undersigned counsel, respectfully submits this memorandum in support of his motion for permission to introduce extrinsic evidence of the bias of government witness Henry Silverman.

**ARGUMENT**

The term "bias" is used "to describe the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party. Bias may be induced by a witness' like, dislike, or fear of a party, or by the witness' self-interest." United States v. Abel, 469 U.S. 45, 52 (1985) (district court properly admitted extrinsic evidence of bias). It is difficult to imagine evidence more probative of bias than evidence that Mr. Silverman and his counsel encouraged Kirk Shelton to testify against Mr. Forbes and offered him inducements to do so. Mr. Forbes is entitled to introduce this extrinsic evidence to prove not only the fact, but also "the strength of [Mr. Silverman's] bias." Id. at 54.

The Supreme Court has held that "[p]roof of bias is almost always relevant" and may be shown "by extrinsic evidence." Id. at 52. "The law is well settled in this Circuit, as in others, that bias of a witness is not a collateral issue and extrinsic evidence is admissible to prove that a witness has a motive to testify falsely. The law of evidence has long recognized that a

Oral Argument Requested

cross-examiner is not required to 'take the answer' of a witness concerning possible bias, but may proffer extrinsic evidence, including the testimony of other witnesses, to prove the facts showing a bias in favor of or against a party." United States v. Harvey, 547 F.2d 720, 722 (2d Cir. 1976) (citations omitted & emphasis added) (reversing conviction because district court excluded extrinsic evidence of bias); see also United States v. Haggett, 438 F.2d 396 (2d Cir. 1971) (reversing conviction because district court excluded extrinsic evidence that government witness/officer of victim bank offered favorable loan treatment in an attempt to induce witnesses to testify against defendant).

The Second Circuit accords "[s]pecial treatment" to "evidence which is probative of a special motive to lie for if believed it colors every bit of testimony given by the witness whose motives are bared." 547 F.2d at 722 (quotation omitted).

> [A] defendant should be afforded the opportunity to present facts which, if believed, could lead to the conclusion that a witness who has testified against him either favored the prosecution or was hostile to the defendant. Evidence of all facts and circumstances which tend to show that a witness may shade his testimony for the purpose of helping to establish one side of a cause only should be received . . . .

Id. at 723 (quotation omitted); see also United States v. Wolfson, 437 F.2d 862, 874 (2d Cir. 1970) ("In criminal cases, especially, defense counsel should be given great latitude in adducing proof which might bear on credibility.").[1]

---

[1] Fed. R. Evid. 608(b) was amended in 2003 to clarify that its prohibition against the admission of extrinsic evidence for the purpose of showing character for untruthfulness does not prohibit the admission of extrinsic evidence to show bias. Fed. R. Evid. 608(b) advisory committee's note ("On occasion the Rule's use of the overbroad term 'credibility' has been read to bar extrinsic evidence for bias, competency and contradiction impeachment since they too deal with credibility. The amendment conforms the language of the Rule to its original intent, which was to impose an absolute bar on extrinsic evidence only if the sole purpose for offering the evidence was to prove the witness' character for veracity. By limiting the application of the Rule to proof of a witness' character for truthfulness, the amendment leaves the admissibility of extrinsic evidence offered for other grounds of impeachment (such as contradiction, prior

## CONCLUSION

For the reasons set forth above, Mr. Forbes respectfully requests that the Court permit the introduction of extrinsic evidence of the bias of government witness Henry Silverman.[2]

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: *[signature]*
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

---

inconsistent statement, bias and mental capacity) to Rules 402 and 403." (quotations & citations omitted)).

[2] Mr. Forbes will address any possible hearsay objections when he determines which witnesses will be testifying on this issue.

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Memorandum in Support of Motion of Defendant Walter A. Forbes for Permission to Introduce Extrinsic Evidence of Bias (Forbes Third Trial Motion No. 19) to be filed electronically and to be served on October 17, 2006 to the following via e-mail:

        Norman Gross, Esq. (norman.gross@usdoj.gov)
        Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
        Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S. Simon