# PART 1 of EXHIBIT 5

LAW OFFICES OF
## COWDERY, ECKER & MURPHY, L.L.C.
750 MAIN STREET

HARTFORD, CONNECTICUT 06103-2703

www.cemlaw.com

JAMES T. COWDERY
STEVEN D. ECKER
THOMAS J. MURPHY
JAMES R. SMART
SARAH A.L. MERRIAM
GEORGE C. JEPSEN, OF COUNSEL

TELEPHONE (860) 278-5555
FACSIMILE (860) 249-0012

WRITER'S E-MAIL:
tmurphy@cemlaw.com

May 14, 2004

BY HAND

PRIVILEGED & CONFIDENTIAL

Marcie R. Ziegler, Esq.
Williams & Connolly LLP
c/o Residence Inn, Room # 520
942 Main Street
Hartford, CT 06103

Re:  United States v. Forbes, et al.

Dear Marcie:

I enclose a copy of the supplemental materials I received this morning from the Board of Accountancy concerning my request for additional information about Kevin Kearney pursuant to my FOIA request. Please call me with any questions, or if you think there is anything further you would like me to try to get from the Board.

Best wishes.

Very truly yours,

Thomas J. Murphy

TJM:
Enclosures

# Connecticut State Board of Accountancy
## Office of the Secretary of the State
30 Trinity Street
P. O. Box 150470
Hartford, Connecticut 06106-0470
(860) 509-6179 - Fax (860) 509-6247



Thomas F. Reynolds, CPA, Chairman
Richard P. Bond
James S. Ciarcia
Philip J. DeCaprio, Jr., CPA
Richard H. Gesseck, CPA
Leonard M. Romaniello, CPA
Richard L. Sturvedant
Michael Weinshel, CPA

David L. Guay, Executive Director
Eric H. Opin, Board Attorney

May 12, 2004

Thomas Murphy, Esq.
Law Offices of Cowdery, Ecker & Murphy, LLC
750 Main Street
Hartford, CT 06103

RE: File of Kevin Kearney

Dear Attorney Murphy:

Pursuant to your freedom of information request, please find enclosed the file for Kevin Kearney. Please be advised that this file contains all available information pursuant to your request. Per our research, there is no evidence of any submission by Mr. Kearney to the Connecticut State Board of Accountancy. If this information does subsequently appear, it would most likely be covered under your Freedom of Information Request and be available.

I can be reached at (860) 509-6179 if you have any questions.

Sincerely,

Eric H. Opin
Board Attorney

Enc. Kearney file

pc: David Guay, Executive Director (without attachment)

1

H:\FOI\Murphy\051204 Atty. Murphy - Kearney.doc

# Connecticut State Board of Accountancy
## Office of the Secretary of the State

30 Trinity Street
P. O. Box 150470
Hartford, Connecticut 06115-0470
(860) 509-6179 - Fax (860) 509-6247



Bernard Blum, CPA, Chairman
James S. Ciarcia
Philip J. DeCaprio, Jr. CPA
James E. Quinn
Sandra M. Schork
George G. Veily, CPA
Michael Weinshel, CPA

David L. Guay, Executive Director
Michael T. Kozik, Board Attorney

April 2, 2003

Mr. Kevin T. Kearney
121 Peaceable St.
West Redding, CT. 06896

At its meeting of April 1, 2003 the Board Members voted to accept your settlement agreement. Please find a copy of the signed settlement agreement. Please feel free to contact us should you have any further questions.

Sincerely,

Diane Ruggia
State Board of Accountancy

Cc: Larry Sopher
    Robert J. Fettweis



# Connecticut State Board of Accountancy
## Office of the Secretary of the State
30 Trinity Street
P. O. Box 150470
Hartford, Connecticut 06115-0470
(860) 509-6179 - Fax (860) 509-6247

Bernard Blum, CPA, Chairman
James S. Ciarcia
Philip J. DeCaprio, Jr. CPA
James E. Quinn
Sandra M. Schork
George G. Veily, CPA
Michael Weinshel, CPA

