# PART 3 of EXHIBIT 5

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

SECURITIES EXCHANGE ACT OF 1934
Release No.   43034 / July 13, 2000

ACCOUNTING AND AUDITING ENFORCEMENT
Release No.   1284 / July 13, 2000

ADMINISTRATIVE PROCEEDING
File No.  3-10251

| | | |
|---|---|---|
| In the Matter of | : | ORDER INSTITUTING PROCEEDINGS |
| | : | PURSUANT TO RULE 102(e) OF THE |
| KEVIN T. KEARNEY, CPA, | : | COMMISSION'S RULES OF PRACTICE, |
| | : | MAKING FINDINGS, AND IMPOSING |
| Respondent. | : | REMEDIAL SANCTIONS |
| | : | |

I.

The Securities and Exchange Commission ("Commission") deems it appropriate to institute public administrative proceedings pursuant to Rule 102(e) of the Commission's Rules of Practice[1] against Kevin T. Kearney ("Respondent" or "Kearney"), a certified public accountant.

II.

In anticipation of the institution of these administrative proceedings, Kearney has submitted an Offer of Settlement ("Offer") which the Commission has determined to accept. Solely for the purpose of these proceedings, and any other proceedings brought by or on behalf of the Commission, or in which the Commission is a party, without admitting or denying the

_____

[1]   Paragraph 1 of Rule 102(e)(1) provides, in relevant part, that:

> The Commission may . . . deny, temporarily or permanently, the privilege of appearing or practicing before it in any way to any person who is found by the Commission after notice and opportunity for hearing in the matter: . . . (iii) [t]o have willfully violated, or willfully aided and abetted the violation of any provision of the Federal securities laws or the rules and regulations thereunder.

findings set forth below, except as to jurisdiction of the Commission over him and over the subject matter of these proceedings, which Respondent admits, Respondent consents to the entry of this Order Instituting Proceedings Pursuant to Rule 102(e) of the Commission's Rules of Practice, Making Findings, and Imposing Remedial Sanctions ("Order") set forth below.

Accordingly, it is ordered that proceedings pursuant to Rule 102(e) of the Commission's Rules of Practice be, and hereby are, instituted.

## III.

## FACTS

The Commission makes the following findings:[2]

A.     Kevin T. Kearney, CPA, age 33, was a Manager of Financial Reporting at CUC International Inc. ("CUC") from 1993 until mid-1995, and then Director of Financial Reporting until March 1997, at which time he became Controller of Spark, a division of CUC. Kearney is a certified public accountant licensed in the state of Connecticut.

B.     CUC, a Delaware corporation that had its headquarters in Stamford, Connecticut, was principally engaged in membership-based consumer services, such as auto, dining, shopping, and travel "clubs." CUC's largest division, Comp-U-Card, marketed individual memberships in these clubs. CUC's securities were registered pursuant to Section 12(b) of the Securities Exchange Act of 1934 ("Exchange Act") and traded on the New York Stock Exchange ("NYSE"). On December 17, 1997, CUC merged with HFS Incorporated to form Cendant Corporation. Cendant's common stock and certain other securities issued by Cendant are registered pursuant to Section 12(b) of the Exchange Act and trade on the NYSE. Certain additional securities issued by Cendant are registered pursuant to Section 12(g) of the Exchange Act.

C.     On June 14, 2000, the Commission filed a complaint against Kearney in SEC v. Cosmo Corigliano, Anne M. Pember, Casper Sabatino, and Kevin T. Kearney, 00 Civ. 2873 (D.N.J.). On June 6, 2000, Kearney consented to the entry of the Final Judgment of Permanent Injunction and Other Relief as to Defendant Kevin T. Kearney ("Final Judgment"), without admitting or denying the allegations of the complaint, except as to subject matter jurisdiction, which he admitted. On June 29, 2000, the United States District Court for the District of New Jersey entered the Final Judgment, which (1) permanently enjoins Kearney from (i) violating Section 13(b)(5) of the Exchange Act, and Exchange Act Rule 13b2-1; and (ii) aiding and abetting violations of Sections 10(b), 13(a), 13(b)(2)(A), and 14(a) of the Exchange Act, and

---

[2] The Commission's findings herein are made pursuant to Respondent's Offer and are not binding upon any other person or entity in these or any other proceedings.

