# PART 6 of EXHIBIT 5

FILED

JUN 27 2000

AT 8:30 .......... M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ENTERED
ON
THE DOCKET

JUN 29 2000

WILLIAM T. WALSH, CLERK
By _____
(Deputy Clerk)

SECURITIES AND EXCHANGE COMMISSION
450 Fifth Street, NW
Washington, D.C. 20549,

                         Plaintiff,

                         v.

Civ. No. 00 2873 (AJC)

COSMO CORIGLIANO, ANNE M.
PEMBER, CASPER SABATINO, and
KEVIN T. KEARNEY,

                         Defendants.

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT KEVIN T. KEARNEY

Plaintiff, the Securities and Exchange Commission ("Commission"), having filed a Complaint, and Defendant Kevin T. Kearney, in his attached Consent and Undertakings of Kevin T. Kearney ("Consent"), incorporated herein, having entered a general appearance, having admitted the jurisdiction of this Court over him, having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having waived any right he might have to appeal from the entry of this Final Judgment of Permanent Injunction and Other Relief as to Defendant Kevin T. Kearney ("Final Judgment"), and, without admitting or denying the allegations of the Complaint (except as to jurisdiction, which he admits), having consented to the entry of this Final Judgment enjoining him from engaging in transactions, acts, practices, and courses of business which constitute (i) violations of Section 13(b)(5) of the

Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder [17 C.F.R. § 240.13b2-1]; and (ii) aiding and abetting violations of Sections 10(b), 13(a), 13(b)(2)(A), and 14(a) of the Exchange Act [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A), and 78n(a)] and Rules 10b-5, 12b-20, 13a-1, 13a-13, 13b2-2, and 14a-9 thereunder [17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1, 240.13a-13, 240.13b2-2, and 240.14a-9].

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kevin T. Kearney, his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from, directly or indirectly, aiding and abetting, through the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(1) employment of any device, scheme, or artifice to defraud,

(2) the making of any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

(3) engagement in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, in connection with the sale of any security.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kevin T. Kearney, his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from, directly or indirectly, aiding and abetting, through the use of any means or instrumentality of interstate commerce or of the mails, or of the facilities of a national securities exchange:

(1) the employment of any device, scheme, or artifice to defraud,

(2) the making of any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

(3) engagement in any transaction, act, practice, or course of business which operates or would operate as a fraud or deceit on any person, in connection with the purchase or sale of any security.

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kevin T. Kearney, his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from, directly or indirectly, knowingly circumventing or knowingly failing to implement a system of internal accounting controls of an issuer which has a class of securities registered

- 3 -

pursuant to Section 12 of the Exchange Act or an issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act.

## IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kevin T. Kearney, his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from, directly or indirectly, aiding and abetting any issuer of a security registered pursuant to Section 12 of the Exchange Act by:

(1) filing any report required by the Securities Act or the Exchange Act and the rules of the Commission which fails to contain information and documents as the Commission requires to keep reasonably current the information and documents required to be included in the report;

(2) failing to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer;

(3) failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements and (b) to maintain accountability for assets; (iii) access to assets is

- 4 -

permitted only in accordance with management's general or specific authorization: and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences:

(4) knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account.

## V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kevin T. Kearney, his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from, directly or indirectly, aiding and abetting, by use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, any solicitation by means of any proxy statement, form of proxy, notice of meeting, or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading.

## VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kevin T. Kearney, his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service

or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from aiding and abetting the making or causing to be made a materially false or misleading statement or to omit to state, or to cause another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with (i) any audit or examination of the financial statements of an issuer required to be made pursuant to the Exchange Act or (ii) the preparation or filing of any document or report required to be filed with the Commission.

## VII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $32,443, representing ill-gotten gains as a result of the conduct alleged in the Complaint, plus $8,234 prejudgment interest. Defendant shall satisfy this obligation by paying $40,677 within 10 business days to the Clerk of this Court, together with a letter specifying that payment is made pursuant to this Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the SEC's counsel in this action. The Clerk shall hold these funds in the Registry, in an interest-bearing account, pending further order. By making this payment, Defendant relinquishes all legal and equitable right, title and interest in such funds, and no part of the funds shall be returned to Defendant.

## VIII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant pay a civil penalty of $35,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $35,000 within 10 business days to the Comptroller of the SEC, together with a letter specifying that payment is made pursuant to this

- 6 -

Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the SEC's counsel in this action. The SEC shall forward such funds to the U.S. Treasury.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the annexed Consent of Defendant Kevin T. Kearney be, and the same hereby is, incorporated herein with the same force and effect as if fully set forth herein.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this action for all purposes, including the implementation and enforcement of this Final Judgment.

There being no reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith.

_____
UNITED STATES DISTRICT JUDGE

Date: _____

- 7 -

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FILED
JUN 27 2000
AT 8:30 ........ M
WILLIAM T. WALSH
CLERK

ENTERED
ON
THE DOCKET

JUN 29 2000

WILLIAM T. WALSH, CLERK
By _____
(Deputy Clerk)

SECURITIES AND EXCHANGE COMMISSION
450 Fifth Street, NW
Washington, D.C. 20549,

                              Plaintiff,

                               v.

Civ. No. 002873 (AJC)

COSMO CORIGLIANO, ANNE M.
PEMBER, CASPER SABATINO, and
KEVIN T. KEARNEY,

                               Defendants.

