# PART 1 of EXHIBIT 6

## Ziegler, Marcie

| | |
|---|---|
| **From:** | Thomas J. Murphy [tmurphy@cemlaw.com] |
| **Sent:** | Friday, October 13, 2006 12:59 PM |
| **To:** | Ziegler, Marcie |
| **Cc:** | William Gullotta |
| **Subject:** | RE: request |

**Attachments:**    Kearney Docs.pdf



Kearney Docs.pdf
(3 MB)

   Marcie,

  Per my voice-mail messages on your cell phone, here are the new documents from the Board of Accountancy in .pdf format.  Let me know where to FedEx the originals of these materials to you.

  Good luck.  Call me or my colleague Bill Gullotta with any questions.  Thanks.

Tom


Thomas J. Murphy, Esq.
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT  06103-2703
Tel:  (860) 278-5555
Fax: (860) 249-0012
Cell: (860) 416-1342
tmurphy@cemlaw.com

  This message from the law firm of Cowdery, Ecker & Murphy, L.L.C. may contain information that is PRIVILEGED AND CONFIDENTIAL by applicable law and is intended solely for the use of the intended recipient.  If you are not the intended recipient, be aware that any other use, printing, copying, review, disclosure, or distribution of the contents of this messsage is strictly prohibited and may be subject to legal restriction or sanction.  If you suspect that you have received this transmittal in error, please advise the sender by immediate reply and delete the original message.


-----Original Message-----
From: Ziegler, Marcie [mailto:MZiegler@wc.com]
Sent: Thursday, October 12, 2006 9:24 PM
To: Thomas J. Murphy
Subject: request


Tom,

Kevin Kearney testified today that he had recently filed something with the State accounting board as part of his effort to get his CPA license back.  Could you try to get a current copy of his file (or whatever is new)?  Thanks!

Hope all is well.

Marcire

1



# Connecticut
# State Board of Accountancy

Thomas F. Reynolds, CPA, Chairman
Richard P. Bond
James S. Ciarcia
Philip J. DeCaprio, Jr., CPA, Cr.FA, CVA
Richard H. Gesseck, CPA
Berthann Jones CFP®
Leonard M. Romaniello, Jr., CPA, CITP, MST
Richard L. Sturdevant
Michael Weinshel, CPA

David L. Guay, Executive Director
Rebecca E. Adams, Legal Counsel

October 13, 2006

To whom it may concern:

On October 13, 2006, Bill Guillotta appeared at the State Board of Accountancy offices at 30 Trinity Street, Second Floor, Hartford, Connecticut, and requested to view and copy the contents of the file for Kevin Kearney, Case Number 21005-682.

The file, which was maintained by Board staff, was presented to Mr. Guillotta at approximately 11:20 AM, at which time he copied all of the contents of the file in the Board office as follows:

1. Board letter of March 9, 2001 from Michael Kozik to Thomas Newkirk.
2. Board letter of April 8, 2002 from Micheal Kozik to Kevin Kearney.
3. Settlement Agreement in the enforcement case against Kevin Kearney, Case Number 21005-682.
4. Board letter of April2, 2003 from Diana Rugga to Kevin Kearney.
5. Letter from Attorney Fettweis to the Board requesting reinstatement of Kevin Kearney's Certificate (attachment – AICPA ethics examination certificate).
6. Letter from Attorney Fettweis to the Board regarding the attached AICPA certification of 96% score on the ethics examination (attachment – AICPA grade score).
7. Board enforcement docket briefs of the September 5, 2006.
8. Board enforcement docket briefs of October 3, 2006.
9. Board minutes of October 3, 2006.
10. Signed Settlement Agreement in the enforcement case against Kevin Kearney, Case No. 21005-682.
11. Case log from access database – contemporaneous notes of staff regarding case status.
12. Letter of reinstatement from Rebecca Adams to Kevin Kearney.

I certify that the copies obtained by Mr. Guillotta, as listed above, are of the official records maintained in the Board case file concerning Kevin Kearney.

Sincerely,

Rebecca E. Adams, Esq.
Legal Counsel for the State Board of Accountancy

30 Trinity Street
Hartford, Connecticut 06106-1634
(860) 509-6179 – Fax (860) 509-6247
www.ct.gov/sboa
sboa@ct.gov



# Connecticut
# State Board of Accountancy

Thomas F. Reynolds, CPA, Chairman
Richard P. Bond
James S. Ciarcia
Philip J. DeCaprio, Jr., CPA, Cr.FA, CVA
Richard H. Gesseck, CPA
Berthann Jones CFP®
Leonard M. Romaniello, Jr., CPA, CITP, MST
Richard L. Sturdevant
Michael Weinshel, CPA

David L. Guay, Executive Director
Rebecca E. Adams, Legal Counsel

October 13, 2006

Kevin T. Kearney
121 Peaceable Street
West Redding, CT 06896

Re:     Reinstatement of Certificate #8457

Dear Mr. Kearney:

Thank you for attending the Board of Accountancy's October 3, 2006 meeting.  Your comments and answers to Board questions were of great assistance in its decision to reinstate your Certificate.

As you know, the Board, at that meeting, voted to reinstate your Connecticut Certified Public Accountant Certificate, Certificate Number 8457.  Reinstatement is effective as of October 3, 2006.

Please fill out the enclosed Certificate Registration Application and send it, along with the registration fee of $20 dollars, to the Board.

