UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AHN) |
| | : | |
| | : | |
| v. | : | October 20, 2006 |
| | : | |
| | : | |
| | : | |
| WALTER A. FORBES | : | |

**GOVERNMENT'S RESPONSE ADDRESSING THE COURT'S
CONCERNS ABOUT THE POTENTIAL FOR UNFAIR PREJUDICE
IMPLICATED BY FORBES THIRD TRIAL MOTION NO. 19**

The Government writes to address the potential for unfair prejudice, juror confusion, and delay posed by the cumulative evidence of bias that defendant Forbes wishes to present regarding purported efforts by Henry Silverman or his counsel to encourage co-defendant Kirk Shelton to testify against Forbes.

In his most recent submission on this issue, Forbes declines to address this Court's well-founded concern that permitting testimony on this subject will inevitably lead to speculation about the outcome of Shelton's trial and, for that matter, the outcome of Forbes' prior trials.[1]  To the contrary, Forbes would like nothing more than to parade before the jury the regrettable fact that "two juries have been unable to reach a verdict"

---

[1] Forbes has conceded that he "does not intend to call" Shelton and Martin Auerbach "at this time because they were not participants in the conversations" that Forbes wishes to put before the jury.  Forbes Supp. Mem. at 3, n.1.  Thus, neither Shelton nor Auerbach can testify about those conversations.  As for Thomas Puccio, his testimony is inadmissible for the reasons set forth in the Government's prior briefing.

against him "despite lengthy deliberations." Forbes Supp. Mem. at 1. Such tactics, however, make a mockery of the Second Circuit's admonition that "the judge must be mindful that revealing the verdict of [a] prior trial may unfairly prejudice either the government's or the defendant's case." United States v. Giovanelli, 945 F.2d 479, 487 (2d Cir. 1991).

Thus, "it is well within the discretion of the trial judge to disallow any testimony as to the outcome of the prior trial, where that information would be prejudicial." United States v. Wilkerson, 361 F.3d 717, 734 (2d Cir. 2004) (emphasis added). Indeed, where, as here, a defendant is permitted to put before the jury on a "tailoring" theory the otherwise irrelevant fact that he has been tried before, the Second Circuit considers it "prudent" to instruct the jury "not to speculate about the outcome of the prior trials" and to permit "counsel to refer to the trials but not to their outcome." Giovanelli, 945 F.2d at 489 (emphasis added).

But permitting Steve Kaufman to testify about his conversations with Silverman about Shelton's possibly testifying against Forbes will violate both of Giovanelli's prudent directives. Through his questioning of Silverman, Forbes has already intimated that Shelton was convicted at the first trial:

> Q. Sir, isn't it a fact that you had a discussion with Steve Kaufman with respect to Kirk Shelton and the potential for Kirk Shelton to become a witness against Walter Forbes?
> A. Yes.

>   Q.  In that discussion, did you indicate to Mr. Kaufman that if Kirk Shelton was willing to become a witness against Walter Forbes, that <u>you and/or Cendant would do whatever was within their power to help reduce or recommend that Kirk Shelton's sentence be reduced</u>?
>
>   A.  Absolutely not.

TTTr. 1426 (emphasis added).  Forbes should not be allowed to compound the risk of confusion and prejudice that he has already created through his cross-examination of Silverman by posing similar questions about Shelton's sentence to Kaufman or any other witness.

   Furthermore, in order to cross-examine any witnesses proffered by Forbes on this issue, the Government will have to probe into matters affecting credibility that might also be highly prejudicial to Forbes.  The Government should not be required to give Forbes a preview of its contemplated cross-examination of these defense witnesses, nor should Forbes receive what would effectively be a deposition by means of a Rule 104 hearing.  The Government notes that defense counsel did not broach this subject until <u>after</u> the Government had concluded its direct examination of Silverman and that Forbes has been permitted to make <u>ex parte</u> applications to conceal his "trial strategy."

   Finally, this Court should view with extreme skepticism defense counsel's representation that examination of the witnesses that Forbes proposes will not degenerate into a time-consuming and distracting trial within a trial concerning Silverman, who is not the defendant here.  Forbes intends to call

at least two witnesses -- one of whom was not a party to any conversation with Silverman and whose testimony would serve only to impeach Silverman impermissibly with statements made by Silverman's counsel, in violation of this Court's (not to mention Judge Thompson's) prior rulings.[2]  Beyond that, defense counsel has represented that, if the Government cross-examines Forbes' first two witnesses, Forbes intends to call at least two more witnesses -- neither of whom has personal knowledge of any conversation with Silverman or even Silverman's counsel, and one of whom is Forbes' convicted and judicially-declared perjurious co-defendant, Kirk Shelton.[3]  Defendant should not be allowed to hamstring the Government's ability to cross-examine Kaufman -- the only witness whose testimony would be based upon personal knowledge of Silverman's purported offer -- by threatening to call incompetent witnesses to rehabilitate Kaufman on a wholly collateral matter:  Kaufman's credibility.

---

[2] See, e.g., Docket 2409, at 6 ("because these documents were prepared and signed by Corigliano's counsel, they would not be Corigliano's statements and thus would not be admissible to impeach him by contradiction or prior inconsistent statement") (Nevas, J.); Docket 2466, at 10-11 (". . . Corigliano cannot be impeached with his counsel's statements that he did not adopt. Nor can he be impeached by evidence of what his counsel did or said during settlement negotiations with the SEC or with decisions his counsel made with regard to those negotiations.") (Nevas, J.)

[3] Needless to say, that Shelton was convicted of crimes that "involved dishonesty or false statement" (making material misrepresentations and securities fraud), Fed. R. Evid. 609(a)(2), and also was found by Judge Thompson to have perjured himself repeatedly in this very case is highly "probative of [Shelton's] untruthfulness," Fed. R. Evid. 608(b).

-4-

## CONCLUSION

For the foregoing reasons and those set forth in the Government's prior briefing, the Government respectfully requests that Forbes' Third Trial Motion No. 19 be denied.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice


MICHAEL MARTINEZ
Federal Bar Number phv0243
CRAIG CARPENITO
Federal Bar Number phv0244
MARK E. COYNE
Federal Bar Number phv01079
NORMAN GROSS
Federal Bar Number 24933
Special Attorneys
U.S. Department of Justice

Bridgeport, Connecticut
Date:  October 20, 2006

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on this day I caused to be served a copy of the Government's Response Addressing the Court's Concerns about the Potential for Unfair Prejudice Implicated by Forbes Third Trial Motion No. 19 via email on:

    Barry S. Simon, Esq.
    Williams & Connolly LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005-5901
    (202) 434-5005
    bsimon@wc.com

                                                              Mark E. Coyne

Dated: October 20, 2006
       Bridgeport, CT