# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA        :    No. 3:02CR00264 (AWT)
                                :
                                :
                                :
            v.                  :    June 16, 2004
                                :
                                :                    ——
                                :
WALTER A. FORBES and            :
E. KIRK SHELTON                 :

MEMORANDUM OF THE UNITED STATES IN OPPOSITION TO FORBES'
MOTION TO PRECLUDE CERTAIN TESTIMONY BY JAN AND ROBERT
DAVIDSON REGARDING THE APRIL 9, 1997 CUC BOARD MEETING

(Opposition to Forbes' Motion in Limine No. 14)

CHRISTOPHER J. CHRISTIE
JOHN J. CARNEY
JAMES MCMAHON
RICHARD J. SCHECHTER
NORMAN GROSS
KEVIN G. WALSH
Special Attorneys
U.S. Department of Justice
450 Main Street, Room 617
Hartford, CT  06103
Tel: (860) 240-2675
Fax: (860) 240-2675

Rec'd In Court
6/16/04 am

alleged bias and the supposed absence of corroboration go
solely to the credibility of the witness, a matter committed
exclusively to the jury. <u>Bossett v. Walker</u>, 41 F.3d 825, 830
(2d Cir. 1994)("Although appellants emphasize the lack of
physical evidence connecting them to the murder and contend
that the testifying witnesses were not credible, a conviction
may be based upon circumstantial evidence and inferences based
upon the evidence, and the jury is exclusively responsible for
determining a witness' credibility.") (internal quotation
marks omitted); <u>United States v. Rosa</u>, 11 F.3d 315, 337 (2d
Cir. 1993)("A challenge to . . . credibility of a witness is a
matter for argument to the jury"); <u>accord</u> <u>United States v.
Strauss</u>, 999 F.2d 692, 696 (2d Cir. 1993).[2]

Forbes supposedly believes that the Government will
present no evidence of Forbes' and Shelton's involvement in
the deliberate deletion from the Board meeting minutes of any
reference to Forbes' hostile reaction to Robert Davidson.
Forbes' Mem. at 3. The belief is unwarranted; the Government
will present evidence that both Forbes and his co-defendant

_____

[2]  Forbes declines to mention that the witnesses who
claims he will call to contradict Robert Davidson's account of
the April 9 Board meeting are themselves subject to
impeachment based on their bias in favor of Forbes. Not only
is such attempted impeachment an impermissible grounds for
exclusion of evidence; it may prove unpersuasive to the jury
as well.

Kirk Shelton were, unlike Corigliano or the other coconspirators, the corporate superiors of the then General Counsel of CUC, Amy Lipton. As such, only Forbes and Shelton had the power to instruct Lipton to remove from the draft minutes any reference to Forbes' efforts to prevent a discussion of the merger reserves. The Government will also present direct evidence of Shelton's involvement with the deletions.

**B.    The Challenged Evidence
        Is Not Unduly Prejudicial**

Forbes further complains that evidence of his agitation is "highly prejudicial" because it shows that he could not control his emotions. Evidence that Forbes became upset when questioned about matters that might have incriminated him, but did not harm or even threaten the Davidsons in any way, or otherwise act in a socially unacceptable manner, is hardly so inflammatory that it warrants exclusion under the exacting requirements of Rule 403. See Brady v. Chemical Const. Corp., 740 F.2d 195, 202 (2d Cir. 1984)(rejecting as "frivolous" the claim that Rule 403 barred the admission of evidence that cast the objecting party "in a bad light" where the evidence "was not inflammatory"); United States v. Logan, 250 F.3d 350, 368 (6th Cir. 2001) ("evidence that is prejudicial only in the sense

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny Forbes' Motion in Limine No. 14.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice

By:  JOHN J. CARNEY
Special Attorney
U.S. Department of Justice
Federal Bar No. 24063

By:  JAMES MCMAHON
Special Attorney
U.S. Department of Justice
Federal Bar No. 24062

By:  RICHARD J. SCHECHTER
Special Attorney
U.S. Department of Justice
Federal Bar No. 24238

By:  NORMAN GROSS
Special Attorney
U.S. Department of Justice
Federal Bar No. 24933

By:  KEVIN G. WALSH
Special Attorney
U.S. Department of Justice
Federal Bar No. 25747

13

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED

2004 JUN 30 P 2: 29

U.S. DISTRICT COURT
HARTFORD, CT.

