UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA        :

           v.                   :    Criminal No. 3:02CR264(AHN)

WALTER A. FORBES                :

### Ruling on Forbes's Request to Admit into Evidence AUSA John Carney's Statements in a Previous Trial Regarding Cosmo Corigliano's Possible Testimony

The statements of former AUSA John Carney at the first trial regarding the general substance of Cosmo Corigliano's potential testimony on the issue of whether Shelton or Forbes sought to have the minutes of a board meeting altered are not admissions of a party opponent pursuant to Fed. R. Evid. 801(d)(2). AUSA Carney offered the statements, which amounted to speculation as to what Corigliano might say if he testified, to support his argument that Jan Davidson's testimony regarding a CUC board meeting and how Forbes reacted to the mention of merger reserve use during that board meeting was a relevant and proper inquiry.

For AUSA Carney's statements to be considered admissions by the government, the court would have to find that: (1) they involve "an assertion of fact" inconsistent with similar assertions in a subsequent trial; (2) they were "the equivalent of testimonial statements" by the government; and (3) the inference that Forbes seeks to draw from the alleged inconsistency is a fair one and that there is no "innocent explanation for the inconsistency." See United States v. McKeon,

738 F.2d 26, 33 (2d Cir. 1984). According to McKeon, where statements, such as those of AUSA Carney, involve "speculation of counsel," they "should not be admitted." Id. at 33. Not only are AUSA Carney's statements "speculations of counsel," when they are evaluated in the context in which they were made, they are not actual "assertions" of the government. See United States v. Walker, 142 F.3d 103, 109 (2d Cir. 1998).

Forbes's reliance on United States v. GAF Corp., 928 F.2d 1253 (2d Cir. 1991), is misplaced. GAF involved the government's original bill of particulars that varied from a deliberately amended bill of particulars which contained assertions that were pivotal to both the government's and the defendant's theories of the case. See id. at 1261. Unlike GAF, there is no evidence before this court that the government was aware of what exactly Corgliano would say on the witness stand or that the government intentionally or deliberately made "a fundamental change in its version of the facts between trials." Id.

In contrast, Forbes seeks to offer as admissions the statements of a government attorney in a previous trial, in which he set forth what he believed a witness would say, when the government attorney's focus was not on what the witness would say, but was on convincing the court that the subject matter of his inquiry was relevant and admissible. In that context, AUSA Carney's statements were not the equivalent of testimonial statements of the government, and there is no indication that

2

they were the verbatim statements of Corigliano.

Further, the inference that Forbes seeks to draw from any alleged inconsistency between what AUSA Carney speculated Corigliano would say and what Corigliano actually said at this trial is not a fair one in light of that context. Moreover, given that context, the court cannot conclude that an innocent explanation for any inconsistency does not exist. See McKeon, 738 F.2d at 33.

Although the statements may not come in as party admissions, Forbes is free to call AUSA Carney and inquire about the claimed inconsistency between what he "speculated" Corigliano would say and what Corigliano said at trial. As Forbes's counsel said in arguing for the admission of AUSA Carney's statements, whether the inconsistency comes in through alleged government admissions or through AUSA Carney's testimony, "we'll get to the same place." [TTTr. 2883].

Accordingly, Forbes's motion to admit former AUSA Carney's statements at previous trials as admissions of a party opponent is denied.

SO ORDERED this \_\_\_\_ day of October, 2006 at Bridgeport, Connecticut.

$$\underline{\hspace{2cm}/s/\hspace{2cm}}$$
Alan H. Nevas
United States District Judge

3