knowingly make a false statement.  In addition, good faith negates willfulness and intent to defraud, not just knowledge.

      4.    Mr. Forbes objects to the use of the phrase "the defendant" rather than the use of the phrase "Mr. Forbes" in paragraphs 1 and 5 of this instruction.

## OBJECTIONS TO INSTRUCTION NO. II(C)(2)(c)
### (Third Element – Commission of Overt Act)

1.  Mr. Forbes objects to the omission of the word "alleged" before the word "conspiracy" throughout the instruction.

2.  Mr. Forbes objects to the fourth and fifth paragraphs because they are unbalanced and focus on what need not be proven without adequate balancing language.

3.  Mr. Forbes further objects to the fourth paragraph because it is unnecessary and repeats information in the third paragraph. It also dilutes the beyond a reasonable doubt requirement in the sentence beginning with the words "To satisfy this element."

4.  Mr. Forbes further objects to the fifth paragraph because the concept of "on or about" is addressed in a separate instruction.

## OBJECTIONS TO INSTRUCTION NO. II(C)(2)(d)
(Fourth Element – Commission of Overt Act in Furtherance of the Alleged
Conspiracy)

1.    Mr. Forbes objects to the portion of the second paragraph beginning with and following the sentence: "In this regard, you should be aware that the overt act standing alone may be an innocent, lawful act." This general instruction is confusing and misleading in the context of this case because the overt acts charged in the indictment are not alleged to be harmless acts. Rather, they are alleged to involve the transmission of allegedly false accounting information.

2.    Mr. Forbes objects to the use of the phrase "the defendant" rather than the use of the phrase "Mr. Forbes" in the last paragraph of this instruction.

## OBJECTIONS TO INSTRUCTION NO. II(D)(1)
### (The Indictment and the Statute)

1.     Mr. Forbes objects to the reading of the indictment for the reasons set forth in his objections to Instr. No. II(A).

2.     Mr. Forbes objects to the quotation of the statutory language because doing so may be confusing and may invite jurors to give their own interpretations of the statute.  The instructions should focus only on the elements that the government must prove beyond a reasonable doubt, as instructed by the Court.

3.     Mr. Forbes objects to the reference to aiding and abetting in the instruction for the reasons set forth in Mr. Forbes' objections to Instruction No. II(F).

## OBJECTIONS TO INSTRUCTION NO. II(D)(2)
(Elements of False Statement in SEC Report)

1.     Mr. Forbes objects to the fourth element because it omits the words "intent to defraud." See United States v. Dixon, 536 F.2d 1388, 1396 (2d Cir. 1976) (second clause of § 78ff(a) requires knowing and willful conduct which is grounded in "fraudulent intent").

2.     Mr. Forbes objects because the instruction fails to make clear that the defendant must know that the statement was false.

3.     Mr. Forbes objects to the use of the phrase "the defendant" rather than the use of the phrase "Mr. Forbes" in this instruction.

## OBJECTIONS TO INSTRUCTION NO. II(D)(2)(b)
### (Second Element – Materiality)

1.    Mr. Forbes objects to the definition of materiality that there is a "substantial likelihood" that a reasonable investor would have considered the fact important because it dilutes the standard of proof beyond a reasonable doubt to a civil standard.  Mr. Forbes objects to the omission of language similar to Forbes Instruction No. 51:

> In order for you to find a material fact, the government must prove beyond a reasonable doubt that a reasonable investor would have considered the fact important in deciding whether to buy or sell stock.  The statute under which Counts 2 and 3 of the indictment are brought is concerned only with such material misstatements and does not cover minor, meaningless, or unimportant ones. A fact is material only if a reasonable investor <u>would</u> have viewed the fact as having significantly altered the total mix of information available.

Forbes Instr. No. 51 (emphasis added).

2.    Mr. Forbes objects to the third paragraph because it deals with matters of proof, does not help define the element of materiality, is unbalanced, and is an improper comment on the evidence.  Mr. Forbes objects to the language regarding the disclosure of information because the indictment charges only false statements, not omissions.  <u>See</u> Indict., Counts 2-3.  Inclusion of this instruction constitutes an unconstitutional amendment of the indictment and/or a prejudicial variance.  <u>See, e.g.</u>, <u>Stirone v. United States</u>, 361 U.S. 212 (1960); <u>United States v. Wozniak</u>, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an indictment is a <u>per se</u> violation of the Grand Jury Clause of the Fifth Amendment

52

that requires reversal even without a showing of prejudice to the defendant."
(quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir.
1988) ("In light of the current broad range of conduct covered by the federal fraud
statutes, it is critical that courts vigilantly enforce the Fifth Amendment
requirement that a person be tried only on the charges contained in the indictment
returned by the grand jury." (quotation omitted)).  Mr. Forbes also objects to this
instruction because materiality must be assessed at the time of the statement.  See
Forbes Instr. No. 52.  Evidence of a drop in the price of Cendant stock on April 15,
1998 cannot be tied to specific alleged false statements made at a previous date.

