directing others to take certain actions. Those theories do not justify an aiding and abetting instruction, just as they did not justify a conscious avoidance instruction. In addition, to the extent that Counts 2 and 3 are based on the allegation that Mr. Forbes willfully caused a false statement in an SEC filing, the government cannot rely on aiding and abetting as a theory of liability with respect to Counts 2 or 3.

3.    Mr. Forbes objects to this instruction because the government has not presented sufficient evidence to support an aiding and abetting theory.

4.    Mr. Forbes objects to reading the statute because doing so may be confusing and may invite jurors to give their own interpretations of the statutory language. The instructions should focus only on the elements that the government must prove beyond a reasonable doubt, as instructed by the Court.

5.    Mr. Forbes objects to the instruction because it does not define the terms "knowingly," "willfully," or "intent to defraud," but merely cross-references their definitions elsewhere. Mr. Forbes requests that the Court define these terms in this instruction rather than cross-referencing prior instructions. Mr. Forbes also objects to the instruction because it does not give an instruction on good faith, but merely cross-references the Court's good faith charge. Mr. Forbes objects to the use of the term "intent to deceive" rather than "intent to defraud" in this instruction for the reasons set forth in Mr. Forbes' objections to the Court's instructions on Counts 2 and 3.[5]

---

[5]    With respect to the Court's cross-references to other instructions, Mr. Forbes incorporates herein by reference all of his objections to those instructions.

6.    Mr. Forbes objects to the first paragraph of the instruction on the grounds that it is unnecessary, unbalanced, and prejudicial to Mr. Forbes.

7.    Mr. Forbes objects to the paragraph beginning with the words "Thus, pursuant to the aiding and abetting statute, it is not necessary" on the grounds that it is extremely prejudicial and unbalanced. First, the paragraph emphasizes to the jury -- before the jury has heard any of the required elements that the government must prove in order to establish aiding and abetting liability -- what the government does not have to show to prove aiding and abetting. Second, this paragraph is misleading and erroneous, because it confuses liability as a principal with "physically committ[ing]" the crime. Counts 2-4 charge Mr. Forbes with willfully causing the commission of the offenses charged, not with physically committing them. Third, this paragraph contains the highly prejudicial and unbalanced sentence that "[a] person who aids and abets another to commit an offense is just as guilty of that offense as if he committed it himself." This sentence assumes Mr. Forbes' guilt and will convey to the jury that the Court believes that Mr. Forbes is guilty. The sentence is not necessary to explain the concept of aiding and abetting to the jury and serves only to prejudice Mr. Forbes in the eyes of the jurors.

8.    Mr. Forbes objects to the absence of the term "specific intent" from the discussion of the fourth element of aiding and abetting liability. The specific intent requirement is set forth in the Second Circuit's decision in United States v. Pipola, 83 F.3d 556 (2d Cir. 1996), and is necessary to accurately set forth

the level of intent the government must prove in order to establish aiding and abetting liability. See id. at 562 ("The government must therefore prove the underlying crime was committed by someone other than the defendant and that the defendant himself either acted or failed to act with the specific intent of advancing the commission of the underlying crime."); see also United States v. Zambrano, 776 F.2d 1091, 1097 (2d Cir. 1985) (element of aiding and abetting is "the specific intent that [the defendant's] act or omission bring about the underlying crime").

9.      Mr. Forbes objects to the failure of the charge to instruct that the jury may not return a verdict of guilty unless all of the jurors are either unanimous with respect to liability as a principal or unanimous with respect to liability as an aider and abettor.  See 2004 Trial Tr. at 16947.  The lack of a unanimity instruction is particularly prejudicial because, given the government's theory of the case and the charges in the indictment (which allege that Mr. Forbes directed the allegedly improper accounting), the concept of liability as an aider and abettor has no application to this case.  Mr. Forbes also objects to the second sentence of the first paragraph of the instruction in light of the Court's failure to give a unanimity instruction on aiding and abetting.

10.     Mr. Forbes objects to the use of the phrase "the defendant" rather than the use of the phrase "Mr. Forbes" in this instruction.

