**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
----------------------------------x
                                   :
UNITED STATES OF AMERICA           :
                                   :    Crim. No. 3:02CR264(AHN)
v.                                 :
                                   :
WALTER A. FORBES                   :
                                   :
----------------------------------x
```

**JURY CHARGE**

**SECTION I.   GENERAL INSTRUCTIONS**

**A.   Introduction**

Now that you have heard the evidence and the arguments of counsel for each party, it is my duty to give you the instructions of the court as to the applicable law in this case.

When you came into the courtroom a moment ago, you each found on your seat a copy of the verdict form for this case, as well as an outline of these instructions.  In the final part of these instructions, I will review the verdict form with you. While you are deliberating, you will have the original verdict form along with the exhibits admitted in this case.  You will also have with you a copy of the indictment and a copy of these instructions.  You will see that various sections of the instructions have a caption, or heading, and that there is a table of contents at the end of these instructions.  The captions and the table of contents are not part of the instructions.  They

are present solely for your convenience, to assist you in locating different instructions.

You have faithfully discharged your duty to observe and listen carefully to each witness who testified. I have been very impressed by how attentive you have been. I ask you to give me that same careful attention as I instruct you on the law.

My instructions will be delivered in five parts, some of which will be a reminder, and some of which will be new: First, I will give you some instructions on general rules that define the role of the court and the duty of the jury in a criminal case; second, I will give you instructions that define what are called the elements of each of the offenses charged in the indictment, that is, the elements the government must prove beyond a reasonable doubt to make its case with respect to a charged offense; third, I will explain the defendant's position; fourth, I will give you some additional rules and guidelines for your deliberations; and fifth, I will instruct you on certain procedures you must follow once the jury retires to deliberate.

**B.**    **Province of the Court and Jury**

It is your duty as jurors to follow the law as I state it to you, and to apply that law to the facts as you find them from the evidence in this case.  This includes the instructions I gave you before and during the trial, and these instructions.  You are not to single out one instruction alone as stating the law, but you must consider these instructions as a whole.

You will determine the facts from all of the testimony you have heard and from the other evidence that has been submitted. You are the sole and exclusive weighers of the facts, and in that area, neither I nor anyone else may invade your province.  On the other hand, and with equal emphasis, I instruct you that you are bound to accept the rules of law that I give you whether or not you agree with them.

Counsel have quite properly referred to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the court, you are to be governed by the court's instructions.  Similarly, statements as to the facts made by counsel during the course of the trial do not constitute evidence, and characterizations of the evidence by counsel should be considered by you only if supported by your own recollection of the evidence.

Nothing I say in these instructions is to be taken as an

3

indication that I have any opinion about the facts of the case, or what that opinion is.  In any event, it is not my function, but yours, to determine the facts.

### C.    Indictment Is Not Evidence

I remind you that the indictment itself is not evidence.  It merely describes the charges made against the defendant.  It is only an accusation.  It may not be considered by you as any evidence against or unfavorable to the defendant.

In reaching your determination of whether the government has proven the defendant guilty on any count beyond a reasonable doubt, you may consider only the evidence introduced, or the lack of evidence.

### D.    Failure to Name a Defendant

You may not draw any inference, favorable or unfavorable, towards the government or the defendant from the fact that certain persons were not named as defendants in the indictment or that certain persons were named as co-conspirators but not indicted.  The circumstances that these persons were not indicted must play no part in your deliberations.

I will give you a separate instruction about how you should consider the government's promise not to charge a witness with a crime in assessing the credibility of that witness.

E.    **Multiple Counts**

The indictment in this case contains a total of four separate counts, or charges.  You must consider each count of the indictment and any evidence pertaining to it separately.  You will be required to return a separate verdict for each count.  The number of charges is not evidence of guilt and must not influence your decisions in any way.

F.    **Basic Rules in Criminal Cases**

1.    **Presumption of Innocence and Burden of Proof**

Although the defendant has been indicted, you must remember that an indictment is only an accusation.  It is not evidence.  The defendant has pled not guilty to each charge in the indictment.

As a result of the defendant's pleas of not guilty, the burden is on the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the defendant to be innocent of all the charges against him.  I therefore instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, that you as a jury are unanimously satisfied that the government has proven the

defendant guilty beyond a reasonable doubt.

The defendant began the trial here with a clean slate.  This presumption of innocence alone is sufficient to require acquittal of the defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of the defendant's guilt, after a careful and impartial consideration of all the evidence in this case.  If the government fails to sustain its burden, you must find the defendant not guilty.

This presumption was with the defendant when the trial began and remains with him even now as I speak to you and will continue with the defendant into your deliberations unless and until you are unanimously convinced that the government has proven the defendant guilty beyond a reasonable doubt.

### 2.  **Proof Beyond a Reasonable Doubt**

The government must prove each element of an alleged crime beyond a reasonable doubt.  It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense – the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt each

and every element of an offense charged in the indictment, you must find the defendant not guilty of the charged offense.  If you the jury view the evidence in the case as reasonably permitting either of two conclusions as to a charge against the defendant – one of not guilty, the other of guilty – you must, of course, find the defendant not guilty on that charge.

G.    **"Prove" and "Find"**

Throughout the remainder of my instructions to you, I will use the word "prove" from time to time, with reference to the government's burden.  I shall also speak of your "finding" various facts as to the elements of the crimes charged in this case.

Throughout my instructions, you should understand that whenever I say that the government has to "prove" a fact to you, I mean that it has to prove that fact to you beyond a reasonable doubt, as I just explained that term to you.  You are to understand my use of the word "prove" to mean "prove beyond a reasonable doubt," even if I do not always repeat those exact words.

Similarly, when I say that you must "find" a fact in order to return a guilty verdict, you must find unanimously that fact to have been proven by the government beyond a reasonable doubt, even if I simply use the word "find."

## H.   **Matters the Jury May Not Consider**

Your verdict as to the defendant must be based solely upon the evidence developed at this trial, or the lack of evidence.  I note that you have heard testimony about the wealth and compensation of the defendant.  I instruct you that it is improper for a juror to consider any personal feelings he or she may have about the wealth, compensation, or lifestyle, or about the gender, age, race, religion, national origin, or other characteristics of a party.  It also would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with what must be your fair and impartial decision-making process.  All persons who come before the court charged with a criminal offense are entitled to the presumption of innocence and the government always has the burden of proof beyond a reasonable doubt, as I just described to you.

## I.   **Sympathy and Bias**

You have been chosen as jurors to try the issues of fact and reach verdicts on the basis of the evidence, or the lack of evidence, presented here.  Under the terms of your oath as jurors, you are not to be swayed by sympathy or bias that you may have towards either party.

**J.    <u>Government as a Party</u>**

You are to perform your duty as jurors of finding facts without bias or prejudice as to either party.  You are to perform your duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded any other party to litigation. By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.

**K.    <u>Possible Punishment</u>**

You are instructed that the question of possible punishment of the defendant is no concern of the jury and should not, in any sense, enter into or influence your deliberations.  In the event of a conviction, the duty of imposing sentence rests exclusively with the court – that is, the judge.

The function of the jury is to weigh the evidence or lack of evidence in the case as to the defendant and determine whether the defendant is guilty or not guilty solely upon the basis of such evidence or lack of evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if convicted, to influence your verdict in any way.

## SECTION II: <u>ELEMENTS OF THE CHARGED OFFENSES</u>

### A.    <u>Overview</u>

The defendant is charged in four different counts of the Indictment.  Each count charges a separate alleged crime.

Count 1 charges Mr. Forbes with conspiring: (1) to commit securities fraud; and (2) to make or cause to be made false statements in reports required to be filed with the Securities and Exchange Commission, which is sometimes referred to in these instructions as the "SEC."

Count 2 and Count 3 each charge Mr. Forbes with making or causing to be made false statements in reports required to be filed with the SEC.  Count 4 charges Mr. Forbes with securities fraud.  In addition, Counts 2 through 4 each charge Mr. Forbes with aiding and abetting another person in the commission of the crime charged in that count.

For each count, I will review with you the relevant language in the Indictment, the pertinent statutory provision or provisions or regulation, and the elements of the offense.

Before I address these matters, however, I want to make sure that each of you understands that a doctrine we refer to as respondeat superior has no applicability to this case.

B.    **No Respondeat Superior Liability**

There is one point I want to address before I review the elements of the charged offenses.  In some other areas of the law, there is a doctrine we call respondeat superior.  Under that doctrine, employers can be held liable for an employee's wrongful acts committed within the scope of the employee's employment based solely on the employer's status as the employer.  That doctrine has no applicability in this case.  You have heard testimony that the defendant was a senior executive at CUC and Cendant.  I instruct you that you may not vote to convict the defendant based solely on the position or positions that he held at CUC and/or Cendant.

A defendant who is an officer, director, or employee of a corporation is not criminally responsible for the alleged acts of his subordinates merely because the defendant held a senior position with the corporation.  Therefore, it is not enough for the government to prove that alleged accounting irregularities occurred at CUC and Cendant and that the defendant held senior positions.  Nor is it enough for the government to prove that one or more alleged wrongdoers reported to the defendant.  In addition, you may not infer that the defendant, based solely on his positions at CUC and Cendant, had any knowledge of the alleged accounting irregularities. Furthermore, it is not enough for the government to prove that the defendant should have known

about the alleged accounting irregularities at CUC and Cendant.
In each instance, the law requires more.  The government must
prove beyond a reasonable doubt that the defendant acted
knowingly, willfully, and with the particular unlawful intent
required for that offense.

C.    **Count 1**:  **Conspiracy**

    1.    **The Indictment and the Statute**

    Count 1 of the indictment charges that defendant Walter A.
