# EXHIBIT 12

U.S. Department of Justice

United States Attorney
District of New Jersey

970 Broad Street, Suite 700　　　　　　973/645-2700
Newark, NJ 07102

August 24, 2006

**VIA FEDERAL EXPRESS**

Barry S. Simon
Williams & Connolly LLP
725 12th St. NW
Washington, D.C. 20005

　　Re:　United States v. Forbes, No. 3:02CR00264

Dear Counsel:

　　In accordance with the Government's continuing obligations under Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Giglio, 405 U.S. 150 (1972), the Government makes the following disclosure. On Thursday, August 17, 2005, Assistant United States Attorney Michael Martinez and Federal Bureau of Investigation Special Agent Timothy Michaud met with Cosmo Corigliano and his counsel, Alan Friedman and Eric Tirschwell. During that meeting, Cosmo Corigliano stated that he does not recall quarterly conference calls with stock analysts before 1997.

　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　CHRISTOPHER J. CHRISTIE
　　　　　　　　　　　　　　　Special Attorney
　　　　　　　　　　　　　　　U.S. Department of Justice

　　　　　　　By:　MICHAEL MARTINEZ
　　　　　　　　　　Special Attorney
　　　　　　　　　　U.S. Department of Justice

# EXHIBIT 13



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

NORMAN GROSS  
*Assistant United States Attorney*

Camden Federal Building & U.S. Courthouse  
P. O. Box 2098, 401 Market Street, 4th Floor  
Camden, New Jersey 08101

856/757-5026  
FAX: 856/968-4917

---

## FACSIMILE COVER SHEET

**TO:** <u>Barry Simon, Esquire</u>

**FAX NO:** <u>202-434-5029</u>

**FROM:** <u>NORMAN GROSS, AUSA</u>

**DATE:** <u>8/24/06</u>

**NUMBER OF PAGES:** <u>3 including cover page</u>

**RE:** <u>United States v. Walter Forbes</u>

**SENT BY:** <u>Michelle L. Martinez, Supv. Legal Assistant</u>

*****************************************************************

This fax transmission is intended only for the use of the addressee and may contain privileged or confidential information that may not be disclosed under applicable law. If you received this transmission in error, please notify this office at telephone number (856) 757-5026 and return the original transmission to us at the above address via United States Mail.

*****************************************************************

Note: If you do not receive the total number of pages indicated or otherwise have trouble with this transmission, please call the sending individual. Thank you.



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

NORMAN GROSS
Assistant United States Attorney

Camden Federal Building and
United States Courthouse
P. O. Box 2098
Camden, New Jersey 08101-2098

PHONE: (856) 968-4930
FAX:   (856) 968-4917

August 24, 2006

**By Fax and United States Mail**
Barry Simon, Esquire
Williams and Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901

    Re: <u>United States v. Walter Forbes</u>
       3:02cr264 (AHN) District of Connecticut

Dear Mr. Simon:

    I write in response to your letter to me of August 21, 2006, in which you ask me "whether Mr. Gerber confirms that Mr. Kearney was, in fact, asked about Stuart Bell and/or Walter Forbes in <u>any</u> of Mr. Kearney's interviews prior to 2003." In my letters to you of August 9 and 15, 2006, I provided you with information regarding Mr. Gerber's recollections of a July 10, 2001 interview of Mr. Kearney. I provided that information to you in accordance with my representation to the Court during the July 27, 2006 hearing in this case that I would inquire of Mr. Gerber about his recollection of that particular interview. <u>See</u> Transcript of 7/27/06 Hearing at 60. I made that representation based on your assertion during the hearing that Mr. Gerber was present during the July 10, 2001 interview but that the Government had not provided the defense with any notes or reports authored by Mr. Gerber regarding that interview. <u>Id.</u> I did not offer to provide you, and Judge Nevas did not direct me to provide you with information about Mr. Gerber's recollections about any other interviews of Mr. Kearney. <u>Id.</u>

    Your letter of August 21 seeks disclosures far beyond those which I informed you that I would make during the July 27 hearing. You refer in your August 21 letter to the Government's continuing obligations under <u>Brady</u> and <u>Giglio</u>. The Government understands that it has such obligations and intends to abide by them. Indeed, the Government has previously supplied the defense with extensive information regarding Mr. Kearney's statements during various interviews at which members of the prosecution team in this case were present. In the Government's view, your August 21 letter calls for information which exceeds the Government's disclosure obligations.

    Nevertheless, as a further demonstration of the Government's good

faith efforts to not only meet but exceed its disclosure obligations in this case, I have spoken to Mr. Gerber about the inquiry in your August 21 letter. Mr. Gerber informed me that he has no present recollection about whether or not Mr. Kearney was asked about Stuart Bell and/or Walter Forbes during any of Mr. Kearney's interviews that Mr. Gerber attended before 2003.

