# EXHIBIT 17

**Thorpe, Robert**

| | |
|---|---|
| **From:** | Simon, Barry |
| **Sent:** | Friday, September 29, 2006 4:19 PM |
| **To:** | BRIDGEPORT TRIAL TEAM |
| **Subject:** | FW: U.S. v. Forbes, No. 3:02cr264 - Government's Review of Prosecution Memoranda |

**From:** Simon, Barry
**Sent:** Friday, September 29, 2006 4:19 PM
**To:** 'Lucia_Brooks@ctd.uscourts.gov'; Gross, Norman (USANJ)
**Cc:** Carpenito, Craig (USANJ); Coyne, Mark (USANJ); Martinez, Michael (USANJ); Cary, Rob
**Subject:** RE: U.S. v. Forbes, No. 3:02cr264 - Government's Review of Prosecution Memoranda

The defense does not object to the government's request.

> **From:** Lucia_Brooks@ctd.uscourts.gov [mailto:Lucia_Brooks@ctd.uscourts.gov]
> **Sent:** Friday, September 29, 2006 4:14 PM
> **To:** Gross, Norman (USANJ)
> **Cc:** Simon, Barry; Carpenito, Craig (USANJ); Coyne, Mark (USANJ); Martinez, Michael (USANJ)
> **Subject:** Re: U.S. v. Forbes, No. 3:02cr264 - Government's Review of Prosecution Memoranda
>
> Judge Nevas is out of chambers today and will be out on Monday as well. I am sure he would not object to your request to delay until Tuesday, October 3, your formal written response to his inquiry. If the defendant has an objection, please let me know and I will attempt to contact the Judge by telephone.

| | | |
|---|---|---|
| **"Gross, Norman \(USANJ\)"** **<Norman.Gross@usdoj.gov>** | To | <lucia_brooks@ctd.uscourts.gov>, "Simon, Barry" <BSimon@wc.com> |
| 09/29/2006 04:07 PM | cc | "Martinez, Michael \(USANJ\)" <Michael.Martinez2@usdoj.gov>, "Carpenito, Craig \(USANJ\)" <Craig.Carpenito@usdoj.gov>, "Coyne, Mark \(USANJ\)" <Mark.Coyne@usdoj.gov> |
| | Subject | U.S. v. Forbes, No. 3:02cr264 - Government's Review of Prosecution Memoranda |

Ms. Brooks and Counsel:

During oral arguments on various pre-trial motions last week, Judge Nevas granted the Government's request to report back to the Court by today about whether any of the memoranda written by any of the members of the prosecution team in this case contained any information which the Government was obligated to disclose under Brady, Giglio, the Jencks Act, or Fed. R. Crim. P. 16. Although current members of the prosecution team have to date reviewed those memoranda and compared them with the voluminous material previously disclosed to the defense, they have been unable to conclusively determine

10/1/2006

that one or two items in those memoranda were previously disclosed.  In the view of the current members of the prosecution team, none of those items is material, and the Government could presently represent that it has no obligation to disclose those items now regardless of whether they were previously disclosed.  Nevertheless, in order to determine whether or not those items were previously disclosed, the current members of the prosecution team had to discuss those items with former members of the prosecution team who supervised most of the pre-trial disclosures in this case.  To date, we have been unable to speak to one of the former prosecution team members about the remaining items at issue.

We therefore respectfully request that we be permitted to delay until Wednesday of next week, October 3, our formal written response to the Court's inquiry.  We do not anticipate that we will determine that any additional disclosures will have to be made as a result of our further review.  We are also confident that if any additional disclosures will be made as a result of our review, they will be sufficiently few and non-controversial that they will not delay the start of the trial.

