# EXHIBIT 1

You heard references during the government's opening statement to billions of dollars of shareholder losses and the assertion that Mr. Forbes directed a $14 billion fraud.

You are instructed that evidence concerning shareholder losses may be considered by you only with respect to the question of whether any allegedly false statement was material. I will provide you with specific instructions concerning the element of materiality in my final instructions. But I want you to understand that you may not consider this evidence for any other purpose other than with respect to the question of whether any allegedly false statement was material.

In particular, you may not consider any evidence of shareholder losses at all with respect to the question of whether Mr. Forbes was a knowing and willful participant in the alleged conspiracy, or whether Mr. Forbes knowingly and willfully engaged in any wrongdoing.

# EXHIBIT 2

Instruction No. 4 (As Revised by Defense, 10/10/06)

## **LIMITING INSTRUCTION NO. 1 RE TESTIMONY OF JAMES ROWAN**

This witness' testimony about what he relied upon in determining whether to invest in companies, including his understanding of how merger reserves should operate, is being admitted only to explain his decision to purchase Cendant stock on behalf of Hartford Steam boiler Inspection and Insurance Company in January and February 1998, and it is relevant only to the issue of whether any allegedly false statement was material. This testimony has not been admitted as evidence of how merger reserves should be used or how their use should be documented.

Similarly, his testimony about what he learned after April 15, 1998, and any conclusions that he came to based on that information, is relevant only to the issue of materiality.

This testimony is not relevant to the question of whether Walter Forbes was a knowing and willful participant in any alleged conspiracy to inflate the publicly reported earnings of CUC or Cendant.

# EXHIBIT 3

Instruction No. \_\_\_\_

**<u>Limiting Instruction re Membership Numbers and Membership Renewal Rates</u>**

You have just heard testimony concerning CUC or Cendant's Membership Numbers and its Membership Renewal Rates. There is no evidence at all that the membership numbers reported by CUC or Cendant were false or inflated in any respect. And there is no evidence at all that the membership renewal rates reported by CUC or Cendant were false or inflated in any respect. And I instruct you that there is no issue in the case with respect to those matters.

# EXHIBIT 4

PROPOSED LIMITING INSTRUCTION RE TESTIMONY OF BRIAN HECKLER

I instruct you that the testimony of Brian Heckler that you are about to hear may be considered only with respect to the question of whether certain accounting activities that are alleged to have occurred at CUC and Cendant during the fiscal years ending 1/31/96, 1/31/97 and 12/31/97 were in accordance with Generally Accepted Accounting Principles, and with respect to the question of whether any allegedly false statement made during that same time period was material. You may not consider it for any other purpose. In particular, you may not consider this testimony at all with respect to the question of whether Mr. Forbes was a knowing and willful participant in the alleged conspiracy, or whether Mr. Forbes knowingly and willfully engaged in any wrongdoing.

*Heckler —*

*Proposed instruction rejected by Judge Thompson*