# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> WALTER A. FORBES ) <br> ) | No. 3:02CR264 (AHN) |

## DECLARATION OF ROBERT M. CARY, ESQUIRE

1. My name is Robert M. Cary. I am an attorney licensed to practice by the District of Columbia, the State of Maryland and the Commonwealth of Virginia. I am also admitted to practice before a number of federal courts, including the United States District Court for the District of Columbia.

2. I am a partner in the law firm of Williams & Connolly, LLP. I represent Mr. Forbes in this action.

3. In order to select the jury in this case, the Court sent questionnaires (in two batches) to a pool of 650 potential jurors.

4. In-court jury selection was scheduled for October 4 – 6, 2006. The vast majority of the completed questionnaires were provided by the jury clerk to the parties at least several days in advance of October 4, 2006.

5. The parties conferred and divided these questionnaires into the following categories: (1) Potential Jurors Whom the Parties Agreed Should Be Recalled; (2) Potential Jurors Whom the Parties Agreed Should Not Be Recalled; (3) Potential Jurors Whom the United States Submitted Should Be Recalled, But the Defense Submitted Should Be Excused; and (4)

Potential Jurors Whom Walter Forbes Submitted Should Be Recalled, But the United States Submitted Should Be Excused. (The parties also provided a list of those potential jurors whom the parties understood the Court had previously excused.)

6. The parties engaged in this process for two groups of potential jurors. When copies of each of these two groups of jury questionnaires were available from the jury clerk, defense counsel picked up the copies from the jury clerk, copied them as quickly as possible and then forward the original copy set to the government. The parties jointly submitted their positions with respect to the first group of potential jurors via e-mail on September 19, 2006. A copy of that joint e-mail submission is attached hereto as Exhibit A. The parties jointly submitted their positions with respect to the second group of potential jurors via e-mail on September 26, 2006. A copy of that joint e-mail submission is attached hereto as Exhibit B.

7. On October 2, 2006, the defense submitted proposed *voir dire* questions to be asked of the entire panel of potential jurors and also of the individual jurors for whom the parties had received questionnaires. A copy of that submission is attached hereto as Exhibit C.

8. A third group of 15 questionnaires was not available until October 3, 2006, the day before in-court jury selection was scheduled to begin. I arranged to have these questionnaires picked up on the afternoon of October 3, 2006. I telephoned government counsel and offered to have copies hand-delivered to government counsel that evening. Government counsel requested that I have the copies made and bring the copies to court the next day, October 4, 2006.

9. Upon arriving at the courthouse on October 4, 2006, I delivered the copies to government counsel. When government counsel notified us that they had reviewed the questionnaires, I met with government counsel. The purpose of the meeting was to prepare a

joint submission to the Court regarding our positions with respect to the third group of potential jurors.

      10.    The notes that I used for this meeting are attached hereto as Exhibit D. The handwriting on Exhibit D is mine and was made during the morning of October 4, 2006, in preparation for and during my meeting with the government. The first list on the top half of the page beginning with the name "Cameron-Sheffield" and ending with the name "Wright" consists of the potential jurors whom the defense submitted should be excused for cause. The second list of potential jurors on the second half of the page beginning with the name "Birdsell" and ending with the name "McCarthy" consists of the potential jurors whom the defense submitted should remain for *voir dire*. The notation "Agree" in the left hand margin indicates that the government and the defense agreed on how the Court should deal with the potential juror. Thus, if the potential juror was on the list of potential jurors whom the defense submitted should be excused for cause and the notation "Agree" appears in the margin, the parties agreed that that potential juror should be excused for cause. Similarly, if the potential juror was on the list of potential jurors whom the defense submitted should remain for *voir dire* and the notation "Agree" appears in the margin, the parties agreed that the potential juror should remain for *voir dire*. If the potential juror was on the list of potential jurors whom the defense submitted should be excused for cause and the notation "Agree" does not appear, the defense submitted that the potential juror should be excused for cause and the government submitted that the potential juror should remain for *voir dire*. Conversely, if the potential juror was on the list of potential jurors whom the defense submitted should remain and the notation "Agree" does not appear, the defense submitted that the potential juror should remain for *voir dire* and the government submitted that the potential juror should be excused for cause. In most cases, I made further notations where

there was disagreement. For example, with respect to Potential Juror I[s]brandt[sen] (No. 514) and Potential Juror Mouning (No. 564), I wrote "D out, G in", meaning that the defense submitted that the potential juror should be excused for cause and the government submitted that the potential juror should remain for *voir dire*. With respect to potential jurors Birdsell (No. 324), Boros (No. 419) and Taylor (No. 341), I wrote "D in, G out", meaning that the defense submitted that the potential juror should remain for *voir dire*, and the government submitted that the potential juror should be excused for cause.

11.  While the entire panel of potential jurors waited next door, government counsel and defense counsel prepared and jointly submitted a handwritten sheet of paper indicating our positions. This handwritten list was provided to Attorney Brian Lamacchia, one of the Court's Law Clerks. The list expressed the following positions of the parties on the following potential jurors.

> Jurors the Parties Agreed Should Remain for *Voir Dire*
> Sugden (No. 620)
> McCarthy (No. 207)
>
> Jurors the Parties Agreed Should Be Excused for Cause
> Cameron-Sheffield (No. 050)
> Curry (No. 454)
> Matthews (No. 545)
> Morris (No. 563)
> Pereira (No. 574)
> Rooney (No. 210)
> Wright (No. 648)
>
> Jurors the Defense Believed Should Be Excused for Cause, but the Government Believed Should Remain for *Voir Dire*
> Cook (No. 330)
> Isbrandtsen (No. 514)
> Mouning (No. 564)

Jurors the Defense Believed Should Remain for *Voir Dire*, but the Government Believed Should Be Excused for Cause
Birdsell (No. 324)
Boros (No. 419)
Taylor (No. 341)

12.   Counsel did not make a copy of the list that was submitted to the Court expressing these positions. On November 6, 2006, I sent an e-mail to chambers asking whether the Court maintained a copy of the handwritten list. I was advised that the Court did not have a copy of the handwritten list. A copy of my e-mail inquiry and the e-mail reply of chambers is attached hereto as Exhibit E.

13.   There were a few additional questionnaires that were not filled out until October 4, 2006, and were not provided to counsel until the entire panel was present and the Court had taken the bench. The parties did not have an opportunity to meet and confer regarding those questionnaires, and the parties' positions with respect to those few additional questionnaires were stated in Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 29, 2006.

_____
Robert M. Cary