UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:02CR00264 (AHN) |
| | : | |
| v. | : | JANUARY 12, 2007 |
| | : | |
| **WALTER A. FORBES** | : | |

### MOTION BY UNITED STATES TO PROVIDE NOTICE TO VICTIMS BY PUBLICATION

The United States of America, through undersigned counsel, seeks an order from the Court authorizing the Government to provide notice by publication to the large number of potential victims in the instant case.

The Justice for All Act of 2004 ("the Act"), codified at 18 U.S.C. § 3771, was signed into law on October 30, 2004. The Act provides certain rights to victims in federal criminal proceedings. Among these rights are the right to "reasonable, accurate, and timely notice" of public court proceedings, including sentencings. 18 U.S.C. § 3771(a). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . ." 18 U.S.C. § 3771(e). Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures that will not unduly interfere with the criminal proceedings. Thus, the Act provides:

> [i]n a case where the court finds that the number of
> crime victims makes it impracticable to accord all of
> the crime victims the rights described in subsection

>     (a), the court shall fashion a reasonable procedure to
>     give effect to this chapter that does not unduly
>     complicate or prolong the proceedings.

18 U.S.C. §3771(d)(2); see <u>In re W.R. Huff Asset Mgmnt. Co.</u>, 409 F.3d 555, 562 (2d Cir. 2005) (emphasizing that "[t]he district court is far better positioned . . . to determine what constitutes "a reasonable procedure" for effecting these rights, 18 U.S.C. § 3771(d)(2), than a court of appeals").

The United States submits that this case falls within the "multiple crime victims" provision. The "direct and proximate" victims of the charged securities fraud scheme are investors who purchased the stock of CUC International, Inc. and of the Cendant Corporation during the conspiracy period, which occurred from as early as the late 1980's to in or about April, 1998. The United States believes that there are many thousands of individual investors who purchased CUC International and Cendant stock during that time period. Thus, it will not be practical for the Government to identify and locate all investors and provide them with reasonable, accurate, and timely notice by mail in advance of defendant Walter Forbes's sentencing on January 17, 2007.

Rather than seek a complete waiver of the notice provision of the Act with respect to Forbes' upcoming sentencing, however, the United States proposes that the Court authorize notice by publication. This procedure is similar to what the United States requested, and Judge Alvin W. Thompson approved, with regards to the sentencing of Forbes's co-defendant, E. Kirk Shelton, for his

sentencing in the first trial. See Attachment A. Indeed, similar procedures have been used by the Government, and approved by the Courts, in the prosecutions of Bernard Ebbers and other defendants charged with defrauding investors in large, publicly-held corporations.[1] In fact, the procedure proposed by the Government exceeds the procedures adopted by the Court in the prosecution of Jeffrey Skilling and Kenneth Lay in the Southern District of Texas. See Attachment B.

---

[1] The Order granting permission to provide notice by publication can be found in the Ebbers matter at S.D.N.Y. Crim. No. 02-1144, docket entry 294. Moreover, in connection with the Rigas prosecution, S.D.N.Y. Crim. No. 02-1236, the District Court deemed the following to be sufficient notice to potential victims of a proposed settlement agreement between the Government and the Rigases regarding restitution: (1) providing "the bankruptcy court presiding over the bankruptcy action brought by Adelphia against the Rigases with copies of the proposed Settlement Agreement and other agreements and served the parties listed in the bankruptcy proceedings with notice of the settlement"; (2) contacting "the company and the equity committee involved in the Adelphia bankruptcy proceedings and ask[ing] them to provide information about the proposed agreements to any potential victims"; (3) submitting "the agreements to the district court hearing the civil action brought by the SEC against various members of the Rigas family"; (4) holding "a press conference during which it disseminated information about the agreements on national television and issued a press release to media outlets throughout the United States"; and (5) posting "on its designated website copies of the proposed settlement and other agreements, along with contact information for the victim witness coordinator at the United States Attorney's Office in the Southern District of New York." In re W.R. Huff, 409 F.3d at 559, 564 (finding that "the district court did not abuse its discretion in determining that, given the time delays and the difficulty of identifying victims and calculating losses, the Government gave reasonable notice to crime victims in the extensive alternative notice procedures it employed").

Additionally, the Government has already provided notice of the date of Forbes' sentencing hearing to private counsel for the class of investors that brought civil actions for damages in the United States District Court for the District of New Jersey and elsewhere for damages against Cendant and other defendants.  The Government has also made information about Forbes' sentencing hearing available to the public on the website for the United States Attorney's Office for the District of New Jersey at http://www.usdoj.gov/usao/nj/press/files/pdffiles/forb1031rel.pdf since October 31, 2006.  Moreover, Forbes's trial and conviction received widespread media coverage.

