# EXHIBIT A

```
 1                    UNITED STATES DISTRICT COURT

 2                     DISTRICT OF CONNECTICUT

 3   _____
     UNITED STATES OF AMERICA,  )
 4                   Plaintiff.  )   NO: 3:02CR0264(AHN)
                                 )
 5   vs.                         )
                                 )   January 17, 2007
 6   WALTER FORBES, ET AL        )   10:02 A.M.
                     Defendants. )
 7   _____
                                     915 Lafayette Boulevard
 8                                     Bridgeport, Connecticut

 9
     .                     SENTENCING
10

11
     B E F O R E:
12                THE HONORABLE ALAN H. NEVAS, U.S.D.J.

13
     A P P E A R A N C E S:
14
     FOR THE PLAINTIFF   :        CRAIG CARPENITO
15                                MICHAEL MARTINEZ
                                  U.S. Attorney's Office
16                                401 Market Street
                                  Camden, NJ 08101
17

18   FOR THE DEFENDANT   :        BRENDAN SULLIVAN
     WALTER FORBES                BARRY S. SIMON
19                                ROBERT M. CARY
                                  Williams & Connolly LLP
20                                725 Twelfth Street, N.W.
                                  Washington, D.C.  2005
21
     Court Reporter      :        Viktoria Stockmal, RMR,
22   CRR

23

24

25   Proceedings recorded by mechanical stenography,
     transcript produced by computer.
```

1  amount is a reasonable estimate of victims' losses

2  because it would be impossible to determine the precise

3  amount.   The Court further finds that the victims have

4  been identified and include the plaintiff classes in the

5  In Re:   Cendant securities litigation and include the

6  plaintiffs in the three remaining class action lawsuits.

7  And for the record, those are:   Trestman, et al. versus

8  Cendant in the Eastern District of Louisiana, Civil No.

9  99-1593.   Second case is Alexander, Bock, et al. versus

10  CUC, et al., pending in the Eastern District of

11  California, Civil Nos. F 00-5415, F 99-5500.   And the

12  third case is Reliant Trading versus Cendant pending in

13  the Eastern District of Wisconsin, Civil No. 99C-0381.

14        With respect to the identified victims in the

15  three pending cases which I just mentioned, pursuant to

16  Title 18 Section 36-64 D5, whenever those cases are

17  resolved, those victims shall have 60 days to petition

18  the Court for an amended restitution order.

19        Second, the amount ordered is to be paid to

20  Cendant and Ernst & Young pursuant to 18 United States

21  Code Section 36-64 J1, as they are the persons who

22  previously provided compensation to identified victims.

23        Third, no payment of restitution shall be made

24  until all pending lawsuits have been resolved and the

25  victims have been compensated.

# EXHIBIT B

UNITED STATES DISTRICT COURT

Page 1                                   District of Connecticut

UNITED STATES OF AMERICA                 JUDGMENT IN A CRIMINAL CASE

v.                                       CASE NO. *3:02cr264 (AHN)*
                                         USM NON 23795-P30
WALTER A. FORBES

                                         *Michael Martinez, Craig Carpenito*
                                         Assistant United States Attorneys

                                         *Barry S. Simon, Brendan Sullivan, Jr.*
                                         Defendant's Attorneys

THE DEFENDANT:  **was found guilty on counts 1,2 and 3 of the Indictment.**

Accordingly the defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Offense Concluded | Counts |
|---|---|---|---|
| 18:371 | Conspiracy | December 17, 1997 | 1 |
| 15:78ff(a) | False Statement in a Report to be Filed with the SEC | December 17, 1997 | 2 and 3 |

The defendant has been found not guilty on count 4.

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total of 151 months, on each count, to be served concurrently.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of 3 Years on each count, to be served concurrently.  The Mandatory and Standard Conditions of Supervised Release 1,2,6, and 8, as attached, are imposed. In addition, the following Special Conditions are imposed:
1.  The defendant shall pay the restitution in accordance with the Court's order.
2.  The defendant shall provide the probation officer with access to requested financial information.

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments as follows:.

**Special Assessment:**     $300.00     $100.00 for each count, to be paid immediately.

**Restitution:**          The court orders restitution to the identified victims in the amount of $3.275 billion pursuant to 18 U.S.C. Section 3663A.
          The identified victims are the members of the plaintiff classes in the case entitled In re Cendant Securities Litigation and in the pending class actions entitled Trestman v Cendant, 99-1593 ED/LA; Alexander Bock v CUC,  F00-5415, F995500 ED/CA, and Reliant Trade v Cendant, 99C-0381 ED/WIS.
          Because the identified victims in In re Cendant Securities Litigation have received compensation for their losses from Cendant and Ernst & Young, pursuant to 18 U.S.C.  Section 3664(j)(1), restitution shall be paid to Cendant, in the proportionate amount of 90% and to Ernst & Young, in the proportionate amount of 10%, only after restitution has been paid to the victims in the pending class action lawsuits.
          Pursuant to 18 U.S.C. Section 3664(d)(5), when the pending class actions are resolved, the victims shall have 60 days to petition the court for an amended restitution order.
          The interest is waived.

