UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 3:02-CR-264 (AHN) |
| ) | |
| WALTER A. FORBES ) | April 20, 2007 |
| ) | |

## OBJECTIONS TO GARNISHMENT AND MEMORANDUM IN SUPPORT OF MOTION TO STAY RESTITUTION AND TO QUASH THE SUBPOENA SERVED ON BUCK, STURMER & COMPANY, P.C.

Defendant Walter A. Forbes, through undersigned counsel, respectfully objects to the Notices of Post-Judgment Garnishment, filed April 5, 2007, and served on Defendant on April 12, 2007. He submits this memorandum as his objections to the garnishment orders and in support of his Motion to Stay Restitution and to Quash the Subpoena served on Buck, Sturmer & Company, P.C. Any payment of restitution at this time, or any action in execution thereof, would violate the Court's Order of Judgment and would be premature. Pursuant to the Notices of Garnishment, Mr. Forbes requests a hearing within five days or as soon thereafter as the Court may hear his objections.

## BACKGROUND

On January 17, 2007, the Court sentenced Mr. Forbes. During the sentencing hearing, the Court specifically directed that restitution was to be paid to Cendant and Ernst & Young but that "no payment of restitution shall be made until all pending lawsuits have been resolved and the victims have been compensated." Sentencing Tr. at 53 (Jan. 17, 2007) attached as Exh. A. The Court's Judgment provided that Mr. Forbes was to pay restitution to Cendant and

Hearing Requested

to Ernst & Young "only after restitution has been paid to the victims in the pending class action lawsuits." Id. See Judgment as to Walter A. Forbes (Jan. 17, 2007) attached as Exh. B.

On January 16, 2007, Mr. Forbes filed a motion for release pending appeal, in which he described several substantial questions that, if decided in his favor, are likely to result in reversal or a new trial. See Motion of Defendant Walter A. Forbes for Release Pending Appeal (Doc. No. 2635). That motion is currently pending. On January 31, 2007, Mr. Forbes filed an Amended Notice of Appeal. Mr. Forbes's initial brief in the Court of Appeals is currently due on April 26, 2007, although Mr. Forbes has filed a consent motion to have the due date moved to May 10, 2007.

At the time of sentencing, Mr. Forbes understood that he could continue to pay his expenses during the pendency of his appeal, but that he was prohibited from transferring assets exceeding $10,000. See Verdict Tr. at 3822 (Oct. 31, 2006) attached as Exh. C. Pursuant to the Court's clear language at sentencing, Mr. Forbes also understood that there would be no requirement to pay restitution "until all pending lawsuits have been resolved and the victims have been compensated." See Exh. A. Based on that understanding and the likelihood that those lawsuits would not be resolved before his appeal was decided, Mr. Forbes did not seek a stay of the restitution order.

The government served a subpoena for documents on Mr. Forbes's accounting firm on January 18, 2007. See Exh. D. After receiving assurances from that firm's counsel that all responsive documents would be preserved, defense counsel promptly called government counsel and stated their view that any action to enforce restitution was premature. Nevertheless, in order to avoid burdening the Court with additional motions, defense counsel engaged in negotiations with government counsel over the possibility of avoiding a motion to quash if an

appropriate protective order were put in place. It was agreed that the government would not review documents pursuant to the subpoena until these negotiations were concluded and, if they failed, the defense would have an opportunity to file a motion to quash.[1] It was agreed that upon the filing of a motion to quash, the parties would await the Court's ruling before reviewing documents in the possession of the Buck Sturmer firm. Defense counsel pointed out to government counsel that Mr. Forbes had submitted 15 boxes of financial materials to the Probation Office and that Senior Probation Officer Lopez had incorporated those materials into his Pre-Sentence Report and was making them available to the government.

