UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WALTER A. FORBES | )<br>)<br>)<br>)<br>)  No. 3:02-CR-264 (AHN)<br>)<br>)  May 7, 2007<br>)<br>) |

MEMORANDUM ADDRESSING
PRE-2001 DISCOVERY BEING SOUGHT

Defendant Walter Forbes has previously moved to quash the subpoena served on his accountants, Buck Sturmer & Company, LLP ("Buck Sturmer"). Mr. Forbes has provided the Probation Office with extensive financial information regarding his assets and liabilities as well as certain assets and liabilities of family members. Mr. Forbes has also provided his bank and brokerage account information dating back to January 1, 2001. This information was provided on forms and attachments to forms signed by Mr. Forbes under penalty of perjury.

At the April 24, 2007, telephonic conference addressing restitution issues, the Court ordered Mr. Forbes to address "the pre-2001 discovery that's being sought." 4/24/07 Tr. at 22-23. Mr. Forbes submits this Memorandum in response to that order.

The subpoena to Buck Sturmer calls for "[a]ll documents generated or received by you since January 1, 1997 regarding or related to Walter Forbes ...." The subpoena asks for every piece of paper in Buck Sturmer's possession generated or received by Buck Sturmer over the course of a decade that relates in any way to Mr. Forbes. That request is unduly burdensome on Mr. Forbes. First, Mr. Forbes must pay the Buck Sturmer firm for its time spent complying

with the subpoena. Mr. Forbes should not be required to pay for the production of a decade's worth of paper that relates to him in any way, shape or form. Moreover, Mr. Forbes's counsel on occasion requested the Buck Sturmer firm to prepare confidential and privileged work product in connection with litigation. Mr. Forbes's counsel would have to review the production for privilege if the subpoena is not curtailed. While counsel for Mr. Forbes would undertake such a review as expeditiously as possible, that process would be unduly burdensome on Mr. Forbes's counsel.

Furthermore, the subpoena is not reasonably calculated to lead to the discovery of admissible evidence. Rather, the government subpoena is a blunderbuss subpoena without any limitation at all except that it does not seek documents generated earlier than 1997.

Mr. Forbes would not object to the government reviewing his available bank account and brokerage account statements for the period January 1, 1997 though December 31, 2000 so long as the government maintains the confidentiality of those documents and does not share them with any third-parties. This should provide the government with all of the information it could conceivably need, without being unduly burdensome on Mr. Forbes.[1]

Mr. Forbes reasserts his position set forth in his Objection to Garnishment and Motion to Stay Restitution and to Quash the Subpoena Served on Buck Sturmer & Company, P..C. dated April 20, 2007, that restitution should otherwise be stayed pending appeal.

---

[1] The government stated to the Court that the applicable statute of limitations for any allegedly fraudulent conveyance is the longer of six years from the transaction at issue or two years after any transaction at issue reasonably could have been discovered. See 4/24/07 Tr. at 24 (apparently referring to 26 USC § 3306). The government appears to have taken a different position under which it would not be under time pressure in its litigation concerning Mr. Shelton. Mr. Forbes does not believe that the government's position regarding limitations needs to be or should be addressed at this time. Any limitations issues should be addressed in the context of specific claims of the government regarding specific transactions.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Brendan V. Sullivan, Jr. (Bar No. ct17115)
Barry S. Simon (Bar No. ct24159)
Robert M. Cary (Bar No. ct24198)
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (email)

Date: May 7, 2007

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Memorandum Addressing Pre-2001 Discovery Being Sought to be filed electronically and to be served on May 7, 2007 to the following via e-mail:

John Silbermann (john.silbermann@usdoj.gov)
Mark Coyne, Esq. (mark.coyne@usdoj.gov)
Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

_____
Robert M. Cary