CHRISTOPHER J. CHRISTIE
SPECIAL ATTORNEY
JOHN G. SILBERMANN
Special Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
(973) 353-6094
Federal Bar No. phv0901

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 3:02-CR-264 (AHN) |
| | ) |
| WALTER A. FORBES | ) |
| | ) |

**MEMORANDUM OF UNITED STATES IN OPPOSITION TO MEMORANDUM OF DEFENDANT FORBES ADDRESSING PRE-2001 DISCOVERY BEING SOUGHT**

The United States of America respectfully submits this Memorandum in Opposition to the Memorandum submitted by Defendant Walter A. Forbes ("Mr. Forbes") Addressing Pre-2001 Discovery Being Sought (Docket Entry No. 2699).

Mr. Forbes asserts that the government should be precluded from conducting discovery regarding events prior to 2001 in aid of execution on the restitution judgment against Mr. Forbes. Specifically, Mr. Forbes objects to the subpoena served on Buck, Sturmer and Co., P.C. ("Buck Sturmer") calling for an inspection of documents regarding or related to Mr. Forbes that were generated or received by Buck Sturmer since January 1, 1997. Mr. Forbes asserts that such an inspection would be unduly burdensome on Mr. Forbes and his counsel.[1]

---

[1] Mr. Forbes also objects on the ground that this third-party subpoena served on Buck Sturmer by the government would somehow cause Mr. Forbes to be liable to Buck Sturmer for any costs of compliance. Mr. Forbes does not cite any basis for this claimed liability. Moreover, Buck Sturmer has not objected or moved to quash this subpoena, which was served in January, 2007.

The primary argument advanced by Mr. Forbes is that the subpoena is not reasonably calculated to lead to the discovery of admissible evidence. As a compromise, Mr. Forbes offers to produce bank and brokerage account statements in lieu of requiring Buck Sturmer to make available for inspection its files pertaining to Mr. Forbes. For the reasons discussed below, the United States declines Mr. Forbes's offer and respectfully requests that the Court permit the government to inspect the Buck Sturmer records dating from January 1, 1997.

As the Court is aware, the Buck Sturmer firm apparently engaged in 350 billable hours to prepare approximately 20 boxes of documents reflecting Mr. Forbes's financial condition from 2001 through 2006 (the "2001-2006 Documents"). For these efforts, Buck Sturmer invoiced Mr. Forbes approximately $100,000. The United States received a copy of these documents and has conducted a review of this material. Attached hereto as Exhibit A is a summary valuation of Mr. Forbes's assets which is based on the 2001-2006 Documents. (The documents which support the 2001 valuations at Exhibit A are attached hereto as Exhibit B.)

As described in Exhibits A and B, the combined value of Mr. Forbes's bank and brokerage accounts, partnership capital accounts, life insurance policies and real estate was approximately $15 million as of January 1, 2001. Approximately 37 months earlier, in November, 1997, Mr. Forbes's net worth was approximately $200 million. *See*, January 17, 2007 Sentencing Hearing Tr., at 13 (attached hereto as Exhibit C). It appears, therefore, that Mr. Forbes disposed of approximately $185 million in the 37-month period from November, 1997 through December 31, 2000. The government respectfully requests that it be permitted to inspect the Buck Sturmer records to begin the process of determining what became of 92.5% of Mr. Forbes's net worth during this 37-month period.

Accounting and tax records generally form the foundation of third party discovery in aid of execution on a judgment. Additional third-party subpoenas that flow from this information are usually directed toward financial institutions which generally retain records for seven years. Accordingly, the years prior to 2001 are relevant in this case not only because of the great dissipation of Mr. Forbes's net worth, but also because third party documents from these periods are becoming increasingly susceptible to destruction.

Buck Sturmer appears to be the repository of the bulk of Mr. Forbes's financial information. Not only did Mr. Forbes rely on Buck Sturmer to prepare his personal and entity tax returns, it appears that Mr. Forbes entrusted Douglas Buck to receive the proceeds of real estate sales. *See* Exhibit B, Land Contract recorded August 16, 2001. The government was generally aware from the criminal proceedings that Mr. Forbes had transferred real property in Wisconsin and the government was therefore prompted to investigate real property transfers in that state. However, other real property transfers by Mr. Forbes of which the government is unaware would likely be revealed in a review of the Buck Sturmer records.

For the reasons described above, the United States respectfully requests that the Court permit the United States to inspect the documents which are responsive to the subpoena served

on Buck Sturmer in January, 2007.

                                                    Respectfully submitted,

                                                    CHRISTOPHER J. CHRISTIE
                                                    Special Attorney
                                                    U.S. Department of Justice

                                                   /s/John G. Silbermann

Dated: May 22, 2007                      By:    JOHN G. SILBERMANN
      Newark, New Jersey                          Special Attorney
                                                   U.S. Department of Justice
                                                   970 Broad Street, Suite 700
                                                   Newark, New Jersey 07102
                                                   Phone: (973) 353-6094
                                                   Federal Bar No. phv0901