

*CONN/NHct*
*02-CR-264*
*NevaS*

No. 07-0348-cr(L)
USA v. Forbes

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### CORRECTED

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of October, two thousand and seven.

PRESENT:

> HON. ROGER J. MINER
> HON. JOSÉ A. CABRANES,
> > *Circuit Judges,*
> HON. PAUL A. CROTTY,*
> > *District Judge.*

UNITED STATES COURT OF APPEALS
FILED
OCT 0 3 2007
Catherine O'Hagan Wolfe, Clerk
SECOND CIRCUIT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

United States of America,

    *Appellee,*

v.                                                  No. 07-0348-cr(L)
                                                    No. 07-2313-cr(con)

Walter A. Forbes,
    *Defendant-Appellant.*

_____

* The Honorable Paul A. Crotty of the United States District Court for the Southern District of New York, sitting by designation.

1

ISSUED AS MANDATE: *12-13-07*

E. Kirk Shelton,

    *Defendant,*

Anne M Pember, Ernst & Young LLP, Cosmo Corigliano,
Casper Sabatino, Deloitte & Touche, Kevin Kearney,
Bloomberg News, Steven Speaks, Cendant Corporation,
Crystal Journey Candles LLC, Agnes T Corigliano, Skadden,
Arps, Slate, Meagher & Flom LLP, Arps, Slate, Meagher,
Flom, LLP`s, KPMG LLP, Mary Sattler Polverari, US
Securities & Exchange Commission, Patterson Belknap Webb
& Tyler LLP, Henry R Silverman, DeCotiis Fitzpatrick Cole &
Wisler LLP, Kramer Levin Naftalis & Frankel LLP, Peter H
Lewis, Julia Heiman, Peter Roy-Byrne, Robert M Sarkie,
Amy Lipton, David Wyshner, Anthony G. Petrello, Sandy
Berry, Alan Bittker, Brenda Breitenbach, Colleen Chaney,
James Citro, Kevin Crowe, Robert DuFour, Eva Viniczay
Foothorap, Brian Foster, John Fox, John J Fullmer, Birgit
Philipp Gentile, Jeffrey Gershowitz, Ibilola Green, Ronald
A Guggenheimer, Scott Hancock, Greg Hilinski, Cindy
Hodnett, Peggy Houren, Elisa Lanthier-Jennings, Terry
Johnson, Kenneth Keith, Tricia Flynn Kemp, Michael
Kilduff, William King, Andrew Klaus, Peter G McGonagle,
Anthony L Menchaca, Mark Metcalf, Kathleen Mills, Mandy
Morris, Lorraine Orban, Mary S Peterson, Lisa Plucinski,
Kathryn Jane Pope, Marian Roberge, Richard Schwamb,
Dana Jeanine Smith, Jeff Smith, Jennifer Taub, Bruce Tolle,
William C Tomson, Peter Wragg, Ronald R Rickles, Robert
J. Cleary, David Frohlich, Susan Woyna, Audrey Strauss,
Peter Gonedes, Fried, Frank, Harris, Shriver & Jacobson LLP,
Edward S Nathan, Herbert J Stern, James E Buckman, Jeffrey
D Smith, John H Carley, Leonard S Coleman, Christel
Dehaan, Martin L Edelman, Scott E Forbes, Robert D
Kunisch, Michael P Monaco, Brian Mulroney, Robert E
Nederlander, E. John Rosenwald Jr., Leonard Schutzman,
John D Snodgrass, Amy Shelton,

    *Interested-Parties.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**APPEARING FOR APPELLANT:**

    BARRY S. SIMON, (Brendan V. Sullivan, Jr., James
T. Cowdery, *on the brief*), Williams & Connolly
LLP, Washington, D.C.

