UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>WALTER A. FORBES, )<br> )<br>Defendant. ) ) | CRIMINAL ACTION<br>No. 3:02-CR-264 (AHN)<br><br>June 25, 2008 |

**OPPOSITION TO JOINT MOTION FOR LEAVE
TO DEPOSE DEFENDANT WALTER A. FORBES
IN AID OF EXECUTION OF RESTITUTION ORDER**

Walter Forbes, through undersigned counsel, submits this opposition to the Joint Motion for Leave to Depose Defendant Walter A. Forbes in Aid of Execution. The Motion should be denied for several reasons.

First, Mr. Forbes has already provided comprehensive information regarding his assets. Last year, Mr. Forbes provided 15 boxes of financial materials to the Probation Office with an extra copy for the Office of the U.S. Attorney for the District of New Jersey. These boxes contain comprehensive financial information and records compiled with the assistance of accountants, who devoted hundreds of hours to this effort. Mr. Forbes has no objection to providing these materials to Cendant as well, so long as an appropriate order is entered to preserve the confidentiality of the information.

Second, the U.S. Attorney for the District of New Jersey has had complete access to all materials in the possession of Mr. Forbes's accountants (with the exception of a limited number of privileged documents). These material were made available at considerable expense. See Docket No. 2769, Motion of Buck, Sturmer & Co., P.C., for Order Allowing Defendant's Representatives to Reimburse It for Costs and Expenses as to Walter A. Forbes. Mr. Forbes is unable to provide meaningful financial information above and beyond what is contained in the materials that have already been provided to the government. Again Mr. Forbes has no objection to this information being provided to Cendant as well so long as an appropriate confidentiality order is entered.

Third, the movants will not learn the value of Mr. Forbes's *illiquid* assets by deposing Mr. Forbes. (He has already provided the value of *liquid* assets.) Mr. Forbes cannot afford an appraiser, and he should not be required to guess under oath at the value of *illiquid* assets. If the movants need to determine the value of *illiquid* assets, the movants should retain appraisers.

Fourth, movants suggest that Mr. Forbes has engaged in inappropriate conduct with respect to his assets. Accordingly, if the Court were to grant the Movant's Motion for Leave to Depose Mr. Forbes, Mr. Forbes would assert his Fifth Amendment privilege and decline to answer questions. It makes no sense to convene a deposition in prison merely to hear Mr. Forbes invoke his Fifth Amendment privilege.

Mr. Forbes respectfully requests that the motion be denied.

        Respectfully submitted,

        WILLIAMS & CONNOLLY LLP

By:     /s/ Robert M. Cary
        Brendan V. Sullivan, Jr. (Bar No. ct17115)
        Barry S. Simon (Bar No. ct24159)
        Robert M. Cary (Bar No. ct24198)
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        (202) 434-5000 (phone)
        (202) 434-5029 (fax)
        rcary@wc.com (email)

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Opposition to Joint Motion for Leave to Depose Defendant Walter A. Forbes in Aid of Execution of Restitution Order to be filed electronically and to be served on June 25, 2008 to the following via e-mail:

>Jordan Anger, Esq. (jordon.anger@usdoj.gov)
>Francis J. Brady, Esq. (fbrady@murthalaw.com)
>Robert E. Kaelin, Esq. (rkaelin@murthalaw.com)


>_/s/ Robert M. Cary_
>Robert M. Cary