UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | CRIMINAL ACTION |
| | : | NO. 3:02 CR 00264 (AHN) |
| v. | : | |
| | : | |
| WALTER A. FORBES, | : | |
| | : | |
| Defendant. | : | JULY 2, 2008 |

## JOINT REPLY IN SUPPORT OF MOTION FOR LEAVE
## TO DEPOSE DEFENDANT WALTER A. FORBES
## IN AID OF EXECUTION OF RESTITUTION ORDER

Movants, the United States of America (the "United States") and Cendant Corporation

n/k/a Budget Avis Group, Inc. ("Cendant") (collectively, the "Movants"), jointly respond to

the Memorandum in Opposition ("Opp. Mem.") dated June 25, 2008 (Dkt. #2789) filed by

Defendant Walter A. Forbes ("Mr. Forbes") to the Movants' Motion for Leave to Depose

Defendant Walter A. Forbes in Aid of Execution of Restitution Order as follows:

I.  WALTER FORBES MAY NOT DICTATE THE METHOD BY WHICH
     THE UNITED STATES AND CENDANT SEEK DISCOVERY TO
     ENFORCE THE RESTITUTION ORDER IMPOSED BY THE COURT

Walter Forbes is a convicted criminal, sentenced by this Court to 151 months in prison

for his crimes and ordered to repay his victims $3.275 billion for his participation in a massive

accounting fraud.  The Second Circuit Court of Appeals has affirmed his conviction and his

petition for Certiorari to the United States Supreme Court has been denied.  Accordingly, there

is no basis for Mr. Forbes' continued efforts at delaying the enforcement of this Court's

restitution order.

It is not within the authority of a convicted criminal to dictate to the United States or his victims the manner in which they may seek information in order to enforce a restitution order. A deposition is one of the many tools provided for such discovery and the decision to utilize it lies with the government and the victims of Mr. Forbes' crimes, not the perpetrator.

II.    WALTER FORBES' PRODUCTION OF DOCUMENTS DOES
       NOT PRECLUDE THE USE OF DEPOSITIONS IN FURTHERANCE
       OF THE GOVERNMENT AND CENDANT'S DISCOVERY TO
       ENFORCE THE RESTITUTION ORDER IMPOSED BY THE COURT

Mr. Forbes argues that his deposition is inappropriate in light of his production of certain financial documents to the United States. (Opp. Mem. at 1-2.) While the documents produced by Mr. Forbes and his accountants to date represent an initial (but certainly not exhaustive) disclosure, that disclosure does not foreclose the right of the United States and Cendant to take his deposition. Compare Fed. R. Civ. P. 30 with Fed. R. Civ. P. 34; also see, e.g., Expert Choice, Inc. v. Gartner, Inc., No. 3:03CV02234(CFD) (TPS), 2006 U.S. Dist. LEXIS 41466 (D. Conn. June 21, 2006) (order compelling compliance with a deposition notice and the further production of documents) (attached as Exhibit A). Although the United States and Cendant intend to pursue further document production from Mr. Forbes, his accountants, and other financial consultants, the Movants also need to review these documents with those individuals, including Mr. Forbes, to better understand the meaning of the information contained in the documents.

III.   THE UNITED STATES AND CENDANT HAVE NOT REQUESTED AN
       ORDER MANDATING THAT WALTER FORBES ENGAGE AN
       APPRAISER FOR HIS, *INTER ALIA*, EXTENSIVE ART COLLECTION

Mr. Forbes' argument that he cannot "afford an appraiser" both mischaracterizes the scope of Movants' request and is irrelevant. (Opp. Mem. at 2.) Plainly, Movants have not sought an order requiring Defendant to employ an appraiser. Further, Defendant's argument

that a deposition may be quashed merely because the deponent has suggested that he may not know the answers to some of the questions that the deponent guesses he may be asked is, unsurprisingly, unsupported by citation.  While Movants certainly intend to question Mr. Forbes as to his "illiquid" assets, it is not expected that Defendant will precisely quantify the value of such illiquid assets.  Rather, Movants seek to inquire into, among other things, the **approximate** value of the illiquid assets, their nature, the purpose of the myriad of corporate entities identified in Mr. Forbes' Declaration, as well as whether his ownership interest in these assets have been transferred.  Moreover, Movants also seek information regarding numerous pieces of art listed in Mr. Forbes' Declaration.  Judging by the shear scope and prominence of the artists in his collection (including Warhol and Rauschenberg), Mr. Forbes' estimation of the value of his artwork will likely be more informed than a mere "guess under oath."   Id.

