UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2009 JAN 27 P 4: 44

UNITED STATES OF AMERICA,           :

              Plaintiff,            :        CRIMINAL ACTION.
                                    :        NO. 3:02 CR 00264 (AHN)
v.                                  :
                                    :
WALTER A. FORBES,                   :
                                    :
              Defendant.            :

## ORDER APPOINTING RECEIVER

The Joint Motion of the United States of America and Cendant
Corporation seeking the appointment of a receiver on behalf of
the defendant Walter A. Forbes ("Mr. Forbes") came before the
Court on January 26, 2009.  After due notice of the hearing,
consideration of the arguments of counsel, and review of the
submissions of the United States and Cendant (Dkt. 2828) and Mr.
Forbes (Dkt. 2833), it is hereby ORDERED as follows:

1.    Pursuant to Federal Rule of Civil Procedure 66 and this
Court's inherent equitable authority, the Court ORDERS that a
Receiver will be appointed for defendant Walter A. Forbes (the
"Receiver") to administer Mr. Forbes' assets and liquidate those
assets in satisfaction of this Court's Restitution Order dated
January 17, 2007 (the "Restitution Order") as set forth herein.

### RECEIVER'S AUTHORITY AND DUTIES

2.    The Receiver is hereby approved and authorized to
exercise the following  powers, in consultation with the United
States Attorney's Office, District of New Jersey; Murtha Cullina,
LLP, counsel for Cendant; and, as may be necessary, Williams &

Connolly LLP, counsel for Walter A. Forbes as may be necessary to carry out the provisions of this Order:

a.    Work and communicate with the existing professionals and as necessary, retain additional professionals or employees by stipulation of the parties or upon Court approval.  Nothing herein shall be construed as permitting the Receiver to waive Mr. Forbes' work product protection or testimonial privileges.  Mr. Forbes' personal counsel shall continue to receive direction from Mr. Forbes and nothing herein shall be construed as affecting the attorney-client relationship between Mr. Forbes and his personal counsel;

b.    Exercise sole and exclusive authority to receive, endorse and deposit all payments made payable to Mr. Forbes;

c.    Utilize members of the Receiver's firm or staff to discharge the Receiver's duties and authority as set forth in this Order;

d.    Deposit all payments made to Mr. Forbes or the proceeds of any asset liquidation into the Court Registry;

e.    Take such necessary steps so as to direct all future payment due to or on account of Mr. Forbes to the attention of the Receiver;

f.    Take such necessary steps so as to direct that all future business correspondence addressed to Mr. Forbes be directed to the Receiver's attention;

g.    Exercise any rights, powers or authority of and/or on behalf of Mr. Forbes in and under all partnership agreements, limited liability company operating agreements, or investment instruments to liquidate Mr. Forbes' interest in any such entities or instruments;

h.    Negotiate and, as is necessary or proper, enter into settlement agreements with any entity or members of entities in which Mr. Forbes has any interest to facilitate the liquidation of Mr. Forbes' interest in those entities;

i.    Negotiate and, as is necessary or proper, enter into agreements with debtors owing Mr. Forbes a receivable to facilitate the payment of that receivable;

j.    Negotiate and, as is necessary or proper, enter into agreements with third parties for the sale of any interest in any real or personal property held by Mr. Forbes to the extent that such ownership interest is not in dispute; and

k.    Make any appropriate motion with the Court for approval of any additional authority not specifically identified in the Court's Order of Appointment.

3.    The Receiver shall file with the Court on a monthly basis an accounting of all assets received and liquidated.

RECEIVER'S COMPENSATION, COSTS AND FEES

4.    The Receiver shall be entitled to payment for all reasonable costs, fees and other expenses ("Expenses")

incurred in the performance of his or her duties as shall be approved by this Court.

5.     The Receiver shall be paid a reasonable hourly fee for the Receiver's services which shall be paid upon the approval of the Court.

6.     The Receiver shall apply on a monthly basis for payment of Expenses and Fees.

7.     The funds necessary to pay the Receiver's Fees and Expenses shall be paid from the assets collected and liquidated by the Receiver and deposited into the Court Registry.  The Clerk of the Court, following receipt of funds in the Court Registry otherwise in satisfaction of the Restitution Order, shall maintain a minimum balance in said account of $10,000 until further Order of the Court.

8.     All professionals and other employees retained by the Receiver under the powers authorized in paragraph 2(a), shall be paid in the same manner as set forth in paragraphs 4 through 7 herein.

## GENERAL PROVISIONS

9.     The Receiver may be removed at any time by the Court, or upon the request of any party for cause, as approved by the Court, and a successor shall be named by the Court, after notice to the parties.  In the event that the Receiver resigns from office, the Receiver shall first provide written notice to the parties, and such resignation shall

not be effective until the Court appoints a successor under such conditions as the Court may order.

10.    In no event shall the Receiver be liable to anyone for his or her good faith compliance with the duties and responsibilities as Receiver.  Nor shall the Receiver be liable to anyone for any actions taken or omitted by him except on a finding by this Court that he or she acted or failed to act as the results of misfeasance, bad faith, gross negligence, or in reckless disregard of his or her duties.

11.    This Court shall have exclusive jurisdiction over (a) any claims made by any person against the Receiver for any actions or omission related to Mr. Forbes' assets; and (b) any claims made by any person against any professional with respect to the professionals' execution of their respective duties as directed by the Receiver.

12.    The Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary duties and obligations in this matter unless and until this Court so orders after due notice and hearing.

13.    The Court retains jurisdiction with respect to any matters addressed in this Order, including without limitation, any and all matters relating to or affecting Mr. Forbes' assets.

SO ORDERED this 27 day of January, 2009 at Bridgeport, Connecticut.

/s/ Alan H. Nevas, SUSDJ

Alan H. Nevas
United States District Judge