David L. Guay, Executive Director
Michael T. Kozik, Board Attorney

New Docket # 682
Old Docket # 21005

**RECEIVED**

DEC 1 6 2002

SECRETARY OF THE STATE
STATE BOARD OF ACCOUNTANCY

In the matter of:

Mr. Kevin T. Kearney
121 Peaceable Street
West Redding, CT 06896

## SETTLEMENT AGREEMENT

This Settlement Agreement, by and between. Kevin T. Kearney, hereinafter sometimes referred to as "Respondent", and the authorized representative of the State Board of Accountancy (hereinafter sometimes referred to as the "Board"), is entered into in accordance with Connecticut General Statutes, Section 20-280c(c). In accordance herewith, the parties stipulate and agree that:

1. At all times relevant hereto Respondent held a Connecticut Certified Public Accountant Certificate issued under Chapter 389 of the Connecticut General Statutes.
2. At no time relevant hereto did Respondent hold a Connecticut Certified Public Accountant License or Permit to Practice Public Accounting issued under Chapter 389 of the Connecticut General Statutes.
3. Pursuant to Connecticut General Statutes, Sections 20-280b and 20-280c, and the Uniform Administrative Procedures Act, Connecticut General Statutes, Section 4-166 et seq., the State Board of Accountancy commenced an investigation into a possible violation of the Chapter 389 of the General Statutes by the Respondent.
4. While making no admissions of substantive facts, Respondent admits that the State Board of Accountancy has jurisdiction to issue the orders set forth herein.
5. Respondent waives:
   a. Any further procedural steps;
   b. The requirement that the Board's Decision and Order contain a statement of findings of fact and conclusions of law; and
   c. All rights to seek judicial review or otherwise to challenge or contest the validity of the Order entered pursuant to the Agreement.

6. This Agreement shall not become part of the official record unless and until it is accepted by the Board.
7. The following Order shall become final upon acceptance and approval by the board, without further

1

notice to the Respondent. When so entered, it shall have the same force and effect as if entered after a full hearing.

8. This agreement is executed by the parties hereto for the sole purpose of compromising and settling the matter involved in this dispute, and it is expressly understood and agreed, as a condition hereof, that this Agreement shall not constitute or be construed to be an admission by Respondent of the truth or correctness of any allegations.

## ORDER

Pursuant to Connecticut General Statutes, Sections 20-280b and 20-281a, the Connecticut State Board of Accountancy ORDERS that:

1. Respondent's Connecticut Certified Public Accountant Certificate is hereby revoked.
2. Respondent may apply for a reinstatement of his Connecticut Certified Public Accountant Certificate after July 13, 2005.
3. Together with any application for the reinstatement of his certificate Respondent shall deliver to the Board at its office at 30 Trinity Street, Hartford, CT 06106, evidence that within one year prior to such application, Respondent has passed the AICPA ethics exam with a score of 90% or better.
4. Nothing herein shall be construed to require the Board to grant any reinstatement of Respondent's certificate.

FOR RESPONDENT

Dated: 12/9/2002
Respondent, Kevin T. Kearney

FOR THE CONNECTICUT STATE BOARD OF ACCOUNTANCY

Dated: 1/6/2003

Michael T. Kozik
Staff Attorney
Complaint Counsel
30 Trinity Street
Hartford, CT 06106

This Settlement Agreement in the matter of Kevin T. Kearney, Docket No. 682 is accepted and approved, and the ORDER contained therein is entered by the Board of Accountancy on this 1st day of APRIL, 2003.

STATE OF CONNECTICUT
BOARD OF ACCOUNTANCY

2

BY: _____
       Bernard Blum
       Its Chairman

# WolfBlock<sup>SM</sup>

744 Broad Street, Suite 1515, Newark, New Jersey 07102
Tel: (973) 824-7723 ■ Fax: (973) 424-5740 ■ www.WolfBlock.com

Robert J. Fettweis
Direct Dial: (973) 424-5702
E-mail:    rfettweis@wolfblock.com

*old file # 21005*
*new # 682*

December 12, 2002

**RECEIVED**

DEC 1 6 2002

SECRETARY OF THE STATE
STATE BOARD OF ACCOUNTANCY

Michael Kozik, Esq.
Connecticut State Board of Accountancy
30 Trinity Street
P.O. Box 0150470
Hartford, Connecticut 06106-0470

Re:    Kevin Kearney
       New Docket # 682; Old Docket # 21005

Dear Mr. Kozik:

Enclosed are the original and one copy of the proposed Settlement Agreement in the above matter, executed by Kevin T. Kearney.