Exchange Act Rules 10b-5, 12b-20, 13a-1, 13a-13, 13b2-2, and 14a-9; (2) orders him to disgorge ill-gotten gains of $32,443, plus prejudgment interest of $8,234; and (3) orders him to pay a civil money penalty of $35,000 pursuant to Section 21(d)(3) of the Exchange Act.

D.    The Commission's complaint alleges that, while Kearney was in the Financial Reporting group at CUC, he participated in a financial fraud at CUC to inflate its quarterly and annual earnings during the period from at least 1995 through early 1998. Specifically, the complaint alleges the following: He was regularly present when CUC's Chief Financial Officer calculated the fraudulent quarterly adjustments at the end of each of the first three fiscal quarters each year necessary to meet CUC's earnings targets. Kearney supervised financial reporting personnel who entered the unsupported quarterly adjustments. Kearney also had the job of canvassing the various CUC subsidiaries throughout the year to find out if the subsidiaries had "excess" reserves that CUC corporate could use to inflate operating income at CUC. Kearney occasionally instructed controllers at CUC subsidiaries to make certain unsupported year-end entries directed by the CFO. Kearney also aided and abetted certain officers or directors of CUC in making materially false or misleading statements to CUC's auditors in order to conceal the fraud, including the preparation of false schedules, statements, and other support for various entries and methodologies associated with the fraud.

## V.

Based on the foregoing, the Commission finds that Kearney (a) willfully violated Section 13(b)(5) of the Exchange Act and Rule 13b2-1 promulgated thereunder; and (b) willfully aided and abetted violations of Sections 10(b), 13(a), 13(b)(2)(A), and 14(a) of the Exchange Act, and Rules 10b-5, 12b-20, 13a-1, 13a-13, 13b2-2, and 14a-9 promulgated thereunder.

## VI.

In view of the foregoing, the Commission deems it appropriate to accept Kearney's Offer and to impose the sanctions agreed to therein.

Accordingly, **IT IS HEREBY ORDERED** that pursuant to Rule 102(e) of the Commission's Rules of Practice

1.    Kearney be denied the privilege of appearing or practicing before the Commission as an accountant.

2.    After five years from the date of the Order, Kearney may request that the Commission consider his reinstatement by submitting an application (attention: Office of the Chief Accountant) to resume appearing or practicing before the Commission as:

- 3 -

a. a preparer or reviewer, or a person responsible for the preparation or review, of any public company's financial statements that are filed with the Commission. Such an application must satisfy the Commission that Kearney's work in his practice before the Commission will be reviewed either by the independent audit committee of the public company for which he works or in some other acceptable manner, as long as he practices before the Commission in this capacity; and/or

b. an independent accountant. Such an application must satisfy the Commission that: (a) Kearney, or the firm with which he is associated, is a member of the SEC Practice Section of the American Institute of Certified Public Accountants Division for CPA Firms ("SEC Practice Section"); (b) Kearney, or the firm, has received an unqualified report relating to his, or the firm's, most recent peer review conducted in accordance with the guidelines adopted by the SEC Practice Section; and (c) as long as Kearney appears or practices before the Commission as an independent accountant he will remain either a member of the SEC Practice Section or associated with a member firm of the SEC Practice Section, and will comply with all applicable SEC Practice Section requirements, including all requirements for periodic peer reviews, concurring partner reviews, and continuing professional education.

3. The Commission's review of an application by Kearney to resume appearing or practicing before the Commission may include consideration of, in addition to the matters referenced above, any other matters relating to Kearney's character, integrity, professional conduct, or qualifications to appear or practice before the Commission.

By the Commission.

Jonathan G. Katz
Secretary

- 4 -

1997 Controller of Spark

Manager of ↑                    ↑          1993 – 1995
                                           1995 – 1997
KEARNEY: former Director of Financial Reporting CUC auditors

→ barred from practicing => right to reapply in 5yrs.