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT KEVIN T. KEARNEY

Plaintiff, the Securities and Exchange Commission ("Commission"), having filed a Complaint, and Defendant Kevin T. Kearney, in his attached Consent and Undertakings of Kevin T. Kearney ("Consent"), incorporated herein, having entered a general appearance, having admitted the jurisdiction of this Court over him, having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having waived any right he might have to appeal from the entry of this Final Judgment of Permanent Injunction and Other Relief as to Defendant Kevin T. Kearney ("Final Judgment"), and, without admitting or denying the allegations of the Complaint (except as to jurisdiction, which he admits), having consented to the entry of this Final Judgment enjoining him from engaging in transactions, acts, practices, and courses of business which constitute(i) violations of Section 13(b)(5) of the

Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder [17 C.F.R. § 240.13b2-1]; and (ii) aiding and abetting violations of Sections 10(b), 13(a), 13(b)(2)(A), and 14(a) of the Exchange Act [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A), and 78n(a)] and Rules 10b-5, 12b-20, 13a-1, 13a-13, 13b2-2, and 14a-9 thereunder [17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1, 240.13a-13, 240.13b2-2, and 240.14a-9].

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kevin T. Kearney, his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from, directly or indirectly, aiding and abetting, through the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(1) employment of any device, scheme, or artifice to defraud,

(2) the making of any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

(3) engagement in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, in connection with the sale of any security.

- 2 -

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kevin T. Kearney, his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from, directly or indirectly, aiding and abetting, through the use of any means or instrumentality of interstate commerce or of the mails, or of the facilities of a national securities exchange:

(1) the employment of any device, scheme, or artifice to defraud,

(2) the making of any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

(3) engagement in any transaction, act, practice, or course of business which operates or would operate as a fraud or deceit on any person, in connection with the purchase or sale of any security.

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kevin T. Kearney, his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from, directly or indirectly, knowingly circumventing or knowingly failing to implement a system of internal accounting controls of an issuer which has a class of securities registered

pursuant to Section 12 of the Exchange Act or an issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act.

## IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kevin T. Kearney, his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from, directly or indirectly, aiding and abetting any issuer of a security registered pursuant to Section 12 of the Exchange Act by:

(1) filing any report required by the Securities Act or the Exchange Act and the rules of the Commission which fails to contain information and documents as the Commission requires to keep reasonably current the information and documents required to be included in the report;

(2) failing to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer;

(3) failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements and (b) to maintain accountability for assets; (iii) access to assets is

- 4 -

permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences;

(4) knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account.

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kevin T. Kearney, his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from, directly or indirectly, aiding and abetting, by use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, any solicitation by means of any proxy statement, form of proxy, notice of meeting, or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading.

VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kevin T. Kearney, his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service

- 5 -

or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from aiding and abetting the making or causing to be made a materially false or misleading statement or to omit to state, or to cause another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with (i) any audit or examination of the financial statements of an issuer required to be made pursuant to the Exchange Act or (ii) the preparation or filing of any document or report required to be filed with the Commission.

## VII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $32,443, representing ill-gotten gains as a result of the conduct alleged in the Complaint, plus $8,234 prejudgment interest. Defendant shall satisfy this obligation by paying $40,677 within 10 business days to the Clerk of this Court, together with a letter specifying that payment is made pursuant to this Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the SEC's counsel in this action. The Clerk shall hold these funds in the Registry, in an interest-bearing account, pending further order. By making this payment, Defendant relinquishes all legal and equitable right, title and interest in such funds, and no part of the funds shall be returned to Defendant.

## VIII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant pay a civil penalty of $35,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $35,000 within 10 business days to the Comptroller of the SEC, together with a letter specifying that payment is made pursuant to this

Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the SEC's counsel in this action. The SEC shall forward such funds to the U.S. Treasury.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the annexed Consent of Defendant Kevin T. Kearney be, and the same hereby is, incorporated herein with the same force and effect as if fully set forth herein.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this action for all purposes, including the implementation and enforcement of this Final Judgment.

There being no reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith.

UNITED STATES DISTRICT JUDGE

Date: _____

-7-

## ACCESS REQUEST BY STATE OR MUNICIPAL GOVERNMENT AGENCY

Re: [Name of investigation]

Dear _____:

We request access to the investigative and other non-public files of the U.S. Securities and Exchange Commission (the "Commission") related to the captioned matter. This request is made in connection with an ongoing lawful investigation or official proceeding inquiring into a violation of, or failure to comply with, a criminal or civil statute or regulation, rule or order issued pursuant thereto, being conducted by [name of requesting agency].

We will establish and maintain such safeguards as are necessary and appropriate to protect the confidentiality of files to which access is granted and information derived therefrom. The files and information may, however, be used for the purpose of our investigation and/or proceeding and any resulting proceedings. They also may be transferred to criminal law enforcement authorities. We shall notify you of any such transfer and use our best efforts to obtain appropriate assurances of confidentiality.

Other than as set forth in the preceding paragraph, we will:

make no public use of these files or information without prior approval of your staff;

notify you of any legally enforceable demand for the files or information prior to complying with the demand, and assert such legal exemptions or privileges on your behalf as you may request; and

not grant any other demand or request for the files or information without prior notice to and lack of objection by your staff.

We recognize that until this matter has been closed, the Commission continues to have an interest and will take further investigatory or other steps as it considers necessary in the discharge of its duties and responsibilities.1/

Should you have any questions, please contact _____:

---

1/ This paragraph may be omitted if the Commission's case is closed.