Sincerely,

Rebecca E. Adams, Esq.
Legal Counsel for the Board

30 Trinity Street
Hartford, Connecticut 06106-1634
(860) 509-6179 – Fax (860) 509-6247
www.ct.gov/sboa
sboa@ct.gov

 **CPA CERTIFICATE REGISTRATION APPLICATION**
CONNECTICUT STATE BOARD OF ACCOUNTANCY
FORM SBA-2 (SBA2.DOC)
(Rev. 7/05)

| For Board use only! |
| --- |
| Check No._____ |
| Transaction Date_____ |
| Amount Received_____ |
| ID No. _____ |

## GENERAL INSTRUCTIONS

Please type or print all requested information. <u>Mail</u> completed forms to **State Board of Accountancy, Payment Center, P.O. Box 150477, Hartford, CT 06115-0477** accompanied by a **$20.00** payment by check made payable to the **Treasurer State of Connecticut.** *(Check, Money Order, or Cashier's Checks are the only acceptable methods of payment at this time.)*

Use this form **only** if you are the holder of a CPA Certificate and wish to register the Certificate in order to be allowed limited use of the title Certified Public Accountant & the initials CPA.

All applications for CPA Certificate Registration will be placed on the next available Board meeting agenda for approval (the Board typically meets monthly). The Certificate Registration is valid for the remainder of the calendar year in which it is granted (Jan. 1, - Dec. 31,).

Applicants are cautioned that the registration of the CPA Certificate does not grant the authority to practice public accountancy.

**1.** Applicants full name and address

Social Security Number: _____ — _____ — _____
Home Ph (    )    -         Work Ph (    )    -

**2.** Provide your CPA Certificate Number and the issuing jurisdiction (State)

CPA Certificate Number_____

Issuing jurisdiction_____

**3.** Sign & Date

_____        _____
Applicant Signature                      Date

Allowable use of the Title CPA by A Connecticut Registered Certificate holder

**Personal use.**
- On personal stationary
- On personal checks
- On social correspondence

**Employees of a CPA or PA Firm** (*who are not proprietors, partners or shareholders*) may use the title in the course of employment with such firm:
- In oral or written communication.
- In connection with the listing of the employee's name on the firm's letterhead or advertising, provided that such letterhead or advertising indicates that the employee is not a proprietor, partner or shareholder.
- On business cards which identify such firm.

**Officer or employee of an entity other than a CPA firm** (*Commonly called business and industry*) *may* use the title only in connection with their association with the entity and only if such usage clearly identifies the entity and the person's position within such entity.
- In oral or written communication.
- In directories
- On business cards
- On letterhead

**Faculty member or administrator of an educational institution** may use the title in connection with such employment as a faculty member or administrator:
- In academic catalogues.
- In articles, books, and other publications.
- In directories or listings.

Registered Certificate holders *may not* affix their name or the name of any firm to a report, or affix the name of a firm or their name together with the title to any tax return, or practice public accountancy.

**Case Log**

Respondent:    Kevin Kearney
Docket No.    Case No. 21005-682
File opened:    2/26/2001
Case Closed:    Settlement 4/1/2003
Settlement Compliance:    Request for reinstatement

3/9/01 File access request sent to SEC
4/1/2002 -- sent letter notifyign him of our investigation

Holds CT CPA cert not licensed since 1995, did not register cert

Was manager later Director Of Financial reporting at CUC international (now Cendant)

Mid level participants in scheme to falsely inflate earnings by making unsupported
entries in financial record to increase earings in quarterly & YE fin statements ; at least 2
levels of participants above him and 1 below;

 3 upper level paticipants in fraud pleaded guilty to CRIMINAL fraud
 2 more even higher awaiting trial on fraud charges

Kearney only CIVIL action

SEC actions:
1. RIGHT TO PRACTICE BEFORE SEC REVOKED -- can reapply in 5 years;
2. Enjoined from future violations of Securities laws;
3. $35,000 civil penalty
4. Disgorge $32,000+ profits on sale of stock AND $8,000 interest

4/17/2002 rec'd call from Kearney's Atty

4/17/2002 MK returned call
Fetwise says very early on K decided to co-operate

John Carney Asst Us Atty -- Newark now in charge -- may not be as familiar with early
stages

Weissman former Us atty in charge of Cendant in early stages

Fetwise says when it hit the fan inside Cendant, a special audit committe was appointed,
Kearney was contacted by them & extensively coperated with them;
also cooperated with US Atty WITHOUT COUNSEL; by the time he got a lawyer, he
had been fully debriefed by US atty;
Fetwise says: because he cooperated three people above him pleaded guilty & implicated
the 2 highest

Fetwise will have US Atty Carney call me; may need Weissman; Fetwise on trial for next couple of weeks

Ques for US Atty's:
1 how did his cooperation come about
2. how valuable was he
3. How dirty was he; what was his exposure
4 relative value with other cooperating witnesses;
5 compare his situation to Paul Hiznay

10/23/02 left message for Asst US ATTy John Carney (Newark) 973-645-2700

10/24/02 tel Asst US Atty John Carney
was very coop; didn't think up the fraud ; did not know initially ; got drawn in

very early in coop came to prosecutors without lawyer & wanted to be helpful; valuable in implicating higher-ups; has testified & will testify in future ; 2 highest conspirators go on trial in Hartford in next couple of months