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:02CR264 (AWT) |
| | ) | |
| WALTER A. FORBES and | ) | |
| E. KIRK SHELTON. | ) | |
| | ) | |

**PRELIMINARY PROPOSED JURY INSTRUCTIONS OF WALTER FORBES**

Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

## PROPOSED JURY INSTRUCTION NO. 18
### (Informal Immunity of Government Witness)

You have heard the testimony of witnesses Kevin Kearney, Steven Speaks, Mary Sattler, and [], who have been promised by the government that, in exchange for their testimony, they will not be prosecuted for any crimes they may have admitted either here in court or in interviews with the government. This promise was not a formal order of immunity by the Court, but was arranged directly between the witnesses and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness's testimony alone, if you find that his or her testimony proves every element of the offense charged beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he or she will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt on the defendants in order to further the witness's own interests. Such a witness, confronted with the realization that he or she can win freedom by helping to convict another, has a motive to falsify his or her testimony.

Such testimony should be received by you with suspicion. You may give it such weight, if any, as you believe it deserves.

# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA    :   No. 3:02CR00264 (AWT)
                                    :
                                    :
                                    :
       v.                        :
                                    :   October 8, 2004
                                    :
                                    :
WALTER A. FORBES and         :
E. KIRK SHELTON              :

UNITED STATES' RESPONSE TO PRELIMINARY PROPOSED JURY
INSTRUCTIONS, SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS AND SECOND
SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS OF WALTER FORBES AND
SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS OF E. KIRK SHELTON

CHRISTOPHER J. CHRISTIE
JOHN J. CARNEY
JAMES MCMAHON
NORMAN GROSS
RICHARD J. SCHECHTER
U.S. Department of Justice
450 Main Street, Room 617
Hartford, CT 06103
Tel: (860) 240-2675
Fax: (860) 240-3021

| 16 | Objection.  Forbes' proposed instruction omits the entire third paragraph of the model instruction on which his proposal is based.  See O'Mally, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Criminal, § 15.01.  That paragraph is necessary for a properly balanced instruction.  <u>See United States v. Allen</u>, 127 F.3d 260, 264 (2d Cir. 1997)(in fashioning its jury instructions, "the discretion of the court is circumscribed by the requirement that the charge be fair to both sides").<br><br>Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Revised Request to Charge No. 78, which follows the model instruction and covers the substance of this proposed instruction of Forbes. |
| --- | --- |
| 17 | The Government joins in Forbes' request and asks that this instruction be given immediately following the Government's Revised Request to Charge No. 80 regarding cooperating witnesses. |
| 18 | The Government joins in Forbes' request (after removal of the name Mary Sattler) and asks that this instruction be given immediately after Forbes' Proposed Instruction No. 17. |

# EXHIBIT 4

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

### Request No. 59

### Informal Immunity of Government Witness

You have heard the testimony of witnesses Kevin Kearney and Steven Speaks, who have been promised by the government that, in exchange for their testimony, they will not be prosecuted for any crimes they may have admitted either here in court or in interviews with the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict Mr. Forbes on the basis of such a witness's testimony alone, if you find that his testimony proves every element of the offense charged beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt on Mr. Forbes in order to further the witness's own interests. Such a witness, confronted with the realization that he or she can win freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion, and you may give it such weight, if any, as you believe it deserves.

# EXHIBIT 5

United States v. Walter Forbes, No. 3:02cr00264 (AWT)
Government's Preliminary Proposed Final Instructions for Retrial
October 24, 2005

### Request No. 59

### Informal Immunity of Government Witness

You have heard the testimony of witnesses Kevin Kearney and Steven Speaks, who have been promised by the government that, in exchange for their testimony, they will not be prosecuted for any crimes they may have admitted either here in court or in interviews with the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict Mr. Forbes on the basis of such a witness's testimony alone, if you find that his testimony proves every element of the offense charged beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt on Mr. Forbes in order to further the witness's own interests. Such a witness, confronted with the realization that he or she can win freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion, and you may give it such weight, if any, as you believe it deserves.

99

# EXHIBIT 6

## PROPOSED JURY INSTRUCTION NO. 18
(Informal Immunity of Government Witness)

You have heard the testimony of government witness Kevin Kearney, who has been promised by the government that, in exchange for his testimony, he will not be prosecuted for any crimes he may have admitted either here in court or in interviews with the government. This promise was not a formal order of immunity by the Court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness's testimony alone, if you find that his or her testimony proves every element of the offense charged beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he or she will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt on Mr. Forbes in order to further the witness's own interests. Such a witness, confronted with the realization that he or she can win freedom by helping to convict another, has a motive to falsify his or her testimony.

Such testimony should be received by you with suspicion. You may give it such weight, if any, as you believe it deserves.