## OBJECTIONS TO INSTRUCTION NO. II(D)(2)(c)
### (Third Element – Made or Caused to Be Made)

1.     Mr. Forbes objects to the second paragraph because it impermissibly dilutes the intent requirement.  The core of the offense is that the defendant acted knowingly (<u>which requires knowledge that the SEC report contained a false statement of material fact</u>), willfully (which requires an intent to do something the law forbids), and with a specific intent to defraud (or, alternatively, to deceive).  A defendant cannot be convicted for causing a false statement he did not actually authorize.  He can only be convicted for knowingly and willfully making or causing a false statement to be made with an intent to defraud (or, alternatively, to deceive).

2.     Mr. Forbes objects to the "it is sufficient" language which does not have balancing language.

3.     Mr. Forbes objects to the failure to give Forbes Instr. No. 53 in lieu of this instruction.

## OBJECTIONS TO INSTRUCTION NO. II(D)(2)(d)
(Fourth Element – Knowingly, Willfully and With the Intent to Deceive)

1.      Mr. Forbes objects to this instruction because it instructs on "intent to deceive" instead of "intent to defraud."  See United States v. Dixon, 536 F.2d 1388, 1396 (2d Cir. 1976) (second clause of § 78ff(a) requires knowing and willful conduct which is grounded in "fraudulent intent").  Mr. Forbes also objects to the subsequent failure to instruct on this element and to give Forbes No. 58.  Mr. Forbes objects to the definition of intent to deceive as expressly stating that a purpose of causing financial loss is not required.

2.      Mr. Forbes objects to the paragraph beginning "When I gave you," for the reasons stated in the objections to Instruction No. II(C)(2)(b).  Mr. Forbes also objects to incorporating the instructions that deal with issues of proof and evidence, not with the elements of false statements.  The instruction highlights the improper nature of the objectionable paragraphs by saying that the Court is instructing the jury "about how proof of one's state of mind can be established." (emphasis added).  The only proper instruction on these issues is that it can be established (or can fail to be established) by direct or circumstantial evidence, which is addressed in the sentence that ends with "one's state of mind."

3.      Mr. Forbes objects to an incorporated instruction on good faith. The instruction on good faith should be repeated in full.  It is part of the instructions concerning a defendant's intent.  The Court instructs the jury that it should consider each count separately, and Mr. Forbes is entitled to have a correct,

complete set of instructions concerning the intent element of each separate offense being considered by the jury.

     4.    Mr. Forbes objects to the use of the phrase "the defendant" rather than the use of the phrase "Mr. Forbes" in this instruction.

## OBJECTIONS TO INSTRUCTION NO. II(E)(1)
(The Indictment and the Statutes and Regulation)

1.    Mr. Forbes objects to the reading of the indictment for the reasons set forth in his objections to Instr. No. II(A).

2.    Mr. Forbes objects to the quotation of the statutory and regulatory language because doing so may be confusing and may invite jurors to give their own interpretations.  The instructions should focus only on the elements that the government must prove beyond a reasonable doubt, as instructed by the Court.   Mr. Forbes objects to reading the portion of Rule 10b-5 that references omissions because the indictment does not charge omissions.

3.    Mr. Forbes objects to this instruction (and all instructions on securities fraud) because Count 4 is unconstitutionally vague and the instructions do not cure the vagueness.  The instructions as a whole actually exacerbate these problems by failing to make clear that the government must prove material false statements in SEC filings, annual reports and public releases, and instead stating that the government can establish an artifice, or false statement, or transaction, practice or course of business.  These problems are compounded by the government's improper introduction of evidence concerning alleged conduct not charged in the indictment.

Mr. Forbes objects to the reference to aiding and abetting in the instruction for the reasons set forth in Mr. Forbes' objections to Instruction No. II(F).

## OBJECTIONS TO INSTRUCTION NO. II(E)(2)
(Elements of the Securities Fraud)

1.      Mr. Forbes objects to the instruction on the first element because it erroneously lists falsity and materiality as a single element of the offense. These are separate elements. See Forbes Instr. No. 63.