## OBJECTION TO INSTRUCTION NO. II(H)
### (Use of Conjunctive in the Indictment)

1. Mr. Forbes objects to this instruction because it is confusing and unnecessary.

## OBJECTIONS TO INSTRUCTION NO. III
(Mr. Forbes' Theory of the Defense)

1.      Mr. Forbes objects to the statement "A defendant has a right to have his theory of defense presented to you with the court's instructions." This undermines Mr. Forbes' theory of the defense instruction.  It also creates the erroneous impression that Mr. Forbes' theory of the defense instruction is not an instruction by the Court, when it is part of the Court's instructions and a defendant has a legal right to a theory of the defense instruction, just as he has a right to a presumption of innocence instruction.  Mr. Forbes' theory of the defense instruction is part of the Court's instructions, and is based on legal principles that apply to this case.  This statement erroneously divorces the theory of the defense instruction from the remainder of the Court's instructions and erroneously suggests that the jury should disregard the theory of the defense instruction.  The statement also is unbalanced, because the Court does not, for example, instruct the jury that the government has a right to make superfluous and unnecessary allegations in the indictment (which the Court is reading and providing to the jury over Mr. Forbes' objection).  The statement also is inaccurate because the Court's charge is not the theory of the defense instruction submitted by Mr. Forbes, but rather a modified and edited version of Mr. Forbes' proposed charge.  The statement also is unnecessary because it is covered by the language in the introduction to Mr. Forbes' proposed theory of the defense charge, as well as the last paragraph of the instruction that the Court is giving over Mr. Forbes' objection.  Mr. Forbes objects to

the Court's failure to give his full Theory of the Defense Charge, as set forth in Supplemental Proposed Jury Instruction No. 1.

2.    Mr. Forbes objects to the Court's refusal to give his theory of the defense instruction in the form submitted to the Court by Mr. Forbes. The instruction is necessary to counterbalance in at least some respect the prejudicial effect of the Court's reading of the indictment to the jury during deliberations (over Mr. Forbes' objection) and the Court's decision (over Mr. Forbes' objection) to allow the jury to have a copy of the indictment during deliberations. The indictment is a "speaking indictment" that sets forth, in detail, the government's theory of the case and marshals the evidence for the government. <u>The government did not object to the length or nature of Mr. Forbes' theory of the defense instruction.</u>

3.    Mr. Forbes objects to the Court's refusal to give Mr. Forbes' theory of the defense instruction because the instruction is necessary in light of the inadequate instructions on the intent elements of the offenses charged (to which Mr. Forbes has objected) and the refusal to repeat the good faith instruction in the charge (to which Mr. Forbes has objected). Mr. Forbes' theory of the defense instruction is a correct statement of the law and sets forth matters not covered by the Court's other instructions.

4.    Mr. Forbes objects to the Court's failure to make clear that the jury must acquit if the government fails to prove lack of good faith. No other instruction relates to good faith reliance on accountants and auditors, which is a defense, and which the government has improperly impugned.

77

5.    Mr. Forbes objects to the final paragraph of the instruction for the reasons set forth in the Objections of Walter Forbes to Government's Proposed "Admonition" Regarding Theory of Defense Instruction [Docket No. 2001] (filed Nov. 21, 2005). This paragraph is particularly prejudicial because the Court is reading the entire indictment to the jury over Mr. Forbes' objection.

6.    Mr. Forbes also objects to the final paragraph of the instruction because there is a different legal status between the indictment and the theory of the defense. There need not be a factual predicate for a particular allegation in an indictment, and the Court has no role in the issuance of an indictment. In contrast, a theory of the defense instruction must have a factual predicate, and it is misleading and improper for the Court to equate the two.

## OBJECTIONS TO INSTRUCTION NO. IV(A)
(Evidence in this Case)

1.    In the paragraph beginning "Second, the questions to the witnesses are not evidence," Mr. Forbes objects to the sentence beginning "Also, at times," as well as the subsequent sentence. These sentences only address a small sample of the numerous situations in which the witness' answer has to be considered in light of the lawyer's question. They also focus on cross-examination to the exclusion of similar issues on direct examination.