Forbes knowingly and willfully conspired, with the requisite
unlawful intent, with Kirk Shelton, Cosmo Corigliano, Anne
Pember, Casper Sabatino, Steven Speaks, Kevin Kearney, Mary
Sattler, and Stuart Bell to commit securities fraud, and to make
or cause to be made false statements in reports required to be
filed with the SEC.  Count 1 of the indictment reads as follows:

**[Read Count 1 of the Indictment.]**

    The statute relevant to Count 1 of the indictment is
18 U.S.C. § 371, which provides, in relevant part, as follows:

> If two or more persons conspire . . . to
> commit any offense against the United States,
> . . . and one or more of such persons do any
> act to effect the object of the conspiracy,
> each [person commits a crime.]

    The other federal laws relevant to this count are the
statute relating to making or causing to be made false statements
in reports required to be filed with the Securities and Exchange
Commission, which is 15 U.S.C. § 78ff(a); and two securities

fraud statutes and a regulation, which are 15 U.S.C. §§ 78j(b) and 78ff(a) and Rule 10b-5.

The crime of conspiracy to violate a federal law, as charged in this indictment, is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."  Indeed, you may find the defendant guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime which was the object of the alleged conspiracy was not actually committed.

### 2.   **Elements of Conspiracy**

In order to meet its burden of proof on the conspiracy charge, the government must prove each of the following four essential elements beyond a reasonable doubt:

*First*, that two or more persons entered the unlawful agreement charged in the indictment starting in or about the late 1980's;

*Second*, that the defendant knowingly and willfully became a member of the alleged conspiracy, and did so with the requisite unlawful intent;

*Third*, that one of the members of the alleged conspiracy knowingly committed at least one of the overt acts charged in the indictment, during the period of the alleged conspiracy; and

*Fourth*, that any overt acts which you find to have been committed was or were committed, during the period of the alleged conspiracy, to further some objective of the conspiracy.

### a.    First Element — Existence of Unlawful Agreement

The first element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment starting in or about the late 1980's.

In order for the government to satisfy this element, you need not find that the alleged members of the alleged conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act, as charged in Count 1 of the indictment.

### (i)    The Alleged Co-conspirators

The government contends that the co-conspirators were Walter Forbes, Kirk Shelton, Cosmo Corigliano, Anne Pember, Casper Sabatino, Steven Speaks, Kevin Kearney, Mary Sattler, and Stuart Bell.  There are no other alleged co-conspirators.

14

* * * * * *

_____You may find that the existence of an unlawful agreement, as charged in Count 1 of the indictment, has been established by direct proof.  However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the people involved.

In the context of conspiracy cases, actions often speak louder than words.  In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all those you find to be participants in the alleged conspiracy as proof that a common design existed on their part to act together to accomplish an unlawful purpose, as charged in Count 1 of the indictment.

The indictment charges that there were two objects of the alleged conspiracy: to commit securities fraud and to make or cause to be made false statements in reports required to be filed with the SEC.

There are four elements of the offense of securities fraud, as follows:

> *First*, doing any one or more of the following, as charged in
> the indictment:

>> (a)  knowingly employing a device, scheme, or
>>       artifice to defraud; or

>> (b)  knowingly making an untrue statement of a
>>       material fact, or omitting to state a

15

material fact necessary in order to make the
statements made, in the light of the
circumstances under which they were made, not
misleading; or

(c)    knowingly engaging in a transaction,
practice, or course of business that operated
or would operate as a fraud and deceit on any
person;

*Second*, doing so in connection with the purchase or sale of
CUC or Cendant common stock;

*Third*, in connection with the purchase or sale of such
CUC or Cendant common stock, making use of or causing
the use of any means or instrumentality of interstate
commerce, or of the mails, or of any facility of any
national securities exchange; and

*Fourth*, acting knowingly, willfully, and with the intent to
defraud.

I will be discussing in detail the elements of the offense of
securities fraud later in these instructions when I discuss Count
4.  (See Section II.E. below.)

There are four elements of the offense of making or causing
to be made false statements in reports required to be filed with
the SEC, as follows:

*First*, that the SEC report contain a false statement of
fact;

*Second*, that the false statement of fact be material;

*Third*, making or causing to be made that false statement of
material fact in the SEC report; and

*Fourth*, acting knowingly, willfully and with the intent to
deceive.

I will be discussing in detail the elements of the offense of
making or causing to be made false statements in reports required

16

to be filed with the SEC later in these instructions when I discuss Counts 2 and 3.  (See Section II.D. below.)

The government is not required to prove that there was an agreement to commit both the offense of securities fraud and the offense of making or causing to be made false statements in reports required to be filed with the SEC.  However, the government must prove beyond a reasonable doubt that there was an agreement to accomplish at least one of these unlawful objectives charged in Count 1, and you must agree unanimously that it was the same unlawful objective.

*   *   *   *   *   *

It is not enough to satisfy this element of the offense if some of you find that the government has proven an agreement to accomplish one unlawful objective while others of you find that the government has proven only an agreement to accomplish a different unlawful objective.  If you do not agree unanimously that the government has proven beyond a reasonable doubt an agreement to accomplish the same unlawful objective with respect to at least one of the two objects of the conspiracy charged in the indictment, you must return a verdict of not guilty with respect to Count 1.

### b.    Second Element – Membership in the Alleged Conspiracy

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly and willfully became a member of the conspiracy, and did so with the requisite unlawful intent.

### (i)    The Alleged Co-Conspirators

The government contends that the co-conspirators were Walter Forbes, Kirk Shelton, Cosmo Corigliano, Anne Pember, Casper Sabatino, Steven Speaks, Kevin Kearney, Mary Sattler, and Stuart Bell.  There are no other alleged co-conspirators.  If the government fails to prove beyond a reasonable doubt that the defendant knowingly and willfully, and with the requisite intent, entered into the alleged unlawful agreement charged in the indictment with one or more of these people, then you must vote not guilty on Count 1.

*    *    *    *    *    *

In connection with this second element of the alleged offense, I am going to instruct you on the concepts of "knowingly" and "willfully"; second, on the concept of "requisite intent"; and third, on the concept of "good faith."

The question of whether a person acted knowingly, willfully and with the requisite intent is a question of fact for you to

18

determine, like any other fact question.  This question involves one's state of mind.

Direct proof of knowledge and intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime must be established beyond a reasonable doubt.

### (ii)  **Knowingly**

"Knowingly": a person acts knowingly when he acts voluntarily and purposefully, and not because of ignorance, mistake, accident, or carelessness.  The alleged conspiracy involves providing materially false financial information to the SEC and to investors.  To establish that the defendant acted knowingly, the government must prove beyond a reasonable doubt

that the defendant knew that the financial information was materially false.

### (iii)  Willfully

"Willfully": an act is done willfully if it is done with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say, with bad purpose to disobey or to disregard the law.  It is not necessary for the government to prove beyond a reasonable doubt that the defendant knew that he was breaking any particular law or rule, but it must prove beyond a reasonable doubt that he was aware of the generally unlawful nature of his acts.

*   *   *   *   *   *

In deciding whether the defendant was, in fact, a member of the conspiracy, you must consider whether the defendant knowingly and willfully joined the conspiracy, intending to advance or achieve its goals.  Did he participate in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its objective?

In that regard, in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome.  You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a

factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly and willfully joined in an unlawful agreement, as charged in Count 1 of the indictment.  The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of that unlawful agreement.

It is important for you to note that the defendant's participation in the alleged conspiracy must be established by independent evidence of his own acts or statements.  You may also consider, but you may not exclusively rely on, acts or statements of the other alleged co-conspirators and the reasonable inferences which may be drawn from them.

A defendant's knowledge is a matter of inference from the facts proved.  In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have been apprised of all of the activities of the other alleged co-conspirators.  Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.  Furthermore, the defendant need not have joined the

conspiracy at its very beginning and need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of the defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

I want to caution you, however, that a defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with an alleged member of a conspiracy does not make a defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that two people may have gotten together and discussed common aims and interests does not make them members of a conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan does not make a defendant a member of the conspiracy. Moreover, the fact that the acts of a defendant, without knowledge, merely

happen to further the purposes or objectives of the conspiracy, does not make the defendant a member.  More is required under the law.  What is necessary is that the defendant has participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

The government is not required to prove that the members of the alleged conspiracy were successful in achieving any or all of the objects of the conspiracy.

### (iv)  **Requisite Intent**

In order to prove that the defendant became a member of the alleged conspiracy to commit a particular object offense, the government must also prove, beyond a reasonable doubt, that the defendant acted with the same unlawful intent that must be proven with respect to that alleged object of the alleged conspiracy.

Securities fraud, which is the first object of the alleged conspiracy, requires that the government prove beyond a reasonable doubt that the defendant acted knowingly, willfully, and with the intent to defraud.  In order to prove that the defendant became a member of the alleged conspiracy with respect to the object offense of securities fraud, the government must prove beyond a reasonable doubt, in addition to the other elements of membership that I have described, that the defendant acted knowingly, willfully, and with the intent to defraud.

23

"Intent to defraud": in the context of the securities laws, an act is done with the intent to defraud if it is done knowingly and with the intent to deceive or defraud.

Making or causing to be made false statements in reports required to be filed with the SEC, which is the second object of the alleged conspiracy, requires that the government prove beyond a reasonable doubt that the defendant acted knowingly, willfully, and with the intent to deceive.  In order to prove that the defendant became a member of the alleged conspiracy with respect to the object offense of making or causing to be made false statements in reports required to be filed with the SEC, the government must prove beyond a reasonable doubt, in addition to the other elements of membership that I have described, that the defendant acted knowingly, willfully, and with the intent to deceive.

"Intent to deceive": an act is done with the intent to deceive if it is done with the intent to mislead another or to cause another to believe that a falsehood is true, but not necessarily for the purpose of causing some financial loss to another.

### (v)  Good Faith

Because the government must prove beyond a reasonable doubt that the defendant acted knowingly, willfully, and with the

unlawful intent required for the charge you are considering, the good faith of the defendant is a complete defense.