                Very truly yours,

                CHRISTOPHER J. CHRISTIE
                United States Attorney

By:    NORMAN GROSS
        Assistant United States Attorney

# EXHIBIT 14

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

BARRY S. SIMON
(202) 434-5005
bsimon@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

September 18, 2006

**By Facsimile**
Norman Gross, AUSA
U.S. Attorney's Office
    District of New Jersey
401 Market Street
Fourth Floor
Camden, NJ 08101
Fax: (856) 968-4917

Re:    <u>United States v. Forbes</u>, 3:02CR264 (AHN)

Dear Mr. Gross:

I write regarding the Court's direction that you review any governmental memoranda[1], including the memorandum you referenced during argument, to determine if any of the memoranda contain the information to which we believe that we are entitled – that is memoranda that purport to describe what Mr. Kearney had to say regarding either Mr. Bell or Mr. Forbes. We understand that such a review would include identifying for the Court any memorandum – including any Prosecution Memorandum – that may exist which purports to summarize the evidence then known to the government which would support criminal charges being brought against Mr. Bell or Mr. Forbes, <u>but which fails to include any reference to expected testimony from Mr. Kearney concerning meetings with Mr. Bell or statements about Mr. Forbes</u>. Such a memorandum, which would

---

[1] We understand that you agree that the governmental memoranda to be reviewed include those of the Federal Bureau of Investigation and the U.S. Postal Service, which you have identified as subject to your direction in this matter. Moreover, while the Court expressly agreed that you need not ask the SEC for any memoranda, we assume that the request would cover any SEC memoranda that are already in the physical possession of your office. Please advise us promptly if you have a different understanding.

WILLIAMS & CONNOLLY LLP
Norman Gross, AUSA
September 18, 2006
Page 2

be expected to include any evidence Mr. Kearney had already provided the government, is no different than a memorandum that expressly states that Mr. Kearney said he did not meet with Mr. Bell to discuss Top Side Adjustments, or did not have any evidence to provide with respect to Mr. Forbes. Please advise us promptly whether this is your understanding as well, in order that we may bring any differences in our understandings to the Court's attention.

      In addition, we note that, independent of any report to the Court, the government's obligations to the defense under <u>Brady</u> and <u>Giglio</u> are ongoing. Should your review or discussions with former government counsel or agents reveal any documents or other information that tends to establish that Kevin Kearney did <u>not</u> tell the government at earlier points in time about the meetings or conversations that he testified to at trial, that information must be disclosed to the defense under <u>Brady</u>, <u>Giglio</u>, and your ethical obligations as a prosecutor.

                                    Sincerely,

                                    Barry S. Simon

LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

BARRY S. SIMON
(202) 434-5005
bsimon@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

# TELECOPY

| | |
|---|---|
| TO: | Norman Gross, AUSA |
| FIRM OR COMPANY: | United States Attorney's Office |
| TELECOPY NUMBER: | (856) 968-4917 |

| | |
|---|---|
| FROM: | Barry S. Simon |
| TELEPHONE: | (202) 434-5005 |
| DATE: | September 18, 2006 |
| MATTER NUMBER: | 41618.0011 |

NUMBER OF PAGES INCLUDING THIS PAGE: 3

IF THERE ARE ANY PROBLEMS RECEIVING THIS TRANSMISSION, PLEASE CALL (202) 434-5195 <u>IMMEDIATELY</u>. THANK YOU.

*This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service.*

Williams & Connolly LLP Telecopy Number: (202) 434-5029

```
********************
***   TX REPORT   ***
********************


TRANSMISSION OK

TX/RX NO                  1923
CONNECTION TEL                     8569684917
CONNECTION ID
ST. TIME                  09/18 19:14
USAGE T                   00'58
PGS. SENT                     3
RESULT                    OK
```

# EXHIBIT 15

U.S. Department of Justice

United States Attorney
District of New Jersey

970 Broad Street, Suite 700    973/645-2700
Newark, NJ 07102

September 20, 2006

**By Hand**

Honorable Alan H. Nevas
Senior United States District Judge
United States District Court
Brien McMahon Federal Building
915 Lafayette Boulevard
Bridgeport, CT 06604

    Re:    *United States v. Forbes*, No. 3:02CR00264

Dear Judge Nevas:

    I write to address controlling authority regarding Forbes' Third Trial Motion in Limine No. 25.

    In his motion, Forbes seeks leave to introduce as admissions of a party-opponent certain *Giglio* letters prepared by AUSAs summarizing information provided by Government witnesses during interviews. The *Giglio* letters, however, are "'out-of-court statements of a government agent made in the course of the exercise of his authority and within the scope of that authority.'" *United States v. Yildiz*, 355 F.3d 80, 81 (2d Cir. 2004) (per curiam) (quoting *United States v. Santos*, 372 F.2d 177, 180 (2d Cir. 1967)). Thus, the letters "are not admissible in a criminal trial . . . as admissions by the agent of a party opponent," *Yildiz*, 355 F.3d at 82, and "are not admissible against the Government as evidentiary proof of the matter therein stated," *Santos*, 372 F.2d at 181.