Respectfully submitted,

AUSA Norman Gross

10/1/2006

# EXHIBIT 18



**U.S. Department of Justice**

**United States Attorney**
**District of New Jersey**

---

NORMAN GROSS
Assistant United States Attorney

Camden Federal Building and
United States Courthouse
P. O. Box 2098
Camden, New Jersey 08101-2098

PHONE: (856) 968-4930
FAX:     (856) 968-4917

October 3, 2006

**BY HAND**
Honorable Alan W. Nevas
United States District Court
 for the District of Connecticut
Room 240
915 Lafayette Boulevard
Bridgeport, CT 06604

          Re: **United States v. Walter Forbes**
              **3:02cr264 (AHN)**

Dear Judge Nevas:

     As the Court directed, September 12, 2006 Transcript at pp. 157-
58, we have reviewed the memoranda prepared by members of the
prosecution team in this case.  After consulting with all of the
Assistant United States Attorneys who participated in the first two
trials, we have identified four documents which are either memoranda
or other compilations of the prosecutors' assessments of this case.

     We have reviewed each of those documents.  We have also
consulted with the authors of those documents to ensure that all of
the information in those documents which could be construed as subject
to the Government's disclosure obligations under <u>Brady</u>, <u>Giglio</u>, the
Jencks Act, or Fed. R. Crim. P. 16 has been previously disclosed to
the defense.  Each of those persons has informed us that all such
information has been previously disclosed to the defense.

     Our own review of those documents confirms that, to the extent
that any of the information in any of those documents could be
construed to exculpate defendant Forbes, that information has been
previously disclosed to the defense team.  Likewise, to the extent
that any of the information could be used to impeach any of the
prosecution testimony presented in this case to date, that information
too has been previously disclosed to the defense.

     Because each of those four documents is rife with the authors'
expressions of their evaluations of certain aspects of this case and
their other thoughts about the case, and each of those authors was a
prosecutor who is or was a member of the prosecution team in this
case, the documents themselves are core work product, and not subject

to disclosure to the defense.  Fed. R. Crim. P. 16(a)(1)(F)(2) ("Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government . . . "); United States v. Koskerides, 877 F.2d 1129, 1134 (2d Cir. 1989)("Rule 16 clearly recognizes 'the prosecution's need for protecting communications concerning legitimate trial tactics'"), quoting United States v. Pfingst, 490 F.2d 262, 275 n. 14 (2d Cir. 1973); see United States v. Milikowsky, 896 F. Supp. 1285, 1307-09 (D. Conn. 1994) (declining to provide defendants with review of Government's "work product," based on prior version of Rule 16); United States v. Gangi, 1 F. Supp. 2d 256, 263 (S.D.N.Y. 1998) (Government's attorney work product, setting forth the Government's legal theories, mental impressions, and thought processes "is protected by the work-product doctrine, which prohibits unwarranted inquiries into the files and the mental impressions of an attorney")(internal punctuation omitted).

We have therefore concluded that no further disclosure is required to defense based on my review of those documents.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
United States Attorney

By:  MICHAEL MARTINEZ
Assistant United States Attorney

NORMAN GROSS
Assistant United States Attorney

cc: Barry Simon, Esq., by fax and first-class mail

2

# EXHIBIT 19

## Thorpe, Robert

**From:** Simon, Barry
**Sent:** Saturday, October 14, 2006 3:03 PM
**To:** BRIDGEPORT TRIAL TEAM
**Subject:** FW: U.S. v. Walter Forbes, 3:02cr264

---

**From:** Simon, Barry
**Sent:** Sat 10/14/2006 3:02 PM
**To:** Gross, Norman (USANJ)
**Cc:** Martinez, Michael (USANJ); Carpenito, Craig (USANJ); Coyne, Mark (USANJ)
**Subject:** RE: U.S. v. Walter Forbes, 3:02cr264

Gentlemen:

We renew our requests for all Brady, Giglio, and Jencks material with respect to Henry Silverman, including but not limited to all information concerning any communications (whether oral or written) by Mr. Silverman and/or his counsel or other representatives, or by Cendant and/or its counsel or other representatives, with the government (including the USAO, the SEC, and the DOJ) regarding the investigation or prosecution of this matter, including communications concerning the question of whether Mr. Forbes should be indicted, sued by the SEC, retried, and/or tried for a third time.

As you are aware, the government's constitutional obligations under Brady and Giglio require production of this material in time for its effective use at trial.

Thank you for your prompt attention to this matter.