In this case, the number of crime victims is large and, as noted above, it is impracticable to provide reasonable, accurate, timely, and individualized notice to all of them regarding Forbes's upcoming sentencing.  Notice by publication is a reasonable procedure that will give effect to the Act and will not unduly complicate or prolong the proceedings.  Accordingly, the United States intends to submit a notice in the legal notices section of The New York Times to read:

> **Advisory: Victims' Right to Be Heard in Sentencing of Cendant Defendant Walter A. Forbes**
>
> Forbes, the former Chairman of Cendant and former President and Chief Executive Officer of CUC International will be sentenced before U.S. District Judge Alan H. Nevas.  Pursuant to the "Justice for All Act of 2004" (18 U.S.C. Sec. 3771), any victim of a criminal defendant's fraudulent acts is entitled to notice of any public proceedings.

4

>    Victims are also entitled to be reasonably heard in any public proceeding, including a sentencing hearing.  If you believe that you or your organization was a victim of the fraud that was announced on April 15, 1998, you have the right to be heard at defendant Forbes' sentencing either by letter, email or in person by appearing at 10:00 a.m. on Wednesday, January 17, 2006 at the Federal Courthouse at 915 Lafayette Boulevard in Bridgeport, CT.  Please contact U.S. Postal Inspector Patricia Mathews at <u>pmathews@uspis.gov</u> or Victim Witness Program Manager Shirley Estreicher at <u>Shirley.Estreicher@usdoj.gov</u> for further information.
>
>    In October 2006, a federal jury convicted Forbes of conspiracy and making false statements to the Securities and Exchange Commission in connection with the fraudulent manipulation of the earnings of CUC, later known as the Cendant Corporation.

The United States intends to place this notice in the Sunday edition of the <u>Times</u> on January 14, 2007.  The deadline for publication in the <u>Times</u> is the close of business today.  The United States will contact the <u>Times</u> immediately upon receiving the Court's order authorizing this procedure.  As the Act limits assertion of the rights enumerated in the Act to the crime victims, their counsel, and government counsel, defendant Forbes' position on this notice is not required for the Court to make a determination of whether this procedure is reasonable.  <u>See</u> 18 U.S.C. § 3771 (d)(1); <u>In re W.R. Huff</u>, 409 F.3d at 561 ("[p]ursuant to the mechanism set forth in the CVRA, the crime victim, the crime victim's lawful representative, and the Government "may assert the rights described in" § 3771(a).").  As part of defendant Forbes' sentence, the Court may require him to bear the cost of a notice to victims.  <u>See</u> 18 U.S.C. § 3555.

WHEREFORE, the United States respectfully requests that the Court: (a) authorize the Government to publish the above-described notice to serve as an additional notice of defendant Forbes' upcoming sentencing, to the large number of victims in the above-captioned case; and (b) that the Court determine that this, along with the other means of notification described herein, is a reasonable procedure to satisfy the Government's obligations under 18 U.S.C. § 3771.  A proposed order is attached.

        Respectfully submitted,

        CHRISTOPHER J. CHRISTIE
        Special Attorney
        U.S. Department of Justice

        /s/ Craig Carpenito

By:  MICHAEL MARTINEZ
     Federal Bar Number phv0243
     CRAIG CARPENITO
     Federal Bar Number phv0244
     MARK E. COYNE
     Federal Bar Number phv01079
     Special Attorneys
     U.S. Department of Justice

Newark, New Jersey
Date:   January 12, 2007

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

**UNITED STATES OF AMERICA**  :  No. 3:02CR00264 (AHN)
                              :
      v.                          :  January 12, 2007
                              :
**WALTER A. FORBES**          :  <u>ORDER</u>


     Pursuant to 18 U.S.C. § 3771, the United States seeks an order authorizing the Government to provide notice by, among other methods, publication to the large number of crime victims in this case.  Under Section 3771(a)(2), crime victims have a right to "reasonable, accurate, and timely notice" of public court proceedings, including sentencings.  In this case, the victims of the charged securities fraud scheme are individual investors who purchased the stock of CUC International, Inc. or Cendant, Inc.  It is estimated that thousands of individual investors purchased CUC and Cendant stock during the relevant time period.  It will thus be impracticable for the Government to identify and locate all investors and provide them with reasonable, accurate, and timely notice by mail in advance of defendant Forbes' sentencing, scheduled for January 17, 2007.