Previous Indictments to be dismissed on motion of the Government.

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

## JUDICIAL RECOMMENDATIONS TO THE BUREAU OF PRISONS

1) The public safety factor designation be waived and the defendant be designated to a minimum security facility at Otisville, New York. If that option is not available, the defendant be designated to the low security facility at Ft. Dix, New Jersey.

**The defendant remains on the current bond pending the Government's response to the motion for release pending appeal.**

January 17, 2007
Date of Imposition of Sentence

Alan H. Nevas
United States District Judge
Date: January 22, 2007

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
John F. Bardelli
United States Marshal

By _____
Deputy Marshal

CERTIFIED AS A TRUE COPY
ON THIS DATE _1-25-07_
Kevin F. Rowe, Clerk
BY: _____
Deputy Clerk

# CONDITIONS OF SUPERVISED RELEASE

**In addition to the standard conditions listed below, the following indicated (■) mandatory conditions are imposed:**

## MANDATORY CONDITIONS

■ (1)   The defendant shall not commit another federal, state or local offense;

■ (2)   The defendant shall not unlawfully possess a controlled substance;

☐ (3)   The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;

☐ (4)   The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;

☐ (5)   *If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;*

■ (6)   The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;

☐ (7)   A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.

■ (8)   The defendant shall cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

## STANDARD CONDITIONS

(1)   The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;

(2)   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)   The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);

(5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6)   The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;

(7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;

(9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)   The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)   The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;

(14)   The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons. Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment,</u> (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**


(Signed) _____          _____
              **Defendant**                                                        **Date**



              _____          _____
              **U.S. Probation Officer/Designated Witness**          **Date**

# EXHIBIT C

1               UNITED STATES DISTRICT COURT

2            DISTRICT OF CONNECTICUT **COPY**

3    _____
     UNITED STATES OF AMERICA,  )
4                    Plaintiff. )  NO: 3:02CR0264(AHN)
                                )
5    vs.                        )
                                )  October 31, 2006
6    WALTER FORBES, ET AL       )  11:32  A.M.
                     Defendants.)
7    _____
                                    915 Lafayette Boulevard
8                                   Bridgeport, Connecticut

9                   DAY SIXTEEN OF TRIAL
10

11

12   B E F O R E:
                     THE HONORABLE ALAN H. NEVAS, U.S.D.J.
13                   AND JURY OF TWELVE

     A P P E A R A N C E S:
14

15   FOR THE PLAINTIFF   :      CRAIG CARPENITO
                                MICHAEL MARTINEZ
16                              U.S. Attorney's Office
                                401 Market Street
17                              Camden, NJ 08101

18   FOR THE DEFENDANT   :      BARRY S. SIMON
     WALTER FORBES                ROBERT M. CARY
19                              BRENDAN SULLIVAN
                                Williams & Connolly LLP
20                              725 Twelfth Street, N.W.
                                Washington, D.C.  2005
21

22   Court Reporters     :      Terri Fidanza, RPR

23

24
     Proceedings recorded by mechanical stenography,
25   transcript produced by computer.

|   |   |
|---|---|
| | 1 |
| 15:38:27 | 2 |
| | 3 |
| | 4 |
| | 5 |
| | 6 |
| | 7 |
| 15:38:46 | 8 |

1    standard conditions such as travel restricted to the

2    Continental United States and no firearms.

3         THE COURT:  Okay.

4         MR. MARTINEZ:  The United States would ask for

5    the bond to be secured by $500,000 and in view of the

6    defendant's history of transferring assets, the United

7    States would ask that any transfer of more than $10,000

8    be approved by the Probation Office.

9         THE COURT:  Okay.  Mr. Sullivan, do you want to

10   be heard?

11        MR. SIMON:  Your Honor, the government

12   originally asked that the bond be increased by

13   20 percent and we request that that be done.  Mr. Forbes

14   obviously appeared in all proceedings, been through

15   three trials over the course of five and a half years.

16   As the court is aware, he intends to vigorously defend

17   against the charges.  We believe there are very

18   significant issues that will be pursued on appeal.  We

19   ask that the court continue the bond with the 20 percent

20   increase.