During these negotiations, on March 26, 2007, the government advised the defense for the first time that it intended to begin the process of garnishing Mr. Forbes's property. The government explained that it understood the restitution order to require immediate payment to the plaintiffs in the non-settled cases, that it would pay the garnished funds to the clerk of the Court, and that the clerk would be responsible for distributing the garnished funds to the non-settling plaintiffs. Defense counsel explained that they disagreed with this interpretation of the restitution order, but the parties agreed that when the government filed an application to garnish property, the parties would use that as an opportunity to brief the propriety of the government's effort to collect restitution at this time.

On April 12, 2007, Mr. Forbes was served with three Notices of Post-Judgment Garnishment, stating that the government was seeking to garnish property in which Mr. Forbes holds an interest from three third parties:

1. Buck, Sturmer & Company, P.C. (Exh. E),

2. JP Morgan Chase Bank, N.A. (Exh. F), and

---

[1] Counsel also agreed that two additional subpoenas that were served inadvertently on third parties would be withdrawn, and government counsel did in fact withdraw those subpoenas.

3. Security Mutual Life Insurance Company of New York (Exh. G).

The government's position appears to be that it is may garnish every last penny of Walter Forbes's assets while his appeal is pending, leaving him destitute and unable even to pay for any of life's necessities. Moreover, the government's position appears to be that the clerk of the Court will be required to distribute the funds it garnishes to the non-settling plaintiffs in the private securities actions, which highlights why an order of restitution was inappropriate in this case in the first place.[2]

## ARGUMENT

I. **Restitution Should Be Stayed Pending Appeal and Compliance with the Court's Order of Judgment.**

The government's attempts to garnish property owned by Mr. Forbes that is currently in the possession of third-parties is premature under the Judgment and inappropriate given Mr. Forbes's pending appeal. Moreover, the restitution order is improper and is likely to be vacated. For these reasons, the Court should stay restitution in this case until Mr. Forbes's appeal has been exhausted, and until the conditions set forth in the Order of Judgment have been met.

A. **Execution of Restitution At This Stage Would Violate the Court's Order of Judgment.**

The Order of Judgment in this case specifically provides that "pursuant to 18 U.S.C. Section 3664(j)(1)," restitution shall be paid to Cendant and Ernst and Young "only after restitution has been paid to the victims in the pending class action lawsuits," and that an

---

[2] The Mandatory Victims Restitution Act ("MVRA") explicitly provides that mandatory restitution is not applicable when "(A) the number of identifiable victims is so large as to make restitution impracticable or (B) determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden of the sentencing process." 18 U.S.C. §3663A(c)(3).

amended restitution order may be sought within 60 days after those cases are resolved. See Exh. B (emphasis added). Furthermore, during the sentencing hearing, the Court specifically directed that "no payment of restitution shall be made until all pending lawsuits have been resolved and the victims have been compensated."[3] See Exh. A (emphasis added).

These conditions have not yet been met. The pending lawsuits have not yet been resolved, and Cendant and Ernst & Young have not fully paid the plaintiffs in those cases. Indeed, no amount of loss has been determined in those cases. Accordingly, any payment of restitution at this time would be premature and would violate the terms of the judgment.

### B. Execution of Restitution At This Stage Is Inappropriate Because Mr. Forbes Has Raised Substantial Issues on Appeal.

As set forth in Mr. Forbes's Motion for Release Pending Appeal (Doc. No. 2635), Mr. Forbes is raising a number of substantial issues on appeal. If the Court of Appeals were to rule in Mr. Forbes's favor on any of these issues, a reversal of his conviction would be likely and any restitution collected would need to be returned to Mr. Forbes. Mr. Forbes should not be rendered destitute while his appeal is pending.

### C. Restitution Was Improper in This Case.

Mr. Forbes incorporates his Sentencing Memorandum and the Sentencing Transcript of January 17, 2007, by reference. In addition, Mr. Forbes notes that the government stipulated in the plea agreements of Cosmo Corigliano, Anne Pember and Casper Sabatino that

---

[3] This condition was necessary pursuant to 18 U.S.C. § 3664(j)(1), which provides that when a court orders a defendant to pay restitution to an insurer or other party such as Cendant who has provided compensation to a victim, "the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation." See 18 U.S.C. § 3664 (j)(1) (emphasis added). The statute is unambiguous in requiring that the insurer or other party who has provided compensation to victims must stand at the end of the line, and may only receive restitution after all other victims are fully paid.