**APPEARING FOR APPELLEE:**     MARK E. COYNE, Special Assistant United States Attorney, (Christopher Christie, United States Attorney, George S. Leone, John G. Silbermann, Special Assistant United States Attorneys, *on the brief*), United States Attorney's Office for the District of New Jersey, Newark, NJ, *appearing as Special Attorneys for the United States Department of Justice.*

Appeal from judgment of the United States District Court for the District of Connecticut (Alan H. Nevas, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Defendant-appellant Walter Forbes appeals from the judgment of conviction of conspiracy in violation of 18 U.S.C. § 371 and making false statements in a report to be filed with the SEC in violation of 15 U.S.C. § 78ff(a). He was sentenced principally to twelve years and seven months' imprisonment and ordered to pay restitution of $3.275 billion. Forbes seeks review of over nine alleged trial and sentencing errors. We assume the parties' familiarity with the underlying facts, the prolonged and complex procedural history, and the issues on appeal.

We review a district court's evidentiary rulings for "abuse of discretion," reversing only where a challenged ruling "rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." *United States v. Gonzalez*, 420 F.3d 111, 120 (2d Cir. 2005) (internal quotation marks omitted). Where the defendant failed to object at trial, we review evidentiary rulings for plain error. *United States v. Hourihan*, 66 F.3d 458, 463 (2d Cir. 1995). We review a district court's decision not to compel the government to choose between granting immunity to defense witnesses or forgoing its own use of immunized testimony for abuse of discretion and its factual findings as to the Government's acts and motives for clear error. *United States v. Ebbers*, 458 F.3d 110, 118 (2d Cir. 2006). Our review of the refusal to provide a missing witness instruction is for "abuse of discretion." *Id.* at 124.

Forbes argues that the District Court erroneously blocked his attempts to introduce two prior inconsistent prosecutorial statements—(i) that one of its witnesses had received informal immunity; and (ii) that another of its witnesses was to testify that he was uncertain whether Forbes or E. Kirk Shelton, former COO of Cendant and Forbes' former co-defendant, had order certain redactions to Board minutes— in violation of FRE 801(d)(2) and the Due Process Clause. Forbes also asserts that the District Court erred in refusing to provide an informal immunity instruction given to the jury at the prior two trials but which the Government had since learned was mistaken. Because the Government offered a sufficient explanation for the mistaken jury instruction with regard to one witness' informal immunity and because its proffer with respect to another witness was not an admission by a party opponent, the District Court did not abuse its discretion. *See Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168–69 (2d Cir. 2001) ("error of law" is "abuse of discretion").

Forbes' challenge to the Government's allegedly "selective" grant of immunity to defense witnesses, in particular its refusal to grant former CFO Stuart Bell immunity, is foreclosed by our holding on a similar issue in *Ebbers*. 458 F.3d at 119. Accordingly, the District Court's refusal to compel a grant of immunity and to issue a missing witness instruction did not constitute an abuse of discretion.

Forbes also argues that the District Court abused its discretion in permitting lay opinion testimony on the size of the alleged fraud and further erred by declining to give a limiting instruction concerning a similar reference in the Government's Opening Statement.  The disputed testimony about the size of the fraud was properly limited, pursuant to the District Court's instructions, to the issue of materiality.  The District Court correctly ruled that references to the decline in Cendant's stock price or investor losses were probative on the issue of materiality and permissible under Federal Rule of Evidence 403.  For similar reasons, the use of the term "$14 billion fraud" in the Government's opening statement was not misleading and was not unduly prejudicial.  Accordingly, we hold that no abuse of discretion or error of law occurred.

We have considered all of the issues raised, including those noted above, and the relevant law, and conclude that all of defendant's arguments are without merit.

The judgment of the District Court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

By _____

Oliva M. George, Deputy Clerk

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by _____
DEPUTY CLERK

UNITED STATES CIRCUIT

4

No. 07-0348-cr(L)
USA v. Forbes

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### CORRECTED

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of October, two thousand and seven.

PRESENT:

> HON. ROGER J. MINER
> HON. JOSÉ A. CABRANES,
> > *Circuit Judges,*
> HON. PAUL A. CROTTY,*
> > *District Judge.*



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

United States of America,

> *Appellee,*

v.

Walter A. Forbes,
> *Defendant-Appellant.*

No. 07-0348-cr(L)
No. 07-2313-cr(con)

_____

    * The Honorable Paul A. Crotty of the United States District Court for the Southern District of New York, sitting by designation.

1