IV.    THE FIFTH AMENDMENT DOES NOT PROHIBIT INQUIRY INTO THE NATURE, LOCATION, AND APPROXIMATE VALUE OF MR. FORBES' ASSETS OR QUESTIONS REGARDING THE POSSIBLE TRANSFER OF ASSETS

Mr. Forbes cannot assert the Fifth Amendment privilege against self-incrimination because his responses to Movants' yet-to-be-asked questions are not likely to implicate his participation in any criminal activity for which he has not already been convicted.  A witness may invoke his Fifth Amendment privilege only in "instances where the witness has reasonable cause to apprehend danger from a direct answer."  Hoffman v. United States, 241 U.S. 479, 486 (1951); see also Katigar v. United States, 406 U.S. 441, 444-45 (1972) (witness may invoke the privilege where "the witness reasonably believes [the answers] could be used in a criminal prosecution or could lead to other evidence that might be so used.")  Moreover, "[t]he witness is not exonerated from answering merely because he declares that in so doing he

would incriminate himself – his say-so does not of itself establish the hazard of incrimination." Hoffman, 241 U.S. at 486.

Mr. Forbes argues that the Movants' suggestion of "inappropriate conduct with respect to his assets" opens the door for him to invoke the Fifth Amendment privilege.  (Opp. Mem. at 2.)  It does not.  The inappropriate conduct referred to, namely the possible fraudulent transfer of his assets after the news of the disclosure of the accounting scandal at Cendant, implicates civil rather than criminal liability.  If Mr. Forbes did fraudulently transfer his assets, those transfers will be set aside and money judgments against the transferees will be rendered through the civil process.  The Fifth Amendment does not protect a witness from testifying where his answers will implicate only civil wrongdoing.  See Hoffman, 241 U.S. at 486 (Fifth Amendment privilege only applies to information that could support a conviction under a criminal statute).  Furthermore, such hazards of incrimination must be real and substantial, not merely trifling.  United States v. Apfelbaum, 445 U.S. 115, 128 (1980).

Additionally, Mr. Forbes' threat of blanket invocation of the Fifth Amendment privilege here is inappropriate.  S.E.C. v. First Fin. Group, Inc. of Tex., Inc., 659 F.2d 660, 669 (5th Cir. 1981).  The Fifth Amendment privilege must be asserted on a question-by-question basis.  See Argonaut Ins. Co. v. Goepfert, No. 76 Civ. 802, 1980 U.S. Cist. LEXIS 14548, at *7-8 (S.D.N.Y. Oct. 17, 1980) (attached as Exhibit B) (noting that the Magistrate Judge had suggested that "there must be some relevant question to which [the defendants] could respond without incriminating themselves."); accord Hudson Tire Mart, Inc. v. Aetna Cas. & Sur. Co., 518 F.2d 671, 674 (2d Cir. 1975) ("there are numerous relevant matters with respect to which an insured may be examined without necessarily incriminating himself . . . .").

Here, not only are there **some** relevant questions to which Mr. Forbes could respond without incriminating himself, but Movants' cannot conceive of **any** question that might be

-4-

asked that would implicate his participation in any criminal activity for which he has not

already been convicted.  The United States and Cendant seek Mr. Forbes' deposition in aid of

the execution of the restitution order imposed on him by this Court.  Accordingly, the

questions will focus on the nature, location, and approximate value of Mr. Forbes' assets

(including those assets previously transferred by Mr. Forbes) as well as the identity of any

transferees of his assets and the purpose behind any such transfers.  This proposed line of

inquiry does not reasonably implicate criminal conduct and certainly does not justify an

outright refusal to be deposed based on a blanket assertion of the Fifth Amendment privilege.

Finally, in light of Defendant's threat of inappropriately invoking the Fifth Amendment

privilege, the United States and Cendant respectfully request that the Court Order that the

deposition be at the United States District Court, District of Connecticut at Bridgeport in order

to allow for Your Honor to intervene as necessary.

V.     CONCLUSION

For the reasons stated in this reply and in the underlying motion, the United States and

Cendant respectfully request that the Court overrule Defendant's objection and enter an Order

that Mr. Fobes' deposition be taken on or before July 31, 2008.  Additionally, the United

States and Cendant request that the Court require the parties to confer in good faith to agree

upon a date for the deposition, and, if such an agreement is not possible, that the parties report

back to the Court within five days for a designation of a date by the Court.

MOVANTS – UNITED STATES OF AMERICA

CHRISTOPHER J. CHRISTIE
Special Attorney
United States Attorney, District of New Jersey

By   /s/ Jordan M. Anger
        Jordan M. Anger


Special Attorney
United States Attorneys' Office
District of New Jersey
970 Broad Street, Suite 700
Newark, New Jersey 07102
Telephone:  (973) 645-2829
Facsimile: (973) 297-2010
PHV02694

AND

CENDANT CORPORATION



By   /s/ Robert E. Kaelin
        Francis J. Brady - ct04296
        fbrady@murthalaw.com
        Robert E. Kaelin - ct11631
        rkaelin@murthalaw.com

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:  (860) 240-6000
Facsimile:  (860) 240-6150
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2008, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic

filing system.  Parties may access this filing through the Court's system.


   /s/ Robert E. Kaelin
Robert E. Kaelin – ct11631

Murtha Cullina LLP
CityPlace I – 185 Asylum Street
Hartford, Connecticut 06103
Telephone:  (860) 240-6000
Facsimile:  (860) 240-6150
Email:  rkaelin@murthalaw.com