Very truly yours,

Robert J. Fettweis
For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

RJF/ik
Enclosures

*973 228 5700*

DSNW:1272.1/KEA019-151862

Cherry Hill, NJ  ■  Harrisburg, PA  ■  Newark, NJ  ■  New York, NY  ■  Norristown, PA  ■  Philadelphia, PA  ■  Wilmington, DE
Wolf, Block, Schorr and Solis-Cohen LLP
A Pennsylvania Limited Liability Partnership

# Connecticut State Board of Accountancy
## Office of the Secretary of the State
30 Trinity Street
P. O. Box 150470
Hartford, Connecticut 06115-0470
(860) 509-6179 - Fax (860) 509-6247

Bernard Blum, CPA, Chairman
James S. Ciarcia
Philip J. DeCaprio, Jr. CPA
James E. Quinn
Sandra M. Schork
George G. Veily, CPA
Michael Weinshel, CPA

David L. Guay, Executive Director
Michael T. Kozik, Board Attorney

New Docket # 682
Old Docket # 21005

**RECEIVED**

DEC 1 6 2002

SECRETARY OF THE STATE
STATE BOARD OF ACCOUNTANCY

In the matter of:

Mr. Kevin T. Kearney
121 Peaceable Street
West Redding, CT 06896

## SETTLEMENT AGREEMENT

This Settlement Agreement, by and between. Kevin T. Kearney, hereinafter sometimes referred to as "Respondent", and the authorized representative of the State Board of Accountancy (hereinafter sometimes referred to as the "Board"), is entered into in accordance with Connecticut General Statutes, Section 20-280c(c). In accordance herewith, the parties stipulate and agree that:

1. At all times relevant hereto Respondent held a Connecticut Certified Public Accountant Certificate issued under Chapter 389 of the Connecticut General Statutes.
2. At no time relevant hereto did Respondent hold a Connecticut Certified Public Accountant License or Permit to Practice Public Accounting issued under Chapter 389 of the Connecticut General Statutes.
3. Pursuant to Connecticut General Statutes, Sections 20-280b and 20-280c, and the Uniform Administrative Procedures Act, Connecticut General Statutes, Section 4-166 et seq., the State Board of Accountancy commenced an investigation into a possible violation of the Chapter 389 of the General Statutes by the Respondent.
4. While making no admissions of substantive facts, Respondent admits that the State Board of Accountancy has jurisdiction to issue the orders set forth herein.
5. Respondent waives:
    a. Any further procedural steps;
    b. The requirement that the Board's Decision and Order contain a statement of findings of fact and conclusions of law; and
    c. All rights to seek judicial review or otherwise to challenge or contest the validity of the Order entered pursuant to the Agreement.

6. This Agreement shall not become part of the official record unless and until it is accepted by the Board.
7. The following Order shall become final upon acceptance and approval by the board, without further

1

notice to the Respondent. When so entered, it shall have the same force and effect as if entered after a full hearing.

8. This agreement is executed by the parties hereto for the sole purpose of compromising and settling the matter involved in this dispute, and it is expressly understood and agreed, as a condition hereof, that this Agreement shall not constitute or be construed to be an admission by Respondent of the truth or correctness of any allegations.

## ORDER

Pursuant to Connecticut General Statutes, Sections 20-280b and 20-281a, the Connecticut State Board of Accountancy ORDERS that:

1. Respondent's Connecticut Certified Public Accountant Certificate is hereby revoked.
2. Respondent may apply for a reinstatement of his Connecticut Certified Public Accountant Certificate after July 13, 2005.
3. Together with any application for the reinstatement of his certificate Respondent shall deliver to the Board at its office at 30 Trinity Street, Hartford, CT 06106, evidence that within one year prior to such application, Respondent has passed the AICPA ethics exam with a score of 90% or better.
4. Nothing herein shall be construed to require the Board to grant any reinstatement of Respondent's certificate.