=> supervised (lower-level) managers who entered alterations | 1995 – 1998

=> sold stock @ prices inflated by his fraud

→ disgorgement of $32,443 + $8,234

↳ civil penalty of $35,000                 for:
                                           → preparer/reviewer
                                           → independent
                                              accountant

=> canvassing CUC subsidaries to seek excess reserves to inflate op. I

=> told controllers @ " " to make unsupported entries

=> aided/abetted making false/misleading statements to CUC auditors




HIZNAY: former mid-level Accounting Manager

↳ order to cease & diesist violating Sec. 13

=> aided violations through directions of superiors

=> approved entries reversing commissions payable liability account]
        onto revenue @ CUC
                             boss' written instructions
=> approved unsupported/entries

=> kept membership cancellations off books in last quarter

⚓

                                    Larry Super


                    are they CPAs?
                are these cases still?
                    open

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

SECURITIES EXCHANGE ACT OF 1934
Release No.   43034 / July 13, 2000

ACCOUNTING AND AUDITING ENFORCEMENT
Release No.   1284 / July 13, 2000

ADMINISTRATIVE PROCEEDING
File No. 3-10251

| | | |
|---|---|---|
| In the Matter of | : | ORDER INSTITUTING PROCEEDINGS |
| | : | PURSUANT TO RULE 102(e) OF THE |
| KEVIN T. KEARNEY, CPA, | : | COMMISSION'S RULES OF PRACTICE, |
| | : | MAKING FINDINGS, AND IMPOSING |
| Respondent. | : | REMEDIAL SANCTIONS |

I.

The Securities and Exchange Commission ("Commission") deems it appropriate to institute public administrative proceedings pursuant to Rule 102(e) of the Commission's Rules of Practice[1] against Kevin T. Kearney ("Respondent" or "Kearney"), a certified public accountant.

II.

In anticipation of the institution of these administrative proceedings, Kearney has submitted an Offer of Settlement ("Offer") which the Commission has determined to accept. Solely for the purpose of these proceedings, and any other proceedings brought by or on behalf of the Commission, or in which the Commission is a party, without admitting or denying the

---

[1]  Paragraph 1 of Rule 102(e)(1) provides, in relevant part, that:

> The Commission may . . . deny, temporarily or permanently, the privilege of appearing or practicing before it in any way to any person who is found by the Commission after notice and opportunity for hearing in the matter: . . . (iii) [t]o have willfully violated, or willfully aided and abetted the violation of any provision of the Federal securities laws or the rules and regulations thereunder.

findings set forth below, except as to jurisdiction of the Commission over him and over the subject matter of these proceedings, which Respondent admits, Respondent consents to the entry of this Order Instituting Proceedings Pursuant to Rule 102(e) of the Commission's Rules of Practice, Making Findings, and Imposing Remedial Sanctions ("Order") set forth below.

Accordingly, it is ordered that proceedings pursuant to Rule 102(e) of the Commission's Rules of Practice be, and hereby are, instituted.

### III.

### FACTS

The Commission makes the following findings:[2]

A.    Kevin T. Kearney, CPA, age 33, was a Manager of Financial Reporting at CUC International Inc. ("CUC") from 1993 until mid-1995, and then Director of Financial Reporting until March 1997, at which time he became Controller of Spark, a division of CUC. Kearney is a certified public accountant licensed in the state of Connecticut.

B.    CUC, a Delaware corporation that had its headquarters in Stamford, Connecticut, was principally engaged in membership-based consumer services, such as auto, dining, shopping, and travel "clubs." CUC's largest division, Comp-U-Card, marketed individual memberships in these clubs. CUC's securities were registered pursuant to Section 12(b) of the Securities Exchange Act of 1934 ("Exchange Act") and traded on the New York Stock Exchange ("NYSE"). On December 17, 1997, CUC merged with HFS Incorporated to form Cendant Corporation. Cendant's common stock and certain other securities issued by Cendant are registered pursuant to Section 12(b) of the Exchange Act and trade on the NYSE. Certain additional securities issued by Cendant are registered pursuant to Section 12(g) of the Exchange Act.

C.    On June 14, 2000, the Commission filed a complaint against Kearney in SEC v. Cosmo Corigliano, Anne M. Pember, Casper Sabatino, and Kevin T. Kearney, 00 Civ. 2873 (D.N.J.). On June 6, 2000, Kearney consented to the entry of the Final Judgment of Permanent Injunction and Other Relief as to Defendant Kevin T. Kearney ("Final Judgment"), without admitting or denying the allegations of the complaint, except as to subject matter jurisdiction, which he admitted. On June 29, 2000, the United States District Court for the District of New Jersey entered the Final Judgment, which (1) permanently enjoins Kearney from (i) violating Section 13(b)(5) of the Exchange Act, and Exchange Act Rule 13b2-1; and (ii) aiding and abetting violations of Sections 10(b), 13(a), 13(b)(2)(A), and 14(a) of the Exchange Act, and

---

[2] The Commission's findings herein are made pursuant to Respondent's Offer and are not binding upon any other person or entity in these or any other proceedings.