11/14/2002 MK SETTLEMENT THOUGHTS:
Kearney though he did not initiate the fraud was eventually drawn in and did participate; he did make money from the fraud --sold stock at prices inflated by the fraud-- he $30,000; higher ups made millions; he was an early cooperator with Cendant internal investigation and with prosecutors; went to prosecutors without an attorney; US atty says very cooperative, looks favorably on Kearney; expects him to continue testifying his testimony led to guilty pleas by 3 conspirators immediately above him & their testimony implicated 2 highest who are about to go on trial

His participation in fraud should cost him his certificate; his cooperation may get him a chance to get it back some time in the future

11/14/02 OFFER MADE TO Atty Fettweis
-- Revoke CPA cert
-- may apply for reinstatement of cert after July 13, 2005 (the date when he can reapply for right to practice before SEC;
-- nothing in this agreement shall be construed as requiring the to grant any reinstatement of Kearney's CPA cert
-- as a condition of any reinstatement of cert; pass the aicpa ethhics exam with a score of 90 or better

Atty will talk to client

11/15/02 Fettweis called Kearney co leadmasters -- generates sale leads for telemarketers; private 38 employees ; dir of finance not doing accounting, no side practice

--asked if he would have to take exam again -- mk said no
--asked if there was a CE requirement -- not to get certificate; to get lic reinstated need 40 hours of CE in year before application; if more than 5 yrs since last lic. Board can require more
if just wanted to work in industry, no practice on side, after cert reinstated, pay $20/yr to register cert & can use title in job but not practice, no CE; to practice need lic & permit

11/21/02 Atty Fetweis called to say Kearney agreed to terms offered on 11/14; confirmed above terms

11/21/02 e-mailed settlement to fettweis
12/09/02 message with Fettweis' sec
12/09/02 Communication breakdown between Fettweis & kearney, Fettweis will get signed settlement back from Kearney & send it along in a couple of days

see addl. Notes in files post 2002- Atty Murphy .

Note:  fettweis continues to represent kearney as of 5/14/04.

8/24/2006  Request from Bob Fettweis for reinstatement of KK.
8/28/06    Supporting documentation from Attorney Fetweiss regarding passage of the AICPA ethics examination with a grade of over 90% (96%).

KK was eligible as of July 13, 2005 to reapply as long as he provided the AICPA certification.

9/1/2006 REA Placed on the September 5, 2006 meeting enforcement brief – recommend reinstatement.

9/5/2006 – Board voted to table pending further investigation of employment and activities of Respondent during suspension.

10/3/2006 – KK appeared at meeting and answered questions of the Board (see minutes of 10/3/2006).  Board voted unanimously to reinstate. — Gesseck reused (uHY)

10/13/2006 Letter to KK and Attornye Fettweis regarding reinstatement of his Connecticut Certified Public Accountant Certificate #8457 as of 10/3/2006.

--asked if he would have to take exam again -- mk said no
--asked if there was a CE requirement -- not to get certificate; to get lic reinstated need 40 hours of CE in year before application; if more than 5 yrs since last lic. Board can require more
if just wanted to work in industry, no practice on side, after cert reinstated, pay $20/yr to register cert & can use title in job but not practice, no CE; to practice need lic & permit

11/21/02 Atty Fetweis called to say Kearney agreed to terms offered on 11/14; confirmed above terms

11/21/02 e-mailed settlement to fettweis
12/09/02 message with Fettweis' sec
12/09/02 Communication breakdown between Fettweis & kearney, Fettweis will get signed settlement back from Kearney & send it along in a couple of days

see addl. Notes in files post 2002- Atty Murphy .

Note: fettweis continues to represent kearney as of 5/14/04.

8/24/2006 Request from Bob Fettweis for reinstatement of KK.
8/28/06 Supporting documentation from Attorney Fetweiss regarding passage of the AICPA ethics examination with a grade of over 90% (96%).

KK was eligible as of July 13, 2005 to reapply as long as he provided the AICPA certification.

9/1/2006 REA Placed on the September 5, 2006 meeting enforcement brief – recommend reinstatement.

9/5/2006 – Board voted to table pending further investigation of employment and activities of Respondent during suspension.

10/3/2006 – KK appeared at meeting and answered questions of the Board (see minutes of 10/3/2006). Board voted unanimously to reinstate. — Gesseck reused (utty)

10/13/2006 Letter to KK and Attornye Fettweis regarding reinstatement of his Connecticut Certified Public Accountant Certificate #8457 as of 10/3/2006.




# Connecticut State Board of Accountancy
## Office of the Secretary of the State
30 Trinity Street
P. O. Box 150470
Hartford, Connecticut 06115-0470
(860) 509-6179 - Fax (860) 509-6247

Bernard Blum, CPA, Chairman
James S. Ciarcia
Philip J. DeCaprio, Jr. CPA
James E. Quinn
Sandra M. Schork
George G. Velly, CPA
Michael Weinshel, CPA

David L. Guay, Executive Director
Michael T. Kozik, Board Attorney

New Docket # 682
Old Docket # 21005

# RECEIVED

DEC 1 6 2002

**SECRETARY OF THE STATE**
**STATE BOARD OF ACCOUNTANCY**

In the matter of:

Mr. Kevin T. Kearney
121 Peaceable Street
West Redding, CT 06896

## SETTLEMENT AGREEMENT

This Settlement Agreement, by and between. Kevin T. Kearney, hereinafter sometimes referred to as "Respondent", and the authorized representative of the State Board of Accountancy (hereinafter sometimes referred to as the "Board"), is entered into in accordance with Connecticut General Statutes, Section 20-280c(c). In accordance herewith, the parties stipulate and agree that:

1. At all times relevant hereto Respondent held a Connecticut Certified Public Accountant Certificate issued under Chapter 389 of the Connecticut General Statutes.