- 33 -

# EXHIBIT 7

| 18 | This instruction appears to be substantially similar to the Government's Preliminary Request to Charge for Retrial No. 59. The Government has no objection to either version being given, but Mr. Speaks' name should be omitted if the Government's version is given, because he did not testify during the retrial. |
|----|----|
| 19 | Objection.  Instead of giving Forbes' proposed instruction, the Government requests that the Court give the Government's Preliminary Request to Charge for Retrial No. 58, which accurately cover the substance of this proposed instruction of Forbes.  The prosecution witnesses in the retrial who previously pleaded guilty are Cosmo Corigliano and Anne Pember. |

# EXHIBIT 8

all of us being inundated with paper and documents by the
thousands there are no documents which incriminate Walter
Forbes."). Accordingly, Forbes' claim that the argument was
improper misconstrues the challenged argument and is baseless.
See United States v. Clark, 613 F.2d 391, 405 (2d Cir. 1979)
(rejecting a summation misconduct claim which was based on a "a
strained construction not supported by the record").

        2. Forbes' complaint about the Government's rebuttal
reference to GX 617 fails for the same reason that his challenge
to the rebuttal reference to DX 30549 fails: Forbes has simply
mischaracterized the obvious import of the challenged argument.
The Government did not contend that Corigliano had nothing to do
with GX 617. Rather, the challenged argument was that Corigliano
truthfully testified that he possessed that document even though
his name appears nowhere on it. Tr. 3593-94 (describing GX 617
as "a document that Mr. Corigliano prepared at the defendant's
instruction"). Forbes' selective reading of the transcript in
order to create an obvious mischaracterization of the
Government's argument is hardly grounds to strike that argument.

        3. Contrary to Forbes' contention, the Government
never argued that Kevin Kearney had no motivation to lie.
Rather, the Government accurately pointed out that Kearney was
not testifying pursuant to a cooperating plea agreement, and
asked the rhetorical question, "does he have a motivation beyond

that of an ordinary witness?" Tr. 3573. The purpose of the question was to contrast the motivation of a witness who has already received the benefit of an informal immunity agreement at the time of his testimony, and the very different motivation of a witness who has yet to receive the full benefit of a cooperation agreement at the time of his testimony because that witness has not yet been sentenced. See United States v. Eltayib, 88 F.3d 157, 173 (2d Cir. 1996) (where "the defendants' lawyers specifically attacked [the witness's] credibility and veracity in their summations," the prosecutor permissibly "asked the jurors to draw inferences based on their common sense that would lead to the conclusion that the witness"); United States v. Feliciano, 223 F.3d 102, 123 (2d Cir. 2000)(prosecutor permissibly "referred the jury to evidence at trial concerning [the prosecution witnesses], on the basis of which the jury could judge whether either witness had a motivation to lie").

After the challenged remark was made during the rebuttal, the Court instructed the jury that a witness such as Kearney who is testifying pursuant to an informal immunity agreement does have a motivation to testify favorably for the Government that is different from that of an "ordinary witness." Tr. 3811-12. Accordingly, the Government's rhetorical question was answered in the affirmative by the Court, and no further curative instruction is necessary. In any event, because this

Court "properly advised the jury that the arguments of counsel
were not to be taken as evidence in the case . . . . that was
adequate prophylaxis against the danger of the jury's finding the
informant to be credible only because of the prosecutor's reply
summation." <u>United States v. Suarez</u>, 588 F.2d 352, 355 (2d Cir.
1978) (rejecting a claim that the Government's rebuttal summation
was lacking in evidentiary support).

Forbes also complains that there is no evidence to
support the Government's contention that Kearney's testimony
during this retrial in 2005 was not influenced by a settlement he
reached with the SEC. To the contrary, Kearney testified that he
had already paid a substantial monetary penalty to settle the SEC
lawsuit, but incurred no other adverse consequences. Tr. 1121.
Because the settlement has been concluded and Kearney had fully
satisfied his obligations under the settlement, any testimony he
gives at this time will not improve Kearney's position regarding
that settlement. Accordingly, the argument was properly grounded
on the evidence. <u>See United States v. Rodriquez</u>, 968 F.2d 130,
143 (2d Cir. 1992)("The government is entitled, in summation, to
argue all inferences that may permissibly be drawn from the
evidence admitted."); <u>United States v. Gerry</u>, 515 F.2d 130, 144
(2d Cir. 1975) (the prosecutor's summation statement regarding
the disappearance of a witness before trial and the prosecutor's
speculation that the witness was being supported by one of the