2.      Mr. Forbes objects to the instruction on the first element because it defines the fraud more broadly than the indictment, which alleges only false statements. Count 4 of the indictment does not identify the substance of the alleged fraud, but states that the "substance" of the alleged fraud is set forth in paragraphs 18 through 57 of Count 1. See Indict., Count 4 ¶ 3. Paragraphs 18 through 57 of Count 1 allege that Mr. Forbes was responsible for various purported accounting irregularities that resulted in the alleged fraudulent overstatement of CUC's and Cendant's financial results. Those paragraphs further allege that Mr. Forbes caused these allegedly overstated financial results to be reported to the SEC and to the investing public in periodic filings with the SEC and in press releases. These paragraphs of the indictment identify the following specific SEC filings and press releases, which allegedly contained false statements—(1) a March 19, 1996 CUC press release; (2) an April 25, 1996 CUC Form 10-K; (3) a March 11, 1997 CUC press release; (4) a May 1, 1997 CUC Form 10-K; (5) a December 15, 1997 CUC Form 10-Q; (6) a February 4, 1998 Cendant press release; (7) a March 31, 1998 Cendant Annual Report; and (8) a March 31, 1998 Cendant Form 10-K. Indict., Count 1 ¶¶ 57(a)-(e) & (g)-(i). Thus, the indictment charges only false statements, not some other device, scheme, or artifice to defraud; not any omission of a material

58

fact; and not some other transaction, practice, or course of business that would operate as a fraud. The government effectively conceded that the substance of the alleged securities fraud consisted of the purported making of materially false statements in the particular SEC filings and press releases identified in the indictment. See United States Opp'n Forbes Mot. Mistrial Due to Constructive Amendment at 33 [Docket No. 1016] (filed Aug. 2, 2004) ("Forbes was entitled to disclosure of the particular public filings or press releases by CUC or Cendant that were materially false or misleading, but not to each and every non-public statement or omission which made those public filings and statements false or misleading. No bill of particulars was needed for that purpose, since the indictment identified in exacting detail the particular public filings and press releases of CUC and Cendant which contain false and misleading information."). Inclusion of this instruction constitutes an unconstitutional amendment of the indictment and/or a prejudicial variance. See, e.g., Stirone v. United States, 361 U.S. 212 (1960); United States v. Wozniak, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an indictment is a per se violation of the Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) ("In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the grand jury." (internal quotation omitted)).

59

3.    Mr. Forbes objects to the omission of an instruction on the element that the defendant caused the alleged false statement.  <u>See</u> Forbes Instr. No. 69.

4.    Mr. Forbes objects to the fourth element because it omits the words "buyers or sellers of Cendant stock" after "intent to defraud."

5.    Mr. Forbes objects to the words "or sale" in the second and third elements because Count 4 does not contain any allegation concerning a sale of Cendant stock.

## OBJECTIONS TO INSTRUCTION NO. II(E)(2)(a)
(First Element – Fraudulent Act)

1.    Mr. Forbes objects to the instruction because it erroneously lists falsity and materiality as a single element of the offense. These are separate elements. See Forbes Instr. No. 63.

2.    Mr. Forbes objects to the instruction because it defines the fraud more broadly than the indictment, which alleges only false statements. Count 4 of the indictment does not identify the substance of the alleged fraud, but states that the "substance" of the alleged fraud is set forth in paragraphs 18 through 57 of Count 1. See Indict., Count 4 ¶ 3. Paragraphs 18 through 57 of Count 1 allege that Mr. Forbes was responsible for various purported accounting irregularities that resulted in the alleged fraudulent overstatement of CUC's and Cendant's financial results. Those paragraphs further allege that Mr. Forbes caused these allegedly overstated financial results to be reported to the SEC and to the investing public in periodic filings with the SEC and in press releases. These paragraphs of the indictment identify the following specific SEC filings and press releases, which allegedly contained false statements—(1) a March 19, 1996 CUC press release; (2) an April 25, 1996 CUC Form 10-K; (3) a March 11, 1997 CUC press release; (4) a May 1, 1997 CUC Form 10-K; (5) a December 15, 1997 CUC Form 10-Q; (6) a February 4, 1998 Cendant press release; (7) a March 31, 1998 Cendant Annual Report; and (8) a March 31, 1998 Cendant Form 10-K. Indict., Count 1 ¶¶ 57(a)-(e) & (g)-(i). Thus, the indictment charges only false statements, not some other device, scheme, or artifice to defraud; not any omission of a material fact; and not some