2.    In the paragraph beginning "Fifth, anything you may have seen or heard," Mr. Forbes objects to the sentence beginning "You should consider."

## OBJECTIONS TO INSTRUCTION NO. IV(D)
### (Acts and Declarations of Alleged Co-Conspirators)

1.    Mr. Forbes objects to this instruction in its entirety.  It is a comment on selected evidence, and is unnecessary and prejudicial.

2.    Mr. Forbes objects to the identification of Stuart Bell as an alleged co-conspirator for reasons previously presented to the Court.

## OBJECTIONS TO INSTRUCTION NO. IV(I)
(Credibility of the Witnesses)

1.    In the paragraph beginning "In evaluating the credibility of witnesses," Mr. Forbes objects to the last two sentences.

## OBJECTIONS TO INSTRUCTION NO. IV(L)
(Uncontradicted Testimony)

1.     Mr. Forbes objects to this instruction on the ground that the factors to consider in evaluating evidence and witness credibility are already addressed in other instructions.

2.     Mr. Forbes objects to this instruction on the ground that it is inconsistent with other instructions that allow the jury to consider the lack of evidence presented by the government in its deliberations.  If testimony was presented by a defendant, and the government did not present any contrary evidence, the jury should be permitted to consider that fact in determining whether the government has satisfied its burden of proof.  This instruction invites the jury to reject Mr. Forbes' testimony even where there was no contrary evidence presented by the government, and dilutes the instructions that the jury may consider the lack of evidence presented by the government.

3.     Mr. Forbes objects to the second sentence because it focuses on certain considerations.

## OBJECTIONS TO INSTRUCTION NO. IV(M)
(Testimony of Expert Witnesses)

1.    Mr. Forbes objects to the instruction because he objected to any testimony from Mr. Heckler.

2.    Mr. Forbes objects to the omission from the instruction of the following language: "I instruct you that the testimony of Mr. Heckler may be considered only with respect to the question of whether certain accounting activities that are alleged to have occurred at CUC and Cendant during the fiscal years ending 1/31/96, 1/31/97, and 12/31/97 were in accordance with GAAP and with respect to the question of whether any allegedly false statement made during this time period was material.  In particular, you may not consider this testimony at all with respect to the question of whether Mr. Forbes was a knowing and willful participant in the alleged conspiracy or whether Mr. Forbes knowingly and willfully engaged in any wrongdoing."  See Forbes Retrial Motion In Limine No. 26 [Docket No. 1960] (filed Nov. 8, 2005).

## OBJECTIONS TO INSTRUCTION NO. IV(O)
(Defense Witness Testifying Under Plea Agreement)

1.     Mr. Forbes objects to the last sentence of the instruction because it is not limited to testimony that is favorable to the government.

## OBJECTIONS TO INSTRUCTION NO. IV(P)
(Not Proper to Consider Guilty Plea of Government or Defense Witness)

      1.    Mr. Forbes objects to the omission of the following language after the first sentence of the instruction, and before the sentence beginning "You are instructed":

      "The testimony of a witness may be discredited by evidence showing that the witness has pled guilty to a felony, a crime for which a person may receive a prison sentence of more than one year. A guilty plea to a crime that is a felony is one of the circumstances that you may consider in determining the credibility of that witness. It is the sole and exclusive right of the jury to determine the weight to be given to any prior guilty plea as impeachment and the weight, if any, to be given to the testimony of anyone who has pled guilty to a felony. You may consider evidence that Cosmo Corigliano and Anne Pember pled guilty to felony charges only in evaluating the credibility of Cosmo Corigliano and Anne Pember as witnesses in this case. You may not consider this evidence for any other purpose." See O'Malley §15.07 (modified).

      2.    The foregoing language should be given with respect to Mr. Corigliano and Ms. Pember, but not with respect to Mr. Sabatino. The government should not get the benefit of an instruction that Mr. Sabatino's testimony may be discredited by his felony plea because the government has entered into a plea agreement with Mr. Sabatino and would be required to nullify certain provisions of the agreement if it believed he were not testifying truthfully (which it has not done).