A defendant who acted in good faith cannot be found to have acted knowingly, willfully, and with the unlawful intent required for the charge you are considering.  Good faith on the part of the defendant is simply inconsistent with such unlawful intent. While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to act in accordance with the law.

If a person holds a good faith belief in the accuracy of a statement, there is no crime.  This is so even if he is mistaken and even if the statement is, in fact, materially false.  One who expresses an opinion honestly held by him, or a belief honestly entertained by him, is not chargeable with a crime, even if his opinion is in error or his belief is mistaken.  An honest mistake of judgment or negligence is not unlawful intent, and a defendant who acts on such a basis can still be acting in good faith.  A person who believes in good faith that his actions comply with the law cannot be found guilty of a crime.  Therefore, if the defendant believed that he was acting in accordance with the law, he cannot be found to have acted with criminal intent and you must find him not guilty.

25

A person does not act in "good faith" if, even though he honestly holds a certain opinion or belief, that person also knowingly makes false or fraudulent pretenses, representations, or promises to others.

The burden of proving good faith does not rest with the defendant because the defendant does not have to prove anything in this case.  The government has the burden of proving beyond a reasonable doubt that the defendant acted knowingly, willfully, and with the unlawful intent required for the charge you are considering.  If the evidence in the case leaves you with a reasonable doubt as to whether the defendant acted in good faith, you must find the defendant not guilty.

### c.    Third Element – Commission of Overt Act

The third element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that one of the alleged members of the alleged conspiracy knowingly committed at least one of the overt acts charged in the indictment, during the period of the alleged conspiracy.

Paragraph 57 of the Indictment charges that the overt acts set forth in subparagraphs a. through i. of that paragraph were committed in the District of Connecticut, the District of New Jersey and elsewhere.

In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the indictment

be proven, or that any of these acts were themselves illegal. However, the government must prove beyond a reasonable doubt that at least one of these alleged overt acts was committed by an alleged member of the alleged conspiracy, and all of you must agree unanimously that it was the same overt act. It is not enough to satisfy this element if some of you find that the government has proven one overt act while others of you find that the government has proven a different overt act. If you do not agree unanimously, with respect to at least one of the overt acts charged in paragraph 57 of the indictment, that the government has proven that specific overt act beyond a reasonable doubt, then you must return a verdict of not guilty with respect to Count 1.

You are instructed that you need not find that the defendant committed the overt act. To satisfy this element, it is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the indictment. It is sufficient if you are convinced, beyond a reasonable doubt, that it occurred at or about the time and place stated, so long as that is during the period of the alleged conspiracy.

27

Finally, you must find that either the unlawful agreement was formed or that an overt act was committed in the District of Connecticut.  I instruct you that the District of Connecticut includes the entire state of Connecticut.

### d.    Fourth Element – Commission of Overt Act in Furtherance of the Alleged Conspiracy

The fourth element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the overt act was committed, during the period of the alleged conspiracy, for the purpose of carrying out the alleged unlawful agreement.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done during the period of the alleged conspiracy, by at least one alleged conspirator, in furtherance of some object or purpose of the alleged conspiracy, as charged in the indictment.  In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the alleged conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act which, in and of itself, is criminal.

* * * * * *

In order to establish that the defendant is guilty of the charge of conspiracy, the government must prove beyond a reasonable doubt each and every one of these four elements. If you find that the government has failed to prove any of these elements beyond a reasonable doubt, then you must acquit the defendant of the conspiracy charge.

**D.    Counts 2 and 3: False Statement in Report Required to be Filed with the SEC**

    **1.    The Indictment and the Statutes**

Count 2 and Count 3 of the indictment each charge Mr. Forbes with knowingly and willfully, and with the intent to deceive, making or causing to be made statements, in reports required under federal law to be filed with the SEC, that were false and misleading with respect to material facts. Count 2 of the indictment relates to CUC's quarterly report on Form 10-Q for its third fiscal quarter ending October 31, 1997. Count 3 relates to Cendant's annual report on Form 10-K for its fiscal year ending December 31, 1997. Count 2 and Count 3 of the indictment read as follows:

**[Read Count 2 and Count 3 of the Indictment.]**

Section 78ff(a) of Title 15 of the United States Code is relevant to Count 2 and Count 3 of the indictment. That statute provides, in relevant part, as follows:

29

> Any person . . . who willfully and knowingly
> makes, or causes to be made, any statement in
> any application, report, or document required
> to be filed under this chapter or any rule or
> regulation thereunder . . . which statement
> was false or misleading with respect to any
> material fact . . . [shall be guilty of a
> crime].

CUC and Cendant were required by law to file with the SEC annual

reports on Form 10-K and quarterly reports on Form 10-Q because

they were companies whose stocks were publicly traded.

Later in these instructions I will instruct you with respect

to 18 U.S.C. § 2, which pertains to aiding and abetting.  (See

Section II.F.)

### 2.   **Elements of False Statement in SEC Report**

In order to meet its burden of proof on Count 2 or Count 3,

the government must prove as to that count each of the following

four essential elements beyond a reasonable doubt:

*First*, that the SEC report to which that count pertains

contained a false statement of fact;

*Second*, that the false statement of fact was material;

*Third*, that the defendant made or caused to be made that

false statement of material fact in the SEC report; and

*Fourth*, that the defendant acted knowingly, willfully and

with the intent to deceive.

a.   **First Element – False Statement of Fact
in SEC Report**

The first element that the government must prove beyond a reasonable doubt is that the SEC report pertaining to the count you are considering contained a false statement of fact.

A statement is not false merely because subsequent events prove it to have been erroneous.  The statement must have been false when it was made.

(i)   **Count 2**

The only statements that you may consider with respect to Count 2 are the following eight statements in CUC's Form 10-Q for its third fiscal quarter ending October 31, 1997:

The first alleged false statement is the statement that for the three months ending October 31, 1997, total revenue was approximately $775 million, when the government contends that total revenue was approximately $44 million less.

The second alleged false statement is the statement that for the three months ending October 31, 1997, total expenses were approximately $612 million, when the

31

government contends that total expenses were approximately $9 million greater.

The third alleged false statement is the statement that for the three months ending October 31, 1997, income before taxes was approximately $163 million, when the government contends that it was overstated by 48 per cent, or approximately $53 million.

The fourth alleged false statement is the statement that for the nine months ending October 31, 1997, total revenue was approximately $2,168 million, when the government contends that total revenue was approximately $149 million less.

The fifth alleged false statement is the statement that for the nine months ending October 31, 1997, total expenses were approximately $1,735 million, when the government contends that total expenses were approximately $27 million greater.

The sixth alleged false statement is the statement that for the nine months ending October 31, 1997, income before taxes was approximately $433 million, when the government contends that it was overstated by 68 per cent, or approximately $176 million.

The seventh alleged false statement is the statement that on October 31, 1997, current assets were approximately $2,117 million, when the government contends that it was overstated by approximately $124 million.

The eighth alleged false statement is the statement that on October 31, 1997, accounts payable and accrued expenses were approximately $464 million, when the government contends that it was understated by approximately $77 million.

The government is not required to prove that all eight of these statements were false. However, the government must prove beyond a reasonable doubt that at least one of these eight specific statements was false, and you must agree unanimously

33

that the same statement was false.  It is not sufficient to establish this element of the offense if some of you find that the government has proven one false statement in CUC's Form 10-Q while others of you find that the government has proven another false statement in that Form 10-Q.  If you do not agree unanimously that the government has proven beyond a reasonable doubt the same specific false statement with respect to at least one of these eight alleged false statements, you must return a verdict of not guilty with respect to Count 2.

### (ii) <u>Count 3</u>

The only statements that you may consider with respect to Count 3 are the following two statements in Cendant's Form 10-K for the fiscal year ending December 31, 1997:

> The first alleged false statement is the statement that net revenue was approximately $5,315 million, when the government contends that this amount was overstated by approximately $139 million.

> The second alleged false statement is the statement that merger-related costs and other unusual charges were approximately $1,148 million, when the government contends that

this amount was overstated by approximately
$200 million.

The government is not required to prove that both of these
statements were false.  However, the government must prove beyond
a reasonable doubt that at least one of these two specific
statements was false, and you must agree unanimously that the
same statement was false.  It is not sufficient to establish this
element of the offense if some of you find that the government
has proven one false statement in Cendant's Form 10-K while
others of you find that the government has proven the other
statement in that Form 10-K was false.  If you do not agree
unanimously that the government has proven beyond a reasonable
doubt the same specific false statement with respect to at least
one of these two alleged false statements, you must return a
verdict of not guilty with respect to Count 3.

### b.  __Second Element – Materiality__

The second element that the government must prove beyond a
reasonable doubt is that the alleged false statement of fact was
"material."

If you decide that a particular statement was false when it
was made, then you must determine if the fact stated was a
material fact under the evidence in this case.  In order for you
to find a material fact, the government must prove beyond a

reasonable doubt that the fact misstated was of such importance
that it would reasonably be expected to cause or to induce a
person to invest or to cause or to induce a person not to invest.
A fact is material only if there is a substantial likelihood that
a reasonable investor would have viewed the fact as having
significantly altered the total mix of information available.
The statute under which Count 2 and Count 3 of the indictment are
brought is concerned only with such material misstatements and
does not cover minor, meaningless, or unimportant ones.

Whether a public company's stock price changes sharply
shortly after information is disclosed to the investing public is
a factor that you may consider in deciding whether or not that
information is material.

Any false statement of fact must have been material on the
date the SEC report was filed.  CUC's Form 10-Q at issue in
Count 2 was filed with the SEC on December 15, 1997.  Cendant's
Form 10-K at issue in Count 3 was filed with the SEC on March 31,
1998.

### c.    Third Element – Made or Caused to be Made

The third element that the government must prove beyond a
reasonable doubt as to the count you are considering is that the
defendant made or caused to be made that alleged false statement
of material fact in the SEC report at issue.