    In *Santos*, the Second Circuit affirmed the district court's exclusion "from evidence a sworn affidavit to an officer's complaint by a narcotics agent . . . in which" the agent named someone other "than appellant as one of the three assailants" who assaulted a federal officer. *Santos*, 372 F.2d at 179. Rejecting the defendant's claim that the "sworn affidavit" was "an admission against the Government," *id.*, the Court of Appeals held that "the inconsistent out-of-court statements of a government agent made in the course of the exercise of his authority and within the scope of that authority . . . are not . . . admissible . . . as evidence of [a] fact." *Id.* at 180 (internal quotation marks omitted).

*Santos* explained this "apparent discrimination" against the defendant (who is bound by his agent's out-of-court statements) by noting the "peculiar posture of the parties in a criminal prosecution": "the only party on the government side being the Government itself whose many agents and actors are supposedly uninterested personally in the outcome of the trial and are historically unable to bind the sovereign." *Id.* The Court of Appeals added that the Jencks Act redresses this disparity by requiring "the prosecution [to] turn over to the defense any inconsistent statements of government witnesses relating to the testimony given by those witnesses at trial so that the defense upon cross-examination can interrogate the witnesses about the inconsistent statements." *Id.* at 181.

Although *Santos* predates Rule 801(d)(2)(D), the Second Circuit in *Yildiz* "reaffirm[ed]" the "common law rule articulated in *Santos*." *Yildiz*, 355 F.3d at 81, 82. Distinguishing two cases cited in Forbes' opening brief, the Court of Appeals acknowledged that "the government's attorneys can bind the government with their **in-court** statements, *see United States v. Salerno*, 937 F.2d 797, 810-12 (2d Cir. 1991), *rev'd on other grounds*, 505 U.S. 317 (1992), and filings, *see United States v. GAF Corp.*, 928 F.2d 1253, 1258-62 (2d Cir. 1991)." *Yildiz*, 355 F.3d at 82 (emphasis added). But as the Court of Appeals explained, "[t]here is good reason . . . to distinguish sworn statements submitted to a judicial officer, which the government might be said to have adopted, and those that are not submitted to a court and, consequently, not adopted," such as "statements contained in an arrest warrant and an informant's remarks." *Yildiz*, 355 F.3d at 82 (citations omitted).

For these reasons and those set forth in the Government's opposition brief, Forbes' Third Trial Motion in Limine No. 25 is contrary to settled Second Circuit precedent and should be denied.

                                              Respectfully submitted,

                                              CHRISTOPHER J. CHRISTIE
                                              Special Attorney
                                              U.S. Department of Justice

By:   Mark E. Coyne
        Special Attorney
        U.S. Department of Justice

cc:    Barry S. Simon, Esq.
        Williams & Connolly LLP

# EXHIBIT 16

# Thorpe, Robert

**From:** Simon, Barry
**Sent:** Friday, September 29, 2006 4:11 PM
**To:** BRIDGEPORT TRIAL TEAM
**Subject:** FW: U.S. v. Forbes, No. 3:02cr264 - Government's Review of Prosecution Memoranda

---

**From:** Gross, Norman (USANJ) [mailto:Norman.Gross@usdoj.gov]
**Sent:** Friday, September 29, 2006 4:08 PM
**To:** lucia_brooks@ctd.uscourts.gov; Simon, Barry
**Cc:** Martinez, Michael (USANJ); Carpenito, Craig (USANJ); Coyne, Mark (USANJ)
**Subject:** U.S. v. Forbes, No. 3:02cr264 - Government's Review of Prosecution Memoranda

Ms. Brooks and Counsel:

During oral arguments on various pre-trial motions last week, Judge Nevas granted the Government's request to report back to the Court by today about whether any of the memoranda written by any of the members of the prosecution team in this case contained any information which the Government was obligated to disclose under Brady, Giglio, the Jencks Act, or Fed. R. Crim. P. 16. Although current members of the prosecution team have to date reviewed those memoranda and compared them with the voluminous material previously disclosed to the defense, they have been unable to conclusively determine that one or two items in those memoranda were previously disclosed. In the view of the current members of the prosecution team, none of those items is material, and the Government could presently represent that it has no obligation to disclose those items now regardless of whether they were previously disclosed. Nevertheless, in order to determine whether or not those items were previously disclosed, the current members of the prosecution team had to discuss those items with former members of the prosecution team who supervised most of the pre-trial disclosures in this case. To date, we have been unable to speak to one of the former prosecution team members about the remaining items at issue.

We therefore respectfully request that we be permitted to delay until Wednesday of next week, October 3, our formal written response to the Court's inquiry. We do not anticipate that we will determine that any additional disclosures will have to be made as a result of our further review. We are also confident that if any additional disclosures will be made as a result of our review, they will be sufficiently few and non-controversial that they will not delay the start of the trial.

Respectfully submitted,

AUSA Norman Gross

10/1/2006