Sincerely,
Barry Simon

# EXHIBIT 20



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

October 16, 2006

*VIA ELECTRONIC MAIL*

Margaret Keeley, Esq.
Williams & Connolly
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901
mkeeley@wc.com

Re: *United States v. Walter A. Forbes, No. 3:02CR264 (AHN) (D.Conn.)*

Dear Ms. Keeley:

I write with regard to the four subpoenas issued on behalf of defendant Forbes in the above-captioned criminal case to three SEC staff members (Matthew Greiner, Susan Markel, and Roger Paszamant) and the custodian of records at the SEC. As you know, I represent the SEC, its records custodian, and the three staff members in connection with this case. Although these subpoenas were issued on Friday, October 6, 2006, you did not notify me of their existence until you sent them to me via electronic mail late in the afternoon on Monday, October 9, 2006 – a federal holiday. They were not served until Wednesday, October 12, 2006. These defense subpoenas are returnable on Monday, October 16, 2006 - apparently during the government's case in chief.

You left a voicemail message for me on Tuesday, October 10, 2006 stating that these are subpoenas *duces tecum*. Based upon your representation, it is my understanding that none of my clients need to appear in court on Monday, October 16, 2006.

The subpoena to the SEC records custodian seeks "all notes taken during the July 10, 2001 interview of Mr. Kevin Kearney, including but not limited to any notes of Ms. Susan Markel and Mr. Roger Paszamant," and "all memoranda which describe what Mr. Kevin Kearney told the SEC at any time concerning: (1) his interactions with Stu Bell, (2) his knowledge (or lack of knowledge) concerning Walter Forbes, or (3) his knowledge of the involvement of those more senior to Cosmo Corigliano, and which does not identify Walter Forbes as someone as to whom Mr. Kearney has knowledge." The only document we have located that is responsive to this subpoena is one set of handwritten notes taken by Matthew Greiner of the July 10, 2001 Kearney interview. You have those notes. Indeed, you called Mr. Greiner to testify about them out of the presence of the jury during the second Forbes trial. The notes are attached as

Margaret Keeley, Esq.
October 16, 2006
Page Two

Exhibit 23 to your third trial motion in limine no. 6 (docket number 2274). They are bate-stamped MGR0168 through MGR0194.

The subpoena to Mr. Greiner seeks "all memoranda authored by you which describe what Mr. Kevin Kearney told the SEC at any time concerning: (1) his interactions with Stu Bell, (2) his knowledge (or lack of knowledge) concerning Walter Forbes, or (3) his knowledge of the involvement of those more senior to Cosmo Corigliano, and which does not identify Walter Forbes as someone as to whom Mr. Kearney has knowledge." We have located no responsive documents.

The subpoenas to Ms. Markel and Mr. Paszamant seek "all notes taken during the July 10, 2001 interview of Mr. Kevin Kearney" and "all memoranda authored by you which describe what Mr. Kevin Kearney told the SEC at any time concerning: (1) his interactions with Stu Bell, (2) his knowledge (or lack of knowledge) concerning Walter Forbes, or (3) his knowledge of the involvement of those more senior to Cosmo Corigliano, and which does not identify Walter Forbes as someone as to whom Mr. Kearney has knowledge." With the exception of Mr. Greiner's notes referenced above, we have located no other responsive documents.

Sincerely,

*Kathleen Cody*

Kathleen Cody, Esq.
SEC
100 F Street, N.E.
Washington, D.C. 20549-9612
Tel: (202) 551-5126
Fax: (202) 772-9263

cc: AUSA Michael Martinez
    AUSA Craig Carpenito

# EXHIBIT 21

**Keeley, Meg**

**From:**      Sullivan, Brendan
**Sent:**       Saturday, October 21, 2006 10:32 AM
**To:**          BRIDGEPORT TRIAL TEAM
**Subject:**   FW: Proposed Testimony Addressing Bias

---

**From:** Sullivan, Brendan
**Sent:** Sat 10/21/2006 10:31 AM
**To:** lucia_brooks@ctd.uscourt.gov
**Cc:** Michael_Martinez2@usdoj.gov; craig_carpenito@usdoj.gov
**Subject:** Proposed Testimony Addressing Bias

Attorney Brooks and Counsel:

We want to raise a serious issue regarding the proposed testimony addressing Mr. Silverman's bias.