     Under such circumstances, Section 3771(d)(2) of the Justice for All Act gives the Court the authority to "fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings."  The Government has already published notice of Forbes' sentencing on its website since October 31, 2006, the day of the jury verdict.  They have

also contacted private counsel for the class of investors that brought civil actions for damages in the United States District Court for the District of New Jersey and elsewhere for damages against Cendant and other defendants.  In addition, the Government seeks authorization to provide additional notice to the investors by publication of a notice in The New York Times advising potential victims of defendant Forbes' sentencing on January 12, 2007.  The text of the proposed notice is contained in the United States' motion.

    The Court finds (1) that the "multiple victim" provisions of 18 U.S.C. § 3771(d)(2) apply to the above-captioned case; (2) that it is impractical for the Government to identify all of the direct and proximate victims of the charged offenses on an individual basis at this time without unduly delaying the sentencing process; and (3) notice by publication, in addition to the other methods of notification identified in the Government's motion, is a "reasonable procedure" to give effect to the provisions of 18 U.S.C. § 3771.  Accordingly, it is ordered that the United States is authorized to comply with 18 U.S.C. § 3771 (a)(2) by providing notice of upcoming court proceedings by publication for one day in The New York Times of the notice included in the United States' motion.

                        ALAN H. NEVAS
                        U.S. District Court Judge

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA      :      No. 3:02CR00264(AWT)
                              :
           v.                 :      July 7, 2005
                              :
E. KIRK SHELTON               :

MOTION BY UNITED STATES TO PROVIDE NOTICE TO VICTIMS BY PUBLICATION

The United States of America, through undersigned counsel, seeks an order from the Court authorizing the Government to provide notice by publication to the large number of potential victims in the instant case.

The Justice for All Act of 2004 ("the Act"), codified at 18 U.S.C. § 3771, was signed into law on October 30, 2004. The Act provides certain rights to victims in federal criminal proceedings. Among these rights are the right to "reasonable, accurate, and timely notice" of public court proceedings, including sentencings. 18 U.S.C. § 3771(a). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . . ." 18 U.S.C. § 3771(e). Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures that will not unduly interfere with the criminal proceedings. Thus, 18 U.S.C. §3771(d)(2) provides:

[i]n a case where the court finds that the number of

*Marginal note:* GRANTED, nunc pro tunc July 8, 2005, in accordance with the discussion at the status conference held that day on the record. It is so ordered. /s/ Alvin W. Thompson, U.S.D.J. Hartford, CT 7/11/05

**ATTACHMENT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

FEB - 1 2006

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § | Cr. No. H-04-25 (Lake, J.) |
| JEFFREY K. SKILLING, and | § | |
| KENNETH L. LAY, | § § | |
| Defendants. | § § | |

## ORDER

Having considered the Government's Motion for Authorization to Establish Procedures to Provide Notice to Victims Pursuant to 18 U.S.C. § 3771, the Court finds (1) that the number of victims in this case makes it impracticable to accord all of the victims the right to individual notice guaranteed in 18 U.S.C. § 3771(a)(2); (2) that, accordingly, the "multiple victims" provision of 18 U.S.C. § 3771(d)(2) applies to this case; (3) the means of notifying victims set forth in the Government's Motion for Authorization to Establish Procedures to Provide Notice to Victims constitutes a "reasonable procedure" to give effect to the notice provisions of 18 U.S.C. § 3771(a)(2).

6

IT IS HEREBY ORDERED THAT

The government is authorized to comply with 18 U.S.C. § 3771(a)(2) and give notice of court proceedings to potential victims in this case by posting notice on the Department of Justice website and by giving notice to lead counsel in the class action lawsuit, *Newby et al. v. Enron Corp. et al.*, Civil Action No. H-01-3624.

DATED:   JAN. 31, 2006

HON. SIM LAKE
UNITED STATES DISTRICT JUDGE

7

**CERTIFICATE OF SERVICE**

    I certify that on this day I caused to be served copies of the foregoing upon the following via email and United States Mail:

        Barry Simon, Esq.
        Williams & Connolly LLP
        725 Twelfth Street, N.W.
        Washington, D.C. 20005-5901
        (202) 434-5005
        bsimon@wc.com

    I declare under penalty of perjury that the foregoing is true and correct.

                                    /s/ Craig Carpenito
                                    Craig Carpenito
                                  U.S. Department of Justice

Dated:  January 12, 2007
        Newark, New Jersey