21        THE COURT:  The following bond is ordered.  The

22   bond will be 1.200,000.  It will be secured by $500,000

23   and that can be provided either in cash or by way of a

24   mortgage on his residence which obviously would have to

25   be signed by his wife or some other form of proper

<pre>
 1          security cash or some other real estate in Connecticut.
15:40:29 2     Not outside of Connecticut.  I want him to surrender his
 3          passport.  And further condition of the bond that he
 4          obtain no new passport.  There will be no travel outside
 5          the state of Connecticut except with prior court
 6          approval.  He's to dispose, if he has not already done
 7          so, of any and all firearms that he may have in his
15:41:00 8     possession and any transfers of assets exceeding $10,000
 9          must be with prior court approval plus all the standard
10          conditions bond conditions.  Anything else?
11               MR. MARTINEZ:  No, your Honor.
12               MR. SIMON:  Your Honor, pursuant to Rule 33 of
15:41:28 13    the Federal Rules, we would like to orally move for a
14          new trial and we request 30 days to file a memorandum in
15          support of that oral motion.
16               THE COURT:  The request for 30 days is granted.
17          Anything else?
18               MR. SIMON:  Not at this time.
19               THE COURT:  We'll be adjourned.
20               (Whereupon, the above proceeding concluded at
21          03:41 p.m.)
22
23
24
25
</pre>

# EXHIBIT D

**United States District Court**
**DISTRICT OF CONNECTICUT**

UNITED STATES OF AMERICA,

                Plaintiff,          SUBPOENA

          v,

                                      CRIMINAL NUMBER: 03:02-264 (AHN)

WALTER A. FORBES

                Defendant.

**TO:**    Buck, Sturmer & Company., P.C.
        521 Fifth Ave., Suite 2100
        New York, NY 10175-2191

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| (No deposition; document production only) | Not Applicable |

YOU ARE COMMANDED to produce and permit Inspection and copying of the following documents or objects at the place, date, and time specified below.

| LIST DOCUMENTS OR OBJECTS: |
|---|
| All documents generated or received by you since January 1, 1997 regarding or related to Walter A. Forbes (SSN 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), and/or any person, entity or trust that he disbursed funds to or received funds from and/or any entity or trust in which Walter A. Forbes has or had an ownership interest. |

| PLACE | DATE AND TIME |
|---|---|
| U.S. Attorney's Office<br>970 Broad Street, Suite 700<br>Newark, New Jersey 07102 | February 14, 2007 |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers/directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE & TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Assistant U.S. Attorney - Attorney for Plaintiff | January 17, 2007 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| JOHN G. SILBERMANN, JR.<br>U.S. Attorney's Office, 970 Broad Street, Suite 700, Newark, NJ 07102, (973) 353-6094 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

©    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated material or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that subject to the provisions of clause (c)(3)(B)(iii) of this rule,

such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and not exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person which is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall product them as they are kept in the usual course of business or shall organize them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT E

CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice
JOHN G. SILBERMANN, JR.
Special Attorney
U.S. Department of Justice
970 Broad Street, Room 700
Newark, NJ  07102
Tel. 973-353-6094
Fax. 973-645-3210
email: john.silbermann@usdoj.gov
JGS1197

FILED

2007 APR -5  P 1: 11

U.S. DISTRICT COURT
BRIDGEPORT, CONN

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | HON. ALAN H. NEVAS |
| *Plaintiff,* | Criminal No. 3:02-264 |
| v. | |
| WALTER A. FORBES, | CLERK'S NOTICE OF POST-JUDGMENT GARNISHMENT |
| *Defendant,* | |
| and | |
| BUCK, STURMER & COMPANY, P.C., and its successors or assigns, | |
| *Garnishee.* | |

## TO THE ABOVE-NAMED DEFENDANT AND ALL OTHER PERSONS INTERESTED:

You are hereby notified that property in the possession, custody, or control of Buck, Sturmer & Company, P.C., in which you have an interest, is being taken by the United States of America which has a Court judgment in Criminal No. 3:02-264 in the sum of $3,275,000,000.00.  A balance of $3,273,085,723.00 remains outstanding.

In addition, you are hereby notified that there are exemptions under the law which may protect some of the property from being taken by the Government if Walter A. Forbes can show that the exemptions apply.  Attached is a summary of the exemptions which are applicable pursuant to 18 USC §3613(a).

If you are Walter A. Forbes you have a right to ask the court to return your property to you if you think you do not owe the money to the Government that it says you do, or if you think the property the Government is taking qualifies under one of the above exemptions.