"[a]n order of restitution would be inappropriate in the context of a criminal proceeding...because the number of identifiable victims is so large as to make restitution impracticable and determining complex issues of fact related to the cause or amount of the victim's losses would complicate and prolong the sentencing process to a degree that the need to provide restitution to any victim in the context of a criminal proceeding is outweighed by the burden on the sentencing process." See Schedule A of Plea Agreement of Cosmo Corigliano ¶ 11 (DX 300), Schedule A of Plea Agreement of Anne Pember ¶ 10 (DX 1162) and Schedule A of Plea Agreement of Casper Sabatino ¶ 11(DX 1621). In fact, the Court did not impose an order of restitution on the cooperating witnesses. Restitution is mandatory where the conditions apply; there is no Section 5K1 downward departure for mandatory restitution. If restitution was inappropriate for the cooperating witnesses, it is inappropriate for Mr. Forbes.

II.     **The Court Should Quash the Subpoena to Buck, Sturmer & Company, P.C.**

At the request of Senior Probation Officer Lopez, Mr. Forbes provided 15 boxes of financial documents to the Probation Office, most of which came from his accountants at Buck, Sturmer & Company, P.C. It took more than 350 hours of accountant time to gather and prepare those materials. Senior Probation Officer Lopez incorporated these documents into his Presentence Report and provided them to the U.S. Attorney's Office for the District of New Jersey. These 15 boxes of financial documents provide all of the information that the government could conceivably need at this point.

Nevertheless, the government served a subpoena on Mr. Forbes's accounting firm calling for "[a]ll documents generated or received by you since January 1, 1997 regarding or

related to Walter Forbes...." See Exh. D.[4] Mr. Forbes understands that since being served with the subpoena for documents, the Buck Sturmer firm has preserved and will continue to preserve all responsive documents. Given the prematurity of the government's efforts to enforce the restitution component of Mr. Forbes's sentence, the subpoena to Buck Sturmer should be quashed.[5]

### III. Additional Objections to Garnishment.

For the above-stated reasons, which are incorporated into this section by reference, Mr. Forbes hereby objects to garnishment of any property at this stage, and requests a hearing thereon within five days after the Clerk's receipt of these objections. See Clerk's Notice of Post-Judgment Garnishment (Apr. 5, 2007) (Doc. No. 2680) ("The hearing will take place within 5 days after the Clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible."); Conn. Gen. St. Ann. §§ 52-361b(d), (g), 52-367b(f).) In addition, Mr. Forbes claims an exemption under Conn. Gen. St. Ann. § 52-352b(s). That statute provides for a $4,000 exemption for unmatured life insurance policies.

---

[4]     Although the return date on the subpoena is February 14, 2007, that date has been extended by agreement, and the government has agreed not to review any documents at the Burk Sturmer firm until this motion is resolved.

[5]     Furthermore, defense counsel occasionally asked the Buck Sturmer firm to prepare confidential work product in preparation for and in connection with litigation. Counsel should have the opportunity to review the Buck Sturmer materials and log privileged work product before production to the government.

## CONCLUSION

For the foregoing reasons, Mr. Forbes objects to the government's attempt to garnish his property. Mr. Forbes further requests that his motion to stay restitution and quash the subpoena served on Buck, Sturmer & Company, P.C. be granted.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

_/s/ Robert M. Cary_
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)
Robert M. Cary (Bar No. ct24198)
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Motion and Memorandum in Support of Motion to Stay Restitution and to Quash the Subpoena served on Buck, Sturmer & Company, P.C. to be filed electronically and to be served on April 20, 2007 to the following via e-mail:

John Silberman (john.silberman@usdoj.gov)
Mark Coyne, Esq. (mark.coyne@usdoj.gov)
Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Robert M. Cary