FOR RESPONDENT

Dated: 12/9/2002
Respondent, Kevin T. Kearney

FOR THE CONNECTICUT STATE BOARD
OF ACCOUNTANCY

Dated:_____

Michael T. Kozik
Staff Attorney
Complaint Counsel
30 Trinity Street
Hartford, CT 06106

This Settlement Agreement in the matter of Kevin T. Kearney, Docket No. 682 is accepted and approved, and the ORDER contained therein is entered by the Board of Accountancy on this _____ day of _____, 2002.

STATE OF CONNECTICUT
BOARD OF ACCOUNTANCY

2

BY: _____
        Bernard Blum
        Its Chairman

2000-06-14 - Corigliano, Cosmo - Plea - News Release

# Three Former Executives Plead Guilty in Multi-Billion Dollar Fraud at Cendant/CUC

NEWARK - Three accounting executives, including the chief financial officer and controller, of the former consumer services company CUC International pleaded guilty today to charges that they used fraudulent accounting methods to inflate the earnings of CUC and Cendant Corporation, U.S. Attorney Robert J. Cleary announced.

The impact of the accounting fraud was an abrupt and steep decline in the stock value of the publicly traded Cendant Corporation when the fraud was first disclosed by company officials in April 1998. The resulting billions of dollars in losses to Cendant shareholders made it easily among the largest securities frauds ever perpetrated on the investing public, according to Cleary and Assistant U.S. Attorney Paul A. Weissman.

"This was a stunning case of corporate abuse," said Cleary. "Federal prosecutors and the SEC issue this warning: illegal stock manipulation and fraud through so-called earnings management will be detected and prosecuted."

"This case involves a grave betrayal of the public trust - a betrayal that resulted in billions of dollars in losses to investors," said Attorney General Janet Reno. "Today's action sends a strong message that any executive who lies on company financial statements to manipulate earnings will be prosecuted to the fullest extent of the law."

Cendant was created by the merger of Stamford, Conn.-based CUC International, Inc. and Parsippany, N.J.-based HFS, Inc. in December 1997. Those pleading guilty today before U.S. District Judge William H. Walls admitted that they conspired to fraudulently inflate CUC earnings and projected earnings. The defendants thereby increased the price of CUC stock, enabled the company to use artificially inflated stock to acquire other companies, and made CUC more attractive as a merger partner, according to the charges.

Pleading guilty to Informations today in cooperating plea agreements with the government were:

**Cosmo Corigliano**, 40, of Old Saybrook, Conn. - CUC's chief financial officer from approximately December 1994 until the Cendant merger and a Cendant executive vice president until his departure in April 1998 - to one count of conspiracy to commit mail and wire fraud and make false statements in reports to the Securities and Exchange Commission (SEC) and one count of wire fraud.

**Anne Pember**, 40, of Madison, Conn. - a former director of accounting at the CUC division Comp-U-Card and CUC controller from June 1997 to the Cendant merger - to one count of conspiracy to commit mail and wire fraud.

**Casper Sabatino**, 47, of Sherman, Conn. - between late 1994 and late 1997, a CUC accountant in charge of the company's external reporting, including quarterly and annual reports to the SEC; post merger, he continued to share responsibility with Pember, under Corigliano's supervision, for reporting earnings of CUC as a unit of Cendant for the fiscal year ending Dec. 31, 1997 - to one count of aiding and abetting wire fraud.

Corigliano and Pember both are certified public accountants; Sabatino is an accountant.

Each of the defendants faces a maximum penalty of five years in prison on each of the charges. Judge Walls can also impose a fine and restitution.

Also today, the Securities and Exchange Commission filed a civil suit in federal court in Newark, naming Corigliano, Pember, Sabatino and Kevin T. Kearney, formerly the director of financial reporting at CUC from 1995 through 1997. The suit, according to SEC Chief of Enforcement Richard Walker, seeks injunctive relief and recovery of the "unjust enrichment" realized by the defendants through the fraud.

During his guilty plea, Corigliano admitted that he and others at CUC began to fraudulently inflate the company's earnings at least as early as the late 1980's. Pember and Sabatino admitted that they became involved in the scheme in approximately 1994. Each of the defendants said that they participated in the scheme with corporate superiors.