Exchange Act Rules 10b-5, 12b-20, 13a-1, 13a-13, 13b2-2, and 14a-9; (2) orders him to disgorge ill-gotten gains of $32,443, plus prejudgment interest of $8,234; and (3) orders him to pay a civil money penalty of $35,000 pursuant to Section 21(d)(3) of the Exchange Act.

    D.    The Commission's complaint alleges that, while Kearney was in the Financial Reporting group at CUC, he participated in a financial fraud at CUC to inflate its quarterly and annual earnings during the period from at least 1995 through early 1998. Specifically, the complaint alleges the following: He was regularly present when CUC's Chief Financial Officer calculated the fraudulent quarterly adjustments at the end of each of the first three fiscal quarters each year necessary to meet CUC's earnings targets. Kearney supervised financial reporting personnel who entered the unsupported quarterly adjustments. Kearney also had the job of canvassing the various CUC subsidiaries throughout the year to find out if the subsidiaries had "excess" reserves that CUC corporate could use to inflate operating income at CUC. Kearney occasionally instructed controllers at CUC subsidiaries to make certain unsupported year-end entries directed by the CFO. Kearney also aided and abetted certain officers or directors of CUC in making materially false or misleading statements to CUC's auditors in order to conceal the fraud, including the preparation of false schedules, statements, and other support for various entries and methodologies associated with the fraud.

V.

    Based on the foregoing, the Commission finds that Kearney (a) willfully violated Section 13(b)(5) of the Exchange Act and Rule 13b2-1 promulgated thereunder; and (b) willfully aided and abetted violations of Sections 10(b), 13(a), 13(b)(2)(A), and 14(a) of the Exchange Act, and Rules 10b-5, 12b-20, 13a-1, 13a-13, 13b2-2, and 14a-9 promulgated thereunder.

VI.

    In view of the foregoing, the Commission deems it appropriate to accept Kearney's Offer and to impose the sanctions agreed to therein.

    Accordingly, **IT IS HEREBY ORDERED** that pursuant to Rule 102(e) of the Commission's Rules of Practice

    1.    Kearney be denied the privilege of appearing or practicing before the Commission as an accountant.

    2.    After five years from the date of the Order, Kearney may request that the Commission consider his reinstatement by submitting an application (attention: Office of the Chief Accountant) to resume appearing or practicing before the Commission as:

- 3 -

a.      a preparer or reviewer, or a person responsible for the preparation or review, of any public company's financial statements that are filed with the Commission. Such an application must satisfy the Commission that Kearney's work in his practice before the Commission will be reviewed either by the independent audit committee of the public company for which he works or in some other acceptable manner, as long as he practices before the Commission in this capacity; and/or

b.      an independent accountant. Such an application must satisfy the Commission that: (a) Kearney, or the firm with which he is associated, is a member of the SEC Practice Section of the American Institute of Certified Public Accountants Division for CPA Firms ("SEC Practice Section"); (b) Kearney, or the firm, has received an unqualified report relating to his, or the firm's, most recent peer review conducted in accordance with the guidelines adopted by the SEC Practice Section; and (c) as long as Kearney appears or practices before the Commission as an independent accountant he will remain either a member of the SEC Practice Section or associated with a member firm of the SEC Practice Section, and will comply with all applicable SEC Practice Section requirements, including all requirements for periodic peer reviews, concurring partner reviews, and continuing professional education.

3.      The Commission's review of an application by Kearney to resume appearing or practicing before the Commission may include consideration of, in addition to the matters referenced above, any other matters relating to Kearney's character, integrity, professional conduct, or qualifications to appear or practice before the Commission.

By the Commission.


                                        Jonathan G. Katz
                                        Secretary

FILED

JUN 27 2000

AT 8:30 ........... M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ENTERED
ON
THE DOCKET

JUN 2 9 2000

WILLIAM T. WALSH, CLERK

By _____
(Deputy Clerk)

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>450 Fifth Street, NW<br>Washington, D.C. 20549, | : | |
| | Plaintiff, | : |
| | v. | : |
| COSMO CORIGLIANO, ANNE M.<br>PEMBER, CASPER SABATINO, and<br>KEVIN T. KEARNEY, | : | |
| | Defendants. | : |

Civ. No. 00 2873 (AJC)