2. At no time relevant hereto did Respondent hold a Connecticut Certified Public Accountant License or Permit to Practice Public Accounting issued under Chapter 389 of the Connecticut General Statutes.

3. Pursuant to Connecticut General Statutes, Sections 20-280b and 20-280c, and the Uniform Administrative Procedures Act, Connecticut General Statutes, Section 4-166 et seq., the State Board of Accountancy commenced an investigation into a possible violation of the Chapter 389 of the General Statutes by the Respondent.

4. While making no admissions of substantive facts, Respondent admits that the State Board of Accountancy has jurisdiction to issue the orders set forth herein.

5. Respondent waives:
   a. Any further procedural steps;
   b. The requirement that the Board's Decision and Order contain a statement of findings of fact and conclusions of law; and
   c. All rights to seek judicial review or otherwise to challenge or contest the validity of the Order entered pursuant to the Agreement.

6. This Agreement shall not become part of the official record unless and until it is accepted by the Board.

7. The following Order shall become final upon acceptance and approval by the board, without further

1·

notice to the Respondent. When so entered, it shall have the same force and effect as if entered after a full hearing.

8. This agreement is executed by the parties hereto for the sole purpose of compromising and settling the matter involved in this dispute, and it is expressly understood and agreed, as a condition hereof, that this Agreement shall not constitute or be construed to be an admission by Respondent of the truth or correctness of any allegations.

## ORDER

Pursuant to Connecticut General Statutes, Sections 20-280b and 20-281a, the Connecticut State Board of Accountancy ORDERS that:

1. Respondent's Connecticut Certified Public Accountant Certificate is hereby revoked.
2. Respondent may apply for a reinstatement of his Connecticut Certified Public Accountant Certificate after July 13, 2005.
3. Together with any application for the reinstatement of his certificate Respondent shall deliver to the Board at its office at 30 Trinity Street, Hartford, CT 06106, evidence that within one year prior to such application, Respondent has passed the AICPA ethics exam with a score of 90% or better.
4. Nothing herein shall be construed to require the Board to grant any reinstatement of Respondent's certificate.

FOR RESPONDENT

Dated: _12/9/2002_
           Respondent, Kevin T. Kearney

FOR THE CONNECTICUT STATE BOARD
OF ACCOUNTANCY

Dated: _1/6/2003_

Michael T. Kozik
Staff Attorney
Complaint Counsel
30 Trinity Street
Hartford, CT  06106

This Settlement Agreement in the matter of Kevin T. Kearney, Docket No. 682 is accepted and approved, and the ORDER contained therein is entered by the Board of Accountancy on this _1st_ day of _APRIL_____, 2003.

STATE OF CONNECTICUT
BOARD OF ACCOUNTANCY

2

BY: _____

Bernard Blum
Its Chairman

Connecticut State Board of Accountancy
October 3, 2006
Minutes

Chairman Reynolds called the meeting to order at 8:30 A.M. in the second floor conference room, 30 Trinity Street, Hartford.

Present:

Thomas F. Reynolds, CPA, Chairman
James Ciarcia
Philip J. DeCaprio Jr., CPA
Richard Gesseck, CPA
Leonard M. Romaniello, Jr., CPA
Richard Sturdevant
Michael Weinshel, CPA



Staff Members Present:

David L. Guay, Executive Director
Rebecca E. Adams, Esquire, Board Counsel

Absent:
Richard P. Bond

Motion made by Philip DeCaprio to accept and approve the Minutes of the September 5, 2006 State Board of Accountancy meeting, seconded by James Ciarcia.

Voting in favor:
          Thomas Reynolds
          James Ciarcia
          Philip DeCaprio
          Richard Sturdevant
          Michael Weinshel

Abstentions:
          Leonard Romaniello

Absent from the Meeting at that time and not voting:
          Richard Gesseck

In a review of Board operations Executive Director Guay briefed the Board on the operations of the Board by providing a written summary.   Executive Director

Connecticut State Board of Accountancy – October 3, 2006 – Minutes
- 2 -

Guay noted that the focus of the next two months would be renewals and the regulation drafting and submittal process.

**October 3, 2006 Executive Director's Operations Update and Review**

**Licensing Database**
- Waiting for application modifications to test
- Officially requested Credit Card Authority – No response yet
- Preparing for renewal of Licenses by both methods, on-line and by mail

**Certificate award event**
- November 13, 2006 – only three positive responses so far

**New CPA Certificate**
- Placed order with OPM purchasing department
- Expect a October 31, 2006 delivery

**Regulations**
- Removal of Exam Fee Regulation - Formal submission package prepared and sent to Attorney General and Government Administration and Elections & General Law Committee Chairs, letter seeking constituent support created.
- Review of Experience Regulation at July, August and September meetings, and last portion to be discussed hopefully at the November meeting.