61

other transaction, practice, or course of business that would operate as a fraud. The
government effectively conceded that the substance of the alleged securities fraud
consisted of the purported making of materially false statements in the particular
SEC filings and press releases identified in the indictment. See United States
Opp'n Forbes Mot. Mistrial Due to Constructive Amendment at 33 [Docket No.
1016] (filed Aug. 2, 2004) ("Forbes was entitled to disclosure of the particular public
filings or press releases by CUC or Cendant that were materially false or
misleading, but not to each and every non-public statement or omission which made
those public filings and statements false or misleading. No bill of particulars was
needed for that purpose, since the indictment identified in exacting detail the
particular public filings and press releases of CUC and Cendant which contain false
and misleading information."). Inclusion of this instruction constitutes an
unconstitutional amendment of the indictment and/or a prejudicial variance. See,
e.g., Stirone v. United States, 361 U.S. 212 (1960); United States v. Wozniak, 126
F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an indictment is a per
se violation of the Grand Jury Clause of the Fifth Amendment that requires
reversal even without a showing of prejudice to the defendant." (quotation &
brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) ("In
light of the current broad range of conduct covered by the federal fraud statutes, it
is critical that courts vigilantly enforce the Fifth Amendment requirement that a
person be tried only on the charges contained in the indictment returned by the

grand jury." (quotation omitted)).  The multiple definitions exacerbate the problems of vagueness and duplicity.

3.    Mr. Forbes objects to this instruction because it does not identify the alleged false statements at issue.

4.    Mr. Forbes objects to the second paragraph beginning "It is not necessary" because it exacerbates the failure to identify the alleged false statements, which is the fraud alleged in the indictment.  This is particularly problematic because of the government's improper introduction of evidence relating to matters not charged in the indictment.

5.    Mr. Forbes objects to the reference to "three types of fraudulent conduct" and to "omission[s]" in the second paragraph beginning "It is not necessary" because the indictment charges false statements, not omissions or other types of fraudulent conduct.

6.    Mr. Forbes objects to the various definitions in paragraphs three through six and paragraph ten of the instruction because they define the fraud more broadly than the indictment, and they are confusing and misleading.  Instead of overwhelming the jury with confusing instructions on words that are not relevant to their determination of whether the elements have been satisfied, the instructions should succinctly and clearly state that the scheme to defraud alleged in the indictment is the purported making of materially false statements in the particular SEC filings and press releases identified in the indictment, and that that is what the government must prove.  For example, paragraphs three and four define a

63

number of words only to conclude that the statute requires either "a deliberate affirmative misstatement of a material fact or a deliberate omission of a material fact." The Court should only instruct the jury on this conclusion, and then only on the portion of the conclusion that is charged in this case—false statements of material fact, not omissions. As another example, paragraph five defines a number of "plain English" words and says that they are neutral and do not imply anything fraudulent. Mr. Forbes is not charged with anything neutral or non-fraudulent. Paragraph six concludes that these words have a special meaning in these instructions. Again, the Court should only instruct the jury on such a conclusion— the meaning of "device, scheme, or artifice to defraud"—but paragraph six misstates the law on that issue.

      7.    Mr. Forbes objects to the reference in paragraphs seven and eight to "omissions" because the indictment charges false statements, not omissions. Mr. Forbes objects to the definition of materiality in the eighth paragraph that there is a "substantial likelihood" that a reasonable investor would have considered the fact important because it dilutes the standard of proof beyond a reasonable doubt to a civil standard. Mr. Forbes objects to the omission of language similar to Forbes Instruction No. 67. Mr. Forbes objects to the omission of a statement to the effect that materiality cannot be judged by hindsight. See Forbes Instr. No. 68.

      8.    Mr. Forbes objects to the ninth paragraph because it deals with matters of proof, does not help define the element of materiality, is unbalanced, and is an improper comment on the evidence. Mr. Forbes objects to the language

64

regarding the disclosure of information because the indictment charges only false statements, not omissions. Inclusion of this instruction would constitute an unconstitutional amendment of the indictment and/or a prejudicial variance. See, e.g., Stirone v. United States, 361 U.S. 212 (1960); United States v. Wozniak, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an indictment is a per se violation of the Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (internal quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) ("In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the grand jury." (internal quotation omitted)). Mr. Forbes also objects to this instruction because materiality must be assessed at the time of the statement. See Forbes Instr. No. 68. Evidence of a drop in the price of Cendant stock on April 15, 1998 cannot be tied to specific alleged false statements made at a previous date.

      9.     Mr. Forbes objects to paragraph ten because it states that the fraud could be upon any person. The indictment alleges that there was a specific alleged victim of the alleged fraud, the Hartford Steam Boiler Company. See Indict., Count 4 ¶ 3. Inclusion of this instruction constitutes an unconstitutional amendment of the indictment and/or a prejudicial variance. See, e.g., Stirone v. United States, 361 U.S. 212 (1960); United States v. Wozniak, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an indictment is a per se violation of the

Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) ("In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the grand jury." (quotation omitted)).