85

3.      Mr. Forbes objects to the Court's failure to give Forbes Proposed Instruction Nos. 19 and 19A in lieu of this instruction because they differentiate between the government's witnesses and Mr. Sabatino.

See Forbes Proposed Instr. Nos. 19, 19A.

## OBJECTIONS TO INSTRUCTION NO. IV(Q)
(Defendant's Testimony)

1.     Mr. Forbes objects to the instruction because the Court permitted the government to read in portions of Mr. Forbes' prior testimony in its case over his objection, essentially compelling his testimony. See United States v. Walter, 652 F.2d 708, 713 (7th Cir. 1981).

2.     The Court should not generally give a separate instruction regarding the defendant's testimony, and there is no reason to single out Mr. Forbes in this case. United States v. Gaines, 457 F.3d 238, 247 (2d Cir. 2006). Moreover, the interplay between this instruction and the general instruction on witness credibility IV(I), undermines the presumption of innocence and the burden of proof beyond a reasonable doubt by suggesting that Mr. Forbes has an interest in the outcome of the case and, therefore, has a motive to lie. This is true only if the jury assumes that he is guilty.

**OBJECTIONS TO INSTRUCTION NO. V(E)**
(Exhibits and Testimony; Use of the Indictment)

1.    Mr. Forbes objects to the jury having a copy of the indictment in the jury room.  The indictment addresses many evidentiary matters and includes numerous unnecessary allegations.  Moreover, the language of the indictment is unconstitutionally vague.  There is a serious danger that the jury will convict Mr. Forbes on facts or theories not found by the grand jury.  See, e.g., Russell v. United States, 369 U.S. 749 (1962).

# ADDITIONAL OBJECTIONS TO FAILURE TO GIVE CHARGES REQUESTED BY MR. FORBES

Mr. Forbes objects to the Court's failure to include the following instructions proposed by Mr. Forbes in the Court's charge:

1.     Forbes Instr. No. 11.1 (Missing Witness Stuart Bell)—for the reasons set forth above in the Objections to Failure to Give Missing Witness Instruction;

2.     Forbes Instr. No. 14.1 (Alleged Shareholder Loss)—this limiting instruction should have been given as a curative instruction after opening statement, and contemporaneously when the evidence was admitted over Mr. Forbes' objection; giving the instruction at this time does not cure the error in admitting the evidence and in failing to give the instruction contemporaneously; moreover, the full proposed instruction should have been given as opposed to the alternative formulation;

3.     Forbes Instr. No. 15 (Acts and Statements After April 15 1998)—because the Court gave a similar limiting instruction during the initial trial, it is supported by the law, and it is necessary to ensure that the jury does not consider this evidence for improper purposes;

4.     Forbes Instr. No. 15.1 (Accounting Matters Not To Be Considered—Pre-1995 Time Period)—because (1) the testimony about these matters constituted a constructive amendment and/or a prejudicial variance, and the instructions can help protect against a constructive amendment and/or a prejudicial

89

variance; (2) Mr. Forbes' requests for defense witness immunity for Mr. Bell and for a missing witness instruction were denied; and (3) the lay opinion testimony of Mr. Corigliano, Ms. Pember, and Mr. Kearney on this subject was improper and inadmissible under Fed. R. Evid. 701;

    5.    Forbes Instr. No. 18 (Informal Immunity of Government Witness) –because it was given in the first two trials and, for the reasons set forth previously, it should have been given in this case.  See Objections to the Government's Preliminary Proposed Supplemental Jury Instructions for the Third Trial [Docket No. 2452] (filed Sept. 8, 2006); Supplemental Memorandum in Opposition to Government's Proposed Supplemental Jury Instruction Concerning Kevin Kearney [Docket No. 2472] (filed Sept. 27, 2006); Motion to Admit Statements of a Party Opponent [Docket No. 2530] (filed Oct. 23, 2006).  In the alternative, the Court should have given Forbes Instr. No. 18.1 (Alleged Conspirator Not Testifying Under Plea Agreement)—because there was a factual basis for the instruction, it was a correct statement of the law, and it was necessary to assist the jury in evaluating the testimony of Mr. Kearney;