36

In this regard, it is sufficient to establish this element of the offense if the government proves beyond a reasonable doubt that the defendant caused that false statement of material fact in the SEC report at issue to be made by others.

The defendant may not be held responsible for any false statement in an SEC report that he did not make or cause to be made.  If the government proves beyond a reasonable doubt that the SEC report at issue in a count of the indictment contained a materially false statement, but the government fails to prove beyond a reasonable doubt that the defendant made that statement or caused that statement to be made in the SEC report, you must find the defendant not guilty on that count.

### d.   Fourth Element – Knowingly, Willfully and With the Intent to Deceive

The fourth element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly, willfully and with the intent to deceive.

### (i)   Knowingly

"Knowingly": a person acts knowingly when he acts voluntarily and purposefully, and not because of ignorance, mistake, accident, or carelessness.  The alleged making of false statements involves providing materially false financial information in reports filed with the SEC.  To establish that the defendant acted knowingly, the government must prove beyond a reasonable doubt that the defendant knew that the financial

information was materially false.

### (ii)  **Willfully**

"Willfully": an act is done willfully if it is done with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say, with bad purpose to disobey or to disregard the law.  It is not necessary for the government to prove beyond a reasonable doubt that the defendant knew that he was breaking any particular law or rule, but it must prove beyond a reasonable doubt that he was aware of the generally unlawful nature of his acts.

### (iii)  **Intent to Deceive**

"Intent to deceive": an act is done with the intent to deceive if it is done with the intent to mislead another or to cause another to believe that a falsehood is true, but not necessarily for the purpose of causing some financial loss to another.

*   *   *   *   *   *

The question of whether a person acted knowingly, willfully and with the intent to deceive is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.

When I gave you instructions for the second element of conspiracy (i.e., knowingly and willfully becoming a member of the conspiracy and doing so with the requisite intent), I gave

38

you instructions about how proof of one's state of mind can be established. Those instructions are equally applicable here, but I will not repeat them. I refer you to the fifth, sixth and seventh paragraphs of Section II.C.2.b.

Also, as I previously instructed you, the good faith of a defendant is a complete defense. The defendant does not have the burden of establishing good faith. The burden is on the government to prove lack of good faith beyond a reasonable doubt. I refer you to the instructions on "good faith" set forth in Section II.C.2.b.(v). Those instructions are equally applicable here.

* * * * * *

In order to establish that the defendant is guilty of the charge in Count 2 or Count 3, the government must prove beyond a reasonable doubt each and every one of these four elements as to that particular count. If you find, as to the count you are considering, that the government has failed to prove any of these elements beyond a reasonable doubt, then you must acquit the defendant of that charge of making or causing to be made a false statement in a report required to be filed with the SEC.

E.   **Count 4**:   **Securities Fraud**

1.   **The Indictment and the Statutes and Regulation**

Count 4 of the indictment charges that, on or about February 18, 1998, Mr. Forbes used means and instrumentalities of

interstate commerce, the mails, and the facilities of national

securities exchanges and, knowingly, willfully and with the

intent to defraud, did directly and indirectly use and employ

manipulative and deceptive devices and contrivances in connection

with the purchase or sale of a security, specifically, the

purchase of Cendant common stock by The Hartford Steam Boiler

Inspection and Insurance Company.    Count 4 of the indictment

reads as follows:

**[Read Count 4 of the Indictment.]**

Section 78j(b) of Title 15 of the United States Code is

relevant to Count 4 of the indictment.    That statute provides, in

relevant part, as follows:

> It shall be unlawful for any person, directly or
> indirectly, by the use of any means or instrumentalities
> of interstate commerce or of the mails, or of any
> facility of any national securities exchange . . .

> (b)  To use or employ, in connection with the
> purchase or sale of any security registered on a national
> securities exchange or any security not so registered,
> any manipulative or deceptive device or contrivance in
> contravention of such rules and regulations as the [SEC]
> may prescribe  . . . .

Section 78ff(a) of Title 15 of the United States Code is also

relevant to Count 4.    That statute provides, in relevant part, as

follows:

> Any person who willfully violates any provision of this
> chapter . . ., or any rule or regulation thereunder the
> violation of which is made unlawful or the observance of
> which is required under the terms of this chapter . . .
> [shall be guilty of a crime].

Rule 10b-5, which is a regulation promulgated by the SEC and is codified in the law at Title 17, Code of Federal Regulations, Section 240.10b-5, also applies to the charge in Count 4.  Rule 10b-5 states:

> *Employment of manipulative and deceptive practices*.  It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

Later in these instructions I will instruct you with respect to 18 U.S.C. § 2, which pertains to aiding and abetting. (See Section II.F.)

## 2.   Elements of Securities Fraud

In order to meet its burden of proof on Count 4, the government must prove each of the following four essential elements beyond a reasonable doubt:

*First*, that the defendant did any one or more of the following, as charged in the indictment:

(a) knowingly employed a device, scheme, or artifice to defraud; or

41

(b) knowingly made an untrue statement of a material fact, or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  knowingly engaged in a transaction, practice, or course of business that operated or would operate as a fraud and deceit on any person;

*Second*, that the defendant did so in connection with the purchase or sale of the Cendant common stock described in Count 4;

*Third*, that in connection with the purchase or sale of the Cendant common stock described in Count 4, the defendant made use of or caused the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange; and

*Fourth*, that the defendant acted knowingly, willfully, and with the intent to defraud.

### a.   **First Element - Fraudulent Act**

The first element that the government must prove beyond a reasonable doubt is that the defendant did any one or more of the following, as charged in the indictment:

(a)   knowingly employed a device, scheme, or artifice to defraud; or

(b)   knowingly made an untrue statement of a material fact, or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   knowingly engaged in a transaction, practice, or course of business that operated or would operate as a fraud and deceit on any person.

It is not necessary for the government to establish all three types of fraudulent conduct.  Any one will be sufficient to satisfy this element of the offense.  However, you must agree unanimously that the government has proven beyond a reasonable doubt the same type of fraudulent conduct with respect to at least one of these three types of fraudulent conduct.  Also, if the only type of fraudulent conduct you unanimously agree the government has proven beyond a reasonable doubt is the type of conduct described in subparagraph (b) above, then you must be unanimous as to at least one particular untrue statement of a material fact, or such omission to state a material fact, charged in the indictment which you find to have been proven.

Section 78j(b) uses the phrase "any manipulative or deceptive device or contrivance."  "Manipulation" includes the deliberate omission of a material fact with the knowledge that the omission makes the facts, as represented, false.  "Deception" is also a term of art in securities law and means to defraud by

deliberately making an affirmative misstatement of a material fact.  A "device" is simply an invention, or contrivance, or the result of some plan or design.

As used in this statute in connection with the purchase or sale of a security, then, a "manipulative or deceptive device" means the formation of some invention, contrivance, plan, or design to trick or deceive, either by a deliberate affirmative misstatement of a material fact or a deliberate omission of a material fact.

Rule 10b-5 uses, in clause (a), the term "device, scheme, or artifice to defraud."  A "device" is an invention, a contrivance, or the result of some plan or design.  A "scheme" is a design or a plan formed to accomplish some purpose.  An "artifice" is an ingenious contrivance or plan of some kind.  There is nothing about the terms "device," "scheme," or "artifice" which in and of themselves imply anything fraudulent.  The terms are plain English words that are neutral.

A "device, scheme, or artifice to defraud" as used in these instructions, however, means the forming of some invention, contrivance, plan, or design to trick or to deceive in order to obtain money.

Rule 10b-5 uses, in clause (b), the term "material."  If you should decide that a particular statement or a particular omission was false or misleading when it was made, then you must

determine if the fact stated or omitted was a "material" fact or a "material" omission under the evidence received in this case.

In order for you to find a "material" fact or a "material" omission, the government must prove beyond a reasonable doubt that the fact misstated or the fact omitted was of such importance that it would reasonably be expected to cause or to induce a person to invest or to cause or to induce a person not to invest. A fact is material only if there is a substantial likelihood that a reasonable investor would have viewed the fact as having significantly altered the total mix of information available. The securities fraud laws are concerned only with such "material" misstatements or such "material" omissions and do not cover minor, or meaningless, or unimportant ones.

Whether a public company's stock price changes sharply shortly after information is disclosed to the investing public is a factor that you may consider in deciding whether or not that information is material.

Rule 10b-5 uses, in clause (c), the phrase "a fraud or deceit upon any person." The phrase "fraud or deceit upon any person" means, simply, a lie or a trick. The government may establish "a fraud or deceit upon any person" if it proves beyond a reasonable doubt that the fraud or deceit employed was of a kind which would cause reasonable investors to rely and that some purchasers or sellers did rely.

The individuals alleged to be involved in the fraud or deceit need not have sold or purchased securities themselves as long as the fraudulent or deceitful conduct operated against The Hartford Steam Boiler Inspection and Insurance Company.  By the same token, the government need not prove that the defendant personally made the misrepresentation or that he omitted the material fact.  It is sufficient if the government establishes that the defendant caused the statement to be made or the fact to be omitted.  With regard to alleged misrepresentations or omissions, you must determine whether the statement was true or false when it was made, or in the case of alleged omissions whether the omission was misleading.

The government is not required to prove that the "fraud or deceit" was successful.  The government is required to prove beyond a reasonable doubt, however, that a "fraud or deceit upon any person" was operated in connection with the purchase or sale of a security.

### b.    <u>Second Element - In Connection With</u>

The second element that the government must prove beyond a reasonable doubt is that the alleged fraud was in connection with the purchase or sale of the Cendant common stock described in Count 4.

The government must prove beyond a reasonable doubt, therefore, that there was a purchase or sale of securities and

46

that the alleged fraud had some relationship to or was connected with that purchase or sale.