On October 17, 2006, I spoke with Mr. Kaufman and advised him that the defense was going to put on evidence concerning Mr. Silverman's bias against Walter Forbes. I told Mr. Kaufman that I wanted to address the issue of whether he had had one or more conversations with Mr. Silverman at which two issues were discussed. First, had Mr. Silverman sought to get Kirk Shelton to plead guilty and testify against Mr. Forbes? Second, were any inducements offered by Mr. Silverman such as (a) any offer that Mr. Silverman or Cendant would recommend to the government a lighter sentence in the event of a plea or (b) any suggestions that Mr. Silverman or Cendant would not seek damages in litigation against Mr. Shelton and his family?

At that time, Mr. Kaufman responded in part that yes, he had at least one and perhaps more (he did not remember the number but was going to think about the issue further) conversations with Mr. Silverman about this subject and that "as to the latter point [civil litigation], my memory is strong as to no suing." He also responded, in part, that "certainly" Walter Forbes was Mr. Silverman's "target," and that "H [Henry] was willing to help Kirk," and "clearly WF [Walter Forbes was the] villian to HS [Henry Silverman]."

On October 20, 2006, I spoke again with Mr. Kaufman. At this time, Mr. Kaufman said that in terms of whether Henry Silverman would be "helpful to him [Kirk]": "If helpful in terms of Walter Forbes" it would be "a factor in civil settlement with him [Kirk]."

Based upon our factual inquiry with other witnesses, we believe that Mr. Kaufman's October 17 statement is accurate.

In view of the significant difference between the two statements, we feel uncomfortable speaking with Mr. Kaufman further about this matter.

We propose the following. We will ask Mr. Kaufman to be present Monday morning at 10:30. We suggest that at that time, the government and the defense conduct a joint interview of Mr. Kaufman. We would not object if the government wanted to have an agent present during the joint interview.

We believe that this approach would be consistent with the Court's expressed concerns about the manner in which bias evidence is presented to the jury, and is consistent with defense counsel's careful approach to this issue as reflected in bench conferences.

Respectfully,

Brendan V. Sullivan, Jr.

# EXHIBIT 22

**Keeley, Meg**

| | |
|---|---|
| **From:** | Coyne, Mark (USANJ) [Mark.Coyne@usdoj.gov] |
| **Sent:** | Monday, October 23, 2006 8:07 PM |
| **To:** | Lucia_Brooks@ctd.uscourts.gov |
| **Cc:** | Gross, Norman (USANJ); Martinez, Michael (USANJ); Carpenito, Craig (USANJ); Simon, Barry; Cary, Rob; Ziegler, Marcie; Keeley, Meg; Romero, Tobin |
| **Subject:** | US v. Forbes |

Dear Attorney Brooks and Counsel:

The Government understands that Scott Forbes' home and business addresses in London are:

1. Home:  44 Cranley Gardens
   London, England SW73DE
2. Business:
   1. Wyndham Worldwide
      Landmark House
      Hammersmith Bridge Road
      London, England W69EJ

      (the Government understands that this is the headquarters of what used to be known as Cendant Europe and that Scott Forbes, though no longer employed there, still has an office there); and
   2. Rightmove PLC
      157 Piccadilly
      London, England W1

      (the Government understands that Scott Forbes is the non-executive chairman of the board of Rightmove, that he visits Rightmove's headquarters periodically, but that he does not maintain an office there)

Finally, the Government understands that Scott Forbes is presently scheduled to leave at 7:30 a.m. London time, Wednesday, October 25th, for a pre-arranged family vacation in France.