Case 3:02-cr-00264-AHN    Document 2680-9    Filed 04/25/2007    Page 2 of 23

The instructions for objection to the Answer of the Garnishee and for obtaining a hearing on the objections are set forth in the "Notice of Garnishment and Instructions to the Above-Named Defendant" served upon you by the United States of America.

If you want a hearing, you must notify the court within 20 days after receipt of the notice. Your request must be in writing.

If you wish, you may use this notice to request the hearing by completing the Request for Hearing Form which is attached to the Writ of Garnishment. You must either mail it or deliver it in person to the Clerk of the United States District Court, District of Connecticut, 915 Lafayette Blvd., Bridgeport, CT 06604. You must also send a copy of your request to the United States Attorney's Office, District of New Jersey, 970 Broad Street, Suite 700, Newark, NJ 07102, Attn: John G. Silbermann, Assistant U.S. Attorney, so the Government will know you want a hearing.

The hearing will take place within 5 days after the Clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible.

At the hearing you may explain to the judge why you think you do not owe the money to the Government. If you do not request a hearing within 20 days of receiving this notice, a Court Order will be entered attaching the wages, monies, and/or commissions which will then be applied against the judgment owed the Government.

If you think you live outside the Federal judicial district in which the court is located, you may request, not later than 20 days after you receive this notice, that this proceeding to take your property be transferred by the court to the Federal judicial district in which you reside. You must make your request in writing, and either mail it or deliver it in person to the Clerk of the United States District Court, District of Connecticut, 915 Lafayette Blvd., Bridgeport, CT 06604. You must also send a copy of your request to the United States Attorney's Office, District of New Jersey, 970 Broad Street, Suite 700, Newark, NJ 07102, Attn: John G. Silbermann, Assistant U.S. Attorney, so the Government will know you want the proceeding to be transferred.

Be sure to keep a copy of this notice for your own records. If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the clerk of the court. The clerk is not permitted to give legal advice, but can refer you to other sources of information.

KEVIN F. ROWE
CLERK, U.S. DISTRICT COURT

By: _____
Deputy Clerk

# EXHIBIT F

CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice
JOHN G. SILBERMANN, JR.
Special Attorney
U.S. Department of Justice
970 Broad Street, Room 700
Newark, NJ 07102
Tel. 973-353-6094
Fax. 973-645-3210
email: john.silbermann@usdoj.gov
JGS1197

**FILED**

2007 APR -5  P 1: 11

U.S. DISTRICT COURT
BRIDGEPORT, CONN

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | HON. ALAN H. NEVAS |
| *Plaintiff,* | Criminal No. 3:02-264 |
| v. | |
| WALTER A. FORBES, | CLERK'S NOTICE OF |
| *Defendant,* | POST-JUDGMENT |
| and | GARNISHMENT |
| JPMORGAN CHASE BANK, N.A., and its successors or assigns, | |
| *Garnishee.* | |

**TO THE ABOVE-NAMED DEFENDANT AND ALL OTHER PERSONS INTERESTED:**

You are hereby notified that property in the possession, custody, or control of JPMorgan Chase Bank, N.A., in which you have an interest, is being taken by the United States of America which has a Court judgment in Criminal No. 3:02-264 in the sum of $3,275,000,000.00. A balance of $3,273,085,723.00 remains outstanding.

In addition, you are hereby notified that there are exemptions under the law which may protect some of the property from being taken by the Government if Walter A. Forbes can show that the exemptions apply. Attached is a summary of the exemptions which are applicable pursuant to 18 USC §3613(a).

If you are Walter A. Forbes you have a right to ask the court to return your property to you if you think you do not owe the money to the Government that it says you do, or if you think the property the Government is taking qualifies under one of the above exemptions.

The instructions for objection to the Answer of the Garnishee and for obtaining a hearing on the objections are set forth in the "Notice of Garnishment and Instructions to the Above-Named Defendant" served upon you by the United States of America.

If you want a hearing, you must notify the court within 20 days after receipt of the notice. Your request must be in writing.

If you wish, you may use this notice to request the hearing by completing the Request for Hearing Form which is attached to the Writ of Garnishment. You must either mail it or deliver it in person to the Clerk of the United States District Court, District of Connecticut, 915 Lafayette Blvd., Bridgeport, CT 06604. You must also send a copy of your request to the United States Attorney's Office, District of New Jersey, 970 Broad Street, Suite 700, Newark, NJ 07102, Attn: John G. Silbermann, Assistant U.S. Attorney, so the Government will know you want a hearing.

The hearing will take place within 5 days after the Clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible.