After the Cendant merger, the three defendants, along with others, continued to fraudulently inflate the stated earnings of CUC, which continued to operate as a unit of Cendent under the name Cendant Membership Services (CMS). Consequently, Cendant's post-merger earnings were inflated as well.

As part of the scheme, according to the Informations:

• CUC accountants overstated the company's operating income by millions of dollars in each fiscal year from the late 1980s through the fiscal year ending Jan. 31, 1995.

• CUC accountants overstated operating income by at least $60 million for its fiscal year ending Jan. 31, 1996 - more than 28 percent higher than the company's actual operating income.

• CUC thus claimed earnings per share that year of 86 cents before one-time expenses - when the true figure was no more than 67 cents per share.

• CUC accountants overstated operating income by at least $56 million for its fiscal year ending Jan. 31, 1997 - more than 14 percent higher than the company's actual operating income.

• CUC thus claimed earnings per share that year of 70 cents before one-time expenses - when the true figure was no more than 61 cents per share.

• The conspirators overstated Cendant operating income by at least $170 million for its fiscal year ending Dec. 31, 1997 - more than 13 percent higher than Cendant's actual operating income. For CMS, operating income was overstated by 36 percent.

• Cendant thus reported earnings per share that year of $1 when the true figure was no more than 88 cents per share.

Following disclosure of the fraud by Cendant executives on April 15, 1998, Cendant stock plummetted from a high of about $41 per share to a low of about $7.50 per share. The initial decline immediately following the fraud disclosure represented approximately a $14 billion drop in Cendant's market capitalization.

Cendant announced in December a settlement in a shareholder class action lawsuit for $2.83 billion.

Shortly thereafter, the accounting firm Ernst & Young, CUC's former auditor, settled another shareholder suit for $335 million. Both settlements must still be approved by the court.

The Informations filed in court today describe several improper accounting methods used to inflate earnings. Although the companies purported to use Generally Accepted Accounting Principles (GAAP) in presenting earnings - as required under SEC regulations - the defendants admitted using the following improper and fraudulent methods:

**Method:** deliberately underfunding a reserve that CUC was required to maintain to allow for customers who cancelled or failed to pay for CUC's Comp-U-Card membership services. The amount not funded to the reserve was then reported as revenue.

**Result:** CUC overstated earnings for each fiscal year from the late 1980s through fiscal 1995 by millions of dollars, and by approximately $48 million in fiscal 1996 and $19 million in fiscal 1997. Cendant overstated earnings by approximately $12 million in the year ending Dec. 31, 1997.

**Method:** improperly accelerating recognition of revenues and deferring recognition of expenses arising from sales of certain Comp-U-Card membership programs.

**Result:** CUC overstated earnings for each fiscal year from the late 1980s through fiscal 1996 by millions of dollars, and overstated earnings by approximately $10 million in fiscal 1997. Cendant overstated earnings by approximately $17 million for the year ending Dec. 31, 1997.

**Method:** using excess funds that had been deliberately included in merger and acquisition reserves to increase operating income of CUC or CMS, either by applying the excess amounts against operating expenses; by using the funds to absorb the write-off of assets which would otherwise have required amortization or depreciation charges to operating income; or by crediting them directly to revenue.

**Result:** CUC overstated earnings for many of its fiscal years from the late 1980s through fiscal 1995 by millions of dollars, and overstated earnings by approximately $10 million in fiscal 1996 and at least $23 million in fiscal 1997. Cendant overstated earnings by at least $110 million in the year ending Dec. 31, 1997.

Beginning at least as early as in the late 1980's, according to the Informations, participants in the scheme sought to support and increase the price of CUC stock by consistently reporting that its operating income was growing by at least 25 percent a year. That caused the price of CUC stock to rise from a split-adjusted $1.56 per share on Aug. 23, 1989 - the first day CUC stock was traded on the New York Stock Exchange - to approximately $32.13 per share on Dec. 17, 1997, the date of the merger with HFS that created Cendant.