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND
## OTHER RELIEF AS TO DEFENDANT KEVIN T. KEARNEY

Plaintiff, the Securities and Exchange Commission ("Commission"), having filed a

Complaint, and Defendant Kevin T. Kearney, in his attached Consent and Undertakings of Kevin

T. Kearney ("Consent"), incorporated herein, having entered a general appearance, having

admitted the jurisdiction of this Court over him, having waived the entry of findings of fact and

conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having waived

any right he might have to appeal from the entry of this Final Judgment of Permanent Injunction

and Other Relief as to Defendant Kevin T. Kearney ("Final Judgment"), and, without admitting

or denying the allegations of the Complaint (except as to jurisdiction, which he admits), having

consented to the entry of this Final Judgment enjoining him from engaging in transactions, acts,

practices, and courses of business which constitute(i) violations of Section 13(b)(5) of the

Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder [17 C.F.R. § 240.13b2-1]; and (ii) aiding and abetting violations of Sections 10(b), 13(a), 13(b)(2)(A), and 14(a) of the Exchange Act [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A), and 78n(a)] and Rules 10b-5, 12b-20, 13a-1, 13a-13, 13b2-2, and 14a-9 thereunder [17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1, 240.13a-13, 240.13b2-2, and 240.14a-9].

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kevin T. Kearney, his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from, directly or indirectly, aiding and abetting, through the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(1)     employment of any device, scheme, or artifice to defraud,

(2)     the making of any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

(3)     engagement in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, in connection with the sale of any security.

- 2 -

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kevin T. Kearney, his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from, directly or indirectly, aiding and abetting, through the use of any means or instrumentality of interstate commerce or of the mails, or of the facilities of a national securities exchange:

(1)     the employment of any device, scheme, or artifice to defraud,

(2)     the making of any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of    the circumstances under which they were made, not misleading, or

(3)     engagement in any transaction, act, practice, or course of business which operates or would operate as a fraud or deceit on any person, in connection with the purchase or sale of any security.

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kevin T. Kearney, his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from, directly or indirectly, knowingly circumventing or knowingly failing to implement a system of internal accounting controls of an issuer which has a class of securities registered

- 3 -

pursuant to Section 12 of the Exchange Act or an issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act.

## IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kevin T. Kearney, his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from, directly or indirectly, aiding and abetting any issuer of a security registered pursuant to Section 12 of the Exchange Act by:

(1)    filing any report required by the Securities Act or the Exchange Act and the rules of the Commission which fails to contain information and documents as the Commission requires to keep reasonably current the information and documents required to be included in the report;

(2)    failing to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer;

(3)    failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements and (b) to maintain accountability for assets; (iii) access to assets is

- 4 -

permitted only in accordance with management's general or specific

authorization: and (iv) the recorded accountability for assets is compared with the

existing assets at reasonable intervals and appropriate action is taken with respect

to any differences:

(4)     knowingly circumventing or knowingly failing to implement a system of internal

accounting controls or knowingly falsifying any book. record, or account.

## V.

IT IS HEREBY ORDERED. ADJUDGED. AND DECREED that Defendant Kevin T.

Kearney, his agents, servants. employees. attorneys, and all those persons having active concert

and participation with them who receive actual notice of this Final Judgment by personal service

or otherwise, and each of them, be and they hereby are permanently restrained and enjoined

from, directly or indirectly, aiding and abetting, by use of the mails or by any means or

instrumentality of interstate commerce or of any facility of a national securities exchange or

otherwise, any solicitation by means of any proxy statement, form of proxy, notice of meeting, or

other communication, written or oral, containing any statement which, at the time and in the light

of the circumstances under which it is made, is false or misleading with respect to any material

fact, or which omits to state any material fact necessary in order to make the statements therein

not false or misleading.

## VI.

IT IS HEREBY ORDERED. ADJUDGED. AND DECREED that Defendant Kevin T.

Kearney. his agents. servants, employees, attorneys, and all those persons having active concert

and participation with them who receive actual notice of this Final Judgment by personal service

or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from aiding and abetting the making or causing to be made a materially false or misleading statement or to omit to state, or to cause another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with (i) any audit or examination of the financial statements of an issuer required to be made pursuant to the Exchange Act or (ii) the preparation or filing of any document or report required to be filed with the Commission.