**CPA Exam Services agreement**
- Continues to be on Attorney Adams agenda

**Web site update**
- Staff training rescheduled for October 18, 2006
- PDF Software installed by DOIT on 9/28/06

**New Position**
- Have formally requested establishment of the position

**Board's Budget**
- New OPM Analyst, have had initial meeting with her
- Budget options submission required – Information on this requirement is in your binder

**Peer Review**
- Major project this summer is the review and updating of each active firm's peer review information in preparation for renewal and enforcement if appropriate.
- Review completed and correspondence to firms prepared and being mailed

**Meeting of Northeast States**
- Oct 10, 2006 in Hartford

**NASBA Annual meeting**
- Scheduled for October 29 – November 1, 2006 in Atlanta
- Who will be attending?

Connecticut State Board of Accountancy – October 3, 2006 – Minutes
- 3 -

Housekeeping
- Proximity card security system in office activated
- Two weeks of computer problems solved on 9/28/06

The Board reviewed the June 2007 proposed meeting date and adjusted the June 2007 meeting date to Tuesday, May 29, 2007, and the Board directed that it be scheduled as a retreat or planning meeting.

Motion made by Philip DeCaprio and seconded by James Ciarcia to approve the October 3, 2006 list of individual applications for CPA Certificate, Registrations and CPA Licenses, all voted in favor.

Motion made by Philip DeCaprio and seconded by James Ciarcia to approve the October 3, 2006 list of Firm Permit to Practice applications, all voted in favor.

The Board reviewed the Peer Review Robert L. Nuzum, CPA which had been tabled by consensus at the September 5, 2006 meeting. Philip DeCaprio made a motion that the Board acting in its capacity as the qualified oversight body under Section 20-281(b) C.G.S. accept the Peer Review of Robert L. Nuzum, Michael Weinshel seconded the motion, all voted in favor.

Chairman Reynolds noted that the agenda continues to lists inspection reports received from the Public Companies Accounting Oversight Board (PCAOB) and are available for Board member inspection and review.

Chairman Reynolds noted that the agenda continues to list Test center Problem Reports, but with September being a non-testing month no new report has been generated since the last meeting in September.

The Board received a presentation of the Connecticut Society of Certified Public Accountants (CSCPA) Statute and Regulation Analysis by Conrad Kappel former Chair of the CSCPA Ethics Committee and Peter Tracey current Chair of the CSCPA Ethics Committee. The two recommendations made include urging the Board to adopt the AICPA code of conduct in its entirety and when differences exist that they be identified and noted for the practitioners. Chairman Reynolds and the Board expressed gratitude to the Society and the Ethics Committee for undertaking the task.

Michael Weinshel suggested that the Board keep this item on the agenda and at each meeting the Board should review specific sections or group of sections to determine whether a change is necessary based upon the analysis provided by the CSCPA effort and document. Mr. Weinshel also noted that he expects NASBA to produce its own code of conduct within a few months for Boards to consider.

Chairman Reynolds raised the next item on the agenda, a discussion of substantial equivalency. Executive Director Guay noted that three pieces of

Connecticut State Board of Accountancy – October 3, 2006 – Minutes
- 4 -

information on the subject were provided to the members in their binders. Executive Director Guay suggested the Board break the concept down into its three components; a temporary practice permit, a model for reciprocity and enforcement. After discussion, the Board by consensus agreed place the subject on an agenda in the near future for further discussion.

The Board next heard from UCONN Professor Rosman explaining his analysis of the study by Arthur Allen and Angela M. Woodland, published in the August 2006 Issues in Accounting Education titled, The 150-Hour Requirement and the Number of CPA Exam Candidates, Pass Rates and the Number Passing.

According to the study's abstract: This Study examines the association of the 150-hour education requirement with the number of CPA exam candidates, pass rates, and the number passing. Proponents of the 150-hour requirement argue that additional education produces higher quality students who are better prepared for the CPA exam and accounting careers. Opponents argue it imposes opportunity costs on students and costly barriers to entry into public accounting. On average we find a large drop (36 percent) in the number of candidates in each state taking each exam, a small increase in pass rates for first-time candidates only (3 percent), and a large drop (31.5 percent) in the number passing the CPA exam after the 150-hour requirement. Our results may be useful to accounting educators evaluating the success of their 150-hour requirements, and public accounting firms setting strategies to achieve audit quality.

According to Professor Rosman in his written submission.

Conclusions

By extending the analysis done by Allen and Woodland (2006) to distinguish 120/150-hour jurisdictions from 150-hour jurisdictions and by examining length of time subsequent to the change in education requirement, I find results consistent with sever other studies (e.g., Taylor Research, 2000; Schroeder and Franz, 2004), which were not cited by Allen and Woodland (2006).

In sum, the 150-hour education requirement is not associated with a decline in CPA exam candidacy but is related to an increase in performance. Evidence is provided that the flexibility of providing candidates with an option to take the exam after 120 hours of education, when they are less prepared than if they had 150 hours, may negatively affect performance.

By consensus the Board approved the draft response to NASBA's Education Committee Questionnaire.

Connecticut State Board of Accountancy – October 3, 2006 – Minutes
- 5 -

# ENFORCEMENT DOCKET

## A. REQUESTING SETTLEMENT APPROVAL

### 2006 CPE Enforcement

All of the following licensees have signed settlement agreements and submitted CPE in compliance with the terms of those settlements along with payment of a civil penalty.