10.    Mr. Forbes objects to paragraphs eleven and twelve because they suggest that the victim need not have purchased stock. Because the indictment alleges only one specific victim of the alleged fraud and a specific purchase by that alleged victim, inclusion of this instruction is confusing and constitutes an unconstitutional amendment of the indictment and/or a prejudicial variance. See, e.g., Stirone, 361 U.S. 212; Wozniak, 126 F.3d at 109 ("A constructive amendment of an indictment is a per se violation of the Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (internal quotation & brackets omitted)); Mollica, 849 F.2d at 729 ("In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the grand jury." (quotation omitted)).

11.    Mr. Forbes objects to the references in paragraph eleven to omissions. The indictment charges only affirmative false statements, not omissions.

Mr. Forbes objects to the sentence beginning "It is sufficient" because it is an incorrect statement of the law.  The statement must be false and must be material. Moreover, this instruction is unbalanced because it focuses on what the government need not prove.

## OBJECTIONS TO INSTRUCTION NO. II(E)(2)(b)
(Second Element – In Connection With)

1.    Mr. Forbes objects to the last paragraph of this charge because

it focuses on what the government need not prove.

## OBJECTIONS TO INSTRUCTION NO. II(E)(2)(c)
(Third Element – Use of a Means or Instrumentality of Interstate Commerce)

1.    Mr. Forbes objects to the examples of instrumentalities of interstate commerce provided in paragraph three.

2.    Mr. Forbes objects to paragraphs five through seven because they are unbalanced, stating what the government need not prove.

3.    Mr. Forbes objects to paragraph 5 beginning "In this regard" for the additional reason that it states that "It is sufficient to establish this element for the government to prove that the defendant was an active participant in the scheme." This sentence does not define the "scheme" in question.  Mr. Forbes also objects to the phrase "active participant." The instruction should state "if he participated knowingly, willfully, and with the specific intent to defraud."

4.    Mr. Forbes objects to the last sentence of the instruction because it uses the word "scheme" in a generic sense rather than focusing on the specific scheme alleged in Count 4.

## OBJECTIONS TO INSTRUCTION NO. II(E)(2)(d)
(Fourth Element – Knowingly, Willfully and with the Intent to Defraud)

1.    Mr. Forbes objects to the definition of intent to defraud because it fails to state that the government must prove that Mr. Forbes acted with the purpose of deceiving or defrauding purchasers of Cendant stock. Mr. Forbes objects to the failure to provide Forbes Instruction No. 74.

2.    Mr. Forbes objects to the fifth and sixth paragraphs of this instruction for the reasons stated in the objections to Instruction II(C)(2)(b). Mr. Forbes also objects to incorporating the instructions which deal with issues of proof and evidence, not with the elements of securities fraud.

3.    Mr. Forbes objects to an incorporated instruction on good faith. The instruction on good faith should be repeated in full.

4.    Mr. Forbes objects to the use of the phrase "the defendant" rather than the use of the phrase "Mr. Forbes" in this instruction.

70

## OBJECTIONS TO INSTRUCTION NO. II(F)
### (Aiding and Abetting)

1.    Mr. Forbes objects to this instruction in its entirety because it is confusing, misleading, and unnecessary under the government's theory of the case. The government's allegation that Mr. Forbes directed the purported conspiracy is inconsistent with the theory that he was a mere aider and abettor. See, e.g., . Indict., Count 1 ¶ 24 ("defendant FORBES directed other conspirators to increase the earnings figure so that it met or exceeded that target" (emphasis added)), ¶ 27 ("defendant WALTER A. FORBES directed other conspirators to increase the consolidated earnings figures for the quarter and the fiscal year by the amounts necessary to meet or exceed their respective earnings targets for that quarter and fiscal year" (emphasis added)).  If the government contends that Mr. Forbes was a mere aider and abettor, it must identify the alleged principal whom he purportedly aided and abetted and the manner in which he purportedly aided and abetted. Otherwise, the instruction is extremely vague and misleading.  Mr. Forbes further objects to this instruction because the government did not previously provide particulars on this issue.

2.    Mr. Forbes objects to this instruction because it is discussed in connection with the false statement counts, which do not expressly refer to section 2(a), as opposed to section 2(b).  See Tr. (11/01/04) at 16126.  This same issue relates to all three of the substantive counts where the government seeks an aiding and abetting instruction over Mr. Forbes' objection.  The government's theory of the case and the indictment are all predicated on Mr. Forbes' alleged acts as a principal or

71