    6.    Forbes Instr. No. 19 – for the reasons set forth in Mr. Forbes' objections to Instruction No. IV(P); and

    7.    Forbes Instr. No. 19A – for the reasons set forth in Mr. Forbes' objections to Instruction No. IV(P).

8.    Forbes Instr. No. 20.1 (Retainer Funds)—because the instruction is supported by the law and is necessary to assist the jury in evaluating the bias and credibility of the key government witness;

9.    Forbes Instr. No. 20.1.1 (Benefits Conferred by the Government) —because there was a factual and legal basis for the instruction and it was necessary to assist the jury in evaluating the bias and credibility of key government witnesses;

10.    Forbes Instr. No. 20.2 (SEC Quarterly Asset Schedules)— because the interpretation of the agreement is a question of law, the instruction is supported by the law, and is necessary to assist the jury in evaluating the bias and credibility of the key government witness;

11.    Forbes Instr. No. 20.3 (Town of Old Saybrook Appraisal and Assessment of Corigliano Property)—because the instruction is supported by the law and is necessary to assist the jury in evaluating the bias and credibility of the key government witness;

12.    Forbes Instr. No. 20.4 (SEC Settlement Agreement)—because the interpretation of the agreement is a question of law, the instruction is supported by the law, and is necessary to assist the jury in evaluating the bias and credibility of the key government witness;

13.    Forbes Instr. No. 29 (Generally Accepted Accounting Principles)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

14.    Forbes Instr. No. 30 (Elements of Conspiracy)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

15.    Forbes Instr. No. 31 (First Element of Conspiracy—Existence of Agreement)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

16.    Forbes Instr. No. 32 (Individuals Not Named as Alleged Co-Conspirators)—to clarify for the jury who is not alleged to be a co-conspirator in Count 1 and respond to the government's improper suggestion during trial that other individuals (such as E&Y auditors) engaged in wrongdoing;

17.    Forbes Instr. No. 33 (Alleged Unlawful Objectives Charged in Count 1—Need for Unanimity)—because the instruction is supported by the law, more accurately identifies the objects of the alleged conspiracy and more accurately sets forth the requirement of unanimity than the Court's charge;

18.    Forbes Instr. No. 34 (Second Element of Conspiracy—Membership in the Alleged Conspiracy)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

19.    Forbes Instr. No. 35 (Second Element of Conspiracy—"Knowingly" Defined)—because the instruction is supported by the law and more accurately sets forth the knowledge requirement as set forth above in the Objections to Repeated Failures to Define Knowingly by Reference to Alleged False Statements;

20.    Forbes Instr. No. 36 (Second Element of Conspiracy—

"Knowingly" GAAP)—for the reasons set forth above in the Objections to Failure to

Instruct on Generally Accepted Accounting Principles;

21.    Forbes Instr. No. 37 (Second Element of Conspiracy—"Willfully"

Defined)—because the instruction is supported by the law and more accurately sets

forth the definition than the Court's charge;

22.    Forbes Instr. No. 38 (Second Element of Conspiracy—"Specific

Intent to Defraud" Defined)—because the instruction is supported by the law and

more accurately sets forth the definition than the Court's charge;

23.    Forbes Instr. No. 40 (Good Faith)—because the instruction is

supported by the law and should be repeated in and tailored to the mental states

required of each charge;

24.    Forbes Instr. No. 41 (Knowingly, Willfully, and Specific Intent to

Defraud—Standards Unclear)—for the reasons set forth above in the Objections to

Failure to Instruct on Generally Accepted Accounting Principles;

25.    Forbes Instr. No. 44 (Elements of False Statement in SEC

Report)—because the instruction is supported by the law and more accurately sets

forth the elements than the Court's charge;

26.    Forbes Instr. No. 50 (False Statement of Fact—GAAP)—for the

reasons set forth above in the Objections to Failure to Instruct on Generally

Accepted Accounting Principles;

27.    Forbes Instr. No. 51 (Second Element of False Statement in SEC Report—Materiality)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

28.    Forbes Instr. No. 52 (Materiality Judged at Time of Statement)— because the instruction is supported by the law and is not fully conveyed by the Court's charge;