The government need not show, however, that the defendant, or anyone associated with him, bought or sold the securities in question.  It is sufficient to establish this element if the government shows that, during the period when the purchase or sale took place, the alleged fraud was of a sort to cause The Hartford Steam Boiler Inspection and Insurance Company to rely thereon and that that investor so relied to purchase shares of Cendant common stock.

### c. **Third Element – Use of A Means or Instrumentality of Interstate Commerce**

The third element the government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of the Cendant common stock described in Count 4, the defendant made use of or caused the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

The term "interstate commerce" as used in these instructions means trade or commerce in securities or any transportation or communication relating to such trade or commerce among the several states.

This element of the alleged offense may be established if the government proves beyond a reasonable doubt that any means or instrumentality of interstate transportation or communication,

including the mails, or the facilities of a national securities exchange were, in fact, used in the scheme or that such use was reasonably foreseeable.  Examples of use of an instrumentality of interstate commerce are the use of a telephone, the use of a fax machine, or the use of e-mail or the Internet.

I instruct you that the New York Stock Exchange is a national securities exchange.  The phrase "facility of a national securities exchange" includes any property or services maintained by the New York Stock Exchange.

In this regard, however, it is not necessary for the government to prove that the defendant personally used any means or instrumentality of interstate commerce or the mails, or used a national securities exchange, or that such use was contemplated or intended by anyone involved in any alleged scheme.  It is sufficient to establish this element for the government to prove that the defendant was an active participant in the alleged scheme, and took steps or engaged in conduct which he knew or could reasonably foresee would naturally and probably result in such use.  When a person does an act with the knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though it is not actually intended, then the person causes such means to be used.

Nor is it necessary that the matter, material, or

information mailed, transported, or communicated itself contain a fraudulent representation or request for money; indeed, it could be entirely innocent.  But, the matter, material or information mailed, transported, or communicated must be shown by the government to be a part of the overall alleged scheme.

The use of an instrumentality of interstate commerce need not be central to the execution of the alleged scheme, and may even be incidental to it.  All that is required is that the use of an instrumentality of interstate commerce bear some relation to the object of the alleged scheme or fraudulent conduct.

### d.    Fourth Element – Knowingly, Willfully and With the Intent to Defraud

The fourth element the government must prove beyond a reasonable doubt is that the defendant acted knowingly, willfully, and with the intent to defraud.

### (i)   Knowingly

"Knowingly": a person acts knowingly when he acts voluntarily and purposefully, and not because of ignorance, mistake, accident, or carelessness.  The alleged fraudulent scheme involves providing materially false financial information to the SEC and to investors.  To establish that the defendant acted knowingly, the government must prove beyond a reasonable doubt that the defendant knew that the financial information was materially false.

49

### (ii)  **Willfully**

"Willfully": an act is done willfully if it is done with
knowledge that one's conduct is unlawful and with the intent to
do something the law forbids, that is to say, with bad purpose to
disobey or to disregard the law.  It is not necessary for the
government to prove beyond a reasonable doubt that the defendant
knew that he was breaking any particular law or rule, but it must
prove beyond a reasonable doubt that he was aware of the
generally unlawful nature of his acts.

### (iii)  **Intent to Defraud**

"Intent to defraud" in the context of the securities laws
means to act knowingly and with the intent to deceive or defraud.

*   *   *   *   *   *

The question of whether a person acted knowingly, willfully
and with intent to defraud is a question of fact for you to
determine, like any other fact question.  This question involves
one's state of mind.

When I gave you instructions for the second element of
conspiracy (i.e., knowingly and willfully becoming a member of
the conspiracy and doing so with the requisite intent), I gave
you instructions about how proof of one's state of mind can be
established.  Those instructions are equally applicable here, but
I will not repeat them.  I refer you to Section II.C.2.b.

Also, as I previously instructed you, the good faith of a

defendant is a complete defense.  The defendant does not have the burden of establishing good faith.  The burden is on the government to prove lack of good faith beyond a reasonable doubt.  I refer you to the instructions on "good faith" set forth in Section II.C.2.b.(v).  Those instructions are equally applicable here.

*  *  *  *  *  *

In order to establish that the defendant is guilty of the charge in Count 4, the government must prove beyond a reasonable doubt each of these four elements.  If you find that the government has failed to prove any of these elements beyond a reasonable doubt, then you must acquit the defendant of the securities fraud charge.

## F.  **Counts 2 through 4**:  **Aiding and Abetting**

Each of Counts 2 through 4 of the indictment charges Mr. Forbes with commission of an offense as a principal actor but also charges him with what is called "aiding and abetting." Thus, with respect to the charge against the defendant in each of Counts 2 through 4, the government is required to prove that the defendant is either a principal actor or an aider and abettor.

The relevant statute is Section 2(a) of Title 18 of the United States Code, which provides:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

51

Thus, pursuant to the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof.  A person who aids and abets another to commit an offense is just as guilty of that offense as if he committed it himself.

However, the defendant may not be held responsible for aiding and abetting another in the commission of a crime unless the government proves beyond a reasonable doubt that the defendant knowingly and willfully associated himself with the crime charged and knowingly and willfully committed an act with the intention of causing the crime charged to be committed, and with the same intent required for the commission of the underlying offense.

In order to meet its burden of proof with respect to aiding and abetting the commission of the crime charged in any of Counts 2 through 4 the indictment, the government must prove beyond a reasonable doubt each of the following essential elements:

*First*, that all of the elements of the specific crime charged in the count that you are considering were proven beyond a reasonable doubt with respect to a person other than the defendant;

*Second*, that the defendant knew that the specific crime charged was to be committed or was being committed by that other person;

52

*Third*, that the defendant knowingly and willfully did some act for the purpose of aiding, abetting, counseling, commanding, inducing or procuring the commission of that crime; and

*Fourth*, that the defendant acted with the intention of causing the crime charged to be committed, and with the same intent required for the underlying offense.

To establish the first element, the government must prove, beyond a reasonable doubt, that someone other than the defendant committed each of the essential elements of the specific crime charged in the pertinent count, as those elements have been set forth for you in these instructions.

To establish the second element, the government must prove, beyond a reasonable doubt, that the defendant knew that the specific crime charged in the pertinent count was to be committed or was being committed by that other person.

The third element the government must establish beyond a reasonable doubt is that the defendant knowingly and willfully did some act for the purpose of aiding, abetting, counseling, commanding, inducing or procuring the commission of that crime. The term "knowingly" is defined with respect to Counts 2 and 3 in Section II.D.2.d., and it is defined with respect to Count 4 in Section II.E.2.d.  The term "willfully" is defined with respect to Counts 2 and 3 in Section II.D.2.d., and it is defined with respect to Count 4 in Section II.E.2.d.

The fourth element the government must establish beyond a

53

reasonable doubt is that the defendant acted with the intention of causing the crime charged to be committed.  With respect to this element, the government must prove, beyond a reasonable doubt, that the defendant intended to aid or abet the particular crime charged in the count that you are considering.  In addition, the government must prove beyond a reasonable doubt that the defendant acted with the requisite intent for the crime charged in the pertinent count.  With respect to Counts 2 and 3, the government must prove, beyond a reasonable doubt, that the defendant acted knowingly, willfully and with "intent to deceive", which is defined in Section II.D.2.d.  With respect to Count 4, the government must prove, beyond a reasonable doubt, that the defendant acted knowingly, willfully and with "intent to defraud", which is defined in Section II.E.2.d.

I remind you that the good faith of a defendant is a complete defense, and that the defendant does not have the burden of establishing good faith; rather the burden is on the government to prove lack of good faith beyond a reasonable doubt. I refer you to the instruction on "good faith" set forth in Section II.C.2.b.(v).  Those instructions are equally applicable here.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and

abetting.  Likewise, the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  One who does not have knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime also is not an aider and abettor.  An aider and abettor must know that the crime is being committed and act knowingly, willfully, and with the same intent required for the underlying offense.

**G.  Explanation of "On or About"**

The indictment charges that the offenses alleged were committed "on or about" certain dates.  Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

**H.  Use of Conjunctive in the Indictment**

As I read from the indictment, you may have noticed that the conjunctive word "and" is used to connect other charging words.  Thus, for example, Count 4, where the offense charged is securities fraud, alleges that the defendant did take certain actions "by use of means _and_ instrumentalities of interstate commerce, the mails _and_ the facilities of national securities exchanges."  However, when you consider the third element of the

offense for securities fraud, you will notice that it requires, in the disjunctive, that the government prove beyond a reasonable doubt that the defendant "made use of or caused the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange."  I instruct you that in determining whether the government has met its burden of proof with respect to a particular count of the indictment, you are to follow the court's instructions, which set forth the essential elements of each offense.

## SECTION III.  **MR. FORBES'S THEORY OF THE DEFENSE**

A defendant has the right to have his theory of defense presented to you with the court's instructions, and I am now going to explain to you Mr. Forbes's theory of the case.

Mr. Forbes contends that he is innocent of each and every charge in the indictment, and that he had no knowledge of accounting wrongdoing at CUC or Cendant at any time prior to mid-April 1998.  Mr. Forbes denies that he ever entered into any agreement with anyone to fraudulently inflate CUC's or Cendant's financial results, denies that he knowingly and willfully caused false financial information to be reported to the SEC or the investing public, and denies that he engaged in any fraud relating to the stock of CUC or Cendant.

Mr. Forbes contends that he was not involved in the preparation of CUC's or Cendant's financial statements, SEC filings, or other financial information released to the public. Mr. Forbes contends that he relied in good faith on CUC's outside auditors at Ernst & Young, and Cendant's outside auditors at Ernst & Young and Deloitte & Touche, as well as on CUC's and Cendant's internal accountants and CUC's and Cendant's Chief Financial Officers, to ensure that CUC's and Cendant's financial statements, SEC filings, and other financial information released to the public were properly prepared and fairly presented in compliance with all applicable laws and accounting rules.