Respectfully submitted,

Mark E. Coyne
Special Attorney
U.S. Department of Justice

# EXHIBIT 23

**Simon, Barry**

| | |
|---|---|
| **From:** | Brian_lamacchia@ctd.uscourts.gov |
| **Sent:** | Wednesday, October 25, 2006 5:29 PM |
| **To:** | Simon, Barry; Cary, Rob |
| **Cc:** | michael.martinez2@usdoj.gov; norman.gross@usdoj.gov |
| **Subject:** | US v. Forbes, 02cr264 |

Gentlemen:

If the defense raises Stuart Bell's absence as a witness at this trial during closing argument, then the court will give the jury Instruction 6-7, entitled "Uncalled Witness Equally Available," from Sand, et al., Modern Federal Jury Instructions--Criminal.

Regards,

Brian La Macchia

_____

Brian M. La Macchia
Law Clerk to the Honorable Alan H. Nevas United States District Court for the District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604
(203) 579-5601

1

# EXHIBIT 24

**Simon, Barry**

| | |
|---|---|
| **From:** | Brian_lamacchia@ctd.uscourts.gov |
| **Sent:** | Wednesday, October 25, 2006 7:17 PM |
| **To:** | Simon, Barry; michael.martinez2@usdoj.gov; norman.gross@usdoj.gov; Cary, Rob |
| **Subject:** | Emailing: US v. Forbes Jury Charge (AHN).wpd |

**Attachments:**     US v. Forbes Jury Charge (AHN).wpd



US v. Forbes Jury
Charge (AHN)...

Gentlemen:

Attached please find the jury charge, which includes the agreed upon/granted changes
discussed at the charge conference and an instruction entitled "Uncalled Witness Equally
Available," from Sand, et al., Modern Federal Jury Instructions--Criminal, Instruction
6-7.

Additionally, the court found another definition of "intent to defraud"
that used the word "cheat."  Based on the request made by counsel for the defense at the
charge conference and agreed to by the government, the court changed the word "cheat" to
"defraud" in this definition as well (see  pp.
24 and 50 of the attached instruction).

Regards,

Brian La Macchia

_____

Brian M. La Macchia
Law Clerk to the Honorable Alan H. Nevas United States District Court for the District of
Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604
(203) 579-5601


(See attached file: US v. Forbes Jury Charge (AHN).wpd)

# EXHIBIT 25

**Simon, Barry**

| | |
|---|---|
| **From:** | Simon, Barry |
| **Sent:** | Wednesday, October 25, 2006 8:39 PM |
| **To:** | 'Brian_lamacchia@ctd.uscourts.gov'; michael.martinez2@usdoj.gov; norman.gross@usdoj.gov; Cary, Rob |
| **Subject:** | RE: Emailing: US v. Forbes Jury Charge (AHN).wpd |

Gentlemen:

We understand that the "uncalled witness" charge from Sand will only be given if the defense makes an argument that refers in any way to the fact that there has been no testimony from Mr. Bell. Because we believe that that instruction is factually incorrect, legally erroneous, and objectionable with respect to Mr. Bell for the reasons previously articulated, we will not be making the argument concerning Mr. Bell that was discussed during the charge conference today. We understand that the instruction will not be given if, over objection, we refrain from making that argument.

Respectfully submitted,
Barry Simon

-----Original Message-----
From: Brian_lamacchia@ctd.uscourts.gov [mailto:Brian_lamacchia@ctd.uscourts.gov]
Sent: Wednesday, October 25, 2006 7:17 PM
To: Simon, Barry; michael.martinez2@usdoj.gov; norman.gross@usdoj.gov; Cary, Rob
Subject: Emailing: US v. Forbes Jury Charge (AHN).wpd

Gentlemen:

Attached please find the jury charge, which includes the agreed upon/granted changes discussed at the charge conference and an instruction entitled "Uncalled Witness Equally Available," from Sand, et al., Modern Federal Jury Instructions--Criminal, Instruction 6-7.

Additionally, the court found another definition of "intent to defraud" that used the word "cheat."  Based on the request made by counsel for the defense at the charge conference and agreed to by the government, the court changed the word "cheat" to "defraud" in this definition as well (see  pp. 24 and 50 of the attached instruction).

Regards,

Brian La Macchia
_____
Brian M. La Macchia
Law Clerk to the Honorable Alan H. Nevas United States District Court for the District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604
(203) 579-5601


(See attached file: US v. Forbes Jury Charge (AHN).wpd)