At the hearing you may explain to the judge why you think you do not owe the money to the Government. If you do not request a hearing within 20 days of receiving this notice, a Court Order will be entered attaching the wages, monies, and/or commissions which will then be applied against the judgment owed the Government.

If you think you live outside the Federal judicial district in which the court is located, you may request, not later than 20 days after you receive this notice, that this proceeding to take your property be transferred by the court to the Federal judicial district in which you reside. You must make your request in writing, and either mail it or deliver it in person to the Clerk of the United States District Court, District of Connecticut, 915 Lafayette Blvd., Bridgeport, CT 06604. You must also send a copy of your request to the United States Attorney's Office, District of New Jersey, 970 Broad Street, Suite 700, Newark, NJ 07102, Attn: John G. Silbermann, Assistant U.S. Attorney, so the Government will know you want the proceeding to be transferred.

Be sure to keep a copy of this notice for your own records. If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the clerk of the court. The clerk is not permitted to give legal advice, but can refer you to other sources of information.

KEVIN F. ROWE
CLERK, U.S. DISTRICT COURT

By: _Christie M. Cody_
Deputy Clerk

# EXHIBIT G

CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice
JOHN G. SILBERMANN, JR.
Special Attorney
U.S. Department of Justice
970 Broad Street, Room 700
Newark, NJ 07102
Tel. 973-353-6094
Fax. 973-645-3210
email: john.silbermann@usdoj.gov
JGS1197

FILED

2007 APR -5 P 1:11

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **HON. ALAN H. NEVAS** |
| *Plaintiff,* | **Criminal No. 3:02-264** |
| v. | |
| **WALTER A. FORBES,** | **CLERK'S NOTICE OF POST-JUDGMENT GARNISHMENT** |
| *Defendant,* | |
| and | |
| **SECURITY MUTUAL LIFE INSURANCE COMPANY OF NEW YORK,** and its successors or assigns, | |
| *Garnishee.* | |

**TO THE ABOVE-NAMED DEFENDANT AND ALL OTHER PERSONS INTERESTED:**

You are hereby notified that property in the possession, custody, or control of Security Mutual Life Insurance Company of New York, in which you have an interest, is being taken by the United States of America which has a Court judgment in Criminal No. 3:02-264 in the sum of $3,275,000,000.00. A balance of $3,273,085,723.00 remains outstanding.

In addition, you are hereby notified that there are exemptions under the law which may protect some of the property from being taken by the Government if Walter A. Forbes can show that the exemptions apply. Attached is a summary of the exemptions which are applicable pursuant to 18 USC § 3613(a).

If you are Walter A. Forbes you have a right to ask the court to return your property to you if you think you do not owe the money to the Government that it says you do, or if you

think the property the Government is taking qualifies under one of the above exemptions.

The instructions for objection to the Answer of the Garnishee and for obtaining a hearing on the objections are set forth in the "Notice of Garnishment and Instructions to the Above-Named Defendant" served upon you by the United States of America.

If you want a hearing, you must notify the court within 20 days after receipt of the notice. Your request must be in writing.

If you wish, you may use this notice to request the hearing by completing the Request for Hearing Form which is attached to the Writ of Garnishment. You must either mail it or deliver it in person to the Clerk of the United States District Court, District of Connecticut, 915 Lafayette Blvd., Bridgeport, CT 06604. You must also send a copy of your request to the United States Attorney's Office, District of New Jersey, 970 Broad Street, Suite 700, Newark, NJ 07102, Attn: John G. Silbermann, Assistant U.S. Attorney, so the Government will know you want a hearing.

The hearing will take place within 5 days after the Clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible.

At the hearing you may explain to the judge why you think you do not owe the money to the Government. If you do not request a hearing within 20 days of receiving this notice, a Court Order will be entered attaching the wages, monies, and/or commissions which will then be applied against the judgment owed the Government.

If you think you live outside the Federal judicial district in which the court is located, you may request, not later than 20 days after you receive this notice, that this proceeding to take your property be transferred by the court to the Federal judicial district in which you reside. You must make your request in writing, and either mail it or deliver it in person to the Clerk of the United States District Court, District of Connecticut, 915 Lafayette Blvd., Bridgeport, CT 06604. You must also send a copy of your request to the United States Attorney's Office, District of New Jersey, 970 Broad Street, Suite 700, Newark, NJ 07102, Attn: John G. Silbermann, Assistant U.S. Attorney, so the Government will know you want the proceeding to be transferred.

Be sure to keep a copy of this notice for your own records. If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the clerk of the court. The clerk is not permitted to give legal advice, but can refer you to other sources of information.

KEVIN F. ROWE
CLERK, U.S. DISTRICT COURT

By: _Christie M. Coj_

Deputy Clerk