Beginning in approximately 1995, according to the charges, participants in the scheme determined that CUC would be unable to continue reporting increases in operating income of at least 25 percent per year unless they began to inflate CUC's reported earnings on an even larger scale. In large part for the specific purpose of securing the means to inflate earnings on such a scale, the participants arranged for CUC to acquire Ideon Group, Inc. in 1996 and to merge with HFS, Inc. to form Cendant in 1997. Both transactions enabled CUC to establish large, artificially inflated merger reserves which the participants then used to inflate earnings.

Participants in the scheme took pains to ensure that CUC quarterly earnings closely matched Wall Street analyst predictions. They made certain that CUC's earnings never fell even slightly short of the analysts'

consensus prediction, for fear of triggering a decline in the CUC stock price, according to the Informations.

Scheme participants kept members of the analyst community well informed as to anticipated earnings growth and inflated CUC earnings each quarter to whatever extent necessary to achieve the company's previously disclosed earnings target for the quarter.

At the end of each of the first three quarters in a fiscal year, if the consolidated earnings of CUC's operating units failed to meet projections, Corigliano and the other participants simply adjusted them upward by whatever amount was necessary to meet the target. They then publicly reported the result.

At the end of a fiscal year, to allow CUC to withstand its annual audit, the conspirators made fraudulent entries on the books of CUC's operating units to support any fraudulent earnings previously reported for the year.

Corigliano and other participants kept track of their scheme with the help of a provisional plan for inflating earnings which they closely guarded and referred to as their "cheat sheet." This document listed amounts that could be added to CUC's reported earnings for the year by means of fraudulent entries, including amounts from merger reserves.

Cleary credited Special Agents of the FBI, under the direction of Joseph R. Lewis, Special Agent in Charge of the FBI's Newark Office and Postal Inspectors of the U.S. Postal Inspection Service, under the direction of Kevin J. Burke, Inspector in Charge of the North Jersey and Caribbean Division, for their skill and persistence in investigating the case.

Cleary also thanked SEC Chairman Arthur Levitt and the SEC's Enforcement Chief Richard Walker, both in Washington, for their valuable assistance in developing the case against the defendants.

The government is represented in the case by Assistant U.S. Attorney Weissman, a deputy chief in the U.S. Attorney's Frauds and Public Protection Division, and by U.S. Attorney Cleary.

-30-

Defense attorneys:

Corigliano: Gary Naftalis, Esq. New York

Pember: Helen Gredd, Esq. New York

Sabatino: Edward Dauber, Esq. Newark

U.S. Attorney for the District of New Jersey

Robert J. Cleary, United States Attorney

970 Broad Street, Seventh Floor, Newark, New Jersey 07102

Main Office Number: 973-645-2700

Public Affairs Office: 973-645-2888

NEWS: http://www.njusao.org

Mike Drewniak Public Affairs Specialist

Alan Ables Public Affairs Specialist

Archived News Releases/Documents:

http://www.usdoj.gov/usao/nj



744 Broad Street, Suite 1515. Newark, New Jersey 07102
Tel: (973) 824-7723 ■ Fax: (973) 424-5740 ■ www.WolfBlock.com

Robert J. Fettweis
Direct Dial: (973) 424-5702
E-mail:   rfettweis@wolfblock.com

**RECEIVED**

NOV 1 8 2002

November 14, 2002

SECRETARY OF THE STATE
STATE BOARD OF ACCOUNTANCY

Michael Kozik, Esq.
Connecticut State Board of Accountancy
30 Trinity Street
P.O. Box 0150470
Hartford, Connecticut 06106-0470

    Re:   Kevin Kearney

Dear Mr. Kozik:

    Please be advised that this firm has represented, and is continuing to represent, Kevin Kearney in connection with matters relating to his prior employment by a subsidiary of Cendant Corporation.

Very truly yours,

Robert J. Fettweis
For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

RJF/ik

DSNW:1272.1/KEA019-151862

Cherry Hill, NJ ■ Harrisburg, PA ■ Newark, NJ ■ New York, NY ■ Norristown, PA ■ Philadelphia, PA ■ Wilmington, DE
Wolf, Block, Schorr and Solis-Cohen LLP
A Pennsylvania Limited Liability Partnership