## VII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $32,443, representing ill-gotten gains as a result of the conduct alleged in the Complaint, plus $8,234 prejudgment interest. Defendant shall satisfy this obligation by paying $40,677 within 10 business days to the Clerk of this Court, together with a letter specifying that payment is made pursuant to this Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the SEC's counsel in this action. The Clerk shall hold these funds in the Registry, in an interest-bearing account, pending further order. By making this payment, Defendant relinquishes all legal and equitable right, title and interest in such funds, and no part of the funds shall be returned to Defendant.

## VIII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant pay a civil penalty of $35,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $35,000 within 10 business days to the Comptroller of the SEC, together with a letter specifying that payment is made pursuant to this

- 6 -

Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the SEC's counsel in this action. The SEC shall forward such funds to the U.S. Treasury.

## IX.

IT IS FURTHER ORDERED. ADJUDGED. AND DECREED that the annexed Consent of Defendant Kevin T. Kearney be. and the same hereby is. incorporated herein with the same force and effect as if fully set forth herein.

## X.

IT IS FURTHER ORDERED. ADJUDGED. AND DECREED that this Court shall retain jurisdiction of this action for all purposes. including the implementation and enforcement of this Final Judgment.

There being no reason for delay. the Clerk of the Court is hereby directed. pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. to enter this Final Judgment forthwith.

UNITED STATES DISTRICT JUDGE

Date: _____

- 7 -

U.S. SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C.

LITIGATION RELEASE NO. 16587 / June 14, 2000

ACCOUNTING AUDITING ENFORCEMENT RELEASE NO. 1276

Securities And Exchange Commission v. Cosmo Corigliano, Anne M. Pember, Casper Sabatino, and Kevin Kearney, Civil Action No. 00-2873 (AJL) (D.N.J. June 14, 2000)

Securities And Exchange Commission v. Steven Speaks, Civil Action No. 00-2875 (WHW) (D.N.J. June 14, 2000)

Securities And Exchange Commission v. Mary Sattler Polverari, Civil Action No. 00-2874 (WHW) (D.N.J. June 14, 2000)

In the Matter of Cendant Corporation, Administrative Proceeding File No. 3-10225

In the Matter of Steven Speaks, CPA, Administrative Proceeding File No. 3-10227

In the Matter of Mary Sattler Polverari, CPA, Administrative Proceeding File No. 3-10228

In the Matter of Paul Hiznay, Administrative Proceeding File No. 3-10226

## SEC INSTITUTES ENFORCEMENT ACTION AGAINST FORMER TOP FINANCIAL OFFICERS AND MANAGERS AT CUC INTERNATIONAL IN CONNECTION WITH MASSIVE FINANCIAL FRAUD AT CUC AND CENDANT CORPORATION – FINANCIAL REPORTING ACTION BROUGHT AGAINST CENDANT

The U.S. Securities and Exchange Commission ("Commission") today initiated civil litigation in the U.S. District Court for the District of New Jersey against four former officers or managers of CUC International Inc. ("CUC"). The Commission also instituted and simultaneously settled administrative proceedings against Cendant Corporation and three former managers of CUC. Cendant was created through the December 17, 1997, merger of CUC and HFS Incorporated. The proceedings and litigation resulted from the Commission's continuing investigation of a long-running financial fraud that began at CUC in the 1980s and continued until its discovery and disclosure by Cendant in April 1998. Upon disclosure of the fraud, the price of Cendant common stock plummeted, causing billions of dollars in losses for investors.

## SEC CHARGES COSMO CORIGLIANO AND ANNE M. PEMBER, FORMER CUC OFFICERS, WITH MAJOR ROLES IN MASSIVE FRAUD

In the first of three separate complaints filed by the Commission today with the U.S. District Court, the Commission alleged violations of the federal securities laws by Cosmo Corigliano, Anne M. Pember, Casper Sabatino, and Kevin Kearney, all former officers or managers of CUC. Corigliano and Pember are contesting the Commission's action.

The Commission's complaint alleges that Corigliano, the Chief Financial Officer of CUC, was one of the CUC senior officers who helped to engineer the fraud. Among other things, the complaint alleges that during the last several years of the fraud, Corigliano was the CUC officer responsible for creating and maintaining a schedule that management used to track the progress of their fraud. Corigliano regularly directed CUC financial reporting managers to make unsupported alterations to the company's quarterly and annual financial results. The Commission alleges, moreover, that Corigliano profited from his own wrong-doing by selling CUC securities and a large number of Cendant securities at inflated prices while the fraud he helped engineer was underway and undisclosed. The complaint alleges that Corigliano, by his actions in furtherance of the fraud, violated, or aided and abetted violations of, the antifraud, periodic reporting, corporate record-keeping, internal controls, and lying to auditors provisions of the federal securities laws. The Commission's complaint seeks an injunction enjoining Corigliano from future violations of those provisions, disgorgement of his ill-gotten gains (plus prejudgment interest thereon), payment of a civil money penalty, and an order permanently barring him from acting as an officer or director of a public company.