1. CPE January Grasso
2. CPE Susan Ebersole
3. CPE William Ebersole
4. CPE James Austin
5. CPE James Flynn
6. CPE Douglas Cornwell

*Executive Director Guay asked the Board for settlement approval.*

*Motion made by Richard Sturdevant seconded by Philip DeCaprio to accept the settlements in the CPE compliance cases of:*
                  *1. January Grasso*
                  *2. Susan Ebersole*
                  *3. William Ebersole*
                  *4. James Austin*
                  *5. James Flynn*
                  *6. Douglas Cornwell*
*All voted in favor.*

## B. LICENSEE SEEKING REINSTATEMENT OF CERTIFICATE

***Respondent will appeared at the October 3, 2006 meeting***

*Mr. Gesseck recused himself and left the meeting room.*

### Kevin Kearney 21005-682

Mr. Kearney's attorney wrote on his behalf requesting reinstatement after demonstrating compliance with a 2002 settlement mandating revocation/suspension of his Certificate. His eligibility commenced, under the terms of the settlement, on April 2005 and he has provided copies of the certification of the passing grade over 90% on the AICPA ethics examination.
*Attorney Adams Recommend reinstatement of Certificate OR hearing to determine eligibility for reinstatement.*

*Motion made by Philip DeCaprio and seconded by Leonard Romaniello to reinstate the CPA Certificate of Kevin Kearney. All voted in favor, except for Mr. Gesseck, who recused himself and left the room..*

Connecticut State Board of Accountancy – October 3, 2006 – Minutes
- 6 -

## C.    REQUESTING AUTHORITY TO SCHEDULE AND NOTICE COMPLIANCE MEETING

**Mordecai Lerer 2006030-2930**  Failure to meet CPE deadline - Denial of CPE Extension Request.
Mr. Lerer was offered the opportunity to settle his CPE compliance matter. However, his response was to argue with staff that he should not have to settle or comply because he also holds a New York license and New York is on a different CPE schedule. He wants Connecticut to reschedule his CPE to mirror the requirements in New York. Counsel explained that he had failed to comply with the regulations and must either settle under the terms offered (a 60-90 day extension and payment of $100) or the case would become an active enforcement file. He declined to settle under those terms. Further attempts to discuss settlement were unproductive.
*Attorney Adams Requested authority to schedule a compliance meeting.*

*The Board by consensus agreed to authorize and schedule a compliance meeting in the matter of Mordecai Lerer 2006030-2930.*

## D.    RECOMMENDING AND REQUESTING DISMISSAL

**Michael Esposito 2003051-2503** – improper records maintenance
Complainant Attorney's Title & Abstract Company is still in litigation with Mr. Esposito in this matter. The original allegations were based solely on failing to maintain records for a long enough period of time. When the case was opened there was a great deal of correspondence between the attorney for the complainant and the Board's Attorney regarding the fact that the Board regulations and governing statutes do not specify a time period CPAs must physically keep records.

If in fact, Attorney's Title prevails in the suit and the CPA is found to be negligent, the complainant could file a complaint with us based upon that finding or ask to reopen this case. I have written to the complainant and have not had any response.
*Attorney Adams Recommended dismissal – no violation, no probable cause found*

*Motion made by Philip DeCaprio and seconded by James Ciarcia to dismiss the matter of Michael Esposito 2003051-2503. All voted in favor.*

*Mr. Romaniello recused himself and left the meeting room.*

**Christopher McKenna 2003052-2504** -Unprofessional conduct
This licensee was under a court order to satisfy a judgment against him. He did pay the amount specified as due and owing, but did not pay an additional sum calculated by the plaintiff to be due as interest. There is nothing in the court documents ordering interest payments of this type or in this amount. There is a genuine dispute as to whether the amount is due and owing which is being argued in superior court.
*Attorney Adams Recommended dismissal – no violation, no probable cause found.*

*Motion made by Richard Sturdevant and seconded by James Ciarcia to dismiss the matter of Christopher McKenna 2003052-2504. All voted in favor, except for Leonard Romaniello who had recused himself and left the room..*

**Herbert Bregman 2005063-2882** -Unprofessional conduct
Mr. Michael Glazer filed a complaint alleging that Mr. Bregman had improperly retained funds from an estate which had been advanced when the decedent was still living to pay for a future tax return. Investigation reveals that the amount paid was tendered by a third party and NOT by the estate and that the party who paid the funds received the services contracted for.
*Attorney Adams Recommended dismissal – no violation, no probable cause found.*

Connecticut State Board of Accountancy – October 3, 2006 – Minutes
- 7 -

*Motion made by James Ciarcia and seconded by Philip DeCaprio to dismiss the matter of Herbert Bregman 2005063-2882. All voted in favor.*

George Thomson 2005046-2864 -Unprofessional conduct due to conflict of interest
Ms. Hurst alleged that Mr. Thomson favored her husband in the preparation and filing of the joint return they agreed to file during their divorce. Mr. Thomson had been acting as the CPA for Mr. Downey's businesses and filing all personal and business returns for over 10 years prior to the divorce. Ms. Hurst alleges that he failed to communicate with her and her attorney about the timing of the return while he was in constant communication with her husband. The returns were properly filed and she does not dispute the accuracy of the returns.
*Attorney Adams Recommended dismissal – no violation, no probable cause found*