29.    Forbes Instr. No. 53 (Third Element of False Statement in SEC Report—Made or Caused)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

30.    Forbes Instr. No. 55 (Fourth Element of False Statement in SEC Report—Knowingly)—because the instruction is supported by the law and more accurately sets forth the knowledge requirement as set forth above in the Objections to Repeated Failures to Define Knowingly by Reference to Alleged False Statements;

31.    Forbes Instr. No. 56 (Knowingly—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

32.    Forbes Instr. No. 57 (Fourth Element of False Statement in SEC Report—Willfully)—because the instruction is supported by the law and more accurately sets forth the definition than the Court's charge;

94

33.     Forbes Instr. No. 58 (Fourth Element of False Statement in SEC Report—Specific Intent to Defraud)—because the instruction is supported by the law and more accurately sets forth the definition than the Court's charge.

34.     Forbes Instr. No. 60 (Good Faith)—because the instruction is supported by the law and should be repeated in and tailored to the mental states required of each charge;

35.     Forbes Instr. No. 61 (Knowingly, Willfully, and Specific Intent to Defraud—Standards Unclear)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

36.     Forbes Instr. No. 62 (Elements of Securities Fraud)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

37.     Forbes Instr. No. 63 (First Element of Securities Fraud—Untrue Statement of Fact)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge, which defines the fraud too broadly as further set forth in the Objections to Defining the Alleged Fraud More Broadly than the Indictment;

38.     Forbes Instr. No. 64 (Alleged Untrue Statements of Fact Charged in Count 4)—because the instruction is supported by the law, identifies the alleged false statements, and more accurately sets forth the elements than the Court's charge, which defines the fraud too broadly as further set forth in the Objections to Defining the Alleged Fraud More Broadly than the Indictment;

95

39.    Forbes Instr. No. 65 (Alleged Untrue Statements of Fact)—because the instruction is supported by the law and more accurately sets forth the requirement of unanimity than the Court's charge;

40.    Forbes Instr. No. 66 (Untrue Statement of Fact—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

41.    Forbes Instr. No. 67 (Second Element of Securities Fraud—Materiality)—because the instruction is supported by the law and more accurately sets forth the elements than the Court's charge;

42.    Forbes Instr. No. 68 (Materiality Judged at Time of Statement)—because the instruction is supported by the law and is not conveyed by the Court's charge;

43.    Forbes Instr. No. 71 (Fourth Element of Securities Fraud—Knowingly)—because the instruction is supported by the law and more accurately sets forth the knowledge requirement as set forth above in the Objections to Repeated Failures to Define Knowingly by Reference to Alleged False Statements;

44.    Forbes Instr. No. 72 (Knowingly—GAAP)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

45.    Forbes Instr. No. 73 (Fourth Element of Securities Fraud—Willfully)—because the instruction is supported by the law and more accurately sets forth the definition than the Court's charge;

46.    Forbes Instr. No. 74 (Fourth Element of Securities Fraud—Specific Intent to Defraud)—because the instruction is supported by the law and more accurately sets forth the definition than the Court's charge;

47.    Forbes Instr. No. 76 (Good Faith)—because the instruction is supported by the law and should be repeated in and tailored to the mental states required of each charge;

48.    Forbes Instr. No. 77 (Knowingly, Willfully, and Specific Intent to Defraud—Standards Unclear)—for the reasons set forth above in the Objections to Failure to Instruct on Generally Accepted Accounting Principles;

49.    Forbes Supplemental Instr. No. 1 (Theory of the Defense) – for the reasons set forth in Mr. Forbes' objections to Instruction No. III.

## CONCLUSION

For the foregoing reasons, Mr. Forbes respectfully objects to the Court's final jury instructions.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:     _____

Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (Bar No. ct05103)
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated:  October 27, 2006

98

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Final Objections of Walter Forbes to

the Court's Final Jury Instructions to be filed electronically and to be served on October 27, 2006

to the following via e-mail:

        Norman Gross, Esq. (norman.gross@usdoj.gov)
        Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
        Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Barry S. Simon