57

Mr. Forbes contends that, at all times prior to mid-April 1998, he believed that CUC's and Cendant's financial statements, SEC filings, and other financial information released to the public were fairly presented and properly prepared in compliance with Generally Accepted Accounting Principles. Mr. Forbes contends that, when he signed CUC's and Cendant's SEC filings, signed his messages to shareholders in annual reports, and participated in the dissemination of financial information to the public, he did so believing in good faith that the information was accurate and fairly presented.  Mr. Forbes also contends that, at all times that he sold CUC or Cendant stock, he believed in good faith that the company's financial statements, SEC filings, and other financial information were properly prepared and fairly presented, and that he had no knowledge that CUC's or Cendant's income had been fraudulently inflated.

Mr. Forbes contends that CUC always received clean annual audit opinions from its outside auditors at Ernst & Young, as well as clean quarterly review opinions from Ernst & Young. Mr. Forbes also contends that Cendant received clean audit opinions from both Ernst & Young and Deloitte & Touche with respect to the year and quarter ending December 31, 1997. Mr. Forbes contends that he relied, in good faith, on those clean audit opinions, in support of his belief that CUC's and Cendant's financial statements, SEC filings, and other financial information released to the public were properly prepared and

fairly presented.  Mr. Forbes contends that had no knowledge of improper accounting at either CUC or Cendant, and that he did not know about any improper accounting involving the membership cancellation reserve, rejects-in-transit, revenue and expense allocation, unsupported topside adjustments, the improper use of merger reserves, or any other alleged accounting irregularity. Mr. Forbes contends that he did not participate in establishing merger reserves at CUC or Cendant, and did not participate in determining how merger reserves would be used.  He contends that he properly left those determinations to other business executives and accountants, and that he relied upon the independent auditors to review the estimates made by those establishing the merger reserve amounts, as well as the eventual use of those reserve amounts.  Mr. Forbes also contends that he did not know that Mr. Corigliano or anyone else was deceiving Ernst & Young or obstructing the audit process.

Mr. Forbes contends that CUC engaged in mergers and acquisitions for legitimate business reasons, and that he never caused CUC to acquire any other company, or to merge with any other company, in order to create merger reserves.  Mr. Forbes contends that the CUC/HFS merger was done solely because of valid business reasons for the merger.  Mr. Forbes also contends that the Ideon acquisition and the Sierra and Davidson acquisitions were also done solely for valid business reasons.

Mr. Forbes contends that he genuinely believed that CUC was a healthy, growing, successful company. Mr. Forbes contends that he was not involved in the day-to-day management of CUC, that he had handed over the day-to-day management of CUC's business to the Office of the President in 1987, and that the information he received from top CUC managers was consistent with Mr. Forbes' understanding that CUC was a thriving, prospering company. Mr. Forbes contends that he did not know that the financial information CUC reported to the public was in any way false or misleading.

Finally, Mr. Forbes contends that, prior to April 1998, he believed that Cosmo Corigliano was a competent, honest, professional who could be trusted to ensure that CUC's financial statements and SEC filings were properly prepared. Mr. Forbes contends that he relied on Mr. Corigliano and that Mr. Corigliano betrayed Mr. Forbes's trust by engaging in a scheme to fraudulently inflate CUC's and Cendant's financial results. Mr. Forbes contends that Mr. Corigliano repeatedly lied to him, to other members of CUC's management, to the CUC Board of Directors, to HFS, and to CUC's outside auditors, to conceal the fraud that Mr. Corigliano and Mr. Corigliano's subordinates were perpetrating. Mr. Forbes also contends that Mr. Corigliano and others undermined the established accounting controls that Mr. Forbes believed were in place at the company. Mr. Forbes contends that he understood that the outside auditors regularly

60

reviewed the sufficiency of the company's internal controls, and that they regularly advised the company that those internal controls were adequate.

Keep in mind that, while this is the theory of the defense, the defense has no burden of proof. The government has, on each charge you are considering, the burden of proving that Mr. Forbes is guilty beyond a reasonable doubt. If you have a reasonable doubt about whether the government has proven Mr. Forbes's guilt, as to a charge you are considering, then you must acquit Mr. Forbes on the charge.

Also keep in mind that just as the indictment itself is not evidence, Mr. Forbes's theory of defense itself is not evidence in this case. And, just as the fact that I read the indictment to you is not to be taken as an indication that I have any opinion about the facts of the case, the fact that I present the defendant's position is also not to be taken as an indication that I have any opinion about the facts of the case.

## SECTION IV. <u>INSTRUCTIONS FOR DELIBERATIONS</u>

### A.    <u>Evidence in this Case</u>

You must consider only the evidence or lack of evidence in deciding this case. You may, however, draw reasonable inferences from the testimony and other evidence as you feel are justified in the light of common experience. You may make deductions and reach conclusions that principles of reason and common sense lead you to make from all of the evidence presented.

There are two kinds of evidence you may consider. One is direct evidence. Direct evidence is where a witness testifies to what he or she saw, heard or observed. In other words, when a witness testifies about what the witness asserts is known to the witness of his or her own knowledge by virtue of his or her own senses--what the witness claims he or she saw, touched or heard-- that is called direct evidence. The other kind of evidence is indirect, or circumstantial, evidence. Circumstantial evidence is the proof of certain circumstances that tends to prove or disprove the presence or lack of certain other facts. To remind you of the example I gave you in the preliminary charge, if you see water on the street outside your window, you can infer that it has rained. On the other hand, there might be other plausible reasons for water being on the street. The point being made here is that you may infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other relevant fact. It is a general rule

that the law makes no distinction between direct and indirect evidence.  The law, rather, requires that the jury find the facts from the evidence, including direct and indirect evidence, and leaves it to the discretion of the jury to make such findings.

The evidence from which you are to decide what the facts are comes in two forms:

First, there is the sworn testimony of witnesses, both on direct and cross-examination.

Second, there are the exhibits that have been received into the trial record.

Certain things are not evidence and are not to be considered as such:

First, arguments or statements by lawyers are not evidence. They are designed and permitted to give the lawyers the opportunity to tell you how they think you should evaluate the evidence.

Second, the questions to the witnesses are not evidence.  I instructed you earlier, in substance, that my questions and comments are not evidence.  Let me also emphasize that a lawyer's question is not evidence.  While you must at times consider a lawyer's question to give content and meaning to the witness' answer, it is the witness' answer that is evidence.  Also, at times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true.  If the witness

denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.  In short, questions are not evidence, answers are.

Third, objections and arguments are not evidence.

Fourth, testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence, and must be disregarded.  Also, some testimony has been received, and some exhibits were admitted, only for a limited purpose.  Where I have given any limiting instruction about evidence that you heard or saw, you must follow it.  Later in the instructions, I will refer specifically to some areas covered by limiting instructions I gave during the trial; you must follow all the limiting instructions I gave during the trial whether or not I specifically refer, in these instructions, to the areas covered by them.  In addition, exhibits marked for identification but not admitted as evidence may not be considered as evidence.

Fifth, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded entirely.  You are to decide the case solely upon the evidence, or lack of evidence, offered and received in the trial.  You should consider the evidence presented in light of your own common sense and experience, and you may draw reasonable inferences from evidence. However, your verdict must be based solely on the evidence

presented in this courtroom in accordance with my instructions.
I remind you that you must avoid any reports in the media that
may be broadcast regarding this trial or any matter involving
allegations of corporate misconduct (including investigations or
other trials).

**B.    Markings on Exhibits**

Many of the exhibits in this case were stamped
"confidential" or with identification numbers and/or letters
before being provided to the parties as part of the litigation
process.  Many were stamped confidential pursuant to what is
known as a protective order in civil litigation.  It is routine
to stamp documents confidential or with identification numbers
and/or letters before providing them in the litigation process,
and protective orders are routine in civil litigation.  You are
to draw no inference from the fact that a document was stamped
confidential or with identification numbers and/or letters before
being provided.  You are likewise to draw no inference from the
fact that there was civil litigation, that a document was
provided in civil litigation or that there was a protective order
in that civil litigation.

**C.    Rulings by the Court as to Evidence**

From time to time in the course of this trial I have ruled
on the admissibility of certain evidence.  It is imperative that
you understand that any evidence as to which an objection was
sustained by the court, and any evidence stricken by the court,

must be entirely disregarded. You should have no concern with the reasons for any rulings I have made, and you are not to draw any inferences from my rulings.

Issues concerning the admissibility of evidence are questions of law for the court to decide. In admitting evidence to which an objection has been made, the court does not determine what weight should be given to the evidence in question, or pass on the credibility of the evidence. These are matters for you to decide. You must disregard any evidence that has been ruled out of the case by the court, and you must refrain from speculation about any communications between the lawyers and the court that were held out of your presence and hearing.

It is the duty of the attorney for each party in a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law. All those questions of law must be decided by the court. You must not show any bias against an attorney or his or her client because the attorney objected to the admissibility of evidence or asked the court for a ruling on the law.

**D.**    **Acts and Declarations of Alleged Co-Conspirators**

Evidence has been received in this case which the government contends shows that E. Kirk Shelton, Cosmo Corigliano, Anne Pember, Casper Sabatino, Steven Speaks, Kevin Kearney, Mary Sattler, and Stuart Bell allegedly did or said things during the

66

alleged existence of the alleged conspiracy in order to further or advance its purposes.  Evidence of such alleged acts and statements of these individuals may be considered by you in determining whether or not the government has proven the charge in Count 1 of the indictment.  However, since some of these alleged acts or statements may have occurred outside the presence of the defendant – and even been allegedly done or said without the defendant's knowledge - these alleged acts and statements should be examined with particular care by you before you consider them with respect to the defendant, who did not do the particular alleged act or make the particular alleged statement.