The Commission's complaint alleges that Pember, the former CUC Controller, was the CUC officer most responsible for implementing directives received from Corigliano in furtherance of the fraud. Among other things, the complaint alleges that, in January 1998 alone, Pember was responsible for implementing directives that inflated Cendant's annual income by more than $100 million, primarily through improper use of the company's reserves. The Commission alleges that Pember too profited from her own wrong-doing by selling CUC and Cendant stock at inflated prices while the fraud she helped implement was underway and undisclosed. The complaint alleges that Pember, by her actions in furtherance of the fraud, violated, or aided and abetted violations of, the antifraud, periodic reporting, corporate record-keeping, internal controls, and lying to auditors provisions of the federal securities laws. The Commission's complaint seeks an injunction enjoining Pember from future violations of those provisions, disgorgement of her ill-gotten gains (plus prejudgment interest thereon), payment of a civil money penalty, and an order permanently barring her from acting as an officer or director of a public company.

## SEC SETTLES WITH CASPER SABATINO AND KEVIN KEARNEY, FORMER CUC FINANCIAL REPORTING MANAGERS, REGARDING CHARGES ARISING FROM THE CUC FRAUD

Sabatino and Kearney, without admitting or denying the Commission's allegations, have each consented to the entry of Final Judgments settling the Commission's action against them. The Commission's complaint alleges that Sabatino, a former CUC Vice President of Accounting and Financial Reporting, implemented directives from Corigliano in furtherance of the fraud.

-2-

Among other things, the Commission's complaint alleges that Sabatino was the CUC officer most responsible for directing lower-level CUC financial reporting managers to make Corigliano's alterations to the company's quarterly financial results. The complaint alleges that Sabatino, by his actions in furtherance of the fraud, violated, or aided and abetted violations of, the antifraud, periodic reporting, corporate record-keeping, internal controls, and lying to auditors provisions of the federal securities laws. Sabatino has consented to entry of a Final Judgment that would enjoin him from future violations of those provisions and permanently bar him from acting as an officer or director of a public company.

The Commission's complaint alleges that Kearney, a former CUC Director of Financial Reporting, also instructed lower-level CUC financial reporting managers to carry out directives received from Corigliano in furtherance of the fraud. Among other things, the Commission alleges that Kearney was regularly present when Corigliano would calculate unsupported alterations to CUC's quarterly results and that, while he was part of the CUC financial reporting operations, Kearney supervised the lower-level managers who actually entered Corigliano's quarterly alterations. The complaint alleges that Kearney also profited from his own wrong-doing, selling CUC and Cendant stock at prices inflated by the fraud he had knowingly assisted. The Commission's complaint alleges that Kearney, by his actions in furtherance of the fraud, violated, or aided and abetted violations of, the antifraud, periodic reporting, corporate record-keeping, and lying to auditors provisions of the federal securities laws. Kearney has consented to entry of a Final Judgment that would enjoin him from future violations of those provisions, order him to pay disgorgement of $32,443 in ill-gotten gains (plus prejudgment interest of $8,234), and order him to pay a civil money penalty of $35,000.

Kearney has also agreed to the issuance of a Commission administrative Order that would be issued subsequent to entry of the Final Judgment and that would bar Kearney from practicing before the Commission as an accountant, with the right to reapply after five years.

## U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF NEW JERSEY ANNOUNCES PLEA AGREEMENTS WITH CORIGLIANO, PEMBER, AND SABATINO

The U.S. Attorney's Office ("USAO") for the District of New Jersey today announced that Corigliano, Pember, and Sabatino had each pleaded guilty to Informations in the U.S. District Court for the District of New Jersey, pursuant to plea agreements between those three individuals and the USAO. Pursuant to his agreement, Corigliano pleaded guilty to a two-count Information charging him with wire fraud and with conspiracy to commit mail fraud, wire fraud, and causing false statements to be made in documents required to be filed with the Commission. Similarly, pursuant to her agreement, Pember pleaded guilty to a one-count Information charging her with conspiracy to commit mail fraud and wire fraud. Sabatino, pursuant to his agreement, pleaded guilty to a one-count Information charging him with aiding and abetting wire fraud.