*Motion made by Michael Weinshel and seconded by Philip DeCaprio to dismiss the matter of George Thomson 2005046-2864. All voted in favor.*

# E.   KPMG PROGRESS REPORT

Michael Conway 2005050-2869 (XEROX audit partner 2000)

Ronald Safran 2005051-2870 (XEROX audit partner 1998-99)

Anthony Dolansky 2006021-2916 (XEROX audit partner)

Thomas Yoho 2006023-2917 (XEROX)

KPMG, LLC. 2005026-2839 and 2006024-2922 (XEROX)

KPMG, LLC. 2006024-2922 and 2006024-2922 (Tax Shelter Case)

## F.     REQUESTING EITHER DISMISSAL OR COMPLIANCE MEETING AUTHORITY

None

## G.     REQUESTING ISSUANCE OF FORMAL CHARGES

David Charles Searles and Searles and Houser, LLC
2006036-2936 (Searles and Houser) – Failure to undergo QR, improper firm name, failure to return client records
2006002-2888 Failure to return client records
2005008-2813 Failure to return client records
2005058-2877 Failure to return client records

We have subpoenaed records on behalf of three of Mr. Searles' clients. None of the subpoenas has been obeyed. Compliance meeting notices have not been successfully served because he has abandoned his business and we do not have any knowledge of the location of his last known home address. Counsel will request permission from the Superior Court for alternate methods of service, such as publishing notice, and would like to include the service of formal charges in the scope of that request.
*Attorney Adams Requested permission to issue formal charges.*

*Motion made by Richard Sturdevant and seconded by Philip DeCaprio to issue formal charges in the matter of David Charles Searles and Searles and Houser, LLC, 2006002-2888, 2005008-2813, and 2005058-2877. All voted in favor.*

Connecticut State Board of Accountancy – October 3, 2006 – Minutes
- 8 -

## H.    AFFIDAVIT OF THREAT TO THE PUBLIC WELFARE AND ORDER OF SUSPENSION

**Michael Kessler and Kessler & Company. LLC 2004248-2794.**

*Attorney Adams briefed the Board on the canceled Hearing for this case.*

## G.    ORDER OF DISMISSAL WITH PREJUDICE BASED UPON BOARD FINDING.

*Mr. DeCaprio recused himself and left the meeting room.*

**Joseph Campise 2004018-2539**

*Matter tabled by consensus.*

Under other business Michael initiated a discussion of the latest AICPA exposure draft on ethics on the impact that certain indemnification and limitation of liability provisions may have on a member's independence when included in engagement letters or other agreements entered into with a client.

Under public comment Arthur Renner, Executive Director of the Connecticut Society of CPA's commented along with Alan Clavette, President of the Connecticut Society of CPA's about possible changes in the structure of the CSCPA.

UCONN Professor Andrew Rosman also provided a comment on Prometric and why they no longer administer the GMAT exam.

A motion to adjourn the meeting was moved by Philip DeCaprio and seconded by James Ciarcia, all voted in favor.  The meeting was adjourned at 11:10 A.M.

October 3, 2006



# Connecticut
# State Board of Accountancy

Thomas F. Reynolds, CPA, Chairman
Richard P. Bond
James S. Ciarcia
· Philip J. DeCaprio, Jr., CPA, Cr.FA, CVA
Richard H. Gesseck, CPA
Berthann Jones CFP®
Leonard M. Romaniello, Jr., CPA, CITP, MST
Richard L. Sturdevant
Michael Weinshel, CPA

David L. Guay, Executive Director
Rebecca E. Adams, Legal Counsel



## October 3, 2006
## ENFORCEMENT DOCKET BRIEFS

### A. REQUESTING SETTLEMENT APPROVAL

**2006 CPE Enforcement**
All of the following licensees have signed settlement agreements and submitted CPE in compliance with
the terms of those settlements along with payment of a civil penalty.

1. CPE January Grasso
2. CPE Susan Ebersole
3. CPE William Ebersole
4. CPE James Austin
5. CPE James Flynn
6. CPE Douglas Cornwell

*Seeking settlement approval.*

### B.   LICENSEE SEEKING REINSTATEMENT OF CERTIFICATE

**\*\*Respondent will appear at the October 3, 2006 meeting\*\***

**Kevin Kearney 21005-682**
Mr. Kearney's attorney wrote on his behalf requesting reinstatement after demonstrating compliance with
a 2002 settlement mandating revocation/suspension of his Certificate. His eligibility commenced, under
the terms of the settlement, on April 2005 and he has provided copies of the certification of the passing
grade over 90% on the AICPA ethics examination.
*Recommend reinstatement of Certificate OR hearing to determine eligibility for reinstatement*

1

October 3, 2006

## C.    REQUESTING AUTHORITY TO SCHEDULE AND NOTICE COMPLIANCE MEETING

**Mordecai Lerer 2006030-2930**  Failure to meet CPE deadline - Denial of CPE Extension Request
Mr. Lerer was offered the opportunity to settle his CPE compliance matter. However, his response was to argue with staff that he should not have to settle or comply because he also holds a New York license and New York is on a different CPE schedule. He wants Connecticut to reschedule his CPE to mirror the requirements in New York. Counsel explained that he had failed to comply with the regulations and must either settle under the terms offered (a 60-90 day extension and payment of $100) or the case would become an active enforcement file. He declined to settle under those terms. Further attempts to discuss settlement were unproductive.
*Requesting authority to schedule a compliance meeting.*

## D.    RECOMMENDING AND REQUESTING DISMISSAL

**Michael Esposito 2003051-2503** – improper records maintenance
Complainant Attorney's Title & Abstract Company is still in litigation with Mr. Esposito in this matter. The original allegations were based solely on failing to maintain records for a long enough period of time. When the case was opened there was a great deal of correspondence between the attorney for the complainant and the Board's Attorney regarding the fact that the Board regulations and governing statutes do not specify a time period CPAs must physically keep records.