**E.    Testimony Concerning Alleged Co-Conspirator's Beliefs, Understanding, State of Mind or Intent**

You have heard certain testimony from alleged co-conspirators concerning that witness's beliefs, understanding, intent or state of mind.  Such testimony may be considered only with respect to the question of whether a conspiracy existed among two or more people to fraudulently inflate financial results during the period between the late 1980's and April 1998. You may not consider this testimony at all with respect to the question of whether Mr. Forbes was a knowing and willful participant in the alleged conspiracy, or whether Mr. Forbes knowingly and willfully engaged in any wrongdoing.

67

F.    **Forms 10-Q and 10-K**

You have heard testimony relating to certain reports that CUC and Cendant filed with the SEC.  These reports include Form 10-Q and Form 10-K.  These reports are documents that publicly traded companies, like CUC and Cendant, must file with the SEC.  These reports include financial statements that present a company's operating results and cash flows for a particular financial reporting period.  A Form 10-Q relates to a quarterly financial reporting period.  A Form 10-K relates to an annual financial reporting period.  A company's Form 10-Q and Form 10-K cannot, and need not, provide all the information that is available about the company.  That is not the function of a Form 10-Q or a Form 10-K.  These reports, taken as a whole, must disclose the information that is needed to fairly present the company's financial position, operating results, and cash flows.

G.    **Alleged Shareholder Loss**

You have heard evidence about alleged shareholder losses and the drop in Cendant's stock price after the public announcement of alleged accounting irregularities.  You may not consider this evidence at all with respect to the question of whether the defendant was a knowing and willful participant in the alleged conspiracy or whether the defendant knowingly and willfully engaged in any wrongdoing.

**H.  Summary Charts**

The parties have offered into evidence certain summary charts.  In each instance, the party who offered the chart contends that the chart is based on information from exhibits and/or testimony that have been received into evidence.  Such summary charts may prove useful in your consideration of the evidence in this case, but I warn you that you must evaluate such summary charts with great care.  These summary charts are not in and of themselves evidence or proof of any facts.  The controlling evidence is the underlying information upon which the party who offered the summary chart contends the summary chart is based, to the extent you find that information is in evidence. The summary charts are no better than the information upon which they purport to be based.  Thus, these summary charts cannot be relied upon independently.  It is your responsibility in each case to decide whether the summary chart correctly presents information set forth in exhibits and/or testimony that are in evidence and upon which the party who offered the summary chart contends it is based.  To the extent, if any, that a summary chart does not correctly reflect information shown by underlying evidence, you are to disregard it.

## I.  Credibility of the Witnesses

In deciding the facts of this case, you will have to evaluate the credibility of the witnesses.  You, as jurors, are the sole judges as to the credibility of the witnesses and the weight that their testimony deserves.  You may accept as true everything a witness says, only part of it, or none of it.  In deciding what part of a witness' testimony to believe, you may consider a number of factors, including the following:

(1)  the witness's ability to see or hear or know the things to which the witness testified;

(2)  the quality of the witness's memory;

(3)  any bias the witness may have;

(4)  the witness's manner while testifying;

(5)  whether the witness was contradicted by anything the witness said or wrote before trial or by other evidence; and

(6)  how reasonable was the witness's testimony when considered in light of other evidence which you believe.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently.  Innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the

effect of a discrepancy, however, you may wish to consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

In evaluating the credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony. This is not to suggest that a witness who has an interest in the outcome of this case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

If a witness is shown to have knowingly testified falsely concerning any matter of importance to this case, you have the right to distrust any other portions of the witness's testimony, though you need not do so. You may reject any or all of the testimony of that witness or give it such credibility or weight as you think it deserves.

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a single witness or a few witnesses as to any particular fact is more credible than the testimony of a larger number of witnesses to the contrary.

**J.    Prior Inconsistent Statement**

The testimony of a witness may be discredited or impeached by showing that the witness previously made statements that are inconsistent with his or her testimony in court. It is up to you to determine what credibility, if any, you will give the testimony of a witness who has been impeached by an earlier inconsistent statement.

**K.    Prior Testimony**

You have heard evidence that one or more witnesses gave certain testimony in a prior proceeding. That testimony was generally read into the record by an attorney asking whether the witness previously gave such testimony.

Because testimony in the prior proceeding was under oath, evidence of a witness's testimony in the prior proceeding may be considered by you as evidence bearing on Mr. Forbes' innocence or guilt. You should consider this testimony just like any other testimony that occurred here in court.

72

**L.   Uncontradicted Testimony**

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor or because of the inherent improbability of his or her testimony or for other proper reasons sufficient to you, that such testimony is not worthy of belief.

**M.   Testimony of Expert Witnesses**

I have permitted a certain expert witness, specifically Brian Heckler, to express his opinion about certain matters. A witness may be permitted to testify to an opinion on those matters about which he has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion

73

testimony merely because I allowed the expert to testify
concerning his or her opinion.  Nor should you substitute it for
your own reason, judgment, and common sense.  The determination
of the facts in this case rests solely with you.

**N.    Government Witnesses Testifying Under Plea Agreement**

In this case, there has been testimony from two government
witnesses who pled guilty after entering into an agreement with
the government to testify – Cosmo Corigliano and Anne Pember.
There is evidence that the government agreed not to prosecute the
witnesses on certain charges in exchange for the witnesses'
agreement to plead guilty to one or more offenses and testify at
this trial against the defendant.  The government entered into
agreements with these witnesses concerning sentencing issues and
promised to bring the witnesses' cooperation to the attention of
the sentencing court.

The government is permitted to enter into this kind of plea
agreement.  You, in turn, may accept the testimony of such a
witness and convict the defendant on the basis of this testimony
alone, if it convinces you of every element of the offense
charged beyond a reasonable doubt.

However, you should bear in mind that a witness who has
entered into such an agreement has an interest in this case
different than any ordinary witness.  A witness who realizes that

he or she may be able to obtain his or her own freedom or receive

a lighter sentence by giving testimony favorable to the

government has a motive to testify falsely.  Therefore, you must

examine the testimony of such a witness with caution and weigh it

with great care.  If, after scrutinizing the testimony of such a

witness, you decide to accept it, you may give it whatever

weight, if any, you find it deserves.

**O.**    **Defense Witness Testifying Under Plea Agreement**

In this case, there has been testimony from a defense

witness, Casper Sabatino, who pled guilty after entering into a

plea agreement with the government.  There is evidence that the

government agreed not to prosecute Mr. Sabatino on certain

charges in exchange for his agreement to plead guilty to one or

more offenses and to cooperate with the government in this case.

The government entered into an agreement with Mr. Sabatino

concerning sentencing issues and promised to bring his

cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of plea

agreement.  However, you should bear in mind that a witness who

has entered into such an agreement has an interest in this case

different than any ordinary witness.  A witness who realizes that

he or she may be able to obtain his or her own freedom or receive

a lighter sentence by giving testimony favorable to the

government has a motive to testify falsely in favor of the
government.  Therefore, you must examine any testimony of Mr.
Sabatino that is favorable to the government with caution and
weigh it with great care.  If, after scrutinizing his testimony,
you decide to accept it, you may give it whatever weight, if any,
you find it deserves.

**P.    Not Proper to Consider Guilty Plea of Government or
       Defense Witness**

You have heard evidence that government witnesses Cosmo
Corigliano and Anne Pember, and that defense witness Casper
Sabatino, pled guilty to felony charges arising from accounting
issues at CUC and Cendant.  You are instructed that you are to
draw no conclusions or inferences against Mr. Forbes from the
fact that a prosecution or a defense witness pled guilty to
similar charges.  The witnesses' decision to plead guilty was a
personal decision about his or her own guilt.  It may not be used
by you in any way as evidence against or unfavorable to Mr.
Forbes.

**Q.    Defendant's Testimony**

The defendant in a criminal case never has any duty to
testify or come forward with any evidence.  This is because, as I
have told you, the burden of proof beyond a reasonable doubt
remains on the government at all times, and the defendant is

presumed innocent.  In this case, the defendant did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.

## SECTION V.   <u>PROCEDURES YOU MUST FOLLOW</u>

### A.   <u>Duty to Deliberate; Requirement of Unanimity</u>

Each verdict must represent the considered judgment of each juror.  To return a verdict on any count, it is necessary that each juror agree.  Your verdict as to each count must be <u>unanimous</u>.

It is your duty, as jurors, to consult with one another, and to deliberate with a view toward reaching an agreement if you can do so without compromising individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence, or lack of evidence, in the case with your fellow jurors.  You are to deliberate only in the jury room, in the presence of all of the other jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest position as to the weight or effect of evidence, or lack of evidence, solely because of the opinion of your fellow jurors, or for the purpose of merely returning a verdict.  Your final vote on each count must reflect your conscientious belief as to how the issues should be decided.  Again, I want to emphasize that your verdict on each count, whether guilty or not guilty, must be unanimous.

Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence, or lack of evidence, in this case.

**B.**   **Notes**

Please remember my instructions about notes, given at the beginning of the case.  When you retire to deliberate, if a fellow juror claims that a certain fact exists because he or she has it written down on his or her notepad, remember that it is your own recollection that must control, as that person may have made inaccurate or incomplete notes.  Similarly, none of you must use the mere fact that you took notes to try and influence any other juror.  Notes can be used to refresh one's own recollection, but it is what each of you remembers that counts, not anyone's notes.

Portions of the trial transcript may have been or may be read to you either as part of an attorney's closing argument or at your request. Although there is a presumption that the trial transcript is correct, it is what each of you remembers a witness saying that controls, not the transcript.

**C.**   **Selection of a Foreperson; Communications With the Court**

Upon retiring to the jury room, you will select one person to act as your foreperson.  The foreperson will preside over your deliberations, and will speak for you here in court.

79

Any communications with the court during deliberations must be in writing and signed by the foreperson.  No member of the jury should ever attempt to communicate with me except by a writing <u>signed and dated</u> by the foreperson.