SEC SETTLES WITH STEVEN SPEAKS, MARY SATTLER POLVERARI, AND PAUL HIZNAY, FORMER LOWER-LEVEL CUC FINANCIAL REPORTING OR ACCOUNTING MANAGERS, REGARDING CHARGES ARISING FROM THE CUC FRAUD

The Commission today also issued administrative Orders instituting settled administrative proceedings against three lower-level financial reporting or accounting managers at CUC. In the first of the three separate administrative Orders, the Commission found that Steven Speaks, the former Controller of CUC's largest division, violated the corporate record-keeping provisions of the federal securities laws, and aided and abetted violations of the antifraud, periodic reporting, and corporate record-keeping provisions, in connection with actions that he took at the direction of Pember and in furtherance of the fraud. Among other things, the Commission's complaint alleges that Speaks made, or instructed others to make, journal entries that effectuated much of the January 1998 income inflation directed by Pember. Simultaneous with the institution of the administrative proceeding, and without admitting or denying the findings contained therein, Speaks consented to the issuance of the Commission Order, which orders Speaks to cease and desist from future violations of the provisions and bars Speaks from practicing before the Commission as an accountant, with the right to reapply after three years.

The Commission also today filed a complaint in U.S. District Court for the District of New Jersey against Speaks, alleging that Speaks violated, or aided and abetted violations, of the antifraud, periodic reporting, and corporate record-keeping provisions of the federal securities laws and seeking an order requiring Speaks to pay a civil money penalty. Without admitting or denying the Commission's allegations, Speaks has consented to the entry of a Final Judgment that would order Speaks to pay a civil money penalty of $25,000.

In a second separate administrative Order, the Commission found that Mary Sattler Polverari, a former CUC Supervisor of Financial Reporting, violated the corporate record-keeping provisions of the federal securities laws, and aided and abetted violations of the antifraud, periodic reporting, and corporate record-keeping provisions, in connection with actions that she took in furtherance of the fraud. Among other things, the Commission alleges that Polverari, at the direction of Sabatino and Kearney, regularly and knowingly made unsupported alterations to CUC's quarterly financial results. Simultaneous with the institution of the administrative proceeding, and without admitting or denying the findings contained therein, Polverari consented to the issuance of the Commission Order, which orders Polverari to cease and desist from future violations of the provisions and bars her from practicing before the Commission as an accountant, with the right to reapply after three years.

The Commission also today filed a complaint in U.S. District Court for the District of New Jersey against Polverari, alleging that she violated, or aided and abetted violations, of the antifraud, periodic reporting, and corporate record-keeping provisions of the federal securities laws and seeking an order requiring her to pay a civil money penalty. Without admitting or denying the Commission's allegations, Polverari has consented to the entry of a Final Judgment that would order her to pay a civil money penalty of $25,000.

In a third administrative Order, the Commission found that Paul Hiznay, a former Accounting Manager at CUC's largest division, aided and abetted violations of the periodic reporting provisions of the federal securities laws, in connection with actions that he took at the direction of his superiors at CUC. Among other things, the Commission alleges that Hiznay made unsupported journal entries that Pember had directed. Simultaneous with the institution of the administrative proceeding, and without admitting or denying the findings contained therein, Hiznay consented to the issuance of the Commission Order, which orders him to cease and desist from future violations of the provisions.

## SEC SETTLES WITH CENDANT CORPORATION REGARDING CHARGES ARISING FROM THE CUC FRAUD

In a fourth and separate administrative Order issued today, the Commission found that Cendant violated the periodic reporting, corporate record-keeping, and internal controls provisions of the federal securities laws, in connection with the CUC fraud. Among other things, the Commission's Order finds that the company's books, records, and accounts had been falsely altered, and materially false periodic reports had been filed with the Commission, as a result of the long-running fraud at CUC. Simultaneous with the institution of the administrative proceeding, and without admitting or denying the findings contained therein, Cendant consented to the issuance of the Commission Order, which orders Cendant to cease and desist from future violations of the provisions. In fashioning its Order, the Commission recognized remedial acts promptly undertaken by Cendant and cooperation afforded the Commission and other authorities.

The Commission's investigation is continuing.