If in fact, Attorney's Title prevails in the suit and the CPA is found to be negligent, the complainant could file a complaint with us based upon that finding or ask to reopen this case. I have written to the complainant and have not had any response.
*Recommend dismissal – no violation, no probable cause found.*

**Christopher McKenna 2003052-2504** -Unprofessional conduct
This licensee was under a court order to satisfy a judgment against him. He did pay the amount specified as due and owing, but did not pay an additional sum calculated by the plaintiff to be due as interest. There is nothing in the court documents ordering interest payments of this type or in this amount. There is a genuine dispute as to whether the amount is due and owing which is being argued in superior court.
*Recommend dismissal – no violation, no probable cause.*

**Herbert Bregman 2005063-2882** -Unprofessional conduct
Mr. Michael Glazer filed a complaint alleging that Mr. Bregman had improperly retained funds from an estate which had been advanced when the decedent was still living to pay for a future tax return. Investigation reveals that the amount paid was tendered by a third party and NOT by the estate and that the party who paid the funds received the services contracted for.
*Recommend dismissal – no violation, no probable cause found.*

**George Thomson 2005046-2864** -Unprofessional conduct due to conflict of interest
Ms. Hurst alleged that Mr. Thomson favored her husband in the preparation and filing of the joint return they agreed to file during their divorce. Mr. Thomson had been acting as the CPA for Mr. Downey's businesses and filing all personal and business returns for over 10 years prior to the divorce. Ms. Hurst alleges that he failed to communicate with her and her attorney about the timing of the return while he was in constant communication with her husband. The returns were properly filed and she does not dispute the accuracy of the returns.

October 3, 2006

*Recommend dismissal – no violation found – no probable cause.*
*Joseph Campise 20050*
*The Board voted to reopen this case at the*


E.    KPMG PROGRESS REPORT

(Counsel's summary of the status of these cases will be distributed by 9/28)

Michael Conway 2005050-2869 (XEROX audit partner 2000)

Ronald Safran 2005051-2870 (XEROX audit partner 1998-99)

Anthony Dolansky 2006021-2916 (XEROX audit partner)

Thomas Yoho 2006023-2917 (XEROX)

KPMG, LLC. 2005026-2839 and 2006024-2922 (XEROX)

KPMG, LLC. 2006024-2922 and 2006024-2922 (Tax Shelter Case)


F.    REQUESTING EITHER DISMISSAL OR COMPLIANCE MEETING AUTHORITY

None


G.    REQUESTING ISSUANCE OF FORMAL CHARGES

David Charles Searles and Searles and Houser, LLC
2006036-2936 (Searles and Houser) – Failure to undergo QR, improper firm name, failure to return client records
2006002-2888 Failure to return client records
2005008-2813 Failure to return client records
2005058-2877 Failure to return client records

We have subpoenaed records on behalf of three of Mr. Searles' clients. None of the subpoenas had been obeyed. Compliance meeting notices have not been successfully served because he has abandoned his business and we do not have any knowledge of the location of his last known home address. Counsel will request permission from the Superior Court for alternate methods of service, such as publishing notice, and would like to include the service of formal charges in the scope of that request.
*Requesting formal permission to issue formal charges.*

3

October 3, 2006

## 1.   AFFIDAVIT OF THREAT TO THE PUBLIC WELFARE AND ORDER OF SUSPENSION

**Michael Kessler and Kessler & Company. LLC 2004248-2794.**
Requesting suspension pending the outcome of enforcement hearing of October 24, 2006, based upon a finding that the respondent is a threat to the public welfare, pursuant to Connecticut General Statutes Section 4-182(c).

## 2.   ORDER OF DISMISSAL WITH PREJUDICE BASED UPON BOARD FINDING.

**Joseph Campise 2004018-2539**

Requesting dismissal with prejudice based upon findings of fact regarding a finding that no tax, interest, or penalty liability to the complainant was due to any violation by Mr. Campise of the Connecticut Accountancy Act or the regulations pursuant to the Act. Also, specifically finding no violation regarding the filing of sales tax or sales tax returns under Connecticut General Statutes Section "20-281a... (5) Dishonesty, fraud or **negligence in the practice of public accountancy** or in the filing or failure to file his own income tax returns; (6) Violation of any provision of sections 20-279b to 20-281m, inclusive, or regulation adopted by the board under said sections; and (7) Violation of any rule of professional conduct adopted by the board under subdivision (4) of subsection (g) of section 20-280...."
And, no violation under State of Connecticut Regulations of State Agencies Section 20-280-15c "(f) **Competence**. A licensee shall not undertake any engagement for the performance of professional services which he cannot reasonably expect to complete with due professional competence, including compliance, where applicable, with subsections (g) and (h) of this section."

4