I will never communicate with any member of the jury about the case other than orally here in open court in the presence of counsel and the parties.

If you have any questions, you should communicate such questions to the court by means of a writing signed by the foreperson.  If you do send a note to me, please do not disclose in your note or otherwise anything about your deliberations.  Specifically, do <u>not</u> disclose to anyone--not even to me--how the jury stands, numerically or otherwise, on the questions you must decide, until <u>after you have reached a unanimous verdict</u>.

**D.    <u>Exhibits and Testimony; Use of the Indictment</u>**

You will have with you in the jury room the exhibits admitted during the trial.  You will not, however, have a written transcript of the witnesses' testimony.  If you want any of the testimony read to you, that can be done.  But if you request that any portion of the testimony be read back, please be as specific as you possibly can.  Otherwise, it might not always be easy to locate what you might want.

You will also have a copy of the Indictment with you in the jury room during your deliberations.  You may use it solely for the purpose of reading the offenses with which the defendant is charged.  You are reminded, however, that an indictment is merely an accusation and is not evidence of any kind.

**E.    No Experiments, Research or Investigation**

Remember that you must make your decision based solely on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own at any time.

For example, do not bring any books, like a dictionary, or anything else into the jury room with you to help you with your deliberations.  Do not conduct any independent research, reading, or investigation about the case.

Make your decision based only on the evidence that you saw and heard here in court.

**F.    The Verdict Form**

A verdict form has been prepared for your convenience and you will have the original verdict form with you in the jury room, marked as a Court Exhibit.  The answer to each question on the verdict form must be the unanimous answer of the jury.  Your foreperson will write the unanimous answer of the jury in the space provided for each question.  The foreperson will date and sign the verdict form when completed and then return to the

courtroom with the verdict form.  The foreperson must keep the verdict form until he or she is directed by me to hand it to the courtroom deputy.

I will now summarize the verdict form for you, and I invite you to review it with me.

*[REVIEW VERDICT FORM]*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## G.  **Alternate Jurors**

At this time, **[one]** of you will be identified as an alternate juror.  If your name is announced as an alternate juror, you will not participate in the deliberations, but you will be asked to remain at the courthouse in case you are needed to replace a deliberating juror.  Because alternate jurors could be called on to replace a deliberating juror, each alternate juror will be required to continue to follow the instructions all of you have so faithfully followed throughout the trial, i.e. keeping an open mind, not discussing the case with anyone (including any other juror or alternate juror), not having any contact with the participants in the trial or anyone associated with them, and not being exposed to any reports in the media concerning this case or any matter involving allegations of corporate misconduct (including investigations or other trials).

82

In addition, it is essential that the alternate jurors do not have any contact with any member of the jury until the jury has completed its deliberations and the verdicts have been announced in open court.

The service of the alternate jurors will not conclude until the jury has returned its verdicts.

**[NAME OF ALTERNATE JUROR ANNOUNCED]**

I also want to emphasize to the 12 members of the jury that it is essential that you not have any contact whatsoever with any of the alternate jurors until the jury has completed its deliberations and the verdicts have been announced in open court.

**H.    Conclusion**

Now the time has come for the jury to retire to the jury room.  When you go to the jury room, do <u>not</u> begin to deliberate until you receive from the courtroom deputy all the exhibits you are to have with you in the jury room and until she formally directs you to begin your deliberations.  She will bring you those exhibits in a few minutes.

I remind you that at the completion of your deliberations, the foreperson should communicate to the court through a signed writing, to be handed to the courtroom deputy or a court security officer, indicating that unanimous verdicts have been reached.

*Again, please, do not deliver the verdict form to the courtroom deputy until you are directed to do so by me after you have returned to the courtroom.*

Thank you very much.

This table of contents and the captions in the instructions are not part of the instructions. They are presented solely for your convenience, to assist you in locating different instructions.

## TABLE OF CONTENTS

Page

I. General Instructions . . . . . . . . . . . . . . . 1

    A.    Introduction . . . . . . . . . . . . . . . . . 1

    B.    Province of the Court and Jury . . . . . . . . 3

    C.    Indictment is Not Evidence . . . . . . . . . 4

    D.    Failure to Name a Defendant. . . . . . . . . 4

    E.    Multiple Counts . . . . . . . . . . . . . . 5

    F.    Basic Rules in Criminal Cases. . . . . . . . 5

        1.    Presumption of Innocence and . . . . . . 5
                Burden of Proof

        2.    Proof Beyond a Reasonable Doubt . . . . . 6

    G.    "Prove" and "Find" . . . . . . . . . . . . . 7

    H.    Matters the Jury May Not Consider . . . . . . 8

    I.    Sympathy and Bias . . . . . . . . . . . . . 8

    J.    Government as a Party . . . . . . . . . . . 9

    K.    Possible Punishment . . . . . . . . . . . 9

Page

II.  Elements of the Charged Offenses . . . . . . . . 10

    A.   Overview . . . . . . . . . . . . . . . 10

    B.   No Respondeat Superior Liability . . . . . . 11

    C.   Count 1: Conspiracy . . . . . . . . . . . 12

         1.   The Indictment and the Statute . . . . 12

         2.   Elements of the Conspiracy . . . . . . 13

              a.   First Element – Existence . . . . 14
                   of Unlawful Agreement

                   (i)   The Alleged . . . . . . . . 14
                         Co-Conspirators

              b.   Second Element – Membership . . . . 18
                   in the Alleged Conspiracy

                   (i)   The Alleged . . . . . . . . 18
                         Co-Conspirators

                   (ii)  Knowingly . . . . . . . . . 19

                   (iii) Willfully . . . . . . . . . 20

                   (iv)  Requisite Intent . . . . . . 23

                   (v)   Good Faith . . . . . . . . . 24

              c.   Third Element – Commission of . . . 26
                   Overt Act

              d.   Fourth Element – Commission of . . 28
                   Overt Act in Furtherance of
                   the Alleged Conspiracy

    D.   Counts 2 and 3: False Statement in Report . . 29
         Required to be Filed with the SEC

         1.   The Indictment and the Statutes . . . . 29

                                                          Page

        2.   Elements of False Statement in . . . . . 30
             SEC Report

             a.   First Element – False Statement . . 31
                  of Fact in SEC Report

                  (i)   Count 2  . . . . . . . . . . 31

                  (ii)  Count 3  . . . . . . . . . . 34

             b.   Second Element – Materiality  . . . 35

             c.   Third Element – Made or Caused  . . 36
                  to be Made

             d.   Fourth Element – Knowingly, . . . . 37
                  Willfully and With the Intent
                  to Deceive

                  (i)   Knowingly . . . . . . . . . . 37

                  (ii)  Willfully . . . . . . . . . . 38

                  (iii)  Intent to Deceive. . . . . . 38

E.   Count 4: Securities Fraud . . . . . . . . . . 39

     1.   The Indictment and the Statutes and  . . 39
          Regulation

     2.   Elements of Securities Fraud . . . . . . 41

          a.   First Element – Fraudulent Act  . . 42

          b.   Second Element – In Connection  . . 46
               With

          c.   Third Element – Use of a Means  . . 47
               or Instrumentality of Interstate
               Commerce

          d.   Fourth Element – Knowingly, . . . . 49
               Willfully and With the Intent
               to Defraud

                                iii

                                                      Page

                    (i)    Knowingly . . . . . . . . . . 49

                    (ii)   Willfully . . . . . . . . . 50

                    (iii)  Intent to Defraud. . . . . . 50

        F.   Counts 2 through 4: Aiding and Abetting . . . 51

        G.   Explanation of "On or About" . . . . . . . 55

        H.   Use of Conjunctive in the Indictment . . . . 55

III. Mr. Forbes's Theory of the Defense. . . . . . . 57

IV   Instructions for Deliberations . . . . . . . . . 62

        A.   Evidence in this Case . . . . . . . . . . 62

        B.   Markings on Exhibits  . . . . . . . . . . 65

        C.   Rulings by the Court as to Evidence . . . . . 65

        D.   Acts and Declarations of Alleged  . . . . . . 66
             Co-Conspirators

        E.   Testimony Concerning Alleged  . . . . . . . 67
             Co-Conspirator's Beliefs, Understanding,
             State of Mind or Intent

        F.   Forms 10-Q and 10-K . . . . . . . . . . . 68

        G.   Alleged Shareholder Loss . . . . . . . . . 68

        H.   Summary Charts  . . . . . . . . . . . . . 69

        I.   Credibility of the Witnesses  . . . . . . . 70

        J.   Prior Inconsistent Statement  . . . . . . . 72

        K.   Prior Testimony . . . . . . . . . . . . . 72

        L.   Uncontradicted Testimony  . . . . . . . . 73

        M.   Testimony of Expert Witnesses . . . . . . . 73

                                                      Page

      N.   Government Witnesses Testifying Under . . . . 74
           Plea Agreement

      O.   Defense Witness Testifying Under . . . . . . 75
           Plea Agreement

      P.   Not Proper to Consider Guilty Plea of . . . . 76
           Government or Defense Witness

      Q.   Defendant's Testimony . . . . . . . . . . . 76

V.    Procedures You Must Follow . . . . . . . . . . . 78

      A.   Duty to Deliberate; Requirement of  . . . . . 78
           Unanimity

      B.   Notes . . . . . . . . . . . . . . . . . . . 79

      C.   Selection of a Foreperson;  . . . . . . . . . 79
           Communications With the Court

      D.   Exhibits and Testimony; Use of the  . . . . . 80
           Indictment

      E.   No Experiments, Research or Investigation . . 81

      F.   The Verdict Form  . . . . . . . . . . . . . 81

      G.   Alternate Jurors  . . . . . . . . . . . . . 82

      H.   Conclusion  . . . . . . . . . . . . . . . . 83